Michael Nelson
9450 SW Gemini Dr
PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434
Email: oklahomaremote@gmail.com
PRO-SE / PRO-PER

*Counsel for the Plaintiff's Listed on final page including notice to Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| CHAD M. KOEHN and United Capital Management of Kansas, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>Michael Nelson<br><br>Defendant | DOCKET NO.:<br><br>5:22-cv-04008-JWB-GEB<br><br>*(to be filled in by the Clerk's Office)*<br><br>**CIVIL ACTION**<br><br><br>**NOTICE OF REMOVAL OF STATE PETITION**<br><br><br>**[Jury Trial Demanded]** |

**NOTICE OF REMOVAL to FEDERAL COURT**
Petition filed in the US District Court of Saline County, Kansas
County Court Case Number: 2021-CV-000038-Tl

**NOTICE OF REMOVAL OF STATE COURT PETITION TO UNITED**

**STATES DISTRICT COURT - DISTRICT OF KANSAS**

**TO: THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

NOTICE OF REMOVAL TO US DISTRICT FEDERAL COURT of State Petition - 1

PLEASE TAKE NOTICE defendant Michael Nelson has removed to the United States District Court for the District of Kansas, all claims and causes of action in the civil action styled "United Capital Management of Kansas, Inc. and CHAD M. KOEHN v. Michael Nelson", Case No. 2021-CV-000038-Tl (the "State Court Action") now pending in the District Court of Saline County for the State of Kansas, pursuant to 28 U.S.C. § 1446. Said Removal is warranted for good cause shown herein below including without limitation: DIVERSITY of Citizenship and amount in controversy meeting Federal District Court standards at law, among other so pleaded US Codes, and Federal Questions, this LIMITED appearance is so herein made for the purposes of NOTICE OF REMOVAL TO FEDERAL COURT, yet does not confer nor admit nor should be construed as to personal jurisdiction, venue, or any other defense or admission or agreement by pleading by any courts of the US State of Kansas over the defendant a sovereign native born United States Citizen, pursuant with Federal Law.

**A copy of all process, pleadings and orders served upon the defendant to date in the State Court Action are attached as <u>Exhibit A; attached herewith find in addition "designation of place of trial with jury demand".</u>**

1.) This Civil Action is Founded on a Claim or Right Arising under the Laws of the United States, DIVERSITY OF CITIZENSHIP, amount in controversy and other Federal Questions, Rights, Laws, Acts, Codes, and Statutes, as pleaded herein this lawful "Notice of Removal"

2.) The State Court Action is removable to this Court pursuant to 28 U.S.C. § 1446 and under <u>28 U.S.C. § 1332(a)(1) DIVERSITY of Citizenship</u> and amount in controversy in excess of $75,000; among others plead; <u>28 U.S.C. §</u>

<u>1441</u> as plaintiff's cause of action is a federal question arising under the laws of the United States, including without limitation the Civil Rights Act of 1866, 42 U.S.C. § 1981, <u>as amended; the Sarbanes-Oxley Act; Dodd Frank Act, 1866 Lincoln Law, known as the False Claims Act; various CFR's and US Codes, Acts, Statutes, Constitutional Questions and those administered by the United States Securities Exchange Commission (SEC)</u>, which the Plaintiff's jointly and severally are so bound, both Plaintiff's are regulated entities and persons under interstate commerce clause among other Federal Securities Laws including without limitation those administered by the Securities and Exchange Commission (SEC) and the Commodities Future Trading Commission (CFTC). <u>The Plaintiff's makes claim to "securities irregularities"</u> and claims regarding **one or more "whistleblowers",** making removal to the US District Federal Court necessary to protect the parties and the citizenry as a whole.

3.) **The Plaintiff's in their instant Petition in State Court, cite "securities irregularities" and make attempts to out the identity of unknown "WHISTLEBLOWER"[s]** within their organizations. Plaintiffs' allege that defendant has made reference to an alleged "whistleblower" or multiple depending on the reading of the Plaintiff's incongruous, Petition replete with racial and ethnic epithets, subjecting the person of the defendant to ridicule, contempt, hatred, discrimination and certainly give rise to civil rights violations using said racial and ethnic slurs within a public legal pleading. The use of the ethnic slurs is a continuation of the racial hatred exhibited by the Plaintiff's verbally towards the defendant, removing all doubt as to discrimination.

