Michael Nelson
9450 SW Gemini Dr
PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434
Email: oklahomaremote @ gmail.com
PRO-SE / PRO-PER

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

CHAD M. KOEHN and United Capital
Management of Kansas, Inc.

          Plaintiffs,

v.

Michael Nelson

          Defendant

PRO-Se

**DOCKET NO.:**
**5:22-CV-04008-JWB-GEB**

## CIVIL ACTION

## MOTION for Order
### Notice of COMPLIANCE
### with rule

**[Jury Trial Demanded]**

## UNITED STATES DISTRICT COURT DISTRICT OF KANSAS

## NOTICE IN COMPLIANCE

Now Here Comes defendant Michael Nelson, defendant in the above captioned
matter, having lawfully removed a State Court Petition, erroneously filed in State
Court, to the US Federal Court for the US District of Kansas and so does herein
submit this "MOTION for NOTICE IN COMPLIANCE with rule" Pro Se, having

Motion for order of Compliance as to KENNEDY BERKLEY YARNEVICH AND WILLIAMSON
CHARTERED ET.AL. Counsel of Record to UNITED CAPITAL MANAGEMENT OF KANSAS INC. and
CHAD M. KOEHN Delivery via USPS Certified Mail of the NOTICE OF REMOVAL to this the Honorable
United States Federal District Court of the District of Kansas of the 10th Circuit - 1

mailed "NOTICE of REMOVAL" to Kennedy Berkley Yarnevich & Williamson, Chartered & Plaintiffs etAl.

On 2nd February 2022, the undersigned, Defendant did cause the Notice of Removal to be duly mailed via CERTIFIED United States Postal Service mailing, with all Postage Prepaid, to Kennedy Berkley Yarnevich & Williamson, Chartered a purported law firm located in Saline, Kansas, the specified attorneys of record for the Plaintiff's UNITED CAPITAL MANAGEMENT OF KANSAS INC. and CHAD M. KOEHN, who did erroneously file the malicious and frivolous State petition, which has now been REMOVED to the US Federal District Court for the District of Kansas, where the petition is now pending.

CERTIFIED MAIL Tracking Number for the USPS is so Noticed herein as:

# Tracking #: 92148901429804606667080

as to sending of "Notice of Removal" to Kennedy Berkley Yarnevich WIlliamson Chartered at West Iron, city of Salina of the County of Saline of the State of Kansas. _Sent via a third party legal filing service, pursuant with tracking job ID: 5822306_

Said Removal to the US Federal District Court of Kansas, was made properly, timely, for good cause and reasons as embodied in the "Notice of Removal" duly sworn and filed to the US District Federal Court of Kansas on 1 Feburary 2022, well within the

time constraints as required under Federal Law, Local Rules and Federal Rules of Civil Procedure (FRCP).

The Defendant so herein notices this Honorable US Federal Court of the POSTAGE PAID CERTIFIED UNITED STATES POSTAL SERVICE MAILING of the Complete "Notice of Removal" to the purported law firm Kennedy Berkley Yarnevich & Williamson, Chartered, as so herein stated above, having done so and with the Notice of Compliance regarding the payment of fees to this Honorable Court, the case is now removed thereto the US FEDERAL COURT for the District of Kansas, all future filings shall be caused to be sent via electronic notification, pursuant with the electronic mail notices as listed on the receipt for the payment of fees to this Court. **See attachment as EXHIBIT A, attached hereto and therefore herewith, at the end of this document.**

In the interests of the environment and for cost savings to the government, the Court and the parties the undersigned defendant so herein inform the Court that future filings made, shall carry the certification of having electronic notice made to the attorneys of record for the Plaintiffs in this matter, and/or the Plaintiffs' themselves, by virtue of notice of each to the Clerk of this Honorable Federal Court, and in doing so in accordance with the Local Rules, the Federal Rules of Civil Procedure, and in the interests of cost savings to the parties, the government and the Courts. The Defendant shall expect such notice to be made to each the aforementioned, until such time as this Honorable US Federal District Court is to instruct the non-represented Pro Se Defendant as to a different procedure. The Defendant has made separate motions for an order requesting electronic notification and permission to file documents

