Michael Nelson
9450 SW Gemini Dr
PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434
Email: oklahomaremote @ gmail.com
PRO-SE / PRO-PER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

CHAD M. KOEHN and United Capital Management of Kansas, Inc.

        Plaintiffs,

v.

Michael Nelson

        Defendant
PRO-Se

**DOCKET NO.:**
**5:22-CV-04008-JWB-GEB**

**CIVIL ACTION**

**Motion for Leave to Amend the Motion to Enlarge Time with addition per Local Rules**

**[Jury Trial Demanded]**

**UNITED STATES DISTRICT COURT DISTRICT OF KANSAS**

**Motion for Leave to Amend the Motion to Enlarge Time with addition per Local Rules of the US District of Kansas**

Now Here Comes defendant Michael Nelson, defendant in the above captioned matter, and so does herein submit this **Motion for Leave to Amend the Motion to Enlarge Time; Paper 8; with addition per Local Rules**:

The Pro Se, Defendant, having necessity to present himself in proper persona, Pro Per, before this Honorable Federal Court the US District of Kansas, having previously only had the opportunity to skim through the Local Rules a single time, having been provided a copy thereof the SAME Day, as the "Notice of Removal" was dutifully filed to the Court, on 1 Febuary 2022; does now herein Request, and Beg of the Court and so apologizes for not pleading with the specificity as required by the Court in the Local Rules regarding Paper 8, a duly filed titled according to the Federal Docket in this above herein captioned matter as:

> "MOTION for extension of time (titled: MOTION to Enlarge Time in Contemplation of Filing Dispositive Motions, Dismissal or Answer with Counter and Cross Claims or other Responsive Pleadings)"
> SEE DOCKET PAPER 8

The Pro Se, defendant proceeding in proper person does now herein so request Leave to Amend and attach therewith this Motion where the defendant attempts to substantially comply with the Local Rules of the Court, Specifically under Rule 6.1(a) 1-4 inclusive.

The Pro Se, defendant, does so herein incorporate by reference all previously plead items in the paper 8, and so requests leave to amend as follows:

Pursuant with Local Rules of the US District of Kansas Federal Court, Rule 6.1(a), providing for an "Extension of Time to Perform an Act", in this case the request made therein paper 8, of this matter is a request for "enlargement of time to respond" to the underlying petition removed from a frivolously, malicious filing made by the plaintiffs in hopes they were to secure a default judgment to be used as a weapon to "out" a WHISTLEBLOWER or as written MULTIPLE "WHISTLEBLOWERS" within their organisation, a Federally regulated securities dealer operating in interstate commerce.

The defendant so herein states:

Per Local Rule 6.1(a)(1):   The Defendant was unable to have prior consultation with the other parties, for the obvious and evident reasons as Paper 5, dutifully outlines, regarding the inclusion of a racial epithet or SLUR of ethnic meaning towards the person of the defendant and family, meant to intimidate, harass, annoy, molest, and generally cause delay in the action.  The Defendant does so herein inform the Court the defendant has reached out to the Ford County District Court, and spoken several times to the clerk Rhonda Whitney, explaining the situation and is in the process of communication therewith Ms. Whitney to obtain copies of the case referenced by the counsel for the Plaintiff to determine if in fact the use of the ethnic SLUR, was in fact simply "ERROR", "FAIL", "proofreading oversight", by the two presumably bar licensed attorneys QUINN Robert Kendrick and Larry G. Michel, together with their clients the plaintiffs, UCM and CHAD M. KOEHN who obviously also read and approved the petition for form and substance as is required by law.  The Defendant once able to review the cited case, as cited by counsel of record for the Plaintiffs will, advise the court of his findings and file together for additional "Sur Reply" therewith the findings of fact, if the counsel for the plaintiff should be believed that counsel and his clients simply <u>have committed GROSS and WANTON NEGLIGENCE</u> in the leaving of the word "Bean" as the titling of the defendant, and did so **"ERROR" and "FAIL" and commit clear GROSS NEGLIGENCE** in their pleading of the originating petition.  The defendant will also be filing a responsive pleading as a "Sur Reply" to the plaintiffs Memorandum and Motion in Opposition of the paper 5. Perhaps in the meantime if in fact true the counsel for the plaintiffs can take an online

