Michael Nelson
9450 SW Gemini Dr
PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434
Email: oklahomaremote @ gmail.com
PRO-SE / PRO-PER

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

CHAD M. KOEHN and United Capital Management of Kansas, Inc.

                Plaintiffs,

    v.

Michael Nelson

             Defendant

PRO-Se

DOCKET NO.:
**5:22-CV-04008-JWB-GEB**

### CIVIL ACTION

### <u>Writ of Mandamus</u>
### Command to Kansas
### Attorney General
### Material Misrepresentations
### S.E.C. and Kansas State Law

**[Jury Trial Demanded]**

### UNITED STATES DISTRICT COURT DISTRICT OF KANSAS

### Writ of Mandamus
### Material Misrepresentation SEC Violations & Violations to Kansas State Law

Now Here Comes defendant Michael Nelson, defendant in the above captioned matter, and so does herein, make this "SPECIAL APPEARANCE" to submit this Writ of Mandamus of possibility CRIMES IN PROGRESS; making this filing under protections of US Federal Law; together with Notice for Judicial Notice thereof, with Request for Action and Notice to Law Enforcement, including without limitation the

MEMORANDUM & MOTION CONCERNING HATE SPEECH IN ORIGINATING PETITION - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Kansas State Authorities, Kansas Attorney General, as per KSA and Federal Authorities pursuant with this courts authorities and RESPONSIBILITIES under such extraordinary relief as the undersigned so makes herein this petition to the Honorable US Federal Court for the US Federal District of Kansas, within the statutory authority as presented the extraordinary relief to the people of Kansas and the citizenry of these the United States of America pursuant with inclusive without limitation **28 U.S. Code § 1361, etAl.:**

Though the defendant has not been a "whistleblower" against the plaintiffs at any time in the past, at present due to information uncovered during the filing of the memorandum to this matter paper 12, it was discovered that compliance with applicable law and for the protection of protected classes may not be in accordance with Kansas State Law nor the Laws of these the United States of America.  Under the safe harbor provisions of US Federal Law and for the firmly held belief and benefit to protect those who may not know or may not be able to protect themselves, the undersigned does so herein file this "petition" for the extraordinary relief as may be warranted and necessary to **PREVENT a MANIFESTATION of INJUSTICE.**

So now herein the undersigned declares all safe harbor provisions at law and in EQUITY thereto as realtor, herein this filing of "petition" to the Honorable US Federal Court for the US District of Kansas; AND so does state for the edification of the filing:

> "Whistleblowers are protected from **retaliation** for disclosing information that the applicant reasonably believes provides evidence of a violation of any law, **rule, regulation,** gross mismanagement, gross waste of funds, an abuse of authority, or a **substantial and specific danger to public health or safety**."

The undersigned therefore requests this Honorable Court to issue those safe harbor provisions and protections as afforded the undersigned through this good faith and lawful petition for the EXTRAORDINARY relief as sought on behalf of the citizens of these the United States of America and her territories, also seeking the same to be now and forever more protected against the following, without limitation:

- Intimidation or harassment
- Making threats
- More subtle actions, such as isolating, ostracizing, mocking, or falsely accusing
- Blacklisting (intentionally interfering with ability to obtain future employment)
- Reporting or threatening to the police or immigration authorities
- Continued threats of Death

In making the good faith showing herein as the information obtained would not have been obtained EXCEPT for the necessity to make a showing regarding the usage of the DEROGATORY term "RED NECK" and the naming convention used for the legal entity "RED NECK High Tech Yacht Fund LP.

The defendant having had the necessity of filing Paper 12, Motion for Judicial Notice titled:  "MOTION for Judicial Notice in support of Paper 5 and continued DEROGATORY SLURS by Plaintiffs as 'Equal Opportunity Bigots'"; due to the continued actions of Plaintiff in derogatory terms towards the persons of others, as the plaintiffs by and through counsel now claim "ERROR" and "FAIL" with regards to "oversight" in proofreading, wherein counsel's of record for plaintiffs and plaintiffs themselves did allow a racial epithet to remain in the underlying petition currently before the court, constituting in their admission by Counsel Michel in paper 9, "ERROR" and "FAIL" demonstrating clear wanton GROSS Negligence in the filing of the underlying petition.  In a demonstration of a patterned history of derogatory actions towards protected classes the defendant duly filed the above herein referenced Motion for Judicial Notice regarding the naming convention used by plaintiff's

collectively:  United Capital Management of Kansas Inc. and Chad M. Koehn, in naming the corporation of foreign jurisdiction, of the US State of Delaware:  **Red Neck High Tech Yacht Fund LP** [EMPHASIS].

