FILED
U.S. District Court
District of Kansas

FEB 09 2022

Clerk, U.S. District Court
By_____ Deputy Clerk

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com
PRO-SE / PRO-PER

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

CHAD M. KOEHN and United Capital Management of Kansas, Inc.

Plaintiffs,
Presented by:
Quinn R. Kendrick (terminated 2/2/22) & Larry G. Michel of Kennedy Berkley Yarnevich & Williamson Chtd.

v.

Michael Nelson

Defendant PRO-Se.

DOCKET NO.:
5:22-CV-04008-JWB-GEB

CIVIL ACTION

Defendant's First MOTION for definitive statement under Rule 12(e) as to Papers 10 & 15 which are repetitive without merit

[Jury Trial Demanded]

UNITED STATES DISTRICT COURT DISTRICT OF KANSAS

MOTION for definitive statement under Rule 12(e) as to Papers 10 & 15 repetitive without merit 12(f) plaintiff pleadings

Defendant, makes this "SPECIAL APPEARANCE", makes first motion per FRCP 12(e) for an order on more definitive statement on plaintiffs' repetitive woefully without merit documents 10 & 15; and so state and allege as follows:

1.) **12(f) motions <u>are disfavored</u>, courts <u>require a showing of prejudice to the moving party</u>.** See Townshend v. Rockwell Int'l Corp., 2000-1 Trade Cas. (CCH) ¶ 72,890, at 87,631 (N.D. Cal. 2000).

MOTION FOR MORE DEFINITIVE STATEMENT PER RULE 12(E) AS TO WOEFULLY WITHOUT MERIT DOCS 10 & 15    - 1

2.) **The purpose of a <u>legitimate</u> motion to strike is to avoid wasting time and money litigating "spurious" or "frivolous" issues.** Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. (1994) (quoting Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, (9th Cir. 1983)); see <u>SEC</u> v. Keating, Fed. Sec. L. Rep. (CCH) ¶ 96,906 (C.D. Cal. 1992).

3.) Fed. R. Civ. P. 12(f) **motions are generally <u>disfavored</u>, and they should be DENIED** *"unless it is clear that the matter to be stricken can have <u>no possible bearing</u> upon the subject matter of the litigation."* Naton v. Bank of Cal., 72 F.R.D. 550, n.4 (N.D. Cal. 1976)

4.) **Accordingly, courts are "very reluctant" to resolve "disputed or substantial" legal issues or allegations in such motions.** McArdle v. AT&T Mobility LLC, 2009 U.S. Dist., at *24–25 (N.D. Cal. Sept. 14, 2009)

5.) **Disputed or substantial legal issues & allegations are "properly . . . determinable only after discovery and a hearing on the merits."**

6.) Plaintiffs <u>plead with no specificity</u> as rule 12(f)(2) requires. In fact the plaintiffs continue with strategy refusing to demonstrate any burdens they face. Instead they state they will not burden the court.

7.) The Defendant and the Court are both entitled to a more definitive statement as contemplated by Rule 12(e), requiring a clear showing by the plaintiff's including page and line number what specific material should be stricken, neither defendant nor the Court are <u>"mind readers"</u>.

8.) Defendant submits with a <u>more definitive statement</u> of **precisely what pages, and line items "...",** plaintiffs wish to contend are within the <u>FRCP 12(f)(2) standard,</u> the defendant will so respond with Brief in Opposition regarding applicability; thereby saving the Courts, parties, and government from motions for reconsideration, interlocutory appeals and USSC Rule 22 motions and applications.

9.) Plaintiffs plead with no specificity that the rule FRCP 12(f)(2) requires.

10.) The Court must decide whether the movant has **<u>satisfied the strict requirements under Rule 12(f)</u>**, the Court cannot make this determination without the defendant filing Memorandum and Brief in Opposition. It is circular reasoning that the defendant cannot provide the Brief in Opposition, given the plaintiff's refusal to meet the Rule 12(f)(2) standards with specificity at which pages and line items should be stricken.

11.) <u>In flagrant disregard of the Rule 12(f) standards</u>, plaintiffs seek to strike multiple entire motions that <u>even they concede are firmly anchored in the legal bedrock</u> of the matter at hand and *<u>so admitting to the pertinent nature of the very matters they seek to strike.</u>*

12.) IN FLAGRANT disregard to applicable case law as cited and in defiance of the <u>generally accepted standards of a Rule 12(f)(2)</u> motion properly formatted, counsel for the plaintiffs deny both the defendant and the Court the specificity required to invoke Rule 12(f)(2) showing, therefore necessitating this Rule 12(e) demand.

13.) <u>The FRCP Rule 12(f)(2)</u> **is being abused without any of the specificity the Rule contemplates.** See Fogerty, 984 F.2d at 1527; Keating, Fed. Sec. L. Rep. (CCH) ¶ 96,906.

