KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHTD.
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL.            ) | |
|               **Plaintiffs**     ) | |
| vs.                                                       ) | Case No. 22-CV-04008-JWB-GEB |
|                                                              ) | |
| MICHAEL NELSON                           ) | |
|               **Defendant**      ) | |
|                                                              ) | |

### PLAINTIFF'S THIRD MOTION TO STRIKE AND
### MEMORANDUM IN OPPOSITION TO DEFENDANT'S
### MOTION FOR MORE DEFINITE STATEMENT (DOCUMENT 17)

Plaintiffs, Chad M. Koehn ("Chad") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith respond in opposition to Defendant Michael Nelson's ("Nelson") Motion for More Definite Statement (Document 17) (the "Motion") and say:

Defendant removed this action to federal court on February 1, 2022 (Document 1) and included a copy of the state court filings (Document 1-1). Included in Document 1-1, pages 1-5, is a copy of the state court two (2) count Petition filed on behalf of the Plaintiffs against Nelson alleging defamation (Count I) and Tortious Interference with Business) (Count II).

Defendant was served with the Petition in the state court action in the Essex County, New Jersey Jail (*See* Return of Service, Document 7), after being arrested in a similar third-party matter. He was extradited from New Jersey to Oklahoma on or about January 10, 2022, and has been charged in Washington County, Oklahoma Case No. CF-2021-00304 with two counts of computer fraud, using a computer in violation of an Oklahoma Statute and stalking. He has been

*Chad M. Koehn, et al vs. Michael Nelson*
*Plaintiff's Third Motion To Strike And Memorandum In Opposition To Defendant's Motion For More Definite Statement (Document 17)*
Case No.  22-CV-04008-JWB-GEB
Page 2

released on $50,000 bond with an ankle monitor and is subject to a no-contact order regarding the victims in the case.

On February 3, 2022, Nelson, without contacting Plaintiffs' counsel by telephone or email to request an agreed extension of time, filed a twenty-two (22) page Motion for Extension of Time to March 1, 2022 (Document 8).  On February 7, 2022, Defendant filed an Amended Motion for Leave to Amend-Correct his prior Motion for Extension of time from March 1, 2022, to March 15, 2022.

Plaintiffs have no objection to extending the time for Defendant to file his response to the Petition until his requested March 15, 2022, date, nor do they contest Defendant's removal of this action.  Plaintiffs do seek and shall be seeking to have certain scandalous and irrelevant language removed from Documents 8 and 13.

Plaintiffs' Motion to Strike (Documents 10) is directed to paragraphs 6 through 20, 22, 24, 26(a)(3) of Document 8.

Plaintiffs' Motion to Strike (Document 15) is directed to all of the content of Document 12 "**MOTION for Judicial Notice in support of Paper 5 and continued DEROGATORY SLURS by Plaintiffs as 'Equal Opportunity Bigots'**" and Pages 3-5 of Document 13, commencing with, "<u>The Defendant so herein states:</u> [at the top of page 3, through line 2 on page 5] … **perhaps their goal of death to the defendant to occur.**"

In his Motion for More Definite Statement, Nelson argues that "Plaintiffs plead with no specificity as rule 12(f)(2) requires."

Plaintiffs assert that the allegations which should be stricken are per se scandalous and need not have been specified in their original motion.

Case 5:22-cv-04008-JWB-GEB   Document 21   Filed 02/17/22   Page 3 of 4

*Chad M. Koehn, et al vs. Michael Nelson*
*Plaintiff's Third Motion To Strike And Memorandum In Opposition To Defendant's Motion For More Definite Statement (Document 17)*
Case No.  22-CV-04008-JWB-GEB
Page 3

While motions to strike are generally disfavored, Federal Rule of Civil Procedure 12(f) authorizes the court the discretion to strike from a pleading a scandalous matter. As stated by Magistrate Judge O'Hara in *Reinkemeyer v. Ironhorse Dental Group, LLC*, No. 20-2514-HKV, 2021 WL 228160 at *1 (D. Kan. Jan. 22, 2021), "Scandalous matter is that which improperly casts a derogatory light on someone, often allegations that 'degrade a party's moral character, contain repulsive language, or detract from the dignity of the court.' The court should generally decline to strike allegations unless they (1) have no possible relation to the controversy, and (2) may prejudice one of the parties. Any doubt as to the utility of the material to be stricken should be resolved against the motion to strike."

Defendant's claim that he needs a more definite statement as to the aspersions he blatantly cast upon the Plaintiffs and their counsel bespeak the willingness of Defendant to burden the Court with separating the limited relevance of his arguments form his necessity to vent his vitriol.

WHEREFORE, Chad M. Koehn and United Capital Management of Kansas, Inc.. respectfully pray that this Court will deny Defendant Michael Nelson's Motion for More Definite Statement (Document 17).

Respectfully Submitted,

/s/Larry G. Michel     #14067
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHTD.
119 W. Iron Avenue, 7th Floor
PO Box 2567
Salina, KS 67402-2567
T:   (785) 825-4674
F:   (785) 825-5936
E:   lmichel@kenberk.com
*Attorneys for Plaintiffs*

*Chad M. Koehn, et al vs. Michael Nelson*
*Plaintiff's Third Motion To Strike And Memorandum In Opposition To Defendant's Motion For More Definite Statement (Document 17)*
*Case No. 22-CV-04008-JWB-GEB*
*Page 4*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 17, 2022, the foregoing *Plaintiff's Third Motion To Strike And Memorandum In Opposition To Defendant's Motion For More Definite Statement (Document 17)* was electronically filed with the Court using the CM/ECF System, which sent notification to all parties of interest participating in the CM/ECF System, and was forwarded via U.S. Mail first class, postage prepaid and properly addressed to the parties' and/or counsel's addresses show below who do not receive notice electronically via CM/ECF:

Michael Nelson
9450 S.W. Gemini Drive
PMB 90924
Beaverton, OR  97008-7105
oklahomaremote@gmail.com

/s/ Larry G. Michel