Michael Nelson
9450 SW Gemini Dr
PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434
Email: oklahomaremote @ gmail.com
PRO-SE / PRO-PER

# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

CHAD M. KOEHN and United Capital
Management of Kansas, Inc.

        Plaintiffs,

v.

Michael Nelson

        Defendant

PRO-Se

**DOCKET NO.:**
**5:22-CV-04008-JWB-GEB**

## CIVIL ACTION

## MOTION for Order Compelling Plaintiffs to COMPLY with Required Rule under FRCP

**[Jury Trial Demanded]**

### UNITED STATES DISTRICT COURT DISTRICT OF KANSAS

### MOTION for Order Compelling Plaintiffs to Comply with FRCP

Now Here Comes defendant Michael Nelson, defendant in the above captioned matter, having lawfully removed a malicious and frivolous state petition, erroneously filed in State Court, to the US Federal Court for the US District of Kansas and so does herein submit this "**MOTION for Order Compelling Plaintiffs to Comply with**

**FRCP**", as to request for an ORDER of this Court to force the COMPLIANCE of Plaintiffs by and through their counsel of record Kennedy Berkley Yarnevich & Williamson, Chartered & Plaintiffs etAl. to COMPLY with Federal Rules of Civil Procedure (FRCP), and does so submit the following in support of necessity of the Plaintiffs and their counsel to COMPLY substantially with the Rules of the Federal Rules of Civil Procedure (FRCP), in the interests of Substantial Justice and to prevent a manifestation of injustice in this, here, above captioned matter.

On 2nd February 2022, the undersigned, Defendant did cause the Notice of Removal to be duly mailed via CERTIFIED United States Postal Service mailing, with all Postage Prepaid, to Kennedy Berkley Yarnevich & Williamson, Chartered a purported law firm located in Salina, Kansas, the specified attorneys of record for the Plaintiff's UNITED CAPITAL MANAGEMENT OF KANSAS INC. and CHAD M. KOEHN, who did erroneously file the malicious and frivolous State petition, which has now been REMOVED to the US Federal District Court for the District of Kansas, where the petition is now pending.    The defendant did so promptly and appropriately file the REMOVAL and did so promptly and appropriately file "Notices of Service" and "Notices of Compliance" with requests for Orders on each.  The defendant, being forced to present himself pro se at present and continues to diligently phone virtually every attorney, investigator, legal assistance throughout the State of Kansas and explain in painful detail the FACTS of this matter, above herein referenced to virtually every legal resource, attorney, lawyer, legal support, legal aid, investigator throughout the State of Kansas, as the PRO SE, defendant works diligently to secure counsel in the matter now pending before this Honorable US Federal Court the US District Federal Court of Kansas.

Said Removal to the US Federal District Court of Kansas, was made properly, timely, for good cause and reasons as embodied in the "Notice of Removal" duly sworn and filed to the US District Federal Court of Kansas on 1 Feburary 2022, well within the time constraints as required under Federal Law, Local Rules and Federal Rules of Civil Procedure (FRCP).

The Defendant submits to this Honorable US Federal Court for the District of Kansas, the defendant is neither legally educated nor experienced in matters of law or at bar. The defendant has had, as it is obvious herein no legal training whatsoever, other than the legal standard accepted by the Federal Courts, of theses the United States of America, wherein the defendant can both "read" and "write", therefore meeting the basic accepted principles to allow the defendant to attempt to comply with the complexities of the Federal Rules of Civil Procedure and the Local Rules of the Court, which the defendant has still through the date of this filing only had the opportunity to briefly read via skimming through them a single time, only first receiving a copy on 1 Feburary 2022, the same day the defendant dutifully filed the Notice of Removal of the underlying incongruous, malicious, frivolous state petition. Pro Se, the defendant continues to be under a barrage of assault and INTIMIDATION tactics both in legal filings and intimidation tactics by the Plaintiffs and their ever changing advocates and conspirators, BOTH in their filings and outside the Courts. The defendant submits the plaintiffs have not just the former counsel QUINN ROBERT KENDRICK, who was/is the current counsel of record Larry G. Michel, colleague at Kennedy Berkley Yarnevich and Williamson Chartered, under master servant, but the plaintiff CHAD M. KOEHN, has in his employ, many multitude of retired law enforcement agents, "enforcers", and even a renowned CRIMINAL DEFENSE ATTORNEY, with specific specializations of his aggressive, CRIMINAL DEFENSE strategies.

