UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United Capital Management of Kansas, Inc. and **Chad M. Koehn**

    Plaintiffs,

    v.

Michael Nelson

    Defendant PRO-Se.

DOCKET NO.:
5:22-CV-04008-JWB-GEB

CIVIL ACTION

Amendment to Time for Responsive Pleading to Petition

Document's 8 and 13

[Jury Trial Demanded]

**Amendment to Time for Responsive Pleading to the Petition Documents 8 & 13**

Defendant, makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of Amendment to Documents 8 and 13; which deal with previously filed motion to enlarge time to respond with a responsive pleading to the underlying petition at bar. Defendant restates and incorporates herein the previous reasons set forth in documents 8 and 13 as to enlarge time for a responsive pleading as to the underlying petition at bar. Defendant so states and alleges herein the following:

UNDISPUTED FACTUAL HISTORY as Demonstrated by Pleadings in the Docket:

===================================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

- 1

1.) On 3 February 2022, Defendant less than 48 hours after removal dutifully and timely filed a simple Motion to Enlarge time to respond to the underlying petition at bar, for all the good causes and reasons contained therein Document Number 8

2.) Plaintiff's responded with Document Number 10, which would become the standard response of the Plaintiffs to any filing made by Defendant, wherein plaintiffs litigation strategy is to file repetitive Rule 12(f)(2) motions to strike <u>the entirety of the pleadings</u>; whilst simultaneously <u>REFUSING any communication</u>, **as they continue to do so now**, including refusal of mediators and refusal to respond to multiple Rule 408 attempts, the last of which is dated 9 March 2022, addressed to Attorney Chris J. Kellogg, who made an appearance in the above herein captioned matter, yet failed to provide a copy of his single page appearance to the defendant at the address of record listed for the defendant as is required of Chris J. Kellogg in accordance with Federal Rules of Civil Procedure, Local Rules, Kansas State rules and the woefully inaccurate "certification" Chris J. Kellogg made in his single page "entry of appearance" in the above captioned matter currently here at bar.

=========================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

- 2

3.) Plaintiff's then filed a number of documents which, they deliberately and <u>purposefully did not mail via USPS</u> mail to the address of record for the defendant, beginning with Document Number 10, the Plaintiff's first motion to strike, the entirety of the Defendant's dutifully filed Motion to Enlarge Time to Respond to the underlying petition at bar.

4.) Defendant having access to PACER via legal aid services, was able to catch a few of the filings made by Plaintiff's. Attorneys for plaintiffs deliberately in violation of Federal Rules of Civil Procedure, Local Rules, and general common sense embodied within the Rules of Professional Conduct purposefully did not mail via USPS mail a multitude of pleadings to the Defendant as the Rules require, in fact the attorneys for the plaintiff chose to only mail via USPS mail just 2 (TWO) of their 8 (eight) pleadings filed in the case at bar thus far.

5.) **In direct VIOLATION of FEDERAL RULES OF CIVIL PROCEDURE, Local Rules and certainly the <u>Rules of Professional Conduct</u>; the defendant has NOT to this date 14 March 2022; received USPS mail regarding the following documents in this matter at bar:**

===================================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

- 3

1. Document Number 6; filed by purported attorney Quinn Robert Kendrick

2. Document Number 10; Motion to Strike by Larry Michel

3. Document Number 21; Third Motion to Strike by Larry Michel

4. Document Number 22; Required Disclosure Statement by Larry Michel

5. Document Number 24; Pro Hac Vice Motion & Affidavit by Larry Michel

6. Document Number 26; Entry of Appearance by Chris Kellogg

6.) The Plaintiff's having refused any communication including the letter dated 9 March 2022, addressed to Chris J. Kellogg, and also sent via electronic mail to Larry G. Michel; have thus not been consulted on this amendment filed here and now, in response to the necessity as it appears given the ORDER of the Court in Document 29

7.) The Defendant dutifully filed Document 13, as an attempt to comply with Local Rules of the Court regarding the "enlargement of time" to respond to the underlying petition at bar. The filing in Document 13, sought to largely comply with Local Rule 6.1; wherein the defendant painstakingly addressed each of the Local Rules under Local Rule 6.1, given the Plaintiff's attempts in Document 10 to strike the entirety of the Defendant's dutifully filed Document 8

==============================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

- 4

8.) Defendant's Document 13, having the necessity to file given the attempts to Strike the entirety of the Document 8, made by the plaintiffs, in their filing of document 10, the Defendant asked:

> *"WHEREFORE the Defendant further prays for relief and asks for this Court to enlarge the time for the responsive pleading until the Ides of March; specifically the 15th of March 2022." See Prayer for Relief in Document Number 13*

