UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United Capital Management of Kansas, Inc. and **Chad M. Koehn**

    Plaintiffs,

v.

Michael Nelson

    Defendant PRO-Se.

DOCKET NO.:
5:22-CV-04008-JWB-GEB

CIVIL ACTION

OBJECTION
DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant

[Jury Trial Demanded]

**OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)**

Defendant, makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of OBJECTION to filing made in Document Number 26, filed by Chris J. Kellogg:

1.) On February 24, 2022, Attorney Chris J. Kellogg filed a notice of appearance; notice was NOT sent to the defendant, as required by Federal Rules of Civil Procedure and Rules of Professional Conduct.

===========================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 1

2.) Chris J. Kellogg was present as the single and only representative of the law firm Kennedy Berkley Yarnevich and Williamson Chartered, on 3 March 2022, at hearing of the above herein referenced matter at bar.

3.) Chris J. Kellogg appearance was a surprise, as has become a regular litigation strategy of the plaintiff's bad faith litigation in purposeful not noticing of the Pro Se Defendant of filings made to the matter at bar.

4.) Defendant submits litigation is not possible and certainly not in the interests of substantial justice and thus creates manifest injustice, when the defendant is NOT notified of filings made to the docket. The Defendant MUST receive copies of ALL filings made in the matter at bar for litigation to be remotely fair. Thus allowing the Pro Se defendant the opportunity to be heard and respond to pleadings filed in the matter, this is fundamental to the due process rights of the defendant.

5.) Prima Facie evidence and proof in the positive exist upon the filing made by Chris J. Kellogg, which rises to violation of Federal Rules of Civil Procedure Rule 5 and Rule 11; Local Rules of the Court and certain violations of the Rules of Professional Conduct; given the fact attorney

===============================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 2

Chris J. Kellogg, like the actions of his colleagues, refuses to notice the Pro Se defendant of the filing he made to the record. The single page filing by Chris J. Kellogg provides BOTH proof in the positive and proof in the negative beyond that of prima facie evidence of deliberate and willful violation of the Federal Rules of Civil Procedure, Local Rules and certain ethics violations to the Rules of Professional Conduct.

6.) The Defendant submits the impossibility of fairly litigating any matter before the Court where the plaintiffs refuse to notice the Pro Se defendant of filings they make to the Court.

7.) The fact is the single filing by Chris J. Kellogg, carries with it a "certification" of compliance with the applicable rule of the Federal Rules of Civil Procedure, attempting to substantially comply with Rule 5 and 11 of the Federal Rules of Civil Procedure:

    a.) Kellogg's certification on the bottom of his single page filing states:

        i.) "and was forwarded via U.S. Mail first class, postage prepaid and properly addressed to the parties' and/or counsel's <u>addresses show below</u> [EMPHASIS added to "show below"]

================================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 3

who do not receive notice electronically via eFlex:"; see Document 26 bottom of page

8.) Defendant submits the defendant does not have any idea what "eFlex" is or could be.

9.) Chris J. Kellogg, makes a "Certification" on the single page filing which states: "…addresses <u>show below</u> who do not receive notice electronically"; since the filing is a single page there are NO address which "show below".

10.) Defendant submits the defendant, obviously does not receive notices electronically, although the defendant had dutifully filed Document Number 3, in the matter at bar, and has recently had to withdraw Document Number 3, via notice of withdrawal in Document Number 35; after the defendant had patiently waited ruling on Document Number 3, for a month and half.

11.) The defendant submits that the necessity to withdraw the motion in Document 3, is necessitated by the defendant being under a barrage of

=====================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 4

cyber warfare attacks and hacks, including a barrage of UCE (Unsolicited Commercial Email) directed at the brand new email address, the defendant is using in this matter, and has been published in the docket of this matter. The cyber attacks and hacks are believed to be directed and thus orchestrated by Craig Alan Brand by and through his law partner Logan R. Golema who is complained of in multiple reports of unauthorized practice of law.

12.) The fact the defendant's document 3, was never ruled on for a month and half, which is well known to all attorneys of record here, in this matter at bar, means all attorneys certainly had knowledge the defendant does not receive electronic notification of filings, additionally the defendant is NOT a member of the Court bar association, obviously.

