KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:   (785) 825-4674
F:   (785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| **Plaintiffs** ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## PLAINTIFF'S NOTICE OF FILING THE DECLARATION OF MARK E. NEJAME, ESQ., IN OPPOSITION TO DEFENDANT'S OBJECTION APPEALING THE MAGISTRATE JUDGE'S ORDER ADMITTING CRAIG ALAN BRAND, ESQ, PRO HAC VICE IN THIS CASE [Doc. 41 AND 41-1]

Plaintiffs, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herewith give Notice of Filing the Declaration of Mark E. NeJame, the Complainant/Victim in the criminal case styled *State of Florida v. Thomas Anthony Sadaka*, Orange County, Florida Circuit Court Case No. 2017-CF-6983-AO. The Declaration is relevant to Exhibits "B" through "F" and Exhibit "I" included in Defendant MICHAEL NELSON's ("Mr. Nelson") Docket 41-1. The Exhibits are the purportedly factual basis upon which Mr. Nelson opposes the admission of Craig Alan Brand, Esq., pro hac vice in this case.

/s/ Larry G. Michel   #14067
KENNEDY BERKLEY
119 W. Iron Avenue, 7th Floor
PO Box 2567
Salina, KS 67402-2567
T:   (785) 825-4674
F:   (785) 825-5936
E:   lmichel@kenberk.com
*Attorneys for Plaintiffs*

*Chad Koehn et al. vs. Michael Nelson*
*Plaintiff's Notice of Filing the Declaration of Mark E. Nejame*,
Case No. 22-CV-4008-JWB-GEB

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on March 24, 2022, the foregoing *Plaintiff's Notice of Filing the Declaration of Mark E. Nejame*, was electronically filed with the Court using the CM/ECF System, which sent notification to all parties of interest participating in the CM/ECF efiling system, and was forwarded via U.S. Mail first class, postage prepaid and properly addressed to the parties' and/or counsel's addresses shown below:

Michael Nelson
9450 S.W. Gemini Drive PMB 90924
Beaverton, OR 97008-7105
oklahomaremote@gmail.com


                                         /s/ Larry G. Michel

# EXHIBIT "A"

## Opposition To Defendants Notice of Appeal re: Brand's Admission PHV, [Doc. 41-41-1]

I, MARK E. NEJAME, declare that the following facts are true.:

1. My full name is: Mark E. NeJame, and I am the Senior Attorney of NeJame Law, located at 189 South Orange Avenue, Suite 1800,

Orlando, FL 32801.

2. I make this Declaration regarding the Appeal of the Magistrate Judge's Order admitting *pro hac vice* Attorney, Craig A. Brand, in the above

styled proceeding.

3. I have personal knowledge of the facts set forth in the Criminal Information and of the City of Orlando, Florida, police report filed against Mr.

Thomas Sadaka, as I was the victim therein and filer of the report. Thomas Sadaka was the intended and primary Defendant. There was a

concern, at that time, that Mr. Brand, who was an associate of Mr. Sadaka on certain cases, was possibly involved with Mr. Sadaka's criminal

activities.

4. At the time of filing reports or actions involving or relating to the State of Florida's criminal action against Thomas Sadaka I believed that Mr.

Brand, because of his familiarity and co-counseling with Mr. Sadaka on certain matters, may have had some sort of involvement with Mr.

Sadaka's criminal actions, in which I and my law practice were victims.

5. Upon review evidence that later became known to me, and upon determining the fuller story, it became apparent that attorney, Craig Alan

Brand had no knowledge of Mr. Sadaka's criminal actions, and that Mr. Brand was similarly deceived by Mr. Sadaka and his criminal conduct.

6. The Florida Bar investigated and found no basis to conclude that Attorney, Craig Alan Brand, was involved in the criminal matter involving

Thomas Sadaka. I further attest that I was informed that the Florida Bar took no disciplinary actions against Mr. Brand regarding his involvement

with Mr. Sadaka. I concur with that opinion.

7. I attest to the fact that Mr. Brand never became a criminal Defendant in relation to the charges brought against Mr. Sadaka.

8. I was able to assess and investigate the situation and after the Florida Bar's investigation, I concluded that Mr. Brand, was not a participant

in Mr. Sadaka's criminality and that he was similarly subjected to Mr. Sadaka's deceit, lies, and manipulations. Accordingly, Mr. Brand and I

spoke on numerous occasions. I extended my apologies for the inaccurate perception that I had which led me to believe that he was possibly

involved. Similarly, Mr. Brand understood and expressed how Mr. Sadaka's manipulations allowed me to have opined as I did. Mr. Brand was

extremely professional, thoughtful, and open whenever we spoke. We came to a common and mutual understanding and gained mutual respect

through our open communications. Mr. Brand could have easily maintained resentment towards me, but with the mature, reasonable, and

honest discussions that ensued, our regard for each other's skills, ethics, and professionalism only increased.

I declare that the foregoing is true and correct. Executed on March 21, 2022.

*Mark E NeJ*

Mark E. NeJame
Senior Partner
NeJame Law, PA.
189 South Orange Avenue
Suite 1800
Orlando, Florida 32801
407 500 0000
Mark@NeJameLaw.com