# EXHIBIT

# "C"

# TO FOLLOW . . .

Robert N. Michaelson
Eric T. Moser
Rich Michaelson Magaliff Moser, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7855
emoser@r3mlaw.com

*Special Counsel for Harold D. Jones, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                :
     ALICE PHILLIPS BELMONTE           :         Chapter 7
                                                            :         Case No. 12-76045 (AST)
                                       Debtor.         :
-------------------------------------------------------------X
                                                            :
HAROLD D. JONES, Chapter 7 Trustee,    :
Plaintiff,                                                         :
                                                            :
v.                                                                   :         Adversary No.
                                                            :
CRAIG A. BRAND and                                   :
THE BRAND LAW FIRM, P.A.,                    :
Defendants                                                      :
-------------------------------------------------------------X

## COMPLAINT

Harold D. Jones (the "Trustee"), the chapter 7 trustee for the estate of Alice P. Belmonte (the "Debtor"), hereby alleges as and for his complaint against Craig A. Brand and The Brand Law Firm, P.A. (collectively, the "Defendants") as follows:

## PARTIES

1.     The Trustee is the duly elected chapter 7 trustee of the Debtor's estate, and has a principal business address at 1 Old Country Road, Suite 384, Carle Place, NY 11514.

1

2.     Upon information and belief, Craig A. Brand is an individual resident of the State of Florida, who regularly conducts business at The Brand Law Firm, P.A., 618 E. South Street, Suite 500, Orlando, FL 32801.

3.     Upon information and belief, The Brand Law Firm, P.A. is a Florida corporation, with a principal place of business of 618 E. South Street, Suite 500, Orlando, FL 32801.

## VENUE AND JURISDICTION

4.     This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334, and the Order dated December 5, 2012 entered by the United States District Court for the Eastern District of New York referring "any or all cases under Title 11, and any or all proceedings arising under Title 11, or arising in or related to a case under Title 11 . . . to the Bankruptcy Judges for this District."

5.     This is a core proceeding under 28 U.S.C. § 157(b).  The Trustee consents to the entry of a final judgment by the Bankruptcy Court.

6.     Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7.     The statutory prerequisites for the relief requested herein are 11 U.S.C. §§ 105(a), 549, and 550.

## FACTUAL ALLEGATIONS

8.     On October 5, 2012 (the "Petition Date"), E.J. Elliott, George Kassianides, John E. Elliott, John E. Elliott Irrevocable Trust, Artemis Mellen Irrevocable Trust, Ted Eidsen, Gregory Roper, R&S Fields Limited Partnership Jefferson Investment LLC and James McCarthy (the "Petitioning Creditors") filed an involuntary petition for relief against the Debtor pursuant to 11 U.S.C. § 303(b).

9.     On April 25, 2013, this Court entered an Order for Relief against the Debtor.

10. On information and belief, in January 2013, the Debtor and her husband agreed to borrow $250,000.00 from Mr. Patrick Thompson (the "<u>Thompson Loan</u>"), which loan was to be secured by a second lien against their home.

11. On information and belief, the Debtor requested that the proceeds of the Thompson Loan be paid directly to the Defendants.

12. On information and belief, the proceeds of the Thompson Loan were paid directly to the Defendants in January and February of 2013.

13. On October 15, 2014, Mr. Brand expressly and repeatedly denied receiving the proceeds of the Thompson Loan when asked by the Trustee' special counsel.

14. On information and belief, the Debtor made additional transfers of value to the Defendants during the period between the Petition Date and the entry of an Order for Relief.

15. On October 17, 2013, the Debtor was arrested pursuant to a 49-count indictment issued by the Supreme Court of the State of New York, County of New York, which alleges, among other things, that the Debtor engaged in a scheme to defraud, and committed grand larceny against, certain creditors of her estate.

15. On information and belief, the Debtor had already retained the Defendants' services as criminal counsel at the time of her indictment.

16. On June 11, 2014, the Debtor entered a guilty plea pursuant to the indictment, including the count of grand larceny against certain creditors of her estate, and is currently serving a three to nine year sentence on account of the same.

## COUNT I

### Unauthorized Post-Petition Transfer:  11 U.S.C. § 549

17. The Trustee hereby incorporates and realleges paragraphs 1 through 16 above as if fully set forth herein.

18. The $250,000.00 proceeds of the Thompson Loan were property of the Debtor's estate.

19. On information and belief, the proceeds of the Thompson Loan were given directly to the Defendants.

20. The Thompson Loan, and the subsequent transfer of the proceeds of the same, were not undertaken in the ordinary course of the Debtor's business.

21. The Thompson Loan, and the subsequent transfer of the proceeds of the same, were not authorized by any provision of the Bankruptcy Code or any Order of this Court.

21. The Trustee is therefore entitled to avoid the transfer of the proceeds of the Thompson Loan to the Defendants.

## COUNT II

### Recovery of Avoided Transfer: 11 U.S.C. § 550

22. The Trustee hereby incorporates and realleges paragraphs 1 through 21 as if fully set forth herein.

23. Each of the Defendants qualify as either: (i) the initial transferee of the Thompson Loan proceeds; or (ii) the entity for whose benefit the transfer was made.

24. The Trustee is therefore entitled to recover the value of the Thompson Loan proceeds from the Defendants.

4

WHEREFORE, the Trustee respectfully requests that this Court enter judgment against the Defendants, jointly and severally, and in favor of the Trustee in an amount not less than $250,000.00, together with prejudgment interest, costs, and such other and further relief as may be provided by law.

Respectfully submitted,

Dated: New York, New York  /s/ Eric T. Moser
April 22, 2015  Eric T. Moser
Rich Michaelson Magaliff Moser, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7855
emoser@r3mlaw.com

*Special Counsel for Harold D. Jones, Chapter 7 Trustee*