KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| Plaintiffs ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| Defendant ) | |
| ) | |

**PLAINTIFFS' EMERGENCY MOTION PURSUANT TO RULE 11, FED. R. CIV. P. AND D. KAN. RULE 11.1(a)(2), FOR WAIVER OF THE 21 DAY WAITING PERIOD REFERRED TO IN RULE 11(c)(2), FEDERAL RULES OF CIVIL PROCEDURE, THEREBY AUTHORIZING PLAINTIFFS TO FILE A MOTION FOR SANCTIONS AGAINST DEFENDANT, MICHAEL NELSON, *INSTANTER***

Plaintiffs, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., by and through their undersigned counsel, herewith move the Court for leave to file a Rule 11, Federal Rules of Civil Procedure, and D. Kan Rule 11.1, to grant Plaintiffs leave to file a Fed. R. Civ. P. 11 and D. Kan. Rule 11.1(a)(2) Motion for the Court to Impose Sanctions against the Defendant, MICHAEL NELSON, without the necessity of complying with serving the 21 day safe harbor requirement referred to in Rule 11(c)(2) prior to filing the Motion for Sanctions.

As grounds therefore, Plaintiffs point out that Fed. R. Civ. P. 11(c)(2) states in applicable part, "The motion must be served under Rule 5, but it must not be filed or be presented to the court

*Chad Koehn, et al. vs. Michael Nelson*
*Plaintiff's Emergency Motion Pursuant to Rule 11*
Case No. 22-CV-04008-JWB-GEB
Page 2

if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

Customarily, the non-moving party is provided 21 days in which to withdraw the offending court filing.

However, in this action Defendant, MICHAEL NELSON, has engaged in an ongoing attempt to paper this case with filings so egregious, slanderous, and voluminous as to harass, cause unnecessary delay, and needlessly increase the cost of this litigation. *See*, for example, Docket Numbers 5 (Defendant's Motion for Orders Concerning Hate Speech), 12 (Defendant's Motion for Judicial Notice in Support of Docket Number 5 and Continued Derogatory Slurs), 16 (Defendant's Writ of Mandamus), 19 (Defendant's Motion for Order in Compliance with Rule (Judicial Notice of Bad Faith Litigation by Attorney for Plaintiff), 37 (Defendant's Notice of Limited Withdrawal of Docket Number 19), 47 (Defendant's Objection to Certificate of Good Standing), 48 (Defendant's Response to Mark E. NeJame's Declaration), 49 (Defendant's Reply in Opposition to Appeal to U.S. District Judge), 50 (Defendant's Notice of No Sexual Relationship with Chad M. Koehn) and (51 through 51-6) Defendant's Notice of Supplemental Evidence against Craig Brand aka "the partner in deception").

Defendant continues unabated to file papers which require not just Plaintiffs' counsel to expend unreasonable amounts of time considering the Defendant's assertions, but certainly requires the Court to expend an inordinate amount of judicial resources to provide the pro se Defendant the wide latitude customarily granted by the Court in considering such filings. Mr. Nelson's unconscionable and grossly unprofessional actions have not only shown the Court the righteousness of Plaintiff's lawsuit, but have opened Mr. Nelson up for further lawsuits and expanded litigation.

*Chad Koehn, et al. vs. Michael Nelson*
*Plaintiff's Emergency Motion Pursuant to Rule 11*
Case No. 22-CV-04008-JWB-GEB
Page 3

Should the Court grant Plaintiffs leave to file an immediate Motion for Sanctions against the Defendant, the Plaintiffs will request the Court either appoint counsel for Defendant pursuant to D. Kan. Rule 83.5.3.1 or require Defendant to Show Cause why he cannot financially obtain such counsel, and upon appointment or selection of such counsel, the Defendant be ordered not to file any pleading or paper which does not contain the certification of said counsel that the pleading or paper being filed is in compliance with Federal Rules of Civil Procedure 11(b)(1)-(4). Plaintiffs do not seek to impede Defendant's defense of the civil action against him, but only to secure the just, speedy, and inexpensive determination of this action.

Wherefore, Plaintiffs, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., respectfully pray that this Court will enter an Order waiving the 21-day safe harbor period provided in Rule 11(c)(2) and authorize Plaintiff to File a Fed. R. Civ. P. 11 and D. Kan. Rule 11.1 Motion for Sanctions against Defendant, MICHAEL NELSON, *instanter*.

Dated March 31, 2022.

Respectfully Submitted,

/s/ Larry G. Michel  #14067
KENNEDY BERKLEY
119 W. Iron Avenue, 7th Floor
PO Box 2567
Salina, KS 67402-2567
T: (785) 825-4674
F: (785) 825-5936
E: lmichel@kenberk.com
*Attorneys for Plaintiff*

*Chad Koehn, et al. vs. Michael Nelson*
*Plaintiff's Emergency Motion Pursuant to Rule 11*
Case No.  22-CV-04008-JWB-GEB
Page 4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 1, 2022, the foregoing *Plaintiff's Emergency Motion Pursuant to Rule 11* was electronically filed with the Court using the CM/ECF System, which sent notification to all parties of interest participating in the CM/ECF efiling system, and was forwarded via U.S. Mail first class, postage prepaid and properly addressed to the parties' and/or counsel's addresses shown below:

Michael Nelson
9450 S.W. Gemini Drive
PMB 90924
Beaverton, OR  97008-7105
oklahomaremote@gmail.com




/s/ Larry G. Michel