KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:	(785) 825-4674
F:	(785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL. , | ) |
| | ) |
| Plaintiffs | ) |
| vs. | ) Case No. 22-CV-04008-JWB-GEB |
| | ) |
| MICHAEL NELSON, | ) |
| | ) |
| Defendant | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' EMERGENCY MOTION PURSUANT TO RULE 11, FED. R. CIV. P. AND D. KAN. RULE 11.1(a)(2), FOR WAIVER OF THE 21 DAY WAITING PERIOD REFERRED TO IN RULE 11(c)(2), FEDERAL RULES OF CIVIL PROCEDURE, THEREBY AUTHORIZING PLAINTIFFS TO FILE A MOTION FOR SANCTIONS AGAINST DEFENDANT, MICHAEL NELSON, *INSTANTER*

Plaintiffs, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., by and through their undersigned counsel, herewith file their Memorandum of Law in Support of their Emergency Motion for an Order of Court waiving the 21-day safe harbor waiting period set forth in Fed. R. Civ. P. 11(c)(2) so that Plaintiffs may immediately file a Motion for Sanctions against the Defendant, MICHAEL NELSON, under Fed. R. Civ. P. 11 and D. Kan. Rule 11.1.

Fed. R. Civ. P. 11(c)(2) states in applicable part: "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense,

*Chad Koehn et al. vs. Michael Nelson*
*Memorandum in Support of Plaintiffs' Emergency Motion Pursuant to Rule 11*
Case No. 22-CV-04008-JWB-GEB
Page 2

contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

Customarily, the non-moving party is provided 21 days in which to withdraw the offending court filing; however, the quoted language specifically authorizes the Court to reduce, expand or eliminate the 21-day time period by entry of an order in accordance with the applicable language.

In this action Defendant, MICHAEL NELSON, has engaged in an ongoing attempt to paper this case with filings so egregious and slanderous and voluminous as to harass, cause unnecessary delay, and needlessly increase the cost of this litigation. *See*, for example, Docket Numbers 5 (Defendant's Motion for Orders Concerning Hate Speech), 12 (Defendant's Motion for Judicial Notice in Support of Docket Number 5 and Continued Derogatory Slurs), 16 (Defendant's Writ of Mandamus), 19 (Defendant's Motion for Order in Compliance with Rule (Judicial Notice of Bad Faith Litigation by Attorney for Plaintiff), 37 (Defendant's Notice of Limited Withdrawal of Docket Number 19), 47 (Defendant's Objection to Certificate of Good Standing), 48 (Defendant's Response to Mark E. NeJame's Declaration), 49 (Defendant's Reply in Opposition to Appeal to U.S. District Judge), 50 (Defendant's Notice of No Sexual Relationship with Chad M. Koehn) and 51 through 51-6 (Defendant's Notice of Supplemental Evidence against Craig Brand "the partner in deception").

Rule 11(b)(1), Fed. R. Civ. P., states:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

*Chad Koehn et al. vs. Michael Nelson*
*Memorandum in Support of Plaintiffs' Emergency Motion Pursuant to Rule 11*
Case No. 22-CV-04008-JWB-GEB
Page 3

The content of the above cited filings by the Defendant demonstrate the violation of not just one of the improper purposes, but all of them. Mr. Nelson has not only worked against himself, but has opened the door for expanded litigation and further lawsuits.

Defendant continues unabated to file papers which require not just Plaintiffs' counsel to expend unreasonable amounts of time considering the Defendant's assertions, but certainly requires the Court to expend an inordinate amount of judicial resources to provide the pro se Defendant the wide latitude customarily granted by the Court in considering such filings.

"[P]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil ... Procedure." *Ogden . San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Rule 11 provides that, by signing a pleading, an "unrepresented party certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... [that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). The Court must apply an objectively reasonable standard in determining whether the pro se party met is burden under the Rule. *See Salmon v. Nutra Pharma Corp.*, 687 Fed. App'x. 713, 718. (10th Cir. 2017). In this instance, Mr. Nelson's contemptuous filings, self-serving writings, and defamatory per se filings warrant an immediate need for a Rule 11 Hearing.

Defendant has not yet filed a pleading or a Motion to Dismiss directed to the removed action filed by the Plaintiffs. All other filings contain wrongful, improper and spiteful defamation against attorneys and should be stricken. Mr. Nelson is in need of retaining competent legal counsel and one that defends the case at issue and not embark on the unprofessional and malice road he is walking.

*Chad Koehn et al. vs. Michael Nelson*
*Memorandum in Support of Plaintiffs' Emergency Motion Pursuant to Rule 11*
*Case No. 22-CV-04008-JWB-GEB*
*Page 4*

An objectively reasonable view of the papers filed by Defendant necessitate the unusual waiver of the 21 day safe harbor portion of Fed. R. Civ. P. 11(c)(2), so that the Defendants' purposeful harassing papers, the Defendant's intentionally causing unnecessary delay, and the Defendant's needlessly increasing the cost of this litigation, let alone the needless waste of the Court's judicial resources warrants the Court waiving the 21 Day Safe Harbor Rule and allowing Plaintiffs to file their Motion for Sanctions under Fed. R. Civ. P. 11 and D. Kan. Rule 11.1, forthwith.

Wherefore, Plaintiffs, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., respectfully pray that this Court grant their Motion for entry of an Order waiving the 21 day safe harbor period provided in Rule 11(c)(2) and authorizing Plaintiff to File a Fed. R. Civ. P. 11 and D. Kan. Rule 11.1 Motion for Sanctions against Defendant, MICHAEL NELSON, *instanter*.

Dated April 1, 2022.

                                                    Respectfully Submitted,

                                                    /s/ Larry G. Michel    #14067
                                                    KENNEDY BERKLEY
                                                    119 W. Iron Avenue, 7th Floor
                                                    PO Box 2567
                                                    Salina, KS 67402-2567
                                                    T:   (785) 825-4674
                                                    F:   (785) 825-5936
                                                    E:   lmichel@kenberk.com
                                                    *Attorneys for Plaintiffs*

*Chad Koehn et al. vs. Michael Nelson*
*Memorandum in Support of Plaintiffs' Emergency Motion Pursuant to Rule 11*
Case No.  22-CV-04008-JWB-GEB
*Page 5*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 1, 2022, the foregoing *Memorandum in Support of Plaintiff's Emergency Motion Pursuant to Rule 11* was electronically filed with the Court using the CM/ECF System, which sent notification to all parties of interest participating in the CM/ECF efiling system, and was forwarded via U.S. Mail first class, postage prepaid and properly addressed to the parties' and/or counsel's addresses shown below:

Michael Nelson
9450 S.W. Gemini Drive
PMB 90924
Beaverton, OR  97008-7105
oklahomaremote@gmail.com


                        /s/ Larry G. Michel