# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. and CHAD M. KOEHN Plaintiffs,<br><br>v.<br><br>Michael Nelson<br><br>Defendant - PRO-Se. | DOCKET NO.: 5:22-CV-04008-JWB-GEB<br>**CIVIL ACTION**<br>**OBJECTION To Craig Alan Brand etAl Videotaping & Retaining Images & Likeness of Defendant in <u>violation of Protected First Amendment Rights</u>**<br>**[Jury Trial Demanded]** |

    <u>Defendant, makes "SPECIAL & LIMITED APPEARANCE"</u> here and now for the purposes of OBJECTION to behavior and actions of Craig Alan Brand, pro hac vice, SPONSORED by Kennedy Berkley Yarnevich and Williamson Chartered etAl. and purposeful invasion of privacy, violation to Due Process Rights, and Rights under Religious freedoms embodied in the First Amendment to the Constitution of these the United States of America. Craig Alan Brand is abusing the legal processes for intimidation, harassment, molestation, intentional assaults upon the fundamental rights of the PRO SE, defendant so states and alleges as follows regarding protection of basic Constitutional rights free from Brand's intimidation: Due in part to the necessity of the Courts business via video conferencing to conduct hearings during the Global deadly pandemic known as COVID-19, and due to the many thousands of miles between the PRO SE defendant and the Court presently conducting limited hearings in the above referenced matter, the PRO SE defendant forced by circumstances of Craig Brand's insidious legal campaign against the PRO SE, the video feed of proceedings is being abused by Craig A. Brand with the knowledge and approval of lawyers for Kennedy Berkley Yarnevich and Williamson etAl.

1. The Magistrate Judge in the above herein captioned matter, set a hearing on 3 March 2022, the hearing was attended by Chris J. Kellogg as a surprise representative of Kennedy Berkley Yarnevich and Williamson Chartered; the defendant appeared pro se in pro per; and Craig Alan Brand, well known as the "partner in deception" appeared

=======================================================================

OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 1

although not yet having been granted pro hac vice, status as counsel under the SPONSORSHIP of Kennedy Berkley Yarnevich and Williamson Chartered.  Brand proffered testimony even before discussion on his pro hac vice application.  Brand's proffered testimony was in the form of unsubstantiated accusations and allegations regarding SEC (Securities Exchange Commission) and FINCEN (Financial Crimes Enforcement Network) a sub bureau of the US Office of Terrorism and Financial Intelligence.  Brand's comments were to incite dissension and certainly not only improper but to the point his rambling babble continued, the Magistrate Judge had to stop his ramble.  None-the-less in his well known litigation strategy Craig Alan Brand has set forth a scheme to materially interfere with the business of the Court and the providing of substantial justice, having:  "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the [trier of fact] or unfairly hampering the presentation of the opposing party's claim or defense." *Cox, 706 So. 2d at 46 (quoting Aoude, 892 F. 2d at 1118).*

      a.   Kennedy Berkley Yarnevich and Williamson Chartered have "SPONSORED", the "partner in deception" Craig Brand exclaims on page 98 of his book "I don't Care what Mom Says: LIFE SUCKS": **Lady Justice is not only blind but corrupt and susceptible to biased pressures.** The legal system, different than a justice system, <u>works best for the wrongdoers, liars, extortionists, blackmailers, the wealthy, criminals and the insane."</u>

It is evident Craig Alan Brand having penned a book where he believes "Lady Justice is not only blind but <u>corrupt (Emphasis Added)</u> and **susceptible to biased pressures [Emphasis Added as to susceptible to biased pressures]**.  Believing the judicial system is "susceptible" to "biased pressures", it is exactly this which Craig Alan Brand thrusts upon the Court at the first opportunity he has to open his mouth.  As a purported attorney Craig

=================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 2

Brand believes as he states in his book: "Today's legal system **protects the wicked and taxes the innocent."** id. Page 26  Perhaps for this reason Larry Gene Michel decided to sponsor the known "partner in deception" pro hac vice to this matter, as it is evident and obvious to the reasoned mind Larry Gene Michel believes with his heart and soul as a purported attorney himself, worshiping at Brand's altar of disgust and distrust of the American Judicial System; these two "partners in deception", to use the phrase coined by the Florida Department of Law Enforcement to describe Craig Brand in arrest affidavits, leading to the disbarment of his last "law partner", seek to use every legal shenanigan, trick and deception to achieve an unfair and illegal intimidation of the PRO SE defendant.  Brand and Michel's strongly held convictions against all basic interests of justice, especially as the record to date indicates the wide variety and lengths Larry G. Michel will go to violate Federal and Local Rules and every basic tenant of the Rules of Professional Conduct.

2. Craig Alan Brand "the partner in deception" as he is often referred to in arrest affidavits of his law partner prior to disbarment, and other legal filings in the Judiciary and by law enforcement.   The "partner in deception" well known for concocting "ruses", as described by law enforcement, declares in the book he himself authored:   "I Don't Care What Mom Says LIFE SUCKS", By Craig A. Brand:

   a. *"I [Craig Alan Brand], for instance, have championed the art of disinformation.  **I intentionally provide people with false information...**"* page 118.  **[EMPHASIS ADDED]**

3. Craig Alan Brand, was eventually granted pro hac vice status, by the presiding Judge Magistrate relying upon the "good reputation" of the firm Kennedy Berkley Yarnevich and Williams Chartered and the fact the firm Kennedy Berkley Yarnevich and Williamson Chartered has appeared in other Federal Courts in the US District of Kansas and has not before now been known to pass fraudulent affidavits before the

============================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 3

<u>Court.</u>  **None the less the defendant submits there is always a first time**. As here where the affidavit of Brand is untruthful and though the Magistrate Judge declared Brand having "played fast and loose", meaning "clever and dishonest" on the affidavit, it is noted the Magistrate Judge did not rely on the false swearing of the motion, by Larry G. Michel, document 24, or the false swearing of the woefully inaccurate and untruthful affidavit, document 24-1 in the granting of the pro hac vice status of Craig Alan Brand, but the Judge Magistrate relied upon the reputation of the law firm Kennedy Berkley Yarnevich and Williamson Chartered, until now enjoying a "good" reputation and that the Magistrate Judge at 15:40 of the audio recording stated: <u>"motions for pro hac vice are fairly routine"</u>; going on to state "never once have I determined have found that that they [Kennedy Berkley Yarnevich and Williamson Chartered] submitted any affidavit under falsehoods or the light". None-the-less as the overwhelming evidence so presented in motion for reconsideration demonstrates the firm Kennedy Berkley Yarnevich and Williamson Chartered can never again be seen to have "never" presented an affidavit under "falsehoods or the light"; none-the-less the actions of Craig Brand now are a direct reflection on the standing of Kennedy Berkley Yarnevich & Williamson Chtd. within the regional, national and international legal community and in the eyes of the public.

