# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. and CHAD M. KOEHN<br><br>       Plaintiffs,<br>   v.<br>Michael Nelson<br><br>       Defendant<br>PRO-Se. | DOCKET NO.:   5:22-CV-04008-JWB-GEB<br>**CIVIL ACTION**<br>**OBJECTION to motion in VIOLATION of Order of Court "No motions" with preliminary Response in Opposition to Motion for Sanctions Document # 54**<br>[Jury Trial Demanded] |

Defendant, makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of OBJECTION to the illegal motion filed in Document 54, with preliminary **Response in Opposition to the illegally filed motion for "sanctions"**, defendant is barred from filing motions/answer etc. yet somehow once again plaintiffs attorneys are allowed to file motions, whereas the PRO SE defendant is so barred; notified, today 8 April 2022 of this sneaky filing, snuck on to docket PRO SE defendant so herein now states and allegess:

The Supreme Court noted that **"[i]n the federal courts, the right of self-representation has been protected by statute since the beginnings of our Nation.** Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment was proposed, provided that **'in all the courts of the United States, the parties may plead and manage their own causes personally..."**

## STATEMENT OF RELEVANT FACTS

1. Defendant dutifully, lawfully and properly removed a frivolous state petition to Federal Court, whilst recovering from physical injuries caused in part by plaintiffs purposeful service of petition to a detention facility, replete with racial epithet

2. Defendant immediately filed an objection to the racial slur hurled at the defendant in the petition removed, document 5; which Larry Michel responded to in document 9.

3. Filing of Document 5, was a necessary filing due directly to willful, purposeful, knowing harassment in the underlying petition; and the willful, purposeful service of the petition to the defendant into a racially charged detention facility where the defendant was unlawfully detained due to the inducement of fraudulent statements by a co conspirator of the plaintiff Chad Mitchell Koehn.   There can be no excuse for the plaintiff's having laid in wait to litigate via surprise and knowingly send an ethnic slur into a known racially charged facility for the purposes to incite VIOLENCE against the defendant, after they learned the attempt on the defendant's life failed, and the defendant was still alive.

4. Plaintiff's response to Document 5, is Document 9; stating "ERROR" and "FAIL", as excuses for the knowing, purposeful inclusion the slur, despite the petition being signed by not one but two attorneys:  Quinn Robert Kendrick and Larry Gene Michel of the law firm Kennedy Berkley Yarnevich and Williamson etAl.  Certainly a litigant in a civil action, especially in Federal Court has the RIGHT, if not a CONSTITUTIONAL right to complain of being ethnically attacked in pleadings.   IF not for plaintiff's gross wanton negligence as Larry G. Michel would have the Court believe, the filing would not have been necessary to protect basic human rights.   Mr. Michel's unconscionable and grossly unprofessional actions are the immediate and proximate cause necessitating the filing of document 5, to which Michel has previously responded with his unapologetic rambling excuses for "FAIL" and "ERROR" as to claim plausible deniability for the deliberate act he and his colleague Quinn Robert Kendrick exerted upon the person of the defendant.

5. Defendant will be filing litigation against both lawyers, their law firm and the plaintiffs in the US District of New Jersey, both Federal and State Courts where the defendant was physically injured as a result of the gross negligence if not certain willful intention to

==================================================================================

OBJECTION to illegally filed motion with preliminary Response in Opposition doc. 54          - 2

inflict severe bodily injury and certain emotional distress, by the filing of racially charged speech, a slur, and serving the defendant in a racially charged environment. Both lawyers knew what the petition contained and knew where the defendant was located being unlawfully detained based on fraudulent police reports, at the hand of the plaintiffs conspirator in predatory collusion against minority shareholders.

6. Document 12 Motion for Judicial Notice in Support of Docket Number 5, is justifiable to be filed providing proof in the positive of BIGOTRY by the plaintiffs even in naming conventions used for corporations. The term "RED NECK" is offensive and targets socio-economically challenged persons. Defendant dutifully and justly was provided information in material support of Document 5, demonstrating with the preponderance of the evidence as attached therewith, the repetitive derogatory verbiage used by plaintiffs. It is unconscionable and grossly unprofessional for any person to utilize socio-economic, racial, gender, ethnic, sexual orientation, gender or other slurs and epithets in today's society; ESPECIALLY using said slur in a formal legal filing filed to a Court, nevermind the action was taken by not one but two (2) bar licensed attorneys. Defendant was and is justified in filing a motion for judicial notice of bigotry of plaintiffs, in support of document 5, regarding the slur hurled by the plaintiffs attorneys at the defendant.

7. Document 16, is yet to be ruled upon petition for a WRIT, it is necessary to report violations of law and criminal conduct. It is even more necessary given the fact the defendant is not afforded 14th Amendment Constitutional protections in Kansas and the actions complained of warrant immediate action by the Kansas Attorney General and other regulatory agencies and commissions. IF not for the hate speech, located in the underlying petition, document 5 would not have been necessary, and thus information

noticed in document 12, would not have been discovered, and thus document 16, would not have been required as a "good citizen" notifying the Court to violations of law, to the detriment of the public at large, especially in Kansas but throughout the Nation as well.

8. Document 19, was necessary as to ensure the case was removed to Federal Court, since as the record dictates no lawyer representing the plaintiff acknowledged the removal to Federal Court, as evidenced by the failure of Plaintiffs to recognize FRCP Rule 7.1(a) as required to be filed, FRCP Rule 7.1(b) states the disclosure MUST be filed with: **"… its first appearance, pleading, petition, motion, response, or other request addressed to the court".** The record is clear plaintiffs were not recognizing the removal. The record is clear plaintiffs were not retrieving US Postal mail.  Instead plaintiffs were secretly filing documents and not noticing the defendant, as required.  Plaintiffs were filing documents to the Court, but purposefully not sending them to the PRO SE defendant, in effect seeking to have secret, ex parte communications with the Court, and not noticing the defendant of the filing.  Plaintiffs were continuing to believe the underlying petition could get a default judgment in a county court.  Michel's unconscionable and grossly unprofessional actions have led to the filing.  **Mr. Michel could have saved the parties and the Court considerable resources and expenses** had Mr. Michel simply admitted and apologized for the racial slur, accepted the removal of the action to Federal Court, and agreed to a short extension to file a responsive pleading to the underlying petition. Instead Michel behaving most inappropriately and against the interests of justice, in violation of Professional Conduct, Federal and States Rules continues to cause consternation and untoward delay in resolution of the matter at bar.

