# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN** <br><br>          Plaintiffs, <br>     v. <br> Michael Nelson <br><br>         Defendant ;    PRO-Se. | **DOCKET NO.:**    **5:22-CV-04008-JWB-GEB** <br> **CIVIL ACTION** <br> **RESPONSE Memorandum in Support of _preliminary_ Response in Opposition to illegal Motion for Sanctions Document # 54 & 55** <br> **[Jury Trial Demanded]** |

    Defendant, makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of filing preliminary **Memorandum in Support of preliminary Response in Opposition to illegal motion for Sanctions Document # 55**, defendant so herein now alleges and states as follows:

    Defendant is being "bullied" by "shyster" attorneys; [term "shyster" accredited to the _"partner in deception"_ Craig Alan Brand in his book … "I don't care what Mom Says: LIFE SUCKS" page 97]. The term "shyster" means "word for someone who acts in a disreputable, unethical, or unscrupulous way, especially in the practice of law"; https://en.wikipedia.org/wiki/Shyster

    In accordance with _28 U.S. Code § 1654_ the **RIGHT to self representation exists in codified law of these the United States of America.**

    **Unqualified right given by** _Section 272 of the Judicial Code, 28 U.S.C. 394_, to parties in all the courts of the United States to **'plead and manage their own causes personally.'**

    The Court in Faretta relied upon the description of the right in _§ 35 of the Judiciary Act of 1789, 1 Stat. 92_, which states that **"the parties may plead and manage their own causes personally or by the assistance of such counsel…."** _422 U.S., at 812, 95 S.Ct. 2525._ It is arguable that this language encompasses appeals as well as trials, the PRO SE defendant has yet

to file in forma pauperis, although now opposing counsel seeks to unduly, unconstitutionally, illegally force the defendant into a filing the defendant has not the intention at present of requesting.   Nor has the defendant at present requested the appointment of counsel, nor has the defendant a history in the proceeding of not adhering immediately to the orders of the Court, or the rules, whereas conversely the opposing counsel has a demonstrated history in the matter at bar, of BOTH not adhering to the Rules (either Local or Federal) nor Professional Conduct NOR has opposing counsel heeded instructions or orders of the Court as demonstrated by the motion.

    **The venerable tradition of self-representation in legal matters is also embedded in the U.S. Constitution**. Although *pro se* is not expressly covered in the Constitution, <u>courts have held that an individual is legally entitled to self-representation.</u>

    There are a number of reasons why individuals elect to represent themselves pro se. They include the <u>inability to work with reasonably priced legal counsel</u>, and **inability to find legal counsel who is willing to work with an individual, for the reasoned fee for such specialized representation**. There are but just 8760 hours in a year (8766 if leap year math is included as 365.25 days per year), the average worker works 2,000 hours, less than 25% of the year.  If an attorney were to charge $50/hour this would be $100,000 in income, far exceeding the moderate income of the United States and considered more than fair, yet out of the more than 6,000 attorneys in the State of Kansas the least expensive the pro se defendant has discovered is $250/hour plus expenses and charges to receive money, more than 5 times what would be still unreasonable.  The pro se litigant had contacted a number of mediators including Mr. Henry Cox, who came well recommended and respected Mr. Cox contacted Larry G. Michel who refused mediation.  Larry G. Michel has also refused any communication whatsoever with the defendant,

===============================================================================

*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*    - 2

even Chris Kellogg has refused to answer a formal Rule 408 letter, invoking a mutual interest as

both Kellogg and defendant are EagleScouts.  Obviously Kellogg is above the "Boy Scout Law".

While the pro se defendant realizes a number of Constitutional rights appear not to exist

in the US State of Kansas, for example the 14th Amendment has been denied application by

multiple agencies and courts in Kansas.  The pro se defendant believes as a native born

American citizen, the right to self representation is so preserved in multiple due process clauses

of the US Constitution and its amendments, for example Amendment IX **The enumeration in**

**the Constitution, of certain rights, shall not be construed to deny or disparage others**

**retained by the people**.  In more simplistic terms the Ninth Amendment of the United States

Constitution states that **the federal government doesn't own the rights that are not listed in**

**the Constitution, <u>but instead, they belong to citizens</u>**. This means the rights that are specified

in the Constitution are not the only ones people should be limited to; <u>people have the RIGHT to</u>

<u>self representation</u> especially when faced with in Craig Brand's words "legal extortion" id page

97. <u>Larry Gene Michel now wants the Court to impose "legal extortion"</u> upon the pro se

defendant and force the pro se defendant to "show cause" why he should pay more than 5 times

the overpaid price of $50/ hour for legal representation.   The Founding Fathers of these, the

United States of America never intended for the Federal Courts to "extort" money from the

people.  Nor did the founding fathers or the US Constitution envision a system of laws where an

<u>elite society can dictate laws and rules, which they themselves can violate but the people are held</u>

<u>to account for the same.</u>  The right to represent oneself, especially when the plaintiff's are

holding RANSOM through HeraSoft www.herasoft.com and other corporations substantial

equity described by their own corporate counsel as "SIGNIFICANT EQUITY INTEREST" as

===============================================================================

*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*    - 3

defined by NEVADA Law is greater than 10% equity in all classes of stock.  Ergo any "short form" merger is illegal in NEVADA and TEXAS given both require greater than 90% shareholder approval.  Whereas the PRO SE defendant is subjected to certain RICO actions in violation of the laws of several States and Federal law by the predatory collusion amongst the plaintiffs and their attorneys as well pleaded to now under Larry Michel's own hand in Doc. 54.

Request of attorney Larry Gene Michel under: "RULE 83.5.3.1 APPOINTMENT OF ATTORNEYS IN CIVIL CASES: "In those civil cases (other than a habeas corpus action) where a judge appoints an attorney to represent a party, reimbursement of out-of-pocket expenses may be made pursuant to D. Kan. Rule 83.5.3(e)(2). * * * As amended 6/5/95." HOWEVER here the Defendant has NOT requested the appointment of counsel.  Nor did the defendant remove the action via in forma pauperis filing with the Court, instead the defendant dutifully removed the matter to Federal Court using his own US currency, by paying an exorbitant fee of more than $400 USD, post tax US dollars.   "The U.S. Census Bureau lists the annual real median personal income at $35,977 in 2019", this sum is PRE-tax, therefore it is surmised the median income in the United States is approximately $500 per week.  Therefore just to file a case to the US Federal Courts a median worker needs to part with nearly an entire week's income. The Pro Se defendant has done just that in order to remove the frivolous petition to the Federal Court in hopes of fair and equal administration of substantial justice and prevent manifest injustice.  Defendant has since proceeded Pro Se, respecting all Court orders and procedures, **whereas opposing counsel, licensed attorneys have neither respected the Courts Orders NOR respected either the Local or Federal Rules or those Rules of Professional Conduct,** as evidenced by the docket.  Plaintiffs have paid NOTHING to the Court in this matter at bar.

