# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 22-4008-JWB-GEB |
| MICHAEL E. NELSON, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER

This removal action was initiated when Plaintiffs filed their Petition in the District Court of Saline County, Kansas alleging defamation and tortious interference with business under the laws of Kansas. Defendant's, *pro se*, removal to the District of Kansas alleges jurisdiction based on the diversity of the parties pursuant to 28 U.S.C. § 1332. This case was filed on February 1, 2022. In the following three weeks a total of thirteen motions were filed, largely relating to matters of which the parties could confer. In order to set the culture of this case going forward, the Court held a conference on March 2, 2022 via Zoom, but due to uncertainties related to diversity jurisdiction, the Court was not able to address the thirteen pending motions, only ruling on the Motion for Leave to Appear Pro Hac Vice of Craig Alan Brand (ECF No. 24) and directing Defendant to amend his removal pleadings to perfect diversity. After Defendant filed his Amended Notice of Removal, on March 15, 2022, the Court made findings regarding diversity jurisdiction. The parties have continued

1

to file pleadings at a rapid pace. The Court held a second hearing on April 11, 2022 and made oral rulings. This Order memorializes those rulings.

The motion practice to date looks like this:

1. Defendant's Pro Se Electronic Notification and Filing Motion filed **February 1, 2022 (ECF No. 3)**.

2. Defendant's Motion of Concerning Use of Hate Speech in Originating State Petition filed **February 2, 2022 (ECF No. 5)**.

3. Defendant's Motion to Enlarge Time in Contemplation of Filing Dispositive Motions, Dismissal or Answer with Counter and Cross Claims or other Responsive Pleadings filed **February 3, 2022 (ECF No. 8)**.

4. Plaintiff's Motion to Strike filed **February 4, 2022 (ECF No. 10)**.

5. Defendant's Motion for Judicial Notice in Support of Paper 5 filed **February 7, 2022 (ECF No. 12)**.

6. Defendant's Motion for Leave to Amend the Motion to Enlarge Time with Addition per Local Rules filed **February 7, 2022 (ECF No. 13)**.

7. Plaintiff's Second Motion to Strike filed **February 8, 2022 (ECF No. 15)**.

8. Defendant's [Motion for] Writ of Mandamus – Command to Kansas Attorney General Material Misrepresentations S.E.C. and Kansas State Law filed **February 8, 2022 (ECF No. 16)**.

9. Defendant's Motion for More Definitive Statement filed **February 9, 2022 (ECF No. 17)**.

10. Motion for Order on Compliance with Rule filed **February 11, 2022 (ECF No. 19)**.

11. Plaintiff's Third Motion to Strike and Memorandum in Opposition to Defendant's Motion for More Definitive Statement filed **February 17, 2022 (ECF No. 21)**.

12. Motion for Order Compelling Plaintiffs to Comply with Required Rule Under FRCP filed **February 17, 2022 (ECF No. 23)**.

13. Defendant's Amendment to Time for Responsive Pleading to Petition in Documents 8 and 13 filed **March 14, 2022 (ECF No. 34)**.

14. Defendant's Notice of Withdrawal of Document Number 3 filed **March 15, 2022 (ECF No. 35)**.

15. Defendant's Notice of Withdrawal of Document Number 23 filed **March 15, 2022 (ECF No. 36)**.

16. Defendant's Notice of Limited Withdrawal of Document Number 19 filed **March 15, 2022 (ECF No. 37)**.

17. Defendant's Objection to Document Number 6 Notice of Withdrawal of Appearance filed **March 16, 2022 (ECF No. 38)**.

18. Defendant's Objection to Document Number 26 Entry of Appearance by Christopher J. Kellogg filed **March 16, 2022 (ECF No. 39)**.

