KENNEDY BERKLEY
119 W. Iron Ave. – 7th Floor
PO Box 2567
Salina, Kansas 67402-2567
T:     (785) 825-4674
F:     (785) 825-5936

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL NELSON, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 22-CV-4008-JWB-GEB |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, United Capital Management of Kansas, Inc., ("UCM") and Chad M. Koehn ("Chad"), for their cause of action against Defendant, Michael Nelson ("Nelson"), state and allege as follows:

**Parties**

1. UCM is a corporation duly organized under the laws of the state of Kansas, with its office and principal place of business in Salina, Saline County, Kansas.

2. Chad is a resident of Saline County, Kansas.

3. Nelson is a resident of the State of Oregon and may be served with process at 9450 SW Gemini Dr. PMB 90924 Beaverton, OR 97008-7105.

**Jurisdiction**

4. The Court has jurisdiction over the parties and subject matter of this action on the basis of diversity jurisdiction. 28 U.S.C. 1332.

**Venue**

5. Venue is proper in the District Court for the District of Kansas pursuant to 28 U.S.C. 1391.

**Allegations of Fact**

6. That UCM is a financial consulting firm and Chad is the President and Principal of UCM.

7. That Nelson has wrongfully contacted proprietary individuals, clients of UCM and Chad, disparaging Chad and UCM's reputations.

8. That Nelson knew the individuals were clients or expected clients of UCM.

9. That Nelson has contacted individuals and stated that there are security irregularities at UCM.

10. That Nelson has contacted individuals and stated that there was a whistleblower at UCM working with the government, implying that UCM is engaging in illegal activity.

11. That Nelson has stated that UCM executives and Chad are "going to prison for 30-40 years."

12. That Nelson contacted Chad and made threats against him and identifying Chad's former wife and children by name, thereby raising concerns of mental instability and risk of harm to Chad and/or his family.

13. That Nelson's statements are untrue and said statements were made with knowing malice and intent to damage the business relationships of UCM and Chad.

14. That Nelson's statements are negatively reflecting on UCM's profession and trade.

15. That Nelson's statements expose UCM and Chad to hatred, contempt, and ridicule.

## COUNT I - DEFAMATION

16. UCM and Chad re-allege and incorporate herein the allegations contained in paragraphs 1 through 15 above.

17. Nelson's actions and statements are untrue and made to multiple third parties.

18. Nelson's statements have harmed the reputations of UCM and Chad.

19. Nelson's statements were made with reckless disregard or malice.

WHEREFORE, plaintiffs, UCM and Chad, ask for judgment against the defendant, Michael Nelson, for defamation of UCM and Chad, in an amount in excess of $75,000.00; that the Court enter a temporary and permanent injunction barring Nelson from committing further tortious acts; that the cause of this action be charged against Nelson; and such other and further relief the Court deems just and proper.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS

20. UCM and Chad re-allege and incorporate herein the allegations contained in paragraphs 1 through 19 above.

21. Individuals contacted by Nelson have or may have a business relationship or expectation of future business relationship with UCM and Chad.

22. That Nelson had knowledge of the relationship or expectation of the relationship between the individuals and UCM and Chad.

23. That Nelson's statement or acts have interfered with said business relationships.

24. That UCM and Chad have been harmed by Nelson's conduct.

WHEREFORE, plaintiffs, UCM and Chad, ask for judgment against the defendant, Michael Nelson, for tortious interference with business in an amount in excess of $75,000.00; that the Court enter a temporary and permanent injunction barring Nelson from committing further tortious acts; that the cause of this action be charged against Nelson; and such other and further relief the Court deems just and proper.

RESPECTFULLY SUBMITTED:

/s/ Chris J. Kellogg
Larry G. Michel, #14067
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 W. Iron, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
(785) 825-4674 [Phone]
(785) 825-5936 [Fax]
lmichel@kenberk.com
ckellogg@kenberk.com
ATTORNEYS FOR PLAINTIFFS

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby request pursuant to Fed.R.Civ.P. 38(b) that all issues of fact be tried to a jury.

/s/ Chris J. Kellogg

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D. Kan. Rule 40.2, Plaintiffs designate Wichita, Kansas as the place of Trial.

/s/ Chris J. Kellogg