# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. and CHAD M. KOEHN<br><br>         Plaintiffs,<br>   v.<br>Michael Nelson<br><br>        Defendant ;    PRO-Se. | **DOCKET NO.:   5:22-CV-04008-JWB-GEB**<br><u>CIVIL ACTION</u><br><br>**Appeal of Order Document Number 63**<br><br>**[Jury Trial Demanded]** |
| --- | --- |

<u>Defendant, makes "SPECIAL & LIMITED APPEARANCE"</u> here and now for the purposes of filing Appeal of Order Document 63, appeal made under rule 72, defendant so herein now alleges and states:

**"When faced with the issue of either allowing a civil action to proceed or <u>protecting the Fifth Amendment rights of individual defendants against self incrimination</u>, the <u>majority</u> of courts have consistently chosen the latter."** However, the Magistrate Judge refuses to allow Motion practice by the PRO SE defendant, whilst simultaneously allowing attorneys who have submitted false, materially misleading, fraudulent and certainly untrue, non-verified affidavit on the Court record, see document 24-1, affidavit of CRAIG ALAN BRAND, shown consistently as fraudulent and PERJURY before the Court and docket to file motions against the PRO SE defendant; whilst simultaneously summarily denying the PRO SE defendant the opportunity to be heard on illegally filed motions and denying the PRO SE defendant the opportunity to file motions, including "Motion for Stay" pending resolution of the parallel criminal matters, addition to the extrajudicial harassment filings by CHAD MITCHELL KOEHN which indicate <u>additional</u> parallel criminal matters with CHAD MITCHELL KOEHN stating he possesses a "mountain" of evidence delivered to law enforcement officials.

Attempting to follow each of the rules, the PRO SE defendant <u>HAS</u> reached out via phone and email to the plaintiff's attorneys. Additionally, the PRO SE defendant has contacted

numerous attorneys and even mediators like Henry Cox and dozens of others, all in hopes of creating some sort of dialogue with the opposing attorneys. To no avail, the opposing attorneys have refused all and any form of communication, whilst they refused communication the attorneys have regularly engaged in deceptive, fraudulent and certainly unlawful conduct at bar.

The PRO SE defendant armed with only TRUTH, LOGIC and REASON has attempted to follow the rules and sought to bring forth to the Court the unlawful behavior of opposing counsel. Order of the Court Document Number 63, has erred in the correct events of the docket and has numerous incorrect assumptions, opinions, and illegal orders.

1. On page 1 of the Order the Order incorrectly states the date of the "zoom" conference, it states the date of 2 March 2022, when in fact the hearing was held on 3 March 2022, the order should be corrected to include the proper date.

2. The removal although alleging diversity also alleged a vast number of Federal Questions and other Federal legal citations.

3. The Magistrate Judge has purposefully not listed all the "motions", "notices", "memorandum" and OBJECTIONS of the PRO SE defendant. Most concerning is the Magistrate Judge purposefully has not addressed the OBJECTION made in document number 52, **"OBJECTION to Unethical, Illegal, Immoral, Conduct at Bar by Craig Alan Brand"**; whilst simultaneously referencing multiple times notices and memorandum filed by the bar licensed attorneys who file documents and REFUSE to send the same to the Pro Se defendant.

4. At (A) of Order Document Number 63, the Magistrate Judge, expends time needlessly regarding document number 3, when IPSO FACTO the PRO SE defendant had dutifully withdrawn the motion in Document 3, through the filing

of document 35.  Wherein the PRO SE defendant withdrew Document 3, **for cause well explaining the legal shenanigans practiced by the "partner in deception" CRAIG ALAN BRAND,** wherein the PRO SE defendant's email box is being SPAMMED with UCE (Unsolicited Commercial Email) on a constant basis <u>since CRAIG ALAN BRAND entered the case</u>, as is a well practiced and long and storied history of harassment of opposing parties.  The PRO SE defendant even stated:  "Defendant in the interests of savings to the Court and the parties hereto the above captioned litigation at bar, files this Notice of withdrawal of the motion made in Document Number 3, of the above entitled action currently pending at bar here in the US District of Kansas Federal Court" see Document 35, page 2, numbers 4 through 8 and at numbers 11 through 14 of the same page: "The Defendant has been under collateral attack by purported attorney Craig Alan Brand and his "law partner" and/or legal associate Logan R. Golema in numerous jurisdictions for a period of years."

