# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. and CHAD Mitchell KOEHN | DOCKET NO.: 5:22-CV-04008-JWB-GEB |
|---|---|
| Plaintiffs, | CIVIL ACTION |
| v. | **Preliminary ANSWER** |
| Michael Nelson | **with Cross and Counter Complaints** |
| Defendant ; PRO-Se. | **and Joinders** |
| | **[Jury Trial Demanded]** |

## Preliminary ANSWER with
## preliminary Cross and Counter Complaints third party attachments

<u>Defendant, makes "SPECIAL APPEARANCE"</u> here and now for the purposes of providing the Defendant's FIRST, Answer to the petition and counter and cross complaints with attached parties:

### Preliminary ANSWER with Cross and Counter Complaints

Federal Rule of Civil Procedure 12(a) requires a defendant to serve an answer "within 21 days after being served with the summons and complaint." The time for serving an answer changes if a defendant serves a motion under Rule 12. As the PRO SE defendant has herein done. Therefore, "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action . . . ." Fed. R. Civ. P. 12(a)(4)(A).

However, here the Court has consistently ruled in largely in favor of the motions and demands of the plaintiffs who are represented by a plethora of attorneys, headed by Craig Alan Brand, who has orchestrated at least 6 different legal entanglements simultaneously for the PRO SE defendant, and as stated by CHAD MITCHELL KOEHN in affidavits a multitude of additional criminal charges pending against the PRO SE Defendant all certain in RETALIATION for the Pro Se Defendant having been involved with several investors who have filed

=================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 1

WHISTLEBLOWER actions regarding NEVADA corporation Anthem Vault Inc. which the plaintiffs are directly tied. The NEVADA Corporation Anthem Vault Inc. is also the former employer of the Pro Se Defendant and the genesis corporation from which all contested "spinoff" corporations originated and thus the cause of the Plaintiff's "smurfing" of underlying funds and capital in the creation of a highly contested and illegal series of "short form mergers", using dummy or fake corporations as "target" corporations of the series of "short form mergers" in order to "smurf" the underlying companies to the detriment of investors.

The pro se defendant had also filed dutifully notices and participated materially in lengthy discussions and evidence gathering with both State and Federal regulators and authorities pursuant with WHISTLEBLOWER rights in whistleblower filings. The series of legal entanglements created by Craig Alan Brand are overwhelming to any person yet alone the now impoverished pro se defendant. According to sworn testimony on the witness stand Cynthia D. Blanchard has recently stated to the effect that a further appeal to the NEVADA Supreme Court is under way by Craig Alan Brand regarding employment matters and largely similar identical matters as the case here at bar. Chad Mitchell Koehn has by way of affidavit admitted to possession of the pro se defendant's social security number, which no person can possess another's social security number without being the persons employer, therefore ipso facto admitting to this role as the employer of the pro se defendant. This Court the US District of Kansas, should not maintain personal nor subject matter jurisdiction in this matter.

The question then arises whether a Rule 12(b) motion to dismiss directed at only a *portion* of the complaint still tolls the time for answering the *entire* complaint, or whether the movant must still respond to the portion of the complaint of which the motion was not directed. *See Gerlach v. Michigan Bell Tel. Co., 448 F. Supp. 1168, 1174 (E.D. Mich. 1978)* ("F.R.C.P. 12 does not explicitly address the issue of whether the filing of a motion under F.R.C.P. 12(b) also alters the

=================================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 2

time within which the moving party must respond to claims in the complaint not addressed in the motion.").

WHEREIN the PRO SE defendant believes the properly and correctly filed Rule 12 and Rule 12b motions are directed at the once in a course of litigation AMENDED complaint which not only removed from it the RACIAL SLUR purposefully included by the plaintiffs in the originating petition, but also the plaintiff's made a series of material changes as amendments to the originating petition as their "once in a course" amendments to the originating petition, even though the orders of the Court were precisely to only remove the RACIAL SLUR from the petition. On the side of caution as to prevent manifest injustice the pro se defendant does herein tender preliminary answer and cross and counter claims and complaints, though believes formal answer should be provided according to rules under FRCP 14 days after the court rules on the Motions firmly situated under FRCP Rule 12b. Yet, given the filings and pleadings of the plaintiffs and their plethora of attorneys and law firms and the court's seemingly siding with the plethora of attorneys over that of the pro se defendant this rushed document is herein tendered.

