**MOTION to Dismiss Rule 12b(6) No relief cannot be granted**

*OWNERSHIP of SLAVES is Prohibited in the United States of America*

Defendant, makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of filing **Motion to Dismiss Based on No Relief can be granted under premise Plaintiff's OWN other HUMAN BEINGS**, no relief can be granted under Rule 12(b)(6) defendant so herein now alleges and states:

*FRCP Rule 15 is clear, allowing for a single "once as a matter of course" amendment, which the plaintiff now make in their filing of document 64; wherein the plaintiffs were ORDERED by the Court to* **REMOVE, the Racial SLUR from the petition,** *in Order of the Court document Number 63.* ***The Plaintiff's took it upon themselves to substantially change and thus amend the "Complaint",*** *as their doing so is their "once as a matter of course" allowed by FRCP Rule 15: "Amending as a Matter of Course. A party may amend its pleading once as a matter of course"; therefore the Plaintiffs are barred as a matter of law from any further amendments to their complaint absent "leave of the Court" as contemplated in FRCP Rule 15.*

In their amendment complaint document number 63, as stated herein above the Plaintiffs took the opportunity to remove the Racial SLUR from the complaint as a unilateral opportunity

========================================================================
**MOTION to Dismiss Rule 12b(6) No relief can be granted**
OWNERSHIP of SLAVES is Prohibited in the United States of America                - 1

to substantially alter, and therefore amend their complaint by addition of several new phrases and claims, none-of-which permits relief to be granted. Besides the obvious and evident attempted intimidation of WHISTLEBLOWERS, **in violation of both Civil and CRIMINAL law**, subjecting the Plaintiff's and specifically CHAD MITCHELL KOEHN to additional Civil and certain CRIMINAL liability under numerous anti-retaliation whistleblower statutes. Of most serious concern is the new claim in the "once in a course" amendment of the addition of the description of **"PROPRIETARY INDIVIDUALS"**, nothing contained herein shall voluntarily provide waiver to service of process, insufficiency of service, acceptance of venue, nor personal or subject matter jurisdiction, as well pleaded to previously in motion to dismiss under FRCP Rule 12, however to be taken separately if necessary is objection and thus defense to no relief may be granted a claim to have "OWNERSHIP" of other individuals. Wherein the plaintiffs in their "once in a matter of course" amendment to the Complaint, as they now have filed in Document 64, the addition of a claim of "PROPRIETARY INDIVIDUALS".

1. SLAVERY and/or OWNERSHIP of HUMANS is NOT legal in USA
2. Kansas has long been recognized as a SLAVE FREE STATE.
3. The definition of the term "proprietary", is to mean OWNERSHIP, by virtue of "proprietorship" or being a "proprietor" of therefore OWNING the "individual(s)" wherein SLAVE MASTERS have been outlaws in Kansas since 1860 and Kansas did not formally become a State until 1861, in addition the 13th Amendment to the US Constitution outlawed and so ABOLISHED SLAVERY.
4. Black's Law Dictionary defines the word "proprietary" as: "Items that are sold, made or offered under copyright, patent or trade secrets laws by the rightful

===============================================================================
**MOTION to Dismiss Rule 12b(6) No relief can be granted**
OWNERSHIP of SLAVES is Prohibited in the United States of America                - 2

owner. Proprietary items are usually unique and will contain different components to a competitor's product." PROPRIETARY: "n. A proprietor or owner; one who lias the exclusive title to a thing; one who possesses or holds title title to a thing in his own right. "

5. Black's Law Dictionary defines the word "individual" as: "As a noun, this term denotes a single person as distinguished from a group or class, and also, very commonly, a private or natural person as distinguished from a partnership, corporation, or association ; but it is said that this restrictive signi- fication is not necessarily inherent in the word, and that it may, in proper cases, include artificial persons. *See Bank of U. S. v. State, 12 Smedes & M. (Miss.) 400; State v. Bell Telephone Co.. 30 Ohio St. 310, 38 Am. Rep. 583; Pennsylvania it. Co. v. Canal Com'rs, 21 Pa. 20.* As an adjective, "individual" means pertaining or belonging to, or characteristic of, one single person, either in opposition to a firm, association, or corporation, or considered in his relation thereto."

6. Therefore "PROPRIETARY INDIVIDUALS", as used by the Plaintiffs in their "once in a matter of course" amendment, that they unilaterally took the opportunity to make when removing the known racial SLUR from the pleadings, is not permitted by the rules, nor the laws of the United States, **as no person or corporation may exercise such a "proprietary interest" over another human being. SLAVERY is illegal (NOT LEGAL) in the United States of America**.

