KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| **Plaintiffs** ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| **Defendant** ) | |
| ) | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DOCKET NO. 68, DFENDANT'S OBJECTION APPEALING THE MAGISTRATE JUDGE'S APRIL 18, 2022, ORDER (DOCKET NO. 63)

Plaintiffs, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herewith respond in opposition to Defendant Michael Nelson's ("Mr. Nelson") objection (D.[1] 68, filed May 2, 2022) appealing the Magistrate Judge's April 18, 2022, Order (. 63) and say:

Mr. Nelson is appearing pro se in this action.

Mr. Nelson argues that: (1) The failure to grant a stay of these proceedings violates Mr. Nelson's Fifth Amendment Rights; (2) the date of the Zoom conference was March 3, 2022, not March 2, 2022, as stated in the Magistrate Judge's Order; (3); the Removal action asserted a vast number of Federal Questions and Federal Legal Citations; (4) the Magistrate Judge failed to address D. 52, Objection to Unethical, Illegal, Immoral Conduct at Bar by Craig Alan Brand; (5)

---

[1] "D." is used as an abbreviation for "Clerk's Docket Entry Number."

*Chad M. Koehn, et al. vs. Michael Nelson*
Plaintiff's Memorandum in Opposition to
Document No. 68
Case No. 22-CV-04008-JWB-GEB

D. 63 wastes time needlessly addressing D. 3, which Mr. Nelson had withdrawn through D. 35; (6) the failure of the Magistrate Judge to address the use of the word "Bean" by the attorney's who signed the state court Petition (D. 1-1) and failing to admonish the use of "Red Neck" in the naming convention of the "Crypto Currency 'Hedge Fund" Red Neck High Tech Yacht Fund, L.P." (7-8) [again] failure of the Magistrate Judge to admonish the opposing counsel who executed the state court Petition; (9) barring the parties not to file motions/answer until further notice; (10) the Magistrate Judge fails to fully discuss the D. 10, Plaintiffs' Objection to Mr. Nelson's Motion for Extension of time (D. 8); (11) the Magistrate Judge erred in requiring Mr. Nelson to file an answer or other responsive pleading to Plaintiff's Amended Complaint within 21 days April 26, 2022, the date the Amended Complaint (D. 64) was filed on the CM/ECF System; (12) the Magistrate Judge's reference to the "Pillars of Professionalism" lessens the responsibilities of counsel for Plaintiffs and does not protect Mr. Nelson, a *pro se* party; (13) Craig Alan Brand's failure to admit in his Pro Hac Vice application that he had a bar complaint filed against him [Mr. Nelson failing to apprehend that the filing of a complaint regarding an attorney does not become a disciplinary or grievance proceeding until the bar finds probable cause]; (14) the Magistrate Judge's failure to proceed outside the scope of the pleadings to involve the Securities Exchange Commission and Attorney General of the State of Kansas; (15) failure to admonish counsel for Plaintiffs for violating the Federal Rules of Civil Procedure; (16) failure to address the bad behavior of opposing counsel and blaming *pro se* Defendant; (17) failure to admonish opposing counsel for bad behavior regarding providing Mr. Nelson with a copy of what counsel files; (18) confirmation of no contact with Chad Mitchell Koehn; (19) D. 63 does not provide a timeline of events "wherein the PRO SE defendant is working with a plethora of laws firms regarding a parallel criminal matter, again raising the issue of a stay of these proceedings (See ground (1) above); (2) Failure of the Order to address that Plaintiffs filed the state court action to dissuade a

*Chad M. Koehn, et al. vs. Michael Nelson*
Plaintiff's Memorandum in Opposition to
Document No. 68
Case No. 22-CV-04008-JWB-GEB

whistleblower action; (21) Admonishing Mr. Nelson, yet not opposing counsel for unprofessional conduct; and (22) ignoring D. 52 raising the issue of an unethical, illegal, immoral, conduct by Craig Alan Brand.

## STANDARD OF REVIEW

Fed. R. Civ. P. 72(a) allows a party to provide specific, written objections to non-dispositive order. The court does not conduct a de novo review, but applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law."

*Brandon Steven Motors, LLC v. Landmark American Ins. Co.*, No. 19-CV-02659, 2020 WL 5889434, at *2 (D. Kan Oct. 5, 2020)(citing Fed. R. Civ. P. 72(a); *see Burton v. RJ Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

The court must affirm the magistrate judge's order unless the entire evidence leaves it " 'with the definite and firm conviction that a mistake has been committed.' "6 A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."

*Brandon Steven Motors, LLC v. Landmark American Ins. Co.*, No. 19-CV-02659, 2020 WL 5889434, at *2 (D. Kan Oct. 5, 2020)(quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)).

## ARGUMENT

To the extent that Mr. Nelson's objection attempts to draw the Court into facts outside the scope of the pleadings in this case such seeking a Writ of Mandamus, involving the Securities Exchange Commission and the Attorney General of the State of Kansas, quoting from a book written by Craig Alan Brand, the Court should disregard those points as wholly irrelevant to the pending action and an unnecessary waste of judicial resources. As to substantive issues raised in Mr. Nelson's objection, Mr. Nelson provides no evidentiary support upon which the Court is able to conclude with a definite and firm conviction that a mistake has been made.

*Chad M. Koehn, et al. vs. Michael Nelson*
*Plaintiff's Memorandum in Opposition to Document No. 68*
Case No. 22-CV-04008-JWB-GEB

WHEREFORE, Chad M. Koehn and United Capital Management of Kansas, Inc.. respectfully pray that this Court will deny Docket No. 68, Defendant Michael Nelson's objection appealing Docket No. 63, the Magistrate Judge's Order.

Dated May 18, 2022.

Respectfully Submitted,

/s/ Larry G. Michel     #14067
KENNEDY BERKLEY
119 W. Iron Avenue, 7th Floor
PO Box 2567
Salina, KS 67402-2567
T:  (785) 825-4674
F:  (785) 825-5936
E:  lmichel@kenberk.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 18, 2022, the foregoing *Plaintiffs' Response in Opposition to Defendant's Appeal of Magistrate Judge's April 18, 2022. Order* was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 67, the undersigned emailed a true copy to Michael Nelson, oklahomaremote@gmail.com.

/s/ Larry G. Michel