# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. and CHAD M. KOEHN<br><br>                    Plaintiffs,<br><br>        v.<br>Michael Nelson<br><br>            Defendant ;    PRO-Se. | DOCKET NO.:    5:22-CV-04008-JWB-GEB<br>**CIVIL ACTION**<br><br>**<u>Sur-Reply to Plaintiffs Opposition Memorandum in Doc 75, stated as an objection to Rule 72 Appeal in Doc 68</u>**<br><br>**[Jury Trial Demanded]** |

<u>Defendant, makes "SPECIAL & LIMITED APPEARANCE"</u> now makes

SUR-REPLY to Plaintiff's Opposition Memorandum in Doc 75 states:

**"I [Craig Alan Brand], for instance, have <u>championed the art of disinformation</u>. I intentionally provide people [COURTS] with false information… [EMPHASIS ADDED]"**
**page 118.** in the blueprint of <u>destroying people through misuse of the Courts,</u> written by CRAIG ALAN BRAND, "I don't Care What Mom Says: LIFE SUCKS".  [EMPHASIS ADDED]

**Memo in Opposition woefully, purposefully and maliciously against the Interests of JUSTICE, re-characterizes the Appeal points of the PRO SE defendant INCORRECTLY.**

<u>Deliberately MISLEADING the Court with DISINFORMATION</u>, as to the correct statements made in Appeal by the PRO SE defendant, entitled to De Novo Review per law and case.

<u>28 USC Section 636(b)</u> is on point especially here where the defendant is PRO SE, due directly to the onslaught of simultaneous legal entanglements orchestrated by CRAIG ALAN BRAND the known "partner in deception", who certainly DECEIVES the Court, yet again in the woefully inaccurate and untrue statements made in the Memorandum in Opposition.  Federal law states:   "**<u>A judge of the court shall make a de novo determination</u>** of those portions of the report or specified proposed findings or recommendations <u>**to which objection is made."**</u>

==================================================================================

**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 1

This action was commenced in State Court as a petition replete with RACIAL SLUR, as a means to INTIMIDATE, and RETALIATE in direct contravention of State and Federal Law against the pro se defendant a WHISTLEBLOWER, regarding companies located in the US District of NEVADA, where the pro se defendant was last employed. The complaint itself is a continuation of RETALIATORY conduct in furtherance of RICO violations by the plaintiff. The level of RETALIATION is nearly unprecedented, wherein the pro se defendant has been continually blackballed and blacklisted for a period of years, by the plaintiffs and their co conspirators in direct contravention of US Federal Law and State laws. The pro se defendant here won a multitude of cases in the US District of NEVADA, and the plaintiffs have had each and every appeal denied and further found in favor of the Pro Se defendant here. The plaintiffs through predatory collusion have and continue through the use of their "partner in deception" Craig Alan Brand to orchestrate a multitude of simultaneous legal entanglements as an extension of their RICO criminal enterprise and continue with RICO violations, including illegal trading upon the names, logos, and SEALS of the Untied States Federal Government and the governments of the several States, claiming State and Federal government partnerships and contracts where none actually exist. The plaintiffs actions in RETALIATION violate Federal Law:

## Congress made it a crime to:

*"knowingly, with intent to retaliate, take[] any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to*

===============================================================================

*the commission or possible commission of any Federal offense[.]" 18 U.S.C. 1513(e).*

The docket reflects Proof Positive the plaintiffs have failed to follow FRCP nor Local Rules. Plaintiff's "objections" are wholly without merit and woefully deficient according to the Federal Rules of Civil Procedure and the Local Rules of this Court, defendant's justified appeal was made timely, whereas **conversely the Plaintiff's objection is NOT timely in accordance with Federal Rules of Civil Procedure and the Court's Local Rules:**

"The response must be filed within 10 days after service of the motion unless the court shortens or extends the time." FRCP.

