KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL. , ) | |
| ) | |
| Plaintiffs/ ) | |
| Counter-Defendants ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| Defendant/ ) | |
| Counter-Plaintiff ) | |
| ) | |

## COUNTER-DFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTERCLAIMS AND CROSSCLAIMS

Pursuant to Fed. R. Civ. P. 12(b)(6), AND d. Kan. Rule 7.1(a) and 7.6, Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith file their memorandum of law in support of their motion to dismiss Counter-Plaintiff Michael Nelson's ("Mr. Nelson") Counterclaims and Crossclaims (D. 74) ("Counterclaim").

Having parsed through the disjointed wordy and often repetitive 146 allegations of the Counterclaim, Counter-Defendants will attempt to apportion the paragraphs to the three types of claims asserted; that is, a civil whistleblower claim made pursuant to 18 U.S.C. § 1514A(b)(1); (2), a civil RICO claim made pursuant to 18 U.S.C. § 1964(c), and a state law defamation claim.

*Chad M. Koehn, et al vs. Michael Nelson*
*Counter-Defendant's Motion to Dismiss Counterclaims and Crossclaims*
Case No.  22-CV-04008-JWB-GEB
Page 2

I. <u>COUNTER-PLAINTIFF FAILS TO HAVE STANDING TO PURSUE A WHISTLEBLOWER CLAIM UNDER SARBANES-OXLEY ACT OF 2002 OR THE DODD-FRANK WALL STREET REFORM AND CONSUMER PROTECTION ACT.</u>

In *Digital Realty Trust, Inc. v. Somers,* 583 U.S. ___, 138 S.Ct. 767, 200 L.Ed.2d 15, the Supreme Court of the United States discussed the interplay between the Sabanes-Oxley Act of 2002 and the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act:

> Endeavoring to root out corporate fraud, Congress passed the Sarbanes–Oxley Act of 2002, 116 Stat. 745 (Sarbanes–Oxley), and the 2010 Dodd–Frank Wall Street Reform and Consumer Protection Act, 124 Stat. 1376 (Dodd–Frank). Both Acts shield whistleblowers from retaliation, but they differ in important respects. Most notably, Sarbanes–Oxley applies to all "employees" who report misconduct to the Securities and Exchange Commission (SEC or Commission), any other federal agency, Congress, or an internal supervisor. 18 U.S.C. § 1514A(a)(1). Dodd–Frank delineates a more circumscribed class; it defines "whistleblower" to mean a person who provides "information relating to a violation of the securities laws to the Commission. 15 U.S.C. § 78u-8(a)(6). A whistleblower so defined is eligible for an award if original information he or she provides to the SEC leads to a successful enforcement action. § 78u-6(b)-(g). And, most relevant here, a whistleblower is protected from retaliation for, *inter alia,* "making disclosures that are required or protected under" Sarbanes–Oxley, the Securities Exchange Act of 1934, the criminal anti-retaliation proscription at 18 U.S.C. § 1513(e), or any other law subject to the SEC's jurisdiction. 15 U.S.C. § 78u-6(h)(1)(A)(iii).

583 U.S. at___, 138 S.Ct. at 772.

> "To safeguard investors in public companies and restore trust in the financial markets following the collapse of Enron Corporation," Congress enacted Sarbanes–Oxley in 2002. *Lawson v. FMR LLC*, 571 U.S. 429, ___. 134 S.Ct. 1158, 1161, 188 L.Ed.2d 158 (2014). Most pertinent here, Sarbanes–Oxley created new protections for employees at risk of retaliation for reporting corporate misconduct. See 18 U.S.C. § 1514A. § 1514A prohibits certain companies from discharging or otherwise "discriminat[ing] against an employee in the terms and conditions of employment because" the employee "provid[es] information ... or otherwise assist[s] in an investigation regarding any conduct which the employee reasonably believes constitutes a violation" of certain criminal fraud statutes, any SEC rule or regulation, or "any provision of Federal law relating to fraud against shareholders." § 1514A(a)(1). An employee qualifies for protection when he or she provides information or assistance either to a federal regulatory or law enforcement agency, Congress, or any "person with supervisory authority over the employee." § 1514A(a)(1)(A)-(C).

