# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, **Inc**. <u>and</u> **CHAD M. KOEHN**<br><br>                    Plaintiffs,<br>      v.<br>Michael Nelson<br><br>            Defendant ;     PRO-Se. | <mark>**DOCKET NO.:     5:22-CV-04008-JWB-GEB**</mark><br><u>**CIVIL ACTION**</u><br><br>**Appeal of Order Document Number 70**<br><br>**[Jury Trial Demanded]** |

<u>Defendant, makes</u> <u>"SPECIAL & LIMITED APPEARANCE"</u> here and now for the purposes of filing Appeal of Order Document 70, appeal made under rule 72, defendant so herein now alleges and states the Court has errored in the Order which the pro se defendant thus appeals in the interests of justice to prevent manifest injustice, and with Constitutional questions:

**"When faced with the issue of either allowing a civil action to proceed or <u>protecting the Fifth Amendment rights of individual defendants against self incrimination</u>, the <u>majority</u> of courts have consistently chosen the latter."**    Yet, the Court here has not yet had hearings regarding multiple requests for a STAY of the Matter and has yet to rule upon any of the Motions and Requests for Stay.    Pro SE defendant cannot possibly defend the multitude of litigations, designed as SLAPP (Strategic Lawsuits Against Public Participation) suits.    The pro se defendant continues to face parallel criminal matters stemming from the same nexus as the frivolous, incongruous SLAPP petition, and have included perjury by so-called victims in sworn statements and testimony.

The current matter lacks all of the claims and defenses at issue, and currently has multiple motions to dismiss, constituting dispositive motions which will materially advance the matter to conclusion, without needless burdens upon the parties and the Court.  It is the interests of Judicial Economy and the burdens upon the parties which must be weighed in favor of not setting a rule 26f conference until all claims and defenses are at issue, and the dispositive matters

===============================================================================

for dismissal are settled, as the correct granting of the dispositive issues and motions will cause any discovery or otherwise extended "fishing expedition" the plaintiffs want to conduct through their abuse of the judicial process a moot exercise of their bad faith efforts to misuse and abuse the American legal system.

The Court has erred in not addressing the attempts by CRAIG ALAN BRAND to have the pro se defendant involuntarily violated other court orders, in the parallel criminal matters, wherein Craig Alan Brand has consistently in every appearance before the Court erred in his appearance. The Court has chosen to give Mr. Brand a pass at the perjury in the affidavit in document 24-1, accepting his certificate of good standing from Florida. None-the-less taking this pass at his perjury in document 24-1, Brand has taken the opportunity to consistently negatively influence the trier of fact, in spontaneous proffered testimony and judicial misconduct at bar. Where the Court has yet to rule upon nor address the Motions and Objections made in Documents: 52 and 57 respectively. **CRAIG ALAN BRAND presents himself at bar through A DIFFERENT LAW FIRM then he Stated to the Court in Affidavit which he Practices.** This together with his purposeful misleading of the Court, Chambers and the pro se defendant in the origin of emails he uses in the case, in order to materially confuse and unduly influence the proceedings. Brand demonstrated yet again more UNTRUTHFULNESS in statements to others, violating the Rules, making document 24-1 even more untruthful and certainly riddled with PERJURY. Brand continues with unethical legal shenanigans at bar including those complained of in Documents 52 and 57, where Brand attempted fraud upon the Court and the Pro Se defendant.

The Pro Se Defendant has not the time in the day to mount defense against the massive legal campaign against the Pro Se defendant, which includes a multitude of parallel criminal

matters, in multiple States including threats on pending charges in the State of Kansas, criminal

charges in Oklahoma, both States the defendant has never lived, resided and has no ties.   The

pro se defendant has at all times been a citizen of NEVADA, and was EMPLOYED in

NEVADA, where the company at the core of the issues is incorporated and had its employees.

The attempts by the plaintiff to pull disputes from NEVADA, into other jurisdictions is

unconscionable abuse of the interstate judicial system.

Multiple parties to the current matter at bar making sworn affidavit threats of pending

charges in Kansas, Colorado and California according to sworn affidavit filed by CHAD

KOEHN.  Collectively the orchestration of the massive civil and criminal cases and protective

orders, misusing and abusing domestic violence protection laws, and even claiming protection

against sex acts, when ipso facto the pro se defendant has NEVER been in the State of Kansas,

demonstrates clear abuse by the plaintiffs of the legal system.

