KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| **Plaintiffs** ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| **Defendant** ) | |
| ) | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DOCKET NO. 81, DEFENDANT'S OBJECTION APPEALING THE MAGISTRATE JUDGE'S MAY 16, 2022, INITIAL ORDER REGARDING PLANNING AND SCHEDULING (DOC. NO. 70)

Plaintiffs, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herewith respond in opposition to Defendant Michael Nelson's ("Mr. Nelson") objection (D.[1] 81, filed May 30, 2022) appealing the Magistrate Judge's May 16, 2022, Initial Order Regarding Planning and Scheduling (D. 70) and say:

Mr. Nelson continues to blatantly violate the Magistrate Judge's previous warning to the parties not to engage in personal attacks.

*See* D. 81 at *2:

> **CRAIG ALAN BRAND presents himself at bar through A DIFFERENT LAW FIRM then he Stated to the Court in Affidavit which he Practices.** This together with his purposeful misleading of the Court, Chambers and the pro se defendant in the origin of emails he uses in the case, in order to materially confuse and unduly influence the proceedings. Brand demonstrated yet again more UNTRUTHFULNESS in statements to others, violating the Rules, making

---
[1] "D." is used as an abbreviation for "Clerk's Docket Entry Number."

*Chad M. Koehn, et al vs. Michael Nelson*
*Plaintiff's Memorandum in Opposition to Docket No. 81*
Case No.  22-CV-04008-JWB-GEB
Page 2

document 24-1 even more untruthful and certainly riddled with PERJURY. Brand continues with unethical legal shenanigans at bar including those complained of in Documents 52 and 57, where Brand attempted fraud upon the Court and the Pro Se defendant.

D. 81 at *6:

The Magistrate Judge's Order errors in not accounting for the parallel criminal matters and the claimed criminal charges orchestrated by Mr. Brand, claiming charges pending in Kansas, Colorado and California.

D. 81 at *7:

The Pro Se Defendant being attacked in multiple courts and via a multitude of complaints all orchestrated by Craig Brand and his alleged conspirators[.]

D, 81 at ** 7-8:

The multitude of civil actions, which constitute SLAPP = Strategic Lawsuits Against Public Participation and other actions commenced through the orchestration of Craig Brand, pursuant to his road map for the destruction of other human beings through the misuse and abuse of the American Judiciary as he well lays out in the book he himself authored, "I don't care what mom says: LIFE SUCKS", by Craig A. Brand; case in point:
"**...wham,** you are in court and **the accused must go through a long, lengthy, tiring, stressful and expensive process merely to prove his or her innocence.** In spite of what you have read about our system of justice, **we are all guilty until proven innocent**, and **we are all innocent until we run out of money**… people wind up **paying some form of legal extortion** just to get out of the drama. The **bad guys** and **their shyster lawyers know it**."

D. 81 at **8-9:

Chad Koehn publicly discloses conflicts between himself and co-plaintiff United Capital Management of Kansas Inc. with that of Anthem Holdings Company. It is Hera Software Development Inc. which Chad Koehn and co-plaintiff publicly and through their own hand issue a multitude of public advertisements and press releases claiming to have led financing for Hera Software Development Inc. which publicly claims technology of the INITIAL COIN OFFERING, CRYPTOCURRENCY "stock" COIN, known as HERC, and it is Craig Brand who publicly claims to be a crypto and cyber legal and policy expert for the same; as is well referenced in the docket and via the public regulatory disclosure statements and public facing advertisements already included in the docket to date.

D.81 at *11:

Just as Craig Alan Brand states clearly in the book he authored to the world:

*Chad M. Koehn, et al vs. Michael Nelson*
*Plaintiff's Memorandum in Opposition to Docket No. 81*
Case No. 22-CV-04008-JWB-GEB
Page 3

> **"I [Craig Alan Brand], for instance, have championed the art of disinformation. I intentionally provide people [COURTS] with false information."** Id. page 118.

D. 81 at 12;

Wherein Chad Koehn etAl. has caused a multitude of corporations and legal entities or monikers of his person to be created in Tax EVASION jurisdictions pulling within their boundaries the intellectual property developed by the pro se defendant in the US District of Nevada.

As previously argued in objecting to D. 63, Mr. Nelson's objection/appeal argues that the failure to grant a stay of these proceedings violates Mr. Nelson's Fifth Amendment Rights

## STANDARD OF REVIEW

Fed. R. Civ. P. 72(a) allows a party to provide specific, written objections to non-dispositive order. The court does not conduct a de novo review, but applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law."

