# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN** <br><br> Plaintiffs, <br><br> v. <br><br> Michael Nelson <br><br> Defendant ;    PRO-Se. | <mark>**DOCKET NO.:     5:22-CV-04008-JWB-GEB**</mark> <br> **CIVIL ACTION** <br><br> **Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81** <br><br> **[Jury Trial Demanded]** |

Defendant, makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of filing **Sur-Reply [Response Memo] to Document 82 objection to Defendants Rule 72 Appeal in Document 81**, defendant so herein now alleges and states:

Plaintiff's Opposition to pro se Defendant's Objections is woefully incorrect, inaccurate and incomplete as to the Objections to the Order in Document 70. Plaintiff's once again purposefully maliciously violate the Rules of Professional Conduct, Local Rules of the Court and the Federal Rules of Civil Procedure in their Opposition filing. The pro se defendant has NOT violated any of the standing orders of the Court, and the inference otherwise is against the interests of substantial justice and not in conformity with the docket of the matter. The objections stated are well grounded in law, Constitutional Questions, and substantial case precedents as outlined herein below:

[I]f discovery moves forward, [the] defendant will be faced with the difficult choice between asserting [his] right against self-incrimination, **thereby inviting prejudice in the civil case**" citing *Javier H. v. Garcia-Botello FRD 72 (WDNY 2003)* The pro se defendant is without access to critical files until the conclusion of criminal proceedings.

==================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

- 1

When faced with the issue of either allowing a civil action to proceed or protecting the Fifth Amendment rights of individual defendants against self incrimination, **the majority of courts have consistently chosen the latter.**

**The FACT asserted is a fact of truth within the transcript of the hearing before the court wherein even the Magistrate Judge was confused as was and still is the pro se defendant and counter-plaintiff as to what and who "MYSTIC LAW is" as enumerated by the Federal Magistrate in the opening of the hearing.** MYSTIC LAW, apparently another law firm of Craig A. Brand appeared at bar without a notice of appearance, this is NOT a personal attack, but rather a concern and deep concern to the Court as well since law firms are now making appearances at hearings without any prior notice of appearance to the Court. The statement by Larry Michel in the memorandum of opposition to the appeal under rule 72, is not in conformity with the record of the cause nor the improper appearance of Brand. It is also well formed within the docket that documents 52 and 57 references the illegal and fraudulent misleading email from Hera Software Development Inc. aka Herasoft originating from the TLD [www.herasoft.com](www.herasoft.com) from Brand at the email [craig.brand@herasoft.com](craig.brand@herasoft.com) which should be of concern as it is HeraSoft at the heart of the directly parallel hereto criminal matters, regarding the rights of the "significant equity interest" holder the pro se defendant and counter-plaintiff to contact Hera Software Development Inc. which has competing and conflicting interests with Hercules the CRYPTOCURRENCY stock COIN issued under the ICO ticker HERC, and the fact Chad M. Koehn serves as non-disclosed to regulatory authorities director an board member of Hera Software Development Inc. aka HeraSoft which directly claims the HERC crypto currency

==================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**
- 2

stock COIN issued under separate INVESTOR memorandum is now some how "proprietary protocol" of Hera Software Development Inc. which Chad Koehn also serves as a director and fiduciary board member whilst simultaneously serving as such for Anthem Holdings Company formed from supposed merger subs via Triangular reverse short-form mergers without shareholder notice nor approval.

The Plaintiff's have and continue to engage in disruptive practices BOTH at Bar and extra judicial. It is the RIGHT of a party to seek ruling upon Motions and Objections filed. To date there has been no ruling on Documents 52 and 57, which clearly demonstrate where counsel attempted to mislead the pro se defendant, the Federal Magistrate and the Chambers of the Federal Magistrate. The purposeful misleading, fraudulent email from Craig Brand, replying from a different email address, specifically [craig.brand@herasoft.com](mailto:craig.brand@herasoft.com) as well articulated in the documents 52 and 57, demonstrates clearly the connections to the current parallel criminal matters; thus REQUIRING invocation of FIFTH AMENDMENT RIGHTS.

Plaintiff's do not take into account the numerous parallel matters they have orchestrated, by and through their co conspirators, Plaintiff Chad M. Koehn is a member of the board of directors of Hera Software Development Inc., the very company which is at the heart of the parallel matters, AND is the very company email address used by Craig Brand to purposefully mislead the pro se defendant and the Chambers of the presiding jurist, the email behavior of Brand, was and is purposeful and in violation of another courts order. The appeal gives directrise to CONSTITUTIONAL QUESTIONS, as the plaintiff's purposefully laid in wait nearly a year

