KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:  (785) 825-4674
F:  (785) 825-5936

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| **Plaintiffs/** ) | |
| **Counter-Defendants** ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| **Defendant/** ) | |
| **Counter-Plaintiff** ) | |
| ) | |

### COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTER-PLAINTIFF'S FIRST AMENDED COUNTERCLAIMS AND CROSSCLAIMS  (D. 83)

Pursuant to Fed. R. Civ. P. 12(b)(6), 9(b) and D. Kan. Rule 7.1(a), Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith MOVE TO DISMISS Counter-Plaintiff Michael Nelson's ("Mr. Nelson") First Amended Counterclaims and Crossclaims (D. 83)("FACC"),  for failure to state a cause of action upon which relief may be granted.

"A court will dismiss a cause of action pursuant to Rule 12(b)(6) under two circumstances. First, dismissal is warranted where an issue of law precludes recovery. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Second, dismissal is likewise appropriate where the factual allegations fail to 'state a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially

Case 5:22-cv-04008-JWB-GEB   Document 85   Filed 06/13/22   Page 2 of 4

*Chad M. Koehn, et al vs. Michael Nelson*
*Counter-Defendant's MTD 1ˢᵗ Amended Counterclaim and Crossclaims*
Case No.   22-CV-04008-JWB-GEB
Page 2

plausible if its factual allegations allow a court to draw the reasonable inference that the opposing party is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although the court must accept well-pleaded factual allegations as true, this obligation does not extend to legal conclusions or to 'threadbare recitals of the elements of the cause of action.' *Id.* at 678–79, 129 S.Ct. 1937." *Johnson v. Prairie View, Inc.*, Case No. 2.19-cv-02041-HLT, 2020 WL 2025499 at *2 (D. Kan. Apr. 27, 2020).

"Rule 9(b) requires that 'in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.' Fed. R. Civ. P. 9(b). To survive a motion to dismiss, an allegation of fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F.Supp.2d 1201, 1203 (D. Kan. 2001). In other words, plaintiffs must set out the who, what, where and when of the alleged fraud. *Id*.  A complaint that completely fails to mention an element of the misrepresentation is insufficient to satisfy Rule 9(b). *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)." *Andes Capital Financing LLC v. Crossed Keys*, No. 21-cv-1270-KHV, 2022 WL 1658861, at *10 (D. Kan. May 25, 2022).

The FACC now contains 308 numbered paragraphs, instead of the 146 numbered allegations in D. 74, now alleging fifteen (15) numbered counts:

   I.        Defamation;

   II.       Tortious Interference with Prospects of Employment;

   III.      Unfair and Deceptive Trade Practices;

   IV.       Threats of Violence to Force Relinquishment of Stock;

   V.        Securities Fraud;

   VI.       Insidious Machination Dolus - Fraud in the Inducement;

Case 5:22-cv-04008-JWB-GEB   Document 85   Filed 06/13/22   Page 3 of 4

*Chad M. Koehn, et al vs. Michael Nelson*
*Counter-Defendant's MTD 1st Amended Counterclaim and Crossclaims*
Case No.  22-CV-04008-JWB-GEB
Page 3

VII.      Constructive Fraud;

VIII.     Fraud in the Inducement;

IX.      Breach of Covenant of Good Faith and Fair Dealing;

X.      Negligence;

XI.      Gross Negligence;

XII.      Negligent Misrepresentation;

XIII.     Unjust Enrichment;

XIV.     Professional Malpractice, Deceptive Trade Practices, Fraud, Misappropriation;

XV.      Breach of Contract.

The memorandum in support of this motion will demonstrate that Mr. Nelson fails to state a cause of action for the respective counts based upon lack of standing or failure to state a claim upon which relief may be granted.

WHEREFORE, Plaintiffs, Chad M. Koehn and United Capital Management of Kansas, Inc.. respectfully pray that this Court will dismiss Defendant Michael Nelson's First Amended Counterclaims and Crossclaims.

Dated June 13, 2022.

Respectfully Submitted,

/s/Larry G. Michel     #14067
KENNEDY BERKLEY
119 W. Iron Avenue, 7th Floor
PO Box 2567
Salina, KS 67402-2567
T:   (785) 825-4674
F:   (785) 825-5936
E:   lmichel@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

Case 5:22-cv-04008-JWB-GEB   Document 85   Filed 06/13/22   Page 4 of 4

*Chad M. Koehn, et al vs. Michael Nelson*
*Counter-Defendant's MTD 1st Amended Counterclaim and Crossclaims*
*Case No.  22-CV-04008-JWB-GEB*
*Page 4*

Craig A. Brand, Esq.
The Brand Law Firm, P.A.
4650 Indian Creek Road
Loveland, CO 80538
Craig@thebrandlawfirm.com
*Co-Counsel (PHV) for Plaintiffs/*
*Counter-Defendants*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 13, 2022, the foregoing *Counter-Defendant's Motion to Dismiss Counter-Plaintiff's First Amended Counterclaims and Crossclaims (D. 83)* was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 67, the undersigned emailed a true copy to Michael Nelson, oklahomaremote@gmail.com.

/s/Larry G. Michel