KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:     (785) 825-4674
F:     (785) 825-5936

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **CHAD M. KOEHN, ET AL. ,** | ) | |
| | ) | |
| **Plaintiffs/** | ) | |
| **Counter-Defendants** | ) | |
| **vs.** | ) | **Case No. 22-CV-04008-JWB-GEB** |
| | ) | |
| **MICHAEL NELSON,** | ) | |
| | ) | |
| **Defendant/** | ) | |
| **Counter-Plaintiff** | ) | |
| | ) | |

## COUNTER-DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTER-PLAINTIFF'S FIRST AMENDED COUNTERCLAIMS AND CROSSCLAIMS

Pursuant to Fed. R. Civ. P. 12(b)(6), and. Kan. Rule 7.1(a) and 7.6, Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith file their memorandum of law in support of their motion to dismiss Counter-Plaintiff Michael Nelson's ("Mr. Nelson") First Amended Counterclaims and Crossclaims (Docket No. 83)("FACC").

## NATURE OF THE MATTER BEFORE THE COURT

On May 17, 2022, Mr. Nelson filed his original Counterclaims and Crossclaims (Docket No. 74). In response, Counter-Defendants filed their Motion to Dismiss the Counterclaims and

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crossclaims*
*Case No.  22-CV-04008-JWB-GEB*
*Page 2*

Crossclaims accompanied by a Memorandum of Law in Support of the Motion. *See* Docket No's.

79 and 80.

Instead of responding to Counter-Defendants' Motion to Dismiss, Mr. Nelson elected to

file his First Amended Counterclaims and Crossclaims (Docket No. 83) on June 6, 2022.

The FAC consists of 308 numbered paragraphs.

Counter-Defendants have moved to dismiss the following fifteen (15) counts of the FAC

for failure to state a cause of action under Federal Rules of Civil Procedure 12(b)(6) and this

memorandum is filed in support of the motion:

|       |                                                                        |
| ----- | ---------------------------------------------------------------------- |
| I.    | Defamation;                                                            |
| II.   | Tortious Interference with Prospects of Employment;                    |
| III.  | Unfair and Deceptive Trade Practices;                                  |
| IV.   | Threats of Violence to Force Relinquishment of Stock;                  |
| V.    | Securities Fraud;                                                      |
| VI.   | Fraud in the Inducement;                                               |
| VII.  | Constructive Fraud;                                                    |
| VIII. | Insidious Machinations Dolus - Fraud in the Inducement;               |
| IX.   | Breach of Covenant of Good Faith and Fair Dealing;                    |
| X.    | Negligence;                                                            |
| XI.   | Gross Negligence;                                                      |
| XII.  | Negligent Misrepresentation;                                          |
| XIII. | Unjust Enrichment;                                                     |
| XIV.  | Professional Malpractice, Deceptive Trade Practices, Fraud, Misappropriation; |
| XV.   | Breach of Contract.                                                    |

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crossclaims*
*Case No.  22-CV-04008-JWB-GEB*
*Page 3*

## **LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered. Fed. R. Civ. P. 12(b)(6); *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008). To survive a motion to dismiss, a pleading must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not sufficiently state a claim. Id. at 1949 (citing *Twombly*, 550 U.S. at 555).

"Rule 9(b) requires that 'in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.' Fed. R. Civ. P. 9(b). To survive a motion to dismiss, an allegation of fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F.Supp.2d 1201, 1203 (D. Kan. 2001).. In other words, plaintiffs must set out the who, what, where and when of the alleged fraud. *Id*. A complaint that completely fails to mention an element of the misrepresentation is insufficient to satisfy Rule 9(b). *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)." *Andes Capital Financing LLC v. Crossed Keys*, No. 21-cv-1270-KHV, 2022 WL 1658861, at *10 (D. Kan. May 25, 2022).

"Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S. at 555.] (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crossclaims*
*Case No.  22-CV-04008-JWB-GEB*
*Page 4*

accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, <u>but it does not unlock the doors of discovery</u> for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. [*Twombly*, 550 U.S. at 556.] Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [*Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007).] But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).  [Emphasis added.]

"The most difficult question in interpreting *Twombly* is what the Court means by "plausibility." The Court states that the complaint must contain 'enough facts to state a claim to relief that is plausible on its face.' *Id*. at 1974.  But it reiterates the bedrock principle that a judge ruling on a motion to dismiss must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven. '[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' *Id*. at 1965 (quoting *Scheuer v. Rhodes*, 416 U..S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Thus, "plausible" cannot mean 'likely to be true.' Rather, 'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." *Id*. at 1974.  The allegations

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1st Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 5*

must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a

claim for relief. [Footnote omitted.]" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

"This requirement of plausibility serves not only to weed out claims that do not (in the

absence of additional allegations) have a reasonable prospect of success, but also to inform the

defendants of the actual grounds of the claim against them. 'Without some factual allegation in the

complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair

notice' of the nature of the claim, but also 'grounds' on which the claim rests.' *Id*. at 1965 n.3. *See*

*Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.*, 499 F.3d 663, 667 (7th Cir. 2007)

('[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not

provide the type of notice of the claim to which the defendant is entitled under Rule 8.'). The

*Twombly* Court was particularly critical of complaints that "mentioned no specific time, place, or

person involved in the alleged conspiracies." 127 S.Ct. at 1971 n.10. Given such a complaint, "a

defendant seeking to respond to plaintiffs' conclusory allegations ... would have little idea where

to begin. *Id*." *Robbins*, 519 F.3d at 1248.

