# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. and CHAD M. KOEHN<br><br>        Plaintiffs,<br>   v.<br>Michael Nelson<br><br>       Defendant ;   PRO-Se. | DOCKET NO.:   5:22-CV-04008-JWB-GEB<br>## CIVIL ACTION<br><br>**Motion for Resetting of proceedings scheduled for 2 August 2022 and postponement of Rule 26f conference for cause:  due to time constraints, parallel matters, fifth amendment rights, pending motions to Dismiss the actions**<br><br>**[Jury Trial Demanded]** |

### Motion for Resetting of proceedings scheduled for 2 August 2022 and postponement of Rule 26f conference for cause:  due to time constraints, parallel matters, fifth amendment rights, pending motions to Dismiss the actions

Defendant, makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of filing Motion for the Resetting of the Court's proceedings on 2 August 2022, in this civil SLAPP litigation strategically filed as a state petition by the plaintiff's.  Requesting that the scheduling conference be scheduled after the pro se defendants parallel trial on 16 August 2022. And after decision on the outstanding dispositive motions to dismiss the matter and various motions for stay and each of the warranted appeals and interlocutory appeals in the interests to conserve judicial resources, and in the interests judicial economy.  The burdens upon the parties given the plethora of dispositive motions to dismiss, will ultimately move this matter to conclusion, to have a scheduling hearing and requirements of the 26f conferences given the enormous amount of discovery, the fact the pro se defendant still does not have access to files given the discovery ongoing in the parallel criminal matters and proceedings, there the cost to the parties in time and energy of multiple hearings, objections and motions weighs heavily in favor of postponement of the scheduling hearing and the conferences, otherwise the time constraints to

the parties in the necessity of multiple hearings and objections given the fifth amendment rights and the non-availability of resources and disclosures spread across the globe weighs in favor of resetting the hearing to allow for all disclosures to be gathered and regain file accesses.

**"When faced with the issue of either allowing a civil action to proceed or <u>protecting the Fifth Amendment rights of individual defendants against self incrimination</u>, the <u>majority</u> of courts have consistently chosen the latter."**

<u>Wherefore even this very Court in the US District of Kansas has recently stated in an eerily similar case, that</u> "The court is not persuaded that setting a Scheduling Conference here is practicable. Where, as in this case, **the operative complaint is challenged by a motion to dismiss,** <u>delaying discovery until the claims and defenses in the case are better defined,</u> **reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources**. The court shall wait until the pending motion to dismiss is decided before setting a Scheduling Conference." *See, PIPELINE PRODUCTIONS, INC., and BACKWOOD ENTERPRISES, LLC, vs. THE MADISON COMPANIES, LLC, and HORSEPOWER ENTERTAINMENT, LLC 5:15-cv-04890-KHV*

**The Court should appreciate the pro se defendant's concern for conserving resources and efficiently litigating a case.** Here, the pro se defendant shows good cause for a stay by, for example, establishing the myriad of Constitutional questions regarding the fifth amendment applicability in this civil SLAPP action by the plaintiffs who seek to silence the pro se defendant and any other dissenting shareholder in a plethora of questionably organized corporations. The fact that the counsel for the plaintiffs have a myriad of conflicts of interest and Craig Brand is representing himself, dozens of corporations affecting more than 14,500 investors and the complexities of crypto currencies, global market manipulations and the fact a

parallel criminal proceedings continue, including with a jury sounding docket on 8 July 2022, and trial preparations of another trial on 16 August 2022, the inability for the pro se defendant to discover legal counsel which is affordable and who are willing to deal with the mess the plaintiffs have caused in this litigation. The pro se defendant has not the time in order to prepare for the scheduling conference while preparing for multiple other trials. A stay of six months in this matter will alleviate many dozens of hearings and dozens of motions, in this matter. The plaintiff's strategic lawsuit, filed as a state petition laid for nearly a year while the plaintiff's continually filed appeals in NEVADA, and where according to the plaintiff's president of their NEVADA corporation they continue in appeals through Craig Brand to presumably now only the NEVADA SUPREME COURT. The pro se defendant additionally well demonstrates he will suffer "annoyance" and "embarrassment" and certain extreme "oppression" and further "undue burden" and "expense" absent a stay, in light of the parallel criminal matters, threatened new criminal pending matters and the ongoing appeals in NEVADA. FED. R. CIV. P. 26(c)(1); wherein the pro se defendant has tried relentlessly to obtain competent legal counsel in the matter, here in Kansas, and has had the need to retain counsel in parallel matters brought by the same plaintiffs. Having found a law firm to handle some of the parallel matters only to be grilled by a lawyer there that turns out to be the son-in-law of opposing counsel larry michel and the husband of another partner of the firm who Mr. Kellogg and Mr. Michel are employed.

