# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. and CHAD M. KOEHN<br><br>　　　　　Plaintiffs,<br>　　v.<br>Michael Nelson<br><br>　　　　　Defendant ;　　PRO-Se. | **DOCKET NO.:**　　5:22-CV-04008-JWB-GEB<br>**CIVIL ACTION**<br><br>**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal Under Rule 72**<br><br>**[Jury Trial Demanded]** |

Defendant, makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of filing **Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal Under Rule 72**, as the pro se defendant was informed of the denial of the motions, via an email from opposing counsel Mr. Christopher Kellogg, the pro se defendant, Nelson, does so herein and now file this appeal in the interests of substantial justice, judicial economy, for purposes to conserve judicial resources and pursuant to protection of Constitutional Rights together with substantial case precedents, laws, statutes, cases of firm impression, Supreme Court Cases and in the general interests of justice the pro se defendant so herein now alleges and states:

"When faced with the issue of either allowing a civil action to proceed or protecting the Fifth Amendment rights of individual defendants against self incrimination, the majority of courts have consistently chosen the latter."

See eg. Wehling v. Columbia Broadcasting System 608 F.2d 1084, 1089 (5th Cir. 1979) ("[although a three year hiatus in the lawsuit is undesirable from the standpoint of **both** the court and the defendant, **permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and this lawsuit.**"); White v. Mapco Gas Products, Inc.

================================================================================

**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

- 1

116 F.R.D. 498 (D.C. Ark 1987); Dienstag v. Bronsen, 49 F.R.D. 327 (D.C.N.Y. 1970); US v. Steffes, 35 F.R.D. 24 (D.C. Mont. 1964).

**Unqualified right given by** *Section 272 of the Judicial Code, 28 U.S.C. 394*, <u>to parties in all the courts of the United States</u> to **'plead and manage their own causes personally.'**

<u>**PLEASE TAKE NOTICE:**</u> The **<u>Pro Se Defendant has RIGHTS too. Among them is the FIFTH Amendment to the US Constitution.</u>** PRO SE defendant, Michael Nelson, Hereby does move the Court for an Order Staying this civil action against PRO SE defendant pending conclusion of the **parallel criminal proceedings pending against the same and only defendant here who is at present unrepresented in this SLAPP style civil action** commenced in parallel to criminal proceedings. Judicial economy and constitutional rights warrant a STAY of the current proceedings in this Civil Case. AS set forth more fully in Defendants' Memorandum of Points and Authorities, this Motion is made on the grounds that a stay of this civil action is <u>necessary protect the Fifth Amendment rights</u> of the PRO SE defendant in connection with criminal proceedings arising from underlying facts that give rise to this frivolous SLAPP action, as already stated by Cynthia D. Blanchard under oath in probable cause hearing on 29 March 2022, wherein and when in fact CHAD KOEHN did have the PRO SE defendant also served with a no contact order and CHAD KOEHN apparently self identified therein as "MALE" in the petition, incited special interstate acts to protect WOMEN against domestic violence, although the Pro Se Defendant has NEVER met Koehn nor ever stepped foot in the State of Kansas. CHAD KOEHN cities additionally in his request for protective order, which unfairly hampers the ability of the pro se defendant here to conduct any discovery whatsoever,

================================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

- 2

Koehn states as reasons those including relationships to Cynthia D. French / Blanchard who he lists as "PRESIDENT of ANTHEM HOLDINGS COMPANY". CHAD KOEHN also lists attorney Larry Gene Michel and Craig Alan Brand as "witnesses", with their contact information on the affidavit signed under penalties of perjury, all while also stating he seeks criminal charges against the pro se defendant in this civil litigation, thereby forcing the pro se defendant to invoke fifth amendment privilege thus mandating in the interests of justice a STAY to these civil proceedings. I cannot possibly prepare for all the legal entanglements simultaneously.

