# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. and CHAD M. KOEHN | DOCKET NO.:    5:22-CV-04008-JWB-GEB |
|---|---|
| Plaintiffs,<br><br> v.<br><br>Michael Nelson<br><br> Defendant ;     PRO-Se. | **CIVIL ACTION**<br><br>**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**<br><br>**[Jury Trial Demanded]** |

Defendant, makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of filing **Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel Chris Kellogg**, defendant so herein now alleges and states:

"**When faced with the issue of either allowing a civil action to proceed or protecting the Fifth Amendment rights of individual defendants against self incrimination, the majority of courts have consistently chosen the latter.**"

See eg. Wehling v. Columbia Broadcasting System 608 F.2d 1084, 1089 (5th Cir. 1979) ("[although a three year hiatus in the lawsuit is undesirable from the standpoint of **both** the court and the defendant, **permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and this lawsuit**."); *White v. Mapco Gas Products, Inc. 116 F.R.D. 498 (D.C. Ark 1987); Dienstag v. Bronsen, 49 F.R.D. 327 (D.C.N.Y. 1970); US v. Steffes, 35 F.R.D. 24 (D.C. Mont. 1964). A-Connoisseur Transportation Corp., v. Celebrity Coach, Inc., 742 F.Supp. 39, 41-42 (D.Mass 1990)*

===============================================================
Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to Opposing Counsel

- 1

Filing a lawsuit without a sufficient factual basis to dissuade a whistleblower or discrimination plaintiff from engaging in protected conduct can constitute actionable retaliation. *See, e.g., Darveau v. Detecon, Inc.*, 515 F.3d 334, 340-341 (4th Cir. 2008); *Gortat v. Capala Bros.*, 2011 U.S. Dist. LEXIS 149731 (E.D.N.Y. Dec. 30, 2011); *Pinkett v. Apex Communs. Corp.*, 2009 U.S. Dist. LEXIS 34053, 9-12 (E.D. Va. Apr. 21, 2009). Sham litigation is not protected by the First Amendment. *Rosania v. Taco Bell of Am., Inc.*, 303 F. Supp. 2d 878, 883 (N.D. Ohio 2004). *See also Gill v. Rinker Materials Corp.*, No. 3:02-CV-13, 2003 U.S. Dist. LEXIS 2986 (E.D. Tenn. Feb. 24, 2003) (claim brought "not in good faith and instead motivated by retaliation"); *Gliatta v. Tectum Inc.*, 211 F. Supp. 2d 992, 1009 (S.D. Ohio 2002) (lawsuit brought in bad faith with retaliatory motivation prohibited by Title VII); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472 (S.D.N.Y. 2008) ("baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions, even though they do not arise strictly in an employment context"); *Stanerson v. Colorado Boulevard Motors, Inc.*, No. 06-cv-00856, 2006 U.S. Dist. LEXIS 80124 (D. Colo. Nov. 2, 2006); *Nesselrotte v. Allegheny Energy, Inc.*, No. 06-01390, 2009 U.S. Dist. LEXIS 20767, 39-43; 45-46 (W.D. Pa. Mar. 16, 2009) (counterclaims and lawsuit against plaintiff's spouse's company can constitute retaliation under Burlington Northern standard); *Rosania v. Taco Bell of America, Inc.*, 303 F.Supp.2d 878 (N.D. Ohio 2004) (employer's filing of counterclaim was adverse employment action for purpose of retaliation); *E.E.O.C. v. Outback Steakhouse of Florida*, 75 F. Supp. 2d 756 (N.D. Ohio 1999) (same). As HERE where the plaintiffs use litigation abuse to Intimidate and Harass, whilst making false criminal charges.

====================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 2

Indeed, threatening to sue a whistleblower can be actionable retaliation. *See Brach v. Conflict Kinetics Corp.,* Case No. 1:16-cv-978 (E.D. Va. Dec. 1, 2016).

Lawsuits filed with the intent to punish or dissuade employees from exercising their statutory rights are a well- established form of adverse action. *See BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 531 (2002) (Finding that a lawsuit that was both objectively baseless and subjectively motivated by an unlawful purpose violated the National Labor Relations Act's prohibition on retaliation); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472 (S.D.N.Y. 2008) ("Courts have held that baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions."); *Spencer v. Int'l Shoppes, Inc.*, 902 F. Supp. 2d 287, 299 (E.D.N.Y. 2012) (the filing of a lawsuit with a retaliatory motive constitutes adverse action).

Retaliation is prohibited even if it is undertaken at the request of a government official. 10 USC § 2409(a)(3)(B). "only following orders" defense. *Wilczynski v. Loyal Source Government Services LLC,* No. 18-cv-2973-WJM-KMT, 2020 WL 1076125 (D. Colo. 03/06/2020).

Yes, the Anti-Money Laundering Act of 2020 **protects anti-money laundering whistleblowers** against retaliation, including whistleblowers who have provided information to FinCEN through the anti-money laundering whistleblower program. And some disclosures protected under the AMLA could also implicate tax fraud, securities fraud, or violations of SEC rules, and therefore whistleblowers should consider preserving retaliation claims under the whistleblower protection provisions of the Taxpayer First Act and Sarbanes-Oxley Act.

=================================================================================

**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

As such it cannot be reasonably disputed that proceeding with this action in light of the parallel criminal proceedings severely prejudices the Pro Se Defendant here and there.

The focus is "on the plaintiff's state of mind rather than on the defendant's conduct." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 384 (2d Cir. 2008).

The Sarbanes-Oxley Act of 2002 ("SOX") is a federal law that established new standards for public companies and created whistleblower protection for employees who disclose information that could show a violation of federal securities law, SEC rules, or any federal law related to fraud against the shareholders.

