## UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. <u>and</u> **CHAD M. KOEHN** <br><br> Plaintiffs, <br><br> v. <br> Michael Nelson <br><br> Defendant ; PRO-Se. | **DOCKET NO.:** <br> **5:22-CV-04008-JWB-GEB** <br> <u>**CIVIL ACTION**</u> <br><br> **Memorandum of Law on Motion to Disqualify Counsel:** <br> **CRAIG ALAN BRAND** <br><br> **[Jury Trial Demanded]** |

<u>Defendant, makes "SPECIAL & LIMITED APPEARANCE"</u> here and now for the purposes of filing **Motion to Disqualify Counsel**, Craig Alan Brand, currently appearing pro hac vice. Defendant so herein now alleges and states, the following regarding Disqualification of Attorney Craig Alan Brand for cause:

Having set forth at length a motion which comes before the Court after the pro se defendant has according to the rules conferred with opposing Counsel on multiple dates regarding BOTH the behavior at bar and extra judicial of purported Attorney Craig Alan Brand, AND due to direct cause regarding Craig Alan Brand's multiple conflicting representations of individuals and a myriad array of corporations involved in these series of disputes. During Rule 26(f) conference with attorney Christopher Kellogg, the plaintiffs were woefully unprepared to discuss the issues of ESI (electronically stored information), as the plan of the plaintiffs by and through Craig Alan Brand was to deny the defendant a fair Rule 26(f) conference, purposefully refusing to discuss ESI, and as Mr. Kellogg exclaimed, Mr. Brand maybe a "JACKASS", but Federal Magistrates "have no power", 'Mr. Brand knows how to deal with Federal Magistrates, and the plaintiffs will not consent to any actions by Federal Magistrates'.

Mr. Brand apparently "knows how to deal with Federal Magistrates", and it was explained Nelson the defendant doesn't "get judicial economy and conservation of judicial resources" as the plaintiff's exclaimed they are legal phrases as "just techniques of strategy in litigation" as well laid out by Craig A. Brand.  It is Mr. Brand's brand of strategy in this litigation which continues to be used to dissuade the facts and issues of law from being applied fairly and equally under the law and the intention of the US Constitution.  **Mr. Brand exclaims further to the world he has "championed the art of disinformation" and "INTENTIONALLY PROVIDES PEOPLE (COURTS) WITH FALSE INFORMATION".**

This motion for Disqualification of Counsel is well founded in the Federal Rules of Civil Procedure, Local Rules of this Court, the Rules of Professional Conduct and the pillars of professionalism which the Court has stated are coveted by this Court.

. **"A lawyer's good faith, although essential in all his professional activity, is, nevertheless, an inadequate safeguard when standing alone. . . . The dynamics of litigation are far too subtle, the attorney's role in that process is far too critical, and the public's interest in the outcome is far too great to leave room for even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case."** *Emle Indus. v. Patentex, Inc., 478 F.2d 562, 571 (2d Cir. 1973).* "Good faith is generally considered _irrelevant_ in evaluating allegedly improper conduct pursuant to a motion to disqualify counsel." *See, e.g., E.F. Hutton & Co. v. Brown, 305 F. Supp. 371, 400 (S.D. Tex. 1969); T.C. Theatre Corp. v. Warner Bros. Pictures, 113 F. Supp. 265, 271 (S.D.N.Y. 1953).*

**"The paramount concern must be to preserve public trust** [EMPHASIS ADDED] in the scrupulous administration of justice and the integrity of the bar…The important right to counsel of one's choice **must yield to ethical considerations that affect the fundamental principles of our judicial process."** *Kennedy v. Eldridge, (2011)*

**PINKERTON ISSUES between the multitude of simultaneous representations by Craig Alan Brand and that of the publicly declared conflicts involving UCM and Chad Mitchell Koehn; thereby providing PINKERTON Doctrine issues to so attach Criminally and Civilly to Chad M. Koehn and UCM and the de facto co conspirators given Brand's simultaneous representations of the matters at bar, conflicting with each:**

Allowing Craig A. Brand to continue in representation of Chad Mitchell Koehn and United Capital Management of Kansas Inc., would mean BOTH Chad Mitchell Koehn and UCM must consent to and be so liable under Pinkerton Doctrine for the acts of all conspirators and all acts involving Anthem Holding(s) Company (Inc.) and all underlying merger subs, inclusive without limitation Anthem Vault Inc., Anthem Gold Inc., AG Herc Inc., and all and any divisions or other entities of those inclusive without limitation: Hercules LLC. (Puerto Rico), Hercules SECZ (GRAND CAYMAN ISLANDS), Amagi Metals, Anthem Bunker LLC, Anthem Hayek LLC etc. This is to mean that Craig Brand's representation of each inclusive without limitation creates the situation wherein UCM and Chad Mitchell Koehn cannot then rely upon any defense of ignorance or non-knowledge of each of the acts of the associated conspiracy. This would include the filing of the SEC documents filed by Anthem Holding(s) Company which certainly contains many false material misrepresentations. Craig A. Brand cannot both defend UCM and Chad Mitchell Koehn without then violating confidences and privilege of information and documents for each of the aforementioned. Ergo and thus interalia each including Craig A. Brand is therefore so liable under pinkerton doctrine for all acts by each coconspirator, inclusive of all securities violations, fraud, tax evasion and other civil torts and criminal charges.

