# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. and CHAD M. KOEHN<br><br>    Plaintiffs, Counter Defendants<br> v.<br>Michael Nelson<br><br>    Defendant ; Counter Plaintiff PRO-Se. | **DOCKET NO.: 5:22-CV-04008-JWB-GEB**<br>**CIVIL ACTION**<br><br>**Application (motion) of demand for Default Judgment against the Counter Defendants pursuant with FRCP, Statutes, Case Precedent, ipso facto mandating Default Judgment be issued under the Federal Rules of Civil Procedure as promulgated by the UNITED STATES SUPREME COURT, under the Rules Enabling Act, ipso facto Approved by the US Congress; Failure of Counter Defendants to Answer timely First Amended Counter Complaint** |

  Defendant, makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of filing **Application/Motion of demand for Default Judgment against the Counter Defendants pursuant with FRCP, Statutes, Case Precedent, ipso facto mandating Default Judgment be issued under the Federal Rules of Civil Procedure as promulgated by the UNITED STATES SUPREME COURT, under the Rules Enabling Act, ipso facto Approved by the US Congress; Failure of Counter Defendants to Answer timely First Amended Counter Complaint**. Cross and Counter Plaintiff so herein now states, as fact and thus requests Motion via this Application under Statue, Rule and Case precedent for Default Judgment sum certain, in favor of the Pro Se Counter and Cross

================================================================================

**Motion for Default Judgment Failure of Counter and Cross Defendants to Answer or otherwise plead regarding First Amended Cross and Counter Complaint**

- 1

Plaintiff, Michal Nelson, upon the irrefutable factual grounds, law, rules inclusive of Federal Rules of Civil Procedure, orders of this court and case precedents:

*Irrefutable Facts:*

1. United Capital Management of Kansas Inc and Chad M. Koehn filed a frivolous, incongruous SLAPP styled State Petition in State Court, and proceeded to purposefully lay in wait nearly a year without attempting any service of process.

2. Nelson was served via incorrect service of process of the State Petition, replete with racial slur, aimed at defendant Nelson, while Nelson was being unlawfully detained in a detention facility, based upon fraudulent statements to law enforcement by Koehn's coconspirator Cynthia Blanchard, a director along side Chad Mitchell Koehn in several companies, including without limitation Anthem Holding Company and Hera Software Development Inc., both companies which the counter plaintiff is a "significant equity interest" holder of all classes of stock.

3. Nelson, the counter plaintiff, did promptly and timely file notice of removal of the counter-defendants Chad Mitchell Koehn and United Capital Management of Kansas Inc.'s SLAPP styled state petition to Federal Court for cause. The Court

===========================================================================================
**Motion for Default Judgment Failure of Counter and Cross Defendants to Answer or otherwise plead regarding First Amended Cross and Counter Complaint**

- 2

held hearings and found the matter properly removed to the Federal Court, through the issuance of Order in Document Number 31.

4. The State petition was replete with a purposeful racial slur aimed and directed at Nelson, with intent to cause Nelson physical and emotional damage, it has had its intended consequence of harm to Nelson in the US District of New Jersey.

5. Rather than simply amend and remove the Racial SLUR from the proceedings, the Counter Defendant's Chad Mitchell Koehn and United Capital Management (UCM), chose instead to file repeated motions failing to comply with FRCP Rule 7.1 and file repetitively woefully incomplete and not in conformity with the rules of procedure, motions to strike and other attempts to get away with the racial attack against Nelson.

6. The counter defendants CHAD MITCHELL KOEHN and United Capital Management of Kansas Inc. repeatedly filed documents to the Court and did not notice (notify) Nelson of the filings they themselves made to the Court, <u>violating Nelson's due process rights and violating Federal Rules of Civil Procedure.</u>

7. The Court after researching the matter, brought to the Court's attention in formal objection, SUSTAINED, the objection, that the plaintiff's were making filings to the case at bar and purposefully not noticing the pro se defendant and counter-plaintiff of the filings they were making to the Court and purposefully not providing to Nelson. The Court had out of necessity to "ORDER" the counter defendants to properly follow FRCP, specifically to follow Rule 5, of the Federal Rules of Civil Procedure, which are promulgated by the United States Supreme Court, under the Rules Enabling Act, ipso facto laws of Congress.

