# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. and CHAD M. KOEHN<br><br>                    Plaintiffs, Cross and Counter Defendants<br>              v.<br>Michael Nelson<br><br>                    Defendant ;  Cross and Counter Plaintiff   PRO-Se. | DOCKET NO.:     5:22-CV-04008-JWB-GEB<br>**CIVIL ACTION**<br><br>**Memorandum of LAW:**<br>**Application of Default Judgment against the Counter Defendants pursuant with FRCP, Statutes, Case Precedent and Rules for Failure of Counter Defendants Chad Mitchell Koehn and United Capital Management of Kansas Inc. to Answer timely or at all any response to the First Amended Cross and Counter Complaint**<br><br>**[Jury Trial Demanded]** |

Defendant, makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of filing **Motion and thus Application pursuant with FRCP, Statutes, Rules and case precedent for Demand of Default Judgment in the sum certain as stated in the Counter Complaint, for Failure of Counter-Defendants, Chad Mitchell Koehn and United Capital Management of Kansas Inc. to timely Answer Counter Plaintiff, Michael Nelson's First Amended Counter Complaint**.  Counter Plaintiff so herein now states, as fact and thus demands adherence to Federal Rules of Civil Procedure, the Laws of Congress and the US Constitution via this Application under Statue, Rule (FRCP) inclusive of FRCP Rule 55 and Case precedent for Default Judgment sum certain, in favor of Counter Plaintiff, Michal Nelson, upon the irrefutable factual grounds, law, rules, orders, case precedents and Federal Rules of Civil Procedure, as enacted by Congress and amended by Act of Congress, under the Rules Enabling Act, promulgated by the USSC, and approved as ipso facto Law by Congress under the US Constitution:

================================================================
Demand for Default Judgment under Federal Rules of Civil Procedure
1

## Argument

1. Rule 55. Default; Default Judgment (a) "Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk <u>must enter the party's default</u>." ***See Cornell Law School*** **As is plainly shown here in the docket of the matter at bar, CHAD MITCHELL KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS INC. collectively, jointly, and severally have failed to timely answer Counter-Plaintiff Michael Nelson's, first amended counter complaint.**

2. The Complaint nor FRCP, therefore ipso facto laws of Congress neither say it is up to a District Judge or Federal Magistrate to supersede any of the ipso facto laws of Congress under the Federal Rule Civil Procedure, whether be it Rule 5, 12, 15, or 55 or at discretion ignore the Federal Rules of Civil Procedure nor does FRCP Rule 5, allow for a Magistrate or District Court Judge to supercede or otherwise force a party to accept any service other than the rule dictates, ipso facto laws of Congress and as such only Congress may so amend.

3. No where in the FRCP and thus laws of Congress, does it allow for a party to ignore the Rules, as UCM and Chad Koehn continue to flagrantly violate the rules

since the onset of litigation and there refusal to abide by FRCP Rule 7.1 among many others. As the Counter-Defendant's Chad Mitchell Koehn and United Capital Management of Kansas Inc., have continual failure to follow FRCP and have not filed timely an answer to the Counter Complaint, thus as now an untimely answer thereto, as no answer or pleading at all has been filed.

4. FRCP under Rule 5, mandates that to receive service of a pleading other than a hard copy by mail a party MUST "consent in writing", nowhere in the RULE under FRCP does it confer the right of a Court to order or otherwise demand a party even a pro se party, a US Citizen to accept alternative service of pleadings and answers other than as promulgated in the FRCP established by the Congress of the United States of America, under Constitutional Authority inclusive of the Supremacy Clause of the United States Constitution and those amendments to FRCP as made by the USSC, under the Rules Enabling Act and approved by Congress. Therefore only Congress and the USSC can alter the rules.

5. Absence of any valid reasons why Chad M. Koehn and UCM are now untimely with their Answer, violates Federal Rule when a default judgment is now in front of the District Court, <u>as it is now,</u> in this filing for Default Judgment against the counter defendant's Chad Mitchell Koehn and UCM.

