# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. and CHAD M. KOEHN<br><br>        Plaintiffs, Counter Defendants<br>   v.<br>Michael Nelson<br><br>        Defendant ;  Counter Plaintiff PRO-Se. | **DOCKET NO.:**　**5:22-CV-04008-JWB-GEB**<br><u>**CIVIL ACTION**</u><br><br><u>**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**</u> |

<u>Defendant, makes "SPECIAL & LIMITED APPEARANCE"</u> here and now for the purposes of filing **MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court,** Defendant and Counter Plaintiff Michael Nelson, does now so herein state for the record and request Order on the same:

1. On 26 July 2022, in accordance with the meeting of the parties in Rule 26(f) conference which occurred for just a single hour on 11 July and another single hour on 12 July 2022, the disclosures pursuant with Rule 26 have now been so tendered and delivered, to ckellogg@kenberk.com and to the Chambers of the Presiding Jurist Federal Magistrate Judge Birzer this day 26 July 2022, pursuant with the ORDER of the Court to do so.

===============================================================
<u>**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**</u>

- 1

2. Defendant does so herein and now state for the record the delivery of the disclosures is made under objection and while appeals are so pending.

3. The titling of the disclosures is titled as: "First Initial Disclosures Per Court Order Made under Objection  Motion(s) for Stay pending and multiple appeals pending"

4. Nelson prepared for the rule 26(f) conference with due diligence and best efforts possible, imploring Christopher Kellogg, an attorney with Kennedy Berkley Yarnevich and Williamson Chartered whom the Court Ordered Nelson to confer with via electronic mail (email) and to conduct the Rule 26(f) conference with via phone, for Mr. Kellogg to converse regarding an agenda and to be prepared to discuss especially ESI at the conference.

5. Prior to the conference Christopher Kellogg set forth in writing various excuses as to why he, Christopher Kellogg refused to commit the necessary time to the Rule 26(f) conference.

6. Nelson provided a brief on ESI and attached therewith a copy of the guidelines created and curated by the US Federal Court for the US District of Kansas

====================================================================
**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 2

which directly references ESI and makes an outlines as to questions and suggestions for the parties to follow regarding ESI

7. During the Rule 26(f) conference Mr. Kellogg, kept stating he would not discuss ESI, and kept jumping all over the document he himself provided as an outline for the report of the parties.

8. **Mr. Kellogg refused to discuss the merits of the case, of his clients, the defenses as pleaded to by Nelson, refused to discuss the counterclaim**, as Mr. Kellogg kept repeating as he did so in writing via email that the meeting of the parties under Rule 26(f) is a high-level overview and **shouldn't take more than half an hour to an hour to choose some dates and plug them in.**

9. Nelson not being educated in the law and presenting himself pro se, requested an example report of the parties in order to substantially prepare for the meeting of the parties under Rule 26(f)

10. Mr. Kellogg provided a sample report per the request of Mr. Nelson to substantially prepare for the Rule 26(f) conference which Nelson did by

**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 3

providing ample briefs, suggestions, and requests for an agenda and ample time to discuss the case including ESI prior to the meeting.

11. Nelson quoted in his brief on ESI articles by Craig Ball, which are the same articles quoted also by the US District of Kansas Federal Court and included therein the guidelines created and curated by the US Federal District Court for the District of Kansas regarding ESI.

12. IN FACT during the Rule 26(f) conference Nelson had the necessity to respectfully remind Mr. Kellogg of Craig Ball's article from way back in 2008, a time when Mr. Kellogg was an attorney, wherein the article which is also quoted by the US Federal Court for the US District of Kansas, this vary court wherein even this Court quotes Mr. Ball by reprinting his article which states:

    a. "The federal bench is deadly serious about meet and confers, and heavy boots have begun to meet recalcitrant behinds when Rule 26(f) encounters are perfunctory, drive-by events. Enlightened judges see that meet and confers must evolve into candid, constructive mind melds if we are to take some of the sting and "gotcha" out of e-discovery. Meet and confer requires intense preparation built on a broad and deep gathering of detailed information about systems, applications, users, issues and actions. An hour or two of hard work should lie behind every minute of a Rule

**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 4

26(f) conference. Forget "winging it" on charm or bluster and forget "We'll get back to you on that."'

13. The pro se defendant, Nelson took the article by Ball seriously and thus performed tremendous research, even preparing briefs on ESI for use during the Rule 26(f) conference, prior to the conference providing those briefs to Mr. Kellogg far in advance of the conference.

