KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| **Plaintiffs** ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| **Defendant** ) | |
| ) | |

### PLAINTIFF/COUNTER-DEFENDANT'S MEMORANDUM IN OPPOSITION TO DEFENDANT/ COUNTER-PLAINTIFF'S "MOTION ON COMPLIANCE AND NOTICE TO COURT REQUEST FOR ORDER REGARDING DELIVERY OF FIRST LIMITED DISCOVERY" (DOCKET NO. 103)

Plaintiffs/Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith respond in opposition to Defendant/Counter-Plaintiff Michael Nelson's ("Mr. Nelson") "Motion on Compliance and Notice to Court of Request for Order Regarding Delivery of First Limited Discovery" (Docket No. 103), and say:

On July 26, 2022, Mr. Nelson sent an email to the undersigned counsel which contained a click-through internet link to Discovery Requests. Although the undersigned counsel was able to open the Discovery Request, Mr. Nelson had created the document so that it could neither be printed, searched, copied, cut, pasted or saved. **The email including the method of accessing the discovery documents states:**

1

*Mr. Kellogg:*

*The attached link is the first set of limited Discovery pursuant with Kansas law and being so provided to you here and now the 26th day of July 2022, for said production of statements of admission, production of documents etc. as per the instructions included therein the Discovery demand.*

*Discovery Requests Link to Document:*

*https://docs.google.com/document/d/165z27SwqaeRboKn29gIYehVk1nMmrD_e6uYpjRZIXoM/edit?usp=sharing*

*You are respectfully reminded of the pending motion to disqualify Craig A. Brand and the information and belief Craig A. Brand remains a person of interest in the attempted first degree murder of my person inside the detention facility at Essex County New Jersey. In addition to the known dead whistleblower in Connecticut as referenced in the news articles regarding Dale Takio another individual previously charged with the theft of $20 million from Simon Properties SPG a public entity, as referenced in those news articles included in the current case and the fact Dale Takio is also in the employ of multiple companies which Chad Mitchell Koehn sits on the board of directors for, and the murder of the dead whistleblower in Connecticut is the direct and proximate cause of communications at the heart of the directly parallel hereto criminal proceedings.*

*You are therefore and herein forewarned of your sharing of information sent to you to the person of Craig Alan Brand prior to the ruling upon Craig A. Brand's continued representation in the matter at bar, pursuant with the motion to disqualify Craig A. Brand, as you are equally so informed as to Mr. Brand's status as a person of interest in those attacks characterized as first degree attempted murder of my person in Essex County NJ.*

*If you have questions regarding the instructions contained herein the discovery requests and demands, though they are in plain english, please do set forth your queries in writing and communicate the same via email, as agreed. The discovery requests and demands must be fulfilled within 30 days per FRCP and the instructions included, thus being delivered to my person not later than 26 August 2022, via email.*

*Respectfully,*

*Michael Nelson*

*Pro Se*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The undersigned counsel immediately replied to Mr. Nelson requesting he either unlock the password protected file so that a copy of the discovery requests could be made and saved or

requesting Mr. Nelson provide a copy of the document in a format that could be printed, copied and saved by the undersigned counsel. Instead of complying, Mr. Nelson filed Docket No. 103.

As reflected in Docket No. 103, Mr. Nelson does nothing more than apprise the Court that he served the document. Upon the Court accessing the discovery document served by Mr. Nelson, the Court will ascertain that it contains 168 Requests for Admissions on pages 13 through 38, 1 Special Request for Admissions with subparts (a through d) on pages 39-40, and thirty-five (35) Requests for Production on pages 40 through 51.

**Mr. Nelson cites to "Orders" authorizing him to propound discovery; however, no Scheduling Order or Order granting Mr. Nelson leave to propound discovery has been entered. The Court has not yet entered an Order authorizing discovery to commence and certainly never gave any indication that the Court would allow such an over-breath and prejudicial undertaking of discovery**.

The Court should enter an Order on Mr. Nelson's "Motion on Compliance" (Docket No. 103) compelling Mr. Nelson to forthwith furnish in downloadable pdf format a printable, copyable and savable copy of the discovery request and that the time period for Plaintiffs/Counter-Defendants responding to the Discovery Request should not commence until Mr. Nelson has duly complied with that order. It should go without saying that the Plaintiff shall be filing Objections to the Defendants abundance of irrelevant, off-topic, and non-conforming discovery request.

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will Order Mr. Nelson to forthwith furnish in downloadable pdf format a printable, copyable and savable copy of the discovery request and that the time period for Plaintiffs/Counter-Defendants responding to the Discovery Request should not commence until Mr. Nelson has duly complied with that order.

Dated July 27, 2022.

Respectfully Submitted,

/s/ Chris J. Kellogg
Larry G. Michel        #14067
Chris J. Kellogg       #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
lmichel@kenberk.com
ckellogg@kenberk.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 27, 2022, the foregoing *Plaintiffs' Response in Opposition to Defendant/Counter-Plaintiff's Motion on Compliance* was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 67, the undersigned emailed a true copy to Michael Nelson, oklahomaremote@gmail.com.

/s/ Chris J. Kellogg
Chris J. Kellogg