KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHAD M. KOEHN, ET AL. ,**   ) | |
| )  | |
| **Plaintiffs**   ) | |
| **vs.**   ) | **Case No. 22-CV-04008-JWB-GEB** |
| )  | |
| **MICHAEL NELSON,**   ) | |
| )  | |
| **Defendant**   ) | |
| _____ ) | |

## PLAINTIFF/COUNTER-DEFENDANT'S MEMORANDUM IN OPPOSITION TO DEFENDANT/ COUNTER-PLAINTIFF'S MOTION TO DISQUALIFY CRAIG ALAN BRAND AS COUNSEL PRO HACE VICE (DOCKET NO. 94)

Plaintiffs/Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith respond in opposition to Defendant/Counter-Plaintiff Michael Nelson's ("Mr. Nelson") Motion to Disqualify Craig Alan Brand as Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants in this proceeding (Docket No. 94),  and say:

As the Court is well aware from the various Court filings by Mr. Nelson, Mr. Nelson has engaged in an ongoing attempt to shamelessly and falsely disparage Attorney, Craig Alan Brand, who has been duly admitted Pro Hac Vice in this proceeding, and, both the District Judge and the Magistrate Judge has denied Mr. Nelson a rehearing of the issue of his admission.  Mr. Nelson has been allowed to go to extraneous lengths to disparage a member of the Bar with spun lies, false

representations to the Court, incredulous tales, and defamatory – per se accusations.  In spite of

such wrongful and callous conduct on the part of the Defendant, Mr. Brand, Esq., has engaged in

no wrongful conduct and has held himself out and has continued to behave as a true professional,

displayed high ethics and whose qualifications are and have been first quality.  Mr. Brand is the

Plaintiffs' counsel of choosing and Mr. Brand is best suited given his experience and knowledge

of the Plaintiffs to represent them.

Mr. Nelson's Motion for Disqualification and the accompanying memorandum of law

(Docket No. 95) fail to justify disqualification of Mr. Brand.

> The court generally supervises counsels' conduct in litigation before it, and decisions to disqualify counsel are committed to the court's sound discretion. *E.E.O.C. v. Orson H. Gygi, Inc.*, 749 F.2d 620, 621 (10th Cir. 1984).. At the same time, courts do not exist to discipline attorneys, but to resolve disputes. *Papanicolaou v. Chase Manhattan Bank, N.A.*, 720 F.Supp. 1080, 1082 (S.D.N.Y. 1989). The movant has the burden of showing sufficient grounds for disqualification. *F.D.I.C. v. Sierra Resources, Inc.*, 692 F.Supp. 1167, 1170 (D. Colo. 1987).. The courts in this district approach motions to disqualify conscientiously and conservatively:

>> Disqualification of an attorney chosen by a party to represent him in a lawsuit is a serious matter. Courts have the inherent power to disqualify counsel where necessary to preserve the integrity of the adversary process.... However, each case must be decided on its own peculiar facts. *United States v. Standard Oil Co.*, 136 F.Supp. 345 (S.D.N.Y. 1955).

>> The immediate preventive measure sought by plaintiff is indicated only where the offending attorney's conduct threatens to "taint the underlying trial" with a serious ethical violation. *W.T. Grant Co. v. Haines*, 531 F.2d 671 (2d Cir. 1976). There are, in this Court, in the state of Kansas, and in every other state, detailed and pervasive rules and enforcement machinery to deal with ethical violations.

> *Ramsay v. Boeing Welfare Ben. Plans Committee*, 662 F.Supp. 968, 969-70 (D. Kan. 1987) (quoting *Field v. Freedman*, 527 F.Supp. 935,940 (D. Kan. 1981)). Motions to disqualify "should be reviewed with extreme caution for they can be misused as a techniques of harassment." *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1577 (Fed. Cir. 1984)..

2

*Chapman Engineers, Inc. v. Natural Gas Sales Co., Inc.*, 766 F.Supp. 949, 953-54 (D. Kan. 1991).

*See also Dwerlkotte v. Mitchell*, No. 21-cv-3264-SAC, 2022 WL 36379 at *1-2 (D. Kan. Jan. 4, 2022).

Mr. Nelson's motion fails to demonstrate that Attorney Brand ever acted directly or indirectly in any proceeding or matter on Mr. Nelson's behalf, nor did Mr. Nelson demonstrate that Mr. Brand receive confidential communications from Mr. Nelson in any proceeding.  Mr. Nelson has never employed and/or has been an affiliate with Attorney Brand.  Indeed, no evidence of any conflict of interest exists between Attorney Brand's representation of the Plaintiffs/Counter-Defendants and Mr. Nelsons right to a fair trial.  Mr. Nelson's motion should be summarily denied with prejudice, ending this continuous bombardment and harassment from the Defendant Nelson. *See Flint Hills Scientific, LLC v. Davidchak*, No. 00-cv-2334-JAR, 2002 WL 975881 at *3-4 (D. Kan. Mar. 21, 2002).

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will deny, with prejudice, Defendant/Counter-Plaintiff Michael Nelson's ("Mr. Nelson") Motion to Disqualify Craig Alan Brand as Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants in this proceeding.

Dated July 27, 2022.

Respectfully Submitted,

/s/ Chris J. Kellogg
Larry G. Michel        #14067
Chris J. Kellogg       #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
lmichel@kenberk.com
ckellogg@kenberk.com
*Attorneys for Plaintiffs*

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 27, 2022, the foregoing *Plaintiffs' Response in Opposition to Defendant/Counter-Plaintiff's Motion for Default* was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 67, the undersigned emailed a true copy to Michael Nelson, oklahomaremote@gmail.com.

/s/ Chris J. Kellogg
Chris J. Kellogg

4