# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. <br><br> <u>and</u> <br><br> **CHAD M. KOEHN** <br><br>        Plaintiffs, <br> Counter-Defendants <br><br>     v. <br><br> Michael Nelson <br><br>        Defendant; Counter-Plaintiff <br> PRO-Se. | <mark>DOCKET NO.:    5:22-CV-04008-JWB-GEB</mark> <br> <u>**CIVIL ACTION**</u> <br><br> **OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES";** <br> **Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings** <br><br> **[Jury Trial Demanded]** |

    <u>Defendant, makes "SPECIAL & LIMITED APPEARANCE"</u> here and now for the purposes of filing **OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court and numerous other violations of Pillars of Professionalism and Rules of Professional Conduct; MOTION FOR ORDER preventing further untruthfulness in filings,** the pro se defendant states:

===================================================================

*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

- 1

**OBJECTION as to the statements made by the Plaintiff's and their counsel in their Initial Disclosures wherein plaintiffs state:**

"Plaintiffs hereby unilaterally submits the following initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and states that this submission had to be unilateral given the Defendants failure to comply with the Court's non-disparagement ruling, failure to engage in a cost efficient determination of this action, failure to jointly work on this initial disclosures based on Nelson's non-cooperation, including that Nelson demanded Plaintiffs counsel set aside 18 hours to confer on the 26(a) issues and placing an unreasonable and unconscionable burden of disclosure on the Plaintiff including time, money and interference with ongoing business operations. Plaintiffs' counsel attempted to explain to Mr. Nelson that a planning conference should take about an hour. Counsel gave Mr. Nelson three hours of time yet that still was not enough time to complete the conference because Mr. Nelson insisted on discussing matters outside the purview of the conference, including disparaging Mr. Koehn and Mr. Brand, as well as arguing the merits of his position to counsel."

SEE Attached herewith and annexed hereto Exhibit "A", a filing made by the Plaintiff's titled **"PLAINTIFF'S INITIAL DISCLOSURES"**

The statements made by opposing counsel in the submission made before the Court as their "Disclsoures" is utterly FALSE, MISLEADING, constitutes certain fraud upon the Court and violates the Rules of Professional Conduct. Additionally, having read as it appears opposing counsel has not read the "Pillars of Professionalism", which are aimed

===============================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

- 2

directly at lawyers licensed to practice law in Kansas, the pro se defendant Mr. Nelson so quotes the Pillars of Professionalism which state:

> "Kansas lawyers <u>have a duty to perform their work professionally</u> by **behaving in a manner that reflects the best legal traditions, with civility, courtesy, and consideration**. Acting in such a manner helps lawyers **preserve the public trust that lawyers guard and protect the role of justice in our society.** Lawyers frequently interact with clients, courts, opposing counsel and parties, and the public at large. **A lawyer's actions also reflect on the entire legal profession."**

Mr. Nelson is neither a lawyer, attorney, nor educated in the law at all, a simple layman, pedestrian proletarian Mr. Nelson can just read and write, and must read for the first time much of what is already known to the Kansas Lawyers appearing at bar in this matter, and that of their pro hac vice counsel sponsored by them Craig Alan Brand. Certainly when lawyers are not prepared for meet and confer under rule 26(f), or when their response to *guidelines produced, created, curated and promulgated by the very US Federal Court for which they are licensed to practice before and which is sitting at present in the matter at bar before the US District of Kansas:* <u>"As to the ESI, courts put together guidelines on many subjects and **just because they do, it does not mean that those guidelines must be or are expected to be used."**</u>; stated Mr. Christopher Kellogg.

=================================================================

*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

Therefore under the Pillars of Professionalism and the Rules of Professional Conduct, inquiry formally is made before the US District of Kansas Federal Court, financed in part by Federal Money from taxpayers and in part from fees received from litigants, like in this case Mr. Nelson is the party whom paid the exorbitant high fee to file the case in the Federal Court; WHY would the US District Court in Kansas spend the time, money, resources, and personnel, to create, curate, and promulgate guidelines if as Mr. Kellogg writes or **"are expected to be used."** If as Mr. Kellogg, a bar licensed attorney for the US District of Kansas states that the Court creates guidelines that it does not "expect to be used"? Why would the Court expend the tax payers money, or its resources creating guidelines that the Court does not "expect to be used", why do these guidelines exist?

Mr. Nelson is pro se, non-legally educated, just a regular simple layman, pedestrian proletarian, without any sort of form education in law, however, common sense and reason would dictate that if the Court spends taxpayer money, resources, Court personnel to create, curate, and promulgate guidelines for cases before the Court, then commonsense would dictate the Court is expecting parties to use those guidelines. Is Mr. Nelson in correct about the use of the guidelines created, curated and promulgated by the Court of the US District of Kansas?

