# EXHIBIT

# "A"

# To Follow . . .

=====================================================================
*OBJECTION as to False statements made by Plaintiff's in the document titled: "PLAINTIFF'S INITIAL DISCLOSURES"; Clear Violation of Rules of Professional Conduct requiring TRUTHFULNESS in Statements to Others and Truthfulness and Candor to the Court by Attorneys Licensed to Appear before the Court; MOTION FOR ORDER preventing further untruthfulness in filings*

KENNEDY BERKLEY
119 West Iron, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHAD M. KOEHN, ET AL. | ) | |
| **Plaintiffs** | ) | |
| vs. | ) | Case No. 22-CV-04008-JWB-GEB |
| | ) | |
| MICHAEL NELSON | ) | |
| **Defendant** | ) | |
| | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiffs hereby unilaterally submits the following initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and states that this submission had to be unilateral given the Defendants failure to comply with the Court's non-disparagement ruling, failure to engage in a cost efficient determination of this action, failure to jointly work on this initial disclosures based on Nelson's non-cooperation, including that Nelson demanded Plaintiffs counsel set aside 18 hours to confer on the 26(a) issues and placing an unreasonable and unconscionable burden of disclosure on the Plaintiff including time, money and interference with ongoing business operations. Plaintiffs' counsel attempted to explain to Mr. Nelson that a planning conference should take about an hour. Counsel gave Mr. Nelson three hours of time yet that still was not enough time to complete the conference because Mr. Nelson insisted on discussing matters outside the purview of the

conference, including disparaging Mr. Koehn and Mr. Brand, as well as arguing the merits of his position to counsel.

A. **WITNESSES**

1. Chad Koehn; Mr. Koehn has general knowledge regarding the claims made by Plaintiffs against Defendant;

2. The following former or current employees of Plaintiffs have knowledge regarding Defendant's actions:

    i. Ryan Kolzow;

    ii. Kylee Kolzow;

    iii. Erica Jensen;

    iv. Steven Plott;

    v. Tresa Matney; and

    vi. Other potential current and past employees to be disclosed as discovery proceeds.

3. Defendant.

4. Dale Takio. 501 E. Frank Phillips, Suite 102, Bartlesville OK, 74003, Office : 702-966-0626, Knowledge as to the hacks and false IDs established by the Defendant while defaming the Plaintiff.

5. Michael Moran. 501 E. Frank Phillips, Suite 102, Bartlesville OK, 74003, Office : 702-966-0626, Expertise involving the Defendants use or mis-use

of electronic devices in order to hack and falsely establish Ids for mis-use against the Plaintiff.

6. Cynthia Blanchard. 501 E. Frank Phillips, Suite 102, Bartlesville OK, 74003, Office : 702-966-0626, Knowledge as the Defendant's defamatory conduct against the Defendant.

7. Anthem Blanchard. 501 E. Frank Phillips, Suite 102, Bartlesville OK, 74003, Office : 702-966-0626, Knowledge as to the Defendants defamatory conduct against the Defendant.

8. Gil Gilliam. 501 E. Frank Phillips, Suite 102, Bartlesville OK, 74003, Office : 702-966-0626, Knowledge as to the Defendants defamatory conduct and damages caused to the Plaintiff.

9. Josh Gunter, 501 E. Frank Phillips, Suite 102, Bartlesville OK, 74003, Office : 702-966-0626, Knowledge as to the Defendants defamatory conduct and damages caused to the Plaintiff.

10. Logan Golema, 501 E. Frank Phillips, Suite 102, Bartlesville OK, 74003, Office : 702-966-0626.

11. Any and all law enforcement and prosecutors who are either conducting investigations against the Defendant or are working on law enforcement causes of action against the Defendant.

12. Governmental entities that the Defendant has claimed to be working with in the form of a valid whistle blower action against the Plaintiff.

13. Any witnesses identified by Defendant in his initial disclosures.

14. Any and all further witnesses learned of by and through the taking of discovery in this matter.

15. Plaintiffs reserve the right to amend these disclosures.

B. **EXHIBITS**

1. Any and all documents and communications pertaining to any and all defamation and tortious interference by Defendant;

2. Any and all documents pertaining to Defendant's criminal cases which may be relevant to Plaintiffs' causes of action;

3. Plaintiffs' client records, to the extent relevant to demonstrate Defendant's actions;

4. Defendant's criminal records and records of orders against him; and

5. Documents listed by Defendant.

6. Plaintiffs reserve the right to amend this Exhibit List.

C. **DAMAGES**

Plaintiffs claim damages in excess of $75,000.00 for defamation by the Defendant. Plaintiffs also claim damages in excess of $75,000.000 against the Defendant for tortious interference with a business relationship, including but not limited to treble damages, costs and reasonable attorney fees. Plaintiffs further seek an injunction against the Defendant from committing further tortious acts.

**D. INSURANCE AGREEMENT**

Not applicable to the Plaintiff.

RESPECTFULLY SUBMITTED,

  /s/ Larry G. Michel
Larry G. Michel    #014067
Chris J. Kellogg   #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
(785) 825-4674
lmichel@kenberk.com
ckellogg@kenberk.com
ATTORNEYS FOR PLAINTIFFS