IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 22-4008-JWB-GEB<br>) |
| MICHAEL E. NELSON, | )<br>) |
| Defendant. | )<br>)<br>) |

## ORDER

This matter comes before the Court on Plaintiffs' Emergency Motion Pursuant to Rule 11, Fed.R.Civ.P. and D. Kan. Rule 11.1(a)(2), for Waiver of the 21-day Waiting Period Referred to in Rule 11(c)(2), Federal Rules of Civil Procedure, Thereby Authorizing Plaintiffs to File a Motion for Sanctions Against Defendant, Michael Nelson, Instanter filed April 1, 2022 **(ECF No. 54)**. Plaintiffs ask the Court to waive the 21-day safe harbor waiting period in Fed. R. Civ. P. 11(c)(2). For the reasons set forth below, the motion is **DENIED**.

### I. Procedural Background

This removal action was initiated when Plaintiffs filed their Petition in the District Court of Saline County, Kansas alleging defamation and tortious interference with business under the laws of Kansas. Defendant, *pro se*, removed the case to the District of Kansas on February 1, 2022 alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. In the

1

following three weeks a total of thirteen motions were filed. The Court held a conference on March 2, 2022 via Zoom, but due to uncertainties related to diversity jurisdiction, the Court was not able to address the thirteen pending motions, only ruling on the Motion for Leave to Appear Pro Hac Vice of Craig Alan Brand[1] and directing Defendant to amend his removal pleadings to perfect diversity. After Defendant filed his Amended Notice of Removal, on March 15, 2022, the Court made findings regarding diversity jurisdiction.

The parties continued to file pleadings at a rapid pace. The Court held a second hearing on April 11, 2022 and made oral rulings which were followed by a written Order.[2] Defendant filed two responses to the current motion,[3] the second which was filed on the morning of the second hearing. Given the time constraints, the Court was unable to fully review the second response prior to the hearing. On April 18, 2022 the Court ordered that no reply or further pleading in support or opposition to the motion would be permitted. The Court has now had the opportunity to review all pleadings related to this motion and is prepared to rule.

---

[1] ECF No. 24.
[2] ECF No. 63.
[3] ECF Nos. 60 and 61.

**II.	Plaintiffs' Emergency Motion Pursuant to Rule 11, Fed.R.Civ.P. and D. Kan. Rule 11.1(a)(2), for Waiver of the 21-day Waiting Period Referred to in Rule 11(c)(2), Federal Rules of Civil Procedure, Thereby Authorizing Plaintiffs to File a Motion for Sanctions Against Defendant, Michael Nelson, Instanter filed April 1, 2022 (ECF No. 54)**

Plaintiffs allege Defendant has engaged in an "ongoing attempt to paper the case with filings so egregious and slanderous and voluminous as to harass, cause unnecessary delay, and needlessly increase the cost of this litigation." They point to numerous motions, objections, and responsive pleadings[4] as examples and argue Defendant continues to file papers which requires their counsel to expend unreasonable amounts of time considering the Defendant's assertions. They also allege the volume of and contemptuous content of Defendant's filings warrant the Court waiving the requirement they serve Defendant with a motion for sanctions and wait the 21-day "safe harbor" period in Fed. R. Civ. P. 11(c)(2) to allow Defendant to withdraw or correct the relevant pleadings.

### A.	Discussion

Fed. R. Civ. P. 11 governs motions for sanctions. It says in relevant part:

> A motion for sanctions **must** be made separately from any other motion and **must** describe the specific conduct that allegedly violates Rule 11(b). The motion **must** be served under Rule 5, but it **must not** be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service **or within another time the court sets**.[5]

---

[4] ECF No. 55 at 2.
[5] Fed. R. Civ. P. 11(c)(2) (emphasis added).

Defendants argue, without citing any authority, the above quoted language "specifically authorizes the Court to reduce, expand, **or eliminate the 21-day time period** by the entry of an order…."[6] The plain language of Rule 11 requires motion for sanctions be served under Rule 5[7] and prohibits the filing of the motion if "the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected" within the normal 21-day safe harbor period or another time set by the court.[8] The Court agrees it could set a different time, greater or lesser, for the motion to be filed after service if the challenged paper, claim, etc. is not withdrawn or appropriately corrected. It does not, however, agree it could completely eliminate the time for withdrawal of challenged provisions.

The Advisory Committee's Notes to the 1993 Amendment to Rule 11, which added the safe harbor provision, discuss the purpose of the amendment.

