KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| **Plaintiffs** ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| **Defendant** ) | |
| ) | |

### PLAINTIFF/COUNTER-DEFENDANT'S VERIFIED MOTION FOR RECUSAL OF MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 455(a)

Pursuant to 28 U.S.C. § 455(a), Plaintiffs/Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith move this Court for recusal of the current Magistrate Judge assigned to this case based upon the appearance of bias.

As grounds therefore, CHAD M. KOEHN, individually and as Chief Operating Officer of UNITED CAPITAL MANAGEMENT OF KANSAS, INC., aver as follows:

1. My name is Chad M. Koehn, and I am the same Chad M. Kohen who is named as the Plaintiff/Counter-Defendant in this proceeding, and I am also the Chief Executive Officer of United Capital Management of Kansas, Inc., also named as a Plaintiff/Counter-Defendant in this action.

1

2. I am over the age of 21 years and am of sound mind and have the capacity to make this Affidavit.

3. I, harbor doubts about the impartiality of Magistrate Judge Gwynne E. Birzer in this proceeding based upon the following facts:

    a. This proceeding was removed from Kansas state court by the Defendant on February 1, 2022. See Docket Entry No. ("Doc." 1.

    b. Defendant, MICHAEL NELSON, has engaged in an ongoing attempt to paper this case with filings so egregious and slanderous and voluminous as to harass, publish hate speech, time and again make and cause absolutely false, malicious representations to the Court for which the Court continuously allows to occur, cause unnecessary delay, cause emotional distress and further defamation to Plaintiffs and Plaintiffs' counsel, attempts at creating false victimizations, attempt at shamefully gaining the Court's sympathy, placing local counsel in a horrible position that only Chris Kellog, Esq., is permitted to speak to the Defendant and not allowing Plaintiffs first chair attorney, Craig Brand, Esq., to have contact with the opposition, not stopping the Defendants storytelling and requiring an evidentiary hearing to determine if the Defendant Nelson has intentionally been lying to the Court through his continued false representations, denying Plaintiff's request for Rule 11, and needlessly increasing the cost of this litigation beyond imagine. *See*, for example:

        i. Doc. 5 (Defendant's Motion for Orders Concerning Hate Speech);

        ii. Doc. 12 (Defendant's Motion for Judicial Notice in Support of Docket Number 5 and Continued Derogatory Slurs);

        iii. Doc. 16 (Defendant's Writ of Mandamus);

iv.     Doc. 19 (Defendant's Motion for Order in Compliance with Rule (Judicial Notice of Bad Faith Litigation by Attorney for Plaintiff);

v.     Doc. 37 (Defendant's Notice of Limited Withdrawal of Docket Number 19);

vi.     Doc. 47 (Defendant's Objection to Certificate of Good Standing);

vii.     Doc. 48 (Defendant's Response to Mark E. NeJame's Declaration);

viii.     Doc. 50 (Defendant's Notice of No Sexual Relationship with Chad M. Koehn);

ix.     Doc. 51 through 51-6 (Defendant's Notice of Supplemental Evidence against Craig Brand aka "the partner in deception");

x.     Doc. 52 through 52-17 (Memorandum regarding misleading emails by Craig A. Brand, including Exhibits A through Q;

xi.     Doc. 53 (Defendant's Notice off Filing to Refute Craig A. Brand email);

xii.     Doc. 56 through 56-2 (Defendant's notice of spoliation of evidence by Chad Koehn at direction of Craig Brand and Exhibits A and B);

xiii.     Doc. 57 (Defendant's Memorandum concerning Craig Brand using a fraudulent email);

xiv.     Doc. 58 through 58-5 (Defendant's Notice of Unauthorized practice of law);

xv.     Doc. 59 (Defendant's objection to Craig A. Brand videotaping Defendant's image);

xvi.     Doc. 69 Defendant's Motion to May 16, 2022, Dismiss Amended Complaint);

xvii. Doc. 73 (Defendant's May 17, 2022, Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Amended Complaint filed simultaneously with Answer to Amended Complaint):

xviii. Doc. 89 (Defendant's Motion to Dismiss and Strike Amended Complaint):

xix. Doc. 90 (Defendant's Memorandum in support of Doc. 89);

xx. Doc. 94 (Defendant's Motion to Disqualify Craig A. Brand as Counsel Pro Hac Vice):

xxi. Doc. 95 (Defendant's Memo of Law in Support of Doc. 94);

xxii. Doc. 96 through 96-7 (Defendant's Motion for Judicial Notice of Statements made by Chad M. Koehn with Exhibits A through G);

xxiii. Doc. 99 (Defendant's Motion for Judicial Notice regarding criminal charges against Chad Mitchell Koehn for failure to obtain a burn permit and payment of $156.00 fine);

4. I was present during the telephone conference before Judge Birzer when she directed Defendant, MICHAEL NELSON, to cease including derogatory assertions concerning the Plaintiffs and their counsel.

5. Despite the directive from Judge Birzer, the Defendant continued to cast aspersions upon your Declarant and Attorney Craig A. Brand in literally every filing referenced above. The Defendants false representations to the Court are so incredulous and so unbelievable yet Judge Birzer continues to allow this abuse and material harm to the absolute and severe detriment of the Plaintiffs and Plaintiffs counsel.

6. Plaintiffs have responded in opposition to every motion filed by the Defendant, and have continuously brought Defendant's willful disregard of the Magistrate Judge's directive

concerning non-disparagement of the Declarant and Attorney Craig A. Brand to the Court's attention. Mr. Nelson as a pro se litigant is held to the same standards as if he was an attorney representing the Defendant, yet Magistrate Birzer had voiced hostilities towards my attorney's which I have listened to during these hearings and appeared sympathetic to the Defendant in spite of all the harm this Defendant has done and continues to do. The Magistrate Judge has neither ruled upon multiple pending motions filed by the Defendant, nor addressed the disparaging statements contained in the filings nor done anything constructive to regain control of this case. In fact, having to bear witness to all the harm and falsities that the Defendant continues with, I witnessed Magistrate Birzer deny my attorneys' request to file an Amended Complaint, without even seeing the substance of any Amended Complaint and turn against my attorneys as if they had done something wrong. Magistrate Birzer has ruled multiple times that the Parties shall refrain from the filing of Motions yet continues to allow the Defendant to file whatever he wants and what he wants to file is nothing but false, callous, malicious lies that he can utilize through other means for his own personal favor and against the Plaintiffs and their attorneys who are not permitted to hit back.

7. Further, on April 1, 2022, the Plaintiffs filed an Emergency Motion seeking an Order from the Court waiving the 21 day safe harbor provision to enable Plaintiffs to file a Rule 11 motion against the Defendant. Doc. 54-55. Defendant filed a response on April 11, 2022. On April 18, 2022, the Court issued an order stating in part, "No reply or further pleading in support or opposition to Plaintiff's Emergency Moton Pursuant to Rule 11, Fed.R.Civ.P. and D. Kan. Rule 11.1(a)(2) for Waiver of the 211-day Waiting Period Referred to in Rule 11(c)(2), Federal Rules of Civil Procedure, Thereby Authorizing Plaintiffs to File a Motion for Sanctions against Defendant, Michael Nelson, Instanter (ECF No. 54) will be permitted." To date the Court has

never ruled on the Plaintiffs Emergency Motion and has chosen to completely ignore the obligation to provide a just, speedy and inexpensive determination of this action.

8. On July 25, 2022, Plaintiffs, through counsel, filed a Motion for Extension of Time pointing out the pendency of the fully briefed Motions to Dismiss the Amended Complaint and Amended Counterclaims and Crossclaims so that the scope of discovery could focus on what would, ultimately, would be the actual claims and defenses. In spite of Plaintiffs' counsel's good faith representations to the Court of his efforts to work with Defendant to complete the report of the parties' planning conference, the Court issued an Order on July 26, 2022, denying Plaintiffs' Motion for an extension of time and directed Plaintiffs to file the report of the plaining conference and Fed.R.Civ.P. 26(a) disclosures on July 26, 2022, as originally directed in the Court's May 16, 2022, Initial Order Regarding Planning and Scheduling (Doc. 70).

9. It was upon receipt of the Court's ruling denying the Plaintiffs' Motion for Extension of time that your Declarant became convinced that the Court was no longer providing a reasonable balancing of the scales to give the pro se Defendant leeway in the form and manner of his litigating this matter, but, instead was overcompensating for Defendant's pro se status and giving the appearance of partiality to the Defendant at the tremendous expense and misfortune of the Plaintiffs.

10. The Plaintiffs/Counter-Defendants in this case seek the recusal of Magistrate Judge Gwynne E. Birzer because they reasonably believe that the Court appears to be biased in favor of the Defendant and, indeed, has not controlled this case in a manner that exhibits the just, speedy, and inexpensive determination of this action. The Plaintiff has been forced to spend tens of thousands of dollars in legal just to sort through the Defendants continuous lies, deceit, intolerable pleadings filed with the Court or the insane emails to Mr. Kellogg, Esq.

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will GRANT THIS MOTION AND THAT Magistrate Judge Gwynne E. Birzer will recuse herself from further proceedings herein.

**DECLARATION OF CHAD M. KOEHN PURUANT TO 28 U.S.C. § 1746**

I, CHAD M/ KOEHN. Individually and as Chief Operating Officer of INITED CAPITAL MANAGEMENT OF KANSAS, INC., the Plaintiffs/Counter-Defendants in this case, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 2, 2022.

                                      See Attached
                                      CHAD M. KOEHN

**CERTIFICATE OF GOOD FAITH**

The undersigned counsel hereby certifies that the Plaintiffs/Counter-Defendants have a good faith basis upon which to file the foregoing motion with the Court.

                                      Respectfully Submitted,

                                      /s/ Chris J. Kellogg
                                      KENNEDY BERKLEY
                                      Larry G. Michel     #14067
                                      Chris J. Kellogg     #21651
                                      119 West Iron Avenue, 7th Floor
                                      P.O. Box 2567 Salina,
                                      KS 67402-2567
                                      lmichel@kenberk.com
                                      ckellogg@kenberk.com
                                      *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 29, 2022, the foregoing *Plaintiffs' Motion for Recusal of Magistrate Judge* was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 67, the undersigned emailed a true copy to Michael Nelson, oklahomaremote@gmail.com

                                            /s/ Chris J. Kellogg
                                            Chris J. Kellogg