KENNEDY BERKLEY YARNEVICH &
WILLIAMSON, CHTD.
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:   (785) 825-4674
F:   (785) 825-5936

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., | ) |
| | ) |
| Plaintiffs | ) |
| vs. | ) Case No. 22-CV-04008-JWB-GEB |
| | ) |
| MICHAEL NELSON, | ) |
| | ) |
| Defendant | ) |

### PLAINTIFF/COUNTER-DEFENDANT'S VERIFIED MOTION FOR RECUSAL OF MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 455(a)

Pursuant to 28 U.S.C. § 455(a), Plaintiffs/Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith move this Court for recusal of the current Magistrate Judge assigned to this case based upon the appearance of bias.

As grounds therefore, CHAD M. KOEHN, individually and as Chief Operating Officer of UNITED CAPITAL MANAGEMENT OF KANSAS, INC., aver as follows:

1.  My name is Chad M. Koehn, and I am the same Chad M. Kohen who is named as the Plaintiff/Counter-Defendant in this proceeding, and I am also the Chief Executive Officer of United Capital Management of Kansas, Inc., also named as a Plaintiff/Counter-Defendant in this action.

1

iv. Doc. 19 (Defendant's Motion for Order in Compliance with Rule (Judicial Notice of Bad Faith Litigation by Attorney for Plaintiff);

v. Doc. 37 (Defendant's Notice of Limited Withdrawal of Docket Number 19);

vi. Doc. 47 (Defendant's Objection to Certificate of Good Standing);

vii. Doc. 48 (Defendant's Response to Mark E. NeJame's Declaration);

viii. Doc. 50 (Defendant's Notice of No Sexual Relationship with Chad M. Koehn);

ix. Doc. 51 through 51-6 (Defendant's Notice of Supplemental Evidence against Craig Brand aka "the partner in deception");

x. Doc. 52 through 52-17 (Memorandum regarding misleading emails by Craig A. Brand, including Exhibits A through Q;

xi. Doc. 53 (Defendant's Notice off Filing to Refute Craig A. Brand email);

xii. Doc. 56 through 56-2 (Defendant's notice of spoliation of evidence by Chad Koehn at direction of Craig Brand and Exhibits A and B);

xiii. Doc. 57 (Defendant's Memorandum concerning Craig Brand using a fraudulent email);

xiv. Doc. 58 through 58-5 (Defendant's Notice of Unauthorized practice of law);

xv. Doc. 59 (Defendant's objection to Craig A. Brand videotaping Defendant's image);

xvi. Doc. 69 Defendant's Motion to May 16, 2022, Dismiss Amended Complaint);

3

concerning non-disparagement of the Declarant and Attorney Craig A. Brand to the Court's attention. Mr. Nelson as a pro se litigant is held to the same standards as if he was an attorney representing the Defendant, yet Magistrate Birzer had voiced hostilities towards my attorney's which I have listened to during these hearings and appeared sympathetic to the Defendant in spite of all the harm this Defendant has done and continues to do. The Magistrate Judge has neither ruled upon multiple pending motions filed by the Defendant, nor addressed the disparaging statements contained in the filings nor done anything constructive to regain control of this case. In fact, having to bear witness to all the harm and falsities that the Defendant continues with, I witnessed Magistrate Birzer deny my attorneys' request to file an Amended Complaint, without even seeing the substance of any Amended Complaint and turn against my attorneys as if they had done something wrong. Magistrate Birzer has ruled multiple times that the Parties shall refrain from the filing of Motions yet continues to allow the Defendant to file whatever he wants and what he wants to file is nothing but false, callous, malicious lies that he can utilize through other means for his own personal favor and against the Plaintiffs and their attorneys who are not permitted to hit back.

7. Further, on April 1, 2022, the Plaintiffs filed an Emergency Motion seeking an Order from the Court waiving the 21 day safe harbor provision to enable Plaintiffs to file a Rule 11 motion against the Defendant. Doc. 54-55. Defendant filed a response on April 11, 2022. On April 18, 2022, the Court issued an order stating in part, "No reply or further pleading in support or opposition to Plaintiff's Emergency Moton Pursuant to Rule 11, Fed.R.Civ.P. and D. Kan. Rule 11.1(a)(2) for Waiver of the 211-day Waiting Period Referred to in Rule 11(c)(2), Federal Rules of Civil Procedure, Thereby Authorizing Plaintiffs to File a Motion for Sanctions against Defendant, Michael Nelson, Instanter (ECF No. 54) will be permitted." To date the Court has

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will GRANT THIS MOTION AND THAT Magistrate Judge Gwynne E. Birzer will recuse herself from further proceedings herein.

**DECLARATION OF CHAD M. KOEHN PURUANT TO 28 U.S.C. § 1746**

I, CHAD M/ KOEHN. Individually and as Chief Operating Officer of INITED CAPITAL MANAGEMENT OF KANSAS, INC., the Plaintiffs/Counter-Defendants in this case, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 28, 2022.

CHAD M. KOEHN

**CERTIFICATE OF GOOD FAITH**

The undersigned counsel hereby certifies that the Plaintiffs/Counter-Defendants have a good faith basis upon which to file the foregoing motion with the Court.

Respectfully Submitted,

KENNEDY BERKLEY YARNEVICH & WILLIAMSON, CHTD.
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
lmichel@kenberk.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July __, 2022, the foregoing *Plaintiffs' Motion for Recusal of Magistrate Judge* was electronically filed with the Court using the CM/ECF System,

KENNEDY BERKLEY YARNEVICH &
WILLIAMSON, CHTD.
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., | ) |
| | ) |
| **Plaintiffs** | ) |
| vs. | ) Case No. 22-CV-04008-JWB-GEB |
| | ) |
| MICHAEL NELSON, | ) |
| | ) |
| **Defendant** | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF/COUNTER-DEFENDANT'S VERIFIED MOTION FOR RECUSAL OF
MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 455(a)**

Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herewith file their Memorandum of Law in Support of their Verified Motion for recusal of the current Magistrate Judge and say:

28 U.S.C. § 455(a) provides, "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "§ 455(a) is a 'catch-all' provision that is broader than the specific grounds for disqualification set forth in § 455(b)." *Mead v. Huff*, No. 21-cv-4092-HLT-ADM, 2022 WL 1014775 at *1 (D. Kan. Apr. 5, 2022)(quoting *United States v. Young*, 45 F.3d 1405, 1415 (10th Cir. 1995)).

1

deceit, at shameful attempts to sway the Court while defaming, per se, the Plaintiff and his attorneys thus continuing the harm being first sued upon. Plaintiff verily believes that the actions, or rather inactions, of the Magistrate Judge, in allowing the Defendant to proceed to continuously paper this action with disparaging harangues without any effort by the Court to control the Defendant's conduct confirms that the current Magistrate Judge is either unable or unwilling to provide the Plaintiffs with an impartial resolution of this action. Plaintiff is of the absolute opinion that a fair, impartial and expedious trial in this matter cannot be had, that the Magistrate has wrongfully formulated bias against the Plaintiff, against the Plaintiffs' attorneys or against the lawsuit being taken in this action being swayed by the lies and deceit of the Defendant. The Magistrate has warned the Defendant initially about false statements bringing the wrath of the Court, however, in spite of the absolutely unbelievable and incredulous fairy tales spun by the Defendant the Magistrate has allowed it. This allowance continues to cause the Plaintiff and his attorneys needless emotional distress, excessive legal fees, public harm and an absolute resolution that a fair and impartial Court cannot be had.

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will GRANT THIS MOTION AND THAT Magistrate Judge Gwynne E. Birzer will recuse herself from further proceedings herein.

Respectfully Submitted,

KENNEDY BERKLEY YARNEVICH & WILLIAMSON, CHTD.
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
lmichel@kenberk.com

3