KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:    (785) 825-4674
F:    (785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| **Plaintiffs** ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT'S VERIFIED MOTION FOR RECUSAL OF MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 455(a)

Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herewith file their Memorandum of Law in Support of their Verified Motion for recusal of the current Magistrate Judge and say:

28 U.S.C. § 455(a) provides, "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "§ 455(a) is a 'catch-all' provision that is broader than the specific grounds for disqualification set forth in § 455(b)." *Mead v. Huff*, No. 21-cv-4092-HLT-ADM, 2022 WL 1014775 at *1 (D. Kan. Apr. 5, 2022)(quoting *United States v. Young*, 45 F.3d 1405, 1415 (10th Cir. 1995)).

1

In *Mead v. Huff*, No. 21-cv-4092-HLT-ADM, 2022 WL 1014775 at *2 (D. Kan. Apr. 5, 2022), Magistrate Judge Mitchell set forth the legal standard for determining whether to grant the Motion for Recusal under 28 U.S.C. § 455(a):

"The test for determining impartiality is an objective one. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Under § 455(a)'s more liberal standard, a judge must recuse "when there is the appearance of bias. Regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.*. 289 F.3d 648, 659 (10th Cir. 2002). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). But § 455(a) must not be construed so broadly that it mandates recusal based upon unsubstantiated suggestions of bias. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see also David v. City & Cnty. Of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996)(explaining that a judge has "as much obligation … not to recuse when there is no occasion for him to do so as there is for him to do so when there is"). In fact, a judge has a duty to sit when there is no legitimate reason to recuse himself. *Bryce*, 289 F.3d at 659; *Nichols* 71 F.3d at 351.

Plaintiffs' Verified Motion specifies the lengthy road the Defendant's disparaging pleadings have traveled, in spite of the Plaintiffs continuous unavailing efforts to direct the Court's focus to the narrowing the issues and avoid what has become neither a just, speedy, nor inexpensive determination of a case in which over 100 docket entries have been made without a set of definitive claims, counterclaims and defenses being even initially finalized. The Plaintiff has been forced to spend tens upon tens of thousands of dollars for no legitimate matters other than having his attorneys read and respond to the Defendant Nelson's incredulous fictions, contemptuous lies and

deceit, at shameful attempts to sway the Court while defaming, per se, the Plaintiff and his attorneys thus continuing the harm being first sued upon. Plaintiff verily believes that the actions, or rather inactions, of the Magistrate Judge, in allowing the Defendant to proceed to continuously paper this action with disparaging harangues without any effort by the Court to control the Defendant's conduct confirms that the current Magistrate Judge is either unable or unwilling to provide the Plaintiffs with an impartial resolution of this action. Plaintiff is of the absolute opinion that a fair, impartial and expedious trial in this matter cannot be had, that the Magistrate has wrongfully formulated bias against the Plaintiff, against the Plaintiffs' attorneys or against the lawsuit being taken in this action being swayed by the lies and deceit of the Defendant. The Magistrate has warned the Defendant initially about false statements bringing the wrath of the Court, however, in spite of the absolutely unbelievable and incredulous fairy tales spun by the Defendant the Magistrate has allowed it. This allowance continues to cause the Plaintiff and his attorneys needless emotional distress, excessive legal fees, public harm and an absolute resolution that a fair and impartial Court cannot be had.

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will GRANT THIS MOTION AND THAT Magistrate Judge Gwynne E. Birzer will recuse herself from further proceedings herein.

Respectfully Submitted,

/s/ Chris J. Kellogg
KENNEDY BERKLEY
Larry G. Michel     #14067
Chris J. Kellogg    #21651
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
lmichel@kenberk.com
ckellogg@kenberk.com
*Attorneys for Plaintiffs*

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 29, 2022, the foregoing *Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Recusal of Magistrate Judge* was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 67, the undersigned emailed a true copy to Michael Nelson, oklahomaremote@gmail.com

    /s/ Chris J. Kellogg
    Chris J. Kellogg