# EXHIBIT

# "D"

# To Follow . . .

===========================================================================
*Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS regarding UCM and Chad M. Koehn and their affiliates (conspirators)*

# FORM ADV

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION AND REPORT BY EXEMPT REPORTING ADVISERS

**WARNING:** Complete this form truthfully. False statements or omissions may result in denial of your application, revocation of your registration, or criminal prosecution. You must keep this form updated by filing periodic amendments. See Form ADV General Instruction 4.

### Item 1 Identifying Information

Responses to this Item tell us who you are, where you are doing business, and how we can contact you. If you are filing an *umbrella registration*, the information in Item 1 should be provided for the *filing adviser* only. General Instruction 5 provides information to assist you with filing an *umbrella registration*.

A.  Your full legal name (if you are a sole proprietor, your last, first, and middle names):
    **UNITED CAPITAL MANAGEMENT OF KANSAS, INC.**

B.  (1) Name under which you primarily conduct your advisory business, if different from Item 1.A.
    **UNITED CAPITAL MANAGEMENT OF KANSAS, INC.**

    *List on Section 1.B. of Schedule D any additional names under which you conduct your advisory business.*

    (2) If you are using this Form ADV to register more than one investment adviser under an *umbrella registration*, check this box ☐

    *If you check this box, complete a Schedule R for each relying adviser.*

C.  If this filing is reporting a change in your legal name (Item 1.A.) or primary business name (Item 1.B.(1)), enter the new name and specify whether the name change is of
    ☐ your legal name or ☐ your primary business name:

D.  (1) If you are registered with the SEC as an investment adviser, your SEC file number: **801-80159**
    (2) If you report to the SEC as an *exempt reporting adviser*, your SEC file number:
    (3) If you have one or more Central Index Key numbers assigned by the SEC ("CIK Numbers"), all of your CIK numbers:
    No Information Filed

E.  (1) If you have a number ("*CRD Number*") assigned by the *FINRA's CRD* system or by the IARD system, your *CRD* number: **157755**

    *If your firm does not have a CRD number, skip this Item 1.E. Do not provide the CRD number of one of your officers, employees, or affiliates.*

    (2) If you have additional *CRD* Numbers, your additional *CRD* numbers:
    No Information Filed

F.  *Principal Office and Place of Business*
    (1) Address (do not use a P.O. Box):

    | Number and Street 1: | | Number and Street 2: | |
    |---|---|---|---|
    | 227 NORTH SANTA FE | | | |
    | City: | State: | Country: | ZIP+4/Postal Code: |
    | SALINA | Kansas | United States | 67401 |

    If this address is a private residence, check this box: ☐

    *List on Section 1.F. of Schedule D any office, other than your principal office and place of business, at which you conduct investment advisory business. If you are applying for registration, or are registered, with one or more state securities authorities, you must list all of your offices in the state or states to which you are applying for registration or with whom you are registered. If you are applying for SEC registration, if you are registered only with the SEC, or if you are reporting to the SEC as an exempt reporting adviser, list the largest twenty-five offices in terms of numbers of employees as of the end of your most recently completed fiscal year.*

    (2) Days of week that you normally conduct business at your *principal office and place of business*:
    ⦿ Monday - Friday ○ Other:

    Normal business hours at this location:
    8:00 A.M. - 5:00 P.M.
    (3) Telephone number at this location:
    785-823-7900
    (4) Facsimile number at this location, if any:
    785-823-7913
    (5) What is the total number of offices, other than your *principal office and place of business*, at which you conduct investment advisory business as of

the end of your most recently completed fiscal year?

7

G. Mailing address, if different from your *principal office and place of business* address:

Number and Street 1:                                Number and Street 2:

City:                    State:                        Country:                    ZIP+4/Postal Code:

If this address is a private residence, check this box: ☐

H. If you are a sole proprietor, state your full residence address, if different from your *principal office and place of business* address in Item 1.F.:

Number and Street 1:                                Number and Street 2:

City:                    State:                        Country:                    ZIP+4/Postal Code:

|  | Yes | No |
|---|---|---|
| I. Do you have one or more websites or accounts on publicly available social media platforms (including, but not limited to, Twitter, Facebook and LinkedIn)? | ◉ | ○ |

*If "yes," list all firm website addresses and the address for each of the firm's accounts on publicly available social media platforms on Section 1.I. of Schedule D. If a website address serves as a portal through which to access other information you have published on the web, you may list the portal without listing addresses for all of the other information. You may need to list more than one portal address. Do not provide the addresses of websites or accounts on publicly available social media platforms where you do not control the content. Do not provide the individual electronic mail (e-mail) addresses of employees or the addresses of employee accounts on publicly available social media platforms.*

J. Chief Compliance Officer

(1) Provide the name and contact information of your Chief Compliance Officer. If you are an *exempt reporting adviser*, you must provide the contact information for your Chief Compliance Officer, if you have one. If not, you must complete Item 1.K. below.

Name:                                            Other titles, if any:

Telephone number:                                Facsimile number, if any:

Number and Street 1:                                Number and Street 2:

City:                    State:                        Country:                    ZIP+4/Postal Code:

Electronic mail (e-mail) address, if Chief Compliance Officer has one:

(2) If your Chief Compliance Officer is compensated or employed by any *person* other than you, a *related person* or an investment company registered under the Investment Company Act of 1940 that you advise for providing chief compliance officer services to you, provide the *person's* name and IRS Employer Identification Number (if any):

Name:

IRS Employer Identification Number:

K. Additional Regulatory Contact Person: If a person other than the Chief Compliance Officer is authorized to receive information and respond to questions about this Form ADV, you may provide that information here.

Name:                                            Titles:

Telephone number:                                Facsimile number, if any:

Number and Street 1:                                Number and Street 2:

City:                    State:                        Country:                    ZIP+4/Postal Code:

Electronic mail (e-mail) address, if contact person has one:

|  | Yes | No |
|---|---|---|
| L. Do you maintain some or all of the books and records you are required to keep under Section 204 of the Advisers Act, or similar state law, somewhere other than your *principal office and place of business*? | ○ | ◉ |

*If "yes," complete Section 1.L. of Schedule D.*

|  | Yes | No |
|---|---|---|
| M. Are you registered with a *foreign financial regulatory authority*? | ○ | ◉ |

*Answer "no" if you are not registered with a foreign financial regulatory authority, even if you have an affiliate that is registered with a foreign financial regulatory authority. If "yes," complete Section 1.M. of Schedule D.*

|  | Yes | No |
|---|---|---|
| N. Are you a public reporting company under Sections 12 or 15(d) of the Securities Exchange Act of 1934? | ○ | ◉ |

|  | Yes | No |
|---|---|---|
| O. Did you have $1 billion or more in assets on the last day of your most recent fiscal year? | ○ | ◉ |

If yes, what is the approximate amount of your assets:

○ $1 billion to less than $10 billion

○ $10 billion to less than $50 billion

○ $50 billion or more

For purposes of Item 1.O. only, "assets" refers to your total assets, rather than the assets you manage on behalf of clients. Determine your total assets using the total assets shown on the balance sheet for your most recent fiscal year end.

P. Provide your *Legal Entity Identifier* if you have one:

A *legal entity identifier* is a unique number that companies use to identify each other in the financial marketplace. You may not have a *legal entity identifier*.

---

**SECTION 1.B. Other Business Names**

No Information Filed

---

**SECTION 1.F. Other Offices**

Complete the following information for each office, other than your *principal office and place of business*, at which you conduct investment advisory business. You must complete a separate Schedule D Section 1.F. for each location. If you are applying for SEC registration, if you are registered only with the SEC, or if you are an *exempt reporting adviser*, list only the largest twenty-five offices (in terms of numbers of *employees*).

Number and Street 1:                                          Number and Street 2:
115 NORTH KANSAS

City:                          State:            Country:              ZIP+4/Postal Code:
NORTON                         Kansas            United States         67654

If this address is a private residence, check this box: ☐

Telephone Number:                      Facsimile Number, if any:
785-874-3202

If this office location is also required to be registered with FINRA or a *state securities authority* as a branch office location for a broker-dealer or investment adviser on the Uniform Branch Office Registration Form (Form BR), please provide the *CRD* Branch Number here:

How many *employees* perform investment advisory functions from this office location?
1

Are other business activities conducted at this office location? (check all that apply)
☑ (1) Broker-dealer (registered or unregistered)
☐ (2) Bank (including a separately identifiable department or division of a bank)
☑ (3) Insurance broker or agent
☐ (4) Commodity pool operator or commodity trading advisor (whether registered or exempt from registration)
☐ (5) Registered municipal advisor
☐ (6) Accountant or accounting firm
☐ (7) Lawyer or law firm

Describe any other *investment-related* business activities conducted from this office location:

---

Complete the following information for each office, other than your *principal office and place of business*, at which you conduct investment advisory business. You must complete a separate Schedule D Section 1.F. for each location. If you are applying for SEC registration, if you are registered only with the SEC, or if you are an *exempt reporting adviser*, list only the largest twenty-five offices (in terms of numbers of *employees*).

Number and Street 1:                                          Number and Street 2:
345 N. MOONLIGHT ROAD

City:                          State:            Country:              ZIP+4/Postal Code:
GARDNER                        Kansas            United States         66030

If this address is a private residence, check this box: ☐

| | |
|---|---|
| Telephone Number: | Facsimile Number, if any: |
| 913-549-9578 | 913-549-9579 |

If this office location is also required to be registered with FINRA or a *state securities authority* as a branch office location for a broker-dealer or investment adviser on the Uniform Branch Office Registration Form (Form BR), please provide the *CRD* Branch Number here:

How many *employees* perform investment advisory functions from this office location?
1

Are other business activities conducted at this office location? (check all that apply)

☑ (1) Broker-dealer (registered or unregistered)

☐ (2) Bank (including a separately identifiable department or division of a bank)

☑ (3) Insurance broker or agent

☐ (4) Commodity pool operator or commodity trading advisor (whether registered or exempt from registration)

☐ (5) Registered municipal advisor

☐ (6) Accountant or accounting firm

☐ (7) Lawyer or law firm

Describe any other *investment-related* business activities conducted from this office location:

---

Complete the following information for each office, other than your *principal office and place of business*, at which you conduct investment advisory business. You must complete a separate Schedule D Section 1.F. for each location. If you are applying for SEC registration, if you are registered only with the SEC, or if you are an *exempt reporting adviser*, list only the largest twenty-five offices (in terms of numbers of *employees*).

| Number and Street 1: | | Number and Street 2: | |
|---|---|---|---|
| 706 N. LINDENWOOD DRIVE | | | |
| City: | State: | Country: | ZIP+4/Postal Code: |
| OLATHE | Kansas | United States | 66062 |

If this address is a private residence, check this box: ☐

| | |
|---|---|
| Telephone Number: | Facsimile Number, if any: |
| 913-254-3141 | 913-971-0766 |

If this office location is also required to be registered with FINRA or a *state securities authority* as a branch office location for a broker-dealer or investment adviser on the Uniform Branch Office Registration Form (Form BR), please provide the *CRD* Branch Number here:

How many *employees* perform investment advisory functions from this office location?
1

Are other business activities conducted at this office location? (check all that apply)

☐ (1) Broker-dealer (registered or unregistered)

☐ (2) Bank (including a separately identifiable department or division of a bank)

☑ (3) Insurance broker or agent

☐ (4) Commodity pool operator or commodity trading advisor (whether registered or exempt from registration)

☐ (5) Registered municipal advisor

☐ (6) Accountant or accounting firm

☐ (7) Lawyer or law firm

Describe any other *investment-related* business activities conducted from this office location:

---

Complete the following information for each office, other than your *principal office and place of business*, at which you conduct investment advisory business. You must complete a separate Schedule D Section 1.F. for each location. If you are applying for SEC registration, if you are registered only with the SEC, or if you are an *exempt reporting adviser*, list only the largest twenty-five offices (in terms of numbers of *employees*).

| Number and Street 1: | | Number and Street 2: | |
|---|---|---|---|
| 307 NORTH SPRUCE STREET | | | |
| City: | State: | Country: | ZIP+4/Postal Code: |
| ABILENE | Kansas | United States | 67410 |

If this address is a private residence, check this box: ☐

Telephone Number:                          Facsimile Number, if any:
785.263.3640                                785.263.1641

If this office location is also required to be registered with FINRA or a *state securities authority* as a branch office location for a broker-dealer or investment adviser on the Uniform Branch Office Registration Form (Form BR), please provide the *CRD Branch Number* here:

How many *employees* perform investment advisory functions from this office location?
1

Are other business activities conducted at this office location? (check all that apply)
☑ (1) Broker-dealer (registered or unregistered)
☐ (2) Bank (including a separately identifiable department or division of a bank)
☑ (3) Insurance broker or agent
☐ (4) Commodity pool operator or commodity trading advisor (whether registered or exempt from registration)
☐ (5) Registered municipal advisor
☐ (6) Accountant or accounting firm
☐ (7) Lawyer or law firm

Describe any other *investment-related* business activities conducted from this office location:

---

Complete the following information for each office, other than your *principal office and place of business*, at which you conduct investment advisory business. You must complete a separate Schedule D Section 1.F. for each location. If you are applying for SEC registration, if you are registered only with the SEC, or if you are an *exempt reporting adviser*, list only the largest twenty-five offices (in terms of numbers of *employees*).

Number and Street 1:                        Number and Street 2:
2010 CENTRAL AVENUE,

City:                      State:           Country:              ZIP+4/Postal Code:
DODGE CITY                 Kansas           United States         67801

If this address is a private residence, check this box: ☐

Telephone Number:                          Facsimile Number, if any:
620-227-5115                                620-227-5079

If this office location is also required to be registered with FINRA or a *state securities authority* as a branch office location for a broker-dealer or investment adviser on the Uniform Branch Office Registration Form (Form BR), please provide the *CRD Branch Number* here:

How many *employees* perform investment advisory functions from this office location?
3

Are other business activities conducted at this office location? (check all that apply)
☑ (1) Broker-dealer (registered or unregistered)
☐ (2) Bank (including a separately identifiable department or division of a bank)
☑ (3) Insurance broker or agent
☐ (4) Commodity pool operator or commodity trading advisor (whether registered or exempt from registration)
☐ (5) Registered municipal advisor
☐ (6) Accountant or accounting firm
☐ (7) Lawyer or law firm

Describe any other *investment-related* business activities conducted from this office location:

---

Complete the following information for each office, other than your *principal office and place of business*, at which you conduct investment advisory business. You must complete a separate Schedule D Section 1.F. for each location. If you are applying for SEC registration, if you are registered only with the SEC, or if you are an *exempt reporting adviser*, list only the largest twenty-five offices (in terms of numbers of *employees*).

Number and Street 1:                        Number and Street 2:
1108 7TH STREET

City:                      State:           Country:              ZIP+4/Postal Code:

ALMA                         Nebraska              United States              68920

If this address is a private residence, check this box: ☐

Telephone Number:                    Facsimile Number, if any:
308-928-1002                         308-928-9033

If this office location is also required to be registered with FINRA or a *state securities authority* as a branch office location for a broker-dealer or investment adviser on the Uniform Branch Office Registration Form (Form BR), please provide the *CRD* Branch Number here:

How many *employees* perform investment advisory functions from this office location?
1

Are other business activities conducted at this office location? (check all that apply)
☑ (1) Broker-dealer (registered or unregistered)
☑ (2) Bank (including a separately identifiable department or division of a bank)
☑ (3) Insurance broker or agent
☐ (4) Commodity pool operator or commodity trading advisor (whether registered or exempt from registration)
☐ (5) Registered municipal advisor
☐ (6) Accountant or accounting firm
☐ (7) Lawyer or law firm

Describe any other *investment-related* business activities conducted from this office location:

---

Complete the following information for each office, other than your *principal office and place of business*, at which you conduct investment advisory business. You must complete a separate Schedule D Section 1.F. for each location. If you are applying for SEC registration, if you are registered only with the SEC, or if you are an *exempt reporting adviser*, list only the largest twenty-five offices (in terms of numbers of *employees*).

Number and Street 1:                      Number and Street 2:
2707 WEST DOUGLAS, SUITE B,

City:                         State:        Country:              ZIP+4/Postal Code:
WICHITA                       Kansas        United States         67213

If this address is a private residence, check this box: ☐

Telephone Number:                    Facsimile Number, if any:
316-854-3159

If this office location is also required to be registered with FINRA or a *state securities authority* as a branch office location for a broker-dealer or investment adviser on the Uniform Branch Office Registration Form (Form BR), please provide the *CRD* Branch Number here:

How many *employees* perform investment advisory functions from this office location?
1

Are other business activities conducted at this office location? (check all that apply)
☑ (1) Broker-dealer (registered or unregistered)
☐ (2) Bank (including a separately identifiable department or division of a bank)
☑ (3) Insurance broker or agent
☐ (4) Commodity pool operator or commodity trading advisor (whether registered or exempt from registration)
☐ (5) Registered municipal advisor
☐ (6) Accountant or accounting firm
☐ (7) Lawyer or law firm

Describe any other *investment-related* business activities conducted from this office location:

---

**SECTION 1.I. Website Addresses**

List your website addresses, including addresses for accounts on publicly available social media platforms where you control the content (including, but not limited to, Twitter, Facebook and/or LinkedIn). You must complete a separate Schedule D Section 1.I. for each website or account on a publicly available social media platform.

| | |
|---|---|
| Address of Website/Account on Publicly Available Social Media Platform: | HTTPS://WWW.FACEBOOK.COM/UNITEDCAPITALMANAGEMENTOFKANSASINC/ |
| Address of Website/Account on Publicly Available Social Media Platform: | HTTP://WWW.UCMOFKANSAS.COM |

**SECTION 1.L. Location of Books and Records**

No Information Filed

**SECTION 1.M. Registration with Foreign Financial Regulatory Authorities**

No Information Filed

**Item 2 SEC Registration/Reporting**

Responses to this Item help us (and you) determine whether you are eligible to register with the SEC. Complete this Item 2.A. only if you are applying for SEC registration or submitting an *annual updating amendment* to your SEC registration. If you are filing an *umbrella registration*, the information in Item 2 should be provided for the *filing adviser* only.

A. To register (or remain registered) with the SEC, you must check **at least one** of the Items 2.A.(1) through 2.A.(12), below. If you are submitting an *annual updating amendment* to your SEC registration and you are no longer eligible to register with the SEC, check Item 2.A.(13). Part 1A Instruction 2 provides information to help you determine whether you may affirmatively respond to each of these items.

You (the adviser):

☑ (1) are a **large advisory firm** that either:

    (a) has regulatory assets under management of $100 million (in U.S. dollars) or more; or

    (b) has regulatory assets under management of $90 million (in U.S. dollars) or more at the time of filing its most recent *annual updating amendment* and is registered with the SEC;

☐ (2) are a **mid-sized advisory firm** that has regulatory assets under management of $25 million (in U.S. dollars) or more but less than $100 million (in U.S. dollars) and you are either:

    (a) not required to be registered as an adviser with the *state securities authority* of the state where you maintain your *principal office and place of business*; or

    (b) not subject to examination by the *state securities authority* of the state where you maintain your *principal office and place of business*;

    *Click HERE for a list of states in which an investment adviser, if registered, would not be subject to examination by the state securities authority.*

    (3) Reserved

☐ (4) have your *principal office and place of business* **outside the United States**;

☐ (5) are an **investment adviser (or subadviser) to an investment company** registered under the Investment Company Act of 1940;

☐ (6) are an **investment adviser to a company which has elected to be a business development company** pursuant to section 54 of the Investment Company Act of 1940 and has not withdrawn the election, and you have at least $25 million of regulatory assets under management;

☐ (7) are a **pension consultant** with respect to assets of plans having an aggregate value of at least $200,000,000 that qualifies for the exemption in rule 203A-2(a);

☐ (8) are a **related adviser** under rule 203A-2(b) that *controls*, is *controlled* by, or is under common *control* with, an investment adviser that is registered with the SEC, and your *principal office and place of business* is the same as the registered adviser;

    *If you check this box, complete Section 2.A.(8) of Schedule D.*

☐ (9) are an **adviser** relying on rule 203A-2(c) because you **expect to be eligible for SEC registration within 120 days**;

    *If you check this box, complete Section 2.A.(9) of Schedule D.*

☐ (10) are a **multi-state adviser** that is required to register in 15 or more states and is relying on rule 203A-2(d);

    *If you check this box, complete Section 2.A.(10) of Schedule D.*

☐ (11) are an **Internet adviser** relying on rule 203A-2(e);

☐ (12) have **received an SEC order** exempting you from the prohibition against registration with the SEC;

    *If you check this box, complete Section 2.A.(12) of Schedule D.*

☐ (13) are **no longer eligible** to remain registered with the SEC.

*State Securities Authority Notice Filings* **and State Reporting by** *Exempt Reporting Advisers*

C. Under state laws, SEC-registered advisers may be required to provide to *state securities authorities* a copy of the Form ADV and any amendments they file with the SEC. These are called *notice filings*. In addition, *exempt reporting advisers* may be required to provide *state securities authorities* with a copy of reports and any amendments they file with the SEC. If this is an initial application or report, check the box(es) next to the state(s) that you would like to receive notice of this and all subsequent filings or reports you submit to the SEC. If this is an amendment to direct your *notice filings* or reports to additional state(s), check the box(es) next to the state(s) that you would like to receive notice of this and all subsequent filings or reports you submit to the SEC. If this is an amendment to your registration to stop your *notice filings* or reports from going to state(s) that currently receive them, uncheck the box(es) next to those state(s).

Jurisdictions

| | | | |
|---|---|---|---|
| ☐ AL | ☐ IL | ☑ NE | ☐ SC |
| ☐ AK | ☐ IN | ☐ NV | ☐ SD |
| ☐ AZ | ☐ IA | ☐ NH | ☐ TN |
| ☐ AR | ☑ KS | ☐ NJ | ☑ TX |
| ☐ CA | ☐ KY | ☐ NM | ☐ UT |
| ☑ CO | ☐ LA | ☐ NY | ☐ VT |
| ☐ CT | ☐ ME | ☐ NC | ☐ VI |
| ☐ DE | ☐ MD | ☐ ND | ☐ VA |
| ☐ DC | ☐ MA | ☐ OH | ☐ WA |
| ☑ FL | ☐ MI | ☑ OK | ☐ WV |
| ☐ GA | ☐ MN | ☐ OR | ☐ WI |
| ☐ GU | ☐ MS | ☐ PA | ☐ WY |
| ☐ HI | ☑ MO | ☐ PR | |
| ☐ ID | ☐ MT | ☐ RI | |

*If you are amending your registration to stop your notice filings or reports from going to a state that currently receives them and you do not want to pay that state's notice filing or report filing fee for the coming year, your amendment must be filed before the end of the year (December 31).*

---

**SECTION 2.A.(8) Related Adviser**

If you are relying on the exemption in rule 203A-2(b) from the prohibition on registration because you *control*, are *controlled* by, or are under common *control* with an investment adviser that is registered with the SEC and your *principal office and place of business* is the same as that of the registered adviser, provide the following information:

Name of Registered Investment Adviser

*CRD* Number of Registered Investment Adviser

SEC Number of Registered Investment Adviser

-

---

**SECTION 2.A.(9) Investment Adviser Expecting to be Eligible for Commission Registration within 120 Days**

If you are relying on the exemption from the prohibition on registration available to an adviser that expects to be eligible for SEC registration within 120 days, you are required to make certain representations about your eligibility for SEC registration. By checking the appropriate boxes, you will be deemed to have made the required representations. You must make both of these representations:

☐ I am not registered or required to be registered with the SEC or a *state securities authority* and I have a reasonable expectation that I will be eligible to register with the SEC within 120 days after the date my registration with the SEC becomes effective.

☐ I undertake to withdraw from SEC registration if, on the 120th day after my registration with the SEC becomes effective, I would be prohibited by Section 203A(a) of the Advisers Act from registering with the SEC.

---

**SECTION 2.A.(10) Multi-State Adviser**

If you are relying on rule 203A-2(d), the multi-state adviser exemption from the prohibition on registration, you are required to make certain representations about your eligibility for SEC registration. By checking the appropriate boxes, you will be deemed to have made the required representations.

If you are applying for registration as an investment adviser with the SEC, you must make both of these representations:

☐ I have reviewed the applicable state and federal laws and have concluded that I am required by the laws of 15 or more states to register as an investment adviser with the *state securities authorities* in those states.

☐ I undertake to withdraw from SEC registration if I file an amendment to this registration indicating that I would be required by the laws of fewer than 15 states to register as an investment adviser with the *state securities authorities* of those states.

If you are submitting your *annual updating amendment*, you must make this representation:

☐ Within 90 days prior to the date of filing this amendment, I have reviewed the applicable state and federal laws and have concluded that I am required by the laws of at least 15 states to register as an investment adviser with the *state securities authorities* in those states.

## SECTION 2.A.(12) SEC Exemptive *Order*

If you are relying upon an SEC *order* exempting you from the prohibition on registration, provide the following information:

Application Number:

803-

Date of *order*:

---

## Item 3 Form of Organization

If you are filing an *umbrella registration*, the information in Item 3 should be provided for the *filing adviser* only.

A.  How are you organized?

- ⦿ Corporation
- ○ Sole Proprietorship
- ○ Limited Liability Partnership (LLP)
- ○ Partnership
- ○ Limited Liability Company (LLC)
- ○ Limited Partnership (LP)
- ○ Other (specify):

*If you are changing your response to this Item, see Part 1A Instruction 4.*

B.  In what month does your fiscal year end each year?
DECEMBER

C.  Under the laws of what state or country are you organized?

State    Country

Kansas  United States

*If you are a partnership, provide the name of the state or country under whose laws your partnership was formed. If you are a sole proprietor, provide the name of the state or country where you reside.*

*If you are changing your response to this Item, see Part 1A Instruction 4.*

---

## Item 4 Successions

|                                                                                                                                                                                                   | Yes | No |
|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|----|
| A.  Are you, at the time of this filing, succeeding to the business of a registered investment adviser, including, for example, a change of your structure or legal status (e.g., form of organization or state of incorporation)? | ○   | ⦿  |

*If "yes", complete Item 4.B. and Section 4 of Schedule D.*

B.  Date of Succession: (MM/DD/YYYY)

*If you have already reported this succession on a previous Form ADV filing, do not report the succession again. Instead, check "No." See Part 1A Instruction 4.*

---

## SECTION 4 Successions

No Information Filed

---

## Item 5 Information About Your Advisory Business - Employees, Clients, and Compensation

Responses to this Item help us understand your business, assist us in preparing for on-site examinations, and provide us with data we use when making regulatory policy. Part 1A Instruction 5.a. provides additional guidance to newly formed advisers for completing this Item 5.

### *Employees*

*If you are organized as a sole proprietorship, include yourself as an employee in your responses to Item 5.A. and Items 5.B.(1), (2), (3), (4), and (5). If an employee performs more than one function, you should count that employee in each of your responses to Items 5.B.(1), (2), (3), (4), and (5).*

A. Approximately how many *employees* do you have? Include full- and part-time *employees* but do not include any clerical workers.

32

B. (1) Approximately how many of the *employees* reported in 5.A. perform investment advisory functions (including research)?

19

   (2) Approximately how many of the *employees* reported in 5.A. are registered representatives of a broker-dealer?

11

   (3) Approximately how many of the *employees* reported in 5.A. are registered with one or more *state securities authorities* as *investment adviser representatives*?

19

   (4) Approximately how many of the *employees* reported in 5.A. are registered with one or more *state securities authorities* as *investment adviser representatives* for an investment adviser other than you?

0

   (5) Approximately how many of the *employees* reported in 5.A. are licensed agents of an insurance company or agency?

16

   (6) Approximately how many firms or other *persons* solicit advisory *clients* on your behalf?

1

*In your response to Item 5.B.(6), do not count any of your employees* **and count a firm only once – do not count each of the firm's** *employees that solicit on your behalf.*

## Clients

*In your responses to Items 5.C. and 5.D. do not include as "clients" the investors in a private fund you advise, unless you have a separate advisory relationship with those investors.*

C. (1) To approximately how many *clients* for whom you do not have regulatory assets under management did you provide investment advisory services during your most recently completed fiscal year?

41

   (2) Approximately what percentage of your *clients* are non-*United States persons*?

0%

D. *For purposes of this Item 5.D., the category "individuals" includes trusts, estates, and 401(k) plans and IRAs of individuals and their family members, but does not include businesses organized as sole proprietorships.*
   *The category "business development companies" consists of companies that have made an election pursuant to section 54 of the Investment Company Act of 1940. Unless you provide advisory services pursuant to an investment advisory contract to an investment company registered under the Investment Company Act of 1940, do not answer (1)(d) or (3)(d) below.*

   Indicate the approximate number of your *clients* and amount of your total regulatory assets under management (reported in Item 5.F. below) attributable to each of the following type of *client*. If you have fewer than 5 *clients* in a particular category (other than (d), (e), and (f)) you may check Item 5.D.(2) rather than respond to Item 5.D.(1).

   The aggregate amount of regulatory assets under management reported in Item 5.D.(3) should equal the total amount of regulatory assets under management reported in Item 5.F.(2)(c) below.

   If a *client* fits into more than one category, select one category that most accurately represents the *client* to avoid double counting clients and assets. If you advise a registered investment company, business development company, or pooled investment vehicle, report those assets in categories (d), (e), and (f) as applicable.

| Type of *Client* | (1) Number of Client(s) | (2) Fewer than 5 Clients | (3) Amount of Regulatory Assets under Management |
|---|---|---|---|
| (a) Individuals (other than *high net worth individuals*) | 697 | ☐ | $ 179,392,259 |
| (b) *High net worth individuals* | 113 | ☐ | $ 166,495,274 |
| (c) Banking or thrift institutions | 0 | ☐ | $ 0 |
| (d) Investment companies | 0 | | $ 0 |
| (e) Business development companies | 0 | | $ 0 |
| (f) Pooled investment vehicles (other than investment companies and business development companies) | 0 | | $ 0 |
| (g) Pension and profit sharing plans (but not the plan participants or government pension plans) | | ☑ | $ 472,695 |
| (h) Charitable organizations | 11 | ☐ | $ 11,394,439 |
| (i) State or municipal *government entities* (including government pension plans) | 0 | ☐ | $ 0 |
| (j) Other investment advisers | 0 | ☐ | $ 0 |

| | | | |
|---|---|---|---|
| (k) Insurance companies | 0 | ☐ | $ 0 |
| (l) Sovereign wealth funds and foreign official institutions | 0 | ☐ | $ 0 |
| (m) Corporations or other businesses not listed above | 18 | ☐ | $ 7,048,884 |
| (n) Other: | 0 | ☐ | $ 0 |

**Compensation Arrangements**

E.   You are compensated for your investment advisory services by (check all that apply):

- ☑ (1)   A percentage of assets under your management
- ☑ (2)   Hourly charges
- ☐ (3)   Subscription fees (for a newsletter or periodical)
- ☑ (4)   Fixed fees (other than subscription fees)
- ☐ (5)   Commissions
- ☐ (6)   *Performance-based fees*
- ☐ (7)   Other (specify):

---

**Item 5 Information About Your Advisory Business - Regulatory Assets Under Management**

**Regulatory Assets Under Management**

                                                                                                                                              Yes  No

F.   (1)   Do you provide continuous and regular supervisory or management services to securities portfolios?                     ◉    ○

(2)   If yes, what is the amount of your regulatory assets under management and total number of accounts?

|  | U.S. Dollar Amount | | Total Number of Accounts |
|---|---|---|---|
| Discretionary: | (a) $ 364,803,551 | (d) | 2,038 |
| Non-Discretionary: | (b) $ 0 | (e) | 0 |
| Total: | (c) $ 364,803,551 | (f) | 2,038 |

*Part 1A Instruction 5.b. explains how to calculate your regulatory assets under management. You must follow these instructions carefully when completing this Item.*

(3)   What is the approximate amount of your total regulatory assets under management (reported in Item 5.F.(2)(c) above) attributable to *clients* who are non-*United States persons*?

$ 0

---

**Item 5 Information About Your Advisory Business - Advisory Activities**

**Advisory Activities**

G.   What type(s) of advisory services do you provide? Check all that apply.

- ☑ (1)   Financial planning services
- ☑ (2)   Portfolio management for individuals and/or small businesses
- ☐ (3)   Portfolio management for investment companies (as well as "business development companies" that have made an election pursuant to section 54 of the Investment Company Act of 1940)
- ☑ (4)   Portfolio management for pooled investment vehicles (other than investment companies)
- ☐ (5)   Portfolio management for businesses (other than small businesses) or institutional *clients* (other than registered investment companies and other pooled investment vehicles)
- ☐ (6)   Pension consulting services
- ☐ (7)   Selection of other advisers (including *private fund* managers)
- ☐ (8)   Publication of periodicals or newsletters
- ☐ (9)   Security ratings or pricing services
- ☐ (10)  Market timing services
- ☐ (11)  Educational seminars/workshops
- ☐ (12)  Other(specify):

*Do not check Item 5.G.(3) unless you provide advisory services pursuant to an investment advisory contract to an investment company registered under the Investment Company Act of 1940, including as a subadviser. If you check Item 5.G.(3), report the 811 or 814 number of the investment company or investment companies to which you provide advice in Section 5.G.(3) of Schedule D.*

H.   If you provide financial planning services, to how many *clients* did you provide these services during your last fiscal year?

- ◉   0
- ○   1 - 10
- ○   11 - 25
- ○   26 - 50
- ○   51 - 100
- ○   101 - 250
- ○   251 - 500
- ○   More than 500

     If more than 500, how many?
     (round to the nearest 500)

*In your responses to this Item 5.H., do not include as "clients" the investors in a private fund you advise, unless you have a separate advisory relationship with those investors.*

|  |  | Yes | No |
|---|---|---|---|
| I. | (1) Do you participate in a *wrap fee program*? | ○ | ◉ |

(2) If you participate in a *wrap fee program*, what is the amount of your regulatory assets under management attributable to acting as:

   (a) *sponsor* to a *wrap fee program*
   $

   (b) portfolio manager for a *wrap fee program*?
   $

   (c) *sponsor* to and portfolio manager for the same *wrap fee program*?
   $

*If you report an amount in Item 5.I.(2)(c), do not report that amount in Item 5.I.(2)(a) or Item 5.I.(2)(b).*

*If you are a portfolio manager for a wrap fee program, list the names of the programs, their sponsors and related information in Section 5.I.(2) of Schedule D.*

*If your involvement in a wrap fee program is limited to recommending wrap fee programs to your clients, or you advise a mutual fund that is offered through a wrap fee program, do not check Item 5.I.(1) or enter any amounts in response to Item 5.I.(2).*

|  |  | Yes | No |
|---|---|---|---|
| J. | (1) In response to Item 4.B. of Part 2A of Form ADV, do you indicate that you provide investment advice only with respect to limited types of investments? | ○ | ◉ |
|  | (2) Do you report *client* assets in Item 4.E. of Part 2A that are computed using a different method than the method used to compute your regulatory assets under management? | ○ | ◉ |

K. Separately Managed Account *Clients*

|  |  | Yes | No |
|---|---|---|---|
|  | (1) Do you have regulatory assets under management attributable to *clients* other than those listed in Item 5.D.(3)(d)-(f) (separately managed account *clients*)? | ◉ | ○ |

*If yes, complete Section 5.K.(1) of Schedule D.*

|  |  | Yes | No |
|---|---|---|---|
|  | (2) Do you engage in borrowing transactions on behalf of any of the separately managed account *clients* that you advise? | ○ | ◉ |

*If yes, complete Section 5.K.(2) of Schedule D.*

|  |  | Yes | No |
|---|---|---|---|
|  | (3) Do you engage in derivative transactions on behalf of any of the separately managed account *clients* that you advise? | ○ | ◉ |

*If yes, complete Section 5.K.(2) of Schedule D.*

|  |  | Yes | No |
|---|---|---|---|
|  | (4) After subtracting the amounts in Item 5.D.(3)(d)-(f) above from your total regulatory assets under management, does any custodian hold ten percent or more of this remaining amount of regulatory assets under management? | ◉ | ○ |

*If yes, complete Section 5.K.(3) of Schedule D for each custodian.*

L. Marketing Activities

|  |  | Yes | No |
|---|---|---|---|
|  | (1) Do any of your *advertisements* include: |  |  |
|  | (a) Performance results? | ○ | ○ |
|  | (b) A reference to specific investment advice provided by you (as that phrase is used in rule 206(4)-1(a)(5))? | ○ | ○ |
|  | (c) *Testimonials* (other than those that satisfy rule 206(4)-1(b)(4)(ii))? | ○ | ○ |
|  | (d) *Endorsements* (other than those that satisfy rule 206(4)-1(b)(4)(ii))? | ○ | ○ |
|  | (e) *Third-party ratings*? | ○ | ○ |
|  | (2) If you answer "yes" to L(1)(c), (d), or (e) above, do you pay or otherwise provide cash or non-cash compensation, directly or indirectly, in connection with the use of *testimonials*, *endorsements*, or *third-party ratings*? | ○ | ○ |
|  | (3) Do any of your *advertisements* include *hypothetical performance*? | ○ | ○ |

(4) Do any of your *advertisements* include *predecessor performance* ?  ○  ○

---

**SECTION 5.G.(3) Advisers to Registered Investment Companies and Business Development Companies**

No Information Filed

---

**SECTION 5.I.(2)** *Wrap Fee Programs*

No Information Filed

---

**SECTION 5.K.(1) Separately Managed Accounts**

After subtracting the amounts reported in Item 5.D.(3)(d)-(f) from your total regulatory assets under management, indicate the approximate percentage of this remaining amount attributable to each of the following categories of assets. If the remaining amount is at least $10 billion in regulatory assets under management, complete Question (a). If the remaining amount is less than $10 billion in regulatory assets under management, complete Question (b).

Any regulatory assets under management reported in Item 5.D.(3)(d), (e), and (f) should not be reported below.

If you are a subadviser to a separately managed account, you should only provide information with respect to the portion of the account that you subadvise.

End of year refers to the date used to calculate your regulatory assets under management for purposes of your *annual updating amendment* . Mid-year is the date six months before the end of year date. Each column should add up to 100% and numbers should be rounded to the nearest percent.

Investments in derivatives, registered investment companies, business development companies, and pooled investment vehicles should be reported in those categories. Do not report those investments based on related or underlying portfolio assets. Cash equivalents include bank deposits, certificates of deposit, bankers' acceptances and similar bank instruments.

Some assets could be classified into more than one category or require discretion about which category applies. You may use your own internal methodologies and the conventions of your service providers in determining how to categorize assets, so long as the methodologies or conventions are consistently applied and consistent with information you report internally and to current and prospective clients. However, you should not double count assets, and your responses must be consistent with any instructions or other guidance relating to this Section.

(a)

| Asset Type | | Mid-year | End of year |
|---|---|---|---|
| (i) | Exchange-Traded Equity Securities | % | % |
| (ii) | Non Exchange-Traded Equity Securities | % | % |
| (iii) | U.S. Government/Agency Bonds | % | % |
| (iv) | U.S. State and Local Bonds | % | % |
| (v) | *Sovereign Bonds* | % | % |
| (vi) | Investment Grade Corporate Bonds | % | % |
| (vii) | Non-Investment Grade Corporate Bonds | % | % |
| (viii) | Derivatives | % | % |
| (ix) | Securities Issued by Registered Investment Companies or Business Development Companies | % | % |
| (x) | Securities Issued by Pooled Investment Vehicles (other than Registered Investment Companies or Business Development Companies) | % | % |
| (xi) | Cash and Cash Equivalents | % | % |
| (xii) | Other | % | % |

Generally describe any assets included in "Other"

(b)

| Asset Type | | End of year |
|---|---|---|
| (i) | Exchange-Traded Equity Securities | 66 % |
| (ii) | Non Exchange-Traded Equity Securities | 3 % |
| (iii) | U.S. Government/Agency Bonds | 0 % |
| (iv) | U.S. State and Local Bonds | 0 % |
| (v) | *Sovereign Bonds* | 0 % |
| (vi) | Investment Grade Corporate Bonds | 0 % |
| (vii) | Non-Investment Grade Corporate Bonds | 0 % |
| (viii) | Derivatives | 0 % |
| (ix) | Securities Issued by Registered Investment Companies or Business Development Companies | 0 % |
| (x) | Securities Issued by Pooled Investment Vehicles (other than Registered Investment Companies or Business Development | 24 % |

| | | |
|---|---|---|
| Companies) | | |
| (xi) Cash and Cash Equivalents | 7 % | |
| (xii) Other | 0 % | |

Generally describe any assets included in "Other"

---

**SECTION 5.K.(2) Separately Managed Accounts - Use of *Borrowings* and Derivatives**

☑ No information is required to be reported in this Section 5.K.(2) per the instructions of this Section 5.K.(2)

If your regulatory assets under management attributable to separately managed accounts are at least $10 billion, you should complete Question (a). If your regulatory assets under management attributable to separately managed accounts are at least $500 million but less than $10 billion, you should complete Question (b).

(a) In the table below, provide the following information regarding the separately managed accounts you advise. If you are a subadviser to a separately managed account, you should only provide information with respect to the portion of the account that you subadvise. End of year refers to the date used to calculate your regulatory assets under management for purposes of your *annual updating amendment*. Mid-year is the date six months before the end of year date.

In column 1, indicate the regulatory assets under management attributable to separately managed accounts associated with each level of gross notional exposure. For purposes of this table, the gross notional exposure of an account is the percentage obtained by dividing (i) the sum of (a) the dollar amount of any *borrowings* and (b) the *gross notional value* of all derivatives, by (ii) the regulatory assets under management of the account.

In column 2, provide the dollar amount of *borrowings* for the accounts included in column 1.

In column 3, provide aggregate *gross notional value* of derivatives divided by the aggregate regulatory assets under management of the accounts included in column 1 with respect to each category of derivatives specified in 3(a) through (f).

You may, but are not required to, complete the table with respect to any separately managed account with regulatory assets under management of less than $10,000,000.

Any regulatory assets under management reported in Item 5.D.(3)(d), (e), and (f) should not be reported below.

(i) Mid-Year

| Gross Notional Exposure | (1) Regulatory Assets Under Management | (2) *Borrowings* | (3) Derivative Exposures | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | (a) *Interest Rate Derivative* | (b) *Foreign Exchange Derivative* | (c) *Credit Derivative* | (d) *Equity Derivative* | (e) *Commodity Derivative* | (f) *Other Derivative* |
| Less than 10% | $ | $ | % | % | % | % | % | % |
| 10-149% | $ | $ | % | % | % | % | % | % |
| 150% or more | $ | $ | % | % | % | % | % | % |

Optional: Use the space below to provide a narrative description of the strategies and/or manner in which *borrowings* and derivatives are used in the management of the separately managed accounts that you advise.

(ii) End of Year

| Gross Notional Exposure | (1) Regulatory Assets Under Management | (2) *Borrowings* | (3) Derivative Exposures | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | (a) *Interest Rate Derivative* | (b) *Foreign Exchange Derivative* | (c) *Credit Derivative* | (d) *Equity Derivative* | (e) *Commodity Derivative* | (f) *Other Derivative* |
| Less than 10% | $ | $ | % | % | % | % | % | % |
| 10-149% | $ | $ | % | % | % | % | % | % |
| 150% or more | $ | $ | % | % | % | % | % | % |

Optional: Use the space below to provide a narrative description of the strategies and/or manner in which *borrowings* and derivatives are used in the management of the separately managed accounts that you advise.

(b) In the table below, provide the following information regarding the separately managed accounts you advise as of the date used to calculate your regulatory assets under management for purposes of your *annual updating amendment*. If you are a subadviser to a separately managed account, you should only provide information with respect to the portion of the account that you subadvise.

In column 1, indicate the regulatory assets under management attributable to separately managed accounts associated with each level of gross notional exposure. For purposes of this table, the gross notional exposure of an account is the percentage obtained by dividing (i) the sum of (a) the dollar amount of any *borrowings* and (b) the *gross notional value* of all derivatives, by (ii) the regulatory assets under management of the account.

In column 2, provide the dollar amount of *borrowings* for the accounts included in column 1.

You may, but are not required to, complete the table with respect to any separately managed accounts with regulatory assets under management of less than $10,000,000.

Any regulatory assets under management reported in Item 5.D.(3)(d), (e), and (f) should not be reported below.

| Gross Notional Exposure | (1) Regulatory Assets Under Management | (2) *Borrowings* |
|---|---|---|
| Less than 10% | $ | $ |
| 10-149% | $ | $ |
| 150% or more | $ | $ |

Optional: Use the space below to provide a narrative description of the strategies and/or manner in which *borrowings* and derivatives are used in the management of the separately managed accounts that you advise.

---

**SECTION 5.K.(3) Custodians for Separately Managed Accounts**

Complete a separate Schedule D Section 5.K.(3) for each custodian that holds ten percent or more of your aggregate separately managed account regulatory assets under management.

(a)     Legal name of custodian:
        STONEX FINANCIAL INC.
(b)     Primary business name of custodian:
        STONEX FINANCIAL INC.
(c)     The location(s) of the custodian's office(s) responsible for *custody* of the assets :

        City:                          State:                       Country:
        WINTER PARK                    Florida                      United States

                                                                                        Yes  No
(d)     Is the custodian a *related person* of your firm?                                ○    ◉
(e)     If the custodian is a broker-dealer, provide its SEC registration number (if any)
        8 - 51269
(f)     If the custodian is not a broker-dealer, or is a broker-dealer but does not have an SEC registration number, provide its *legal entity identifier* (if any)
(g)     What amount of your regulatory assets under management attributable to separately managed accounts is held at the custodian?
        $ 261,379,826

---

(a)     Legal name of custodian:
        TD AMERITRADE CLEARING, INC.
(b)     Primary business name of custodian:
        TD AMERITRADE CLEARING, INC.
(c)     The location(s) of the custodian's office(s) responsible for *custody* of the assets :

        City:                          State:                       Country:
        OMAHA                          Nebraska                     United States

                                                                                        Yes  No
(d)     Is the custodian a *related person* of your firm?                                ○    ◉
(e)     If the custodian is a broker-dealer, provide its SEC registration number (if any)
        8 - 16335
(f)     If the custodian is not a broker-dealer, or is a broker-dealer but does not have an SEC registration number, provide its *legal entity identifier* (if any)
(g)     What amount of your regulatory assets under management attributable to separately managed accounts is held at the custodian?
        $ 101,384,629

| | |
|---|---|
| (a) | Legal name of custodian: |
| | FIDELITY BROKERAGE SERVICES LLC |
| (b) | Primary business name of custodian: |
| | FIDELITY BROKERAGE SERVICES LLC |
| (c) | The location(s) of the custodian's office(s) responsible for *custody* of the assets : |

| City: | State: | Country: |
|---|---|---|
| BOSTON | Massachusetts | United States |

| | | Yes | No |
|---|---|---|---|
| (d) | Is the custodian a *related person* of your firm? | ○ | ⦿ |

(e) If the custodian is a broker-dealer, provide its SEC registration number (if any)

8 - 23292

(f) If the custodian is not a broker-dealer, or is a broker-dealer but does not have an SEC registration number, provide its *legal entity identifier* (if any)

(g) What amount of your regulatory assets under management attributable to separately managed accounts is held at the custodian?

$ 20,399,096

---

## Item 6 Other Business Activities

In this Item, we request information about your firm's other business activities.

A. You are actively engaged in business as a (check all that apply):

- ☐ (1) broker-dealer (registered or unregistered)
- ☐ (2) registered representative of a broker-dealer
- ☐ (3) commodity pool operator or commodity trading advisor (whether registered or exempt from registration)
- ☐ (4) futures commission merchant
- ☐ (5) real estate broker, dealer, or agent
- ☐ (6) insurance broker or agent
- ☐ (7) bank (including a separately identifiable department or division of a bank)
- ☐ (8) trust company
- ☐ (9) registered municipal advisor
- ☐ (10) registered security-based swap dealer
- ☐ (11) major security-based swap participant
- ☐ (12) accountant or accounting firm
- ☐ (13) lawyer or law firm
- ☐ (14) other financial product salesperson (specify):

*If you engage in other business using a name that is different from the names reported in Items 1.A. or 1.B.(1), complete Section 6.A. of Schedule D.*

| | | Yes | No |
|---|---|---|---|
| B. (1) | Are you actively engaged in any other business not listed in Item 6.A. (other than giving investment advice)? | ○ | ⦿ |
| (2) | If yes, is this other business your primary business? | ○ | ○ |

*If "yes," describe this other business on Section 6.B.(2) of Schedule D, and if you engage in this business under a different name, provide that name.*

| | | Yes | No |
|---|---|---|---|
| (3) | Do you sell products or provide services other than investment advice to your advisory *clients*? | ○ | ⦿ |

*If "yes," describe this other business on Section 6.B.(3) of Schedule D, and if you engage in this business under a different name, provide that name.*

---

## SECTION 6.A. Names of Your Other Businesses

No Information Filed

---

## SECTION 6.B.(2) Description of Primary Business

Describe your primary business (not your investment advisory business):

If you engage in that business under a different name, provide that name:

---

## SECTION 6.B.(3) Description of Other Products and Services

Describe other products or services you sell to your *client*. You may omit products and services that you listed in Section 6.B.(2) above.

If you engage in that business under a different name, provide that name:

## Item 7 Financial Industry Affiliations

In this Item, we request information about your financial industry affiliations and activities. This information identifies areas in which conflicts of interest may occur between you and your *clients*.

A. This part of Item 7 requires you to provide information about you and your *related persons*, including foreign affiliates. Your *related persons* are all of your *advisory affiliates* and any *person* that is under common *control* with you.

You have a *related person* that is a (check all that apply):

- ☐ (1) broker-dealer, municipal securities dealer, or government securities broker or dealer (registered or unregistered)
- ☐ (2) other investment adviser (including financial planners)
- ☐ (3) registered municipal advisor
- ☐ (4) registered security-based swap dealer
- ☐ (5) major security-based swap participant
- ☐ (6) commodity pool operator or commodity trading advisor (whether registered or exempt from registration)
- ☐ (7) futures commission merchant
- ☐ (8) banking or thrift institution
- ☑ (9) trust company
- ☐ (10) accountant or accounting firm
- ☐ (11) lawyer or law firm
- ☑ (12) insurance company or agency
- ☐ (13) pension consultant
- ☐ (14) real estate broker or dealer
- ☐ (15) sponsor or syndicator of limited partnerships (or equivalent), excluding pooled investment vehicles
- ☐ (16) sponsor, general partner, managing member (or equivalent) of pooled investment vehicles

*Note that Item 7.A. should not be used to disclose that some of your employees perform investment advisory functions or are registered representatives of a broker-dealer. The number of your firm's employees who perform investment advisory functions should be disclosed under Item 5.B.(1). The number of your firm's employees who are registered representatives of a broker-dealer should be disclosed under Item 5.B.(2).*

*Note that if you are filing an umbrella registration, you should not check Item 7.A.(2) with respect to your relying advisers, and you do not have to complete Section 7.A. in Schedule D for your relying advisers. You should complete a Schedule R for each relying adviser.*

*For each related person, including foreign affiliates that may not be registered or required to be registered in the United States, complete Section 7.A. of Schedule D.*

*You do not need to complete Section 7.A. of Schedule D for any related person if: (1) you have no business dealings with the related person in connection with advisory services you provide to your clients; (2) you do not conduct shared operations with the related person; (3) you do not refer clients or business to the related person, and the related person does not refer prospective clients or business to you; (4) you do not share supervised persons or premises with the related person; and (5) you have no reason to believe that your relationship with the related person otherwise creates a conflict of interest with your clients.*

*You must complete Section 7.A. of Schedule D for each related person acting as qualified custodian in connection with advisory services you provide to your clients (other than any mutual fund transfer agent pursuant to rule 206(4)-2(b)(1)), regardless of whether you have determined the related person to be operationally independent under rule 206(4)-2 of the Advisers Act.*

## SECTION 7.A. Financial Industry Affiliations

Complete a separate Schedule D Section 7.A. for each *related person* listed in Item 7.A.

1. Legal Name of *Related Person*:
   UNITED CAPITAL TRUST

2. Primary Business Name of *Related Person*:
   UNITED CAPITAL TRUST

3. *Related Person's* SEC File Number (if any) (e.g., 801-, 8-, 866-, 802-)
   -
   or
   Other

4. *Related Person's*
   (a) *CRD* Number (if any):

   (b) CIK Number(s) (if any):

   No Information Filed

5. *Related Person* is: (check all that apply)
   (a) ☐ broker-dealer, municipal securities dealer, or government securities broker or dealer
   (b) ☐ other investment adviser (including financial planners)
   (c) ☐ registered municipal advisor

|       |       |                                                                                                               |
|-------|-------|---------------------------------------------------------------------------------------------------------------|
| (d)   | ☐     | registered security-based swap dealer                                                                         |
| (e)   | ☐     | major security-based swap participant                                                                         |
| (f)   | ☐     | commodity pool operator or commodity trading advisor (whether registered or exempt from registration)         |
| (g)   | ☐     | futures commission merchant                                                                                    |
| (h)   | ☐     | banking or thrift institution                                                                                 |
| (i)   | ☑     | trust company                                                                                                 |
| (j)   | ☐     | accountant or accounting firm                                                                                 |
| (k)   | ☐     | lawyer or law firm                                                                                            |
| (l)   | ☐     | insurance company or agency                                                                                   |
| (m)   | ☐     | pension consultant                                                                                            |
| (n)   | ☐     | real estate broker or dealer                                                                                  |
| (o)   | ☐     | sponsor or syndicator of limited partnerships (or equivalent), excluding pooled investment vehicles           |
| (p)   | ☐     | sponsor, general partner, managing member (or equivalent) of pooled investment vehicles                       |

|                                                                                                                                                                                                                                                                  | Yes | No |
|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|-----|
| 6. Do you *control* or are you *controlled* by the *related person*?                                                                                                                                                                                             | ○   | ⊙  |
| 7. Are you and the *related person* under common *control*?                                                                                                                                                                                                      | ⊙   | ○  |
| 8. (a) Does the *related person* act as a qualified custodian for your *clients* in connection with advisory services you provide to *clients*?                                                                                                                  | ○   | ⊙  |
| (b) If you are registering or registered with the SEC and you answered "yes," to question 8.(a) above, have you overcome the presumption that you are not operationally independent (pursuant to rule 206(4)-2(d)(5)) from the *related person* and thus are not required to obtain a surprise examination for your *clients'* funds or securities that are maintained at the *related person*? | ○   | ○  |

8. (c) If you have answered "yes" to question 8.(a) above, provide the location of the *related person's* office responsible for *custody* of your *clients'* assets:

Number and Street 1:                 Number and Street 2:

City:        State:        Country:       ZIP+4/Postal Code:

If this address is a private residence, check this box: ☐

|                                                                                                                                                                                        | Yes | No |
|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|-----|
| 9. (a) If the *related person* is an investment adviser, is it exempt from registration?                                                                                               | ○   | ○  |
| (b) If the answer is yes, under what exemption?                                                                                                                                        |     |    |
| 10. (a) Is the *related person* registered with a *foreign financial regulatory authority*?                                                                                           | ○   | ⊙  |
| (b) If the answer is yes, list the name and country, in English of each *foreign financial regulatory authority* with which the *related person* is registered.                       |     |    |

No Information Filed

|                                                                                                   | Yes | No |
|---------------------------------------------------------------------------------------------------|-----|-----|
| 11. Do you and the *related person* share any *supervised persons*?                               | ⊙   | ○  |
| 12. Do you and the *related person* share the same physical location?                             | ⊙   | ○  |

---

1. Legal Name of *Related Person*:
   UNITED CAPITAL INSURANCE

2. Primary Business Name of *Related Person*:
   UNITED CAPITAL INSURANCE

3. *Related Person's* SEC File Number (if any) (e.g., 801-, 8-, 866-, 802-)
   -
   or
   Other

4. *Related Person's*
   (a) *CRD* Number (if any):

   (b) CIK Number(s) (if any):

No Information Filed

5. *Related Person* is: (check all that apply)

|       |       |                                                                                                               |
|-------|-------|---------------------------------------------------------------------------------------------------------------|
| (a)   | ☐     | broker-dealer, municipal securities dealer, or government securities broker or dealer                         |
| (b)   | ☐     | other investment adviser (including financial planners)                                                       |
| (c)   | ☐     | registered municipal advisor                                                                                  |
| (d)   | ☐     | registered security-based swap dealer                                                                         |
| (e)   | ☐     | major security-based swap participant                                                                         |
| (f)   | ☐     | commodity pool operator or commodity trading advisor (whether registered or exempt from registration)         |
| (g)   | ☐     | futures commission merchant                                                                                    |
| (h)   | ☐     | banking or thrift institution                                                                                 |
| (i)   | ☐     | trust company                                                                                                 |

| | | | Yes | No |
|---|---|---|---|---|
| (j) | ☐ | accountant or accounting firm | | |
| (k) | ☐ | lawyer or law firm | | |
| (l) | ☑ | insurance company or agency | | |
| (m) | ☐ | pension consultant | | |
| (n) | ☐ | real estate broker or dealer | | |
| (o) | ☐ | sponsor or syndicator of limited partnerships (or equivalent), excluding pooled investment vehicles | | |
| (p) | ☐ | sponsor, general partner, managing member (or equivalent) of pooled investment vehicles | | |

                                                                                                **Yes No**

6. Do you *control* or are you *controlled* by the *related person*?  ◯ ◉

7. Are you and the *related person* under common *control*?  ◉ ◯

8. (a) Does the *related person* act as a qualified custodian for your *clients* in connection with advisory services you provide to *clients*?  ◯ ◉

    (b) If you are registering or registered with the SEC and you have answered "yes," to question 8.(a) above, have you overcome the presumption that you are not operationally independent (pursuant to rule 206(4)-2(d)(5)) from the *related person* and thus are not required to obtain a surprise examination for your *clients'* funds or securities that are maintained at the *related person*?  ◯ ◯

    (c) If you have answered "yes" to question 8.(a) above, provide the location of the *related person's* office responsible for *custody* of your *clients'* assets:
        Number and Street 1:               Number and Street 2:
        City:         State:            Country:           ZIP+4/Postal Code:
        If this address is a private residence, check this box: ☐

                                    **Yes No**

9. (a) If the *related person* is an investment adviser, is it exempt from registration?  ◯ ◯

    (b) If the answer is yes, under what exemption?

10. (a) Is the *related person* registered with a *foreign financial regulatory authority*?  ◯ ◉

    (b) If the answer is yes, list the name and country, in English of each *foreign financial regulatory authority* with which the *related person* is registered.
                                     No Information Filed

11. Do you and the *related person* share any *supervised persons*?  ◉ ◯

12. Do you and the *related person* share the same physical location?  ◉ ◯

---

**Item 7 *Private Fund* Reporting**

                                    **Yes No**

B. Are you an adviser to any *private fund*?  ◉ ◯

*If "yes," then for each private fund that you advise, you must complete a Section 7.B.(1) of Schedule D, except in certain circumstances described in the next sentence and in Instruction 6 of the Instructions to Part 1A. If you are registered or applying for registration with the SEC or reporting as an SEC exempt reporting adviser, and another SEC-registered adviser or SEC exempt reporting adviser reports this information with respect to any such private fund in Section 7.B.(1) of Schedule D of its Form ADV (e.g., if you are a subadviser), do not complete Section 7.B.(1) of Schedule D with respect to that private fund. You must, instead, complete Section 7.B.(2) of Schedule D.*

*In either case, if you seek to preserve the anonymity of a private fund client by maintaining its identity in your books and records in numerical or alphabetical code, or similar designation, pursuant to rule 204-2(d), you may identify the private fund in Section 7.B.(1) or 7.B.(2) of Schedule D using the same code or designation in place of the fund's name.*

---

**SECTION 7.B.(1) *Private Fund* Reporting**

                            **Funds per Page:**   15   Total Funds: 1

A. PRIVATE FUND

**Information About the *Private Fund***

1. (a) Name of the *private fund*:
        RED NECK HIGH TECH YACHT FUND, LP
    (b) *Private fund* identification number:
        (include the "805-" prefix also)
        805-9273846654

2. Under the laws of what state or country is the *private fund* organized:
    State:                     Country:

|                          | Delaware | United States |
|--------------------------|----------|---------------|

3. (a) Name(s) of General Partner, Manager, Trustee, or Directors (or *persons* serving in a similar capacity):

| Name of General Partner, Manager, Trustee, or Director |
|--------------------------------------------------------|
| UCM FUND ADVISORS, LLC                                 |

(b) If filing an *umbrella registration*, identify the *filing adviser* and/or *relying adviser(s)* that sponsor(s) or manage(s) this *private fund*.

| No Information Filed |
|----------------------|

4. The *private fund* (check all that apply: you must check at least one):

☑ (1) qualifies for the exclusion from the definition of investment company under section 3(c)(1) of the Investment Company Act of 1940

☐ (2) qualifies for the exclusion from the definition of investment company under section 3(c)(7) of the Investment Company Act of 1940

5. List the name and country, in English, of each *foreign financial regulatory authority* with which the *private fund* is registered.

| No Information Filed |
|----------------------|

Yes  No

6. (a) Is this a "master fund" in a master-feeder arrangement?  ○ ◉

(b) If yes, what is the name and *private fund* identification number (if any) of the feeder funds investing in this *private fund*?

| No Information Filed |
|----------------------|

Yes  No

(c) Is this a "feeder fund" in a master-feeder arrangement?  ○ ◉

(d) If yes, what is the name and *private fund* identification number (if any) of the master fund in which this *private fund* invests?

Name of *private fund*:

*Private fund* identification number:
(include the "805-" prefix also)

NOTE: You must complete question 6 for each master-feeder arrangement regardless of whether you are filing a single Schedule D, Section 7.B.(1) for the master-feeder arrangement or reporting on the funds separately.

7. If you are filing a single Schedule D, Section 7.B.(1) for a master-feeder arrangement according to the instructions to this Section 7.B.(1), for each of the feeder funds answer the following questions:

| No Information Filed |
|----------------------|

NOTE: For purposes of questions 6 and 7, in a master-feeder arrangement, one or more funds ("feeder funds") invest all or substantially all of their assets in a single fund ("master fund"). A fund would also be a "feeder fund" investing in a "master fund" for purposes of this question if it issued multiple classes (or series) of shares or interests, and each class (or series) invests substantially all of its assets in a single master fund.

Yes  No

8. (a) Is this *private fund* a "fund of funds"?  ○ ◉

NOTE: For purposes of this question only, answer "yes" if the fund invests 10 percent or more of its total assets in other pooled investment vehicles, regardless of whether they are also *private funds* or registered investment companies.

(b) If yes, does the *private fund* invest in funds managed by you or by a *related person*?  ○ ○

Yes  No

9. During your last fiscal year, did the *private fund* invest in securities issued by investment companies registered under the Investment Company Act of 1940 (other than "money market funds," to the extent provided in Instruction 6.e.)?  ○ ◉

10. What type of fund is the *private fund*?

◉ hedge fund ○ liquidity fund ○ private equity fund ○ real estate fund ○ securitized asset fund ○ venture capital fund ○ Other *private fund*:

NOTE: For definitions of these fund types, please see Instruction 6 of the Instructions to Part 1A.

11. Current gross asset value of the *private fund*:

$ 0

## Ownership

12. Minimum investment commitment required of an investor in the *private fund*:

    $ 250,000

    NOTE: Report the amount routinely required of investors who are not your *related persons* (even if different from the amount set forth in the organizational documents of the fund).

13. Approximate number of the *private fund's* beneficial owners:

    0

14. What is the approximate percentage of the *private fund* beneficially owned by you and your *related persons*:

    0%

15. (a) What is the approximate percentage of the *private fund* beneficially owned (in the aggregate) by funds of funds:

    0%

    |  | Yes | No |
    |---|---|---|
    | (b) If the private fund qualifies for the exclusion from the definition of investment company under section 3(c)(1) of the Investment Company Act of 1940, are sales of the fund limited to *qualified clients*? | ● | ○ |

16. What is the approximate percentage of the *private fund* beneficially owned by non-*United States persons*:

    0%

## Your Advisory Services

|  | Yes | No |
|---|---|---|
| 17. (a) Are you a subadviser to this *private fund*? | ○ | ● |

(b) If the answer to question 17.(a) is "yes," provide the name and SEC file number, if any, of the adviser of the *private fund*. If the answer to question 17.(a) is "no," leave this question blank.

| No Information Filed |
|---|

|  | Yes | No |
|---|---|---|
| 18. (a) Do any investment advisers (other than the investment advisers listed in Section 7.B.(1).A.3.(b)) advise the *private fund*? | ○ | ● |

(b) If the answer to question 18.(a) is "yes," provide the name and SEC file number, if any, of the other advisers to the *private fund*. If the answer to question 18.(a) is "no," leave this question blank.

| No Information Filed |
|---|

|  | Yes | No |
|---|---|---|
| 19. Are your *clients* solicited to invest in the *private fund*? | ● | ○ |

   *NOTE: For purposes of this question, do not consider feeder funds of the private fund.*

20. Approximately what percentage of your *clients* has invested in the *private fund*?

    0%

## Private Offering

|  | Yes | No |
|---|---|---|
| 21. Has the *private fund* ever relied on an exemption from registration of its securities under Regulation D of the Securities Act of 1933? | ● | ○ |

22. If yes, provide the *private fund's* Form D file number (if any):

| Form D file number |
|---|
| 021-418816 |

## B. SERVICE PROVIDERS

## Auditors

|  | Yes | No |
|---|---|---|
| 23. (a) (1) Are the *private fund's* financial statements subject to an annual audit? | ● | ○ |
| (2) If the answer to question 23.(a)(1) is "yes," are the financial statements prepared in accordance with U.S. GAAP? | ● | ○ |

   If the answer to question 23.(a)(1) is "yes," respond to questions (b) through (h) below. If the *private fund* uses more than one auditing firm, you must complete questions (b) through (f) separately for each auditing firm.

   | Additional Auditor Information : 1 Record(s) Filed. |
   |---|
   | If the answer to question 23.(a)(1) is "yes," respond to questions (b) through (h) below. If the *private fund* uses more than one |

auditing firm, you must complete questions (b) through (f) separately for each auditing firm.

(b) Name of the auditing firm:
AKRAM & ASSOCIATES

(c) The location of the auditing firm's office responsible for the *private fund's* audit (city, state and country):

| City: | State: | Country: |
|---|---|---|
| CARY | North Carolina | United States |

                                                                               **Yes No**

(d) Is the auditing firm an *independent public accountant*?              ◉  ○

(e) Is the auditing firm registered with the Public Company Accounting Oversight Board?  ◉  ○

    If yes, Public Company Accounting Oversight Board-Assigned Number:
    5961

(f) If "yes" to (e) above, is the auditing firm subject to regular inspection by the Public Company Accounting Oversight Board in accordance with its rules?  ◉  ○

        **Yes No**

(g) Are the *private fund's* audited financial statements for the most recently completed fiscal year distributed to the *private fund's* investors?  ◉  ○

(h) Do all of the reports prepared by the auditing firm for the *private fund* since your last *annual updating amendment* contain unqualified opinions?

    ○ Yes  ○ No  ◉ Report Not Yet Received

*If you check "Report Not Yet Received," you must promptly file an amendment to your Form ADV to update your response when the report is available.*

## Prime Broker

        **Yes No**

24. (a) Does the *private fund* use one or more prime brokers?  ◉  ○

    If the answer to question 24.(a) is "yes," respond to questions (b) through (e) below for each prime broker the *private fund* uses. If the *private fund* uses more than one prime broker, you must complete questions (b) through (e) separately for each prime broker.

**Additional Prime Broker Information : 1 Record(s) Filed.**

    If the answer to question 24.(a) is "yes," respond to questions (b) through (e) below for each prime broker the *private fund* uses. If the *private fund* uses more than one prime broker, you must complete questions (b) through (e) separately for each prime broker.

(b) Name of the prime broker:
INTERACTIVE BROKERS LLC

(c) If the prime broker is registered with the SEC, its registration number:
8 - 47257
CRD Number (if any):
36418

(d) Location of prime broker's office used principally by the *private fund* (city, state and country):

| City: | State: | Country: |
|---|---|---|
| GREENWICH | Connecticut | United States |

        **Yes No**

(e) Does this prime broker act as custodian for some or all of the *private fund's* assets?  ◉  ○

## Custodian

        **Yes No**

25. (a) Does the *private fund* use any custodians (including the prime brokers listed above) to hold some or all of its assets?  ◉  ○

    If the answer to question 25.(a) is "yes," respond to questions (b) through (g) below for each custodian the *private fund* uses. If the *private fund* uses more than one custodian, you must complete questions (b) through (g) separately for each custodian.

**Additional Custodian Information : 1 Record(s) Filed.**

If the answer to question 25.(a) is "yes," respond to questions (b) through g) below for each custodian the *private fund* uses. If the *private fund* uses more than one custodian, you must complete questions (b) through (g) separately for each custodian.

(b) Legal name of custodian:
INTERACTIVE BROKERS LLC

(c) Primary business name of custodian:
INTERACTIVE BROKERS LLC

(d) The location of the custodian's office responsible for *custody* of the *private fund's* assets (city, state and country):

| City: | State: | Country: |
|---|---|---|
| GREENWCH | Connecticut | United States |

|  | Yes | No |
|---|---|---|
| (e) Is the custodian a *related person* of your firm? | ○ | ⊙ |

(f) If the custodian is a broker-dealer, provide its SEC registration number (if any):
8 - 47257
CRD Number (if any):
36418

(g) If the custodian is not a broker-dealer, or is a broker-dealer but does not have an SEC registration number, provide its *legal entity identifier* (if any)

## Administrator

|  | Yes | No |
|---|---|---|
| 26. (a) Does the *private fund* use an administrator other than your firm? | ⊙ | ○ |

If the answer to question 26.(a) is "yes," respond to questions (b) through (f) below. If the *private fund* uses more than one administrator, you must complete questions (b) through (f) separately for each administrator.

**Additional Administrator Information : 1 Record(s) Filed.**

If the answer to question 26.(a) is "yes," respond to questions (b) through (f) below. If the *private fund* uses more than one administrator, you must complete questions (b) through (f) separately for each administrator.

(b) Name of administrator:
YULISH & ASSOCIATES

(c) Location of administrator (city, state and country):

| City: | State: | Country: |
|---|---|---|
| OXNARD | California | United States |

|  | Yes | No |
|---|---|---|
| (d) Is the administrator a *related person* of your firm? | ○ | ⊙ |

(e) Does the administrator prepare and send investor account statements to the *private fund's* investors?
⊙ Yes (provided to all investors)  ○ Some (provided to some but not all investors)  ○ No (provided to no investors)

(f) If the answer to question 26.(e) is "no" or "some," who sends the investor account statements to the (rest of the) *private fund's* investors? If investor account statements are not sent to the (rest of the) *private fund's* investors, respond "not applicable."

27. During your last fiscal year, what percentage of the *private fund's* assets (by value) was valued by a *person*, such as an administrator, that is not your *related person*?

100%

Include only those assets where (i) such *person* carried out the valuation procedure established for that asset, if any, including obtaining any relevant quotes, and (ii) the valuation used for purposes of investor subscriptions, redemptions or distributions, and fee calculations (including allocations) was the valuation determined by such *person*.

## Marketers

|  | Yes | No |
|---|---|---|
| 28. (a) Does the *private fund* use the services of someone other than you or your *employees* for marketing purposes? | ○ | ⊙ |

You must answer "yes" whether the *person* acts as a placement agent, consultant, finder, introducer, municipal advisor or other solicitor, or similar *person*. If the answer to question 28.(a) is "yes," respond to questions (b) through (g) below for each such marketer the *private fund* uses. If the *private fund* uses more than one marketer you must complete questions (b) through (g) separately for each marketer.

No Information Filed

**Funds per Page:** 15    Total Funds: 1

---

**SECTION 7.B.(2) *Private Fund* Reporting**

No Information Filed

---

**Item 8 Participation or Interest in *Client* Transactions**

In this Item, we request information about your participation and interest in your *clients*' transactions. This information identifies additional areas in which conflicts of interest may occur between you and your *clients*. Newly-formed advisers should base responses to these questions on the types of participation and interest that you expect to engage in during the next year.

Like Item 7, Item 8 requires you to provide information about you and your *related persons*, including foreign affiliates.

**Proprietary Interest in *Client* Transactions**

| | | Yes | No |
|---|---|:---:|:---:|
| A. | Do you or any *related person*: | | |
| (1) | buy securities for yourself from advisory *clients,* or sell securities you own to advisory *clients* (principal transactions)? | ○ | ● |
| (2) | buy or sell for yourself securities (other than shares of mutual funds) that you also recommend to advisory *clients*? | ● | ○ |
| (3) | recommend securities (or other investment products) to advisory *clients* in which you or any *related person* has some other proprietary (ownership) interest (other than those mentioned in Items 8.A.(1) or (2))? | ○ | ● |

**Sales Interest in *Client* Transactions**

| | | Yes | No |
|---|---|:---:|:---:|
| B. | Do you or any *related person*: | | |
| (1) | as a broker-dealer or registered representative of a broker-dealer, execute securities trades for brokerage customers in which advisory *client* securities are sold to or bought from the brokerage customer (agency cross transactions)? | ○ | ● |
| (2) | recommend to advisory *clients,* or act as a purchaser representative for advisory *clients* with respect to, the purchase of securities for which you or any *related person* serves as underwriter or general or managing partner? | ○ | ● |
| (3) | recommend purchase or sale of securities to advisory *clients* for which you or any *related person* has any other sales interest (other than the receipt of sales commissions as a broker or registered representative of a broker-dealer)? | ○ | ● |

**Investment or Brokerage Discretion**

| | | Yes | No |
|---|---|:---:|:---:|
| C. | Do you or any *related person* have *discretionary authority* to determine the: | | |
| (1) | securities to be bought or sold for a *client's* account? | ● | ○ |
| (2) | amount of securities to be bought or sold for a *client's* account? | ● | ○ |
| (3) | broker or dealer to be used for a purchase or sale of securities for a *client's* account? | ○ | ● |
| (4) | commission rates to be paid to a broker or dealer for a *client's* securities transactions? | ○ | ● |
| D. | If you answer "yes" to C.(3) above, are any of the brokers or dealers *related persons*? | ○ | ○ |
| E. | Do you or any *related person* recommend brokers or dealers to *clients*? | ● | ○ |
| F. | If you answer "yes" to E. above, are any of the brokers or dealers *related persons*? | ○ | ○ |
| G. | (1) Do you or any *related person* receive research or other products or services other than execution from a broker-dealer or a third party ("soft dollar benefits") in connection with *client* securities transactions? | ○ | ○ |
| | (2) If "yes" to G.(1) above, are all the "soft dollar benefits" you or any *related persons* receive eligible "research or brokerage services" under section 28(e) of the Securities Exchange Act of 1934? | ○ | ○ |
| H. | (1) Do you or any *related person*, directly or indirectly, compensate any *person* that is not an *employee* for *client* referrals? | ● | ○ |
| | (2) Do you or any *related person*, directly or indirectly, provide any *employee* compensation that is specifically related to obtaining *clients* for the firm (cash or non-cash compensation in addition to the *employee's* regular salary)? | ○ | ● |
| I. | Do you or any *related person*, including any *employee*, directly or indirectly, receive compensation from any *person* (other than you or any *related person*) for *client* referrals? | ○ | ○ |
| | *In your response to Item 8.I., do not include the regular salary you pay to an employee.* | | |

*In responding to Items 8.H. and 8.I., consider all cash and non-cash compensation that you or a related person gave to (in answering Item 8.H.) or received from (in answering Item 8.I.) any person in exchange for client referrals, including any bonus that is based, at least in part, on the number or amount of client referrals.*

## Item 9 Custody

In this Item, we ask you whether you or a *related person* has *custody* of *client* (other than *clients* that are investment companies registered under the Investment Company Act of 1940) assets and about your custodial practices.

|  |  | Yes | No |
|---|---|---|---|
| A. (1) | Do you have *custody* of any advisory *clients*: |  |  |
| | (a) cash or bank accounts? | ○ | ● |
| | (b) securities? | ○ | ● |

*If you are registering or registered with the SEC, answer "No" to Item 9.A.(1)(a) and (b) if you have custody solely because (i) you deduct your advisory fees directly from your clients' accounts, or (ii) a related person has custody of client assets in connection with advisory services you provide to clients, but you have overcome the presumption that you are not operationally independent (pursuant to Advisers Act rule 206(4)-2(d)(5)) from the related person.*

(2) If you checked "yes" to Item 9.A.(1)(a) or (b), what is the approximate amount of *client* funds and securities and total number of *clients* for which you have *custody*:

U.S. Dollar Amount                Total Number of *Clients*
(a) $                              (b)

*If you are registering or registered with the SEC and you have custody solely because you deduct your advisory fees directly from your clients' accounts, do not include the amount of those assets and the number of those clients in your response to Item 9.A.(2). If your related person has custody of client assets in connection with advisory services you provide to clients, do not include the amount of those assets and number of those clients in your response to 9.A.(2). Instead, include that information in your response to Item 9.B.(2).*

|  |  | Yes | No |
|---|---|---|---|
| B. (1) | In connection with advisory services you provide to *clients*, do any of your *related persons* have *custody* of any of your advisory *clients*: |  |  |
| | (a) cash or bank accounts? | ○ | ● |
| | (b) securities? | ○ | ● |

*You are required to answer this item regardless of how you answered Item 9.A.(1)(a) or (b).*

(2) If you checked "yes" to Item 9.B.(1)(a) or (b), what is the approximate amount of *client* funds and securities and total number of *clients* for which your *related persons* have *custody*:

U.S. Dollar Amount                Total Number of *Clients*
(a) $                              (b)

C. If you or your *related persons* have *custody* of *client* funds or securities in connection with advisory services you provide to *clients*, check all the following that apply:

(1) A qualified custodian(s) sends account statements at least quarterly to the investors in the pooled investment vehicle(s) you manage. ☐

(2) An *independent public accountant* audits annually the pooled investment vehicle(s) that you manage and the audited financial statements are distributed to the investors in the pools. ☐

(3) An *independent public accountant* conducts an annual surprise examination of *client* funds and securities. ☐

(4) An *independent public accountant* prepares an internal control report with respect to custodial services when you or your *related persons* are qualified custodians for *client* funds and securities. ☐

*If you checked Item 9.C.(2), C.(3) or C.(4), list in Section 9.C. of Schedule D the accountants that are engaged to perform the audit or examination or prepare an internal control report. (If you checked Item 9.C.(2), you do not have to list auditor information in Section 9.C. of Schedule D if you already provided this information with respect to the private funds you advise in Section 7.B.(1) of Schedule D).*

|  |  | Yes | No |
|---|---|---|---|
| D. | Do you or your *related person(s)* act as qualified custodians for your *clients* in connection with advisory services you provide to *clients*? |  |  |
| (1) | you act as a qualified custodian | ○ | ● |
| (2) | your *related person(s)* act as qualified custodian(s) | ○ | ● |

*If you checked "yes" to Item 9.D.(2), all related persons that act as qualified custodians (other than any mutual fund transfer agent pursuant to rule 206(4)-2(b)(1)) must be identified in Section 7.A. of Schedule D, regardless of whether you have determined the related person to be operationally independent under rule 206(4)-2 of the Advisers Act.*

E. If you are filing your *annual updating amendment* and you were subject to a surprise examination by an *independent public accountant* during your last fiscal year, provide the date (MM/YYYY) the examination commenced:

F. If you or your *related persons* have *custody* of *client* funds or securities, how many *persons*, including, but not limited to, you and your *related persons*, act as qualified custodians for your *clients* in connection with advisory services you provide to *clients*?

## SECTION 9.C. *Independent Public Accountant*

No Information Filed

## Item 10 Control Persons

In this Item, we ask you to identify every *person* that, directly or indirectly, *controls* you. If you are filing an *umbrella registration*, the information in Item 10 should be provided for the *filing adviser* only.

If you are submitting an initial application or report, you must complete Schedule A and Schedule B. Schedule A asks for information about your direct owners and executive officers. Schedule B asks for information about your indirect owners. If this is an amendment and you are updating information you reported on either Schedule A or Schedule B (or both) that you filed with your initial application or report, you must complete Schedule C.

| | Yes | No |
|---|---|---|
| A. Does any *person* not named in Item 1.A. or Schedules A, B, or C, directly or indirectly, *control* your management or policies? | ○ | ● |

*If yes, complete* Section 10.A. of Schedule D.

B. If any *person* named in Schedules A, B, or C or in Section 10.A. of Schedule D is a public reporting company under Sections 12 or 15(d) of the Securities Exchange Act of 1934, please complete Section 10.B. of Schedule D.

## SECTION 10.A. *Control Persons*

No Information Filed

## SECTION 10.B. *Control Person* Public Reporting Companies

No Information Filed

## Item 11 Disclosure Information

In this Item, we ask for information about your disciplinary history and the disciplinary history of all your *advisory affiliates*. We use this information to determine whether to grant your application for registration, to decide whether to revoke your registration or to place limitations on your activities as an investment adviser, and to identify potential problem areas to focus on during our on-site examinations. One event may result in "yes" answers to more than one of the questions below. In accordance with General Instruction 5 to Form ADV, "you" and "your" include the *filing adviser* and all *relying advisers* under an *umbrella registration*.

Your *advisory affiliates* are: (1) all of your current *employees* (other than *employees* performing only clerical, administrative, support or similar functions); (2) all of your officers, partners, or directors (or any *person* performing similar functions); and (3) all *persons* directly or indirectly *controlling* you or *controlled* by you. If you are a "separately identifiable department or division" (SID) of a bank, see the Glossary of Terms to determine who your *advisory affiliates* are.

*If you are registered or registering with the SEC or if you are an exempt reporting adviser, you may limit your disclosure of any event listed in Item 11 to ten years following the date of the event. If you are registered or registering with a state, you must respond to the questions as posed; you may, therefore, limit your disclosure to ten years following the date of an event only in responding to Items 11.A.(1), 11.A.(2), 11.B.(1), 11.B.(2), 11.D.(4), and 11.H.(1)(a). For purposes of calculating this ten-year period, the date of an event is the date the final order, judgment, or decree was entered, or the date any rights of appeal from preliminary orders, judgments, or decrees lapsed.*

You must complete the appropriate Disclosure Reporting Page ("DRP") for "yes" answers to the questions in this Item 11.

| | Yes | No |
|---|---|---|
| Do any of the events below involve you or any of your *supervised persons*? | ○ | ● |

For "yes" answers to the following questions, complete a Criminal Action DRP:

| | Yes | No |
|---|---|---|
| A. In the past ten years, have you or any *advisory affiliate*: | | |
| (1) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to any *felony*? | ○ | ● |
| (2) been *charged* with any *felony*? | ○ | ● |

*If you are registered or registering with the SEC, or if you are reporting as an exempt reporting adviser, you may limit your response to Item 11.A.(2) to charges that are currently pending.*

| | Yes | No |
|---|---|---|
| B. In the past ten years, have you or any *advisory affiliate*: | | |
| (1) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to a *misdemeanor* involving: investments or an *investment-related* business, or any fraud, false statements, or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses? | ○ | ● |

(2) been *charged* with a *misdemeanor* listed in Item 11.B.(1)?  ○ ◉

*If you are registered or registering with the SEC, or if you are reporting as an exempt reporting adviser, you may limit your response to Item 11.B.(2) to charges that are currently pending.*

---

For "yes" answers to the following questions, complete a Regulatory Action DRP:

|  |  | Yes | No |
|---|---|---|---|
| C. | Has the SEC or the Commodity Futures Trading Commission (CFTC) ever: | | |
| (1) | *found* you or any *advisory affiliate* to have made a false statement or omission? | ○ | ◉ |
| (2) | *found* you or any *advisory affiliate* to have been *involved* in a violation of SEC or CFTC regulations or statutes? | ○ | ◉ |
| (3) | *found* you or any *advisory affiliate* to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted? | ○ | ◉ |
| (4) | entered an *order* against you or any *advisory affiliate* in connection with *investment-related* activity? | ○ | ◉ |
| (5) | imposed a civil money penalty on you or any *advisory affiliate*, or *ordered* you or any *advisory affiliate* to cease and desist from any activity? | ○ | ◉ |

D. Has any other federal regulatory agency, any state regulatory agency, or any *foreign financial regulatory authority*:

| | | Yes | No |
|---|---|---|---|
| (1) | ever *found* you or any *advisory affiliate* to have made a false statement or omission, or been dishonest, unfair, or unethical? | ○ | ◉ |
| (2) | ever *found* you or any *advisory affiliate* to have been *involved* in a violation of *investment-related* regulations or statutes? | ○ | ◉ |
| (3) | ever *found* you or any *advisory affiliate* to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted? | ○ | ◉ |
| (4) | in the past ten years, entered an *order* against you or any *advisory affiliate* in connection with an *investment-related* activity? | ○ | ◉ |
| (5) | ever denied, suspended, or revoked your or any *advisory affiliate's* registration or license, or otherwise prevented you or any *advisory affiliate*, by *order*, from associating with an *investment-related* business or restricted your or any *advisory affiliate's* activity? | ○ | ◉ |

E. Has any *self-regulatory organization* or commodities exchange ever:

| | | Yes | No |
|---|---|---|---|
| (1) | *found* you or any *advisory affiliate* to have made a false statement or omission? | ○ | ◉ |
| (2) | *found* you or any *advisory affiliate* to have been *involved* in a violation of its rules (other than a violation designated as a "*minor rule violation*" under a plan approved by the SEC)? | ○ | ◉ |
| (3) | *found* you or any *advisory affiliate* to have been the cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted? | ○ | ◉ |
| (4) | disciplined you or any *advisory affiliate* by expelling or suspending you or the *advisory affiliate* from membership, barring or suspending you or the *advisory affiliate* from association with other members, or otherwise restricting your or the *advisory affiliate's* activities? | ○ | ◉ |

| | | Yes | No |
|---|---|---|---|
| F. | Has an authorization to act as an attorney, accountant, or federal contractor granted to you or any *advisory affiliate* ever been revoked or suspended? | ○ | ◉ |
| G. | Are you or any *advisory affiliate* now the subject of any regulatory *proceeding* that could result in a "yes" answer to any part of Item 11.C., 11.D., or 11.E.? | ○ | ◉ |

---

For "yes" answers to the following questions, complete a Civil Judicial Action DRP:

| | | | Yes | No |
|---|---|---|---|---|
| H. | (1) | Has any domestic or foreign court: | | |
| | (a) | in the past ten years, *enjoined* you or any *advisory affiliate* in connection with any *investment-related* activity? | ○ | ◉ |
| | (b) | ever *found* that you or any *advisory affiliate* were *involved* in a violation of *investment-related* statutes or regulations? | ○ | ◉ |
| | (c) | ever dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against you or any *advisory affiliate* by a state or *foreign financial regulatory authority*? | ○ | ◉ |
| | (2) | Are you or any *advisory affiliate* now the subject of any civil *proceeding* that could result in a "yes" answer to any part of Item 11.H.(1)? | ○ | ◉ |

---

## Item 12 Small Businesses

The SEC is required by the Regulatory Flexibility Act to consider the effect of its regulations on small entities. In order to do this, we need to determine whether you meet the definition of "small business" or "small organization" under rule 0-7.

Answer this Item 12 only if you are registered or registering with the SEC **and** you indicated in response to Item 5.F.(2)(c) that you have regulatory assets under management of less than $25 million. You are not required to answer this Item 12 if you are filing for initial registration as a state adviser, amending a current state registration, or switching from SEC to state registration.

For purposes of this Item 12 only:

- Total Assets refers to the total assets of a firm, rather than the assets managed on behalf of *clients*. In determining your or another *person's* total assets, you may use the total assets shown on a current balance sheet (but use total assets reported on a consolidated balance sheet with subsidiaries included, if that amount is larger).
- *Control* means the power to direct or cause the direction of the management or policies of a *person*, whether through ownership of securities, by contract, or otherwise. Any *person* that directly or indirectly has the right to vote 25 percent or more of the voting securities, or is entitled to 25 percent or more of the profits, of another *person* is presumed to *control* the other *person*.

|  | Yes | No |
|---|---|---|

A. Did you have total assets of $5 million or more on the last day of your most recent fiscal year?   ○ ○

*If "yes," you do not need to answer Items 12.B. and 12.C.*

B. Do you:

   (1) *control* another investment adviser that had regulatory assets under management (calculated in response to Item 5.F.(2)(c) of Form ADV) of $25 million or more on the last day of its most recent fiscal year?   ○ ○

   (2) *control* another *person* (other than a natural person) that had total assets of $5 million or more on the last day of its most recent fiscal year?   ○ ○

C. Are you:

   (1) *controlled* by or under common *control* with another investment adviser that had regulatory assets under management (calculated in response to Item 5.F.(2)(c) of Form ADV) of $25 million or more on the last day of its most recent fiscal year?   ○ ○

   (2) *controlled* by or under common *control* with another *person* (other than a natural person) that had total assets of $5 million or more on the last day of its most recent fiscal year?   ○ ○

---

## Schedule A

### Direct Owners and Executive Officers

1. Complete Schedule A only if you are submitting an initial application or report. Schedule A asks for information about your direct owners and executive officers. Use Schedule C to amend this information.

2. Direct Owners and Executive Officers. List below the names of:

   (a) each Chief Executive Officer, Chief Financial Officer, Chief Operations Officer, Chief Legal Officer, Chief Compliance Officer(Chief Compliance Officer is required if you are registered or applying for registration and cannot be more than one individual), director, and any other individuals with similar status or functions;

   (b) if you are organized as a corporation, each shareholder that is a direct owner of 5% or more of a class of your voting securities, unless you are a public reporting company (a company subject to Section 12 or 15(d) of the Exchange Act):
Direct owners include any *person* that owns, beneficially owns, has the right to vote, or has the power to sell or direct the sale of, 5% or more of a class of your voting securities. For purposes of this Schedule, a *person* beneficially owns any securities: (i) owned by his/her child, stepchild, grandchild, parent, stepparent, grandparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law, sharing the same residence; or (ii) that he/she has the right to acquire, within 60 days, through the exercise of any option, warrant, or right to purchase the security.

   (c) if you are organized as a partnership, <u>all</u> general partners and those limited and special partners that have the right to receive upon dissolution, or have contributed, 5% or more of your capital;

   (d) in the case of a trust that directly owns 5% or more of a class of your voting securities, or that has the right to receive upon dissolution, or has contributed, 5% or more of your capital, the trust and each trustee; and

   (e) if you are organized as a limited liability company ("LLC"), (i) those members that have the right to receive upon dissolution, or have contributed, 5% or more of your capital, and (ii) if managed by elected managers, all elected managers.

3. Do you have any indirect owners to be reported on Schedule B?  ○ Yes  ⦿ No

4. In the DE/FE/I column below, enter "DE" if the owner is a domestic entity, "FE" if the owner is an entity incorporated or domiciled in a foreign country, or "I" if the owner or executive officer is an individual.

5. Complete the Title or Status column by entering board/management titles; status as partner, trustee, sole proprietor, elected manager, shareholder, or member; and for shareholders or members, the class of securities owned (if more than one is issued).

6. Ownership codes are:  NA - less than 5%  B - 10% but less than 25%  D - 50% but less than 75%
                      A - 5% but less than 10%  C - 25% but less than 50%  E - 75% or more

7. (a) In the *Control Person* column, enter "Yes" if the *person* has *control* as defined in the Glossary of Terms to Form ADV, and enter "No" if the *person* does not have *control*. Note that under this definition, most executive officers and all 25% owners, general partners, elected managers, and trustees are *control* persons.

   (b) In the PR column, enter "PR" if the owner is a public reporting company under Sections 12 or 15(d) of the Exchange Act.

   (c) Complete each column.

| FULL LEGAL NAME (Individuals: Last Name, First Name, Middle Name) | DE/FE/I | Title or Status | Date Title or Status Acquired MM/YYYY | Ownership Code | *Control Person* | PR | *CRD* No. If None: S.S. No. and Date of Birth, IRS Tax No. or Employer ID No. |
|---|---|---|---|---|---|---|---|
| KOEHN, CHAD, MITCHELL | I | OWNER | 07/2011 | E | Y | N | 2216169 |
| POMBRA, MANOJ, KUMAR | I | CHIEF COMPLIANCE OFFICER | 07/2022 | NA | N | N | 1993850 |

---

## Schedule B

### Indirect Owners

1. Complete Schedule B only if you are submitting an initial application or report. Schedule B asks for information about your indirect owners; you must first complete Schedule A, which asks for information about your direct owners. Use Schedule C to amend this information.

2. Indirect Owners. With respect to each owner listed on Schedule A (except individual owners), list below:

   (a) in the case of an owner that is a corporation, each of its shareholders that beneficially owns, has the right to vote, or has the power to sell or direct the sale of, 25% or more of a class of a voting security of that corporation;

   For purposes of this Schedule, a *person* beneficially owns any securities: (i) owned by his/her child, stepchild, grandchild, parent, stepparent, grandparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law, sharing the same residence; or (ii) that he/she has the right to acquire, within 60 days, through the exercise of any option, warrant, or right to purchase the security.

   (b) in the case of an owner that is a partnership, <u>all</u> general partners and those limited and special partners that have the right to receive upon

dissolution, or have contributed, 25% or more of the partnership's capital:

(c) in the case of an owner that is a trust, the trust and each trustee: and

(d) in the case of an owner that is a limited liability company ("LLC"), (i) those members that have the right to receive upon dissolution, or have contributed, 25% or more of the LLC's capital, and (ii) if managed by elected managers, all elected managers.

3. Continue up the chain of ownership listing all 25% owners at each level. Once a public reporting company (a company subject to Sections 12 or 15(d) of the Exchange Act) is reached, no further ownership information need be given.

4. In the DE/FE/I column below, enter "DE" if the owner is a domestic entity, "FE" if the owner is an entity incorporated or domiciled in a foreign country, or "I" if the owner is an individual.

5. Complete the Status column by entering the owner's status as partner, trustee, elected manager, shareholder, or member: and for shareholders or members, the class of securities owned (if more than one is issued).

6. Ownership codes are:   C - 25% but less than 50%   E - 75% or more
                          D - 50% but less than 75%   F - Other (general partner, trustee, or elected manager)

7. (a) In the *Control Person* column, enter "Yes" if the *person* has *control* as defined in the Glossary of Terms to Form ADV, and enter "No" if the *person* does not have *control*. Note that under this definition, most executive officers and all 25% owners, general partners, elected managers, and trustees are *control persons*.

(b) In the PR column, enter "PR" if the owner is a public reporting company under Sections 12 or 15(d) of the Exchange Act.

(c) Complete each column.

No Information Filed

---

**Schedule D - Miscellaneous**

You may use the space below to explain a response to an Item or to provide any other information.

---

**Schedule R**

No Information Filed

---

**DRP Pages**

**CRIMINAL DISCLOSURE REPORTING PAGE (ADV)**

No Information Filed

**REGULATORY ACTION DISCLOSURE REPORTING PAGE (ADV)**

No Information Filed

**CIVIL JUDICIAL ACTION DISCLOSURE REPORTING PAGE (ADV)**

No Information Filed

---

**Part 2**

**Exemption from brochure delivery requirements for SEC-registered advisers**

SEC rules exempt SEC-registered advisers from delivering a firm brochure to some kinds of clients.  If these exemptions excuse you from delivering a brochure to *all* of your advisory clients, you do not have to prepare a brochure.

|  | Yes | No |
|---|---|---|
| Are you exempt from delivering a brochure to all of your clients under these rules? | ○ | ◉ |

*If no, complete the ADV Part 2 filing below.*

Amend, retire or file new brochures:

---

**Part 3**

| CRS | Type(s) | Affiliate Info | Retire |
|---|---|---|---|

Investment Advisor

---

**Execution Pages**

## DOMESTIC INVESTMENT ADVISER EXECUTION PAGE

You must complete the following Execution Page to Form ADV. This execution page must be signed and attached to your initial submission of Form ADV to the SEC and all amendments.

### Appointment of Agent for Service of Process

By signing this Form ADV Execution Page, you, the undersigned adviser, irrevocably appoint the Secretary of State or other legally designated officer, of the state in which you maintain your *principal office and place of business* and any other state in which you are submitting a *notice filing,* as your agents to receive service, and agree that such *persons* may accept service on your behalf, of any notice, subpoena, summons, *order* instituting *proceedings,* demand for arbitration, or other process or papers, and you further agree that such service may be made by registered or certified mail, in any federal or state action, administrative *proceeding* or arbitration brought against you in any place subject to the jurisdiction of the United States, if the action, *proceeding,* or arbitration (a) arises out of any activity in connection with your investment advisory business that is subject to the jurisdiction of the United States, and (b) is *founded,* directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these acts, or (ii) the laws of the state in which you maintain your *principal office and place of business* or of any state in which you are submitting a *notice filing.*

### Signature

I, the undersigned, sign this Form ADV on behalf of, and with the authority of, the investment adviser. The investment adviser and I both certify, under penalty of perjury under the laws of the United States of America, that the information and statements made in this ADV, including exhibits and any other information submitted, are true and correct, and that I am signing this Form ADV Execution Page as a free and voluntary act.

I certify that the adviser's books and records will be preserved and available for inspection as required by law. Finally, I authorize any *person* having *custody* or possession of these books and records to make them available to federal and state regulatory representatives.

| | |
|---|---|
| Signature:<br>CHAD KOEHN | Date: MM/DD/YYYY<br>07/20/2022 |
| Printed Name:<br>CHAD KOEHN | Title:<br>OWNER |
| Adviser *CRD* Number:<br>157755 | |

---

## *NON-RESIDENT* INVESTMENT ADVISER EXECUTION PAGE

You must complete the following Execution Page to Form ADV. This execution page must be signed and attached to your initial submission of Form ADV to the SEC and all amendments.

### 1. Appointment of Agent for Service of Process

By signing this Form ADV Execution Page, you, the undersigned adviser, irrevocably appoint each of the Secretary of the SEC, and the Secretary of State or other legally designated officer, of any other state in which you are submitting a *notice filing,* as your agents to receive service, and agree that such persons may accept service on your behalf, of any notice, subpoena, summons, *order* instituting *proceedings,* demand for arbitration, or other process or papers, and you further agree that such service may be made by registered or certified mail, in any federal or state action, administrative *proceeding* or arbitration brought against you in any place subject to the jurisdiction of the United States, if the action, *proceeding* or arbitration (a) arises out of any activity in connection with your investment advisory business that is subject to the jurisdiction of the United States, and (b) is *founded,* directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these acts, or (ii) the laws of any state in which you are submitting a *notice filing.*

### 2. Appointment and Consent: Effect on Partnerships

If you are organized as a partnership, this irrevocable power of attorney and consent to service of process will continue in effect if any partner withdraws from or is admitted to the partnership, provided that the admission or withdrawal does not create a new partnership. If the partnership dissolves, this irrevocable power of attorney and consent shall be in effect for any action brought against you or any of your former partners.

### 3. *Non-Resident* Investment Adviser Undertaking Regarding Books and Records

By signing this Form ADV, you also agree to provide, at your own expense, to the U.S. Securities and Exchange Commission at its principal office in Washington D.C., at any Regional or District Office of the Commission, or at any one of its offices in the United States, as specified by the Commission, correct, current, and complete copies of any or all records that you are required to maintain under Rule 204-2 under the Investment Advisers Act of 1940. This undertaking shall be binding upon you, your heirs, successors and assigns, and any *person* subject to your written irrevocable consents or powers of attorney or any of your general partners and *managing agents.*

### Signature

I, the undersigned, sign this Form ADV on behalf of, and with the authority of, the *non-resident* investment adviser. The investment adviser and I both certify, under penalty of perjury under the laws of the United States of America, that the information and statements made in this ADV, including exhibits and any other information submitted, are true and correct, and that I am signing this Form ADV Execution Page as a free and voluntary act.

I certify that the adviser's books and records will be preserved and available for inspection as required by law. Finally, I authorize any *person* having *custody* or possession of these books and records to make them available to federal and state regulatory representatives.

Signature:                                                          Date: MM/DD/YYYY

Printed Name:                                                    Title:

Adviser *CRD* Number:
157755