UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED CAPITAL MANAGEMENT OF
KANSAS, INC., ET AL.,

    Plaintiffs,

v.

MICHAEL E. NELSON,

    Defendant.

Case No. 22-4008-JWB-GEB

## SCHEDULING ORDER

On **August 2, 2022**, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiffs Chad Koehn and United Capital Management of Kansas, Inc. appeared through counsel Chris Kellogg and Craig Brand, by videoconference. Defendant Michael E. Nelson, *pro se*, appeared by videoconference.[1]

Following is a brief summary of the nature of the case:

1. Plaintiffs asserts claims of defamation and tortious interference with business against Defendant.
2. The statutes asserted to confer subject matter jurisdiction: 28 USC 1332.
3. Defendant denies Plaintiffs claims.
4. Defendant asserts counterclaims of: defamation, slander, libel, tortious interference with business, unfair and deceptive trade practices, threats to obtain stock, securities fraud, insidious machinations dolus, fraud inducement, constructive fraud, breach of implied covenant of good faith and fair dealing,

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

     negligence, gross negligence, negligent misrepresentation, unjust enrichment, professional malpractice, and deceptive trade practices.
    5. Plaintiffs deny Defendant's counterclaims.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

**1.**   **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement would not be enhanced by early mediation. By **February 7, 2023**, Defendant must file a joint notice stating the full name, mailing address, and telephone number of the mediator, along with the firmly scheduled date, time, and place of mediation. Mediation is ordered. Absent further order of the court, mediation must be held no later than **March 17, 2023** Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**2.**   **Discovery.**

  **a.**   The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damage computations, and insurance coverage. To facilitate settlement negotiations and to avoid unnecessary expense copies of the documents described in the parties' Rule 26(a)(1) disclosures must be exchanged by **September 30, 2022**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery, to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to take a particular deposition or pursue follow-up

written discovery before the time allowed for discovery expires. If a party includes witnesses or other information in its final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, that party presumptively will be precluded from offering the witness's testimony or other information into evidence under Fed. R. Civ. P. 37(c)(1).

    **b.**    All discovery must be commenced or served in time to be completed by **March 10, 2023**.

    **c.**    By **September 23, 2022**, any party asserting comparative fault must identify all persons or entities whose fault is to be compared and specify the nature of the fault claimed.

    **d.**    Expert disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by the party with the burden of proof **December 6, 2022**, and any other party can designate experts in response to such original designation by **January 31, 2023**; disclosures and reports by any rebuttal expert(s) must be served by **February 24, 2023**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical

objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

**e.** The parties disagree whether physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **January 17, 2023**. If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

**f.** The court considered the following discovery problem(s) raised by one or more of the parties:

> 1) Plaintiffs may desire protective orders, Defendant disagrees with the need for protective orders and feels it indicates a coverup; 2) Defendant lacks access to certain material and devices until the conclusion of his criminal matters; 3) Defendant wants detailed discovery on Plaintiffs because of the issue in number 2 herein.

**g.** Electronically stored information (ESI) in this case will be handled as follows:

> Each party shall submit a proposed ESI protocol, no longer than 3 pages, to the court by **August 31, 2022**. Upon reviewing the separate proposals, the court will enter an appropriate ESI protocol that will govern this case.

**h.** Claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> Absent motion or further order of the Court, the parties will follow the provisions of Fed. R. Civ. P. 26(b)(5)(B) regarding the inadvertent production of materials that are privileged or trial-preparation materials.

To the extent that any party asserts the claim of privilege and/or work product, the party asserting such privilege exists will identify the document or thing protected by this privilege. The identification through a "privilege log" will include – to the extent possible while maintaining the alleged privilege or work product – the date of the creation of the document; the author; its recipient (if applicable) and the privilege claimed. The parties agree to meet and confer to resolve any disputes and to discuss any issues that may arise regarding the assertion of any privilege.

**i.** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures:

i. Discovery disputes will be resolved with an email between Mr. Nelson and Mr. Kellogg.

ii. Formal discovery requests and responses as well as document production will be served by United States Mail.

iii. Deposition exhibits will be page numbered sequentially.

**j.** No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

**k.** No more than 10 depositions may be taken by all plaintiffs, and no more than 10 depositions may be taken by defendant. Each deposition must be limited to 7 hours. All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**l.** Discovery will be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **August 31, 2022**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties fail to submit a jointly proposed protective order by the deadline above, the court will enter a protective order using the court's form.

**m.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3. Motions**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **October 31, 2022**.

**b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **April 19, 2023**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

c. Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

d. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **April 19, 2023**.

e. Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must raise the issue at the next monthly status conference. The status conferences will be set on the first Tuesday of the month at 8:30 a.m. via Zoom. The first status conference is set for **September 6, 2022 at 8:30 a.m. CDT.** No later than the Friday before each conference, the parties shall each submit to Judge Birzer's chambers and the opposing party/counsel an email with any topics to be discussed at the status conference. The email request must include a brief, nonargumentative statement of the nature of the dispute. Unless otherwise

requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this status conference.

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, Mr. Kellogg for Plaintiffs and Mr. Nelson, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then raise the issue at the monthly status conference, before filing a motion to compel or similarly related discovery motion.**

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).

**g.** The arguments and authorities section of briefs or memoranda must not exceed 30 pages, absent a court order. *See* D. Kan. Rule 7.1(e).

**4. Pretrial Conference, Trial, and Other Matters.**

**a.** The first monthly status conference is scheduled for **September 6, 2022 at 8:30 a.m. CDT** via Zoom. A Zoom invitation will be sent prior to each conference. **Plaintiffs shall be prepared to discuss any motion pursuant to Fed. R. Civ. P. 11 at the initial status conference.**

**b.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **April 5, 2023 at 11:00 a.m.** via Zoom. A Zoom invitation will be sent to the parties a week prior to the pretrial conference. No later than **March 29, 2023**, Plaintiffs' counsel must submit

the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_birzer_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

    **c.**    The court will subsequently set this case for trial.

    **d.**    If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

    **e.**    This scheduling order will not be modified except by leave of court upon a showing of good cause.

**5.**    **Miscellaneous**

    **a.**    The parties shall refrain from filing any affirmative motions until further order of the court. The only exceptions are: 1) any motion for leave to amend filed on or before the deadline set forth in this order; and 2) Plaintiffs' motion for leave to seal. Plaintiffs' motion for leave to seal shall be filed no later than **August 12, 2022** with responsive pleadings served as per local rule. The motion and response are limited to ten pages, with any reply limited to 5 pages. Any other motions filed will be summarily denied.

    **b.**    Defendant shall serve a hard copy of his initial requests for admission and requests for production of documents to United Capital Management of Kansas, Inc. on counsel via U.S. Mail. He shall file a Certificate of Service as discussed during the

conference. Per Fed. R. Civ. P. 5(b)(2)(C), United Capital Management of Kansas, Inc.'s 30-day response time will begin to run on the date the discovery requests are mailed.

IT IS SO ORDERED.

Dated August 3, 2022, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiffs motion to seal | **August 12, 2022** |
| Jointly proposed protective order submitted to court | **August 31, 2022** |
| ESI protocol | **August 31, 2022** |
| Production of documents identified in initial disclosures | **September 30, 2022** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **February 7, 2023** |
| Comparative fault identification | **September 23, 2022** |
| Motions to amend | **October 31, 2022** |
| Mediation completed | **March 17, 2023** |
| ADR report filed by Defendant | **14 days after mediation** |
| Experts disclosed by party with burden of proof | **December 6, 2022** |
| Experts disclosed in response to original disclosures | **January 31, 2023** |
| Rebuttal experts disclosed | **February 24, 2023** |
| Physical and mental examinations | **January 17, 2023** |
| Supplementation of initial disclosures | **40 days before deadline for completing all discovery** |
| All discovery completed | **March 10, 2023** |
| Proposed pretrial order due | **March 29, 2023** |
| Pretrial conference | **April 5, 2023 at 11:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **April 19, 2023** |
| Motions challenging admissibility of expert testimony | **April 19, 2023** |
| Trial | **To be set at Pretrial Conference** |