KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:    (785) 825-4674
F:    (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL. , )<br>)<br>**Plaintiffs** )<br>vs. )<br>)<br>MICHAEL NELSON, )<br>)<br>**Defendant** )<br>) | Case No. 22-CV-04008-JWB-GEB |

### PLAINTIFF/COUNTER-DEFENDANTS' MEMORANDUM IN OPPOSITION TO DEFENDANT/ COUNTER-PLAINTIFF'S MOTION FOR JUDICIAL NOTICE REGARDING HIDING AND CONCEALING OF MATERIAL FACTS RELATED TO HERA SOFTWARE DEVELOPMENT, INC. AND EXHIBIT "A" TO THE MOTION (DOCKET NO. 119 THROUGH 119-1)

Plaintiffs/Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith RESPOND IN OPPOSITION to Defendant/Counter-Plaintiff Michael Nelson's ("Mr. Nelson") Motion for Judicial Notice falsely alleging Craig Brand, Esq., and Chad Mitchell Koehn were deliberately hiding and concealing material facts regarding Hera Software Development, Inc. and Exhibit "A" to the Motion (Docket No. 119 through 119-1), and say:

On August 1, 2022, Mr. Nelson filed his Motion for Judicial Notice under Federal Rules of Civil Procedure 201 requesting the court to take judicial notice of Craig Brand, Esq., and Chad Mitchell Koehn deliberately hiding and concealing material facts regarding Hera Software Development, Inc. and Exhibit "A" to the Motion.

*Chad M. Koehn, et al vs. Michael Nelson*
Plaintiffs' Memorandum in Opposition to Defendant's Motion for Judicial Notice
Case No. 22-CV-04088-JWB-GEB
Page 2

## LEGAL STANDARD

In *U.S. v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002), the Tenth Circuit held: ""Federal Rule of Evidence ("FRE") 201 provides an exception to this ordinary requirement that record evidence support any judicial finding of fact. FRE 201(b) permits a court to take "judicial notice" of a particular fact where that fact is "not subject to reasonable dispute in that [the fact] is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In applying FRE 201, we are mindful that "[i]f a court takes judicial notice of a fact whose application is in dispute, the court removes the[ ] weapons [of rebuttal evidence, cross-examination, and argument] from the parties and raises doubt as to whether the parties received a fair hearing." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997).. "[T]he effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." *Id.*""

In *Bain v. Continental Title Holding Company, Inc.*, No. 16-cv-2326-JWL, 2017 WL 264545, at *2 (D. Kan. Jan. 20, 2017), Judge Lungstrum held: ""Federal Rules of Evidence 201 governs judicial notice of "adjudicative" facts. Fed. R. Evid. 201(a). Pursuant to that rule, the court may judicially notice a fact "that is not subject to reasonable dispute" because it is generally known within the trial court's territorial jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1). Adjudicative facts are "the facts that normally go to the jury in a jury case" and relate to "the parties, their activities, their properties, their businesses." *United States v. Iverson*, 818 F.3d 1015, 1030 (10th Cir. 2016) [citations omitted]. Simply put, judicial notice of facts is an "adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the

*Chad M. Koehn, et al vs. Michael Nelson*
*Plaintiffs' Memorandum in Opposition to Defendant's Motion for Judicial Notice*
Case No. 22-CV-04088-JWB-GEB
Page 3

conventional method of taking evidence to establish facts." *York v. AT & T*, 95 F.3d 948, 958 (10th Cir. 1996).""  In his opinion, Judge Lungstrum, citing *United States v. Burch*, 169 F.3d 666, 672 (10th Cir. 1999) states; "Clearly, the affidavit of an individual-particularly one who works for the moving party and has an interest in the litigation-is not a source of indisputable accuracy under Rule 201(b)(2) and affidavit explaining significance of attachments cannot support judicial notice of the facts therein" *Id*.

Accuracy is only one component of a FRE 201(b) inquiry. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018), *cert. denied* ___ U.S. ___, 139 S.Ct. 2615, 204 L.Ed.2d 264 (2019). The Ninth Circuit has made clear that "[a] court must also consider—and identify—which fact or facts it is noticing from ... [a document]. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*.

## DISCUSSION

In his motion, one which is obviously 100% denied by Craig Brand, Esq., and the Plaintiff, Mr. Nelson again exceeds the intent of FRE 201.  In 16 of the 17 paragraphs listed for judicial notice (Paragraph 9 only contains the letter "d"), Mr. Nelson gives his incorrect interpretation of the software code contained in Exhibit "A" to the Motion and then requests the Court and an "Order regarding the 'hidden' nature and status of the evidence having been and appearing on the website www.HeraSoft.com wherein Chad Mitchell Koehn and Craig Alan Brand have sought unethically, immorally, and quite possibly illegally to hide, obfuscate and otherwise conceal the fact of the content which was existing on the website: www.HeraSoft.com from the public."

Exhibit "A" appears to be a series of codes which Mr. Nelson claims to have obtained from the HeraSoft website. Mr. Nelson's provides no expert affidavit in support explaining how the code was obtained, what software code was used, where on the website the code appears, the

*Chad M. Koehn, et al vs. Michael Nelson*
*Plaintiffs' Memorandum in Opposition to Defendant's Motion for Judicial Notice*
Case No. 22-CV-04088-JWB-GEB
Page 4

manner in which it is intentionally hidden from the public and how Craig Brand and Chad Koehn participated in concealing the information; especially if Mr. Nelson was able to find it on the public domain so easily. Mr. Nelson expounds upon his interpretation of the code, and, as he has done on numerous occasions in this proceeding, concludes that Mr. Brand and Mr. Koehn are engaging in a conspiracy to conceal the information. Mr. Nelson furthermore and again fails to draw any nexus between what he finds on the internet and any relevance with the case at bar as there is none.

Mr. Nelson makes no attempt to demonstrate why the information requested to be judicially noticed is relevant to the issues and fails to demonstrate how such information could lead to the possibility of admissible evidence. Mr. Nelson further fails to allege what role, if any, or what knowledge, if any, either Craig Brand or Chad Koehn has or knows about any coding done on the Herasoft website. Herasoft being a non-party to this litigation and having no bearing hereto.

Plaintiffs object to Mr. Nelson's Request for Judicial Notice of all paragraphs contained in his Motion for Judicial Notice filed as Docket No. 119 through 119-1.

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will deny Docket No. 119 through 119-1, Defendant Michael Nelson's Motion for Judicial Notice.

Respectfully Submitted,

/s/ Chris J. Kellogg
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs*

*Chad M. Koehn, et al vs. Michael Nelson*
*Plaintiffs' Memorandum in Opposition to Defendant's Motion for Judicial Notice*
*Case No. 22-CV-04088-JWB-GEB*
*Page 5*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 3, 2022, the foregoing document was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 67, the undersigned emailed a true copy to Michael Nelson, oklahomaremote@gmail.com

/s/ Chris J. Kellogg