KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| Plaintiffs ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| Defendant ) | |
| ) | |

### PLAINTIFF/COUNTER-DEFENDANTS' MEMORANDUM IN OPPOSITION TO DEFENDANT/ COUNTER-PLAINTIFF'S MOTION FOR JUDICIAL NOTICE REGARDING CRIMINAL CHARGES AGAINST CHAD MITCHELL KOEHN (DOCKET NO. 99 THROUGH 96-2)

Plaintiffs/Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith respond in opposition to Defendant/Counter-Plaintiff Michael Nelson's ("Mr. Nelson") Motion for Judicial Notice regarding criminal charges against CHAD MITCHELL KOEHN (Docket No. 99 through 99-2), and say:

On July 25, 2022, Mr. Nelson filed his Motion for Judicial Notice under Federal Rules of Civil Procedure 201 requesting the court to take judicial notice of what Mr. Nelson refers to as, without limitation, criminal charges against CHAD MITCHELL KOEHN.

### LEGAL STANDARD

In *U.S. v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002), the Tenth Circuit held: ""Federal Rule of Evidence ("FRE") 201 provides an exception to this ordinary requirement that record

*Chad M. Koehn, et al. vs. Michael Nelson*
*Notice of Service of Discovery Requests*
Case No. 22-CV-04008-JWB-GEB
Page 2

evidence support any judicial finding of fact. FRE 201(b) permits a court to take "judicial notice" of a particular fact where that fact is "not subject to reasonable dispute in that [the fact] is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In applying FRE 201, we are mindful that "[i]f a court takes judicial notice of a fact whose application is in dispute, the court removes the[ ] weapons [of rebuttal evidence, cross-examination, and argument] from the parties and raises doubt as to whether the parties received a fair hearing." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997).. "[T]he effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." *Id.*""

In *Bain v. Continental Title Holding Company, Inc.*, No. 16-cv-2326-JWL, 2017 WL 264545, at *2 (D. Kan. Jan. 20, 2017), the Judge Lungstrum held: ""Federal Rules of Evidence 201 governs judicial notice of "adjudicative" facts. Fed. R. Evid. 201(a). Pursuant to that rule, the court may judicially notice a fact "that is not subject to reasonable dispute" because it is generally known within the trial court's territorial jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1).. Adjudicative facts are "the facts that normally go to the jury in a jury case" and relate to "the parties, their activities, their properties, their businesses." *United States v. Iverson*, 818 F.3d 1015, 1030 (10th Cir. 2016)[citations omitted]. Simply put, judicial notice of facts is an "adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." *York v. AT & T*, 95 F.3d 948, 958 (10th Cir. 1996)."" In his opinion, Judge Lungstrum, citing *United States v. Burch*, 169 F.3d 666, 672

*Chad M. Koehn, et al. vs. Michael Nelson*
*Notice of Service of Discovery Requests*
Case No. 22-CV-04008-JWB-GEB
Page 3

(10th Cir. 1999) states; "Clearly, the affidavit of an individual-particularly one who works for the moving party and has an interest in the litigation-is not a source of indisputable accuracy under Rule 2019b)(2) and affidavit explaining significance of attachments cannot support judicial notice of the facts therein" *Id*.

Accuracy is only one component of a FRE 201(b) inquiry. *Khoja v. Orexigen Therapeutics,* 899 F.3d 988, 999 (9th Cir. 2018), *cert. denied* ___ U.S. ___, 139 S.Ct. 2615, 204 L.Ed.2d 264 (2019).. The Ninth Circuit has made clear that "[a] court must also consider—and identify—which fact or facts it is noticing from ... [a document]. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*.

## **DISCUSSION**

In his motion, Mr. Nelson far exceeds the intent and spirit of FRE 201. Not only does he purposely attempt to conflate a Saline County Class C Misdemeanor charge for a burn permit violation into some nefarious attempt to dispose of relevant evidence by Mr. Koehn in this case, but he infers continues his allegations claiming criminal wrongdoing by the Saline County Clerk's Office! Then Mr. Nelson alleges that judicial notice should also be granted because Mr. Nelson learned of these allegations because he was alerted by an unknown informant who goes by the name of "yourfriendcassie2000." Mr. Nelson requests judicial notice for ten (10) numbered paragraphs in his motion. Exhibits "A" (99-1) and "B" (99-2) are unauthenticated copies of what appear to be a copy of the ticket issued to Mr. Koehn followed by a copy of the case information accessed by internet.

Further, Mr. Nelson's attempt to expound on the content of the documents is inappropriate for judicial notice. As pointed out in the *Khoja* case, above, just because the document itself is

*Chad M. Koehn, et al. vs. Michael Nelson*
*Notice of Service of Discovery Requests*
Case No. 22-CV-04008-JWB-GEB
Page 4

susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth. The ten paragraphs requested to be judicially noticed by the Court are simply arguments made by Mr. Nelson.

Plaintiffs object to Mr. Nelson's Request for Judicial Notice of all paragraphs contained in his Motion for Judicial Notice filed as Docket No. 99 through 99-2.

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will deny Docket No. 99 through 99-2, Defendant Michael Nelson's Motion for Judicial Notice.

Respectfully Submitted,

/s/ Chris J. Kellogg    #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 4, 2022, the foregoing *Plaintiff/Counter-Defendants' Memorandum in Opposition to Defendant/Counter-Plaintiff's Motion for Judicial Notice Regarding Criminal Charges Against Chad Mitchell Koehn (Docket No. 99 Through 96-2)* was electronically filed with the Court using the CM/ECF System, which sent notification to all parties of interest participating in the CM/ECF System, and was forwarded via U.S. Mail first class, postage prepaid and properly addressed to the parties' and/or counsel's addresses show below:

Michael Nelson
9450 S.W. Gemini Drive PMB 90924
Beaverton, OR 97008-7105
oklahomaremote@gmail.com

/s/ Chris J. Kellogg