KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| Plaintiffs ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| Defendant ) | |
| ) | |

### PLAINTIFF/COUNTER-DEFENDANTS' MEMORANDUM IN OPPOSITION TO DEFENDANT/ COUNTER-PLAINTIFF'S MOTION FOR JUDICIAL NOTICE REGARDING NOTHING DEFAMATORY ON GOOGLE AGAINST CHAD MITCHELL KOEHN AS OF JULY 30, 2022 (DOCKET NO. 116 THROUGH 116-10)

Plaintiffs/Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith respond in opposition to Defendant/Counter-Plaintiff Michael Nelson's ("Mr. Nelson") Motion for Judicial Notice regarding criminal charges against CHAD MITCHELL KOEHN (Docket No. 116 through 116-10), and say:

On July 31, 2022, Mr. Nelson filed his Motion for Judicial Notice under Federal Rules of Civil Procedure 201 requesting the court to take judicial notice of what Mr. Nelson refers to as CHAD MITCHELL KOEHN "No Defamatory Listing Appear on Google as of July 30, 2022.

*Chad M. Koehn, et al. vs. Michael Nelson*
Notice of Service of Discovery Requests
Case No. 22-CV-04008-JWB-GEB
Page 2

## **LEGAL STANDARD**

In *U.S. v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002), the Tenth Circuit held: ""Federal Rule of Evidence ("FRE") 201 provides an exception to this ordinary requirement that record evidence support any judicial finding of fact. FRE 201(b) permits a court to take "judicial notice" of a particular fact where that fact is "not subject to reasonable dispute in that [the fact] is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In applying FRE 201, we are mindful that "[i]f a court takes judicial notice of a fact whose application is in dispute, the court removes the[ ] weapons [of rebuttal evidence, cross-examination, and argument] from the parties and raises doubt as to whether the parties received a fair hearing." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997).. "[T]he effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." *Id.*""

In *Bain v. Continental Title Holding Company, Inc.*, No. 16-cv-2326-JWL, 2017 WL 264545, at *2 (D. Kan. Jan. 20, 2017), the Judge Lungstrum held: ""Federal Rules of Evidence 201 governs judicial notice of "adjudicative" facts. Fed. R. Evid. 201(a). Pursuant to that rule, the court may judicially notice a fact "that is not subject to reasonable dispute" because it is generally known within the trial court's territorial jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1).. Adjudicative facts are "the facts that normally go to the jury in a jury case" and relate to "the parties, their activities, their properties, their businesses." *United States v. Iverson*, 818 F.3d 1015, 1030 (10th Cir. 2016)[citations omitted]. Simply put, judicial notice of facts is an "adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the

*Chad M. Koehn, et al. vs. Michael Nelson*
*Notice of Service of Discovery Requests*
Case No. 22-CV-04008-JWB-GEB
Page 3

conventional method of taking evidence to establish facts." *York v. AT & T*, 95 F.3d 948, 958 (10th Cir. 1996).""" In his opinion, Judge Lungstrum, citing *United States v. Burch*, 169 F.3d 666, 672 (10th Cir. 1999) states; "Clearly, the affidavit of an individual-particularly one who works for the moving party and has an interest in the litigation-is not a source of indisputable accuracy under Rule 2019b)(2) and affidavit explaining significance of attachments cannot support judicial notice of the facts therein" *Id*.

Accuracy is only one component of a FRE 201(b) inquiry. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018), *cert. denied* ___ U.S. ___, 139 S.Ct. 2615, 204 L.Ed.2d 264 (2019).. The Ninth Circuit has made clear that "[a] court must also consider—and identify—which fact or facts it is noticing from ... [a document]. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*.

## DISCUSSION

In his motion, Mr. Nelson again misunderstands as well as exceeds the intent of FRE 201. All Mr. Nelson does in the ten paragraphs and their respective sub-paragraphs for which he seeks judicial notice in his motion is claim that he input certain phrases into the Google internet search engine and, as a result, obtained certain results. Upon those results, Mr. Nelson proceeds to digress from the title of his motion and requests the Court to take judicial notice that the Google search results "provide "proof in the negative and thus proof in the positive beyond any prima facie evidence that there appear no defamatory search engine listings related to the person of Chad Mitchell Koehn or his other names thus bringing forth the question as to why the SLAPP styled petition should even be allowed to continue…" Docket No. 116, at *22. Mr. Nelson's very quote argues in the face of *Khoja, supra.*

*Chad M. Koehn, et al. vs. Michael Nelson*
*Notice of Service of Discovery Requests*
*Case No. 22-CV-04008-JWB-GEB*
*Page 4*

Mr. Nelson's attempt to expound on the content of the documents is inappropriate for judicial notice. As pointed out in the *Khoja* case, above, just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth. The ten paragraphs requested to be judicially noticed by the Court are simply arguments made by Mr. Nelson resulting from the search results he ascertained on July 30, 2022. The ten paragraphs are not the proper subject of judicial notice.

Plaintiffs object to Mr. Nelson's Request for Judicial Notice of all paragraphs contained in his Motion for Judicial Notice filed as Docket No. 116 through 116-10.

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will deny Docket No. 116 through 116-10, Defendant Michael Nelson's Motion for Judicial Notice as well as any and all other relief the Court may deem just and proper.

Dated August 4, 2022.

Respectfully Submitted,

/s/ Chris J. Kellogg
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs*

*Chad M. Koehn, et al. vs. Michael Nelson*
*Notice of Service of Discovery Requests*
Case No.  22-CV-04008-JWB-GEB
*Page 5*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 4, 2022, the foregoing *Plaintiff/Counter-Defendants' Memorandum in Opposition to  Defendant/Counter-Plaintiff's Motion for Judicial Notice  Regarding Nothing Defamatory on Google Against Chad Mitchell Koehn as of July 30, 2022 (Docket No. 116 Through 116-10)*  was electronically filed with the Court using the CM/ECF System, which sent notification to all parties of interest participating in the CM/ECF System, and was forwarded via U.S. Mail first class, postage prepaid and properly addressed to the parties' and/or counsel's addresses show below:

Michael Nelson
9450 S.W. Gemini Drive PMB 90924
Beaverton, OR  97008-7105
oklahomaremote@gmail.com

/s/ Chris J. Kellogg