KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| **Plaintiffs** ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| **Defendant** ) | |
| ) | |

### PLAINTIFF/COUNTER-DEFENDANTS' RESPONSE IN PARTIAL OPPOSITION TO DEFENDANT/COUNTER-PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF REGULATORY FILINGS, SECRETARY OF STATE FILINGS, DISCLOSURES AND LAWSUITS REGARDING UCM AND CHAD M. KOEHN AND THEIR AFFILIATES (DOCKET NO. 117 THROUGH 117-12)

Plaintiffs/Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith respond in partial opposition to Defendant/Counter-Plaintiff Michael Nelson's ("Mr. Nelson") Motion for Judicial Notice of regulatory filings, Secretary of State filings, disclosures and lawsuits regarding UCM and CHAD M. KOEHN and their affiliates (Docket No. 117-1 through 117-12), and say:

### LEGAL STANDARD

In U.S. v. Boyd, 289 F.3d 1254, 1258 (10th Cir. 2002), the Tenth Circuit held: ""Federal Rule of Evidence ("FRE") 201 provides an exception to this ordinary requirement that record evidence support any judicial finding of fact. FRE 201(b) permits a court to take "judicial notice" of a particular fact where that fact is "not subject to reasonable dispute in that [the fact] is either

*Chad M. Koehn, et al. vs. Michael Nelson*
*Plaintiff's Response to Defendant's Motion re Regulatory Filings*
Case No. 22-CV-04008-JWB-GEB
Page 2

(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In applying FRE 201, we are mindful that "[i]f a court takes judicial notice of a fact whose application is in dispute, the court removes the[ ] weapons [of rebuttal evidence, cross-examination, and argument] from the parties and raises doubt as to whether the parties received a fair hearing." General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1083 (7th Cir. 1997).. "[T]he effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." Id.""

In Bain v. Continental Title Holding Company, Inc., No. 16-cv-2326-JWL, 2017 WL 264545, at *2 (D. Kan. Jan. 20, 2017), the Judge Lungstrum held: ""Federal Rules of Evidence 201 governs judicial notice of "adjudicative" facts. Fed. R. Evid. 201(a). Pursuant to that rule, the court may judicially notice a fact "that is not subject to reasonable dispute" because it is generally known within the trial court's territorial jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1).. Adjudicative facts are "the facts that normally go to the jury in a jury case" and relate to "the parties, their activities, their properties, their businesses." United States v. Iverson, 818 F.3d 1015, 1030 (10th Cir. 2016)[citations omitted]. Simply put, judicial notice of facts is an "adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. AT & T, 95 F.3d 948, 958 (10th Cir. 1996).""" In his opinion, Judge Lungstrum, citing United States v. Burch, 169 F.3d 666, 672 (10th Cir. 1999) states; "Clearly, the affidavit of an individual-particularly one who works for the moving party and has an interest in the litigation-is not a source of indisputable accuracy under

*Chad M. Koehn, et al. vs. Michael Nelson*
*Plaintiff's Response to Defendant's Motion re Regulatory Filings*
Case No. 22-CV-04008-JWB-GEB
Page 3

Rule 2019b)(2) and affidavit explaining significance of attachments cannot support judicial notice of the facts therein" Id.

Accuracy is only one component of a FRE 201(b) inquiry. Khoja v. Orexigen Therapeutics, 899 F.3d 988, 999 (9th Cir. 2018), cert. denied ___ U.S. ___, 139 S.Ct. 2615, 204 L.Ed.2d 264 (2019).. The Ninth Circuit has made clear that "[a] court must also consider—and identify—which fact or facts it is noticing from ... [a document]. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Id.

## DISCUSSION

In his motion, instead of simply requesting judicial notice of publicly filed documents, including the verifiable description of the public source from which the document was as obtained, whether it is a complete document or merely an excerpt, Mr. Nelson again exceeds the intent and frustrates the process of FRE 201 in his Motion and Exhibits "A" through "H", attached to the Motion.

Plaintiffs, in the spirit of cooperation and a good faith have shall take a position of no objection to the Court taking judicial notice of limited instances:

1.  Exhibit "I" (117-9), the Texas Secretary of State Business Organizations Inquiry reflecting facts concerning Anthem Vault Bunker, LLC; however, Plaintiffs reserve the right to object to the relevancy or materiality of the document.

2.  Exhibit "J" (117-10), the Texas Secretary of State Business Organizations Inquiry reflecting facts concerning AnthemGold, Inc.; however, Plaintiffs reserve the right to object to the relevancy or materiality of the document.

*Chad M. Koehn, et al. vs. Michael Nelson*
*Plaintiff's Response to Defendant's Motion re Regulatory Filings*
Case No. 22-CV-04008-JWB-GEB
Page 4

3.      Exhibit "K" (117-11), the Texas Secretary of State Business Organizations Inquiry reflecting facts concerning Anthem Vault, Inc.; however, Plaintiffs reserve the right to object to the relevancy or materiality of the document.

4.      Exhibit "L" (117-12), the Texas Secretary of State Business Organizations Inquiry reflecting facts concerning AnthemGold, Inc.; however, Plaintiffs reserve the right to object to the relevancy or materiality of the document.

Plaintiffs, however, do Object to the Court taking judicial notice of any facts contained in Mr. Nelson's Motion, as they contain Mr. Nelson's attempt to expound on the content of the documents attached to the Motion and it goes without saying that issue is taken with Mr. Nelson's recitation and ability to tell the truth as to about almost everything.

Plaintiff's Object to Exhibit "A" (117-1), Mr. Nelson simply refers to it as "One of many disclosure documents publicly available" (Motion at **2-3) yet does not set forth the specific source from which the document was purportedly extracted to that the same can be readily verified. "One of many…" is an improper open ended "fishing expedition" and would leave the matter subject to "ambush" and "the Plaintiffs guessing as to what "many" is to mean.

Plaintiff's Object to Exhibit "B" (117-2), as Mr. Nelson claims it to be "a true and correct copy of SEC regulatory filing of Anthem Holdings Co." (Motion at *4); however, he does not set forth the specific source from which the document was purportedly extracted to that the same can be readily verified and has not established a proper chain of custody, nexus or causation.

Plaintiff's Object to Exhibit "C" (117-3), as Mr. Nelson claims it to be "a true and correct copy of the report of IAD generated on Chad Mitchell Koehn" (Motion at *6); however, he does not set forth the specific source from which the document was purportedly extracted to that the same can be readily verified and has not established a proper chain of custody, nexus or causation.

*Chad M. Koehn, et al. vs. Michael Nelson*
*Plaintiff's Response to Defendant's Motion re Regulatory Filings*
Case No. 22-CV-04008-JWB-GEB
Page 5

Plaintiff's Object to Exhibit "D" (117-4), Mr. Nelson merely refers to it as ""FORM ADV: "UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION AND REPORT EXEMPTING INVESTMENT ADVISER for the primary business name UNITED CAPITAL MANAGEMENT OF KANSAS, INC. CRD Number 167755," Mr. Nelson does not set forth the specific source or Uniform Resource Locater from which the document was purportedly extracted to that the same can be readily verified and has not established a proper chain of custody, nexus or causation.

Plaintiffs Object to Exhibit "E" (117-5), although Mr. Nelson's Motion cites to a web address (Motion at *8); Exhibit "E" requires an interpretation of the analytics set forth in the document. Additionally, the header on the document states: "This XML file does not appear to have any style information associated with it. The document tree is shown below." This document is not supported by sufficient authentication and explanation of the content of a Regulation D filing by Anthem Holdings Co. Again, Mr. Nelson has failed or refused to establish a proper chain of custody, nexus or causation.

Plaintiff's Object to Exhibit "F" (117-6), as Mr. Nelson refers to it as "a true and correct "Screen Print" of information on Chad Mitchell Koehn from Broker Check made on July 29, 2022" (Motion at 8). Mr. Nelson does not provide the uniform resource locater from which the document was obtained, nor is the document supported by authenticated justification why the source from which the document was extracted should be treated as either generally known within the territorial jurisdiction of the Court or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Plaintiff's Object to Exhibit "G" (117-7), a single page copied from no identifiable source, is explained by Mr. Nelson to be "the cover of the BUSINESS COMBINATION MERGER FOR

*Chad M. Koehn, et al. vs. Michael Nelson*
*Plaintiff's Response to Defendant's Motion re Regulatory Filings*
Case No. 22-CV-04008-JWB-GEB
Page 6

Anthem Holdings Co." (Motion at *8). Mr. Nelson does not provide the uniform resource locater from which the document was obtained, nor is the document supported by authenticated justification why the source from which the document was extracted should be treated as either generally known within the territorial jurisdiction of the Court or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Mr. Nelson has not established a proper chain of custody, nexus or causation.

Plaintiff's Object to Exhibit "H" (117-8), as Mr. Nelson attaches what purports to be a copy of a Complaint for unpaid charges made on an American Express account "filed in Texas, listing as the Plaintiff in the action: AMERICAN EXPRESS NATIONAL BANK and as the defendants in the titled action: Anthem H. Blanchard and Anthem Vault, Inc." (Motion at *15). Exhibit "H" is not authenticated.

As pointed out in the Khoja case, above, just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth. The paragraphs in the Motion requested to be judicially noticed by the Court are simply arguments made by Mr. Nelson resulting from the exhibits he attaches to the Motion. These paragraphs are not the proper subject of judicial notice and as such his Motion should be denied.

Plaintiffs object to Mr. Nelson's Request for Judicial Notice of all paragraphs contained in his Motion for Judicial Notice filed as Docket No. 117 as well as Exhibits "A" through "H" attached to the Motion (Docket No. 117-1 through 117-8.

As apparent, Mr. Nelson's attachments are alleged to be nothing more than what he claims as scandal against some of the witnesses already listed by the Plaintiffs and are not proper means

*Chad M. Koehn, et al. vs. Michael Nelson*
*Plaintiff's Response to Defendant's Motion re Regulatory Filings*
Case No.  22-CV-04008-JWB-GEB
Page 7

of cross examination, have no bearing or relevancy to this case, and are not proper for judicial notice.

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will deny the Motion and Exhibits "A" through "H" attached thereto as well as any and all other relief deemed just and proper.

Respectfully Submitted,

/s/ Chris J. Kellogg    #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
T:      (785) 825-4674
F:      (785) 825-5936
E:      ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 5, 2022, the foregoing *Plaintiff/Counter-Defendants' Response in Partial Opposition to Defendant/Counter-Plaintiff's Motion for Judicial Notice of Regulatory Filings, Secretary of State Filings, Disclosures and Lawsuits Regarding UCM and Chad M. Koehn and Their Affiliates (Docket No. 117 Through 117-12)* was electronically filed with the Court using the CM/ECF System, which sent notification to all parties of interest participating in the CM/ECF System, and was forwarded via U.S. Mail first class, postage prepaid and properly addressed to the parties' and/or counsel's addresses show below:

Michael Nelson
9450 S.W. Gemini Drive PMB 90924
Beaverton, OR  97008-7105
oklahomaremote@gmail.com
*Defendant/Counter-Plaintiff*


/s/ Chris J. Kellogg