# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. <br><br> and <br><br> CHAD M. KOEHN <br><br>　　　　　Plaintiffs, Counter-defendants <br>　　　　v. <br> Michael Nelson <br>　　　　　Defendant, Counter-Plaintiff <br> PRO-Se. | **DOCKET NO.:　5:22-CV-04008-JWB-GEB** <br><br> <u>**CIVIL ACTION**</u> <br><br> **Sur-Reply to Doc 108 Memo in Opposition to Doc 94 Motion to Disqualify Craig Alan Brand** <br><br> **[Jury Trial Demanded]** |

<u>Defendant Counter-Plaintiff ("Nelson"), makes "SPECIAL & LIMITED</u>

<u>APPEARANCE"</u> here and now for the purposes of filing **Sur-Reply to Doc 108 Memo in**

**Opposition to Doc 94 Motion to Disqualify Craig Alan Brand Counter-Plaintiff and**

**Defendant so states as a matter of fact and law in reply** to opposition:

　　　　Defendant and Counter-Plaintiff, Nelson, is only afforded the opportunity to provide

this sur-reply to the opposition filing, document 108, filed by Koehn and UCM, because the

Counter-Plaintiff, Nelson, was notified by the Chambers of Federal Magistrate Birzer, with

an attached "denial" of a motion made by Koehn and UCM for an extension of time

regarding the report of the parties Rule 26(f) conferences.  The motion made by Koehn and

UCM was neither discussed with Nelson, nor has it ever been provided to Nelson to date by

UCM and Koehn.  In the denial the Magistrate Judge referred to the ex parte, secret filing of

UCM and Koehn to be document 97 and her, Federal Magistrate Judge Birzer's response

===============================================================
**Sur-Reply to Doc 108 Memo in Opposition to Doc 94 Motion to Disqualify Craig Alan Brand**

- 1

denying the ex parte secret motion to be document 100. This caused Nelson to BOTH object

to the ex parte secretive communications between Koehn, UCM and the presiding

Magistrate, and question the numbering of the documents, as the numbering of documents

does not coincide with the documents which Nelson has received in the matter at bar.

Nelson must rely upon third party non-profits who monitor cases of grave public

concern, like the case here which originated via a state petition replete with racial slur, in

place of the name of Nelson, the state petition was formulated as alleged a SLAPP (Strategic

Lawsuit Against Public Participation) lawsuit. UCM and Koehn by and through the well

known long and storied history of Craig Alan Brand, continue to regularly deny basic due

process rights to the pro se defendant and counter-plaintiff Nelson. The fact the

memorandum in opposition to the dutiful motion to disqualify Craig Alan Brand from

representation here needs now be replied to, not because UCM and Koehn have properly

provided a copy of their memorandum in opposition, but only because Nelson must rely

upon Judicial Watch, ACLU, Free.law, Reporters Rights, Intl. Free Speech, Human Rights

Watch, Sea Shepherd, Intl. Civil Rights, NAACP and other non-profits who monitor Federal

Cases so that Nelson can at times be so noticed of the regular SECRETIVE Ex Parte

communications with the Court filed by UCM and Koehn who continue to flout the basic

fundamental due processes as outlined in the Federal Rules of Civil Procedure and United

States Constitution and Kansas Constitution given this Court is the US District Court for the

US Federal Court District of Kansas, ergo Kansas State Statutes apply. It is upon

information and belief that it is the litigation strategy of Craig Alan Brand and his long and storied history of judicial abuses to continue to abuse the legal processes here and deny fundamental due process rights, frustrating BOTH the Court and the pro se party, Nelson in the matter before the Court, as Brand continues with purposeful, willful, wrongful and illegal DECEPTION in the filings made. In fact it is because of Brand's involvement that Nelson, appearing pro se is further disadvantaged in the proceedings by not being able to safely apply for and receive electronic notice and make electronic filings in the matter, if Nelson were to attempt to do so Brand would as the docket reflects in Documents 52 and 57, utilize DECEPTION, trickery and certain FRAUD as he has already accomplished in defrauding the Chambers of presiding Judge Birzer and Nelson regarding the origins of his email communication with the Chambers and Nelson as the opposing party, thereby fundamentally altering the ability for Nelson to participate in the proceedings and thus providing an unfair advantage to Craig Brand and his gaggle of attorneys poised against Nelson, pro se.

UCM and Koehn fail in their memorandum in opposition to the Motion to Disqualify Craig Alan Brand, by purposefully mistaking the dutifully filed motion for a collateral attack on the admission of Brand pro hac vice, where as stated the Court has thrown out its own rules, ignored the perjury riddled affidavit submitted by Craig Alan Brand and instead relied upon the certificate of good standing for Brand's admission to a single bar association in Florida, wherein the certificate of good standing was good for only the day upon which it was issued. The Motion to Disqualify Craig Alan Brand is not founded upon his obvious and

evident disdain for the American Judicial System, nor is it founded upon the obvious and evident proclamations of Brand in his book: "I don't Care What Mom Says: LIFE SUCKS" by Craig A. Brand, Esq. Though certainly any Court should be concerned with the proclamations Brand makes in reference to certain public disgrace Craig Alan Brand brings down upon the legal profession, attorneys, lawyers, Judges, and even the Courts, as Brand publicly promotes distrust and certain negativity towards the American System of Justice.

Nelson proceeding pro se though quoting at times the public proclamations of Brand in the books he has authored, filed motion for disqualification upon sound ground, which at the very least warrants formal investigation by the Court, including placing Mister Craig A. Brand under oath and examining his various multitude of legal representations outlined in the Motion to Disqualify, though Nelson concedes that if Brand were placed under oath the Court must be skeptical of anything Brand states to the Court, as Craig A. Brand publicly declares: I [CRAIG ALAN BRAND], for instance have championed the art of disinformation. **I [Craig Alan Brand] intentionally provide people [courts] with false information…"** pages 118 and 119 id.

Nelson, pro se recognizes: "courts do not exist to discipline attorneys, but to resolve disputes. *Papanicolaou v. Chase Manhattan Bank, N.A., 720 F.Supp. 1080, 1082 (S.D.N.Y. 1989)*. The movant (Nelson) has the burden of showing sufficient grounds for disqualification. *F.D.I.C. v. Sierra Resources, Inc., 692 F.Supp. 1167, 1170 (D. Colo. 1987)*..

Which Nelson, pro se provides more than sufficient grounds for disqualification given the multitude of simultaneous conflicting representations, which is further evidenced by the fact witnesses listed on UCM and Koehn's witness listed at 4 through 10 (7 different witnesses) all list an address covered by an order in Oklahoma, preventing Nelson from contacting those witnesses, and the address is none other than Craig Alan Brand's other client Hera Software Development Inc. (HERASOFT) which is at the heart of the case here at bar. In addition to the fact Craig Alan Brand publicly states he is the "special counsel" for Hercules/HeraSoft, Craig Alan Brand continues in representation of Anthem Holdings Company and Anthem Vault Inc. both also at issue in the case here and as to Anthem Holdings Company, it is plaintiff and counter-defendant Chad Mitchell Koehn who publicly declares a conflict of interest existing between himself and co-plaintiff and co-counter-defendant UCM and that of Anthem Holdings Company, which Craig Alan Brand also represents and claims is a shareholder, as well as to Hercules which is a CRYPTO CURRENCY stock Coin which Brand also claims publicly to represent. In addition to these conflicts Brand represents Dale Takio and his companies, and Dale Takio as his Criminal Defense Attorney in Criminal proceedings against Dale Takio stemming from the $20 million heist he was accused of involving Simon Properties Group SPG on the NASDAQ, and Criag Alan Brand also represents Anthem H. Blanchard and Cynthia D. French personally, as has been alleged Brand used connections and BRIBES in foreign countries to free at least Anthem H.

===============================================================================
**Sur-Reply to Doc 108 Memo in Opposition to Doc 94 Motion to Disqualify Craig Alan Brand**

- 5

Blanchard from detainments relating to what Brand states are drug charges, relating directly to Anthem Holdings Co. Inc. and Hera Soft.

Nelson pro se recognizes "The courts in this district approach motions to disqualify conscientiously and conservatively", as they should, however in this case given Craig Brand's proclamations regarding the American Judicial System and the certain disgrace he brings upon the legal profession, combined with the facts of the matter at bar and the continuous denial of basic due process rights to Nelson, in the continued flagrant disregard to the Federal Rules of Civil Procedure, combined with the obvious and evident repetitive listings of identical addresses for witnesses, which relate directly to yet another Craig Alan Brand client with conflicting interests to the two plaintiffs and counter - defendants here gives pause to any reasonable person to believe the conflicts of interest are so great as to dissuade any reasonable person from believing Craig A. Brand can provide any basic fair and fundamental representation equally to all parties. Nelson is a "significant equity interest" holder in the companies Hera Soft [Hera Software Development Inc.] AND Anthem Vault Inc. AND Anthem Holdings Company, it is Koehn who public declares a conflict of interest between himself and UCM and Anthem Holdings Company, yet it is Brand who proposes to represent all three, in addition to representing other officers, employees, contractors and shareholders whilst also representing the corporations themselves and the conflicts the corporations have with Chad M. Koehn.

It is because of Craig Alan Brand's involvement in this matter that Nelson cannot apply to receive electronic communication and notice from the Court, thereby increasing costs and difficulties in the litigation as stated previously to the Court, see Document 35, page 5, at (11) and lines 12 through 16, of Nelson's "NOTICE OF WITHDRAWAL of motion Document Number 3" which states: "Defendant [Nelson] <u>has a particularized NEED to receive timely notices</u> regarding the matter at bar, and <u>simply is unable to receive timely notices via electronic means</u> at present **due to the constant cyber attacks and hacks of Craig Brand's legal associate and/or law partner Logan R. Golema and others.**"

IF the Court here is concerned with the just, speedy and inexpensive determination of every action, having Craig A. Brand involved with his multitude of conflicting representations, his public disdain for the American System of Jurisprudence, as referenced in the attached Exhibit "A", quotes from Craig A. Brand's books, and his long and storied history of litigation strategies strike at the heart denying due process of law, denying those he opposes basic fundamental fairness and denying his opponents as he has orchestrated here basic and fundamental protections of due process of law. It is Craig A. Brand's litigation strategy to frustrate the pro se party the Court and as obvious demonstrate to the Public at large that a fair, public and open Court consisting of basic fundamental rights of due process of law cannot be had in the US District of Kansas allowing Craig A. Brand to continue in representation or involvement in the current matter at bar. The Court MUST weigh the Judicial Costs, the procedural history of the matter, the perception of the public in having

disputes settled expeditiously, fairly, with due process of law, in accordance with the Federal Rules of Civil Procedure and embodying the ethics and morals which are necessary to administer justice, none of which has occurred nor will occur if the Court here continues to allow the shenanigans both ex parte to the Court and ex parte and extra judicial caused by Craig Alan Brand and his legal associates.    In the interests of Judicial Conservation of Resources, to provide for judicial economy and provide fair and balanced litigation including of providing fair judicial hearings, notices and practices in accordance with the Rules of Professional Conduct and in accordance with the Federal Rules of Civil Procedure.

In the Motion to Disqualify Craig Alan Brand, Nelson presents a myriad of conflicts of interest in the multitude of simultaneous representations of Craig Brand.  In fact it is according to Brand client Cynthia D. French, that Brand continues with appeals in NEVADA, now presumably only to the NEVADA SUPREME COURT, in representation of Anthem Vault Inc. and Brand publicly declares himself the only human shareholder of Hera Software Development Inc. which now claims HERC crypto currency stock coin as a proprietary protocol, though having previously raised 100's of millions of dollars as a decentralized Stock Coin, and not a proprietary protocol to which Brand also claims he is "special counsel" to the conflicting HeraSoft and Hercules and is counsel for Anthem Holdings Company, all the witnesses presented by UCM and Koehn list identical address for that of Hera Software Development Inc., a company which Koehn publicly declares to have led a financing round for, despite having not any SEC registration, and publicly declaring

that Chad Mitchell Koehn has conflicts with Anthem Holdings Company and UCM, ergo how can Craig Brand fairly represent the interests of Chad Mitchell Koehn, Anthem Holdings Company, UCM, Cynthia French, Anthem Blanchard, Anthem Vault, Logan Golema, Anthem Vault and Bunker, AG Herc Inc., Anthem Gold Inc., Hercules SECZ (Grand Cayman Islands), Hercules LLC (Puerto Rico), HERC crypto currency stock coin, and fairly represent the interests of the significant equity interest holders in each like Mr. Nelson, whom collectively make up the majority of interest in the corporations related to Anthem Holdings Company, Anthem Vault, Anthem Gold, Hercules, Hercules LLC , Hercules SECZ, HERC crypto currency stock coin?  It is not possible for Mr. Brand to successfully represent all the conflicting interests of all the parties who even publicly declare their conflicts of interest.  In fact if allowed to continue in this matter, it is not just the image of the Courts which will be tainted by the observing public and the 10's of thousands of investors in each corporation to which Brand continues in simultaneous representation but the interests of the minority shareholders who comprise the majority will be forever damaged by the conflicting representations of Brand.

Mr. Nelson is a former member of the Board of Directors of Anthem Vault Inc. and ipso facto the claimed conglomerate of Anthem Holdings Company.  Brand has confidential information regarding Anthem Vault Inc. including information he has obviously withheld from Chad Mitchell Koehn and UCM who public declare conflicts of interest with each other, otherwise Koehn and UCM committed grave securities fraud in not noticing the

underlying litigations to Anthem Vault Inc. and thus Anthem Holdings Company during solicitation of stock investments to Anthem Holdings Company wherein then money was diverted to create Hera Software Development Inc. (HERASOFT) also represented by Brand and at times claimed a "spin off" of Anthem Gold, together with Lunargistics Corporation and CisLunar Exchange and Anthem Station (Space Station), but also Koehn claims to have led the financing and sits upon the Board of Hera Software Development Inc. of Delaware yet does not disclose this fact in the ADV forms he (Koehn) himself files to the government as per his licenses he holds which are regulated.

Due to the regulated nature of the business of UCM and that of Chad Mitchell Koehn their licenses and regulations require certain disclosures be made, given the fact Brand has confidential information regarding the those investments and underlying investment companies which Koehn sits upon boards yet has a direct conflict with UCM presents a situation where for Koehn and UCM to mount a defense Brand must and has the prima facie evidence indicates, violate the confidentiality of the companies Anthem Vault Inc. Anthem Gold Inc. AG HERC Inc. Hercules SECZ, Hercules LLC, Anthem Station, Lunargistics Corporation, Anthem Hayek LLC, HERC crypto currency stock coin and many more.

It is the averment of Koehn and UCM's counsel Christopher Kellogg in their response memorandum in opposition to the Disqualification of Craig Alan Brand, to ask the court to rely upon "good faith" and nebulous statements as to Craig Brand's representation thus far at bar, which the evidence is to the contrary, even having Christopher Kellogg exclaim multiple

times during the Rule 26(f) conferences that Craig A. Brand is a "JACKASS", words from Christopher Kellogg not from Nelson appearing here pro se out of necessity due to the multitude of simultaneous legal entanglements orchestrated by Craig Brand through his brand of litigation strategy based upon a foundation of LIES, as he Craig Brand well lays out in his book as referenced in the attached herewith quotes in Exhibit "A".

"A lawyer's good faith, although essential in all his professional activity, is, nevertheless, an inadequate safeguard when standing alone. . . . The dynamics of litigation are far too subtle, the attorney's role in that process is far too critical, and the public's interest in the outcome is far too great to leave room for even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case." *Emle Indus. v. Patentex, Inc., 478 F.2d 562, 571 (2d Cir. 1973).* **Good faith is generally considered irrelevant in evaluating allegedly improper conduct pursuant to a motion to disqualify counsel.** *See, e.g., E.F. Hutton & Co. v. Brown, 305 F. Supp. 371, 400 (S.D. Tex. 1969); T.C. Theatre Corp. v. Warner Bros. Pictures, 113 F. Supp. 265, 271 (S.D.N.Y. 1953).*

UCM and Koehn state: "Mr. Nelson's motion fails to demonstrate that Attorney Brand ever acted directly or indirectly in any proceeding or matter on Mr. Nelson's behalf, nor did Mr. Nelson demonstrate that Mr. Brand receive confidential communications from Mr. Nelson in any proceeding." This demonstrates that UCM and Chad Mitchell Koehn NEVER read for comprehension the Motion to Disqualify Craig Alan Brand, as neither of those points were ever made in the motion to disqualify Craig Brand and they are certainly

==============================================================================
**Sur-Reply to Doc 108 Memo in Opposition to Doc 94 Motion to Disqualify Craig Alan Brand**

- 11

not the only reasons why an attorney can be disqualified, as well articulated in Mr. Nelson's motion and memorandum of law, regarding recusal of Mr. Brand.

In a matter eerily similar hereto a Federal Court sitting in Kansas deciding to disqualify for a conflict of interest looks to the Kansas Rules of Professional Conduct. See D. Kan. Rule 83.6.1 (adopting Kansas Rules of Professional Conduct as applicable standards of professional conduct); "(c) Standards of Conduct. Any of the following acts or omissions by an attorney shall constitute misconduct and shall be grounds for discipline: (1) Acts or omissions which violate standards of professional conduct; (2) Conduct violating applicable rules of professional conduct of another jurisdiction; (3) Willful disobedience of an order of court requiring the attorney to do or forebear an act in the course of the practice of law; (4) Willful violation of the attorney's oath prescribed by these rules; *see also Coffeyville Res. Refining & Mktg. v. Liberty Surplus Ins. Corp., No. 08-1204-WEB, 2009 WL 3007125, at \*1 (D. Kan. Sept. 16, 2009)*

**CRAIG ALAN BRAND VIOLATES EVERY SINGLE ONE OF THE STANDARDS FOR DISQUALIFICATION:** (1) Brand's actions during the litigation have included purposeful, knowing, willful, illegal attempts to mislead the Chambers of Judge Birzer and opposing pro se party Nelson, in his wrongful illegal response email from craig.brand@herasoft.com demonstrating Brand is an employee with email address at HeraSoft the moniker for Hera Software Development Inc. this was complained of to the Court at length in documents 52 and 57. (2) Craig Brand's actions at bar have included

filing of a false affidavit under penalties of perjury, having the Court acknowledge on the record he (Craig Brand) "played fast and loose"; Craig Brand has purposefully mislead the Chambers of Judge Birzer and opposing party Nelson, purposefully trying to have Nelson violated for contact with the HeraSoft.com email address as complained of in Documents 52 and 57; Craig Brand has proffered shameful disparagements against the Judiciary and presiding Judges of the District; Craig Brand regularly proclaims his disdain for the American Judiciary in public statements which bring shame, negative thoughts and certain tarnish upon the system of Jurisprudence in the United States as demonstrated in the Attached herewith Exhibit "A" (3) Craig Brand's litigation strategy has included orchestration of a plan to prevent Nelson from receiving electronic service in this litigation, thus now causing formal application for default judgment against Koehn and UCM (4) Craig Brand has violated his oath to his profession through his words of hate sewn in public as demonstrated in attached Exhibit "A", and in his multitude of conflicts of interest as previously well articulated in pleadings for Motion to Disqualify, and in his shameful purposeful illegal emails sent to Nelson and Chambers for Judge Birzer attempting to have Nelson violate the orders of another Court; and through Craig Brand's perjury in writing to the Court; and through Craig Brand's simultaneous conflicting representations adding Pinkerton Doctrine issues to all attorneys, and his clients UCM and Koehn as they relate to HeraSoft, Anthem Vault Inc. (Brand continues in dual representation), Anthem Holdings Company (Koehn and UCM have conflicts with each other and Anthem Holdings Co.),

Lunargistics, CisLunar Exchange, Anthem Station ( purported Space Station), HERC Crypto

Currency Stock coin (ICO), Hercules LLC, Hercules SECZ (Grand Cayman Islands), AG

Herc Inc., Anthem Hayek LLC, Anthem Vault and Bunker LLC, and many others yet to be

fully determined but presenting multitudes of conflicts of interest to each other and to UCM

and Koehn who already publicly declare conflicts of interest with each other and Anthem

Holdings Company.

Ethical violations do not automatically trigger disqualification. *Chapman Eng'rs, Inc.*

*v. Natural Gas Sales Co., Inc., 766 F. Supp. 949, 954 (D. Kan. 1991)*. Because

disqualification affects more than merely the attorney in question, the Court must satisfy

itself that this blunt remedy serves the purposes behind the ethical rule in question. *Koch v.*

*Koch Indus., 798 F. Supp. 1525, 1530 (D. Kan. 1992)*. Brand's limited appearance in the

matter at bar, already wielded its ugly head in Brand proffering testimony and allegations

relating to SEC (Securities and Exchange Commission) and FINCEN, a Terrorist Financing

Intelligence gathering division of the US Departments of Homeland Security and US

Treasury, having had Judge Magistrate Birzer, chastise and admonish Craig Brand's behavior

before even addressing his pro hac vice affidavit, which as submitted the Court recognized

the affidavit stating: "you [Craig Alan Brand] know, you play fast and loose with number

six" the intention of the Court document to remain un-edited, that was edited by Brand

causing him to file an affidavit filled with PERJURY.  When an attorney files an affidavit

under the penalty of perjury which is then proven to be false, thus committing perjury before the Court, it screams unethical conduct.

Craig Alan Brand's unethical, immoral, knowing, purposeful, willful illegal conduct has even included shameless attempts to mislead the Chambers of the presiding jurist and mislead the opposing party, Nelson, wherein as described in Documents 52 and 57, Craig Brand purposefully replied from an email address craig.brand@herasoft.com when he was emailed by Chambers to the email address on file with the Court, an email address at a domain name for Craig A. Brand's purported Law Corporation Partnership, where he claims to be the Senior Partner, @thebrandlawfirm.com  The Court has the inherent power to disqualify an attorney for ethics violations, *Biocore, 181 F.R.D. at 664.* At its discretion, for violations of local rules, the Court can also apply the sanctions authorized under the Federal Rules of Civil Procedure. D. Kan. Rule 11.1(b), (c). In addition, the federal rules do not supplant the Court's inherent power to disqualify counsel at its discretion. *Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S. Ct. 2123 (1991)*   Allowing Mr. Brand to continue in representation in the matter at bar guarantees that neither party will receive a just, speedy nor inexpensive determination of the matter, because it shall require both parties to communicate solely though United States Postal Mail in accordance with Rule 5 of FRCP, to do otherwise is to invite as Mr. Brand's misconduct has already demonstrated legal headaches and potential inadvertent violations of underlying inferior court orders, which was Mr. Brand's intention as he attempted to have Nelson inadvertently violate another courts orders

regarding the HERASOFT email address used by Craig Alan Brand has he attempted and partially succeeded in defrauding the Chambers of Birzer and certainly Nelson through Craig Alan Brands willful purposeful illegal DECEPTION in the source of his email replying not from the email address where message was sent by Judge Birzer's chambers but instead by replying from craig.brand@herasoft.com in hopes to entrap Nelson into some violation.

IF not for Craig A. Brand's deliberate attempts to get Nelson to inadvertently have communication with an email address at www.herasoft.com thereby violating another Court's Order then perhaps the parties could engage in email correspondence and Nelson would be able to receive electronic notifications and service and make electronic filings in the matter at bar. Due directly and in part to both Craig Alan Brand's ex parte extra judicial email harassment campaign as complained of by Nelson in document 35; and again Craig Alan Brand's purposeful, willful, knowing, wrongful and illegal conduct in the misleading of Chambers for Judge Birzer and the person of Nelson, in unethical attempts to get Nelson to inadvertently violate an underlying order of an inferior Court in another State, then the matter at bar would have dramatically less stresses, to the parties and burdens upon the parties and the Court. **Due to Craig Alan Brand's unethical, immoral, illegal and certainly wrongful conduct at bar in direct relation to email, has and continues to place unnecessary strains upon the litigants in this matter, dramatically increasing costs to the litigants and to the Courts. It is Craig Alan Brand's MISCONDUCT at bar which has caused**

**the issues the parties now face of neither a speedy nor inexpensive determination of the matter before the court.**

The immediate preventive measure sought by plaintiff is indicated only where the offending attorney's conduct threatens to "taint the underlying trial" with a serious ethical violation. *W.T. Grant Co. v. Haines, 531 F.2d 671 (2d Cir. 1976)*. There are, in this Court, in the state of Kansas, and in every other state, detailed and pervasive rules and enforcement machinery to deal with ethical violations. However, here Craig Brand's ethical violations to his oath and practice of law are much more severe than simply wrongful emails, or willful violations of Federal Rules of Civil Procedure or willful violations to the Orders of the Court. Here in this litigation Craig Brand's involvement taints the very and most basic fundamental fairness of legal proceedings, those which strike at disruption to the proceedings and violate Nelson's rights to due process. Craig Brand's MISCONDUCT at bar and extra judicial harassment have and continue to cause increasing costs to both parties making the matter at bar overly burdensome, expensive and causing the parties not be able to communicate via any electronic form of mail communications and prevent Nelson from participating in electronic service. Craig Brand's abuse and MISCONDUCT of telephonic systems creates a situation where the pro se Counter-Plaintiff and defendant is unable to communicate outside the presence of a Judicial officer and thus creates undue hardship and burdens upon the parties. IN accordance with FRCP Rule 1, this action is neither speedy nor inexpensive having Craig Alan Brand involved, ipso facto the involvement of Craig Alan Brand provides

justification for the fact that Nelson cannot have electronic service of pleadings and must

demand all communication via USPS mail in accordance with FRCP Rule 5, especially

wherein Nelson has NOT consented in writing to any alternative service and cannot as long

as Craig Alan Brand is involved.  It is therefore Craig Alan Brand's direct misconduct at bar

which has caused Koehn and UCM to not properly answer the first amended counter

complaint and thus has now caused application for default judgment served, removing the

counter complaint from the jurisdiction of the Court to hear its merits and warranting the

immediate issuance of default judgment for sum certain against Koehn and UCM, therefore

Craig Brand's misconduct has had real and serious consequences to Koehn and UCM and

continue to cause real and serious consequences to Nelson and other third parties given

Brand's multitude of simultaneous conflicting representations which violate Brand's oath and

a multitude of the Rules of Professional Conduct which govern an attorneys conduct before

the Courts.

**PRAYER FOR RELIEF UPON THE RULES of the COURT:**

WHEREFORE the Counter-Plaintiff Nelson, prays this Honorable United States

District Court will uphold the Rule of Law, the ipso facto Laws of Congress under the

Federal Rules of Civil Procedure, provide for the just, speedy and inexpensive determination

of this action by eliminating the constant willful, purposeful, knowing, illegal misconduct

constantly rearing its head in the matter at bar, by immediately DISQUALIFYING Craig

Alan Brand from further representation in the matter at bar, thus moving the matter towards inexpensive and speedy resolution, in conformity with the Federal Rules of Civil Procedure.

Nelson, appearing Pro Se requests formal oral arguments, formal hearing with Craig A. Brand, Esq. being placed under oath for examination by the Court and cross examination by Nelson during evidentiary hearing, if the Court does not on its own accord so order as is proper the disqualification of Craig Alan Brand from appearing in this matter at bar. The seriousness of the issues in regards to disqualification of Craig Alan Brand, and the consequences to both parties, the Court and the public is so severe and grave it warrants formal inquiry, testimony of Brand under oath (though Brand declares himself "champion of disinformation" and he Craig Brand "intentionally provides people [courts] with false information" according to his own words in publications) none-the-less the Court should hold formal hearings, take sworn testimony of Craig Brand in evidentiary hearing, especially given the fact collateral order doctrine attaches so necessitating interlocutory appeal to this most serious situation and severe misconduct of Brand in violation of Court Orders, seeking to cause others to violate court orders, misleading of opposing party and the Chambers of the presiding magistrate, the needless increased costs of litigation surround Brand's purposeful willful knowing misrepresentations and multitude of simultaneous and consecutive representations to issues substantially similar to those at bar here.

Wherein if the US District of Kansas does not grant instanter the Motion to disqualify Craig Brand from the representation, then as a matter of right and to avoid what will and has

already become manifest injustice in the matter at bar, APPEAL is necessary, to preserve the rights of the parties, eliminate the misconduct at bar, provide for just, speedy and inexpensive determination of the action by Appealing to either the District Court or the 10th Circuit Court of Appeals, as disqualification of Craig A. Brand is the only choice if the integrity of the Judicial System is to remain intact and the parties are to have a just, speedy and inexpensive determination of the matter now before the Court.

The request for Disqualification of Craig A. Brand, "...is collateral to the main proceeding yet has grave consequences to the losing party; it is fatuous to suppose review of the final judgment will provide adequate relief." *496 F.2d at 805.* Thus interlocutory appeal is a necessity. The courts have accepted direct appeals under the Cohen doctrine in regards to matters as serious as presented here in regards to the disqualification of the constant nuisance to the parties and the Courts, the misconduct of Craig A. Brand. *Tomlinson v. Florida Iron & Metal, Inc., 291 F.2d 333 (5th Cir. 1961)*, in which the Fifth Circuit held that an order denying appellant's motion to disqualify his opponent's counsel was appealable under the Cohen principle. *Id. at 334. Accord, Uniweld Prod., Inc. v. Union Carbide Corp., 385 F.2d 992, 994 (5th Cir. 1967), cert. denied, 390 U.S. 931 (1968). See also United States v. Hankish, 462 F.2d 316 (4th Cir. 1972). Harmar Drive-In Theatre, Inc. v. Warner Bros. Pictures, 239 F.2d 555 (2d Cir.), cert. denied, 355 U.S. 824 (1957).*

Utilization of writs, including PROHIBITION and/or Mandamus, to effect review of lower court decisions, <u>when adverse to the public interest,</u> given the obvious and evident

====================================================================
**Sur-Reply to Doc 108 Memo in Opposition to Doc 94 Motion to Disqualify Craig Alan Brand**

- 20

impropriety pro hac vice, Craig Brand has caused and the facts as well laid out in documents 52 and 57, demonstrating where Craig Brand used these proceedings here in the US District of Kansas, to attempt through DECEPTION and trickery to mislead not only the Chambers of the Presiding Jurist but to mislead Nelson, the opposing party, causing Nelson to inadvertently violate the orders of an underlying Court, by Brand's purposeful misuse of his Craig Alan Brand's HERASOFT email address, demonstrating clearly that Craig ALan Brand is not just counsel to HeraSoft but by ipso facto definition an employee and certainly knowledgeable of all ongoings of HeraSoft, thus so attaching Pinkerton Doctrine to issues with Brand's conflicting simultaneous representations in violation of ethics rules and violation of the parties rights here.   Craig Brand's possession of the HeraSoft email address and attempts to trick and certainly act with DECEPTION towards the Court and Nelson in the trickery exhibited by Brand in regards to the HeraSoft.com email address being used in place of the email address originally sent correspondence to by the Chambers of Federal Magistrate Birzer demonstrates clearly why Brand must be disqualified. *Cord v. Smith, 338 F.2d 516 (9th Cir. 1964)*, the court accepted the appeal as a petition for a writ under the All *Writs Act, 28 U.S.C. § 1651 (1970),* **and reversed on the merits, ordering disqualification.** *Accord, Chugach Elec. Ass'n v. United States Dist. Ct. for the Dist. of Alaska, 370 F.2d 441 (9th Cir. 1966)* **(disqualification affected by mandamus after denial thereof by the district court)**. In *Yablonski v. United Mine Workers, 454 F.2d 1036 (D.C. Cir. 1971), cert. denied, 406 U.S. 906 (1972), District of Columbia Circuit* held while denial of a

disqualification motion was appealable, circumstances sufficiently extraordinary to justify

issuance of a writ of mandamus existed. Where here the Court in the US District of Kansas

can avoid further disruption, achieve tremendous Judicial Conservation of resources, provide

for judicial economy in the proceedings, provide for just, speedy and inexpensive

determination of the matter before the Court, by removing via Disqualification Craig A.

Brand who continues to cause obvious and evident impropriety as witnessed by the Public at

Large, thereby casting serious doubts in the minds of the public as to the fairness and due

process of law within the US District of Kansas Federal Courts.

> "...the integrity of the judicial process is to be maintained, and the appearance of
impropriety to be scrupulously avoided, the issue of an allegedly improper representation
should be resolved at the outset, "lest a costly and protracted trial be tainted on the merits by
an issue collateral thereto." *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 496
F.2d 800, 803 (2dCir. 1974).*

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at
106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded,
must be held to less stringent standards than formal pleadings drafted by lawyers,"
*ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do

substantial justice"). In the interests of substantial justice and to prevent manifest

injustice the Courts generally reviewed "filings generously and with the leniency

==============================================================================
**Sur-Reply to Doc 108 Memo in Opposition to Doc 94 Motion to Disqualify
Craig Alan Brand**

- 22

due pro se litigants", see *Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007);*

*Andrews v. Heaton, 483 F.3d (10th Cir.2007).*

Respectfully Submitted, this 6th day of August 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order of Saline County Court Judge Paul J. Hickman.

Respectfully Submitted, this 6th day of August 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

========================================================================
**Sur-Reply to Doc 108 Memo in Opposition to Doc 94 Motion to Disqualify Craig Alan Brand**

- 24