# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

<table>
<tr><td>

United Capital Management of Kansas, Inc.

<u>and</u>

**CHAD M. KOEHN**

       Counter-defendants

      v.

Michael Nelson

      Counter-Plaintiff    PRO-Se.

</td><td>

<span style="background:yellow">DOCKET NO.:   5:22-CV-04008-JWB-GEB</span>

<u>CIVIL ACTION</u>

**RESPONSE to Doc. 107 Opposition Memorandum to DEMAND <u>Application</u> of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55**

</td></tr>
</table>

<u>Counter-Plaintiff ("Nelson"), makes "SPECIAL & LIMITED APPEARANCE"</u> here and now for the purposes of filing **RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment against Counter-Defendants, Chad M. Koehn ("Koehn") and United Capital Management of Kansas Inc. ("UCM") pursuant with FRCP and the Counter-Plaintiff so states as a matter of fact and law in reply** to opposition:

    The Counter-Plaintiff, Nelson, is only afforded the opportunity to provide this Response to the opposition filing, document 107, filed by Chad M. Koehn and UCM, because the Counter-Plaintiff, Nelson, was notified by the Chambers of Federal Magistrate Birzer, with an attached "denial" of a motion made by Koehn and UCM for an extension of time regarding the report of the parties Rule 26(f) conferences. The motion made by Koehn and UCM was neither discussed (confer) with the Nelson, nor has it ever been provided to Nelson to date. In the denial the Magistrate Judge referred to the ex parte, secret filing of UCM and Koehn to be document 97 and her, Magistrate Judge Birzer's response denying the

========================================================================

RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 1

ex parte secret motion to be document 100. This caused Nelson to BOTH object to the ex parte secretive communications between Koehn, UCM and the presiding Magistrate, and question the numbering of the documents, as the numbering of documents does not coincide with the documents which Nelson has received in the matter at bar.

Nelson had the need to then request a docket report from the Clerks of the Court, to see what if any other secretive ex parte communications that UCM and Koehn were having with the Court, and purposefully not noticing Nelson. Koehn and UCM have regularly, wrongfully, purposefully and illegally filed documents to the Court and not sent the documents to the person of Nelson, in direct violation of Federal Rules of Civil Procedure, Local Rules and in direct contravention of the ORDERS of the Court.

**Nelson continues to be denied all basic due process of law in this litigation**. Nelson has filed a Motion to Dismiss the underlying originating SLAPP [Strategic Lawsuit Against Public Participation] styled state petition, on the grounds the underlying SLAPP state petition is a SLAPP petition by its very design to prevent public participation and public debate on issues of grave public importance, including without limitation discussions amongst shareholders of corporations who share common mutual investment, **a Motion to Dismiss the SLAPP styled State Petition has been filed under Kansas's strong anti-SLAPP litigation statutes: Kan. Stat. Ann. § 60-5320(e)(2); FRCP 81(d)(1).**

Nelson has been denied timely filings made in the case, where since the onset of the litigation UCM and Koehn have purposefully, wrongfully and illegally denied basic

===============================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 2

procedural due process, by making filings to the Court and not providing copies and notice of those filings made to the Court to Nelson, ergo Koehn and UCM seek a secretive ex parte litigation without allowing participation by Nelson the opposing party.    All filings made by Koehn and UCM without proper procedural notice to Nelson, are void, and of no consequence pursuant with the Federal Rules of Civil Procedure.  Koehn and UCM have since the outset of the removal action removing the SLAPP styled state petition to the US Federal Courts, have made filings to the Court and not noticed nor provided those filings to Nelson, calling for Nelson to file multiple objections including without limitation Document 42, also requiring ORDERS of the Court "SUSTAINING" the objections of Nelson not receiving documents and the Court has ORDERED that Chad M. Koehn and UCM comply with Federal Rules of Civil Procedure and ORDERED them to send copies of what they send to the Court to the person of Nelson.   As of 6 August 2022, the last USPS mail filing provided by Koehn and UCM was received on 2 May 2022, and was KOEHN and UCM's "first amended complaint" the once in a course amendment ORDERED by the Court for Chad Mitchell Koehn and UCM to REMOVE the known Racial Slur from the originating SLAPP styled petition.   The first amended complaint filed by Koehn and UCM not only removed the known Racial Slur from the petition but it made substantial changes to the petition, as their once in a course amendment, those changes made the complaint even more of a SLAPP lawsuit than the originating state petition replete with racial slur was a SLAPP litigation.   SLAPP lawsuits should not be welcome in any Court.

===============================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 3

## Procedural History:

The initiating SLAPP (Strategic Lawsuit Against Public Participation) styled State Petition was properly and timely removed hereto the US Federal Court on 1 February 2022, for cause of diversity, federal questions, issues relating to claims Chad Mitchell Koehn has a judge in his pocket and informants now saying Koehn brags the County Judge is "bought and paid for" in the County Court where the SLAPP Petition was originally filed. The SLAPP petition contained a racial SLUR aimed at the titling of Nelson, indicating concern for physical safety and certainly civil rights issues. The same day as removal to the US Federal Court, Nelson filed a motion for electronic service and filing, which Nelson had the necessity to withdraw due to the immoral, unethical and quite possibly illegal litigation tactics of Koehn and UCM, the withdrawal of that motion is discussed herein below further.

On 2 February 2022, Nelson filed a Notice of Compliance and a Motion concerning the hate speech (Racial Slur) contained in the originating SLAPP styled state petition removed to the Federal Court the previous day.

On 3 February 2022, Nelson dutifully and timely immediately filed a Motion for Extension of Time to answer or otherwise plead the removed State Petition. The same day one of the two attorneys, who authored and signed the originating SLAPP Styled state petition, Quinn Robert Kendrick, immediately with mens rea of guilt for the racial slur and sloppy SLAPP style petition filed a deficient Notice of Withdrawal as counsel for Koehn and UCM. In total disregard to Federal Rules of Civil Procedure (FRCP) Rule 7.1, attorney

===================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default
Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 4

Larry G Michel, filed an opposition memorandum attempting to explain away the Racial Slur included in the SLAPP style state petition, the same day 3 February 2022.

4 February 2022, Nelson filed Notice of Service demonstrating good faith compliance and again in total disregard of FRCP Rule 7.1 attorney Larry G. Michel filed yet another motion aimed this time at the Motion for Extension of Time to Answer or otherwise plead.

8 February 2022, Nelson filed another Compliance Motion in good faith and a memorandum outlining additional derogatory naming conventions of Koehn and UCM, pointing the Court to clear violations of law regarding RED NECK High Tech Yacht Fund LP, a company with deficient SEC and State registrations. For the THIRD time in a row attorney Larry G. Michel in total disregard to FRCP Rule 7.1, filed a third (3rd) motion, this time titling it "Second Motion to Strike", again targeting Nelson's attempts for more time to respond to the underlying SLAPP styled State Petition, Michel having sent this document to Nelson, as required sent off alarm bells that there must be a first motion, thus attempting ex parte communications with the Court and denying due process rights to Nelson.

17 February 2022, Larry Michel filed a fourth motion without compiling with FRCP Rule 7.1, requiring Nelson to file a Motion demanding compliance with Rule 7.1, wherein Larry Michel finally complied with FRCP Rule 7.1; this demonstrates clearly that Koehn and UCM by and through their counsels have deliberately violated repeatedly FRCP, since the onset of the litigation, having no regard whatsoever for the Rules of the Court, the due process rights of Nelson nor the obligations of the parties in litigation.

===============================================================================

RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 5

15 March 2022, Nelson had the need to withdraw document 3, the Motion for Electronic Service and Filing, which had still 45 days later not been ruled upon. The necessity to withdraw the motion as is proper and dutiful was necessitated by the onslaught of UCE (Unsolicited Commercial Email) commonly referred to as SPAM, and other harassing emails sent to Nelson, for the purposes to harass and otherwise make the brand new email address being used for the litigation unusable. Nelson also dutifully in the interests of conservation of judicial resources and judicial economy withdrew two other Motions, including Motion to Compel compliance with FRCP Rule 7.1, since Koehn and UCM finally compiled though first filing 4-5 motions and Motion regarding Koehn and UCM not recognizing removal of the SLAPP styled State petition to the Federal Court.

18 March 2022, Nelson out of necessity had to file a formal Objection, Document Number 42, due to the fact Koehn and UCM were making filings to the Court and not noticing Nelson, nor providing copies of what they file to the Court, thus attempting and at times succeeding in having ex parte communication and denying Nelson basic due process. Nelson even had to state under "Indisputable History", paragraph 1, of page 2, lines 4 through 9, of Doc. # 42: "The flagrant abuse of the the legal processes and judiciary by the purposeful, knowingly, malicious flouting of the basic fundamental rights of the Pro Se litigant by attorneys for the plaintiff's gives rise to direct violations to the Pro Se defendant's fundamental rights to due process under law, bringing forth a constitutional question to this Honorable United States Federal Court for the US District of Kansas".

===============================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default
Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 6

On 23 March 2022, attorney Craig Alan Brand who has been admitted pro hac vice, sent an illegal email, in response to an email from the Chambers of Judge Birzer. Craig Brand was emailed to his official email address on record with the Court, however, in responding to that email Craig Brand masked, concealed and otherwise hid the originating email address and retuned an email from [craig.brand@herasoft.com](mailto:craig.brand@herasoft.com) in doing so Craig Brand made this deliberate attempt to have the pro se party, Nelson, inadvertently violate a standing protective order regarding the corporation Hera Software Development Inc. a corporation which Nelson is a significant equity interest holder. Had it not been for Craig Brand's purposeful, willful, malicious attempt to mislead BOTH the Chambers of the presiding Jurist and the person of the pro se defendant and Counter-Plaintiff Nelson, then the possibility of electronic service could have been considered later in the matter. Yet because of the unethical, purposeful, knowing, willful, illegal conduct of pro hac vice attorney Craig Brand, electronic service of any type has been objected to by Nelson, and Nelson has reluctantly been forced into email communications regarding discovery only. Nelson has specifically demanded proper service of all documents pursuant with FRCP Rule 5, wherein Nelson has NEVER consented to service of pleadings, filings, notices or any other filing into the docket via electronic means, as a direct result in part from Craig Alan Brand's unethical, illegal, knowing, purposeful attempts to mislead both the Court and Nelson through the false email designation committed by Brand and complained of by Nelson to the Court in Document Numbers 52 and 57, wherein Nelson provided ample evidence of the illegal and unethical

===============================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default
Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55
- 7

conduct of Brand, conduct so severe as to call into question whether or not Brand should be allowed to continue with representation in the matter at all and thus a Disqualification Motion targeting Craig Alan Brand remains pending to this date.

In Document # 42, at 13, on page 4, lines 16 through 22, the pro se defendant and counter-plaintiff had the necessity to state: "IN an attempt to unfairly prejudice the presiding jurist Larry G. Michel, in effect participates in what he himself believed was "secret" ex parte communication with the Court, as is evident by Michel's FAILURE to provide a copy via USPS mail to the address of record for the defendant as required by the rules. In his believed ex parte, secretive filing Michel, states to the effect he will not burden the court with the specificity as to the standards the Rule he himself cites requires."

On page 5, of Doc. # 42, at (15), lines 13 through 20, Nelson states: " On 17 February 2022, Larry G. Michel files his "Third…" repetitive motion, Document Number 21 and again FAILS to send via USPS mail to the person of the defendant as required by law and the Rules of procedure in matters at, bar, cementing Larry G. Michel's patterned history to deny the due process rights of the defendant in the matter at bar. Yet, Michel sets forth his signature below his "Certificate of Service", wherein he declares "The undersigned hereby certifies"; to having sent the Document 21 to the USPS mailing address of record for the defendant, yet does no such thing."

Page 6, of Doc. #42, at (16), lines 1 through 5, Nelson has the need to state: "In his Document 21, Michel, wholly complies with the defendant's requests in motion under Rule

==================================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 8 -

12(e), document 17, whilst simultaneously seeking again to strike the entirety of the defendant's lawful motion in document 17. Michel again FAILS to deliver a copy of document 21 to the address of record for the defendant as required by the rules."

Though Nelson, could propound further the Objections well stated in Document 42, which speaks directly to the DUE PROCESS RIGHTS of the Nelson. The Court by and through presiding Jurist Federal Magistrate Judge Birzer, made an ORDER of the Court, on 18 April 2022, wherein Judge Birzer stated, on page 14, of said Order of the Court Doc. # 63 "after further discussion with the Court Clerk's office regarding service of pleadings, **the Court SUSTAINS Defendant's objection in ECF No. 42."** The Court in its ORDER went on to further state the obvious which is already ipso facto law, included in FRCP Rule 5, yet the Court had the necessity to ORDER, Koehn and UCM to follow the law, thus following the Rules under FRCP Rule 5, wherein the Order of the Court stated: "**the Court ORDERS Plaintiffs [Koehn and UCM] <u>to provide Defendant with a hard copy of any future filings via regular mail</u> and to certify service of same.**"

The ORDER of the Court, is in compliance with FRCP Rule 5, which states at FRCP 5(b)(C) in regards to service of pleadings/filings: "mailing it to the person's last known address", specifically referencing physical USPS (United States Postal Service) address. Special Emphasis is made to the Court regarding FRCP Rule 5(b)(E) which states: "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events

==================================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default
Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 9

service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served" FRCP Rule 5b(F) states: "delivering it by any other means that the person consented to in writing". Nelson has NEVER consented in writing to receive process by any means other than as ORDERED by the Court in substantial compliance with FRCP Rule 5, "**the Court ORDERS Plaintiffs [Koehn and UCM] <u>to provide Defendant with a hard copy of any future filings via regular mail</u> and to certify service of same.**"

The Court in Document 67, an Order of the Court specifically surrounding issues of discovery made the following statement: "Communications between the parties shall take place by email. Christopher Kellogg shall act as the point of communication on behalf of Plaintiffs and their counsel, with Mr. Kellogg using the email address ckellogg@kenberk.com and Mr. Nelson using the email address oklahomaremote@gmail.com." It now appears attorney Larry Michel, is attempting to say that the Court's Order in Document 67, regarding discovery, unilaterally waives ALL of Nelson's due process rights under FRCP and under FRCP Rule 5, and somehow allows the Court to do as NO Court has ever done, to unilaterally waive all due process rights under FRCP Rule 5, Ordering that service of pleadings and filings can be made from any email address without the consent of the parties in litigation. This underhanded trickery demonstrates a clear pattern of Judicial Abuse by attorney Larry Michel on behalf of UCM and Koehn. Under no circumstances has Nelson, ever waived his right under due process

========================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 10

and FRCP Rule 5, and Order's of the Court under Order 63, to receive any form of service of process other than United States Postal Service hard copy mailing to his last known address which is on file with the Court and is attached with EVERY filing made in this matter.

The trickery and absolute DECEIT in violation of everything it means to be an attorney, in violation of every Oath governing the legal profession and governing actions of Attorneys, Larry Michel and his colleagues DECEIT in not noticing Nelson of filings they make to the Court, did not begin and end with the false swearing of the certifications of filings they made. UCM and Koehn continue through this date with 1,000's of harassing emails, colloquially referred to as SPAM, and other harassing messages, to the point that Nelson, has had the need to continually block, and set for delete virtually any email address sent to him other than specifically marking as "IMPORTANT" the email addresses of the Clerks of the Courts, the Chambers of the Jurists, of the US District of Kansas, and clerks and chambers of other Courts, tangentially involved, as well as the single email address for Christopher Kellogg: [ckellogg@kenberk.com](mailto:ckellogg@kenberk.com) which the Court ordered Nelson and Kellogg to confer via email regarding discovery and rule 26(f) conference(s).

**PROOF IN THE POSITIVE OF INTENT TO DECEIVE & MISCONDUCT AT BAR**

**OF CRITICAL IMPORTANCE**, is the Rule 26(f) conference which Nelson prepared for heavily spending more than 100 hours in preparation. The Rule 26(f) conference took place for one hour each day on the 11th and 12th of July 2022, attorney Kellogg refused to provide any sincere input prior to the conference, and refused to discuss

===============================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 11

issues relating to the claims and defenses, discovery and NEVER once mentioned that the

Counter-Defendants filed a motion to dismiss the First Amended Counter Complaint.  In fact

the report of the parties Rule 26(f) conference as submitted "unilaterally" by Koehn and

UCM, states clearly in section 2(c) at number (4) that Nelson asserts "counter claims" AND

the report as submitted by Koehn and UCM states under (6)(A) regarding Motions to

dismiss: "A motion to dismiss has been filed by the Defendant in this case."  The word

"defendant" is singular, and it is the person of Nelson, who is referred to as the "defendant".

**NO WHERE in the planning report of the Rule 26(f) conferences which was one hour**

**each on two separate days, did Kellog, or UCM or Koehn EVER say they filed a motion**

**to dismiss the first amended counter complaint.**

NO WHERE in the self described unilateral report of the parties 26(f) conference

does the report mention ANY motion to dismiss filed by the counter-defendants.  The fact

the Counter-Defendants neither served properly any pleading aimed at the First Amended

Counter Complaint, nor provided any proper service, nor mentioned the filing of a motion to

dismiss during either of two (2) separate days, one hour each of the meet and confer under

Rule 26(f), NOR anywhere within the unilateral filing of the report of the parties of the Rule

26(f) conference does the report ever mention any motion to dismiss being filed by the

Counter-Defendants.  This is outrageous MISCONDUCT, and has now resulted in

Counter-Plaintiff Nelson dutifully and lawfully filing the APPLICATION for Default

============================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default
Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55
- 12

Judgment in accordance with Rule 55 and under the Laws, Statutes, and case precedents so cited and referenced in the Application for Default Judgment to issue forthwith.

In FACT the only mention of a motion to dismiss the first amended counter complaint is the mention made by the counter-defendants in their brief not even two page reply to the **application** for default judgment pursuant to Rule 55. **Default judgment is a right as a matter of law, rule, code, statute and overwhelming case precedent in this matter**. UCM and Koehn have and continue to insist on purposefully, wrongfully and illegally flouting the Federal Rules of Civil Procedure at every turn, they collectively refuse to obey FRCP Rule 5, in its entirety, they refuse to obey Orders of the Court, Ordering them to provide copies of what they file to the Court to the person of Nelson, in accordance with FRCP Rule 5.

FRCP Rule 5, is specific and states in regards to pleadings and filings, at FRCP 5(b)(2)(E): " sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing"; UCM and Koehn know via Orders of the Court Nelson has neither "consented to in writing" nor is "a registered user" with the Court.  Therefore Koehn and UCM are KNOWINGLY and PURPOSEFULLY not complying with the Federal Rules of Civil Procedure. Koehn and UCM's purposeful knowing wrongful illegal actions not in compliance with the Federal Rules, persists and now has led the matter to the point where their DECEITFUL illegal wrongful actions warrants in

accordance with law the granting of the application as made for Default Judgment in this matter.

Attorney Christopher Kellogg has even acknowledged that Nelson has not received copies of filings he has made, whilst also proffering excuses for not sending copies of filings made, claiming "we inadvertently overlooked sending you a copy" and at other times suggesting: "we have dutifully sent you copies of all the other documents that we have filed in this matter, a fact I have confirmed with my secretary on several occasions. That you may not have received them is outside of our control. **If you would like, I can also start mailing you copies of the documents. It will take longer to get to you, but the USPS may be more reliable."** Attorney Kellogg, was required to follow the ORDERS of the Court in mailing hard copies, an Order that should not be necessary, as the FRCP spells out in FRCP Rule 5 how to make service of copies of pleadings and documents, the Order of the Court just reconfirms the Federal Rules of Civil Procedure. UCM and Koehn by and through attorney Kellogg stating they can "also start mailing you (nelson) copies of the documents." is wrongful, illegal, immoral, unethical and violates the Federal Rules. Nothing within FRCP nor the Local Rules of the Court nor the ORDERS of the Court, allowed for Kellogg or any other person UCM or Koehn to ignore the requirements of FRCP Rule 5 or any other rule of the Federal Rules of Civil Procedure. IPSO FACTO the FRCP Rule 5(b)(2)(E) further states: **"but is not effective if the filer or sender learns that it did not reach the person to be served",** there should be no need to even reference FRCP Rule 5(b)(2)(E) as

============================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 14

Nelson has neither registered as a user nor consented in writing to service by any other means than USPS postal mail of hard copies of filings made as per the ORDER of the Court in Document 63. No Order of the Court can ever overrule the Federal Rules of Civil Procedure, and all licensed attorneys appearing before the Court know this. The attorneys appearing before the Court are a multitude from nearly half a dozen different law firms, there can be no excuses for the continued purposeful MISCONDUCT before the Court and purposeful willful intentional refusal of the attorneys to either follow Local Rules, the Federal Rules of Civil Procedure, the Rules of Professional Conduct, the ORDERS of the Court referencing directly the Federal Rules of Civil Procedure. The MISCONDUCT of the attorneys appearing at bar on behalf of Chad M. Koehn and UCM are the immediate and proximate reason for the Application for DEFAULT JUDGMENT, and the fact the Court has not jurisdiction over the merits as the Rules are clear in Rule 55 governing Default Judgment where the opposing party has FAILED to Answer timely the First Amended Counter Complaint.

**DEFAULT JUDGMENT AGAINST: Chad M. Koehn and UCM is a matter of law and MUST issue as it is a command within the Federal Rules of Civil Procedure at Rule 55 inclusive without limitation:**

Koehn and UCM since the onset of the proceedings have sought to deny the basic fundamental rights to due process of law to the person of Nelson. Koehn and UCM have continually violated the Federal Rules of Civil Procedure at every turn in this litigation.

===================================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 15

Purposefully, wrongfully and illegally not noticing Nelson of filings they make to the Court, in order to achieve ex parte communication and rulings by the Court in violation of Due Process of Law and violation of the Local Rules in violation of the Federal Rules of Civil Procedure. Even after being ORDERED by the Court in Order of the Court Doc. # 63, Koehn and UCM do not follow the Court's Orders instead they choose to ignore not only Federal Rules of Civil Procedure under Rule 5, but they also choose to patently ignore the ORDERS of the Court in Order Document 63.

Even through the date of filing of this reply to their Opposition which for the first time ever do they even mention their motion to dismiss, even after attorney Christopher Kellogg admitted in writing via email that notices are sent NOT by him but by some third party assistant (archaic term secretary), despite the fact Kellogg states an oath and affirmation that he, himself Christopher Kellogg "the undersigned emailed a true copy", Kellogg later states he does not do the filings, does not send the emails, yet Kellogg references Order of the Court in Document 67, giving him authorization to violate FRCP Rule 5 and claiming erroneously that the Court has unilaterally provided "consent" of Nelson wherein Nelson has not given consent to service by any other means than USPS postal mail pursuant with Federal Rules of Civil Procedure. No where within FRCP Rule 5 or other does it state it is up to the discretion of the Court to consent on behalf of a litigant nevermind a pro se litigant to alternative service of pleadings. Nowhere within the oaths and affirmations of UCM and Koehn's attorneys statements do they state they have emailed a copy via a third

===============================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 16

party person, every oath and affirmation states the Attorney themselves emailed copies, yet the attorneys KNOWINGLY did no such thing, Order of the Court in Document 67, referenced specifically discovery, and specifically the email address of Kellogg even stating that email address as:  ckellogg@kenberk.com   Kellogg has not provided copies of filings he has made or copies of filings made by other attorneys in the vast legal team he is working with against the pro se Nelson.

Even if the Court were to believe any of the fantastical fairy tale stories of Kellogg and team regarding the filing of notice and copies of what they file to the Court to the person of Nelson as they are required under Federal Rules of Civil Procedure, the fact remains NOT once during the Rule 26(f) conference held one hour each day on the 11th and 12th of July, did attorney Christopher Kellogg mention even in passing that Koehn and UCM filed a motion to dismiss the first amended counter complaint.  PROOF POSITIVE exists of this FACT, the report of the parties planning conference under Rule 26(f) was filed by UCM and Koehn, they state in the filing made to the presiding Federal Magistrate that they essentially unilaterally file the report, therefore Koehn and UCM had total control over the report, wherein attorney Christopher Kellogg even states, in an email to Judge Birzer:

> "Dear Judge Birzer,
>    Please find attached the Report of Parties' Planning Conference, which is as complete as we could make it under the circumstances. I have signed the report but left Mr. Nelson's signature off of it since he would not agree to the contents even though it is the report we worked out together.
> Also attached are Plaintiffs' initial disclosures.
> Sincerely,
> Chris J. Kellogg"

==================================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 17

The initial disclosures of Koehn and UCM stated: "Plaintiffs [UCM and Koehn] hereby unilaterally submits the following"; the submission of the report of the parties Rule 26(f) conference(s), held on two separate days, one hour each day and submitted unilaterally, bearing ONLY the signature of the Christopher Kellogg for UCM and Koehn as stated in the email referenced above sent to Judge Birzer, dictating that UCM and Koehn had sole and total control over the report and unilaterally filed the report. A true and correct copy of the report submitted to Judge Birzer by attorney Kellogg on behalf of Koehn and UCM is attached herewith and incorporated herein by reference as Exhibit "A".

The unilateral report signed only by lawyer Kellogg on behalf of UCM and Koehn, states clearly, at 2(C)(4): "Defendant asserts counterclaims of: defamation, slander, libel, tortious interference with business, unfair and deceptive trade practices, threats to obtain stock, securities fraud, insidious machinations dolus, fraud inducement, constructive fraud, breach of implied covenant of good faith and fair dealing, negligence, gross negligence, negligent misrepresentation, unjust enrichment, professional malpractice, and deceptive trade practices." At 2(C)(5) of the Report unilaterally submitted and signed by Kellogg on behalf of UCM and Koehn: "Plaintiffs deny Defendant's counterclaims." **NO Where within the report submitted by Kellogg on behalf of UCM and Koehn do they state they have filed a motion to dismiss the counter claims**, in fact rather than state they have filed to dismiss the counter claims they file a report indicating the only answer they have to date provided

=================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default
Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55
- 18

regarding the First Amended Counter Complaint, and that is "Plaintiffs deny Defendant's counterclaims." **Demonstrating further intent to DECEIVE wrongfully and illegally the COURT and Nelson,** appearing pro se. At section (6)(A), titled: "Deadlines for Amendments and Potentially Dispositive Motions." **under (6)(A)(1), the report states: "A motion to dismiss has been filed by the Defendant in this case."** Again, nowhere does the report state a motion to dismiss has been filed by the counter-defendants. The word "Defendant" is used singular, and Nelson is the singular "defendant" in the action. No where in the report do the Counter-Defendants, Chad M. Koehn and UCM state anything about the secretive, ex parte motion to dismiss, they now claim they have correctly filed and served upon Nelson, as UCM and Koehn know they cannot, as the prima facie evidence in the proof positive exists now, hereupon the record in the attached herewith Exhibit "A", demonstrating the willful, purposeful DECEITFUL actions of MISCONDUCT in successful attempt to DEFRAUD the Court and Nelson of all basic protections of due process of law. There is no statute of limitations on FRAUD against the Court, the Facts are the Facts and the Facts lead any reasonable person to the sole and only conclusion that UCM and Koehn have failed to timely file an answer to the First Amended Counter Complaint, therefore entitling Mr. Nelson to Default Judgment as a matter of law.

ONLY, now that Nelson has filed notice and directed APPLICATION for Default Judgment do the counter-defendants Koehn and UCM now claim they have properly filed and served a "motion to dismiss" the first amended counter complaint. The motion to

===================================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 19

dismiss the first amended counter complaint, is not properly before the Court, the

Counter-Defendants Koehn and UCM failed to properly in accordance with Federal Rules

under FRCP Rule 5(b) serve a copy to Nelson, their knowing, purposeful, illegal litigation

tactics are further evidenced by their failure to notice or state the motion to dismiss during

what was supposed to be an open and candid meet and confer under Rule 26(f). The meet

and confer under Rule 26(f) took part on two separate days, the 11th and 12th of July 2022,

and proof in the positive exists of Koehn and UCM's purposeful, willful, illegal,

DECEPTION towards the Court and Nelson, by not even including the fact the "motion to

dismiss" the first amended counter complaint exists in the record at all, when the unilaterally

filed the report of the parties planning conference held under Rule 26(f).

In fact Koehn and UCM seek as they have since the onset of the litigation, to litigate
via surprise and ambush. **The DECEPTION and willful lying in writing to the Court and
Nelson is both illegal, and unethical it screams violations of the Rules of Professional
Conduct, it violates the "Pillars of Professionalism", it violates the Rule of Law, it
violates the Federal Rules of Civil Procedure, it violates the Local Rules of the Court.
UCM and Koehn's actions are in violation of Standing Court Orders of the Court, as
well, their actions are in direct contravention to the RULE of LAW as embodied in the
Federal Rules of Civil Procedure**, which are ipso facto laws of Congress having been

created and sanctioned by Congress and so amended from time to time under the Rules

Enabling Act via promulgation by the United States Supreme Court, with final de facto

==================================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default
Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55
- 20 -

approval by the Congress of these United States of America, ergo the Federal Rule of Civil Procedure are statutes (laws) of Congress and only Congress may so amend.

**PRAYER FOR RELIEF UPON THE RULES of the COURT:**

WHEREFORE the Counter-Plaintiff Nelson, prays this Honorable United States District Court will uphold the Rule of Law the ipso facto Laws of Congress under the Federal Rules of Civil Procedure and thus upon the already made APPLICATION for DEFAULT JUDGMENT therefore so issue DEFAULT JUDGMENT against Chad M. Koehn and United Capital Management of Kansas Inc. forthwith in accordance with the command directive embodied within Federal Rules of Civil Procedure inclusive without limitation Rule 55.

Wherein if the US District of Kansas does not grant instanter the default judgment sought in accordance with the Application so made under the Federal Rules of Civil Procedure, then the pro se Counter-Plaintiff herein so tenders notice for interlocutory appeal to the 10th Circuit Court of Appeals in accordance with right for DEFAULT JUDGMENT, sum certain as defined in the first amended counter complaint.

As the right to DEFAULT judgment is squarely within the rights of the Counter-Plaintiff given the utter failure of counter-defendants to answer or otherwise plead in response to the first amended counter complaint according to the Rules, and therefore under the Federal Rules of Civil Procedure the Counter-Plaintiff is entitled as a matter of law and

right to Default Judgment, especially given the bad faith of Counter-defendants in not

declaring any dispositive motion pending as a responsive pleading to the first amended

counter complaint, either during the Rule 26(f) conference, on two separate days nor in their

Koehn and UCM's "unilateral" report of the parties Rule 26(f) conference, thereby proving

via proof in the positive and negative beyond any shadow of a doubt with the preponderance

of clear and convincing evidence that the counter-defendants:  Chad M. Koehn and United

Capital Management of Kansas Inc. had no intention of noticing nor declaring to have filed

any dispositive motion in response to the first amended counter complaint, therefore

purposefully, wrongfully and illegally denying basic fundamental fairness, DUE PROCESS

of Law, and stripping from the Court jurisdiction to hear the merits as UCM and Koehn

purposefully, intentionally sought to DECEIVE the Court and Counter Plaintiff Nelson, pro

se, by not even recognizing their claim to have filed motion to dismiss the first amended

counter complaint, in the unilateral report of the parties Rule 26(f) conference.  Thereby

entitling the Counter Plaintiff, Michael Nelson, to DEFAULT JUDGMENT as a matter of

Law, wherein Rule 55 states "must", as a command of "shall", therefore the Court here no

longer maintains jurisdiction to rule otherwise than to grant default judgment as the Court

here should do now in upholding the rule of law, the ipso facto laws and statutes of the

United States Congress embodied in the Federal Rules of Civil Procedure.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at*

*106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded,

====================================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default
Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55
- 22 -

must be held to less stringent standards than formal pleadings drafted by lawyers,"
*ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do
substantial justice"). In the interests of substantial justice and to prevent manifest
injustice the Courts generally reviewed "filings generously and with the leniency
due pro se litigants", see *Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007);*
*Andrews v. Heaton, 483 F.3d (10th Cir.2007).*

Respectfully Submitted, this 6th day of August 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

==================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default
Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55
- 23 -

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order of Saline County Court Judge Paul J. Hickman.

Respectfully Submitted, this 6th day of August 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

==================================================================================
RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55

- 24