# EXHIBIT

# "A"

# To Follow . . .

===========================================================================
*RESPONSE to Doc. 107 Opposition Memorandum to DEMAND Application of Default Judgment pursuant with Federal Rules of Civil Procedure inclusive without limitation Rule 55*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAD KOEHN, ET AL., )
 )
    Plaintiffs/Counter Defendants, )
 )
 ) Case No. 22-cv-04008-JWB-GEB
v. )
 )
MICHAEL NELSON, )
 )
    Defendant/Counter Plaintiff. )

## REPORT OF PARTIES' PLANNING CONFERENCE

1.     **Rule 26(f) Conference.** Pursuant to Fed. R. Civ. P. 26(f), a discovery and case management conference was held on July 11, 2022, and was attended by Chris J. Kellogg of Kennedy Berkley, counsel for Plaintiffs, and Michael Nelson, Defendant Pro Se. The conference was conducted by telephone.

2.     **Preliminary Matters.**

    A.     The following persons will appear at the upcoming Rule 16 scheduling conference with the magistrate judge:

Chris J. Kellogg
(785) 825-4674
Attorney for Plaintiff

Michael Nelson
(702) 932 3434
Defendant Pro Se

Craig Alan Brand
(305) 878-1477
Attorney Pro Hac Vice for Plaintiffs

B.     The parties provide the following information regarding themselves and counsel:

Counsel

Larry G. Michel  
Chris J. Kellogg  
KENNEDY BERKLEY  
119 West Iron Avenue, 7th Floor  
P.O. Box 2567  
Salina, KS 67402-2567  
Tel:  (785) 825-4674  
Fax:  (785) 825-5936  
Cell:  (785) 452-5758  
Email:  lmichel@kenberk.com  
　　　　ckellogg@kenberk.com  

Craig Alan Brand  
The Brand Law Firm, P.A.  
3390 Mary St., Ste. 116  
Miami, FL 33133  
(305) 878-1477  
craig@thebrandlawfirm.com  

Parties

Chad M. Koehn  
227 N. Santa Fe Ave.  
Salina, KS 67401  

United Capital Management of Kansas, Inc.  
227 N. Santa Fe Ave.  
Salina, KS 67401  

Michael Nelson  
9450 SW Gemini Dr PMB 90924  
Beaverton, OR 97008-7105  
oklahomaremote@gmail.com  

C. The parties jointly submit the following case summary:

1. Plaintiffs asserts claims of defamation and tortious interference with business against Defendant.
2. The statutes asserted to confer subject matter jurisdiction: 28 USC 1332.
3. Defendant denies Plaintiffs claims.
4. Defendant asserts counterclaims of: defamation, slander, libel, tortious interference with business, unfair and deceptive trade practices, threats to obtain stock, securities fraud, insidious machinations dolus, fraud inducement, constructive fraud, breach of implied covenant of good faith and fair dealing, negligence, gross negligence, negligent misrepresentation, unjust enrichment, professional malpractice, and deceptive trade practices.
5. Plaintiffs deny Defendant's counterclaims.

3. **Plan for Alternative Dispute Resolution (ADR).**

   A. The parties already have engaged in the following good faith efforts to resolve this matter: Defendant has already made several attempts at engaging a mediator with Plaintiffs. Defendant has also sent offers of settlement and compromise under Rule 408. Defendant has also sent a formal Rule 408 letter to Mr. Kellogg.

   B. Plaintiff will submit a written, good-faith settlement proposal to defendant by **December 1, 2022**. Defendant will make a written, good-faith counter-proposal by **January 22, 2023**. By **February 28, 2023**, unless the parties have jointly filed a notice stating whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party will submit a confidential settlement report to the assigned magistrate judge.

   C. The parties have agreed on the following ADR procedure, which will be accomplished by: The parties will participate in mediation with an agreed mediator by **March 31, 2023**. An ADR report (on the court's ADR report form) will be filed within 14 days after the scheduled ADR process is held.

4. **Plan for Pre-Discovery Disclosures.** The parties exchanged the information required by Fed. R. Civ. P. 26(a)(1) on or before **July 26, 2022** and have submitted copies of their disclosures to chambers along with this report. In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures will be exchanged by **July 26, 2022.**

5. **Plan for Discovery.** The parties jointly propose to the court the following discovery plan:

   A. Discovery is needed on the following specific subjects: Plaintiffs' claims as set forth in their Amended Complaint; Defendant defenses, affirmative defenses, and counterclaims; Plaintiffs' alleged damages and remedies; Plaintiffs' alleged defenses to Defendant's counterclaims;

   B. All discovery will be commenced or served in time to be completed by **April 31, 2024**.

   C. The parties disagree that "early" discovery is necessary in this case. Defendant plans to immediately serve discovery after the close of the Rule 26(f) conference due to the denials of stay in this case and his plans to file Federal Rule of Appellate Procedure 5 filings where discovery matters will be needed.

D.  One or more of the parties anticipate the following problem(s) in discovery, which should be discussed with the court and, if possible, resolved at the scheduling conference: 1) Plaintiffs may desire protective orders, Defendant disagrees with the need for protective orders and feels it indicates a coverup; 2) Defendant lacks access to certain material and devices until the conclusion of his criminal matters; 3) Defendant wants detailed discovery on Plaintiffs because of the issue in number 2 herein.

E.  Disclosure or discovery of electronically stored information (ESI) will be handled as follows:

The parties did not discuss ESI at their meet and confer although they differ as to the reasons why.

Plaintiffs: Counsel for the Plaintiffs repeatedly told Defendant that this meet and confer should take about an hour to complete and that is the amount of time he would allocate to the phone call. Counsel explained to Defendant that the Report of Parties' Planning Conference that would result from our meet and confer would be a high-level summary of the case, including deadlines for various issues, including discovery and that certain planning issues regarding the case would be discussed, again at a high level. Counsel even provided a sample Report of Parties' Planning Conference to Defendant so he could see what one looked like, well before our meet and confer. However, Defendant insisted that the meet and confer should take at least two full days. Counsel informed Defendant that he could not, in good conscience spend that amount of time on a meet and confer or bill his clients that kind of time for what is meant to be high level summary of the case and setting of deadlines. Nevertheless, in an effort to show good faith and compromise, counsel spent more than three hours on the phone with Defendant, over the course of two days, more than triple the amount of time he said he would, and it took that long to get through everything except ESI, which were the "easy" items. Despite counsel trying to keep things on track, Defendant insisted on attempting to argue the merits of his claims and defenses and disparaging Mr. Brand and Mr. Koehn frequently which wasted a great deal of time not to mention making counsel very uncomfortable.

Based on the above, Plaintiffs feel that they attempted to confer in good faith with Defendant. However, due to what Plaintiffs feel were unreasonable expectations about the meet and confer on the part of the Defendant, the parties were unable to complete the Report of Parties' Planning Conference in its entirety.

Defendant: Michael Nelson took the rule 26(f) conference seriously to the letter of the FRCP, in doing so prior to the meeting the defendant emailed the Clerks of the Court for information concerning a variety of topics including ESI. Defendant

3

obtained copies of a number of ESI documents and even wrote a detailed brief on the importance of ESI to the case and the subjects which ESI should entail in this matter. The Defendant also included the US District of Kansas ESI guidelines, as an attachment to the brief on ESI sent to Counsel for the Plaintiff well ahead of the meet and confer, sending the detailed ESI analysis in the form of a brief on 16 June 2022, nearly one month prior to the meet and confer. Counsel for the Plaintiff's refused to work the report in the order which the report is laid out, refusing each day to discuss ESI at all. Defendant engaged counsel for the Plaintiff's in extensive email correspondence, where Defendant had a ratio of email contact to the Plaintiff's a multitude higher than responses received. Email correspondence even before the meet and confer under Rule 26(f) resulted in responses from the Plaintiffs: "I have no intention of spending hours on the meet and confer process when it should take no more than an hour to complete the choosing of some dates and completion of the basic information required to be submitted to the court in a report of parties planning conference. I cannot justify spending tens of hours of time on such a project". It became evident during the meet and confer process an hour on Monday and an hour on Tuesday that counsel for the Plaintiff neither understood ESI, its importance, nor was educated as to the ESI of his client. On the 6th of July 2022, approximately one week prior to the meet and confer, the Defendant provided a detailed response providing written report of much of the report due, in order to save time during the telephone exchange in order to concentrate on the important issues of ESI, which counsel for the plaintiffs refused to read nor comment regarding. Instead again insisting that the meet and confer is routine and just filling in dates.

Defendant in pleading for discussion on the important issues of ESI, reminded Counsel that the defendant prepared extensive outlines that the Counsel refused to read, nor prepare for discussions, as per the instructions of the US D. of Kansas guidelines on ESI, even having to implore discussions by quoting Craig Ball, who was quoted in the Defendant's ESI brief and also in the guidelines on ESI by the District of Kansas Federal Court: "The federal bench is deadly serious about meet and confers, and heavy boots have begun to meet recalcitrant behinds when Rule 26(f) encounters are perfunctory, drive-by events. Enlightened judges see that meet and confers must evolve into candid, constructive mind melds if we are to take some of the sting and "gotcha" out of e-discovery. Meet and confer requires intense preparation built on a broad and deep gathering of detailed information about systems, applications, users, issues and actions. An hour or two of hard work should lie behind every minute of a Rule 26(f) conference."

Mr. Brand was discussed in relation to his extensive conflicts of interest in the case. As well as both Mr. Brand and Mr. Koehn were discussed as it relates to Mr. Koehn's 26 January 2022, affidavit wherein Koehn states as a material fact that a "computer" belonging to the defendant was "stripped" from the defendant, and

4

Mr. Brand claims it was seized which is in direct REFUTE by State and Federal law enforcement and attorneys who know nothing of the computer. Koehn filed a sworn affidavit under the penalties of perjury making statements of material fact regarding the computer in question being "stripped" from the defendant. Though the affidavit of Koehn also contains certain perjury where Koehn makes statements of fact which are in direct refute by the public record. Mr. Brand was also discussed in light of his public stance that he "intentionally provides people with false information" as it appear certain his assertions regarding State and Federal officials are in direct REFUTE to Brand's assertions, drawing an issue of Truthfulness in Statements to others a tenant of the Rules of Professional Conduct. Mr. Koehn was also discussed in relation to the certification that the complaint and counter complaint has been provided to regulatory authorities within 30 calendar days of filing as per the regulations. Defendant denies intentionally "disparaging" anyone, as the defendant struggled to get counsel for the plaintiffs to stay on point in discussing the matters of importance in the conference, wherein counsel for the plaintiffs kept stating: "I have given you enough time… I said I would only spend an hour on picking dates for this routine meeting".

Defendant further requests his memorandum on ESI for discovery be included as an addendum to the Report of the parties, since the defendant had prepared extensively for ESI discussions and had sent the memo which included the District's guidelines far in advance of the meet and confer and had expected good faith efforts in meet and confer protocol on issues of ESI which are the heart of the issues for discovery, especially given the "missing" computer and the locked cellular phone data of the defendant; thus requiring extensive ESI discovery on the systems of the plaintiffs.

F.   With regard to claims of privilege or of protection as trial-preparation material asserted after production, the parties have agreed to an order as follows:

Absent motion or further order of the Court, the parties will follow the provisions of Fed. R. Civ. P. 26(b)(5)(B) regarding the inadvertent production of materials that are privileged or trial-preparation materials.

To the extent that any party asserts the claim of privilege and/or work product, the party asserting such privilege exists will identify the document or thing protected by this privilege. The identification through a "privilege log" will include – to the extent possible while maintaining the alleged privilege or work product – the date of the creation of the document; the author; its recipient (if applicable) and the privilege claimed. The parties agree to meet and confer to resolve any disputes and to discuss any issues that may arise regarding the assertion of any privilege.

G.  To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the following procedures have been agreed to by parties in this case:

   i.  Discovery disputes will be resolved with an email between Mr. Nelson and Mr. Kellogg.

   ii.  Documents and other papers will be served by email on Plaintiff at: ckellogg@kenberk.com and Defendant at: oklahomaremote@gmail.com.

   iii.  Deposition exhibits will be page numbered sequentially.

H.  There will be a maximum of 20 interrogatories, including all discrete subparts, served by any party on another party. Follow up interrogatories shall be limited to 10 per party.

I.  The number and length of depositions shall be governed by FRCP 30.

J.  The parties are unsure whether expert testimony will be used in this case. However, in the event expert testimony becomes necessary, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by Plaintiffs by **April 30, 2023**, and by defendant by **September 15, 2023**. Disclosures and reports by any rebuttal experts shall be served by **November 1, 2023**.

K.  The parties may want physical or mental examinations pursuant Fed. R. Civ. P. 35. All Rule 35-examinations shall be completed by **January 31, 2023**.

L.  Supplementations of disclosures under Fed. R. Civ. P. 26(e) will be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures will be served in any event 60 days before the deadline for completion of all discovery.

M.  The parties disagree that there is a need for discovery in this case to be governed by a protective order.

   Plaintiffs Suggest the Following: Because the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum by **August 31, 2022**.

   Defendant Suggests the Following: Pursuant to FRCP a party seeking a protective order for an interrogatory, deposition, admission or request for production of

documents, collectively discovery materials, shall seek leave to file a motion for a protective order on the subject seeking protection.

N. The parties consent to electronic service of disclosures and discovery requests and responses, as permitted by Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3 via the following email address for Plaintiffs: ckellogg@kenberk.com and the following email address for Defendant: oklahomaremote@gmail.com.

**6. Deadlines for Amendments and Potentially Dispositive Motions.**

A. A motion to dismiss has been filed by the Defendant in this case.

B. Any motion for leave to join additional parties or to otherwise amend the pleadings will be filed by **November 1, 2022**.

C. Other dispositive motions are expected to be filed in this case. All such motions will be filed by **30 days after the pretrial conference**.

D. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, **will be filed no later than 60 days before trial.**

**7. Other Items.**

A. The parties disagree whether the principles of comparative fault apply to this case.

B. The parties request a status conference prior to the final pretrial conference.

C. The parties request that the court hold a pretrial conference in **June 2024**.

D. The parties have demanded a jury trial and requested a trial location of Wichita, Kansas. **Trial is expected to take approximately two (2) trial weeks**.

E. Plaintiffs do not consent to trial by a U.S. Magistrate Judge at this time. Defendant does consent to trial by federal magistrate.

Date: July 26, 2022

Submitted by:

By: /s/ *Chris J. Kellogg*

Larry G. Michel        KS No. 14067
Chris J. Kellogg       KS No. 21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402
Phone: (785) 825-4674
Fax: (785) 825-5963
Email: lmichel@kenberk.com
       ckellogg@kenberk.com

ATTORNEYS FOR PLAINTIFFS


By:_____
Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, OR 97008-7105
Phone: (702) 932 3434
Email: oklahomaremote@gmail.com

DEFENDANT PRO SE