# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. and CHAD M. KOEHN | DOCKET NO.: 5:22-CV-04008-JWB-GEB |
|---|---|
| | CIVIL ACTION |
| | Sur-Reply to Doc. 126 Memo in Opposition to Doc. 120 Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad Mitchell Koehn - Destruction of Evidence via fire; REQUEST for Subpoena Issuance INSTANTER |
| Plaintiffs, counter-defendants v. Michael Nelson Defendant; Counter-Plaintiff PRO-Se. | [Jury Trial Demanded] |

Counter-Plaintiff and Defendant ("Nelson"), makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of filing **Sur-Reply to Doc. 126 Memo in Opposition to Doc. 120** Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad Mitchell Koehn - Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER** and does so state in Response to Chad Mitchell Koehn ("KOEHN") and United Capital Management of Kansas Inc. (UCMK):

The proletarian pedestrian pro se, peon, Nelson, proceeding on good faith, and armed with information from an informant, which only could have been achieved via a person with **direct inside knowledge of the facts**, involving **CRIMINAL CHARGES levied against Chad Mitchell Koehn,** due to the fact, the docket of the Criminal proceedings has been altered to read an erroneous date: "01/01/1901", it is impossible to have knowledge of Chad

=================================================================================

Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**

- 1

Mitchell Koehn's Criminal Charges regarding the fire or series of fires he started and fanned

and was so cited Criminally regarding on 8 January 2022, as this information escapes

detection by the public and escapes news reporting.   Absent direct knowledge of the

Criminal Charges and access to the courts docket system to know the case exists and has an

altered date, altered to be over 120 years in the past, and now to read; "01/01/1901",

demonstrates clearly that the public is actively involved monitoring this case and persons

who have the knowledge of **Chad Mitchell Koehn's CRIMINAL CONDUCT,** are coming

forward in droves to report what can only be seen by a reasonable person has certain

corruption, or perhaps favoritism within a County Court, where Chad Mitchell Koehn has

been able to have Criminal Charges dismissed without penalty, without fine, and simply for

payment of court costs, and then have the matter literally swept under the proverbial rug by

having a person within the County Offices with access to the Court docket change the date

on the Court Docket to read an erroneous date, effectively hiding the CRIMINAL Case in

plain sight.  ONLY a person with direct knowledge of the Criminal Charges **would know**

**they existed and ONLY a person who knew of the erroneous date change in the docket**

**would know where to look,** and **ONLY a person who was/is monitoring this case here at**

**bar**, in this public Court record would know the details regarding Chad Mitchell Koehn's

sorted nefarious past, and **feel so compelled to report Chad Mitchell Koehn.   Only a**

**person who has direct knowledge of sexual aggressions settlements** entered into by Chad

=================================================================
Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to
Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad
Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged
Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**
- 2

Mitchell Koehn and knowledge where those purported crimes took place would be able to claim as they have the following:

1. Chad M. Koehn had fire(s) on 8 January 2022

2. Chad Mitchell Koehn was Criminally Cited on 8 January 2022

3. The location where Koehn was cited is slightly more than 100 acres

4. The location where Koehn was cited is the location of his "other" crimes involving sexual aggressions

5. Koehn has entered into multiple sexual aggressions settlements

6. Koehn was destroying evidence via fire

7. Koehn's attorneys instructed him to destroy evidence

Without knowledge of the Criminal Charges against Chad Mitchell Koehn and armed with the date 8 January 2022, less than 48 hours before Chad Mitchell Koehn knew, that Nelson would be served with Koehn and UCM's frivolous SLAPP (Strategic Lawsuit Against Public Participation) petition, replete with known Racial SLUR, aimed and targeted at Nelson, inquiry was made as to citations issued against a man identified as: CHAD MITCHELL KOEHN, being CRIMINALLY CHARGED and CITED to Appear in CRIMINAL COURT. Only armed with this knowledge has the fact of the Criminal Charges against Chad Mitchell Koehn been so unearthed, Memo in Opposition states materially FALSE facts!

==================================================================================
Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**

- 3

Chad Mitchell Koehn in the middle of the afternoon was cited for illegal fire or fires at a location confirmed to be an area of land a little over 100 acres, just as described by the informant. Inquiry was made and no record was determined available from the Saline County Court clerk, as no record existed, given the date change made, as previously presented here to the US District Court for the US Federal District of Kansas.

In order to obtain the Citation, special inquiry was necessary from presumably KBI (Kansas Bureau of Investigation) and attorneys in and out of Kansas have been involved to obtain the true and correct copy of the Citation issued, as sought in Judicial Notice. Brooks Olivier; 300 West Ash, Room 307; Salina, Kansas 67401; 785-309-5831; Brooks.Olivier@KSCourts.org pulled the Criminal Citation and forwarded the same to investigators.

The docket report clearly shows a date being entered erroneously and/or changed to read "01/01/1901" the changing of dates on an official Court docket to hide and conceal the nature of a case, which the docket notes regarding demonstrate clearly that the information supplied in the Memorandum in Opposition is FALSE, that Chad M. Koehn and UCM are MATERIALLY MISLEADING the Court, and the attorney Christ J. Kellogg #21651, has now purposefully presented FALSE Facts in order to file the memorandum in opposition, and **Chris J. Kellogg #21651 also sought to purposefully, knowingly, wrongfully and illegally VIOLATE the Federal Rules of Civil Procedure, by affixing to the Memorandum in Opposition a FALSE**

====================================================================
Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**

- 4

**DECLARATION. In direct CONTRAVENTION to standing Orders of the Court, in direct contravention to the Federal Rules of Civil Procedure Chris J. Kellogg commits multiple acts in defiance of standing Orders of the Court, multiple acts in violation of the Local Rules of the Court and the Federal Rules of Civil Procedure, the FALSE swearing and thus FALSE Certification regarding BOTH notice of the filing in opposition and providing a copy of the same is a gross violation of not only the RULES, Federal and Local but violates the Pillars of Professionalism worst yet is the FALSE swearing and False Certification is a now patterned history established by Chris J. Kellogg to purposefully, knowingly, willfully, maliciously, abuse legal processes, as an Officer of the Court to have now illegally LIED in writing to a Court of Law.**

When an officer of the Court LIES to the Court in writing, that Officer has committed FRAUD upon the Court. When an Officer of the Court commits FRAUD upon the Court the entire Judicial machinery must stop and pause, seeking to remove the "Court Officer" who would dare make a mockery of the Judicial Machinery by committing FRAUD upon the Court as Chris J. Kellogg has done here, in the filing of the materially misleading Motion in Opposition, and purposefully, wrongfully, illegally not either noticing nor providing a copy of the filing to Nelson. Forcing Nelson to rely upon multiple third party nonprofits to receive basic notices, and copies of filings, certainly not what the founding fathers, the US Supreme Court or the Congress of these United States of America, had in mind when they approved the ipso facto statutes and Laws of Congress, as embodied in the Federal Rules of Civil Procedure. Nothing in Order of the

=================================================================================

Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**

- 5

Court document 67, permits Chris J. Kellogg or any other person or purported attorney, to VIOLATE the Local Rules of the Court nor the Federal Rules of Civil Procedure. Nothing in the Order of the Court in doc. 67, permits the Court to waive the requirements of process of service as articulated by the ipso facto laws of Congress under the Federal Rules of Civil Procedure as embodied in Rule 5, this is common sense and known by any person who is licensed in Kansas as an attorney, and known by any person who is licensed and sworn as an Officer of the United States FEDERAL COURT for the US District of Kansas. All persons who are supposed Officers of the Court of the United States Federal Courts, know that no order of any court nor any other conceivable method of interpretation of the ipso facto laws of Congress, as embodied within the Federal Rules of Civil Procedure may waive or otherwise provide for an alternative method of delivery and notice of filings so made in litigation before the Federal Courts.

The Federal Rules of Civil Procedure were first enacted by the Congress of these the United States of America and under the Rules Enabling Act, the United States Supreme Court may suggest amendments thereto, promulgating the same, and set froth those amendments before the United States Congress, who shall have final authority as envisioned under Constitutional Authority to so amend and thus so change the Federal Rules of Civil Procedure which are by their nature ipso facto statutes and thus laws of the United States of America, as such those Rules as embodied in the Federal Rules of Civil Procedure must be read in plain English as to their meaning and application. Under Rule 5, of the Federal Rules of Civil Procedure a person can only accept alternative service of notice and copies of pleadings if they the person to receive the

================================================================================
Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**

- 6

pleadings "CONSENTS IN WRITING", which do in direct part to the willful, purposeful, knowing, wrongful, illegal DECEPTION constituting MISCONDUCT in the highest form as deliberately committed by Craig Alan Brand in this matter and as discussed including all evidence pertaining thereto and complained of in formal complaint thereby in Documents 52 and 57, Craig Alan Brand did deliberately seek to materially mislead and commit DECEPTION and certain illegal and willful wanton disregard of law before the Court and direct illegal fraudulent communications both to the Court through the Chambers of Judge Birzer and to the person of Nelson, an illegal email, in Craig Alan Brand's attempts to have Nelson violate an inferior Courts Order. Nelson cannot and has NEVER Consented in Writing to any other alternative form of Service of notice nor copies of pleadings, motions, answers, filings of any nature whatsoever, therefore the FALSE Swearing and FALSE FRAUDULENT Certification of Chris J. Kellogg bring disgrace upon the Court in the eyes of the Public and certainly the parties. The conduct in bad faith and certainly in violation of the Local Rules, Federal Rules of Civil Procedure, Pillars of Professionalism, violating his oath as an Officer of the Court, and violating a multitude of the Rules of Professional Conduct of attorneys/lawyers and thus ipso facto "Officer of the Court", has and continues to cause untoward delay, consternation and certainly has made this matter neither just, nor speedy nor inexpensive, thus in addition to the violations to Rule 5 of the Federal Rules of Civil Procedure Kellogg violates Rule 1, providing that Kellogg willfully has purposefully with knowing mens rea of guilt sought to unjustly increase the costs to the parties the Courts and the public at large, providing for neither a just nor speedy nor

====================================================================

Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**

- 7

inexpensive determination of the matter at bar, due directly to his willful, purposeful, knowing FALSE SWEARING and FALSE Declaration on Document Number 126. In addition Chris J. Kellogg also has NEVER sent the document he files as document Number 126, to the person of Nelson, via email. In fact it is only the email address of Chris J. Kellogg which was stated by the Court in document 67, and due to the plethora of false addresses, harassment in general which Nelson has had to endure extra judicially from none other than Craig Alan Brand, it has been necessary to block and set for deletion all other emails coming from the law firm of Kennedy Berkley Yarnevich and Williamson Chartered, and to block continuously all the varying emails coming from www.thebrandlawfirm.com Nelson has been under constant and continuous ex parte and extra judicial attack by Craig Alan Brand since even prior to Larry Michel's fraudulent certification in document 24, claiming he had verified as true and accurate the perjury riddled affidavit of Craig Alan Brand in document 24-1. Craig Alan Brand who has a long and storied history of attacking opposing parties through less than honorable means and has publicly declared to the world that he is incapable of being believed and incapable of telling the truth as Craig Alan Brand declares to the world as no attorney should ever do, that he Craig Alan Brand has "championed the art of disinformation" and that Craig Alan Brand states publicly that he (Brand) "intentionally provides people with false information".

Chris J. Kellogg's false swearing and false certification regarding providing notice and a copy of the Memorandum in Opposition is just the tip of the proverbial iceberg of Chris J. Kellogg's materially misleading information he proffers in his Opposition Memo on behalf of

============================================================================
Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**
- 8

Chad Mitchell Koehn and UCM.   Kellogg proclaims the CRIMINAL CHARGES charged

against Chad Mitchell Koehn to be a "class C misdemeanor violation", Kellogg provides this

statement without a single piece of evidence to back up this assertion.  None-the-less Kellogg

goes on to assert other false statements regarding the CRIMINAL CHARGES against Chad

Mitchell Koehn.  Kellogg proceeds after proffering information which is neither in the citation of

the CRIMINAL CHARGES nor does Kellogg provide any proof for the fraudulent assertion he

makes.   The result as demonstrated in the Docket report, with the erroneous date change where

the docket was altered, to read a date over 100 years in the past, reading now "01/01/1901"

which provides proof positive beyond prima facie evidence of nefarious alterations to a Criminal

Docket in a County Criminal Action, no where in the docket report does it demonstrate that Chad

Mitchell Koehn was ordered to pay a fine, which by its very definition would be a punishment

and thus indicate another disposal of the CRIMINAL CASE against Chad Mitchell Koehn.

Instead the docket sought for Judicial Notice, demonstrates clearly that the charges against Chad

Mitchell Koehn were dismissed.  In fact as sought in subpoena and for Judicial notice is an email

from an identified person simply named "Ella" and for the identification of an unknown person

simply referred to as a "friend of def", whereas "def" is believed an abbreviation for

DEFENDANT, and that being Chad Mitchell Koehn as the Criminal Defendant.  Chris Kellogg

proffering before the Court more erroneous and mis-stated facts demonstrating poor and sloopy

legal work and certainly as means to lessen the impact and provide FALSE information

knowingly to the Court, claims a fine was issued, when in fact the docket report demonstrates

===============================================================================

Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to
Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad
Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged
Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**
- 9

clearly no fine, as the case was dismissed and therefore no fine was issued, via the unknown

contents of the "email" from "Ella" who is also not identified in the docket. The case was

dismissed under unknown circumstances absent the Court here in the US District of Kansas

Federal Court examining the email and identifying the "friend" and the unidentified person

known as "Ella", the dismissal asked that Chad Mitchell Koehn pay Court Costs, and court costs

by definition are not a fine. Additionally the Court docket demonstrates those costs to be ONE

HUNDRED and FIFTY EIGHT DOLLARS ($158.00) NOT the statement by Chris Kellogg of

$156.00 certainly not a typo or other miss-statement but rather an utter failure to present to the

Court TRUTHFUL information. Christopher Kellogg has known this information not to be

truthful for over a week and has NOT stepped up to correct the error on the record as required of

him in the Federal Rules of Civil Procedure and as required of Chris Kellogg within the Rules of

Professional Conduct governing the actions of attorneys before the Court.

**NO WHERE in the Memorandum in Opposition does Chris Kellogg DENY that**

**Chad Mitchell Koehn was burning evidence in this matter. I**N FACT as the Court will see

and so now herein take further Judicial Notice, that Chris Kellogg skirts around the issue of what

was being burned, and does not directly state that Chad Mitchell Koehn was not burning

evidence in this matter. In fact Chris Kellogg and thus Chad Mitchell Koehn and UCM do not

deny they were burning evidence nor do they deny that they were instructed by their attorneys to

destroy evidence in this matter. Typically in a Memorandum in Opposition this is an

opportunity for the opposing party to DENY the allegations, though here Kellogg on behalf of

==================================================================================
Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to
Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad
Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged
Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**
- 10

Chad Mitchell Koehn and UCM neither denies the destruction of evidence nor denies that lawyers presumably with his law office instructed their client Chad Mitchell Koehn to destroy evidence.

The pro se proletarian pedestrian, peon, Nelson having already sought as proper and dutiful for Judicial Notice of the Court regarding a CRIMINAL citation issued on 8 January 2022, against the person of CHAD MITCHELL KOEHN; having entered the same into the request for Judicial Notice, providing both a copy of the CRIMINAL Citation issued and a copy of the docket for the Saline County District Court as it appears now in the County of Saline Kansas, wherein the docket is ALTERED to read a beginning date more than 120 years in the past, stating "01/01/1901", thereby without the knowledge of the docket of the CRIMINAL CHARGES against Chad Mitchell Koehn, there is no plausible way for the pro se peon defendant to ascertain knowledge of the Criminal Charges against Chad Mitchell Koehn, nor is there any conceivable way to have discovered the docket for the Criminal Charges against Chad Mitchell Koehn, due to the date change made in the official Court Docket, wherein it is changed to "1901" and we

are in the year "2022", the year 2022 appears on the Citation issued making the

CRIMINAL CHARGES against Chad Mitchell Koehn.

Not only should all the Court records and files relating to the CRIMINAL

CHARGES against Chad Mitchell Koehn be sought via formal Federal Subpoena

forthwith but the **testimony and reports fo Deputy James Akin badge number**

**1377 of the Saline County Sheriff's Office** should be sought immediately from

251 North Main Street Salina, Saline County, Kansas, by this Honorable United

States Federal Court.  Destruction of Evidence flies in the face of all which is just

and proper in litigation and denies the Court the ability to seek the truth.  When as

charged attorneys participate in instructions for the destruction of evidence and

those attorneys are presented an opportunity to deny such instructions and they

neither deny the fire(s) were the destruction of evidence nor do they deny

instructing Chad Mitchell Koehn to destroy evidence provides for proof in the

negative and positive that the Attorneys did in fact instruct Chad Mitchell Koehn to

destroy evidence and it was evidence which Chad Mitchell Koehn was burning

(destroying) when he, Chad Mitchell Koehn was CRIMINALLY CITED on 8

January 2022, just less than 48 hours prior to when he knew with advanced

====================================================================
Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to
Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad
Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged
Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**
- 12

knowledge Nelson would be served for the first ever attempted service of the

SLAPP styled State Petition replete with RACIAL SLUR aimed and targeted at

Nelson, knowing it would be so served inside a racially divided detention facility.

The prima facie evidence exists between that of the informant, the fact of the

proximity of time when the fire(s) occurred, the fact there was a CRIMINAL

CHARGES for the fires, **the fact that the case was mysteriously disposed of**

**with alterations to a public Court file**, the fact that information within the

docket, does not contain the identities of individuals just a first name "Ella" and

the nebulous statement a "friend", though insiders in the Court have propounded in

public news group chats that the "friend" of Chad Mitchell Koehn that phoned the

Court is none other than purported NON LICENSED in Kansas, <u>Criminal Defense</u>

<u>Attorney Craig Alan Brand</u>.

The fact that the Court docket has been ALTERED to hide and conceal the

record within the public files, having the date changed from the current year 2022

and being so changed to the date "1901", is demonstrable first hand evidence that

tampering with the COURT RECORDS has occurred and that there is no

conceivable way to obtain copies of the record, and docket without first having the

========================================================================
Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to
Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad
Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged
Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**
- 13

knowledge the record exists, likewise it is impossible to have obtained a copy of

the CITATION as already filed in this matter at bar, without first having the

knowledge of the citation being issued.   The citation was issued 8 January 2022,

when the pro se defendant was detained in Essex County New Jersey.   The facts

are the facts, that the citation for CRIMINAL CHARGES issued to Chad Mitchell

Koehn, and then the case mysteriously was dismissed and Koehn was not even

fined, he (Koehn) only paid court costs.

Based upon the close proximity of the unauthorized fire, and subsequent

CRIMINAL prosecution of Chad Mitchell Koehn to the date and time when the

pro se defendant was served with improper service of the above herein referenced

litigation, and the fact the knowledge of the existence of the CRIMINAL

CITATION being issued against Chad Mitchell Koehn could not have been

discovered by any other means except for a mysterious informant, who obviously

had knowledge of both its existence and the nature of the CRIMINAL CHARGES,

given the fact the docket in the CRIMINAL Matter against Chad Mitchell Koehn

has been ALTERED, doctored, wherein the docket for the Criminal Matter against

Chad Mitchell Koehn now states an erroneous date, make discovery of the docket

Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to
Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad
Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged
Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**
- 14

in the Criminal Matter an impossibility absent direct knowledge of its existence.

See attached herewith Exhibit "A" a copy of the docket to Criminal Case Number:

2022-CR-000043 | State of Kansas vs. Chad Mitchell Koehn

Because of the nebulous nature of the notes included in the docket report and

the unwillingness of the Saline County District Court to provide copies of State of

Kansas Records, in violation of the Kansas Open Records Act, and due directly to

the fact the pro se pedestrian defendant is not a citizen of Kansas, and therefore

according to the Court not entitled to access Kansas Open Records requests.  And

the Court here has neither personal nor subject matter jurisdiction over the case at

bar.   The CRIMINAL matter against Chad Mitchell Koehn relating to the fire or

fires, alleged to have been created to DESTROY EVIDENCE, demonstrates

clearly that the date(s) have been changed, allowing the referenced docket which is

attached herewith as Exhibit "A" to have been changed wherein it now reads:

"01/01/1901 Clerk's Notes "

The request is so herein made for the the US Federal Court for the US

District of Kansas to issue, INSTANTER, subpoena for all CRIMINAL

RECORDS relating to Chad Mitchell Koehn inclusive without limitation of:

=================================================================
Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to
Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad
Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged
Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**
- 15

1. All Case Documents

2. Incident Reports

3. The nature of the Call which was responded to by Sheriffs

4. The full identity of the person identified only as "Ella"

5. The full identity of the person identified as "a friend of the def"

6. For the Citation and notices issued

7. For the "email" stated in the docket from "ella" which authorized dismissal
   of the CRIMINAL ACTION prior to being heard before a Criminal Court

8. And all and any other files relating thereto

**It is necessary and exigent circumstances present themselves needing
EMERGENCY Issuance of Subpoena to secure whatever documents may still
be within the record of the CRIMINAL matter against Chad Mitchell Koehn.**

Given the fact Chris J. Kellogg, purposefully, knowingly, willfully, maliciously has
violated his oath, the Local Rules, the Federal Rules of Civil Procedure, and his
sacred honor as an Officer of the Court and even as an EagleScout, by affixing his

===============================================================
Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to
Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad
Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged
Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**
- 16

signature to a certification statement that he noticed and provided a copy of the

filing in Opposition he makes in Document 126, said Opposition to Document 120,

Motion for Federal Subpoenoa given the EMERGENCY circumstances

surrounding the issue of the Destruction of Evidence at the behest of attorneys for

Chad Mitchell Koehn, and the FACT none of the allegations are denied by Kellogg

and Kellogg seeks to deny the pro se proletarian pedestrian, peon, Nelson both

notice and copy of the filing, forcing Nelson to rely upon THIRD PARTY

NON-PROFITS just to have notice and attempt to get copies of filings made

demonstrates clear violations to the Pillars of Professionalism by Kellogg, certain

multitude of violations to the Rules of Professional Conduct, Kellogg's actions

deprive the Court of Honor and Integrity in the eyes of the public and the parties.

His actions scream from the tallest mountains that he and his clients have

something to hide, **all indicating even more reasons why a Federal Subpoena**

**should issue forthwith to PROTECT the INTEGRITY of the JUDICIAL**

**PROCESSES and PROTECT the INTEGRITY of the COURT's in the eyes of**

**the Public.**

==============================================================================
Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to
Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad
Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged
Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**
- 17

Additionally, given the aforementioned and certain legal shenanigans being played especially where Chris J. Kellogg has not even provided notice nor a copy of his filing in Document 126, via his own email which is the ONLY email which the Court has placed on file within the Orders of the Court to have communication between the parties for discovery. Wherein the court stated the email address: ckellogg@kenberk.com though even from that email address the pro se pedestrian, proletarian, peon, Nelson has received NOT a single notification nor copy of the filing made by Chris Kellogg in his fraud filled filing made in document 126, in opposition of document 120, a lawful and dutiful filing by Nelson pro se seeking to PROTECT the Judicial INTEGRITY of the Courts and as a means to seek the TRUTH.

Because of the Multitude of Violations embodied in Chris J. Kellogg's Oppoisition Memorandum and for the reasons as outlined herein above the FRAUD upon the Court now so existing in the filing made by Kellogg in Document 126, and the prima facie evidence regarding the tampering and altering of the docket of an inferior Court in Kansas, to this the US District of Kansas Federal Court, given the

fact the prosecutor in the CRIMINAL MATTER against Chad Mitchell Koehn has

mysteriously been dismissed from his position just a few short months after the

Criminal Charges, against Chad Mitchell Koehn were dismissed by nebulous email

from unidentified person "Ella", the existence of a "friend" phoning the Court

believed to be Craig Alan Brand, the multiple violations to the Courts Local Rules

and certainly direct contravention of multiple Rules of the Federal Rules of Civil

Procedure by Kellogg in his filing on behalf of Chad Mitchell Koehn and UCM it

is now here and now so requested that this Honorable United States Federal

District Court for the United States District of Kansas make report and inquiry

forthwith for the PROTECTION of the COURTS and the JUDICIARY

INTEGRITY making said report to:

===============================================================================

Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to
Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad
Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged
Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**
- 19

Commission on Judicial Conduct

Kansas Judicial Center

301 SW 10th Ave., Room 115

Topeka, KS  66612-1507


785-296-2913

judgeconduct@kscourts.org


# **PRAYER for Relief:**

The pro se defendant so here and now so requests and prays for relief of this the Honorable US Federal District Court for the District of Kansas to provide a Federal Subpoena to the Saline County District Court for the CRIMINAL RECORDS relating to CRIMINAL CHARGES against Chad Mitchell Koehn.


To make a report and request for explanation as to the ALTERED docket in the CRIMINAL MATTER against Chad Mitchell Koehn.

TO make immediate referral for disciplinary procedures against Chris J. Kellogg for flagrant multitude of violations to the Rules of Professional Conduct, Pillars of Professionalism, his willful multiple repetitive violations of the Local Rules of the Court and repetitive violations of the Federal Rules of Civil Procedure.

To have a Federal Subpoena issue immediately as previously requested to secure all evidence relating to the CRIMINAL CASE against Chad Mitchell Koehn especially wherein his own lawyers refuse to deny the evidence destruction.

In the interests of substantial Justice and to prevent manifest injustice it is therefore so here and now requested under FRCP Rule 45 inclusive for the immediate issuance of said subpoena sought herein, INSTANTER.

AND

For this Honorable Court to report and request formal inquiry into the FACTS and Circumstances surrounding the CRIMINAL CHARGES against Chad M. Koehn the ALTERATIONS to the DOCKET the lack of enforcement of laws, the bad conduct and MISCONDUCT of Chris Kellogg as outlined herein above, making

such report and making those requests as the Court sees and thus deems correct and proper to prevent manifest injustice and to PROTECT the INTEGRITY of the JUDICIAL Processes and the machinery of Justice in the EYES of the PUBLIC.

Commission on Judicial Conduct

Kansas Judicial Center

301 SW 10th Ave., Room 115

Topeka, KS  66612-1507

785-296-2913

judgeconduct@kscourts.org

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see

Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).

Respectfully Submitted, this 11th day of August 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

==================================================================

Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**

# Certificate of Service:

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order of Saline County Court Judge Paul J. Hickman.

Respectfully Submitted, this 11th day of August 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

================================================================
Sur-Reply to Opposition Memorandum Document 126 in regards to Document 120 to Motion for EMERGENCY Subpoena Regarding CRIMINAL RECORDS of Chad Mitchell Koehn, relating to alleged incident 8 January 2022 involving alleged Destruction of Evidence via fire; REQUEST for Subpoena Issuance **INSTANTER**

- 24