KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:	(785) 825-4674
F:	(785) 825-5936

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL. , ) | |
| ) | |
| **Plaintiffs** ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| **Defendant** ) | |
| ) | |

### PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO SEAL FUTURE COURT FILINGS TO BE MADE BY DEFENDANT/COUNTER-PLAINTIFF, MICHAEL NELSON, INCORPORATING MEMORANDUM OF LAW
### [FILED UNDER SEAL]

Pursuant to Fed. R. Civ. P. 7, and D. Kan. Rule 7.1(a), both District of Kansas Rules amended August 2, 2022, Plaintiffs/Counter-Defendants, CHAD M. KOEHN ("Mr. Koehn") and UNITED CAPITAL MANAGEMENT OF KANSAS, INC. ("UCM")(Together "Movants" or "Plaintiffs"), by and through their undersigned counsel, herewith move this Court to order the Clerk of this Court to seal all future court filings made by Defendant/Counter-Plaintiff, MICHAEL NELSON ("Mr. Nelson") based upon his history in over One Hundred (100), mostly absurdly false and defamatory per se, docket filings, including exhibits, in this case, on the grounds that Mr. Nelson is utilizing the filing system of this Court to gratify his private spite or promote public scandal against Plaintiffs/Counter-Defendants and their counsel, including Plaintiffs' *pro hac vice* counsel. Mr. Nelson's Court frivolous filings assert that Mr. Koehn, UCM and/or his counsel, have committed acts which include not only unsupported criminal acts, but <u>acts so egregious as to go beyond the bounds of human decency and in violation of almost all the ethical rules</u>. Further, the

<u>alleged acts are completely unrelated to this action and are inserted only to use as a tool to further smear the Plaintiff and his counsel. Mr. Nelson has been using the public interest exception concerning court filings to unleash vitriol so heinous as to shock the conscience of the party reading the content</u>. [Movants are well-aware that D. Kan. Rule 5.4.2, formerly 5.4.6, applies when a movant seeks leave to seal a proposed filing under seal. This Motion requests the Court exercise its inherent discretionary judicial power to control and seal records. *See Wingerd v. Kaabooworks Services, LLC*, No. 18-cv-2024-JAR, 2019 WL 2268980, at *1(D. Kan. May 28, 2019)(citing *Crystal Grower's Corp. V. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

## **STATEMENT OF THE SPECIFIC RELIEF SOUGHT**

Movants seek entry of an Order directing the Clerk to docket all filings by Defendant, Counter-Plaintiff, MICHAEL NELSON, provisionally under seal and will remain under seal until further court order. The undersigned remind the Court that on numerous occasions the Magistrate Judge has warned Mr. Nelson against such filings and the commentary therein, however, it does not appear to have deterred Mr. Nelson one bit. In fact his latest fictional filings appear as a shameful means of attempting to turn the Magistrate Judge against the Plaintiffs and Plaintiffs' counsel by falsely and disgustingly alleging bigotry and biasness as Plaintiffs motives. In turn, Movants will, within fourteen days (14) days after the document is filed provisionally under seal, provisionally file a Motion to Seal or Redact in accordance with D. Kan. Rule 5.4.2(c)(3) and 5.4.2(d). Upon the filing of a provisional Motion to Seal or Redact by the Movants, Mr. Nelson shall have fourteen (14) days to file his response to the provisional Motion to Seal or Redact which shall be filed as a provisional response by the Clerk of this Court, and Mr. Nelson shall also email his provisional response to chambers. If the Movants' do not file a Motion to Seal or Redact a Clerk of Court's provisional court filing made by Mr. Nelson within fourteen (14) days of the date of the Clerk's provisional filing of Mr. Nelson's Motion, Mr. Nelson may file the document in the

public record of this case and the Clerk shall accept the same without restriction. Should Movants timely provisionally file a Motion to Seal or Redact a specific filing by Mr. Nelson, the document shall remain sealed until further order of court.

## STATEMENT OF THE CASE

On February 22, 2021, Plaintiffs filed a two count Petition for damages against Mr. Nelson in the District Court of Saline County, Kansas. Docket No. ("D.") 1-1. Count I alleged defamation and Count II alleged intentional interference with Plaintiffs' business relationships. (Defendant, in his 100+ filings in the Court has done a remarkable job demonstrating how right and warranted the Plaintiffs case is). Plaintiffs were unable to serve Mr. Nelson until January 10, 2022, where he was served while in jail in Newark, New Jersey. D. 7. On February 1, 2022, Mr. Nelson filed his Notice of Removal to this federal court. D. 1.

After removal of the Plaintiffs' Saline County District Court case, Mr. Nelson raised the issue in voluminous filings accusing Plaintiffs of using hate speech by failing to omit the word "Bean", a scrivener's error from a prior pleading involving a party whose last name was Bean), in place of his name in one portion of the state petition. The Magistrate Judge ordered the Plaintiffs to file an Amended Complaint making no other changes than removing "Bean" form paragraph 3 of the Petition and referring to Defendant as "Nelson" by May 3, 2022. D. 63.

Plaintiffs' First Amended Complaint, restricted to omitting "Bean," was timely filed April 26, 2022 (D. 64). Mr. Nelson filed a Motion to Dismiss Plaintiffs' First Amended Complaint on May 16, 2022 (D. 69, 70). On May 17, 2022, Mr. Nelson filed a Federal Rules of Civil Procedure 12(b)(6) Motion to Dismiss the First Amended Complaint (D. 73). On May 23, 2022, Plaintiffs' filed their Response in Opposition to Mr. Nelson's 12(b)(6) motion (D. 76). On July 1, 2022, Mr. Nelson filed his Motion to Dismiss and Strike Plaintiff's First Amended Complaint (D. 89, 90). On July 6, 2022, Plaintiffs filed their Response in Opposition to Mr. Nelson's Motion to Dismiss

and Strike (D. 92). Mr. Nelson's Motion to Dismiss Plaintiffs' First Amended complaint remains pending. In paragraph 6 of D. 67, at *2, the Magistrate Judge ordered: "Plaintiffs will not file any Motion for Leave to Amend Complaint until after the Court holds the Scheduling Conference where a deadline for any such motion will be set." The Scheduling Conference was held August 2, 2022 (D. 121).

On May 17, 2022, Mr. Nelson also filed his Answer and Crossclaims and Counterclaims against Mr. Koehn and UCM (D. 72). On May 26, 2022, Counter-Defendants filed their Motion to Dismiss Mr. Nelson's Counterclaims and Crossclaims (D. 79, 80). On June 13, 2022, Mr. Nelson filed his First Amended Counterclaims and Crossclaims (D. 83). On June 13, 2022, Counter-Defendants filed their Motion to Dismiss Mr. Nelson's First Amended Counterclaims and Crossclaims (D. 85, 86). On July 26, 2022, the Court mooted the Plaintiffs' Motion to Dismiss Mr. Nelson's May 26, 2022, Counterclaims and Crossclaims because Mr. Nelson had filed his Amended Counterclaim (D. 98). Counter-Defendants' Motion to Dismiss Mr. Nelson's Amended Counterclaims and Crossclaims remains pending. On July 26, 2022, Mr. Nelson filed his Motion for Default Judgment for Counter-Defendants' failure to timely answer his Amended Counterclaims and Crossclaims (D. 101 102). On July 22, 2022, Counter-Defendants filed their Response in Opposition (D. 107) and on August 8, 2022, Mr. Nelson file his Reply (D. 134, 134-1). This Motion for Default Judgment remains pending.

On July 29, 2022, Plaintiffs filed their Verified Motion for Recusal of the Magistrate Judge (D. 113, 113-1 and 114), and on August 9, 2022, Mr. Nelson filed his Response in Opposition to the Motion for Recusal (D. 136). The Verified Motion for Recusal remains pending.

Scheduling Orders, based on the August 2, 2022, Scheduling Conference were entered August 3, 2022 (D. 122, 124) authorizing discovery to commence. Additionally, at the request of

Plaintiffs. Plaintiffs were granted leave to file a Motion to Seal by no later than August 12, 2022 (D. 122).

Additional filings pending before the Court are:

A.  Mr. Nelson's objection (D. 81) of the Magistrate Judge's May 16, 2022, Order Regarding Planning and Scheduling (D. 70), Plaintiff's May 31, 2022, Memorandum in Opposition (D. 82) and Mr. Nelson's June 10, 2022, Reply (D. 84);

B.  Mr. Nelson's Objection (D. 91, 91-1) and Plaintiffs' Response in Opposition (D.93) to the Magistrate Judge's Order (D. 88) denying of his Motion to Stay Discovery (D. 87);

C.  Mr. Nelson's July 22, 2022, Motion to Disqualify Craig A. Brand as Plaintiffs' Pro Hac Vice Counsel (D. 94, 95), Plaintiffs' July 27, 2022, Response in Opposition (D. 108) and Mr. Nelson's August 6, 2022, Reply (D. 133);

D.  Mr. Nelson's July 24, 2022 Motion for Judicial Notice of Statements Made by Chad M. Koehn (D. 96 through 96-7, Plaintiffs' August 4, 2022, Response in Opposition (D. 129);

E.  Mr. Nelson's July 26, 2022, Motion for Judicial Notice of Chad Mitchell Koehn being issued a ticket for a Saline County Burn Permit violation on January 8, 2022, alleged to be destruction of evidence (D. 99, 99-1, 99-2), Plaintiffs' August 4, 2022, Response in Opposition (D. 99);

F.  Mr. Nelson's August 1, 2022, Motion for Judicial Notice of No Defamatory Listings Concerning Chad Mitchell Koehn (D. 188 through 116-10, Plaintiffs' August 4, 2022, Response in Opposition (D. 131);

G.  Mr. Nelson August 1, 2022, Motion for Judicial Notice of Regulatory Filings, Secretary of State Filings, Disclosures and Lawsuits (D. 117 through 117-12), and Plaintiffs' August 5, 2022, Response in Partial Opposition (D. 132);

H.      Mr. Nelson's August 1, 2022, Emergency Subpoena Request for Depositions, Discovery Files and Sexual Settlements which are believed demonstrate misogyny tendencies of Chad Mitchell Koehn being a misogynist (D. 118), Plaintiffs' August 3, 2022, Response in Opposition (D. 126) and Mr. Nelson's August 11, 2022, Reply (D. 137);

I.      Mr. Nelson's August 1, 2022, Motion for Judicial Notice of Hiding and Concealing facts by Craig Alan Brand and Chad Mitchell Koehn as they relate to Hera Software Development Inc. a/k/a Hera Soft (D. 119, 119-1), Plaintiffs' August 3, 2022, Response in Opposition (D. 125, Duplicate filed as D. 127) and Mr. Nelson's August 8, 2022, Reply (D. 135 through 135-11) claiming that The location where Koehn was cited is "the location of his "other" crimes involving sexual aggressions," "Koehn has entered into multiple sexual aggressions settlements," "Koehn was destroying evidence via fire" and "Koehn's attorneys instructed him to destroy evidence." D. 137, at *3.

J.      Mr. Nelson's August 1, 2022 (D. 120, 120-1), Emergency Motion for Subpoena Request for Chad Mitchell Koehn's Criminal Records (relating to the January 8, 2022, Saline County Burn Permit violation citation alleging "that the unauthorized fire is upon information and belief to have been held at the instructions of Chad Mitchell Koehn's attorneys for the purposes to destroy evidence, which could relate to evidence including without limitation office files and computers (harddrives) in this case and other cases, which were pending at the time involving BOTH plaintiff's to this above herein referenced matter: CHAD MITCHELL KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS INC.",

**STATEMENT OF THE FACTS**

Starting with D. 1, filed February 1, 2022, Mr. Nelson's Notice of Removal of the Saline County District Court case, Mr. Nelson makes no effort to restrain himself and includes a multitude of demeaning and completely inappropriate comments accusing Plaintiffs of being racists, bigots,

using ethnic slurs, having long running and well known associations with known pedophiles, and persons who are non-compliant Child Sex being associated and affiliated with persons incarcerated for nearly a year who had been indicted on federal charges stemming from the $722 million bitclub ponzi scheme, willingly and with malice aforethought spewing HATE towards "spanish" peoples of the planet through their use of the racially motivated hate speech within the originating State Petition. D. 1, at **4,5, 6, and 9.

In D. 23, at *4, filed February 17, 2022. Mr. Nelson states:

"Wherein this CRIMINAL DEFENSE attorney in the employ of CHAD M. KOEHN, has a colorful past of various FRAUD charges against him, AND is considered by the "Florida Department of Law Enforcement" (FL)LE), the highest law enforcement CRIMINAL investigation agency of the US state of Florida, to be the "PARTNER IN DECEPTION", as stated in Affidavits of ARREST WARRANTS, including leading to the disbarment of that Criminal Defense attorneys, law partner.

AS IT GOES WITHOUT SAYING: <u>Where there's there is fire</u> as it certainly is 'true here, where plaintiff CHAD M. KOEHN, <u>has found the necessity to employ a CRIMINAL DEFENSE attorney renowned for his Criminal Defense of Pedophiles,</u> Child Pornographers, Child Sex Predators, Child Sex Traffickers, Drug Smugglers, Money Launderers, and even has experience with getting his Criminal defendants off of theft charges in Multi I0's of Millions of Dollars in Fraud against public companies, <u>when the WHISTLEBLOWER was FOUND DEAD after the WHISTLEBLOWERS identity and location were disclosed in Federal Litigation</u>, as reported by numerous newspapers across the country. Not surprising to this Honorable Court, the man who had the charges dropped against him, through the

assistance of the renowned Criminal Defense Attorney/Lawyer, hired by plaintiff CHAD M, KOEHN, with the long and storied history of <u>Criminal Representation of Pedophiles</u>, is now also employed by CHAD M. KOEHN, as his "special cyber projects and business development advisor", together with their joint Criminal Defense Attorney, specializing in the Criminal Defense of Pedophiles,

<u>AS IT GOES WITHOUT SAYING:</u>
**"WHERE THERE'S SMOKE THERE IS FIRE!"**
*"BIRDS of Feather, they tend to Flock Together."*

In D. 18, at *2, filed by Mr. Nelson February 11, 2022, "Especially wherein here this is a "sensational case" already garnished national and international attention. As it should, given the association and affiliation by and through at least one known employee, investor, advisor of CHAD M. KOEHN, having been indicted and convicted of FEDERAL Charges in the Bitclub (BITCOIN) Ponzi Scheme as prosecuted by the United States Attorney's office in NEW JERSEY. KOEHN's relationship with those indicted and convicted, in the Bitclub (BITCOIN) Ponzi Scheme, is well known. Though the criminal mastermind Russ Albert Medlin, remains incarcerated on 3 (three) separate counts of CHILD SEX ACTS, paying for sex with MINOR CHILDREN, in Indonesia where he fled from DUBAI (another connection to KOEHN, as well known by the global community). Russ A. Medlin, not surprisingly is a NON-compliant CHILD SEX PREDATOR, who was formerly incarcerated for similar acts in Nevada, as well known by CHAD M. KOEHN. There remains more than $700 MILLION in missing money from the Bitclub (BITCOIN) ponzi scheme, it is well settled FACT, at least one of the few indicted in the first round of Bitclub indictments, is/was an advisor, employee, investor in one of CHAD M. KOEHN's many "Crypto Currency" (BITCOIN) related companies, as admitted to by the plaintiffs.

In D. 50, filed March 31, 2022, entitled "NOTICE Defendant has never had a sexual relationship with plaintiff Chad Mitchell Koehn, the footer on each of the 18 pages reads: "Defendant has NEVER had a sexual relationship with plaintiff Chad Mitchell Koehn". The filing discusses an injunction against stalking obtained by Mr. Koehn against Mr. Nelson in Saline County District Court on or about January 28, 2022 (Mr. Nelson had been served January 10, 2022 (D. 7) with the state court Petition (D. 1-1) removed by Mr. Nelson. On page 6, Mr. Nelson states: "The certificate states a compliance with "VIOLENCE AGAINST WOMEN ACT (VAWA), indicating that although Chad Mitchell Koehn "sex" is listed as MALE, Chad Mitchell Koehn may identify as FEMALE, given the verbiage of the order." On Page 8, "**The defendant has NEVER slept with or had any SEXUAL interaction or any nature whatsoever with Chad Mitchell Koehn**" [So in original.] On Page 8, "**The defendant has NO sexual interest in Chad Mitchell Koehn**" [So in original.]

In D. 56, filed April 1, 2022, Mr. Nelson titles the filing and also inserts the following as a footer on each of the eight (8) pages of the filing: "Spoliation of Evidence by Chad Mitchell Koehn at direction of Craig Alan Brand. SECURITIES FRAUD in PROCESS." The footer on each page also states: "Legal Liability attached <u>KENNEDY BERKLEY YARNEVICH and Williamson Chtd,</u>" On page 4: "Brand is using information obtained here to "GUESS" as to the extent of Federal criminal cases against his clients and is directing Spoliation and destruction of evidence by attempts to mask, hide, conceal and obsurfcate (sic) evidence which may be needed at trial in whatever Federal District these trials will eventually commence."

In D. 60, at *17, filed April 8, 2022,"Parties often try to use the existence of a protective order, as now applied for by CHAD MITCHELL KOEHN, claiming among other things protection against SEX with the defendant and demonstrating a worry that CHAD MITCHELL KOEHN will inadvertently agree to SEX with the pro se defendant that has NO INTEREST whatsoever in any

9

"tryst" with CHAD MITCHELL KOEHN, who has obtained order protecting against SEX when CHAD MITCHELL KOEHN is "incapable of giving consent."

In D. 61, at *10, filed by Mr. Nelson April 11, 2022, "Craig Alan Brand is one of the masterminds of a massive campaign against the PRO SE defendant WHISTLEBLOWER, who fears he will be killed, as multiple attempts on his life have already taken place at the hands and collusion of the plaintiffs and their co-conspirators. Craig A. Brand as is well documented as being involved recently with Chad Mitchell Koehn's employee Dale Takio's criminal proceedings where the WHISTLEBLOWER in the $4million theft from Simon Properties Group NYSE:SPG (public company) was found dead (the defendants concern about being killed is warranted). See Exhibit F, at doc. 51-6: DALE TAKIO Criminal Case - WHISTLEBLOWER Found DEAD."

[On April 18, 2022, the Magistrate Judge ordered the parties not to file any additional pleadings until after the Status Conference is held April 26, 2022 (D. 63). On April 27, 2022, the Magistrate Judge ordered in paragraph 4 (D. 67, at *2): "The parties shall not file any additional pleadings until Defendant files his responsive pleading to Plaintiffs' Amended Complaint. Defendant's deadline to file a responsive pleading is **May 17, 2022**. No extensions to this deadline will be granted."]

In D. 81, at * 2, filed May 30, 2022, following Judge Broomes April 25, 2022, Order denying Mr. Nelson's appeal (objection) challenging the Magistrate Judge's admission of Mr. Brand as counsel *pro hac vice* for Plaintiffs: "**CRAIG ALAN BRAND presents himself at bar through A DIFFERENT LAW FIRM then he Stated to the Court in Affidavit which he Practices.** This together with his purposeful misleading of the Court, Chambers and the pro se defendant in the origin of emails he uses in the case, in order to materially confuse and unduly influence the proceedings. Brand demonstrated yet again more UNTRUTHFULNESS in statements to others, violating the Rules, making document 24-1 even more untruthful and

10

certainly riddled with PERJURY. Brand continues with unethical legal shenanigans at bar including those complained of in Documents 52 and 57, where Brand attempted fraud upon the Court and the Pro Se defendant."

In Mr. Nelson's "Motion to Disqualify Counsel: pro hac vice CRAIG ALAN BRAND" (D. 95, at **3-4 , filed July 22, 2022: "**DEAD WHISTLEBLOWER (s):** Craig Alan Brand, who crosses the globe seeking the destruction of the lives of Federally Protected WHISTLEBLOWERS."

In D. 118, filed August 1, 2022, Mr. Nelson's Motion is entitled: "Emergency Subpoena Request for Depositions, Discovery Files and Sexual Settlements which are believed demonstrate misogyny tendencies of Chad Mitchell Koehn being a misogynist."

In D. 136, at 2, filed August 9, 2022, Mr. Nelson refers to "the insidious ill placed metally (sic) defective, bigotry, misogynistic motion of Chad Mitchell Koehn and UCM demanding a sitting Federal Magistrate Judge recuse herself…" Further on page 4, "Nelson as the opposing party to which the insidious machinations are directed by the certainly misogynistic, homophobic, bigot Chad Mitchell Koehn..." On page 3, "Koehn pulls the "wealth card" in believing he as the wealthy overlord can both do no wrong and is entitled as his wealth dictates to have judges do his bidding." Further on pages 3-4, "Chad Mitchell Koehn is used to getting his way and believing the Federal Magistrate is nothing more than a slave. A SLAVE who is wearing borrowed robes, as Chad M. Koehn believes he is entitled to ONLY a MALE Judge who is a WHITE MAN, not a woman, not a minority, Chad Koehn DEMANDS a WHITE MAN to serve at his beck and call, as he is the wealthy tyrant who demands Judges shall do his bidding, as he is accustomed to with his "bought and paid for judge" of Saline County. Chad Koehn exudes his bigotry, misogyny and certain disdain for women in power, as is evident from the multitudes of sexual aggression settlements he has been forced to entered into, in order to avoid criminal charges. Chad Mitchell

Koehn in his unwavering support of the Patriot Front and a supporter of Fred Phleps (sic) Westboro Baptist Church seeks to remove from his path any minority who he unilaterally sees as less than human, demanding any person who is not a white anglo saxon male (WASP) be immediately dismissed from his seat of honor in his mind. Chad Mitchell Koehn has not a problem using words of division and HATE in legal pleadings, even in naming conventions of companies. Chad Mitchell Koehn as described in court records exudes hatred of women and minorities, it's no wonder he seeks the recusal of an African American female Federal Judge." On page 26: "Opinion: Craig Alan Brand has exclaimed orally that blacks (african americans) are less intelligent than whites, females are "irrational and emotional" and blacks should never be in any other position within the Judiciary than that of a defendant in criminal proceedings."  Page 29: "Chad M. Koehn, Craig Brand, UCM, Larry Michel and Christopher Kellogg, a corporation consisting of all white people, and four white men seek through obvious and evident lies, to defame, disgrace, attack the moral character and integrity of the sitting United States Federal Magistrate, Judge Birzer, forcing her into the untenable position to choose recusal and thus mandating her immediate resignation or choose to refuse recusal and provide inordinate punishment against the pro se proletarian pedestrian peon Nelson, impoverished by the actions of Koehn and Brand where the Federal Magistrate may feel the need to overcompensate and provide inordinate punishment against the poor in order to appear impartial in the eyes of the wealthy who demand total control of the Courts and its Judges, who they, the wealthy believe are already bought and paid for as their servants to do their bidding and must rule in their favor at every turn, the wealthy believe their wealth gives them more rights than the poor slaves."  Mr. Nelson's words are highly inciteful, disturbing, shameful, endangering, callous and as he is practicing as a pro-se party, he should be strongly held accountable, as would an attorney in his position, and removed from any further representation as there is no proof in his speech.

# ARGUMENT

"The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption." *Helms v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2012)..

""Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). The court has the "authority to seal documents before it, based upon the court's inherent supervisory authority over its own files and records." *United States v. Pickard*, 773 F.3d 1297, 1300 (10th Cir. 2013). The party seeking to seal the documents must articulate "a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017) (citation omitted)."" *Ad Astra Recovery Services, Inc. v. Heath*, No. 18-cv-1145-JWB, 2020 WL 5981571, at *1 (D. Kan. Oct. 8, 2020).

"Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Id.* (citation and internal quotation marks omitted). Specifically, the party "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-cv-2164-MLB-DWB, 2007 WL 101858, at *5 (D. Kan. Jan. 10, 2007).

**"[A]ccess has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to ensure that its records are not 'used to gratify private spite or promote public scandal' through the publication of 'the painful and sometimes disgusting details of a divorce case.' Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a**

litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978).

In *Oldridge v. City of Wichita, Kansas*, No. 18-cv-1243-JWB, 2022 WL 103285, at 1 (D. Kan, Jan. 2022), the Court held: "The standards governing sealing court records was summarized by Judge Lungstrum in *New Jersey and its Div. of Inv. V. Spring Corp.*, No. 03-2071-JWL, 2010 WL 5416837, at 1 (D. Kan. Dec. 17, 2010): Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access 'can be rebutted if countervailing interests heavily outweigh the public interests in access.' *Id.* The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.*"

From his filing of D. 1 through his filing of D. 137, Mr. Nelson's court filings, numbering well in excess of one hundred, including exhibits, are replete with totally irrelevant allegations, insinuations, defamatory statements that are inciteful and harm causing to the Plaintiff and his counsel, and wild machinations; however, this Motion is directed to future filings to be made by Mr. Nelson.

Directly relevant to the issue asserted in this motion is a theme pointed out and followed by Mr. Nelson throughout this litigation to justify his vitriol. "Any claim by plaintiffs as a basis for maintaining confidentiality once a document or claim is introduced or attached to a motion becomes moot as they violate this already. This kind of 'bootstrapping' is contrary to the law and should be opposed . *See Foltx*, 331 F.3d at 1127-29, 1139 (reversing district court's sealing of court records…., notwithstanding fact that parties had stipulated to protective order." D. 60, at **17-18.

Indeed, the previously quoted examples of Mr. Nelson using the privilege of public Court filings to gratify his private spite, cause the Plaintiff and his legal team to be placed in a dangerous situation given Mr. Nelson's attempts to incite adversities against them, and to promote a public scandal pointed at M. Koehn, Nr. Nelson, Attorney Michel, Attorney Kellogg, the Law Firm of Kennedy Berkley Yarnevich & Williamson, Chtd., and Attorney Craig Alan Brand, admitted *Pro hac Vice* herein is self-evident. Plaintiffs have already been contacted by clients who received emails from Mr. Nelson containing the inflammatory, demeaning, accusatory, defamatory, derogatory and heinous language set forth in his filings quoted above.

The necessity of compelling the filings made by Mr. Nelson to be designated provisional filings by the Clerk in order to prevent the harm to Mr. Koehn, UCM and their attorneys far outweighs the necessity of granting public access to their content to gratify Mr. Nelson's desire to vent his private spite and cause a public scandal. **As Mr. Nelson proudly pointed out in D. 18, at \*2:** "This is a "sensational case" already garnished national and international attention. As it should."

## **CONCLUSION**

Plaintiffs/Counter-Defendants have been limited to filing affirmative motions other than this Motion to Seal prior to the Court's January 6, 2022, Scheduling Conference. D. 122. Plaintiffs believe that the quoted portions of Mr. Nelson's filings clearly support the granting of this Motion to Seal All Future Court Filings to be Made by Defendant/Counter-Plaintiff, MICAHEL NELSON. In order to fashion a narrow remedy which serves the public interest, **Movants propose the Court implement the following procedure:**

Plaintiffs/Counter-Defendants seek entry of an Order directing the Clerk to docket all filings by Defendant, Counter-Plaintiff, MICHAEL NELSON, provisionally under seal and will remain under seal until further court order. In turn, Movants will, within fourteen days (14) days

15

after the document is filed provisionally under seal, provisionally file a Motion to Seal or Redact in accordance with D. Kan. Rule 5.4.2(c)(3) and 5.4.2(d). Upon the filing of a provisional Motion to Seal or Redact by the Movants, Mr. Nelson shall have fourteen (14) days to file his response to the provisional Motion to Seal or Redact which shall be filed as a provisional response by the Clerk of this Court, and Mr. Nelson shall also email his provisional response to chambers. If the Movants' do not file a Motion to Seal or Redact a Clerk of Court's provisional court filing made by Mr. Nelson within fourteen (14) days of the date of the Clerk's provisional filing of Mr. Nelson's Motion, Mr. Nelson may file the document in the public record of this case and the Clerk shall accept the same without restriction. Should Movants timely provisionally file a Motion to Seal or Redact a specific filing by Mr. Nelson, the document shall remain sealed until further order of court.

Should the Court wish to consider a less restrictive method, Movants suggest the Court consider appointing independent counsel who must review any proposed filing to be made by Mr. Nelson and include at the end of the Certificate of Service a certification dated and signed by the independent counsel that she or he has reviewed the proposed filing and has a good faith opinion that the contents of the filing does not contain any language which is included to gratify Mr. Nelson's private spite, inciteful behavior, and/or to promote public scandal directed at M. Koehn, Nr. Nelson, Attorney Michel, Attorney Kellogg, the Law Firm of Kennedy Berkley Yarnevich & Williamson, Chtd., and Attorney Craig Alan Brand, admitted *Pro hac Vice*, or any other third-party and whose language is both professional and ethical in accordance to the local bar rules.

WHEREFORE, Plaintiffs/Counter-Defendants, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., respectfully pray that this Court will enter an Order granting this Motion to Seal All Future Court Filings to be Made by Defendant/Counter-

Plaintiff, MICAHEL NELSON by fashioning a remedy in the form requested in the Statement of the Specific Relief Sought or such other effective remedy which the Court deems appropriate.

## CERTIFICATE OF CONFERRAL

The undersigned counsel hereby certifies that on August 12, 2022, Mr. Brand has attempted to confer with Michael Nelson, but has been unable to contact him prior to the filing of this motion.

Respectfully Submitted,

/s/ Chris J. Kellogg
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
T:   (785) 825-4674
F:   (785) 825-5936
E:   ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 12, 2022, the foregoing *Plaintiffs' Motion to Seal Future Court Filings Made by Defendant/Counter-Plaintiff, Michael Nelson,* was electronically filed with the Court using the CM/ECF System, and, pursuant to the Order of the Court, the undersigned caused to be mailed a true copy of the foregoing motion to Michael Nelson, by prepaid First Class United States Mail addressed to Michael Nelson, 9450 SW Gemini Dr PMB 90924, Beaverton, OR 97008-7105 and caused to be emailed a true copy of the foregoing motion to Michael Nelson at oklahomaremote@gmail.com.

/s/ Chris J. Kellogg