## UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. <br><br> and <br><br> CHAD M. KOEHN <br><br>         Plaintiffs, counter-defendants <br>    v. <br> Michael Nelson <br><br>         Defendant; Counter-Plaintiff PRO-Se. | <mark>DOCKET NO.:   5:22-CV-04008-JWB-GEB</mark> <br> **CIVIL ACTION** <br><br> **Sur Reply to Doc 132 Memorandum in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS regarding UCM and Chad M. Koehn and their affiliates (conspirators)** <br><br> **[Jury Trial Demanded]** |
|---|---|

    Counter-Plaintiff and Defendant ("Nelson"), makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of filing **Sur Reply to Doc 132 Memorandum in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS regarding UCM and Chad M. Koehn and their affiliates (conspirators)** and does so state in Response to Chad Mitchell Koehn ("KOEHN") and United Capital Management of Kansas Inc. (UCMK):

    Once again, Mister Nelson, is only afforded the opportunity to file a sur-reply given the involvement of THIRD PARTY non-profits who monitor court filings, as of his date 12 August 2022, Document 132 has not been received by Mister Nelson, despite the usual Certificate claiming it has been sent, Christopher J. Kellogg continues to refuse all communication or response to emails. Since Koehn and UCMK, have agreed to Exhibits in I though L (I, J, K, and L), this sur-reply will not address those requests for Judicial Notice,

===================================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*

- 1

as they are unchallenged. Chad Mitchell Koehn and UCMK seek to expound upon

documents, which they seemingly object to the Court taking judicial notice, as the Court

should and has been supplied with the materials to take Judicial Notice as the Court should

do now. This sur-reply will provide detailed URL's (Uniform Resource Locators) where

applicable for the Court to take Judicial Notice of those objected to documents, and where

appropriate demonstrate nexus and causation wherein the facts and documents requested for

Judicial Notice shall limit the need for the parties to engage in expensive and protracted

litigation and discovery in regards to the Motion to Dismiss, the SLAPP (Strategic Lawsuit

Against Public Participation) styled state petition which is now void of the racial slur

contained in the originating SLAPP state petition filed by Chad Mitchell Koehn and UCMK.

**It goes without saying** that Mister Nelson as certainly the Court as well takes issue with

Chad Mitchell Koehn and UCMK's recitation of the facts sought for Judicial Notice in

Document 117 and **as it is evident Chad Mitchell Koehn and UCMK through Chad**

**Koehn find inability to tell the truth as to about almost everything!**

Turning first to Exhibit "G" of Document 117, wherein Chad M. Koehn objects. Here in

the interests of cost savings to the Court, Mister Nelson, does so submit that it will be much more

beneficial for the parties to engage in individual interrogatories of each and every investor in

Anthem Holdings Co., with emphasis upon all investors which Chad Mitchell Koehn has

personally "recommended" and/or sold investment in Anthem Holdings Co. too, enabling the

parties to engage in extensive discovery as to all materials provided each and every one of the

investors in Anthem Holdings Co. that Chad Mitchell Koehn discloses he has recommended

===============================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to*
*Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*

- 2

and/or defacto sold investment in Anthem Holdings Co. too.  Therefore because the parties will instead of Judicial Notice here through the Court, be engaging in indepth and detailed interrogatories and investigations into all investors in Anthem Holdings Co. which Chad MitchelL Koehn has sold and/or recommended, Mister Nelson seeking to lessen the burdens upon the Court and for the purposes of Conservation of Judicial Resources does so here and now withdraw respectfully the request for Judicial Notice as to Exhibit "G" of document 117.

Next moving to Chad Mitchell Koehn and UCMK claim(s) they are in the financial consulting business, as such as they are required as licensed professionals to file a vast array of public disclosure documents.  The initial Judicial Notice request in document 117, requested only a few of the multitude of disclosure documents which Chad Mitchell Koehn and UCMK are required by law to file periodically as they are also required by law to update those documents within 30 days of ANY changes to any of the information which they have stated in those documents.  The objection of Chad Mitchell Koehn and UCMK, to Exhibit "A" (117-1), appears as stated by Koehn and UCMK is to the statement, regarding the public disclosure document in Exhibit "A" being:  "One of many disclosure documents publicly available", this is a true statement, the Judicial Notice sought in Exhibit "A" of document 117, is only to that one public disclosure document, Koehn and UCMK are required to file periodically as stated a many multitude of different disclosure documents, nothing contained in the Judicial Notice is to warrant nor is it requested that the Court take Judicial Notice of any of the other multitude of disclosure documents required to be filed periodically and updated regularly within 30 days of changes to those documents or any of the documents

which Judicial Notice is so sought.  Turning next to Chad Mitchell Koehn and UCMK's

objection regarding:  "...does not set forth the specific source from which the document was

purportedly extracted to that the same can be readily verified."   Mister Nelson, proceeding

pro se, presented the true and correct document as retrieved from a FEDERAL Commission,

and does so now in response to the objection of Chad Mitchell Koehn and UCMK presented

here and now to the Court for Judicial Notice, now three separate documents, of disclosures

rather than the singular sought in exhibit "A" to document 117; wherein each document now

sought for Judicial Notice under FRCP Rule 201, can be readily determined and viewed by

the Court, at the following URL (Uniform Resource Locator):

https://static.fmgsuite.com/media/documents/6c9c702c-f1da-437b-a466-cceab07e50d8.pdf

IT Goes without saying that Chad Mitchell Koehn and UCMK as licensed entities and

person are required by law and rule to file a multitude of different disclosure documents.

Chad Mitchell Koehn and UCMK by and through Chad M. Koehn are incapable of telling

the truth about almost everything as is plainly seen in the multitude of false swearing and

certain perjury in written form on many documents filed.  There was and is no trickery being

deployed when Mister Nelson, made the statements "one of many", as the Judicial Notice is

only being sought of the one provided in Exhibit "A", the fact that Chad Mitchell Koehn and

UCMK are required by law and rule to file many differing forms and required to do so

periodically is to say that although a single form is being presented from the singular date as

demonstrated on Exhibit "A" of document 117, this is the only document referenced by

======================================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to*
*Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*
- 4

Mister Nelson, the Court should ignore the hairsplitting and misdirection of Chad Mitchell Koehn and UCMK attempting to draw the Courts attention from the Document in Exhibit "A" which judicial notice is so rightfully sought and now as the Court is here provided with the URL as requested in the Objection filed by Chad Mitchell Koehn and UCMK:

https://static.fmgsuite.com/media/documents/6c9c702c-f1da-437b-a466-cceab07e50d8.pdf

As to Exhibit "A" of document 117.   There is no attempt at going on a "fishing expedition" as Mister Nelson was precise about the singular form publicly available sought for Judicial Notice at the time of the filing and as of this date 12 August 2022, is still available, though as has been seen time and time again during the course of the litigation Chad Mitchell Koehn who is incapable of telling the truth about almost everything, will seek as he Chad M. Koehn has done throughout the proceedings to remove, alter or change the document sought for Judicial Notice, as this is one of the things the Court and Mister Nelson must fight against in these proceedings, especially where prima facie evidence exists of the Criminal Charges levied against Chad Mitchell Koehn for fire(s) which are believed the destruction of evidence at the behest of Chad Mitchell Koehn's attorneys as stated by an informant.

As to respond to Chad Mitchell Koehn and UCMK's objection to Exhibit "B" of document 117, Mister Nelson here and now provides a URL (Uniform Resource Locator) link for the Court to take the readily available information and take Judicial Notice of the document so presented in Exhibit "B" of document 117:  "copy of SEC regulatory filing of Anthem Holdings Co."  Chad Mitchell Koehn in furtherance of the objection so states as to the SEC regulatory filing for Anthem Holdings Co. he, Koehn states;  "does not set forth the specific

source from which the document was purportedly extracted to that the same can be readily

verified and has not established a proper chain of custody, nexus or causation."

AS TO EXHIBIT "B" of Document 117, the exhibit itself, as a PDF document contains

embedded hyperlink (website address) within the PDF document itself for the Court to easily

determine authenticity by the SECURITIES EXCHANGE COMMISSION (SEC), the Exhibit

"B" of Doc. 117, allows for this Court and any other Court or prosecuting AUSA (Assistant

United States Attorney) to easily click the CIK Number, within the Exhibit "B" document of

Document 117 and be directed to: https://www.sec.gov/edgar/browse/?CIK=0001830762

Exhibit "B" of Document 117, is also found in the Internet Archives at the URL:

https://ia802500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.117.2.pdf

| | |
|---|---|
| **1. Issuer's Identity**<br><br>CIK (Filer ID Number)     Previous     [X] None<br>                     Names<br>0001830762<br>Name of Issuer<br>Anthem Holdings Co<br>Jurisdiction of Incorporation/Organization<br>DELAWARE | Under ISSUER's IDENTITY screenshot provided to the Left.<br><br>**CIK (Filer ID Number) 0001830762**<br><br>IS HYPER LINKED to the directed page |

Mister Nelson, unlike Chad Mitchell Koehn, does not wish for this matter at bar to be either

expensive nor unjust nor overly lengthy, Chad Koehn seeks consternation at every turn and is

causing the extreme costs to the parties and to the COURT, as well as the public at large, where

Chad Mitchell Koehn is improperly filing objections to everything he can as he knows that the

nexus and causation of Anthem Holdings Co. SEC document is directly related to Exhibit "A" of

Document 117, in that Exhibit "A" of document 117 is Chad Mitchell Koehn's own disclosure

document as referenced herein above wherein on page 20, Chad Mitchell Koehn states:

===================================================================

*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to*
*Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*

- 6

"Other Business Activity of Company Principal **Chad Koehn, President of United Capital Management is a member of the Board of Directors of Anthem Holdings Company.** In his position as a member of the Board of Directors he is compensated by Receiving shares of stock and/or warrants to obtain shares in the company. Mr. Koehn has an incentive to recommend Anthem Holdings Company . This is a **conflict of interest**, and consequently the investment advice provided by Mr. Koehn is **biased.**"

see page 20, of Exhibit "A" of Document 117

The URL which the CIK Number for Anthem Holdings Co. will bring the Court to:

https://www.sec.gov/edgar/browse/?CIK=0001830762

The Form D, with its filing date is shown, available to click taking user to Web Address URL: https://www.sec.gov/Archives/edgar/data/0001830762/000183076220000001/xslFormDX01/primary_doc.xml this URL is the EXACT same Regulatory Filing as presented in the Attached Exhibit "B" to document 117, which contains in the pdf document in the Exhibit the pre-embedded SEC regulatory link allowing AUSA's, Clerks, Judges and others to easily confirm the authenticity of the document, as the Court should do now. The facts as now presented with the URL's provided and the explanation as to how Exhibit "B" of Document 117, is both obtained from the currently existing Exhibit "B" of document 117, from the Securities and Exchange Commission and its "nexus and causation" as to Exhibit "A", of Document 117, on page 20, demonstrating Chad Mitchell Koehn's conflict of interest to Anthem Holdings Company and that of UCMK, this also establishes where this causation of conflicts of interest that CRAIG ALAN BRAND is the "Special Counsel" to Anthem Holdings Company, and thus should be DISQUALIFIED as counsel, as is previously made in separate motion for

===================================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*

- 7

disqualification, given the overwhelming conflicts of interest where Chad Mitchell Koehn and UCMK have conflicts with each other regarding Anthem Holdings Co. and Craig Alan Brand is the attorney or "special counsel" of Anthem Holdings Company, Craig Alan Brand cannot serve two simultaneous masters in two simultaneous conflicting interests, with all three.

Further Judicial Notice is now so here requested as to the other forms appearing on the website address URL:  https://adviserinfo.sec.gov/firm/summary/157755  If it now pleases the Court to Confirm the readily available documents as found at the URL above. Viewing the Current ADV form as previously so requested for Judicial Notice; found at the specific link, which is also available from the above herein referenced URL, by clicking the box labeled "VIEW LATEST FORM ADV FILED", Mister Nelson does so here and now also provide a screenshot for navigation purposes of taking notice in link above, directing to:

https://reports.adviserinfo.sec.gov/reports/ADV/157755/PDF/157755.pdf

(the link [URL] directly above is the address you will arrive at by clicking the box labeled: "VIEW LATEST FORM ADV FILED"



Investment Adviser Firm Summary

UNITED CAPITAL MANAGEMENT OF KANSAS, INC. ( CRD # 157755/SEC#:801-80159 )
UNITED CAPITAL MANAGEMENT OF KANSAS, INC.

VIEW LATEST FORM ADV FILED    PART 2 BROCHURES    PART 3 RELATIONSHIP SUMMARY
The adviser's REGISTRATION status is listed below.

The Court is now herein also requested, in the interests of saving time and thus conservation of judicial resources to take Judicial Notice not only of "LATEST FORM ADV FILED" , BUT also to do now taking Judicial Notice as to "PART 2 BROCHURES", by

clicking the link labeled such and thus taking the Court to the URL:

https://files.adviserinfo.sec.gov/IAPD/Content/Common/crd_iapd_Brochure.aspx?BRCHR_VRSN_ID=784311  It is upon this link where the form ADV was located in June of 2021, though as referenced herein above is still publicly available and the true and correct copy of the ADV disclosure document "PART 2 BROCHURES" as available in the current form as to that of the previous, so well now demonstrating the many multitude of forms required to be filed by Chad Mitchell Koehn and UCMK.  As the Court should do now and recognizing the current Part 3 relationship summary found at:

https://reports.adviserinfo.sec.gov/crs/crs_157755.pdf

Turning next to Chad Mitchell Koehn and UCMK's objection as to Exhibit "C" of Document 117, wherein they state:  "does not set forth the specific source from which the document was purportedly extracted to that the same can be readily verified and has not established a proper chain of custody, nexus or causation."   Exhibit "C" of Document 117, is the true and correct copy of IAPD report generated, the document PDF of Exhibit "C" is replete with extensive hyperlinks throughout the entire document, just like the Exhibit "B" for the Securities and Exchange Commission (SEC), in the interests of conservation of judicial resources and providing for judicial economy, it goes without saying Chad Mitchell Koehn and UCM are attempting to "paper" this litigation with frivolous arguments as to the legitimacy of governmental reports and documents whose authenticity can be readily and easily determined from the embedded hyperlinks within those documents.  As can the IAPD

===================================================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*
- 9

report generated on the person Chad Mitchell Koehn. Mister Nelson will not insult this Court's intelligence as Chad Mitchell Koehn is attempting to paper the case with such frivolous arguments regarding documents whose authenticity is readily and easily available via the embedded hyperlinks contained in those documents taking the Court to specified GOVERNMENT websites to determine the authentication for itself, as can AUSA's, Clerks and Judges and any other person in receipt of Exhibit "C" to document 117, publicly available on this Federal Court Record.

Turning next to Chad Mitchell Koehn's objection to Exhibit "D", (117-4), Mister Nelson does not merely refer to the exhibit by its proper and full title but provides the clarification information needed in doing so for the Court to take Judicial Notice as the Court should do now, without further frivolous arguments of Chad Mitchell Koehn, who he himself, Chad Mitchell Koehn was required to sign and file the document under the pains and penalties of perjury, the document referenced in Exhibit "D" of Document 117, wherein Chad Mitchell Koehn states: *""FORM ADV: "UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION AND REPORT EXEMPTING INVESTMENT ADVISER for the primary business name UNITED CAPITAL MANAGEMENT OF KANSAS, INC. CRD Number 167755," Mr. Nelson does not set forth the specific source or Uniform Resource Locater from which the document was purportedly extracted to that the same can be readily verified and has not established a proper chain of custody, nexus or causation"* The nexus and causation is well articulated herein above, and the form ADV is the current

form ADV as found and so stated herein above on the SEC website page:

https://adviserinfo.sec.gov/firm/summary/157755 and as previously so well articulated to the

Court herein above to click the "Box" labeled "VIEW LATEST FORM ADV FILED", which

shall bring the Court, AUSA's, Judges, Clerks, Law Enforcement, Regulators, and members

of the public to the URL:

https://reports.adviserinfo.sec.gov/reports/ADV/157755/PDF/157755.pdf

Which allows for readily and easy confirmation of Exhibit "D" of Document 117.

Turning next to Chad Mitchell Koehn's objection to Exhibit "E" of Document 117,

wherein Koehn states:

> "Object to Exhibit "E" (117-5), although Mr. Nelson's Motion cites to a web
> address (Motion at *8); Exhibit "E" requires an interpretation of the analytics set forth
> in the document. Additionally, the header on the document states: "This XML file
> does not appear to have any style information associated with it. The document tree is
> shown below." This document is not supported by sufficient authentication and
> explanation of the content of a Regulation D filing by Anthem Holdings Co. Again,
> Mr. Nelson has failed or refused to establish a proper chain of custody, nexus or
> causation."

IT Goes without saying Chad Mitchell Koehn is purposefully increasing the costs, time and

needlessly wasting precious Judicial Resources, arguing documents which are squarely

within the purview of the Court, here a United States FEDERAL District Court to confirm

the authenticity of the documents presented, Mister Chad Mitchell Koehn's attempts to

distract the Court's attention from the lawful and dutiful request for Judicial Notice as made

in Document 117, should not pass the Court by in noticing the lengths towhich Chad Mitchell

========================================================================

*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to*
*Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*

- 11

Koehn has gone to needlessly increase the costs, cause delay and certainly attack the proceedings as being just, in his, Koehn's refusal to resist objecting to documents which are by their very nature produced by systems of the United States Federal Government.  As to Exhibit "E" of Document 117, towhich Chad Mitchell Koehn erroneously objects, can be found at: https://data.sec.gov/submissions/CIK0001830762.json no wonder the founder of "json" scripting language left working with and advising Chad M. Koehn's companies, as Koehn attempts improperly to claim the United States Federal Courts are incapable of authentication of XML feed documents from the Federal Commissions of the United States government, who provide this information for use in Regulatory Technology deployments in this case EDGAR (Electronic Data Gathering Analysis Retrieval) system of the Federal Commission on Securities called the SEC (Securities and Exchange Commission).  Also again found at: https://www.sec.gov/edgar/browse/?CIK=1830762 which link provides the XML, json, and directed link to the previously herein above discussed Exhibit "B" the Regulatory filing of Form D, for Anthem Holdings Co., the company which Chad Mitchell Koehn claims a conflict of interest with as it relates to UCMK, and towhich Craig Alan Brand is the "special counsel" and general counsel to Anthem Holdings Co.

Turning next to Chad Mitchell Koehn's objection to Exhibit "F", wherein Chad Mitchell Koehn states, he:

> "Object to Exhibit "F" (117-6), as Mr. Nelson refers to it as "a true and correct "Screen Print" of information on Chad Mitchell Koehn from Broker Check made on July 29, 2022" (Motion at 8). Mr. Nelson does not provide the uniform resource locater from which the document was obtained, nor is the document supported by

authenticated justification why the source from which the document was extracted should be treated as either generally known within the territorial jurisdiction of the Court or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"

It Goes without saying given the excessive inability of Chad Mitchell Koehn to spell the word "LOCATOR" that the entire frivolous objections of Chad Mitchell Koehn and UCMK is a five minute copy and paste, series of identical frivolous objections to documents, which fit squarely in the very definition of "sources whose accuracy cannot reasonably be questioned", as the Court here is a United States Federal Court and the documents and screen prints are from United States FEDERAL agencies, commissions, departments etc. IT GOES without saying Chad Mitchell Koehn's bad faith conduct in his copy and paste objections are tiring to the parties, the Court and the Public at Large, as they are needless wastes to precious Judicial Resources, and if it were not for the obvious and evident PLETHORA of "securities irregularities" as now existing throughout the docket and throughout the requests for Judicial Notice this SLAPP petition of Chad Mitchell Koehn would already be dismissed as it should be, given the judicial abuses taken by Chad Mitchell Koehn in bringing forth the SLAPP petition he had replete with racial slur now absent the racial slur as he Chad Mitchell Koehna nd UCMK were required to remove it and made their once in a course amendments where they made the petition even more a SLAPP petition worthy of being dismissed as such. Here now Chad Mitchell Koehn actually objects to a website of the UNITED STATES FEDERAL GOVERNMENT: https://adviserinfo.sec.gov/ If it pleases the Court the Court can go to the

website:  https://adviserinfo.sec.gov/ and type in any person who claims they are licensed in the financial consulting business and retrieve reports on that person.

https://adviserinfo.sec.gov/individual/summary/2216169

As in here the Court can easily and readily determine the authenticity of any document and any report of a FEDERAL Commission from a FEDERAL Website.  Chad Mitchell Koehn in his cut, copy and paste series of frivolous objections now A through F, demonstrates truly the lengths by which Chad Mitchell Koehn will go in order to try the patience of the parties, the public and the Courts, wherein IT GOES WITHOUT SAYING Chad Mitchell Koehn is grasping at straws as to any reason to cause more aggravation, costs and increasing expenses to the parties, causing delays in the determination of the SLAPP styled petition he filed frivolously in State Court.   Chad Mitchell Koehn now claims the exhibit "not provide the uniform resource locater from which the document was obtained, nor is the document supported by authenticated justification why the source from which the document was extracted should be treated as either generally known within the territorial jurisdiction of the Court or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"; as complained of earlier the repetitive spelling error in the word "LocatOr" is annoying, as Locator, is spelled with "or" and not "er", in the use for URL, defined as:  A **Uniform Resource Locator** (**URL**), colloquially termed a **web address; Connolly, Daniel "Dan"; Sperberg-McQueen, C. Michael, eds. (2009-05-21). "Web addresses in HTML 5". World Wide Web Consortium. Retrieved 2015-09-13 The URL** is a reference to a web resource [A **web resource** is any identifiable resource (digital, physical, or abstract) present

on or connected to the World Wide Web RFC 3986 Uniform Resource Identifier (URI): Generic Syntax] that specifies its location on a computer network and a mechanism for retrieving it. A URL is a specific type of Uniform Resource Identifier (URI)  A **Uniform Resource Identifier** (**URI**) is a unique sequence of characters that identifies a logical or physical resource used by web technologies. URIs may be used to identify anything, including real-world objects, such as people and places, concepts, or information resources such as web pages and books.   Now if it pleases the Court the Court, Judges, Clerks, Staff, AUSA's, Regulators, Law Enforcement and the general public can all easily use the United States Federal Resource of a United States Federal Website to lookup a host of information regarding Chad Mitchell Koehn:

https://adviserinfo.sec.gov/

https://adviserinfo.sec.gov/individual/summary/2216169

Having already discussed Exhibit "G" herein above, in demonstration of good faith and to lessen the costs and burdens upon the Court, Mister Nelson respectfully withdraws the request made in Exhibit "G" in order to pursue lengthy in depth discovery of all persons Chad Mitchell Koehn has sold securities in Anthem Holdings Co. too and therefore defecto made recommendation of Anthem Holdings Co. to those persons to be identified through disclosures, so that the parties may have investigation as to source of funds, investor status, occupation, KYC-AML and BSA practices and procedures, via interrogatories and if necessary depositions to each and every person so identified by Chad Mitchell Koehn.

Turning next to Chad Mitchell Koehn's objection to Exhibit "H",

"Object to Exhibit "H" (117-8), as Mr. Nelson attaches what purports to be a copy of a Complaint for unpaid charges made on an American Express account "filed in Texas, listing as the Plaintiff in the action: AMERICAN EXPRESS NATIONAL BANK and as the defendants in the titled action: Anthem H. Blanchard and Anthem Vault, Inc." (Motion at *15). Exhibit "H" is not authenticated."

Mister Chad M. Koehn's objection to Exhibit "H" of document 117, is not made in good faith. Judicial Records are above all other records the easiest for Courts to Authenticate, especially wherein here the Court is a United States Federal Court, being requested to take Judicial Notice of a legal action, in an inferior State Court.   The document as submitted for Judicial Notice is a copy of a LAWSUIT, necessitated to be filed by AMERICAN EXPRESS NATIONAL BANK, against ANTHEM H. BLANCHARD and ANTHEM VAULT INC.; since Craig Alan Brand is the attorney of record for Anthem Vault Inc., and it is Anthem Vault Inc. which is the legal nexus and genesis corporation in NEVADA from which all other companies have sprung and to which all the various companies in the myriad of tangled web of corporations now makes up the so-called merger subs of the "triangular reverse short-form merger" entered into to create Anthem Holdings Co., also another Craig Alan Brand legal representation which has direct conflicts of interest with Chad Mitchell Koehn and United Capital Management of Kansas Inc. its causation for inclusion for judicial notice is obvious and evident.  As is the means for a US District Federal Court to authenticate the accuracy of any judicial record of any inferior court. Judicial notice has long-standing roots.  Based on the ancient adage **_manifesta non indigent probatione_**, or **"what is known need not be proved,"** judicial notice is one of the oldest

doctrines in common law history. Originally, judicial notice was a tool of convenience, used by trial judges with broad authority based on their own common knowledge. Eventually, however, Federal Rule 201 and its state counterparts paved the way for judicial notice to focus less on the common knowledge of judges, and more on the source of the fact. Here the source of FACT concerns a Lawsuit filed in a Court of Law in the United States, the plaintiff is a large well known Bank, known as American Express National BANK, it is tied to a PUBLIC COMPANY, American Express Company, known by the ticker symbol: NYSE: AXP, freely traded on the NEW YORK STOCK EXCHANGE (NYSE), American Express is known regularly as AMEX, the defendants two more Craig Alan Brand clients with conflicts of interest to Chad Mitchell Koehn and UCMK, are Anthem Vault Inc., a NEVADA corporation and Anthem H. Blanchard and individual, who is also the CEO of Anthem Vault Inc., Anthem Gold Inc, Anthem Holdings Co. (referenced herein above), AnthemStation (Space Station), Anthem Vault and Bunker LLC (referenced by Koehn and not objected to in document 117), Amagi Metals, Lunargistics, CisLunarExchange, and HERASOFT known by the moniker HeraSoft and the corporation Hera Software Development Inc. Judicial Notice as sought here regarding a JUDICIAL RECORD easily determined as to its authenticity by this Federal Court, is at nexus and causation given the intertwined operations and it is only objected to here improperly by Chad Mitchell Koehn given the conflicting representations and fiduciary responsibilities of Craig Alan Brand to all the various simultaneous and consecutive representations against the Rules of Professional Conduct. The method of Judicial Notice especially of JUDICIAL FILES is one that is supposed to lessen the burdens upon the parties and certainly the Courts, thereby creating judicial economy and for

===============================================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*

- 17

the conservation of judicial resources, yet here Chad Mitchell Koehn presents another copied and pasted blanketed improper objection to a Lawsuit whose authenticity by its very nature a filed legal document to an inferior court cannot be questioned by the US Federal Courts, given the Courts ease to confirm the authenticity and legitimacy of a legal document used as a Complaint filed by a Public Company against: Anthem Vault Inc. and Anthem H. Blanchard. The Judicial Notice rule has broadened the application of the rule, and, coupled with the technological revolution, opened the door to an infinite amount of noticeable material. Here the authentication of a Judicial pleading especially a complaint, replete with stamp of the Court and referencing a Case number is bar far the easiest document for any Court to recognize the filings made in another court especially wherein the other court is inferior hereto.

Mister Nelson makes no arguments within the dutiful and just request for Judicial Notice as contained in document 117, and as provided for herein above Mister Nelson provides for ample material from UNITED STATES GOVERNMENT WEBSITES with links included herein above and points out with specificity as to the links pre-embeded where applicable in the PDF documents already presented in Exhibits attached therewith Document 117. Providing for recap of document 117, Chad Mitchell Koehn and UCMK do not object to the documents requested for Judicial Notice in Exhibits I through L, and Mister Nelson deferring instead to indepth interrogatories and other discovery techniques regarding ALL persons who are stockholders in Anthem Holdings Co., has dutifully withdrawn the request for Judicial Notice of Exhibit "G". Erog Mister Nelson requests that given the aforementioned and added thereto with the hyperlinks so provided for to websites owned, maintained and operated by the UNITED STATES

FEDERAL GOVERNMENT, that the Court, should now provide for Conservation of Judicial Resources thus providing for judicial economy and grant the Judicial Notice as requested in Document 117, being now herein so provided with overwhelming evidence and requested materials certainly overcoming the frivolous and malicious copy and paste "Objections" of UCMK and Chad Mitchell Koehn in their deficient and certainly frivolous filing of document 132 objecting ad nauseum to the lawful and dutiful requests for Judicial Notice as made by Mister Nelson in document 117 and it's Exhibits, A through F and H and whereas and fore that Chad Koehn and UCMK do not object to Exhibits I through L (I, J, K, L), that the Court make Judicial Notice thereto those as well, all so embodied correctly in Document 117.

Chad Koehn and UMCK over reliance on the Khoja case, is improper here wherein each of the documents requested for Judicial Notice are painstakingly presented as a means for the parties to focus on real issues and not become bogged down alongside the Court with having to litigate issues which all commonsense demonstrates are beyond any doubt as to the fact of those documents. Keeping in mind the originating use of Judicial Notice, as Mister Nelson so presents the tool of Judicial Notice here, and does so as a non-legally educated, pro se, proletarian, pedestrian, peon before this United States Federal Court: Judicial notice has long-standing roots based in common law. Judicial Notice is based upon the ancient adage *manifesta non indigent probatione*, or **"what is known need not be proved,"** judicial notice is one of the oldest doctrines in common law history. Originally, judicial notice was a tool of convenience, used by trial judges with broad authority based on their own common knowledge. Here the use of Judicial Notice by the pro se, pedestrian Mister Nelson, is to limit the costs and time consumed

by the Court arguing nuisances which are without rebuttal as the facts and documents are already in large part signed under the penalties of PERJURY by none-other-than Chad Mitchell Koehn himself, and other documents are those publicly available disclosure documents available from the resources of the United States Federal Government and thus this Federal Court as a US District Court of the Federal Courts, must take those documents curated and filed with inferior Courts as well as those publicly available from the United States Federal Government as authentic and true documents. The United States Federal Government is a reliable source as it derives its power to govern from the same document as the United States District Courts, this Federal Court derives its power, all from the SUPREME Law of these the United States of America the United States Constitution, therefore the fact the exhibits as presented in document 117 and those attached and so referenced here Exhibits reference the materials of the United States Federal Government and therefore should not be reasonably questioned by a Federal Court. UCMK and Koehn misstate the Khoja case repeatedly, wherein the Khoja case, the issue was that statements of fact which should have been made in the pleadings were not and excessive use of the doctrine of Judicial Notice was made. Here this is not the case, Judicial Notice is being used sparingly as opposed to the plethora of disclosure notices and documents required to be signed under the penalties of perjury by Chad M. Koehn on his behalf and that of UCMK, and only selected documents supporting the Dismissal of the case as a SLAPP petition are being so proffered now before the Court, many THOUSANDS AND THOUSANDS of United States of America Federal Government Documents will necessitate Judicial Notice if this case is to continue, past the Dismissal sought via Strike as the petition even now void the racial slur is

================================================================================

*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*

- 20

deficient and certainly screams SLAPP lawsuit, worthy of dismissal with prejudice as sought by Mister Nelson.

The attachments as exhibits to Document 117, have nothing to do with a "scandal", as the only SCANDAL existing here in this matter at bar is that of the representation of Craig Alan Brand and his multitude of conflicting representations and violations of fiduciary duties owed which Brand is violating the Rules of Professional Conduct and certainly his oaths before the Court in his representation, certainly rising to SCANDALOUS nature. The documents sought for Judicial Notice in the exhibits thereto Document 117, materially lead the parties to be able to focus on the issues presented in the Motion to Dismiss thus allowing the Court to find determination of the action and matters at bar in a just, speedy and inexpensive manner, in conformity with FRCP Rule 1.

Nearly all of the documents sought for Judicial Notice concern directly the person of Chad Mitchell Koehn, some concern that of UCMK the fact that a single person is listed on a lawsuit by American Express National Bank, against Anthem Vault Inc (another Craig A. Brand representation), that single person being the human known as Anthem H. Blanchard (another Brand representation), is not an issue for cross examination, as the Court can certainly surmise. The issue is as simple as the dozens of investors now reading these pleadings and wondering how they were not told the business combination merger was because the underlying companies were being used as a lifestyle business for Anthem H. Blanchard, and his pretend trust fund, which all the investor had believed, yet it is Anthem H. Blanchard has been using the business, to create a tangled web of companies to look as though they are some sort of conglomerate in order

===============================================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*

- 21

to sell investors on the idea he is some sort of trust fund "BILLIONAIRE" when in fact nothing could be further from the truth. Certainly now that Craig Brand, whose fingerprints are all over the copy and paste objections has now provided as he often exclaims his "champion the art of disinformation" and that he Brand "intentionally provides people with false information" has inferred, the items for Judicial Notice might also lend themselves for cross examination, however, most likely Anthem H. Blanchard will be attached herewith as an involuntary defendant if the case were to proceed, thereby pitting Craig Alan Brand Client against Craig Alan Brand client and horrifically tainting the merits of the action having an attorney represent both plaintiffs and at least one if not more defendants.

The bearing upon the case as to "securities irregularities" is evident and obvious given the plethora of PERJURY committed by Chad Mitchell Koehn in the documents he has filed with the United States Federal Government and are as shown publicly available.

The earliest use of judicial notice does not come from the rules of evidence, as used here by Mister Nelson under FRE Rule 201, they come from use at trial. Instead, the first application of judicial notice was at the motion to dismiss stage; interestingly the same again as here where Mister Nelson seeks dismissal of the incongruous frivolous state petition even void of the previously included racial slur. Early American courts took <u>judicial notice of obvious facts</u> that were omitted from a pleading to avoid having to dismiss a claim [*See* JAMES BRADLEY THAYER, A PRELIMINARY TREATISE ON EVIDENCE AT THE COMMON LAW 279-286 (1898) (explaining that judicial notice was used to circumvent rigid pleading rules which required indispensable words be used to maintain a legal action; for example, "*felonice*" and

"*burglariter*" were required when referring to a felony or burglary)]   Although judicial notice would soon become enshrined in the Federal Rules of Evidence and used during trials, it started as a simple **means of convenience for the court,** which is exactly how Mister Nelson now uses Judicial Notice, here is as a convenience to both the Court and the parties whilst simultaneously providing for JUDICIAL CONSERVATION of RESOURCES and tremendous cost savings to the Public at Large.   While the rule has evolved over the years, **the importance of convenience has remained a constant**, and judicial notice has developed into a tool to circumvent long and inefficient procedural hurdles **in all stages of litigation**.   If the Court is not to have and so take Judicial Notice as proposed by Mister Nelson, the matter will become bogged down and protracted and last many decades going through hundreds of thousands of pages of documents which are mostly already in the safe keeping hands of other Courts, the United States Federal Government and other governmental entities, thereby enabling quick, speedy, inexpensive, easily ascertained knowledge of the Court in order to rule upon motions which terminate the litigation. The use of judicial notice at trial developed **as a matter of common sense and convenience**. **The opportunity to save time, work, and money made judicial notice a valuable resource**. As it is exactly this towards Judicial conservation of resources which Mister Nelson has proffered the Judicial Notice, whereas opposing such swift, savings of time, work and money is Chad Mitchell Koehn, that wants to challenge the documents he himself Koehn has affixed his signature under the pains and penalties of PERJURY.   As John Henry Wigmore explained best:

> *The object of this rule is to save time, labor, and expense in securing and introducing*
>
> *evidence on matters which are not ordinarily capable of dispute and are actually not*

===============================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*

- 23

*bona fide disputed, and the tenor of which safely be assumed from the tribunal's general knowledge or from slight research on its part. . . It thus becomes a useful expedient for speeding trials and curing informalities.* JOHN HENRY WIGMORE, THE POCKET CODE OF THE RULES OF EVIDENCE IN TRIALS AT LAW § 2120 (1910) **(emphasis added).**

Wigmore identified three general classes of matters that were authorized to be judicially noticed:

A. Matters which are necessary for exercising the judicial functions and are therefore likely to be already known to the judge by virtue of his office;

B. Matters which are actually so notorious in the community that evidence would be unnecessary;

C. Matters which are not either necessary for the judge to know nor actually notorious, but are capable of such positive and exact proof, if demanded, that no party would be likely to impose upon the tribunal of a false statement in the presence of an intelligent adversary.

*Id.* at § 2130.

This meant a fact could be judicially noticed where it was: (a) already known; (b) obvious; or (c) so easy to prove that no intelligent person would contradict it. However, here Chad Mitchell Koehn apparently is removing all doubt as to why he has sought to contradict his own signature that he himself has affixed to documents and disclosures under the pains of PERJURY?

The United States Supreme Court in **Brown v. Piper, [91 U.S. 37 (1875)]** provides a good example of judicial notice during the early common law period. In that case, Piper filed an action to prevent Brown from infringing on his patent for preserving fish using a freezing mixture. Brown denied that Piper held a patent on the freezing mixture, and further denied the novelty of the invention. The circuit court upheld the validity of Piper's patent. The Supreme Court reversed. Relying on judicial notice, the Court held that evidence of what is old and in general use at the time of an alleged invention is admissible. *Id.* at 38  In this instance, the Court noted that the freezing mixture was already well-known and used frequently at the time, for example, in preserving a corpse, or in animals which were found undecomposed in the ice of Siberia and "which must have been embalmed in ice for ages." *Id.* at 43 (quoting Tit. "Antiseptic," 1 AMER. ENCYCLO. 570)   The Court added that to require proof of every fact **"would be utterly and absolutely absurd,"** and that "[c]ourts will take notice of whatever is generally known within the limits of their jurisdiction; and, if the judge's memory is at fault, he may refresh it by resorting to any means for that purpose which he may deem safe and proper." *Id.* at 42.  This case illustrates a classic example of the benefits of judicial notice, and the obvious results that stem from its application: a freezing mixture used to preserve fish is not novel when anyone can look around to see ice has been used for years to preserve other items.  Chad Mitchell Koehn in the copy and paste series of objections as stated by Koehn in document 132, objecting to Judicial Notice as laid out by Mister Nelson in Document 117, is Koehn literally asking that the Court require extensive proofs, and 10's of thousands of documents which as **the Supreme Court opined in the 1800's "would be utterly and absolutely absurd".**  Other areas in which judicial

==============================================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*
- 25

notice has been used include verifiable documents, (for instance Court Records, like the lawsuit

from American Express National Bank vs. Anthem Vault Inc. and Anthem H. Blanchard),

historical events, well-settled scientific facts, and most commonly, geographic locations.

Famous, but less obvious examples of judicial notice at common law include *Gilbert v. Flint &*

*P.M. Railway [16 N.W. 868, 869 (Mich. 1883) (taking notice that a freight car resting on a*

*highway is not likely to frighten horses of ordinary gentleness)]*,*Wolfe v. Missouri Pacific*

*Railway*, [11 S.W. 49, 51 (Mo. 1889) (taking notice of the nature, operation, and ordinary uses of

the telephone).] and *Jacob & Flint & PMR Co. [105 Mich. 450, 63 N.W. 502 (Mich. 1895)*

*(taking notice that an ordinarily prudent person would not jump from a moving train).]*   Not

only that an ordinarily prudent person would not jump from a moving train, is that an ordinarily

prudent person who affixes their signature under the pains and penalties of PERJURY to

Government Documents, as has Chad Mitchell Koehn, would not then ordinarily seek to argue

the admissibility of the very documents which he, Chad Mitchell Koehn has affixed his name

and signature under the pains and penalties of perjury, although here we have exactly that, which

Chad Mitchell Koehn has improperly sought to waste the resources of the parties and the Court

in arguing regarding documents on file with the Federal Government and publicly available from

which he, Chad Mitchell Koehn himsel has affixed his signature under pains and penalties of

perjury.  The fact that some of these examples seem *too* obvious to be judicially noticed raises

another interesting point.   Facts that are commonly known today are not necessarily facts that

were commonly known yesterday, or that will be commonly known tomorrow.  That a freight car

on a highway is not likely to frighten horses of ordinary gentleness was considered common

========================================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to*
*Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*
- 26

knowledge in 1883.   In 2022, not as much.   In 1995, it was commonly known that Pluto was the ninth planet in the solar system.   In 2022, it is commonly known that Pluto is not actually a planet at all.    It could be argued that this apparent weakness is, in fact, one of the greatest strengths of the ancient doctrine:  as technology allows for easier access to an increasing number of incontrovertible facts, so does application for the rule.    Perhaps the best way to view judicial notice during early common law is in comparison to what came after. As Jeffrey Bellin and Andrew Guthrie Ferguson observe in their article "Trial by Google":

> "[T]he legitimacy of taking judicial notice came more from the authority of the judge than from the source of the information.  If, for example, there was a question about the existence of a river, it could be judicially noticed not because a map showed the fact (the map was unnecessary), but because the judge knew the river existed in that general location. *The judge thereby acted as a proxy for the general knowledge of the community.* Sources could support or confirm the judge's preexisting general knowledge, but did not alter the underlying premise that the judge's knowledge controlled."

> *Jeffrey Bellin and Andrew Guthrie Ferguson, Trial by Google: Judicial Notice in the Information Age, 108 NW. U. L. REV. 1137, 1152 (2014) (emphasis added).*

The strength of judicial notice was based on its liberal applicability in allowing judges and litigants a shortcut to otherwise less efficient evidentiary requirements. For example, using an almanac to show the moon was not shining at a particular hour on a given day. Not surprisingly, the adoption of Federal Rule of Evidence 201 sought to provide guidelines where none existed, while still seeking to preserve its most convenient features.   It is generally proper to take notice of an evidentiary fact, but not of an "ultimate fact" – one that it necessary for a party to prove his case.  *Compare* State v. Lawrence, **120 Utah 323 (Utah 1951)** (reversing the trial court taking notice that the value of the car stolen by the defendant was worth more than $50.00, the amount

====================================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*

- 27

required for a larceny conviction) *with* Datlof v. United States, 252 F. Supp. 11, 23 (E.D. Pa. 1966) (taking notice that October 5, 1955 was a Wednesday).   Facts found by a judge upon resolution of <u>contested evidence</u> cannot usually be considered beyond "reasonably dispute." *See* Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) (reversing trial court taking judicial notice of bankruptcy court's factual findings); Morrissey v. Luzerne County Cmty. Coll., 117 Fed. Appx. 809, 815 (3d Cir. 2004) (affirming judicial notice could not be taken of ageist remarks made by community college president in an unrelated case); Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1082 (7th Cir. 1997) (reversing trial court taking judicial notice of finding in prior class action).  Here Chad Mitchell Koehn and thus UCMK provides NO evidence at all just simply cut, copy and paste boilerplate objection after objection for no apparent reasoning other than to waste the resources of the Court and the parties and unfairly unjustly cause further delays, expense to the parties and Court and public at large all of which are not in conformity to the Federal Rules of Civil Procedure under Rule 1.  Mister Nelson presents documents and facts for Judicial Notice from US Government Websites and makes requests regarding Legal pleadings in inferior courts, which are so marked, stamped and sealed, all of which cannot be reasonably disputed as attempted in bad faith by Koehn.  *Dingle v. Bioport* 270 F. Supp.2d 968 (W.D. Mich. 2003) shows that not all websites are treated equally.   The court observed that **"public records and government documents available from reliable sources on the internet"** are **"generally considered 'not to be subject to reasonable dispute.'"**  *Id.* at 972, citing Grimes v. Navigant Consulting, Inc., 185 F. Supp. 2d 906, 913 (N.D. Ill. 2002) (taking judicial notice of stock prices posted on a website); and Cali v.

E. Coast Aviation Sers. Ltd.,178 F. Supp. 2d 276, 287 (E.D.N.Y. 2001) (taking judicial notice of documents from the Federal Aviation Administration website). Abraham Lincoln, both a Lawyer and a President, armed with his almanac, bogged down in a world of litigation fraught with complex issues, consider by many as the father of modern Judicial Notice practice, sometimes the greatest victories are the simplest. As is the case here where Mister Nelson has sought Judicial Notice of facts that cannot be reasonably disputed, as is evident that not even within the copy and pasted repetitive objections made by UCMK and Koehn is there a shred of evidence to refute the assertions made on US Government Websites, documents signed under the pains and penalties of perjury by Koehn himself, or found in the records of inferior Courts.

WHEREFORE, defendant and Counter-Plaintiff Mister Nelson, pro se respectfully prays that this Honorable United States Federal District Court for the District of Kansas will in the interests of conservation of Judicial Resources, providing for Judicial economy and to lessen the burdens upon the Court and the parties do now take Judicial Notices as to those attachments made to Document 117, and those Exhibits thereto A through F and H, and I through L (I, J, K, and L are not objected to by Koehn and UCMK), as well as any and all other relief deemed just and proper given the overwhelmingly frivolous nature of the objections via the copy and paste method to frustrate the Courts time and processes as made by Chad M. Koehn and UCMK, purposefully in order to waste this Courts precious time and Judicial Resources providing no formative substance in their objections, but rather objecting just to object, to what are readily evident in the requests for Judicial Notice as UNITED STATES FEDERAL GOVERNMENT RESOURCES AND WEBSITES and the Records of inferior Courts.

===============================================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*
- 29

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).

Respectfully Submitted, this 12th day of August 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

================================================================

***Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK***

- 30

## *Certificate of Service:*

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order of Saline County Court Judge Paul J. Hickman.

Respectfully Submitted, this 12th day of August 2022.



<u>Michael Nelson - Pro Se</u>

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: <u>oklahomaremote</u> @ gmail.com

===============================================================================
*Sur Reply to Doc 132 Memo in Opposition to Document 117; Motion for Judicial Notice as to Regulatory Filings, Secretary of State Filings, Disclosures and LAWSUITS, Koehn & UCMK*