4.) Both plaintiffs' United Capital and CHAD M. KOEHN are Federally regulated, under the securities laws of the United States of America. Chad M.

NOTICE OF REMOVAL TO US DISTRICT FEDERAL COURT of State Petition - 3

Koehn is listed at times as the "Chief Compliance Officer", at other times the "President" and yet others as the "CEO", and/or super majority owner thereof United Capital Management, an interstate company, participating in interstate commerce, with various claims internationally.  CHAD MITCHELL KOEHN claims to be affiliated with and <u>even endorsed by US Federal Resources,</u> Military Branches, the United Nations, and even the Department of Defense.

5.) Plaintiff's purposefully utilized a known racial and ethnic epithet, as a slur of hate towards the person of the defendant and appearing on the first page of their petition and did willfully, with wanton reckless disregard, with mens Rea of malice in forethought cause the racial and ethnic epithet [SLUR of HATE] to be sent uncovered into a multi-thousand man highly dangerous correctional facility, where they had knowledge, from their alleged criminal associates and co conspirators that the defendant was being unlawfully detained; without arraignment, on frivolous charges for nearly a month.  Accordingly, this matter presents clear and convincing evidence of civil rights violations, violations to constitutional rights and due process, IN ADDITION to the Notice of removal cause under diversity of citizenship, an amount in controversy worthy of the federal standard, a variety of federal questions removal is appropriate under 28 U.S.C. § 1446 among a variety of others, so herein pleads the pro-se, defendant in the above captioned matter.

6.) The Defendant will promptly alert the US Federal District Court of possible attachment under 28 U.S.C. § 5321(d); may also come into play during the course of this litigation, and is therefore so noticed to the United States Federal Government in advance as not to surprise any litigant to the action, unlike the Plaintiff's who seek litigation by surprise.  The defendant will promptly notify

Case 5:22-cv-04008-JWB-GEB   Document 1   Filed 02/01/22   Page 5 of 17

the court if 28 U.S.C. § 5321 issues arise during the course of discovery in this matter. The Plaintiff's racial bigotry is certainly not limited only to the slanderous in writing bigotry used in the State Petition itself, but consists of regular volleys of incriminations, insinuations, and overall hate speech by the bigotted Plaintiffs who prey upon Blacks, Hispanics, American Native born Citizens, even using terms like: "RED NIGGER" [s] and "NIGER LOVER", it is fact the defendant has NEVER visited the Country of "Niger" therefore racial eptitets hurled at the defendant regarding being a "RED NIGGER" or a "Niger Lover" (note the use of a single "g") cannot be explained away as the defendant being "in love with" the Country of "Niger", a landlocked nation in Africa.

7.) The Plaintiff's long running and well known associations with known pedophiles, and persons who are non-compliant Child Sex Predators, traffickers, even being captured internationally preying upon minor children is well established by the facts. The Plaintiff's based on their biases against, race, color, creed, religion, orientation, ethnic origin, and other protected classes, provide proof in the positive of their small mindedness in the use of racial epitets within the very originating pleading, certainly providing ample evidence of the on going patters of discriminatory conduct and racially motivated hate towards the person of the defendant. The defendant demonstrates this hate in the <u>form of proof in the positive, beyond any doubt</u> given the racially motivated hate speech used in the originating petition itself on the bottom of the first page of the Petition filed publicly into a State Court. In addition, while framed as a discrimination claim, the facts alleged and the remedies to be sought in counter claims and cross claims, if to be made herein the US District of Kansas or rather made separately under bifurcated Federal Litigation to those US Districts where the hate speech has been directed, show that the cause of action is

NOTICE OF REMOVAL TO US DISTRICT FEDERAL COURT OF STATE PETITION - 5

essentially for the tort of intentional infliction of emotional distress, <u>purposeful and wanton disregard for the safety of others</u>, purposeful malice with forethought in sending the uncovered petition into a minority filled correctional center, where the Plaintiff's associates and affiliates are believed to have been incarcerated for nearly a year, after their indictment on Federal charges, stemming from the $722 million bitclub ponzi scheme. CHAD M. KOEHN, publicly advertises himself as being "entrenched" for more than half a decade in the "BARTER economy" through "BITCOIN", this provides prima facie evidence of his involvement in Bitclub, together with JANE and John Doe's to be identified under seal to the US District Federal Court, with requests for Writs of Mandamus to a lower court in a neighboring state to have the JANE and John Doe's so served and attached in cross and counterclaims to this action, now herein pending in the US Federal Court for the District of Kansas.

8.) The combination of hate crimes and the bodily injury suffered by the defendant by and through the believed actions of the Plaintiffs and their co conspirators therefore constitute many federal questions that arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq. 1 The FTCA provides the exclusive remedy for money damages against the Plaintiffs in counter claims and cross claims arising from alleged torts. 25 U.S.C. 5321(d); 28 U.S.C. § 2679(a) and (b)(1). FTCA claims are within the exclusive federal question jurisdiction of the United States courts. Davila v. Patel, 415 F.Supp. 2d 528, 529 (E.D. Pa. 2005) ("The claims against the United States under FTCA confer federal question jurisdiction on the [District] Court pursuant to 28 U.S.C. section 1331."), these may in fact be claims against the United States Government given the Plaintiff's claim to be ENDORSED, Affiliated with various Federal Resources. Perhaps the Plaintiff's as it has been shown in the

past are taking fictional liberties with the truth and are operating with deliberate and willful misrepresentation as to being "Affiliated" with and "ENDORSED" by US Federal Resources of these the United States of America. If it is found the Plaintiff's are purposefully misrepresenting their affiliation and/or "ENDORSEMENT" by US Federal and State Resources, they as a matter of law this US Federal District Court is requested, begged and pleaded to make referral to the appropriate US Federal law enforcement and prosecutorial authority for prosecution of the Plaintiff's etAl. in protection of the US Citizenry as a whole and the good name and faith in US Federal Government.

9.) As such, the State Court Action is removable to this Court pursuant to 28 U.S.C. § 1441(a); if during the discovery it becomes apparent as the claims of the Plaintiff's are that they collectively are ENDORSED by and directly affiliated <u>with implied partnerships with the US Federal government including without limitation:</u> with the United States Armed Forces: Army, specifically the United States Army Logistics Command, the United States Air Force, specifically the United States Air Force Research Laboratories; the National Aeronautics and Space Administration, commonly known as NASA, and the project of NASA known as "ARTEMIS"; **<u>as well as numerous other fantastical claims of the Plaintiff's</u>** all made in order for the plaintiff's to mislead, misrepresent and misdirect <u>elderly investors</u> in order to unfairly, unjustly and through material known misrepresentations take investment money for a series of companies, ELDERLY investors are a protected class within the meaning established under Federal Law. The Plaintiff's even go as far as to include the claim to be building a "space station" to mine asteroids for gold and other precious metals, "trading with terrestrial and martians where applicable", handing all gold imports and exports to various "major

NOTICE OF REMOVAL TO US DISTRICT FEDERAL COURT of State Petition - 7

sovereigns", Monarchs, being contracted by the US government, US State governments, and a variety of claims to be contracted by foreign governments around the world.  The Plaintiff's make all these fantastical claims, while simultaneously claiming programming and development "teams" located in Nations who are adverse to the social, economic and energy interests of the United States of America, as well as some countries and sovereigns who are not only adversaries of the United States of America, but give rise to National Security concerns given the representations of the Plaintiff's in this matter.

10.)  This Notice of Removal is Timely and Complete and Has Been Properly Filed and Served, the defendant will promptly file "Notice of Compliance", listing all applicable USPS tracking information and will promptly file all other "Notices of Compliance" regarding receipts hereof and thereof any and all documents which the Pro Se defendant reasonably believes are necessary to preserve rights and in the interests of this honorable court.

11.)  Defendant first received notice of this action on January 10, 2022, when the Defendant was being unlawfully detained in a correctional facility in Newark, New Jersey.  The Defendant's place of citizenship for the past 15+ years has been Las Vegas, Nevada, where the defendant maintains voting rights, a US Driver's License and the defendant so submits: <u>the Plaintiff's even list a mailing address for the Defendant in Las Vegas, Nevada, within their petition [see (3.) under parties in the Plaintiff's originating petition]</u>.  The Plaintiff's jointly and severally with malice of forethought did purposefully refuse to send a copy of the Petition by USPS mail or even certified mail.  It is *evident the Plaintiff's seek via bad faith litigation of their frivolous claims by surprise*, with attempts

NOTICE OF REMOVAL TO US DISTRICT FEDERAL COURT OF STATE PETITION - 8

to gain a default judgment as the *Plaintiff's have no justifiable reason to bother the person of the Defendant*.

    a.) The Plaintiffs laid in wait to provide service of process when the defendant was unable to readily respond.

    b.) Given the service of the Defendant in New Jersey, it again demonstrates clearly diversity of citizenship;

    c.) the Defendant lawfully and under his constitutional rights as a holder of a United States Passport for purposes of family, resides permanently with the permission of the Foreign Nation of Spain, in the Republic of Catalonia within the Province of Barcelona of the Kingdom de Espana and is the possessor of a lawfully granted permission of residency permit and identification. The Plaintiff's know this and it is the reason for the hate speech regarding "spanish" persons.

    d.) It is plead that the Plaintiff's jointly and severally had knowledge of these facts and did so willingly with malice of forethought spew forth their slanderous HATE towards "spanish" peoples of the planet, through their use of the racially motivated hate speech within the originating State Petition.

    e.) Said hate speech in writing at the hands of their legal counsel provides not only proof in the positive of a continuation of racial discrimination and hatred towards "non-whites", but demonstrates clearly prima facie evidence proof in the positive the continued racially motivated hate speech the defendant has and continues to be subjected to by the Plaintiffs and their counsel.

12.) This Notice is therefore timely filed pursuant to 28 U.S.C. § 1446(b), among others having been filed immediately and within 30 days of the date of notice of the state petition, although believed to be improper service of the state petition.

13.) This Notice of Removal is signed by the defendant at it's end pursuant with the law, and "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure (FRCP) and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

14.) Defendant is the only named defendant in the Complaint, titled a "state petition".

15.) Both Plaintiff's have as their legal nexuses and declared citizenships in States other than the States of citizenship of the defendant, complete diversity of citizenship is established by the record.

16.) All requirements for removal are met. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988), among other case precedents.

17.) Defendant through the filing of this notice, and docketing thereof has provided a statement at the end of this notice to constitute, written notice of this Notice to counsel or record for plaintiff, at the address provided in the originating State Petition. Defendant notes that at least one of the attorneys signing the petition filed with the racial SLUR, is no longer an attorney in the

NOTICE OF REMOVAL TO US DISTRICT FEDERAL COURT OF STATE PETITION - 10

State of Kansas, and therefore proceeds with the sending of this "NOTICE of REMOVAL" and all other filings to be made herein this matter, to the last known address of the Plaintiff's and to the name of the professional organization of the attorneys whom have signed the bigoted initiating state petition.  The defendant shall continue to send notice to both via Certified Return Receipt requested USPS mail until such time the Defendant receives other instructions from this honorable court.  The defendant as previously pleaded herein does so notice this honorable court, the defendant shall additionally promptly filed "notices of compliance" as the defendant believes is correct and proper until such time as this Honorable Court instructs otherwise.

18.) A true and complete copy of this Notice will be filed in the State Court Action, once docketed by this US Federal Court of the US District of Kansas. Notice of compliance with Certified USPS Mail registration will be filed with the Court, demonstrating compliance with notifying the State Court of this Removal Notice pursuant with US Code, and all other rules of logic in this now removed petition which is now herein a Federal Litigation.

19.) "Diversity jurisdiction" in federal court under 28 U.S.C. § 1332 exists when two conditions are met.
 a.) First, the amount in controversy must exceed $75,000; the Plaintiff well pleads this requirement in the originating petition, being removed from State Court and the Defendant pleads rights to statutory damages not less than $10 million against the Plaintiffs jointly and severally, whether filed as a cross or counter claim hereto or filed in bifurcated or completely

NOTICE OF REMOVAL TO US DISTRICT FEDERAL COURT OF STATE PETITION - 11

separate litigation against the Plaintiffs jointly and severally and all other co conspirators thereof.

b.) Second, all plaintiffs must be of different citizenship than all defendants. This requirement is met through the attestation of the Defendant herein and the admission of the Plaintiff in the petition at (3) of the Petition, wherein the Plaintiff also uses a racially biased epithet to refer to the person of the Defendant, knowing the defendant has Spanish family, and children within his family which are "Spanish", removing all doubt regarding the Plaintiff's collective, joint and severally racially motivated bias against other humans based on race, color, religious, orientation and other protected classes and features.

c.) <u>When diversity jurisdiction exists, a defendant may remove an action from state court to federal court by filing a notice of removal, as now done.</u>  Federal courts are of limited jurisdiction. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). **A strong presumption against federal-court jurisdiction requires clear evidence to the contrary.** *Boghozian v. Jaguar Land Rover N. Am., LLC*, Case No. CV 19-2729-JFW(PLAx), 2019 WL 1925491, at *1 (C.D. Cal. Apr. 29, 2019).  The evidence in this matter supports diversity of citizenship as it is attested to by virtue of the Plaintiff's own petition filed purposefully and erroneously in State Court, as they sought with malice of forethought to spew forth their racial hate, litigation via surprise and attempts to secure a default judgment in a predominantly 90+% white anglo-saxon County filing said petition in a County Court.

d.) In *Boghozian*, the plaintiff sued Jaguar Land Rover North America in Los Angeles Superior Court. 2019 WL 1925491, at *1. Jaguar filed a notice of removal in the U.S. District Court for the Central District of

California, claiming diversity jurisdiction. In its notice, Jaguar alleged that it was a "single-member limited liability company and . . . a subsidiary of Jaguar Land Rover Limited, a British company, which is in turn a subsidiary of Tata Motors Limited, and Indian company." The district court held that this provided insufficient evidence of diversity jurisdiction and remanded the action back to state court.

The issue was that Jaguar failed to adequately allege the citizenship of each of its members—a common error for limited-liability companies invoking diversity jurisdiction. Unlike corporations, which are citizens of the jurisdictions where they are incorporated and have their principal place of business, limited-liability companies are deemed to be citizens of every state of which its members are citizens. Although this is a potentially difficult task for limited-liability companies with multiple members, a single, sovereign, native born American citizen as a defendant is presumed to know his own citizenship. To sufficiently establish citizenship for diversity jurisdiction, the district court noted that a removing defendant must do three things:

1.) First, a removing defendant must clearly establish its entity type. Herein this case <u>the Defendant is a native born United States Citizen</u>, an adult male human and has at all times maintained citizenship in States other than the State of Kansas, wherein the Defendant has not entered upon. Further the Defendant has never been a citizen of any State where the Plaintiff corporation is licensed under Federal Law to conduct its purported trade in the sale of securities, regulated by the Securities and Exchange Commission (SEC) and/or the Commodities Future Trading Commision (CFTC) and/or any SRO (Self Regulatory Organization), for example FINRA.

NOTICE OF REMOVAL TO US DISTRICT FEDERAL COURT of State Petition - 13

2.) Second, a defendant must clearly identify its members.  The Defendant is a single sovereign person, whom is a native born American Citizen and maintains citizenship of the United States of America, with identifiable citizenship is states other than the State of the Plaintiffs, additionally the Plaintiff's are Federally licensed securities dealers who purport to maintain licenses in at least half a dozen US States, none of which the defendant is or has ever been a citizen.

3.)  Third, a defendant must clearly establish each member's citizenship.  The Defendant does so herein to establish citizenship in states other than Kansas.  The Plaintiff's own State petition which is replete with racial slurs directed at the Defendant, **attests to the defendants diversity of citizenship by listing an address for USPS postal mail for the Defendant**, yet the Plaintiff's as plead herein above operate on a basis of litigation by surprise, in their purposeful laying in wait, to attempt to secure a default judgment against the person of the defendant in a State County Court Petition, the Plaintiff's have made no good faith efforts to serve the person of the Defendant prior to when they received confidential information in violation of another State's Constitutional provisions as to where the defendant was being unlawfully detained through a malicious prosecution.

16.) Complete diversity is confirmed, by way of this NOTICE of REMOVAL, the statements of Defendant and the statements of the Plaintiff in the Plaintiff's original petition filed in State Court, listing address of Defendant as Las Vegas, NV.

NOTICE OF REMOVAL TO US DISTRICT FEDERAL COURT of State Petition - 14

17.)  The action MUST be removed to Federal Court based on Diversity of Citizenship and other well pleaded Federal Questions, Codes, Statutes, Laws, Acts and regulations.   The Defendant meets the requirements of 28 U.S.C. § 1332, as is well pleaded and attested hereto and confirmed by way of the averments of the Plaintiff in the original erroneously filed State petition.

*NOTHING CONTAINED HEREIN SHALL LIMIT THE RIGHTS OF THE DEFENDANT, NOR SHOULD BE TAKEN OR OTHERWISE CONSTRUED AS AN ADMISSION ANY COURT IN KANSAS* maintains subject matter jurisdiction or personal jurisdiction over my person, a sovereign born native United States Citizen.

**This pleading is a NOTICE of REMOVAL, pursuant with Federal Law.**
This filing is for the limited scope of entry of appearance and NOTICE of REMOVAL This NOTICE of REMOVAL is so herein filed, as is proper and correct pursuant with United States Federal Law, as well plead and cited herein above.

Respectfully Submitted on this the 1st of February 2022:

/s/

_____

Michael Nelson

Michael Nelson - with USPS mailing address:
9450 SW Gemini Dr
PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434
Email:  oklahomaremote@gmail.com
PRO-SE / PRO-PER

NOTICE OF REMOVAL TO US DISTRICT FEDERAL COURT of State Petition - 15

**DESIGNATION OF PLACE OF TRIAL AND DEMAND FOR JURY TRIAL BY DEFENDANT**

DESIGNATION OF PLACE OF TRIAL DEFENDANT designates Wichita, Kansas as the location for the trial in this matter, unless of course the motions under FRCP 12 etAl. Are granted wherein Venue and Jurisdiction are challenged. Signature of Defendant REQUEST FOR TRIAL BY JURY pursuant with the Seventh Amendment to the United States Constitution, the Defendant therefore does hereby request trial by jury, YES!

Respectfully Submitted;

/s/

*[signature]*

_____

Michael Nelson

1/2/22

NOTICE OF THIS NOTICE OF REMOVAL IS MADE TO THE ATTORNEYS FOR

THE PLAINTIFFS WHO ARE LISTED AS:

KENNEDY BERKLEY YARNEVICH & WILLIAMSON, CHARTERED

119 West Iron, 7th Floor

P.O. Box 2567

Salina, KS 67402-2567

NOTICE TO BE SENT VIA CERTIFIED MAIL - ONCE DOCKETED

IN COMPLIANCE WITH CERTIFIED MAILING DATE AND USPS

CERTIFICATION TRACKING FILED WITH THE COURT demonstrating compliance.

Respectfully Submitted;

/s/

[signature: Michael Nelson]

_____
Michael Nelson

NOTICE OF REMOVAL TO US DISTRICT FEDERAL COURT of State Petition - 17