Motion for order of Compliance as to KENNEDY BERKLEY YARNEVICH AND WILLIAMSON CHARTERED ET.AL. Counsel of Record to UNITED CAPITAL MANAGEMENT OF KANSAS INC. and CHAD M. KOEHN Delivery via USPS Certified Mail of the NOTICE OF REMOVAL to this the Honorable UNITED STATES FEDERAL DISTRICT COURT of the DISTRICT of KANSAS of the 10th Circuit - 3

electronically per the electronic case management within the District Federal Court of this the US District of Kansas Federal Court of the 10th Circuit.

IF this Honorable Court wishes for another means of notification and process other than that established under the Local Rules and/or FRCP (Federal Rules of Civil Procedure, with regards to electronic notification to the parties and the attorneys for the parties (litigants) to be made the PRO SE Defendant s**o herein requests** <u>this Honorable Court</u> to set forth an order as to the procedure the Court wishes and to order the defendant to follow with regards to future notifications, after having herein made the CERTIFIED USPS mail filing to BOTH the Plaintiffs at the address listed as West Iron Street in the City of Salina in the County of Saline, Kansas, to be made as listed under separate cover and Motion for Order in Compliance, though the address at West Iron Street is stated as the address for UNITED CAPITAL MANAGEMENT OF KANSAS Inc. and therefore to Chad M. Koehn at the same and included therein the same notification, though the Defendant does so herein note that the West Iron address in the City of Salina Kansas in the County of Saline Kansas does not appear on the listing as noticed on the Website and other public facing advertisements of the purported plaintiffs United Capital Management of Kansas Inc. and since Chad M. Koehn is listed as its (UCMofKansas) "Chief Compliance Officer" and "President" and "CEO" and the "Super Majority Shareholder" the notice of removal and therefore compliance therewith shall be sent only to the "UCM of Kansas" West Iron Address as previously noticed rather than to each of the addresses as listed in the publicly facing advertisements: on … https://www.ucmofkansas.com/contact and to the Kennedy Berkley Yarnevich & Williamson, Chartered, purported attorneys who initiated the State petition with decisiveness in HATE and INTIMIDATION, at the

same address West Iron Street in the City of Salina, in the County of Saline, Kansas as is listed in the racially bias petition.

The defendant having not had the communication back from the purported counsel of the plaintiff as is customary during a removal action nor the acknowledgement thereof thereby being forced to ensure the notice to the Plaintiffs of the action and its removal UNLIKE the Plaintiffs and their counsel's willful, knowingly, wanton and malicious litigation by surprise has and continues to ascertain the correct addresses for the Plaintiffs United Capital Management of Kansas Inc. and that of Chad M. Koehn, as the defendant unlike the Plaintiffs and their Counsel does not wish to engage in "litigation by surprise" as the dockets in both the Federal and State dockets so indicate via proof in the positive that the Plaintiffs and their Counsel made NO attempts WHATSOEVER and NO ACTIONS WHATSOEVER in the notification of the defendant to the pendency of the action, to this point the Defendant does so herein notice this Honorable Federal Court of the US District of Kansas as to conflicting addresses as those presented on West Iron, in the City of Salina of the purported County of Saline KS and those listed on the www.UCMofKansas.com website or the variety of other public facing advertisements of the plaintiffs including without limitation: https://www.facebook.com/UnitedCapitalManagementofKansasInc/

In doing so the Defendant operating with due diligence and in the interests of Substantial Justice, as not to litigate with himself nor seek default judgment UNLIKE the attempts and obvious and evident UNethical, quite possibly illegal actions of the Plaintiff's by and through their counsel seeking to only litigate through surprise, conspiracy with others for unlawful entrapment and seeking only improper service of

Motion for order of Compliance as to KENNEDY BERKLEY YARNEVICH AND WILLIAMSON CHARTERED ET.AL. Counsel of Record to UNITED CAPITAL MANAGEMENT OF KANSAS INC. and CHAD M. KOEHN Delivery via USPS Certified Mail of the NOTICE OF REMOVAL to this the Honorable United States Federal District Court of the District of Kansas of the 10th Circuit - 5

process when they reasonably believed and knew the defendant was physically injured and sought to further injure the defendant through the sending of hate slur listed on the first page of the incongruous state petition they did willfully cause to be sent into a multi thousand man known highly dangerous and highly racially charged facility where they obtained said information from the one non-law enforcement non FEDERAL Officer with the knowledge of the defendants unlawful detainment.   The Defendant noticing the statements as made on the www.Facebook.com publicly facing advertisements for the Plaintiff United Capital Management of Kansas Inc. located at: https://www.facebook.com/UnitedCapitalManagementofKansasInc/

Lists the email address:   ashley.howard@saswealth.com

SEE HEREIN BELOW SCREEN CAPTURE



Which lists the name of another entity which upon information and belief of this new information may in fact be a third party that MUST as a matter of substantial justice be attached herewith, as a third party attached party to the litigation, pursuant with all notions of fair litigation.

https://www.saswealth.com/

NOTE:  SA Stone Wealth Management lists a NON-KANSAS address as:

2 Perimeter Park South
Suite 500W
Birmingham, AL 35243

The Pro Se, non represented defendant does so herein attest to the fact the Defendant has NEVER been a citizen of the State of Kansas.

SA Stone Wealth Management Describes itself as:

## Our Company

A leading independent broker/dealer, SA Stone Wealth Management Inc. ("SA Stone"), member FINRA/SIPC, together with its affiliated SEC-registered investment advisor, SA Stone Investment Advisors Inc., provides an integrated platform of technology, comprehensive wealth management and investment services to registered representatives, investment advisor representatives and registered investment advisors nationwide. The firm supports more than 650 independent professionals with best-in-class service and products. SA Stone is a wholly owned subsidiary of StoneX Group Inc. (NASDAQ: SNEX) (formerly INTL FCStone Inc.), which through its subsidiaries, is a leading provider of execution, risk management, market intelligence, and post-trade services across asset classes and markets around the world. More information about StoneX Group Inc. is available at www.stonex.com.

SEE Screen Capture herein below.

saswealth.com/our-company/

**SA STONE**
*wealth management*

HOME    OUR COMPANY    CLIENTS    CONTACT    Client    Advisor

Watch on ▶ YouTube

Client Login

### Our Company

A leading independent broker/dealer, SA Stone Wealth Management Inc. ("SA Stone"), member FINRA/SIPC, together with its affiliated SEC-registered investment advisor, SA Stone Investment Advisors Inc., provides an integrated platform of technology, comprehensive wealth management and investment services to registered representatives, investment advisor representatives and registered investment advisors nationwide. The firm supports more than 650 independent professionals with best-in-class service and products. SA Stone is a wholly owned subsidiary of StoneX Group Inc. (NASDAQ: SNEX) (formerly INTL FCStone Inc.), which through its subsidiaries, is a leading provider of execution, risk management, market intelligence, and post-trade services across asset classes and markets around the world. More information about StoneX Group Inc. is available at www.stonex.com.

As such and due to the unwillingness of the Plaintiffs nor purported counsel for the plaintiffs to appropriately respond to this now lawful removal. The Due Diligence of the Pro Se, Non Represented Defendant in this matter as the defendant does so diligently and in the interests of Substantial Justice seek the correct and proper notifications as is required by the Federal Rules of Civil Procedure and the Local Rules of the US District of Kansas Federal Court, (though the defendant has still only had the opportunity to read the local rules a single time, having only received the local rules on 1 February 2022, the exact same day when the Pro Se Defendant did so lawfully and correctly REMOVE the insidiously malicious state petition to this here US Federal Court for the District of Kansas); the Defendant therefore herein this notice in compliance renews request for enlargement of time as the Defendant struggles with the incongruous actions and inactions of the Plaintiffs and their counsel in this matter, and in their non-response. The defendant also dutifully notices this Honorable US Federal District of Kansas Federal Court, of the above herein notice

regarding SA Stone Management and the description thereof the company, which also includes a statement inter alia:

> SA Stone is a wholly owned subsidiary of StoneX Group Inc. (NASDAQ: SNEX) (formerly INTL FCStone Inc.), which through its subsidiaries, is a leading provider of execution, risk management, market intelligence, and post-trade services across asset classes and markets around the world. More information about StoneX Group Inc. is available at www.stonex.com.

As such the entity SA Stone Management is which the administrator for the publicly facing advertisements of the addresses for the plaintiff United Capital Management of Kansas Inc.'s lists as the electronic mail addressing, states the company SA Stone Wealth Management is a "wholly owned subsidiary" of STONEX; which is nasdaq:snex

Upon Google of NASDAQ: SNEX it is found this entity is indeed a Public Company on the NASDAQ Stock Exchange located in New York City, New York, and upon information and belief the Plaintiff's United Capital Management of Kansas Inc. and Chad M. Koehn has in the past filed a number of "tombstone" advertisements listing the same in attempts and successful sale of non-registered securities to a variety of investment vehicles, in interstate commerce.  Stone X Group Inc. is stated as a company with a $1.32 BILLION Market Capitalisation.

As such, given the newly discovered information the defendant operating with extreme caution given the MASSIVE Multi-BILLION dollar market capitalization of StoneX Group Inc. and its status as a public entity, so herein notices the court.

"On May 16, 2016, the U.S. Supreme Court ruled that the provision of the Securities Exchange Act of 1934 granting federal district courts exclusive jurisdiction over suits brought to enforce the Exchange Act is subject to the same jurisdictional test established by the general federal-question jurisdictional statute. The Court held in *Merrill Lynch v. Manning* that, under both statutes, the question is whether the case "arises under a federal law." The Court thus rejected the defendants' effort to remove a case from state court by asserting a broader theory of federal jurisdiction under the Exchange Act."

"The *Manning* case was filed in New Jersey state court by shareholders of a company whose stock had been shorted by the defendant financial institutions. The shareholders contended that the defendants had engaged in "naked" short-selling of the company's stock, thereby allegedly diluting the shareholders' voting rights and causing the stock's value to decline. The plaintiffs pled only state-law claims, but their complaint also repeatedly mentioned the Securities and Exchange Commission's Regulation SHO – the anti-fraud rule governing "naked" short-selling – and asserted expressly and by implication that the defendants had violated the federal securities laws.

The defendants removed the case to federal court, contending that federal jurisdiction existed under (*i*) the general "federal question" statute (28 U.S.C. § 1331) because the plaintiffs' state-law claims

involved questions of federal law and (*ii*) § 27 of the Exchange Act, which gives federal district courts exclusive jurisdiction over suits "to enforce any liability or duty created by" the Exchange Act or SEC rules promulgated under it. The District Court upheld the removal, believing that the case was premised on – and that its resolution depended upon – the alleged violation of Regulation SHO. But the Court of Appeals for the Third Circuit reversed.

The Third Circuit first concluded that the case was not removable under the general federal-question statute because, even though the complaint had alleged violations of federal law, resolution of the federal issue was not "necessary" to the outcome of the case. A state court could adjudicate the plaintiffs' claims solely under state law, without reference to federal law. The Third Circuit also rejected the Exchange Act's exclusive-jurisdiction provision as a separate basis for removal, holding that exclusive-jurisdiction provisions such as § 27 do not expand the scope of federal jurisdiction under the general federal-question statute; they serve only to divest state courts of jurisdiction over the specified matters.

In so ruling, the Third Circuit agreed with precedent from the Second Circuit on the exclusive-jurisdiction issue, but disagreed with Ninth and Fifth Circuit cases holding that exclusive-jurisdiction provisions such as § 27 can establish jurisdiction even when the federal-question jurisdiction provision does not do so. The Supreme

Court granted certiorari to resolve the Circuit split, and it affirmed the Third Circuit's ruling."

## Supreme Court's Decision

"The Supreme Court agreed with the Third Circuit that the jurisdictional test in § 27 of the Exchange Act "matches the one we have formulated for § 1331 [*i.e.*, the general federal-question statute], as applied to cases involving the Exchange Act. If (but only if) such a case meets the 'arising under' standard, § 27 commands that it go to federal court."

The Court reviewed its jurisprudence under the federal-question statute and reiterated that a case can "arise under" federal law in two ways. "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted" – in other words, when the complaint pleads a claim denominated as a federal cause of action. But a case can also "arise under" federal law if a state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power."

The Court rejected the defendants' contention that Exchange Act § 27's jurisdictional grant for suits "brought to enforce any liability or duty created by [the Exchange Act]" was somehow broader than the

federal-question statute's jurisdictional scope under the "arising under" standard.

Six of the eight Justices joined the majority opinion by Justice Kagan. Justice Thomas, with Justice Sotomayor, concurred in the judgment. The concurrence would have rested the judgment on the "brought to enforce" language of § 27 itself, which (according to Justice Thomas) would not have supported federal jurisdiction in this case because the complaint did not allege a federal claim. Justices Thomas and Sotomayor therefore disagreed with the majority's conclusion that the federal-question statute's "arising under" phrase is the same as the Exchange Act's "brought to enforce" phrase."

## Implications of the USSC (UNITED STATES SUPREME COURT) Decision:

"The Court's decision clarifies that the jurisdictional tests under § 27 of the Exchange Act and under the general federal-question statute are the same – and that both are subject to familiar "arising under" principles. The decision also leaves certain issues for potential future consideration.

First, the Court did not retreat from its standards for determining whether a question "arises under" federal law. **The decision confirms that a plaintiff cannot avoid federal jurisdiction by pleading a**

**state-law claim if that claim depends on a resolution of a disputed and substantial question of federal law.**

Second, the Court and the concurrence did not consider the Third Circuit's conclusion that the plaintiff's claims did not necessarily raise a federal issue, because the defendants had not challenged that portion of the ruling. The decision therefore does not add to the meaning of "arising under" jurisprudence – and it does not address whether the Third Circuit correctly concluded that issues concerning SEC Regulation SHO were not necessary to disposition of the case.

Third, the Court chose not to construe § 27's grant of exclusive federal jurisdiction for "violations of the [Exchange Act] or the rules and regulations thereunder." The plaintiff had argued that the "violations" language applies only to criminal proceedings and SEC enforcement actions, not private actions. The defendants had contended that the "violations" clause was irrelevant because, "in private suits for damages, it goes no further than the 'brought to enforce' language." The Court concluded that, because "both parties have thus taken the 'violations' language off the table, we do not address its meaning." Whether the "violations" language expands the statute's jurisdictional scope even though the "brought to enforce" language does not do so is therefore perhaps an open question for another day.

The Pro Se, non represented and non legally educated nor experienced defendant herein requests order regarding PUBLIC companies and the attachment thereof to ongoing Federal Litigation here.

Due to the HATE, ridicule, contempt and CERTAIN INTIMIDATION issued by the purported attorneys for the alleged RACIST Plaintiffs in this matter, the PRO SE Defendant so submits that this Honorable Court should be the only connection and noticing to the Plaintiffs and whomever they choose to represent themselves, whether that be PRO SE as to the human being CHAD M. KOEHN, or another legal counsel or firm, as a Corporation: United Capital Management of Kansas, Inc. can only be represented by a bar licensed attorney in legal proceedings; and given the obvious and evident HATE speech used in the originating petition by the attorneys working under master servant relationship for the purported law firm Kennedy Berkley Yarnevich & Williamson, Chartered, it is well settled the necessity for the appointment of a "Special Master" for dealing with the Counsel for the Plaintiffs with all costs and fees so appropriately and just charged to the Plaintiffs in this matter, due to their obvious willful wanton gross negligence in the initiating petition in this matter.

The Defendant having now Noticed this Honorable Court of Compliance with each of the requirements as set forth in the procedures for the "Notice of Removal" of the erroneously filed state petition, replete with racial SLUR of hate directed to the person of the defendant as the racial slur is made even "Titled" the defendant is the word of HATE and describing the person of the defendant's person under the "Parties" heading of the originating State Petition at (3). Having also properly and duly sent the copy of the "Notice of Removal" and all State filings to the Plaintiffs collectively under a

MOTION FOR ORDER OF COMPLIANCE AS TO KENNEDY BERKLEY YARNEVICH AND WILLIAMSON CHARTERED ET.AL. COUNSEL OF RECORD TO UNITED CAPITAL MANAGEMENT OF KANSAS INC. AND CHAD M. KOEHN DELIVERY VIA USPS CERTIFIED MAIL OF THE NOTICE OF REMOVAL TO THIS THE HONORABLE UNITED STATES FEDERAL DISTRICT COURT OF THE DISTRICT OF KANSAS OF THE 10TH CIRCUIT - 16

single mailing via USPS CERTIFIED mail via a third party legal services, future filings shall be made with the certification for electronic notice thereof. As it is noticed for judicial notice of this Honorable Court to take such judicial notice upon the record of the Plaintiff's willful and malicious refusal to take any similar means or methods of notification of the defendant to the pendency of this state petition before the Plaintiff's took it upon themselves to misuse and abuse a contested constitutional authority to obtain IN violation of the law confidential and protected information regarding the UNlawful detainment of the defendant. Information on the defendant's unlawful detainment was known ONLY to State and Federal Law Enforcement, with monitoring by US Federal Law Enforcement as to those with knowledge of the unlawful detainment. It is well settled the Plaintiff's and counsel for the plaintiffs had no way of knowing of the unlawful detainment of the defendant yet alone the location of said unlawful detainment without communication in conspiracy with the ONE and sole non-law enforcement individual JANE Doe with was noticed regarding the unlawful detainment and location of the defendant in accordance with a highly contested and dubious state constitutional authority allowing for such notification. None-the-less the Plaintiff's and the counsel for the plaintiff's illegally received this protected information and abused such knowledge for endangerment of the defendant.

The Pro Se Defendant asks and so requests thus BEGS for this Honorable Court to provide as much broad interpretation as necessary as the Defendant is neither legally educated nor experienced in the proper filings of said motions, notices, memorandum nor requests under either the Federal Rules of Civil Procedure nor the Local Rules of the Court, as such the PRO SE Defendant is exercising all logical and reasoned practices in the smooth and efficient operation of the Courts procedures and in the

interests of substantial justice as is correct and proper in the filings made and to be made in this matter. As a pro-se litigant in the matter the Defendant is further disadvantaged in that the Plaintiff's by and through their counsel have purposefully used the originating state petition to spew forth incriminations and insinuations using words of HATE, Ridicule, Contempt, Annoyance, Harassment, Stalking, INTIMIDATION and general Racist Bigotry while laying in waiting to litigate via surprise, having not properly and in good faith sought to serve the defendant with proper service in this matter.

The Defendant so requests instructions and orders of the court with regards to any corrective pleadings that need to be addressed or so made for the efficient management and running of the Court's great work in the prompt resolution of the matters of this frivolous and malicious prosecution of petition. As the defendant wishes to mitigate the costs to the Courts, himself, the parties and the citizenry of these United States of America where-ever possible.

Wherefore, Defendant asks this Honorable Court to take notice of the above and find it in compliance with Local Rules, FRCP (Federal Rules of Civil Procedure) and any outstanding orders of this Honorable Court with regards to the proper filing of this Notice in Compliance and for whatever leave may be necessary to adapt or otherwise re-file this Notice of Compliance to be in Compliance with the efficient handling of this matter according to the Rules of the Court, Local Rules and FRCP (Federal Rules

of Civil Procedure) among others.  The Pro-Se defendant is performing to the best of his ability to comply with all complexities of the regimented filings as required for the smooth and orderly operation of the Court.

- The Defendant has caused the THE UNITED STATES POSTAL SERVICE USE FOR THE DELIVERY of the "Notice of Removal" to the Kennedy Berkley Yarnevich & Williamson, Chartered AND shall promptly file separate notice in compliance as to the other parties including without limitation **UNITED CAPITAL MANAGEMENT OF KANSAS, INC.** and **CHAD M. KOEHN**, pursuant with the obligations of the Defendant as the moving party, so "Noticing the Notice of Removal" herein.   Said separate Motion for Order on Notice of Compliance with regards to United Capital Management of Kansas Inc. and to that of the human being Chad M. Koehn, shall be made promptly as soon as credit lines open up for the filing of a separate CERTIFIED USPS mail and shall be done forthwith, in the meantime the Defendant so respectfully provides as in herein above and below said notice of the Receipt and Tracking information of the USPS Certified Mail to that of Kennedy Berkley Yarnevich and Williamson Chartered

- CERTIFIED MAIL Tracking Number for the USPS is so Noticed herein as:

# Tracking #: 9214890142980460667080

WHEREFORE and for Prayer of Relief and Order, the Pro Se, non represented Defendant in this matter so herein requests Order on this Notice in Compliance and for the requests so made herein to be as broadly interpreted as possible in favor of the moving party of the Pro Se, non represented defendant as the defendant operates in good faith to substantially comply with each of the rules of the Federal Rules of Civil Procedure and the Local Rules of the Court and the rules of logic as dictated by an educated man who pursuant with the rule of law in the presentation to this Honorable Court can both read and write as is the generally held requirement of the Federal Courts.

Respectfully Submitted, this 4th day of February 2022.

The undersigned hereby certifies that, on this same date, as herein listed directly above, I (Mike Nelson) electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules

and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter.

**NOTE:  Attachment as Exhibit A (2 pages)**

Respectfully so herein Submitted,

Michael Nelson - Pro Se


—------------------------------------------------------------------------
Michael Nelson
9450 SW Gemini Dr
PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434
Email: oklahomaremote @ gmail .com


**NOTE:  Attachment as Exhibit A (2 pages)**

# EXHIBIT A

# (TWO PAGES)

**DISTRICT OF KANSAS**

**Notice of Electronic Filing**

The following transaction was entered on 2/1/2022 at 2:24 PM CST and filed on 2/1/2022

**Case Name:** United Capital Management of Kansas, Inc. et al v. Nelson
**Case Number:** 5:22-cv-04008-JWB-GEB
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**FILING FEE PAID: in the amount of $ 402, receipt number T4631015437. (jsh)**

**5:22-cv-04008-JWB-GEB Notice has been electronically mailed to:**

Larry G. Michel    lmichel@kenberk.com, lbergman@kenberk.com

Quinn Robert Kendrick    qrkendrick@gmail.com

Michael E. Nelson    oklahomaremote@gmail.com

**5:22-cv-04008-JWB-GEB Notice has been delivered by other means to:**

Motion for order of Compliance as to KENNEDY BERKLEY YARNEVICH AND WILLIAMSON CHARTERED ET.AL. Counsel of Record to UNITED CAPITAL MANAGEMENT OF KANSAS INC. and CHAD M. KOEHN Delivery via USPS Certified Mail of the NOTICE OF REMOVAL to this the Honorable United States Federal District Court of the District of Kansas of the 10th Circuit  - 22



# **<u>NOTHING FURTHER TO FOLLOW</u>**

Motion for order of Compliance as to KENNEDY BERKLEY YARNEVICH AND WILLIAMSON CHARTERED ET.AL. Counsel of Record to UNITED CAPITAL MANAGEMENT OF KANSAS INC. and CHAD M. KOEHN Delivery via USPS Certified Mail of the NOTICE OF REMOVAL to this the Honorable United States Federal District Court of the District of Kansas of the 10th Circuit  - 23