Motion for Leave to Amend Motion to Enlarge Time and Extension thereof Per Local Rule 6.1 with calculation of time as per Rule 6.2

- 3

class on how to use "find and replace" in a word document, as if the counsel's "excuse" for his AND plaintiffs, collectively are **GROSS wanton Negligence**, is to be taken at face value, when reusing a petition, it would be correct jurisprudence and certain safe business practices to utilize "find and replace" in the document, rather than whatever archaic, "hunt and peck" methods which counsel obviously and evidently now claims as his <u>excuse for the "ERROR" and "FAIL"</u>, resulting in the **GROSS and wanton NEGLIGENCE** caused by the inclusion of SLUR directed at the defendant.

Equally the defendant so submits that Quinn Robert Kendrick should also have remedial training, regarding proofreading and checking the work product which he adds his name, bar number and thus signature affixed therewith, as in this case not one but TWO (2) presumably Bar licensed attorneys and a multitude of persons representing a corporation and the human being himself CHAD M. KOEHN, <u>did ALL approve the petition for form and substance</u>, meaning **they all read the petition prior to its filing.** In doing so the all those who participated in approving the petition, which they collectively allowed to "sit" for nearly a year as they sought to conspire with others to entrap and unlawfully detain the defendant seeking litigation by surprise. Doing so in manner they reasonably expected the injured defendant not able to reply, within the time constraints of law, so they could secure a default judgment to be used as a weapon to "out" one or more "WHISTLEBLOWERS", within their organisations and/or <u>cause the untimely demise of the defendant</u>, by and through their actions, whether deliberate or as counsel now claims an act of **"ERROR"** and **"FAIL"**, so **did commit GROSS and wanton NEGLIGENCE** in causing the petition to be sent UNcovered into a known highly dangerous and racially charged

environment **where they each reasonably could expect severe bodily injury and perhaps their goal of death to the defendant to occur.**

While the defendant is aware now of a responsive pleading made by the counsel for the Plaintiffs in this matter, paper 9, a memorandum and brief in opposition, to the defendant's paper 5, the defendant under separate Motion will be filing for leave to file a "Sur Reply" to the Memorandum and Brief in Opposition, paper 9, which is a response to the defendants paper 5, which clearly lays out the reasons the defendant could not possibly comply with the requests in Local Rule 6.1(a)(1) regarding "prior consultation" with the other parties, and as evident by the Memorandum and Brief in Opposition, paper 9, and the hostility and wholly without merit or support of law of the plaintiffs filing in paper 10, a Motion to Strike, as the defendant will be filing a Motion and Memorandum including extensive case law, and Supreme Court rulings on the incongruous attempts of counsel for the plaintiff to attempt the filing of a FRCP Rule 12(f)(2) Motion to Strike at this early stage in the litigation, and as the response hoping the court will strike and deny the lawful motion for an enlargement of time to respond with an answer, cross and counter claims, attachment of third parties and/or other responsive pleadings as the FRCP so allow when responding to the petition now pending here at the US District of Kansas Federal Court.

The defendant would have expected some joint resolution with regards to the defendant's dutifully filed "Motion to Enlarge Time", as would be normally expected of opposing counsel, should opposing counsel and his clients the Plaintiffs truly want to move this matter towards resolution, however, as the Court will note the filings of the counsel for the Plaintiffs thus far are neither in good faith nor demonstrate any

Motion for Leave to Amend Motion to Enlarge Time and Extension thereof Per Local Rule 6.1 with calculation of time as per Rule 6.2

- 5

willingness to either follow the law, case precedents, FRCP or the Local Rules or to allow the defendant to file a responsive pleading to the underlying petition properly removed hereto this Court. This is in keeping with the BAD Faith litigation of the plaintiffs in this case to date as noted within the state docket, wherein the plaintiffs took NO efforts whatsoever, to notice the defendant as to the pendency of the petition now at bar. Even though the plaintiffs do so inform the court that they had a good USPS mailing address for the defendant, however, consciously took no efforts whatsoever to utilize the mailing address, for notice of the pendency of the petition, and instead laid in wait, conspired with others, and secured protected information, as to the injured state, location and unlawful detention of the defendant which was only available to one single non-law enforcement person, who obtained the information as a matter of a highly contested constitutional authority. Both State and Federal law enforcement closely guarded the location and "unlawful" detention of the defendant, ergo the obtainment of the information by the plaintiffs and their counsel could only have been obtained from one single source, and obtained illegally at that.

**Pursuant with Local Rules 6.1(a)(2);** utilizing the calculation of time pursuant with Federal Rules of Civil Procedure as requiring the moving party of a Notice of Removal from State court to US Federal District Court, a responsive pleading is due within 5 days, after the date of removal, per FRCP. Utilizing the calculation of time in Local Rule 6.2(2) as the Pro Se, defendant did so send the "Notice of Removal" to the clerk of the Court via electronic mail, although not truly "electronic service" as contemplated by the Federal Rules nor the local rules as the defendant as of yet has not received permission to cause filings in an electronic format, the defendant none-the-less utilizes the time calculation as provided in Local Rule 6.2(2), as to the

due date of the responsive pleading, though one could argue Local Rule 6.2(1) should be used as the defendant did not have use of the true "electronic filing system" as contemplated by the Rule.  None-the-less from memory the Local Rule 6.2(2) so states, regarding the calculation of time:  "Neither the date on which the Jurist or magistrate judge signs the order nor the date on which the clerk enters the order on the docket is relevant in calculating the limitation period."  To the best of the Pro Se, Defendant's ability Local Rule 6.2(2) is so herein referenced.  The "Notice of Removal" was filed on 1 Febuary 2022, therefore the day of 1 Feburary 2022, is excluded from the calculation of time for the responsive pleading, after the filing of the "Notice of Removal", ergo the responsive pleading would be due either on the 6th of Feburary (a Sunday) or the 7th of Febuary a Monday, if it were the decision of the Court to require the due date being the Sunday, then the FRCP, makes the due date the next available Court day, whether Monday or Tuesday if Monday were a holiday. Therefore the due date of the responsive pleading would be Monday 7th February 2022.  However, herein as the Honorable Court will note, the defendant did dutifully file motions and memorandums including without limitation a Motion to "Enlarge Time" to file a responsive pleading and the defendant did so on 3 Febuary 2022, when the defendant realized the complexities of the matter at bar, and the necessity of having a clear and concise filing as the responsive pleading to the petition now herein removed and at bar with this US Federal District Court of Kansas.  Inter-alia the defendant so submits the due date of the responsive pleading would be today 7 February 2022, however, herein the defendant so submits this Motion to Leave and so amend and add thereto the dutifully filed Motion to Enlarge Time as originally filed on 3 February 2022; wherein the defendant would like the opportunity to be heard on the underlying petition at bar, yet the defendant must also file and defend the other

pleadings so herein made, and needs to consult with various attorneys, lawyers, and legal aid experts [though counsel for the plaintiffs Larry G. Michel is making this difficult through his influence to the Kansas legal aid, this type of undue influence is against the interests of substantial justice and certainly most likely actionable under the Rules of Professional Conduct governing what is right and wrong actions by attorneys as is evident] as well as investigators in this matter to have the best responsive pleading as necessary, which the defendant reasonably believes the enlargement of time will allow for and perhaps move this matter at hand to a swift resolution, for cost savings to the parties, the government and the Court itself.

As to Local Rules 6.1(a)(3); the defendant so submits that to date in this early days of this complex litigation, there have been "NO extensions" of time granted any party as today is 7 Febuary 2022, and the "Notice of Removal" has only occurred on 1 Febuary 2022. Neither party will be disadvantaged by enlargement of time, nor will the court be further unnecessarily burdened by the enlargement of time, when in fact the enlargement of time via an extension of time to file a responsive pleading may actually move the matter of the underlying petition at bar to a swift resolution for all parties so concerned, including cost and time savings to the Court.

Pursuant with Local Rule 6.1(4) "the cause for the requested extension"; the defendant proceeding Pro Se, out of necessity does so herein re-state all previously well pleaded reasons as articulated in the defendant's paper 8, filed February 3, 2022. In addition thereto as referenced herein above the defendant is now under a whole host of various time-lines for filing "Sur-Replies", "Memorandums", "Opposition Filings", and other necessary Actions, Motions, Requests to preserve rights and

defenses, etc. As such the necessity for enlargement of time, or rather "extension of time" to file the contemplated responsive pleadings to the underlying petition at bar, so properly removed hereto this Honorable US Federal Court the US District of Kansas, necessitates in the Substantial Interests of Justice and to avoid a manifestation of injustice for the defendant to have ample time to consult with legal counsels, investigators, legal aid, and various third parties regarding the filing of amicus briefs etc. in support of the contemplated responsive pleadings.

The moving party the defendant has now herein complied with Local Rule 6.1(4), in now filing this motion with the Local Rules, on the day in which the responsive pleading would normally be due, therefore the specified time has not expired.

Under Local Rule 6.1(4), even if this honorable Court the US District of Kansas were to make a calculation of time different from the dutifully attempted calculation of time when due as to the responsive pleading, answer, cross and counter complaints and third party attached persons and entities, the defendant having previously and dutifully filed paper 8, the original motion for enlargement of time, makes good showing of good faith efforts taken by the defendant to substantially comply with FRCP and inter-alia the Local Rules of the Court by substantial showing of good will and good faith in the prompt filing of the Motion to Extend time to file the responsive pleadings as necessary to dispense with the underlying petition currently here at bar, within the US Federal Court for the US District of Kansas, therefore the defendant would so submit that any "neglect" with regards to the filing made herein this motion for leave to amend and file and so attach herewith and thereto the previous motion to enlarge time to file a responsive pleading as contemplated, would be and is excusable neglect

as to the Local Rules of the US District Court, which the defendant had only received for the first time on 1 Febuary 2022, the very same day as the defendant did so dutifully file the "Notice of Removal" with all filings and documents and cover sheet as required by the US District of Kansas Federal Court and pursuant with the Federal Rules of Civil Procedure.

WHEREFORE the Pro Se, defendant does so herein request for this honorable US Federal Court for the US District of Kansas to accept the defendants humblest apologies and accept this Motion to Leave and Amend and so hereto and thereto attach to the previously filed paper 8, the Motion to Enlarge Time to file the contemplated responsive pleadings to the underlying matter of the petition now pending here with the US District of Kansas Federal Court.

**WHEREFORE the Defendant further prays for relief and asks for this Court to enlarge the time for the responsive pleading until the Ides of March; specifically the 15th of March 2022.**

This extension of time is being sought in good faith and will not unnecessarily delay the proceedings, the plaintiffs obviously took no efforts whatsoever to notice the defendant of the pendency of the petition for nearly a year, and instead laid in wait conspiring with others to entrap the defendant and then serve the defendant improper service while the defendant was unlawfully detained all in efforts to secure a default judgment as previously well pleaded too, therefore the plaintiffs will not be injured or otherwise disadvantaged by this lawful extension of time which is in the interests of SUBSTANTIAL JUSTICE and to PREVENT manifestation of injustice.

By requesting this motion as in all previously filed motions and requests, responses, and/or any pleadings whatsoever the Defendant does not waive and reserves all rights as to any available defenses it may assert against the petition. And so makes this appearance together with all previous filings now before the Court, without voluntarily submitting to the jurisdiction of this Court, as with this and all prior motions and filings are made via "special appearance", as well stated in the "Notice of Removal" in paper 1, filed on 1 Feburary 2022, removing the malicious, frivolous and incongruous petition to this US Federal Court for the district of Kansas.

Respectfully Submitted, this the 7th day of February 2022.

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter.

Respectfully,

*/s/ Michael Nelson/*

Michael Nelson - Pro Se

---------------------------------------------------------------------------
Michael Nelson
9450 SW Gemini Dr
PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434
Email: oklahomaremote @ gmail.com

Motion for Leave to Amend Motion to Enlarge Time and Extension thereof Per Local Rule 6.1 with calculation of time as per Rule 6.2

- 11