Through the due diligence of professional investigators and the defendant himself, a search of the Securities and Exchange Commission (SEC) governmental regulatory technology platform known as EDGAR (see below), was performed uncovering the single filing known to be filed by plaintiffs collectively.

> "EDGAR, **the <u>Electronic Data Gathering, Analysis, and Retrieval</u> system**, is the primary system for companies and others submitting documents under the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, and the Investment Company Act of 1940."
> SEC.gov | About EDGAR.
> "Containing millions of company and individual filings, EDGAR benefits investors, corporations, and the U.S. economy overall by increasing the efficiency, transparency, and fairness of the securities markets. The system processes about 3,000 filings per day, serves up 3,000 terabytes of data to the public annually, and accommodates 40,000 new filers per year on average." Learn about the history of EDGAR.
>
> Access to EDGAR's public database is free—allowing you to research, for example, a public company's financial information and operations by reviewing the filings the company makes with the SEC. You can also research information provided by mutual funds (including money market funds), exchange-traded funds (ETFs), variable annuities, and individuals.
>
> The Office of Investor Education and Advocacy has created a helpful guide to Using EDGAR to Research Investments." [as referenced herein above and links incorporated herein for reference and ease of reading and confirmation of the same by the US Federal District Court]

1

2    For the record the **RED NECK** High Tech Yacht Fund LP, is incorporated in the

3    foreign [to Kansas] jurisdiction of the US State of Delaware.

4

5    See the screen capture demonstrating the <u>RED NECK High Tech Yacht Fund</u>, being

6    incorporated out of the US State of Delaware:

7

8

9    **SCREEN CAPTURE TO FOLLOW . . .**

10

| File Number: | 5963183 | Incorporation Date / Formation Date: | 6/1/2021 (mm/dd/yyyy) |
| --- | --- | --- | --- |
| Entity Name: | RED NECK HIGH TECH YACHT FUND, LP | | |
| Entity Kind: | Limited Partnership | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| Name: | SUNDOC FILINGS | | |
| --- | --- | --- | --- |
| Address: | 3500 S. DUPONT HIGHWAY | | |
| City: | DOVER | County: | Kent |
| State: | DE | Postal Code: | 19901 |
| Phone: | | | |

https://icis.corp.delaware.gov/

22   Though incorporated in the US State of Delaware, this Honorable US Federal District

23   Court will please <u>take Judicial Notice of the Registration the Plaintiffs did cause to be</u>

24   <u>made with the Securities and Exchange Commission (SEC)</u>, and the associated

25

therewith amendment thereto, as referenced herein above, and now incorporated herein directly below for ease of reference and edification by the Court:

[SEC.gov | Company Search: Red Neck High Tech Yacht Fund, LP](#)

# **Red Neck** High Tech Yacht Fund, LP

[https://www.sec.gov/Archives/edgar/data/0001885372/000183646021000038/xslFormDX01/primary_doc.xml](#)

The issuer, which is the <u>Plaintiffs collectively and severally utilize their own address as the principal place of business in the US State of Kansas,</u> though directly on the form state the entity is of the US State of Delaware as to Jurisdiction:

[https://www.sec.gov/Archives/edgar/data/0001885372/000188537222000001/xslFormDX01/primary_doc.xml](#)

---

**2. Principal Place of Business and Contact Information**

Name of Issuer
Red Neck High Tech Yacht Fund, LP

| Street Address 1 | | Street Address 2 | |
|---|---|---|---|
| 227 N. SANTA FE AVE., | | SUITE 309 | |
| City | State/Province/Country | ZIP/PostalCode | Phone Number of Issuer |
| SALINA | KANSAS | 67401 | 785-833-6730 |

**3. Related Persons**

| Last Name | First Name | Middle Name |
|---|---|---|
| Koehn | Chad | |

| Street Address 1 | Street Address 2 | |
|---|---|---|
| 227 N. Santa Fe Ave. | | |
| City | State/Province/Country | ZIP/PostalCode |
| Salina | KANSAS | 67401 |

Relationship: [X] Executive Officer  [ ] Director  [X] Promoter

Clarification of Response (if Necessary):
Manager of the Investment Manager of the Issuer.

| Last Name | First Name | Middle Name |
|---|---|---|
| United Capital Management of Kansas, Inc. | n/a | n/a |

| Street Address 1 | Street Address 2 | |
|---|---|---|
| 227 N. Santa Fe Ave. | | |
| City | State/Province/Country | ZIP/PostalCode |
| Salina | KANSAS | 67401 |

Relationship: [ ] Executive Officer  [ ] Director  [X] Promoter

Clarification of Response (if Necessary):
Investment Manager of the Issuer.

MEMORANDUM & MOTION CONCERNING HATE SPEECH IN ORIGINATING PETITION - 6

This evidence now herein incorporated in this reference for the US Federal Court of the US District of Kansas to take Judicial Notice, **does now herein demonstrate clear, proof in BOTH the positive and the negative**, with a preponderance of the evidence and beyond a reasonable doubt as to <u>MATERIAL MISREPRESENTATIONS</u> in the proposed sale of UNregistered securities as filed on a United States Securities and Exchange Commission (SEC) document, signed multiple times with oath and affirmation as is required by the document.

plural noun: **misrepresentations**

1. the action or offense of giving a false or misleading account of the nature of something.

The Plaintiffs have a legal obligation under the laws of the State of Kansas and under the rules and regulations of the United States Securities and Exchange Commission (SEC) to effect the registration of a foreign corporation which utilizes an <u>address within the State of Kansas on a Federal registration</u>; to do otherwise and "FAIL" or state "ERROR" *as is the common theme of Larry G. Michel's pleadings before the court to date*, is to cause a <u>"MATERIAL MISREPRESENTATION", in the sale of securities</u>, whether said sale is via a "pooled fund" aka "hedge fund" as purported by the filings made to the Securities and Exchange Commission (SEC):

THE ENTITY which was first discovered using the derogatory term / phrase as referenced in the Motion for Judicial Notice, regarding the "equal opportunity bigotry" of the Plaintiffs, made the defendant and investigators stumble upon another material misrepresentation by the Plaintiffs, indicating that a CRIME is currently in progress, thus necessitating a good will filing to the US District of Kansas Federal Court.

**Upon a search of the State of Kansas Office of the secretary of State;**

**https://sos.ks.gov/**

**RETURNED NO RESULTS for the name of the entity:**

**Red Neck High Tech Yacht Fund, LP**

**SEE Screen Capture herein below:**



The US State of Kansas has specific laws REQUIRING the registration of any foreign business, SEE Article 73, of Kansas Code, conducting business in the State of Kansas. Ergo the Plaintiffs are currently in Progress willfully, knowingly, with wanton reckless disregard for the Rules of Law of the State of Kansas and have and continue to conduct their sale of Securities in a "pooled fund" in violation of the United States Securities and Exchange Commission (SEC) requirements of NOT making Material Misrepresentations, in the sale of said "unregistered" securities.

WHEREIN Plaintiffs are actively engaged in the sale of securities which they have registered with the Securities and Exchange commission as being sold as "UN registered" securities, see the filings made with the SEC:

https://www.sec.gov/edgar/browse/?CIK=1885372

https://www.sec.gov/Archives/edgar/data/0001885372/000188537222000001/xslForm DX01/primary_doc.xml

https://www.sec.gov/Archives/edgar/data/0001885372/000183646021000038/xslForm DX01/primary_doc.xml

Yet, within the SEC registration documents the plaintiffs due list:

Jurisdiction of Incorporation/Organization

 DELAWARE

The Plaintiffs then list all addresses as addresses within the State of Kansas and do certify MULTIPLE times to the Securities and Exchange Commission as the:
**Principal Place of Business and Contact Information**
**THE SAME ADDRESS FOR THAT OF THE PLAINTIFFS IN THIS ACTION.**

**HAVING THE PRINCIPAL PLACE OF BUSINESS IN THE STATE OF KANSAS for the FOREIGN Jurisdiction Corporation being registered in the State of Delaware; yet refuse to register the Corporation with the Kansas Secretary of State despite stating the principal place of the Business is their own address in the City of Salina Kansas.**

## THIS IS A CLEAR VIOLATION OF K.S.A. 17-7301(B)

"**No foreign corporation shall do any business in this state,** through or by branch offices, agents or representatives located in this state, [obviously stating a "principal place of business" on a Federal Document indicates the location in the State of Kansas] until it has filed in the office of the secretary of state of this state an application for authority to engage in business in this state as a foreign corporation." Such application shall be filed in accordance with K.S.A. 17-6003, and amendments thereto, and shall include:

(1)  A certificate issued within 90 days of the date of application by the proper officer of the jurisdiction where such corporation is incorporated or by a third-party agent authorized by the secretary of state attesting to the fact that such corporation is a corporation in good standing in such jurisdiction;

(2)  a statement that the corporation is in good standing in the state of incorporation as of the date the application is signed;

(3)  the address of the principal office of the corporation;

(4)  the full nature and character of the business the corporation proposes to conduct in this state, including whether the corporation operates for profit or not for profit;

(5)  the location of the registered office of the corporation in this state and the name of its resident agent for service of process required to be maintained by this act;

(6)  the date on which the corporation commenced, or intends to commence, doing business in this state; and

(7)  an irrevocable written consent of the foreign corporation that actions may be commenced against it in the proper court of any county where there is proper venue by service of process on the secretary of state as provided for in K.S.A. 60-304, and amendments thereto, and stipulating and agreeing that such service shall be taken and

held, in all courts, to be as valid and binding as if due service had been made upon an officer of the corporation.

**The Plaintiffs clearly are in violation of not having made the application as required by and thus filed and executed in accordance with K.S.A. 17-6003; which uses the legal command "SHALL".**

**History:**   L. 1972, ch. 52, § 141; L. 1973, ch. 100, § 18; L. 1975, ch. 144, § 2; L. 1987, ch. 89, § 2; L. 1999, ch. 41, § 4; L. 1999, ch. 149, § 2; L. 2000, ch. 39, § 44; L. 2004, ch. 143, § 78; L. 2009, ch. 64, § 2; July 1, 2010.

**REQUIRED NOTICE TO THE KANSAS ATTORNEY GENERAL by this US Federal Court for the US District of Kansas, for the protection of citizens of all these several States of these the United States of America and all territories there within the jurisdiction of these the United States of America.**

**17-7308.   Enjoining foreign corporation from transacting business in state for violation of code.** The district court shall have jurisdiction to enjoin any foreign corporation, or any agent thereof, from transacting any business in this state if such corporation has failed to comply with any section of this act applicable to it, or if such corporation has secured a certificate of the secretary of state under K.S.A. 17-7301 on the basis of false or misleading representations. **The attorney general, upon his own motion or upon the relation of proper parties, shall proceed for this purpose by an action commenced in any county in which such corporation is doing business.**

**17-7404.   Short title. This act shall be known and may be cited as the "Kansas general corporation code." History:   L. 1972, ch. 52, § 152; L. 1973, ch. 100, § 22; July 1.**

For the purposes to define "PRINCIPAL PLACE OF BUSINESS"

"principal place of business" as DEFINED by legal terms:

A principal place of business generally refers to where a corporation's officers direct, control, and coordinate the corporation's

activities. It is also often referred to as the corporation's "nerve center." Determining a corporation's principal place of business is important for the purposes of asserting diversity jurisdiction. Under 28 U.S.C.A. § 1332(c) "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

Although courts initially applied a variety of tests to determine a corporation's principal place of business, the Supreme Court in Hertz Corp. v. Friend determined that the "nerve center" test be the single dominant approach. In Hertz, Justice Breyer explained that a corporations "nerve center" refers to the place where "a corporation's officers direct, control, and coordinate the corporation's activities." It is further explained that practically, this location should be the headquarters provided that "the headquarters is the actual center of direction, control, and coordination[, and] not simply an office where the corporation holds its board meetings." For example, if a company's officers direct the company's business activities in New York, then its principal place of business is New York regardless of the company's degree of activity in any other state.

Under the *Hertz* standard, a corporation can only have one principal place of business. But this does not preclude the corporation from being a citizen of multiple states. For example, when a corporation is incorporated in a different state than where its headquarters are located, it is a citizen and under the jurisdiction of both states.

However, for the purposes of establishing diversity jurisdiction, a party does not need to pinpoint a corporation's principal place of business. Rather, jurisdiction will be upheld so long that it is established that diversity of citizenship exists among the parties.

[Last updated in July of 2020 by the Wex Definitions Team]

## **WHAT IS the LEGAL DEFINITION of "NERVE CENTER"**

"Nerve Center Test is **a judicial analysis used to determine a corporation's real place of business where a corporation's activities are decentralized and spread across numerous states**. It focuses on locating where the corporation's overall policy originates."

WHEREIN HERE the entity RED NECK HIGH TECH YACHT FUND LP, has declared a "PRINCIPAL PLACE OF BUSINESS" and thus "NERVE CENTER" on a Federally Registered and filed document with the Securities and Exchange Commission (SEC), thereby availing itself of the necessity of filing with the Kansas Authorities, the plaintiffs BOTH are listed on the Federal Registration.

Few legal questions are more fundamental than a court's ability to hear a case. For 50 years, however, federal courts have disagreed about when federal district courts may hear cases involving corporations in which federal jurisdiction is predicated solely on the parties' differing state citizenship. A federal district court may exercise jurisdiction if there is complete diversity of citizenship between the parties. But the court must first determine each party's state citizenship. Until the Supreme Court's recent decision in *Hertz Corp. v. Friend*, the resolution of this basic question varied where corporate parties were involved.

For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The first prong of this statute is uncontroversial. As for the second prong, federal courts have employed a variety of conflicting approaches to determine the state in which a corporation has its principal place of business.

IT IS EVIDENT and OBVIOUS to a reasoned mind that the "NERVE CENTER" for the RED NECK High Tech Yacht Fund LP, is the same physical address and location of the plaintiff:  United Capital Management of Kansas Inc. and that of CHAD M. KOEHN principal, CHIEF COMPLIANCE OFFICER, pres, CEO, majority shareholder thereto.   The NERVE CENTER as defined as the "PRINCIPAL PLACE OF BUSINESS" IS where all operations are conducted, therefore employees located,

and thus taxes being so owed thereupon, as well as all business activities relating thereto, given the Federally Registered filing of the sale of "non-registered" securities and the "pooled" nature of those securities in the form of what CHAD M. KOEHN describes he, himself as a "hedge fund", the fact that RED NECK High Tech Yacht Fund LP is considered a multi-jurisdictional corporation and has at its core the FOREIGN jurisdiction of Delaware, the Kansas State laws are clear requiring registration of the corporation in its  principal place of business and thus as indicated its "NERVE CENTER".

To allow the Corporation as referenced herein above to escape the registration in Kansas unfairly and materially misrepresents the intentions of the "pooled investment" products underlying thereto.  As a result this clearly demonstrates a material misrepresentation as to the purposeful omissions thereto of CHAD M. KOEHN in the operation of a registered securities vehicle which though is dictative of selling non-registered securities it itself is still "Registered" with the Securities and Exchange Commission, wherein it states its "principal place of business" as being in the City of Salina of the State of Kansas.

The State of Kansas is therefore DEPRIVED of needed fees and taxes to finance the State Operations, and the enforcement of State Securities Laws as well as the Corporations laws and effects for the State of Kansas.  The deprivation of the rights of the people of Kansas should not go unnoticed to the government of Kansas, as well as the generally held belief that the State of Kansas OWES a DUTY to the citizens of the several states (meaning the rest of these the United States of America), ensuring that persons especially protected classes like the ELDERLY know where to find and serve process regarding securities sold and investment products.  Kansas citizens deserve

equal protection under the law even if Kansas as shown does not extend equal protection under the law as it is supposed to under the 14th Amendment to "citizens of other states", none-the-less, as herein now identified as potential violations to Kansas State law and the laws of these the United States of America must be investigated.

The United States Federal Court for the US District of Kansas, has a legal and moral obligation to the Citizens of these the United States of America, for the enforcement of the laws and the PROTECTION of the Citizenry as a whole, when the US Federal District Court for the US District of Kansas, is presented with such damming proof in both the positive and the negative, beyond any reasonable doubt as to a direct violation of Securities sale, and said proof in BOTH the positive and the negative is so presented to the US Federal Courts, the Court must ACT, with the jurisprudence as required of the US Federal Courts, in the immediate and swift protection of the public at large, especially the ELDERLY, retirees whose pensions, IRA's, and other retirement funds could be in jeopardy when the US Federal Court is presented with such absolute proof as the Court is now herein presented with regards to a Material Misrepresentation as presented by the Plaintiffs in their filings with the US Federal Government as it relates to this entity, which was brought first to the attention of this US Federal Court, via Motion to take Judicial Notice, regarding the continued use of a DEROGATORY term and phrase, as a continuation of previously well plead use of SLUR against the person of the defendant.  Whereas here the US Federal Court has now received such serious evidence of MALFEASANCE being committed by a Federally Licensed and Regulated Securities Firm and Principal thereof; for the US Federal District Court for the District of Kansas NOT to take immediate action with referral to the appropriate enforcement agency, and to take the fact this information has come to the attention of the Court, inadvertently as it has come to the attention of

the defendant as the defendant simply was attempting to point out the continued "EQUAL OPPORTUNITY" BIGOTRY of the Plaintiffs and provide proof in the positive of the Plaintiffs "excuse" for "ERROR" and "FAIL" regarding the use of the DEROGATORY term "Bean" to title the defendant in the underlying petition, removed to the US District of Kansas Federal Court.

IF NOT for the Plaintiff's collective action in the filing of the naming convention for the entity as listed herein above, and the defendant's "Special Appearance" herein in the filing of Motion for Judicial Notice at paper 12, of the herein above referenced matter, the fact of this ongoing violations to Kansas State law and subsequent violations to Securities registration acts and laws would not have been discovered. Under Kansas Consumer Protection Act ("KCPA"), the collective actions of the plaintiffs in this matter above captioned, are in violation thereof. https://www.sec.gov/edgar/browse/?CIK=1885372

### Consumer Protection Act ("KCPA"), K.S.A. § 50-623 *et seq*

The Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 *et seq*. prohibits the use of deceptive and/or unconscionable acts and practices in connection with consumer transactions in Kansas.   HOWEVER, here not only must Kansas protect its citizens from fraud and and deceptive and/or unconscionable acts and practices in connection with consumer transactions in Kansas, given the fact the RED NECK HIGH TECH YACHT FUND LP, is positioned as an investment and thus securities sale registered with the Securities Exchange Commission (SEC), this US Federal Court for the US District of Kansas has a legal and moral obligation to notify the Securities and Exchange Commission (SEC) and for the protection of citizens across the board in all US States and Territories of these the United States of America.

Acting as the proposed "pooled fun" and claiming they are a "hedge fund" despite the use as previously pleaded too of the intolerable and unconscionable use of DEROGATORY term in the naming convention of the "Fund", it itself is in effect a "supplier" of services to the investing public, and it is for the protection of elderly investors ANOTHER "PROTECTED CLASS" that this Honorable US Federal District Court MUST as a matter of law act and act with extreme caution as to protect one of America's most vulnerable classes of persons, the ELDERLY, and retirees, from misrepresentation as herein pleaded, certainly the "RED NECK" 'fund' [intolerable the use of such DEROGATORY term by Koehn etAl.] as "suppliers" within the meaning as that term is defined by K.S.A. § 50-624(l).

The ongoing solicitation of funds from among others citizens of the State of Kansas and throughout these the United States of America certainly falls within, and thus constitutes a "consumer transaction" as defined by K.S.A. § 50-624(c).

The KCPA is to be liberally construed to promote its policies of protecting consumers from suppliers that commit deceptive acts and **unconscionable acts and practices**. *See* K.S.A. § 50-623; *Williamson v. Amrani*, 283 Kan. 227, 234, 152 P.3d 60, 67 (2007).

Violations of K.S.A. § 50-626, Deceptive Acts and Practices, include but are not limited to, the following:

a. CHAD M. KOEHN and UCM made false and/or misleading representations of fact, knowingly or with reason to know, in violation of K.S.A. § 50-626(a);

b. CHAD M. KOEHN and UCM willfully failed to state a material fact and/or willfully concealed, suppressed, and/or omitted a material fact, in violation of K.S.A. § 50-626(b)(3).

c. CHAD M. KOEHN and UCM committed deceptive acts and/or practices in violation of K.S.A. § 50-626 included, but not limited to, the following:

Violations of the KCPA are upon information and belief as well pleaded to herein above continuing, and CHAD M. KOEHN and UCM utilized the same deceptive methods in connection with all consumer transactions between them and prospective investors as they used between them and protected classes of persons as defined by law, specifically those who are "ELDERLY".

CHAD M. KOEHN and UCM concealed their violations of the KCPA by withholding that their acts and practices were deceptive, relying on numerous misrepresentations to do so, including without limitation the "principal place of business" as admitted to in the filing made to the Securities and Exchange Commission (SEC), the jurisdictional conflicts as are evident and their Collective FAILURE (that "fail" word again like Michel admits to in paper 9), to so notice and register the intolerable DEROGATORY termed company:  RED NECK HIGH TECH YACHT FUND LP.

The people of the State of Kansas are collectively entitled to a declaratory judgment that these acts and practices violate the KCPA pursuant to K.S.A. § 50-634(a)(1).

The people of the State of Kansas are entitled to a restraining order against CHAD M. KOEHN and UCM to prevent them from continuing to violate the KCPA pursuant to K.S.A. § 50-634(a)(2).

The people of the State of Kansas are entitled to recovery of their damages or a civil penalty as provided in K.S.A. § 50-636(a), whichever is greater.   The US Federal District Court for the US District of Kansas has a moral and legal responsibility to forthwith report to the Kansas Attorney General of these ongoing material misrepresentations and failures to register with the State of Kansas, thereby denying

to the people of the State of Kansas substantial revenue, in the form of filing fees, taxes owed, and with all penalties and interest thereto.

The People of the State of Kansas are entitled to the recovery of their reasonable attorneys' fees and costs, pursuant to K.S.A. § 50-634(e).

**2011 Kansas Code  Chapter 17. - CORPORATIONS Article 12a. - UNIFORM SECURITIES ACT [as enacted by many if not all US States]**

**With Specificity as to:  2011 Kansas Code  Chapter 17. - CORPORATIONS Article 12a. - UNIFORM SECURITIES ACT  17-12a-501 General fraud.**

**17-12a501.   General fraud.** It is unlawful for a person, in connection with the offer, sale, or purchase of a security, directly or indirectly:

(1)   **To employ a device, scheme, or artifice to defraud;**

(2)   to make an untrue statement of a material fact, or **omit to state a material fact necessary in order to make a statement made**, in the light of the circumstances under which it is made, not misleading; or

(3)   **to engage in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.**

Wherefore the defendant requests this Honorable Court to take Judicial Notice of the facts the plaintiffs collectively appear based on a cursory review of the laws to be materially misrepresenting the "pooled investment" fund, known as "RED NECK HIGH TECH YACHT FUND LP", with multiple failures to state law and federal law thus requiring a WRIT OF MANDAMUS and notification of the same to the Kansas Attorney General and federal enforcement authorities.   The facts plaintiffs registered

with the Securities and Exchange Commission (SEC) and registered using the **"principal place of business"** located within the jurisdictional boundaries of the US State of Kansas, however, being incorporated in the US State of Delaware, which is FOREIGN to the US State of Kansas, AND Kansas State law requires foreign corporations operating in the State of Kansas to be registered in the State of Kansas, especially wherein those corporations so state their "PRINCIPAL Place of Business" as the identical address to both plaintiff's United Capital Management of Kansas Inc. and to Chad M. Koehn as listed herein above the plaintiffs in their frivolous, malicious and incongruous petition, the underlying cause of the matter at hand.

Wherein IF NOT for the DEROGATORY use of the term "RED NECK", by the plaintiffs and the necessity of the Defendant to cause the filing of Paper 12, to this cause via "Special Appearance" these misrepresentation would have gone unreported. The undersigned does so herein declare all attachments and protections in equity and at law for all rights and immunities provided under Federal Law (as the State of Kansas does not provide for protections equal pursuant with the 14th Amendment to non-citizens of the State of Kansas as previously well noticed) all protections of US Federal law as a whistleblower so herein attach including without limitation protections against "retaliation" or other "INTIMIDATION", which the Plaintiffs collectively regularly wield as threats towards others, as the undersigned so declares status as a WHISTLEBLOWER, to the above herein dutifully reported, with all Federal Protections attaching therewith and hereto via this "SPECIAL APPEARANCE" before the US Federal District Court for the US District of Kansas.

◁ ▷ C    🔖    🔒 sec.gov/Archives/edgar/data/0001885372/000183646021000038/xslFormDX01/primary_doc.xml

**11. Minimum Investment**

Minimum investment accepted from any outside investor $250,000 USD

**12. Sales Compensation**

| | |
|---|---|
| Recipient | Recipient CRD Number [X] None |
| (Associated) Broker or Dealer [X] None | (Associated) Broker or Dealer CRD Number [X] None |
| Street Address 1 | Street Address 2 |
| City | State/Province/Country |
| State(s) of Solicitation (select all that apply) Check "All States" or check individual States [ ] All States | [ ] Foreign/non-US |

**13. Offering and Sales Amounts**

| | |
|---|---|
| Total Offering Amount | USD  or [X] Indefinite |
| Total Amount Sold | $0 USD |
| Total Remaining to be Sold | USD  or [X] Indefinite |

Clarification of Response (if Necessary):

**14. Investors**

[ ] Select if securities in the offering have been or may be sold to persons who do not qualify as accredited investors, and enter the number of such non-accredited investors w

Regardless of whether securities in the offering have been or may be sold to persons who do not qualify as accredited investors, enter the total number of investors who al

**15. Sales Commissions & Finder's Fees Expenses**

Provide separately the amounts of sales commissions and finders fees expenses, if any. If the amount of an expenditure is not known, provide an estimate and check the box c

Sales Commissions $0 USD [X] Estimate

Finders' Fees $0 USD [X] Estimate

**2. Principal Place of Business and Contact Information**

| | | | |
|---|---|---|---|
| Name of Issuer | | | |
| Red Neck High Tech Yacht Fund, LP | | | |
| Street Address 1 | | Street Address 2 | |
| 227 N. SANTA FE AVE. | | SUITE 309 | |
| City | State/Province/Country | ZIP/PostalCode | Phone Number of Issuer |
| SALINA | KANSAS | 67401 | 785-833-6730 |

**3. Related Persons**

| | | |
|---|---|---|
| Last Name | First Name | Middle Name |
| Koehn | Chad | |
| Street Address 1 | Street Address 2 | |
| 227 N. Santa Fe Ave. | | |
| City | State/Province/Country | ZIP/PostalCode |
| Salina | KANSAS | 67401 |
| Relationship: [X] Executive Officer [ ] Director [X] Promoter | | |

Clarification of Response (if Necessary):

Manager of the Investment Manager of the Issuer.

| | | |
|---|---|---|
| Last Name | First Name | Middle Name |
| Harris | Jerry | |
| Street Address 1 | Street Address 2 | |
| 227 N. Santa Fe Ave. | | |
| City | State/Province/Country | ZIP/PostalCode |
| Salina | KANSAS | 67401 |
| Relationship: [X] Executive Officer [ ] Director [X] Promoter | | |

Clarification of Response (if Necessary):

Manager of the Investment Manager of the Issuer.

MEMORANDUM & MOTION CONCERNING HATE SPEECH IN ORIGINATING PETITION - 21

sec.gov/Archives/edgar/data/0001885372/000183646021000038/xslFormDX01/primary_doc.xml

| Last Name | First Name | Middle Name |
|---|---|---|
| United Capital Management of Kansas, Inc. | n/a | n/a |
| Street Address 1 | Street Address 2 | |
| 227 N. Santa Fe Ave. | | |
| City | State/Province/Country | ZIP/PostalCode |
| Salina | KANSAS | 67401 |

Relationship: ☐ Executive Officer  ☐ Director  ☒ Promoter

Clarification of Response (if Necessary):
Investment Manager of the Issuer.

| Last Name | First Name | Middle Name |
|---|---|---|
| UCM Fund Advisors, LLC | n/a | n/a |
| Street Address 1 | Street Address 2 | |
| 227 N. Santa Fe Ave. | Suite 309 | |
| City | State/Province/Country | ZIP/PostalCode |
| Salina | KANSAS | 67401 |

Relationship: ☐ Executive Officer  ☐ Director  ☒ Promoter

Clarification of Response (if Necessary):
General Partner of the Issuer.

https://www.sec.gov/edgar/browse/?CIK=1885372

https://static.fmgsuite.com/media/documents/6c9c702c-f1da-437b-a466-cceab07e50d8.pdf

The defendant so submits the aforementioned herein as a declared Federal WHISTLEBLOWER, and does so via this "SPECIAL APPEARANCE" before the US District Federal Court for the US District of Kansas, without voluntarily submitting to the jurisdiction thereof or hereto, but rather files as a WHISTLEBLOWER with all said protections under law attached herewith.

WRIT OF MANDAMUS is required given the FACT, Kansas does not recognize equal protection clause under the 14th Amendment to the US Constitution.  Given the FACT the defendant herein NOT a citizen of Kansas is denied the equal protections of the State of Kansas and given the FACT that Kansas State Law and Federal Law are in the progress of being violated, requires action by this Honorable US Federal District Court of Kansas to make ORDER to inferior State Officials and Courts.

A (*writ of*) **mandamus is an order from a court to an inferior government official <u>ordering the government official to properly fulfill their official duties</u>**. (See, e.g. Cheney v. United States Dist. Court For D.C. (03-475) 542 U.S. 367 (2004) 334 F.3d 1096.) According to the U.S. Attorney Office,

> "Mandamus is an extraordinary remedy, which should only be used in exceptional circumstances of peculiar emergency or public importance."

THESE are EXCEPTIONAL Circumstances where the possibility of crimes are in progress as they relate to Securities and thus investments involving a PROTECTED CLASS, specifically the ELDERLY.

The peculiar emergency exists wherein the plaintiffs are actively engaged in flagrant violations to Kansas State laws and codes, and most likely in violation to Federal Acts, Codes, Statutes, laws, etc.   The extraordinary remedy is necessary to PROTECT a PROTECTED CLASS within society both in the State of Kansas and in the "several states" meaning the rest of these the United States of America.

**WRITS OF MANDAMUS IN THE FEDERAL COURTS:**

## <u>Mandamus at the Federal Level</u>

In the federal courts, these orders most frequently appear when a party to a suit wants to appeal a judge's decision but is blocked by rules against interlocutory appeals. Instead of appealing directly, the party simply sues the judge, seeking a mandamus compelling the judge to correct his earlier

mistake. Generally, this type of indirect appeal is only available if the party has no alternative means of seeking review.

The All Writs Act gave the

"Supreme Court and all courts established by Act of Congress" the authority to issue writs of mandamus "i**n aid of their respective jurisdictions** and agreeable to the usages and principles of law."

Further, 28 U.S. Code § 1361 **gave federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed."**

**(Added Pub. L. 87–748, § 1(a), Oct. 5, 1962, 76 Stat. 744.)**

HERE the DUTY OWED is the Duty to protect US Citizens within a protected class.

By requesting this motion as in all previously filed motions and requests, responses, and/or any pleadings whatsoever the Defendant does not waive and reserves all rights as to any available defenses it may assert against the petition.   And so makes this appearance together with all previous filings now before the Court, without voluntarily submitting to the jurisdiction of this Court, as with this and all prior motions and filings are made via "special appearance", as well stated in the "Notice of Removal" in paper 1, filed on 1 Feburary 2022, removing the malicious, frivolous and incongruous petition to this US Federal Court for the district of Kansas.

Respectfully Submitted, this 8th day of February 2022.

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter. Pursuant to Local Rule 77.1(d).

Respectfully,

Michael Nelson - Pro Se

—-------------------------------------------------------------------------

Michael Nelson
9450 SW Gemini Dr
PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434
Email: oklahomaremote @ gmail.com