14.) Indeed, not surprisingly, <u>plaintiffs omit</u> from their motion <u>any discussion whatsoever of the Rule 12(f)(2) standard.</u> An attempt to overturn binding legal precedent necessarily implicates the very type of "substantial" and "disputed" legal issues and allegations that cannot be stricken under Rule 12(f)(2). See McArdle, 2009 U.S. Dist. LEXIS 89231, at *24–25.

15.) **The Tenth Circuit has held that prejudice may arise from, inter alia, allegations that would cause the moving party "undue burden."** Fogerty, 984 F.2d at 1528. Plaintiffs fail to plead any undue burden.

16.) <u>Plaintiffs will not be prejudiced when the Court denies their motion, absent an immediate more definitive statement under Rule 12(e).</u> In particular, any effort they expend conducting discovery or otherwise litigating—a remedy that could be available here pursuant to well-settled law—cannot be considered undue, without a showing of undue burden and specificity as to precisely what they seek to strike, requiring a more definitive statement, their motion fails.

17.) **In sum, plaintiffs should not be allowed to <u>cavalierly</u> disregard the requirements for invoking the protections of Rule 12(f)(2)**. <u>They will have an opportunity in the usual rhythm of litigation to challenge the assertions which they readily admit to in their Rule 12(f)(2) Motion to Strike</u>, in the usual rhythm of litigation to have at the appropriate time discovery. **The Court will certainly see clearly why the allegations by the pro se defendant must as a matter of law stand.**

18.) **Plaintiffs and counsel should be admonished for repetitive woefully meritless rule 12(f)(2) filings, lacking in any specificity as the rule contemplates.** Counsel continues to add consternation and untoward delay to resolution of the proceedings now before the court. The defendant continues in good faith to litigate, asking for an extension of time to file responsive pleadings to the underlying petition and herein asking for a more definitive statement per Rule 12(e) to plaintiffs woefully incomplete incongruous repetitive Rule 12(f)(2) motions.

19.) <u>Not only do plaintiffs fail to satisfy the requirements mandated by Rule 12(f)(2)</u>, but <u>they ask this Court to break with well-established precedent and declare</u>—**as no court has ever done**—<u>that a district court lacks authority in deciding</u> to "Enlarge Time for a Responsive Pleading", to the underlying cause of action, however, frivolous, malicious and incongruous the underlying action is.

20.) <u>Plaintiffs woefully miss the mark in trying to strike, under Rule 12(f)(2)</u>, references to information regarding a "former counsel", Quinn Robert Kendrick, who charged his address on 2 Febuary 2022, but did not withdraw as counsel until 3 Febuary 2022, after certain mea culpa and with mens rea having read paper 5, filed the previous day and to all other matters so complained of in plaintiffs meritless woefully incomplete broad 12(f)(2) motions.

21.) T*he plaintiffs **<u>again miss the mark by not pleading with any specificity</u>** as to the page numbers and line numbers they seek to strike* and instead hope the Court will simply disregard Substantial Justice, thus creating a manifestation of

injustice, requiring multiple motions of reconsideration, interlocutory appeals and USSC Rule 22 applications and motions.

**22.)** M*oreover, the law in the Tenth Circuit is well-established, and there has been no intervening Supreme Court decision or congressional action that suggests, as plaintiffs argue, that this Circuit would reconsider any of their claims to the rights afforded under FRCP 12(f)(2)* wherein the plaintiffs fail in their entirety to motion with any specificity other than to readily admit to various admissions, and tell they court it will not be burdened by specificity.

**23.)** **Absent** plaintiffs showing of a more definitive statement as required under Rule 12(e), the plaintiffs multiple repetitive motions are <u>woefully incomplete and has now caused further consternation and untoward delay as is obvious and evident their goal.</u>  Demonstrating clearly the Rule 1**<u>2(f)(2) motions MUST as a matter of law fail</u>**, *as they are wholly without merit.*

WHEREFORE, Defendant respectfully requests the Court enter an order demanding plaintiff's <u>file a more definitive statement</u>, with precise and specific page numbers, line numbers of what precisely they seek to strike, together with an argument as to the "burdens" they face, which collectively embody the minimum standards a party must meet to make a rule 12(f)(2) motion, as the plaintiffs documents 10 & 15 are repetitive lacking in Rule 12(f)(2) standards and thus without merit.

By requesting this motion as in all previously filed motions and requests, responses, and/or any pleadings whatsoever the Defendant does not waive and reserves all rights as to any available defenses it may assert against the petition.   And so makes this appearance together with all previous filings now before the Court, without voluntarily submitting to the jurisdiction

of this Court, as with this and all prior motions and filings are made via "special appearance", as well stated in the "Notice of Removal" in paper 1, filed on 1 Feburary 2022, removing the malicious, frivolous and incongruous petition to this US Federal Court for the district of Kansas.

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1

Respectfully Submitted, this XX day of February 2022.



<u>Michael Nelson - Pro Se</u>

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com