Wherein this CRIMINAL DEFENSE attorney in the employ of CHAD M. KOEHN, has a colorful past of various FRAUD charges against him, AND is considered by the "Florida Department of Law Enforcement" (FDLE), the highest law enforcement CRIMINAL investigation agency of the US State of Florida, to be the "PARTNER IN DECEPTION", as stated in Affidavits of ARREST WARRANTS, including leading to the disbarment of that Criminal Defense attorneys, law partner.

**AS IT GOES WITHOUT SAYING:** <u>Where there's smoke there is fire,</u> as it certainly is true here, where plaintiff CHAD M. KOEHN, <u>has found the necessity to employ a CRIMINAL DEFENSE attorney renowned for his Criminal Defense of Pedophiles,</u> Child Pornographers, Child Sex Predators, Child Sex Traffickers, Drug Smugglers, Money Launderers, and even has experience with getting his Crininal defendants off of theft charges in Multi 10's of Millions of Dollars in Fraud against public companies, <u>when the WHISTLEBLOWER was FOUND DEAD, after the WHISTLEBLOWERS identity and location were disclosed in Federal Ligitation</u>, as reported by numerous newspapers across the country. Not surprising to this Honorable Court, the man who had the charges dropped against him, through the assistance of the renowned Criminal Defense Attorney/Lawyer, hired by plaintiff CHAD M. KOEHN, with the long and storied history of <u>Criminal Representation of Pedophiles</u>, **is now also employed by CHAD M. KOEHN**, as his *"special cyber projects and business development advisor"*, together with their joint Criminal Defense Attorney, specializing in the **Criminal Defense of Pedophiles**.

<u>AS IT GOES WITHOUT SAYING:</u>

**"WHERE THERE'S SMOKE THERE IS FIRE!"**

***"BIRDS of Feather, they tend to Flock Together."***

The defendant having not had the communication back from the purported counsel of the plaintiff as is customary during a removal action nor the acknowledgement thereof thereby being forced to ensure the notice to the Plaintiffs of the action and its removal UNLIKE the Plaintiffs and their counsel's willful, knowingly, wanton and malicious litigation by surprise has and continues to ascertain the correct addresses for the Plaintiffs United Capital Management of Kansas Inc. and that of Chad M. Koehn, as the defendant unlike the Plaintiffs and their Counsel does not wish to engage in "litigation by surprise", as the dockets in both the Federal and State dockets so indicate via proof in the positive, that the Plaintiffs and their Counsel made NO attempts WHATSOEVER and NO ACTIONS WHATSOEVER in the notification of the defendant to the pendency of the action, over the course of nearly one year. To this point the Defendant does so herein notice this Honorable Federal Court, of the US District of Kansas as to conflicting addresses as those presented on West Iron, in the City of Salina, of the purported County of Saline, Kansas and those listed on the www.UCMofKansas.com website or the variety of other public facing advertisements of the plaintiffs including without limitation:
https://www.facebook.com/UnitedCapitalManagementofKansasInc/

In doing so the Defendant operating with due diligence and in the interests of Substantial Justice, as not to litigate with himself, nor seek default judgment UNLIKE the attempts and obvious and evident UNethical, quite possibly illegal actions of the Plaintiff's by and through their counsel, seeking to only litigate through surprise, conspiracy with others for unlawful entrapment and unlawful detainment and seeking only improper service of process when they reasonably believed and knew the defendant was physically injured and sought to further injure the defendant through the sending of hate slur listed on the first page of the incongruous state petition, they

did willfully cause to be sent into a multi thousand man known highly dangerous and highly racially charged facility. Where they obtained said information from the one, non-law enforcement, non FEDERAL Officer with the knowledge of the defendants unlawful detainment. The Defendant noticing the statements as made on the www.Facebook.com publicly facing advertisements for the Plaintiff United Capital Management of Kansas Inc. located at:

https://www.facebook.com/UnitedCapitalManagementofKansasInc/

Lists the email address: ashley.howard@saswealth.com

EMPHASIS ADDED as to: SASWEALTH.com

SEE HEREIN BELOW SCREEN CAPTURE



Which lists the name of another entity which upon information and belief of this information may in fact be a third party that MUST as a matter of substantial justice be attached herewith, as a third party attached party to the litigation, pursuant with all notions of fair litigation and thus further requiring and necessitating this lawful and dutifully filed motion to COMPEL the Plaintiffs to Substantially Comply with the Federal Rules of Civil Procedure (FRCP), as requested for Order herein below.

The Company listed which is hyperlinked herein below by name for the edification of the Court:

SA Stone Wealth Management

NOTE:  SA Stone Wealth Management lists a **NON-KANSAS address** as:

2 Perimeter Park South
Suite 500W
Birmingham, AL 35243

The Pro Se, non represented defendant does so herein attest to the fact the Defendant has NEVER been a citizen of the State of Kansas NOR the State of Alabama.

SA Stone Wealth Management Describes itself as:

## Our Company

A leading independent broker/dealer, SA Stone Wealth Management Inc. ("SA Stone"), member FINRA/SIPC, together with its affiliated SEC-registered investment advisor, SA Stone Investment Advisors Inc., provides an integrated platform of technology, comprehensive wealth management and investment services to registered representatives, investment advisor representatives and registered investment advisors nationwide. The firm supports more than 650 independent professionals with best-in-class service and products. SA Stone is a wholly owned subsidiary of StoneX Group Inc. (NASDAQ: SNEX) (formerly INTL FCStone Inc.), which through its subsidiaries, is a leading provider of execution, risk management, market intelligence, and post-trade services across asset classes and markets around the world. More information about StoneX Group Inc. is available at www.stonex.com.

SEE Screen Capture herein below.



As such and due to the unwillingness of the Plaintiffs nor purported counsel for the plaintiffs to appropriately respond to this now lawful removal, and instead constantly seek only to prevent the PRO SE, defendant from Enlarging Time to file a responsive pleading, and/or answer, with cross and counter complaints and third party attachments, in the matter of the underlying frivolous, malicious, incongruous state petition.  The Due Diligence of the Pro Se, Non Represented Defendant in this matter as the defendant does so diligently and in the interests of Substantial Justice seek the correct and proper notifications as is required by the Federal Rules of Civil Procedure and the Local Rules of the US District of Kansas Federal Court, (though the defendant has still only had the opportunity to read the local rules a single time, having only received the local rules on 1 February 2022, the exact same day when the Pro Se Defendant did so lawfully and correctly REMOVE the insidiously malicious, frivolous state petition to this here US Federal Court for the District of Kansas).

The Defendant therefore herein this notice in compliance renews request for enlargement of time as the Defendant struggles with the incongruous actions and

inactions of the Plaintiffs and their counsel in this matter, and in their non-response, in the interests of Substantial Justice, in this matter, as the <u>counsel for the Plaintiffs only seeks further untoward delay and consternation in this matter</u>.  The defendant also dutifully notices this Honorable US Federal District of Kansas Federal Court, of the above herein notice regarding SA Stone Management and the description thereof the company, which also includes a statement inter alia:

> SA Stone is a wholly owned subsidiary of StoneX Group Inc. (NASDAQ: SNEX) (formerly INTL FCStone Inc.), which through its subsidiaries, is a leading provider of execution, risk management, market intelligence, and post-trade services across asset classes and markets around the world. More information about StoneX Group Inc. is available at www.stonex.com.

As such the entity SA Stone Management in which the administrator for the publicly facing advertisements of the addresses for the plaintiff **<u>United Capital Management of Kansas Inc.'s</u>** lists as the electronic mail addressing, states the company SA Stone Wealth Management is a <u>"wholly owned subsidiary" of STONEX;</u> which is **nasdaq:snex [a presumably PUBLIC COMPANY]**

Upon Google of NASDAQ: SNEX it is found this <u>entity is indeed a Public Company in and thus on the NASDAQ Stock Exchange located in New York City, New York</u>, and upon information and belief the Plaintiff's **United Capital Management of Kansas Inc. and Chad M. Koehn** have collectively acted, in the past filing and advertised a number of "tombstone" advertisements, in interstate commerce listing the same in attempts and successful sale of non-registered securities to a variety of investment vehicles, in interstate commerce.  **<u>Stone X Group Inc. is stated as a company with a $1.32 BILLION Market Capitalisation. [Emphasis Added]</u>**

As such, given the discovered information the defendant operating with extreme caution given the MASSIVE Multi-BILLION dollar market capitalization of StoneX Group Inc. and its status as a public entity, so herein notices the court.

"On May 16, 2016, the U.S. Supreme Court ruled that the provision of the Securities Exchange Act of 1934 granting federal district courts exclusive jurisdiction over suits brought to enforce the Exchange Act is subject to the same jurisdictional test established by the general federal-question jurisdictional statute. The Court held in *Merrill Lynch v. Manning* that, under both statutes, the question is whether the case "arises under a federal law." The Court thus rejected the defendants' effort to remove a case from state court by asserting a broader theory of federal jurisdiction under the Exchange Act."

"The *Manning* case was filed in **New Jersey** state court by shareholders of a company whose stock had been shorted by the defendant financial institutions. The shareholders contended that the defendants had engaged in "naked" short-selling of the company's stock, thereby allegedly *diluting the shareholders' voting rights and causing the stock's value to decline*. The plaintiffs pled only state-law claims, but their complaint also repeatedly mentioned the Securities and Exchange Commission's Regulation SHO – the anti-fraud rule governing "naked" short-selling – and asserted expressly and by implication that the defendants had violated the federal securities laws.

The defendants removed the case to federal court, contending that federal jurisdiction existed under (*i*) the general "federal question" statute (28 U.S.C. § 1331) because the plaintiffs' state-law claims involved questions of federal law and (*ii*) § 27 of the Exchange Act, **which gives federal district courts exclusive jurisdiction over suits "to enforce any liability or duty created by" the Exchange Act or SEC rules promulgated under it.** The District Court upheld the removal, believing that the case was premised on – and that its resolution depended upon – the alleged violation of Regulation SHO. But the Court of Appeals for the Third Circuit reversed.

**Supreme Court's Decision**

"The Supreme Court agreed with the Third Circuit that the jurisdictional test in § 27 of the Exchange Act "matches the one we have formulated for § 1331 [*i.e.*, the general

federal-question statute], as applied to cases involving the Exchange Act. If (but only if) such a case meets the 'arising under' standard, § 27 commands that it go to federal court."

The Court reviewed its jurisprudence under the federal-question statute and reiterated that a case can "arise under" federal law in two ways. "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted" – in other words, when the complaint pleads a claim denominated as a federal cause of action. But a case can also "arise under" federal law if a state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power."

The Court rejected the defendants' contention that Exchange Act § 27's jurisdictional grant for suits "brought to enforce any liability or duty created by [the Exchange Act]" was somehow broader than the federal-question statute's jurisdictional scope under the "arising under" standard.

Six of the eight Justices joined the majority opinion by Justice Kagan. Justice Thomas, with Justice Sotomayor, concurred in the judgment. The concurrence would have rested the judgment on the "brought to enforce" language of § 27 itself, which (according to Justice Thomas) would not have supported federal jurisdiction in this case because the complaint did not allege a federal claim. Justices Thomas and Sotomayor therefore disagreed with the majority's conclusion that the federal-question statute's "arising under" phrase is the same as the Exchange Act's "brought to enforce" phrase."


**Implications of the USSC (UNITED STATES SUPREME COURT) Decision:**

"The Court's decision clarifies that the jurisdictional tests under § 27 of the Exchange Act and under the general federal-question statute are the same – and that both are subject to familiar "arising under" principles. The decision also leaves certain issues for potential future consideration.

First, the Court did not retreat from its standards for determining whether a question "arises under" federal law. **The decision confirms that a plaintiff cannot avoid federal jurisdiction by pleading a state-law claim if that claim depends on a resolution of a disputed and substantial question of federal law.  [EMPHASIS ADDED]**

Second, the Court and the concurrence did not consider the Third Circuit's conclusion that the plaintiff's claims did not necessarily raise a federal issue, because the defendants had not challenged that portion of the ruling. The decision therefore does not add to the meaning of "arising under" jurisprudence – and it does not address whether the Third Circuit correctly concluded that issues concerning SEC Regulation SHO were not necessary to disposition of the case.

Third, the Court chose not to construe § 27's grant of exclusive federal jurisdiction for "violations of the [Exchange Act] or the rules and regulations thereunder." The plaintiff had argued that the "violations" language applies only to criminal proceedings and SEC enforcement actions, not private actions. The defendants had contended that the "violations" clause was irrelevant because, "in private suits for damages, it goes no further than the 'brought to enforce' language." The Court concluded that, because "both parties have thus taken the 'violations' language off the table, we do not address its meaning." Whether the "violations" language expands the statute's jurisdictional scope even though the "brought to enforce" language does not do so is therefore perhaps an open question for another day.

The Pro Se Defendant asks and so requests thus BEGS for this Honorable Court to provide as much broad interpretation as necessary as the Defendant is neither legally educated nor experienced in the proper filings of said motions, notices, memorandum nor requests under either the Federal Rules of Civil Procedure nor the Local Rules of the Court, as such the PRO SE Defendant is exercising all logical and reasoned practices in the smooth and efficient operation of the Courts procedures and in the interests of substantial justice as is correct and proper in the filings made and to be made in this matter.  As a pro-se litigant in the matter the Defendant is further disadvantaged in that the Plaintiff's by and through their counsel have purposefully

used the originating state petition, as a means of Harassment, INTIMIDATION, Ridicule and contempt towards the person of the defendant.

As pleaded it would appear given CHAD M. KOEHN's retaining of the renowned Criminal Defense Attorney with specializations in WHISTLEBLOWER actions, wherein the WHISTLEBLOWER in at least one criminal case, was FOUND DEAD, allowing CHAD M. KOEHN's new "Special Cyber Projects and Business Development Officer" to escape prosecution in a multi- 10's of Millions of Dollar Criminal Fraud Case AND the **Criminal Defense Attorney retained by CHAD M. KOEHN has a Long and Storied History of Criminal Defense of PEDOPHILES**, as it <u>GOES WITHOUT SAYING:  Where a person sees the need to hire a Criminal Defense Attorney specializing in Investment Fraud and Criminal Defense of Pedophiles, perhaps CHAD M. KOEHN's reasons to need such a uniquely specialized Criminal Defense Attorney, demonstrates his character.</u>   Perhaps this Honorable Federal Court need examine whether or not prepubescent children in Kansas are at risk given the choices in the hiring of such a renowned specialist in Child Predator Criminal Defense cases, and the association and affiliation with Russ Albert Medlin, alleged criminal mastermind of the Bitclub (BITCOIN) Ponzi scheme which is being prosecuted by the US Attorney's Office in New Jersey, as the Court will note Chad M. Koehn's chief marketer, advisor, and investor in one of his many CRYPTO CURRENCY Projects, was Federally indicted together with Russ A. Medlin

[FEDERAL CASE involving Bitclub](#)

If any other VICTIMS of Bitclub need assistance please click the link below, the United States Federal Government has a Victim Witness Assistance Unit available:

[Victim Witness Assistance Unit](#)

**<u>MOTION for Order Compelling Plaintiffs to COMPLY with Required Rule under FRCP</u>**   - 14

As Chad M. Koehn certainly knows, Russ A. Medlin, is a long time NON-compliant CHILD SEX PREDATOR, perhaps this is why CHAD M. KOEHN has hired a renowned CHILD PREDATOR Criminal Defense team, headed by a man who has a long and storied history of Criminal Defense of Pedophiles.



The Defendant so requests instructions and orders of the court with regards to any corrective pleadings that need to be addressed or so made for the efficient management and running of the Court's great work in the prompt resolution of the matters of this frivolous and malicious prosecution of petition. As the defendant wishes to mitigate the costs to the Courts, himself, the parties and the citizenry of these United States of America where-ever possible.

WHEREFORE, given all the aforementioned and in the Interests of Substantial Justice in order to prevent a manifestation of injustice in this now pending matter before the US District of Kansas Federal Court the Defendant, respectfully requests an Order of this Honorable Court, so requiring the Plaintiffs submit compliance with Federal

<u>**MOTION for Order Compelling Plaintiffs to COMPLY with Required Rule under FRCP**</u>   - 15

Rules of Civil Procedure Rule 7.1; wherein for all the reasons and causes

aforementioned herein above the Pro SE, defendant is without the knowledge as

required of the Plaintiffs in this matter to so provide at the onset AND BEFORE they

make any appearance herein. Wherein the Rule 7.1; REQUIRES

> "A nongovernmental corporate [EMPHASIS ADDED as to plaintiff
> United Capital Management of Kansas Inc.] party must file 2 copies of
> a disclosure statement that:
>> (1) identifies any parent corporation and any publicly held
>> corporation owning 10% or more of its stock; or
>
>> (2) states that there is no such corporation."

AND Within the requested Order of the Court, the Pro Se Defendant requests this

Honorable Court to ADMONISH, the counsel for the plaintiffs for their collective

FAILURE, a common theme as attested to by Counsel for the Plaintiffs, in his filed

paper 9, filed on 3 February 2022, where he certainly did not first make the disclosure

filings as required under FRCP Rule 7.1(a); nor file prior to his appearance as

required by FRCP Rule 7.1(b), perhaps this is simply a continuation of what he will

most likely proffer as his "ERROR", "OVERSIGHT", "FAILURE", as he already has

once before in paper 9, his Opposition regarding the ethnic epitet he claims as GROSS

WANTON NEGLIGENCE in his "ERROR" and "FAIL" as he so states in Paper 9,

titled: "MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANT'S

MEMORANDUM AND MOTION CONCERNING HATE SPEECH"

It is well settled Rules of the Court in as embodied within the Federal Rules of Civil Procedure to require a party to file Disclosure Statement as per Rule 7.1 and do so in accordance with Rule 7.1(b) PRIOR to any appearance in the matter, or the filing of responses, motions, pleadings, requests to the court etc.

**IN FACT** the Federal Rules of Civil Procedure <u>REQUIRES</u>, "A <u>nongovernmental corporate party</u> **MUST** [<u>EMPHASIS ADDED</u>]" **<u>FILE</u>**, the Required Disclosure documents, UNLESS of Course the reason for non-filing, is that plaintiff United Capital Management of Kansas, Inc., is IN FACT a Governmental Corporation as defined under FRCP's meaning of the Rule, and as the plaintiffs' so claim in their publicly facing advertisements seeking investments claiming to be "Affiliated with" and "ENDORSED by", various Federal Resources and Armed Forces.

THE FACT of the Matter herein where the <u>plaintiffs by and through their Counsel have REFUSED to comply substantially or otherwise</u> with the FRCP Rule at Rule 7.1, and the previously well pleaded to averments of the defendant regarding the **<u>fantastical claims of the Plaintiffs</u>** to be "ENDORSED by" and "AFFILIATED with" various Federal Resources of the United States Federal Government, demonstrate clearly by the Plaintiffs lack of attention in the filing of the required Disclosure Statement as contemplated by Rule 7.1, and when and how to be filed under Rule 7.1(b); **that in fact the Plaintiffs now herein CLAIM they are in fact "GOVERNMENTAL Corporate Entities"**, wherein if they are in fact "GOVERNMENTAL" entities they need not file the disclosure as contemplated under Rule 7.1, in that Rule 7.1 states "A **<u>nongovernmental</u>** [EMPHASIS ADDED] corporate party".

THEREFORE the Attorney General for the United States of America must be so herein noticed and make an appearance on behalf of the GOVERNMENTAL Entity: **United Capital Management of Kansas, Inc.**; together with a showing of EXACTLY what agency, department, bureau, commission, administration etAl. that plaintiff ***United Capital Management of Kansas, Inc.*** represents and is therefore controlled thereby and to what oversight committee within the United States Senate is responsible for the management and actions or inactions of **the governmental entity United Capital Management of Kansas, Inc.**

HOWEVER, therein IF in fact the lack of the filing of Rule 7.1 notice and Disclosure Statement as Required by the Federal Rules of Civil Procedure (FRCP), has been purposefully neglected as the common theme of the plaintiffs is to operate with clear: **"ERROR", "FAILURE" and "oversight"** ***as admitted to by counsel for the Plaintiffs in their statements of Fact and Brief in Opposition as they have filed in paper 9,*** with regards to their Opposition of defendants filing in Paper 5. The Plaintiffs' are De Facto, stating to this Federal Court they are IN FACT Governmental Officers and a GOVERNMENTAL Corporation as defined by the Federal Rules of Civil Procedure (FRCP). Therefore this Honorable US Federal District of Kansas Federal Court MUST immediately notify the UNITED STATES FEDERAL GOVERNMENT and the UNITED STATES ATTORNEY GENERAL of Attachment to this here litigation, in that the failure to file the Requirements as laid out in Rule 7.1 of FRCP indicates that the Plaintiffs are in fact Governmental Corporations and Officers of the United States of America, and therefore find the need NOT to file the required disclosures as contemplated under FRCP Rule 7.1

IF IN FACT the Plaintiffs simply have ONCE again Neglected the requirements of FRCP and have once again demonstrated their **"ERROR", "OVERSIGHT" and "FAIL"ure** as they have so plead is their "excuse" to the ethnic slur included in their originating petition at bar, the underlying matter in this Federal litgation, then of course the Pro Se, Defendant **would ask this US Federal Court of the US District of Kansas to ADMONISH the Counsel for the Plaintiffs and the Plaintiffs themselves for their GROSS Neglect and INCOMPETENCE** in the filings as requried by the Federal Rules of Civil Procedure (FRCP) as referenced herein.

CERTAINLY this US Federal District Court, should find that the Plaintiffs by and through their legal counsel <u>MUST be held to a higher standard than the non-legally educated, non experienced,</u> single native born American Citizen, sovereign human being the Pro Se, defendant presenting himself Pro Se to the Court at this moment, out of necessity, while the Pro Se defendant works diligently at obtaining legal counsel in this matter and <u>has dutifully sought Enlargement of Time to respond as appropriate with a responsive pleading</u> to the underlying malicious, frivolous, incongruous petition, which was removed hereto this Federal District Court for Cause.

The Federal Rules of Civil Procedure (FRCP) under Rule 7.1 are CLEAR, there can be no mistake in the interpretation by Counsel for the Plaintiffs of the REQUIREMENTS of Rule 7.1; wherein Rule 7.1 states in plain english, At Rule 7.1(b) of the Federal Rules of Civil Procedure (FRCP):

"**<u>Time to File; [or] Supplemental Filing. A party must</u>**":

**"file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court;"**

HOWEVER, whereas herein we have a large law firm, now representing a large Federally Regulated Securities dealer; United Capital Management of Kansas, Inc. who has filed MULTIPLE filings before the court and has by way of those filings availed themselves of the Courts procedures, and certainly the procedures as embodied within the **Federal Rules of Civil Procedure (FRCP) which they, themselves are now regularly quoting to the court, in their various MULTIPLE Pleadings**, which have included to date, "a MOTION in Opposition" AND "a Motion to Strike", wherein BOTH Motions, which are pleadings, AND thus both are "responses", and thus "requests" to the Court, constituting APPEARANCES, before the Court, **they have collectively REFUSED to Comply substantially or otherwise AT ALL,** with the FEDERAL RULES OF CIVIL PROCEDURE at Rule 7.1; ONCE Again the Plaintiffs in this matter by and through their supposed experienced legal counsel have both REFUSED to follow nor COMPLY with the Requirements of the Federal Rules of Civil Procedure. AND for the reasons as set forth above and below in regards to the possibility of inclusion of a public company in the proceedings and the fact the Plaintiffs are in fact Federally Regulated and do in fact regularly trade in public stocks, or as it may be are GOVERNMENTAL CORPORATIONS, as well as issue non-registered securities and have in the recent past participated in materially the advertisement of and collection of money and publicity regarding NON-registered sale of securities nationwide, thus in interstate commerce.

For all the above herein stated reasons and the connections as publicly advertised to a $1.32 BILLION market capitalization PUBLIC Entity on the NASDAQ Exchange

located in New York City, New York, AND the previously well pleaded to averments that BOTH plaintiffs in the frivolous, malicious and certainly incongruous underlying petition are IN FACT Federally Regulated and thus licensed entities, being that one is a Corporate entity as listed being United Capital Management of Kansas, Inc. the entity therefore MUST be held via ORDER of this Honorable Court to File the Required Disclosures pursuant with the contemplated Federal Rules of Civil Procedure (FRCP) under Rule 7.1 as is required as to time to file under Rule 7.1(b).

<u>RULE 7.1 Disclosure Statement from the Federal Rules of Civil Procedure, is reproduced herein for the edification and reference by this Honorable Federal Court for the US District of Kansas:</u>

Rule 7.1. Disclosure Statement

(a) Who Must File; Contents. A nongovernmental corporate party must file 2 copies of a disclosure statement that:

    (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or

    (2) states that there is no such corporation.

(b) **Time to File; Supplemental Filing. A party must:**

    (1) **file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and**

    (2) <u>promptly file</u> a supplemental statement if any required information changes.

**Notes**

(As added Apr. 29, 2002, eff. Dec. 1, 2002; amended Apr. 30, 2007, eff. Dec. 1, 2007.)

**Committee Notes on Rules—2002**

    Rule 7.1 is drawn from Rule 26.1 of the Federal Rules of Appellate Procedure, with changes to adapt to the circumstances of district courts that dictate different provisions for the time of filing, number of copies, and the like. The information required by Rule 7.1(a) reflects the "financial interest" standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges. This information will support properly informed disqualification decisions in situations that call for automatic disqualification under Canon 3C(1)(c). It does not cover all of the circumstances that may call for disqualification under the financial interest standard, and does not deal at all with other circumstances that may call for disqualification.

    Although the disclosures required by Rule 7.1(a) **may seem limited, they are calculated to reach a majority of the circumstances that are likely to call for disqualification on the basis of financial information that a judge may not know or recollect.** Framing a rule that calls for more detailed disclosure will be difficult. Unnecessary disclosure requirements place a burden on the parties and on courts. Unnecessary disclosure of volumes of information may create a risk that a judge will overlook the one bit of information that might require disqualification, and also may create a risk that unnecessary disqualifications will be made rather than attempt to unravel a potentially

difficult question. It has not been possible to dictate more detailed disclosure requirements in Rule 7.1(a).

Rule 7.1 does not prohibit local rules that require disclosures in addition to those required by Rule 7.1. Developing experience with local disclosure practices and advances in electronic technology may provide a foundation for adopting more detailed disclosure requirements by future amendments of Rule 7.1.

*Changes Made After Publication and Comments*. The provisions that would require disclosure of additional information that may be required by the Judicial Conference have been deleted.

**Committee Notes on Rules—2007 Amendment**

*The language of Rule 7.1 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.* These changes are intended to be stylistic only.

WHEREFORE the Pro Se, non-represented defendant PRAYS FOR RELIEF:

In the **Form of an ORDER from this Honorable US District of Kansas Federal Court, for an ORDER DEMANDING that Plaintiffs IMMEDIATELY COMPLY** with the Federal Rules of Civil Procedure (FRCP), including without limitation the requirements as embodied under FRCP Rule 7.1 and in accordance with the time for filing as contemplated under FRCP Rule 7.1(b), BEFORE the Plaintiffs file ANY OTHER *"Appearance, PLEADING, PETITION, MOTION, RESPONSE, or other request addressed to the Court"*;

WHEREIN the Plaintiffs by and through counsel have **WILLFULLY, KNOWINGLY, REFUSED to obey the Federal Rules of Civil Procedure (FRCP)**, in the filing of the REQUIRED documentation in the form of "disclosure", and as such have availed themselves of the factual averments they have publicly made and

make as being "AFFILIATED" and "ENDORSED" by the Agencies, Armed Forces, and Resources of these the United States of America's FEDERAL GOVERNMENT. THEREFORE the defendant requests this Honorable US Federal District Court IMMEDIATELY so notify the United States Attorney General of the involvement of a Corporation of the United States Federal Government in this Federal Litigation.

**REQUEST FOR ORDER** is so herein made, with prayer for relief as referenced AND for the **Plaintiffs to be charged all costs associated** herein with this **Motion for Order compelling compliance with the Federal Rules of Civil Procedure (FRCP), including without limitation requirements of RULE 7.1 and 7.1(b); the appropriate level of ADMONISHMENT to the Counsel and plaintiffs for necessitating this filing, after they have made at least TWO (2) separate acts in this US Federal District Court, which constitute "appearances", on two (2) separate days the 3rd and the 4th day of the month of February 2022, wherein plaintiffs and counsel reference and rely upon Federal Rules of Civil Procedure (FRCP) in their filings, thus triggering the requirements under FRCP Rule 7.1(b) which requires the filing of disclosures under FRCP Rule 7.1(a)**.

Respectfully Submitted, this 17th day of February 2022.

The undersigned hereby certifies that, on this same date, as herein listed directly above, I (Mike Nelson) electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter.

Respectfully,

Michael Nelson - Pro Se

—--------------------------------------------------------------------------

Michael Nelson
9450 SW Gemini Dr
PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434
Email:  oklahoma remote @ gmail .com