9.) Plaintiff's response to Document 13, a dutifully filed Amend/Correct to Document 8, regarding enlargement of time to respond to the underlying petition, with the best efforts of the defendant to substantially comply with Local Rule 6.1.  Here the Plaintiff's chose to file document 15, as a  response to Document 13, and was yet another Motion to Strike under Rule 12(f)(2) the entirety of the Amend/Correct document filed pursuant with Local Rule 6.1, wherein the defendant attempted in painstaking detail to substantially comply with the Local Rules of the Court specifically Rule 6.1 in its entirety

======================================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

- 5

10.) Plaintiff's "second motion to strike", was the second of TWO (2) documents the Defendant received via USPS mail to the address of record for the defendant. The only other pleading the Plaintiff's chose to mail via USPS mail to the address of record for the defendant was document number 9, a Motion in Opposition to the Defendant's need to file Document Number 5, regarding the "HATE SPEECH" included in the underlying State petition, which was written, proofread, signed, passed through a multitude of people representing the "fake" non-existent corporation plaintiff and passed by the other human plaintiff Chad M. Koehn, as to form and substance as required by the Rules and certainly the Rules of Professional Conduct when filing litigation and filed by Larry G. Michel and Quinn Robert Kendrick, two purported attorneys working under master servant relationship to the law firm Kennedy Berkley Yarnevich and Williamson Chartered.

11.) Plaintiff's filed Document Number 21, titling it a "third motion to strike", demonstrating clearly the woefully repetitive nature of their bad faith litigation strategy, to strike every filing of the defendant. Though here within the Plaintiff's document Number 21; the defendant and the Court for the FIRST TIME, saw the Plaintiff's recognize the need to

===================================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

- 6

enlarge time for a responsive pleading to the underlying petition and for the first time the Plaintiff's conceded the case is in fact removed to the US Federal Court for the US District of Kansas. Wherein the Plaintiffs state:

> "<u>Plaintiffs have no objection to extending the time for Defendant to file his response to the Petition until his requested March 15, 2022, date,</u> <u>nor do they contest Defendant's removal of this action</u>. "

12.) On the same day as the Plaintiff's filing of document number 21; the defendant filed document number 23, a motion to compel compliance with FRCP Rule 7.1 as required by Rule 7.1b

13.) Also, on the same day, 17 February 2022, Plaintiff's finally complied with Federal Rules of Civil Procedure Rule 7.1(a) as they are required under Rule 7.1(b); despite the FACTS the Plaintiff's had previously filed FIVE (5), separate, pleadings prior to compliance with Federal Rules of Civil Procedure, Rule 7.1(b), which is clear as to when required to be filed, certainly the Federal Rules of Civil Procedure REQUIRES the filing to be

================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

- 7

made PRIOR to filing FIVE (5) separate pleadings in the matter at bar.

The Federal Rules of Civil Procedure in Rule 7.1(b) is clear:

    i.) "(b) Time to File; Supplemental Filing. A party must:

    (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

    (2) promptly file a supplemental statement if any required information changes.

14.) First thing in the morning on February 18th 2022, Judge Birzer sent electronic mail notification to all parties, stating:

    a.) Counsel and Mr. Nelson,

    This case has been filed all of 17 days and there are 11 pending motions, upon which I intend to rule. My hope was to convene these matters for discussion next week. However in light of the ongoing motion practice, not to mention the moving targets, I want to give you folks time to step back and review the Pillars of Professionalism coveted by this court. Meanwhile no additional motions shall be filed. Once I have had an opportunity to consider the motion filed yesterday, I will send out a notice of hearing via zoom.

    Cordially,

===================================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

b.)

> **5:22-cv-04008-JWB-GEB United Capital Management of Kansas, Inc. et al v. Nelson**
>
> KSD_Birzer_Chambers <KSD_Birzer_Chambers@ksd.uscourts.gov>     Fri, Feb 18, 9:13 AM
> to lmichel_kenberk.com, me
>
> Counsel and Mr. Nelson,
>
> This case has been filed all of 17 days and there are 11 pending motions, upon which I intend to rule. My hope was to convene these matters for discussion next week. However in light of the ongoing motion practice, not to mention the moving targets, I want to give you folks time to step back and review the Pillars of Professionalism coveted by this court. Meanwhile no additional motions shall be filed. Once I have had an opportunity to consider the motion filed yesterday, I will send out a notice of hearing via zoom.
>
> Cordially,
>
> Gwynne E. Birzer
> United States Magistrate Judge
> U.S. Courthouse
> 401 N. Market, Room 322
> Wichita, Kansas 67202
>
> Chambers line:  316-315-4360
> ksd_birzer_chambers@ksd.uscourts.gov

15.) While Defendant heeded the command of the Court. Plaintiff's filed minutes before close of business, Document 24 with Attachments 1 and 2, a Motion for Pro Hac Vice admission of CRAIG ALAN BRAND.

16.) Defendant was and is denied the opportunity to file objection to Pro Hac Vice admission of Craig Alan Brand, though at a hearing held 3 March 2022, defendant was able to orally object to the admission of Craig Alan Brand's pro hac vice admission. The defendant having substantial proof positive and negative regarding why Craig Alan Brand's admission pro hac vice should be denied for cause, has still been unable, to file the detailed affidavits and third party evidence to support why Craig Alan Brand should be denied entry pro hac vice. Though the defendant submits over time it will become painfully

===============================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

- 9

obvious to the Court and all reasonable persons why Craig Alan Brand's brand of law practice should have been banned from these proceedings. The Court listened to the Defendant, and deferred defendant's objections to the fraudulent affidavit filed by Larry G. Michel, authored by Craig Alan Brand, as a "ethics violation" for action by the bar association. The Court stated to the effect the law firm Kennedy BERKLEY Yarnevich and Williamson Chartered are known and respected and have not previously filed erroneous affidavits in the past, therefore the Court would approve, but not rubber stamp the pro hac vice admission of Brand. The Court stated to the effect the defendant could "take away" the issue of Brand's pro hac vice status from the presiding Judge Magistrate, but it would "not stop this train". While the law firm Kennedy Berkley Yarnevich and Williamson Chartered may have had a reputation in Kansas and before the Court of having not filed fraudulent affidavits in the past, the defendant submits there is always a first time.

17.) Since the Plaintiff's finally conceded both the removal to this Honorable Court the US District of Kansas Federal Court AND the agreement the defendant had til 15 March 2022, the Ides of March to file a responsive

===================================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

- 10

pleading to the underlying petition as stated on page 2 of 4 of Document Number 21:

> "Plaintiffs have no objection to extending the time for Defendant to file his response to the Petition until his requested March 15, 2022, date, nor do they contest Defendant's removal of this action. "

The defendant unable to file the responsive pleading due to the current Orders of the Court in Document Number 29, now herein files the following amendment:

The Defendant seeks to amend the Documents 8 and 13, to allow the defendant to make a responsive pleading to the underlying petition within 20 (twenty) business days, from the date when the Court allows, Motions and pleadings to be filed, after the Court dispenses with all currently pending Motions, Writs, etc. which the Court needs to address.

WHEREFORE given the above the Defendant herein amends Documents 8 and 13; to allow for the defendant to make a responsive pleading or other Motion regarding this matter within TWENTY (20) Business Days from the Date, when the Court allows Motions and/or responsive

===================================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

- 11

pleadings as to the underlying petition here at bar.  Given the Motions and other matters including without limitations WRITS, Notices, etc. to receive the appropriate Orders of the Court.

Additionally, the defendant submits in the interests of expeditious resolution and for savings to the parties and the Court, the defendant will seek the withdrawal or otherwise termination of Motions which are no longer necessary due to the passage of time, and/or the compliance with Federal Rules of Civil Procedure by the plaintiffs in this matter, wherein the Plaintiff's refusal to obey the Federal Rules of Civil Procedure, Local Rules, and Rules of Professional Conduct have caused the filing of a number of Motions which now could be considered as "moot".  In the interest of saving the parties and the Court from the necessity of ruling upon those Motions the defendant shall under separate cover and Notice of withdrawal or request to mark motions as "moot" given the passage of time, file timely within the week said Notices of Withdrawal or Notices of Motions that could be considered as moot.

The Defendant submits the defendant is not legally educated though is self taught in both reading and writing and therefore capable due to

==================================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

- 12

circumstances of the defendants current state of presenting himself at bar herein this above herein captioned matter at bar. The Defendant not being legally educated nor a member of the bar association of the court, therefore respectfully requests this Honorable United States Federal Court for the United States District of Kansas to liberally interpret this filing as with all other filings of the Pro Se defendant as to the intention to comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

Via this NOTICE of Withdrawal and requesting this motion and all other filings as in all previously filed motions and requests, responses, and/or any pleadings whatsoever the Defendant does not waive and reserves all rights as to any available defenses it may assert against the petition. And so makes this appearance together with all previous filings now before the Court, without voluntarily submitting to the jurisdiction of this Court, as with this and all prior motions and filings are made via "special appearance", as well stated in the "Notice of Removal" in paper 1, filed on 1 Feburary 2022, removing the malicious, frivolous and incongruous petition to this US Federal Court for the district of Kansas.

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically

==================================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13

- 13

to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1

Respectfully Submitted, this 14th day of March 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

===============================================================================
Amendment to Time for Responsive Pleading to the Petition amending Documents 8 & 13