13.) The defendant further does not understand nor knows of "eFlex", as stated herein above, therefore does not receive anything known by the name "eFlex" which is referenced in the "certification" issued by Chris J. Kellogg in his single filing which the Court shall take Judicial notice is a single page filing.

==========================================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 5

14.) Chris J. Kellogg in his filing of a single page filing in Document Number 26, states in his certification of "Certificate of Service": "and was forwarded via U.S. Mail first class, postage prepaid and properly addressed to the parties' and/or counsel's addresses **show below who do not receive notice electronically** [Emphasis Added] via eFlex"; since the filing made by Chris J. Kellogg is only a single page there is NOTHING to "show below who do not receive notice electronically"; wherein it is obvious the Defendant receives no notice electronically.

15.) Chris J. Kellogg **HAS NOT served a copy of his "notice" on the pro se Defendant** in this matter as he stated he has done so, in the woefully deficient notice, nor according to Federal Rules of Civil Procedure Rule 5 and 11, as required. Thus indicating a violation of ethics under the Rules of Professional Conduct.

16.) Chris J. Kellogg flagrantly violates the Federal Rules of Civil Procedure and certainly woefully violates the Rules of Professional Conduct by purposefully not noticing the PRO SE defendant of his entry of appearance in the matter. Thus continuing the Kennedy Berkley Yarnevich and Williamson Chtd. litigation strategy by surprise.

===========================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

17.) The Pro Se defendant is not able to litigate a matter efficiently nor effectively where the purported bar licensed attorneys refuse to file timely, nor accurate nor in compliance with Federal Rules of Civil Procedure the appearances, withdrawals, notices or motions they file to the docket and thus the Court.

18.) Chris J. Kellogg who enters his "Entry of Appearance" in the matter at bar, by filing a ONE PAGE, document, which is listed in the Federal Docket as Document Number 26; REFUSES to provide the USPS mailing address of the defendant, although carrying a statement that states in part: "and was forwarded via U.S. Mail first class, postage prepaid and properly addressed to the parties' and/or counsel's addresses show below who do not receive notice electronically via eFlex:" As stated herein above there is nothing shown below, because the filing in Document Number 26, is a single page pleading.

19.) Where Chris J. Kellogg makes a "certification" and signs the certification as having sent a copy of the filing: "and was forwarded via U.S. Mail first class, postage prepaid and properly addressed to the

================================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 7

parties' and/or counsel's addresses show below who do not receive notice electronically via eFlex:" It is evident within the LegalZoom, mail processing agent portal and telephonic notification system that the Defendant has NEVER received the filing made by Chris Kellogg in his "Entry of Appearance" despite the "certification" Kellogg's filing makes.

20.) THE FACT Chris Kellogg's filing is only a single page provides proof in the positive, thus also the negative that the certification is NOT in conformity with the Federal Rules of Civil Procedure under Rule 5 and 11; thus lacks woefully in compliance with the Local Rules and certainly does not contain the required secondary page listing the USPS mailing address for the PRO SE defendant, therefore providing both proof in the positive and proof in the negative that the "Certification" signed by Chris Kellogg is deficient and <u>faulty as to truthfulness in statements to others and in statements to the Court</u>.

21.) The filing by Chris J. Kellogg was received by the Court and is filed on 22 February 2022, yet here it is now the 16th of March and the Defendant has STILL yet to receive the notice via USPS mail nor even via email.

===============================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 8

22.) The Court cannot possibly hold the defendant to any timeline as to response to filings made by the attorneys for the plaintiffs when as a matter of fact and for Judicial Notice under Rule 201, the attorneys for the plaintiff's refuse to provide proper notice to the Pro Se Defendant in accordance with the Federal Rules of Civil Procedure and Local Rules.

23.) The Pro Se defendant has only the Federal Rules of Civil Procedure and the leadership of the bar licensed attorneys example to follow and looks to the actions and behaviours of the purported Bar licensed attorneys on how to act and respond in the litigation.

24.) Whereas here the purported bar licensed attorneys continue to flagrantly violate the Federal Rules of Civil Procedure and certainly regularly violate the Rules of Professional Conduct in this matter at bar.

25.) How then is the PRO SE defendant to properly litigate, respond, and/or file motions and other pleadings in a matter, where the attorneys who purport to be licensed by the bar association woefully refuse to include the Pro Se, Defendant in notification of the filings they make in the matter at bar?

===========================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 9

WHEREFORE, the defendant respectfully requests Document 26, be stricken, and REQUIRE, Chris J. Kellogg to separately motion for leave to amend and refile a correct pleading in accordance with the Federal Rules of Civil Procedure and properly file a full and complete filing of the notice of appearance having the Court correctly both admonish Chris J. Kellogg to file full and complete filings with true and accurate certifications of the "Certificate of Service", having stated the address of record for the Pro Se defendant and having actually mailed to the Pro Se defendant each and every filing he makes including the woefully deficient filing Chris J. Kellogg makes in document number 26.

<u>Send to the attention of the defendant's name to this United States Postal Address:</u>

9450 SW Gemini Dr
PMB 90924
Beaverton, Oregon 97008-7105

**In direct VIOLATION of FEDERAL RULES OF CIVIL PROCEDURE, Local Rules and certainly the <u>Rules of Professional Conduct</u>; the defendant has NOT to this date 14 March 2022; received USPS mail regarding the following documents in this matter at bar:**

===============================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 10

1. Document Number 6; filed by purported attorney Quinn Robert Kendrick
2. Document Number 10; Motion to Strike by Larry Michel
3. Document Number 21; Third Motion to Strike by Larry Michel
4. Document Number 22; Required Disclosure Statement by Larry Michel
5. Document Number 24; Pro Hac Vice Motion & Affidavit by Larry Michel
6. **Document Number 26; Notice of Appearance by Chris Kellogg [EMPHASIS]**

Mail is being processed at the address listed, for the defendant by a reputable $2.5 BILLION DOLLAR Public Company. This company is part of LegalZoom, <u>which time and date stamps, then scans, archives and sends all mail received.</u> THE FACTS are INDISPUTABLE, EVERY attorney working under master servant relationship to the law firm Kennedy Berkley Yarnevich and Williamson Chartered: Quinn Robert Kendrick, Larry Gene Michel and Chris J. Kellogg have FAILED to properly provide a plethora of documents to the defendant, it is obvious and evident by the facts, here these attorneys have **<u>conspired to violate the Federal Rules of Civil Procedure, Local Rules and certainly the Rules of Professional Conduct</u>**, *purposefully, willfully, knowingly, maliciously* not mailing documents they themselves file to the Court to the defendant. HOW is this fair or substantial justice? This bad faith litigation strategy creates manifestation of injustice, and is demonstrably denial of substantial justice in the matter, as well as demonstrates clear distrust

===============================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 11

of the Judiciary by the public at large thus an ethics violation under the Rules of Professional Conduct.

Lawyers/attorneys working under master servant relationship to the law firm Kennedy BERKLEY Yarnevich and Williamson Chartered, have now filed EIGHT (8) pleadings, notices, filings with a number of attachments. Out of the Eight (8) filings made by attorneys Larry G. Michel and Quinn R. Kendrick and now Chris J. Kellogg, the attorneys have only mailed via USPS mail ONLY TWO (2) documents to the defendant.

**This is OUTRAGEOUS**, this is **deliberate willful fraud upon the court.** These purported attorneys MUST be disciplined in both the Court admonishing their illegal, immoral and unethical conduct in violation of the Local Rules, the Federal Rules of Civil Procedure and certainly woefully violating the Rules of Professional Conduct, making BOTH an admonishment in the record and orders of the Court and referral to the bar association for the appropriate level of disciplinary action to prevent manifest injustice in future and/or other currently pending proceedings. How is the judicial system to operate if attorneys are allowed to flagrantly violate the very premise of the judicial system?

===============================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 12

How are litigants able to litigate issues if the litigants are denied notification of the filings of documents in the matters at bar? How can a pro se litigant be held to any standard of rules of practice when the very persons they look to for leadership in the correct procedures, behavior and filings, in litigation flagrantly violate the Federal Rules of Civil Procedure, Local Rules and certain the Rules of Professional Conduct at every turn, utilizing their membership in the bar association as a weapon to violate the very premise of the Rules at bar and the profession they profess as their occupation?

**Noticing via providing, the opposing party with the identical documents which are submitted to the Court, is fundamental to the administration of justice.** The FACT the attorneys for the plaintiff have deliberately, knowingly, willfully, maliciously, purposefully not mailed the defendant THREE QUARTERS of the filings they have made in this matter at bar **is the most outrageous abuse of the legal process** any person can ever imagine. This makes the public at large distrust the Judiciary and bring shame, and general distrust of the Federal Courts and attorneys practicing therein upon the minds of the general public, thus tarnishes forever the image of Attorneys in general in the eyes of the public.

IF NOT for the graces of legal aid and assistance with access to PACER, when the defendant had in the past, regular access to the internet, before the "partner in deception" Craig Alan Brand's orchestration of cyber attacks, hacks and email disruptions to the

================================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 13

defendant at the hands of Craig Alan Brand's illegal law partner Logan R. Golema, the defendant's rights would be forever stripped.

The defendant should not have to rely upon third party legal aid and other extreme costs to the US government in order to receive fair and equitable treatment under the law as to the fair administration of justice in a civil matter, especially wherein the fair administration of justice and the providing of documents filed to the Court, are fundamental to the proceedings at bar, this gives rise to clear due process violations to the 14th Amendment Rights of the Pro Se Defendant. Those persons who are licensed by the State bar association MUST as a matter of fairness to the general populace be held to a higher ethical and moral standard by not using deceit and trickery to avoid the inevitable win by the defendant in this matter. The defendant must be treated with the respect and be provided the opportunity to respond to pleadings filed, meaning the opposing counsel MUST be made to send all filings made to the Court ALSO to the defendant at the USPS mailing address of record for the Pro Se Defendant in this matter at bar.

It is obvious and evident to the reasoned mind that the attorneys working under master servant relationship for the law firm Kennedy BERKLEY Yarnevich and Williamson Chartered, have deliberately, knowingly, purposefully, with mens rea of guilty mind sought to deny the defendant the opportunity to respond to legal filings and have purposefully with

===================================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 14

malice of intent not mailed as required by law, rule and general Rules of Professional Conduct 75% of the filings they have made! Despite having signed an OATH and affirmation on the documents; either signing "The undersigned hereby certifies", or "Certificate of Service", and then NOT providing documents filed to the defendant. AS wherein here Chris J. Kellogg's single filing in the matter at bar is a single sheet piece of paper which has "nothing below" to state notice to the Pro Se Defendant, and as the record indicates the Pro Se defendant has received no USPS mail from Chris J. Kellogg as required by the Federal Rules of Civil Procedure.

<u>All cases in BOTH State and Federal Court, including without limitation Federal Bankruptcy Court which involve Chris J. Kellogg are at risk</u>, **as the judicial system as a whole is at risk due to the flagrant disregard for the Federal Rules of Civil Procedure and FLAGRANT disregard for the rights of the parties, where Chris J. Kellogg REFUSES to obey the Rules of Professional Conduct and REFUSES to provide to the defendant documents he submits to the court and state by way of sworn statement have mailed**. Whereas the evidence as well stated herein above and demonstrated within the record certainly dictates the single page fling in Document Number 26, woefully fails the standards required to notify the Pro Se defendant of the filing, thus continuing with the

===============================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 15

Kennedy Berkley Yarnevich Williamson Chartered, demonstrated litigation strategy of litigation via surprise and without notice to the opposing party, here the Pro Se Defendant.

WHEREIN here the single page filing of Chris J. Kellogg has no other page below to demonstrate mailing via USPS postal mail to the person of the defendant at the address of record for the defendant in the current matter here at bar. **There must be appropriate actions taken to ensure the defendant receives ALL filings made and receives them timely in order to file responses and as not to have SURPRISE appearances.**

Via this OBJECTION and requesting this motion and all other filings as in all previously filed motions and requests, responses, ojections, notices and/or any pleadings whatsoever the Defendant does not waive and reserves all rights as to any available defenses it may assert against the petition. And so makes this appearance together with all previous filings now before the Court, without voluntarily submitting to the jurisdiction of this Court, as with this and all prior motions and filings are made via "special appearance", as well stated in the "Notice of Removal" in paper 1, filed on 1 Feburary 2022, removing the malicious, frivolous and incongruous petition to this US Federal Court for the district of Kansas.

======================================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 16

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1

Respectfully Submitted, this 16th day of March 2022.



<u>Michael Nelson - Pro Se</u>

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

===========================================================================
OBJECTION DEFICIENT Filing made in Document Number 26
FAILURE of Counsel to Notice Pro Se Defendant
Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e)

- 17