4. Now as has been seen in prior cases involving Craig Alan Brand, he seeks to litigate not before the tribunal and Court but seeks litigation via the Court of public opinion in the misuse of press releases, extrajudicial statements and media attention to the matters at bar.  The PRO SE defendant having received communications from media personalities regarding the case, which has not even allowed for the PRO SE to respond to the underlying petition, yet Craig Brand has already engaged the news media and his gaggle of one-sided so-called news media reporters.

OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 4

5. It has recently come to the attention and upon information and belief that Craig Alan Brand known by many in the legal community as the "partner in deception", <u>has illegally without permission of either the defendant or the Court, made a video recording, audio and taken still photography of the proceedings at bar</u> in the 3 March 2022, hearing, specifically taking and threatening to use the image and likeness of the defendant, for improper purposes including without limitation intentional infliction of emotional distress, blackmail, extortion, and other illegal activities in violation of law, rule and procedure in order to gain unfair advantage in litigation and cause general stress, anxiety, emotional distress, with threats to health and welfare to the PRO SE defendant. The PRO SE defendant has not the vast financial resources of the now nearly half a dozen self-proclaimed large law firms, three attorneys working full time against the PRO SE defendant AND now the, gang of investigators STALKING and threatening the PRO SE defendant and the gaggle of so-called news reporters.

6. It is a violation of the defendant's NATURAL LAW RIGHTS, to have another person possess and threaten to use his image and likeness without permission of law.

7. Pro Se Defendant will vigorously defend NATURAL LAW RIGHTS, especially those rights embodied within religious FREEDOMS clauses of the US Constitution.

8. Not only does the Constitution of these, the United States of America since its founding specifically protect religious freedoms, but the separation between church and state is but one of the cornerstone foundations of the Republic first established by the Declaration of Independence approved by the Continental Congress on July 4, 1776

9. The puritans who fled England to the "new world" in search of a place to practice strongly held religious beliefs free from the tyranny of the oppressive government.

10. The founding fathers as they are referred who embody the judicial prudence now enjoyed by the citizens of these the United States of America set forth in the origin document of these Grand Lands of the United States of America:

==================================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

a. "When in the Course of <u>human events</u>, …. **assume among the powers of the earth, the separate and equal station to which the Laws of Nature and of Nature's G-d ["o" removed pursuant with religious belief] entitle them**,

b. "We hold these truths to be self-evident, that <u>all men are created equal,</u> that they are endowed by their Creator with certain unalienable Rights, that among these are **Life, Liberty and the pursuit of Happiness.**"

c. "with a firm reliance on the protection of divine Providence [within G-d], we mutually pledge to each other our Lives, our Fortunes and our sacred Honor."

11. Upon the establishment of the Constitution of the United States of America, the addition of one of the Nation's most sacred RIGHTS was established on 15 December 1791, stating: "**Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof**; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

a. "The Judiciary Act of 1789, officially titled "**An Act to Establish the Judicial Courts of the United States**," signed into law by President George Washington on September 24, 1789. Article III of the Constitution established a Supreme Court, but left to Congress the authority to create lower federal courts as needed."

b. Ch. 20,1 Stat. 73 (1789); currently 28 U.S.C. §1654 (1970). The Judiciary Act states: [11n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein.]

12. Even the young US State of Kansas, admitted to the Union as a free state **January 29, 1861; although the lands which embody the US State of Kansas are in material dispute as to the treaty with the Osage and other Tribal Nations who have a "NATURAL RIGHT" under the Natural Law of G-d and Nature to those lands improperly taken by force. The newly born US State of Kansas** has embodied

=================================================================

OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 6

religious freedoms within its own State Constitution, quoting directly from the Kansas State Constitution, **§ 7 [Note the defendant has removed the "o" from the word "G-d" as the defendant's strongly held religious beliefs include that of not publishing or writing the title of his maker or what is commonly referred to as "G-d", by religious peoples and non throughout the globe since the origination of languages; all other content and context of the § 7 of the Kansas Constitution as cited remains identical to that of the written documentation of the Kansas Constitution]**:

 a. **§ 7. Religious liberty**; property qualification for public office. **The right to worship G-d according to the dictates of <u>conscience</u> <u>shall never be infringed</u>**; nor shall any person be compelled to attend or support any form of worship; **<u>nor shall any control of or interference with the rights of conscience be permitted</u>**, nor any preference be given by law to any religious establishment or mode of worship. No religious test or property qualification shall be required for any office of public trust, nor for any vote at any election, nor shall any person be incompetent to testify on account of religious belief. History: Adopted by convention, July 29, 1859; ratified by electors, Oct. 4, 1859; L. 1861, p. 48.

13. The Religious Freedom Restoration Act (RFRA), provides a heightened level of review for such laws affecting religious beliefs. Under the RFRA, any federal law burdening religion generally must have a <u>compelling governmental interest achieved by the least restrictive means possible.</u> If the government can meet the standard of review, an exemption based on religion is not necessary under RFRA. Participating in video conference for court proceedings are required to comport with the use of the US Federal Courts, especially during the global deadly pandemic known as COVID-19, and due to the parties restrictions, fact the pro se defendant has NEVER stepped foot upon the ancient lands of the Osage located in US State of Kansas as now referenced.

14. Nothing within the codified laws permit the illegal unauthorized private (attorneys are private persons who as the word attorney is derived from atorner, toner, attorn, atrone, to eventually become attorney; meaning to "agree assign or appoint" and also "one

===============================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 7 -

appointed by another to act in his place" therefore are private citizens themselves), obtainment of imagery, moving motion picture, still photography or other unauthorized use. Within the Free Exercise Clause, as well as with any applicable Federal or State provisions that may provide heightened standards of review, NO "attorney" as a private person especially wherein they are "appointed by another" private person to act on their behalf has any right under any color of law to illegally, unethically, immorally take the image, likeness, motion picture of any person during any court proceedings, especially without the written authorization of the Court, which shall only be provided upon findings of law in accordance with the Constitutional protections as provided under the Constitutions of these the United States of America and the State upon which in said action commences at bar.

15. Even the US District of Kansas Federal Court has stated they do NOT maintain videotapes of the proceedings, ergo purported attorney Craig Brand and his cohorts including Larry Michel working under appointment of Chad Mitchell Koehn etAl. cannot and shall not in accordance with the Kansas State Constitution nor within the US Constitution illegally without authorization of the government for a specified government purpose take the still or motion image of the undersigned Pro Se defendant without said authorization meeting all standards of review and subsequent appeals to the highest Court of these the United States of America, as per the established laws governing changes to the rights and freedoms granted.

16. The religious belief that a photograph can steal a soul, and/or parts of the soul imprisoning it within is applied to the biblical injunction against 'likeness' to photographs; it is not just the Amish or Puritans of New England, that hold this belief, nor is it reasoned or allowed under the premise of separation of Church and State, that only biblical texts of the Judeo Christian Bible and associated religious texts be referenced or conferred in said belief in regards to the retainment of photographs, video

====================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 8

and likeness of others, especially by those who seek to do harm, misuse and abuse the possession thereof.   The defendant a Native born American Citizen, holds dear his beliefs under self identified Native American heritage, beliefs and as a right not to have his "soul", or "essence" stolen and sold to the highest bidder.  As would Craig Alan Brand the known "partner in deception", seek to harass, molest, intimidate, stalk, and underline(terrorize) the defendant through the illegal videotaping, still photography and recording of the defendant in appearances here at bar, without authorization of the Court and without permission of the Pro Se defendant.   Though Brand through his authorized lending of his name to his law partner Logan Golema and with the obvious and evident approval and encouragement of Larry Michel on behalf of Kennedy Berkley Yarnevich and Williamson Chartered now are in alleged attainment and retention of unauthorized photographs, video and are using their gaggle of so-called news reporters and investigators to harass, stalk, molest, intimidate, annoy, threaten, abuse and generally cause intimidation in order to gain an unfair and quite possibly illegal upper hand in the litigation.   Their collective actions have now caused the PRO SE defendant to use whatever means the law allows to continue on constant defense in nearly half a dozen different simultaneous and parallel legal matters, whilst fending off intimidating STALKING investigators, so-called news reporters and media whores.   The defendant having limited resources relies now upon legitimate global news investigative reporters operating under the first amendment to see to it the WHOLE story is printed and distributed worldwide in multiple languages and not the single sided Craig Brand version of *"I [Craig Alan Brand], for instance, have championed the art of disinformation.* **I intentionally provide people with false information..."** *Id.* page 118.  **[EMPHASIS ADDED]**

17. Craig Brand's actions and behavior are a direct reflection and legal liability so attached to his sponsoring law firm of Kennedy Berkley Yarnevich and Williamson Chartered.

18. Craig Brand's actions and behavior along with his law partner, Logan Ryan Golema, who is not believed to be permitted or otherwise authorized to practice law, yet Brand lends his name and names of his many differing monikers and law firms including without limitation: "The Brand Law Firm", "We don't Blow Smoke", "GANJA LAW" (Believed derived from the drug "DOPE"), "Mystic Law PA", "HeraSoft" Law etc. are in effect acting on behalf as appointed by Chad Mitchell Koehn therefore legal liability also so attaches to Chad Mitchell Koehn etAl. in the illegal unauthorized behavior of Brand and his legal cohorts, including the sponsorship of Brand's behavior and actions at bar by the law firm of Kennedy Berkley Yarnevich and Williamson Chartered.   While "DOPE" may be medically legal in a few US States it is still not legal under US Federal Law, the legality of DOPE in Kansas is unknown by the PRO SE defendant.  Though Brand and Michel are allowed presumably by law to operate any LEGAL business and "partnership" they see fit, they should logic would dictate be required to notify the Court when they are operating in Kansas and before this Court under YET ANOTHER law firm name:



*"Mr. Brand beginning in the State of Colorado and expanding into California, Oregon, Washington, Florida and now also the Caribbean.  Along with the marijuana industry comes matters concerning money laundering, RICO, trafficking, bank and wire fraud, seed to sale documentation, care-giver growing and allowances, patient rights, and conspiracy."* https://cannabislaw.report/craig-brand-ganja-law-usa/

=====================================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 10

19. **Aniconism** is the absence of material representations (*icons*) of both the natural and supernatural worlds in various cultures, particularly in the monotheistic Abrahamic religions. This prohibition of material representations may extend from only G-d ["o" removed in accordance with religious belief] ]and deities to saint characters, all living beings, and everything that exists. The phenomenon is generally codified by religious traditions and as such it becomes a taboo. When enforced by the physical destruction of images, aniconism becomes iconoclasm. The word itself derives from Greek εικων 'image' with the negative prefix *an-* (Greek privative alpha) suffix *-ism* (Greek -ισμος).

20. Generally, Courts considering challenges to legal requirements that may infringe upon religious exercise consider whether it is substantially burdensome; and whether the government's interest in burdening the belief is sufficient under the applicable standard of review. These questions tend to distinguish sincere objections with actual burdens from so-called claims of convenience. In other words, courts look for evidence that the objector's religious exercise is in direct conflict with a particular requirement, rather than being used as an excuse to avoid compliance with a law with which the individual merely disagrees. **WHEREAS here the defendant has willfully and cheerfully submitted to the video discussions and hearings at bar,** the defendant has previously dutifully communicated to the Clerks of the Court, of the US District of Kansas Federal Court and the Deputy of the Chambers of the presiding Jurist, Magistrate Judge Birzer, in order to ensure that video of the proceedings is not recorded and only audio is recorded of the proceedings. As has been confirmed by the Federal Court for the US District of Kansas itself. The defendant has readily and willfully submitted to the video correspondence with the Court, via "Zoom" for the convenience of the parties and the safety of the persons involved considering the ongoing deadly global pandemic known as COVID-19. Together with the FACT the PRO SE defendant has NEVER been to the US State of Kansas and is located many

==================================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 11

thousands of miles away. None-the-less the defendant cannot and will not tolerate the harassment, molestation, intimidation, stalking, extortion, blackmail, general TERRORISM by the "partner in deception" Craig Alan Brand and law partner / associate Logan Golema and his legal cohorts Larry Michel etAl., claiming to have video recordings and still images of the pro se defendant.

21. It is the immediate cause of illegal and unauthorized action of Craig Brand etAl. on behalf of Kennedy Berkley Yarnevich and Williamson Chartered, his sponsors before the Court, which is the cause of this memorandum in support of a soon to be filed detailed motion, when motions are permitted by Order of the Court, to address the issues of illegal and unauthorized recordings and still photography of the person of the Pro Se defendant, during hearings or any other procedure by which the parties come face to face with one another. Craig Brand and Larry Michel's purposeful misuse of their so-called news media reporters to litigate in the media and not the Courts, the PRO SE defendant is hopeful real investigative reporters from around the world will counteract the known self serving press hired news media personalities.

22. The fact the Court itself does not maintain copies of video recordings of the proceedings, demonstrates clearly there is NOT an established governmental need to do so; yet the opposing counsel claims to have illegally made the same, gives rise to an objection and certain hearing on the illegal and unauthorized needless video production and still photography of the participants in hearings at bar. Especially now wherein <u>Craig Brand in the typical chaos he is so well known</u> to bring forth to matters before the Courts in his deliberate moves to litigate not before the Court but in the Court of Public Opinion, through the use of so-called news media, and/or his self serving press releases, or those which Chad Mitchell Koehn has in the past passed himself around the global interwebs. The PRO SE defendant without the vast resources from nearly half a dozen law firms, three full time attorneys, a slew of

=================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 12

private investigators, and now their very own gaggle of so-called news media personalities must rely upon the established news media operating under the first amendment on a global basis to bring forth the truth and not the one-sided Craig Brand chaos style branding of litigation in the media rather than the Courts.

23. The Court itself has stated video recording and photographs of the participants of the proceedings has not and will not record or is taken for retainment or obtainment thereof. Therefore the defendant has certainly met the burdens of review having submitted to the viedo correspondence of the proceedings, as required by the government and has already compromised to have his voice recorded upon the record without objection as is his right, yet the defendant pauses, and OBJECTS vehemently to the video recording, capturing of still or in motion videography of his image for stealing of his soul by opposing counsel sponsored by Kennedy Berkley Yarnevich and Williamson Chtd. the man they have sponsored and are therefore legally tied to his actions and behaviors here at bar, the known "partner in deception" Craig Alan Brand, and his gaggle of self-proclaimed so-called media whores.

24. **The defendant is not objecting to a known or real governmental need for the photographing and picturing of the defendant in this matter.** The defendant realizes the need for some photographic evidence and the need for audio recording of the proceedings, especially given the seriousness of the global deadly pandemic known commonly as COVID-19, the defendant does vehemently object to the "partner in deception" aka Craig Alan Brand, making his own video, still photography and audio recordings of the proceedings, hearings, depositions, trials etc. *See Crawford v. Marion County Election Board, 553 U.S. 181 (2008)* The Defendant's objection is well founded in codified laws, the Constitution of the United States and even the State Constitution of Kansas, which State's Constitution goes above and beyond the US Constitution with regards to RIGHTS to religious freedoms:

===================================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

a. **"The right to worship G-d according to the dictates of <u>conscience</u> <u>shall never be infringed"</u>**

b. **<u>"nor shall any control of or interference with the rights of conscience be permitted,"</u>**

c. <u>"nor shall any person be incompetent to testify on account of religious belief."</u>

25. Defendant is not making an objection to the use of still photography in the necessary needs of the government for identification purposes, for example the legislation in the 112th Congress addressed state efforts to implement these requirements, including one bill that would prohibit states from requiring voter identification in federal elections. *2 H.R. 3316, 112th Cong Q*uestions whether a religious exemption to photograph requirements may be required to comport with the Free Exercise Clause of the First Amendment and the Religious Freedom Restoration Act of 1993.

26. The Defendant once again does not and will not object to the reasoned needs of his government; the government of these the United States of America. OBJECTION comes when a private individual for the willful purposes of INTIMIDATION, STALKING, MOLESTATION, EXTORTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, Blackmail, and other RICO activities in concert therewith and so within the legal liabilities thereto his sponsoring attorneys misuses and abuses government processes and the processes and procedures of the Courts, especially herein a United States Federal Court, taking unilateral self authorization to steal the likeness and image thus imagery and "soul" of the defendant for impermissible purposes, as where here Craig Brand etAl. has done exactly this.

27. The First Amendment of the U.S. Constitution provides that **"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...."** *U.S. CONST. Amend. I. For discussion tatutory standards of review used in relation to the Free Exercise Clause, see CRS Report RS22833, The Law of Church and State: General Principles and Current Interpretations.*

===============================================================================

OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

28. . Historically, the U.S. Supreme Court applied a heightened standard of review to government actions [EMPHASIS ADDED] that allegedly interfered with a person's free exercise of religion. *Wisconsin v. Yoder, 406 U.S. 205 (1972); Sherbert v. Verner, 374 U.S. 398 (1963);* YET here we do NOT have a "government action" which has allegedly interfered with "free exercise of religion", as the Court has confirmed it does not record the video of the proceedings, here we have **a rouge purported attorney who is well known to the Judicial and law enforcement communities as the "partner in deception"** who has taken it upon himself to unilaterally decide he can videotape and take still photography of hearings and proceedings at bar, within a US Federal Court without the permission of the Court or the parties, he is taking video and photography for impermissible uses and purposes of EXTORTION, BLACKMAIL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, general INTIMIDATION, delivering the same to this slew of investigators and so-called media personalities, as he seeks litigation in the "court of public opinion".

29. For historical context of the RFRA: In 1990, the Court reinterpreted that standard in the Employment Division, Department of Human Resources of *Oregon v. Smith*, holding that the compelling interest was not necessary for governmental interference with religious exercise in all circumstances. *494 U.S. 872 (1990)*

30. Congress responded to the Court's holding in Smith by enacting RFRA, which statutorily reinstated the standard of protection of heightened scrutiny for government actions interfering with a person's free exercise of religion. *P.L. 103-141, 103d Cong., 1st Sess. (November 16, 1993); 42 U.S.C. §2000bb et seq*

31. When RFRA was originally enacted, it applied to federal, state, & local govt actions, but the Supreme Court later ruled that its application to state and local governments was unconstitutional under federalism. *City of Boerne v. Flores, 521 U.S. 407 (1997)*

================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 15

32. As a statutory enactment, rather than a constitutional standard, RFRA is not necessarily absolutely binding against all post-RFRA legislation. Rather, it is possible that future statutes may not be required to comply with RFRA. In other words, RFRA may be preempted by another federal law. *See S.Rept. 103-111, at 12-13 (1993) (stating that "nothing in this act shall be construed as affecting religious accommodation under title VII of the Civil Rights Act of 1964").*

33. Congress may amend RFRA's scope of application generally or may provide specific exemptions from RFRA in future legislation.   Generally, under the legal principle of entrenchment, a legislative enactment cannot bind a future Congress.

   a. *Congress cannot entrench a legislative action by providing that it may not be repealed or altered. See Fletcher v. Peck, 10 U.S. 87, 135 (1810) (Chief Justice Marshall) ("The principle asserted is, that one legislature is competent to repeal any act which a former legislature was competent to pass; and that one legislature cannot abridge the powers of a succeeding legislature. The correctness of this principle, so far as respects general legislation, can never be controverted."). The U.S. Supreme Court has noted the long history of this rule. See United States v. Winstar Corp., 518 U.S. 839, 872-74 (1996).*

34. In challenges to legal requirements that may infringe on an individual's religious exercise, courts generally consider three questions: (1) Is the individual's religious belief sincerely held; (2) Would the legal requirement impose a substantial burden on the individual's religious exercise; and (3) Is the burden sufficient to overcome the government's interest in applying the requirement without an exemption  *Quaring v. Peterson, 728 F.2d 1121 (8th Cir. 1984), aff'd by divided court, 472 U.S. 478 (1985)*

35. The defendant's strongly held beliefs are in regards to OTHERS taking photographs and videos without permission, and retaining the same for the obvious EXTORTION, BLACKMAIL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS and for their own devious purposes and designs, as here in this case to cause the defendant extreme emotional distress, anxiety and generally seek to harass, intimidate, molest,

OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 16

annoy, and seek general chaos BLACKMAILING and EXTORTING financial securities from the person of the defendant, at the direction of plaintiff Chad Mitchell Koehn, without due process of law, <u>instead through the use of the defendant's religious beliefs as a weapon against the PRO SE defendant.</u>

36. Wherein Craig Alan Brand etAl. actions are and continue to be molestation, harassment, intimidation, annoyance, general stalking, extortion, blackmail, intentional infliction of emotional distress, using illegally recorded video and still photography of the defendant to "steal the defendant's 'SOUL', through the illegal possession of the defendant's "likeness", and actual still photography and motion pictures. As the generally held belief is part of the "soul" is embodied within the photograph. **"An individual's beliefs are not required to conform with the beliefs of other members of his or her religious group, nor is the individual required to be a member of a religious group at all."** *Thomas v. Review Board, 450 U.S. 707 (1981) ("The guarantee of free exercise is not limited to beliefs which are shared by all the members of a religious sect.").*

37. **"The U.S. Supreme Court has held that courts are not to judge the truth or falsity of religious beliefs."** *United States v. Ballard, 322 U.S. 78 (1944).*

38. On point here even the Kansas State Constitution provides even stronger protections regarding religious freedom, and the exercise thereof wherein the Kansas State Constitution states in: § 7 "**The right to worship G-d according to the dictates of conscience shall never be infringed**; … <u>nor shall any control of or interference with the rights of conscience be permitted,</u> … nor shall <u>any person be incompetent to testify on account of religious belief</u>. *History: Adopted by convention, July 29, 1859; ratified by electors, Oct. 4, 1859; L. 1861, p. 48.*

39. Even if an individual's belief is sincerely held, the government action that allegedly infringes on that belief must impose a substantial burden on the individual's religious

=================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

exercise. A substantial burden on religious exercise is one that puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas v. Review Board, 450 U.S. at 717-18.*

40. This is not an issue of the government's abuse directly of the rights of individuals to their strongly held religious beliefs but rather the government providing a platform by which an attorney, known for his deception, as the Court has already recognized here at bar, in his limited appearance, and as Craig Brand has been sponsored by Kennedy Berkley Yarnevich and Williamson Chartered, by and through Larry Gene Michel, in document 24, although in question as to whether Michel actually "verified" anything about Brand, prior to Michel's filing of document 24 and 24-1 the woefully inaccurate and untrue affidavit of Craig Brand; are both together with others authorized by the government to act on behalf of another, as purported **"licensed attorneys" therefore collectively misusing and abusing a government process and action in order to violate the rights of the individual in direct defiance of the Constitutional authorities both State and Federal.**

41. The Court is in effect in adequately protecting a person's strongly held beliefs, who has ALLOWED (emphasis added) the government and thus the Courts to obtain and retain photographs and in some cases video for the purposes of administration of government, where and when the government can prove a reasoned and necessary need to do so, after formal inquiry into the same and the Court's work in the protection of the population and thus citizenry of these the United States of America.

42. This is a case where the Courts are inadvertently permitting a third party, non-governmental entity, private citizen who is sponsored by a law firm of the State of Kansas specifically Kennedy Berkley Yarnevich and Williamson Chartered an opposing attorney, who has EVIL intentions against the interests of "Natural Law" to

===================================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 18 -

illegally make and take video and photographic recordings, for retainment in devious schemes, in violation of the defendant's strongly held beliefs, thus violating rights.

43. The defendant so submits to the collection of photographic likeness by true, lawful and certain necessary governmental operations, proved and approved by statute and codified law the **PRO SE defendant so permits use by the government for the governmental purposes only.** However, the PRO SE defendant objects under Constitutional grounds to the illegal collection and retainment of videography and photographs by opposing counsel who have EVIL intentions with the likeness and image of the PRO SE defendant. Especially wherein Craig Brand is well known for his deceptive legal practices and use of so-called self-proclaimed media personalities to litigate in the Court of Public Opinion and not the actual Courts of the land. As the pro se defendant does also object to the litigation strategy to improperly intimidate, threaten, harass, molest, stalk, annoy, blackmail, extort in the colloquial or proverbial "court of public opinion" as Craig Alan Brand is well known to misuse and abuse in order to unfairly violate the basic tenets of fair and balanced litigation under the Rules both Local and Federal and certainly regularly as has been seen herein the proceedings to date <u>violate with impunity the Rules of Professional Conduct</u> governing the actions of attorneys appearing before the Court in supposed representation of another, therefore their actions giveway to legal liability to the person and entities towhich they represent, for action in the jurisdictions where the harm is so felt and damages so done.

44. It is a requirement of law and the Constitution of these, the United States of America for the Court's to carefully consider the Court's need for photographs and videography and the Court's authorized use of such under the law as a necessity in the proceedings versus the illegal unauthorized collection by third parties.

===============================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 19

45. The defendant like others in his situation and with certain beliefs on "others" obtaining and possessing his likeness for purposes of intimidation, MOLESTATION, harassment, Blackmail, Extortion in "stealing parts of his soul"; has and continues to allow collection and retainment by the government for lawful governmental purposes photographs and videography of the defendant. Example: The Defendant does NOT challenge photo requirements for identification, the arguments to prohibit exemptions generally include (1) reliable and efficient identification by law enforcement officials; (2) facilitation of identification for private activities, for example, financial transactions or identity theft; and (3) prevention of administrative burdens on the state posed by applications for exemption. *Quaring v. Peterson, 728 F.2d 1121.*

46. Courts have reached differing outcomes in cases involving these arguments, depending on the specific facts of the cases before them; whereas here the OBJECTION is not to the governmental use for specified and lawful purposes, but rather given the Court's actions in NOT recording the videography and thus likeness and image of the participants in hearings, then the Court must also conform to prevention of the parties especially the opposing counsel, and their SPONSORED pro hac vice, purported government sanctioned and licensed attorney, presently approved by the Court to appear herein this matter, from illegally recording the same videography and thus image and likeness for nefarious purposes, of harassment, intimidation, MOLESTATION, direct and certain willful knowingly infliction of emotional distress, in order to gain an upper hand in civil litigation. AND their collective use by Brand and Michel on behalf of Kennedy Berkley Yarnevich and Williamson Chartered working under the direction of their purported clients CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. in giving the same to their self-proclaimed so-called media whores, to harass and intimidate the PRO SE defendant in order to gain unfair advantages in civil litigation.

=================================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 20

47. The 8th Circuit initially held that an exemption was required for a driver's license photo requirement, it later held that an exemption was not required for a law that mandated individuals charged with federal felonies be photographed. In such cases, the court held that the government had a compelling interest in having a photograph of defendants and parolees to aid in identifying and apprehending such individuals if necessary. *United States v. Slabaugh, 852 F.2d at 1082-83* Wherein here the defendant, AGAIN, does not object to the government or Court's employing means and methods for obtaining and retaining photographs or videography for a genuine legal and lawful purpose, approved by the Courts.

48. HOWEVER, whereas here the Court's are de facto permitting illegal obtainment and retainment of likeness and image via photography and videography which the defendant has previously confirmed are NOT being retained by the Courts with the exception of the audio file of the hearings and proceedings, THEREFORE the Court Must as a matter of law and in the interests of PROTECTION of the defendant issue protective orders and the most STERN Admonishment of the behavior of Craig Alan Brand, as well as to the law firm Kennedy Berkley Yarnevich and Williamson Chartered, who as the sponsoring one of the many firms of Craig Alan Brand, though as the record so indicates within document: 52 [Craig Alan Brand misleading email from Herasoft aka Herasoft Law ]; Brand is proceeding at bar through many different entities, all of which are impossible to ascertain as to which legal entity or law firm Brand actually operates, as he listed solely a single law firm on his affidavit document 24-1, listing "The Brand Law Firm", however, also listed as being admitted to "USDC-Colorado" listing the identical bar number for Florida, despite having a bar number registered in the District of Colorado, AND Brand appears in the US District of Colorado under yet a different "flag" another of the many different law firms Brand claims as different legal entities.

=================================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

2. I practice under the following firm name or letterhead:

Name: The Brand Law Firm, P.A.

Address: 4650 Indian Creek Rd., Loveland, CO 80538

Telephone Number: 305-878-1477

Fax: N/A

Email Address: craig@thebrandlawfirm.com

3. I have been admitted to practice in the following courts:

| Court | Date of Admission | Bar Number |
|---|---|---|
| Florida | September 27, 1991 | 896111 |
| USDC-Colorado | April 10, 2017 | 896111 |

49.

    a. Affidavit of Craig Brand can be found in Document 24-1 and via internet archives at: [Internet Archives untrue inaccurate affidavit of Craig Brand](#)

50. Yet, according to the search of the US District of Colorado Bar, Craig Alan Brand does not appear with the "firm name or letterhead" as he states in the affidavit he submits to the Court in Document 24-1, instead he appears under yet a different Law Firm Name: "Mystic Law" and uses an email address for yet another Law Firm of Brand named: "GANJA LAW", also see above herein with regards to "GANJA LAW" presumably referencing DOPE an DRUG illegal under Federal Law:

Craig A. Brand
Mystic Law P.A.
4650 Indian Creek Road
Loveland, CO 80538

Email: Craig@Ganjalaw.com
Phone: 305-878-1477
Admission Status: In Good Standing
Date of Admission: 4/10/2017
2020 Fee Paid

    a.

=================================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

51.  Kennedy Berkley Yarnevich and Williamson Chartered are responsible, legally liable for all acts and facts of Craig Alan Brand, pro hac vice, in this matter at bar.   The Court must as a matter of right and under the Constitutions both State and Federal protect and thus separate the "church from the state" in doing so prohibit the opposing counsel from continuing to misuse and abuse the legal processes of the Courts and thus the government for impermissible purposes as Craig Brand does so here and now and thus under the "flag" of Kennedy Berkley Yarnevich and Williamson Chartered.

52. The events of September 11, 2001 have resulted in heightened security standards and given new context to legal identification requirements.  In post-9/11 cases, courts generally have not required exemptions for photo requirements in identification laws. *Valov v. Dep't of Motor Vehicles, 132 Cal. App. 4th 1113 (Cal. Ct. App. 2005); Freeman v. Dep't of Highway Safety and Motor Vehicles, 924 So.2d 48 (Fla. Dist. Ct. App. 2006)* <u>AGAIN HERE, the defendant DOES NOT object to permissible governmental obtainment, creation and retainment of photographs or where permissible under law videography, where an actual government need exists and is confirmed but DOES strongly and vehemently OBJECT to the impermissible obtainment and retainment of photographic and videography by opposing counsel.</u>

53. Especially Craig Alan Brand's illegal, unauthorized and certainly impermissible collection, retainment and abuse of photographic and videography of the defendant. The law firm Kennedy Berkley Yarnevich and Williamson Chartered are collectively and severally legally liable for the illegal, unauthorized, impermissible actions of the pro hac vice counsel Craig Alan Brand, which they themselves have sponsored and are therefore responsible legally with all legal liabilities so attaching therewith.

54. Particularly after 9/11, courts appear more likely to apply the photo requirement strictly, without exemption, if the government's compelling interest is directly related to security concerns.   *Valov v. Dep't of Motor Vehicles, 132 Cal. App. 4th 1113 (Cal.*

*Ct. App. 2005); Johnson v. Motor Vehicle Dep't, 197 Colo. 455 (Colo. 1979)*

AGAIN, whereas here there are no security concerns in this civil litigation which the government by and through the Courts have identified, whereas the defendant has inquired as to the obtainment and retainment of videography by the Court in this matter, wherein the Court has responded that the Court, does not record, retain, videography or photographs of the proceedings and hearings. Yet due to the necessity of videography in streaming of virtual proceedings and thus single use videography feed for the permissible purposes to conduct legal hearings and proceedings, in a virtual interconnected world, the defendant DOES NOT object as it is in the interests of delivering substantial justice and prevention of manifest injustice.

55. It is the illegal, impermissible and obvious and evident malicious EVIL nefarious actions of the law firm Kennedy Berkley Yarnevich and Williamson Chartered etAl. by and through their sponsored pro hac vice counsel Craig Alan Brand, known as the "partner in deception", which is OBJECTED to in the most vehement and strongest sense possible. As the actions of Craig Alan Brand known more commonly by his moniker in the Judiciary as the "partner in deception", unauthorized, impermissible obtainment, retainment and illegal use of the likeness, image and moving videography of the likeness and image of the defendant so herein objected to and thus as soon as possible when motions are allowed for the defendant to motion for a protective order prohibiting the continued illegal and unauthorized behavior of Kennedy Berkley Yarnevich and Williams Chartered, and their sponsored pro hac vice purported attorney Craig Alan Brand etAl, and that of his many law firms. Though Brand signed an affidavit under penalties of perjury, and uses but one of his many law firm names: "The Brand Law Firm", Brand has as the docket indicates illegally misled the Court via the Chambers of Magistrate Judge Birzer in his electronic mail correspondence see Document 52, providing ample evidence of the purposeful fraud

=================================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 24

of Brand who now submits he is both proceeding under "The Brand Law Firm" and "HeraSoft" Law by his misleading fraudulent actions on 23 March 2022. Therefore PRO SE defendant reserves rights separate Federal litigation for damages against the firm Kennedy Berkley Yarnevich and Williamson Chtd. for their culpability in the unauthorized nefarious acts of their sponsored attorney Craig Alan Brand, etAl.

56. The Religious Freedom Restoration Act of 1993, Pub. L. No. 103-141, 107 Stat. 1488, codified at 42 U.S.C. § 2000bb through 42 U.S.C. § 2000bb-4, is a 1993 United States federal law that _"ensures that interests in religious freedom are protected."_ The bill was introduced by Congressman Chuck Schumer on March 11, 1993.

57. A party in federal court may seek a protective order should circumstances warrant it, pursuant to Fed. R. Civ. P. 26(c), _Wilson v. Olathe Bank, 184 F.R.D. 395, 396 (D. Kan. 1999),_ or Rule 30(d)(4) if necessary and the unwarranted behavior of Brand etAl on behalf of Chad Mitchell Koehn and certainly under the legal liability and culpability of Kennedy Berkley Yarnevich and Williamson Chartered. HOWEVER, whereas here there has been no discovery, and thus no depositions, which if and when this litigation reaches the time for discovery whether at bar here in the US District of Kansas or removed herefrom to an appropriate jurisdiction and venue, the pro se defendant objects to the creation, obtainment and retainment of photographic or videography by the opposing counsel given the nefarious threats and evil intentions of Craig Alan Brand etAl. Whereas here the opposing counsel has illegally, unethically, immorally, sought at every action at bar to violate the Local Rules, Federal Rules of Civil Procedure and continually violate virtually every logical rule of the Rules of Professional Conduct, especially now wherein they seek to litigate not in the Courts but in the Court of Public Opinion utilizing illegally obtained photographs and video in contravention of the Constitutional rights of the pro se defendant. Thus requiring the Pro Se defendant to expend an inordinate

=================================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 25 -

amount of time and attention to fending off and demanding proper behavior and actions in the matter at bar, from supposedly bar licensed "professionals".

58. The facts are clear in the docket and the needless violations of the rules on a constant basis by the opposing counsel. Beginning with two attorneys working under Master Servant relationship to Kennedy Berkley Yarnevich and Williamson Chartered having placed a racial slur into the petition so lawfully removed hereto; then proceeding with a multitude of filings without adhering to FRCP Rule 7.1(b), whilst simultaneously making filings into the Court without mailing a copy of each filing to the person of the Pro Se Defendant, the actions in violation of the Federal Rules of Civil Procedure and Local Rules of the Court by the opposing counsel, have continued with filing of fraudulent affidavit, motions claiming to have "verified" the affidavit, refusal to communicate, extrajudicial and ex parte statements to the media and purposeful involvement of the media, a go to strategy of Craig Alan Brand in his well practiced and well known arts of deception; as well known to LARRY GENE MICHEL the beliefs of Craig Alan Brand has he exposes himself to the world through his book: "I don't care what Mom Says: LIFE SUCKS!", wherein as known to Larry G. Michel prior to engaging with Brand and known prior to filing document 24 a Motion in effect giving full credit and sponsorship of Brand and his unique chaos he brings to litigation, Michel knew of Brand's statements regarding the Judiciary and beliefs on the "truth" as Brand and Michel conspired to defraud the Court through a fraudulent affidavit, which even the Magistrate Judge referred to as "Playing Fast and Loose" meaning being Cleverly Dishonest.

59. This OBJECTION is and to the illegal and unauthorized obtainment and retainment of videography and photographic depictions of the defendant in violation of the First Amendment to the US Constitution and the applicable Religious Freedom Restoration Act as well as other Acts, Laws, statutes codified into law as protections of the minority religious freedoms from that of the EVIL nefarious illegal unauthorized knowingly and

========================================================================

OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 26

willfully purposeful harassment, intimidation, intentional infliction of emotional distress by opposing counsel by and through the "partner in deception" Craig Alan Brand working de facto under master servant relationship and certain legal onus and liability to the law firm Kennedy Berkley Yarnevich and Williamson Chartered. None-the-less the Case *Wilson v. Olathe Bank 184 F.R.D. 395, 396 (D. Kan. 1999)* is on point here and thus the defendant shall seek PROTECTIVE ORDER against the continued unauthorized, illegal, and certainly nefarious deliberate actions of Kennedy Berkley Yarnevich and Williamson Chartered by and through each of its servants and/or sponsored lawyers.

60. "It is the duty of the in-state lawyer to advise the client of the in-state lawyer's independent judgment on contemplated actions in the proceeding if that judgment differs from that of the out-of-state lawyer." under the Rules of Professional Conduct and the Model ABA rules as such in regards to liabilities to the plaintiffs.

61. Though the following case law applies to depositions, it should also apply here, where it is believed upon information and belief Craig Alan Brand, has made an illegal video recording of the hearing of the Court on 3 March 2022. It is also believed Brand is using this illegal recording made without the consent of either the Court nor the defendant for purposes of harassment, intimidation, molestation, violation to the defendant's sacred religious rights and beliefs in regards to the production of photographic and/or video production of the defendant's image and/or likeness.

62. Thus, in <u>Paisley Park Enterprises, Inc. v. Uptown Productions</u>, 54 F. Supp. 2d 347 (S.D.N.Y. 1999), the court ruled that although a videotaped deposition of Prince, a musician and entertainment figure, would be allowed by defendants accused of making unauthorized use of Prince's name, likeness, and other intellectual property, the defendants would have restricted access to the videotape to prevent them from exploiting it for commercial purposes. HOWEVER, wherein here it is the defendant RIGHTS under Constitutional Amendment, which is embodied in the FIRST of the Amendments to the

====================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

US Constitution which is at the heart of the issue in addition to the well established laws including without limitation the Federal Act: Religious Freedom Restoration Act, which MUST be applied for the protection of the rights of the defendant

63. *Barman v. Union Oil Co. of California, No. CV 97-563-AS (2000)*. In both Kansas and Federal Actions, if only part of a deposition is offered in evidence by a party, an adverse party *Fed. R. Evid. 106; Fed. R. Civ. P. 32(a)(4)*. The civil rules provide little guidance in these matters, although a few cases have addressed various practical concerns. *See, e.g., Rice's Toyota World, 114 F.R.D. at 652; In re Daniels, 69 F.R.D. 579, 582 (N.D. Ga. 1975)*. None-the-less in each of these the RIGHTS of the defendant to his strongly held religious beliefs are unfairly intruded upon in direct violation of the strongly held Constitutional Rights afforded, <u>even Native Born American Citizens</u>, as embodied under the United States Constitution's First Amendment Rights, and re-established again under the Religious Freedom Restoration Act, and certainly under the Kansas Constitution.

64. *Fed. R. Civ. P. 32(d)(3)(B)*. Would also apply to improper or bad faith conduct of counsel or others at the deposition. Such behavior during depositions can lead to sanctions. In one case, after a defense verdict, a federal district court granted the plaintiff a new trial *Kelly v. GAF Corp., 115 F.R.D. 257, 257 (E.D. Pa. 1987)*.

65. *In re Norplant Contraceptive Products Liability Litigation, No. MDL 1038, 1996 WL 42053 at \*4-\*5 (E.D. Tex. Jan. 19, 1996)* (procedural order that addresses, among other things, conditions for videotapes, including the application of Rule 28(c) to the videographer, the camera system, simultaneous stenographic recording; wherein here the defendant is now just objecting to the illegal UNAUTHORIZED non-permissible surreptitious recording of streaming video used during legal proceedings.

66. The actions of Brand as pro hac vice, counsel as a member of the opposing counsel legal team de facto under Kansas Rules, State Law and Federal law makes Brand for the intent and purposes of this one single litigation as working under master servant to

===============================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 28

the law firm Kennedy Berkley Yarnevich and Williamson Chartered, which the Magistrate Judge relied upon as the sponsoring firm. Therefore all actions and behaviours of Craig Alan Brand, are directly and separately actionable against Larry G. Michel jointly severally Kennedy Berkley Yarnevich and Williamson

67. Many fellow Native born American citizens also still refuse to be photographed by other persons and certainly we do not authorize other persons to have videography or photographs in their possession without expressed consent and permission.

The defendant being continually violated by the opposing counsel having the defendant's Constitutional Rights constantly violated, as a misguided litigation strategy, by attorneys working under master servant relationship to the law firm Kennedy Berkley Yarnevich and Williamson Chartered. The flagrant abuse of the the legal processes and judiciary by the purposeful, knowingly, malicious flouting of the basic fundamental rights of the Pro Se litigant by attorneys for the plaintiff's gives rise to direct violations to the Pro Se defendant's fundamental rights to due process under law, <u>bringing forth a constitutional question</u> to this Honorable United States Federal Court for the US District of Kansas.

WHEREFORE, the defendant shall respectfully request a PROTECTIVE ORDER to be ISSUED forthwith to PROTECT the First Amendment RIGHTS of the defendant, in accordance with applicable FEDERAL & STATE LAW, CODES, STATUTES and ACTS, regarding the illegal, unauthorized, <u>surreptitious </u>recording of videography, photographic documentation in the making, obtainment and retainment of the likeness and image of the defendant in violation of the defendants RIGHTS as afforded under Amendment ONE of the the US Constitution and instilled as RIGHTS under the Religious Freedom Restoration Act (RFRA).

The law firm Kennedy BERKLEY Yarnevich and Williamson Chartered, have deliberately, knowingly, purposefully, with mens rea of guilty mind sought by and through the actions of the "partner in deception" Craig Alan Brand, their SPONSORED pro hac vice counsel in the above herein captioned matter, to MOLEST, INTIMIDATE, HARASS, DENY, the

=================================================================================

OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

Religious Freedoms as embodied within the US Constitution under Amendment ONE, and the Constitutional RIGHTS of the defendant under other applicable Federal and State Laws, Acts, Codes, Statutes as codified into "Natural Law" in the legal doctrine of the natural rights of Human Beings in these the United States of America; these RIGHTS are additionally embodied within the Religious Freedom Restoration Act (RFRA).

   Via this OBJECTION and requesting this motion and all other filings as in all previously filed motions and requests, responses, ojections, notices and/or any pleadings whatsoever the Defendant does not waive and reserves all rights as to any available defenses it may assert against the petition.   And so makes this appearance together with all previous filings now before the Court, without voluntarily submitting to the jurisdiction of this Court, as with this and all prior motions and filings are made via "special appearance", as well stated in the "Notice of Removal" in paper 1, filed on 1 Feburary 2022, removing the malicious, frivolous and incongruous petition to this US Federal Court for the district of Kansas.


Respectfully Submitted, this 7th day of April 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com |

================================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms

- 30

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per order of the saline county judge hickman. Nothing contained herein this certificate nor in the providing of this document, pleading or any other done now and forever more shall be construed or otherwise believed to mean the PRO SE signed wants, asking nor inferring or implying that any communication whatsoever in any way shape or form be so presented or communicated to the person of Chad Mitchell Koehn, or in any other way for any communication with to or from Chad Mitchell Koehn, nor is this anyway shape or form of seeking to engage in any fantastical sexual relationship with Chad Mitchell Koehn or taking any liberties while Chad Mitchell Koehn is in any way "incapable of giving consent", as PRO SE defendant wants nothing to do with Chad Mitchell Koehn apart from said litigations Chad Mitchell Koehn has initiated.

Respectfully Submitted, this 7th day of April 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

==================================================================================
OBJECTION to Craig Alan Brand etAl. illegally videotaping hearings without the consent of the Court nor the defendant and the subsequent violation of the defendant religious freedoms