9. IN document 37 defendant operating <u>in the interests of cost savings to the Courts, the</u> <u>parties and the government filed a</u> "Limited Withdrawal of Docket Number 19", because the document became "moot", when plaintiffs FINALLY after nearly a month agreed the action was removed to Federal Court, retrieved their US Postal Mail and agreed to an extension in order to file a responsive pleading to the underlying petition.  All the while plaintiffs have purposefully in direct violation of the Federal Rules of Civil Procedure and the Local Rules of the Court and certainly in violation of the Rules of Professional Conduct filed pleadings to the Court and NOT noticed the PRO SE defendant of the filings they have made.  **Plaintiffs flagrant abuse of process and ethical violations.** Fair litigation cannot be had when bar licensed attorneys file in effect secret motions to the Court and do not notice the opposing PRO SE party.  The defendant reasonably, dutifully and justly filed to withdraw the motion in document 19, by filing document 37, in doing so made it limited to withdraw the motion in 19, other than to establish the fact the plaintiffs have engaged in bad faith litigation.  The bad faith, and unprofessionalism of the plaintiffs began with their deliberate and purposeful action **to lay in wait nearly a year, to litigate via surprise, in predatory collusion with others in RICO style assault upon the PRO SE defendant,  for purposes to** wrestle away "significant equity interest", intellectual property, extort, blackmail generally abuse of the justice system.

10. Document 47, is an Objection to a filing made by plaintiffs, <u>it is a RESPONSE.</u> Defendant has the RIGHT and duty to object to filings of the plaintiff, as the defendant also has <u>a RIGHT to file Responses to</u> filings of the plaintiff.  In document 47 the defendant files a written OBJECTION, <u>pointing out the irrelevance</u> of the plaintiff's filing of "certificate of good standing".  The point is well settled within the Local Rules

of the Court, the "certificate of good standing" is a document which is not required by the Local Rules, it is only **proffered by the plaintiffs to somehow distract the Court's attention from the fact Michel filed a materially misleading false motion in document 24**, claiming to have verified document 24-1 as "true and accurate" when in fact document 24-1 an affidavit is NOT true nor accurate at all.  Larry Michel's inclusion of document 47, as a document PRO SE defendant should not have filed, claiming the defendant has no right to object is **absurd.   Michel is essentially directly stating that the Local Rules of the Court are irrelevant.**

11. **Larry G. Michel and his "partner in deception" are caught red handed filing a false, untrue, inaccurate and certainly perjurious affidavit document 24-1**; Mr. Michel simply files a "certificate of good standing", which is only good on the day of issue, claiming it should replace the RULES of the Court and the Court should simply ignore the perjury of Craig Brand and the false statements of Michel in motion document 24 and 24-1.  Mr. Michel's **unconscionable and grossly unprofessional** actions having not "verified" the underlying affidavit in 24-1 as "true and accurate", caused a motion in reconsideration under Rule 72 to be filed so that the untruthfulness of the affidavit would be reviewed.  IF not for Mr. Michel's unprofessionalism and direct in writing lies to the Court as is evidenced by the exhibits presented and facts regarding the untrue, materially misleading affidavit of Craig Alan Brand filed in document 24-1, the need to attempt to file a "certificate of good standing" good for just the day its issued would not be an issue. Objecting to Mr. Michel's attempts to dispense with the fact he filed Craig Brand's inaccurate, UNTRUTHFUL affidavit riddled with PERJURY, is not only the right and dutiful RESPONSE of the PRO SE but **Michel's assertion to the Court it should ignore**

**its own rules, demonstrates clearly the reason Michel's behavior must be reported to the Federal Bar and State bar for investigation and disciplinary actions AND should be dealt with for "sanctions" here, now that the PRO SE defendant is aware that the parties can seek "sanctions" for the attorneys MISCONDUCT at bar.**

Evidently as Craig A. Brand states in his book **"truth asserted is irrelevant"** this is exactly what Larry G. Michel wants the Court here to do, is to ignore the deceptive, materially false and misleading affidavit filed in Larry G. Michel's motion to admit Craig Brand, and instead lean upon a certificate of good standing which was only good the day it was issued. Why should the Court have any rules at all, if the Rules are immediately discarded in lieu of some other action, **when the bar licensed attorneys are caught "red handed"** filing a false, untruthful AFFIDAVIT, when bar licensed attorneys are caught LYING on AFFIDAVITS? The real issue and question here is, for the public at large, IF the rules of the Court are so flexible for attorneys when they violate the rules, but so stringent for the pedestrian proletarian class US Citizen HOW then does the proletarian have faith in the justice system and feel substantial justice can be delivered, or is it manifest injustice that attorneys can bend and break all the rules of the Court, whether they are Local, Federal or even the Rules of Professional Conduct. It is the impression of the public at large that the Courts have rules and when attorneys break and violate the rules consistently with impunity the trust in the Judiciary is forever tarnished.

12. In document 48, PRO SE Defendant has a RIGHT to respond to filings of the Plaintiffs. PRO SE defendant RESPONDED and joined plaintiffs to take judicial notice as the affidavit of NeJame supports PRO SE defendant's assertion that Craig Alan Brand LIED

and committed further perjury in the affidavit at 24-1(7).  **Specifically NeJame's**

**declaration** <u>**supports the fact Craig Brand had bar complaints filed against him.**</u>

13. Document 49, again is a RESPONSE, to a filing by the Plaintiffs.  It is a REPLY, specifically a sur-reply to the plaintiffs Opposition to a motion for reconsideration under Rule 72.  Litigants have presumed basic due process rights to file responses, replies to filings made by the opposing party.  It is especially important for litigants to file a reply, response when plaintiff is so egregious, wherein **Larry Michel asks the Court to ignore the Court's own rules, in lieu of some alternative in order to hide, mask and conceal the false statements he himself made in document 24 in support of PERJURY** in document 24-1. Defendant is Pro Se and did not realize defendant should be filing for "Sanctions" against the plaintiffs, for their flagrant abuses of process.  Certainly the defendant shall not simply object or file responses in the future but file for "sanctions" against the plaintiffs and does so now.   Michel's flagrant abuses to due process and certain woeful repetitive unjust INTIMIDATION of opposing party not to file lawful responses to filings should be a sanctioned offense.  Especially when the defendant is seldom even notified of filings made by plaintiffs as they continue to attempt to make "secret filings", only filing to the Court and not delivering to the defendant as required by Rule 5.  Mr. Michel has purposefully, maliciously, against the interests of justice refused <u>to deliver to the defendant ALL the filings he makes to the Court</u>, in effect attempting to have SECRET EX PARTE communications, see OBJECTION in Document 42.

14. Document 50, is necessary as the defendant was blind sided by a ridiculous "protective order" served on the defendant in Oklahoma, just prior to a probable cause hearing, where CHAD MITCHELL KOEHN's coconspirator in COLLUSION Cynthia D.

Blanchard was testifying under oath. The legal shenanigans of the woefully false and certainly perjurous filing made by Chad Mitchell Koehn, obviously under advice of Larry Michel and Craig Brand, who are both listed on Koehn's affidavit, is for no other purpose than harassment and to incite further litigation and costs to the PRO SE defendant. Craig Brand is organizing a massive effort against the PRO SE defendant, as evidenced by the filing necessitated by Craig Brand's attempted FRAUD and Certain deception in sending a return email from [craig.brand@herasoft.com](mailto:craig.brand@herasoft.com) attempting to trap the defendant into violation of another order **demonstrates just how far these "shyster" attorneys will go to misuse and abuse the legal system.** The filing by Chad Mitchell Koehn is riddled with false slanderous libelous statements, it will be litigated all the way through trial and now will cause many other legal filings and litigations. The filing is for no other reason than harassment and to pull the defendant in other directions than resolutions of current legal matters. This is the precise sort of legal shenanigans which Craig Alan Brand is well known. The PRO SE was served the ridiculous no contact order citing all sorts of "sexual" prohibitions between PRO SE defendant and Chad Mitchell Koehn. **Chad Mitchell Koehn's affidavit contains proof positive of collusion, conspiracy in predatory financial fraud** and certain predatory collusion against "significant equity interest" holders of stock in various companies. Chad Mitchell Koehn's outside litigation tactic with his no contact order stating among other contact the defendant "shall not commit or attempt to commit a nonconsenual sexual act against (Chad Koehn)" AND "shall not commit or attempt to commit a sexual act against (Koehn) by force, threat of force, duress, or when the protected person (Chad Koehn) **is incapable of giving consent**", is ridiculous. PRO SE defendant and Chad Koehn have NEVER engaged in

any sexual interaction. PRO SE defendant has NEVER been to Kansas, and has NEVER met Chad Koehn in any forum, nevermind sexual acts, EVER. Chad Koehn is the plaintiff here in this FEDERAL COURT, represented by counsel. Defendant has no interest in ever speaking with, meeting, laying eyes upon, Chad Koehn in any sense other than under direct cross examination during Trial by Jury, and probably a few weeks of depositions eventually, and possibly a few weeks or months of depositions under 30b(6) if Chad Koehn is the designated person for any of the companies:

   a. United Capital Management of Kansas Inc., KOEHN PROPERTY AND DEVELOPMENT, LLC; 1 KOEHN FARMS, LLC; IQUAD, LLC; UNITED CAPITAL INSURANCE; Anthem Holdings Company; Hera Software Development Inc.; UNITED CAPITAL TRUST; Anthem Gold; Hercules LLC; AG Herc Inc; Anthem Vault Inc; UNITED CAPITAL GROUP OF COMPANIES; KOEHN RANCH TRUCKING; HERC Crypto; Anthem Hayek LLC; UNITED CAPITAL FARM MANAGEMENT; DUSTY FARMS LLC; ANT HOLDINGS; KOEHN-BUSCH, LLC; PEEK SHELTON KOEHN, LLC; AHCRE LLC; SANTA FE I, LLC; Hera Labs; HeraSoft; Sportsology Inc; NORTON FRIENDS, LLC; BLANCHARD Family Office (Alexandra Lesia Blanchard etAL.) etc. etc. (certainly not a complete list).

As soon as the defendant has all the paperwork from the ridiculous claims of Koehn in his protective order filing, the PRO SE defendant will promptly file them all in every Federal and State Court docket involving Chad Mitchell Koehn. Defendant informs the Court the defendant has ZERO sexual interest or any other interest in speaking with or knowing Mr. Koehn in any fashion apart from extensive litigations. PRO SE defendant has NEVER been to Kansas, has no family or business in Kansas, never wants any sexual contact with Chad Mitchell Koehn, no matter what delusional fantasies Chad Mitchell Koehn has regarding sexual trysts with the Pro Se defendant. Obviously given Mr. Koehn's no contact order filed a year after his last contact with the defendant, the defendant now revokes all Rule 408 notices (not that attorneys for Koehn ever bothered to even respond), and due to the no contact order defendant specifically states no

==================================================================================
OBJECTION to illegally filed motion with preliminary Response in Opposition doc. 54        - 10

documents, notices, motions or pleadings filed are directed to be given to Koehn as the no contact order also requests no communication direct or indirect <u>or through any other person,</u> therefore it is specifically requested no pleading of any kind or nature be provided to Koehn and no communication be considered to be a request or inference for any communication to Koehn. These matters here and in all other Courts shall be settled by Trial by Jury.

15. Larry Michel's claims that defendant should not be allowed to file supplemental EVIDENCE is ridiculous and against the interest of substantial justice, in regards to document 51 through 51-6. PRO SE defendant having filed a reconsideration motion (appeal) regarding Craig Alan Brand, the first and only opportunity in writing the PRO SE defendant had to file a written objection to the FRAUDULENT, UNTRUTHFUL affidavit of Craig Alan Brand document 24-1; presented by Michel falsely in document 24 stating he had "verified that the information contained in the affidavit is true and accurate." The overwhelming evidence via exhibits, news articles, court filings, even the plaintiffs own submission of NeJame declaration proves Craig Brand LIED in the affidavit at doc. 24-1; PRO SE defendant has a RIGHT and DUTY to file evidence.

In sum Mr. Michel now seeks unlawful and unjust financial punishment against the defendant for advocating for himself, strongly and with the preponderance of the evidence, given the unethical, immoral and certainly at times illegal actions of Larry Gene Michel and his cohorts. IF not for the ethnic slur hurled in the originating petition and refusal to obey the basic and fundamental rules of civil procedure at bar, this matter would already have a properly filed Motion for Stay pending resolution of the directly related parallel criminal matters. Instead Mr. Michel seeks more criminal matters under false pretenses with false swearing, as shall be evidenced when the perjurious affidavits of CHAD MITCHELL KOEHN are fully ascertained,

together with the sworn oral testimony of co conspirator Cynthia D. Blanchard, and all other

reports are made public here and in court filings around the United States.   It is <u>Chad Mitchell</u>

<u>Koehn's conspiracy in predatory collusion</u> against stock holders and whistleblowers which is the

proximate cause of the consternation here.  It is the unethical actions of Mr. Michel and his

"partner in deception" Craig Alan Brand and their cohorts which have caused a number of

dutiful filings.  IF Mr. Michel had only set forth in his representation in an honest, above board

and certainly professional manner, following the Local Rules, FRCP, Rules of Professional

Conduct and truly "verified" the affidavit of Brand in 24-1, many filings would have been moot.

<u>The facts are the facts, Mr. Michel, operating against the interests of justice, in violation of the</u>

<u>Federal Rules of Civil Procedure and against the tenants of the Rules of Professional Conduct</u>

**committed a number of violations and unethical actions** all of which are the proximate cause

of the PRO SE defendant's vigorous limited self representation.

      Michel's motion for sanctions is unwarranted, abusive and seeks to punish the PRO SE

defendant due to socio-economic conditions.  The socio-economic condition of the defendant is

caused in large part to the many years long ongoing organized RICO attacks of the "gang" which

Chad Mitchell Koehn is a member, if not the mastermind, thus so attached as to pinkerton

protocol.  IF not for the fact PRO SE defendant, cannot access "significant equity interest" due to

the "smurfing" and materially false representations of Chad Mitchell Koehn and his co

conspirators, and their levying of false charges and fraudulent police reports, and Chad Mitchell

Koehn's latest affidavit of claims in Saline County, Kansas, requiring more lawyers to fend off

the false charges, the defendant would be in a better financial position to find reasonable legal

representation.  The defendant has dutifully been attempting to find reasonable representation at

$50/hour or so maximum, but the least expensive attorney the defendant has found is $250/hour

and <u>the defendant must be afforded the right to first use money for criminal defense attorneys,</u> <u>against the false charges, before using money for civil litigators in this frivolous matter</u>. It is the co-conspirators of Chad Mitchell Koehn in <u>collusion of financial predatory practice</u> who are <u>collectively bringing the false criminal charges,</u> all of these actions are intertwined, are parallel, all aimed making the Pro Se defendant penniless. Mr. Michel's and his vast team of purported licensed lawyers now representing nearly half a dozen self-proclaimed large law firms with unprofessionalism, woefully negligent in their representation, creating general chaos in the litigation included without limitation:

1. Name calling (or gross wanton negligence if the Court believes his "error" and "Fail")
2. Failure and refusal to obey FRCP under Rule 7.1 PRIOR to any pleading being filed
3. Woefully incomplete and repetitive filing of rule 12(f)(2) motions without specificity and statements he will not burden the Court with the Specificity required by the rule
4. FALSE declaration as having "verified" an important and only affidavit filed to date as to "truth" and "accuracy" document 24-1 which Mr. Michel claims to have "verified" and as the record dictates via proof positive, beyond a reasonable doubt Mr. Michel made no "verification" of the affidavit, and instead seeks for the Court to simply overlook the fact the affidavit is FALSE, UNTRUTHFUL, DECEPTIVE and Materially Misleading
5. Even in Mr. Michel's submission of a declaration of NeJame, the declaration itself further proves the untruthfulness of document 24-1 affidavit of Craig Alan Brand
6. AND last but not least Mr. Michel's mischaracterization of pleadings in order to prevent defendant from filing responses and replies to filings plaintiff makes

PRO SE defendant quotes Craig Brand's: <u>"I don't care what mom says: LIFE SUCKS!"</u>

"wham, you are in court and **the accused must go through a long, lengthy, tiring, <u>stressful and expensive process</u> merely to prove his or her innocence**. In spite of what you have read about our system of justice, **we are all guilty until proven innocent, and <u>we are all innocent until we run out of money</u>**. Most falsely accused

people <u>wind up paying some form of legal extortion</u> just to get out of the drama. **The bad guys and their shyster lawyers know it**." page 97

Obviously Larry Gene Michel and Craig Alan Brand and their cohorts are the <u>**shyster**</u> [SHYSTER = a person, especially a lawyer, who uses unscrupulous, fraudulent, or deceptive methods in business] lawyers Brand is speaking of in his book. The "bad guys" are Koehn and those he is colluding with, and now Michel's filing for sanctions is an attempt to get the defendant to pay "legal extortion" but <u>Michel seeks to have the Court ORDER the extortion</u> of the defendant and prevent the <u>defendant from constitutional right to self-representation</u>.

*"I [Craig Alan Brand], for instance, <u>have championed the art of disinformation. **I intentionally provide people with false information..**</u>"* page 118. **[EMPHASIS ADDED]** "I intentionally provide people with false information"

*Northern Illinois Telecom, Inc. v. PNC Bank, N.A*., examined the technical aspect of Rule 11(c)(2), which, as the court majority explained, "requires a party seeking Rule 11 sanctions first to serve a proposed motion on the opposing party and to give that party at least 21 days to withdraw or correct the offending matter. Only after that time has passed may the motion be filed with the court." Wherein now the 7th Day of April 2022, begins said clock of 21 days.

*"*To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." Obviously said notification must have specificity, unlike the non-specific language used by Michel, wherein he expects BOTH the

Court and the PRO SE defendant to become "Mind Readers" and guess as to what it is Michel is complaining, as he directs his incongruous statements at virtually every filing of the PRO SE.

"[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Foltz, 331 F.3d at 1136; see also Phase II Chin, LLC v. Forum Shops, LLC, 2010 WL 2695659, at \*2 (D. Nev. July 2, 2010)* **("The mere suggestion that embarrassing allegations . . . might harm a company commercially if disclosed in publicly available pleadings does not meet the burden of showing specific harm will result.")**

WHEREAS here the opposing counsel has continually REFUSED to return phone calls, refused to answer electronic mail correspondence, refused to respond to attorneys seeking to possibly represent the PRO SE, refused to respond to mediators and even has REFUSED to answer formal written letters, or Rule 408 pleas, all whilst simultaneously filing papers and pleadings with the Court and NOT delivering the same to the PRO SE.  Now the opposing counsel seeks to eliminate all procedures of law formally, wherein opposing counsel has been abusing the Pro SE defendant since the onset of the litigation, where counsel has even claimed he did not proof-read the petition in the matter, as his excuse for use of a racial SLUR of HATE.

"We recognize that almost any legal action is, in some way, intimidating. Such intimidation is inherent in our adversarial legal system and is generally not sanctionable, so long as the intimidation is a collateral effect of a party's legitimate attempt to vindicate a legal right. The spectre of sanctions arises when intimidation is no longer a collateral effect. Thus, where a party brings an action or makes a filing primarily to intimidate the opposing party, such an action or filing is improper and runs afoul of Code."  For example when Michel etAl uses racial SLUR in the petition, refuses to comply with FRCP, motions to strike every filing, refuses to send

copies of filings to the PRO SE, files an affidavit he knows was never "verified" and is found to be inaccurate, untrue and utterly false, seeks to file frivolous criminal charges, files for extrajudicial orders and makes claims of needing protecting from having sex when "incapable of giving consent", knowing the PRO SE has NEVER had sex with Chad Mitchell Koehn and knowing the PRO SE has NEVER been to Kansas. Conspiring with others in COLLUSION to overwhelm the PRO SE defendant having the need to defend simultaneously in half a dozen different Courts. Threatening expanded and add additional litigation to the half a dozen simultaneous legal issues, threatening criminal charges in half a dozen different states. Making reference in open court to "false reporting" to SEC and FINCEN etc. etc.

Cases on "substantial compliance" with the warning-shot requirement began with *Nisenbaum v. Milwaukee County*, "where we concluded that where the failure to satisfy the warning-shot requirement was only "technical," the moving party's substantial compliance with the warning-shot requirement entitled it "to a decision on the merits." In *Nisenbaum*, there was substantial compliance with Rule 11 because the defendants sent a letter—rather than a motion that explained the grounds for sanctions and provided more than 21 days to remedy the problem". ONCE AGAIN Michel refuses to provide specificity as to line numbers and page number of which pleadings he seeks to strike or otherwise complain, in effect once again stating he will not burden the Court of PRO SE with the specificity as the rules and law require. PRO SE defendant therefore once again raises the issue of Rule 12(e) as to all of which Michel complains and thus would reincorporate those case precedents found in Document, number 17:

Defendant's First MOTION for definitive statement under Rule 12(e)

In *Matrix IV[, Inc. v. American National Bank & Trust Co. of Chicago*], the moving party similarly sent a letter that explained the grounds for the sanctions and informed the opposing

==================================================================

party it would seek Rule 11 sanctions if the claim were not dismissed voluntarily. The letter explicitly asserted it served "as notice" of the party's intention.

The legal problem is that the substantial compliance theory we adopted in *Nisenbaum* stands alone and is difficult to reconcile with the explicit requirements of the Rule and the clear explanation from the Advisory Committee. No other circuit has adopted this approach. See *Penn, LLC v. Prosper Business Dev. Corp.*, 773 F.3d 764, 767–68 (6th Cir. 2014) (reviewing circuit split: Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Circuits have rejected "substantial compliance," and only Seventh Circuit has adopted it). Other circuits have been highly critical of the terse treatment of the issue in *Nisenbaum*. As the Ninth Circuit explained in *Barber v. Miller*, "warnings were not motions" and "the Rule requires service of a motion." The 1993 amendment "deliberately imposed" the requirement of service. *"It would therefore wrench both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion."* Here once again Michel provides NO specificity as the rule would require and any reasonable person would expect, Michel simply seeks to ban, strike, conceal, hide and otherwise remove every filing made by the PRO SE defendant, all whilst Michel and his vast legal team bombard the PRO SE with filings here and in other Courts.

Parties often try to use the existence of a protective order, as now applied for by CHAD MITCHELL KOEHN, claiming among other things protection against SEX with the defendant and demonstrating a worry that CHAD MITCHELL KOEHN will inadvertently agree to SEX with the pro se defendant that has NO INTEREST whatsoever in any "tryst" with CHAD MITCHELL KOEHN, who has obtained order protecting against SEX when CHAD MITCHELL KOEHN is "incapable of giving consent". Any claim by plaintiffs as a basis for maintaining confidentiality once a document or claim is introduced or attached to a motion or notice becomes moot as they violate this already. This kind of "bootstrapping" is contrary to law and should be opposed. *See Foltz, 331 F.3d at 1127-29, 1139* (reversing district court's sealing of court records

===============================================================================

pursuant to confidential settlement, notwithstanding fact that parties had stipulated to protective orders). Likewise the repetitive litigation strategy of Larry G. Michel since his first pleading made in repetition demonstrating woefully deficient specificity as the law requires, made again and again prior to Larry G. Michel's compliance with Federal Rules of Civil Procedure, for example refusal to comply with FRCP Rule 7.1(b) demonstrates clearly the strategy of the plaintiffs to improperly seek to "STRIKE" the entirety of any motion, notice or other document, exhibit or pleading and most likely an answer as well that the Pro Se Defendant makes at bar. Michel's continual repetitive woefully incomplete and deficient Rule 12(f)(2) motions and now demands to essentially strike from the record the entirety of every pleadings of the PRO SE is to effectively seek to "seal" the entirety of the public proceedings in violation of the First Amendment, in violation of the very principles of litigation within the Federal Courts. Michel seeks to unilaterally demand as no Court has ever done that the PRO SE has no rights and the Judiciary Act and Article III of the US Constitution should be thrown out with the bath water, this is not the intention of the Courts *Hollingsworth v. Perry, 130 S. Ct. 705, 712 (2010)*

As Michel seeks in favor of his misguided litigation strategy to prevent any truth or justice other than the truth he himself believes as a blind follower of Craig A. Brand's cult of those who espouse the belief "LIFE SUCKS", as Larry G. Michel ``sponsored'' the "partner in deception" and worships at the altar of Craig Brand and their collective beliefs as is his religious right. None-the-less the words, beliefs and actions speak louder than any reasoned argument by the PRO SE, could ever explain, given the obvious and evident beliefs contrary to the rule of law, precedents of the Courts, intention of the Constitution, the Judiciary; the PRO SE presents here and now from Craig A. Brand's "bible" of life "I don't Care what Mom Says: LIFE SUCKS":

"I [Craig Alan Brand], for instance, **have championed the art of disinformation. I intentionally provide people with false information..."** page 118. [EMPHASIS ADDED]

"... maybe a little vigilante should be permissible." id. page 96

**"Today's legal system protects the wicked and taxes the innocent."** id. Page 26

"All that is required is the mere filing of a legal document called a "complaint". Then, wham, you are in court and the accused must go through a long, lengthy, tiring, stressful and expensive process merely to prove his or her innocence. In spite of what you have read about our system of justice, **we are all guilty until proven innocent, and we are all innocent until we run out of money [Emphasis Added].** Most falsely accused people **wind up paying some form of legal extortion just to get out of the drama. The bad guys and their SHYSTER [EMPHASIS ADDED] lawyers know it.**" id. page 97

"**Lady Justice is not only blind but corrupt and susceptible to biased pressures.** The legal system, different than a justice system, **works best for the wrongdoers, liars, extortionists, blackmailers, the wealthy, criminals and the insane.**" id page 98

"We need desperate ways to right wrongs, as our system does not work. We should not be limited to supposed help from others or the so-called justice system, especially when Life didn't provide us with sufficient resources to utilize those routes or wait them out." id Page 26

"Lady Justice is truly blind, **blind to justice.**" id. Page 26

"If the **justice system does not work** or **does not work for those short of money**, it is a travesty that our society does not allow you to take control over your own problems." id Page 27

"Right, wrong, yes, no, questions, and answers are all blurry. Laws no longer provide justice." id Page 141 [As Larry Michel has proven by his actions at bar not only do "laws no longer provide justice", but Michel no longer follows any of the RULES of the Courts and thus expects the Courts to no longer follow its own rules, procedures and change them at will to him].

. "Life contains more bad, evil, and unfairness than it does goodness and justice, so accept this and face reality." id Page 145 [it is exactly this that Larry Michel's illegal motion for sanctions seeks to force upon the PRO SE defendant in this matter; "bad, evil, and unfairness"]

===============================================================================

**"The truth asserted is irrelevant.** People just love to believe the story, the lies, and the gossip. If the lie is said and repeated, **it must be true.**" id Page 16 [Michel as the loyal sponsor and worshiper of Brand's preaching, now seeks to thrust upon this Court that **"TRUTH asserted is irrelevant"**, and the PRO SE should be banned from presenting PRO SE in the interests that Michel has in suppressing the truth as his belief "Lady Justice is truly blind, **blind to justice.**"].

"**Money** and opportunity can turn even the holiest of priests into **self-motivated liars, connivers, and criminals.**" id. page 122 [As the record so indicates there is no doubt to the level of "CONNIVER" meaning COLLUSION, between the "partner in deception" and his "sponsor" loyal follower and worshiper of Brand's preaching of distrust and condemnation for the American Judiciary and the rights and rules conferred in seeking justice].

It is evident and shall become obvious to all, when the plaintiffs are actually informed of any settlement offers under Rule 408 previously made and now revoked, that the plaintiffs have never been consulted, this will eventually demonstrate further clear violations by the counsels representing the plaintiffs that they unilaterally only seek to further line their own pockets for pecuniary gain expanding the litigation. The attorneys in representation of the plaintiffs seek not the prompt resolution of the matter at bar, but seek instead to drag out their "billable" hours by arguing over the smallest of issues and purposefully creating additional consternation and untoward delay, as it is well settled the longer the consternation continues the more billing the attorneys are able to create. The attorneys it shall be found are deliberately violating Rule 1.2(a) - Scope of Representation and Allocation of Authority Between Client and Lawyer. "[A] lawyer shall abide by a client's decisions concerning the objectives of representation . . . . A lawyer shall abide by a client's decision whether to settle a matter." This shall become more than evident as the matter proceeds, unless of course CHAD MITCHELL KOEHN and the co-plaintiff which

================================================================

CHAD MITCHELL KOEHN claims publicly to have a direct conflict of interest with United Capital Management of Kansas Inc. has given the charge to the attorneys to "bankrupt" and "obliterate" the Pro Se defendant as is the statement of the opposing counsel. What Larry G. Michel now seeks is to "obliterate" the PRO SE Defendant by demanding the PRO SE spend more money in more directions whilst he lays in wait with more bogus criminal charges ensuring the PRO SE has not the funds to defend any new BOGUS charges and more perjury and lies, as the conspirators in collusion seek to imprison the Pro Se and finish the job murdering the PRO SE defendant. Larry G. Michel's conduct in filing the improper motion when motion practice is barred by the Court demonstrates clearly where Larry Michel believes the Court and the Judiciary is reserved ONLY for an elite class of society, where the Court has become controlled not by the PEOPLE which consent to be governed. The Court is controlled by lawyers members of a secret and elite class above the pedestrian layman native born american, this is inconsistent with the US Constitution, and inconsistent with all Natural Law rights and the intention of Article III inclusive of the US Constitution and the Judiciary Act, signed into law in 1789; Michel seeks to abuse the pedestrian proletarian denying the citizenry access to the Courts and access to fair, balanced judicial review, as Michel does so herein the matter at bar as is well articulated by his attempts to hide and otherwise conceal the injustice he himself has caused in Document 24, wherein Michel certainly did not "verify" as "true and accurate" the affidavit submitted in Document 24-1, which is of course as well pleaded with exhibits demonstrably FALSE, UNTRUE, INACCURATE collectively PERJURY and FRAUD upon the Court. IF not for Michel's unprofessionalism, blatantant and regular violations of the Federal and Local Rules those of Professional Conduct, **the matter would be already resolved.**

Rule 11 is "aimed at curbing abuses of the judicial system." *Cooter & Gell v. Hartmarx Corp., 496 U. S. 384, 397 (1990).* Wherein the defendant now SEEKS Sanctions against the plaintiffs for their signatures under "Certificate of Service" for the filings they have made to the Court which they have purposefully NOT sent to the person of the defendant at the address of record as required by rule and certainly Rules of Professional Conduct. Within sanctions sought the Defendant requests the Court to file with the Federal Bar for disciplinary hearings that attorneys: Larry Gene Michel, Quinn Robert Kendrick and Chris Kellogg have filed certificates of service wherein they have failed the basic requirement to send a copy of what they have filed to the Court, to the person of the PRO SE Defendant, their failure collectively and individually is in violation of all basic tenants of fair and balanced litigation and certainly due process of law. Additionally the Court should seek additional remedial sanctions including the payment of PACER access for the PRO SE and mandating that the plaintiffs pay into the Court fees sufficient for the Court itself to mail via USPS mail to the person of the defendant at the address of record copies of whatever papers, documents, pleadings, motions, or communication of any nature, since the plaintiffs counsel has proven their inability to mail to the PRO SE defendant copies of what they themselves file with the Court. The proponent of secrecy has the burden of proving the need for secrecy especially in their secret communications with the Court ex parte of specific motions and pleadings they file or specified documents. *Cipollone II, 785 F.2d at 1121.*

Whereas additionally the docket and record of the matter certainly demonstrates woefully deficient filings by Larry G. Michel made in repetition for no other purpose but to harass the Pro Se defendant. Larry G. Michel has even flagrantly flouted the Federal Rules of Civil Procedure in his failure (a common theme he proffers excuses to have "ERROR" and "FAIL" in pleadings and the petition) to have filed the required documents required under FRCP Rule 7.1(b) and only did so after the PRO SE defendant had to call out this utter FAILURE to comply with the basic

===============================================================================
OBJECTION to illegally filed motion with preliminary Response in Opposition doc. 54      - 22

rules of the Federal Rules of Civil Procedure. All the while each and every attorney for the plaintiff's have refused any communication, in writing, via telephonic means or via even electronic mail, they refuse reponses by third parties, mediators, attorneys, Rule 408 formal letters, the PRO SE defendant cannot and will not EVER again attempt any form of communication with the plaintiffs counsel outside formal on the record proceedings and filings to the Court, as any other attempt or even a response to an email, letter or phone call (telephonic) would obviously be a trick, deceit and/or deception in order for the plaintiffs attorneys to make some unfounded claim criminal or civil against the PRO SE defendant as the record clearly demonstrates with Craig Alan Brand's purposeful, knowing misleading, fraudulent deception to both the Chambers of Magistrate Judge Birzer and to the PRO SE defendant as well articulated with attached exhibits in Document 52; Memorandum Regarding illegal, materially misleading email by Craig Alan Brand, Ethics & Law Violations OBJECTION to Unethical, Illegal, Immoral, Conduct at Bar by Craig Brand *Rule 5.6(b) – Once public, always public*. IN an ethics opinion the Bar cited: "It would violate Rules of Professional Conduct Rule 5.6(b) for defense counsel to request, as a term of a settlement agreement, that plaintiff's counsel refrain from disclosing information concerning the suit that is public, if doing so would have the effect of restricting the right of plaintiff's counsel to practice law **or the public's right to identify and retain qualified legal counsel.**" An unethical attorney's conduct is of public concern.

Wherein Michel seeks to strike the entirety of pleadings without providing any of the specificity which the law and rules require demonstrates clearly the error in his thoughts that information pertinent to a vast and wide audience should be shielded from the public eye, is improper given the fact he himself authored a petition, replete with RACIAL SLUR, and hurled it into a public forum in the petition and proceeded with contrariety to smear the name of the PRO SE defendant placing information about a parallel criminal matter, of which several charges have been dismissed, even now Michel continues with placement of untrue statements to pleadings when in fact the PRO SE defendant here has yet even been afforded the opportunity to proffer any plea to the Court, having yet to be arraigned for a single charge. To see as Michel

has argued to remove content from the public eye without so much as specificity to precisely what is complained, <u>is to allow as no Court has ever done an attorney to bias the proceedings through nothing more than conjecture, speculation and demanding the PRO SE defendant be banned from any defense</u> and the Court itself become instantaneous mind readers knowing somehow what it is which Michel complains. Once public always public is the mantra of the Federal Courts, to do otherwise is to hide travesty from the public and allow corporations to hide their malfeasances from the public eye. Perhaps there are other victims who need JUSTICE, perhaps even here the PRO SE defendant has a semblance of RIGHTS as afforded ALL native born Americans, or perhaps not as Michel would have the Court believe, without the specificity the rule or law requires, the PRO SE defendant has some basic RIGHT to defense. *Weiss v. Allstate Co. (E.D. La. No. 06-cv-3774)* Showed clearly why exhibits, evidence statements at trial should not remain secretive and must be in the public good for else in *Weiss*, the insurance companies would have been able to hide and conceal in other litigations malfeasances thereby giving prejudice in other litigation involving Hurricane Katrina claims.

One can only guess as Michel would have the PRO SE defendant and the Court necessitate the miraculous art of reading the mind of another to decipher what it is if anything other than conjecture and further deliberate harassment in his unprofessional behavior at bar to date, that Michel complains seeking once again as he has since the onset, of his filings prior to compliance with FRCP, to deliberately seek repeatedly to strike any and all pleadings of the PRO SE defendant. For "embarrassment" to form the basis for a protective order, or provide a reason to "strike" the entirety of a document pleading or motion demonstrates clearly the error in the thought process Michel exudes whilst simultaneously violating Local and Federal Rules and those of Professional Conduct at every turn in the litigation; it must be particularly serious: "to

===============================================================================

succeed, a business will have to show with some specificity that the embarrassment resulting

from dissemination of the information would cause a significant harm to its competitive and

financial position." *Cipollone II, 785 F.2d at 1121-22.* "Adverse publicity stemming from public

reaction to the facts giving rise to liability does not qualify as good cause, even where the parties

stipulate to the entry of a protective order". *See Vassiliades v. Israely, 714 F. Supp. 604, 605 (D.

Conn. 1989).* Here Michel seeks not a protective order to content but has sought a protective

order against contact with the plaintiff and protection against sexual acts in a nonconsensual

manner or that when CHAD MITCHELL KOEHN is "incapable of giving consent" as to state

CHAD MITCHELL KOEHN is often under the influence of drugs or inebriated, yet the PRO SE

defendant has clearly informed the Court and thus Michel himself that the PRO SE defendant has

NEVER EVER had any sexual encounter with CHAD MITCHELL KOEHN, despite whatever

ludicris fantasies CHAD MITCHELL KOEHN has towards the defendant. The PRO SE

defendant respectfully declines any sexual implication which Koehn now makes, the PRO SE

defendant has NEVER been to Kansas has no intention of going to Kansas, has never met CHAD

MITCHELL KOEHN and has no desire to meet CHAD MITCHELL KOEHN. Michel's filing

essentially seeks to ban the PRO SE defendant from mounting a defense, and seeks that

CITIZENS NO LONGER are afforded access to the Courts, seeking that only bar licensed

attorneys who can regularly violate the Rules of the Court are allowed to seek redress by the

Courts. Michel's motion seeks to change Constitutional Rights, bringing up a Constitutional

Question, requiring ratification by the States in order to substantially change the US

Constitution. Michel seeks as no Court has ever done to force a PRO SE to show cause

regarding impoverished state which PRO SE has not claimed as of yet, Michel seeks to strip

from the PRO SE any means to defend against frivolous criminal charges, so Michel can

==============================================================================
OBJECTION to illegally filed motion with preliminary Response in Opposition doc. 54      - 25

unlawfully detain and imprison the PRO SE defendant to finish the job of murdering the Pro Se.

The Court has a variety of rules which the PRO SE defendant is not even aware of, therefore the non-legally educated PRO SE defendant must operate blind as Lady Justice is supposed to be blind to biased interests in matters before the Court. The PRO SE defendant operates according to conciensense logic and reason, none-the-less the supposedly bar licensed attorneys with decades of experience and supposedly know the rules Local and Federal as well as those embodied within the Rules of Professional Conduct continue to flout every rule they can and generally antagonize the processes through deliberate and willful violations. Rule 3.4(f) – protecting other litigants' access to relevant evidence. "<u>A lawyer shall not</u> . . . request a person other than a client to refrain from voluntarily giving relevant information to another party unless: (1) the person is a relative or an employee or other agent of a client; and (2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information." However, here it would appear Larry G. Michel now seeks to force upon the PRO SE defendant additional stresses and attempt to violate long standing Judicial rules embodied in the Judiciary since the signing of the *Judiciary Act in 1789, by then President of the United States General George Washington.*

WHEREFORE, the defendant respectfully requests that if the illegal motion practice of the plaintiffs is allowed, that the motions for "sanctions" be summarily denied, in the interests of substantial Justice and the interests to dispense with the constant barrage of rule breaking, beliefs that "truth asserted is irrelevant", that the PRO SE defendant, be allowed to finally issue motion/answer to the underlying petition and that the plaintiffs be admonished and referred to the Bar for investigation discipline and disbarment, in the interests of substantial justice and the prevention of manifest injustice. As the continued materially false, misleading, attempts by counsel for the plaintiffs to blame shift to the PRO SE, their deliberate cause of additional consternation and untoward delay in the resolution of issues before the Court, as Michel and his cohorts misuse and abuse legal processes, rules, and procedures here at bar and in parallel courts, procedures and processes all to create as much stress, anxiety, emotional distress, harassment,

intimidation, witness tampering, molestation, to create general chaos and increase the scope of litigation and now as Michel exclaims to file even more frivolous litigation as his pecuniary goal is to line his own pockets with as much legal consternation and untoward delay as he and his legal cohorts seek as he says to essentially run up billable hours, by purposefully flouting every rule Local and Federal he can and purposefully muddying the proverbial waters of litigation with Ethnic SLUR, repetitive motions to strike the entirety of pleadings, seek at every turn to deny the PRO SE defendant and the Court specificity as the rules and law require, whilst profounding upon the Court that it "shall not be burdened by specificity", all the while fling false affidavit of perjury, making filings to the Court and NOT notifying the PRO SE defendant.  The actions of Michel etAl as counsel for the plaintiffs in their collective refusal of communication is not only unprofessional but flies in the face of reason and rules of process and procedure; as is the intention of Michel and cohorts to force the PRO SE, as Brand's bible on "LIFE SUCKS" exclaims **"the accused must go through a long, lengthy, tiring, stressful and expensive process merely to prove his or her innocence." id Page 97.**  Where Michel essentially demands the defendant be declared "guilty" thus using another Brand bible "LIFE SUCKS" ideal:  the PRO SE **are all guilty until proven innocent, and we are all innocent until we run out of money [Emphasis Added]." id Page 97** Now Michel seeks as no Court has ever done to force the PRO SE to show cause as to savings and income in order to find any other source to exert more pressures, and costs as Michel and his motley crew have sought in every parallel proceeding and false charge to ensure the PRO SE "run out of money" id page 97.  As the PRO SE struggles to fend off litigation after litigation and false charge after false charge, Michel seeks to discover unethically and against the interests of justice any other means in order to force EXTORTION of the PRO SE, by the might of the Court in order to force another of Michel's

strongly held beliefs in the mantra of Craig Brand: **"Most _falsely accused_ people wind up**

**paying some form of _legal extortion_ just to get out of the drama."** id. page 97  Having the

Court's force the "legal extortion" upon the PRO SE, is misuse of the "Sanctions" within the

Rules, as Michel seeks only selective enforcement of the Rules as he himself has to date violated

many of the Rules and procedures all to the ends of the same "legal extortion" in order to force

upon the PRO SE, as much "drama" as possible.  It is the ideal of Brand, which Michel seeks to

make known to the Court:  "The bad guys and their shyster lawyers know it." id. page 97

**"Today's legal system protects the wicked and taxes the innocent."** id. Page 26   Now it is the

innocent PRO SE defendant who Michel seeks in improper "show cause" to force to accept

**"legal extortion"** against the rule of law and the interests of substantial justice, as never intended

by the Judiciary Act nor the Constitution.  Michel is obviously a believer and worshiper and

sponsor of Brand such believes that:  "**Lady Justice is not only blind but corrupt and**

**susceptible to biased pressures**." id page 98   In his woefully deficient and certainly

misdirected attempts at "legal extortion" at the hand and signature of a Magistrate Judge, Michel

abuses the legal process and systems of law and order flouting each Rule Local and Federal as

the docket so indicates in his **"biased pressures" upon "Lady Justice" as his belief she [Lady**

**Justice] is "not only blind but corrupt"**.  To reward opposing counsel for their obvious and

evident "legal extortion" in the creation of "drama" is for the Court to give into the "biased

pressures" Michel asserts in his woefully misguided and deficient of FACTS, or any specificity

at all in this continuation that he will not "burden the Court" with the specificity required for the

extraordinary relief he now seeks to exert upon the PRO SE defendant. **Michel and his fellow**

**"shyster lawyers know it." id. page 97**.  Believing the Court will be as they pray that "Lady

Justice is truly blind, **blind to justice**." id. Page 26  He seeks the "legal extortion" and to force

===============================================================================

upon the PRO SE additional costs and to seek when the time is not upon the case for discovery

and "show cause" regarding the finances of the PRO SE, as his intention is to use said

information to prevent the PRO SE from legal and lawful defense in frivolous criminal matters

orchestrated by the CONNIVERS of COLLUSION in their predatory devices to wrestle

"significant equity interest" in corporations from the PRO SE defendant, all whilst seeking

unlawful detainments, physical injury and death to the PRO SE defendant, in order to win

without the necessity to litigate in any sense of fairness nor according to the Rules Local, Federal

and Professional Conduct.   Michel and the plaintiffs worshiping at the altar of Brand espouse a

collective belief:  "The legal system, different than a justice system, **works best for the**

**wrongdoers, liars, extortionists, blackmailers, the wealthy, criminals and the insane.**" id

page 98   It is well established in the docket given the plethora of law firms, and "shyster"

lawyers representing the "wealthy" plaintiffs as "wrongdoers, liars, extortionists, blackmailers,

criminals, … insane". id page 98  The PRO SE is only represented by logic and reason, standing

between the PRO SE defendant and resolution are the "SHYSTER" attorneys.  Michel seeks to

eliminate the only basic fundamental RIGHTS embodied within the SUPREME document of the

United States Constitution from access to the PRO SE defendant.  Michel seeks to rip from the

PRO SE defendant the very means and only protection provided by the RIGHTS granted as

SUPREME LAW what is said as "NATURAL LAW" those rights under which since the magna

carta and instilled in the Declaration of Independence, and in each of the Continental Congresses,

and those of the several states, certainly since the signing of the Judiciary Act in 1789, by our

Nation's recognized first President of these the United States of America, the unalienable RIGHT

to present oneself before the Federal Courts and to argue and manage one's own affairs and

causes.  The attempt by Michel in his woefully incomplete and certainly incongruous illegal

====================================================================

motion filed when motion practice has been so suspended by the Court, demonstrates again his willingness to both DENY justice to the parties and seek from the Court <u>as no Court has ever done to strip the PRO SE defendant of whatever Constitutional Rights the PRO SE may have left</u> to defend against the COLLUSIONARY illegal, unethical and immoral predatory conspiracy mounted against him in each misuse and abuse of legal processes to exert "legal extortion" of MONEY, for in the end if this is not about MONEY . . . It is only about MONEY, thus the "legal extortion" Michel now seeks the Court to Order without trial in order to stop the "drama" Michel and his cohorts purposefully create through their own willful, purposeful, knowing, flagrant flouting of the Local, Federal, and Professional Conduct rules against all interests of justice.

This preliminary RESPONSE in OPPOSITION to the ILLEGAL motion practice in violation of Order of the Court, where plaintiffs now seek illegally against Court Orders for "sanctions"  and requesting this notice, response and all other filings as in all previously filed motions and requests, responses, ojections, notices and/or any pleadings whatsoever the Defendant does not waive and reserves all rights as to any available defenses it may assert against the petition.   And so makes this appearance together with all previous filings now before the Court, without voluntarily submitting to the jurisdiction of this Court, as with this and all prior motions and filings are made via "special appearance", as well stated in the "Notice of Removal" in paper 1, filed on 1 Feburary 2022, removing the malicious, frivolous and incongruous petition to this US Federal Court for the district of Kansas.

Respectfully Submitted, this 8th day of April 2022,

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

======================================================================
OBJECTION to illegally filed motion with preliminary Response in Opposition doc. 54      - 30

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per order of the saline county judge hickman. Nothing contained herein this certificate nor in the providing of this document, pleading or any other done now and forever more shall be construed or otherwise believed to mean the PRO SE signed wants, asking nor inferring or implying that any communication whatsoever in any way shape or form be so presented or communicated to the person of Chad Mitchell Koehn, or in any other way for any communication with to or from Chad Mitchell Koehn, nor is this anyway shape or form of seeking to engage in any fantastical sexual relationship with Chad Mitchell Koehn or taking any liberties while Chad Mitchell Koehn is in any way "incapable of giving consent", as PRO SE defendant wants nothing to do with Chad Mitchell Koehn apart from said litigations Chad Mitchell Koehn has initiated and according to his recent filings is initiating along with any others Larry Michel has threatened.

Respectfully Submitted, this 8th day of April 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

==================================================================

OBJECTION to illegally filed motion with preliminary Response in Opposition doc. 54       - 31