*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*   - 4

The defendant requests as the defendant has previously for a more definitive statement from opposing counsel as to exactly what is complained, thus reincorporating Doc. # 17: Defendant's First MOTION for definitive statement under Rule 12(e) Pro Se Defendant can be afforded the opportunity to correct whatever deficiency exists or issue opposing counsel is complaining.  Pro Se defendant has and continues to follow every Order of the Court, Pro Se defendant is NOT legally educated nor experienced litigator as the nearly half a dozen self-proclaimed large law firms and numerous purported licensed attorneys representing the plaintiffs.  Larry Michel, seeks to obsurfcate the violations to FRCP, Local Rules and certainly the Rules of Professional Conduct he himself has caused, through his woefully inappropriate and unprofessional conduct at bar.  The filings of pleadings lawfully and dutifully filed by the Pro Se Defendant are made in good faith in attempts to defend basic fundamental RIGHTS.  Including among other travesties of justice, racial hate slur in the petition, refusal to obey FRCP under Rule 7.1(b), repetitive harassing rule 12(f)(2) motions without specificity, statements plaintiffs will not burden the Court with the specificity the rule requires, failure to deliver to the Pro Se defendant copies of what he files to the Court, purposeful motions Michel states are "verified" affidavits when in fact are not, see Doc 24-1, purposeful ex parte and extrajudicial harassment.

Defendant believes the pleadings filed comply with Federal Rules of Civil Procedure 11(b)(1)-(4); if the filings of the PRO SE, non legally educated defendant do not comport with the rule cited by Michel, then at the very least Larry G. Michel who flagrantly violates FRCP on a regular basis including in his false statements in document 24 stating he had "verified" the underlying affidavit in 24-1 as to "true and accurate", SHOULD be REQUIRED to provide SPECIFICITY as to Page Numbers and Line Items with phrases which do not comport to the

Rules and cite which rules they do not comport.  Otherwise the Pro Se defendant and certainly the Court are neither mind readers.   The Pro Se defendant submits he will learn and correct.

Is it not incorrect for the Pro Se non legally educated defendant forced by socio-economic conditions caused directly by the actions of the plaintiffs to request that opposing counsel at least state with specificity exactly what phrases, pages and line numbers opposing counsel takes objection to <u>so that the PRO SE defendant can both learn and either mutually agree to remove or can file detailed rebuttal with exhibits.</u>

Apparently Larry Michel seeks for the Magistrate Judge Birzer to exercise discretion under RULE 72.1.1 AUTHORITY OF UNITED STATES MAGISTRATE JUDGES; specifically under 72.1.1(I)(16) as (14) is inapplicable here in this Civil matter.  The defendant does not understand how the Magistrate Judge has unilaterally already declared the matter a "civil rights" matter, as it is the only available relief by which a Magistrate Judge can seek appointment of counsel for a Pro Se litigant who has not sought said appointment under 72.1.1(I)(16):

(16) require compliance with local rules with regard to pro se petitions under 42 U.S.C. § 1983, and enter orders appointing attorneys in civil rights cases; and

Certainly if the Magistrate Judge is considering appointment of counsel, then perhaps appointment of counsel for Larry Gene Michel is appropriate under RULE 83.6.9(a) or (b)(3), whereas Michel has woefully violated so many Local Rules and Federal Rules of Civil Procedure, whereas the PRO SE defendant provides SPECIFICITY: starting Larry Gene Michel's use of "BEAN" to describe and so name the defendant; then Michel purposefully refuses to obey FRCP Rule 7.1(b), repetitively for at least 5 separate motions, before being

forced to comply; then Michel has repetitively filed documents to the Court and REFUSED to send the same to the PRO SE defendant, thus violating due process; then and perhaps most egregiously Michel filed a motion at document 24 stating he had "verified" document 24-1 an affidavit as to "true and accurate" when the affidavit is neither true nor accurate, as well documented, even in Michel's own response filing of declaration of NeJame, demonstrates the untruthfulness of the affidavit at number (7); Michel has directed an onslaught of filings against the Pro Se defendant.  Even the Magistrate Judge had to declare Craig Brand "played fast and loose with number six" of the same affidavit.   If there is a consideration for appointment of counsel then certainly it is Larry Gene Michel that needs appointment of counsel under RULE 83.6.9(a), in the interests of Justice in this and all other matters Michel is appearing at bar.

"The U.S. Judiciary Act, the Code of Conduct for United States Judges **addresses the rights of the self-represented litigant in several places**." *Vol. 2 Ch. 2: Code of Conduct for United States Judges". Guide Judiciary Policy (PDF). 20 March 2014. Retrieved 11 May 2017.*

28 U.S.C. § 1654 provides: ***"In all courts of the United States the parties may plead and conduct their own cases personally*** *or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.**"

According to a 2012 report from the U.S. Courts, 18 of 94 federal district courts authorize use of alternative dispute resolution (ADR) for *pro ses;* however here we have a case where the opposing counsel Larry G. Michel, Quinn R. Kendrick and even Chris Kellogg REFUSE any communication whatsoever with the Pro Se defendant.  The Defendant has reached out several times including in letters under rule 408 and has had a multitude of mediators contact opposing

counsel including with offers for settlement or at least resolution.  The response has been the

opposing counsel seeks to bankrupt, incarcerate and "obliterate" the Pro Se defendant, in one

case it was inferred because the Pro Se defendant was a "WHISTLEBLOWER", which indicates

whistleblower RETALIATION, a Federal Criminal offense.

It is evident based on Chad Mitchell Koehn's recent actions in collusion with his

co-conspirators that settlement at any point will be impossible.  Now Larry G. Michel has

committed so many unprofessional and egregious actions at bar, he seeks to force the defendant

into "legal extortion" to use a phrase from Craig Brands' book "LIFE SUCKS".  The United

States Constitution and the Judicial rules do not condone nor approve of the legal shenanigans

and tactics being employed by opposing counsel, both at bar and extrajudicial ex parte.  No rule,

statute or law permits a litigant to be forced to take on excessive debts to over priced attorneys,

nor does any rule, statute or other legal means allow for opposing counsel to impose undue and

unfair burdens upon a PRO SE litigant wherein opposing counsel continue in the use of ex parte

and extrajudicial intimidation tactics against the Pro Se.  The collective actions by Larry G.

Michel and his cohorts are in violation of the due process rights and collectively violate the

Constitutional RIGHTS of the Pro Se Defendant, as Michel and his vast legal team continue to

flout Local, Federal and Professional Conduct Rules.  Michel and his legal team assembled from

nearly half a dozen law firms depending how the Court views Craig Alan Brands plethora of

associations, incorporations and monikers, including without limitation "The Brand Law Firm",

"Mystic Law PA", "Kennedy Berk", "GANJA Law", "We Don't Blow Smoke" etc. to attack.

The Supreme Court noted that "[i]n **the federal courts, the right of self-representation**

**has been protected by statute since the beginnings of our Nation.** *Section 35 of the Judiciary*

*Act of 1789, 1 Stat. 73, 92*, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment was proposed, provided that **"in all the courts of the United States, the parties may plead and manage their own causes personally**…"

Larry G. Michel has continually violated Local Rules, Rules of Professional Conduct, and even Federal Rules of Civil Procedure, he now seeks sanctions against a non legally educated Pro Se defendant in repetitive fashion without providing any specificity as to exactly what he is complaining nor providing the pro se defendant an opportunity to be heard.  Whilst simultaneously demanding 24 hour response (insanter), and not noticing the PRO SE defendant of the filing and elimination of well settled "safe harbor" provisions afforded bar licensed attorneys.  To say PRO SE proletarian pedestrian citizens NO LONGER have the RIGHT to access the Courts.  The fundamental fairness in litigation and due process rights under the Constitution should be torn up and thrown away according to Larry.  Michel even goes as far as to suggest the Court suspend all safe harbor provisions and <u>essentially execute the pro se defendant</u> and toss all constitutional, legal, moral and ethical rights out the proverbial window, whilst simultaneously having the Court place blinders on with regards to the plaintiffs woefully repetitive violations of Local and Federal Rules and especially the Rules of Professional Conduct.   Larry G. Michel obviously has read Craig Brand's book "LIFE SUCKS" one too many times, wherein **Brand states:  "<u>Lady Justice is not only blind but corrupt and susceptible to biased pressures</u>. The legal system, different than a justice system, works best for the wrongdoers, liars, extortionists, blackmailers, the wealthy, criminals and the insane.**" id page 98  Larry Michel seeks to fully blind the Court and destroy the Court's impartiality in the litigation, Michel's reading of Brand's statements:  **"Lady Justice is truly**

**blind, blind to justice."** id. Page 26; as Craig Brand states:  "Today's legal system protects the wicked and taxes the innocent." id. Page 26; here the PRO SE defendant is truly the innocent WHISTLEBLOWER and obviously as the docket reflects Chad Mitchell Koehn etAl and his gaggle of attorneys from nearly half a dozen firms are the protected "wicked".

    The District of Columbia Court of Appeals wrote that **"private individuals have 'a constitutional right of access to the courts'**, *Bounds v. Smith, 430 U.S. 817, 821 (1977)*, the 'right to sue and **defend** in the courts', *Chambers v. Baltimore & Ohio R.R., 207 U.S. (1907)*

    There are a number of notable cases involving pro se litigants as plaintiffs, however, here the pro se is a defendant who is being "bullied" in virtually every court and legal proceeding imaginable by a gang who are obviously engaged in RICO activities, at the direction of their "partner in deception" who already has demonstrated his deceptive, materially misleading, abuses of the judicial processes beginning with his comments regarding "SEC and FINCEN", continuing with his woefully untruthful affidavit in document 24-1, to his ex parte and extrajudicial intimidation tactics, Craig Alan Brand is one of the masterminds of a massive campaign against the PRO SE defendant WHISTLEBLOWER, who fears he will be killed, as multiple attempts on his life have already taken place at the hands and collusion of the plaintiffs and their co-conspirators.  Craig A. Brand as is well documented as being involved recently with Chad Mitchell Koehn's employee Dale Takio's criminal proceedings where the WHISTLEBLOWER in the $4million theft from Simon Properties Group NYSE:SPG (public company) was found dead (the defendants concern about being killed is warranted).  See Exhibit F, at doc. 51-6: DALE TAKIO Criminal Case - WHISTLEBLOWER Found DEAD   Dr. Julio Perez, Pro Se (District of Southern New York 10-cv-08278) won approximately $5 million in a

===============================================================================

*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*    - 10

federal jury trial from Progenics Pharmaceuticals for <u>wrongful termination as a result of</u>
<u>whistleblowing</u>.  Robert Kearns, Pro Se, inventor of the intermittent windshield wiper won more
than $10 million from Ford for patent infringement <u>Robert Kearns Wipers</u>  The number of PRO
SE cases where CITIZENS were actually allowed access to the Courts goes on and on.

**Edward C. Lawson, an African-American civil rights activist, was the *pro se***
**defendant** in *Kolender v. Lawson* (461 U.S. 352, 1983), in which the U.S. The Supreme Court
ruled that a police officer could not arrest a citizen merely for refusing to present identification.
<u>Pro Se defendants have added substantially to case law and jurisprudence in the United States.</u>

A document filed *pro se* is <u>"to be liberally construed,"</u> *Estelle,* 429 U.S., at 106, 97 S.Ct.
285, and "a *pro se* complaint [pleading], however inartfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers," *ibid.* Cf. Fed. Rule Civ. Proc. 8(f)
("All pleadings shall be so construed as to do <u>substantial justice</u>").

In the interests of substantial justice and to prevent manifest injustice the Courts
generally reviewed **"<u>filings generously and with the leniency due *pro se* litigants</u>"**, *see*
*Erickson v. Pardus,* U.S. 127 S.Ct.  L.Ed.2d (2007); *Andrews v. Heaton,* 483 F.3d (10th Cir.2007)

"The notice and culpability tests are in some sense the opposite sides of the same coin in
this context, for the culpability of a *pro se* litigant for filing a still-prolix amended complaint
depends in great measure on the usefulness of the notice he or she has received from the court
about what is (and is not) expected in … pleading."  **"The same cannot be said of the**
**represented litigant, for we expect counsel to know the pleading rules of the road without**
**being given personal notice of them by the district court. Our concern here is with the pro**

===============================================================================
*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*     - 11

**se litigant unschooled in the law. "** *See Erickson, 127 S.Ct. at 2200; Andrews, 483 F.3d at 1076-78.* HOWEVER, here the PRO SE defendant has been opposed by nearly half a dozen self-proclaimed large law firms, with ample resources, FOUR (4) different lawyers all working against the defendant. None-the-less despite the massive legal team assembled for the plaintiff, the bar licensed counsel should **"know the pleading rules of the road without being given personal notice of them by the district court"**, conversely the PRO SE defendant does not and is learning as quickly as possible and has yet to be given any direction from the Court as to what the defendant has done wrong or what is not permitted by the rules, the Court should have **"concern here is with the *pro se* litigant unschooled in the law"** id. Whereas conversely the role models providing leadership, opposing counsel in this case, continue to flagrantly flout the very rules at bar including Professional Conduct, Local and Federal Rules.

Conversely the counsel for the plaintiffs with their massive legal teams assembled against the PRO SE defendant have provided the leadership (role models) as to what is expected and how justice is performed. Going off the actions of the counsel for the plaintiffs thus far **the PRO SE defendant has learned** the following, absent Court Orders dictating differently:

1. Parties can call people by whatever name you want in legal pleadings including racial and bigot terms, as plaintiff counsel does.
2. Parties can file documents to the Court and not provide them to the opposing party, as done by the plaintiffs in 75% of their pleadings filed.
3. Parties can file repetitive pleadings stating they will not "burden the court with specificity"
4. Parties can attest to "verified" affidavits which are anything but "true and accurate"
5. Parties can file untrue, false, deficient, materially misleading, fraudulent, affidavits signed under the penalties of perjury as plaintiffs have in document 24-1 with impunity
6. Parties can Violate Local, Federal and Professional Conduct Rules with impunity
7. Parties can engage in perjury to exert extrajudicial pressures
8. Parties can deliberately bias the trier of fact with outbursts in hearings and proceedings

The Courts have found it is necessary to provide Pro Se litigants specified Orders, to correct deficiencies **"so that the party does not unknowingly lose its right of access to the courts..."** *Ehrenhaus,* 965 F.2d at 920 n. 3.  Pro Se parties should be allowed the same flexibility with regards to "Rules" as the plaintiffs attorneys are, obviously allowed to flagrantly and repeatedly violate rules and change rules to their liking.  <u>It is increasingly difficult for the Pro Se litigant to follow rules when the rules appear to be changing constantly</u> and the **plaintiffs can violate rules with impunity**, yet seek to hold the Pro Se to the most stringent interpretation of the rules.

In the matter at bar the Pro Se defendant has timely filed objections, with motion for reconsideration, thus appeal to the District Court, and requested said reconsideration for de novo review as entitled and the Courts have generally favored in cases with a Pro Se litigant, per the Magistrate Judges Handbook, Congressional Act and case law.  ESPECIALLY wherein here the Pro Se defendant was summarily denied the opportunity to file formal written objection, the defendant whilst Pro Se none-the-less has basic due process rights in the litigation at bar.  <u>The denial of the due process rights of the defendant to file written objection, demonstrates clear error against the interests of substantial justice.</u>  Now Larry Gene Michel seeks unfair, immoral, and certainly prejudicial sanctions against the interests of justice seeking asking the Judge Magistrate to strike an entire pleading well grounded within the interests of substantial justice in material support of an appeal of the Magistrate Report, Document 51, which is titled in the docket as:  *"SUPPLEMENT to 41 Appeal of Magistrate Judge Decision to District Court".*  Larry Michel requests sanctions and to strike the entirety of the document and its well formed exhibits, filing a request to the Magistrate Judge to effectively eliminate supporting evidence in material support of a motion for reconsideration under Rule 72, in regards to a prior Magistrate

Report/Order.  Michel's request flagrantly violates the fundamental principles of fairness and equity in litigation, and rights to due process under the rules, striking support of an appeal.

Larry G. Michel essentially is requesting the Magistrate Judge strike the entirety of evidence supporting an appeal of the Magistrate Judge's report. Michel files this scurrilous attempt to undermine the very principles of litigation, fairness in review, rights to reconsideration **with new evidence**, rights to appeal, fundamental due process under Constitutional authority, all for the purposes to hide, conceal and otherwise **act with impunity as to the fraudulent statements he himself makes** in document 24 where Michel claimed to have "verified" the untrue, misleading, deceptive, perjurious affidavit in 24-1 as "true and accurate".  The affidavit is neither true nor accurate, as is now well documented in the record.   Michel's own submission of declaration of NeJame, goes to further prove the inaccuracy and untruthfulness of the affidavit in document 24-1 at number (7), without limitation. The people's right to Court access is inviolate.

The rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision. *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988); *see McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983); *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 588 F.2d 24, 29-30 (2d Cir.1978), *cert. denied,* 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979). The Supreme Court upheld this practice, **at least when the parties receive clear notice of the consequences of their failure to object.** *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985).  In the present case, the magistrate's report provided NO Notification regarding appeal, in fact the Magistrate Judge, challenged the Pro Se defendant to "figure it out" and made a statement, the Pro Se defendant is still struggling to understand regarding "stopping this train", "train" appears not in Blacks Law.

================================================================================

SMALL v. SECRETARY OF HEALTH AND HUMAN SERVICES Docket No. 89-6031,892 F.2d 15 (1989) the Court held that a PRO SE that "attempted to locate the specific Federal Rules of Civil Procedure cited at the end of the magistrate's report, none of those rules would have informed [pro se] of the potential waiver of appellate review... **To require a *pro se* … to wade through the case law of this Circuit in order to preserve … right to appellate review <u>would be an unreasonable burden</u>**."

## <u>DISCUSSION and ARGUMENTS on IN FORMA PAUPERIS</u>

<u>The Pro Se defendant has not filed in forma pauperis filing</u> in the matter at bar, conversely the Pro Se defendant was forced by circumstance, to remove the frivolous petition to the Federal Court under the well established Federal Laws regarding Diversity of Citizenship and the amount in controversy and various other Federal Questions as pleaded to in Notice of Removal Document 1.  The amount in controversy was stated by the plaintiffs and therefore, is not an averment of the defendant.  The defendant cited the statements regarding residency of the plaintiff as stated by the plaintiff in the petition.  The Magistrate Judge held a hearing 3 March 2022 and issued an order in document 29, the same day, ordering the defendant to comply with specified statements.  <u>The defendant dutifully and timely complied per the Order, filing multiple filings in order to substantially comply with the orders of the Court.</u>  Upon the filings made by the PRO SE defendant the Court issued an Order document 31, stating in part:  **" The Court FINDS Defendant has now alleged facts sufficient to establish diversity jurisdiction under 28 U.S.C. ยง 1332.** Signed by Magistrate Judge Gwynne E. Birzer on 3/15/2022."  <u>This alone demonstrates clearly the PRO SE defendant has an established history of complying with orders of the Court, timely filing requests of the Court, AND that the Court upon the timely responses of the PRO SE defendant has found the filings of the PRO SE defendant "sufficient".</u>  This demonstrates clearly the Pro Se defendant has taken the matter seriously and has regularly

================================================================

complied with Court Orders, as the Pro Se defendant continues to do so here, where the PRO SE defendant patiently awaits ruling from the Court as to the time to file a responsive pleading (or answer and counter/cross complaints, joinders etc.). The Pro Se Defendant continues to comply with the orders of the Court not to file "motions"/answer until further instructions of the Court. **WHEREAS the bar licensed attorneys have now filed multiple "motions" to the Court in defiance once again of the standing "order" of the Court,** demonstrating clearly there are rules and orders for the pedestrian citizen and there are NO rules or order for licensed attorneys.

Discussion on In Forma Pauperis Filings; this case was removed by the defendant, NOT through the use of in forma pauperis filing, rather the PRO SE defendant PAID with his own money the exorbitant filing fee required to remove the petition to Federal Court. The defendant is hopeful to receive more fair, balanced fundamental rights to due process than the PRO SE defendant could expect and was receiving from the county court. **The RIGHT of the defendant to remove the petition is well settled in Constitutional Authority.** The defendant has neither requested counsel nor filed in forma pauperis request with the Court at this time.

Four contextual features indicate that "person" in § 1915(a) refers only to individuals, the first being the provision of § 1915(d) that "[t]he court *may* request an attorney to represent any such person unable to employ counsel." (Emphasis added.) This permissive language suggests that Congress assumed the court would in many cases not "request" counsel, see *Mallard* v. *United States District Court, Southern District of Iowa,* 490 U. S. 296, 301-302 (1989) (holding that § 1915(d) does not authorize mandatory appointments of counsel), leaving the "person" proceeding *in forma pauperis* to conduct litigation on his own behalf. This assumption reflects a reality well known within the legal community.

Underlying this congressional assumption are probably two others: that the "person" in question enjoys the legal capacity to appear before a court for the purpose of seeking such benefits as appointment of counsel without being represented by professional counsel beforehand, and

======================================================================

*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54* - 16

likewise enjoys the capacity to litigate without counsel if the court chooses to provide none, in the exercise of the discretion apparently conferred by the permissive language. The state of the law, however, leaves it highly unlikely that Congress would have made either assumption about an artificial entity like an association, and thus just as unlikely that "person" in § 1915 was meant to cover more than individuals. It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. *Osborn* v. *President of Bank of United States,* 9 Wheat. 738, 829 (1824); see *Turner* v. *American Bar Assn., 407 F. Supp. 451, 476 (ND Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), affirmance order sub nom. Taylor v. Montgomery, 539 F. 2d 715 (CA7 1976), and aff'd sub nom. Pilla v. American Bar Assn. , 542 F. 2d 56 (CA8 1976).* As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, [*Two federal cases cited, to hold that artificial entities may be represented by persons who are not licensed attorneys: United States v. Reeves, 431 F. 2d 1187 (CA9 1970) (per curiam) (partner can appear on behalf of a partnership), and In re Holliday's Tax Services, Inc., 417 F. Supp. 182 (EDNY 1976) (sole shareholder can appear for a closely held corporation), affirmance order sub nom. Holliday's Tax Services, Inc. v. Hauptman, 614 F. 2d 1287 (CA2 1979). These cases neither follow federal precedent, nor have themselves been followed. See, e. g., Eagle Associates v. Bank of Montreal, 926 F. 2d 1305, 1309-1310 (CA2 1991) (criticizing and refusing to follow Reeves ); Jones v. Niagara Frontier Transportation Authority, 722 F. 2d 20, 22, n. 3 (CA2 1983) (distinguishing and narrowing Holliday's Tax Services )]* the **lower courts have uniformly held that 28 U. S. C. § 1654, providing that "<u>parties may plead and conduct their own cases personally or by counsel,</u>"** does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. See, *e. g., Eagle Associates v. Bank of Montreal, 926 F. 2d 1305 (CA2 1991) (partnership); Taylor v. Knapp, 871 F. 2d 803, 806 (CA9) (nonprofit corporation formed by prison inmates), cert. denied, 493 U. S. 868 (1989); Jones v. Niagara Frontier Transportation Authority, 722 F. 2d 20, 22 (CA2 1983) (corporation); Richdel, Inc. v. Sunspool Corp., 699 F. 2d 1366 (CA Fed. 1983) (per curiam) (corporation); Southwest Express Co. v. ICC, 670 F. 2d 53, 55; In re Victor Publishers, Inc.,* 545 F. 2d 285, 286 (CA1 1976) (per curiam) (corporation); *Strong Delivery Ministry Assn.* v *Board of Appeals of Cook*

*County,* 543 F. 2d 32, 34 (CA7 1976) *(per curiam)* (corporation); *United States* v. *9.19 Acres of Land,* 416 F. 2d 1244, 1245 (CA6 1969) *(per curiam)* (corporation); *Simbraw, Inc.* v. *United States,* 367 F. 2d 373, 374 (CA3 1966) *(per curiam)* (corporation). Viewing § 1915(d) against the background of this tradition, its **assumption that litigants proceeding *in forma pauperis* may** **represent themselves tells us that Congress was thinking in terms of "persons" who could** **petition courts themselves and appear *pro se,* that is, of natural persons only.**  Thus holding to the principle of "natural law" in jurisprudence, the natural native born citizen of the United States as the person of the Pro Se defendant has proceeded at bar with dignity, professionalism, even attempting communication with opposing counsel and filing Rule 408 letters, contacting mediators, seeking reasonably priced counsel, seeking to invoke basic fundamental constitutional rights, has followed all orders of the Court and has continually sought guidance in the Rules, albeit the role models, leading the litigation are the bar licensed attorneys who continually flout the Local, Federal and Professional Conduct rules whilst flagrantly violating basic due process.

The driving force for much pro se litigation is economics. The high cost of legal representation often leads individuals to represent themselves. This trend has been branching out in recent years as legal fees and expenses continue to mount. Courts may even make exceptions to this limitation on occasion when a citizen seeks in forma pauperis status.

*T*he Court on the Judiciary Act, current version of the statute allows for self representation. *Second*, this is a classic example of dicta; in a case about the scope of the Sixth Amendment, the Court made a claim about the meaning of a federal statute, even though it wasn't at issue. *Third*, it was unargued *dicta*; look through the briefs in *Martinez*, and while there were a few references to the statute, none of the parties suggested that courts have the power to regulate or trump the right. *Fourth*, it is unsupported *dicta*; the Court provides no citations or authority for its claim that **federal courts can stop parties from proceeding pro se** [Emphasis Added].   The Pro Se defendant here shall seek proper reconsideration motion on appeal to District Court and where applicable interlocutory appeal to the 10th Circuit Court of Appeals,

===============================================================================

re-hashing at each stage whatever issues are in dispute, and filing of additional exhibits where applicable and necessary the filing of USSC Rule 22 motion with service of process to the Associate Justice for the 10th Circuit, believed to share an equal appreciation as does the Pro Se defendant for "Natural Rights" given every native born American Citizen.

### Discussion on Safe Harbor Provisions

The defendant is proceeding PRO SE, without any legal education, and facing opposing counsel for nearly half a dozen self-proclaimed large law firms with numerous full time attorneys assigned to harassing and intimidating the Pro Se defendant.  The PRO SE defendant is patiently awaiting hearing on the matters so sounded by the Magistrate Judge with regards to specific previously filed pleadings.  The defendant has dutifully filed "appeal" via motion of reconsideration under Rule 72, regarding one of several prior orders.  Now lawyer Michel seeks to prevent the defendant from providing supplemental NEW evidence as the Rules allow and require in motions of reconsideration.  Michel also seeks to unfairly and unduly burden the Pro Se defendant by requesting the Court to waive or otherwise eliminate well established safe harbor provisions of law, and drastically shorten timelines (including "instanter" meaning within 24 hours) case and rule stating *"without the necessity of complying with serving the 21 day safe harbor requirement referred to in Rule 11(c)(2) prior to filing the Motion for Sanctions."* see page 1, paragraph 1 of document 54.  Interestingly Larry G. Michel cites Rule 5, here, yet as the Court is certainly aware now, Michel and his cohorts have continually violated the basic tenets of litigation by making filings to the Court which they do not send to the person of the defendant, see Document 42.  The defendant does not receive electronic notification, nor has the right to file electronically to the Court's docket and is therefore disadvantaged in the litigation.

===============================================================================

*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*   - 19

Michel for the first time seeks to eliminate Rule 5 requirements in writing, whereas in 75% of the prior pleadings Michel and his cohorts have unilaterally declined to mail to the person of the defendant at the address of record the filings they themselves make to the Court, see OBJECTIONS in document 42; OBJECTIONS Defendant Not receiving filings made by Kennedy Berkley Yarnevich and Williamson Chartered  It is essential in litigation, under fundamental fairness and certainly due process of law for the opposing party, even a Pro Se party to receive copies of all filings made to the Court.  To do otherwise is for opposing counsel to have ex parte communication with the court.  The fact as the record so indicates that attorneys with Kennedy Berkley Yarnevich and Williamson have regularly refused and simply NOT mailed to the defendant copies of what they file to the Court, **demonstrates clear ABUSE of process and clear violations to Local and Federal Rules and those of Professional Conduct**.

The defendant has been attacked by the plaintiffs and their co-conspirators both physically and mentally (emotionally) in a host of litigations simultaneously in multiple states and multiple courts, **as they work in predatory COLLUSION** to further the interests of their conspiracy to commit RICO acts.  Certainly overwhelming the Pro Se defendant, who struggles to keep up with all the necessary filings, responses, motions, answers, notices, objections, and other pleadings required by the law, rules and procedures.  The unnecessary delays in the matter at bar are caused directly by the unprofessional, immoral, unethical, sometimes illegal conduct of the opposing counsel, and his massive legal machine assembled, including nearly half a dozen law firms, three (3) full time attorneys, and a host of support staff.  Despite this massive legal machine with dozens of attorneys supporting, three of which are working full time against the PRO SE defendant, opposing counsel has found the time to make racially motivated hate speech,

===============================================================================

*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*    - 20

delay serving the petition for nearly a year, conspire to unlawfully detain the defendant through fraud and perjury, purposefully file documents to the Court and not notify nor send copies to the defendant, file repetitive motions lacking in specificity, purposefully neglect to "verify" affidavits as "true and accurate" see documents 24 and 24-1, generally harass and antagonize the Pro Se defendant.  Opposing Counsel has harassed the pro se defendant with obscure filings, demands, extrajudicial harassment, ex parte communications, tangential frivolous filings in other courts, parallel criminal complaints based on perjury and fraud, persons who claim to be attorneys who are unauthorized to practice law, racial and religious harassment (religious harassment is complained of in separate filing:  Religious Freedom Restoration Act First Amendment Violations ); the actions of opposing counsel has been to create overall general chaos, intimidation, molestation, annoyance, stalking and harassment.   The plaintiffs themselves in sworn affidavits in other courts admit to hiring investigators to STALK, harass and intimidate the pro se defendant, co conspirators have been found to have committed perjury orally and in writing causing unlawful detainments and unsupported felony charges, even resulting in a month of unlawful dangerous detainment of the PRO SE defendant.  Attorney Larry Michel has as the record indicates woefully violated Local and Federal Rules of procedure, flagrant flouting abuses to the Rules of Professional Conduct. **IF not for the bad faith litigation, unethical illegal behavior of opposing counsel unwillingness to respond to communications including written letters, this matter would have progressed substantially towards resolution.**

The Pro Se defendant has never once received a single warning from the Court, nor any order from the Court or the Clerks laying out any deficiencies in the filings made by the Pro Se defendant.  Conversely as the record so indicates the Pro Se defendant has dutifully complied

with each and every order of the Court, **even when opposing counsel has flagrantly declined to obey the same orders**.   The defendant has laid out the reasons for filing each of the pleadings referenced by the plaintiffs in their woefully deficient and misleading certainly DECEPTIVE request for "sanctions".   The Pro Se defendant, not being legally educated, had no idea a party could request "sanctions" and will dutifully look into all the types of filings that can be made asking for "sanctions" and bar investigations of the opposing counsels.   **The defendant apologies to the Court for not requesting "sanctions" against the opposing counsel,** for their flagrant violations of Federal, Local and Professional Conduct Rules.   The defendant had previously believed the defendant only could "object", motion for help from the Court to get compliance with rules by the opposing counsel and of course request reporting to the disciplinary counsel for the flagrant violations to the Rules of Professional Conduct.     The Pro Se defendant shall find time to learn about "sanctions" and where applicable in future filings file for "sanctions" against the immoral, unethical, sometimes illegal actions and behavior of opposing counsel.   In the meantime the pro se defendant would request the Court to Sua Sponte "sanction" opposing counsel regarding filing of false motion in document 24 and untrue, inaccurate, misleading, deceptive, certain perjury in the affidavit in document 24-1; the defendant would also request sua sponte finding that the opposing counsel has violated Local and Federal Rules of procedure by purposefully not sending the pro se defendant copies of the filings made to the Court, see document 42.   The opposing counsel has woefully violated the defendants rights to due process of law, and constitutional rights at numerous times in the pleadings they have filed to date.   The Pro Se defendant notes Michel seeks to impose sanctions on filings from nearly two (2) months in the past, therefore the Pro Se Defendant would like the same opportunity to seek

===============================================================================

*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*     - 22

sanctions against the opposing counsel since the beginning of the litigation as this is what

Plaintiffs seek against the Pro Se defendant.

The unnecessary delays in the proceedings include the unconscionable use of racial

SLUR in the petition.  Deliberate attempts by opposing counsel to file documents, motions, and

other pleadings to the Court which they themselves consciously and deliberately do not send to

the Pro Se defendant.  Purposeful repetitive woefully incomplete motions which do not include

the specificity as the Rules require.  Knowing and willful refusal to follow FRCP, for example

refusal to comply with FRCP Rule 7.1(b).  Purposeful filing of false testaments in motions for

example the fact Motion at document 24, was obviously never "verified" as the affidavit in 24-1

is neither "true nor accurate".  Harassing the defendant through UCE (unsolicited commercial

email).  Purposeful misleading email addresses, headers, attempted fraud as well documented in

document number 52 Memorandum materially misleading email by Craig Alan Brand Ethics &

Law Violations OBJECTION and associated Exhibits A through Q.   The plaintiffs continue with

causing complete chaos, purposeful refusal to communicate as they did for nearly a month prior

to recognizing removal of the action to Federal Court and agreeing to an extension to file a

response to the petition.  Then in sneaky underhanded fashion they filed document 24 and 24-1

in violation of the Magistrate's Order, then for obvious reasons as indicated in the written

objection via "appeal" in motion for reconsideration of document 24-1.   Though the certainly

inaccurate and untrue affidavit in 24-1 Affidavit of Craig Brand - PERJURY; was supposedly

"verified" as to "true and accurate" by attorney Larry Gene Michel in his motion document 24,

Motion of Larry Gene Michel having verified document 24-1  Needless to say it is the actions

and behaviors of the opposing counsel and their massive legal machine which has caused the

PRO SE defendant to jump through hoop after hoop, deciphering and attempting to keep up with their hiding, masking, trickery and other legal shenanigans as so the Pro Se defendant does not lose any rights regarding the litigation.  The Pro Se defendant has conversely sought where applicable to file "withdrawals" of motions which are now moot, and has done so dutifully, in the interests of substantial justice, and for the purposes to save the Courts and the parties time and costs.  IF not for the immoral, unethical, unprofessional, misleading, deceptive, fraudulent and sometimes illegal acts of opposing counsel and plaintiffs nearly all but a couple of motions and filings of the Pro Se defendant would not have been necessary.  YET, it is the actions and behavior of the licensed professionals who are supposed to be role models for the jurisprudence system (justice system) and provide leadership as to what is the correct and right way to conduct litigation who have purposefully, maliciously, egregiously, knowingly FLOUTED nearly every Local and Federal Rule of Procedure and certainly egregiously violated the Rules of Professional Conduct even in their deceptive attempted fraud in communications with the defendant and the Clerk of the Magistrate Judge's Chambers see document 52 and exhibits Memorandum materially misleading email by Craig Brand.

   Plaintiffs state on page 3 of Document 55, their Memorandum in support of their motion for sanctions the following:  "Defendant has not yet filed a pleading or a Motion to Dismiss directed to the removed action filed by the Plaintiffs.";  **this is true, as the defendant patiently awaits orders from the Court in order to comply with filing a pleading aimed at the underlying petition.**  HOWEVER, here the Court has ordered the parties NOT to file any additional motions/answer until the Court orders.  The Court has set a hearing for 11 April 2022, in order to "discuss" specified motions stated in the Court's Order, including the defendant's

dutiful motions regarding the filing of a responsive pleading to the petition.  When the Court

Orders the defendant is allowed to file a responsive pleading to the underlying petition, the

defendant shall do so.  **The defendant feels as the record indicates that Attorney Larry Gene**

**Michel is "baiting" the defendant into inadvertently violating the Orders of the Court, such**

**conduct is reprehensible and against the interests of substantial justice.**  As the Defendant is

obeying the order of the Court, and patiently awaiting the Court's instructions.

Counsel Michel seeks what in his own words is an "unusual" waiver of safe harbor

provisions, and again as is his mantra refuses to address specifically and precisely what he is

complaining about with page and line numbers and specified documents.  Michel continues in a

mantra to force BOTH the Court and the Defendant to become mind readers.   Neither the Court

nor the defendant possess the power to read the mind of another.

It would appear in part Attorney Michel is complaining regarding the length of pleadings

filed by the PRO SE defendant.  The defendant is NOT legally educated and is attempting to file

the correct and proper pleadings as would any reasonable non legally educated person when

faced with such extreme hostility, harassment, flagrant flouting of the Rules by the licensed

professionals opposing the Pro Se defendant.  The defendant must decipher the filings of the

licensed professionals and then witnesses the bar licensed professionals willfully flout time and

time again virtually every Local and Federal Rule.  The defendant has where applicable sought to

withdraw pleadings which are now moot and has **even gone as far to contact many attorneys**

**and legal resource help desks, NGO's, nonprofits and centers as the defendant struggles**

**with the plethora of illegal, unethical, immoral actions and behaviors of opposing counsel.**

While this case is being litigated the defendant is being harassed in other Courts by the same

===============================================================================

*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*   - 25

"gang" operating with impunity in their RICO activities.   The defendant's pleadings and filings are anything but harassing, they are DUTIFUL, underline correct and proper given the circumstances and necessity of filing in order to substantially protect the rights of the Pro Se Defendant.  **The defendant has at all times respected the Orders of the Court** and has sought where applicable for the assistance of the Court asking for said Orders.  The defendant has continued at every pleading and notice to ensure the Court is aware of the behavior and evident flouting of the Local and Federal Rules of Procedure by the plaintiffs; the Pro Se Defendant has also notified the Court regarding the obvious and evident violations to the Rules of Professional Conduct, although perhaps it is the DUTY of the Pro Se defendant to file formal charges criminal, civil and with the bar associations or perhaps directly with the Federal Bar Disciplinary Counsel given the actions and behaviors of the opposing counsel.  The defendant realizes the Court cannot offer legal advice to the Pro Se defendant and therefore the Pro Se defendant shall at once commence Federal Bar complaint processes.   The defendant is awaiting hearing of the Court and further Orders of the Court, as the defendant, unlike obviously the plaintiffs, is barred from filing motion pleadings and/or responses regarding the petition pending the Orders of the Court.  **The defendant has no intention as the record dictates of intentionally or unintentionally violating the Orders of the Court,** despite the best efforts of opposing Counsel to purposefully antagonize the Pro Se defendant into such violations.  The opposing counsel even have gone as far as to communicate with false and misleading electronic mail notices to the defendant and the clerks of the Chambers of the Federal Magistrate for the purposes to attempt fraud to get the Pro Se defendant to inadvertently or without any action violate the orders of another court where the plaintiffs and their co conspirators have entrapped the pro se defendant.

===============================================================================

*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*   - 26

The defendant certainly has not increased any costs to litigation as **it is the plaintiff's actions which have necessitated the PRO SE defendants pleadings and filings**, IF not for the actions and behavior of the plaintiffs the defendant would not have the need to file to the Court, and would be simply patiently awaiting hearing and further orders or instructions as to filing responsive pleading to the petition or other filing necessary.  The defendant observes the leadership and role models of the bar licensed attorneys as would any Pro Se defendant in a similarly situated situation.   The defendant is a native born American citizen and has been a taxpayer for decades and decades, the Pro Se defendant dutifully paid the filing fees of the Court and has proceeded at bar professionally and in the interests of substantial justice seeking to protect Constitutional Rights, seeking basic fundamental protections against the unethical, immoral, sometimes illegal actions of opposing counsel, **PRO SE defendant has many CONSTITUTIONAL RIGHTS to defend against injustice**.  The Court's judicial resources have been paid for by the United States government through the taxes paid by the defendant for decades and the defendants payment of exorbitant filing fees in order to simply file in the Court the  US Constitution intended for parties to: manage and plead their cases on their own. Conversely the plaintiffs have not paid a single filing fee into the Federal Court in this matter and have only sought to INTIMIDATE, HARASS, STALK, MOLEST and generally antagonize the pro se defendant.  The plaintiffs have refused even the most basic professional communication, the plaintiffs even refuse the simplest reply to formal letters under rule 408, refuse to return calls, emails, letters, and even contact by third party professionals well known and respected mediators and attorneys in the US State of Kansas.  It is evident the plaintiffs are represented by the

===============================================================================

*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*

"partner in deception" as he is referenced in legal filings, affidavits, law enforcement records and the Courts, Craig Alan Brand who continues to direct the legal campaign against the Pro Se.

**Again it is with apologies to the Court** the PRO SE defendant had no idea there were sanctions that could be filed for given the behavior, actions and woeful violations to Local and Federal Rules as well as Rules of Professional Conduct committed by plaintiffs. The PRO SE defendant would respectfully request if the Court is considering "sanctions" the defendant be permitted to file extensive pleadings outlining the SPECIFIC complained of content in the pleadings filed and would also request Orders of the Court regarding**: *"Discovery and evidentiary hearings on sanctions are permitted only by court order."* pursuant with Local Rule 11.1( a)(3) and would request the opportunity to respond in writing, as the PRO SE defendant certainly is in need of time to appropriately research the rules and case law, therefore requesting: the Court provide to the parties the reasoning for the "show cause" hearing, the specific content, with page numbers and line numbers which is complained of, as the **PRO SE defendant submits he is NOT a mind reader and must have some basic SPECIFICITY** as to the "SANCTIONS", under Rule 11.1(a)(1) the defendant notes it states: *"The court will state the reasons for issuing the show cause order. Unless otherwise ordered, all parties may respond within 14 days after the filing of the order to show cause."* The defendant would equally request that "safe harbor" provisions NOT be suspended or eliminated as the request of opposing counsel is to eliminate all measures of cure whilst simultaneously refusing to specify with SPECIFICITY as the opposing counsel has refused to do at all times to date in the matter. The PRO SE defendant therefore reincorporates herein all reasons listed in Document 17, and asks for a more definitive statement as to pages and line numbers (phrases and/or sentences) complained of by

================================================================================

opposing counsel, without needing to create more filings the PRO SE defendant so references

Document 17:  Defendant's First MOTION for definitive statement under Rule 12(e)  IF

necessary the PRO SE defendant shall file a more comprehensive filing though substantially

similar to Document 17, therefore in the interests of savings refers the Court to Document 17.  It

is increasingly difficult for the PRO SE defendant to respond to all the filings, actions and

behaviors, whilst simultaneously having the need to prepare responsive pleadings, respond to

other litigations, constantly fight off the legal shenanigans of opposing counsel whilst facing

extrajudicial and ex parte harassment, stalking, molestation, and INTIMIDATION in a variety of

Courts all in parallel to the same matters, through the use of crazy tactics which Craig A. Brand

the "partner in deception" is well known.  Including without limitation predatory collusion

against shareholders, it is said "if it is not about the money . . . it's always about money".

   Larry Michel seeks to have the Court basically suspend all rights & rules, which Michel

is flouting flagrantly in repetition.  Michel seeks to have the PRO SE defendant "drawn and

quartered" for simply attempting to keep up with the onslaught of unethical, immoral, sometimes

illegal and certainly woefully deficient filings by the plaintiffs.  The Pro Se defendant patiently

awaits hearing before the Court discussing documents the Court has ordered to be discussed and

the Orders of the Court permitting the defendant to resume filing of motions and a response to

the petition. In sum, the defendant quotes id. from Craig Brand's Book, Michel's "bible":

"...wham, you are in court and **the accused must go through a long, lengthy, tiring, stressful and expensive process** merely to prove his or her innocence. In spite of what you have read about our system of justice, **we are all guilty until proven innocent, and we are all innocent until we run out of money**... people wind up paying some form of legal extortion just to get out of the drama. **The bad guys and their shyster lawyers know it**." id page 97

*"I [Craig Alan Brand], for instance, have championed the art of disinformation. **I intentionally provide people [COURTS] with false information...**"* page 118. **[EMPHASIS ADDED]**

WHEREFORE, the defendant respectfully requests the Court to DENY the request for "sanctions" in the illegal petition and if not allow for the procedures and timelines per the Rules so the defendant may file extensive responses, pleadings, and file for sanctions himself against the opposing counsel. Requests due process with full timelines as well as extensions to file against the underlying petition as time is needed to prepare motions, pleadings, appeals.

This preliminary Memo in Support of OBJECTION and preliminary Response in Opposition to Motion for Sanctions and requesting this and all other filings as in all previously filed motions and requests, responses, ojections, notices and/or any pleadings whatsoever the Defendant does not waive and reserves all rights as to any available defenses it may assert against the petition.   So makes this appearance together with all previous filings now before the Court, without voluntarily submitting to the jurisdiction of this Court, as with this and all prior motions and filings are made via "special and limited appearance", as well stated in the "Notice of Removal" in paper 1, filed on 1 Feburary 2022, removing the malicious, frivolous and incongruous petition to this US Federal Court for the district of Kansas.

Respectfully Submitted, this 8th day of April 2022.



Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;  filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per order of the saline county judge hickman, whose secretary clerk states judge hickman and his court supersedes the jurisdiction and authority of the US District Federal Court for the District of Kansas.  The providing of this pleading and any future pleadings made herein this case to any attorney of record for Chad Mitchell Koehn is expressly done as not to communicate with nor be provided in any form to the person of Chad Mitchell Koehn; as the defendant herein is expressly not requesting, directing nor dictating another to contact Chad Mitchell Koehn or provide to Chad Mitchell Koehn any document, exhibit, pleading or other communication of any nature whatsoever in relation to this matter at bar.   To the extent any communication to the counsel of the plaintiffs NOT be communicated to directly or indirectly the person of CHAD MITCHELL KOEHN per the order of the Court of Saline County Kansas by order of Judge Hickman who claims superior and superseding orders to that to the US District of Kansas Federal Court. Nothing contained herein or hereby shall be considered nor availment hereof any notice or request to communicate in any manner or nature whatsoever with the person of CHAD MITCHELL KOEHN, and/or any of the aliases used by CHAD MITCHELL KOEHN which shall have formal orders and demands for prosecution of threats levied and received by defendant against elderly and others in violation of law.   IN NO way shape or form is the defendant suggesting nor inferring that any filing, pleading or notice be provided, shown or communicated in anyway to the person of Chad Mitchell Koehn.  The defendant acknowledges that Chad Mitchell Koehn is fearful of being taken advantage of in an inebriated state, when he cannot consent to sexual relations, the defendant has NEVER had sexual relations with Chad Mitchell

===============================================================================

*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*      - 31

Koehn, the defendant has never been to Kansas and has no intention, want or desire for any sexual relations with Chad Mitchell Koehn nor does the defendant wish any contact whatsoever with Chad Mitchell Koehn apart from depositions, 30b(6) depositions, cross examination during trial by jury. In no way by providing this document to counsel for the plaintiffs is this an attempt or otherwise any form of communication with Chad Mitchell Koehn. Nothing herein shall be construed or otherwise taken to mean the defendant wants anything at all to do with Chad Mitchell Koehn apart from those actions permitted by the Federal Courts regarding litigation when the time is ripe, either in this Federal Court or other Federal Court's as additional litigation becomes forthcoming, as the defendant continues DEFENDING and has yet to switch to the offense in new filings, as **per the threats issued by Larry Gene Michel, that there will be "expanded" and additional litigations and presumably more frivolous filings in other courts.**

Respectfully Submitted, this 8th day of April 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com |

===============================================================================
*Memo in Support of Preliminary Response in Opposition to illegal Motion in Doc # 54*     - 32