19. Defendant's Supplement to Document Number 30 Amended Notice of Removal filed **March 17, 2022 (ECF No. 40)**.

20. Notice of Objection Defendant Not Receiving Filings Made by Opposing Counsel filed **March 18, 2022 (ECF No. 42)**.

21. Defendant's Notice to the Court filed **March 31, 2022 (ECF No. 50)**.

22. Plaintiffs' Notice of Filing of Filing Defendant's Notice of Non-Availability and Absolute Refute by the US Attorney's Office in Contradiction to Defendant's Representation to the Court on March 15, 2022 filed **April 1, 2022 (ECF No. 53)**.

23. Plaintiffs' Emergency Motion Pursuant to Rule 11, Fed.R.Civ.P. and D. Kan. Rule 11.1(a)(2), for Waiver of the 21-day Waiting Period Referred to in Rule 11(c)(2), Federal Rules of Civil Procedure, Thereby Authorizing Plaintiffs to File a Motion for Sanctions Against Defendant, Michael Nelson, Instanter filed **April 1, 2022 (ECF No. 54)**.

24. Defendant's Notice of Spoliation of Evidence by Chad Mitchell Koehn at direction of Craig Alan Brand filed **April 1, 2022 (ECF No. 56)**.

25. Defendant's Objection to Non Lawyer Non Party; Non Pro Se person receiving electronic notice not covered under Local Rules or FRCP Suspected Unauthorized Practice of Law filed **April 5, 2022 (ECF No. 58)**.

While burdensome on the Court's time, yet necessary in light of the filings, each motion will be addressed, with related motions being addressed together.

**A. Defendant's Pro Se Electronic Notification and Filing Motion (ECF No. 3), Defendant's Notice of Withdrawal of Document Number 3 filed March 15, 2022 (ECF No. 35)**

In Defendant's motion he seeks: 1) to be able to file electronically through PACER; 2) a 30-day stay so he can educate himself on the use of PACER; and 3) Plaintiffs be required to correspond with him only by certified mail or through a special master appointed by the Court with any expenses charged to Plaintiffs.

First, a Court order is not necessary for Defendant to be enabled to file electronically through PACER. The Court directs Defendant to his February 1, 2022 email communications with personnel from the Court's Attorney Admissions/Electronic Registration Department where he was provided with the Court's Electronic Filing Registration Form as well as step-by-step instructions regarding how to register for electronic file as a pro se litigant. If Defendant wishes to be able to file electronically, he can use those materials to register at his convenience. Any questions can be directed to ksd_attorney_registration@ksd.uscourts.gov.

Next, a 30-day stay should not be necessary for Defendant to educate himself on the necessary e-filing procedures. The Court will provide Defendant with its self-representation and administrative procedures materials by email following the entry of this order and further directs Defendant to Filing Your Case Electronically (eFiling) – Welcome

[to the U.S. Court for the District of Kansas (uscourts.gov)](https://uscourts.gov) on the Court's website for training on CM/ECF filing.

And, as fully discussed below, the Court is inclined to accept Plaintiff counsel's explanation of how the name or term "Bean" came to be included in its state court Petition. Communications between Defendant and Plaintiff's counsel will be discussed in depth below. Communications, particularly respectful and adult communications, between counsel and a pro se party are necessary to move a case forward. Defendant has since withdrawn his motion, therefore, **Defendant's Pro Se Electronic Notification and Filing Motion (ECF No. 3) is FOUND as MOOT.**

B. **Defendant's Motion of Concerning Use of Hate Speech in Originating State Petition (ECF No. 5), Defendant's Motion for Judicial Notice in Support of Paper 5 (ECF No. 12)**

Defendant's Motion of Concerning Use of Hate Speech in Originating State Petition ("Motion Concerning Hate Speech") and Defendant's Motion for Judicial Notice in Support of Paper 5 ("Motion for Judicial Notice") are related. As such, they will be discussed together. Defendant, in his Motion Concerning Hate Speech, finds offensive and concerning, the use of the name or term "Bean" in Plaintiffs' state court Petition. Defendant believes the term "Bean," as used in the pleadings, is a racial slur towards Latinos which Plaintiffs' counsel knowingly used against him. Defendant seeks to have counsel of record in the state court action, Larry G. Michel and Quinn R. Kendrick, referred to the Kansas Bar Association with a recommendation they be disbarred, among other relief.

Upon review of the state court Petition regarding use of the purported racial slur, it appears, after alleging facts related to the citizenship and/or residency of Plaintiffs, United Capital Management of Kansas, Inc. ("UCM") and Chad Koehn, in paragraphs one and two of the Petition, Plaintiffs turn to the residency of Mr. Nelson in paragraph three and state:

> 3. Nelson is a resident of the state of Nevada and may be served with process at 4952 S. Rainbow Boulevard #250, Las Vegas, Nevada 89118. Bean is subject to process pursuant to K.S.A. 60-308(b)(1) because he committed tortious acts in whole or in part in the State of Kansas.

The reference to Bean in paragraph three, is the sole reference in the Petition. Plaintiffs, in their Memorandum Brief in Opposition to Defendant's Memorandum and Motion Concerning Hate Speech (ECF No. 9), contend the word Bean in paragraph three is due to a proofreading error. According to Plaintiffs, they used a petition from *ServiTech, Inc. v. Adam Bean*, case no. 21-cv-1107, filed in Ford County, Kansas District Court as a template for the Petition filed in state court. Plaintiffs allege, due to an oversight, counsel failed to change the name Bean to Nelson in the second sentence of paragraph three.

In his Motion for Judicial Notice, Defendant asks the Court to take judicial notice of additional, wide-ranging factual allegations. These allegations are largely related to Plaintiffs' use of a derogatory term in the name of an entity which has no known ties to the claims in this case. The motion also includes allegations regarding Mr. Koehn's family and employees of UCM, who are not parties to this action. Fed. R. Evid. 201(b) provides "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is

generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." In reviewing Defendant's Motion for Judicial Notice, the only fact which the Court could take judicial notice of is Defendants' Notice of Exempt Offering of Securities Form D with the United States Securities and Exchange Commission regarding Red Neck High Tech Yacht Fund, LP. However, the Court will neither engage in, nor take judicial notice of any derogatory information including Defendant's surmise connecting counsel of record in the state case to the SEC filing or his argument that attempts to tie Defendants' use of the term "red neck" in the name of a limited partnership to counsel's use of the term "Bean" in the state court Petition. Therefore, **Defendant's Motion for Judicial Notice (ECF No. 12) is GRANTED in part and DENIED in part.**

Even considering, Plaintiffs' unfortunate use of the term "red neck" in the name of a limited partnership with which they are affiliated, having reviewed the state court Petition and the use of the term "Bean" therein, the Court is inclined to accept counsel's explanation this time, and this time only, that they used a petition in another matter with a party by the name of Bean and did not intend it as a slur aimed at Plaintiff. Therefore, **Defendant's Motion Concerning Hate Speech (ECF No. 5) is DENIED.** However, in deference to Defendant's reasonable concerns regarding the use of the name or term "Bean" in Plaintiff's state court Petition, the Court **ORDERS** Plaintiffs to file an Amended Complaint, removing the name "Bean" from paragraph 3 and consistently referring to Defendant by his name of Nelson, no later than **May 3, 2022.**

**C. Defendant's Motion to Enlarge Time in Contemplation of Filing Dispositive Motions, Dismissal or Answer with Counter and Cross Claims or other Responsive Pleadings (ECF No. 8), Defendant's Motion for Leave to Amend the Motion to Enlarge Time with Addition per Local Rules (ECF No. 13), Amendment to Time for Responsive Pleading to Petition in Documents 8 and 13 (ECF No. 34)**

Similarly, Defendant's Motion to Enlarge Time in Contemplation of Filing Dispositive Motions, Dismissal or Answer with Counter and Cross Claims or other Responsive Pleadings ("Motion to Enlarge Time"), Defendant's Motion to Amend, and Defendant's Amendment to Time for Responsive Pleading to Petition are related and will be discussed together. Defendant in his Motion to Enlarge Time seeks an extension of time until March 1, 2022[1], to answer or otherwise respond to Plaintiff's Petition. Plaintiffs filed their Petition in the District Court of Saline County, Kansas on February 22, 2021. However, Defendant was not served with the Petition until January 10, 2022. His Notice of Removal, less than 30 days thereafter, on February 1, 2022, was therefore timely.[2] Where Defendant did not file a responsive pleading in state court, his answer or other responsive pleading was due seven days after the Notice of Removal was filed.[3] His deadline for a responsive pleading was February 8, 2022. Pursuant to D. Kan. R. 6.1(a)(4), a motion for extension of time must be filed before the deadline for which an extension of time is sought expires. Defendant's Motion to Enlarge Time, filed on February 3, 2022, before his deadline to file a responsive pleading, is also timely. Plaintiffs, instead of filing

---

[1] Where March 1, 2022 passed, Defendant filed his Amendment to Time for Responsive Pleading to Petition in Documents 8 and 13 (ECF No. 34) and 20 business days following your ruling on the Motion for Extension of Time to file a responsive pleading.
[2] 28 U.S.C. § 1446(b)(1).
[3] Fed. R. Civ. P. 81(c)(2)(C).

8

a response to Defendant's Motion to Enlarge Time, filed a Motion to Strike due to the extraneous material plead in Defendant's motion.

But nowhere in Plaintiff's Motion to Strike do they object to the extension of time requested. The Court will discuss the Motion to Strike below, but based on the facts set out above, and only those facts, the Court **GRANTS Defendant's Motion to Enlarge Time (ECF No. 8).** The Court has ordered Plaintiffs to file an Amended Complaint no later than May 3, 2022. Having considered **Defendant's Amendment to Time for Responsive Pleading to Petition (ECF No. 34)**, **Defendant shall file an answer or other responsive pleading to Plaintiff's Amended Complaint no later than 21 days after service of the Amended Complaint. The Court deems the date of service for the Amended Complaint as the date when it is filed in CM/ECF.**

The Court has reviewed Defendant's Motion to Amend, is aware of the applicable federal and local rules, and does not require the additional information Defendant wishes to provide in his amended motion to rule on his Motion to Enlarge Time, therefore the Court **FINDS Defendant's Motion to Amend (ECF No. 13) as MOOT.**

D. **Plaintiffs' Motion to Strike (ECF No. 10), Plaintiffs' Second Motion to Strike (ECF No. 15), Defendant's Motion for More Definitive Statement (ECF No. 17), Plaintiff's Third Motion to Strike and Memorandum in Opposition to Defendant's Motion for More Definitive Statement (ECF No. 21)**

Plaintiffs filed serial motions to strike. In their first motion, Plaintiffs object to Defendant's use of immaterial information regarding Mr. Koehn's family, his personal life, and UCM's employees, who are not parties to this action, in Defendant's Motion to Enlarge

Time (ECF No. 8). Incorporating the first motion into their Second Motion to Strike, Plaintiffs object to the same type of information set out in Defendant's Motion for Judicial Notice (ECF No. 12) and Motion to Amend (ECF No. 13). It is not until Defendant files his Motion for More Definitive Statement and Plaintiffs file their combination Third Motion to Strike and Memorandum in Opposition to Defendant's Motion for More Definitive Statement that Plaintiffs identify which portions of Defendant's motions – ECF Nos. 8, 12 & 13 – they wish to strike.

Motions to strike are generally disfavored[4] and are "not the appropriate method to challenge the factual support for an allegation."[5] A court will usually deny a motion to strike "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."[6] Immateriality is not enough to trigger the "drastic remedy of striking parts of a pleading; the allegation must also be prejudicial to the defendant."[7] "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party."[8]

The Court based none of its rulings on Defendant's Motion to Enlarge Time, Defendant's Motion to Amend, or Defendant's Motion for Judicial Notice on the

---

[4] *Nwakpuda v. Falley's, Inc.*, 14 F.Supp.2d 1213, 1215 (D. Kan. 1998) (citing *Resolution Trust. Corp. v. Scaletty,* 810 F.Supp. 1505, 1515 (D. Kan. 1992).
[5] *Nwakpuda* at 1215.
[6] *Dean v. Gillette,* No. 04-cv-2100-JWL, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004) (citing *Nwakpuda* at 1215).
[7] *Dean* at *1 (citing *Foster v. Pfizer, Inc.*, No. 11-cv-1287-JTM, 2000 WL 33170897, at *2 (D. Kan. Dec. 12, 2000).
[8] Id.

extraneous factual allegations which Plaintiffs seek to strike. The Court finds Plaintiffs are not prejudiced by the challenged factual allegations which were not considered and did not confuse the issues for the Court. **Plaintiffs' Motion to Strike (ECF No. 10), Second Motion to Strike (ECF No. 15), and Plaintiff's Third Motion to Strike and Memorandum in Opposition to Defendant's Motion for More Definitive Statement (ECF No. 21) are all DENIED.**

The Court understands the allegations in Plaintiffs' Petition relate to alleged defamation and tortious interference with business and their erroneous inclusion of the name "Bean" in the Petition has gotten the parties off on the wrong foot. Going forward, however, the parties are cautioned that any statements made with the purpose of harassing, embarrassing, or speaking ill will of a party or others not parties to this case will result in sanctions, period. Formally adopted by this Court in 2012,[9] the *Pillars of Professionalism* outline counsel's obligations to other lawyers, opposing parties, the Court, and the public. Regarding opposing parties and counsel, the *Pillars* set forth the goal that they "[b]e courteous, respectful, and considerate" and even if one behaves unprofessionally, the other side is not to reciprocate. It is this Court's expectation that counsel and parties will meet the high ideals in the *Pillars of Professionalism* in their dealings with one another and the

---

[9] *See* Memorandum and Order, adopting the *Pillars of Professionalism* (Oct. 19, 2012) (available at http://www.ksd.uscourts.gov/pillars-of-professionalism-joint-order); *see also United States v. Shelton*, No. 14-10198-EFM, 2015 WL 7078931, at *3 n. 16 (D. Kan. Nov. 13, 2015) (adopting the *Pillars* previously embraced by the members of the Kansas Bar).

Court. The Court further admonishes Defendant to limit the information it alleges in any pleading to that which is relevant to the parties' claims and defenses.

Defendant in his Motion for More Definitive Statement asks Plaintiffs to provide additional detail regarding the provision they seek to strike in their Motions to Strike. Where the Court above, denied the Defendants' three motions to strike, the Court **FINDS Defendant's Motion for More Definitive Statement (ECF No. 17) as MOOT.**

E. **Defendant's [Motion for] Writ of Mandamus – Command to Kansas Attorney General Material Misrepresentations S.E.C. and Kansas State Law (ECF No. 16)**

It is not entirely clear to the Court what relief Defendant seeks in his Motion for Writ of Mandamus. He reiterates his claims regarding Plaintiffs' filings with the SEC regarding the establishment of a limited partnership. The Court addressed this issue in its ruling on his Motion for Judicial Notice. Defendant makes arguments regarding the limited partnership's state of incorporation and principal place of business which might be relevant to diversity jurisdiction in this case, if the partnership was named as a party hereto or was a corporation, but neither is the case. And, he alleges the people of the State of Kansas, which he is not, are entitled to certain relief under the Kansas Consumer Protection Act. To the extent, Defendant seeks this Court to order State of Kansas officials to undertake any action, this Court is without jurisdiction to do so. "Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."[10] Therefore, the

---

[10] *Sockey v. Gray,* 2005 WL 3105720, at *1 (10th Cir. Nov. 21, 2005) (citing *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986).

Court **DENIES Defendant's [Motion for] Writ of Mandamus – Command to Kansas Attorney General Material Misrepresentations S.E.C. and Kansas State Law (ECF No. 16).**

### F. Defendant's Motion for Order on Compliance with Rule (ECF No. 19), Notice of Limited Withdrawal of Document Number 19 (ECF No. 37)

Regarding Compliance, Defendant initially voiced concerns the Notice of Removal he sent to Plaintiffs' counsel at post office box in Salina, Kansas had not been picked up. In his Notice of Limited Withdrawal, Defendant indicates the Notice of Removal has been picked up from the post office. Where the motion has been withdrawn, the Court **FINDS Defendant's Motion for Order on Compliance with Rule (ECF No. 19) as MOOT.**

### G. Defendant's Motion for Order Compelling Plaintiffs to Comply with Required Rule Under FRCP (ECF No. 23), Defendant's Notice of Withdrawal of Document Number 23 (ECF No. 36)

In this motion, Defendant seeks an order compelling Plaintiffs to file a Corporate Disclosure Statement as required by Fed. R. Civ. P. 7.1. The Plaintiffs having done so on February 17, 2022 at ECF No. 22. Where Plaintiffs filed their Corporate Disclosure Statement and Defendant has withdrawn his motion, this Court **FINDS Defendant's Motion for Order Compelling Plaintiffs to Comply with Required Rule Under FRCP (ECF No. 23) as MOOT**.

**H. Defendant's Objection Deficient Filing Made in Document Number 6 filed by Quinn Robert Kendrick (ECF No. 38), Defendant's Objection to Document Number 26 Entry of Appearance by Christopher J. Kellogg (ECF No. 39), Objection Defendant Not Receiving Filings Made by Opposing Counsel (ECF No. 42)**

In ECF No. 38, Defendant objected regarding former counsel, Quinn Robert Kendrick's, Notice of Withdrawal of Counsel (ECF No. 6) for purported deficiencies in the title of the pleading and failure to serve him with a copy. In ECF No. 39, Defendant complained counsel did not serve him with a copy of Christopher Kellogg's Entry of Appearance (ECF No. 26). Despite claiming to not have a service copy of the two pleadings, based upon Defendant's extensive quoting from the Notice of Withdrawal and Entry of Appearance in his objections, it is clear he had a copy of each. Although no motion was filed regarding these issues, to the extent necessary, the Court **OVERRULES** Defendant's objections in ECF Nos. 38 and 39. However, after further discussion with the Court Clerk's office regarding service of pleadings, the Court **SUSTAINS** Defendant's objection in ECF No. 42. Although the Court encourages Defendant to register for electronic notification, the Court **ORDERS** Plaintiffs to provide Defendant with a hard copy of any future filings via regular mail and to certify service of same.

**I. Defendant's Supplement to Document Number 30 Amended Notice of Removal (ECF No. 40), Defendant's Notice of Spoliation of Evidence by Chad Mitchell Koehn at direction of Craig Alan Brand (ECF No. 56)**

These pleadings appear to revisit the diversity jurisdiction. In ECF No. 40, Defendant provides additional information regarding Plaintiff, United Capital Management of Kansas, Inc.'s name and state of incorporation. In ECF No. 56, Defendant

asks the Court to take judicial notice of certain filings Plaintiff, Chad Koehn, has made on behalf of Plaintiff, United Capital Management of Kansas, Inc. as it relates to his Amended Notice of Removal (ECF No. 30). Based on Defendant's Amended Notice of Removal (ECF No. 30), the Court made findings regarding United Capital Management's name, state of incorporation and principal place of business and determined Defendant has alleged facts sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.[11] Where Defendant has not objected to that order and the findings therein, the Court **FINDS** Defendant's supplement **(ECF No. 40)** and notice **(ECF No. 56)** as **MOOT**.

### J. Notice to the Court (ECF No. 50)

Plaintiff, Chad Koehn, has apparently obtained a Protection from Stalking Order against Defendant in the Saline County District Court. Defendant filed this notice regarding his relationship with Mr. Koehn and raised the issue of his communications with counsel in this case. The Court again admonishes Defendant to limit the information it alleges in any pleading to that which is relevant to the parties' claims and defenses. Notice to the Court that Defendant has not had a sexual relationship with Mr. Koehn, is NOT related to the parties' claims and defenses, nor should this subject finds it way before this Court again. The Court, counsel, and parties discussed how the parties and counsel could conduct the communications necessary in this matter, but could not reach an agreement. **Plaintiffs' counsel and Defendant shall separately submit a proposed solution regarding communications and necessary conferral to chambers at**

---

[11] ECF No. 31.

[KSD_Birzer_Chambers@ksd.uscourts.gov](mailto:KSD_Birzer_Chambers@ksd.uscourts.gov) **no later than April 19, 2022. No further ruling is necessary on Notice to the Court (ECF No. 50).**

**K. Plaintiffs' Notice of Filing Defendant's Notice of Non-Availability and Absolute Refute by the US Attorney's Office in Contradiction to Defendant's Representation to the Court on March 15, 2022 (ECF No. 53)**

After Defendant sent correspondence to the undersigned's chambers and counsel regarding alleged time conflicts, the Court moved the hearing on these motions from April 5, 2022 to April 11, 2022. Plaintiffs' notice provides certain evidence that Defendant's conflicts were not as alleged. Where Plaintiffs' did not file a motion, no ruling from the Court is necessary, however, the Court made it clear to Defendant that honesty to the Court is expected, period. And anything less from either party will be met with sanctions.

**L. Plaintiff's Emergency Motion Pursuant to Rule 11, Fed.R.Civ.P. and D. Kan. Rule 11.1(a)(2), for Waiver of the 21-day Waiting Period Referred to in Rule 11(c)(2), Federal Rules of Civil Procedure, Thereby Authorizing Plaintiffs to File a Motion for Sanctions Against Defendant, Michael Nelson, Instanter (ECF No. 54)**

Defendant filed a second Response to Plaintiffs' motion shortly before the hearing on these matters. The Court, given the time constraints, was unable to fully review the second Response prior to the hearing. **No reply or further pleading in support or opposition to this motion will be permitted.** The Court will issue a separate order on Plaintiffs' motion.

**M. Objection to Non Lawyer Non Party; Non Pro Se Person Receiving Electronic Notice not Covered under Local Rules or FRCP Suspected Unauthorized Practice of Law (ECF No. 58)**

Here Defendant takes issue with staff at Kennedy Berkley Yarnevich & Williamson, Chtd. receiving notifications when pleadings are filed through CM/ECF. The Court advised Defendant that is not uncommon for a firm's staff to receive notifications of pleadings through CM/ECF in addition to the attorneys of record and receipt of such notifications alone does not constitute the unauthorized practice of law. **Although this issue is not set out in a motion, to the extent necessary, the Court overrules Defendant's objection**.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Pro Se Electronic Notification and Filing Motion **(ECF No. 3)** is **FOUND as MOOT.**

**IT IS FURTHER ORDERED** that Defendant's Motion Concerning Hate Speech **(ECF No. 5)** is **DENIED**. However, the Court **ORDERS** Plaintiffs to file an Amended Complaint, removing the name "Bean" from paragraph 3 and consistently referring to Defendant as Nelson, no later than **May 3, 2022.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Enlarge Time **(ECF No. 8)** is **GRANTED**. Defendant shall file an answer or other responsive pleading to Plaintiff's Amended Complaint no later than **21 days after service of the Amended Complaint. The Court deems the date of service for the Amended Complaint as the date when it is filed in CM/ECF.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike **(ECF No. 10)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judicial Notice in Support of Paper 5 **(ECF No. 12)** is **GRANTED in part and DENIED in part** .

**IT IS FURTHER ORDERED** that Defendant's Motion to Amend **(ECF No. 13)** is **FOUND as MOOT.**

**IT IS FURTHER ORDERED** that Plaintiffs' Second Motion to Strike **(ECF No. 15)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's [Motion for] Writ of Mandamus– Command to Kansas Attorney General Material Misrepresentations S.E.C. and Kansas State Law **(ECF No. 16)** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for More Definitive Statement **(ECF No. 17)** is **FOUND as MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Order on Compliance with Rule **(ECF No. 19)** is **FOUND as MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Third Motion to Strike and Memorandum in Opposition to Defendant's Motion for More Definite Statement **(ECF No. 21)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Order Compelling Plaintiffs to Comply with Required Rule Under FRCP **(ECF No. 23)** is **FOUND as MOOT**.

**IT IS FURTHER ORDERED** that although no motion was filed regarding these issues, to the extent necessary, the Court **OVERRULES** Defendant's Objection Deficient Filing Made in Document Number 6 filed by Quinn Robert Kendrick **(ECF No. 38)** and Defendant's Objection to Document Number 26 Entry of Appearance by Christopher J. Kellogg **(ECF No. 39).**

**IT IS FURTHER ORDERED** that Defendant's Supplement to Document Number 30 Amended Notice of Removal **(ECF No. 40)** is **FOUND as MOOT**.

**IT IS FURTHER ORDERED** that after further discussion with the Court Clerk's office regarding service of pleadings, the Court **SUSTAINS** Objection Defendant Not Receiving Filings Made by Opposing Counsel **(ECF No. 42)**. Although the Court encourages Defendant to register for electronic notification, the Court **ORDERS** Plaintiffs to provide Defendant with a hard copy of any future filings via U.S. mail and to certify service of same.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel and Defendant shall separately submit a proposed solution regarding communications and necessary conferral to chambers at [KSD_Birzer_Chambers@ksd.uscourts.gov](mailto:KSD_Birzer_Chambers@ksd.uscourts.gov) no later than April 19, 2022. No further ruling is necessary on Notice to the Court **(ECF No. 50)**.

**IT IS FURTHER ORDERED** where Plaintiffs' did not file a motion, no ruling is necessary on Plaintiffs' Notice of Filing Defendant's Notice of Non-Availability and Absolute Refute by the US Attorney's Office in Contradiction to Defendant's Representation to the Court on March 15, 2022 **(ECF No. 53).**

**IT IS FURTHER ORDERED** that no reply or further pleading in support or opposition to Plaintiff's Emergency Motion Pursuant to Rule 11, Fed.R.Civ.P. and D. Kan. Rule 11.1(a)(2), for Waiver of the 21-day Waiting Period Referred to in Rule 11(c)(2), Federal Rules of Civil Procedure, Thereby Authorizing Plaintiffs to File a Motion for Sanctions Against Defendant, Michael Nelson, Instanter **(ECF No. 54)** will be permitted.

**IT IS FURTHER ORDERED** that Defendant's Notice of Spoliation of Evidence by Chad Mitchell Koehn at direction of Craig Alan Brand **(ECF No. 56)** is **FOUND as MOOT**.

**IT IS FURTHER ORDERED** that although no motion was filed regarding these issues, to the extent necessary, the Court **OVERRULES** Objection to Non Lawyer Non Party; Non Pro Se Person Receiving Electronic Notice not Covered under Local Rules or FRCP Suspected Unauthorized Practice of Law **(ECF No. 58)**.

**IT IS FURTHER ORDERED** that a Status Conference is scheduled in this case for April 26, 2022 at 11:00 a.m. via Zoom. A Zoom invitation will be sent to counsel and parties prior to the conference.

**IT IS FURTHER ORDERED** that the parties shall not file any additional pleadings until after the Status Conference on April 26, 2022 is held.

**IT IS SO ORDERED.**

Dated April 18, 2022, in Wichita, Kansas.

                                                s/ Gwynne E. Birzer
                                                GWYNNE E. BIRZER
                                                United States Magistrate Judge