5.  At (B) of Order, Magistrate Report Document 63, the Court errors in allowing opposing counsel to use a racial SLUR in pleadings, despite the pleadings being signed by TWO (2) licensed attorneys, who both must have proof-read the petition and as required the plaintiffs had to read and approve the filing prior to it being filed.  Additionally, the petition sat, filed for nearly a year prior to any attempt at service of process, the reason is quite evident in the record, that the Plaintiffs CONSPIRED in COLLUSION to unlawfully detain the PRO SE defendant and then serve the PRO SE defendant in a "detention facility", after attempts to murder the PRO SE defendant failed.   There can be no excuse for

leaving a KNOWN racial SLUR in pleadings.  There is no plausible excuse for the conduct of the attorneys, nor the plaintiff who by law had to read and approve the petition prior to filing.   The Magistrate report also incorrectly makes reference to Susan Koehn the EX wife of CHAD MITCHELL KOEHN, as an EX wife, they do not enjoy spousal privilege and should not be referred to as "family".  The implication by the Magistrate report is NOT proper and does not address the facts.  It is well settled that the term "BEAN" or "BEANER" is derogatory to "Spanish", the limitation the Magistrate makes to specifically "latinos", stating:  "the term "Bean, as used in the pleadings, is a racial slur towards Latinos" is insulting on its face.   Just as insulting it is that the Magistrate does not in writing "admonish" the attorneys and plaintiffs for the inclusion of the racial slur in the pleading.   It is further insulting for the Magistrate to report in the Order that making the Racial SLUR a single time, in some way lessens the impact of the SLUR being used and strategically placed on the bottom of the first page of the petition, and being sent into a highly racially charged environment.  The plaintiff's regularly use racially charged speech as noted the PRO SE defendant dutifully filed document number 12, demonstrating clearly where the plaintiff's use the term "RED NECK" in the naming convention of a Crypto Currency "hedge fund" **Red Neck High Tech Yacht Fund, LP.**  Certainly BOTH the term "BEAN" and the term or phrase "RED NECK" are BOTH insensitive and certainly BOTH are biogted terms and phrases used to insult other humans.  This type of behavior is counter productive to litigation and flies in the face of those expectations American Citizens have to each other in a civilized society.

6.  The Magistrate rather than calling the RACIAL SLUR and the certain

DISCRIMINATION of socio-disadvantaged people for what they are, instead tries

to lessen their impact by stating RED NECK, is "unfortunate use of the term "red

neck" in the name of a limited partnership with which they are affiliated".  It

certainly is not "bad fortune" as to say it was accidental the Plaintiff's used the

phrase "RED NECK", in the naming convention of a CRYPTOCURRENCY

hedge fund, called "RED NECK High Tech Yacht Fund", there is nothing to

suggest it was "bad fortune" in its use in fact the Plaintiff's deliberately use a

DEROGATORY phrase "RED NECK" referencing "high tech" and YACHT,

wherein it is well settled that a person who is socio-economically disadvantaged

cannot afford a Yacht.  This demonstrates clearly why the plaintiffs think it is

"funny" or amusing to refer to the PRO SE defendant by a known racial SLUR in

their petition, a legal document, which they knowingly laid in wait nearly a year

before attempting service, and only did so when they KNEW with malice of

forethought the racial slur would be hurled at the PRO SE defendant inside a

highly racially charged and divided detention facility, which **they illegally**

**obtained said knowledge from their coconspirator in predatory collusion**,

who had lied to law enforcement in order to unlawfully and wrongfully detain the

PRO SE defendant with false charges.

7.  The Magistrate report again does not take seriously enough the use of the

RACIAL SLUR against the defendant.  The report/order goes on to state:  "in

deference to Defendant's reasonable concerns regarding the use of the name or

term "Bean" in Plaintiff's state court Petition".  The concern of the defendant is

how the Racial SLUR was used, **the FACT two licensed attorneys proof-read and signed the petition and the plaintiff's reviewed the petition for form and substance as required by law.** All of them KNEW the term was included and ALL of them allowed it to remain unchecked in the legal petition. At the very least the Court should have "admonished" the opposing counsel for the use of the RACIAL SLUR. As the Court "admonished" the non-legally educated, proletarian pedestrian PRO SE defendant, multiple times in the Order, **yet did not "admonish" the opposing counsel a single time,** throughout the entire order. By simply "ordering" the SLUR removed from the petition does not undo the HARM created by the use of the Racial SLUR nor how the SLUR was delivered into a known highly racially charged environment, for willful, and purposeful intent to attempt and having caused the PRO SE defendant physical bodily injury and harm. The Magistrate order/report certainly does not go far enough in recognizing that RACIAL SLURS do not belong in court petitions, nor in naming conventions of corporations nor does the Magistrate issue the appropriate measure of sought relief to the use of the RACIAL SLUR in the petition. Attorneys are supposed to be held to a higher standard of conduct. Yet, here it is ONLY the PRO SE defendant who is held to account for the standards applied to attorneys, and the attorneys are given passes at the hurling of RACIAL SLUR in a petition, signed by TWO bar licensed attorneys and read again by a host of persons representing the plaintiffs in the matter.

8. The Court MUST identify the term as a SLUR aimed at the Pro Se Defendant, and hurled at the PRO SE defendant in a racially charged environment after

purposefully sitting on the petition for nearly a year, laying in wait to serve the PRO Se Defendant when the RACIAL SLUR would have the greatest possible impact, in hopes of further physically damaging the Pro Se defendant. By not "admonishing" the plaintiffs and attorneys Larry Gene Michel and Quinn Robert Kendrick for BOTH "failing" and committing grave "error" in wanton reckless disregard for actions at bar, as well as certain purposeful laying in wait to serve the petition when the RACIAL SLUR would have greatest impact, the Magistrate order/report mandates this appeal and inclusion of growing litigation and Complaints regarding the use of the Racial Slur in the petition. Equally by stating the phrase "RED NECK" is unfortunate use, is to somehow say it is "bad fortune", when the use of "RED NECK" is certainly done willfully and purposefully like the plaintiffs purposeful leaving of the term "BEAN" in the underlying petition.

9. At foot note "1" on page 8, of document 63, the report/order; the Magistrate FAILS to lay out all the facts, which include the Magistrate ordered the parties not to file motions/answer until further notice, the PRO SE defendant unlike the licensed attorneys followed the orders of the Court. At each and every step the PRO SE defendant is barred from filing motions/answer but the bar licensed **attorneys are allowed to violate the Rules of Professional Conduct, Local and Federal Rules with impunity.**

10. The Magistrate report/order further errors in the correct statements, by making a statement that while true on its face leaves out the FACT, the plaintiffs filing of their motion to Strike aimed at the Motion for enlargement of time states the

plaintiffs, "request that the Court strike Nelson's motion for extension of time and admonish him"; while the Magistrate report/order states: "nowhere in Plaintiff's Motion to Strike do they object to the extension of time requested", this is certainly NOT within the SPIRIT of the law or Court Orders. The PRO SE defendant, attempted to contact the opposing counsel who at ALL times REFUSE communication with the PRO SE defendant. IPSO FACTO the plaintiff's requesting: "that the Court strike Nelson's motion for extension of time and admonish him", certainly does not say anywhere that the Plaintiffs were being reasonable, nor operating with good faith, in agreeing to the extension of time, instead the plaintiffs sought to STRIKE the ENTIRETY of the dutiful request by the PRO SE defendant to enlarge time. IN FACT the Plaintiffs went on to file another motion to strike, at document for enlargement of time, seeking again to strike the entirety of the PRO SE defendants requested to enlarge time to provide an answer.

11. The Magistrate order/report ERRORS in the law by stating: ", Defendant shall file an answer or other responsive pleading to Plaintiff's Amended Complaint no later than 21 days after service of the Amended Complaint. The Court deems the date of service for the Amended Complaint as the date when it is filed in CM/ECF." Wherein the PRO SE defendant is only noticed of a filing made when the plaintiffs actually mail the PRO SE defendant a copy of the filing they make, whereas the record so indicates the PRO SE defendant does NOT receive "electronic notification", and whereas the Court now recognizes that Document 3 was previously withdrawn, and though the Court encourages the defendant to

register for electronic notification, due to the reasons cited in Document 35, electronic notification simply is not sufficient for the PRO SE defendant. Similarly the plaintiffs have purposefully refused to mail a copy of the pleadings they themselves make to the Court, despite signing regularly certificates of service, wherein they purposefully do NOT mail to the defendant copies of what they file with the Court. The changes to USPS mail now takes First Class USPS mail approximately 8 to 10 days to reach the PRO SE defendant. Therefore the Court Order is not in the spirit of FRCP or general litigation as the PRO SE defendant is being unfairly undermined in time frames to provide responses. The PRO SE defendant must rely upon the American Civil Liberties Union and other non-profit legal aid organisations monitoring the case and await upload to Internet Archives and Courtlistener to obtain copies of what opposing counsel files.

12. On page 11 of Order 63 at Footnote (9) the Magistrate Report references a unique, yet brilliantly written documents referred to as the "Pillars of Professionalism", while the PRO SE defendant, enjoyed reading this document, concern is brought forth to the Court, that this document seems to replace and effectively lessen the responsibilities of Bar Licenses Attorneys. Nowhere within the document entitled "The Pillars of Professionalism" is the PRO SE defendant adequately protected. The document appears to give the bar licensed attorneys a "pass" at their regular violations to the Rules of Professional Conduct. Again for a second time the PRO SE, proletarian non-legally educated defendant is "admonished" by the Court, whilst the Court references the "Pillars of Professionalism" which is a document which does not adequately include protections to the PRO SE

defendant, as the PRO SE defendant is not mentioned by category nor status anywhere within the document. Conversely the document also does not give reference to attorneys acting Pro Hac Vice, before the Court, like purported attorney Craig Alan Brand, who did WILLFULLY, KNOWINGLY pass a fraudulent, materially misleading and certainly PERJURY filled affidavit before the Court in document 24-1; wherein CRAIG ALAN BRAND signed twice the document under the penalties of PERJURY and made a number of knowingly FALSE STATEMENTS.

13. Craig Alan Brand's certain perjury before the Court is not only "playing fast and loose at number Six" of the affidavit he passed by the declaration of NeJame passed to the Court by Attorney Larry G. Michel certainly supports the fact that Brand has had bar complaints thereby making (7) of the affidavit also FALSE. Even when Craig Alan Brand appears before the Court he appears in Zoom conferences under the law firm "Mystic Law" and not the law firm name he submits in the affidavit before the Court. **On page (7) of the Pillars it states: "Act with candor, honesty, and fairness toward the court." Certainly the multiple FALSE statements equaling absolute PERJURY on an affidavit before the Court demonstrates clearly where Craig Alan Brand believes BOTH the Pillars of Professionalism and the Rules of Professional Conduct do not apply to him.** CRAIG ALAN BRAND's false swearing on an affidavit by an attorney should be admonished and punished severely otherwise it tarnishes the image of the Court in the minds of the public at large therefore negatively reflecting on all attorneys who appear as officers of the Court.

14. At (E) of the Magistrate Report / Order in Document 63, the Magistrate errors in the application of the law. As the PRO SE defendant not being legally educated does demur to the Court's wisdom with respect to State Government Officials given the plethora of case law cited. The PRO SE defendant respectfully reminds the Court that the SEC (Securities and Exchange Commission) is a Federal Commission and as such the Court has the Power to issue writs as granted under the US Constitution especially wherein a matter of law is cited and reason provided given the material misrepresentations as to "nerve center" to the highly bigoted naming convention of the CRYPTOCURRENCY Hedge Fund "RED NECK High Tech Yacht Fund LP", and its obvious and evident material misrepresentations as to registration necessity with the State, thus the docket so indicates **proof positive of on-going violations to Federal Law.** Therefore a writ should issue to the Securities and Exchange Commission a Federal entity, if not also notice the Attorney General for the State of Kansas, whilst the PRO SE defendant is not a citizen of the State, the citizens of the State of Kansas deserve no less protection under the 14th amendment than citizens of the several states.

15. At (G) of the Magistrate Report, the Court errors, in not admonishing the plaintiffs and their counsel for the obvious and evident, violation to FRCP and Rules of Professional conduct by not adhering to FRCP Rule 7; wherein in the PRO SE non-legally educated defendant had the necessity to point out the obvious violations to the FRCP by purportedly bar licensed attorneys. Yet, it is only the PRO SE proletarian pedestrian non-legally educated defendant who is

admonished continually whilst allowing the bar licensed attorneys to violate

Local, Federal and Professional Rules with impunity.

16. At (H) of page 14 of the Magistrate Report the Court again looks to lessen the bad

behavior of the opposing counsel and place blame upon the PRO SE non-legally

educated defendant by stating: " Despite claiming to not have a service copy of

the two pleadings, based upon Defendant's extensive quoting from the Notice of

Withdrawal and Entry of Appearance in his objections, it is clear he had a copy of

each."   IPSO FACTO the PRO SE defendant has a RIGHT to receive notice of

the opposing counsel and should NOT have the need to rely upon third party

non-profits, like CourtListener, just to receive basic notice of filings made in the

case.   IF NOT for CourtListener:

https://www.courtlistener.com/docket/62644788/united-capital-management-of-ka

nsas-inc-v-nelson/ and legal aid and the American Civil Liberties Union (ACLU)

monitoring this case, the PRO SE defendant would have been without the filings

made by opposing counsel as they certainly have sought to DENY the basic and

fundamental rights of the PRO SE defendant, in their denial of service of notice of

what the purported bar licensed attorneys file to the Court.  Larry G. Michel has

multiple times refused to provide service copies of what he files with the Court to

the person of the PRO SE defendant, following his lead so do his co-counsel's

Quinn Robert Kendrick and Christopher Kellogg also refuse to provide copies of

their filings to the Court whilst simultaneously not requiring the attorneys to file

documents pursuant with the Local Rules allowing the attorneys to violate rules

with impunity.  **As to Quinn Robert Kendrick, who also signed the originating**

petition which included a racially motivated SLUR, the fact he is unable to

follow the RULES of the Court and does not name / title even his withdrawal of

appearance, which is made with mens rea of a guilty mind for the racial SLUR

hurled at the PRO SE defendant, after the filing of document 5, demonstrates

clearly via proof positive that at a minimum Quinn Robert Kendrick should have

been admonished by the Court for not following procedure, as to Chris Kellogg

the same, given his single page notice of appearance which lacks in notice to the

PRO SE defendant.   Whilst the PRO SE defendant does appreciate the Court

having taken the NEED to "ORDER" the purported bar licensed attorneys:   "the

Court ORDERS Plaintiffs to provide Defendant with a hard copy of any future

filings via regular mail and to certify service of same."   Each and every filing of

the purported bar licensed attorneys filed a certificate of service, however, did

purposefully and maliciously in bad faith refuse to provide the service copy to the

PRO SE defendant, indicating proof positive of bad faith, even the Court has

found:   **"The same cannot be said of the represented litigant, for we expect**

**counsel to know the pleading rules of the road without being given personal**

**notice of them by the district court. Our concern here is with the pro se**

**litigant unschooled in the law.**" *See Erickson, 127 S.Ct. at 2200; Andrews, 483*

*F.3d at 1076-78.* HOWEVER, here the PRO SE defendant has been opposed by

nearly half a dozen self-proclaimed large law firms, with ample resources, FOUR

(4) different lawyers all working against the defendant. None-the-less despite the

massive legal team assembled for the plaintiff, the bar licensed counsel should

**"know the pleading rules of the road without being given personal notice of**

them by the district court" **id.,** conversely the PRO SE defendant does not and is learning as quickly as possible and has yet to be given any direction from the Court as to what the defendant has done wrong or what is not permitted by the rules, the Court should have **"concern here is with the pro se litigant unschooled in the law"** id. Whereas conversely the role models providing leadership, opposing counsel in this case, continue to flagrantly flout the very rules at bar including Professional Conduct, Local and Federal Rules. Craig A. Brand's book "LIFE SUCKS" states: "<u>**Lady Justice is not only blind but corrupt and susceptible to biased pressures.**</u> The legal system, different than a justice system, **works best for the wrongdoers, liars, extortionists, blackmailers, the wealthy, criminals and the insane.**" id page 98 Opposing counsel seek to fully blind the Court and destroy the Court's impartiality in the litigation, just as Brand's statements: **"Lady Justice is truly blind, blind to justice."** id. Page 26; as Craig Brand states: "<u>Today's legal system protects the wicked and taxes the innocent.</u>" id. Page 26; here the PRO SE defendant is truly the innocent WHISTLEBLOWER and obviously as the docket reflects Chad Mitchell Koehn etAl and his gaggle of attorneys from nearly half a dozen firms are the protected "wicked", **even CRAIG ALAN BRAND appears at Zoom conferences under a DIFFERENT law firm letterhead and name than he originally presented himself to the Court, in his erroneous, fraudulent, and certain PERJURY riddled affidavit at 24-1. Each time Craig Alan Brand has appeared in this matter he provides further evidence of the fraud he has presented upon the Court record in his affidavit at 24-1.**

17. The fact the Court finds it necessary to "ORDER" the opposing counsel to provide a copy of what it files with Court to the PRO SE defendant, is to provide basic direction which the FRCP already mandates of the purported bar licensed attorneys. The opposing counsel should be admonished for their bad behavior and necessitation of the PRO SE defendant to rely upon third parties not for profits to acquire copies of what the bar licensed attorneys file with the Court. The fact the PRO SE defendant was able to cite from some of the filings IPSO FACTO due to the non-profit CourtListener and various non-profits charged with protection of Civil Liberties monitoring the case, should NOT absolve nor lessen the requirements of bar licensed attorneys with adherence to the Federal Rules of Civil Procedure, nor Local Rules or those of Professional Conduct.

18. The PRO SE defendant again states nothing in any filing shall be intended nor taken as requesting or asking for any communication to or with CHAD MITCHELL KOEHN, as the notice in document 50, is that the PRO SE defendant is under strict orders not to have any communication personally nor through any third party with CHAD MITCHELL KOEHN and various other claims relating to CHAD MITCHELL KOEHN, whom the PRO SE defendant has NEVER met, has no sexual interest in and has no desire to engage in any of CHAD MITCHELL KOEHN's delusions regarding sexual intimacy when "Chad Mitchell Koehn is incapable of giving consent" to sexual acts. The PRO SE defendant now and forever more does not direct nor expect any pleading, notice, motion, appeal or other filing to be shared with or in anyway provided to Chad Mitchell Koehn as the Pro Se defendant, does not request nor ask or infer or imply in any way shape

or form any communication to Chad Mitchell Koehn as per Court Order, which exclaims in 80% of the order references to sexual acts with Chad Mitchell Koehn. The Pro Se Defendant has begun the reciprocity processes to obtain similar protective orders against Chad Mitchell Koehn pursuant with the laws of various States where the PRO SE defendant believes it is necessary to exact reciprocal protective orders and interstate compact on protection against violence from Chad Mitchell Koehn and other persons both with the same surname Koehn and other individuals acting in conspiracy and predatory collusion with Chad Mitchell Koehn, whilst recognizing that other states provide these protective orders to a much more strict degree than Kansas, and for many multiple years, the defendant seeks similar protection from stalking, harassment and purposeful interference in the pro se defendant's RIGHT to pursue life, liberty and happiness free from the harassment and stalking of Koehn etAl.

19. At (K) the Magistrate report, does not provide the timeline of events, wherein the PRO SE defendant is working with a plethora of law firms regarding a parallel criminal matter, involving the coconspirator in predatory collusion with Chad Mitchell Koehn, and although having previously met with the stated AUSA, at the time of notice to the Court the PRO Se defendant had believed other meetings were to occur, however, during proceedings and upon advice of counsel the PRO SE defendant had a change of plans.  For this and other reasons the PRO SE defendant again raises the concern of a STAY in this matter pending resolution of the parallel criminal matters.  *See eg. Wehling v. Columbia Broadcasting System 608 F.2d 1084, 1089 (5th Cir. 1979)* ("[although a three year hiatus in the lawsuit

is undesirable from the standpoint of **both** the court and the defendant, **permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and this lawsuit.**"); White v. Mapco Gas Products, Inc. 116 F.R.D. 498 (D.C. Ark 1987); Dienstag v. Bronsen, 49 F.R.D. 327 (D.C.N.Y. 1970); US v. Steffes, 35 F.R.D. 24 (D.C. Mont. 1964).

20. **Unqualified right given by** *Section 272 of the Judicial Code, 28 U.S.C. 394*, to parties in all the courts of the United States to **'plead and manage their own causes personally.'** Filing a lawsuit without a sufficient factual basis **to dissuade a whistleblower** or discrimination plaintiff from engaging in protected conduct **constitutes actionable retaliation**. *See, e.g., Darveau v. Detecon, Inc., 515 F.3d 334, 340-341 (4th Cir. 2008); Gortat v. Capala Bros., 2011 U.S. Dist. LEXIS 149731 (E.D.N.Y. Dec. 30, 2011); Pinkett v. Apex Communs. Corp., 2009 U.S. Dist. LEXIS 34053, 9-12 (E.D. Va. Apr. 21, 2009).* Sham litigation is not protected by the First Amendment. *Rosania v. Taco Bell of Am., Inc.*, 303 F. Supp. 2d 878, 883 (N.D. Ohio 2004). *See also Gill v. Rinker Materials Corp.*, No. 3:02-CV-13, 2003 U.S. Dist. LEXIS 2986 (E.D. Tenn. Feb. 24, 2003) (claim brought "not in good faith and instead motivated by retaliation, can be the basis for a claim"); *Gliatta v. Tectum Inc.*, 211 F. Supp. 2d 992, 1009 (S.D. Ohio 2002) (lawsuit brought in bad faith with retaliatory motivation prohibited); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472 (S.D.N.Y. 2008) ("baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions"); *Stanerson v. Colorado Boulevard Motors, Inc.*, No. 06-cv-00856, 2006 U.S. Dist. LEXIS 80124 (D. Colo.

*Nov. 2, 2006);* **Indeed, threatening to sue a whistleblower can be actionable**

**retaliation.** *Brach v. Conflict Kinetics Corp.,* Case No. 1:16-cv-978 (2016).

Retaliation is prohibited even if it is undertaken at the request of a government official. *10 USC*

*§ 2409(a)(3)(B).* "only following orders" defense. *Wilczynski v. Loyal Source Government*

*Services LLC, No. 18-cv-2973-WJM-KMT, 2020 WL 1076125 (D. Colo. 03/06/2020).* Yes, the

Anti-Money Laundering Act of 2020 **protects anti-money laundering whistleblowers** against

retaliation, including whistleblowers who have provided information to **FinCEN** through the

anti-money laundering whistleblower program. Even BEFORE discussion on CRAIG ALAN

BRAND's woefully fraudulent, materially misleading, and certain PERJURY riddled affidavit

for Pro Hac Vice admission, CRAIG ALAN BRAND proffered testimony, he [CRAIG ALAN

BRAND], is DEFENDING FINCEN actions regarding the plaintiffs.

It is most probable this frivolous litigation is another weapon in the arsenal of CRAIG

ALAN BRAND to attack the PRO SE defendant as has been seen throughout the plethora of

cases started organized and directed by the "PARTNER IN DECEPTION" CRAIG ALAN

BRAND, "I [Craig Alan Brand], for instance, have championed the art of disinformation. I

intentionally provide people with false information..." page 118. [EMPHASIS ADDED], Craig

Alan Brand's own hand in the book he authored "I don't care what mom says: LIFE SUCKS",

where Craig Alan Brand lays out his beliefs in the legal system and his legal strategy for ruining

peoples lives. "All that is required is the mere filing of a legal document called a "complaint".

Then, **wham, you are in court and the accused must go through a long, lengthy, tiring,**

**stressful and expensive process merely to prove his or her innocence.** In spite of what you

have read about our system of justice, **we are all guilty until proven innocent, and we are all**

**innocent until we run out of money** [Emphasis Added]. __Most falsely accused people wind up__

**paying some form of legal extortion** just to get out of the drama. The bad guys and their

SHYSTER [EMPHASIS ADDED] lawyers know it." id. page 97

      Disclosures protected under the AMLA could also implicate tax fraud, **securities fraud**, or <u>violations of SEC rules</u>; As such it cannot be reasonably disputed that proceeding with this action in light of the parallel criminal proceedings severely prejudices the Pro Se Defendant and possibly even the plaintiffs here and there. The focus is "on the plaintiff's state of mind rather than on the defendant's conduct." *Guyden v. Aetna, Inc., 544 F.3d 376, 384 (2d Cir. 2008).*

21. **At (L)** of the Magistrate Report, the Magistrate orders the parties not to file additional motions or responses / replies to the motion for sanctions, yet previously permits the motion for sanctions, despite the fact the Court has "admonished" the PRO SE defendant multiple times in Order 63, and <u>yet does not admonish the opposing counsel a single time,</u> **despite the numerous violations of Local and Federal Rules and certainly those of professional conduct.** To now allow for "sanctions", seems to operate to permit the opposing counsel to seek to incarcerate the PRO SE defendant for simply attempting to argue for basic rights and seeks essential double punishment to the PRO SE defendant seeking to exert basic and fundamental rights all the **while allowing plaintiffs to operate with impunity as to violations of the rules which govern litigation.**

22. The Magistrate Report / Order seems to purposely skip over the lawful OBJECTION in document number 52, titled appropriately: **"OBJECTION to Unethical, Illegal, Immoral, Conduct at Bar by CRAIG ALAN BRAND"** . The oversight of the Court in not addressing the <u>OBJECTION to Unethical, Illegal, Immoral, Conduct at Bar by Craig Alan Brand;</u> seemingly gives opposing

counsel a "pass" yet again at the attempted FRAUD, and certain willful and

obvious attempts by CRAIG ALAN BRAND to claim the PRO SE defendant had

communication with Hera Soft when Craig Alan Brand responds to the Chambers

of the Magistrate from the email address:  craig.brand@herasoft.com this willful

and deliberate FRAUD upon the Court and deception by Craig Brand, cements

the long and storied history Craig Alan Brand has of deception upon Courts, as is

evident from Craig Alan Brand's filing of the materially misleading, fraudulent

and certain PERJURY upon the Court he filed in document 24-1.  After all it is

Craig Alan Brand who writes in the book he authored:  "Lady Justice is not only

blind but corrupt and susceptible to biased pressures. The legal system, different

than a justice system, works best for the wrongdoers, liars, extortionists,

blackmailers, the wealthy, criminals and the insane." id page 98   "The truth

asserted is irrelevant." id.  page  16   "Today's legal system protects the wicked

and taxes the innocent." id. Page 26  "I [Craig Alan Brand], for instance, have

championed the art of disinformation. I intentionally provide people with false

information..." page 118. [EMPHASIS ADDED] "I intentionally provide people

with false information".

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285,

and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All

pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice

and to prevent manifest injustice the Courts generally reviewed "filings generously and with the

leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v.

Heaton, 483 F.3d (10th Cir.2007)


Respectfully Submitted, this 2nd day of May 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105


**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per order of the saline county judge hickman, whose secretary clerk states judge hickman and his court supersedes the jurisdiction and authority of the US District Federal Court for the District of Kansas. The providing of this pleading and any future pleadings made herein this case to any attorney of record for Chad Mitchell Koehn is expressly done as not to communicate with nor be provided in any form to the person of Chad Mitchell Koehn; as the defendant herein is expressly not requesting, directing nor dictating another to contact Chad Mitchell Koehn or provide to Chad Mitchell Koehn any document, exhibit, pleading or other communication of any nature whatsoever in relation to this matter at bar. To the extent any communication to the counsel of the plaintiffs NOT be communicated to directly or indirectly the person of CHAD MITCHELL KOEHN per the order of the Court of Saline County Kansas by order of Judge Hickman who claims superior and superseding orders to that to the US District of Kansas Federal Court. Nothing contained herein or hereby shall be considered nor availment hereof any notice or request to communicate in any manner or nature whatsoever with the person of CHAD MITCHELL KOEHN, and/or any of the aliases used by CHAD MITCHELL KOEHN which shall have formal orders and demands for prosecution of threats levied and received by defendant against elderly and others in violation of law. IN NO way shape or form is the defendant suggesting nor inferring that any filing, pleading or notice be provided, shown or communicated in anyway to the person of Chad Mitchell Koehn. The defendant acknowledges that Chad Mitchell Koehn is fearful of being taken advantage of in an inebriated state, when he cannot consent to sexual relations, the defendant has NEVER had sexual relations with Chad Mitchell Koehn, the defendant has never been to Kansas and has no intention, want or desire for any sexual relations with Chad Mitchell Koehn nor does the defendant wish any contact whatsoever with Chad Mitchell Koehn apart from depositions, 30b(6) depositions, cross examination during trial by jury. In no way by providing this document to counsel for the plaintiffs is this an attempt

or otherwise any form of communication with Chad Mitchell Koehn. Nothing herein shall be construed or otherwise taken to mean the defendant wants anything at all to do with Chad Mitchell Koehn apart from those actions permitted by the Federal Courts regarding litigation when the time is ripe, either in this Federal Court or other Federal Court's as additional litigation becomes forthcoming, as the defendant continues DEFENDING. The defendant shall continue to attempt to follow the rules Local and Federal even though opposing counsel purported bar licensed attorneys violate the rules including certificates of service that they do not send copies to the PRO SE defendant with impunity.

Respectfully Submitted, this 2nd day of May 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com