Given the fact the Court has already overlooked and passed essentially on the false statements in document 24 and the certain perjury in document 24-1, both of which the Pro Se Defendant has dutifully appealed under Rule 72, however, the District Court has yet to rule thus requiring the pro se defendant to assign time and attention to filing under Federal Appellate Procedure Rule 5 with regards to special interlocutory appeal re-hashing much of what has already been filed and appealing those matters where the District Court refuses to rule, thus necessitating interlocutory appeal as a matter of right and in the interests of substantial justice given the plethora of parallel criminal matters all orchestrated by Craig Alan Brand who did file the perjury filled affidavit in document 24-1 as submitted by Larry G. Michel in document 24.

================================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 3

Given the fact the Court has not a single time admonished the multitude of bar licensed attorneys appearing on behalf of the plaintiff's, even given the extreme bad behavior before the court to date, yet at every available instance the Court has admonished or otherwise commanded the Pro Se defendant to follow rules which the bar licensed attorneys have continually violated with impunity. To the point where the Court has even had to conduct investigations and only ORDER the plaintiffs in the filing of pleadings to the Court MUST be sent to the person of the pro se defendant, but not admonish the plaintiff attorneys for previously refusing to furnish copies of what they file to the court to the pro se defendant. Like wise allowing the plaintiffs to file a multitude of pleadings before even complying with FRCP Rule 7 and others. Certainly absent this rushed document as a preliminary answer and cross and counter complaints even given the FRCP rules in Rule 12b motions filed, meaning the answer and cross and counter complaints should not be due until 14 days after the Court rules upon the Rule 12b motion filed, it is obvious and evident to the pro se defendant that absent this filing his rights will be eroded.

The Pro Se defendant therefore given the conflicting and certainly beneficial of doubt rulings thus far all in favor of the Bar licensed attorneys, so submits, the preliminary answer and counter and cross complaint preliminary filing without at present attaching any third parties and only by reference of John and Jane Doe's and Doe Corporations.

At least one court has ruled that because "[s]eparate counts are, by definition, independent bases for a lawsuit . . . the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b)." *Gerlach, 448 F. Supp. at 1174.* The filings of documents 69 and 71 a properly formatted Motion to Dismiss Under rule 12b and 12 collectively with a memorandum of support of the Motion to Dismiss is aimed at the totality of the complaint, none-the-less to prevent miscarriage of justice in the Court ruling again in favor of the

===============================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 4

Plaintiff's without presenting the opportunity for the pro se defendant to be heard, the preliminary answer to the once in a course amended complaint is included herein given:

"the weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion." *5B Charles Wright et al., Fed. Prac. & Proc. Civ. § 1346 (3d ed. 2019 update); see also Beaulieu v. Bd. of Trustees of Univ. of W. Fla., No. 3:07CV30 RVEMT, 2007 WL 2020161, at \*2 (N.D. Fla. July 9, 2007)* (collecting cases for the same proposition).This is because "the minority approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency." *Id.*

With these considerations in mind, the Pro Se defendant, is worried the Court will further error in granting a motion of the Plaintiff's and their vast legal resources from nearly 6 large law firms all opposing the pro se defendant while their lead attorney Craig Alan Brand orchestrates and directs a massive legal campaign against the pro se defendant. If the Court were to take the Motions to dismiss under rule 12 and 12b as partially aimed at just one part of the complaint and not as written the complaint as a whole this would require additional levels of appeals to the already numerous appeals pending to the District Court under rule 72 and the preparation for the filing of an Appellate Procedure Rule 5, in regards to the appeals of involvement pro hac vice of Craig Alan Brand in the matter at bar. Especially given the fact Craig Alan Brand personally is also seeking criminal charges himself against the person of the pro se defendant in extension of RETALIATION in order to prevent the pro se defendant from participating in reporting and/or other contact to Federally elected officials, Federal Law Enforcement, Tax authorities, Federal Regulatory bodies, investigators and Federal Agencies all in violation of the long standing Federal Acts which protect communication to Federal Law Enforcement and Federal regulatory bodies. The pro se defendant is most certainly NOT the only person nor investor nor even

====================================================================================

Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 5

"sinifigant equity interest" holder who has filed WHISTLEBLOWER notices, complaints and evidence to Federal Authorities regarding a host of violations of Federal Law.  Due to the impoverished state of the pro se defendant and lacking of resources the predators in collusion orchestrated by Craig Alan Brand have chosen to file a plethora of differing types of legal action against the Pro Se defendant as a means to also threaten any other would be WHISTLEBLOWERS and to out the identity of other persons who also have communicated wrongdoings to the US Federal Government and State governments related to a series of companies engaged in market manipulations and investment / securities frauds against the interests of the shareholders in general in the underlying and originating corporation Anthem Vault Inc.

Responding to or filing a partial motion to dismiss should review the applicable jurisdiction's case law, however the Pro Se defendant is without the legal expertise to understand the case law as it relates to the matters at bar given the Court's consistent rulings to date largely in favor of the plaintiffs and to the detriment of the basic rights of the pro se defendant thus demanding upon the Court a variety of Appeals with an Appellate Procedure Rule 5 notice also in the works given the fact the District Court has yet to rule upon any of the previous appeals, including those in the interest of justice concerning the presentation here at bar of Craig Alan Brand, who has at every appearance and filing to date, lived up to the statements he himself makes in his book "I don't care what mom says LIFE SUCKS", wherein Brand publicly declares he provides false information:

The pro se defendant armed with only the TRUTH, logic and reason, is forced by circumstance and economic condition to present himself at bar and in this cause pursuant with the rights enumerated under the United States Constitution:  In accordance with 28 U.S. Code § 1654 the RIGHT to self representation exists in codified law of these the United States of America.

======================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 6

Unqualified right given by Section 272 of the Judicial Code, 28 U.S.C. 394, to parties in all the courts of the United States to 'plead and manage their own causes personally.' The Court in Faretta relied upon the description of the right in § 35 of the Judiciary Act of 1789, 1 Stat. 92, which states that "the parties may plead and manage their own causes personally or by the assistance of such counsel…." 422 U.S., at 812, 95 S.Ct. 2525.

To determine whether there is controlling authority on this issue before assuming that filing the partial motion to dismiss automatically tolls the time to file an answer to the entire complaint, the pro se defendant does so herein now file the following preliminary answer to the complaint and again RENEWS the request for a Stay of the proceeding pending resolution of ALL the parallel criminal matters which stem from the same legal nexus including without limitation the appeal Craig Alan Brand is now taking in the US District of Nevada to the NEVADA SUPREME COURT, as per the sworn testimony of Cynthia D. Blanchard under oath and via direct examination in District Court.

**Parties:**

1.  Denied.   On information and belief United Capital Management of Kansas Inc. is NOT a legal entity in Kansas; though Order of the Court in Document 31 states:  "Plaintiff United Capital Management of Kansas, Inc. a/k/a UnitedCapitalManagement of Kansas, Inc. is incorporated in the state of Kansas with its principal place of business in Salina, Kansas" This is OBJECTED to as FALSE.  Preserved for appeal. Given other information received shall have motion to dismiss, for fraud against the State of Kansas and the citizens of the United States.  Though presently the Court has made its finding that the materially false information contained in the Kansas Secretary of State registration and the violations to the Kansas law do not afford the pro se defendant the opportunity for protection or claim under Kansas State law as the Court has noted the Pro Se defendant is not a resident nor citizen of the State of Kansas as the Court has made

=================================================================================

Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 7

clear several times in different orders therefore presently denying the pro se defendant the opportunity for protection under Kansas State law and therefore under the 14th amendment to the US Constitution without limitation.

2. Without the information to confirm. According to Document 31 Order of the Court: "Plaintiff Chad Koehn is a citizen of the state of Kansas". Otherwise Deny.

3. Paragraph 3 of the Complaint FALSELY lists the pro se defendant as a "resident" of Oregon, when in fact the Pro Se defendant is NOT a resident of Oregon, despite the fact the Pro Se defendant uses the services of LEGAL ZOOM a $2.5 BILLION public company as a service provider to receive USPS mail. The Address listed is a correct and good address for the Pro Se defendant to receive USPS mail correspondence. The Court has already ruled on the citizenships of the parties. Otherwise DENY.

**Jurisdiction**

4. DENIED. The US District of Kansas lacks personal and subject matter jurisdiction. Motion has been made separately per FRCP Rule 12b and Rule 12 among others.

**VENUE**

5. DENIED. The court is not a proper Venue for the proceedings, and so preserved for appeal. Venue of US Dist. of Kansas is NOT proper Venue, as per separate Motion to Dismiss in document 69 and support in document 71.

**Allegations of Fact**

6. Does not require a responsive pleading. Otherwise, averments are denied. Chad Mitchell Koehn is not believed to be a "broker" and UCM holds itself out as a brokerage house in

====================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 8

the sale of securities ergo Chad Mitchell Koehn is not believed to legally be entitled to be president of a Brokerage when in fact Chad Mitchell Koehn is not believed properly licensed as a broker.

7.  DENIED.  No relief can be provided wherein the once in a course amendment of the Plaintiffs have added the phrase "proprietary individuals", thus unilaterally declaring themselves SLAVE MASTERS in the OWNERSHIP of other citizens.  Otherwise DENIED.

8.  DENIED.  Defendant has no way of knowing what persons are clients or expected clients of a non-existent corporation.  The statement is categorically false, otherwise any business in the United States could claim any citizen of the United States is an "expected client", which at best is wishful thinking, by a delusional person or entity.  Absent a complete list of all clients of UCM and those of Chad Mitchell Koehn together with contact information which must be provided during discovery given the statements in the complaint and the claim of the plaintiff's.  The pro se defendant no more than any other person anywhere would be able to tell what persons do business with what other entity. Absent tattoos indicating "proprietary individuals" or other marking indicating OWNERSHIP of people in violation of the 13th Amendment the pro se defendant no more than any other person has the ability to know what persons are clients of whom. Otherwise DENIED.

===================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 9

9. DENIED in part admitted in part. Though the defendant does recognize the docket reflects serious deficiencies in securities regulations, whether or not there are "securities irregularities" remains to be seen in discovery and/or prosecution by the appropriate regulatory authority and/or separate litigation regarding the allegations of securities deficiencies or as stated "irregularities", securities fraud as so charged herein cross and counter complaints is made in counter complaint. The term irregularities is believed to mean "abnormalities". Any statement made by the pro se defendant who is not a securities professional nor is licensed as such in any way would certainly be an opinion in passing and nothing more, there is no way for the pro se defendant to know for certain if there are "securities irregularities", the pro se defendant otherwise reserves the right to amend the answer upon discovery and confirmation of any securities irregularities or FRAUD through the due course of intense investigation during discovery, including those detailed Rule 30b(6) depositions of the plaintiff corporation and all other associated corporations therewith. Otherwise denied. Thus preserved for appeal.

10. DENIED. Whistleblowers by their nature under Federal and State law are protected from disclosure. A whistleblower does not automatically infer illegal criminal activity. Otherwise denied. Preserved for appeal Whistleblowers protected by law. To the extent any communications or knowledge of the pro se defendant with regards to whistleblowers other than the pro se defendant himself due to the parallel criminal matters the fifth amendment is herein invoked.

==================================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD
MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 10

11. DENIED.  Any statements made in quotes as referenced by the plaintiffs are certain to be backed up with some sort of documentation signed with a wet signature proving the source of the statement, any statement made by the pro se defendant is a statement of opinion given circumstances of the conversation or intercourse.  Otherwise denied and invocation of rights under the fifth amendment is so made as to parallel criminal matters involving the same nexus.

12. DENIED.  It is Chad Mitchell Koehn who on 26 and 27 of January 2021, made direct death threats to the defendant, who promptly reported the same.  Chad Mitchell Koehn in part of his BLACKMAIL and EXTORTION campaign to wrestle from the pro se defendant "significant equity interest" has invoked law enforcement names and threats of violence against the person of the defendant.  Chad Mitchell Koehn has also used a variety of other names and aliases all of which have ended in the last surname Koehn.   Koehn as threatened the pro se defendant with "State Police" however, the State of Kansas has not a "State Police" and Chad Mitchell Koehn had threatened the defendant with "Sheriffs" and "State Police" if the defendant did not immediately sign over and give up "significant equity interest", in a vast number of companies, thus Chad Mitchell Koehn has operated with EXTORTION and blackmail as one of the many RICO violations of Chad Mitchell Koehn's criminal enterprise.  Chad Mitchell Koehn has committed a series of extortions, blackmail, mail and wire fraud

<u>all in furtherance of RICO activities as so herein complained.</u>  This is Chad Mitchell Koehn's attempts to mask the fact he has identified the pro se defendant's elderly mother and father by name and precise physical address as well as the pro se defendant's only sibling and even minor toddler child by geographic location. Otherwise denied as to the allegation and invoke fifth amendment protections until resolution of parallel criminal matters.

13. DENIED.  Pro se defendant has NEVER made any statements with malice.  Pro se defendant does not know Chad Mitchell Koehn, certainly does not want a sexual relationship with Chad Mitchell Koehn and has no desire to cause Chad Mitchell Koehn any harm or damage nor has any desire to engage in the delusional sexual fantasies of Chad Mitchell Koehn.   Pro se defendant has no way of knowing what people are clients of Chad Mitchell Koehn and has no purpose, or any thing to gain or otherwise to conduct any actions or statements with any malice concerning any business of Chad Mitchell Koehn.  Otherwise denied as stated DENIED.  5th amendment invoked as a further statement until parallel criminal matters are resolved.

14. DENIED.  UCM is not believed to enjoy a reputation worthy of protection given the public complaints and obvious non-existence of the corporation, as the docket indicates and the records shall reveal.  UCM has deficiencies in its filings.  UCM cannot protect a reputation against virtually every human being in existence nor can

Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 12

UCM exert SLAVERY as defined by UCM and CHAD MITCHELL KOEHN in their "once in a course" amendment of the originating petition, where this Honorable US Federal Court Ordered the plaintiff's United Capital Management of Kansas Inc. and Chad Mitchell Koehn to remove RACIAL BIGOTRY of RACIAL SLUR from the originating petition, jointly the plaintiff's took it upon themselves to unilaterally materially alter the originating petition as their once in a course amendment. Given the fact that UCM and Chad Mitchell Koehn did cause a racial slur to be included in the originating petition and as the Court has recognized the "unfortunate" use of "RED NECK" in the naming convention of a corporation directly linked hereto demonstrates via prima facie evidence any damage claimed is self inflicted by Chad Mitchell Koehn and UCM. Actual damages must be proven in accordance with law. Otherwise DENIED.

15. DENIED. "Hatred, Contempt and Ridicule", is the name of a work of fiction regarding libel litigation. In David Cooper's novel *"Hatred Contempt and Ridicule"*, the defendant believes the novel of fiction "A high caliber courtroom drama", there is nothing which the pro se defendant has ever done which subjects anyone to any "hatred, contempt, or ridicule". The pro se defendant has searched for any "jokes", hateful statements or news media reports and finds nothing regarding Chad Mitchell Koehn and UCM, at the present time. Certainly there must be proof presented to back

===============================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 13

up the statement that Chad Mitchell Koehn and UCM have been subjected to hate and jokes made of them based on comments of a private citizen?  Otherwise denied.

## Count I - Defamation

16.  Response is not necessary otherwise the defendant re-incorporates all prior answers and therefore otherwise DENIES.

17. DENIED.   Any and all statements the defendant makes throughout life are opinions, reasonable and backed by the defendant's own experiences, truth, witness, and reasonableness.  Defendant declares a right under law and the United States Constitution protects FREEDOM of speech as defined by the First Amendment to the United States Constitution, and believed to also be protected by the Kansas constitution.  Pro se defendant is unclear as to what "actions" are "untrue", and therefore would demand a more definitive statement.

18.  DENIED.  Any harm to Chad Mitchell Koehn or UCM is obviously self-inflicted. As evidenced by the plaintiff's filings and pleadings in this public Court record.   The RACIAL SLUR they use in the originating petition and even the contemptuous choices they make in the naming convention of UCM Advisors LLC and Chad M. Koehn's and UCM's cryptocurrency hedge fund named "RED NECK high tech yacht fund LP" as well documented in the docket and pleadings to date.  Even in the once in a course amendment to the petition where Chad Mitchell Koehn and United Capital

====================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 14

Management of Kansas Inc. did REMOVE by COURT ORDER the RACIAL SLUR they purposefully and maliciously included in their originating petition UCM and Chad Koehn now claim essential SLAVE MASTER Status claiming to be the proprietor (ownership) of other human beings. Otherwise firmly deny. Any damage claims by Chad Mitchell Koehn and UCM must be backed up with provable losses and both must present lists of <u>all</u> clients/customers with detailed contact information and revenue for each with source of revenue for detailed depositions and interrogatories. Otherwise denied.

19. DENIED. Defendant does not make reckless statements nor does defendant seek injury to any other person or entity, ever. Defendant has no malice in any actions, words or deeds. Any and all communications have been as a result of Chad Mitchell Koehn's purposeful and wanton reckless and malice towards the person of the defendant in successfully being able to prevent the PRO SE defendant from moving on with life and gaining gainful employment. Defendant has a right to defend against the defamation per se committed by Chad Mitchell Koehn, just as the pro se defendant has the right to protect "significant equity interest" in various companies which the Pro se defendant has. PRO SE defendant has the RIGHT to defend against the malicious hate and certain blackmail and extortion of Chad Mitchell Koehn in furtherance of securities fraud and ongoing RICO violations in the creation and

Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 15

"smurfing" of underlying companies to Anthem Holdings Company included without limitation.  Otherwise DENIED.  In further invoke fifth amendment privilege until parallel criminal matters are resolved.

Relief prayer is located at end; Defendant will not burden parties or Courts with repetitive prayers for relief after every count in the fashion that plaintiffs do; otherwise denied, and requests finding that no malice, nor defamation occurred, ever.  Plaintiff's should take nothing by virtue of their RETALIATORY frivolous litigation, nothing stated in the petition warrants an injunction of any nature whatsoever.

## Count II

20. Response not necessary otherwise defendant re-incorporates all prior answers and therefore otherwise DENIES.   Is DENIED with full DENIAL.

21. DENIED.  There is no way for the defendant or any other person to know what persons have a relationship with what companies and no business can legally claim an expected relationship with every citizen in the United States, or person on planet earth or any individual who states simply because it is licensed to conduct business it has some right to expect business from every person on the planet.  Otherwise DENIED.

22. DENIED.  See (21) above, there is no way for the pro se defendant to know who Chad Mitchell Koehn claims to have a business relationship with and there is no way Chad Mitchell Koehn or UCM to claim a potential relationship with every person in

===========================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 16

the Country, or on planet Earth, the statement is overly broad and cannot be legal. Defendant further seeks more definitive statement as to precisely WHO are Chad Mitchell Koehn or United Capital Management of Kansas Inc.'s "expected clients", providing a complete list with contact information for each and for a complete list of all current clients, all past clients and as stated all anticipated future clients including all contact information and nature of business of all claimed clients with annualized income from each and every client claimed and prospective client claimed providing all contact information for interrogatories and depositions.  Otherwise DENIED.

23. DENIED.  Blaming the pro se defendant for Chad Mitchell Koehn or UCM not having gained a business relationship with every single person on planet Earth is absurd.  Proof must be offered and a complete list of all past, current and prospective future clients of Chad Mitchell Koehn and / or UCM must be provided.  Otherwise denied.

24. DENIED.  CHAD MITCHELL KOEHN and UCM must as a matter of law <u>prove actual damages</u> and not nebulous crying about not having business relationships with every single human on planet Earth, as they attempt to claim every human is a potential client and claim exclusive property right ownership as SLAVE masters over "propritary individuals".  Chad Mitchell Koehn and United Capital Management of Kansas Inc. must provide a complete list with Name, Address and Contact phone

===============================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 17

number and Email, with total revenue for each and every client they collectively or

individually have, together with a list of all clients and relationships harmed so that in

depth investigations and depositions can be taken of each. Otherwise DENIED.

Relief prayer is located at end; Defendant will not burden parties or Courts with repetitive

prayers for relief after every count in the fashion that plaintiffs do. Otherwise denied. To the

Extent necessary, the pro se defendant asks that the plaintiff's collectively, jointly and

severally by virtue of their complaint take nothing, and in return pay to the person of the

defendant all costs and expenses in defending their frivolous actions.


## AFFIRMATIVE DEFENSES

1.) Plaintiff failed to state a cause of action upon which relief can be granted; plaintiff's

fail to plead with specificity and plead claiming to own other persons by way of

statement of "proprietary individuals", meaning plaintiff's claim the OWNERSHIP of

SLAVES, which SLAVERY has been abolished since Kansas became a State in 1861;

in addition thereto SLAVERY is ABOLISHED and OUTLAWED as a MATTER of

CONSTITUTIONAL Authority under the 13th Amendment to the United States

Constitution, CHAD MITCHELL KOEHN and United Capital Management of

Kansas Inc. cannot now or ever make a claim to "proprietary individuals", as the

"proprietor" of individuals is not sanctioned nor allowed in the United States of

===============================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD
MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 18

America. Though there may be claims and accusations that CHAD MITCHELL KOEHN is engaged in Human Trafficking enterprises especially since CHAD MITCHELL KOEHN has filed affidavits and sought orders claiming he needs protection from being human trafficked himself, as he also seeks protection from having sexual relations with the PRO SE defendant when he Chad Mitchell Koehn is "incapable of giving consent", does not then or now confer any right of claim of Chad Mitchell Koehn claiming OWNERSHIP and SLAVERY over other humanbeings. In his once in a course of litigation amendment wherein he Chad Mitchell Koehn and plaintiff United Capital Management of Kansas Inc. took it upon themselves to file a "once in a course" amendment substantially changing the litigation to include among other things a right to OWNERSHIP of individuals and therefore other human beings, claiming "proprietary individuals" demonstrates clearly where the plaintiffs demonstrate bigotry further from their prior bad acts as well documented in the pleadings as they believe they have the right and so declare sole OWNERSHIP of other Human Beings thus claim they are SLAVE owners or masters.

2.) Plaintiff failed to join all parties, plaintiff has failed to join all parties hereto the litigation and seek litigation against the PRO SE defendant after laying in wait nearly a year to effect service of process, after careful planning of the failed MURDER attempt of the defendant through the orchestration of fraudulent inducement of

=================================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 19

criminal charges against the person of the defendant by the "partner in deception" Craig Alan Brand through Chad Mitchell Koehn's partners in predatory collusion of RETALIATORY action against the **Pro Se defendant for filing whistleblower complaint against Anthem Vault Inc., Anthem Gold and HERC crypto currency market manipulation scheme.** The plaintiff's purposefully fail to join parties which are necessary as the plaintiff's intention is well known and articulated in the pleadings of the cause to seek litigation against a Pro Se defendant that they have conspired in predatory collusion against in order to unlawfully detain and cause the expenditure of every dollar and resource from whilst simultaneously blackmailing and threatening with lethal force in order to EXTORT "significant equity interest" in a vast array of underlying companies and stock in illegally formed "holding companies" out of the US District of Delaware and others, none of which is located in the US State of KANSAS. Chad Mitchell Koehn through his insidious machinations dolus during the global deadly pandemic known as COVID 19, did so with malice of forethought and maliciously attack the person of the Pro Se Defendant seeking to prevent the Pro Se defendant from moving on with his life gaining gainful employment once again. As CHARGED against CHAD MITCHELL KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS INC. and John and Jane Does and Doe Corporations in counter and cross complaints herein below Chad Mitchell Koehn has deliberately

Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 20

with MALICE sought to prevent the pro se defendant from obtaining once again gainful employment through the use of defamation Per Se, blackmail and extortion all in furtherance of RICO violations, to the international criminal enterprise which Chad Mitchell Koehn is a party if not the mastermind.

3.) Defendant affirmatively states that the injuries, damages or losses sustained by Plaintiff were and are solely and proximately caused by plaintiffs own unlawful conduct; as Plaintiff's collectively with malice continue through the filing of documents herein this public litigation to cause untold and unneeded damages towit they claim they are "victims" when in fact the Plaintiff's collectively are the VICTIMIZERS of the Pro Se defendant who does so submit the pro se defendant has unalienable rights as enumerated within the US constitution and various State laws towit those rights include without limitation those rights embodied within the "BILL of RIGHTS" the first 10 amendments to the United States Constitution without limitation.  **Plaintiffs each jointly and collectively and severally have unclean hands** and cannot come before the court to make claims of any nature in the circumstances stated.

4.) Laches

5.) Estoppel

**6.) Doctrine of unclean hands**

===============================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 21

7.) Allegedly defamatory statement(s) was/were merely a statement of opinion, pro se defendant has the RIGHT to communicate opinions to other shareholders and members of corporations as well as participate in public diaglouge and report wrongdoing to regulators as done in reference to Anthem Vault Inc. Anthem Gold Hercules (HERC crypto currency bitcoin) which the Pro Se defendant is by virtue of admission of the plaintiff's a "significant equity interest" holder and the pro se defendant is an INVESTOR of significant equity in various crypto currencies and cryptographic security tokens, and stable tokens which the plaintiff's collectively and severally have used erroneous, frivolous and false self created press releases in order to colloquially "PUMP n DUMP" the securities on globally distributed exchanges to the detriment of all security stock token holders the pro se defendant included, and the public at large and to the **detriment of the public financial markets.**  Chad Mitchell Koehn etAl. have claimed CRYPTOCURRENCY (BITCOIN) is the "wild wild west" and they are not bound to any laws, rules or regulations through their crypto currency BITCOIN related dealings.  Pro se defendant so submits that the mantra of Chad Mitchell Koehn etAL that Bitcoin and other crypto currencies including those they issue are not part of the "wild wild west" and crypto currencies do in fact fall within the regulatory frame work and regulation of the United States government.   In either case a person cannot make materially false and misleading statements in order to

=====================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 22

force or otherwise encourage the sale of any financial instrument, no matter the hair splitting of the laws and the "wild wild west" mantra of Chad Mitchell Koehn with regards to cryptocurrencies.

8.) Absolute privilege

9.) Consent

10.)   Qualified Privilege

11.)   Collateral Estoppel

12.)   Abuse of Process

13.)   Breach of Contract

14.)   WHISTLEBLOWER PROTECTIONS

15.)   Common-Law Fraud

16.)   Statutory Fraud

17.)   Bad Faith/Unclean Hands

18.)   Lack of Actual Authority

19.)   Intentional Infliction of Emotional Distress

20.)   Negligence by an Attorney(s)

21.)   Insidious machinations Dolus (dolo)

22.)   Slander of Title; Malicious Civil and Criminal Prosecution

23.)   Negligent/Intentional Misrepresentation

===============================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 23

24.)    Assisting & Participating in Fraud

25.)    Concert of Action

26.)    Conspiracy/Collusion

27.)    assumption of risk

28.)    contributory negligence

29.)    Duress; COVID 19 and harassment

30.)    fraud

31.)    illegality

32.)    license

33.)    injury by fellow servant

34.)    Release

35.)    res judicata

36.)    statute of frauds

37.)    statute of limitations, slander and libel claims must be brought within time limits

38.)    waiver

39.)    Retraction

40.)    RETALIATION

41.)    Predatory Collusion in Retaliation against Whistleblower statutes

42.)    Predatory Collusion in Retaliatory actions in violation of RICO statutes

===================================================================

Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD
MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 24

43.) TRUTH

44.) All Constitutional Amendments, especially the bill of Rights (first 10 amendments) and the 14th and 13th amendments, including without limitation the fact that the United States of America has outlawed and thus ABOLISHED SLAVERY in all forms under the 13th Amendment to the United States Consitution.

45.) Under the Kansas State Constitution Article 11: " ***The liberty of the press shall be inviolate; and all persons may freely speak, write or publish their sentiments on all subjects,*** being responsible for the abuse of such rights; and in all civil or criminal actions for libel, the truth may be given in evidence to the jury, and if it shall appear that the alleged libelous matter was published for justifiable ends, the accused party shall be acquitted. History: Adopted by convention, July 29, 1859; ratified by electors, Oct. 4, 1859; L. 1861, p. 48"

46.) Defendant affirmatively states that the injuries, damages or losses sustained by Plaintiff were solely and approximately caused by the wrongful and unlawful conduct of Plaintiff CHAD MITCHELL KOEHN and/or employees at United Capital Management of Kansas Inc etAl. and John and Jane Doe's 1-15 inclusive with Doe Corporations 1-53 inclusive and are the proximate and immediate cause of losses where Plaintiff's had a duty to mitigate claimed losses. It is evident the plaintiff had no interest in the timely serving of the petition, which originating petition was replete

========================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 25

with Racial SLUR and sat for nearly a year while plaintiff's conspired with Craig Alan Brand and others to unlawfully detain the pro se defendant and orchestrate a massive legal campaign on the heels of losing multiple appeals in NEVADA, regarding the pro se defendant's unemployment claims.

47.)    Defendant affirmatively states that Defendant has acted reasonably or probable cause for any and all actions taken by them, and that they acted at all times objectively reasonable and in good faith

48.)    Defendant Michael Nelson reserves the right to amend its answer and counter and cross complaints and additional affirmative defenses as discovery continues

49.)    Protections to Whistleblowers, see: *Under Seal v. Under Seal, 1994 U.S. App. LEXIS 5422, at \*\*3-4 (4th Cir. Mar. 24, 1994)*

Defendant is Pro Se, and therefore requests the Answer and Counter and Cross Complaints and Joinders be liberally construed and interpreted as the defendant Pro Se has no legal education nor experience worthy of dealing with the false and maliciousness of the plaintiff's petition, especially where plaintiff's are organized in an orchestrated attack in multiple courts simultaneously by Craig Alan Brand, who exclaims publicly in the book he himself authored and published globally:

===============================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 26

"...wham, you are in court and the **accused must go through a long, lengthy, tiring, stressful and expensive process merely to prove his or her innocence**. In spite of what you have read about our system of justice, we are all guilty until proven innocent, and we are all innocent until we run out of money… people wind up paying some **form of legal extortion** just to get out of the drama. **The bad guys and their shyster lawyers know it.**" id page 97

Pro Se Defendant therefore requests the Court to apply Rule 8c(2) to this answer and cross and counter complaints: "*Mistaken Designation.* If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."

WHEREFORE, having fully answered the Plaintiff's Complaint, including ONCE in a Course AMENDMENTS the plaintiffs have made to their Petition, Defendant Michael Nelson prays that the Plaintiff take nothing by virtue of their Complaint and that this pro se Defendant nelson be granted judgment against the Plaintiff for all costs of defending this frivolous and malicious action, including a reasonable all costs, travel, computers, paperwork, investigations, and attorney's fees.   AND damages pursuant with false charges and the counter and cross complaints together with joinders.

**JURY TRIAL DEMANDED, pursuant with Seventh Amendment Rights, thereto.**

**Counter and Cross Claims and Complaint filed separately.**

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

TRIAL BY JURY OF 12 SO DEMANDED PURSUANT WITH 7th Amendment RIGHTS.

Respectfully Submitted, this 17th day of May 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com |

====================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD
MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.

- 28

**DEMAND FOR TRIAL BY JURY**

**Pro se DEFENDANT hereby requests pursuant to Fed.R.Civ.P. 38(b) that all issues of fact be tried by a jury, and in accordance with the US Constitutions 7th Amendment.**

TRIAL BY JURY OF 12 SO DEMANDED PURSUANT WITH 7th Amendment RIGHTS.

Respectfully Submitted, this 17th day of May 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

==================================================================================
Preliminary Answer, with First Counter Complaints Cross Complaints and Joinders CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. etAl.