7. A person or a corporation may not seek relief under the premise it "OWNS" another human being. The United States of America does not recognize

===================================================================================
**MOTION to Dismiss Rule 12b(6) No relief can be granted**
OWNERSHIP of SLAVES is Prohibited in the United States of America       - 3

OWNERSHIP of persons by other persons or corporations. No corporation or person is permitted to OWN or have proprietary OWNERSHIP of another in the United State of America. SLAVERY is ABOLISHED under Amendment 13.

8. "The ordinary corporation is a "person" for purposes of the adjudicatory processes, 743 *743 whether it represents proprietary, spiritual, aesthetic, or charitable causes." Early jurists considered the conventional corporation to be a highly artificial entity. Lord Coke opined that a corporation's creation "rests only in intendment and consideration of the law." *Case of Sutton's Hospital.* 77 Eng. Rep. 937, 973 (K. B. 1612). Mr. Chief Justice Marshall added that the device is "an artificial being, invisible, intangible, and existing only in contemplation of law." *Trustees of Dartmouth College* v. *Woodward,* 4 Wheat, 518, 636 (1819). Today, suits in the names of corporations are taken for granted.

9. Even when Kansas became a recognized territory in 1854 under the Missouri Compromise replacing the 1820; in 1861 when Kansas became a State recognized by the United States of American its constitution ABOLISHED already and OUTLAWED SLAVERY!

**"I [Craig Alan Brand], for instance, have championed the art of disinformation. I intentionally provide people [COURTS] with false information..." page 118, of the book he himself CRAIG ALAN BRAND authored, "I don't care what mom says: "LIFE SUCKS"".**
**[EMPHASIS ADDED as to "provide false information"]**

===============================================================================
**MOTION to Dismiss Rule 12b(6) No relief can be granted**
OWNERSHIP of SLAVES is Prohibited in the United States of America        - 4

In sum, the defendant quotes id. from Craig Brand's Book, the "bible" of the lawyers representing CHAD MITCHELL KOEHN: **"...wham, you are in court and the accused must go through a long, lengthy, tiring, stressful and expensive process merely to prove his or her innocence. In spite of what you have read about our system of justice, we are all guilty until proven innocent, and we are all innocent until we run out of money… people wind up paying some form of legal extortion just to get out of the drama. The bad guys and their shyster lawyers know it."** id page 97

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Filing a lawsuit without a sufficient factual basis to dissuade a whistleblower or discrimination plaintiff from engaging in protected conduct can constitute actionable retaliation. *See, e.g., Darveau v. Detecon, Inc.*, 515 F.3d 334, 340-341 (4th Cir. 2008); *Gortat v. Capala Bros.*, 2011 U.S. Dist. LEXIS 149731 (E.D.N.Y. Dec. 30, 2011); *Pinkett v. Apex Communs. Corp.*, 2009 U.S. Dist. LEXIS 34053, 9-12 (E.D. Va. Apr. 21, 2009). Sham litigation is not protected by the First Amendment. *Rosania v. Taco Bell of Am., Inc.*, 303 F. Supp. 2d 878, 883 (N.D. Ohio 2004). *See also Gill v. Rinker Materials Corp.*, No. 3:02-CV-13, 2003 U.S. Dist.

===========================================================================
**MOTION to Dismiss Rule 12b(6) No relief can be granted**
OWNERSHIP of SLAVES is Prohibited in the United States of America          - 5

LEXIS 2986 (E.D. Tenn. Feb. 24, 2003) (claim brought "not in good faith and instead motivated by retaliation, can be the basis for a claim under Title VII"); *Gliatta v. Tectum Inc.*, 211 F. Supp. 2d 992, 1009 (S.D. Ohio 2002) (lawsuit brought in bad faith with retaliatory motivation prohibited by Title VII); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472 (S.D.N.Y. 2008) ("baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions, even though they do not arise strictly in an employment context"); *Stanerson v. Colorado Boulevard Motors, Inc.*, No. 06-cv-00856, 2006 U.S. Dist. LEXIS 80124 (D. Colo. Nov. 2, 2006); *Nesselrotte v. Allegheny Energy, Inc.*, No. 06-01390, 2009 U.S. Dist. LEXIS 20767, 39-43; 45-46 (W.D. Pa. Mar. 16, 2009) (counterclaims and lawsuit against plaintiff's spouse's company can constitute retaliation under Burlington Northern standard); *Rosania v. Taco Bell of America, Inc.*, 303 F.Supp.2d 878 (N.D. Ohio 2004) (employer's filing of counterclaim was adverse employment action for purpose of retaliation); *E.E.O.C. v. Outback Steakhouse of Florida*, 75 F. Supp. 2d 756 (N.D. Ohio 1999) (same).

Indeed, threatening to sue a whistleblower can be actionable retaliation. *See Brach v. Conflict Kinetics Corp.,* Case No. 1:16-cv-978 (E.D. Va. Dec. 1, 2016).

- To be protected under SOX, the employee's report need not "definitively and specifically" relate to one of the listed categories of fraud or securities violations in Section 806 of SOX. The focus is "on the plaintiff's state of mind rather than on the defendant's conduct." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 384 (2d Cir. 2008).

============================================================================
**MOTION to Dismiss Rule 12b(6) No relief can be granted**
OWNERSHIP of SLAVES is Prohibited in the United States of America          - 6

" Sarbnes Oxley - Whoever knowingly, with the intent to retaliate, takes any action harmful to any person … for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both."

The anti-retaliation provision of the AMLA affords robust protection to whistleblowers disclosing money laundering, but it does not apply to employees at credit unions and FDIC-insured depository institutions. Those employees can bring retaliation claims under 12 U.S.C. § 1831j or 12 U.S.C. § 1790b.

If a provision in an employment agreement or severance agreement bars you from reporting information to the SEC, that gag clause might be unlawful and unenforceable. In particular, Rule 21F-17 prohibits companies from using gag clauses in agreements or policies to prevent whistleblowers from providing information to the SEC:

> **No person may take any action to impede an individual from communicating directly with them Commission staff** about a possible securities law violation, including enforcing, or threatening to enforce, a confidentiality agreement . . . with respect to such communications.

Rule 21F-17 is one of the regulations implementing the Dodd-Frank SEC whistleblower reward program. The SEC has taken enforcement actions to enforce Rule 21F-17.

Section 806 of SOX protects from retaliation employees of covered companies who report any conduct that the employee reasonably believes constitutes a violation of:

================================================================================
**MOTION to Dismiss Rule 12b(6) No relief can be granted**
OWNERSHIP of SLAVES is Prohibited in the United States of America             - 7

(1) federal criminal law provisions prohibiting mail, wire, bank or securities fraud;

(2) any rule or regulation of the Securities and Exchange Commission; or

(3) any provision of federal law relating to fraud against shareholders.

In addition, the AMLA requires Treasury and Justice to take steps to protect the confidentiality of **AML whistleblower** submissions. Any officer or employee of either agency must not disclose information provided by a whistleblower "which could reasonably be expected to reveal the identity of a whistleblower," except where the agency is required to disclose the information to a defendant in a public proceeding instituted by the agency and in accordance with the Privacy Act.

An experienced AML whistleblower lawyer will be able to skillfully guide a whistleblower through the process, maximizing the likelihood that the whistleblower's identity is not revealed to unauthorized parties. In addition, our experienced AML whistleblowers attorney can help protect whistleblowers who experience retaliation.

**Lawsuits filed with the intent to punish or dissuade employees from exercising their statutory rights are a well- established form of adverse action.** *See BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 531 (2002) (Finding that a lawsuit that was both objectively baseless and subjectively motivated by an unlawful purpose could violate the National Labor Relations Act's prohibition on retaliation); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472 (S.D.N.Y. 2008) ("Courts have held that baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions."); *Spencer v. Int'l*

===============================================================================
**MOTION to Dismiss Rule 12b(6) No relief can be granted**
OWNERSHIP of SLAVES is Prohibited in the United States of America         - 8

*Shoppes, Inc.*, 902 F. Supp. 2d 287, 299 (E.D.N.Y. 2012) (Under Title VII, the filing of a lawsuit with a retaliatory motive constitutes adverse action).

In accordance with *28 U.S. Code § 1654* the **RIGHT to self representation exists in codified law of these the United States of America.**

**"When faced with the issue of either allowing a civil action to proceed or protecting the Fifth Amendment rights of individual defendants against self incrimination, the majority of courts have consistently chosen the latter."**

See eg. Wehling v. Columbia Broadcasting System 608 F.2d 1084, 1089 (5th Cir. 1979) ("[although a three year hiatus in the lawsuit is undesirable from the standpoint of **both** the court and the defendant, **permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and this lawsuit.**"); White v. Mapco Gas Products, Inc. 116 F.R.D. 498 (D.C. Ark 1987); Dienstag v. Bronsen, 49 F.R.D. 327 (D.C.N.Y. 1970); US v. Steffes, 35 F.R.D. 24 (D.C. Mont. 1964).

**Unqualified right given by** *Section 272 of the Judicial Code, 28 U.S.C. 394*, to parties in all the courts of the United States to **'plead and manage their own causes personally.'**

Wherein the Plaintiff's have made their once in a course amendment and included verbiage to confer OWNERSHIP of HUMANS as they believe themselves SLAVE MASTERS with the right to OWN other human beings via "proprietary individuals" the pro se defendant is fully in the right to demand immediate dismissal of the claim related to the "proprietary individuals".

Pro Se defendant has previously communicated via email MULTIPLE times to Chris Kellogg and asked politely and respectfully for the definition and meaning behind "proprietary individuals" Chris Kellogg has refused to respond to MULTIPLE emails regrading an explanation to the phrase "proprietary individuals" therefore the research and obvious definition of "proprietary individuals" must be the correct and only LOGICAL and legal conclusion regarding the phrase that appears no where in legal precedent expect to infer and refer directly to

======================================================================
**MOTION to Dismiss Rule 12b(6) No relief can be granted**
OWNERSHIP of SLAVES is Prohibited in the United States of America          - 9

SLAVE OWNERSHIP and SLAVE MASTERS claiming "propritetary individuals" as their person chattel and property. SLAVERY WAS ABOLISHED IN THE UNTIED STATES by the 13th Amendment therefore no relief may be granted a claim to ownership of SLAVES.

Additionally the pro se defendant takes umbridge and offense to the implication by the plaintiffs to claim to OWN other Human beings and feels the statement should be both STRICKEN from the Record and the Plaintiffs ADMONISHED for using such a vulgarity in reference to other human beings in a claim of "ownership".

Wherefore the pro se defendant requests the entire claim be dismissed, the plaintiffs be admonished for their use of SLAVE MASTER terminology and the record be sticken to remove the vulgarity of SLAVE ownership inference from the record.

Respectfully Submitted, this 17th day of May 2022.

*[signature: Michael Nelson]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

---

**MOTION to Dismiss Rule 12b(6) No relief can be granted**
OWNERSHIP of SLAVES is Prohibited in the United States of America — - 10

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per order of the saline county judge hickman, whose secretary clerk states judge hickman and his court supersedes the jurisdiction and authority of the US District Federal Court for the District of Kansas. The providing of this pleading and any future pleadings made herein this case to any attorney of record for Chad Mitchell Koehn is expressly done as not to communicate with nor be provided in any form to the person of Chad Mitchell Koehn; as the defendant herein is expressly not requesting, directing nor dictating another to contact Chad Mitchell Koehn or provide to Chad Mitchell Koehn any document, exhibit, pleading or other communication of any nature whatsoever in relation to this matter at bar. To the extent any communication to the counsel of the plaintiffs NOT be communicated to directly or indirectly the person of CHAD MITCHELL KOEHN per the order of the Court of Saline County Kansas by order of Judge Hickman who claims superior and superseding orders to that to the US District of Kansas Federal Court. Nothing contained herein or hereby shall be considered nor availment hereof any notice or request to communicate in any manner or nature whatsoever with the person of CHAD MITCHELL KOEHN, and/or any of the aliases used by CHAD MITCHELL KOEHN which shall have formal orders and demands for prosecution of threats levied and received by defendant against elderly and others in violation of law. IN NO way shape or form is the defendant suggesting nor inferring that any filing, pleading or notice be provided, shown or communicated in anyway to the person of Chad Mitchell Koehn. The defendant acknowledges that Chad Mitchell Koehn is fearful of being taken advantage of in an inebriated state, when he cannot consent to sexual relations, the defendant has NEVER had sexual relations with Chad Mitchell

========================================================================
**MOTION to Dismiss Rule 12b(6) No relief can be granted**
OWNERSHIP of SLAVES is Prohibited in the United States of America - 11

Koehn, the defendant has never been to Kansas and has no intention, want or desire for any sexual relations with Chad Mitchell Koehn nor does the defendant wish any contact whatsoever with Chad Mitchell Koehn apart from depositions, 30b(6) depositions, cross examination during trial by jury. In no way by providing this document to counsel for the plaintiffs is this an attempt or otherwise any form of communication with Chad Mitchell Koehn.

Respectfully Submitted, this 17th day of May 2022.

*[signature: Michael Nelson]*

<u>Michael Nelson - Pro Se</u>

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

===============================================================================
**MOTION to Dismiss Rule 12b(6) No relief can be granted**
OWNERSHIP of SLAVES is Prohibited in the United States of America    - 12