The Pro Se Defendant rightfully believes to have filed appeal pursuant with Rule 46, which states:

> **"When the ruling or order is requested or made, a party need only state the _action_ that it wants the court to take or objects to, along with the grounds for the request or objection."**

The Defendant timely filed Appeal under Rule 72, well within the established guidelines of Rule 72. The defendants Appeal is docketed and served upon Plaintiff's on 2 May 2022, thus REQUIRING Plaintiffs to respond not later than 12 May 2022, yet Plaintiff's response is not docketed until 18 May 2022, despite the FACT Plaintiffs have unregulated access to file documents electronically, providing Plaintiffs with considerable unfair advantage. None-the-less

================================================================================

**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 3

Plaintiff's response is nearly a WEEK later than allowed under the Rules, thus demonstrating again Plaintiff's failure to follow the Federal Rules of Civil Procedure, therefore their response should be ignored by the District Court, as to time AND in their Response in Opposition Plaintiffs PURPOSEFULLY MISCHARACTERIZE and DO NOT state the Factual points Appealed by the Pro Se Defendant. The appeal should be heard DE NOVO by the District Court as is common practice of the Court in dealing with a pro se litigant whose basic CONSTITUTIONAL Rights are being continually denied.

"...the integrity of the judicial process is to be maintained, and the appearance of impropriety to be scrupulously avoided, **the issue of an allegedly improper representation should be resolved at the outset**, "lest a costly and protracted trial be tainted on the merits by an issue collateral thereto." *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 496 F.2d 800, 803 (2dCir. 1974).*

The SECURITIES AND EXCHANGE COMMISSION (SEC) is a Federal entity and squarely within the purview of the District Courts and the FEDERAL LAW, as the SEC is authorized by CONGRESS to Act. The SEC is well within the pleadings of the matter at bar, wherein CRAIG ALAN BRAND, proffered erroneous testimony regarding the SEC and FINCEN an internal agency of the US TREASURY even before Craig Alan Brand was admitted Pro Hac Vice in the matter at bar, inter alia the matter at bar concerns at least TWO Federally sanctioned and authorized Federal entities: SEC (Securities and Exchange Commission) and FINCEN, a financial MONEY LAUNDERING intelligence gathering service of the United States Treasury, who acts in cooperation with SEC, IRS, IRS-CI and other entities in the US

===================================================================================

**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 4

Federal Government.  The purpose and reasoning behind plaintiff's Memorandum in Opposition and claims that the SEC and FINCEN fall outside the pleadings is done with mens rea of the guilty mind seeking to prevent the truth from getting in the hands of Regulators.

In keeping with his word, the untimely response via Memorandum in Opposition contains wholly untrue recharacterization of the Pro Se Appeal under Rule 72, though signed by Larry G. Michel the Memorandum in Opposition is obviously drafted by Craig Alan Brand known to the Courts and Law Enforcement as the "partner in deception", who exclaims publicly:

"I [Craig Alan Brand], for instance, **have championed the art of disinformation. I intentionally provide people [COURTS] with false information..."** id page 118; of the book he self published globally, where his blue print for destroying others is well laid out in his explanation of the Judiciary, to the detriment of the PUBLICS Trust in the Judiciary and in lawyers in general where Brand exclaims:

> "...wham, you are in court and the **accused must go through a long, lengthy, tiring, stressful and expensive process merely to prove his or her innocence**. In spite of what you have read about our system of justice, **we are all guilty until proven innocent, and we are all innocent until we run out of money**… people wind up paying **some form of legal extortion** just to get out of the drama. **The bad guys and their shyster lawyers know it**." id page 97
> **EMPHASIS here on Craig Alan Brand's use of the word "SHYSTER"**

**In effect Craig Alan Brand brings incredible PUBLIC DISTRUST and SHAME upon the legal profession as a whole in his self defamation, in calling, himself and ALL LAWYERS:  "SHYSTERS", and in effect stating his clients are "BAD GUYS".**

Craig Alan Brand who is believed to have authored the UNtimely filed Opposition Memorandum in Document 75, brings up again the fact he has committed PERJURY in Document 24-1, though Document 75 is signed by Larry G. Michel who had previously signed

========================================================================

**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 5

and filed document 24, which states he, Larry G. Michel has "verified" the PERJURY riddled affidavit of Brand in document 24-1, as being "true and accurate".

It is well established that the form of the affidavit is provided by the Court, and simply requires the attorney seeking Pro Hac Vice status to fill in the blanks and sign under the penalties of perjury. Yet Brand fails to follow the simple instructions and fill in the affidavit form which is even more simple than a MadLib. Even the Federal Magistrate exclaimed that Brand "played fast and loose with number six", and **as the case has proceeded at Bar more and more evidence has come to light demonstrating clearly that although Mr. Brand, claims** at TWO of the Affidavit to "I practice under the following firm name or letterhead" and he files with the Court a firm name of: "The Brand Law Firm", and the Court has communicated with him at the email address he himself provides, Craig Alan Brand as well documented in Documents 52 and 57 complete with exhibits, **<u>Craig Brand purposefully, knowingly, maliciously attempts to trick the pro se defendant and even the Court</u>** by responding from an email address other than he had provided to the Court in the sworn affidavit. Certainly the Court should be concerned with the fact Craig Alan Brand publicly declares he has: "**<u>championed the art of disinformation. I intentionally provide people [COURTS] with false information..."</u> id. 118**

The Pro Se defendant rightfully has objected and thus Appeals the fact the Court has erred in not addressing documents 52 and 57, which clearly demonstrate FRAUD upon the Court and deception against both the COURT and the pro se defendant, in attempts to have the pro se defendant violate another Court's order.

https://ia802500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.52.0.pdf

===============================================================================

**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 6

https://storage.courtlistener.com/recap/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.52.0.pdf

"On 23 March 2022, Craig Alan Brand, responded to an electronic mail notice from Clerk Kim Farha of the Chambers of Magistrate Judge Birzer, regarding a Zoom hearing notice. Exhibit "M" of document 52. The original email from Kim Farah was originally lost to the defendant due to the onslaught of UCE (Unsolicited Commercial Email), as well described in the defendant's Notice of Withdrawal of Document 3; which is Document 35:   The Original email sent by Clerk Kim Farah of Magistrate Judge Birzer's Chambers is attached herewith as Exhibit "M", note email addresses of the parties as listed."

The Defendant's "objection" is made timely in accordance with Rule 72(a):  "A party may serve and file objections to the order within 14 days after being served with a copy."   The defendant is Pro Se and therefore the Court should in the interests of justice construe the filings of a pro se party liberally in order to do substantial justice as required by the United States Constitution, and the Acts of Congress establishing the Federal Courts.

The Plaintiff's constant extra judicial harassment and never-ending expansion of legal entanglements, consternation and overall strife in the matter should not be rewarded.

In accordance with *28 U.S. Code § 1654* the **RIGHT to self representation exists in codified law of these the United States of America.**

**"When faced with the issue of either allowing a civil action to proceed or protecting the Fifth Amendment rights of individual defendants against self incrimination, the majority of courts have consistently chosen the latter."**

See eg. Wehling v. Columbia Broadcasting System 608 F.2d 1084, 1089 (5th Cir. 1979) ("[although a three year hiatus in the lawsuit is undesirable from the standpoint of **both** the court and the defendant, **permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and this lawsuit.**"); White v. Mapco Gas Products, Inc.

===============================================================================
**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

116 F.R.D. 498 (D.C. Ark 1987); Dienstag v. Bronsen, 49 F.R.D. 327 (D.C.N.Y. 1970); US v. Steffes, 35 F.R.D. 24 (D.C. Mont. 1964).

**Unqualified right given by** *Section 272 of the Judicial Code, 28 U.S.C. 394*, <u>to parties in all the courts of the United States</u> to **'plead and manage their own causes personally.'**

PLEASE TAKE NOTICE: The **Pro Se Defendant has RIGHTS too. Among them is the FIFTH Amendment to the US Constitution.** PRO SE defendant, Michael Nelson, Hereby does move the Court for an order staying this civil action against PRO SE defendant pending conclusion of the parallel criminal proceedings pending against the same defendant. As Craig Alan Brand keeping true to his words in the book he himself has self published globally has orchestrated a plethora of simultaneous legal entanglements for the Pro Se Defendant, all in predatory collusion as part of the RICO enterprise of the plaintiffs for RETALIATION against the <u>pro se defendant a WHISTLEBLOWER</u>, against the genesis corporation Anthem Vault Inc. in the US District of Nevada, and the CRYPTO CURRENCY created to Manipulate the global financial PUBLIC MARKETS, to the detriment of the INVESTING PUBLIC. Where plaintiff's co-conspirator has sworn in oral testimony on the witness stand in the 11th Judicial District of Oklahoma that Craig Alan Brand continues with appeals of the legal case(s) in NEVADA, making appeal to the NEVADA SUPREME COURT, whilst simultaneously seeking a new forum for further consternation in a multitude of other courts, **all in predatory collusion in RETALIATION against the interests of justice and the rule of law**, subjecting as is evident the Plaintiffs to ever growing litigation, and thus billable hours, making the case the least judicially economic as possible is the intent of CRAIG ALAN BRAND.

=====================================================================
**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 8

**The PRO SE defendant cannot voluntarily choose between the civil defense here, the protective order criminal defense, the pending criminal charges and the parallel criminal defense matters directly related hereto in Oklahoma, Kansas, Colorado and California, and the continuing appeals by Craig Alan Brand of the underlying case in NEVADA.**

CHAD MITCHELL KOEHN also so lists the name CRAIG BRAND, and implies CRAIG ALAN BRAND has also filed criminal charges against the PRO SE Defendant, as retaliation for bar complaints and grievances filed against Craig Brand, as is evident here in this matter to date Craig Brand enjoys use of extrajudicial, parallel judicial and general harassment and intimidation as litigation strategies he employs at the behest of his SPONSORING law firm Kennedy Berkley Yarnevich and Williamson Chartered.  The civil action should be stayed as PRO SE Defendant is the only person that can speak on behalf of self as is evident.   The PRO SE defendant will be greatly prejudiced by inability to meaningfully defend in this civil action; as the pro se defendant has and continues to be unfairly burdened by the actions and behavior of the plethora of attorneys bullying the now impoverished, unable to work, disabled, pro se Defendant.

**No prejudice will Befall** United Capital Management of Kansas Inc or Chad Mitchell Koehn:

The interest of BOTH plaintiffs will be unaffected by a stay.  A stay is permitted where the alleged harm to the plaintiff(s).  Moreover, **the delay associated with a stay does not overcome the paramount concern of protecting constitutional rights. Cota, supra at 3.**

**Pro Se Defendant should not be forced to choose between defending himself in this action and preserving his Fifth Amendment rights.**   In light of the particular circumstances of the conspiracy between the Plaintiffs and their representatives and the **evident RICO enterprise**

===================================================================================
**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

they are involved, the so-called victim in the criminal matter in Oklahoma, together with the fact

CHAD MITCHELL KOEHN's name is used constantly along with United Capital Management

of Kansas Inc. in witness testimony already, preferred and so testified to, demonstrating clearly a

parallel criminal matter. The CONSTITUTIONAL RIGHTS of the PRO SE defendant and the

interests the COURT and the PUBLIC have in the best and most economic use of the judiciary

outweighs the certain MALICIOUS continuing RICO violations of the plaintiffs by and through

their "partner in deception" CRAIG ALAN BRAND, who continues to demonstrate his

purposeful and willful, knowing DECEPTION against the Court in the proceedings to date. The

overlapping time constraints and costs to defend in multiple Courts and in multiple States

simultaneously against half a dozen self proclaimed large law firms here in the US District of

Kansas and a host of lateral and parallel actions being orchestrated to shock and awe and

overwhelm the PRO SE defendant, all orchestrated by the "partner in deception" Craig Alan

Brand, a STAY is justified in the interests of substantial Justice, to all parties, the Court **and the**

**public at large**, especially in terms of JUDICIAL ECONOMY.

Certainly as to dates, and other information which is not in standing with the docket of

the record the Court should apply Rule 60 Fed. R. Civ. P.

Recently other Federal Courts have taken to stay civil cases where the defendant, here is

just ONE and is PRO SE and thus cannot possibly defend as is proper so many frivolous and

malicious actions by the **RICO gang assembled and orchestrated by the "partner in**

**deception" Craig Brand.** Stayed civil proceedings pending the resolution of criminal

===================================================================================
**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to
Rule 72 Appeal in Doc 68**

- 10

proceedings in cases involving facts remarkably similar to those of this case *SEE: Continental Insurance Co. v. Cota 2008 WL 4298372; Jones v. Conte 2005 WL 1287017*

       **In addition this civil proceeding should be stayed against the PRO SE defendant as the sole and only defendant in this matter.** <u>The PRO SE defendant is the only person to be able to speak on behalf of the PRO SE.</u> No person anywhere is able to create more time in the day or weeks, the impossibility of defending multitude of legal entanglements in a multitude of States simultaneously, through the ABUSE of the Courts as is the blue print of Craig Alan Brand to ensure no human being is able to defend so many simultaneous legal actions. The plaintiffs conspiracy is well laid out and orchestrated by Craig Alan Brand who as a long and storied history of these sorts of abuses of the American Judiciary. To force this civil litigation to continue in parallel to the criminal matters now proceeding and those threatened by the plaintiffs, pending **is to violate the basic and fundamental civil rights and liberties of the PRO SE defendant including without limitation those under the <u>Fifth Amendment</u>.**

       **In SUM a stay of the proceedings in this civil action as to the PRO SE Defendant is warranted and should be granted.** The PRO SE defendant should not have to choose between defending the frivolous petition and violating the Defendant's Constitutional Rights and Liberties, especially under the 4th, 5th, 6th, 8th, 14th amendments to the US Constitution. It is obvious and evident to the reasoned mind the intention of the "partner in deception" Craig Brand sponsored by his faithful follower and worshiper at his altar of "LIFE SUCKS" Larry G. Michel, who as the docket and evidence demonstrates blindly signs Motion in document 24, claiming to have "verified" the affidavit in Document 24-1 as "true and accurate" when as the evidence

======================================================================

**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 11

demonstrates beyond any reasoned doubt the affidavit is neither "true nor accurate"; as the two seek to make the PRO SE defendant's life into that of a "LIFE SUCKS", through their predatory COLLUSION in many multitude of simultaneous litigations and legal proceedings, all in RETALIATION for the pro se defendant having REFUSED to participate in illegal market manipulations of global financial markets, as the **plaintiff's actions are to the detriment of the Currency Stability and thus National Security Interests of the United States of America.**

Allowing the conspirators in a large scale series of international Ponzi schemes to conspire together working in predatory COLLUSION as a form of RETALIATION for the pro se defendant speaking with elected officials, law enforcement and Regulators regarding the unlawful and illegal acts of the plaintiffs and the co conspirators who have simultaneously entrapped the PRO Se defendant and conduct a series of all parallel proceedings hoping to obtain incriminating testimony through civil discovery not only undermines the Fifth Amendment privilege but also **violates concepts of fundamental fairness**. **Although staying the civil action may cause delay, protecting a party's constitutional rights is paramount.**

Given the plethora of publicly available documents signed under the penalties of perjury Criag Alan Brand presents direct conflicts of interest in a multitude of corporations, which he himself is a publicly declared shareholder, and apparently the only human shareholder apart from the illegally established holding company, supposedly created via a series of "short form" mergers in direct contravention to the laws of the State of Nevada, Texas, and Delaware, and stated a conflict between both Chad Mitchell Koehn and Untied Capital Management of Kansas Inc. in the regulatory form filed and signed under penalties of perjury by Chad Mitchell Koehn

==================================================================================

**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 12

himself as it relates to his board position on the illegally established Anthem Holdings Company, and the material misrepresentations of Regulatory Form D, filed regarding that entity.

Ergo PRO Se defendant, **cannot effectively file an answer with the appropriate involuntary plaintiffs and cross and counter complaints given the parallel criminal proceedings arising out of the exact same events, any filing** This is especially more so true now than ever given Chad Mitchell Koehn's application of an ex parte protective order seeking a wide variety of prohibited contact and protection from sexual intercourse with the pro se defendant when Chad Mitchell Koehn is "incapable of giving consent".

**The pro se defendant cannot voluntarily choose between the civil defense, the protective order defense and the criminal defenses.**

**<u>The rights of the pro se defendant to invoke 5th amendment privileges must be inviolate</u>** and <u>not be further eroded by the "partner in deception" Craig Alan Brand's, litigation strategies.</u> Moreover both Craig Alan Brand and Attorney Larry Gene Michel are listed in Chad Mitchell Koehn's application and double signed SWORN affidavit for protective order and said application references not only the facts of the matter at bar but also references Cynthia D. Blanchard, and titles her as the President of Anthem Holdings Company.

Craig Alan Brand has already proffered testimony and information improperly to prejudice the trier within the Federal Court, stating a statement of alleged fact improperly as it relates to erroneous claims regarding the **SEC (Securities and Exchange Commission) and FINCEN (Financial Crimes Enforcement Network** which is a **bureau within the Office of Terrorism and Financial Intelligence**), Craig Brand's testimony proffered even prior to

discussion on his pro hac vice status in the case demonstrates clear error and inclusion herein as reference to the underlying alleged crime of sending electronic mail to Government Officials which "disparages Anthem and Cynthia Blanchard", coconspirators in PREDATORY COLLUSION with the Plaintiffs in this matter for RETALIATION against a whistleblower in the Crypto Currency scheme to manipulate global public markets.

There can be no doubt that plaintiffs may seek to invoke personally the fifth amendment as well as they may have pending charges under 18 U.S. Code § 1512 - Tampering with a witness, victim, or an informant; with regards to their murder attempts on the PRO SE defendant's life during unlawful detainment in the US DISTRICT of New Jersey, predicated on the fraudulent inducement of their coconspirator in **predatory collusion h**aving claimed they had a protective order against the PRO SE defendant which was violated **when in fact no such order ever existed** at the time, this was orchestrated under the direction of the "partner in deception" Craig Alan Brand.  The lie told on police reports and in testimony resulted in a false charge of felony stalking resulting in entrapment in a facility in New Jersey which the parties in predatory collusion knew, the PRO SE defendant would be flying home from, through their illegal use of US Federal Resources in contravention of Federal Law.  A facility where the plaintiffs have extensive contacts and their coconspirators in BITCLUB Ponzi Scheme were held in the exact same facility where they had connections from the Bitclub Ponzi Scheme and their connections thereto through the **convicted non-compliant Child Sex Predator Russ Albert Medlin;** who is now captured and incarcerated in Indonesia on charges of paid sex with minor children.  Given the fact the plaintiff Chad Mitchell Koehn 'themselves' (gender neutral as to

===================================================================================

**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 14

Koehn given the conflicting information as to specific gender) may seek Fifth Amendment protections as well; whereas conversely the Corporation can have no Fifth Amendment privilege as it is not a "natural person" as defined by law, case precedent and rules with regards to ability to invoke the Fifth Amendment, nor can said individuals invoke the Fifth Amendment in 30b(6) depositions of the Corporation.   The court has since suggested that a material omission from a warrant application may violate the Fourth and Fourteenth Amendment in the same manner as a deliberate misstatement of a material fact does. *See United States v. Owens,* 882 F.2d 1493, 1498-99 (10th Cir.1989) (applying *Franks* and holding that the defendant "did not make a substantial preliminary showing that the warrant affidavits contained deliberate falsehoods, or false statements or *omissions* made with reckless disregard for the truth" (emphasis added)). Even if the opposing counsel were to ever respond to the pro se defendant for discussions on the matter at hand and the parties were to find a stipulation as to the law; **"it is well-settled that a court is not bound by stipulations of the parties as to questions of law."** *Koch v. U.S. Dep't of Interior, 47 F.3d 1015, 1018 (10th Cir.1995)* (internal quotation marks omitted).

A Stay is also necessary as at the present time the PRO SE defendant cannot easily travel without the sanctioning of a lower courts in other states, additionally the PRO SE defendant is without the financial resources to enable travel at present due to the directly related and parallel hereto criminal matters and the new threats of new criminal charges in Kansas, Colorado and California, all being orchestrated by Craig Alan Brand per the affidavit of Chad M. Koehn.

===============================================================================
**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 15

District courts have the inherent power and discretionary authority to stay proceedings when the underlined interests of justice so require. *United States v. Kordel 397 US 1, 90 S. Ct. 763, 25 L. Ed 2d (1970); Landis v. North American Co. 299 US 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936).* Courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders. *SEC v. Dresser Indus, Inc. 628 F.2d 1368 (DC Cir 1980)* It is well recognized that the **"decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made"** *Keating v. Office of Thrift Supervision 45 F. 3d 322, 324 (9th Cir. 1995) quoting Federal Savings and Loan Inc. Corp. v. Molinaro, 889 F 2d 899, 902 (9th Cir 1989).* Wherein here the **PRO SE defendant must as a matter of Constitutional RIGHT exert FIFTH Amendment** privilege, as it directly relates to the parallel frivolous criminal matter being prosecuted and the plaintiffs threats of pending criminal charges relating to the same subject matter, as the Courts have held that even in the pendency of criminal charges the fifth amendment applies. The Fifth Amendment privilege against self incrimination **may be invoked by the mere possibility of criminal prosecution [EMPHASIS ADDED]**, as **Chad Mitchell Koehn now makes in his affidavit seeking protection from sexual acts** when he [CHAD MITCHELL KOEHN] is **"incapable of giving consent"** and wherein Chad Mitchell Koehn claims Attorney Larry G. Michel and Craig Alan Brand also seek criminal charges against the Pro SE defendant all in RICO conspiracy of predatory collusion with one another as a form of RETALIATION, for the Pro Se defendant's refusal to participate in the Market Manipulations of Global Financial markets, which has been orchestrated by the plaintiffs in direct detriment to the

====================================================================

**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 16

interests of the United States Federal Government and to the detriment of the US Currency Stability thus threatening the National Security Interests of the United States of America.

The PRO SE defendant has tried the best any person can with making objections to the orders and stating the grounds and reasons, in accordance with Federal Rules of Civil Procedure 46: " A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection." The defendant is PRO SE and without the legal training nor education of the nearly half dozen seasoned litigators whom at least one of which is directly and currently engaged in illegal and criminal acts in concert with the plaintiffs, and who is orchestrating the massive legal processes and many multitude of Courts simultaneously against a single impoverished pro se Defendant who literally cannot physically manufacture more time during the day to respond nor defend. The RICO enterprise of the plaintiffs is well established by the facts in the docket and the RETALIATION is illegal both Civilly and CRIMINALLY, against a WHISTLEBLOWER who lawfully contacted elected officials, law enforcement and regulators regarding the NEVADA originating corporation. The pro se defendant WHISTLEBLOWER has won a multitude of cases and appeals in the US District of NEVADA, where now the plaintiffs seeking PREDATORY COLLUSION for the purposes of RETALIATION against the pro se WHISTLEBLOWER in their blackballing and blacklisting of the pro se defendant for the purposes to prevent further communications with law enforcement, regulators and officials.

===================================================================================
**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 17

The attorneys for the plaintiff's in hopes to silence the Pro Se defendant WHISTLEBLOWER from further notifications to regulatory authorities, Congress, including United States Senators and various agencies, bureaus and departments of the United States Federal Government, and as to completely and totally discredit the PRO SE defendant for the remainder of his life. The collective actions of the plaintiffs by and through their mutual attorney CRAIG ALAN BRAND demonstrates clear conspiracy to entrap and misuse and abuse the legal system for purposes other than intended. *Matter of Seper, 705 F.2d 1499 (9th Cir. 1983)*

**A**s the fundamental rights of the parties must be protected as a matter of Constitutional Law. *Continental Insurance Co. v. Cota 2008 WL 4298372 (ND Cal. J. Conti presiding); Jones v. Conte 2005 WL 1287017;*

This case beefed up an earlier ruling; *GRIFFIN v. CALIFORNIA(1965)* that prosecutors can't ask a jury to draw an inference of guilt from a defendant's refusal to testify in their own defense. Defendants (and other witnesses) **may assert their Fifth Amendment rights during civil trials,** too, if testimony would open them up to criminal charges. **But defendants in civil trials do not enjoy the same protections against jury bias with respect to liability.** This means that a jury is free to make inferences when a defendant chooses not to testify in a civil trial for fear of self-incrimination, which is exactly what the many multitude of simultaneous legal entanglements orchestrated by Craig Alan Brand is meant to accomplish, allowing Chad Mitchell Koehna and United Capital Management of Kansas Inc. and their plethora of co-conspirators to essentially rob the American People of their collective rights to be safe and stable in the use of US Currency. Wherein **plaintiffs through the creation of their plethora of**

=================================================================

**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

- 18

**corporations and many dozens of TAX EVASION jurisdictions globally** and through the use of a Crypto Currency Hedge Fund seeking to weaken the US Dollar, and thus cause instability to US interests whilst simultaneously claiming "contracts with the US Federal Government" and illegally using the seals and logos of the US Department of Defense and armed forces as well as official seals of US Federal Resources, gives rise to immediate concern of National Security implications warranting immediate intervention by the US District Courts, for the protection of the American People at large.

[P]rotection coextensive with the privilege is the degree of protection which the Constitution requires, wrote Justice Powell for the Court, and is all that the Constitution requires. *Kastigar v. United States, 406 U.S. 441, 459 (1972). See also United States v. Hubbell, 530 U.S. 27 (2000)* (because the statute protects against derivative use of compelled testimony, a prosecution cannot be based on incriminating evidence revealed only as the result of compliance with an extremely broad subpoena).

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

===================================================================

**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

This Sur-reply and requesting this motion, notice and all other filings as in all previously filed motions and requests, responses, ojections, notices and/or any pleadings whatsoever the Defendant does not waive and reserves all rights as to any available defenses it may assert against the petition.   And so makes this appearance together with all previous filings now before the Court, without voluntarily submitting to the jurisdiction of this Court, as with this and all prior motions and filings are made via "special appearance", as well stated in the "Notice of Removal" in paper 1, filed on 1 Feburary 2022, removing the malicious, frivolous and incongruous petition to this US Federal Court for the district of Kansas.

*28 USC §636(b)(1)(C)*

*"A judge of the court **shall** make a **de novo** determination of those portions of the report or specified proposed findings or recommendations to which objection is made."*

Respectfully Submitted, this 23rd day of May 2022.



Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

==================================================================================
**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per order of the saline county judge hickman. IN NO way shape or form is the defendant suggesting nor inferring that any filing, pleading or notice be provided, shown or communicated in anyway to the person of Chad Mitchell Koehn. The defendant acknowledges that Chad Mitchell Koehn is fearful of being taken advantage of in an inebriated state, when he cannot consent to sexual relations, the defendant has NEVER had sexual relations with Chad Mitchell Koehn, the defendant has never been to Kansas and has no intention, want or desire for any sexual relations with Chad Mitchell Koehn nor does the defendant wish any contact whatsoever with Chad Mitchell Koehn apart from depositions, 30b(6) depositions, cross examination during trial by jury. In no way by providing this document to counsel for the plaintiffs is this an attempt or otherwise any form of communication with Chad Mitchell Koehn.

Respectfully Submitted, this 23rd day of May 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

===============================================================================
**SUR-REPLY to Plaintiffs Memorandum in Opposition Doc. 75 stated as an objection to Rule 72 Appeal in Doc 68**