*Chad M. Koehn, et al vs. Michael Nelson*
*Counter-Defendant's Motion to Dismiss Counterclaims and Crossclaims*
Case No. 22-CV-04008-JWB-GEB
Page 3

    To recover under § 1514A, an aggrieved employee must exhaust administrative remedies by "filing a **complaint** with the Secretary of Labor." § 1514A(b)(1)(A); see *Lawson*, 571 U.S. at ___ - ___. 134 S.Ct. 1163-1164. Congress prescribed a 180–day limitation period for filing such a complaint. § 1514A(b)(2)(D). If the agency "does not issue a final decision within 180 days of the filing of [a] complaint, and the [agency's] delay is not due to bad faith on the claimant's part, the claimant may proceed to federal district court for *de novo* review." *Id*. at ___, 134 S.Ct. at 1163 (citing § 1514A(b)). An employee who prevails in a proceeding under § 1514A is "entitled to all relief necessary to make the employee whole," including reinstatement, backpay with interest, and any "special damages sustained as a result of the discrimination," among such damages, litigation costs. § 1514A(c)

583 U.S. at___, 138 S.Ct. at 773-774.

    The recovery procedures under the anti-retaliation provisions of Dodd–Frank and Sarbanes–Oxley differ in critical respects. First, unlike Sarbanes–Oxley, which contains an administrative-exhaustion requirement and a 180–day administrative complaint-filing deadline, see § 1514A(b)(1)(A), (2)(D), Dodd–Frank permits a whistleblower to sue a current or former employer directly in federal district court, with a default limitation period of six years, see 15 U.S.C. § 78u-8(a)(6)(h)(1)(B)(i), (iii)(I)(aa).

583 U.S. at___, 138 S.Ct. at 774-775.

  18 U.S.C. § 1514A(a)(1)-(2) provides a civil damage remedy to an employee arising from his or her being subject to retaliation for assisting in the investigation regarding a violation of 18 U.S.C. § 1341 "Frauds and Swindles;." 18 U.S.C. § 1343 "Frauds by wire, radio, or television;" 18 U.S.C. § 1344 "Bank fraud," 18 U.S.C. § 1348 "Securities and commodities fraud;" and "any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by a Federal regulatory or law enforcement agency; any Member of Congress or any committee of Congress; or a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct); or to file, cause to be filed, testify, participate in, or otherwise assist in a proceeding filed or about to be filed (with any knowledge of the employer) relating to an alleged

*Chad M. Koehn, et al vs. Michael Nelson*
*Counter-Defendant's Motion to Dismiss Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 4*

violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.

15 U.S.C. § 78u-6(h)(1)(B)(i) provides: "**Cause of action** An individual who alleges discharge or other discrimination in violation of subparagraph (A) may bring an action under this subsection in the appropriate district court of the United States for the relief provided in subparagraph (C). 15 U.S.C. § 78u-6(h)(1)(A) provides:

> **In general**
> No employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of any lawful act done by the whistleblower—
> (i) in providing information to the Commission in accordance with this section;
> (ii) in initiating, testifying in, or assisting in any investigation or judicial or administrative action of the Commission based upon or related to such information; or
> (iii) in making disclosures that are required or protected under the Sarbanes-Oxley Act of 2002 (15 U.S.C. 7201 et seq.), this chapter, including section 78j–1(m) of this title, section 1513(e) of title 18, and any other law, rule, or regulation subject to the jurisdiction of the Commission.

Paragraph 22 of the Counterclaim alleges "from approximately 2014 to 2019, the counter-plaintiff was employed by the originating genesis corporation Anthem Vault Inc. in the US State of NEVADA."

The following paragraphs of the Counterclaim allege purported securities violations which, considered in the light most favorable to Counter-Plaintiff could, but arguably do not, come within the purview of 18 U.S.C. § 1514A(a)(1)-(2). Paragraphs 9 through 21, 24 through 41, 69, 71, 72, 74, 81 through 112, 115 through 128, and 137 through 146.

Counter-Plaintiff's claim fails under 18 U.S.C. § 1514A(a)(1)-(2) and 15 U.S.C. § 78u-6(h)(1)(B)(i), as Counter-Plaintiff has not alleged that he made an actionable whistleblower

*Chad M. Koehn, et al vs. Michael Nelson*
*Counter-Defendant's Motion to Dismiss Counterclaims and Crossclaims*
Case No. 22-CV-04008-JWB-GEB
Page 5

complaint while he was an employee of Anthem Vault, Inc., nor has he alleged that any of the purported retaliatory actions occurred while he was an employee of Anthem Vault, Inc.

Additionally, Counter-Plaintiff does not have standing to bring a civil action for retaliation under 18 U.S.C. § 1514A as he has failed to allege, and cannot allege, that he timely filed an appropriate administrative complaint within 180 days of the employment related retaliatory act, as required under 18 U.S.C. § 1514A (b).

## II. COUNTER-PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR A CIVIL RICO CLAIM UNDER 18 U.S.C. § 1964(c).

18 U.S.C. § 1964(c) provides:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

In *Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1, 9, 130 S.Ct. 983, 989, 175 L.Ed.2d 943 (2010), the United States Supreme Court held:

> [T]o state a **claim** under civil RICO, the plaintiff is required to show that a RICO predicate offense "not only was a 'but for' cause of his injury, but was the proximate cause as well." [*Holmes v. Securities Investor Protection Corporation*, 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). Proximate cause for RICO purposes, we made clear, should be evaluated in light of its common-law foundations; proximate cause thus requires "some direct relation between the injury asserted and the injurious conduct alleged." *Ibid*. A link that is "too remote," "purely contingent," or "indirec[t]" is insufficient. *Id*. at 272, 112 S.Ct. 1311.
>
> Applying that standard, we rejected SIPC's RICO claim. The alleged conspiracy, we held, directly harmed only the broker-dealers; SIPC's injury, on the other hand, was "purely contingent" on that harm. *Id*., at 271, 112 S.Ct. 1311. The connection between the alleged conspiracy and SIPC's injury was therefore "too remote" to satisfy RICO's direct relationship requirement. *Ibid*.

*Chad M. Koehn, et al vs. Michael Nelson*
*Counter-Defendant's Motion to Dismiss Counterclaims and Crossclaims*
Case No. 22-CV-04008-JWB-GEB
Page 6

"Our precedents make clear that in the RICO context, the focus is on the directness of the relationship between the conduct and the harm." *Hemi Group, LLC*, 559 U.S. at 12, 130 S.Ct. at 991.

Paragraph 23 of the Counterclaim alleges: "That the counter-plaintiff invested in both the STOCK equity of the company Anthem Vault, Inc. and thus any "spinoff" companies of Anthem Vault Inc. and in cryptographic securities in the form of cryptocurrencies."

The following paragraphs of the Counterclaim allege purported fraud in the sale of securities: Paragraphs 9 through 21, 24 through 41, 69, 71, 72, 74, 81 through 112, 115 through 128, and 137 through 146. The following paragraphs are intended to implicate a civil RICO claim: Paragraphs 53, 54, 65, 67 and 68, inferring extortion and blackmail.

18 U.S.C. § 1951(b)(2) provides:

> The term "extortion:" means the obtaining of property from another, with his consent induced by wrongful use of actual or threatened force, violence or fear, or under color of official title.

Nowhere in the Counterclaim does Counter-Plaintiff allege that either Counter-Defendant has obtained his property with his consent by wrongful use of actual or threatened force, violence or fear, or under color of official title. Counter-Plaintiff merely asserts a legal conclusion that he has been extorted by the Counter-Defendants.

18 U.S.C. § 873, entitled Blackmail, provides:

> Whoever, under a threat of informing, or as a consideration for not informing, against any violation of any law of the United States, demands or receives any money or other valuable thing, shall be fined under this title or imprisoned not more than one year, or both.

Nowhere in the Counterclaim does Counter-Plaintiff allege that either Counter-Defendant has demanded or received any money or other valuable thing from the Counter-Plaintiff under a threat of informing, or as consideration for not informing, against Counter-Plaintiff's violation of

*Chad M. Koehn, et al vs. Michael Nelson*
Counter-Defendant's Motion to Dismiss Counterclaims and Crossclaims
Case No. 22-CV-04008-JWB-GEB
Page 7

any law of the United States. Counter-Plaintiff merely asserts a legal conclusion that he is being blackmailed by the Counter-Defendants.

While fraud in the sale of securities (included within the definition of "racketeering activity" as defined in 18 U.S.C. § 1962(1)) in violation of federal securities laws and regulations subjects the violator to criminal penalties under 18 U.S.C. § 1962, actions constituting securities fraud are specifically exempt from civil RICO claims under 18 U.S.C. § 1964(c) unless the perpetrator "has been criminally convicted in connection with the fraud." No such allegation is made, nor could it be made against either Counter-Defendant.

An excellent discussion of the securities fraud exception to civil RICO claims is set forth in *Bixler v. Foster*, 596 F.3d 751 (10th Cir. 2010). In Footnote 7, the Tenth Circuit pointed out:

> The Conference Committee Report accompanying the [Private Securities Litigation Reform Act of 1995] states that the amendment was intended not only "to eliminate securities fraud as a predicate offense in a civil RICO action," but also to prevent a plaintiff from "pleading other specified offenses ... as predicate acts under civil RICO if such offenses are based on conduct that would have been actionable as securities fraud." H.R.Rep. No. 104-396, at 47 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 746.

*Id*. at 759, n. 7.

In *Bixler,* the "claim defendants conspired to deprive them of the value of their METCO shares by a series of predicate acts based on the above-described conduct, in violation of RICO. " *Id*. at 755. Similar to Mr. Nelson's allegations, in *Bixler*,

> Plaintiffs' allegations, however, merely assert the minority shareholders suffered a diminution in value of their corporate shares without receiving the same monetary compensation the majority shareholders received. Such an injury is not direct and personal for RICO purposes but is, rather, an injury to the corporation. To avoid this fundamental problem, the minority shareholders assert that their claims are based on injury to them, rather than the corporation. Specifically, they contend that (1) defendants' actions caused their proportionate corporate ownership to be diluted, and (2) that defendants have pursued abusive litigation against them in an effort to coerce them into abandoning their interests in METCO.

*Chad M. Koehn, et al vs. Michael Nelson*
*Counter-Defendant's Motion to Dismiss Counterclaims and Crossclaims*
Case No. 22-CV-04008-JWB-GEB
Page 8

*Id*. at 757. Again, similar to certain allegation in Mr. Nelson's Counterclaim, the *Bixler* Court pointed out:

> [P]laintiffs claim that they were injured by the frivolous lawsuits defendants filed against them in order to force them to abandon their interests in METCO. Because this claim is not based solely on their status as METCO shareholders, "[t]o determine whether Plaintiff[s] properly alleged an injury to [their] business or property, we first examine the alleged predicate acts that purportedly caused the injury." *Deck v. Engineered Laminates*, 349 F.3d 1253, 1257 (10th Cir. 2003). Plaintiffs assert that defendants' litigation tactics were extortionate, with the purpose of coercing them to accept defendants' allegedly fraudulent acts. We have refused to "recogniz[e] abusive litigation as a form of extortion [because doing so] would subject almost any unsuccessful lawsuit to a colorable extortion (and often a RICO) claim." *Id. at 1258* Therefore, plaintiffs' abusive-litigation claim does not state a RICO predicate act. *See id.*

*Id*. at 758.

Counter-Plaintiff's attempt to state a cause of action for civil RICO damages under 18 U.S.C. § 1964(c) fails and should be dismissed.

### III. <u>COUNTER-PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR DEFAMATION.</u>

> "In Kansas, the tort of defamation includes both libel and slander." *Yeager v. Nat'l. Pub. Radio*, No. 18-4019-SAC, 2018 WL 3633894, *4 (D. Kan. July 31, 2018) (citations omitted.) "A valid defamation claim requires proof of: (1) false and defamatory statements; (2) the defendant communicated these statements to a third party; and (3) the plaintiff's reputation was injured by the statements." *Id*. (citing *El-Ghori v. Grimes*, 23 F.Supp.2d 1259, 1269 (D. Kan. 1998) and *In re Rockhill Pain Specialists, P.A.*, 55 Kan. App. 2d 161, 412 P.3d 1008, 1024 (2017)).

*Peoples v. Wichita State University*, No. 18-1010-JWB, 2018 WL 5013488, *3 (D. Kan. Oct. 16, 2018).

Paragraph 6 of the Counterclaim alleges: "That Nelson is a business consulting professional, with expertise on a wide array of technology, investments, management, marketing and technology expertise." In paragraph 22, Mr. Nelson alleges he was employed by a Nevada corporation, Anthem Vault, Inc., from approximately 2014 to 2019.

*Chad M. Koehn, et al vs. Michael Nelson*
*Counter-Defendant's Motion to Dismiss Counterclaims and Crossclaims*
Case No. 22-CV-04008-JWB-GEB
Page 9

The following paragraphs of the Counterclaim impose upon Mr. Nelson's counterclaim for defamation: 42 through 51, 55 through 57, 59 through 64, 74, 129, 130 and 135.

As in *Peoples*, supra, Counter-Plaintiff filed his Counterclaim pro se.

> In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in her complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support his claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). *See Kelp v. B & B Lumber Co., Inc.*, No. 18-1103-JWB, 2018 WL 3831525, at *1 (D. Kan. Aug. 13, 2018). Additionally, when a plaintiff is proceeding pro se, the court construes his pleadings liberally, although the court cannot assume the role of advocate for the pro se party. *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Id., 2018 WL 5013488, *2.

Counter-Plaintiff's Counterclaim alleging defamation suffers from one of the same defects pointed out in *Peoples*; specifically, the Counterclaim fails to identify any third-party or potential employer to whom the alleged defamatory statements were made, when they were made, whether they were oral or written, and the manner in which the specific statement was intended to damage Mr. Nelson's reputation or interfere with his obtaining specific employment.

Kansas does not differentiate between the defamation per se and defamation per quod. In *Polson v. Davis*, 895 F.2d 707, 708 (10th Cir. 1990). The Tenth Circuit held:

> It is true that Kansas once followed the common law in dividing defamation into two types: defamation per se and defamation per quod. *Gobin v. Globe Publishing Co.*, 232 Kan. 1, 649 P.2d 1239, 1242 (1982). Defamation per se, which included, *inter alia,* statements that impugned the defamee's competence in her

*Chad M. Koehn, et al vs. Michael Nelson*
*Counter-Defendant's Motion to Dismiss Counterclaims and Crossclaims*
Case No. 22-CV-04008-JWB-GEB
Page 10

trade or profession, did not require proof of actual damages for a finding of liability. Instead, damage was presumed from the nature of the statement. [*Polson v. Davis*, 635 F.Supp. 1130, 1147 (D. Kan. 1986). On the other hand, defamation per quod required proof of actual damages for a finding of liability. The parties do not dispute, as a matter of law, that the statements at issue here fall into the traditional defamation per se category. So, the issue that remains is whether Kansas still recognizes defamation per se as a separate type of defamation.

Plaintiff has failed to persuade us that the district court erred in its interpretation of Kansas law. In *Gobin,* the Kansas Supreme Court abolished the distinction between defamation per se and defamation per quod. Citing *Gertz v. Robert Welch Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), the court stated, "Damages recoverable for defamation may no longer be presumed; they must be established by proof, no matter what the character of the libel." *Gobin*, 649 P.2d at 1242.

Counter-Plaintiff has failed to allege sufficient ultimate facts to link the alleged defamatory statements to specific damages he has suffered. Therefore, his defamation claim must be dismissed for failure to state a cause of action upon which relief may be granted.

## ADDIITONAL COMMENT

Because Counter-Plaintiff is proceeding pro se, movants refrain from raising issues concerning Fed. R. Civ. P. 8(a).

## CONCLUSION

While Counter-Plaintiff asserts a myriad of purported counterclaims, Counter-Defendants have attempted to distill the 146 paragraphs into purported claims which, at least in part, appear to have some semblance of support within the allegations. As set forth in Counter-Defendants' analysis of the claims, the Counterclaim fails to state any cause of action upon which relief may be granted against them.

WHEREFORE, Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will dismiss Counter-Plaintiff MICHAEL NELSON's Counterclaims and Crossclaims (D. 74).

*Chad M. Koehn, et al vs. Michael Nelson*
*Counter-Defendant's Motion to Dismiss Counterclaims and Crossclaims*
Case No.  22-CV-04008-JWB-GEB
Page 11

Dated May 26, 2022.

Respectfully Submitted,

/s/ Larry G. Michel     #14067
KENNEDY BERKLEY
119 W. Iron Avenue, 7th Floor
PO Box 2567
Salina, KS 67402-2567
T:   (785) 825-4674
F:   (785) 825-5936
E:    lmichel@kenberk.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 26, 2022, the foregoing *Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss First Amended Complaint* was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 67, the undersigned emailed a true copy to Michael Nelson, oklahomaremote@gmail.com.

/s/ Larry G. Michel