Holding a rule 26f conference and allowing discovery in light of the currently proceeding

criminal matters, and the threats of more criminal charges in various States including the State of

Kansas, provides ample reason for the pro se defendant here to exert fifth amendment privilege

and protection.   Thereby making any rule 26f conference an impossibility without legal

representation to the pro se defendant.

The Pro Se defendant so submits he is unable to conduct any needed and necessary

discovery of plaintiff United Capital Management of Kansas Inc. and the person of CHAD

KOEHN due to underlying protective orders sought by Chad Koehn through what Chad Koehn

describes as a "mountain of evidence", provided to authorities, none of this "mountain of

evidence" attested to under the penalties of perjury by Koehn, has been provided to the defendant

in this matter, nor can it given the parallel criminal charges and claims of pending charges.   The

"fishing expedition" sought through discovery by the plaintiffs would severely violate the rights of the pro se defendant.

Even if good cause exists, warranting 26f conference, the court must balance the interests in allowing discovery against the relative burdens to the parties and nonparties (i.e., the public). As well as balance and weigh the Constitutional issues presented by the parallel criminal matters and those threatened criminal prosecutions stemming from the same nexus of events and complaints of the plaintiff here in their SLAPP suit initiated in State Court, and removed here by the Pro Se Defendant.

The party seeking disclosure has the burden to show that the information sought is relevant and necessary for discovery in the litigation. *In re Remington Arms Co, 952 F.2d 1029 (8th Cir. 1991)*; In re Coordinated Pretrial Proceedings in *Petroleum Prod. Antitrust Litig., 669 F.2d 620 (10th Cir. 1982)*. As to the public, the court must balance the potential harm to the litigants' interests against the public's right to access to court files. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999)*. However, here the pro se defendant <u>must exert fifth amendment privilege</u> to virtually all discovery as the SLAPP suit of the plaintiffs infers direct correlation to underlying parallel criminal proceedings and threatens new criminal charges and proceedings.

The party or person seeking order bears the burden of "good cause." They must make a clear showing of a particular and specific need for the order. The "need" is typically a showing of the harm or <u>prejudice</u> that would follow disclosure. *Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)*. Here the pro se defendant must as a matter of RIGHT assert fifth amendment protections, on the advice of counsel, to disclosures and discovery in light of the

parallel criminal proceedings and those new and threatened criminal proceedings threatened by the plaintiff and counsel.

Much of the delay in the case to date has been as a direct result of the plaintiffs bad faith in the filing of the underlying frivolous incongruous SLAPP litigation, which they laid in wait nearly a year prior to making any attempt at all of serving the complaint. The plaintiffs then served a complaint replete with racial slur, and did so in a manner to exact physical damage to the pro se defendant. The matter was first filed to a State county court and the pro se defendant filed to remove the case here to the US Federal District Court, without voluntarily nor involuntarily submitting to jurisdiction, personal nor subject matter, as the service of process was not correct, and the matter as produced by the plaintiffs would better serve Judicial Economy in another District, namely where other cases are pending including a presumed appeal of the **underlying employment matter to presumably the NEVADA SUPREME COURT**, according to sworn testimony of the plaintiffs conspirator in the alleged RICO organization they are involved through their investment in a series of companies in material dispute as to legitimacy of "reverse" "short-form mergers", without the proper notice to shareholders.

The plaintiffs self admit to being Federally regulated and thus licensed, and issues proceeding in other Districts directly relate hereto the matter at bar, in regards to various claims involving "smurfing" a type of money laundering which the Courts have recognized "reverse short-form mergers" are a sign.

In addition and specifically with the Magistrate Judge's Order in document 70, filed on 16 May 20222, prior to the lapse of time provided for the Pro Se defendant to submit Answer and other responsive pleadings including preliminary counter and cross complaints to the jurisdiction of the US Federal Court, and not specifically admitting nor voluntarily or

involuntarily submitting to the jurisdiction of the US District of Kansas Federal Court; the Court must as a matter of law decide on the substantive issues of Jurisdiction both personal and subject matter, weighing all the burdens upon the parties and the Court, as well as each of the parallel matters including those parallel criminal matters in light of the pro se defendants constitutional rights. **The Courts have continually held that in light of constitutional protections, civil cases should be Stayed in the interests of the parties, the PUBLIC and certain judicial economies.**

The Magistrate Judge's Order errors in not accounting for the parallel criminal matters and the claimed pendency of criminal charges orchestrated by Mr. Brand, claiming charges pending in Kansas, Colorado and California. The Pro Se defendant has constitutional rights which warrant protection. Allowing discovery at this early stage, when so many varying dispositive motions continue without ruling and so many appeals and presumed interlocutory appeals bifurcated to multiple types of Federal Courts, is to invite disaster and the perception of unfair judicial proceedings by the average member of the public. The rights of the parties in their inviolate right to constitutional protections in the face of criminal proceedings stemming from the same nexus of events and having both plaintiffs referenced multiple times in criminal proceedings gives rise to the need to first examine the dispositive motions prior to any conference.

Even before the time had expired for the PRO SE defendant to file "answer" and other responsive pleadings before the Court, to the underlying originating petition now amended to remove RACIAL SLUR against the person of the PRO SE defendant; the Magistrate Judge has issued an Order regarding discovery and other conferences in this civil matter, wherein the Pro

Se defendant must assert Fifth Amendment protections, and thus is unable to participate in said conference.

Not all claims and defenses are at issue, according to the plaintiffs themselves and certainly not all parties are joined, none-the-less even if all claims and defenses are at issue, still there are multiple dispositive motions including those for dismissal which continue without decision and could also be subject to reconsideration appeals and interlocutory appeals, ergo it is in the interests of the parties and the Court under judicial economy, and to save judicial resources and the various other courts and parallel matters that a rule 26f conference is not warranted at this early stage, when the case has yet to be fully determined if it should proceed at all, nor if it should proceed in Kansas at all.

The Pro Se Defendant being attacked in multiple courts and via a multitude of complaints all orchestrated by Craig Brand and his alleged conspirators, in the HERC crypto stock coin, a self created CRYPTO CURRENCY, is unable to substantially prepare for the hearing and conferences ordered by the Court, and certainly has a direct conflict with the date of the "scheduling conference" set by the Court. The pro se defendant again raises now for the District Court the issue of STAYING THE PROCEEDINGS pending resolution of all the parallel criminal matters, as the burden upon the Court is so great as to require multitude of hearings whilst the Pro Se defendant has rights under the fifth amendment and cannot be forced to violate constitutional rights while defending against the RETALIATORY actions of the plaintiff's in their SLAPP lawsuit removed from State Court here to the Federal Court, by the pro se defendant himself. The multitude of civil actions, which constitute SLAPP = Strategic Lawsuits Against Public Participation and other actions commenced through the orchestration of Craig Brand, pursuant to his road map for the destruction of other human beings through the misuse

and abuse of the American Judiciary as he well lays out in the book he himself authored, "I don't care what mom says: LIFE SUCKS", by Craig A. Brand; case in point:

"**...wham,** you are in court and **the accused must go through a long, lengthy, tiring, stressful and expensive process merely to prove his or her innocence.** In spite of what you have read about our system of justice, **we are all guilty until proven innocent**, and **we are all innocent until we run out of money**… people wind up **paying some form of legal extortion** just to get out of the drama. The **bad guys** and **their shyster lawyers know it**." id page 97

NON-availability of the Pro Se defendant during the scheduled status conference or scheduling conference created by the Magistrate Judge in order document 70.  As the pro se defendant already has intense meetings, with multiple witnesses, attorneys and consultants who have the need of extended travel in order to prepare for yet another TRIAL  and those plans including final trial preparation between 25 July and 15 August 2022, and **as the Court can confirm there is a trial set for 16 August 2022, in Bartlesville Oklahoma, before Judge: VACLAW, RUSSELL C. Oklahoma Case 2021-00156**; that trial has as it's "plaintiffs", Anthem and Cynthia Blanchard, who are officers and board members of every one of the companies integrally involved here, Anthem Vault, Anthem Gold, AG Herc, Herc Crypto Currency Stock Coin, Anthem Bunker, Anthem Holdings Company, Hera Software Development Inc., and dozens of other companies.  Chad Koehn publicly discloses conflicts between himself and co-plaintiff United Capital Management of Kansas Inc. with that of Anthem Holdings Company.  It is Hera Software Development Inc. which Chad Koehn and co-plaintiff publicly and through their own hand issue a multitude of public advertisements and press releases claiming to have led financing for Hera Software Development Inc. which publicly claims technology of the INITIAL COIN OFFERING, CRYPTOCURRENCY "stock" COIN, known as

HERC, and it is Craig Brand who publicly claims to be a crypto and cyber legal and policy expert for the same; as is well referenced in the docket and via the public regulatory disclosure statements and public facing advertisements already included in the docket to date.

Any would be defense of Chad Mitchell Koehn and United Capital Management of Kansas Inc. obviously include those persons involved in the parallel criminal matters, and Koehn himself suggests and swears on affidavits to pending criminal charges in Kansas (where the pro se defendant has never been) and Colorado (where Brand claims residency) and California. ERGO the Pro Se defendant is unavailable to participate nor prepare properly or materially for the conference scheduled by the Magistrate Judge scheduling said conference even before the time has expired for the Pro Se defendant to file preliminary answer and counter and cross complaint, and the various motions to dismiss the SLAPP petition filed in the County Court as means of judicial harassment and abuse, as Craig Brand well lays out in his book. Specifically the date 2 August 2022, is right in the middle of the **preparations for the trial 16 August 2022**.

Given the fact Hera Software Development Inc. will most likely be attached as one of the "Doe Corporations", since Craig Alan Brand is the "Special Counsel" for that entity, and it is that entity that publicly declares by and through Chad Koehn and United Capital Management of Kansas Inc., that **"The government of the Netherlands through Warburg Holland [Warbur Pincus and public companies] has partnered with Herasoft to create goldflorin** …" AND **"Herasoft technology validates and verifies all imports and exports of gold for the entire country."** directly implying a contract and partnership stated with the government of the Netherlands (Holland). In addition to the various issues involving the misuse of US Federal and State government resources, implication of endorsement by the armed forces of the US.

Due to the international nature of the allegedly materially false publicly facing advertisements, and materially false statements affecting global financial markets and market manipulations and statements of fact by Chad Koehn etAl. and HeraSoft, specialized subpoena is needed through the US State Department pursuant with Federal Law. Given the fact this implies and directly states a partnership which must be valid under requirements of US Law with the proper governmental approvals available directly from the US Federal Government. It appears to imply the attachment of New York based Warburg Pincus, and other public entities, dictating involvement under Dodd Frank, Sarbanes Oxley and their progeny; including False Claims Act. Even market manipulations involving materially false information which gives rise to NYSE and NASDAQ regulations and Federal Securities Laws; without limitation exchange violations, which means this case continues to grow into causing additional litigations in other US Districts, absent a removal to the US District of New York, which has preferred standing in this matter, given the International aspects and claims of Koehn etAl. To among other things be endorsed by divisions of the United Nations, located in New York City, New York, and the various crypto currencies and crypto currency hedge funds of Koehn etAl. trading in New York on the exchanges in New York and the fact United Capital Management of Kansas Inc. is regulated by the exchanges in New York, and under the Investment Advisers Act. All in all given the numerous conflicting issues and obvious number of dispositive motions which will make discovery moot and a waste of the parties time and negatively affect the judicial economy of both this Court and various other Courts, both State and Federal, it is in the interests of all including the public at large for the parties to not have a rule 26f conference nor allow discovery now.

The Pro Se defendant again Motions and raises concerns for a Stay of these proceedings as the Pro Se defendant is without the financial resources to afford representation in this civil

matter. The Pro Se defendant will separately motion for appointment of counsel given the issues involving the False Claims Act, misuse and abuse of the legal process by the plaintifs, the obvious SLAPP nature of the plaintiffs petition, the fact when the pro se defendant has been able to secure counsel in Kansas to deal with the frivolous protective order filings, the firm hired which has a civil litigation team, has within that group of attorneys the son-in-law of lead attorney Larry Michel, and the husband of another partner of Kennedy Berkley Yarnevich and Williamson thereby indicating a direct conflict. In the eyes of the public at large even the appearance of impropriety should be avoided at all costs in litigation if the faith and trust in the judicial system is to be upheld by the public at large. Given when the Pro Se Defendant has found representation in Kansas to deal with the protective orders sought by Koehn, the civil litigation attorney at the firm turns out to be Larry Michel's son in law, who had grilled the pro se defendant about information in the civil case, warranting caution for the Court as there must be Rules of Professional Conduct regarding, family members on opposite sides, especially wherein the Pro Se defendant has learned, the son in law of Larry Michel is married to Larry Michel's daughter who is also a partner at Kennedy Berkley Yarnevich and Williamson Chartered.

The Pro Se defendant must be afforded the opportunity to receive refunded retainer and retain inexpensive counsel, and be afforded FIFTH Amendment Rights, which should not be trampled upon in this SLAPP styled Civil Litigation. All stemming from the same identical nexus of events, all orchestrated by Craig Brand, who has demonstrated clearly before this Court his willingness to LIE on the affidavit he himself files to the Court. Just as Craig Alan Brand states clearly in the book he authored to the world:

> **"I [Craig Alan Brand], for instance, have championed the art of disinformation. I intentionally provide people [COURTS] with false information."** Id. page 118.

The Pro Se defendant has many hundreds of pages of discovery in the parallel criminal matters to digest and is still waiting on transcripts of sworn testimony by alleged co conspirator of CHAD KOEHN and president of Anthem Holdings Company, also listed on Koehn's affidavit for seeking a protective order, in yet other parallel criminal matters out of the same nexus of events, where the PRO SE defendant is a "significant equity interest" holder, by legal definition greater than 10% equity in all classes of stock in a variety of companies located around the United States and around the world. Wherein Chad Koehn etAl. has caused a multitude of corporations and legal entities or monikers of his person to be created in Tax EVASION jurisdictions pulling within their boundaries the intellectual property developed by the pro se defendant in the US District of Nevada. The President of Anthem Holdings Company, Anthem Vault Inc. and Hera Software Development has testified under oath that Craig Brand has filed appeals to the NEVADA Supreme Court, regarding the unemployment claims of the Pro Se Defendant here, who is defending parallel matters in a host of jurisdictions all stemming from the same whistleblower complaints to SEC, CFTC and FTC in regards to allegedly illegal securities sales, unregistered and unlicensed securities sales and Market Manipulations of Crypto Currencies and crypto stock COINS in Initial Coin Offerings through false press releases.

Litigation in the US District of New York is believed forthcoming concerning Chad Mitchell Koehn and United Capital Management of Kansas Inc. and other entities associated with and affiliated to and under control of Chad Mitchell Koehn etAl. which relate directly CRYPTO CURRENCIES and Coins and the issuance of those currencies and sale in New York and the facilitation of illegal market manipulations and trading of those currencies in contravention to US Law, the subject of some of the whistleblower filings by the pro se defendant and others. Koehn etal. has numerous companies located in New York, which

allegedly trade illegally on the US Federal Resources of the US government, foreign nations and various State governments.

The Order of the Magistrate Judge states: "By July 26, 2022, plaintiffs must submit the completed report of the parties' planning conference to the chambers of the undersigned magistrate judge, along with copies of the parties' Rule 26(a) initial disclosures." By mandating this date, due to the parallel criminal matters in a variety of States and the multitude of other cases orchestrated by Craig Brand against the Pro Se defendant, it is impossible for the Pro Se defendant to be able to meet the deadlines established as there simply is not enough time in the days to provide for a defense to the plethora of SLAPP cases and parallel criminal matters stacked against the pro se defendant.

The Magistrate Judge's order ERROR in stating only the "Plaintiffs must submit the completed report"; the PRO SE defendant has no protection within the order from the Plaintiffs unilaterally submitting documents to the Court and not providing the same to the Pro Se Defendant, as has been their willful actions as the docket so reflects. The Pro Se defendant MUST as a matter of right and law must be noticed and so ordered to have a copy of everything the Plaintiff's plan to submit as the plaintiff's continue to refuse to respond to all communications and have even as evidenced been having ex parte communications with the Federal Magistrate and/or the Chambers of the Federal Magistrate, as complained of by the Pro Se defendant.

The order of the Court must mandate that the defendant receive a copy of any final report and that the Plaintiff's deal in good faith with the Pro Se Defendant, absent orders of the Court as seen in the docket the Plaintiffs will continue to materially violate the rights of the Pro Se defendant in this matter, as they have done to date and continue to do so in other cases. The Pro

Se defendant has a right to receive a copy of the report and a right to receive copies of any materials or other notices the plaintiffs provide to the Court. The PRO SE defendant should have advanced copies of all materials presented to the Federal Magistrate in any hearing in the matter and should have the right to an advanced copy at minimum at the same time one is presented to the Court, as the rules dictate that when the time is ripe for discovery the Pro Se defendant, should at a minimum be granted the opportunity to materially participate in discovery. Whereas now the Pro Se defendant is barred from participation in discovery due to the parallel criminal matters and their pendency in addition to the fact protective orders prevent any discovery of Chad Koehn or United Capital Management of Kansas Inc. and against other parties with discoverable information while parallel criminal matters continue.

Wherefore even this very Court in the US District of Kansas has recently stated in an eerily similar case, that "The court is not persuaded that setting a Scheduling Conference here is practicable. Where, as in this case, the operative complaint is challenged by a motion to dismiss, <u>delaying discovery until the claims and defenses in the case are better defined,</u> **reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources**. The court shall wait until the pending motion to dismiss is decided before setting a Scheduling Conference." *See, PIPELINE PRODUCTIONS, INC., and BACKWOOD ENTERPRISES, LLC, vs. THE MADISON COMPANIES, LLC, and HORSEPOWER ENTERTAINMENT, LLC 5:15-cv-04890-KHV*

"The moratorium on commencing formal discovery imposed by Rule 26(d) may be removed by court order. The burden is on plaintiffs to show a need for pre-Rule 26(f)

Discovery." Id. One prominent commentator has opined that "it is implicit that some showing of good cause should be made to justify such an order." *8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2046.1 (3d ed. 2010).*

"A stay of discovery pending the determination of the plethora of dispositive motions to dismiss prevents the wasting of time and effort by the parties, and makes for the most efficient use of judicial resources." id. Especially wherein here the underlying state petition appears based on the facts and even in light most favorable to the plaintiffs to infer a SLAPP = Strategic Lawsuit Against Public Participation, especially wherein the proof in the positive exists indicating issues of National PUBLIC concern in the misuse and illegal use of US Federal Resources by the plaintiffs themselves.

The Court does have discretion to stay discovery "for good cause shown." *FED. R. CIV. P. 26(c)(1); accord Landry v. Air Line Pilots Ass'n Int'l AFL-CIO, 901 F.2d 404, 436 (5th Cir. 1990).* Especially true here where there exists issues of Fifth Amendment privilege given the currently proceeding parallel criminal matters and the new threatened criminal pendency of charges in Kansas, Colorado and California; all stemming from the same nexus of events and actions which the plaintiffs purport to unlawfully complain in their SLAPP styled state court petition. The pro se defendant cannot be forced to participate in disclosures or discovery being mandated to choose between criminal defense, protective order defenses and this civil SLAPP lawsuit defense, as the plaintiffs conspire to overwhelm the Court and various other courts in their SLAPP styled legal assaults, aimed at any perceived dissenting significant equity interest shareholders in a host of corporations.

Wherefore the Pro Se defendant requests the following of the Court:

1. STAY of the Action pending completion of all parallel Criminal Matters

2. Resetting of time in the Order 70 regarding 26f conference and scheduling conference scheduled in the middle of final trial preparations in a parallel case

3. Stay of all discovery pending the resolution of the plethora of dispositive motions to dismiss, which may require per Local Rules separate hearings.

4. For an opportunity to submit formal motion to stay

5. For an opportunity to submit a formal motion for appointment of counsel for issues which involve my constitutional rights in light of parallel criminal proceedings.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 30th day of May 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

## Certificate of Service:

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;  filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn.   IN NO way shape or form is the defendant suggesting nor inferring that any filing, pleading or notice be provided, shown or communicated in any way to the person of Chad Mitchell Koehn.

Respectfully Submitted, this 30th day of May 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com