*Brandon Steven Motors, LLC v. Landmark American Ins. Co.*, No. 19-CV-02659, 2020 WL 5889434, at *2 (D. Kan Oct. 5, 2020)(citing Fed. R. Civ. P. 72(a); *see Burton v. RJ Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

> The court must affirm the magistrate judge's order unless the entire evidence leaves it " 'with the definite and firm conviction that a mistake has been committed.' "[6] A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."

*Brandon Steven Motors, LLC v. Landmark American Ins. Co.*, No. 19-CV-02659, 2020 WL 5889434, at *2 (D. Kan Oct. 5, 2020)(quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)).

## ARGUMENT

Mr. Nelson claims:

By mandating [July 26, 2022 as the date for submission of the completed report of the parties' planning conference to the chambers of the undersigned magistrate judge, along with copies of the parties' Rule 26(a) initial disclosures] due to the parallel criminal matters in a variety of States and the multitude of other cases

*Chad M. Koehn, et al vs. Michael Nelson*
*Plaintiff's Memorandum in Opposition to Docket No. 81*
Case No. 22-CV-04008-JWB-GEB
Page 4

>orchestrated by Craig Brand against the Pro Se defendant, it is impossible for the Pro Se defendant to be able to meet the deadlines established as there simply is not enough time in the days to provide for a defense to the plethora of SLAPP cases and parallel criminal matters stacked against the pro se defendant.

D. 81 at 13. Perhaps there is not enough time in Mr. Nelson's day because he continues to bombard the Court and opposing counsel with voluminous, extraneous, unsupported accusations and contentions. *See* D. 5 (28 pages); D. 8 (22 pages); D. 12 (17 pages); D. 13 (11 pages); D. 16 (25 pages); D. 23 (24 pages); D. 34 (14 pages); D. 41 (30 pages) and 41-1 (Exhibit): D. 42 (17 pages); D. 50 (18 pages); D. 51 (19 pages) & D. 51-1 through 51-6 (Exhibits); D. 52 (33 pages) & D. 52-1 through 52-17 (Exhibits); D. 56 (8 pages); D. 57 (21 pages) & D. 57-1 and 57-2 (Exhibits); D. 58 (28 pages) & 58-1 through 58-8 (Exhibits); D. 59 (31 pages); D. 60 (31 pages); D. 61 (32 pages); D. 68 (23 pages); D. 77 (21 pages); and D. 81 (17 pages). The forgoing docket references exclude the pleadings and the pending motions to dismiss.

While Federal Rules of Civil Procedure 1 states in applicable part, "[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action," this matter has proceeded neither speedy (As of D. 81, Mr. Nelson has filed twenty (20) motions, objections and/or appeals), nor inexpensive requiring Plaintiffs' counsel to review, research and respond to Mr. Nelson's filings.

Indeed, Mr. Nelson's current objection/appeal attempts to draw the Court to his version of "facts" which are outside the scope of the pleadings in this case; i.e., referring to "pending" criminal cases, purported securities violations and quoting from a book written by Craig Alan Brand. Nowhere in this proceeding has the Court prevented Mr. Nelson from asserting his Fifth Amendment rights. Mr. Nelson's commentary is not truthful nor are his slanted and jaded statements proper quotes or statements in context. Mr. Nelson continues to prove why this case at issue is proper, meritorious and just.

*Chad M. Koehn, et al vs. Michael Nelson*
*Plaintiff's Memorandum in Opposition to Docket No. 81*
Case No. 22-CV-04008-JWB-GEB
*Page 5*

The Court should disregard those points as wholly irrelevant to the pending action and an unnecessary waste of judicial resources. As to substantive issues raised in Mr. Nelson's objection, Mr. Nelson provides no evidentiary support upon which the Court is able to conclude with a definite and firm conviction that this matter should be stayed.

WHEREFORE, Chad M. Koehn and United Capital Management of Kansas, Inc. respectfully pray that this Court will deny Docket No. 81, Defendant Michael Nelson's objection appealing Docket No. 70, the Magistrate Judge's Initial Order Regarding Planning and Scheduling.

Dated May 31, 2022.

/s/ Larry G. Michel     #14067
KENNEDY BERKLEY
119 W. Iron Ave. - 7th Floor
PO Box 2567
Salina, KS 67402-2567
T:   (785) 825-4674
F:   (785) 825-5936
E:   lmichecl@kenberk.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 31, 2022, the foregoing *Plaintiff's Memorandum in Opposition to Docket No. 81, Defendant's Objection Appealing the Magistrate Judge's May 16, 2022, Initial Order Regarding Planning and Scheduling (Doc. No. 70)* was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 67, the undersigned emailed a true copy to Michael Nelson, oklahomaremote@gmail.com

/s/ Larry G. Michel