========================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

- 3

as the docket so indicates, without ANY attempt WHATSOEVER to effect service of the state petition. Now that Plaintiff's have conspired with their partners through Craig Brand, to entrap and overwhelm the pro se defendant in a multitude of litigations simultaneously in SLAPP litigation fashion, and parallel criminal matters, to gain an unfair advantage in this and other civil litigation, demonstrates the clear abuse to the Judicial processes, as Brand often outlines his strategy to abuse the legal process to commit as he states**: "legal extortion"**. The plaintiffs insist the pro se **defendant has "NO RIGHTS".** This is against substantial justice, it creates manifest injustice and against the principles of litigation, as the plaintiffs continue to violate both the Local Rules and FRCP whilst certainly violating the Rules of Professional Conduct as supposed officers of the Court. The plaintiffs have admitted to and even entered into their own pleadings information relating to the PARALLEL CRIMINAL MATTERS. Wherein Larry Michel filed document 21, wherein he states a partial truth:

> "Defendant was served with the Petition in the state court action in the Essex County, New Jersey Jail (See Return of Service, Document 7), after being arrested in a similar third-party matter. He was extradited from New Jersey to Oklahoma on or about January 10, 2022, and has been charged in Washington County, Oklahoma Case No. CF-2021-00304 with two counts of computer fraud, using a computer in violation of an Oklahoma Statute and stalking"

The detention was **not** a "similar third-party matter", the detention was and the criminal proceedings are directly related hereto, as the plaintiffs are directly referenced and involved in the parallel matters. The plaintiff Chad M. Koehn sits on the board of directors of both Anthem Holdings Company and Hera Software Development Inc. both of which are integrally involved in the parallel matters along with UCM as referenced in probable cause hearings. The matters parallel hereto are NOT pending but they are currently proceeding matters, unless now new

information from Larry Michel is there are yet other pending matters, warranting even more importance as to a STAY in this civil matter in the interests of the Courts not to DUPLICATE efforts and in the interests of the parties and the Courts to Conserve judicial resources and certainly in the INTERESTS of the PUBLIC at large which have a concern in both matters, and where the public's interest in fair outcome of criminal proceedings directly parallel hereto should take a precedence over a civil litigation which the judicial resources here could be conserved in the interests of judicial economy.

The pro se defendant, was employed in NEVADA, and rightfully filed for unemployment in NEVADA. The plaintiffs and the purported victims claiming to have a protective order where none existed are IPSO FACTO the pro se defendants former employers and currently are in seeming control of substantial intellectual property and companies towhich as admitted by plaintiff's the pro se defendant is a "Significant Equity Interest" holder. In their joint efforts to wrestle "significant equity interest" from the pro se defendant, they have fought throughout the COVID19 global deadly pandemic, to deny the rightful and justified filing of unemployment by the pro se defendant, who like many saw income disappear, and needed assistance in surviving the COVID19 pandemic. **The pro se defendant has WON each and every appeal and case in NEVADA.**

 This SLAPP petition filed here should be STAYED **in favor of not duplicating the discovery efforts underway in the directly parallel criminal matters.**


The plaintiff's now claim through their president of having Craig Brand purported non-licensed NEVADA attorney continue Appeals in NEVADA, presumably now only to the

====================================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

NEVADA SUPREME COURT.  As the last appeal which was also found in favor of the pro se defendant here via ruling by a THREE JUSTICE PANEL, provides that the purported newest appeal testified to under oath in the parallel criminal matter in Oklahoma, a state where the company neither existed, nor the pro se defendant here had ever traveled or had otherwise contact, as the original corporation Anthem Vault Inc. was and is located in NEVADA.   It is the plaintiff's who have removed intellectual property and systematically terminated NEVADA employees, through made up lies and claiming "at-will" employment in order to "smurf" the origins of intellectual property designed and built for Anthem Vault Inc. in NEVADA.   The plaintiff's have then as the record indicates laid in wait nearly a year, waiting for appeal after appeal in NEVADA, to continue to be found in favor of the pro se defendant here, before the plaintiff's attempted any service of the frivolous incongruous SLAPP styled state petition, which was replete with racial slur, causing much of the prior filed motions to which Larry Michel complains in his reply Opposition document, to what this sur-reply response references.

IF NOT for the racial slur in the underlying State Petition this matter would not have the number of filings it has necessitated to date.  IF NOT for the FACT as the record blatantly demonstrates the plaintiff's had approached the matter with any semblance of fairness and adherence to the Federal Rules of Civil Procedure, Local Rules of the Court and the Rules of Professional Conduct, and adherence to the Pillars of Professionalism, stated to be coveted by this Court, by the presiding jurist the matter would not have necessitated the motions and objections which have been required to have the bar licensed attorneys follow the basic tenants of the rule of law, procedures and ETHICS.  Not surprisingly the opposing counsel have abused their power and positions time and time again, including by not sending copies of what they

**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

themselves file in the matter to the opposing party the indigent pro se defendant who continues in good faith defense of this SLAPP litigation.

The pro se non-legally educated defendant, without any contacts, nor connections to the forum of Kansas, having never stepped foot in Kansas, and without the ability to identify and retain competent legal counsel, while fending off a multitude of orchestrated simultaneous litigations and legal entanglements, had the necessity to file Motions, imploring the bar licensed attorneys to follow the Rules, in example: the plaintiff's have failed to follow FRCP Rule 7, and are still in violation thereof Rule 7. The plaintiffs purposefully have filed documents to the Court and not notified the pro se defendant of the filings they themselves have made, necessitating the Court to ORDER the plaintiff's to provide to the pro se defendant copies of the filings they themselves make to the Court. The plaintiff's have engaged in abusive extra judicial tactics to strain and stress the ability of the pro se defendant to reply to their plethora of legal shenanigans, which have and continue to violate the RIGHTS of the pro se defendant.

### INACCURATE Portrayal of the Docket Filings by Larry Michel

Larry Michel's portrayal of the filings to date are untruthful and inaccurate, as stated IF not for Mr. Michel's wanton gross negligence if the Court is to believe his version of facts, of the "ERROR" and "FAIL" of inserting a RACIAL SLUR in the SLAPP petition he himself filed and signed with Quinn Robert Kendrick, then the bulk of motions would not have been necessary. IF NOT for Mr. Michel's refusal to remove the RACIAL SLUR, then the Court would not have to have ORDERED the RACIAL SLUR removed from the SLAPP petition. IF NOT for Mr. Michel's failure to follow FRCP under Rule 7, other motions would not have been necessary to

===============================================================================

force and compel adherence with FRCP by the presumably bar licensed attorney Mr. Michel. IF NOT for the untruthful perjury riddled affidavit filed by the man who declares he has "championed the art of disinformation" and that he "intentionally provides people with false information", then other motions would not have been necessary. Mr. Michel fails to provide the Court with a complete accounting of the docket and record, giving his slanted and jaded version of facts which are neither correct nor proper in the course of the SLAPP litigation he filed to state court which the PRO SE defendant has lawfully and correctly removed hereto the Federal Courts, including the payment of the exorbitant fees to do so, whereas the plaintiffs have paid no fees to the court, therefore if anything has proceeded not inexpensively it has directly to do with the SLAPP petition filed without merit by the plaintiffs, as a form of "legal extortion" as Craig Brand often exclaims in the very book he authored in part stating "The bad guys and their shyster lawyers know it." in his description of the American judicial system and how he seeks to abuse the legal processes to destroy other people. Brand exclaims "Lady Justice is blind. Blind to Justice" and "susceptible to bias pressures", it is exactly these sorts of bias pressures which Larry Michel now asserts against the lawful appeal by the PRO SE defendant, as the current orders of the court certainly are against the interests of justice and mandate the PRO SE defendant choose between a defense to this SLAPP petition and the currently proceeding, NOT pending, as Mr. Michel incorrectly informs the Court, criminal proceedings. By allowing this proceeding of a Civil case of parallel nature to continue the Court wastes its needed judicial resources by DUPLICATING efforts already underway in a PLETHORA of other Courts. IF IN FACT it is the conservation of Judicial Resources which the Court is concerned then certainly a STAY of this matter for SIX (6) months will dramatically reduce the stresses upon the Court and the

===================================================================================

**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

- 8

parties and allow for resolution of the parallel criminal proceedings and thus eliminate the

duplication of efforts and greatly reduce the stress and burdens upon the Court with regards to

discovery and a host of needed motions and hearings and arguments should this continue.

**In direct contravention of the ORDERS of the Court Larry Michel states:**

> "Perhaps there is not enough time in Mr. Nelson's day because he continues to
> bombard the Court and opposing counsel with voluminous, extraneous, unsupported
> accusations and contentions"; *page 4 of plaintiff's opposition Document 82*

This opinion of Larry Michel, is a direct attack against the PRO SE defendants character and

personal time management, as Mr. Michel knows well he and his colleagues continue with extra

judicial harassment, so-called news media personalities, a multitude of simultaneous SLAPP

litigations, frivolous parallel criminal matters, and other legal entanglements all aimed and

directed at the indigent Pro Se defendant. The Pro Se defendant is non-legally educated, without

the decades of education, training and experience as the multitude of now nearly half dozen self

proclaimed large law firms stacked against the single and only indigent defendant, who appears

Pro Se, out of necessity, and lack of the resources, education and money to afford a proper paid

legal representation and defense and prosecution against the SLAPP style litigations and legal

harassment entanglements directed at the Pro Se defendant. IF NOT for the continual bad faith

and certain purposeful violations to everything which is just, speedy and inexpensive the

plaintiff's massive legal machine stacked against the indigent pro se defendant would have

substantially moved this matter towards resolution. It is against the interests of justice and

creates by virtue of the purposeful threats included in the Opposition Memorandum by Larry

Michel that he attempts to dissuade the pro se defendant from defending the SLAPP litigation

===============================================================================

**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

- 9

and bringing forth TRUTH and JUST legal arguments regarding the harassment and threats the Pro Se defendant has had to endure to date.   The Opposition Memorandum fails to take into account the reasons for the motions which have been necessitated to be filed:

1. The plaintiffs included a Hate SLUR, aimed at the pro se defendant in the petition filed

2. The plaintiffs REFUSED to recognize the removal action to Federal Court

3. The plaintiffs REFUSED to provide copies of what they filed to the Court to the opposing party, the Pro Se Defendant

4. The plaintiffs REFUSED to follow FRCP, having filed more than 4 separate motions and requests to the Court over a nearly 3 week period prior to adhering to FRCP Rule 7, which requires a disclosure filing BEFORE any other filing is made.

5. The plaintiffs made repetitive, woefully incomplete Motions to Strike, ALL DENIED

6. The plaintiff's sponsored attorney has played legal shenanigans and purposefully MISLED and DEFRAUDED the Chambers and the pro se Defendant in attempting to get the Pro Se Defendant to violate another courts order, through Craig Brand's purposeful response email from HeraSoft.com a Corporate website for one of dozens of companies that plaintiff Chad M. Koehn is directly aligned and even is a Director.

7. Plaintiff's have ANTAGONIZED both the Court and the pro se defendant with continual shenanigans both at bar and extra judicial; requiring the pro se defendant to BEG the Court for Orders, for example Ordering the plaintiffs to send to the pro se defendant Copies of what they send to the Court, to cease with ex parte communication to the Judges and Chambers, to follow the FRCP and Local Rules from the basics of FRCP Rule 7, to the basics of FRCP Rule 5, to the basics of rule 15, and the basic human

decency not to mislead the Court and Pro Se defendant, as Craig Brand did as documents 52 and 57 well outline providing irrefutable proof positive.

8. Plaintiff's untruthful, slanted and jaded personal attacks in the pleadings.

Larry Michel's re-hashing and attempts to draw a correlation between the motions necessitated to be filed and their length, by a non-legally educated, indigent Pro Se party the pro se defendant flies in the face of everything which is JUST and proper in litigation.

The legal tactics employed by the plaintiff's many different attorneys assembled to bully the pro se defendant into relinquishing significant equity interests and walk away from CONSTITUTIONAL RIGHTS, demonstrates clearly the merits of the pro se defendant's right to complain, appeal and attempt as best as possible to have the rules and substantial justice applied in this situation which demonstrably is against all basic and fundamental rights of litigants. The burdens placed upon the pro se defendant in this matter are unprecedented in the level of purposeful violations to the rules and fundamental fairness in the American Judicial system.

The fact remains at the last hearing, a status conference of this matter, **BOTH the pro se defendant and as evidenced on the record even the Federal Magistrate** were so **confused**, that the Federal Magistrate had to directly ask who "MYSTIC LAW is". Craig Brand once again demonstrated his **deception before the Court**, by appearing not under the firm he submitted in his affidavit 24-1, but appearing at the zoom conference under the titling of a different purported law firm, one of the many, many different law firms Craig Brand claims to be the "Senior Partner of" and claims are the "Nations Largest Drug Firms", the "Nations largest Healthcare firm" etc., the last hearing Craig Brand appeared before the Court under the law firm "MYSTIC LAW", a firm related to his DOPE representation line of business. Therefore it is not

only correct but proper for the pro se defendant to both <u>complain</u> and <u>alert</u> the Court as to the continuation of <u>purposeful misleading of the pro se defendant and the Court by Craig Brand</u>, who continues in extra judicial harassment of the pro se defendant in what Craig Brand has a long and storied history of abuse of the judicial system.

Likewise correct and proper for the pro se defendant to draw to the Court's attention the fact, not only has Brand's conduct at bar demonstrated clearly again and again judicial abuse, purposeful misleading of the pro se defendant and the Court, but Craig Brand exclaims to the world that he has "I [Craig Alan Brand], for instance, have <u>championed the art of disinformation.</u> <u>**I intentionally provide…. false information."**</u> Id. page 118.   The quoting from a Book authored by the contested Pro Hac Vice counsel Craig Alan Brand, is not only correct and proper but JUST in accordance with the law, as Crag Brand's beliefs as a purported Officer of the Court, and his disdain for the rule of law should be of grave concern to the Court, the American Judiciary and the American People as a whole, therefore the Public at Large.   When a purported bar licensed attorney from another State comes to a Court pro hac vice, through a sponsoring law firm and brings with him constant disruption and DECEPTION at every appearance, it is JUST and proper for a party especially a Pro Se party to bring to the Court's attention the very public and global in writing statements of such a person who purports to be an Officer of the Court. The facts of Craig Brand's actions and behaviors at bar and extra judicial are negatively weighing upon the perspectives of the public at large and it is the perceptions.

The fact of the matter is IF not for Craig Brand's constant purposeful and willful "DISINFORMATION", together with legal shenanigans the parties would be able to confer and reach some sort of agreement as to the meritless cause of the plaintiffs, in their SLAPP styled

litigation tactics. IN DEED, the pro se defendant must spend an exorbitant amount of time simply attempting to secure BASIC and FUNDAMENTAL RIGHTS. whilst bringing to the attention of the Court the facts regarding Mr. Brand's orchestration of a massive legal assault in a multitude of Courts simultaneously against the pro se, now impoverished defendant who struggles to provide basic sustenance, while being required to pay defense attorneys in a host of different Courts simultaneously. Describing the litigation by any other name than a Strategic Lawsuit Against Public Participation (SLAPP) would be an understatement.

### Larry Michel's statements on behalf of the Plaintiff's are UNTRUE and Inaccurate

> "Indeed, Mr. Nelson's current objection/appeal attempts to draw the Court to his version of "facts" which are outside the scope of the pleadings in this case; i.e., referring to "pending" criminal cases, purported securities violations and quoting from a book written by Craig Alan Brand. Nowhere in this proceeding has the Court prevented Mr. Nelson from asserting his Fifth Amendment rights. Mr. Nelson's commentary is not truthful nor are his slanted and jaded statements proper quotes or statements in context. Mr. Nelson continues to prove why this case at issue is proper, meritorious and just."
> *page 4 of Document 82, Opposition Memorandum*

The Pro Se defendant has not preferred a "version of 'facts' which are outside the scope of the pleadings in this case" as suggested by Michel, IPSO FACTO, the FACTS presented are just that FACTS, which are supported by Judicial Notice, Proof in the Positive and Negative, they are irrefutable, there are no "versions" of the FACTS, the Facts are the Facts. Now apparently Mr. Michel, states in ADDITION to the FACT there are currently criminal proceedings directly parallel hereto this litigation stemming from identical events and facts, but NOW Mr. Michel states there are "pending" criminal cases. The FACT there are current criminal proceedings and NOW "pending" criminal cases, weighs heavily in favor of a STAY of

these Civil proceedings, if in fact as Mr. Michel suggests that judicial economy and conservation of judicial resources is of concern to the Courts and the parties.   A STAY of this CIVIL matter for what could be as short as Six (6) months would, allowing for resolution of the directly parallel hereto criminal proceedings, and provide the needed protections and CONSTITUTIONAL RIGHTS of the pro se defendant.  The plaintiff's who laid in wait nearly a year prior to any attempt at service of the underlying state SLAPP petition, cannot now argue urgency in "speedy" litigation, when it is the plaintiff's themselves who have delayed purposefully commencing the litigation as part of their overall SLAPP strategy.

Mr. Michel, tries to state "purported securities violations", are not in the scope of the pleadings, yet it is "securities irregularities" also known as abnormalities, which makes the basis of the SLAPP claims that Mr. Michel pleads in the underlying petition.  The Federal Courts of the United States of America are charged with upholding the Federal Securities Laws and the PROTECTION of the Public at Large in fair public financial markets.  Not only are the purported "securities violations" well within the pleadings, including with a writ applied for to the Securities and Exchange Commission, outlining via absolute proof certain "securities irregularities" perhaps even "securities violations" as Mr. Michel points out, but also the entire underlying SLAPP petition filed to state court is aimed at preventing public participation in the prevention of securities violations, and to dissuade as the pleadings indicate, in violation of Federal Law any would be then or now "WHISTLEBLOWER" from communicating to or with law enforcement and securities regulators.  Therefore the "purported securities violations" are certainly well within the purview of the pleadings and issues, in the strategically filed and lying in wait to serve process underlying SLAPP petition filed by the plaintiffs.

==================================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

- 14

Mr. Michel filed document 24, claiming to have verified the truth and accuracy of affidavit of Craig Brand in document 24-1, which as is evident he did not. The Court has none-the-less relied upon the certificate of good standing of Craig Brand to proceeding pro hac vice in this matter at present, despite his simultaneous representations and past representations all at issue to the current proceedings and invoking a tremendous number of violations to the Rules of Professional Conduct, Local Rules of the Court and Federal Rules of Civil Procedure. It is the impression of the public at large which should deeply concern this Court. Especially where any discovery or trial shall certainly be tainted on its merits in this SLAPP litigation by the plaintiffs in order to dissuade WHISTLEBLOWERS from communication with law enforcement and regulators as well as to silence the "significant equity interest" holders in questionable financial vehicles and transactions, which as alleged have caused manipulations to the global public financial markets. When an attorney not even licensed in this District publicly exclaims they have "championed the art of disinformation" and publicly exclaims in writing in books they "intentionally provide people [COURTS] with false information." these statements and others are well within not only the pleadings to date, but are irrefutable FACTS, printed in globally distributed books, on register with the Library of Congress. The FACT a purported attorney proceeding pro hac vice publicly refers to "Lady Justice is not only blind, but

> "...wham, you are in court and the **accused must go through a long, lengthy, tiring, stressful and expensive process** merely to prove his or her innocence. In spite of what you have read about our system of justice, **we are all guilty until proven innocent, and we are all innocent until we run out of money**… people wind up paying some form of legal extortion just to get out of the drama. **The bad guys** and their **shyster lawyers know it."**

========================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

- 15

## <u>ARGUMENT</u>

Plaintiff's blatantly disregard the agreement of the parties and the Court, in the resolution of the previous motions, objections and pleadings in the matter. Plaintiff's purposefully paper their Opposition with an inaccurate, unwarranted and certainly against the interests of justice re-hashing of previously dispensed with motions. The pro se non-legally educated defendant should have not have the need to waste judicial resources as the plaintiff's wish in re-hashing the previous motions, all of which were necessitated by the behavior of the plaintiffs in their inclusion of racial slur in the petition, continual failure to adhere to FRCP, example Rule 7 and Rule 5, when they continue to not notice the Court of public entity involvement and the Court had the necessity to ORDER the plaintiffs to provide copies of what they file to the Court to the person of the pro se defendant. The plaintiff's continue with ex parte communication to the judge and chambers.

If <u>CONSERVATION of Judicial resources</u> is as the plaintiffs suggest in the interests of the Court, the parties and the PUBLIC at large, then certainly as most Courts have recognized when faced with parallel criminal proceedings, **a stay of discovery in civil litigation, especially SLAPP styled civil litigation is in the interests of Conserving Judicial Resources,** and likewise in the interests of the parties "inexpensive determination of every action"; it is well within reason as the Courts have continually recognized that the parties not be subjected to redundant discovery, in criminal and civil litigation. It should be the concern with the non-legally educated pro se defendants CONSTITUTIONAL RIGHTS that the Courts seek protection. **"When faced with the issue of either allowing a civil action to proceed or**

**protecting the Fifth Amendment rights of individual defendants against self incrimination, the majority of courts have consistently chosen the latter.**

See eg. *Wehling v. Columbia Broadcasting System 608 F.2d 1084, 1089 (5th Cir. 1979)* ("[although a three year hiatus in the lawsuit is undesirable from the standpoint of **both** the court and the defendant, **permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and this lawsuit.**"); *White v. Mapco Gas Products, Inc. 116 F.R.D. 498 (D.C. Ark 1987); Dienstag v. Bronsen, 49 F.R.D. 327 (D.C.N.Y. 1970); US v. Steffes, 35 F.R.D. 24 (D.C. Mont. 1964). A-Connoisseur Transportation Corp., v. Celebrity Coach, Inc., 742 F.Supp. 39, 41-42 (D.Mass 1990)*

**The Convenience of the The Court Weighs heavily in Favor of A Stay:**

A stay will promote the efficient use of this court. This action is in the very early stages. Indeed, the plaintiff's now have chosen to file an amended complaint, in part REMOVING the Racial SLUR from their originating petition, creating a second amended complaint (petition), wherein the Plaintiff has substantially altered the originating petition, demonstrating clearly the petition is a SLAPP lawsuit meant to frustrate the Courts and the pro se defendant, forcing unrealistic discovery in the face of parallel criminal matters, wherein the Pro Se defendant has rights under the fifth amendment. **As the Jones court noted: "[s]taying the case makes efficient use of judicial resource by insuring that common issues of fact will be resolve and subsequent civil discovery will proceed unobstructed by concerns regarding self incrimination." Jones Supra at 2 (internal citations omitted).**

No persons who are not parties or to be parties will be affected by a stay. The pro se non-legally educated defendant is the ONLY defendant in this matter. There continues to be several motions to dismiss pending in this matter, pointing to the fact conducting a conference

====================================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

allowing the plaintiffs to engage in protracted broad discovery is unwarranted. Even with a scheduled jury sounding docket, in the parallel criminal proceedings, means the matter is not "pending" as purposefully misstated by Mr. Michel, unless he is claiming more criminal matters.

The Court will eliminate dozens of lengthy hearings and fifth amendment assertions by simply STAYING this Case for SIX (6) months to allow the parallel criminal proceedings to conclude. The intensive discovery there will greatly reduce the discovery in this civil matter. In the interests of Judicial Economy and to Conserve Judicial resources a stay in this civil matter in light of the parallel criminal proceedings will eliminate many motions, hearings and lengthy appeals, thus conserving judicial resources. The plaintiffs laid in wait nearly a year with no attempted service of the underlying state petition and only served the state petition when they had arranged a multitude of simultaneously legal proceedings, which are proceeding not "pending" as Larry Michel states incorrectly to the Court.

### The Interest of the PUBLIC Favors a Stay:

The interest of the public favors a stay because **"the public's interest in the integrity of the criminal case disentitled to precedence over the civil litigant."** *Jones, supra at 2; se also Javier H Garcia-Botello, supra, 218 F.R.D. at 75.*

The Courts have held in *AllMeat & Poultry*, reasoning that not only would a stay of proceedings serve **the interests of justice- it would also promote judicial economy.** The court made the following comments with regard to the balancing test when considering a stay of prosecution in the **interest of judicial economy:**

================================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

- 18 -

"In the absence of a stay, the civil and criminal case will proceed simultaneously, presenting the potential for duplication of effort.  If the civil proceedings are stayed, however, **resolution of the related criminal matter may eliminate much of the Court's work in the civil action by simplifying the issues.**  In addition, in the sense of a stay, **discovery in the civil litigation will no doubt become bogged down.**  As the owner concede, **the court will be forced to make numerous individual rulings on what will likely be a long series of Fifth Amendment assertions.**  Convenience of the court will militate in favor of a stay where the outcome of a criminal case can be **expected to remove the predicate for the assertions of the Fifth Amendment rights against self incrimination by potential deponents and lighten the workload of a court to review those assertions.**  There is also the possibility that **transcripts or other evidence could be made available from the criminal proceedings, thereby eliminating the need for certain discovery** in the civil action.  Weighing all these considerations**, we believe judicial economy would be better served by an entry of stay in the civil proceedings."** Id at 14 (internal citations omitted)

The pro se defendant cannot voluntarily choose between the civil defense, the protective order defenses and the parallel proceedings criminal defenses.

The rights of the pro se non-legally educated defendant to **invoke 5th amendment privileges must be inviolate** and not be further eroded by this, **SLAPP litigation** and legal shenanigan strategies and judicial abuses.  District courts have the inherent power and discretionary authority to stay proceedings when the **interests of justice so require**. [and in the interests of Judicial Economy and Conservation of Judicial Resources]  *United States v. Kordel 397 US 1, 90 S. Ct. 763, 25 L. Ed 2d (1970); Landis v. North American Co. 299 US 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936).*  As the interests of justice so require here.

================================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

- 19

"Courts decide to stay civil proceedings, <u>postpone civil discovery</u>." *SEC v. Dresser Indus, Inc. 628 F.2d 1368 (DC Cir 1980)*   It is well recognized that the "decision whether to stay civil proceedings <u>in the face of a parallel criminal proceeding</u> should be made  *Keating v. Office of Thrift Supervision 45 F. 3d 322, 324 (9th Cir. 1995) quoting Federal Savings and Loan Inc. Corp. v. Molinaro, 889 F 2d 899, 902 (9th Cir 1989).*

**Wherein here the PRO SE defendant must as a matter of Constitutional RIGHT exert FIFTH Amendment privilege to all and any discovery** in the matter pending.   It is the belief of the person invoking privilege that the question may materially impact one of the now many parallel criminal matters.

Judicial Economy and Conservation of Judicial Resources favors a stay as the Court will become so bogged down with necessitating rulings and subjected to interlocutory appeals and motions of reconsideration to each and every possible question or discovery technique made in this SLAPP litigation, where plaintiff's seek broad lengthy discovery.

The Fifth Amendment privilege against self incrimination may be invoked by the mere possibility of criminal prosecution; However here there are both threatened criminal prosecutions and currently proceeding criminal prosecutions, all stemming from the same nexus of events and all in direct correlation to employment matters settled in favor of the pro se defendant here in the US District of NEVADA, wherein the plaintiffs through their corporate president has testified under oath they continue through Craig Brand with appeals, presumably their 6th and final appeal to the NEVADA SUPREME COURT.  The plaintiff's incongruous and frivolous SLAPP litigation, laid in wait nearly a year to attempt any service, was removed for cause, and only served after they had LOST their appeal to the Three (3) Justice Panel in NEVADA.   The filings

of the pro se defendant would have been limited to only a motion to dismiss based on the lack of personal and subject matter jurisdiction, which has yet to be ruled upon by the Court, and which the pro se defendant has the right to collateral and interlocutory appeal regarding, especially in light of the sworn oral testimony of Anthem Vault Inc. president that Craig A. Brand continues with appeals of the underlying employment matter in NEVADA, presumably the only appeal avenue left is to the NEVADA SUPREME COURT.

The Court should appreciates any party's concern for conserving resources and efficiently litigating a case, especially wherein here the concern is brought by the non-legally educated indigent Pro Se defendant, who is being bullied here and in a plethora of substantially the same facts in other courts, therefore the DUPLICATION of procedures and facts examined are being done in multiple Courts simultaneously. Here, **the Pro Se Defendant, a single defendant has shown good cause for a stay by, for example, establishing that they would suffer "annoyance, embarrassment, oppression, or undue burden or expense" absent a stay.** FED. R. CIV. P. 26(c)(1).

The pending MotionS to Dismiss tests whether Plaintiffs have sufficiently established at the pleadings stage an exception, which they certainly have not in their SLAPP litigation wrongfully filed in Kansas, which enjoys neither subject nor personal jurisdiction over the person of the non-legally educated indigent pro se defendant in the matter. A presumption of nonliability and tests the sufficiency of Plaintiffs' statement of a claim showing that Plaintiffs are entitled to relief, without forcing Defendants to be subjected to discovery.

Holding a Rule 26(f) conference followed by immediate service of written discovery requests on Defendant and the providing of disclosures would defeat both purposes of

===================================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

- 21

Defendant's Motions to Dismiss right before the Court rules on them," and, "[i]f Plaintiffs are allowed to proceed with discovery on claims that are subject to the fully-briefed Motion to Dismiss, the practical effects would be to deem Plaintiffs' claims viable enough to be the subject of discovery and to constructively rebut the Defendants' statutory presumption of nonliability before the Court has a chance to make its determination on that very issue. IPSO FACTO the defendant Pro Se and non-legally educated is pulled in dozens of different directions in parallel matters where the Judicial Resources of this and other Courts are strained in the simultaneous review of substantially the same and identical matters as present here in this Civil litigation, the interests of the parties, the various Courts and Certainly the PUBLIC at Large in the fair, equitable and proper administration of justice in the parallel and substantially exactly identical matters must afford the PRO SE defendant here the right to fifth amendment rights, the Plaintiffs through Larry Michel are incorrect, in the assertion that "no where in the docket" does the Court prevent exercise of fifth amendment rights, in that so much as the order to conduct a Rule 26f conference in and of itself violates the rights of the non-legally educated pro se defendant, thereby directly and causing both a collateral order doctrine issue(s) and directly tainting the case on the non-existent merits of the SLAPP litigation pursued by the plaintiffs whilst simultaneously pursuing the exact same facts in other courts thereby certainly violating the Pro Se Defendants fifth amendment rights and causing needless waste of judicial resources.

The relevancy of the SECURITIES VIOLATIONS as complained in the Cross and Counter Complaints is well within the docket and well within the purview of the Court and those parallel criminal proceedings on both sides. The fact that Craig Brand is appearing in representation of conflicting interests both here at bar and in parallel matters, directly

===============================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

- 22

representing multiple conflicting parties both natural persons with direct conflicts to each other and corporations which all have conflicts with each other, as well as his conflicting representations, although through a host of different self created monikers and law firms gives rise to the merits of each action being tainted and compromised in said conflicts of interest and materials so available if not for the single pro se non-legally educated indigent defendant here then the Court should also be concerned with the more than 14,500 similarly situated investors in the series of CRYPTO CURRENCY ICO (Initial Coin Offerings), and investment schemes, as to taint the merits of this matter and to allow the plaintiffs to proceed with their SLAPP litigation absent the rulings justified on the pro se defendants Motions to Dismiss, is allowing the Plaintiffs to abuse the legal proceedings so dissuading any now existing or having existed or future existing WHISTLEBLOWER from communicating protected information to law enforcement, and regulatory authorities protecting the interests of the public financial markets.

It is the obvious and intention of the plaintiffs to use the SLAPP petition as filed in the intended format as they have been allowed to do since the removal of the action to dissuade and intimidate lawful communications to law enforcement and regulatory authorities to the detriment of the public at large and the devastation of manipulations to the public financial markets.   It is in the interests of law enforcement, regulatory authorities, the pro se defendant, certainly the conservation of judicial resources and for judicial economy for the Court here to STAY this matter at least pending the disposition of the dispositive motions to dismiss and thereafter for at least SIX (6) months while the parallel criminal proceedings are allowed to conclude, thereby eliminating a long and tiring number of mandated hearings and many HUNDREDS of motions and objections to discovery asserting fifth amendment privileges by BOTH the pro se defendant

and numerous witnesses in this cause if the motions to dismiss do not already substantially move the matter to resolution and thus termination.

Wherefore the Pro Se non-legally educated nor experienced defendant, again asks and thus prays that this Court will observe and thus preserve the pro se defendant's CONSTITUTIONAL RIGHTS, in the interests of substantial justice, the prevention of manifest injustice and in light Conservation of Judicial Resources, as part of judicial economy, in the prevention of duplication of efforts in multiple Courts, and in light of parallel criminal matters, this Court will Conserve tremendous judicial resources and aide in Judicial Economy of all the parallel matters by granting a Stay in this matter for six (6) months:

1. To Stay all Discovery in the current matter until resolution of the criminal matters

2. To reset the currently scheduled rule 26f conference deadlines

3. To reset the 2 August 2022 scheduling conference for a time after 23 August 2022

4. To make the next conference of the parties a Status conference given the underlying parallel criminal charges and in light of reduction in duplication of efforts in favor of the parties, the Court and the Public, exercising just and proper Orders for both Judicial Economy and Conservation of Judicial Resources

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and

====================================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

- 24

with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007);

Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 10th day of June 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn. IN NO way shape or form is the defendant suggesting nor inferring that any filing, pleading or notice be provided, shown or communicated in any way to the person of Chad Mitchell Koehn.

Respectfully Submitted, this 10th day of June 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

================================================================
**Sur-Reply to Document 82 objection to Defendants Rule 72 Appeal in Document 81**

- 26