## ARGUMENT

## I.   COUNTER-PLAINTIFF'S COUNT I FAILS TO STATE A CAUSE OF ACTION FOR DEFAMATION.

"'In Kansas, the tort of defamation includes both libel and slander' *Yeager v. Nat'l. Pub.*

*Radio*, No. 18-4019-SAC, 2018 WL 3633894, *4 (D. Kan. July 31, 2018) (citations omitted.) 'A

valid defamation claim requires proof of: (1) false and defamatory statements; (2) the defendant

communicated these statements to a third party; and (3) the plaintiff's reputation was injured by

the statements.' *Id.* (citing *El-Ghori v. Grimes*, 23 F.Supp.2d 1259, 1269 (D. Kan. 1998) and *In re*

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1st Amended Counterclaims and Crossclaims*
*Case No.  22-CV-04008-JWB-GEB*
*Page 6*

*Rockhill Pain Specialists, P.A.*, 55 Kan. App. 2d 161, 412 P.3d 1008, 1024 (2017))." *Peoples v. Wichita State University*, No. 18-1010-JWB, 2018 WL  5013488, *3 (D. Kan. Oct. 16, 2018).

Paragraph 6 of the FACC alleges: "Nelson is a business consulting professional, with expertise on a wide array of technology, investments, management, marketing and technology expertise."  In paragraph 146, Mr. Nelson alleges he was employed and invested in Anthem Vault, Inc., a Nevada corporation.

The following paragraphs of the FACC impose upon Mr. Nelson's counterclaim for defamation:  30 through 48, 57, 59 through 60, and 67 through 71.

As in *Peoples*, supra, Counter-Plaintiff filed his FACC pro se.

"In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) ). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in her complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171 (10th Cir. 2015) (internal citations omitted).  In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support his claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). *See Kelp v. B & B Lumber Co., Inc.*, No. 18-1103-JWB, 2018 WL 3831525, at *1 (D. Kan. Aug. 13, 2018).  Additionally, when a plaintiff is proceeding pro se, the court construes his

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1*[st] *Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 7*

pleadings liberally, although the court cannot assume the role of advocate for the pro se party. *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991)." *Id.*, 2018 WL 5013488, *2.

Counter-Plaintiff's FACC alleging defamation suffers from one of the same defects pointed out in *Peoples*; specifically, the FACC fails to identify any third-party or potential employer to whom the alleged defamatory statements were made, when they were made, whether they were oral or written, and the manner in which the specific statement was intended to damage Mr. Nelson's reputation or interfere with his obtaining specific employment.

Kansas does not differentiate between the defamation per se and defamation per quod. In *Polson v. Davis*, 895 F.2d 707, 708 (10th Cir. 1990). The Tenth Circuit held:

> It is true that Kansas once followed the common law in dividing defamation into two types: defamation per se and defamation per quod. *Gobin v. Globe Publishing Co.*, 232 Kan. 1, 649 P.2d 1239, 1242 (1982). Defamation per se, which included, *inter alia,* statements that impugned the defamee's competence in her trade or profession, did not require proof of actual damages for a finding of liability. Instead, damage was presumed from the nature of the statement. [*Polson v. Davis*, 635 F.Supp. 1130, 1147 (D. Kan. 1986). On the other hand, defamation per quod required proof of actual damages for a finding of liability. The parties do not dispute, as a matter of law, that the statements at issue here fall into the traditional defamation per se category. So the issue that remains is whether Kansas still recognizes defamation per se as a separate type of defamation.

> Plaintiff has failed to persuade us that the district court erred in its interpretation of Kansas law. In *Gobin,* the Kansas Supreme Court abolished the distinction between defamation per se and defamation per quod. Citing *Gertz v. Robert Welch Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), the court stated, "Damages recoverable for defamation may no longer be presumed; they must be established by proof, no matter what the character of the libel." *Gobin*, 649 P.2d at 1242.

§ 60-514, Kansas Statutes Annotated, provides a limitation period of one year for actions claiming libel and/or slander.

Counter-Plaintiff has failed to allege sufficient ultimate facts to link the alleged defamatory statements to specific dates, places, individuals resulting in damages he claims he has suffered.

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1st Amended Counterclaims and Crossclaims*
*Case No.  22-CV-04008-JWB-GEB*
*Page 8*

Therefore, Count I of the FACC alleging defamation must be dismissed for failure to state a cause

of action upon which relief may be granted

## II.   COUNTER-PLAINTIFF'S COUNT II FAILS TO STATE A CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH POTENTIAL EMPLOYMENT.

The Kansas Supreme Court has recognized the following elements for a claim of t
ortious interference with a prospective business advantage:
  (1) the existence of a business relationship or expectancy with
      The probability of future economic benefit to the plaintiff;
  (2) knowledge of the relationship or expectancy by the defendant;
  (3) that, except for the conduct of the defendant, plaintiff was reasonably
      cetain to have continued the relationship or realized the expectancy;
  (4) intentional misconduct by defendant; and
  (5) damages suffered by plaintiff as a direct or proximate result of
      defendant's misconduct.
*See Noller v. GMC Truck and Coach Div., Gen. Motors Corp.*, 244 Kan. 612, 619-
20, 772 P.2d 271, 276 (1989) (internal quotation omitted). The supreme court has
also applied the statement of this tort from Section 766B of the Restatement, *see
id.,* which provides as follows:
    One who intentionally and improperly interferes with another's prospective
    contractual relation (except a contract to marry) is subject to liability to the
    other for the pecuniary harm resulting from loss of the benefits of the
    relation, whether the interference consists of
    (a) inducing or otherwise causing a third person not to enter into or continue
    the prospective relation or (b) preventing the other from acquiring or
    continuing the prospective relation.
*See* Restatement (Second of Torts § 766B (quoted in *Noller*).

*Underground Vault & Storage, Inc. v. Cintas Corp.*, No. 11-1067-JWL, 2013 WL 3815867 at *9

(July 22, 2013).

The following paragraphs of the FACC relate to purported interference with Mr. Nelson's

prospective employment: 27-32, 39, 40, 43, 57, 66, 70, 151, 195, 208, 211-225 (Count II), 264,

269, 274, 306.  Nowhere in the FACC does Mr. Nelson identify the persons or entities who were

his purported prospective employers or clients, nor does he allege he was reasonably certain to

have obtained the employment or contract, but for the actions of counter-defendants.

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1st Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 9*

As a result, Mr. Nelson fails to state a cause of action of tortious interference with potential employment, and Count II of the FACC must be dismissed.

## III.     COUNTER-PLAINTIFF'S COUNT III FAILS TO STATE A CAUSE OF ACTION FOR UNFAIR AND DECEPTIVE TRADE PRACTICES.

The private civil remedies provided Kansas consumer protection act are set forth in § 50-634, Kansas Statutes Annotated ("K.S.A.").  Deceptive acts and practices are set forth in § 50-626, K.S.A.  Unconscionable acts and practices are set forth in § 50-627, K.S.A.

§ 50-624(c), K.S.A. provides:

"Consumer transaction" means a sale, lease, assignment or other disposition for value of property or services within this state, except insurance contracts regulated under state law, to a consumer; or a solicitation by a supplier with respect to any of these dispositions. "Consumer transaction" does not include the disposition of repossessed collateral by any supplier that is subject to and compliant with any state or federal law or rules and regulations with regard to disposition of such repossessed collateral.

The only conclusory inferences (not even factually supported events) relating to a consumer transaction which can be gleaned from Count III of the FAC, paragraph 8, alleges Mr. \Nelson is a "significant equity interest" holder in a number of companies [He then proceeds to name other companies, but does not name Defendant, United Capital Management of Kansas, Inc.].  Not only does Mr. Nelson fail to establish a consumer relationship with UCM or Koehn, Count III fails to demonstrate that the alleged putative event occurred in Kansas.

As such, Mr. Nelson fails to state cause of action for Unfair and Deceptive Trade Practices against the Defendants.  Therefore, Count III of Counter-Plaintiff's First Amended Complaint must be dismissed.

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crosssclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 10*

IV.    **COUNTER-PLAINTIFF'S COUNT IV FAILS TO STATE A CAUSE OF ACTION FOR THREATS OF VIOLENCE TO FORCE RELINQUISHMENT OF STOCK.**

Count IV appears to relate, in some form or fashion, to the civil RICO claim intertwined in the original Counterclaim (D. 74).

In paragraph 233, the FAC, Mr. Nelson's claims, without providing factual support, "By identifying the names and addresses of counter-plaintiff's elderly parents and sibling and minor child they have inferred danger and threats of violence in efforts to force counter-plaintiff to relinquish control and ownership of [the same "significant equity interest" in the corporations named in paragraph 8 of the FAC, again omitting UCM].

18 U.S.C. § 1951(b)(2) provides:  "The term "extortion:" means the obtaining of property from another, with his consent induced by wrongful use of actual or threatened force, violence or fear, or under color of official title."

18 U.S.C. § 1964(c) provides: "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final."

In *Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1, 9, 130 S.Ct. 983, 989, 175 L.Ed.2d 943 (2010), the United States Supreme Court held: '[T]o state a **claim** under civil RICO, the plaintiff is required to show that a RICO predicate offense "not only was a 'but for' cause of

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1st Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 11*

his injury, but was the proximate cause as well.' [*Holmes v. Securities Investor Protection Corporation*, 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992)]. Proximate cause for RICO purposes, we made clear, should be evaluated in light of its common-law foundations; proximate cause thus requires "some direct relation between the injury asserted and the injurious conduct alleged." *Ibid*. A link that is 'too remote,' "purely contingent," or 'indirec[t]' is insufficient." *Id*. at 272, 112 S.Ct. 1311. "Applying that standard, we rejected SIPC's RICO claim. The alleged conspiracy, we held, directly harmed only the broker-dealers; SIPC's injury, on the other hand, was "purely contingent" on that harm. *Id*., at 271, 112 S.Ct. 1311. The connection between the alleged conspiracy and SIPC's injury was therefore "too remote" to satisfy RICO's direct relationship requirement." *Ibid*. "Our precedents make clear that in the RICO context, the focus is on the directness of the relationship between the conduct and the harm." *Hemi Group, LLC*, 559 U.S. at 12, 130 S.Ct. at 991.

Although the crime of extortion is within the ambit of 18 U.S.C. § 1962, the allegations of Count IV fail to state a plausible for civil RICO damages based upon extortion. Count IV of the First Amended Counterclaim should be dismissed with prejudice.

**V.    COUNTER-PLAINTIFF'S COUNT V FAILS TO STATE A CAUSE OF ACTION FOR SECURITIES FRAUD UNDER SECTION 10(b) AND SECTION 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934.**

In Count V, Mr. Nelson alleges a private right of action pursuant to Section 20(a) of the Securities Exchange Act of 1934, codified in 15 U.S.C. § 78t.(a). Section 20(a) provides: "Every person who, directly or indirectly, controls any person liable under any provision of this title or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable (including to the Commission in any action brought under paragraph (1) or (3) of section 21(d)), unless the

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1st Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 12*

controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

Paragraphs 73-175 and 177-194, and 198-203 of the FAC purport to allege a myriad of violations of securities law and regulations by the Defendants.

In *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 11083, 1095 (10th Cir. 2003), a Section 10(b) securities fraud action brought pursuant to Section 20(a) of the Securities Exchange Act of 1934, the Tenth Circuit held: "To state a claim under Rule 10b–5 for securities fraud, we have held that a plaintiff's complaint must contain allegations addressing the following five elements: (1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance. *See Grossman v. Novell, Inc.*, 120 F.3d 1112, 1118 (10th Cir. 1997). Prior to passage of the PSLRA, Fed.R.Civ.P. 9(b) set the standard for the level of particularity required when pleading the elements of a securities fraud claim. *City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1258 (10th Cir. 2001). Rule 9(b) dictates that "in averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge and other condition of mind may be averred generally."

Mr. Nelson has failed to allege with sufficient particularity the dates of acquisition, the consideration paid, the amounts and class of shares or membership interest acquired, the specific language of the specific fraudulent filing made by Koehn and/or UCM, as a controlling person, upon which he relied when acquiring the securities, and what special damages he has suffered.

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 13*

 FAC, paragraph 8  merely alleges Mr. "Nelson is 'significant equity interest' holder in a number

of companies, Anthem Vault Inc., Anthem Gold, AmagiMetals, Anthem Hayek LLC, AG Herc

Inc., Hercules SECZ, Hercules LLC, ipso facto via insidious machinations, dolus, Anthem

Holdings Company, Hera Software Development Inc. and others yet to be discovered."  Mr.

Nelson has failed or refused, as none exists, to allege that he was in anyway connected, employed

or a shareholder of the Plaintiff/Cross-Defendant United Capital Management. In fact, he is not.

 Despite myriad conclusions and generalizations, the allegations of Count V are insufficient

to state a plausible claim for securities fraud against either Defendant.  As a result, Count V should

be dismissed for failure to state a claim for securities fraud upon which relief may be granted.

## VI. COUNTER-PLAINTIFF'S COUNT VI FAILS TO STATE A CAUSE OF ACTION FOR INSIDIOUS MACHINATIONS DOLUS – FRAUD IN THE INDUCEMENT

 Count VI alleges fraud in the inducement. "The elements of fraudulent inducement are: (1)

The defendant made false representations as a statement of existing and material fact; (2) the

defendant knew the representations to be false or made them recklessly without knowledge

concerning them; (3) the defendant made the representations intentionally for the purpose of

inducing another party to act upon them; (4) the other party reasonably relied and acted upon the

representations; (5) the other party sustained damages by relying upon the representations."

*Stechschulte v. Jennings*, 297 Kan. 2, 19, 298 P.3d 1083, 1096 (2013).

 The only representations inferred by Mr. Nelson in the FAC would arise from paragraph

8; i.e., "Nelson is 'significant equity interest' holder in a number of companies, Anthem Vault Inc.,

Anthem Gold, AmagiMetals, Anthem Hayek LLC, AG Herc Inc., Hercules SECZ, Hercules LLC,

ipso facto via insidious machinations, dolus, Anthem Holdings Company, Hera Software

Development Inc. and others yet to be discovered."

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 14*

Fed. R. Civ. P. 9(b) requires that in alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." "Rules 9(b)'s heightened pleading requirements allow 'the defending party to prepare an effective response to charges of fraud and to protect the defending party from unfounded charges of wrongdoing which might injure its reputation and goodwill." *Freedom Transportation, Inc. v. Navistar International Corporation*, No. 18-CV-02602-JAR-KGG, 2020 WL 430213, at *2 (D. Kan. Jan. 28, 2020). "Rule 9(b) does not, however, supplant the principles of notice pleading under Rule 8, 'which calls for pleadings to be 'simple, concise, and direct, ... and to be construed as to do substantial justice.'" [quoting *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997)] 'In cases with allegations of fraud or mistake, the court reads the two rules in conjunction.' [quoting *Black v. Veatch*, No. 97-cv-2556-GTV, 1998 WL 264738, at *2 (D. Kan. Dec. 4, 1995)] Thus, to satisfy Rule 9(b), 'a complaint alleging fraud [must] 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'' [citing *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006)(quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000), *cert. denied* 531 U.S. 926 (2000)), *cert. denied* 549 U.S. 1209 (2007).] In other words, the alleging party must specify the 'who, what, where, and when of the alleged fraud.' [citing *Jamieson v. Vatterott*, 473 F.Supp.2d 1153, 1156 (D. Kan. 2007)(quoting *Plastic Packaging Corp. v. Sun Chem. Corp*, 203 F.Supp.2d 1201, 1203 (D. Kan. 2001).] A motion to dismiss for failure to satisfy Rule 9(b) pleading requirements is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim. [citing *Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 11008, 1011 (10th Cir. 2006)]" *Freedom Transportation, Inc. v. Navistar International Corporation*, No. 18-CV-02602-JAR-KGG, 2020 WL 430213, at *2 (D. Kan. Jan. 28, 2020).

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crossclaims*
*Case No.  22-CV-04008-JWB-GEB*
*Page 15*

Mr. Nelson merely alleges a legal conclusion of securities ownership in paragraph 8 without providing the any detail of the purported acquisition of the securities, the specific representations of Mr. Koehn and/or UCM on which he relied in acquiring those securities, nor the specific damages which Mr. Nelson allegedly suffered.  Mr. Nelson fails to state a plausible claim for relief as required by *Twombly* and *Iqbal*.  As a result, Count VI fails to state a claim for fraud in the inducement upon which relief may be granted.  Count VI should be dismissed.

## VII.   COUNTER-PLAINTIFF'S COUNT VII FAILS TO STATE A CAUSE OF ACTION FOR CONSTRUCTIVE FRAUD

""Constructive fraud is "'a breach of a legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or violate a confidence, and neither actual dishonesty [n]or purpose or intent to deceive is necessary.'" *Garrett v. Read*, 278 Kan. 662, 674, 102 P.3d 436, 445 (2006).  Two additional elements must also be proven in order to establish constructive fraud: (1) a confidential relationship, and (2) a betrayal of this confidence or a breach of a duty imposed by the relationship. 278 Kan. at 674, 102 P.3d at 445. The party must also conceal facts that the party has a legal or equitable duty to communicate, with respect to which the party could not be innocently silent. [citations omitted.]""

Counter-Defendants herewith incorporate by reference their argument in response to their Motion to Dismiss Count VI above.  Mr. Nelson fails to state a plausible claim for relief for constructive fraud as required by *Twombly* and *Iqbal*.  As a result, Count VII fails to state a claim for fraud in the inducement upon which relief may be granted.  Count VII should be dismissed.

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 16*

**VIII.    COUNTER-PLAINTIFF'S COUNT VIII FAILS TO STATE A CAUSE OF ACTION FOR FRAUD AND FRAUD IN THE INDUCEMENT.**

Although Count VIII is titled ass a claim for fraud and fraud in the inducement, paragraph 269 seeks relief for fraud, fraud in the inducement and tortious interference with business and prospective employment and for temporary and permanent injunctive relief.

In the manner pleaded by Mr. Nelson, Count VIII is no more than a repetition of Counts II, VI and VII. As such, Counter-Defendants herewith incorporate by reference their argument in response to their Motion to Dismiss Counts II, VI and VII above. Mr. Nelson fails to state a plausible claim for relief for constructive fraud as required by *Twombly* and *Iqbal*. As a result, Count VIII fails to state a claim for fraud, fraud in the inducement, tortious interference with business and prospective employment and for temporary and permanent injunctive relief upon which relief may be granted. Count VIII should be dismissed.

**IX.    COUNTER-PLAINTIFF'S COUNT IX FAILS TO STATE A CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

"Every contract implies good faith and fair dealing between the parties to it, and a duty of co-operation on the part of both parties.... [T]here is an implied undertaking in every contract on the part of each party that he will not intentionally and purposely do anything to prevent the other party from carrying out his part of the agreement, or do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. Ordinarily if one exacts a promise from another to perform an act, the law implies a counterpromise against arbitrary or unreasonable conduct on the part of the promisee. However, essential terms of a contract on which the minds of the parties have not met cannot be supplied by the implication of good faith and fair dealing.' (Citations omitted)." *Waste Connection of Kansas, Inc. v. Ritchie*

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crossclaims*
*Case No.  22-CV-04008-JWB-GEB*
*Page 17*

*Corp.*, 296 Kan. 943, 965, 298 P.2d 250, 266 (2013) (citing *Bonanza, inc. v. McLean*, 242 Kan. 209, 222, 747 P.2d 792, 801 (1997)).

Under Kansas precedent, breach of the implied covenant of good faith and fair dealing is not a separate claim, but rather a "legal argument related to a breach-of-contract claim." *Classico, LLC v. United Fire & Cas. Co.*, 386 P.3d 529, 2016 WL 7324451, at *5 (Kan. App. Ct. Dec. 16, 2016). "Plaintiffs must (1) plead a cause of action for 'breach of contract,' not a separate cause of action for 'breach of duty of good faith,' and (2) point to a term in the contract 'which the defendant allegedly violated by failing to abide by the good faith spirit of that term. *Id*. (quoting *Wayman v. Amoco Oil Co.*, 923 F.Supp. 1322, 1359 (D. Kan. 1996))." *H&C Animal Health, LLC v. Ceva Animal Health, LLC*, 499 F.Supp.3d 920 (D. Kan. 2020) .

As Kansas does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing, Count IX of the First Amended Complaint should be dismissed with prejudice.

## X.  COUNTER-PLAINTIFF'S COUNT X FAILS TO STATE A CAUSE OF ACTION FOR NEGLIGENCE.

"To assert a claim for negligence, plaintiff must allege facts that would support the following essential elements: (1) the existence of a duty from the defendant to the plaintiff; (2) breach of that duty; (3) causation between the duty breached and the injury received; and (4) damages due to the negligence. [Footnote omitted.]  "A fundamental rule of tort analysis is that actionable negligence must be based on a breach of duty. The plaintiff is required to prove the existence of a **duty** owed to him or her by the defendant. The existence of a legal duty is a question of law."      *Skiles v. County of Rawlins*, 468 F.Supp.2d 1311, 1315 (D. Kan. 2007) (quoting *Lamb v. State of Kansas*, 33 Kan.App.2d 843, 846-47, 109 P.3d 1265, 1269 (2005)).

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crossclaims*
*Case No.  22-CV-04008-JWB-GEB*
*Page 18*

Mr. Nelson fails to allege a relationship between himself and the Counter-Defendants, or either of them, out of which an express or implied duty to exercise care arises.  As such, Count X of the First Amended Counterclaims and Crossclaims must be dismissed for failure to state a claim for negligence upon which relief may be granted.

## XI. COUNTER-PLAINTIFF'S COUNT IX FAILS TO STATE A CAUSE OF ACTION FOR GROSS NEGLIGENCE.

"Kansas does not recognize a separate claim for 'gross negligence' Kansas does not recognize degrees of negligence and, thus, has no category for 'gross negligence.'" *Danaher v. Wild Oats Market, Inc.*, 779 F.Supp,2d 1198, 1212-13 (D. Kan. 2011) (citing *Danisco Ingredients USA, Inc. v. Kansas City Power & Light Co.*, 267 Kan. 760, 772, 986 P.2d 377, 385 (1999)).

Therefore, Mr. Nelson cannot state a claim for gross negligence against the Counter-Defendants, or either of them, and Count XI must be dismissed.

## XII. COUNTER-PLAINTIFF'S COUNT XII FAILS TO STATE A CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION.

"One who in the course of any transaction in which he or she has a pecuniary interest, supplies false information for the guidance of another person is liable for damages suffered by such other person  caused by reasonable reliance upon the false information if: (1) the person supplying the information failed to exercise reasonable care or competence in obtaining or communicating the false information; (2) the person who relies upon the information is the person for whose benefit and guidance the information is supplied; and (3) the damages are suffered in a transaction that the person supplying the information intends to influence." *Stechschulte v. Jennings*, 297 Kan. 2, 22, 298 P.3d 1083, 1097-98 (2013).  "[F]raud requires proof defendant knew statement untrue; negligent misrepresentation merely requires proof defendant failed to exercise reasonable care to obtain, communicate true statement."  *Stechschulte*, 297 Kan. at 23, 298 P.3d

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1st Amended Counterclaims and Crossclaims*
*Case No.  22-CV-04008-JWB-GEB*
*Page 19*

at 1098 (2013).  "A negligent misrepresentation claim may only be based on a "misrepresentation of pre-existing or present fact." *Indy Lube Investments, L.L.C. vv. Wal-Mart Stores, Inc.*, 199 F.Supp.2d 1114, 1123 (D. Kan. 2002) (quoting *Graphic Techs., Inc. v. Pitney Bowes, Inc.*, 998 F.Supp. 1174, 1179 (D. Kan. 1998)).  Mr. Nelson has failed to allege .

As with Counter-Plaintiff's allegations of fraud in the inducement (Count VI above), the only representations inferred by Mr. Nelson in the FAC would arise from the legal conclusion in paragraph 8 that "Nelson is 'significant equity interest' holder in a number of companies, Anthem Vault Inc., Anthem Gold, AmagiMetals, Anthem Hayek LLC, AG Herc Inc., Hercules SECZ, Hercules LLC, ipso facto via insidious machinations, dolus, Anthem Holdings Company, Hera Software Development Inc. and others yet to be discovered."  Nowhere in the FAC does Mr. Nelson connect his acquisition of any equity interest in the paragraph 8 entities to the alleged purported misrepresentations of UCM and/or Mr. Koehn.

Mr. Nelson fails to state a plausible claim for relief as required by *Twombly* and *Iqbal*.  As a result, Count XII fails to state a claim for negligent misrepresentation upon which relief may be granted.  Count XII should be dismissed.

### XIII.   COUNTER-PLAINTIFF'S COUNT XIII FAILS TO STATE A CAUSE OF ACTION FOR UJUST ENRICHMENT.

"The basic elements of a claim based on a theory of unjust enrichment are threefold: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *J.W. Thompson Co. v. Welles Products Corp.*, 243 Kan. 503, 512, 758 P.2d 738, 745 (1988). "While the position of the plaintiff is always a factor to be considered, it is "the acceptance

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 20*

or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value" that is of critical importance in making a determination of whether such an action will lie." *Haz-Mat Response, Inc. v. Certified Waste Services Ltd.*, 259 Kan. 166, 179, 910 P.2d 839, 848 (1996) (citing *J.W. Thompson Co. v. Welles Products Corp.*, 243 Kan. 503, 512, 758 P.2d 738, 745 (1988)).

Again, Mr. Nelson only cloaks the "significant equity interest" of the myriad entities referred to in paragraph 8 of the FAC as having conferred a benefit upon the Counter-Defendants without providing any detail of the benefit which Plaintiff has allegedly conferred upon the Counter-Defendants. Mr. Nelson fails to set forth any plausible factual statements which demonstrate the specific significant equity interests he holds in the myriad entities; if he contends that he conferred a benefit as a result of making an investment that benefited the Counter-Defendants to Mr. Nelson's detriment, than there should be some detail provided so that the currently formulaic elements alleged in Count XIII can be answered.

Mr. Nelson fails to state a plausible claim for relief as required by *Twombly* and *Iqbal*. As a result, Count XIII fails to state a claim for negligent misrepresentation upon which relief may be granted. Count XIII should be dismissed.

**XIV.** **COUNTER-PLAINTIFF'S COUNT XIV FAILS TO STATE A CAUSE OF ACTION FOR PROFESSIONAL MALPRACTICE, DECEPTIVE TRADE PRACTICES, FRAUD, MISAPPROPRIATION.**

While the title of Count IV implicates several different causes of action, a plain reading of Count XIV alleges professional malpractice.

"A profession is not a business. It is distinguished by the requirements of extensive formal training and learning, admission to practice by a qualifying licensure, a code of ethics imposing standards qualitatively and extensively beyond those that prevail or are tolerated in the

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1st Amended Counterclaims and Crossclaims*
*Case No.  22-CV-04008-JWB-GEB*
*Page 21*

marketplace, a system for discipline of its members for violation of the code of ethics, a duty to subordinate financial reward to social responsibility, and, notably, an obligation on its members, even in non professional matters, to conduct themselves as members of a learned, disciplined, and honorable occupation. These qualities distinguish professionals from others whose limitations on conduct are largely prescribed only by general legal standards and sanctions, whether civil or criminal." J. Nick Badgerow, *Brave Lawyers' Work: The Pillars of Professionalism*, 81 Journal of the Kansas Bar Ass'n 22, 23 (Oct. 2012) (citing *In re Freeman's Estate*, 34 N.Y.2d 1, 7, 311 N.E.2d 480, 483, 355 N.Y.S.2d 336, 339 (1974)).

Paragraphs 73-175 and 177-194, and 198-203 of the FAC purport to allege a myriad of violations of securities law and regulations by the Counter-Defendants and Paragraphs 51, 91, 110, 118-120, 122, 127, 130, 138, 139, 141 and 170 intertwine allegations of Mr. Koehn misrepresenting his status as a securities broker and/or investment advisor with allegations of fiduciary duties as an officer and director, Count XIV fails to provide sufficient facts to demonstrate a professional relationship with the Counter-Defendants, or either of them.

Interestingly, *United Leasing Corp. v. Miller*, 300 N.C. 374, 263 S.E.2d 313 (1980) (no third party beneficiary claim actionable for legal malpractice) and *Wall v. Stout*, 310 N.C. 184, 311 S.E. 571 (1984) (improper medical malpractice jury instruction), bridge the gap between the alleged professional malpractice and a resulting injury to the Counter-Plaintiff.

Mr. Nelson fails to state a plausible claim for relief as required by *Twombly* and *Iqbal*.  As a result, Count XIV fails to state a claim for professional malpractice upon which relief may be granted.  Count XIV should be dismissed.

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 22*

## XV.     COUNTER-PLAINTIFF'S COUNT XV FAILS TO STATE A CAUSE OF ACTION FOR BREACH OF CONTRACT.

Count XV suffers from the same deficiency as concerning the existence of a contract as discussed in Count IX alleging breach of the covenant of good faith and fair dealing implied in every contract; i.e., there is no oral or written contractual relationship between Mr. Nelson and the Counter-Defendants, or either of them.

To establish a breach of contract, Mr. Nelson must sufficiently allege "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of contract; and (5) damages to the plaintiff caused by the breach." *Stechschulte v. Jennings*, 297 Kan. 2, 23, 298 P.3d 1083, 1098 (2013) (quoting *Commercial Credit Corporation v. Harris*, 212 Kan. 310, 313, 510 P.2d 1322, 1325 (1973)). *See also Hampton v. Barclays Bank Delaware*, 487 F.Supp.3d 1113, 1140 (D. Kan. 2020).

A valid contract requires offer, acceptance,  and consideration. *Smith  v.  Amazon.com Services LLC*, No. 21-cv-2260-JAR-TJJ, 2022 WL 179465, at *3 (D. Kan. Jan. 20, 2022) (citing *Howard v. Ferrellgas Partners, L.P.*, 92 F.Supp.3d 1115, 1123 (D. Kan. 2015)). "Additionally, in order for parties to form a binding contract, the offer and acceptance must manifest a mutual assent or a 'meeting of the minds' on all the essential terms of the contract."[14] "This 'meeting of the minds' requirement is proved when the evidence shows 'with reasonable definiteness that the minds of the parties met upon the same matter and agreed upon the terms of the contract.'

Status as a stockholder is only evidence of an ownership interest in a corporation. *Burge v. Frey*, 545 F.Supp. 1160, 1173 (D. Kan. 1982).  Mr. Nelson has failed to allege the existence of an oral or written contract between himself and the Counter-Defendants, or either of them. Nor

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1st Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 23*

has he alleged the terms of such a contract. As such, Counter-Plaintiff has failed to state a claim for breach of the covenant of good faith and fair dealing implied in any contract between the parties. As a result, Count XV of the First Amended Counterclaims and Crossclaims must be dismissed.

## **CONCLUSION**

It is readily apparent that Counter-Plaintiff is seeking, by any means that he can concoct, to unlock the doors to discovery to somehow prove his whistleblower claims made to the Securities Exchange Commission. It is a desperate measure if nothing else.

On page 3 of his seven (7) page "prologue" to the 308 paragraphs of his First Amended Counterclaims and Crossclaims, Mr. Nelson states, "The counter-plaintiff is not now here submitting to the US District Court for resolution of those administrative and regulatory whistleblower complaints, regarding Anthem Vault, Anthem Gold, AG Herc, HERC crypto currency stock COIN ICO (Initial Coin Offering). Due to the lapse in the "kick-out" provisions and ongoing investigations regarding the complaints filed in regards to those filed complaints of the aforementioned inclusive of and specifically relating to the ICO (Initial Coin Offering) of crypto currency "stock" COIN: HERC." Again, none of this has legal baring but certainly Mr. Nelson has made no nexus between any of his allegations against these third parties with that of the Plaintiffs Mr. Koehn or UCM.

On page 6 of the FAC, Mr. Nelson states, "Whereas here the counter-plaintiff continues in communication with SEC, CFTC, FTC and government investigators and attorneys, in regards to the originating whistleblower filings regarding Anthem Vault Inc, Anthem Gold and HERC crypto currency Initial Coin Offering, cryptographic stock token."

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1st Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 24*

As set forth in Counter-Defendants' analysis, each of the fifteen (15) counts in the First Amended Counterclaims and Crossclaims fails to state any cause of action upon which relief may be granted. The multiplicity of weakly pleaded counts is demonstrative of a mere fishing expedition. Each of the fifteen (15) counts should be dismissed.

WHEREFORE, Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will dismiss Counter-Plaintiff MICHAEL NELSON's First Amended Counterclaims and Crossclaims (D. 83).

Dated June 13, 2022.

Respectfully Submitted,

/s/Larry G. Michel    #14067
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
lmichel@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

Craig A. Brand, Esq.
The Brand Law Firm, P.A.
4650 Indian Creek Road
Loveland, CO 80538
Craig@thebrandlawfirm.com
*Co-Counsel (PHV) for Plaintiffs/*
*Counter-Defendants*

*Chad M. Koehn, et al vs. Michael Nelson*
*Memorandum in Support of Counter-Defendant's MTD 1ˢᵗ Amended Counterclaims and Crossclaims*
*Case No. 22-CV-04008-JWB-GEB*
*Page 25*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 13, 2022, the foregoing *Counter-Defendant's Memorandum of Law in Support of Their Motion to Dismiss Counter-Plaintiff's First Amended Counterclaims and Crossclaims* was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 67, the undersigned emailed a true copy to Michael Nelson, oklahomaremote@gmail.com.

/s/Larry G. Michel