The Pro Se Defendant has dutifully conferred or at least attempted to confer with opposing counsel as ordered by the court, the opposing counsel has stated: "Unfortunately, I don't have time to read and digest everything you wrote." It is evident the opposing counsel does not wish to engage in traditional conferring and will not accept nor return phone calls placed. Simply because party is pro se, does not allow the bar licensed attorneys to pick and choose when and if they choose to confer nor does it entitle the bar licensed attorneys to

engage in a bullying tactics as we have here with many multitude of simultaneous representations, conflicts between the various parties they represent and the conflicting interests presented, for these reasons the pro se defendant has along with other well pleaded requested a Stay of the matter pending the resolution to the currently proceeding criminal matters directly paraellel hereto, to such a response the bar licensed attorneys have responded with further word twisting not in the context of the proceedings currently proceeding and have instead chosen to use threats of further and more criminal charges "pending" as larry michel laid out in his responses and his motions.  The fact there are a multitude of current court proceedings well articulated and that of larry michel has said there are now "pending" charges gives rise again to more issues regarding fifth amendment rights and issues with the current scheduling order and the conference under rule 26f.

Wherein the pro se defendant is being attacked in multiple legal entanglements simultaneously, in strategic planning the very definition of SLAPP litigation and is without the vast monetary resources as the plaintiffs and their numerous self proclaimed large law firms wield.  As the Court can appreciate, the Federal Magistrate herself having to ask who "Mystic Law is…", the pro se defendant and even the Court, are unsure as to all the different law firms appearing in hearings in this matter, nor have they all filed appearances.   The pro se defendant submits that there simply is not enough time in the days to respond to all the filings made by the plaintiffs and their conspirators in a host of different Courts, all originating in NEVADA, where the plaintiffs corporation is located and the pro se defendant had been employed.  Nor is it possible to properly prepare for other trials, while having the obligation to meet and confer in good faith and appear at scheduling conferences in this civil SLAPP suit initiated by the plaintiffs in State Court and removed here to the US Federal Courts.  Especially where there exist numerous motions to dismiss, thus in judicial economy and to conserve judicial resources a stay

is warranted and a rescheduling of the current hearing for 2 August 2022, should be scheduled for after 23 August 2022, if it is necessary and a stay is not granted, as the granting of a stay in this matter will GREATLY REDUCE COSTS and will Save significant judicial resources.  In order to conserve judicial resources and for purposes of judicial economy a stay should be granted in this matter as now necessitating parallel discovery and limited time available, medical treatments, in ability to concentrate on this matter just causes further filings and hearings.

Pro Se Defendant argues that the pending Motion(s) to Dismiss tests whether Plaintiffs have sufficiently established at the pleadings stage an exception that rebuts pro se Defendants presumption of nonliability and tests the sufficiency of Plaintiffs' statement of a claim showing that Plaintiffs are entitled to relief, without forcing Defendants to be subjected to discovery. Defendants, have objected to the scheduling of the rule 26(f) and the setting for the scheduling order for cause, given parallel criminal matters, and the constitutional question regarding the obvious and evident right of the pro se defendant to exert fifth amendment protections, given the proceeding parallel criminal matters and the new threatened pendency of criminal matters in Kansas, Colorado and California.  Together with the fact as testified under oath that the plaintiffs continue with appeals in NEVADA, presumably now to the NEVADA SUPREME COURT. conference followed by immediate service of written discovery requests on Defendants would defeat both purposes of Defendants' Motion to Dismiss right before the Court rules on it.  and, "[i]f Plaintiffs are allowed to proceed with discovery on claims that are subject to the fully-briefed Motion to Dismiss, the practical effects would be to deem Plaintiffs' claims viable enough to be the subject of discovery, yet the defendant has also motioned for removal given the parallel cases and the now appeals of the

underlying causes in the US District of NEVADA, presumably being appealed to the NEVADA
SUPREME COURT.

Plaintiffs constructively rebut the Defendants' statutory presumption of nonliability
before the Court has a chance to make its determination on that very issue, given the numerous
Motions to Dismiss the SLAPP petition filed by the plaintiffs, in their strategy of litigation abuse
and various legal entanglements having the desired effect to overwhelm the Courts, the pro se
defendant, the public, therefore a stay of the matter greatly reduces costs and saves precious
judicial resources, by not having a half a dozen courts litigate and conduct discovery on the same
issues, as the plaintiffs seek now, after having waited nearly a year to attempt any service of
process, where they have conspired to caused a multitude of simultaneous litigations, which
collectively give rise to the SLAPP strategy they are employing in concert with each other.

This Court can appreciate the fact there are numerous still pending dispositive motions to
dismiss the action at bar, and numerous motions for a STAY of the proceedings pending the
resolution of the parallel criminal proceedings.   Just as this Court would like the parties in
litigation to be well prepared prior to trial, the scheduling of the scheduling conference in the
middle of final preparations for another Trial the 16 of August 2022, justifiably prevents the pro
se defendant here from being available on the date chosen 2 August 2022, for the scheduling
conference in this civil SLAPP action which has numerous motions to dismiss pending, as well
as constitutional questions as to rights and privileges in the parallel criminal matters proceeding
and threatened by the plaintiffs and their counsel.

This Court can appreciate wanting parties appearing before it to be concentrated on the
issues to be resolved and the matters of concern especially in these early days of pre-discovery
and without ruling upon several dispositive motions to dismiss and the motions to stay these civil

proceedings in order to have judicial economy and to save greatly thus conserving judicial resources eliminating many dozens of motions and hearings that will become necessary if this matter continues as scheduled.  Likewise other Courts have a right to have parties materially prepared right before trial.   This Court would not want a party to be forced to bare unnecessary burdens and not be mentally nor physically prepared to engage in settlement discussions, or substantive issues of the matter while concentrating on another trial scheduled just after the contemplated scheduling conference in this matter.   The pro se defendant without legal training nor education in the law, is further disadvantaged in preparation for the proposed and ordered scheduling conference occurring in the middle of final trial preparations in another parallel case.

The interests of justice and the judicial resources of the Courts and the parties are better served by postponing the scheduling conference until after the parties can properly and materially participate in good faith with the required rule 26f conference and after the already scheduled trial for 16 August 2022.

The current matter of the civil litigation before the Court structured as a SLAPP lawsuit by the plaintiffs in conspiracy with others to overwhelm the pro se defendant in multiple simultaneous legal proceedings, including a multitude of parallel criminal matters, proves so overwhelming that the pro se defendant is unduly and unfairly burdened to the point of not being able to materially and in good faith confer nor prepare for the contemplated scheduling conference ordered in this matter for the 2 of August 2022.

Wherefore the pro se defendant does so herein now pray for relief from the Court in the postponement of the scheduling conference until after the trial in August, therefore allowing the pro se defendant to materially prepare for that already scheduled trial and have the ability to materially and in good faith confer with opposing counsel in a rule 26f conference if necessary

after the rulings upon the plethora of dispositive motions to DISMISS the proceedings here in this civil SLAPP suit initiated by the plaintiffs.

The Court here has not had the opportunity to hear multiple requests for a STAY of the Matter and has yet to rule upon any of the Motions and Requests for Stay, nor the motions to dismiss which will materially bring this SLAPP litigation by the plaintiffs to a conclusion.    Pro SE defendant cannot possibly defend the multitude of litigations, designed as SLAPP (Strategic Lawsuits Against Public Participation) suits and alleged to be orchestrated against the pro se defendant, as the matter of fact thus ipso facto the plaintiffs laid in wait nearly a year without attempting any service of process at all as they gathered their Strategy to file a many multitude of filings simultaneously in many different courts and judicial proceedings working tirelessly at their Strategic Lawsuits Against Public Participation and to silence shareholders dissuading them from cooperation in on going investigations, or as Craig Brand stated in hearings before discussion on his admission pro hac vice that he Craig Brand is defending actions with the SEC and FINCEN a department of the US Treasury.  If in fact Craig Brand was telling the truth and not as he exclaims to the world "intentionally providing false information" as he states he has "championed the art of disinformation", then Craig Brand is actually in the process of defending some sort of action involving FINCEN and US Treasury and quite possibly SEC as he has stated, therefore it is conceivable that this SLAPP petition served upon the pro se defendant a midst dozens of other legal entanglements is exactly as Brand has strategically laid in wait and is abusing the legal processes as he lays out in his book that "Lady Justice is bias to pressures" and that "Lady Justice is Blind, truly blind to justice", as a bar licensed attorney in a single state and not the state of Kansas, Brand's book and public claims certainly demonstrate clearly the intent here of the plaintiffs to engage in many multitude of simultaneous legal proceedings as some

form of defense to the current defending Brand is engaged in concerning the US Treasury FINCEN and the SEC presumably the Securities and Exchange Commission. The pro se defendant continues to face parallel criminal matters stemming from the same nexus as the frivolous, incongruous SLAPP complaint, and have included perjury by so-called victims in sworn statements and testimony, who is the president of Anthem Vault Inc. and Anthem Holdings Company, both at the heart of the matter here, as it involves each of the merger subs of the obscure claimed triangular reverse short form mergers of merger subs located in Delaware, Nevada and Texas and presumably with those sub corporations thereunder located around the US and in the Grand Cayman Islands as well as Luxembourg and other tax evasion jurisdictions.

The current matter lacks all of the claims and defenses at issue, and currently has multiple motions to dismiss, constituting dispositive motions which will materially advance the matter to conclusion without needless burdens upon the parties and the Court. It is the interests of Judicial Economy and the burdens upon the parties which must be weighed in favor of not setting a rule 26f conference until all claims and defenses are at issue, and the dispositive matters for dismissal are settled, as the correct granting of the dispositive issues and motions will cause any discovery or otherwise extended "fishing expedition" the plaintiffs want to conduct through their abuse of the judicial process a moot exercise of their bad faith efforts to misuse and abuse the American legal system. The legal system should not be used for improper purposes as Craig Brand misuses the legal system to conduct these extended "fishing expeditions" as part of his overall litigation strategy in whatever issues he is "defending" as he claims to FINCEN and SEC.

The Court has erred in not addressing the attempts by CRAIG ALAN BRAND to have the pro se defendant involuntarily violated other court orders, in the parallel criminal matters, wherein Craig Alan Brand has consistently in every appearance before the Court erred in his

appearance. The Court has given Mr. Brand a pass at the perjury in the affidavit in document 24-1, accepting his certificate of good standing from Florida. None-the-less taking this pass at his perjury in document 24-1, Brand has taken the opportunity to consistently negatively influence the trier of fact, in spontaneous proffered testimony and judicial misconduct at bar. Where the Court has yet to rule upon nor address the Motions and Objections made in Documents: 52 and 57 respectively. **CRAIG ALAN BRAND presents himself at bar through A DIFFERENT LAW FIRM then he Stated to the Court in Affidavit which he Practices.** This together with his purposeful misleading of the Court, Chambers and the pro se defendant in the origin of emails he uses in the case, in order to materially confuse and unduly influence the proceedings. **Brand demonstrating yet again more UNTRUTHFULNESS in statements to others, violating the Rules, making document 24-1 even more untruthful and certainly riddled with PERJURY. Brand continues with unethical legal shenanigans at bar including those complained of in Documents 52 and 57, where Brand attempted fraud upon the Court and the Pro Se defendant, objections and motions yet to be ruled upon.** This alone demonstrates via proof positive of the direct connections hereto the issues involving crypto currency stock coin HERC and that of HeraSoft the moniker of Hera Software Development Inc. which is the email address that Brand used in the course of the litigation here see documents 52 and 57. It is Chad M. Koehn who is publicly listed on Herasoft.com as being entrenched in the "worlds largest barter economy" Bitcoin, and also it is Chad Koehn who sits on the board of directors of Hera Software Development Inc. Now AFTER the pro se defendant filed the first amended counter claim, Chad Koehn was removed from that website demonstrating mens rea of guilt just as this matter has proceeded Koehn has used information in this case to make material changes to websites, remove others from internet and substantially change disclosure documents.

The Pro Se Defendant has not the time in the day to mount defense against the massive legal campaign against the Pro Se defendant, which includes a multitude of parallel criminal matters, in multiple States including threats on pending charges in the State of Kansas, criminal charges in Oklahoma. Multiple parties to the current matter at bar making sworn affidavit threats of pending charges in Kansas, Colorado and California according to sworn affidavit filed by CHAD M. KOEHN. Collectively the orchestration of the massive civil and criminal cases and protective orders, misusing and abusing domestic violence protection laws, and even claiming protection against sex acts, when ipso facto the pro se defendant has NEVER been in the State of Kansas, demonstrates clear abuse by the plaintiffs of the legal system. Holding a rule 26f conference and allowing discovery in light of the currently proceeding criminal matters, and the threats of more criminal charges in various States including the State of Kansas, provides ample reason for the pro se defendant here to exert fifth amendment privilege and protection. The Pro Se defendant so submits he is unable to conduct any needed and necessary discovery of plaintiff United Capital Management of Kansas Inc. and the person of CHAD KOEHN due to underlying protective orders sought by Chad Koehn through what Chad Koehn describes as a "mountain of evidence", provided to authorities, none of this "mountain of evidence" attested to under the penalties of perjury by Koehn, has been provided to the defendant in this matter, nor can it given the parallel criminal charges and claims of pending charges. **The "fishing expedition" sought through discovery by the plaintiffs would severely violate the rights of the pro se defendant.**

Even if good cause exists, warranting 26f conference, the court must balance the interests in allowing discovery against the relative burdens to the parties and **nonparties (i.e., the public).** As well as balance and weigh the Constitutional issues presented by the parallel criminal matters and those threatened criminal prosecutions stemming from the same nexus of

events and complaints of the plaintiff here in their SLAPP suit initiated in State Court, and

removed here by the Pro Se Defendant. The party seeking disclosure has the burden to show that

the information sought is relevant and necessary for discovery in the litigation. *In re Remington*

*Arms Co, 952 F.2d 1029 (8th Cir. 1991)*; In re Coordinated Pretrial Proceedings in *Petroleum*

*Prod. Antitrust Litig., 669 F.2d 620 (10th Cir. 1982)*. As to the public, the court must balance the

potential harm to the litigants' interests against the public's right to access to court files. Any

protective order must be narrowly drawn to reflect that balance. *Citizens First Nat'l Bank of*

*Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999)*. However, here the pro se

defendant must exert fifth amendment privilege to virtually all discovery as the SLAPP suit of

the plaintiffs infers direct correlation to underlying parallel criminal proceedings and threatened

new criminal charges and proceedings. Yet, now Larry Michel has a conflict with his son in law,

his daughter and the attempts the pro se defendant has had in obtaining legal counsel and the

legal counsel which was hired to deal with more parallel matters which Chad Koehn caused to be

filed as a direct result of that situation that has greatly diminished the pro se defendants funds

available for legal counsel and caused conflicts which certainly must violate the Rules of

Professional Conduct. Again a stay in this matter greatly reduces the burdens upon the Court

and the conservation of judicial resources for judicial economy of the action here.

The party or person seeking order bears the burden of "good cause." They must make a

clear showing of a particular and specific need for the order. The "need" is typically a showing of

the harm or prejudice that would follow disclosure. *Blankenship v. Hearst Corp., 519 F.2d 418,*

*429 (9th Cir. 1975)*. Here the pro se defendant must as a matter of RIGHT assert fifth

amendment protections to disclosures and discovery in light of the parallel criminal proceedings

and those new and threatened criminal proceedings threatened by the plaintiff and counsel.

Much of the delays in the case to date has been as a direct result of the plaintiffs bad faith in the filing of the underlying frivolous incongruous SLAPP litigation, which they laid in wait nearly a year prior to making any attempt at all of serving the complaint. The plaintiffs as is obvious had devious plans to entrap and cause many multitude of simultaneous litigations to be filed at once on different ends of the Country knowing that no reasonable person would be able to defend all these litigations simultaneously and deal with the plethora of claimed criminal proceedings, and now those which Larry Michel states are more "pending" criminal charges. All stemming from a business dispute, this abuse of the legal and justice system is evident as if the fact Craig Brand lays out this very strategy in the book he authored and his ongoing public statements about the same. The plaintiffs then served a complaint replete with racial slur, and did so in a manner to exact physical damage to the pro se defendant. The matter was first filed to a State county court and the pro se defendant filed to remove the case here to the US Federal District Court, without voluntarily nor involuntarily submitting to jurisdiction, personal nor subject matter, as the service of process was not correct, and the matter as produced by the plaintiffs would better serve Judicial Economy in another District, namely where other cases are pending including a presumed appeal of the underlying employment matter to presumably the NEVADA SUPREME COURT, according to sworn testimony of the plaintiffs conspirator in the alleged RICO organization they are involved through their investment in a series of companies in material dispute as to legitimacy of the triangular "reverse" "short-form mergers", without the proper notice to shareholders. The plaintiffs self admit to being Federally regulated and thus licensed, and issues proceeding in other Districts directly relate hereto the matter at bar, in regards to various claims involving "smurfing" a type of money laundering which the Courts have recognized "reverse short-form mergers" are a sign, and adding now that the plaintiffs

claim "triangular reverse short form mergers of merger subs" creates a situation of protracted and complex litigation while the parallel criminal matters persist with identical parallel discovery and the fact Chad M. Koehn claims "MOUNTAINS" of evidence in a sworn affidavit.

In addition and specifically with the Magistrate Judge's Order in document 70, filed on 16 May 20222, prior to the lapse of time provided for the Pro Se defendant to submit Answer and other responsive pleadings including preliminary counter and cross complaints to the jurisdiction of the US Federal Court, and not specifically admitting nor voluntarily or involuntarily submitting to the jurisdiction of the US District of Kansas Federal Court; the Court must as a matter of law decide on the substantive issues of Jurisdiction both personal and subject matter, weighing all the burdens upon the parties and the Court, as well as each of the parallel matters including those parallel criminal matters in light of the pro se defendants constitutional rights. The Courts have continually held that in light of constitutional protections, civil cases should be Stayed in the interests of the parties, the PUBLIC and certain judicial economies.

The Magistrate Judge's Order errors in not accounting for the parallel criminal matters and the claimed pendency of criminal charges orchestrated by Mr. Brand, claiming charges pending in Kansas, Colorado and California. The Pro Se defendant has constitutional rights which warrant protection. Allowing discovery at this early stage, when so many varying dispositive motions continue without ruling and so many appeals and presumed interlocutory appeals bifurcated to multiple types of Federal Courts, is to invite disaster and the perception of unfair judicial proceedings by the average member of the public. The rights of the parties in their inviolate right to constitutional protections in the face of criminal proceedings stemming from the same nexus of events and having both plaintiffs referenced multiple times in criminal proceedings gives rise to the need first examine the dispositive motions prior to any conference.

Even before the time had expired for the PRO SE defendant to file "answer" and other responsive pleadings before the Court, to the underlying originating petition now amended to remove RACIAL SLUR against the person of the PRO SE defendant; the Magistrate Judge has issued an Order regarding discovery and other conferences in this civil matter, wherein the Pro Se defendant must assert Fifth Amendment protections, and thus is unable to participate in said conference.

Not all claims and defenses are at issue, according to the plaintiffs themselves and certainly not all parties are joined, none-the-less even if all claims and defenses are at issue, still there are multiple dispositive motions including those for dismissal which continue without decision and could also be subject to reconsideration appeals and interlocutory appeals, ergo it is in the interests of the parties and the Court under judicial economy and the various other courts and parallel matters that a rule 26f conference is not warranted at this early stage, when the case has yet to be fully determined if it should proceed at all nor if it should proceed in Kansas at all.

The Pro Se Defendant being attacked in multiple courts and via a multitude of complaints all orchestrated by Craig Brand and his alleged conspirators, in the HERC crypto stock coin, a self created CRYPTO CURRENCY, is unable to substantially prepare for the hearing and conferences ordered by the Court, and certainly has a direct conflict with the date of the "scheduling conference" set by the Court. The pro se defendant again raises now for the District Court the issue of STAYING THE PROCEEDINGS pending resolution of all the parallel criminal matters, as the burden upon the Court is so great as to require multitude of hearings whilst the Pro Se defendant has rights under the fifth amendment and cannot be forced to violate constitutional rights while defending against the RETALIATORY actions of the plaintiff's in their SLAPP lawsuit removed from State Court here to the Federal Court, by the pro se

defendant himself.  The multitude of civil actions, which constitute SLAPP = Strategic Lawsuits

Against Public Participation and other actions commenced through the orchestration of Craig

Brand, pursuant to his road map for the destruction of other human beings through the misuse

and abuse of the American Judiciary as he well lays out in the book he himself authored, "I don't

care what mom says: LIFE SUCKS", by Craig A. Brand; case in point:

**"...wham,** you are in court and **the accused must go through a long, lengthy, tiring,**

**stressful and expensive process merely to prove his or her innocence.** In spite of what you

have read about our system of justice, **we are all guilty until proven innocent**, and **we are all**

**innocent until we run out of money**… people wind up **paying some form of legal extortion**

just to get out of the drama. The **bad guys** and **their shyster lawyers know it**." id page 97

The Pro Se defendant already has intense meetings, with multiple witnesses, attorneys

and consultants who have the need of extended travel in order to prepare for yet another TRIAL

and those plans including final trial preparation between 25 July and 15 August 2022, and **as the**

**Court can confirm there is a trial set for 16 August 2022, in Bartlesville Oklahoma, before**

**Judge: VACLAW, RUSSELL C. Oklahoma Case 2021-00156**; that trial has as it's "plaintiffs",

Anthem and Cynthia Blanchard, who are officers and board members of every one of the

companies integrally involved here, Anthem Vault, Anthem Gold, AG Herc, Herc Crypto

Currency Stock Coin, Anthem Bunker, Anthem Holdings Company, Hera Software Development

Inc., and dozens of other companies.  Chad Koehn publicly discloses conflicts between himself

and co-plaintiff United Capital Management of Kansas Inc. with that of Anthem Holdings

Company.  It is Hera Software Development Inc. which Chad Koehn and co-plaintiff publicly

and through their own hand issue a multitude of public advertisements and press releases

claiming to have led financing for Hera Software Development Inc. which publicly claims

technology of the INITIAL COIN OFFERING, CRYPTOCURRENCY "stock" COIN, known as HERC, and it is Craig Brand who publicly claims to be a crypto and cyber legal and policy expert for the same; as is well referenced in the docket and via the public regulatory disclosure statements and public facing advertisements already included in the docket to date.

Any would be defense of Chad Mitchell Koehn and United Capital Management of Kansas Inc. obviously include those persons involved in the parallel criminal matters, and Koehn himself suggests and swears on affidavits to pending criminal charges in Kansas (where the pro se defendant has never been) and Colorado (where Brand claims residency) and California. ERGO the Pro Se defendant is unavailable to participate nor prepare properly or materially for the conference scheduled by the Magistrate Judge scheduling said conference even before the time has expired for the Pro Se defendant to file preliminary answer and counter and cross complaint, and the various motions to dismiss the SLAPP petition filed in the County Court as means of judicial harassment and abuse, as Craig Brand well lays out in his book.   Specifically the date 2 August 2022, is right in the middle of the **preparations for the trial 16 August 2022**.

Due to the international nature of the allegedly materially false publicly facing advertisements, and materially false statements affecting global financial markets and market manipulations and statements of fact by Chad Koehn etAl. and HeraSoft, specialized subpoena is needed through the US State Department pursuant with Federal Law.   Given the fact this implies and directly states a partnership which must be valid under requirements of US Law with the proper governmental approvals available directly from the US Federal Government.   It appears to imply the attachment of New York based Warburg Pincus, and other public entities, dictating involvement under Dodd Frank, Sarbanes Oxley and their progeny; including False Claims Act. Even market manipulations involving materially false information which gives rise to NYSE and

NASDAQ regulations and Federal Securities Laws; without limitation exchange violations, which means this case continues to grow into causing additional litigations in other US Districts, absent a removal to the US District of New York, which has preferred standing in this matter, given the International aspects and claims of Koehn etAl.   To among other things be endorsed by <u>divisions of the United Nation</u>s, located in New York City, New York, and the various crypto currencies and crypto currency hedge funds of Koehn etAl. trading in New York on the exchanges in New York and the fact United Capital Management of Kansas Inc. is regulated by the exchanges in New York, and under the Investment Advisers Act.   All in all given the numerous conflicting issues and obvious number of dispositive motions which will make discovery moot and a waste of the parties time and negatively affect the judicial economy of both this Court and various other Courts, both State and Federal, it is in the interests of all including the public at large for the parties to not have a rule 26f conference nor allow discovery now.

The Pro Se defendant again Motions and raises concerns for a Stay of these proceedings as the Pro Se defendant is without the financial resources to afford representation in this civil matter.   The Pro Se defendant will separately motion for appointment of counsel given the issues involving the False Claims Act, misuse and abuse of the legal process by the plaintiffs, the obvious SLAPP nature of the plaintiffs petition, the fact when the pro se defendant has been able to secure counsel in Kansas to deal with the frivolous protective order filings, the firm hired which has a civil litigation team, has within that group of attorneys the son-in-law of lead attorney Larry Michel, and the husband of another partner of Kennedy Berkley Yarnevich and Williamson thereby indicating a direct conflict.   In the eyes of the public at large even the appearance of impropriety should be avoided at all costs in litigation if the faith and trust in the judicial system is to be upheld by the public at large.   Given when the Pro Se Defendant has

found representation in Kansas to deal with the protective orders sought by Koehn, the civil litigation attorney at the firm turns out to be Larry Michel's son in law, who had grilled the pro se defendant about information in the civil case, warranting caution for the Court as there must be Rules of Professional Conduct regarding, family members on opposite sides, especially wherein the Pro Se defendant has learned, the son in law of Larry Michel is married to Larry Michel's daughter who is also a partner at Kennedy Berkley Yarnevich and Williamson Chartered.

The Pro Se defendant must be afforded the opportunity to receive refunded retainer and retain inexpensive counsel, and be afforded FIFTH Amendment Rights, which should not be trampled upon in this SLAPP styled Civil Litigation. All stemming from the same identical nexus of events, all orchestrated by Craig Brand, who has demonstrated clearly before this Court his willingness to LIE on the affidavit he himself files to the Court.  Just as Craig Alan Brand states clearly in the book he authored to the world:

**"I [Craig Alan Brand], for instance, <u>have championed the art of disinformation.   I intentionally *provide people with false information* [Emphasis Added]</u>."** Id. page 118.

The Pro Se defendant has many hundreds of pages of discovery in the parallel criminal matters to digest and is still waiting on transcripts of sworn testimony by alleged co conspirator of CHAD KOEHN and president of Anthem Holdings Company, also listed on Koehn's affidavit for seeking a protective order, in yet other parallel criminal matters out of the same nexus of events, where the PRO SE defendant is a "significant equity interest" holder, by legal definition greater than 10% equity in all classes of stock in a variety of companies located around the United States and around the world.  Wherein Chad Koehn etAl. has caused a multitude of

corporations and legal entities or monikers of his person to be created in Tax EVASION jurisdictions pulling within their boundaries the intellectual property developed by the pro se defendant in the US District of Nevada. The President of Anthem Holdings Company, Anthem Vault Inc. and Hera Software Development has testified under oath that Craig Brand has filed appeals to the NEVADA Supreme Court, regarding the unemployment claims of the Pro Se Defendant here, who is defending parallel matters in a host of jurisdictions all stemming from the same whistleblower complaints to SEC, CFTC and FTC in regards to allegedly illegal securities sales, unregistered and unlicensed securities sales and Market Manipulations of Crypto Currencies and crypto stock COINS in Initial Coin Offerings through false press releases.

Litigation in the US District of New York is believed forthcoming concerning Chad Mitchell Koehn and United Capital Management of Kansas Inc. and other entities associated with and affiliated to and under control of Chad Mitchell Koehn etAl. which relate directly CRYPTO CURRENCIES and Coins and the issuance of those currencies and sale in New York and the facilitation of illegal market manipulations and trading of those currencies in contravention to US Law, the subject of some of the whistleblower filings by the pro se defendant and others. Koehn etal. has numerous companies located in New York, which allegedly trade illegally on the US Federal Resources of the US government, foreign nations and various State governments.

The Order of the Magistrate Judge states: "By July 26, 2022, plaintiffs must submit the completed report of the parties' planning conference to the chambers of the undersigned magistrate judge, along with copies of the parties' Rule 26(a) initial disclosures." By mandating this date, due to the parallel criminal matters and the multitude of other cases orchestrated to overwhelm any reasonable person and certainly waste the judicial resources of the Courts not

just there in Kansas but across the United States as is the well intended litigation strategy of

Craig Brand, it is impossible for the Pro Se defendant to be able to meet the deadlines established

as there simply is not enough time in the days to provide for a defense to the plethora of SLAPP

cases and parallel criminal matters stacked against the pro se defendant.

The order of the Court must mandate that the defendant receive a copy of any final report

and that the Plaintiff's deal in good faith with the Pro Se Defendant, absent orders of the Court as

seen in the docket the Plaintiffs will continue to materially violate the rights of the Pro Se

defendant in this matter, as they have done to date and continue to do so in other cases.  The Pro

Se defendant has a right to receive a copy of the report and a right to receive copies of any

materials or other notices the plaintiffs provide to the Court.  The PRO SE defendant should have

advanced copies of all materials presented to the Federal Magistrate in any hearing in the matter

and should have the right to an advanced copy at minimum at the same time one is presented to

the Court, as the rules dictate that when the time is ripe for discovery the Pro Se defendant,

should at a minimum be granted the opportunity to materially participate in discovery.  Whereas

now the Pro Se defendant is barred from participation in discovery due to the parallel criminal

matters and their pendency in addition to the fact protective orders prevent any discovery of

Chad Koehn or United Capital Management of Kansas Inc. and against other parties with

discoverable information while parallel criminal matters continue.

Wherefore even this very Court in the US District of Kansas has recently stated in an

eerily similar case, that "The court is not persuaded that setting a Scheduling Conference here is

practicable.   Where, as in this case, **the operative complaint is challenged by a motion to**

**dismiss,** delaying discovery until the claims and defenses in the case are better defined, **reduces**

**expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources**.

The court shall wait until the pending motion to dismiss is decided before setting a Scheduling Conference." *See, PIPELINE PRODUCTIONS, INC., and BACKWOOD ENTERPRISES, LLC, vs. THE MADISON COMPANIES, LLC, and HORSEPOWER ENTERTAINMENT, LLC 5:15-cv-04890-KHV*

"The moratorium on commencing formal discovery imposed by Rule 26(d) may be removed by court order. The burden is on plaintiffs to show a need for pre-Rule 26(f) Discovery." Id. One prominent commentator has opined that "it is implicit that some showing of good cause should be made to justify such an order." *8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2046.1 (3d ed. 2010).* Wherein here the pro se defendant lays out sound reasoning for a stay of the proceedings and the means **for the Court to save considerable judicial resources** and have judicial economy in the creation of substantial justice in this and other matters in the interests of the parties and the public at large, who the Courts also serve and have at their means the ability to **greatly reduce the expenses here to the parties and the Court itself and thus the American People** by eliminating many needed and necessary motions and hearings in favor of a stay of these proceedings so that discovery efforts are not duplicated here and in the plethora of other legal entanglements and provides the opportunity for the actual plaintiffs to retain non conflicted legal counsel.

**"A stay of discovery pending the determination of the plethora of dispositive motions to dismiss prevents the wasting of time and effort by the parties, and makes for the most efficient use of judicial resources."** id. Especially wherein here the underlying state petition appears based on the facts and even in light most favorable to the plaintiffs to infer a SLAPP = Strategic Lawsuit Against Public Participation, especially wherein the proof in the

positive exists indicating issues of National PUBLIC concern in the misuse and illegal use of US Federal Resources by the plaintiffs themselves.

The Court does have discretion to stay discovery "for good cause shown." *FED. R. CIV. P. 26(c)(1); accord Landry v. Air Line Pilots Ass'n Int'l AFL-CIO, 901 F.2d 404, 436 (5th Cir. 1990).* Especially so true here where there exists issues of fifth amendment privilege given the currently proceeding parallel criminal matters and the new threatened criminal pendency of charges in Kansas, Colorado and California, where as even recently Larry Michel has penned that there are to be "pending" criminal charges, indicating more than just the currently proceeding criminal matters, this is obviously done by Larry Michel as a threat, or passive aggressive stance to threaten more criminal proceedings calling those "pending" criminal proceedings, in order to further stress the pro se defendant and cause yet further delays and hesitation in the processes and is certainly against the interests of Justice. The pro se defendant cannot be forced to participate in disclosures or discovery being mandated to choose between criminal defense, protective order defenses and this civil SLAPP lawsuit defense, as the plaintiffs conspire to overwhelm the Court and various other courts in their SLAPP styled legal assaults, aimed at any perceived dissenting significant equity interest shareholders.

Wherefore the Pro Se defendant requests the following of the Court:

1.  STAY of the Action pending completion of all parallel Criminal Matters

2.  Stay of all discovery pending the resolution of the plethora of dispositive motions to dismiss, which may require per Local Rules separate hearings.

3.  A resetting of the scheduled "Scheduling Conference" as the day and time the pro se defendant is unable to materially prepare nor attend do to trial preparations of trail to begin 16 August 2022

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 16th day of June 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

### Certificate of Service:

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn. IN NO way shape or form is the defendant suggesting nor inferring that any filing, pleading or notice be provided, shown or communicated in any way to the person of Chad Mitchell Koehn.

Respectfully Submitted, this 16th day of June 2022.

<u>Michael Nelson - Pro Se</u>

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: <u>oklahomaremote</u> @ gmail.com