**The PRO SE defendant cannot voluntarily choose between the civil defense here, the protective order criminal defense, the pending criminal charges and the parallel criminal defense matters directly related hereto in Oklahoma, Kansas, Colorado and California.**

CHAD KOEHN also so lists the name CRAIG BRAND, and implies CRAIG ALAN BRAND has also filed criminal charges against the PRO SE Defendant, mostly likely as retaliation for bar complaints and grievances filed against Craig Brand, as is evident here in this matter to date Craig Brand enjoys use of extrajudicial, parallel judicial and general harassment and intimidation as litigation strategies to this SLAPP litigation initiated at the behest of his SPONSORING law firm Kennedy Berkley Yarnevich and Williamson Chartered. **The civil action should be stayed as PRO SE Defendant is the only person that can speak on behalf of self as is evident.** <u>The PRO SE defendant will be greatly prejudiced by inability to meaningfully defend in this civil action.</u> Defendant is being "bullied" by "shyster" attorneys; [term "shyster" accredited to the Craig Alan Brand in his book … <u>"I Don't Care What Mom Says: LIFE SUCKS"</u> page 97]. There is not a meaningful way for the pro se defendant to

===========================================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

assist himself in preparation of disclosures nor a 26f conference, especially wherein opposing counsel refuse to return emails discussing the matter, esi, adr, ene, mediation, a brief regarding the case, and insist just in days of telephone calls, when I must prepare and have other hearings.

The interest of BOTH plaintiffs will be unaffected by a stay. A stay is permitted where the alleged harm to the plaintiff(s) Jones, supra at 2; *See also Taylor, Bean, & Whitaker Mortgage Corporation v. Triduanium Financial, 2009 WL 2136986 (E.D. Cal. 2009)*(granting a stay despite plaintiff's argument that it will be more difficult to recover losses if the case is stayed).

Moreover, **the delay associated with a stay <u>does not overcome the paramount concern of protecting constitutional rights. Cota, supra at 3.</u>**

Though a "STAY" is not ideal, however, given the circumstances and new information coming forward regarding the frivolous charges sought by CHAD KOEHN in his affidavit presented for a protective order, against being forced into a sexual act or being taken advantage of when he is "incapable of giving consent", or contacting Koehn or any employee of UCM etc., combined with the plethora of averments he makes in his sworn affidavit supporting his protective order, the PRO SE defendant cannot reasonably proceed in the proceedings being forced to choose between defending the frivolous petition and violating his FIFTH Amendment RIGHTS, either in the parallel criminal proceedings nor in the threatened criminal proceedings in Kansas, Colorado and California, which Koehn claims are pending. The PRO SE defendant has in the past to date even looked to the Court of guidance and has sought resolution at every available moment. The plaintiffs refuse to participate in any mediation or other resolution, as it

===============================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

- 4 -

is evident the litigation is a SLAPP litigation designed together with other parallel criminal proceedings to allow the Plaintiffs to make a "fishing expedition" into the pro se defendant who has the basic constitutional right under the fifth amendment in the face of multiple criminal proceedings from the same nexus of events, involving protected communications during employment with the genesis company Anthem Vault Inc. in the US District of NEVADA, where its president claims under oath Craig Brand is pursuing a sixth (6th) appeal to the NEVADA Supreme Court, regarding the employment matters there; whilst the conspirators seek criminal charges against Nelson for purported "stalking" via claims of emails to governmental officials. Defendant makes direct statement on page 15 of Document 23: "The Defendant so requests instructions and orders of the court with regards to any corrective pleadings that need to be addressed or so made for the efficient management and running of the Court's great work in the prompt resolution of the matters of this frivolous and malicious prosecution of petition. As the defendant wishes to mitigate the costs to the Courts, himself, the parties and the citizenry of these United States of America where-ever possible." The interests of justice and judicial economy are best served in the interests of a STAY of the current civil proceedings while the parallel criminal matters are resolved via trial by jury. AND while Brand pursues the stated appeals to presumably the NEVADA SUPREME COURT, as stated by Anthem Holdings Company, president, Cynthia Blanchard in sworn testimony in the parallel criminal matters.

  A stay of this action is justified and should be granted. Certainly in the interests of Judicial economy and to conserve judicial resources. This civil action commenced by Plaintiffs United Capital Management of Kansas Inc. and CHAD M KOEHN against the PRO SE

===============================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

Defendant arises from the same nexus of facts and events that triggered false and fraudulent criminal matter in the 11th Judicial District of Oklahoma, and in which Chad M Koehn states in affidavit he is fraudulently pursuing the same against the Pro Se Defendant in Kansas and states Larry Michel and Craig Brand attorneys for Koehn and UCM etAl have actions against the Pro Se defendant in Kansas, Colorado and California, as all are conspiring in predatory COLLUSION to simultaneously file a plethora of legal proceedings against the PRO SE defendant, a whistleblower regarding three underlying entities (corporations) located in NEVADA, where Brand is said to be pursuing a final employment appeal to the NEVADA SUPREME COURT.  It is an impossibility for the pro se defendant here to meaningfully participate in either discovery nor trial while criminal matters are pending and sought by the plaintiffs and their co conspirators.  The pro se defendant has Fifth Amendment Rights.

**Pro Se Defendant should not be forced to choose between defending himself in this action and preserving his Fifth Amendment rights.**   In light of the particular circumstances of the conspiracy between the Plaintiffs and their representatives and the evident RICO enterprise they are involved, the so-called victims in the criminal matter in Oklahoma, together with the fact CHAD M KOEHN's name is used constantly along with United Capital Management of Kansas Inc. in witness testimony already, proferred and so testified to under oath and the overlapping time constraints and costs to defend in multiple Courts simultaneously, involving substantially the same set of facts and events, warrants a STAY of the Civil proceedings in the interests of Judicial Economy and in the interests of protecting the unrepresented Pro Se defendants CONSTITUTIONAL RIGHTS.  The pro se defendant, the Courts and the public all

======================================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

have an interest in a STAY of the Proceedings here. The fact that redundant litigations proceed simultaneously where the pro se defendant's Constitutional Rights are violated, provides standing alone for reason for the Court to initiate a STAY of these Civil proceedings in light of the overwhelming interest of ALL the parallel criminal proceedings.

**A STAY is justified in the interests of substantial Justice, to all parties, the Court and the public at large.**

Although the PRO SE defendant has previously communicated concern for the parties to expeditiously resolve the dispute in the underlying matter having even stated on page 16 of 22 pages in Document 8: "equally and respectfully to this Honorable Federal Court, seeks the prompt and most expeditious resolution to this matter now before the Court." The PRO SE defendant would be remiss not to respectfully request a STAY of the proceedings pending the resolution of the parallel criminal matters, which has seen both plaintiff's names used a plethora of times in testimony by Cynthia D. Blanchard under oath and in a variety of evidence submitted at bar in the parallel criminal matter, in the 11th Judicial Court of Oklahoma. Also on page 16 of Document 8, the PRO SE defendant at (20) also states:

> "The undersigned defendant, seeks prompt resolution of the matter complained of in the originating state petition, although believes the originating petition to be frivolous and malicious, as the state docket so indicates, <u>no efforts were made by the Plaintiffs to effect any process of service upon the person of the Defendant</u>, nor any notice was made to the defendant regarding the existence of the state petition for nearly a year. A petition as previously pleaded to, which was replete with racially motivated HATE speech."

Therefore certainly the defendant has wanted to see prompt resolution of the matter at bar, however, given the changing circumstances and claims of Cynthia D. Blanchard, President

===========================================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

of Anthem Holdings Company, in sworn testimony, the claim Craig Brand is appealing the findings in favor of the pro se defendant here to the NEVADA SUPREME COURT, in the employment matter there; and the affidavit of CHAD M KOEHN stating pending criminal charges in Kansas, Colorado and California. The interests of Justice are most effectively served in ALL parallel criminal matters by STAYING the civil proceedings, pending resolution of the parallel Criminal Proceedings, wherein this Court shall save considerable Judicial resources as not to have redundant discovery processes running simultaneously as the criminal matters certainly have already yielded 1,000's documents AND the pro se unrepresented defendant here must exert fifth amendment privilege to virtually any and all discovery in this matter, especially wherein the Pro Se defendant is without representation in the Civil proceedings, and has exhausted any probability of finding reasonably priced representation in Kansas, given the fact even the law firm hired for the protective order trial in Kansas, has conflicts as to their civil litigation team consisting of the son-in-law of Larry Michel and husband of a partner in the firm Kennedy Berkley Yarnevich and Williamson, the pro se defendant cannot appreciate the gravity of the situation and cannot be forced to materially participate in discovery due to invocation of Fifth Amendment rights, especially given the plethora of commenced and threatened prosecutions, where the pro se defendants Constitutional rights would be violated.

   **Recently, Federal Courts have taken to stay civil cases where the defendant, here is just ONE and is PRO SE.** Stayed civil proceedings pending the resolution of criminal proceedings in cases involving facts remarkably similar to those of this case *SEE: Continental Insurance Co. v. Cota 2008 WL 4298372; Jones v. Conte 2005 WL 1287017*

========================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

**This civil proceeding should be stayed, as the PRO SE defendant is the sole and only defendant in this matter.** The PRO SE defendant is the only person to be able to speak on behalf of himself. To force this civil litigation to continue in view parallel to the criminal matters now proceeding and those threatened by the plaintiff in affidavits Chad M Koehn, stating pending criminal charges in Kansas, Colorado and California, is to violate the basic and fundamental civil rights and liberties of the PRO SE defendant including without limitation those under the Fifth Amendment.

The PRO SE defendant requests, as the Courts have for many centuries held that when parallel civil and criminal cases proceed **that the Civil case should as a matter of law be STAYED, pending the resolution of the criminal matters.** It is in the interests of the parties and the interests of the Courts, especially in Judicial Economy, as well as the interests of the PUBLIC at large in the management of cases and for the public concern that in the interests of fairness and constitutional rights, the PRO SE defendant not be made to choose between defense of a frivolous malicious SLAPP civil litigation and the rights under the FIFTH amendment without limitation as it relates to criminal matters brought on by fraudulent inducement of reports and testimony replete with perjury by the coconspirator of the plaintiffs in predatory COLLUSION against the PRO SE defendant, a "significant equity" holder of companies underlying the disputes in all these matters, inclusive of Brand's reported appeal to the NEVADA SUPREME COURT of the employment matters in NEVADA.

A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader

===========================================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

civil discovery rights <u>or to prevent the exposure of the criminal defense strategy to the prosecution</u>. *Dresser,* 628 F.2d at 1375-76. In this case, Pro Se Defendant challenges the effect of the proceedings on Fifth Amendment rights, and i<u>nability to materially participate in providing any form of discovery</u> to the plaintiff's, who are BOTH are directly referenced in the testimony of Cynthia D. Blanchard on 29 March 2022, in a probable cause hearing, in the currently proceeding parallel criminal matter.

**The pro se defendant cannot voluntarily choose between the civil defense, the protective order defense and the criminal defenses.**

**<u>The rights of the pro se defendant to invoke 5th amendment privileges must be inviolate</u>** and <u>not be further eroded by this or other SLAPP litigation strategies.</u>

Law dictates that all motions should be stayed in light of the Motion to dismiss based on the fact the State Petition filed by the plaintiffs is shown to be a SLAPP petition aimed at constitutionally protected rights under BOTH the Kansas State Constitution and US Constitution.

**The mere implication of PRO SE defendant's FIFTH Amendment Rights; Warrants A Stay of this Action Pending Completion of the Criminal Proceedings.** Twice recently stays in civil proceedings pending the resolution of criminal proceedings have been granted, as the fundamental rights of the parties must be protected as a matter of Constitutional Law. *Continental Insurance Co. v. Cota* 2008 WL 4298372 (ND Cal. J. Conti presiding); *Jones v. Conte* 2005 WL 1287017; as set forth in both cases: "[t]he decision western to stay civil proceedings in the face of a parallel criminal proceeding should be determined based on the

==================================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

- 10 -

circumstances and competing interests involved in the case". *Keating v. Office of Thrift Supervision 45 F. 3d 322 (9th Cir. 1995)*

<u>The Courts have adopted a 5 pillar approach:</u>

1. The extent to which the defendant's Fifth Amendment rights are implicated
2. The interest of the plaintiff in proceeding with the litigation and the potential prejudice to the plaintiff of a delay…**emphasis to delay, as plaintiffs delayed their service of process for nearly a year as they laid in wait planning the EXECUTION (murder) of the defendant in conspiracy of predatory collusion with Craig Alan Brand and their co conspirators, creating a multitude of simultaneous legal entanglements on the heels of their 4th and 5th appeals of the Judicial case in the US Distric of NEVADA being found in favor of the pro se Defendant Here**
3. The <u>convince of the court and efficient use of judicial resources</u>
4. The interests of third parties
5. The interests of the public ('Keating Factors')

In *Jones v. Conte 2005 WL 1287017 (ND Cal)* it was recognized "[t]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Jones* citing *SEC v. Dresser Indus, Inc. 628 F.2d 1368 (DC Cir 1980)* "The Court finds that a stay is proper because '[I]f discovery moves forward, [the] defendant will be faced with the difficult choice between asserting [his] right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case" citing *Javier H. v. Garcia-Botello 218 FRD 72 (WDNY 2003)*

**When faced with the issue of either allowing a civil action to proceed or protecting the Fifth Amendment rights of individual defendants against self incrimination, the majority of<u> courts have consistently chosen the latter.</u>**

===============================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

- 11 -

**The FIFTH Amendment; To "plead the Fifth"** means you have the right not to answer police questions both while in custody or in court. The right against self-incrimination is spelled out in the **Fifth Amendment** to the U.S. Constitution and also extends to state and local jurisdictions. When someone exercises this right, we often say that they "plead the Fifth."

The right against self-incrimination is rooted in the Puritans' refusal to cooperate with interrogators in 17th century England. Some were coerced <u>or tortured</u> into confessing their <u>religious affiliation</u> and were <u>considered guilty if they remained silent</u>. English law granted its citizens the right against self-incrimination in the mid-1600s, when a revolution established greater parliamentary power. Puritans who fled religious persecution brought this idea with them to America, where it would **eventually become codified in the Bill of Rights**. Today, courts have found the right against self-incrimination to include testimonial or communicative evidence at police interrogations **and legal proceedings.**

To protect these interests and to preserve these values, the privilege is not to be interpreted literally. Rather, the sole concern is, as its name indicates, with the danger to a witness forced to give testimony leading to the infliction of penalties affixed to the criminal acts. *Ullmann*, 350 U.S. at 438–39

Furthermore, the privilege afforded not only extends to answers that would in themselves support a conviction but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute. *Hoffman v. United States, 341 U.S. 479, 486 (1951)*; *see also*

===================================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

*Emspak v. United States*, 349 U.S. 190 (1955); *Blau v. United States*, 340 U.S. 332 (1951); *Blau v. United States*, 340 U.S. 159 (1950).

The privilege against self-incrimination parries the general obligation to provide testimony under oath when called upon, but it also applies in police interrogations. In all cases, the privilege must be supported by a reasonable fear that a response will be incriminatory. The issue is a matter of law for a court to determine, *E.g., Mason v. United States*, 244 U.S. 362 (1917) and therefore, with limited exceptions, one must claim the privilege to benefit from it. The primary exceptions are for a criminal defendant not taking the stand and a suspect being subject to inherently coercive circumstances (*e.g.*, custodial interrogation). *See Salinas v. Texas*, 570 U.S. 178, 183–86 (2013) (plurality opinion).

**The privilege against self-incrimination is a personal one and cannot be used by or on behalf of any organization, such as a corporation.** Thus, **a corporation cannot object on self-incrimination grounds to a subpoena of its records and books or to the compelled testimony of those corporate agents.** *United States v. White*, 322 U.S. 694, 701 (1944); *Baltimore & Ohio R.R. v. ICC*, 221 U.S. 612 (1911); *Hale v. Henkel*, 201 U.S. 43, 74–75 (1906).

**Nor may a corporate official with custody of corporate documents that incriminate him personally resist their compelled production on the assertion of his personal privilege.** *United States v. White*, 322 U.S. 694, 699–700 (1944); *Wilson v. United States*, 221 U.S. 361, 384–385 (1911). A witness has traditionally been able to claim the privilege in any proceeding whatsoever in which testimony is legally required when his answer might be used against him in that proceeding or in a future criminal proceeding or when it might be exploited to uncover other

===================================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

- 13 -

evidence against him.   Thus, not only may a defendant or a witness in a criminal trial, including a juvenile proceeding, *In re Gault, 387 U.S. 1, 42–57 (1967)*, claim the privilege but so may a **party or a witness in a civil court proceeding**, *McCarthy v. Arndstein, 266 U.S. 34 (1924)*, a potential defendant or any other witness before a grand jury, *Reina v. United States, 364 U.S. 507 (1960); Counselman v. Hitchcock, 142 U.S. 547, 563 (1892)*, or a witness before a legislative inquiry, *Watkins v. United States, 354 U.S. 178, 195–96 (1957); Quinn v. United States, 349 U.S. 155 (1955); Emspak v. United States, 349 U.S. 190 (1955)*, or before an administrative body. *In re Groban, 352 U.S. 330, 333, 345–46 (1957); ICC v. Brimson, 154 U.S. 447, 478–80 (1894)*.

**Incrimination is not complete once guilt has been adjudicated, and hence the privilege may be asserted during the sentencing phase of trial.**   *Estelle v. Smith, 451 U.S. 454, 462–63 (1981)  Mitchell v. United States, 526 U.S. 314 (1999)* (non-capital sentencing).

Conversely, there is no valid claim on the ground that the information sought can be used in proceedings which are not criminal in nature, *Allen v. Illinois, 478 U.S. 364 (1986)* (declaration that person is sexually dangerous under Illinois law is not a criminal proceeding); *Minnesota v. Murphy, 465 U.S. 420, 435 n.7 (1984)* (revocation of probation is not a criminal proceeding, hence there can be no valid claim of the privilege on the ground that the information sought can be used in revocation proceedings). In *Murphy*, the Court went on to explain that a State may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination. Under such circumstances, a probationer's 'right to immunity as a result of his compelled testimony would

===============================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

- 14 -

not be at stake,' and nothing in the Federal Constitution would prevent a State from revoking probation for a refusal to answer. *Id.* (citations omitted), and there can be no valid claim if there is no criminal prosecution; *Chavez v. Martinez, 538 U.S. 760 (2003)* (rejecting damages claim brought by suspect interrogated in hospital but not prosecuted).

The protection is against compulsory incrimination, and traditionally the Court has treated within the clause only those compulsions which arise from legally enforceable obligations, culminating in imprisonment for refusal to testify or to produce documents. *E.g., Marchetti v. United States, 390 U.S. 39 (1968)* (criminal penalties attached to failure to register and make incriminating admissions); *Malloy v. Hogan, 378 U.S. 1 (1964)* (contempt citation on refusal to testify). *See also South Dakota v. Neville, 459 U.S. 553 (1983)* (no compulsion in introducing evidence of suspect's refusal to submit to blood alcohol test, since state could have forced suspect to take test and need not have offered him a choice); *Selective Service System v. Minnesota PIRG, 468 U.S. 841 (1984)* (no coercion in requirement that applicants for federal financial assistance for higher education reveal whether they have registered for draft).

The compulsion need not be imprisonment, but can also be termination of public employment [Emphasis Added] *Garrity v. New Jersey, 385 U.S. 493 (1967); Gardner v. Broderick, 392 U.S. 273 (1968); Uniformed Sanitation Men Ass'n v. Commissioner of Sanitation, 392 U.S. 280 (1968). See also Lefkowitz v. Turley, 414 U.S. 70 (1973),* holding unconstitutional state statutes requiring the disqualification for five years of contractors doing business with the state if at any time they refused to waive immunity and answer questions respecting their transactions with the state. The state may require employees or contractors to respond to

======================================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

- 15 -

inquiries, but only if it offers them immunity sufficient to supplant the privilege against self-incrimination. *See also Lefkowitz v. Cunningham, 431 U.S. 801 (1977).*

<u>WHEREFORE the pro se Defendant PRAYS for RELIEF</u>:

1. That a STAY be entered in this Civil Matter pending resolution of the parallel criminal matters. In the interests of conservation of judicial resources, judicial economy, the interests of the parties, the Courts and the Public at large, who have an interest in the outcome of fair judicial proceedings.

2. That Discovery be stayed in this matter pending resolution of the motions to Dismiss the plaintiff's SLAPP litigation, and the resolution of the parallel criminal proceedings, as wherein now discovery should be stayed according with Kansas law, regarding motion to dismiss the SLAPP litigation filed by the Plaintiffs.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

===============================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

This MOTION for STAY and requesting this motion, notice and all other filings as in all previously filed motions and requests, responses, ojections, notices and/or any pleadings whatsoever the Defendant does not waive and reserves all rights as to any available defenses it may assert against the petition. And so makes this appearance together with all previous filings now before the Court, without voluntarily submitting to the jurisdiction of this Court, as with this and all prior motions and filings are made via "special appearance", as well stated in the "Notice of Removal" in paper 1, filed on 1 Feburary 2022, removing the malicious, frivolous and incongruous petition to this US Federal Court for the district of Kansas.

Respectfully Submitted, this 6th day of July 2022.

*[signature: Michael Nelson]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

===============================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn.

Respectfully Submitted, this 6th day of July 2022.

*/s/ Michael Nelson*

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

===============================================================================
**Appeal of Magistrate Judge Denial of Motion for Stay and Resetting Hearing Appeal made Under Rule 72**