**The Convenience of the The Court Weighs heavily in Favor of A Stay:**

A stay will promote the efficient use of this court. This action is in the very early stages. Indeed, the plaintiff's now have chosen to file an amended complaint, in part REMOVING the Racial SLUR from their originating petition, creating a second amended complaint (petition), wherein the Plaintiff has substantially altered the originating petition, demonstrating clearly the petition is a SLAPP lawsuit meant to frustrate the Courts and the pro se defendant, forcing unrealistic discovery in the face of parallel criminal matters, wherein the Pro Se defendant has rights under the fifth amendment.

**As the Jones court noted: "[s]taying the case makes efficient use of judicial resource by insuring that common issues of fact will be resolve and subsequent civil discovery will proceed unobstructed by concerns regarding self incrimination." Jones Supra at 2 (internal citations omitted).**

================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 4

There appears no persons who are not parties or to be parties will be affected by a stay.

**The Interest of the PUBLIC Favors a Stay:**

The interest of the public favors a stay because **"the public's interest in the integrity of the criminal case disentitled to precedence over the civil litigant."** *Jones, supra at 2; se also Javier H Garcia-Botello, supra, 218 F.R.D. at 75.*

Considering all of the Keating Factors, as well as the recent decisions of the Courts, the particular circumstances in the present case strongly favor granting a stay of all civil proceedings pending the conclusion of the parallel criminal proceedings against the PRO SE defendant.

The Courts have held in AllMeat & Poultry, **reasoning that not only would a stay of proceedings serve the interests of justice- it would also promote judicial economy.** The court made the following comments with regard to the balancing test when considering a stay of prosecution in the interest of judicial economy:

> **"In the absence of a stay, the civil and criminal case will proceed simultaneously, presenting the potential for duplication of effort. If the civil proceedings are stayed, however, resolution of the related criminal matter may eliminate much of the Court's work in the civil action by simplifying the issues. In addition, in the sense of a stay, discovery in the civil litigation will no doubt become bogged down. As the owner concede, the court will be forced to make numerous individual rulings on what will likely be a long series of Fifth Amendment assertions. Convenience of the court will militate in favor of a stay where the outcome of a criminal case can be expected to remove the predicate for**

**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 5

**the assertions of the Fifth Amendment rights against self incrimination by potential deponents and lighten the workload of a court to review those assertions. There is also the possibility that transcripts or other evidence could be made available from the criminal proceedings, thereby eliminating the need for certain discovery in the civil action. Weighing all these considerations, we believe judicial economy would be better served by an entry of stay in the civil proceedings."** Id at 14 (internal citations omitted)

## The pro se defendant cannot voluntarily choose between the civil defense, the protective order defense and the criminal defense.

**<u>The rights of the pro se defendant to invoke 5th amendment privileges must be inviolate</u>** <u>and not be further eroded by Craig Brand's, SLAPP litigation strategies and judicial abuses.</u> Moreover, both Craig Alan Brand and Attorney Larry Gene Michel are listed in Chad Koehn's application for protective order and Chad Koehn's statements of filing criminal charges in Kansas and that charges are pending in Colorado and California against the Pro Se defendant stemming from the same nexus of events. District courts have the inherent power and discretionary authority to stay proceedings when the interests of justice so require. *United States v. Kordel 397 US 1, 90 S. Ct. 763, 25 L. Ed 2d (1970); Landis v. North American Co. 299 US 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936).* As the interests of justice so require here.

Courts may decide to stay civil proceedings, <u>postpone civil discovery</u>, or impose protective orders. *SEC v. Dresser Indus, Inc. 628 F.2d 1368 (DC Cir 1980)* It is well

================================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 6

recognized that the "decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made *Keating v. Office of Thrift Supervision 45 F. 3d 322, 324 (9th Cir. 1995) quoting Federal Savings and Loan Inc. Corp. v. Molinaro, 889 F 2d 899, 902 (9th Cir 1989).* Wherein here the PRO SE defendant must as a matter of Constitutional RIGHT exert FIFTH Amendment privilege to all and any discovery in the matter pending. **It is the belief of the person invoking privilege that the question may materially impact one of the now many parallel criminal matters.** The Court will become so bogged down with necessitating rulings and subjected to interlocutory appeals and motions of reconsideration to each and every possible question or discovery technique made in this SLAPP litigation.

The Fifth Amendment privilege against self incrimination **may be invoked by the mere possibility of criminal prosecution**, as Chad Koehn now makes in his affidavit seeking protection from sexual acts when he is "incapable of giving consent" and wherein Chad Koehn claims Attorney Larry G. Michel and Craig Alan Brand also seek criminal charges against the Pro SE defendant all in conspiracy and predatory collusion with one another in hopes to silence the Pro Se defendant as a form to prevent further communication with the SEC, CFTC, FTC, DOJ and other agencies, stemming from the massive crypto currency Initial Coin Offering in the HERC crypto currency coin public sale, burn and destruction of tokens, removal of the software from public knowledge after sale of the crypto currencies, and the various "smurfing" of corporations via "short-form" mergers and subsequent Regulation D filings. The litigation as filed here is to prevent shareholders from being notified nor communicated with regarding notifications to regulatory authorities and the government, and as to completely and totally

===============================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 7

discredit the PRO SE defendant for the remainder of his life, in direct retaliation for protected whistleblower filings in NEVADA, regarding the underlying companies it the allegedly illegal Anthem Holdings Company series of short form mergers. *Matter of Seper, F.2d 1499 (9th Cir. 1983)*

**The mere implication of PRO SE defendant's FIFTH Amendment Rights; Warrants A Stay of this Action Pending Completion of the Criminal Proceedings.** Twice recently stays in civil proceedings pending the resolution of criminal proceedings have been granted, **as the fundamental rights of the parties must be protected as a matter of Constitutional Law.** *Continental Insurance Co. v. Cota 2008 WL 4298372 (ND Cal. J. Conti presiding); Jones v. Conte 2005 WL 1287017;* as set forth in both cases: "[t]he decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be determined based on the circumstances and competing interests involved in the case". *Keating v. Office of Thrift Supervision 45 F. 3d 322 (9th Cir. 1995)*

In *Jones v. Conte 2005 WL 1287017 (ND Cal)* it was recognized "[t]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Jones citing SEC v. Dresser Indus, Inc. 628 F.2d 1368 (DC Cir 1980)* "The Court finds that a stay is proper because '[I]f discovery moves forward, [the] defendant will be faced with the difficult choice between asserting [his] right against self-incrimination, **thereby inviting prejudice in the civil case**" citing *Javier H. v. Garcia-Botello FRD 72 (WDNY 2003)*

===================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 8

When faced with the issue of either allowing a civil action to proceed or protecting the Fifth Amendment rights of individual defendants against self incrimination, the majority of courts have consistently chosen the latter.

The FIFTH Amendment;  To "plead the Fifth" means you have the right not to answer police questions both while in custody <u>or in court.</u> The right against self-incrimination is spelled out in the **Fifth Amendment** to the U.S. Constitution and also extends to state and local jurisdictions. When someone exercises this right, we often say that they "plead the Fifth."

The right against self-incrimination is rooted in the Puritans' refusal to cooperate with interrogators in 17th century England. Some were coerced or tortured into confessing their religious affiliation and were considered guilty if they remained silent. English law granted its citizens the right against self-incrimination in the mid-1600s, when a revolution established greater parliamentary power.  Puritans who fled religious persecution brought this idea with them to America, where it would eventually become codified in the Bill of Rights. Today, courts have found the right against self-incrimination to include testimonial or communicative evidence at police interrogations and legal proceedings.

**Under the fifth Amendment, a person need not be guilty of any crime to enjoy a constitutional privilege not to provide information that the government or any party seeks to compel him or her to provide.**  *People v. Lucas (1195) 12 Cal. 4th 415, 453* **["Innocent persons, as well as the guilty, are entitled to invoke the privilege"**]; *see also Ratner, Consequences of Exercising the Privilege Against Self-Incrimination.).* Rather, if information

================================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 9

sought could, conceivably, form a single evidentiary or factual link in a chain of circumstantial evidence which chain of evidence could support an inference that the person is culpable for any criminal offense, in violation of any state or federal law, that person cannot be compelled by legal process, subpoena or court order to provide such information, upon his or her invocation of the protection of the Fifth Amendment. *(Hoffman v. United States (1951).*

This case beefed up an earlier ruling; *GRIFFIN v. CALIFORNIA(1965)* that prosecutors can't ask a jury to draw an inference of guilt from a defendant's refusal to testify in their own defense. Defendants (and other witnesses) **may assert their Fifth Amendment rights during civil trials,** too, if testimony would open them up to criminal charges. **But defendants in civil trials do not enjoy the same protections against jury bias with respect to liability.** This means that a jury is free to make inferences when a defendant chooses not to testify in a civil trial for fear of self-incrimination. A stay of this case and all discovery herein for a period of 8 months pending the resolution of the current criminal cases, may not be ideal, however, in the interests of protecting Constitutional Rights it is the only logical choice of the Courts.

The Supreme Court has settled upon the principle that the self-incrimination clause serves two interrelated interests: **the preservation of an accusatorial system of criminal justice, which goes to the integrity of the judicial system, preservation of personal privacy from unwarranted governmental intrusion.** *Tehan v. United States ex rel. Shott*, the Court noted: "[T]he basic purposes that lie behind **the privilege against self-incrimination do not relate to protecting the innocent from conviction, but rather to preserving the integrity of a judicial**

===================================================================================

**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 10

**system** in which even the guilty are not to be convicted unless the prosecution shoulder[s] the entire load."

To protect these interests and to preserve these values, the privilege is not to be interpreted literally. Rather, the sole concern is, as its name indicates, with the danger to a witness forced to give testimony leading to the infliction of penalties affixed to the criminal acts. *Ullmann, 350 U.S. at 438–39*

**Furthermore, the privilege afforded not only extends to answers that would in themselves support a conviction but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute.** *Hoffman v. United States, 341 U.S. 479, 486 (1951)*; *see also Emspak v. United States, 349 U.S. 190 (1955); Blau v. United States, 340 U.S. 332 (1951); Blau v. United States, 340 U.S. 159 (1950).*

The privilege against self-incrimination parries the general obligation to provide testimony under oath when called upon, but it also applies in police interrogations. In all cases, the privilege must be supported by a reasonable fear that a response will be incriminatory. The issue is a matter of law for a court to determine, *E.g., Mason v. United States, 244 U.S. 362 (1917)* and therefore, with limited exceptions, one must claim the privilege to benefit from it. The primary exceptions are for a criminal defendant not taking the stand and a suspect being subject to inherently coercive circumstances (*e.g.*, custodial interrogation). *See Salinas v. Texas, 570 U.S. 178, 183–86 (2013) (plurality opinion).*

==================================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 11

Silence in the face of questioning may be insufficient to invoke the privilege because it may not afford an adequate opportunity either to test whether information withheld falls within the privilege or to cure a violation of a grant of immunity. *Salinas v. Texas, 570 U.S. 178 (2013),*

Individuals must have reasonable cause to apprehend danger and cannot be the judge of the validity of their claims, **a court that would deny a claim of the privilege must be *perfectly clear*, from a careful consideration of all the circumstances in the case, that the individual is mistaken, and that the answers *cannot possibly* have such tendency to incriminate.**

*Hoffman v. United States, 341 U.S. 479, 488 (1951) (quoting Temple v. Commonwealth, 75 Va. 892, 898 (1881)).* For an application of these principles, see *Malloy v. Hogan, 378 U.S. 1, 11–14 (1964), and id. at 33 (White, Stewart JJ., dissenting).*

To reach a determination, furthermore, a trial judge may not require a witness to disclose so much of the danger as to render the privilege nugatory. As the Court observed: **"[I]f the witness, upon interposing his claim, were required to prove the hazard he would be compelled to surrender the very protection which the privilege is designed to guarantee.** To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman*, 341 U.S. at 486–87. Here the defendant is forced by circumstance, in lack of funds and questionable legal tactics by opposing counsels having already been unfairly incarcerated for more than a month based upon a sworn statement that a protective order existed, which was violated, when in fact no protective order ever existed at any time prior to the sworn statement regarding the

**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 12

protective order.  Due to the false swearing in police reports and sworn statements the pro se defendant here has already been incarcerated in a dangerous facility where the Plaintiffs here working in conspiracy with the alleged victim and president of the allegedly illegally organized holding company created via a series of "smurfing" short-form mergers communicated the protected information to the plaintiffs here to serve the SLAPP litigation against the pro se defendant in furtherance of conspiracy to entrap the pro se defendant.   To allow this civil SLAPP litigation to continue and have discovery in the face of criminal proceedings which were built upon false swearing to law enforcement, provides the basis upon with the Pro Se defendant reasonably fears any answer to any question or production of any evidence could conceivably be used to cause more false swearing and thus more unlawful incarceration, while the pro se defendant here faces ongoing parallel criminal proceedings involving the same persons and corporations as involved in the matter here at bar.  Chad Koehn and United Capital Management of Kansas Inc. are BOTH referenced in the criminal proceedings, thus the pro se defendant here has a right to invoke Fifth Amendment privilege as conceivably will many of the witnesses in these matters here at bar in face of the multiple criminal prosecution threats of the plaintiffs.

**The privilege against self-incrimination is a personal one and cannot be used by or on behalf of any organization, such as a corporation.** Thus, a corporation cannot object on self-incrimination grounds to a subpoena of its records and books or to the compelled testimony of those corporate agents who have been given personal immunity from criminal prosecution. *United States v. White, 322 U.S. 694, 701 (1944); Baltimore & Ohio R.R. v. ICC, 221 U.S. 612 (1911); Hale v. Henkel, 201 U.S. 43, 69–70, 74–75 (1906).*

**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 13

Nor may a corporate official with custody of corporate documents that incriminate him personally resist their compelled production on the assertion of his personal privilege. *United States v. White, 322 U.S. 694, 699–700 (1944); Wilson v. United States, 221 U.S. 361, 384–385 (1911).* But the government may make no evidentiary use of the act of production in proceeding individually against the corporate custodian. *Braswell v. United States, 487 U.S. 99 (1988). Cf. George Campbell Painting Corp. v. Reid, 392 U.S. 286 (1968); United States v. Rylander, 460 U.S. 752 (1983)*

**A witness has traditionally been able to claim the privilege in any proceeding whatsoever in which testimony is legally required,** <u>when his answer might be used against him in that proceeding or in a future criminal proceeding or when it might be exploited to uncover other evidence against him.</u> Thus, not only may a defendant or a witness in a criminal trial, including a juvenile proceeding, *In re Gault, 387 U.S. 1, 42–57 (1967)*, claim the privilege but **so may <u>a party</u> or a witness in a civil court proceeding,** *McCarthy v. Arndstein, 266 U.S. 34 (1924)*, a potential defendant or any other witness before a grand jury, *Reina v. United States, 364 U.S. 507 (1960); Counselman v. Hitchcock, 142 U.S. 547, 563 (1892)*, <u>or a witness before a legislative inquiry,</u> *Watkins v. United States, 354 U.S. 178, 195–96 (1957); Quinn v. United States, 349 U.S. 155 (1955); Emspak v. United States, 349 U.S. 190 (1955)*, <u>or before an administrative body</u>. *In re Groban, 352 U.S. 330, 333, 345–46 (1957); ICC v. Brimson, 154 U.S. 447, 478–80 (1894).* Wherein here the plaintiffs are using multiple criminal threats and parallel criminal proceedings, and protective orders to prevent the pro se defendant from being able to meaningfully participate in this civil matter, as they seek to prevent the pro se defendant here

======================================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 14

from communication with any other "significant equity interest" holder in a series of

corporations, thus preventing the pro se defendant here and others from communicating to law

enforcement and/or regulatory authorities regarding a host of potential violations to securities

laws and various potential money laundering activities involving Tax EVASION jurisdictions,

unlicensed and unregistered securities sales and raises, materially misleading information on

regulatory filings.  Thus the litigation here is a SLAPP litigation strategically laid in parallel to

criminal proceedings built upon false swearing in police reports by the partners and conspirators

of the plaintiffs here in this matter at bar.  The defendant being forced to defend in multiple

courts simultaneously while facing erroneous criminal charges and threats of charges stemming

from the same nexus of events and claims, gives rise to the Pro Se defendant to assert Fifth

Amendment privilege in most any questioning or production of documents.  To allow the

proceedings to continue in this civil matter in light of the parallel criminal matters is to provide

unfair advantage to the plaintiffs who seek unlawful SLAPP litigation against the pro se

defendant.

Incrimination is not complete once guilt has been adjudicated, and hence the privilege

may be asserted during the sentencing phase of trial.    *Estelle v. Smith, 451 U.S. 454, 462–63*

*(1981)* (We can discern no basis to distinguish between the guilt and penalty phases of

respondent's…trial so far as the protection of the Fifth Amendment privilege is concerned);

*Mitchell v. United States, 526 U.S. 314 (1999)* (non-capital sentencing).

The Court in recent years has also applied the privilege to situations, such as police

interrogation of suspects, in which there is no *legal* compulsion to speak.

**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 15

*Miranda v. Arizona, 384 U.S. 436 (1966).* **What the privilege protects against is the compulsion of testimonial disclosures.**

The protection is against compulsory incrimination, and traditionally the Court has treated within the clause only those compulsions which arise from legally enforceable obligations, culminating in imprisonment for refusal to testify or to produce documents. *E.g., Marchetti v. United States, 390 U.S. 39 (1968)* (criminal penalties attached to failure to register and make incriminating admissions); *Malloy v. Hogan, 378 U.S. 1 (1964)* (contempt citation on refusal to testify). *See also South Dakota v. Neville, 459 U.S. 553 (1983)* (no compulsion in introducing evidence of suspect's refusal to submit to blood alcohol test, since state could have forced suspect to take test and need not have offered him a choice); *Selective Service System v. Minnesota PIRG, 468 U.S. 841 (1984)* (no coercion in requirement that applicants for federal financial assistance for higher education reveal whether they have registered for draft). Here the pro se defendant is without legal representation in the US District of Kansas, due to inability to find suitable counsel, due directly to the exorbitant cost of counsel, having found counsel for the parallel protective order case, the law firms civil litigation team consists of the son in law of Larry Michel and the husband of another law partner with the plaintiffs firm. The pro se defendant cannot be forced to violate fifth amendment protections, especially without counsel.

The compulsion need not be imprisonment, but can also be termination of employment [Emphasis Added] *Garrity v. New Jersey, 385 U.S. 493 (1967); Gardner v. Broderick, 392 U.S. 273 (1968); Uniformed Sanitation Men Ass'n v. Commissioner of Sanitation, 392 U.S. 280 (1968). See also Lefkowitz v. Turley, 414 U.S. 70 (1973),* holding unconstitutional state statutes

====================================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 16

requiring the disqualification for five years of contractors doing business with the state if at any time they refused to waive immunity and answer questions respecting their transactions with the state. The state may require employees or contractors to respond to inquiries, but only if it offers them immunity sufficient to supplant the privilege against self-incrimination. *See also Lefkowitz v. Cunningham, 431 U.S. 801 (1977).*

Further, the Court held inadmissible at the subsequent trial a defendant's testimony at a hearing to suppress evidence wrongfully seized, because use of the testimony would put the defendant to an impermissible choice between asserting his right to remain silent and invoking his right to be free of illegal searches and seizures. *Simmons v. United States, 390 U.S. 377 (1968).* The rationale of the case was subsequently limited to Fourth Amendment grounds in *McGautha v. California, 402 U.S. 183, 210–13 (1971).* The Court also proscribed the introduction at a second trial of the defendant's testimony at his first trial, given to rebut a confession which was subsequently held inadmissible, since the testimony was in effect fruit of the poisonous tree, and had been coerced from the defendant through use of the confession. *Harrison v. United States, 392 U.S. 219 (1968).* The unrepresented pro se defendant here cannot appreciate the gravity of the Strategic Lawsuits being pursued by the plaintiffs in parallel to criminal proceedings and threats of more criminal charges, stemming from the identical series of events, wherein testimony already proffered in the parallel criminal matters, involves Craig Brand, Chad Koehn and United Capital Management of Kansas Inc.

Potentially most far-reaching was a holding that invalidated the penalty structure of a statute under which defendants could escape a possible death sentence by entering a guilty plea;

========================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 17

the statute needlessly encourage[d] waivers of defendant's Fifth Amendment right to plead not guilty and his Sixth Amendment right to a jury trial.  *Jackson v. United States, 390 U.S. 570, 583 (1968).*  Although this needless encouragement test assessed the nature of the choice required to be made by defendants against the strength of the governmental interest in the system requiring the choice, the Court soon developed another test stressing the voluntariness of the choice. A guilty plea entered by a defendant who correctly understands the consequences of the plea is voluntary unless coerced or obtained under false pretenses; moreover, **there is no impermissible coercion where the defendant has the effective assistance of counsel.**  *Parker v. North Carolina, 397 U.S. 790 (1970); Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970).* Parker and Brady entered guilty pleas to avoid the death penalty when it became clear that the prosecution had solid evidence of their guilt; Richardson pled guilty because of his fear that an allegedly coerced confession would be introduced into evidence.   The Court in an opinion by Justice Harlan then formulated still another test in holding that a defendant in a case in which the jury in one process decides both guilt and sentence could be put to a choice between remaining silent on guilt or admitting guilt and being able to put on evidence designed to mitigate the possible sentence. The pressure to take the stand in response to the sentencing issue, said the Court, was not so great as to impair the policies underlying the Self-Incrimination Clause, policies described in this instance as the proscription of coercion and of cruelty in putting the defendant to an undeniably hard choice. *McGautha v. California, 402 U.S. 183, 210–20 (1971).* When the Court subsequently required bifurcated trials, it was on the basis of the Eighth Amendment, and represented no withdrawal

===================================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 18

from the position described here. *Cf. Corbitt v. New Jersey, 439 U.S. 212 (1978); Bordenkircher v. Hayes, 434 U.S. 357 (1978).* Nor does it violate a defendant's self-incrimination privilege to create a presumption upon the establishment of certain basic facts from which the jury may infer the defendant's guilt unless he rebuts the presumption.   The same situation might present itself if there were no statutory presumption and a prima facie case of concealment with knowledge of unlawful importation were made by the evidence. The necessity of an explanation by the accused would be quite as compelling in that case as in this; but the constraint upon him to give testimony would arise there, as it arises here, simply from the force of circumstances and not from any form of compulsion forbidden by the Constitution. *Yee Hem v. United States, 268 U.S. 178, 185 (1925)*, quoted with approval in *Turner v. United States, 396 U.S. 398, 418 n.35 (1970).* Justices Black and Douglas dissented on self-incrimination grounds. *Id. at 425. See also United States v. Gainey, 380 U.S. 63, 71, 74 (1965) (dissenting opinions).*

The obligation to testify is not relieved by this clause, if, regardless of whether incriminating answers are given, a prosecution is precluded, Prosecution may be precluded by tender of immunity (see next topic for discussion of immunity), or by pardon, *Brown v. Walker, 161 U.S. 591, 598–99 (1896).* The effect of a mere tender of pardon by the President remains uncertain. *Cf. Burdick v. United States, 236 U.S. 79 (1915)* (acceptance necessary, and self-incrimination is possible in absence of acceptance); *Biddle v. Perovich, 274 U.S. 480 (1927)* (acceptance not necessary to validate commutation of death sentence to life imprisonment); or if the result of the answers is not incrimination, but rather harm to reputation or exposure to infamy or disgrace.  *Brown v. Walker, 161 U.S. 591, 605–06 (1896); Ullmann v. United States, 350 U.S.*

=================================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 19

*422, 430–31 (1956).* Minorities in both cases had contended for a broader rule. *Walker*, 161 U.S. at 631 (Justice Field dissenting); *Ullmann, 350 U.S. at 454 (Justice Douglas dissenting).*

Finally, the rules established by the clause and the judicial interpretations apply against the states to the same degree that they apply against the Federal Government, *Malloy v. Hogan, 378 U.S. 1 (1964) (overruling Twining v. New Jersey, 211 U.S. 78 (1908), and Adamson v. California, 332 U.S. 46 (1947))* **and neither sovereign can compel discriminatory admissions that would incriminate the person in the other jurisdiction,** *Murphy v. Waterfront Comm'n, 378 U.S. 52 (1964), (overruling United States v. Murdock, 284 U.S. 141 (1931)* (Federal Government could compel a witness to give testimony that might incriminate him under state law), *Knapp v. Schweitzer, 357 U.S. 371 (1958)* (state may compel a witness to give testimony that might incriminate him under federal law), and *Feldman v. United States, 322 U.S. 487 (1944)* (testimony compelled by a state may be introduced into evidence in the federal courts)). *Murphy* held that a state could compel testimony under a grant of immunity but that, because the state could not extend the immunity to federal courts, the Supreme Court would not permit the introduction of evidence into federal courts that had been compelled by a state or that had been discovered because of state compelled testimony. The result was apparently a constitutionally compelled one arising from the Fifth Amendment itself, 378 U.S. at 75–80, rather than one taken pursuant to the Court's supervisory power as Justice Harlan would have preferred. *Id.* at 80 (concurring). Congress has power to confer immunity in state courts as well as in federal in order to elicit information, *Adams v. Maryland, 347 U.S. 179 (1954),* but whether Congress must do so or whether the immunity would be conferred simply through the act of compelling the testimony

**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 20

*Murphy* did not say.   There is no cooperative internationalism that parallels the cooperative federalism and cooperative prosecution on which application against states is premised, and consequently concern with foreign prosecution is beyond the scope of the Self-Incrimination Clause.  *United States v. Balsys, 524 U.S. 666 (1998).*

Required Records Doctrine:  **The privilege is applicable to an individual's papers and effects,** *Boyd v. United States, 116 U.S. 616 (1886). see Fisher v. United States, 425 U.S. 391 (1976);*  **it does not extend to corporate persons; hence corporate records,** as has been noted, <u>are subject to compelled production</u>.   In fact, however, the Court has greatly narrowed the protection afforded in this area to natural persons by developing the required records doctrine. That is, it has held that the privilege which exists as to private papers cannot be maintained in relation to 'records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation and the enforcement of restrictions validly established.   This exception developed out of, as Justice Frankfurter showed in dissent, the rule that documents which are part of the official records of government are wholly outside the scope of the privilege; public records are the property of government and are always accessible to inspection.   Because the government requires certain records to be kept to facilitate the regulation of the business being conducted, so the reasoning goes, the records become public at least to the degree that the government could always scrutinize them without hindrance from the record-keeper.   If records merely because **required to be kept by law ipso facto become public records,** <u>we do ipso facto live in the proverbial glass house, when it comes to corporate records</u>.  Which in this matter shall be sought against both corporations, trusts,

====================================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 21

estates and a variety of flavors of "family offices" which in and such themselves are not natural persons, thus are afforded no protections, none-the-less it is the Pro Se defendant a natural sovereign native born American Citizen, who is sued here, and faces parallel current criminal proceedings and threats of further parallel criminal proceedings, thus has a right to invoke fifth amendment privilege and is further limited by the parallel protective orders from conducting any discovery, in furtherance of limitation the pro se defendant is without counsel due to circumstance and inability to locate reasonable non-biased counsel at present. Every basic constitutional right and case precedents point to the only logical conclusion for the Court to STAY the current civil proceedings for judicial economy in the parallel criminal matters.

Virtually every major public law enactment—to say nothing of State and local legislation —has record-keeping provisions. In addition to record-keeping requirements, is the network of provisions for filing reports. Exhaustive efforts would be needed to track down all the statutory authority, let alone the administrative regulations, for record-keeping and reporting requirements. Unquestionably they are enormous in volume. *Shapiro v. United States, 335 U.S. 1, 33 (1948) (quoting Davis v. United States, 328 U.S. 582, 589–90 (1946), which quoted Wilson v. United States, 221 U.S. 361, 380 (1911)). Dicta* in *Wilson* is the source of the required-records doctrine, the holding of the case being the familiar one that a corporate officer cannot claim the privilege against self-incrimination to refuse to surrender corporate records in his custody. *Cf. Heike v. United States, 227 U.S. 131 (1913). Davis* was a search and seizure case and dealt with gasoline ration coupons which were government property even though in private possession. *See Shapiro, 335 U.S. at 36, 56–70 (Justice Frankfurter dissenting).*

**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 22

It may be assumed at the outset that there are limits which the government cannot constitutionally exceed in requiring the keeping of records which may be inspected by an administrative agency and may be used in prosecuting statutory violations committed by the record-keeper himself. *335 U.S. at 32.*

The only limit that the Court suggested in *Shapiro* was that there must be a sufficient relation between the activity sought to be regulated and the public concern so that the Government can constitutionally regulate or forbid the basic activity concerned, and can constitutionally require the keeping of particular records, subject to inspection by the Administrator. 335 U.S. at 32.

That there are limits established by the Self-Incrimination Clause itself rather than by a subject matter jurisdiction test is evident in the Court's consideration of reporting and disclosure requirements implicating but not directly involving the required-records doctrine.

Silence in the face of questioning may be insufficient to invoke the privilege because it may not afford an adequate opportunity either to test whether information withheld falls within the privilege or to cure a violation of a grant of immunity. *Salinas v. Texas, 570 U.S. 178 (2013),*

A witness who fails to claim the privilege explicitly when an affirmative claim is required is deemed to have waived it, and a waiver may be found where the witness has answered some preliminary questions but desires to stop at a certain point. *Rogers v. United States, 340 U.S. 367 (1951); United States v. Monia, 317 U.S. 424 (1943).* The waiver concept here has been pronounced analytically [un]sound, with the Court preferring to reserve the term waiver for the process by which one affirmatively renounces the protection of the privilege. *Garner v. United*

**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 23

*States, 424 U.S. 648, 654 n.9 (1976)*. Thus, the Court has settled upon the concept of compulsion as applied to cases where disclosures are required in the face of a claim of privilege. *Id.* [I]n the ordinary case, if a witness under compulsion to testify makes disclosures instead of claiming the privilege, the government has not 'compelled' him to incriminate himself. *Id.* at 654. Similarly, the Court has enunciated the concept of voluntariness to be applied in situations where it is claimed that a particular factor denied the individual a free choice to admit, to deny, or to refuse to answer. *Id. at 654 n.9, 656-65.* An assertion of innocence in conjunction with a claim of privilege does not obviate the right, as their responses still may provide the government with evidence it may later seek to use against them. *Ohio v. Reiner, 532 U.S. 17 (2001)*.

Individuals must have reasonable cause to apprehend danger and cannot be the judge of the validity of their claims, a court that would deny a claim of the privilege must be *perfectly clear*, from a careful consideration of all the circumstances in the case, that the individual is mistaken, and that the answers *cannot possibly* have such tendency to incriminate. *Hoffman v. United States, 341 U.S. 479, 488 (1951) (quoting Temple v. Commonwealth, 75 Va. 892, 898 (1881))*. For an application of these principles, see *Malloy v. Hogan, 378 U.S. 1, 11–14 (1964), and id. at 33 (White, Stewart JJ., dissenting)*. Where the government is seeking to enforce an essentially noncriminal statutory scheme through compulsory disclosure, some Justices would apparently relax the *Hoffman principles. Cf. California v. Byers (plurality of opinion?)*

To reach a determination, furthermore, a trial judge may not require a witness to disclose so much of the danger as to render the privilege nugatory. As the Court observed: "[I]f the witness, upon interposing his claim, were required to prove the hazard he would be compelled to

======================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 24

surrender the very protection which the privilege is designed to guarantee. To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman*, 341 U.S. at 486–87.

ADDITIONALLY, in this matter now before the Court, the pro se defendant is without access to information to make disclosures at this time, due to constraints imposed by the parallel criminal matters. The plaintiffs laid in await nearly a year prior to attempting any service of process whatsoever in the matter. Now that the plaintiffs have been able to entrap and cause the pro se defendant many multitude of simultaneous legal entanglements, do the plaintiffs seek an expedited scheduling of this matter, whilst plaintiff Chad Koehn admits in writing in an affidavit signed under the penalties of perjury making among others the following statement: "He [pro se defendant nelson] has been stripped of his cell phone, computer and passport." The pro se defendant has received back the cell phone, although the screen is cracked, and drilled, and the pro se defendant is unable to gain access to needed data to provide disclosures, until such time as a report is provided by prosecutors in the parallel criminal proceedings. The pro se defendant has yet to be provided a copy of any supposed search warrant. More importantly and more specifically the plaintiff Chad Koehn makes a statement regarding a "computer", which according to a multitude of State and Federal law enforcement and airlines, no person has "stripped" the computer from the pro se defendant. Ergo plaintiff Chad Koehn has information stated as fact, **in a sworn affidavit under the penalties of perjury which is inconsistent with factual statements, notices and information from multiple law enforcement** including

=================================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 25

without limitation:  TSA, Homeland Security, FBI, Port Authority, NJ State Police, Essex County

Sheriffs and Corrections, Washington, OK, Sheriffs, Bartlesville OK Police, District Attorneys of

Washington County OK, KBI, US Attorneys and others, not a single one of the aforementioned

law enforcement or investigators state or acknowledge the "stripping" of a computer, from the

pro se defendant.  Inter alia Chad Koehn possesses knowledge and information on the location of

this computer, which Koehn swears under the penalties of PERJURY that was "stripped" from

the person of the pro se defendant here, this computer which not a single, Federal, State, County

or local law enforcement, Court or Attorney has knowledge of occurring nor the location of.

Therefore until Chad Koehn can be examined under oath by the presiding jurist in this civil

matter, as to the knowledge he has testified to in sworn affidavit signed under penalties of

perjury as to a fact inconsistent with any knowledge of any one besides Chad Koehn's swearing

under oath, testimony and signed under penalties of perjury, the pro se defendant is unable to

offer disclosures until Koehn reveals where the computer is located.

### FEDERAL CASES CONSULTED:

American Express Business Finance Corp. v. RW Prof Leasing Services Corp. 225F (EDNY 2003)
Bruner Corp v. Balogh 819 F. Supp. 811 (ED Wis. 1993)
Cadence Design Sys. v. Avant! Inc. No. C 95-20828, 1997 US Dist.  (ND Cal. July 22, 1997)
Continental Insurance Co. v. Cota 2008 WL 4298372 (ND Cal. J. Conti presiding)
Dienstag v. Bronzen 49 FRD (DCNY 1970)
Doe v. United States (1988) 487 US 201, 108 S. Ct. 2341, 101 L. Ed. 2s 184
Federal Savings and Loan Ins. Corp. v. Molinaro 889 F.2d 899 (9th Cir. 1989)
Fisher v. United States (1976) 425 US 391, 96 S. Ct. 1569, 48 L. Ed. 2d 39
Grunewald v. United States (1957) 353 US 391 77 S Ct 963 1 L. Ed. 2d 931
Hoffman v. United States (1951) 341 US 479, 71 S. Ct. 814, 95 L. Ed 1118
Javier H. v. Garcia-Botello 218 FRD 72 (WDNY 2003)
Jones v. Conte 2005 WL 1287017 (ND Cal J. Illston presiding)
Keating v. Office of Thrift Supervision 45 F. 3d 322 (9th Cir. 1995)
Landis v. North American Co. 299 US 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936)
SEC v. Dresser Indus, Inc. 628 F.2d 1368 (DC Cir 1980)

===================================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 26

Matter of Seper, 705 F.2d 1499 (9th Cir. 1983)

Taylor, Bean & Whitaker Mortgage Corporation v. Triduanium Financial, (ED Cal 2009)

US v. Steffes 35 FRD 24 (DC Mont. 1964)

United States v. All Meat & Poultry Products Stored at LaGrou Cold Storage 2003 US Dist (ND Ill 203)

United States v. Doe (1984) 487 US 201, 108, S. Ct. 2341, 101 L. Ed. 2d 184

United States v. Kordel 397 US 1, 90 S. Ct. 763, 25 L. Ed 2d (1970)

United States v. Neff (9th Cir. 1980) 615 F. 2d 1235

Volmar Distributors Inc. v. Interboro Distributors Inc. 152 FRD 36 (SDNY 1993)

Wheling v. Columbia Broadcasting System 608 F. 2d 1084 (5th Cir. 1979)

White v. Mapco Gas Products Inc. 116 FRD 498 (DC Ark 1987)

**WHEREFORE it is the pro se defendant's prayer for relief:**

1. That this **Civil matter be STAYED** until the resolution of the parallel criminal matters, thus <u>conserving judicial resources</u> and <u>eliminating many</u> unnecessary pleadings, motions, hearings, and proceedings in this Civil matter.

2. The pro se defendant is without access to needed files for disclosures in this matter, absent a report from the Criminal Proceedings providing the access to the files necessary to materially participate in disclosures and discovery here.   While criminal proceedings continue the fifth amendment will be invoked to a long list of discovery demands, and may be invoked by yet other third parties.  The plaintiffs seek unfair advantage due to their conspiracy in false criminal charges against the pro se defendant here.

3. It is materially unfair and against the interests of justice to allow this civil proceedings to continue absent the ability for the pro se defendant to materially participate, in light of the circumstances and the needed disclosures which the pro se defendant cannot access DUE to the PARALLEL proceedings and the reports necessary from those proceedings.

4. Without representation in this matter, it is not possible for the pro se defendant to be protected in constitutional rights, nor materially participate in defense or prosecution without the disclosure documents which are currently being kept from the pro se

**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

- 27

defendant under essentially lock and key for the lack of the reports from the criminal matters which are proceeding.

5. STAY of this matter and/or discovery will allow as well the Court to address the motions to dismiss rather than allowing further abuse of the legal process in the SLAPP litigation.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).

MOTION for STAY Appeal of the Magistrate Judge's ruling and requesting this motion, notice and all other filings as in all previously filed motions and requests, responses, ojections, notices and/or any pleadings whatsoever the Defendant does not waive and reserves all rights as to any available defenses it may assert against the petition. Makes this appearance together with all previous filings now before the Court, without voluntarily submitting to the jurisdiction of this Court with this and all prior motions and filings are made via "special appearance", as well stated in the "Notice of Removal" in paper 1, filed on 1 Feburary 2022, removing the malicious, frivolous and incongruous petition to this US Federal Court for the district of Kansas.

===============================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel**

Respectfully Submitted, this 6th day of July 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

===================================================================================
**Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay
in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from
Opposing Counsel**

- 29

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per order of the saline county judge.

Respectfully Submitted, this 6th day of July 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

Memorandum of Law Regarding Appeal made under Rule 72 from Magistrates Denial of Request for a Stay in Document 87 where Magistrate Denied Doc 87 in Doc a Txt Order Doc 88 according to email from Opposing Counsel

- 30