**DEAD WHISTLEBLOWER (s):**

Craig Alan Brand, who crosses the globe seeking the destruction of the lives of Federally

Protected WHISTLEBLOWERS.   Additionally, wherein here with Craig Alan Brand's very first

entry of a document in the matter at bar, Craig Alan Brand proffers a woefully materially

misleading, certain false declaration, and even as he begins with his first utterances before the

Court, Brand purposefully sets in motion a scheme designed to unfairly influence the trier of

fact, where he claims to be defending actions by the Securities and Exchange Commission,

presumably to do with the HERC crypto currency Coin Initial Coin Offering of the crypto

currency stock COIN and he exclaims defending actions by FINCEN (part of the US Treasury

Office of Money Laundering).   Brand's own statements on the record describe further Brand's

liberties with the truth before the court, wherein Brand at 6:32 of the audio recording Brand

states: " or how many different members of bars, associations I am part of by the fact"; the

affidavit was clear for Brand to list "ALL bars" he is a member, yet brand simply lists two

supposed bars, and lists the same bar number for the bar in Florida as to both. It is evident based

upon Brand's purposeful perhaps freudian slip and certain hesitation which as Magistrate Judge

Birzer, pronounced Brand you know, "you play fast and loose with number six" of the affidavit,

which is a document provided by the Clerk of the Court, and is not meant to be changed at all in

numbers 6 through 9; though the Court has chosen to take his then good standing certificate from

the Florida Bar Association from mid February of 2022.

"The order is collateral to the main proceeding yet has grave consequences to the losing

party; it is fatuous to suppose review of the final judgment will provide adequate relief." **496**

**F.2d at 805. Interlocutory appeal is a necessity.** Most courts have accepted direct appeals

under the Cohen doctrine. *Tomlinson v. Florida Iron & Metal, Inc., 291 F.2d 333 (5th Cir. 1961)*,

in which the Fifth Circuit held that an order denying appellant's motion to disqualify his

opponent's counsel was appealable under the Cohen principle. Id. at 334. *Accord, Uniweld Prod., Inc. v. Union Carbide Corp., 385 F.2d 992, 994 (5th Cir. 1967), cert. denied, 390 U.S. 931 (1968). See also United States v. Hankish, 462 F.2d 316 (4th Cir. 1972). Harmar Drive-In Theatre, Inc. v. Warner Bros. Pictures, 239 F.2d 555 (2d Cir.), cert. denied, 355 U.S. 824 (1957),* held that an order granting disqualification would be appealable under Cohen and section 1291. Id. Petitioner, however, had filed no notice of appeal and therefore the court declined to take jurisdiction. The court considered issuance of a writ of mandamus but declined to adopt that approach for effecting review.

Utilization of writs, including PROHIBITION and/or Mandamus, to effect review of lower court decisions, when adverse to the public interest, given the obvious and evident impropriety pro hac vice, and the facts as well laid out in documents 52 and 57, Craig Brand. *Cord v. Smith, 338 F.2d 516 (9th Cir. 1964)*, the court accepted the appeal as a petition for a writ under the *All Writs Act, 28 U.S.C. § 1651 (1970),* and reversed on the merits, ordering disqualification. Accord, *Chugach Elec. Ass'n v. United States Dist. Ct. for the Dist. of Alaska, 370 F.2d 441 (9th Cir. 1966)* (disqualification affected by mandamus after denial thereof by the district court). In *Yablonski v. United Mine Workers, 454 F.2d 1036 (D.C. Cir. 1971), cert. denied, 406 U.S. 906 (1972),* District of Columbia Circuit held while denial of a disqualification motion was appealable, circumstances sufficiently extraordinary to justify issuance of a writ of mandamus existed.

It is Craig Brand who has purposefully misled both the pro se defendant and the Chambers of the presiding jurist during the course of the matter, and it is Craig Brand that seeks continually to muddy the waters of the litigation he has helped craft since his involvement even now bringing forth further federal questions as to the integrity of the proceedings here.  It is

Craig Brand who proposes to the Court to represent more than one master in the issues at bar and it is Craig Brand who stands to gain material benefit and certain pecuniary gain, through the SLAPP styled litigation aimed at the pro se defendant, whilst Craig Brand continues with appeals presumably to the NEVADA Supreme Court, regarding the underlying and originating company from which all others have sprung, and from which Chad Koehn is an Officer de factor the former employer of the pro se defendant. IF not for the global deadly pandemic and the actions of Craig Brand and Chad Koehn seeking to benefit themselves financially in forgiven PPP loans while working to prevent the pro se defendant from gaining employment, contracts or even basic assistance during the pandemic, as all other persons were entitled who were out of work due to the pandemic and not being paid as the pro se defendant was, there would be no SLAPP here.

"...the integrity of the judicial process is to be maintained, and the appearance of impropriety to be scrupulously avoided, the issue of an allegedly improper representation should be resolved at the outset, "lest a costly and protracted trial be tainted on the merits by an issue collateral thereto." *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 496 F.2d 800, 803 (2dCir. 1974).*

In a matter eerily similar hereto a Federal Court sitting in Kansas deciding to disqualify for a conflict of interest looks to the Kansas Rules of Professional Conduct. See D. Kan. Rule 83.6.1 (adopting Kansas Rules of Professional Conduct as applicable standards of professional conduct); "(c) Standards of Conduct. Any of the following acts or omissions by an attorney shall constitute misconduct and shall be grounds for discipline: (1) Acts or omissions which violate standards of professional conduct; (2) Conduct violating applicable rules of professional conduct of another jurisdiction; (3) Willful disobedience of an order of court requiring the attorney to do or forebear an act in the course of the practice of law; (4) Willful violation of the attorney's oath

prescribed by these rules; see also *Coffeyville Res. Refining & Mktg. v. Liberty Surplus Ins. Corp., No. 08-1204-WEB, 2009 WL 3007125, at *1 (D. Kan. Sept. 16, 2009)*

Ethical violations do not automatically trigger disqualification. *Chapman Eng'rs, Inc. v. Natural Gas Sales Co., Inc., 766 F. Supp. 949, 954 (D. Kan. 1991).* Because disqualification affects more than merely the attorney in question, the Court must satisfy itself that this blunt remedy serves the purposes behind the ethical rule in question. *Koch v. Koch Indus., 798 F. Supp. 1525, 1530 (D. Kan. 1992).* HOWEVER; wherein here litigation has not yet begun and in Brand's limited appearance in the matter at bar, already wielded its ugly head in Brand proffering testimony and allegations relating to SEC and FINCEN, having had Judge Magistrate Birzer, chastise and admonish his behavior before even addressing his pro hac vice affidavit, which as submitted the Court recognized the affidavit stating: "you know, you play fast and loose with number six" the intention of the Court document to remain un-edited.   The Court has since allowed Brand's appearance relying upon his then good certificate of good standing issued in February of the current year.

Federal Rules of Civil Procedure permit disqualification of counsel as a sanction for violations. *Biocore, 181 F.R.D. at 664.* At its discretion, for violations of local rules, the Court can also apply the sanctions authorized under the Federal Rules of Civil Procedure. D. Kan. Rule 11.1(b), (c). In addition, the federal rules do not supplant the Court's inherent power to disqualify counsel at its discretion. *Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S. Ct. 2123 (1991).*

The essential issue is whether the alleged misconduct taints the lawsuit. Id. The Court should not disqualify unless the offending attorney's conduct threatens to taint the underlying trial with a serious ethical violation. Id. *(quoting Field v. Freedman, 527 F. Supp. 935, 940 (D. Kan.1981)).* Because the interests to be protected are critical to the judicial system, the Court

should resolve doubts in favor of disqualification. Id. The Court must balance several factors, however, including society's interest in ethical conduct, plaintiff's right to choose his counsel and the hardship which disqualification would impose on the parties and the entire judicial process. Id. *(citing Lansing-Delaware Water Dist. v. Oak Lane Park, Inc., 248 Kan. 563, 571, 808 P.2d 1369, 1375 (1991)).*

Citing State *ex rel. Morgan Stanley & Co., Inc. v. MacQueen, 416 S.E. 2d 55 (W. Va. 1992),* to support its argument that an attorney cannot represent a party and an adverse witness in the same litigation. In MacQueen, the Supreme Court of Appeals granted a writ of prohibition which required the lawyers to amend the pleadings to exclude specific allegations of wrongdoing against adverse witnesses and then to elect between representing the party and the adverse witnesses. In West Virginia state court, a party seeking to disqualify counsel from participating in a lawsuit after a conflict of interest has arisen must file a writ of prohibition to the Supreme Court of Appeals, which has original jurisdiction. *MacQueen, 416 S.E. 2d at 57 n.3. Id. at 56.*

a. "A directly adverse conflict may arise when a lawyer is required to cross-examine a client who appears as a witness in a lawsuit involving another client, as when the testimony will be damaging to the client who is represented in the lawsuit."

As certainly is the case here where the current matter before the bar involves Anthem Holding(s) Company, its filed SEC Regulatory D filing, the underlining filings made thereto from so-called merger subs, creating the business combination merger described as a "triangular reverse short-form merger" of self created merger subs, and the testimony of the officers thereto including that of Anthem Vault Inc., towhich Craig Alan Brand has already made appearances and has presented himself as counsel. Additionally, Craig A. Brand holds himself out as "special counsel" and a shareholder to "Hercules" / "HERC" crypto currency stock coin AND to that of

Hera Software Development Inc., which co-plaintiff and co-counter defendant UCM declares publicly though co-plaintiff and co-counter defendant Chad Mitchell Koehn as having "led" a "Series A" raise for Hera Software Development Inc., whilst simultaneously declaring via SEC regulatory filings to have raised money for Anthem Holding(S) Company, which declares in its merger documents it is a business combination merger, but then declares in SEC documents it is not a business combination merger, and declares all the directors listed have the identical middle name, and states addresses inconsistent with those then used with the various Secretary of States, yet now Craig Brand also represents Anthem Holding(s) Company, Hera Software Development Inc., Anthem Gold Inc, AG HERC Inc., Hercules LLC, HERC decentralized Crypto Currency Stock Coin, Anthem Hayek Blanchard, Cynthia Diane French - Blanchard, Cooper Hayek Collins, Mark Hayek Heatwole, Amagi Metals, Anthem Bunker LLC, Anthem Hayek LLC., and now here proposes representation of Chad Mithcell Koehn and United Capital Management of Kansas Inc., who publicly declare conflicts of interest with each other as to Anthem Holding(s) Company and that of the underlying shareholders, stockholders and principals thereto. Frankly, Mr. Craig A. Brand cannot provide simultaneous representation to all the conflicting parties and the parties conflicting interests.

      The concurrent representation of parties with differing interests substantially impairs the attorney's ability to effectively represent either client while fulfilling his ethical obligations to both. As seen herein Craig A. Brand, has numerous ethical violations of concern. ***Canon 5, provides that "a lawyer should exercise independent judgment on behalf of a client,"; DR 5-105***

      "Estates Theatres indicated that even had there been no objection, disqualification would have been **required for reasons of public policy**." In the Estates Theatres situation, <u>one client</u>

was likely to be adversely affected by the dual representation, and **the attorney was ultimately disqualified from the later suit.** The attorney contended the choice of which client he would continue to represent rested with him, the court held that under Ethical Consideration, and Disciplinary Rule, the attorney could not properly withdraw. Whereas here allowing Craig A. Brand to continue in representation of Chad Mitchell Koehn and United Capital Management of Kansas Inc., which de facto each have contrary interests to the corporations they are supposed to have led financing too and whereas Craig A. Brand claims to be both a shareholder and "special counsel" to those corporations and their underlying merger subs, and thus ipso facto the self created targeted acquisition corporations whilst also representing the conflicting parties of Chad Mitchell Koehn and UCM provides a situation where Brand has already used or will use confidential protected information to the detriment of the dual concurrent representations.

The court in *Handelman* found the "considerations" of Canon 9; applicable and ordered the attorney and his law firm disqualified. *368 F. Supp. at 263-64*. The court noted that the United States District Court for the Southern District of New York had not adopted the Code of Professional Responsibility, but determined the lawyer's disqualification to be required for the "same considerations" which necessitated the adoption of *Canon 9. Id. at 263*

*See Mendel Kern, Inc., supra, 400 Mass. at 282, 508 N.E.2d at 857* (observing in affirming denial of motion to disqualify that counsel "should have shown the good sense to step aside because his familiarity with the case led him to lead, suggest and almost testify while interrogating the witnesses." Whereas here, before Brand's pro hac vice, was approved by the court, Brand was testifying, and it is obvious and evident to the reasoned mind the matter here at bar is predicated on the fact the plaintiffs laid in wait nearly a year prior to attempting any service of the underlying state petition thus strategically laying in wait to file the SLAPP petition

in order to overwhelm the pro se defendant and now counter-plaintiff all in their Strategic Lawsuits Against Public Participation [SLAPP].

Brand publicly is declared as a "shareholder", himself and as such is privy to insider information from controlling interests including directors which he is bound, by law to disclose to the minority, especially wherein the minority are "significant equity interest holders", greater than that of Brand himself, as here the defendant and counter-plaintiff is a "significant equity interest" holder in the underlying merger subs and thus the contested holding company: Anthem Holding(s) Company. As well articulated **"attorneys retained by closely-held corporations may become privy to information concerning the conduct of the majority that they may be required to disclose to the minority". Brand has direct conflict of interest in personal pecuniary gain at the expense of "significant equity interest" holders, quite possibly at the expense of UCM and certainly at the expense of UCM clients who were solicited to invest in Anthem Holding(s) Company, which Chad Mitchell Koehn publicly states he has a conflict of interest with Anthem Holding(s) Company and UCM, yet Chad M. Koehn sits not only on the board of directors for Anthem Holding(s) Company but also for Hera Software Development Inc., which thus has a conflict of interest to AG HERC Inc. and the decentralized crypto currency HERC, marketed with promulgation of its defacto offering memorandum which now is in direct refute to the statements made by Hera Software Development Inc., which now Koehn claims to have led a "Series A" capital raise for, and does not mention Anthem Holding(s) Company, for which the SEC regulatory filings were made, although as charged contain material misrepresentations of fact. Therefore who now does Craig A. Brand propose he has the fiduciary responsibilities to? Who is Craig Brand's actual client which he owes the duty of care? Is it himself as an investor and**

**shareholder?  Is it Anthem Holding(s) Company and the underlying merger subs, who Brand has already represented, is it to the majority or to the minority shareholders therein?  Is it to the financier of a contested triangular reverse short-form merger, or is it the declared principle or majority shareholder of the declared financier who led the "Series A" of the conflicted Hera Software Development Inc. (HeraSoft) which holds a direct conflict of interest to those investors in Anthem Gold, Anthem Vault, AG HERC Inc, Hercules LLC, and the decentralized crypto currency project HERC, and thus the HERC crypto currency stock coins sold as an investment security.  Who individually are in the minority but collectively are the majority, are those shareholders which Brand should then have a fiduciary responsibility and owe a duty of care.  Mr. Brand cannot owe the same duty of care to all mentioned nor provide any semblance of normal representation to that of either UCM or Chad Mitchell Koehn in this matter here at bar.**

Craig Brand will absolutely be sought as a witness in this matter as to his multiple conflicting representations thereby eliminating any attorney client work doctrine as his conflicts as present here with the above and the individual representations of many multitude of individual persons and corporations make for an impossibility of the Court and thus the public to get to the truth, all while Brand is supposedly as he testified prior to discussion on his pro hac vice status defending actions involving US Treasury citing FINCEN and the SEC Securities and Exchange Commission.

As demonstrated herein below www.HeraSoft.com now publicly provides miss information to the public at large via direct advertising and marketing of it's website, conflating the investors in each of the merger subs, which are purported to have been acquired by the self dealing in the self created targeted acquisition corporations forming the business combination

merger via triangular reverse short-form merger creating Anthem Holding(s) Company, which UCM and Chad Mitchell Koehn publicly declare conflicts of interest too, and yet Craig A. Brand has appeared in Court and multitude of legal filings on behalf of the originating genesis corporation Anthem Vault Inc., where now through "special counsel" Craig A. Brand Anthem Vault Inc., of NEVADA, is simply described as "Formation of online-based, fractional ownership gold vaulting company", in 2011. Thus under this "new time-line" for Hera Software Development Inc. leaves out all the investors from 2011 to 2017, where it is claimed "Raising of Seed Capital", yet all the underlying employees the defendant and counter-plaintiff here were at all times employed by NEVADA based Anthem Vault Inc.

It is Craig A. Brand's simultaneous dual and multitude representations here which are at direct conflict to the interests of BOTH the two plaintiffs and counter-defendants Chad Mithcell Koehn and UCM as well as to Defendant and Counter Plaintiff Nelson a "significant equity interest" holder in all the underlying companies and the holding company Anthem Holding(s) Company which is in dispute as to the legality of the business combination "triangular reverse short-form merger" of the self dealing, self created targeted acquisition corporations as the merger subs thereto the holding company claimed, and then used to raise capital via the already entered SEC regulatory filings for Anthem Holding(s) Company which Chad Mitchell Koehn and UCM claim conflicts of interest between each other and said disputed holding company: Anthem Holding(s) Company. Now Craig Brand and Hera Software Development Inc. together with Chad M. Koehn claims a capital raise was made to Hera Software Development Inc. (HeraSoft) which has not a single SEC regulatory filing.



Courts have held that the act of subpoenaing opposing counsel as a trial witness, is deemed the "functional equivalent" of a motion to disqualify. Williams v. District Court. Whereas here the deposition of Craig Brand is absolute certainty given his role in regards to both Hercules (HERC) crypto currency stock COIN, stemming from the ICO thereof which requires the software to be decentralized and in public domain which it is not and now Brand simultaneously claims to be the only human shareholder of Hera Software Development Inc. which has Chad Mitchell Koehn as a director thereof and now it is Hera Software Development Inc. aka HeraSoft which now claims HERC crypto currency stock COIN is the "Proprietary Protocol" of HeraSoft.   Brand having participated in both investment and sales of stock in Hera Software Development Inc. and Chad Koehn publicly issuing press releases to have led a financing round personally and by and through United Capital Management of Kansas Inc. for a $5,000,000 financing of Hera Software Development Inc. which now unlaterialy has taken over the HERC crypto currency STOCK COIN, denying the some more than 14,500 INVESTOR wallet addresses the underlying promises in the stock placement memorandum regarding the issuance of the HERC stock COIN during the HERC stock COIN ICO known as Initial Coin OFfering, demonstrates a clear conflict of interest between all parties, least of course it is Craig

Brand and Chad Koehn who now appear to be <u>conspiring to DEFRAUD the more than 14,500</u> <u>INVESTORS around the world?  Claims of Govt. Contracts misuse of govt. logos & Seals.</u>

**<u>"The paramount concern must be to preserve public trust [EMPHASIS ADDED] in</u> <u>the scrupulous administration of justice and the integrity of the bar…</u>The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process." Kennedy v. Eldridge, (2011)**

Courts have held that the act of subpoenaing opposing counsel as a trial witness, is deemed the "functional equivalent" of a motion to disqualify. *Williams v. District Court.* Whereas here IF the matter is to proceed after all the pro se defendant has filed multiple motions to DISMISS based on cause.   The plaintiffs seek to dismiss the much great pleadings, with much higher level of specificity than that of the SLAPP suit by the plaintiffs, therefore if the pro se defendant's counter and cross claims were to be dismissed then obviously so should the plaintiffs much lesser degree of claims be so dismissed; none-the-less if the matter is to proceed then Craig Alan Brand will obviously be called as a witness given his interaction as the "SPECIAL Counsel for Cyber and Security" with Hera Software Development Inc.  **Where Chad Koehn was listed as a member of the board and a director until 72 hours AFTER the pro se defendant filed his first amended counterclaims and cross complaint**, obviously Craig Brand is serving multiple masters and has a conflicted insider information on the corporations to which **Craig A. Brand owes the pro se defendant the same degree of protection and representation**, as they do any individual lesser shareholder like Brand and Koehn of the identical corporations, Hera Software Development Inc. and Anthem Holdings Company etAl.   Ipso Facto Craig A. Brand must represent the interests of the majority minority the same with respect to the fiduciary responsibilities to the Corporations.  Inter alia Craig A. Brand's representation here is ipso facto

a direct conflict of interest and violation of Rules of Professional Conduct with respect to the now multitude of simultaneous representations, which include the RIGHTS of the defendant in this matter, thereby Craig A. Brand OWES a fiduciary DUTY to the Defendant as well.

Whether a motion to disqualify is filed, the subpoenaed or named attorney in this case Craig Alan Brand, <u>has a duty to promptly determine whether or not withdrawal is required under Rules of Professional Conduct & Rules of the Court, and to act appropriately</u>. *Taylor v. Grogan, reversing Grogan v. Taylor*. As previously pleaded it is the option of a Court to treat an OBJECTION to Pro Hac Vice motion of an attorney as a motion to disqualify, as the court should now do, after the court has thrown out its own rules, with regards to the perjury riddled affidavit filed by Craig A. Brand to be admitted here, pro hac vice, knowing his myriad of conflicting representations, and insider knowledge to the vast array of corporations created from the intellectual property designed by the pro se defendant, having invested considerably in the originating corporation in NEVADA, where Brand also continues as a NEVADA attorney presumably with final appeal to the NEVADA SUPREME COURT, after having a multitude of appeals all found in favor of the pro se defendant here.

"A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless: (1) The lawyer's testimony relates to an uncontested issue or matter; (2) The lawyer's testimony relates to the nature and value of legal services rendered in the case; or (3) The lawyer has obtained informed written consent from the client"

"RULE 4-3.3: CANDOR TOWARD THE TRIBUNAL (a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel;" WHEREAS here even the Judge Magistrate had to make a statement on the record that Craig Alan Brand "you know, you play fast and loose with number six"

Defendant's fundamental rights to be heard were trampled by the hearing procedures employed. **"A litigant in civil proceedings is entitled to a fair hearing, imbued with the protections of due process."** *See A.B. v. Y.Z., 184 N.J. 599, 604 (2005); H.E.S. v. J.C.S., 175 N.J. 309, 321-23 (2003).* The due process guarantee expressed in the 14th amendment to the United States Constitution requires assurance of fundamental fairness during legal proceedings. *U.S. Const. amend. XIV, § 1.* This includes the opportunity to be heard and requires "procedural safeguards including the right to cross-examine . . ." *Peterson v. Peterson, 374 N.J. Super. 116, 124 (App. Div. 2005).* Such fair hearings are not possible with Craig A. Brand's appearances at bar as the record and docket so provide ample proof in the positive.

Craig Brand in his proffered statements before discussion on his pro hac vice status, did spontaneously against the rules of decorum and with intent to negatively influence the trier of fact and the interpretation of law in furtherance of the SLAPP petition as filed claim that he is currently defending actions by FINCEN of the US department of Treasury and the SEC (Securities and Exchange Commission), wherein at the heart of the underlying state petition the plaintiffs seek unlawfully to prevent petition for redress, prevent free association and prevent protected speech, as is evident and obvious in their filings they seek to out the identity of some unknown WHISTLEBLOWER in their firm or corporation of United Capital Management of Kansas Inc. and simultaneously against the interests of rule, regulation, code, statutes collectively laws, seek to dissuade any other person from communications with law enforcement or regulatory officials.

Thus Craig Brand's actions have: **"sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the [trier of fact] or unfairly hampering the presentation**

**of the opposing party's claim or defense.**" *Cox, 706 So. 2d at 46 (quoting Aoude, 892 F. 2d at 1118).* The plaintiffs themselves cannot appreciate the risk which is presented by Brand's admission here, given the conflicting representations Brand has already engaged before courts in the related matters hereto; therefore under the rules:

> "(c.) one or more of the clients the applicant proposes to represent may be at risk of receiving inadequate representation and cannot adequately appreciate that risk".

Disqualification or withdrawal **"when the decision 'to forego the testimony of counsel appears obviously contrary to the client's interest'"**, *Mendel Kern, Inc. v. Workshop, Inc., 400 Mass. 277, 281, 508 N.E.2d 853, 856 (1987), quoting Borman v. Borman, 377 Mass. 775, 791, 393 N.E.2d 847, 857 (1978),* or where a client's advocate will be called by an adverse party concerning non-privileged matters "where the lawyer [was] intimately involved in the events in issue." *Serody v. Serody, 19 Mass.App.Ct. 411, 415, 474 N.E.2d 1171, 1174 (1985).* States courts have not hesitated to enter orders of disqualification under *DR 5-102* against counsel for closely-held concerns in shareholder disputes. *See, e.g., Hitzig v. Borough-Tel Serv., Inc., 108 App.Div.2d 677, 678, 485 N.Y.S.2d 541, 542 (2d Dep't 1985)(***attorney disqualified from representing closely-held corporation in action brought by one of shareholders arising out of termination of employment**) [EMPHASIS ADDED].

While case law demonstrates that Motions to Disqualify counsel are viewed with "suspicion", *Brown v. Encompass Ins. Co. of Am*., No. 14-CV-01885-RM-BNB, 2014 WL 7177378 at *2 (D.Colo. Dec. 16, 2014); [T]his is simply not the case here, wherein Craig Alan Brand has demonstrated clearly at every stage of the matter at bar, certain direct "deception" directed towards the Court, the Chambers, the pro se defendant and the public at large.

**Undisputed Facts:**

1.  Before there was discussion on Larry Michel's motion in document 24 nor Craig Brand's affidavit in document 24-1; Craig Brand proffered utterance of testimony to influence the presiding jurist by stating in part "he is defending cases with SEC and FINCEN".

2. Craig Brand's affidavit in document 24-1, has been shown to be riddled with miss-statements, certain deception and outright untruths.

3. This Court had to exclaim  Brand "played fast and loose with number six" Doc 24-1.

4. The Court had the necessity to inquire as to who or what "MYSTIC LAW is", during status conferences of the matter at bar, appearing under a different law firm name.

5. Neither the Court nor the pro se defendant has been made aware of the entrance of "Mystic Law" as a new law firm appearing at bar.

6. Craig Brand has purposefully and materially misled the presiding jurist, the Chambers of the presiding jurist and the person of the pro se defendant, by purposefully, wrongfully and illegally replying from the email address craig.brand@herasoft.com [EMPHASIS on HERASOFT.com]  It is Hera Software Development Inc. aka HeraSoft, which Chad Koehn then removed himself as publicly director and member of the board just 72 hours AFTER the filing of the Counter and Cross Complaint by the pro se defendant.

7. Brand's fraudulent deception involving HeraSoft is expounded upon in document 52, providing the Court with ample evidence of impropriety by Craig Alan Brand in his communications before the Court and opposing pro se party.

8. The pro se defendant was necessitated to file Objection and Motions in documents 52 and 57, regarding the materially misleading return email to Chambers and the pro se defendant by Craig Brand, when the Chambers of the presiding jurist emailed the parties Craig Brand inclusive to the email address on file:  craig @thebrandlawfirm.com

9. Though Craig Brand has signed document 24-1 that he appears and works under the law firm "the Brand Law Firm", he has appeared at bar under the firms: "HERASOFT" and "MYSTIC LAW", and HeraSoft is the entity which now claims publicly by Chad Koehn of having a "Series A" raise on the heels of the Regulation D filing for Anthem Holdings Company, TRUTH in Statements to Others is at issue with Brand's representation here.

10. Craig Brand's emailing from the email address [craig.brand@herasoft.com](mailto:craig.brand@herasoft.com) was an attempt to misdirect and mislead the pro se defendant and directly provides a tie between this matter and underlying directly parallel criminal matters and currently issued protective orders specifically and directly referencing HeraSoft.com

11. Craig Brand was aware of his actions and the underlying Court orders on Herasoft

12. Now that the pro se defendant has filed a first amended counter claim and cross claim Koehn has removed himself from the website HeraSoft.com demonstrating clear mens rea, and further conflicts of interest with Brand's representation.

13. Brand continues to have insider information and reasons to continue this slapp litigation in his own pecuniary gain rather than the interests of his clients or the Court in the resolution and ultimate material termination of the litigations.

As referenced extensively in the pleadings of this matter to date, the companies Anthem Holdings Company, has a direct conflict of interest between Chad M. Koehn and United Capital Management of Kansas Inc. and thus Hera Software Development Inc. Craig Brand has represented himself as a NEVADA attorney, in court hearings, and appeals to a three (3) Justice Panel in the district of NEVADA, regarding Anthem Vault Inc. an underlying purported merger-sub, to a triangular reverse short-form merger, which purports to create Anthem Holdings

Company.  Now Brand is stated to be appealing again presumably to the NEVADA SUPREME COURT as this is the only appeal left, in yet another parallel matter.

Craig Brand purports to represent multiple underlying merger-subs to Anthem Holdings Company, and that of Anthem Holdings Company itself.   Stock sales under SEC (Securities and Exchange Commission) form Reg. D, recognized by the Court and charged in counter and cross complaints as materially misleading and false, referenced the sale of securities in violation of law regarding Anthem Holdings Company.  Proof positive has been proffered in the docket and in the cross and counter complaints regarding the misappropriation of funds from materially misleading and false sales of stock in Anthem Holdings Company to that of a reported "Series A" stock investment to the corporation Hera Software Development Inc. another of Brand's representations in conflict.

Craig Brand is listed on the website www.HeraSoft.com as the "special cyber and legal" for Herasoft and Hercules (crypto currency stock COIN, from ICO [initial coin offering]).

**Hercules is a CRYPTOCURRENCY stock COIN,** charged as issued via an illegal Initial Coin Offering (ICO), and is **not in compliance with its offering memorandum.**   It is the direct issues surrounding the self dealing, in the artificial pumping and dumping of the CryptoCurrency where are at the heart of the complaints by the pro se defendant and many other investors and shareholders to a variety of authorities monitoring the HERC cryptocurrency Stock Coin, which Chad Koehn now seeks to artificially pump with Red Neck High Tech Yacht Fund LP, referenced in early documentation here and another Brand Conflicting representation.

Hera Software Development Inc. claims the HERC crypto currency COIN created in the contested cryptographic contract addresses and subsequent migrations to hide and otherwise conceal the underlying fraud, that HeraSoft now controls HERC cryptocurrency COIN as

"proprietary protocols". The burn of the cryptocurrency HERC stock COIN, from its origination is at the core of the issues surrounding Whistleblower filings, by MULTIPLE former board members of the company which created the technology and the technology created by the pro se defendant here, being harassed in this SLAPP suit by the plaintiffs, being orchestrated by Brand's insider information and knowledge in multiple corporations all with conflicting interests. HERC cryptocurrency stock COIN, does not maintain github or public repositories sufficient to operate according to SEC regulatory safe harbor provisions regarding crypto currencies. Plaintiff's and Counter-Defendant's Chad M. Koehn and United Capital Management of Kansas Inc. have declared publicly in disclosure documents filed publicly to have a direct conflict of interest with each other, and thus with HERC crypto currency stock COIN and thus Hera software Development Inc. (HeraSoft)

Chad M. Koehn is listed as a board member of both Hera Software Development Inc. and Anthem Holdings Company, though the pro se defendant does concede that Chad Koehn was removed from the website www.HeraSoft.com just 72 hours AFTER the filing of the first amended counter claims and cross complaint, demonstrating clear mens rea of guilt, and establishing where and how Craig A. Brand is misusing the matter here at bar to discover information in order to as he proffered to the court he is defending actions by FINCEN and SEC.

Defendant and Counter-Plaintiff Nelson is a former board member to Anthem Vault Inc., and the developer, programmer and inventor of the underlying cryptography to HERC crypto currency stock Coin, which was misappropriated to other entities, and which the placement memorandum was not followed and the funds misappropriated, where Craig A. Brand now claims he is the "special counsel" establishing clearly where he has insider information and a multitude of direct conflicts to each party at issue here. Koehn and UCM have conflicts with

each other and now Brand represents de facto Koehn in NEVADA, and other states's yet with competing conflicts of interest in each of the representations.  As well as the fact Brand is a witness herein this matter, and has pecuniary gain in each company he claims to be a minority shareholder, against the majority and "significant equity interest holder" of the pro se defendant demonstrating again clear predatory collusion, of a minority against a collective majority, the Court must consider the 14,500 plus other Investors the pro se defendant included in the investment placement memorandum for HERC cryptocurrency stock Coin.

Craig Brand proposes to represent and is in past and current representation of virtually every single corporation, and individual in dispute, with the exception of the weakest member though with the greatest "significant equity interest" far greater than either ucm, chad koehn or craig brand, demonstrates clearly where this is a bullying tactic through the use of insider information as to the pump n dump of the securitized cryptocurrency stock coin, which craig brand claims as being a shareholder and the special counsel for as well as continuing appeals to the NEVADA SUPREME COURT, regarding the underlying corporation which all intellectual property was therefore and herein created here in NEVADA.  Craig Brand also claims to represent those individuals who also claim conflicts of interest with each other and each of the corporations, and make said claims in writing under penalties of perjury on public disclosure documents which are already a matter of the public record here in this matter at bar.  Craig Brand additionally claims to be a shareholder in at least Hercules and Hera Software Development Inc.

Nelson is a significant equity interest holder in each of the merger-subs and thus in Anthem Holdings Company and its progeny, inclusive without limitation the holder of significant HERC crypto currency stock COINs.  The fashion in which HERC crypto currency stock coins were issued in Initial Coin Offering (ICO) and the promulgated placement

memorandum (securities regulatory filings) and placement documentation, puts each holder in Anthem Gold, Anthem Vault, AG Herc, Hercules SECZ (Grand Cayman Islands), Hercules LLC (Puerto Rico), Hercules Software Company (Nevada), at direct odds with each other.

Nelson IPSO FACTO as a former board member of the genesis corporation Anthem Vault Inc. which has had many corporations created from the intellectual property and assets created and invested in by Nelson to Anthem Vault Inc. as both an investor and employee. Brand's proposed continued representation of Chad M. Koehn and UCM which claim conflicts of interest with each other and Anthem Holdings Company and its purported merger-subs, presents an issue worth of discussion and certainly, creates conflicts between.

ALL parties, the pro se defendant and counter-plaintiff, the currently identified Plaintiff's and counter-defendants, who publicly declare conflicts between them and the purported holding company and thus all merger-subs, and the dissenting and joining shareholders to each which is inclusive of Craig Brand according to public advertisements regarding Craig Brand as a shareholder to Hercules and Hera Software Development Inc.

This Court is without the requisite waivers regarding each of the corporations and individuals and their conflicts of interest both as required under Best Interest Regulation, SEC regulations, State Regulations, Fiduciary responsibilities, as the pro se defendant and counter-plaintiff is also a former board member of the originating genesis corporation, the Rules of Professional Conduct are clear:

> "{a} lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client"
> <u>Chad Mitchell Koehn cannot proffer defenses so long as Craig Brand is representing him,</u>

and UCM which have publicly disclosed on securities filings to have conflicts of interest with each other and to that of Anthem Holdings Company and thus the purported merger-subs

---

claimed to be created out of triangular reverse short-form mergers, without the requisite shareholder approval of 90+% in accordance with the laws of Nevada, Texas and Delaware.

Chad M. Koehn has also recently within the last month had his name, photograph and description of his involvement with BITCOIN describing it as the "World's Largest Barter Economy" removed from the website [www.HeraSoft.com](www.HeraSoft.com) wherein HeraSoft.com is a moniker of Hera Software Development Inc., a company which Chad M. Koehn claims an investment of an unregistered and unlicensed, unreported "Series A" financing. Though removed himself from the HeraSoft.com website just 72 hours AFTER filing of the first amended counter complaint.

<u>Rules of Professional Conduct State in Part:</u>

"Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Here, Craig Brand has certainly more than the traditional "playbook" knowledge test, and he himself as a publicly declared "shareholder" in at least two of the conflicting entities which are in and of themselves at direct conflicting odds with each other. A corporation may not serve two masters, as the Courts have noted, yet here the more than 14,500 investor wallet addressing of the HERC crypto currency Stock COIN, issued under placement memorandum and securities filings is now claimed as a "proprietary protocol" to that of Hera Software Development Inc. which in and of itself has now separate shareholders. Brand publicly claims to be a shareholder in each, while Koehn claims to be a member of the board of directors to Hera Software Development which claims proprietary protocol HERC control, yet HERC crypto currency stock coin was issued as a decentralized crypto currency stock contract owing the protocol which has now been made private. Leading to a direct conflict between the Crypto Currency COIN investors via the securities placement memorandum and those of Hera Software Development

and those of Herc Software Company. Koehn and UCM claim conflicts of interest with each other to Anthem Holdings Company purported to be formed from merger-subs in a series of triangular reverse short-form mergers, alleged to have been conducted without either notice nor vote of 90%+ of the shareholders in each of the merger-subs, Anthem Vault Inc included, which Nelson is a former board member and "significant equity interest" holder in each.

*Shari*, 204 P.3d at 460-62. *See also Harlan*, 54 P.3d at 877 (the Court noted that "[i]n determining whether disqualification is warranted 'the critical question is whether the litigation can be conducted in fairness to all parties'" and explained that "[d]isqualification should not be imposed unless the claimed misconduct in some way 'taints' the trial or legal system") (quoting *Fed. Deposit Ins. Co. v. Isham*, 782 F.Supp. 524, 528 (D.Colo. 1992)).

A court may disqualify counsel **when the subject matter of a case** **bears a "substantial relationship" to a matter in which counsel previously advised or represented the presently adverse party**.

The fact remains at the last hearing, a status conference of this matter, BOTH the pro se defendant and as evidenced on the record even the Federal Magistrate was so confused, that she had to directly ask who "MYSTIC LAW is", as Craig Brand once again demonstrated his deception before the Court, by appearing not under the firm he submitted in his affidavit 24-1, but appearing at the zoom conference under the titling of a different purported law firm, this time appearing before the Court under the law firm "MYSTIC LAW". Therefore it is not only correct but proper for the pro se defendant to both complain and alert the Court as to the continuation of purposeful misleading of the pro se defendant and the Court by Craig Brand, who continues in extra judicial harassment of the pro se defendant in what he has a long and storied history of abuse of the judicial system. It is likewise correct and proper for the pro se defendant to draw to the Court's attention the fact, not only has Brand's conduct at bar demonstrated clearly

again and again judicial abuse, purposeful misleading of the pro se defendant and the Court, but Craig Brand exclaims to the world that he has "I [Craig Alan Brand], for instance, have championed the art of disinformation. I intentionally provide…. false information." Id. page 118.

**PROFESSIONAL PREJUDICE:**

Craig A. Brand's continual extra judicial harassment of Nelson, combined with his continual dual representation of conflicting interested parties in the outcome of this and other litigation, together with his proffered hatred and defamation of Nelson, demonstrate clear "Professional Prejudice".    Whether it's microaggressions, bias, or discrimination—is physically and psychologically demanding, as Craig A. Brand's brand of law seeks judicial abuse of parties in order for Craig Brand to have pecuniary gain.   Craig Alan Brand exclaims his description of how the Judicial System of the United States of America is to be used and abused:   "Our system of justice gives everyone an audience without the need or necessity to first submit sufficient proof of his or her claim. All that is required is the mere filing of a legal document called a "complaint". Then, wham, you are in court and the accused must go through a long, lengthy, tiring, stressful and expensive process merely to prove his or her innocence. In spite of what you have read about our system of justice, we are all guilty until proven innocent, and we are all innocent until we run out of money. **Most falsely accused people wind up paying some form of legal extortion just to get out of the drama. The bad guys and their shyster lawyers know it.**" id. page 97   This is not in conformity to the public's perception of the Judicial System and certainly brings the judiciary into disrepute and certain severe "tarnish" of the fairness and equity of the American Judicial system, by allowing Craig A. Brand to continue at bar through the multitude of simultaneous representations, invoking therewith the variety of Pinkerton Issues under said doctrine in Pinkerton, Craig A. Brand's

simultaneous representations here does a disservice to each client and certain the work of the Court whilst simultaneously causing further hardships for opposing parties, counsel and certainly for the Court to fairly in equitable adjudication of the matter in compliance with FRCP under Rule 1 and with judicial conservation and judicial economy in mind, the parties and the Court are all placed at a disadvantage having Craig A. Brand continues in the multitude of simultaneous legal representations and continuation of the behavior he himself has exuded to the public and the Court thus far in the matter at bar.

WHEREFORE Prayer for Relief: in the interests of Justice, the preservation of the Court's reputation in the eyes of the public, conservation of judicial resources, judicial economy and f**or the protection of the interests of all parties to the matter at bar this Court must now disqualify Craig Alan Brand from further representation of the parties in the matter at bar,** having now properly before the Court this Motion to Disqualify Craig Alan Brand from representation of any party in the matter before the Court.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 22nd day of July 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn. Nothing contained herein or hereby shall be considered nor availment hereof any notice or request to communicate in any manner or nature whatsoever with the person of CHAD MITCHELL KOEHN, and/or any of the aliases used by CHAD MITCHELL KOEHN. IN NO way shape or form is the defendant suggesting nor inferring that any filing, pleading or notice be provided, shown or communicated in anyway to the person of Chad Mitchell Koehn.

Respectfully Submitted, this 22nd day of July 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com