8. The Court there and then in direct ORDERS of the Court, had the necessity to ORDER bar licensed attorneys to follow the known Federal Rules of Civil Procedure and provide copies of what they file to the Court to Nelson (opposing party), counter-plaintiff.

9. The United States Supreme Court promulgates the FRCP (Federal Rules of Civil Procedure) amendments under the Rules Enabling Act, and then the United States Congress has seven months to veto the rules promulgated or they become part of the FRCP, originally created by Congress as law. Inter alia all rules of the FRCP are ipso facto laws created and thus approved by Congress and therefore only congress may change the rules by force through the United States Supreme

Court ipso facto the FRCP are laws of Congress, and Congress may therefore only so amend pursuant with the US Constitutional authority.

10. Chad Mitchell Koehn and United Capital Management of Kansas Inc. repeatedly made filings in the case, filing pleadings to the Court and purposefully NOT noticing Nelson (opposing party) of the filings they made. Causing the Court to issue orders, that the opposing counsel was to provide notice and service of all pleadings they file with the Court to Nelson, as the FRCP and Local Rules so require, intended and any bar licensed attorney should be held to the FRCP, promulgated by the United States Supreme Court and ipso facto approved by the Congress of these the United States of America under the US Constitution.

11. Chad Mitchell Kohen and United Capital Management of Kansas Inc. made repeated motions and responses and filings to the Court without complying with FRCP Rule 7.1 as noted. Counter-Plaintiff Nelson was therefore mandated to demand compliance with FRCP Rule 7.1, by United Capital Management of Kansas Inc. the counter-defendants, who did finally after repeated filings in violation of FRCP Rule 7.1, comply with FRCP Rule 7.1, only after filing a multitude of filings in violation of the FRCP Rule.

12. The presiding Federal Magistrate held multiple hearings in the matter, and issued multiple orders, including mandating the removal of the known racial slur from the pleadings and Chad Mitchell Koehn and UCM made their once in a course amendment to the petition, filed by Christopher Kellogg in Document 64.

13. The Court issued an ORDER wherein the Court had "overruled" multiple objections of fact made by Nelson, though then stated in strong language: **"However, after further discussion with the Court Clerk's office regarding service of pleadings, <u>the Court SUSTAINS Defendant's [Michael Nelson] objection in ECF No. 42</u>"**

14. Document Number 42, filed by Nelson, is so appropriately titled: **"OBJECTION DEFENDANT NOT RECEIVING FILINGS/PLEADINGS MADE BY OPPOSING COUNSEL Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e) <u>Preservation of Rights under Due Process Clauses & 14th Amendment without limitation</u>"**

15. <u>The ORDER of the Court went on to state:</u> "...the Court ORDERS Plaintiffs [UCM and Chad Mitchell Koehn] <u>to provide</u> Defendant [Nelson] <u>with a hard copy of any future filings via regular mail</u> and <u>to certify service of same.</u>"

===================================================================================
**Motion for Default Judgment Failure of Counter and Cross Defendants to Answer or otherwise plead regarding First Amended Cross and Counter Complaint**

- 6

16. The ORDER of the Court is in conformity with RULE 5, of FRCP, requiring the opposing party to BOTH certify <u>and then actually</u> **"provide… a hard copy of any future filings via regular mail and to certify service of same."**

17. FRCP which is Approved thus ipso facto Law of Congress, states clearly in FRCP <u>**Rule 5b(2)(c) states in plain english**</u>: **"mailing it to the person's last known address—in which event service is complete upon mailing";** it is this which <u>**the Court had the necessity to ORDER**</u> UCM and Chad Mitchell Koehn to complete, having failed repeatedly of providing copies of what they file to the Court to Nelson, the opposing party, causing formal objection in Document 42, which was then "sustained" by the Court, <u>and formal ORDER was made for the edification of opposing counsel in ORDER of the Court Document 63,</u> on page 14, wherein the Court ORDERED the plaintiffs, UCM and Chad M. Koehn: **"the Court ORDERS Plaintiffs [CHAD MITCHELL KOEHN AND UNITED CAPITAL MANAGEMENT OF KANSAS INC.] to provide Defendant [MICHAEL NELSON] with a hard copy of any future filings via regular mail and to certify service of same."** Though bar licensed counsel are seldom so ordered to

===============================================================
**Motion for Default Judgment Failure of Counter and Cross Defendants to Answer or otherwise plead regarding First Amended Cross and Counter Complaint**
- 7 -

**specifically follow the Rules and thus laws of the Court with regards to litigation; here the US Federal Court for the District of Kansas, felt the need to both "research" and then issue a stern ORDER of the Court for the opposing parties Chad Mitchell Koehn and United Capital Management of Kansas Inc. <u>to follow the laws of Congress via the FRCP.</u>**

18. FRCP Rule 5(b)(2) (e) and (f); **BOTH require** that the person to whom service is made **MUST "consent in writing"** to any other alternative service, including any such stated 'electronic service'. As such as the requirement of "consent in writing", Mr. Nelson, has not made as the docket reflects, therefore so demanding that Counter-defendants follow FRCP, and the US District of Kansas Federal Court did so make an ORDER requiring as the Court ORDERED, consistent with the Federal Rules of Civil Procedure, under Rule 5, wherein the Court stated: **"the Court ORDERS Plaintiffs [UCM and Chad M. Koehn] to provide Defendant [Nelson] with a hard copy of any future filings via regular mail and to certify service of same."**

19. Upon filing of the Amended Complaint, REMOVING the RACIAL SLUR aimed at Nelson, from the petition, as required by the ORDER of the Court, UCM and Chad Mitchell Koehn filed a largely altered complaint, as their once in a course amendment to their pleadings, taking the opportunity to substantially change their complaint under Rule 15.

20. The Court then filed Document Number 67, which ipso facto reiterated the prior Orders of the Court, and set forth further instructions regarding communication between the parties, as it pertains to discovery and the holding of a Rule 26(f) conference and making disclosures, including stating: "Communications between the parties shall take place by email. Christopher Kellogg shall act as the point of communication on behalf of Plaintiffs and their counsel, with Mr. Kellogg using the email address ckellogg@kenberk.com and Mr. Nelson using the email address oklahomaremote@gmail.com."

21. Nowhere within the Order in document 67 did the Court overrule Congress or the United States Supreme Court, with regards to FRCP nor the Court's prior Orders, or the Rules governing service of pleadings regarding the Court's prior Orders. As the Court cannot through any order overrule the USSC, Congress or violate the

rights of to due process of litigants before the Court, with respect to FRCP Rule 5, nor did the Court do so in its ORDER.

   a. The United States Constitution: Article VI The Supreme Law

      i. Clause 2 Supremacy Clause

      ii. "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

22. Order of the Court doc 67, the Court ORDERED: "For substantive communications, **such as the service of discovery,** the parties shall file a Certificate of Service regarding the communication, identifying the email addresses used." This order though inconsistent with the promulgated guidelines of the Court regarding discovery under the Local Rules, did NOT, as it could not have done so, overrule Congress or the US Supreme Court as to the requirements of Rule 5 of FRCP, which the Court previously ORDERED, UCM and Chad Mitchell Koehn to follow, providing " a hard copy of any future filings via regular mail and to certify service of same."... ipso facto to the person of Counter-Plaintiff Nelson. Christopher Kellogg has engaged with Counter-Plaintiff Nelson in a plethora of email correspondence never once attaching any documents to the emails other than the "report of

===============================================================================
**Motion for Default Judgment Failure of Counter and Cross Defendants to Answer or otherwise plead regarding First Amended Cross and Counter Complaint**
- 10 -

the parties" Rule 26(f) conference, both an example and the completed report last sent to Counter-Plaintiff Nelson by Christopher Kellogg using the email address provided by Order of the Court as the point of contact for the plaintiffs, last providing a copy of the Rule 26(f) report on: 12 July 2022.

23. After the first filing of "Motion to Dismiss" by Nelson, document 69, the Court filed a "INITIAL ORDER REGARDING PLANNING AND SCHEDULING" document number 70. The same day Nelson, filed document number 71, a memorandum of support to document 69 the "motion to dismiss".

24. The next day 17 May 2022, the day Ordered by the Court that Nelson must file an answer to the petition, Nelson filed: "ANSWER to 64 Amended Complaint (titled, **Preliminary Answer** with Preliminary Cross and Counter Complaints Third Party Attachments) "

25. Also on 17 May 2022, Nelson filed: COUNTERCLAIM against United Capital Management of Kansas, Inc., Chad M. Koehn, Doe Corporations 1-53, John and Jane Does 1-25, CROSSCLAIM against United Capital Management of Kansas, Inc., Chad M. Koehn, Doe Corporations 1-53, John and Jane Does 1-25"

26. UCM and Chad Mitchell Koehn filed a series of documents aimed at the Counter and Cross Complaints, which Nelson was only informed of by CourtListener, a third party non-profit which monitors Federal Cases via PACER (Public Access to Court Records). The filings of UCM and Chad Mitchell Koehn were NOT properly sent according to the ORDERS of the Court or FRCP to Nelson. Demonstrating clear violation of Due Process, clear purposeful and wrongful violations of the Federal Rules of Civil Procedure by the counter-defendants.

27. If NOT for the great work of CourtListener Nelson would not have noticed the filings of UCM and Chad M. Koehn. Since then CourtListener has experienced server upgrades as the proprietor (executive director) of the non-profit has struggled with the ability to service the 100's of millions of requests the site receives. IN FACT Nelson had the need to correspond with Mike Lissner, Executive Director of Free.Law the website and non-profit which orchestrates and operates Courtlistner, which Mr. Lissner replied stating: "Sorry about that. Should be fixed — I think! We just deployed a huge upgrade and this looks like something we missed before deploying it"; in response to the case at bar here being missing from the THIRD party non-profit website monitoring the case. Since then the third party website has not been readily accessible, forcing Nelson to rely upon the Courts ORDERS and Federal Rules of Civil Procedure and rule 26(f) conference to respond to filings.

===========================================================================================
**Motion for Default Judgment Failure of Counter and Cross Defendants to Answer or otherwise plead regarding First Amended Cross and Counter Complaint**
- 12

28. NO WHERE within FRCP nor Rule 5 of FRCP or the Orders of the Court here did the Court, nor Congress, nor the United States Supreme Court, nor the founding fathers in the creation of the US Constitution and its Supremacy Clause(s), count on or believe it necessary for a litigant in Federal Court, to rely upon a third party non-profit to provide notice of filings made to a FEDERAL Docket in a FEDERAL Lawsuit before a Federal Judge or Magistrate.

29. The US Constitution, the US Congress and US Supreme Court did not each consider the necessity that a litigant in Federal Court would have a need to rely upon a third non-party non-profit to receive notice of filings which require hard copies to be provided to the opposing side in litigation, pursuant with Rule 5 of FRCP promulgated by the USSC and approved by the Congress, ipso facto laws of Congress. In this case at bar the Federal Magistrate has even had the need to ORDER bar licensed attorneys to abide by FRCP and has had the need to sustain objections from Nelson about not receiving copies of filings made to the Federal Court. The Court here sitting in the US District of Kansas FEDERAL COURT had the necessity to issue a direct ORDER after "research" with the Clerks of the Federal Court, so ORDERING UCM and Koehn to provide copies of what they file to the Court and Judge to the person of Nelson.

======================================================================
**Motion for Default Judgment Failure of Counter and Cross Defendants to Answer or otherwise plead regarding First Amended Cross and Counter Complaint**

- 13

30. On 6 June 2022, after reviewing via CourtListener the filing of UCM and Chad M. Koehn who filed a motion to dismiss regarding the Counter and Cross Complaints and did not follow the instructions and ORDER of the Court, in filing "**a hard copy of any future filings via regular mail and to certify service of same.**" The Court ORDERED UCM and Chad Mitchell Koehn to do with any "future filings", Nelson, having to rely upon the third party non-profit which was experiencing server upgrades, was able to ascertain that UCM and Chad M. Koehn filed a motion to dismiss and other pleadings, which were NOT sent according to ORDER of the Court which substantially complied with FRCP Rule 5. None-the-less operating with diligence Nelson filed a once in a course Amendment to the Cross and COUNTER COMPLAINT filing document number 83, so filed and thus served on 6 June 2022.

31. UCM and Chad Mitchell Koehn have not timely filed an answer to Document 83 the First Amended CounterClaim filed by Nelson.

32. Counter Plaintiff Nelson, chose to file timely a once in a course amendment to the Cross and Counter Complaint, which was filed and so served upon Chad Mitchell

Koehn and United Capital Management of Kansas Inc. on 6 JUNE 2022, **and has not been "answered" nor has had any other pleading filed.**

33. Counter Defendant's Chad Mitchell Koehn and United Capital Management of Kansas Inc. have not filed an Answer or any other responsive pleading to the 6 June 2022, First Amendment Counter and Cross Complaint, document 83 duly and timely filed by Nelson.

**The Counter Plaintiff, Mr. Nelson's memorandum of law shall set forth the legal requirement of the Court, together with the Rules, under the Federal Rules of Civil Procedure as adopted and approved by the US Congress, wherein only Congress may change or so amend those rules, laws, codes, statutes, mandating that default judgment in favor of Counter Plaintiff Nelson, must issue forthwith in accordance with FRCP, as created by the Constitutional Authority of the US Congress with amendments thereto promulgated by the US Supreme Court under the Rules Enabling Act with approval and ipso facto law of the lands by the United States Congress in conformity and under authority of the CONSTITUTION of these the United States of America.**

**WHEREFORE,** the Cross and Counter Defendants: Chad Mitchell Koehn and United Capital Management of Kansas Inc. have FAILED to Answer or otherwise provide any responsive pleading to the Counter and Cross Plaintiff Michael Nelson's First Amended Complaint, which was timely filed and so amended the Cross and Counter Complaint pursuant with Federal Rules of Civil Procedure.

Wherefore the Federal Rules of Civil Procedure and the Case Precedents including the eerily similar hereto case of first impression decided by the US Supreme Court involving a pro se party, yields to the statutory right within the laws established by Congress and those Rules of the Federal Rules of Civil Procedure, thus law, and so therefore entitles Mr. Nelson, as the Counter Plaintiff to default judgment on the Cross and Counter Complaint as filed and for judgment sum certain as stated in the First Amended Counter Cross Complaint against Chad Mitchell Koehn and United Capital Management of Kansas Inc.

Wherefore Counter Plaintiff Michel Nelson, does so herein make this demand under FRCP Rule 55 inclusive without limitation and thus application for the Federal Rules of Civil Procedure, case precedents, laws, statutes, codes, orders and rules be so applied under Constitutional Authority and provide the default judgment as applied for herein for the sum certain made in the Counter Complaint.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial

===================================================================================
**Motion for Default Judgment Failure of Counter and Cross Defendants to Answer or otherwise plead regarding First Amended Cross and Counter Complaint**
- 16 -

justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).

Respectfully Submitted, this 26th day of July 2022.

*[signature: Michael Nelson]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

===============================================================================
**Motion for Default Judgment Failure of Counter and Cross Defendants to Answer or otherwise plead regarding First Amended Cross and Counter Complaint**

- 17

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell aKoehn, per court order.

Respectfully Submitted, this 26th day of July 2022.

*/s/ Michael Nelson*

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

==========================================================================
**Motion for Default Judgment Failure of Counter and Cross Defendants to Answer or otherwise plead regarding First Amended Cross and Counter Complaint**