**a.** <u>"Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, orders, contumacious conduct"</u>, *See United States v. Harre, 983 F. 2d 128. 130 (8th Cir. 1983)*

6. The Eleventh Circuit stated in *Zenovida Love, et al., v. WalMart Stores, Inc. (2017),* **"therefore, a later order purporting to dismiss the case would be shooting a dead horse".** In their decision they confirmed they were without jurisdiction to hear the merits because of the untimely filings in the case, *See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).*

7. Motions and Responses with no excuse under *Fed. Rule Civ. Proc. 12(a)(1)(A).* This statute requires the defendants [UCM and Chad M. Koehn] <u>**"must serve an Answer within 21 days after being served,"**</u> *See Bus. Guides, Inc. Chromatic Commc'ns Enters, Inc., 498 U.s. 533. 540 (1981).*

8. "Service of summons is the procedure by which a court. . . asserts jurisdiction over the person of the party served," *See Murphy Brothers, Inc., Petitioner v. Michetti Pipes Stringing, Inc., Case No. 97-1909, U.S. (1999).* As now the counter defendants Chad Mitchell Koehn and UCM are untimely with their Answer, the District Court must enter default judgment as a matter of Rule and Law and can no

longer assert jurisdiction over them under Fed. Rule Civ. Proc. 12(a)(1)(A), pursuant with the failure of UCM and Chad M. Koehn to file in accordance with FRCP, an answer or response to the counter claims.

9. Default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure would be proper when an untimely Answer or pleading has not been filed, as required, as is the case here, where counter defendants Chad Mitchell Koehn and UCM have failed to timely file an Answer or other pleading. Inter alia <u>not within the statutory period filing an Answer to the Counter Complaint</u>, as required by the rules to file *See Murphy Bothers, Inc. v. Michetti Pipes Stringing, Inc. U.S. 1999.*

10. **Mr. Nelson, Counter Plaintiff, is only asking for <u>"Fair Treatment"</u> in this case that is afforded to him by the Fourteenth (14th) Amendment United States Constitution, and the FRCP as created by Congress under Constitutional Authority and promulgated by the USSC under the Rules Enabling Act as to amendments thereto and approved by the US Congress, which may only so amend (change the rules).**

11. <u>Courts have a duty to enforce federal law,</u> *See eg., Clafin v. Houseman, 93 U.S. 130, 136-137.* **"Such a court may not deny a federal right, when the parties and controversy are properly before it,** *See Douglas v. New York N.H. & H.R.*

*Co., 279 U.S. 377, 387-389.* **"An excuse that is inconsistent with or violates federal law is not a valid excuse."** *See Howlett v. Rose, 496 U.S. 356 (1990).*

12. Chad M. Koehn and UCM, have no excuse for being untimely on their Answer, therefore Mr. Nelson, Counter Plaintiff is entitled to due process having fair treatment of procedural process when Federal Rule Civil Procedure was not abided by, nor the ORDERS of the Court, nor the procedures of FRCP Rule 5, requiring service of an answer pursuant with FRCP.

13. The counter defendants Chad Mitchell Koehn and UCM have failed to timely defend and thus have failed without excuse to properly file an answer or otherwise plead. Therefore entitling counter plaintiff, Mr. Nelson to default judgment as a matter of Federal Rule and Law, as established by the US Congress under Constitutional Authority and promulgated by the USSC.

14. Being untimely with their Answer, the counter defendants substantially: Prejudice to Mr. Nelson if his procedural due process is denied and the counter defendants are now allowed to file what will be an untimely answer to the counter complaint, to proceed as if they were not untimely with their Answer or other pleading(s). ***See Davis v. Alaska 415 U.S. 308 (1974)***

=========================================================================
Demand for Default Judgment under Federal Rules of Civil Procedure

6

15. The District Court cannot now overlook that Chad Mitchell Koehn and UCM have turned this case upside down, with relaxing attitude toward following Federal Rules Civil Procedure (FRCP), and Local Rules, which are all that Mr. Nelson, Counter-Plaintiff has to look, to follow, in best efforts, having not the legal education, without law school or experience in litigation.

16. Prejudice against Mr. Nelson befalls the cases, pleading deadlines must be strictly adhered to, **otherwise the party who follows the timeline will be unfairly prejudiced by the party that did not follow the rules.** *See Brookhart v. Jams, 384 U.S. Also See Smith v. illinois, 390 U.S. 129, 131 (1968)*

17. Chad Mitchell Koehn and UCM are now untimely on their Answer, they cannot now be allowed to file numerous motions to the District Court, that the court now lacks jurisdiction to hear, having failed to file an answer as required by the Rules; *See Main v. Thiboutot, 100 S. Ct 2502 U.S. (1980).*

18. Chad Mitchell Koehn and UCM, collectively Counter Defendants cannot now file an answer as doing so will be an untimely Answer.

19. Nor can UCM and Chad Mitchell Koehn be allowed at this late stage to adhere to FRCP as required, which was previously so ORDERED by ORDER of the Court, something which bar licensed attorneys should not need to be so informed and

ORDERED to follow FRCP, created by the US Congress under Constitutional Authority and promulgated by the USSC and approved by the United States Congress; *Federal Rule of Civil Procedure 15(a)(A)(3) as stated in (3) in the following:*

    a. ***"(3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whatever is later."***

20. In this case Counter Defendant's Chad Mitchell Koehn and UCM only had 21 days to respond which they did not do or comply with Federal Rules Civil Procedure 12(a)(I)(A) nor provide service of any response under FRCP Rule 5, substantially in compliance with the ORDER of the Court, to provide "hard copies" of what UCM and Chad M. Koehn file with the Court, as such no answer or pleading has been filed in response to the first amended counter complaint. As the record so demonstrates the counter defendants have not filed timely an answer as required by FRCP and Orders of the Court, as they have filed nothing whatsoever in response to the first amended counter complaint as they are so required by FRCP to respond and are therefore now untimely in any response, thereby denying Mr. Nelson due process of law, ipso facto constitutional rights.

21. The rule requires that the defendant [UCM and Chad M. Koehn] **"must serve an Answer within 21 days after being served."** The Counter Defendant's, UCM and Chad M. Koehn, have not filed the required Answer within the timeline as required; 21 days was due June 27th, 2022; as the Counter Plaintiff Nelson's First Amended Counter Complaint in Document 83, was filed on 6 June 2022.

22. The rules further call for an expedited answer or other pleading less than 14 days from the date of filing, making the Answer or other pleadings required to be filed not later than 20 June 2022, in accordance with the 14 day time frame window, under Local Rules and FRCP. Whether due by the 20th or the 27th of JUNE matters not as the date now is 26 JULY 2022, and no response has been given, therefore any answer or response at this late stage would be untimely under the rules.

23. According to Rule 15(3) Counter Defendant's had to Amend it's Answer within the "original Answer". Counter Defendants lost their chance to amend the Answer when they are now untimely with an Answer and thus have not filed any Answer to the Counter Complaint. Counter Defendants have not put a motion to the Court to be able to amend their Answer, which has not been filed nor have an affidavit why they are late. Counter Defendant's Koehn and UCM, by Federal Rules can no

=======================================================================
Demand for Default Judgment under Federal Rules of Civil Procedure

9

longer be a party to the case because the court lacks jurisdiction, ***See H.F***

***Livermore Corp. v. Aktiengesellschaft Gerbruder Loepfe, 432 F. 2d 689, 691***

***(D.C. Cir. 1970).*** The District Court must as a matter of Law and Rule enter

default judgment in favor of the Counter Plaintiff Nelson, as is now before the

Court demand for default judgment pursuant to due process and under the laws

and Rules as established under Constitutional Authority of the US Congress and

promulgated as amendments by the USSC under the Rules Enabling Act and thus

ipso facto laws of Congress which only Congress may therefore so amend.

24. "Motions to amend are typically granted in the absence of an improper motive,

such as undue delay, bad faith, or repeated failure to cure a deficiency by

amendments previously allowed." Chad Mitchell Koehn and United Capital

Management demonstrate an improper motive when their original State petition is

only four pages filed as already noticed as a SLAPP petition, against the interests

of the Kansas and US Constitutions and Kansas laws. The Amended Counter

Complaint filed timely and properly by the pro se Counter Plaintiff Nelson,

warranted an answer by the counter defendants, who have chosen not to file timely

an answer and therefore entitles the Counter Plaintiff Nelson, to default judgment

as a matter of law and Rule in accordance with due process of law and under

Constitutional right under the 14th amendment. *See Harless v. CSX Hotels, Inc.,*

*389 F. 3d 444, 447 (4th Cir. 2004; Ward Elec. Serv., Inc. v. First Commercial*

*Bank, 819F. 2d 496, 497 (4th Cir. 1987)*

25. Generally, leave to amend an Answer under Federal Rule of Civil Procedure 15(a) should be freely given, *see Forman v. Davis, 371 U.S. 178, 182 (1962)*, unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile".  Here the counter-defendants UCM and Chad M. Koehn have refused to timely file an answer and so serve their answer or pleading pursuant with requirements of Rule 5, having not filed any answer or pleading, warrants as a matter of law, rule, code and Statute well supported by case precedents, including cases of first impression to the USSC, that counter-plaintiff Nelson is entitled as a matter of law, rule, code, order(s) and Statute to default judgment, as the FRCP issues the command "must" and "shall" in the issuance of the default judgment where as here and now counter defendants have failed to timely file an answer or pleading.

26. Here Counter Defendants Chad Mitchell Kohen and UCM, have not filed an answer to the Counter Complaint at all.  An answer filed now would be in bad faith, when they have no excuse for being untimely with their original Answer therefore prejudicing Mr. Nelson and as now the Court lacks jurisdiction to hear the Answer or Amended Answer, having now before the Court demand for default

judgment as a matter of Court Orders, due process, code, law, rule and Statute *See*

*Laber v. Harvey, 438 F. 3d 404, 426 (4th Cir. 2006).*

27. Counter Defendants Chad Mitchell Koehn and UCM/ are in default because of untimely and not having filed their Answer and therefore cannot now file motions to the court for the following reasons:

   a. Koehn and UCM failed to demonstrate the filing of an Answer is the result of "excusable neglect", having not filed an answer *Fed, R. Civ. P. 6(b)(2), see Traguth v. Zuck, 710 F. 2d 90. 93-94 (2d Cir. 1983).*

   b. Counter Defendants ipso facto admit to untimely Answer, having not filed an answer at all, as required by the rules, created and approved by the US Congress after promulgation under the Rules Enabling Act by the US Supreme Court.

   c. When an Amended Answer is used for an improper motive, the court may not grant the filing, as is right under due process of law to the rights of the Counter Plaintiff Nelson. Here, the Answer is not filed at all and therefore not only a violation of Federal Rule of Civil Procedure regarding timeliness, but the motive for filing now that the Court has before it Motion

for Default Judgment an Answer filed now is improper and suspect under a first impression, thereby Counter Defendants create an improper motive, *See Harless v. CSX Hotels, Inc., 389 F. 3d 444, 447 (4th Cir. 2004) "(citing Ward Elec. Serv., Inc. v. First Commercial Bank, 819 F. 2d 496, 497 (4th Cir. 1987)."*

d. Counter Defendants fail to file an Answer and are thus untimely now within the 14 days under Federal Rule 15. Time to respond must be made within the time remaining to respond to the original pleading. *See Annette Walley v. Boston Scientific Corporation, U.S. District Court, Southern District of West Virginia, Charleston Division (December 31. 2013) also see Davenport v. Ralph N. Peters & Co., 386 F. 2d 199, 204 (4th Cir. 1997).*

e. Counter Defendants failure to file on time is an undue delay. Untimely filing is a nonwaivable jurisdictional requirement under Federal Rule Civil Procedure *See Pleblich v. Battery, 181 f. 3d 1048, 1056 (9th Cir. 1999) also see Disabled Rights Action Comm. v. Las Vegas Everts, Inc., 375 F. 3d 861, 869 (911, Cir 2004).*

f. Counter Defendants have not sought additional time within to respond.

g.  Chad Mitchell Koehn is not active in the military service, an infant, or known at present to be an incompetent person.

h.  United Capital Management of Kansas Inc. [UCM] does not qualify for an exclusion based on military service, as it is adjudicated as a legal entity and not considered an infant, or known at present to be operated by an incompetent person.

28. The District Court cannot now allow Counter Defendants to file numerous motions to the District Court or alter the fact they are untimely with their Answer. Having now before the Court this motion for default judgment the District Court can no longer hear any merits from Chad Mitchell Koehn or UCM when neither, Counter Defendant have excuse for being untimely thus the courts lacks jurisdiction, to hear any argument of the same under the rules, and thus must grant the request for default judgment against counter-defendants UCM and Chad M. Koehn, per the first amended counterclaims of counter-plaintiff Nelson, for sum certain.

29. Mr. Nelson, Counter Plaintiff, is pro se and is not an experienced attorney, or represented by an experienced law firm.  Counter Defendants are represented by a plethora of law firms, nearly half a dozen different law firms, many who claim to

be the senior partners of many differing law firms, both recognized by the Court and at times appearing under the names of other law firms not recognized in the docket nor making formal appearances in the case, for example "Mystic Law".

The Counter Defendants therefore should know the timeliness of pleadings, which are required under federal rules; and certainly must know the obligations under the Federal Rules of Civil Procedure, especially Rule 5, having the Court previously have the need to ORDER the counter-defendants to abide by FRCP. <u>The Appellate Panel Of the Ninth Circuit stated</u>, "[f]ailure to file within the time limit diverts the court of jurisdiction" *See Preblich v. Battery, 181 F. 3d 1048, 1056 (9th Cir. 1999); See also Disabled Rights Action Comm. V. Las Vegas Events, Inc., 375 F. Ed 861, 869 (9th Cir. 2004). <u>THUS MANDATING DEFAULT JUDGMENT BE ISSUED.</u>*

/

30. Counter Defendants now lack standing to oppose Counter Plaintiff Mr. Nelson's Default Judgment when facts of law have been established when they counter-defendants were untimely without the Answer to the Court as required by the rules and law. *See Nishimatu Constr. Co. v. Houston Nat'l Bank, 515 F. 2d 1200, 1206 (5111, Cir. 1995).* 'Default judgment is available when the adversary process has been halted because of an essentially unresponsive party."*(quoting S.E.C. Lawbough, 359 F. Supp. 2d 418, 421 (D Md. 2005).*

31. The Court cannot now overlook that Counter Defendants are not a party to this case when they are untimely with their Answer because "before a court may exercise personal jurisdiction over a defendant the procedural requirement of service must be satisfied." Service of summons is the procedure by which a court.., asserts jurisdiction over the person of the party served.") *See 16 Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 44-445)1946) also see Murphy Brothers, Inc., Petitioner v. Michetti Pipes Stringing, Inc., Case No. 97- 1909. U.S. (1999).*

32. Counter Defendants are untimely on their Answer thus did not satisfy the service requirement and the Court no longer can assert jurisdiction over them under Fed. Rule Civ. Proc. 12   Thus can not decide any merits to this case and thus must grant the default judgment on the pleadings of the Counter Plaintiff Mr. Nelson, as to all facts and pleadings as true as fully pleaded therein the Counter Complaint, which has now ipso facto gone unanswered by the Counter Defendants, in accordance with the FRCP, which even has had the Court previously in the matter ORDER the counter-defendants compliance with FRCP.

33. The Reason(s) for granting the petition/motion/application is **"courts are supposed to read any rule of civil procedure according to its "plain meaning", just like a statute."** *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters. Inc., 498 U.S. 533, 533, 540 (1991).* If the Court were to ignore Federal Law Rule 12, it would violate Mr. Nelson's due process rights, as would it violate due process of law if the Court were to ignore FRCP Rule 5, or mandate some other form of service, unilaterally waving Mr. Nelson's rights to receive notice, "hard copies" of pleadings, wherein only Mr. Nelson may waive the rights under Rule 5, and so consent in writing as the plain language of Rule 5 so dictates; wherein if the Court were to ignore or unilaterally change the plain english meaning of the FRCP, or allow for secret ex parte filings, Mr. Nelson would not be afforded fair treatment and due process of law would be denied to Mr. Nelson. All the cards would be stacked against him. Mr. Nelson therefore would not get equal protection of the law, under the Fourteenth (14th) Amendment United States Constitution when Federal Law is not followed as now, **requiring Default Judgment, sum certain as to the Counter Complaint.**

34. There has been no scales of justice in Mr. Nelson's case when IF now the Court does not follow Federal Rule 55, default judgment. When the counter defendants

Chad Mitchell Koehn and UCM are untimely with their Answer and having not as now, shown excuse for untimely reply, wherein now they cannot show any excuse for failure to answer. *See H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 f 2D 689, 691 (D.C. Cir. 1970).* Mr. Nelson's procedural due process is violated where he did not get fair treatment, thus requiring default judgment as a matter of Law and Rule, as they are without flexibility as they were designed by Congress, with input from the US Supreme Court under the Rules Enabling Act, and ipso facto approved by the US Congress and only then may Congress so approve and thus so amend them.

35. Mr. Nelson's case falls in the "public interest doctrine" when the Court must now follow Federal Rules Civil Procedure, to do otherwise violates procedural due process. Which are the fundamental rights of Counter Plaintiff Mr. Nelson entitling Mr. Nelson to default judgment on the Counter Complaints under law.

36. To fail to follow FRCP, and change FRCP from the plain english meaning as set forth in the Rules, by the US Congress and the US Supreme Court in the Rules Enabling Act, sets a precedent that it would be easily capable of repetition for others in the same situation when Rule 55 default judgment is filed, as it is now herein filed. Thus allowing people and the lower courts to ignore Federal Rule 12, and ignore all the FRCP in its entirety to come up with their own interpretation of

the law instead of what Congress and the US Supreme Court stated in the rule that "if you fail to respond, <u>judgment by default **will be entered against you** for the relief demanded in the complaint</u>" See Federal Rule Civil Procedure 12(a)(I)(A). Likewise if parties to an action are allowed to unilaterally ignore the rights of service in accordance with Rule 5, this precedent creates a scary prospect for all future litigants, allowing for attorneys to flagrantly flout FRCP, is unjust.

37. It would not be in the public interest, not to issue a default judgment, as now not doing so would be not constitutional. "Due process balances the power of the land and protects the individual person from it. When a government harms a person without following the exact course of the law, this constitutes a due process violation, which offends against the rule of law," *See Carroll v. Greenwich Co., 199 U.S. 401, 410 (1905) See also French v. Barber Asphalt Paving Co., 181 U.S. 328 (190 1)*

38. We have two sets of rules, in this case one for Mr. Nelson to adhere to FRCP, and the other for Chad M. Koehn and UCM to make up their own rules. The Scales of Justice have never been equal in this case, it has been tipped when the rule of law is not followed in accordance with FRCP and Federal Statutes AND when counter-defendants Chad Koehn and UCM are allowed by the Court to constantly and continually flagrantly flout and violate the Federal Rules Civil Procedure,

beginning with civil rights violations of racial slur within the originating petition, ordered to be removed, to multiple filings without filing mandated Rule 7.1 disclosures, to woefully deficient repetitive filings aimed at striking any filing made by Nelson, to now purposeful violations of the Courts Orders, FRCP and failure to file and provide under Rule 5 and 12 an answer timely to the counter complaint, the counter defendants have now failed to file any answer at all to the counter complaint thus an untimely answer now not made.

a. "Rights to life, liberty, and the pursuit of happiness are equivalent to the rights of life, liberty, and property. These are the fundamental rights which can only be taken away by due process, and which can only be interfered with, or the enjoyment of which can be modified, by lawful regulations necessary or proper for the mutual good of all." ***See Slaughter-Houses Cases, 83 U.S. (16 Wall.) 36, 116, 122 (1873)***

**Prayer and Demand for Relief of Default Judgment Mandated by FRCP**

**WHEREFORE,** Counter Defendants: Chad Mitchell Koehn and United Capital Management of Kansas Inc. have FAILED to Answer or otherwise provide any responsive pleading to Counter Plaintiff Michael Nelson's First Amended Complaint, which was timely filed and so amended, pursuant with Federal Rules of Civil Procedure. Counter Defendants have failed to timely answer the Amended Counter Complaint in accordance with Rule 12 or 15 and serve said answer pursuant with Rule 5 of FRCP, which was reiterated by ORDER of the Court, sustaining prior objections of Counter Plaintiff Nelson, thus requiring Counter Defendants to

follow FRCP, wherein the Court even had the necessity to ORDER the bar licensed attorneys representing the Counter-Defendants to adhere to FRCP and provide timely copies of pleadings.

Wherefore the Federal Rules of Civil Procedure and the Case Precedents including the eerily similar hereto case of first impression, in the US Supreme Court involving a pro se party, yields to the statutory right within the laws established by Congress and from the Federal Rules of Civil Procedure as promulgated by the US Supreme Court under the Rules Enabling Act, ipso facto approved and thus codified as law by Congress; these Rules of the Federal Rules of Civil Procedure thus entitles Mr. Nelson, as the Counter Plaintiff to default judgment on the Counter Complaint as filed and for judgment sum certain as stated against Chad Mitchell Koehn and United Capital Management of Kansas Inc.

Wherefore Counter Plaintiff Michel Nelson, does so herein make this demand and thus application of demand pursuant to the Federal Rules of Civil Procedure, rule 55 without limitation, case precedents, laws, Court orders, statutes and rules so applied, and made by the Congress of these the United States of America under Constitutional Authority of the Courts as created and thus approved by the US Congress and provide for the default judgment as mandated by those Rules, Codes, Laws and Statutes for the sum certain made in the Counter Complaint.

CASES CONSULTED Providing Ample Case Precedents to the Requested and so Demanded Default Judgment for Sum Certain:

Annette Walley v. Boston Scientific Corporation, U.S. District Court, Southern District of West Virginia, Charleston Division (2013)
Basso v. Utah Power & Light Co., 495 F 2d 906, 910 (10thCir. 1974)

Bowles v. Russell, Warden, (2007)

Brookhart v. Janis

Browder v. Director, Dept. of Correction of ILL., 434 U.S. 264 (1978)

Bus. Guides, Inc. Chromatic Commc'ns Enters, Inc., 498 U.S. 533 540 (1981)

Cafin v. Houseman, 93 U.S. 130, 136

Carroll v. Greenwich Co., 199 U.S. 401 (1905)

Conley v. Gibson, 355 U.S. (1957)

Davenport v. Ralph N. Peters & Co., 386 F. 2d 199, 204 (4th Cir. 1997)

Davis v. Alaska 415 U.S. 308 (1974)

DiBella v. United States, 369, U.S

Disabled Rights Action Comm. v. Las Vegas Everts, Inc., 375F. 3d (9th Cir. 2004)

Douglas v. New York N.H. & H.R. Co.,

Firestone Tire & Rubber Co. v. Risjord

Forman v. Davis, 371 U.S. 178, 182 (1962)

Ir French v. Barber Asphalt Paving Co., 181 U.S. 328 (1901)

Harless v. CSX Hotel, Inc., 389 F. 3d (4th Cir 2004)

H.F. Livermore Corp. v. Aktiengesellschaft Gerbruder Loepfe, 432 F 2d (D.C. Cir 1970)

Howlett v. Rose, (1990)

Laber v. Harvey, 438 F. 3d (4th Cir. 2006)

13 Main v. Thiboutot, 100 S Ct 2502 U.S. (1980)

Melo v. United States 505 F2d 1026 (8th Cir. 1974)

Mississippi Publishing Corp. v. Murphree, (1946)

Murphy Brothers, Inc., Petitioner v. Michetti Pipes Stringing, Inc., U.S. (1999)

Nishimatu Constr. Co. v. Houston Nat'l Bank, 515 F 2d 1200, 1206 (5th Cir. 1995)

Paul v. Davis, 424 U.S.

Pioche Mines Consol., Inc. v. Dolman, 33 F. 2d 257, 270, (9th Cir. 1964)

Pleblich v. Battery, 181 f. 3d 1048, 1056 (9th Cir. 1999)

**S.E.C.** Lawbough, 359 F. Supp. 2d 418, 421 (D Md. 2005)

Scheuer v. Rhodes, 416 U.S. 94 S Ct.  Ed 2d (1974)

Slaughter-Houses Cases, 83 U.S. (16 Wall.) 36, 116, 122 (1873)

Smith v. Illinois, 390 U.S. 129, 131 (1968)

Steel Co v. Citizens for Better Env't, U.S. 83, 98 (1989)

United States v. Curry, 6 How. 106, 113 (1848)

United States v. Harre, 983 F. 2d 128, 130 (8th Cir. 1983)

Ward Elec. Serv., Inc. v. First Commercial Bank, 819 F. 2d (4th Cir. 1987)

Zenovida Love, et al., v. Wal-Mart Stores

***Slaughter-Houses Cases, 83 U.S. (16 Wall.) 36, 116, 122 (1873)***

**<u>Federal Rules of Civil Procedure relied upon in this Motion and thus mandated Application:</u>**

Rule 5

Rule 12

Rule 15

Federal Rule Civil Procedure 12(a)(I)(A)

Federal Rule Civil Procedure 15(a)(A)(3)

Federal Rule Civil Procedure 15(a)(2)

Federal Rule Civil Procedure 6(b)(2)

Rule55

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).

Respectfully Submitted, this 26th day of July 2022.



Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

========================================================================
Demand for Default Judgment under Federal Rules of Civil Procedure

24

**<u>Certificate of Service:</u>**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;  filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per court order.

Respectfully Submitted, this 26th day of July 2022.



<u>Michael Nelson - Pro Se</u>

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com