14. Nelson suggested agenda's and preparation by the parties for the conference, keeping in mind the quotes by the District Court here and those articles by Mr. Ball, wherein it states: **"The federal bench is deadly serious about meet and confers, and heavy boots have begun to meet recalcitrant behinds when Rule 26(f) encounters are perfunctory, drive-by events."**

15. Despite numerous emails to Mr. Kellogg and begging by Nelson for preparation on BOTH sides for the Rule 26(f) conference, Mr. Kellogg kept referring to the conference as routine and plugging in some dates, not needing more than an hour to complete.

16. Numerous emails sent to Mr. Kellogg went unanswered, Mr. Kellogg's responses when there was a response included things like: **"I don't have time to read and digest everything you wrote."**

17. The Rule 26(f) conference included discussions on "protective orders" which sounded as if they would be a good idea, at first, when Mr. Kellogg stated a protective order would be maximum 2 or 3 pages; HOWEVER when Nelson requested the protective order to review Mr. Kellogg sent a 10 page highly complex legal contract over with exhibits, which certainly demonstrated more than FIVE TIMES larger agreement than was originally discussed in the first day of the Rule 26(f) conference which Mr. Kellogg stated he would "only give 1 hour for".  Nelson explained to Mr. Kellogg that he, Kellogg was not giving Nelson, anytime, it is his responsibility and ethical duty to the Court and his client to be prepared and to take the time as is necessary for the meet and confer under rule 26(f).

18. Mr. Kellogg kept constantly treating the entire Rule 26(f) conference as a perfunctory event of little to no importance and simply stating all needs be done is a high level overview without any specifics or discussions on discovery over than plugging in some dates, that is all the Court wants, Mr. Kellogg kept repeating.

===================================================================
**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 6

19. Mr. Kellogg keeping with his perfunctory view of the meet and confer stated in email responses:  "It should go fairly quickly. **It normally takes <u>only about a half hour to an hour to take care</u> of a meet and confer call <u>because we are just agreeing to some deadlines and such.</u>"**

20.  There were emails exchanged regarding the Affidavit of Koehn, written and signed under the penalties of perjury by Chad Mitchell Koehn on 26 January 2022, wherein Mr. Koehn references a computer being "stripped" from Nelson. Mr. Kellogg did finally respond regarding that computer by stating:

   a. "I have inquired as to the location of your computer and neither Mr. Brand nor Mr. Koehn had any idea as to where it might be as they are not the ones who seized it.  Mr. Brand has suggested that you contact the Oklahoma prosecutors as they were last people he knew of that had a need for your computer. He further suggested that the FBI and Oklahoma police might also have possession of it because of the Anthem case Cynthia case.  I'm sorry I don't have more information for you to go on, but if I were you, I would start with the agency that seized the computer in the first place. However, I assume you have already done that."

21. Obviously the Court has previously stated that Attorneys are OFFICERS OF THE COURT, and as such they are not allowed to LIE.  Yet, in the email responses regarding the missing (STOLEN) computer, Mr. Kellogg does not tell the truth,

=================================================================

**<u>MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court</u>**

- 7

and passes on information from Mr. Brand, who as the Court is aware publicly

declares himself to be a "Champion of disinformation" and publicly declaring that

he Craig Alan Brand "intentionally provides people with false information", as is

done in the emails through Mr. Kellogg, where NO governmental authority has

the computer referenced under penalty of perjury by Chad Mitchell Koehn, the

computer appears not on any inventory logs nor in any search warrants. The

emails of Mr. Kellogg in reference to statements relayed by Mr. Brand

demonstrate clearly why again Mr. Brand should be disqualified in representation

of any entity or person in the matter at bar here.

22. Mr. Kellogg went on to bully and push the pro se defendant Nelson around in

regards to the meet and confer under Rule 26(f) wherein Kellogg stated in

writing: **"I have no intention of spending hours on the meet and confer**

**process when it should take no more than an hour to complete the**

**choosing of some dates and completion of the basic information required**

**to be submitted to the court in a report of parties planning conference."**

23. Nelson attempted to have an agenda and even filed with Mr. Kellogg a pre-filled

in report providing substantially all the areas and dates prior to the conference,

iploring Mr. Kellogg to use the conference as intended to limit the scope of

discovery and discuss at length the ESI and other needs as laid out in the

ORDER of the Court and the Federal Rules of Civil Procedure to be performed at

**MOTION on Compliance and Notice to the Court Request for Order regarding
delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f)
conference and ORDER of the Court**

- 8

the Rule 26(f) conference, HOWEVER, Mr. Kellogg continued in emails and verbally to treat the conference under rule 26(f) as a perfunctory practice that needs no time to discuss the important issues, Mr. Kellogg even stated:

a. "Further, as to the amount of time you believe is necessary for the planning conference, I really do believe the amount of time you wish to spend is patently unreasonable. The planning process for discovery is a simple process that should take no more than an hour. For example, this is what the case summary should look like:

    i. This is a defamation and tortious interference with business case.

    ii. The statutes asserted to confer subject matter jurisdiction: 28 USC 1332.

    iii. Plaintiffs assert that the Defendant has improperly interfered with their business relationships.

    iv. Defendant denies that he has interfered with the Plaintiffs' business relationships and asserts various counterclaims.

    v. Plaintiffs deny Defendant's counterclaims.

As you can see this is not meant to go into a great deal of detail, nor does the Court expect it to."

When Nelson objected to the format suggested above in the quoted example by Mr. Kellogg for good reason and cause, as the suggestion as to the format is obviously one-sided.

=================================================================
**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 9

Nelson even pointed out the error in the one-sided explanation or what is expected by the Court by stating:

> "then certainly in fairness and in accordance with the intention of the JOINT report then each of my charges (allegations) of wrong doing by your clients MUST then also be so stated. Isn't this the intention of a JOINT report, that if your clients get to state the allegations they have made then certainly the report must also state my allegations and not some nebulous stating as you attempt to make stating only: " asserts various counterclaims."; also it appears that you mistakenly miss the point which I have denied defamation as well, but you seem in your brief outline to attempt to ipso facto say I am admitting to defamation, which I am NOT, in fact I have filed a motion to dismiss under the anti-slapp legislation of Kansas which takes seriously the type of judicial abuses of SLAPP litigations."

Nelson provided for explanation as to wanting the report to actually be a "joint" report of the parties as intended in the Federal Rules of Civil Procedure, Local Rules, the guidelines of the US District of Kansas Federal Court as promulgated by this Court itself and curated the same, and to this end Nelson retorted out of respect for Mr. Kellogg and request for a fair report by stating:

> "While I can appreciate your zealous representation of your client, this report must be a joint report and in your outline you either purposefully or inadvertently leave out the fact I have denied both the allegations of your client, and you weasel into the brief your propose in both 1 and 3 the same and repeated allegations of your client whilst only referencing my allegations with a three word nebulous phrase "asserts various counterclaims.", this simply is not a joint statement and is certainly "patently unreasonable" and is very one sided and something I simply cannot and will not agree to, as the report must be joint and must fairly articulate both sides."

=================================================================
**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 10

24. Responses from MR. Kellogg as to the concern for the report to follow the ORDER of the Court and the intention behind the Federal Rules of Civil Procedure and the guidelines of the US District of Kansas were met with responses from Mr. Kellogg for example:

    a. "A report of parties planning conference is meant to be a very high-level summary of the case. It is not meant to go into minute detail on the issues. The court does not expect nor desire such."

    b. "Once again, the plan regarding discovery in the report is expected to be at a high level, not getting into minutiae."

25. Nelson extremely concerned regarding the complexities for ESI in the case and having expended a tremendous amount of time in preparation for the Rule 26(f) conference even preparing a brief for Mr. Kellogg on ESI and the complexities of ESI in this matter, having sent it to MR. Kellogg WEEKS (nearly a month) PRIOR to the conference, Mr. Kellogg made statements for example:

    a. "As to the ESI, courts put together guidelines on many subjects **and just because they do, it does not mean that those guidelines must be or are expected to be used."**

26. It appears based on the perfunctory approach to Rule 26(f) conference by the plaintiffs in this matter that the plaintiffs and their attorneys are of the collective opinion that the Court here in the US District of Kansas Federal Court, regularly wastes tax payer dollars by producing reports and guidelines for the parties and attorneys in litigation as it is the opinion of the plaintiffs that the guidelines "put together" "on many subjects" are apparently not expected to be used by parties to litigation. This screams at concern by the public at large and therefore falls squarely in public doctrine as concern for the judiciary and conservation of judicial resources and judicial economy.

27. In speaking of judicial economy and conservation of judicial resources Mr. Kellogg exclaimed that these are simply legal phrases used by attorneys as legal strategy in litigation and have little to no meaning to attorneys in actual practice, Mr. Kellogg went on at length proffering legal advice to Nelson, suggesting he [Nelson] file bankruptcy and the the proceedings would stop, suggesting that judicial economy is not a real thing and stating that conservation of judicial resources is not actually a thing at all, that is why the Courts often waste time and money creating documents and guidelines which the parties never use and have no bearing upon being used during Rule 26(f) conferences nor are even read by attorneys practicing law.

**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 12

28. Mr. Kellogg even at one point attached a scheduling order to another case, attempting to draw similarities between the two cases, providing a scheduling order for Case: 5:22-cv-4020-JAR-TJJ; Mr. Kellogg then stated: **"Again, I am not willing to spend two days going over this with you. <u>I will give you one hour."</u>**

29. Nelson explained calmly and collectively to MR. Kellogg that he, attorney Christopher Kellogg was hired by his clients Chad Mitchell Koehn and United Capital Management of Kansas Inc. to represent their interests and it is not Mr. Kellogg who is "giving" any time to Mr. Nelson, but rather it is Mr. Kellogg who has an ethical, moral and legal responsibility and fiduciary responsibilities to his clients to perform the functions as are required by the Federal Rules of Civil Procedure and the Rules of Professional Conduct in the spending of the time which is necessary to complete the tasks as ORDERED by the Court and spelled out in plain english within the Federal Rules of Civil Procedure.

30. Nelson even had the need to quote to Mr. Kellogg directly from ORDER of the Court that the parties in the Rule 26(f) conference were to:

===================================================================
**<u>MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court</u>**

- 13

a.   "Generally, discussion at this planning conference must address the nature and basis of the parties' claims and defenses; the possibilities of settling or resolving the case, including the use of mediation or other methods of alternative dispute resolution; making or at least arranging for the disclosures required by Fed. R. Civ. P. 26(a)(1); any issues about preserving discoverable information; and development of a proposed discovery plan. More specifically, the agenda items that must be addressed during this conference include those set out in Fed. R. Civ. P. 16(c)(2)(A)-(P), Fed. R. Civ. P. 26(f)(3)(A)-(F), and the planning report form that is attached to this order and that is also posted on the court's website:

http://ksd.uscourts.gov/wp-content/uploads/2018/01/Report-of-PartiesPlanning-Conference.docx "

SEE Pages 1 and 2 of ORDER of the Court in Document Number 70.

31. Because of the obvious lack of preparation and obvious unwillingness of the plaintiffs attorneys to either discuss settlement or mediation, and the fact only Nelson has ever engaged in any meaningful attempts at settlement and because the plaintiffs were unwilling to discuss nor "address the nature and basis of the

===================================================================================
**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 14

parties' claims and defenses; the possibilities of settling or resolving the case, including the use of mediation or other methods of alternative dispute resolution"; the Rule 26(f) conference was treated as a perfunctory process and not taken seriously by the plaintiffs as what can only be seen as a "litigation tactic" and given the language used and phrases it can be easily determined Craig Alan Brand was behind these immoral and unethical legal tactics not to discuss the ESI and discovery of the case nor provide for fair and reasoned discussions as the intention of the Federal Rules of Civil Procedure and the ORDERS of the Court.

32. BOTH Nelson and Mr. Kellogg recognized that a motion to dismiss has been dutifully filed by Defendant Nelson within the time constraints under FRCP and Kansas Constitution, US Constitution, Local Rules and Kansas Law, which allows for limited discovery as to the allegation that the Litigation as filed by Chad M. Koehn and United Capital Management of Kansas Inc. amounts to SLAPP litigation as alleged by Nelson, and entitles Nelson to seek dismissal with the court allowing for limited discovery.

33. The limited discovery sent to Christopher Kellogg, does NOT include interrogatories, and is limited only to United Capital Management of Kansas

=================================================================================
**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 15

Inc. (UCM) pursuant to Rule 30(b)(6) as to its agents, employees, representatives, officers, directors of choosing by UCM.

34. The limited discovery is limited to brief requests for Admission; and brief requests for the production of documents pursuant with Federal Rules of Civil Procedure Rules 26, 34, 36, 30(b)(6).

35. The limited discovery is sent ONLY to the party United Capital Management of Kansas Inc.

36. The Limited Discovery is NOT at this time sent to the person of Chad MitchelL Koehn demonstrating clear good faith by Nelson, in not unnecessary burdens upon Chad Mitchell Koehn at this early stage and limiting the discovery only to that which is necessary under the FRCP rules and Kansas Law in that as the report of the parties indicates Defendant Nelson has filed a motion to dismiss. The last iteration of the report of the parties which Nelson has in his possession is the copy sent by Christopher Kellogg on 12 July 2022.

## PRAYER FOR RELIEF and NOTICE AS TO COMPLIANCE

=================================================================

**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 16

**WHEREFORE,** Defendant and Counter Plaintiff Michael Nelson, has and continues in good faith to provide for the fair and judicious resolution of the matters before the Court, Nelson has on this day 26 July 2022, delivered via electronic mail (email) disclosures pursuant with Federal Rules of Civil Procedure and in light of the motions filed and pending decision and in light of the various appeals filed in the matter. The disclosures were sent via electronic mail (email) delivery to BOTH the Chambers of the Presiding Federal Magistrate Birzer and to the email address for Chistopher Kellogg provided for in order of the court for communication.

Defendant Nelson expects to receive disclosures from the plaintiff's prior to the end of the business day and expects to receive a copy of the report of the parties which also should bare therein a statement by the defendant, Mr. Nelson, which was sent to Mr. Kellogg regarding the reasons why Mr. Kellogg had refused to engage in any discussions at all regarding ESI and discovery in the matter. As well articulated and outlined herein above with various quotations and evidence to the Court the Rule 26(F) conference was not taken seriously by the plaintiff's in furtherance of their bad faith they were neither prepared nor wished to treat the conference as intended by the Order of the Court or the intention of the Federal Rules of Civil Procedure. Nelson does expect to receive a copy of the report none-the-less and expects a copy of the report to include the language regarding ESI, from the perspective of Nelson, which stated:

"Defendant: Michael Nelson took the rule 26(f) conference seriously to the letter of the FRCP, in doing so prior to the meeting the defendant emailed the

========================================================================

**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 17

Clerks of the Court for information concerning a variety of topics including ESI.

Defendant obtained copies of a number of ESI documents and even wrote a

detailed brief on the importance of ESI to the case and the subjects which ESI

should entail in this matter.  The Defendant also included the US District of

Kansas ESI guidelines, as an attachment to the brief on ESI sent to Counsel for the

Plaintiff well ahead of the meet and confer, sending the detailed ESI analysis in the

form of a brief on 16 June 2022, nearly one month prior to the meet and confer.

Counsel for the Plaintiff's refused to work the report in the order which the report

is laid out, refusing each day to discuss ESI at all.   Defendant engaged counsel for

the Plaintiff's in extensive email correspondence, where Defendant had a ratio of

email contact to the Plaintiff's a multitude higher than responses received.  Email

correspondence even before the meet and confer under Rule 26(f) resulted in

responses from the Plaintiffs:  **"I have no intention of spending hours on the**

**meet and confer process when it should take no more than an hour to**

**complete the choosing of some dates and completion of the basic information**

**required to be submitted to the court in a report of parties planning**

**conference.** I cannot justify spending tens of hours of time on such a project".   It

became evident during the meet and confer process an hour on Monday and an

hour on Tuesday that counsel for the Plaintiff neither understood ESI, its

=================================================================================
**MOTION on Compliance and Notice to the Court Request for Order regarding**
**delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f)**
**conference and ORDER of the Court**

- 18

importance, nor was educated as to the ESI of his client.  On the 6th of July 2022, approximately one week prior to the meet and confer, the Defendant provided a detailed response providing written report of much of the report due, in order to save time during the telephone exchange in order to concentrate on the important issues of ESI, which counsel for the plaintiffs refused to read nor comment regarding.  Instead again insisting that the meet and confer is routine and just filling in dates.

Defendant in pleading for discussion on the important issues of ESI, reminded Counsel that the defendant prepared extensive outlines that the Counsel refused to read, nor prepare for discussions, as per the instructions of the US D. of Kansas guidelines on ESI, even having to implore discussions by quoting Craig Ball, who was quoted in the Defendant's ESI brief and also in the guidelines on ESI by the District of Kansas Federal Court:  "The federal bench is deadly serious about meet and confers, and heavy boots have begun to meet recalcitrant behinds when Rule 26(f) encounters are perfunctory, drive-by events. Enlightened judges see that meet and confers must evolve into candid, constructive mind melds if we are to take some of the sting and "gotcha" out of e-discovery. Meet and confer requires intense preparation built on a broad and deep gathering of detailed

**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 19

information about systems, applications, users, issues and actions. An hour or two of hard work should lie behind every minute of a Rule 26(f) conference."

Mr. Brand was discussed in relation to his extensive conflicts of interest in the case. As well as both Mr. Brand and Mr. Koehn were discussed as it relates to Mr. Koehn's 26 January 2022, affidavit wherein Koehn states as a material fact that a "computer" belonging to the defendant was "stripped" from the defendant, and Mr. Brand claims it was seized which is in direct REFUTE by State and Federal law enforcement and attorneys who know nothing of the computer. Koehn filed a sworn affidavit under the penalties of perjury making statements of material fact regarding the computer in question being "stripped" from the defendant. Though the affidavit of Koehn also contains certain perjury where Koehn makes statements of fact which are in direct refute by the public record. Mr. Brand was also discussed in light of his public stance that he "intentionally provides people with false information" as it appear certain his assertions regarding State and Federal officials are in direct REFUTE to Brand's assertions, drawing an issue of Truthfulness in Statements to others a tenant of the Rules of Professional Conduct. Mr. Koehn was also discussed in relation to the certification that the complaint and counter complaint has been provided to regulatory authorities within 30 calendar

**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 20

days of filing as per the regulations. Defendant denies intentionally "disparaging" anyone, as the defendant struggled to get counsel for the plaintiffs to stay on point in discussing the matters of importance in the conference, wherein counsel for the plaintiffs kept stating: "I have given you enough time… I said I would only spend an hour on picking dates for this routine meeting".

Defendant further requests his memorandum on ESI for discovery be included as an addendum to the Report of the parties, since the defendant had prepared extensively for ESI discussions and had sent the memo which included the District's guidelines far in advance of the meet and confer and had expected good faith efforts in meet and confer protocol on issues of ESI which are the heart of the issues for discovery, especially given the "missing" computer and the locked cellular phone data of the defendant; thus requiring extensive ESI discovery on the systems of the plaintiffs. "

Wherefore, given the above herein information and the fact the defendant Nelson has provided via electronic mail (email) submission the disclosures as ordered and so required of the parties under the Federal Rules of Civil Procedure and in accordance with the limited discussions had during the meet and confer under rule 26(f) for one hour each day on 11 and 12 July 2022

========================================================================

**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 21

respectively. The Defendant appearing pro se out of necessity for lack of money and ability to secure legal representation at an affordable rate given the purposeful complexities and overall difficulties presented by the plaintiffs in following the Orders of the Court, the Local Rules of the Court, following the Federal Rules of Civil Procedure and following the generally accepted Rules of Professional Conduct of attorneys and therefore inter alia the Pillars of Professionalism referencing the same, which are said to be coveted by this very Court the US District of Kansas Federal Court, wherein the pro se defendant has attempted to follow the Pillars of Professionalism even though that document and its recognition by the Court provides for no protection nor obligation of the pro se US Citizen Michael Nelson appearing pro se before the Court Nelson none-the-less has attempted to embody the principles laid out in the Pillars of Professionalism and the rules in general including the Orders of the Court.

Now herein and therefore wherefore the pro se defendant Mr. Michael Nelson does now herein incorporate by reference all the aforementioned and foregoing statements as fact and requests ORDER of the Court on Compliance with the ORDERS of the Court the Federal Rules of Civil Procedure in the providing of disclosures as required of the parties hereto the referenced litigation. Including such in Order of Compliance as referenced here and incorporated herein those facts in enumerated numbers 1 through 36 and the information as provided herein the Prayer for Relief requesting an ORDER of the Court on the Same.

====================================================================
**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 22

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).

Respectfully Submitted, this 26th day of July 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 23

**Certificate of Service:**


The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per order of the saline county judge Paul J. Hickman.


Respectfully Submitted, this 26th day of July 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

==================================================================

**MOTION on Compliance and Notice to the Court Request for Order regarding delivery of DISCLOSURES per Rule 26 and in accordance with Rule 26(f) conference and ORDER of the Court**

- 24