========================================================================

*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

Mr. Nelson, pro se, submits here as attached herewith, annexed hereto and incorporated herein by **reference Exhibit "D", a true and correct copy of <u>the Pillars of Professionalism</u>** which are stated numerous times by the presiding jurist US Federal Magistrate Birzer, as being <u>"coveted by this Court".</u> It is evident to the pro se, commoner, pedestrian proletarian Mr. Nelson that not a single attorney appearing before the Court on behalf of the Plaintiff has ever bothered to read **the Pillars of Professionalism** a single time, yet alone retain any of its principles gleaning anything in passing, as it is evident from the constant personal attacks levied in filings and pleadings by opposing counsel, they collectively take umbridge and offense, that the pro se defendant has the audacity to present himself pro se before the Court, without any legal education, training, experience, and is just a simple commoner, pedestrian proletarian "SLAVE". **<u>As counsel for the plaintiffs have directly stated that the Courts are reserved for those with money, and those who are impoverished are imprisoned and enslaved, the Courts in the US are reserved for the elite.</u>**

It is evident that the attorneys presenting the statements to the Court in the referenced document which the Pro Se defendant, takes direct OBJECTION to, and sets forth herein to correct the record and so moves for orders preventing further UNTRUTHS

========================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court;  MOTION FOR ORDER preventing further untruthfulness in filings*

- 5

from being spewed forth by the bar licensed attorneys appearing in this matter. Separate

Motion for Sanctions will be forthcoming laying out the violations to the Rules of

Professional Conduct and the certain violations to the Pillars of Professionalism. Which

among other things states, that Kansas Lawyers and those presenting themselves as

licensed professionals before the court MUST: **"Maintain proficiency, not only in the**

**subject matter of the representation, but also in the professional responsibility rules**

**that govern lawyers."** It is evident based on the facts the lawyers representing the

plaintiffs are neither proficient at ESI, nor understand any of the nature of the claims they

themselves make on behalf of their clients, considering the claims as made create SLAPP

suite styled petition aimed against public participation and directed to out the identity of a

whistleblower in violation of Federal and State CRIMINAL Statutes.


Because the lawyers presenting themselves at bar have already engaged with

so-called news media personalities and continue with ridiculous engagements of

supposed forth coming news stories regarding the matter at bar, the section of the Pillar's

of Professionalism titled: **"With respect to the profession and the public:"** should be

of great and tremendous concern to all members of the profession who believe ethics and

morals should dictate the words, actions and deeds of members of the profession of

"Officers of the Court":

========================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL*
*DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in*
*Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before*
*the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

- 6

**"Be mindful that, as members of a self-governing profession, lawyers have an obligation to act in a way that does not adversely affect the profession or the system of justice."**

Be mindful that, as members of the legal profession, lawyers have an obligation to the rule of law and to ensure that the benefits and the burdens of the law are applied equally to all persons.

Directly in REFUTE of the TRUTH Plaintiff's make the following FALSE statements to the Court in violation to their OATHS and the Rules of Professional Conduct:

1. *"[Plaintiffs] states that this submission had to be unilateral given the Defendants failure to comply with the Court's non-disparagement ruling, failure to engage in a cost efficient determination of this action, failure to jointly work on this initial disclosures based on Nelson's non-cooperation, including that Nelson demanded Plaintiffs counsel set aside 18 hours to confer on the 26(a) issues"* [See Attached Exhibit "A"]

    a. The Court ORDERED the parties to conduct a Rule 26(f) conference and even spelled out for the parties the expectations the Court had for the Rule 26(f) conference by Stating [SEE COURT ORDER Document Number: 70, see the docket of the Case at bar]:

================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court;  MOTION FOR ORDER preventing further untruthfulness in filings*

- 7

i. "Generally, discussion at this planning conference **must address** the nature and basis of the parties' claims and defenses; **the possibilities of settling or resolving the case**, including the use of mediation or other methods of alternative dispute resolution; making or at least arranging for the disclosures required by Fed. R. Civ. P. 26(a)(1); any issues about preserving discoverable information; and development of a proposed discovery plan. More specifically, the agenda items that must be addressed during this conference include those set out in Fed. R. Civ. P. 16(c)(2)(A)-(P), Fed. R. Civ. P. 26(f)(3)(A)-(F), and the planning report form that is attached to this order and that is also posted on the court's website: http://ksd.uscourts.gov/wp-content/uploads/2018/01/Report-of-PartiesPlanning-Conference.docx " SEE COURT ORDER Document Number: 70, see the docket of the Case at bar.

ii. Mr. Nelson prepared heavily for the 26(f) conference by contacting the clerks office in several different district offices, the chambers of both the presiding jurist and the District Court Judge assigned the case, via both email and phone requesting various documents and researching how best to prepare and what issues to discuss.

iii. Mr. Nelson has a much higher ratio of contact via email to opposing counsel than opposing counsel has at bothering to return emails or phone calls for that matter.

=================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

- 8

iv. Mr. Nelson prepared detailed brief on the complexities of ESI in this matter, as demonstrated in Exhibit B, even attaching the District's own guidelines to the brief submitted nearly a month in advance of the meet and confer, which is also attached herewith separately as Exhibit "C", demonstrating clearly Mr. Nelson took the rule 26(f) conference seriously and was more than prepared to discuss the issues necessary, whereas plaintiffs counsel was woefully under prepared and not knowledgeable of any of the issues in the case.

2. *"and placing an unreasonable and unconscionable burden of disclosure on the Plaintiff including time, money and interference with ongoing business operations." [See Attached Exhibit "A"]*

a. The US District of Kansas, a United States Federal Court, which is financed in part from US Taxpayers, therefore is a Federal Resource and service of the United States Federal Government AND is financed by fees paid by users of the Courts, in this matter ONLY the Defendant Mr. Nelson has paid any fees to the Court in this matter, having dutifully removed the case to the US Federal Courts from a County State Court, where the SLAPP styled petition of the plaintiffs was originally filed. The US District of Kansas using Taxpayer funds and fees it receives from users (like from Mr. Nelson) has used these financial resources, to create and curate guidelines, documents and other information briefs on a wide array of subjects, including without limitation areas of ESI (Electronically Stored Information), an example of which was included in a brief on ESI which

*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

- 9

Mr. Nelson created and sent to Mr. Kellogg nearly one month in advance of the Rule 26(f) conference. The brief is attached hereto and incorporated herein by reference as Exhibit "B" to this Motion. The guidelines produced by the US District of Kansas were also included at the end of the Brief produced by Mr. Nelson and sent to Mr. Kellogg nearly one month prior to the meet and confer under rule 26(f); however the guidelines for ESI produced by the US District of Kansas Federal Court are also found online at:

https://ksd.uscourts.gov/wp-content/uploads/2015/10/Guidelines-for-cases-involving-ESI-July-18-2013.pdf AND separately attached herewith, annexed therefore hereto and incorporated herein by reference as Exhibit "C" demonstrating clearly that the US District of Kansas a US Federal Court has used its resources, taxpayer funding, fees from users to create and curate and promulgate documents related to parties who use the Courts services and appear before the Court, in order to assist them and the Courts in the fair and equal administration of Justice. In this matter here at bar Mr. Nelson is appearing pro se, out of necessity for the lack of money to afford representation in the Court, because of poverty, Mr. Nelson is being unfairly, unethically, immorally and illegally BULLIED by hired "guns" licensed attorneys in the US District of Kansas, whom have also brought in Craig Alan Brand pro hac vice who is known as an expert in bullying litigants as his long and storied history clearly demonstrates. Mr. Christopher Kellogg of the law firm Kennedy Berkley Yarnevich and Williamson Chartered, retorted in reply to Mr. Nelson in regards to the guidelines and documents created with Court funds (taxpayer funds and

OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings

- 10

fees from users of the Court, like Mr. Nelson paid), and curated and promulgated by the Court, example provided herein above, where Mr. Kellogg's statement was: ""As to the ESI, courts put together guidelines on many subjects and just because they do, **it does not mean that those guidelines must be or are expected to be used."** If guidelines created, curated and promulgated with Federal Funds, taxpayer dollars, and fees paid to the Court are not "expected to be used", why are they created, curated and promulgated? **The Pillars of Professionalism state:** "Participate in continuing legal education **and legal publications to share best practices for dealing ethically and professionally with all participants** in the judicial system."

b. To say Mr. Kellogg was underprepared would be an understatement, Mr. Kellogg was not prepared at all for the Rule 26(f) conference; he did not understand any of the issues at hand, nor did he understand any of the players involved. Mr. Kellogg had difficulty grasping why there was a lawsuit at all, other than to keep repeating that Mr. Brand is a "JACKASS" and "but you (Nelson) filed a counter complaint … that's why we are here".

c. Mr. Kellogg confused and conflated other witnesses, he understood not a single issue with ESI, ignoring the issues surrounding discovery and refusing to discuss them at all and kept skipping it saying nothing in the case references computers, emails or the internet therefore it does not apply.

====================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

- 11

d. Mr. Nelson even had to quote Mr. Craig Ball who authored an article also quoted by the US District of Kansas the current Federal Court sitting on this matter at bar, which quoted Mr. Ball in the guidelines it created, curates and promulgates, which Kellogg says are not expected to be used, wherein Mr. Nelson quoted and read aloud: <u>**"The federal bench is deadly serious about meet and confers, and heavy boots have begun to meet recalcitrant behinds when Rule 26(f) encounters are perfunctory, drive-by events.**</u> Enlightened judges see that meet and confers must evolve into candid, constructive mind melds if we are to take some of the sting and "gotcha" out of e-discovery.   Meet and confer <u>requires intense preparation built on a broad and deep gathering of detailed information about systems, applications, users, issues and actions</u>. **An hour or two of hard work should lie behind every minute** of a Rule 26(f) conference. Forget "winging it" on charm or bluster and forget "We'll get back to you on that." FORGET "hard work", Mr. Kellogg prepared not at all for the Rule 26(f) conference as was blatantly obvious in his confusion to the issues, dates, timing, players, participants, witnesses, parties, refusing to discuss claims or defenses.   Mr. Kellogg treated the entire process as he often would say "we're simply plugging in dates, none of this matters, the Court will change all this in the future anyway", to say Mr. Kellogg treated the entire conference as a drive-by event in a perfunctory manner would characterize how Mr. Kellogg looked at the conference and it was obvious and evident he was instructed to do so by his colleagues, Brand and Michel, to purposefully frustrate the process and refuse to engage in any meaningful melding of minds, as the US District of Kansas instructs in its guidelines.

==================================================================

*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court;  MOTION FOR ORDER preventing further untruthfulness in filings*

In fact it is obvious and evident that only Mr. Nelson has ever attempted any form of alternative dispute resolution and only Mr. Nelson was concerned with judicial conservation of resources and judicial economy, when Mr. Kellogg exclaimed, those are just phrases "we attorneys use strategically to get our way, they have no real meaning outside the presence of a Judge, even they know there's no meaning to those phrases so stop referencing them you know not how this works…your not a member".

e. <u>Mr. Nelson interfered not, in any on-going business operations</u>, Mr. Nelson came highly prepared for a real discussion of the case and not simply a "perfunctory drive by event", which is precisely what Mr. Kellogg had in mind, at the direction of Craig Alan Brand, refusing to discuss any of the real issues of the case, ESI, defenses, claims, Mr. Kellogg conflated names, dates, claims, Mr. Kellogg had no idea what was going on. When it came to discuss "protective orders" Mr. Kellogg promised a 2-3 page protective order and then sent over a protective order THREE to FIVE TIMES larger than was promised! Mr. Kellogg even referred to his pro hac vice counsel, Mr. Brand as a "JACKASS" more than once, demonstrating clear dissent in the lines of the counsel for the plaintiff's, as it was evident Mr. Kellogg was walking a tight rope on instructions from Mr. Brand. It is no wonder Kellogg was concerned and reference Mr. Brand as a "JACKASS" more than once, considering Mr. Brand believes **"Today's legal system protects the wicked and taxes the innocent."** id. Page 26, of his book. Mr. Brand was referenced in the discussions due to his extra judicial harassment and shenanigans, as well as his many multitude of conflicting interests in the

OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings

- 13

matter at bar, as well as the fact Mr. Brand bring disgrace, disdain, disrespect, and certain damage to the profession of attorneys through his acts, words and deeds, especially those beliefs he spews forth in writing in his book and across the interwebs: "**Our system of justice gives everyone an audience without the need or necessity to first submit sufficient proof of his or her claim.** All that is required is the mere filing of a legal document called a "complaint". Then**, wham,** you are in court and **the accused must go through a long, lengthy, tiring, stressful and expensive process** merely to prove his or her innocence. In spite of what you have read about our system of justice, **we are all guilty until proven innocent, and we are all innocent until we run out of money**. Most falsely accused people wind up paying some form of legal extortion just to get out of the drama. **The bad guys and their shyster lawyers know it**." id. page 97

f. **Under the Pillars of Professionalism, Kansas lawyers are supposed to:** *"Defend the profession and the judiciary against unfounded and unreasonable attacks and educate others so that such attacks are minimized or eliminated."* Certainly Kellogg and Michel do this not through their sponsorship of Brand and his beliefs he spews forth regarding the law. the Pillar's go on to state: "Be mindful of how technology could result in unanticipated consequences. A lawyer's comments and actions can be broadcast to a large and potentially unanticipated audience." As they are now in this case, initiated with a racial slur in the petition, and repetitive violations of the Federal Rules of Civil Procedure, Rules of Professional Conduct and certainly the Pillars of Professionalism at nearly every public

====================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court;  MOTION FOR ORDER preventing further untruthfulness in filings*

- 14

filing in the matter at bar. The pillars go on to state: "In all your activities, act in a manner which, if publicized, would reflect well on the legal profession." Certainly attacking constantly a pro se, non-legally educated, pedestrian proletarian and calling them a slave, not entitled to participate in the Courts, without an attorney, signaling if a party is impoverished or cannot afford an attorney they will go straight to prison and forever be a slave to the "elite class" who can afford the paid / hired mouth pieces to work the system of justice for themselves and their money. **As here the lawyers in Kansas, demonstrate clearly in Kansas, that those without resources are without JUSTICE.**

g. No burdens befell upon the plaintiffs in this matter in reference to the Rule 26(f) conference nor the disclosures in the matter, as the counsel for the plaintiff's participated not in any meaningful prior planning to the Rule 26(f) conference treating the entire meet and confer as a "perfunctory drive by event" of no particular importance and of no particular value to the litigation, as counsel viewed the entire meet and confer as just a headache that has to be done, cause the judge ordered it and not that it is a requirement in the FRCP, which <u>counsel inferred applies to non-lawyers, as lawyers have full flexibility with regards to following or not the FRCP</u>. **As certainly is clearly demonstrated before the Court in this case, wherein the lawyers have not followed any FRCP. W**hen they have it has been applied with the greatest flexibility to the lawyers who are supposed to be educated and trained in following the rules. Larry Michel constantly refers

============================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

- 15

to FRCP 1, yet all other actions, words and deeds he and his cohorts take are to frustrate the Court and the pro se defendant Mr. Nelson, tipping the scales of justice to prevent any basic fundamental rights of due process of law to be stripped and irreversibly removed from the reaches of Mr. Nelson, simply because he has not have the resources to buy a lawyer to act as his mouthpiece before the court; wherein the Kansas Lawyers demonstrate clearly to the world that 'he without resources shall forever be without Justice in Kansas'. Perhaps this is why Blacks, Hispanics and Native Americans are PREYED upon in Kansas as less than human, and without any basic fundamental rights to Justice. Blacks are incarcerated at a rate of 5.6 times that of whites, and Native Americans are preyed upon and incarcerated at a rate of 4.5 times that of whites in Kansas. Mr. Nelson certainly stood no chance at justice in the State Court, before a Judge, plaintiff Koehn claims is bought and paid for according to an informant, and given the facts of Koehn's criminal cases and civil cases there prima facie evidence appears correct. No wonder Koehn and his Kansas lawyers believe they can run the table on Mr. Nelson, lying, deceiving and cheating both the Court and Mr. Nelson of access to Justice, through their collective unethical, immoral and illegal tactics at bar.

h.  The plaintiffs constantly flagrantly flouting every other rule, moral and ethical practice both before the Court and extra judicially, as they collectively are the ones causing a multitude of additional filings, motions, notices, and memorandums to be filed, due to their purposeful malicious untruthfulness in filings to the Court and failure to engage in any

OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court;  MOTION FOR ORDER preventing further untruthfulness in filings

- 16

meaningful way at either defending their positions nor participating fairly though mutual cooperation in pre-discovery meet and confer as expected by the Court and the Federal Rules of Civil Procedure (FRCP).

i. The plaintiffs had no burdens placed upon them in the Rule 26(f) conference as they prepared not at all and put forth no effort to spend the time needed by the conference, **as is evident, they waited til the 11th hour to purportedly file a "motion for extension of time" to file the report of the parties, which as filed is NO Different than it was on 12 July 2022, indicating via proof positive the plaintiffs bothered not to work on the report or any further meetings between 12 July and 25 July,** when they asked not Mr. Nelson nor attempted any contact with Mr. Nelson prior to filing the motion which was never noticed to Mr. Nelson, as the first time Mr. Nelson heard of the motion was via an email from the Chambers of presiding Jurist Federal Magistrate Birzer, stating she had "denied" the "Motion" for extension of time, and claiming the motion was document 97 and the order denying the motion as document 100; which also is not possible or even plausible given the records of the pro se, impoverished, pedestrian proletarian defendant.

3. *"Counsel gave Mr. Nelson three hours of time yet that still was not enough time to complete the conference because Mr. Nelson insisted on discussing matters outside the purview of the conference, including disparaging Mr. Koehn and Mr. Brand, as well as arguing the merits of his position to counsel." [See Attached herewith Exhibit "A"]*

========================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

- 17

a. Counsel for the Plaintiff's assertion that Counsel "gave Mr. Nelson three hours of time", is completely and utterly FALSE. Counsel "gave" nothing, as Counsel is hired by Plaintiff's Chad Mitchell Koehn and United Capital Management of Kansas Inc., to speak on their behalf as LICENSED professional, therefore a characterization to have "given" any time to Mr. Nelson is categorically false, and certainly leans heavily towards untruthfulness in statements before the Court. Second each day on Monday and Tuesday July 11th and 12th Counsel Christopher Kellogg of the law firm Kennedy Berkley Yarnevich and Williamson Chartered, "allowed" in his [Kellogg] words Mr. Nelson to initiate the phone conference, wherein Mr. Nelson would phone the law offices referenced herein above, and be placed on hold for inordinate lengths of time, while the secretaries or other personnel answering the phone would "laugh", snicker, and joke that Mr. Nelson is pro se, an idiot, cretin, dimwitted, a joke etc.

b. In fact both the FRCP and the Order of the Court encourages that the parties "MUST" discuss: "**must address** the nature and basis of the parties' claims and defenses"; though the Order of the Court uses the phrase "must address", opposing counsel blatantly REFUSED to discuss the claims or defenses, and as noted wherein counsel purposely MISLEADS the Court in the statement: "as well as arguing the merits of his position to counsel"; this is a blatant attempt to mischaracterize the Pro Se defendants attempts to "address the nature and basis of the parties' claims and

===============================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

- 18

defenses", which the Court ORDERED and the FRCP requires of the parties, Mr. Kellogg blatantly refused any discussion.

c.  There was maybe 1 hour of actual discussions each day on Monday the 11th of July 2022, and again on Tuesday 12th of July 2022, wherein defendant Mr. Nelson had to beg that Mr. Kellogg takes the meet and confer in order to resolve all disputes now, before they arise later in the case, especially as they relate to discovery and ESI.  Mr. Kellogg jumped all over the document refusing and skipping any section that had to do with discussion of the claims and defenses, refusing to discuss discovery, it was painfully obvious Mr. Kellogg neither understood why there was a case at all and kept, saying well "you Mr. Nelson have filed a counter complaint"; a reply to which was and "you have yet to answer the counter complaint". Mr. Kellogg explained attorneys are professionals, and Mr. Nelson is not, **if you don't have the money to hire a professional you automatically lose** and that is the way it is, which sounds pretty straight forward in line with the dogma exuded by Craig Alan Brand in his book regarding the American Judiciary System wherein Craig A. Brand states:

**"Lady Justice is truly blind, blind to justice."**

**Today's legal system protects the wicked and taxes the innocent."**

id. Page 26

================================================================

d. When Mr. Kellogg would actually get on the phone, conversations were polite and were initiated with small talk and pleasantries initially. Requests were made that staff at his law firm treat Mr. Nelson with respect and dignity and not laugh at him and make remarks, as these remarks are aimed at an overall goal that each attorney representing the plaintiffs at bar to date, has had as their collective strategy to frustrate and otherwise take direct aim at irreversible damage to the machinery of the Judicial System, simply because Mr. Nelson is pro se and without the financial means to afford an attorney at present. These systematic attacks are most likely orchestrated by and directed by Craig Alan Brand, who is known publicly to exude disdain for the American System of Justice, where it is well known Craig Alan Brand exclaims to the world: "**<u>Lady Justice is not only blind but corrupt and susceptible to biased pressures.</u>** The legal system, different than a justice system, **works best for the wrongdoers, liars, extortionists, blackmailers, the wealthy, criminals and the insane.**" id page 98; of Brand's Book: "I don't care what mom says: LIFE SUCKS" Brand goes on to exclaim to the world his beliefs of the American Justice machinery and his strategy in ruining those without money through the misuse of the Courts:

*"Our system of justice gives everyone an audience without the need or necessity to first submit sufficient proof of his or her claim. All that is required is the mere filing of a legal document called a "complaint".*

*Then, wham, you are in court and the accused <u>must go through a long, lengthy, tiring, stressful and expensive process merely to prove his or her</u>*

==============================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

*innocence. In spite of what you have read about our system of justice, **we are all guilty until proven innocent, and we are all innocent until we run out of money.** Most <u>falsely accused people wind up paying some form of legal extortion</u> just to get out of the drama. **The bad guys and their shyster lawyers know it.**" id. page 97*

<u>Clear Violations to the Rules of Professional Conduct:</u>

The statements in the Plaintiff's Initial Disclosures present clear and present danger to the Judiciary, the merits of the litigation at bar, they taint the trier of fact, they are detrimental to the public's perception of fairness in the Judiciary, the strike at the heart of the matter at bar, demonstrating clearly there are rules and laws for the pro se non-legally educated pedestrian proletarian and there are no rules for the elite membership class who controls the Courts. The actions and statements of the opposing counsel by Larry G. Michel under the direction of Craig Alan Brand are detrimental to the public's perception of the law and scream to all that read this case that in the State of Kansas whether be it a State Court or a Federal Court, if you are without resources you are without due process and without JUSTICE. As such a cursory review of the Pillars of Professionalism and the Rules of Professional Conduct demonstrates clear violations of BOTH by the statements made by counsel in the attached herewith and incorporated herein by reference Exhibit "A".

========================================================================

*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

## CLEAR VIOLATIONS OF THE RULES OF PROFESSIONAL CONDUCT

(a) A lawyer shall not knowingly:(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.(c) The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

Kan. R. Rel. Disc. Att. 3.3

*Rule 3.3 - Advocate: Candor Toward the Tribunal*, Kan. R. Rel. Disc. Att. 3.3

https://www.kscourts.org/Rules-Orders/Rules/1-1-Competence

===================================================================================

*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court;  MOTION FOR ORDER preventing further untruthfulness in filings*

- 22

"Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

When lawyers from more than one law firm are providing legal services to the client on a particular matter, the lawyers ordinarily should consult with each other and the client about the scope of their respective representations and the allocation of responsibility among them. See Rule 1.2. When making allocations of responsibility in a matter pending before a tribunal, lawyers and parties may have additional obligations that are a matter of law beyond the scope of these Rules.

To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, including the benefits and risks associated with relevant technology, engage in continuing study and education, and comply with all continuing legal education requirements to which the lawyer is subject.

https://casetext.com/rule/kansas-court-rules/kansas-rules-relating-to-discipline-of-attorneys/rule-240-rules-of-professional-conduct/rule-13-client-lawyer-relationship-diligence

*'Perhaps no professional shortcoming is more widely resented than procrastination. A client's interests often can be adversely affected by the passage of time or the change of conditions; in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed. Even when the client's interests are not affected in substance, however, unreasonable delay can cause a client needless anxiety and undermine confidence in the lawyer's trustworthiness.'*

"the representation of one client will be directly adverse to another client;" *Rule 1.7 - Conflict of Interest: Current Clients*, Kan. R. Rel. Disc. Att. 1.7

=================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

- 23

"there is a substantial risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." *Rule 1.7 - Conflict of Interest: Current Clients*, Kan. R. Rel. Disc. Att. 1.7

" A lawyer related to another lawyer as parent, child, sibling or spouse shall not represent a client in a representation directly adverse to a person who the lawyer knows is represented by the other lawyer except upon consent by the client after consultation regarding the relationship." *Rule 1.8 - Client-Lawyer Relationship: Conflict of Interest: Current Clients: Specific Rules*, Kan. R. Rel. Disc. Att. 1.8

"(l) While lawyers are associated in a firm, a prohibition in the foregoing paragraphs (a) through (i) that applies to any one of them shall apply to all of them." *Rule 1.8 - Client-Lawyer Relationship: Conflict of Interest: Current Clients: Specific Rules*, Kan. R. Rel. Disc. Att. 1.8

**A lawyer shall not:**

(a) **unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act**;(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;(d) in pretrial procedure, make a frivolous discovery request or fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party;(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless:(1) the person is a relative

=================================================================================

*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court;  MOTION FOR ORDER preventing further untruthfulness in filings*

- 24

or an employee or other agent of a client; and(2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.
Kan. R. Rel. Disc. Att. 3.4

*Rule 3.4 - Advocate: Fairness to Opposing Party and Counsel*, Kan. R. Rel. Disc. Att. 3.4

(c) communicate or cause another to communicate as to the merits of a cause with a judge or official before whom an adversary proceeding is pending except:(1) in the course of official proceedings in the cause;(2) **in writing, if the lawyer promptly delivers a copy of the writing to opposing counsel or to the adverse party if unrepresented;**(3) orally upon adequate notice to opposing counsel or the adverse party if unrepresented;(4) as otherwise authorized by law or court rule;(d) engage in undignified or discourteous conduct degrading to a tribunal.
Kan. R. Rel. Disc. Att. 3.5

*Rule 3.5 - Advocate: Impartiality and Decorum of the Tribunal*, Kan. R. Rel. Disc. Att. 3.5

<u>In the course of representing a client a lawyer shall not knowingly:</u>

(a) **make a false statement of material fact or law to a third person**; or

(b) **fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by or made discretionary under Rule 1.6.**
Kan. R. Rel. Disc. Att. 4.1

*Rule 4.1 - Transactions with Persons other than Clients: Truthfulness in Statements to Others*, Kan. R. Rel. Disc. Att. 4.1

=================================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court;  MOTION FOR ORDER preventing further untruthfulness in filings*

[NOTE: This is nearly impossible for the attorneys to achieve considering Craig Alan Brand is directing and orchestrating their representation and Mr. Brand publicly claims to have <u>"championed the art of disinformation"</u> AND that he, {Craig Brand} **"INTENTIONALLY PROVIDES PEOPLE WITH FALSE INFORMATION"**]

"(d) Lawyers may state or imply that they practice in a partnership or other organization only when that is the fact." *Rule 7.5 - Information about Legal Services: Firm Names and Letterheads*, **Kan. R. Rel. Disc. Att. 7.5**

<u>**It is professional misconduct for a lawyer to:**</u>

(a) Violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another;(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;(d) engage in conduct that is prejudicial to the administration of justice;(e) state or imply an ability to influence improperly a government agency or official;(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or(g) engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.
Kan. R. Rel. Disc. Att. 8.4

*Rule 8.4 - Maintaining the Integrity of the Profession: Misconduct*, Kan. R. Rel. Disc. Att. 8.4

**(a) A lawyer having knowledge of any action, inaction, or conduct which in his or her opinion constitutes misconduct of an attorney under these rules shall inform the appropriate professional authority.(b) A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.**
***Rule 8.3 - Maintaining the Integrity of the Profession: Reporting Professional Misconduct*, Kan. R. Rel. Disc. Att. 8.3**

==================================================================

*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

<u>WHEREFORE it is the pro se defendant's prayer for relief:</u>

That this Honorable Court take whatever remedial actions are necessary to ensure that the bar licensed attorneys appearing before this Court in the matter at bar CEASE and DESIST IMMEDIATELY from further judicial abuses either in filings, pleadings, extra judicial harassment or in out right fabrication of the TRUTH in the filings they themselves make to the Court.

The defendant Mr. Nelson may be pro se, do to necessity for lack of money, but Mr. Nelson deserves no less than the professionalism which lawyers of Kansas are held to through the Pillars of Professionalism and the Rules of Professional Conduct which should govern a Kansas Lawyers practice of law in every act, word and deed. To do otherwise is travesty upon the American Judicial system and calls into question all of which the American Jurisprudence System of Justice is built upon providing for substantial damage to the reputations of attorneys as a whole throughout Kansas. Calling into question the integrity of the Judicial system in Kansas, and makes both Mr. Nelson appearing pro se out of necessity and the public at large who looks at the facts of the case and the matter at bar, looking at the actions, behavior, words, acts and deeds of the supposedly bar licensed attorneys and says unto themselves NO WAY WILL I TRUST A KANSAS ATTORNEY, NO WAY, not after reading what those lawyers have done in a FEDERAL COURT CASE.

================================================================

*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

The Pro Se, pedestrian, non-legally educated, non-experienced, proletarian Mr. Nelson shall be filing a separate Motion for SANCTIONS against the attorneys for their misconduct in filings to the Court and DIRECTLY LYING to the COURT in the filings they themselves have caused to be made.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).

Motion for Judicial Notice and Order of the Same and requesting this motion, notice and all other filings as in all previously filed motions and requests, responses, ojections, notices and/or any pleadings whatsoever the Defendant does not waive and reserves all rights as to any available defenses it may assert against the petition. Makes this appearance together with all previous filings now before the Court, without voluntarily submitting to the jurisdiction of this Court with this and all prior motions and filings are made via "special appearance", as well stated in the "Notice of Removal" in paper 1, filed on 1 Feburary 2022, removing the malicious, frivolous and incongruous petition to this US Federal Court for the district of Kansas.

===================================================================

*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

- 28

Respectfully Submitted, this 27th day of July 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

=====================================================================

*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court;  MOTION FOR ORDER preventing further untruthfulness in filings*

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;  filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order.

Respectfully Submitted, this 27th day of July 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com |

====================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court;  MOTION FOR ORDER preventing further untruthfulness in filings*