> The rule provides that requests for sanctions must be made as a separate motion, *i.e.,* not simply included as an additional prayer for relief contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. **These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.** Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

---

[6] ECF No. 55 at 2 (emphasis added).
[7] Fed. R. Civ. P. 11 (c)(2); *Roth v. Green,* 466 F.3d 1179, 1192 (10th Cir. 2006).
[8] Fed. R. Civ. P. 11 (c)(2).

> **To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion.**[9]

The safe harbor provision was intended to "protect[ ] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court...."[10] Rule 11(c) is intended "'to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention.'"[11] To completely eliminate the safe harbor period, would frustrate the purpose of the 1993 Amendments to Rule 11.

The Tenth Circuit has rejected the substantial compliance theory which would allow a letter sent to the offending party, rather than service of the actual motion for sanctions, to constitute substantial compliance with Rule 11(c)(2).[12] "[T]he 'safe-harbor' provision of Rule 11(c)(2) **requires** a party to serve a copy of its Rule 11 motion on the other party and to give that party an opportunity (generally 21 days) to withdraw or correct the challenged document before filing the sanctions motion with the court."[13] This District has

---

[9] Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments (emphasis added).
[10] *Roth,* 466 F.3d at 1192 (10th Cir. 2006) (quoting 5A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1337.2, at 722 (3d ed.2004)).
[11] *Hutchinson v Pfeil,* 208 F.3d 1180, 1183 (10th Cir. 2000) (citing *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528–29 (10th Cir.1997)).
[12] *Roth,* at 1193.
[13] *Mellott v MSN Communications Inc.*, 492 Fed. Appx. 887, 888 (2012) (emphasis added); *see also Peoples v Wichita State University*, No. 18-1010-JWB, 2019 WL 1332313, at *3 (D. Kan. Mar. 25, 2019) ("A motion for sanctions under Rule 11 'must describe the specific conduct that

found "failure to comply with these procedural requirements precludes an award of Rule 11 sanctions… ."[14] And the Tenth Circuit has found courts to have abused their discretion where they granted Rule 11 sanctions to a party who did not comply with the safe harbor provision.[15] Although the Court sympathizes with Plaintiffs' frustration in having to review sixty-three pleadings filed by Defendant before the Scheduling Conference has taken place, based on the law of the Tenth Circuit and the purpose of Rule 11, the Court cannot waive the required service of a motion for sanctions allowing Defendant to withdraw or correct any challenged pleadings. Where Defendant is *pro se*, the Court declines Plaintiffs invitation to shorten the 21-day safe harbor period.

While the Court will not prevent Plaintiffs from filing a motion for sanctions related to pleadings the Court has already ruled upon, it highly encourages Plaintiffs not to again move to strike portions of motions that have already been decided. As the Court made clear, in its order on Plaintiffs' previous motions to strike,[16] it did not consider the extraneous factual information in its rulings. It has taken the Court considerable time to get the parties to the point where a responsive pleading has been filed, an Initial Order Regarding Planning and Scheduling entered, and the case moving forward. The Court would prefer the case to

---

allegedly violates Rule 11(b)' and must be served on the opposing party before it is filed, thus giving the opposing party an opportunity to correct the issue.")
[14] *Palmer v Shawnee Mission Medical Center, Inc.*, No. 16-2750-DDC, 2017 WL 5629624, at *2 (D. Kan. Nov. 21, 2017) (quoting *Berg v. Frobish*, No. 12-1123-KHV, 2015 WL 8966960, at *1 (D. Kan. Dec. 15, 2015)).
[15] *Mellott,* 492 Fed. Appx. at 888 (2012) and *Roth,* 466 F.3d at 1193.
[16] ECF No. 63 at 10-11.

continue to move forward rather than turning to take a look back at where we have already been.

### III. Conclusion

Based on the foregoing, Plaintiffs' Emergency Motion Pursuant to Rule 11, Fed.R.Civ.P. and D. Kan. Rule 11.1(a)(2), for Waiver of the 21-day Waiting Period Referred to in Rule 11(c)(2), Federal Rules of Civil Procedure, Thereby Authorizing Plaintiffs to File a Motion for Sanctions Against Defendant, Michael Nelson, Instanter filed April 1, 2022 **(ECF No. 54)** is **DENIED**.

**IT IS SO ORDERED**.

Dated July 29, 2022, in Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge