# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. | DOCKET NO.:    5:22-CV-04008-JWB-GEB |
|---|---|
| **and** | **CIVIL ACTION** |
| **CHAD M. KOEHN** | **Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS** |
| Plaintiffs, counter-defendants | |
| v. | |
| Michael Nelson | |
| Defendant; Counter-Plaintiff PRO-Se. | **[Jury Trial Demanded]** |

Counter-Plaintiff and Defendant ("Nelson"), makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of filing **Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS** and does so state in Response to Chad Mitchell Koehn ("KOEHN") and United Capital Management of Kansas Inc. (UCMK):

Chad Mitchell Koehn and UCMK, attempt their long and patterned history in this litigation to date, to mislead and misdirect the court as to the nature of the Motion for

===============================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 1

Judicial Notice as firmly made in document 99.  In direct response in order to keep the responses brief the proletarian, pedestrian, non-legally educated Mister Nelson, appearing herein pro se, out of necessity herein so tenders Sur-Reply in response to Chad M. Koehn and UCMK's document number 130:

Judicial Notice of Court records is by far one of the most basic and fundamental uses of Judicial Notice, this litigation is currently pending before a United States Federal Court, for the US District of Kansas, as such all State Courts are inferior Courts to the US Federal District Court for the US State of Kansas.  Judicial notice can be used as a substitute for the presentation of evidence.  Generally, a party asserting a fact bears the burden of proving the fact with evidence FED. R. EVID.  901. .  Evidence must be supported by authentication, here Mister Nelson presents evidence both in documented form and in reference to an existing CRIMINAL CASE, in an inferior Court hereto, within the TERRITORIAL jurisdiction of the US Federal Court for the US District of Kansas, since the information requested for Judicial Notice is not only within the territorial jurisdiction of the Court, but it is information on record with an inferior Court, and the Court here in the Federal Court is supplied with the case number and citation number,

https://ia802500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.99.1.pdf

====================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 2

the Court can easily and should now take Judicial Notice of the facts presented

therein Document 99, to do otherwise as suggested by Koehn and UCMK is for the Court to

purposefully increase costs to the litigation, cause unnecessary delay and generally cause

unjust result, all of which substantially violates Federal Rules of Civil Procedure (FRCP)

Rule 1.

"Judicial notice is used by a court when it declares a fact presented as

evidence as true without a formal presentation of evidence. A court can take

judicial notice of indisputable facts. If a court takes judicial notice of an

indisputable fact in a civil case, the fact is considered conclusive." (Cornell

Law).  Under Article 4, Rules of Evidence in KANSAS:

> **60-409.   Facts which must or may be judicially noticed.** (a) Judicial notice shall
> be taken without request by a party, of the common law, constitutions and public
> statutes in force in every state, territory and jurisdiction of the United States, and of
> such specific facts and propositions of generalized knowledge as are so universally
> known that they cannot reasonably be the subject of dispute.
>
> (b)   Judicial notice may be taken without request by a party, of (1) private acts and
> resolutions of the Congress of the United States and of the legislature of this state,
> and duly enacted ordinances and duly published regulations of governmental
> subdivisions or agencies of this state, and (2) the laws of foreign countries and (3)
> such facts as are so generally known or of such common notoriety within the
> territorial jurisdiction of the court that they cannot reasonably be the subject of
> dispute, and (4) specific facts and propositions of generalized knowledge which are

===============================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice*
*under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD*
*MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as:*
*DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy.

(c)   Judicial notice shall be taken of each matter specified in subsection (b) of this section if a party requests it and (1) furnishes the judge sufficient information to enable him or her properly to comply with the request and (2) has given each adverse party such notice as the judge may require to enable the adverse party to prepare to meet the request.

Court Records and Public records are among the most basic and easily and readily accessed records for a Court to take Judicial Notice.  Especially here where the Court being requested and supplied with the information to take Judicial Notice is a United States Federal Court, for the same US District as wherein the inferior Court records are located.

The argument made by Chad Mitchell Koehn and UCMK is an improper argument, made for the improper purpose to cause delay and increased costs to the public, the Court, and the parties, not in conformity with Conservation of Judicial resources, nor in compliance with FRCP Rule 1, often cited by this very Court, to provide just, speedy and inexpensive determination of every matter before the Court.  The request made by Mister Nelson is squarely before the Court here the US Federal District Court for the US District of Kansas, and the matters requested for Judicial Notice are matters whose authenticity and records can

===============================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 4

be easily determined by the Court since they are the PUBLIC COURT Records of an inferior Court within the territorial jurisdiction of the US Federal District Court for the US District of Kansas.

Take for instance the Court here is supplied with the a CITATION Number for a LEGAL Citation commanding CHAD MITCHELL KOEHN to appear in CRIMINAL COURT for an inferior Court within the exact same territorial jurisdiction as the US District of Kansas Federal Court;

https://ia802500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.99.1.pdf

8 January 2022, CHAD MITCHELL KOEHN was cited with a CRIMINAL CITATION in Citation Number: 0000225246

The true and correct citation is found in the Exhibit A, of document 99:

https://ia802500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.99.1.pdf

The Court here in the US District of Kansas is so requested therefore so moved to take judicial notice of a public record, and provided with the precise information to ascertain a public fact upon the record of an inferior Court within the jurisdiction territorial of the

====================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 5

Federal Court. As the Court should do now in taking the Judicial Notice so requested and supplied with the information of a public Court Record of an inferior Court.

FACT: Chad Mitchell Koehn was Charged with a CRIMINAL ACTS, and so cited to appear before a Judge of the CRIMINAL COURT in Saline County Kansas.

The FACT is the CRIMINAL COURT Case against Chad Mitchell Koehn appears on the docket to have an altered date, this is a fact as it appears to the Public, there is no plausible way for Mister Nelson to know of the existence of the CRIMINAL CHARGES against Chad Mitchell Koehn absent an "informant" who has actual knowledge of the CRIMINAL CHARGES, the date, general location on a parcel of property slightly over 100 acres and where it is alleged Chad Mitchell Koehn's other crimes took place, eluding to sexual aggressions, now prima facie evidence exists in yet other Court proceedings wherein Chad Mitchell Koehn has entered into so-called confidential sexual harassment/assualt generally sexual aggression settlements with employees and/or their children of UCMK according to the "informant" and that a person named: Hallie or Pallie knows all and was a victim herself.

The request for Judicial Notice is NOT made as to the factual assertions of the "informant" instead upon the "informants" information formal inquiries have been made and the CITATION for CRIMINAL CONDUCT as issued to CHAD MITCHELL KOEHN was produced and is provided to the Court, this Court a US Federal District Court, need not

========================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 6

further inquiry to the pro se, peon, pedestrian making the request as this Court the US Federal District Court for the territorial district of the State of Kansas, can easily and readily determine the accuracy of Court Records and Citations of Law Enforcement located within its territorial jurisdiction.

[J]udicial notice is an aspiring star of unfulfilled potential. Its stage presence is extremely powerful because a notice fact is a *conclusively established fact*. Successfully invoke judicial notice and *Voila!* The fact in question is not merely supported, it is settled. *2008 WL 2064967 (E.D. Mo., May 14, 2008).*

IN the 1858 murder trial of William "Duff" Armstrong, he was represented by defense attorney: Abraham Lincoln. Before Liconln was elected the Sixteenth President of the United States, Lincoln had struggled to make a name for himself. As he told the jury, Mrs. Armstrong – the widowed mother of his client – had shown him kindness, providing shelter and clothes when he had none. Seeking to reciprocate the generosity when her boy found himself in some trouble, Lincoln volunteered for her son's defense without a fee. Armstrong was charged with murder in the first degree. Prosecutors alleged that on the night of August 29, 1857, Armstrong beat James Metzger so severely that he died the next day. A fellow by the name of Allen, witness for the prosecution, testified that he witnessed the blow. How? By the light of the full moon. It was 10 o'clock p.m., he testified, and the moon shined brightly. The court adjourned for the day. That night, Lincoln went to a corner drug store in

====================================================================

*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 7

Beardstown, Illinois, and purchased an almanac. The next day, he was prepared. The moon on that night, the almanac showed, did not shine until several hours after 10 p.m. **The court took judicial notice.** Shortly thereafter, the jury acquitted Armstrong.

The reason for telling the story of the "Almanac Trial" is two-fold. The first is that judicial notice is valuable. Without it, Lincoln would have had to lay a foundation for introduction of testimonial evidence showing that the moon did not shine at the time Allen said, cross-examine Allen to impeach the witness or in the hopes he recanted, or offer documentary evidence and have it authenticated.

The second reason for the story is that by using judicial notice, Lincoln won the case. Once called the "deus ex machina of evidence," judicial notice provides a shortcut that is not only more efficient, but also more commanding than ordinary evidence. The jury was instructed to accept the fact that the moon did not shine until hours after midnight.

Judicial notice is one of the most underappreciated and frequently misunderstood doctrines of evidence, yet it remains a powerful tool for any Court. Judicial notice can help establish important facts beyond dispute, and more significantly, help establish facts decisively.

Mister Nelson, a pedestrian, member of the proletariat class, a simpleton layman peon, is certainly not a tall thin "white man", like "Abraham Lincoln"; Mister Nelson is not popping down to the local drugstore to buy a Farmer Almanac. Here Mister Nelson is

====================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 8

presenting proof positive of records of an inferior Court, within the territorial jurisdiction of the US District Court for the District of Kansas.   There is seldom more convincing and worthy of Judicial Notice evidence presented than the request made therein document 99, wherein the simpleton, peon, pro se Mister Nelson proffers unto the US Federal District Court the records including case number, a copy of the CRIMINAL CITATION against Chad Mitchell Koehn and documented evidence that the docket date is altered to read "01/01/1901" yet as the Court can certainly take Judicial Notice of the supplied CITATION of CRIMINAL Charge against Chad Mitchell Koehn the date 2022, appears and this Court and its litigants are currently in the year of the Christian Lord Jesus Christ 2022, which is the generally accepted year as referenced in each of the pleadings and even the ORDERS of this Court.  Therefore requesting of the US District Court to take Judicial Notice of material facts and the FACT there exists a CRIMINAL CITATION, and what the CRIMINAL CITATION is for and who it is CRIMINALLY CITING to appear in a CRIMINAL COURT, are all things which any US Federal District Court can easily and readily determine for itself especially given the evidence so provided therein Document 99.

Within Document 99, Mister Nelson states:  "To hide the CRIMINAL Case against Chad Mitchell Koehn it appears someone within the Saline County District Court entered false dates to the record: "01/01/1901 Clerk's Notes"" see page 8, lines 16 to 19 of Document 99.   Chad Mitchell Koehn and UCMK twist this statement, and say unto this United States

===================================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

Federal District Court for the District of Kansas: "he infers continues his allegations claiming criminal wrongdoing by the Saline County Clerk's Office!"   There is nothing contained in the statement by Mister Nelson which states "criminal wrongdoing by the Saline County Clerk's Office!" as stated by Chad Koehn and UCMK on page 3 of their Memo in Opposition Document 130.  IN FACT the fact that the date is changed and/or altered should give pause to this Honorable United States Federal District Court that an Inferior Court within its territorial jurisdiction has within the Court records prima facie evidence in proof positive of judicial misconduct, as pointed out by Chad M. Koehn and UCMK wherein they Koehn and UCMK believe the altered date(s) within the docket report of the Criminal Charges against Chad Mitchell Koehn "infers" "criminal wrongdoing by the Saline County Clerk's Office!"   Certainly now that Chad Koehn and UCMK state an inference to criminal wrongdoing which is simply stated by Mister Nelson as "appears someone within the Saline County District Court entered false dates to the record:  "01/01/1901", provides the impetus that this US Federal District Court keeping within its obligations under Judicial Conduct must now present the questions and investigation to the Commission on Judicial Conduct found at:Commission on Judicial Conduct; Kansas Judicial Center; 301 SW 10th Ave., Room 115; Topeka, KS  66612-1507; 785-296-2913; judgeconduct@kscourts.org  It is not Mister Nelson who now infers "criminal wrongdoing" these are the words of KOEHN and UCMK in reference to the altered or changed date, to a false date reading:  "01/01/1901" in the

=================================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

docket for the Criminal Case charged against Chad Mitchell Koehn which is sought for Judicial Notice together with the true and correct CRIMINAL CITATION so ORDERING Chad Mitchell Koehn to appear in Court before a Judge of the Criminal Court to answer the charges as made in the Criminal Complaint Citation.

It is only Chad Mitchell Koehn and UCMK which claim the attached exhibits are not what they are and what they so appear to be, this is a delay tactic by Chad Mitchell Koehn and UCMK in order to substantially cost the parties delay and therefore not a speedy determination in accordance with FRCP Rule 1, additionally the frivolous and certainly improper delay tactics exuded herein their Memorandum in Opposition unfairly burdens BOTH parties and the Court with needless wasted resources therefore the actions now by Chad Mitchell Koehn and UCMK seek to cause the US District of Kansas Federal Court to waste its precious judicial resources rather than Conserve its Judicial Resources as believed and often cited by the Court and the paties that the parties should wherever and whenever possible seek the Conservation of Judicial resources and provide for Judicial Economy rather than the purposeful wastefulness of Judicial Resources in the argument that the CRIMIANL CHARGES and CRIMINAL CITATION against Chad Mitchell Koehn as referenced by Citation Number and CRIMINAL CASE NUMBER and provided therewith as attachments and thus incorporated thereupon Document 99 are not worthy of Judicial Notice, wherein Chad Mitchell Koehn and UCMK seek to claim the Court here the US District of Kansas

===============================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 11

Federal Court is neither competent nor possesses the acumen to readily and easily confirm the information as supplied and take Judicial Notice as the Court here in the US District of Kansas should now, the Judicial Notice of the documents appearing in the public court records of an inferior court located within the territorial jurisdiction of the US District of Knasas Federal Court.

Chad Mitchell Koehn and UCMK improperly and shamefully claim the requests enumerated as 1 thorugh 10 of Document 99 beginning on page 12 and ending on page 15 of Document 99, as the statement of "IRREFUTABLE FACTS" are not actually facts and Koehn and UCMK would have this Honorable US Federal District Court believe the statements are "arguments", they are not and are fact. The Court should read the FACTS in plain English and where necessary confirm the FACTS with BOTH the attached Exhibits thereto Document 99 as the Exhibits and through the Courts own verification as the Court has done in the past in the verification of UnitedCapitalManagement of Kansas Inc. bein also known as a/k/a United Capital Management of Kansas Inc. wherein the Court confirmed this information with the Secretary of State for the State of Kansas, as this was information the Court could and did seek clarification for Judicial Notice thereupon earlier in the matter at bar, just as the Court should do now when in doubt as to the authenticity of the documents and Exhibits presented in the attached exhiibits therewith document 99, in the request for Judicial Notice, the Court here the US District Federal Court for the US District of Kansas

====================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 12

can easily and readily determine the Judical Notice facts investigating the same with the inferior court of the Court of Saline County Kansas, given the unbelievable, shameless, callus claims of CHAD M. KOEHN and UCMK that the requests made therein document 99 and its exhibits are not what they claim to be, when the Court here the US District of Kansas Federal Court is able to ascertain in fact the facts stated and information requested for Judical Notice in the Document 99 and exhibits are in fact the information which they are said to be then Mister Nelson, pro se as a simpleton, layman, non-legally educated, pedestrian member of the proletariat does so now herein request relief from the Court wherein KOEHN and UCMK are blatantly placing additional strains upon the matter, the parties, the public and certainly the Court as they question FACTS which are without refute as they exist in the PUBLIC Records within the territorial jurisdiction of the US District Court and as such are within the territorial knowledge of the US District of Kansas Federal Court.   The US District of Kansas Federal Court here should lay and set forth against Koehn and UCMK appropriate measures to prevent their further non-cooperation and bad faith conduct regarding matters that are easily and readily confirmed within the territorial jurisdiction of the Court, especially here where the matters to be so Judicially Noticed relate directly to a CRIMINAL Citation and the CRIMINAL Case files of an inferior Court to the US District of Kansas Federal Court.   When read in plain English the language of this US District Federal Court the

========================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

enumerated paragraphs 1 through 10 of document 99 are believed correct FACTS, worthy and capable of Judicial Notice, as the Court here should do now taking said Judicial Notice.

The proletarian pedestrian pro se, peon, Nelson, proceeding on good faith, and armed with information from an informant, which only could have been achieved via a person with **direct inside knowledge of the facts**, involving **CRIMINAL CHARGES levied against Chad Mitchell Koehn,** due to the fact, the docket of the Criminal proceedings has been altered to read an erroneous date: "01/01/1901", it is impossible to have knowledge of Chad Mitchell Koehn's Criminal Charges regarding the fire or series of fires he started and fanned and was so cited Criminally regarding on 8 January 2022, as this information escapes detection by the public and escapes news reporting. Absent direct knowledge of the Criminal Charges and access to the courts docket system to know the case exists and has an altered date, altered to be over 120 years in the past, and now to read; "01/01/1901", demonstrates clearly that the public is actively involved monitoring this case and persons who have the knowledge of **Chad Mitchell Koehn's CRIMINAL CONDUCT,** are coming forward in droves to report what can only be seen by a reasonable person has certain corruption, or perhaps favoritism within a County Court, where Chad Mitchell Koehn has been able to have Criminal Charges dismissed without penalty, without fine, and simply for payment of court costs, and then have the matter literally swept under the proverbial rug by having a person within the County Offices with access to the Court docket change the date

====================================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 14

on the Court Docket to read an erroneous date, effectively hiding the CRIMINAL Case in plain sight.  ONLY a person with direct knowledge of the Criminal Charges **would know they existed and ONLY a person who knew of the erroneous date change in the docket would know where to look,** and **ONLY a person who was/is monitoring this case here at bar**, in this public Court record would know the details regarding Chad Mitchell Koehn's sorted nefarious past, and **feel so compelled to report Chad Mitchell Koehn.**  **Only a person who has direct knowledge of sexual aggressions settlements** entered into by Chad Mitchell Koehn and knowledge where those purported crimes took place would be able to claim as they have the following:

1.  Chad M. Koehn had fire(s) on 8 January 2022

2.  Chad Mitchell Koehn was Criminally Cited on 8 January 2022

3.  The location where Koehn was cited is slightly more than 100 acres

4.  The location where Chad Mitchell Koehn was cited is the location of his "other" crimes involving sexual aggressions

5.  Chad M. Koehn has entered into multiple sexual aggressions settlements

6.  Chad Koehn was destroying evidence via fire

7.  Chad Mitchell Koehn's attorneys instructed him to destroy evidence

Without knowledge of the Criminal Charges against Chad Mitchell Koehn and armed with the date 8 January 2022, less than 48 hours before Chad Mitchell Koehn knew, that Nelson

=================================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 15

would be served with Koehn and UCM's frivolous SLAPP (Strategic Lawsuit Against Public Participation) petition, replete with known Racial SLUR, aimed and targeted at Nelson, inquiry was made as to citations issued against a man identified as: CHAD MITCHELL KOEHN, being CRIMINALLY CHARGED and CITED to Appear in CRIMINAL COURT. Only armed with this knowledge has the fact of the Criminal Charges against Chad Mitchell Koehn been so unearthed, Memo in Opposition states materially FALSE facts! Chad Mitchell Koehn in the middle of the afternoon was cited for illegal fire or fires at a location confirmed to be an area of land a little over 100 acres, just as described by the informant. Inquiry was made and no record was determined available from the Saline County Court clerk, as no record existed, given the date change made, as previously presented here to the US District Court for the US Federal District of Kansas.

In order to obtain the Citation, special inquiry was necessary from presumably KBI (Kansas Bureau of Investigation) and attorneys in and out of Kansas have been involved to obtain the true and correct copy of the Citation issued, as sought in Judicial Notice. Brooks Olivier; 300 West Ash, Room 307; Salina, Kansas 67401; 785-309-5831; Brooks.Olivier@KSCourts.org pulled the Criminal Citation and forwarded the same to investigators.

The docket report clearly shows a date being entered erroneously and/or changed to read "01/01/1901" the changing of dates on an official Court docket to hide and conceal the nature of a case, which the docket notes regarding demonstrate clearly that the information supplied in the

================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 16

Memorandum in Opposition is FALSE, that Chad M. Koehn and UCM are MATERIALLY

MISLEADING the Court, and the attorney Christ J. Kellogg #21651, has now purposefully

presented FALSE Facts in order to file the memorandum in opposition, and **Chris J. Kellogg**

**#21651 also sought to purposefully, knowingly, wrongfully and illegally VIOLATE the**

**Federal Rules of Civil Procedure, by affixing to the Memorandum in Opposition a FALSE**

**DECLARATION.   In direct CONTRAVENTION to standing Orders of the Court, in**

**direct contravention to the Federal Rules of Civil Procedure Chris J. Kellogg commits**

**multiple acts in defiance of standing Orders of the Court, multiple acts in violation of the**

**Local Rules of the Court and the Federal Rules of Civil Procedure, the FALSE swearing**

**and thus FALSE Certification regarding BOTH notice of the filing in opposition and**

**providing a copy of the same is a gross violation of not only the RULES, Federal and Local**

**but violates the Pillars of Professionalism worst yet is the FALSE swearing and False**

**Certification is a now patterned history established by Chris J. Kellogg to purposefully,**

**knowingly, willfully, maliciously, abuse legal processes, as an Officer of the Court to have**

**now illegally LIED in writing to a Court of Law.**   Mister Nelson is still as of this date 14

August 2022, without a copy from Mister Kellogg of the filed document 130, which Kellogg

swears with a certification he has noticed and thus sent a copy to Mister Nelson.

When an officer of the Court LIES to the Court in writing, that Officer has committed

FRAUD upon the Court.  When an Officer of the Court commits FRAUD upon the Court the

entire Judicial machinery must stop and pause, seeking to remove the "Court Officer" who would

===============================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice*
*under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD*
*MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as:*
*DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 17

dare make a mockery of the Judicial Machinery by committing FRAUD upon the Court as Chris J. Kellogg has done here, in the filing of the materially misleading Motion in Opposition, and purposefully, wrongfully, illegally not either noticing nor providing a copy of the filing to Nelson. Forcing Nelson to rely upon multiple third party nonprofits to receive basic notices, and copies of filings, certainly not what the founding fathers, the US Supreme Court or the Congress of these United States of America, had in mind when they approved the ipso facto statutes and Laws of Congress, as embodied in the Federal Rules of Civil Procedure. Nothing in Order of the Court document 67, permits Chris J. Kellogg or any other person or purported attorney, to VIOLATE the Local Rules of the Court nor the Federal Rules of Civil Procedure. Nothing in the Order of the Court in doc. 67, permits the Court to waive the requirements of process of service as articulated by the ipso facto laws of Congress under the Federal Rules of Civil Procedure as embodied in Rule 5, this is common sense and known by any person who is licensed in Kansas as an attorney, and known by any person who is licensed and sworn as an Officer of the United States FEDERAL COURT for the US District of Kansas. All persons who are supposed Officers of the Court of the United States Federal Courts, know that no order of any court nor any other conceivable method of interpretation of the ipso facto laws of Congress, as embodied within the Federal Rules of Civil Procedure may waive or otherwise provide for an alternative method of delivery and notice of filings so made in litigation before the Federal Courts.

The Federal Rules of Civil Procedure were first enacted by the Congress of these the United States of America and under the Rules Enabling Act, the United States Supreme Court

===================================================================

*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 18

may suggest amendments thereto, promulgating the same, and set froth those amendments before the United States Congress, who shall have final authority as envisioned under Constitutional Authority to so amend and thus so change the Federal Rules of Civil Procedure which are by their nature ipso facto statutes and thus laws of the United States of America, as such those Rules as embodied in the Federal Rules of Civil Procedure must be read in plain English as to their meaning and application. Under Rule 5, of the Federal Rules of Civil Procedure a person can only accept alternative service of notice and copies of pleadings if they the person to receive the pleadings "CONSENTS IN WRITING", which do in direct part to the willful, purposeful, knowing, wrongful, illegal DECEPTION constituting MISCONDUCT in the highest form as deliberately committed by Craig Alan Brand in this matter and as discussed including all evidence pertaining thereto and complained of in formal complaint thereby in Documents 52 and 57, Craig Alan Brand did deliberately seek to materially mislead and commit DECEPTION and certain illegal and willful wanton disregard of law before the Court and direct illegal fraudulent communications both to the Court through the Chambers of Judge Birzer and to the person of Nelson, an illegal email, in Craig Alan Brand's attempts to have Nelson violate an inferior Courts Order. Nelson cannot and has NEVER Consented in Writing to any other alternative form of Service of notice nor copies of pleadings, motions, answers, filings of any nature whatsoever, therefore the FALSE Swearing and FALSE FRAUDULENT Certification of Chris J. Kellogg bring disgrace upon the Court in the eyes of the Public and certainly the parties. The conduct in bad faith and certainly in violation of the Local Rules, Federal Rules of Civil

===============================================================================

*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 19

Procedure, Pillars of Professionalism, violating his oath as an Officer of the Court, and violating a multitude of the Rules of Professional Conduct of attorneys/lawyers and thus ipso facto "Officer of the Court", has and continues to cause untoward delay, consternation and certainly has made this matter neither just, nor speedy nor inexpensive, thus in addition to the violations to Rule 5 of the Federal Rules of Civil Procedure Kellogg violates Rule 1, providing that Kellogg willfully has purposefully with knowing mens rea of guilt sought to unjustly increase the costs to the parties the Courts and the public at large, providing for neither a just nor speedy nor inexpensive determination of the matter at bar, due directly to his willful, purposeful, knowing FALSE SWEARING and FALSE Declaration on Document Number 130. In addition Chris J. Kellogg also has NEVER sent the document he files as document Number 130, to the person of Nelson, via email. In fact it is only the email address of Chris J. Kellogg which was stated by the Court in document 67, and due to the plethora of false addresses, harassment in general which Nelson has had to endure extra judicially from none other than Craig Alan Brand, it has been necessary to block and set for deletion all other emails coming from the law firm of Kennedy Berkley Yarnevich and Williamson Chartered, and to block continuously all the varying emails coming from [www.thebrandlawfirm.com](www.thebrandlawfirm.com) Nelson has been under constant and continuous ex parte and extra judicial attack by Craig Alan Brand since even prior to Larry Michel's fraudulent certification in document 24, claiming he had verified as true and accurate the perjury riddled affidavit of Craig Alan Brand in document 24-1. Craig Alan Brand who has a long and storied history of attacking opposing parties through less than honorable means and has publicly

===============================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 20

declared to the world that he is incapable of being believed and incapable of telling the truth as Craig Alan Brand declares to the world as no attorney should ever do, that he Craig Alan Brand has "championed the art of disinformation" and that Craig Alan Brand states publicly that he (Brand) "intentionally provides people with false information".

Chris J. Kellogg's false swearing and false certification regarding providing notice and a copy of the Memorandum in Opposition is just the tip of the proverbial iceberg of Chris J. Kellogg's materially misleading information he proffers in his Opposition Memo on behalf of Chad Mitchell Koehn and UCM.  Kellogg proclaims the CRIMINAL CHARGES charged against Chad Mitchell Koehn to be a "class C misdemeanor violation", Kellogg provides this statement without a single piece of evidence to back up this assertion.  None-the-less Kellogg goes on to assert other false statements regarding the CRIMINAL CHARGES against Chad Mitchell Koehn.  Kellogg proceeds after proffering information which is neither in the citation of the CRIMINAL CHARGES nor does Kellogg provide any proof for the fraudulent assertion he makes.  The result as demonstrated in the Docket report, with the erroneous date change where the docket was altered, to read a date over 100 years in the past, reading now "01/01/1901" which provides proof positive beyond prima facie evidence of nefarious alterations to a Criminal Docket in a County Criminal Action, no where in the docket report does it demonstrate that Chad Mitchell Koehn was ordered to pay a fine, which by its very definition would be a punishment and thus indicate another disposal of the CRIMINAL CASE against Chad Mitchell Koehn. Instead the docket sought for Judicial Notice, demonstrates clearly that the charges against Chad

===============================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 21

Mitchell Koehn were dismissed. In fact as sought in subpoena and for Judicial notice is an email from an identified person simply named "Ella" and for the identification of an unknown person simply referred to as a "friend of def", whereas "def" is believed an abbreviation for DEFENDANT, and that being Chad Mitchell Koehn as the Criminal Defendant. Chris Kellogg proffering before the Court more erroneous and mis-stated facts demonstrating poor and sloopy legal work and certainly as means to lessen the impact and provide FALSE information knowingly to the Court, claims a fine was issued, when in fact the docket report demonstrates clearly no fine, as the case was dismissed and therefore no fine was issued, via the unknown contents of the "email" from "Ella" who is also not identified in the docket. The case was dismissed under unknown circumstances absent the Court here in the US District of Kansas Federal Court examining the email and identifying the "friend" and the unidentified person known as "Ella", the dismissal asked that Chad Mitchell Koehn pay Court Costs, and court costs by definition are not a fine. Additionally the Court docket demonstrates those costs to be ONE HUNDRED and FIFTY EIGHT DOLLARS ($158.00) NOT the statement by Chris Kellogg of $156.00 certainly not a typo or other miss-statement but rather an utter failure to present to the Court TRUTHFUL information. Christopher Kellogg has known this information not to be truthful for over a week and has NOT stepped up to correct the error on the record as required of him in the Federal Rules of Civil Procedure and as required of Chris Kellogg within the Rules of Professional Conduct governing the actions of attorneys before the Court.

===================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 22

**NO WHERE in the Memorandum in Opposition does Chris Kellogg DENY that Chad Mitchell Koehn was burning evidence in this matter.** IN FACT as the Court will see and so now herein take further Judicial Notice, that Chris Kellogg skirts around the issue of what was being burned, and does not directly state that Chad Mitchell Koehn was not burning evidence in this matter. In fact Chris Kellogg and thus Chad Mitchell Koehn and UCM do not deny they were burning evidence nor do they deny that they were instructed by their attorneys to destroy evidence in this matter. Typically in a Memorandum in Opposition this is an opportunity for the opposing party to DENY the allegations, though here Kellogg on behalf of Chad Mitchell Koehn and UCM neither denies the destruction of evidence nor denies that lawyers presumably with his law office instructed their client Chad Mitchell Koehn to destroy evidence.

The pro se proletarian pedestrian, peon, Nelson having already sought as proper and dutiful for Judicial Notice of the Court regarding a CRIMINAL citation issued on 8 January 2022, against the person of CHAD MITCHELL KOEHN; having entered the same into the request for Judicial Notice, providing both a copy of the CRIMINAL Citation issued and a copy of the docket for the Saline County District Court as it appears now in the County of Saline Kansas, wherein the docket is ALTERED to read a beginning date more than 120 years in the past, stating "01/01/1901", thereby without the knowledge of the docket of the

================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 23

CRIMINAL CHARGES against Chad Mitchell Koehn, there is no plausible way

for the pro se peon defendant to ascertain knowledge of the Criminal Charges

against Chad Mitchell Koehn, nor is there any conceivable way to have discovered

the docket for the Criminal Charges against Chad Mitchell Koehn, due to the date

change made in the official Court Docket, wherein it is changed to "1901" and we

are in the year "2022", the year 2022 appears on the Citation issued making the

CRIMINAL CHARGES against Chad Mitchell Koehn.

Not only should all the Court records and files relating to the CRIMINAL

CHARGES against Chad Mitchell Koehn be sought via formal Federal Subpoena

forthwith but the **testimony and reports fo Deputy James Akin badge number**

**1377 of the Saline County Sheriff's Office** should be sought immediately from

251 North Main Street Salina, Saline County, Kansas, by this Honorable United

States Federal Court. Destruction of Evidence flies in the face of all which is just

and proper in litigation and denies the Court the ability to seek the truth. When as

charged attorneys participate in instructions for the destruction of evidence and

those attorneys are presented an opportunity to deny such instructions and they

neither deny the fire(s) were the destruction of evidence nor do they deny

========================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice*
*under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD*
*MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as:*
*DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 24

instructing Chad Mitchell Koehn to destroy evidence provides for proof in the negative and positive that the Attorneys did in fact instruct Chad Mitchell Koehn to destroy evidence and it was evidence which Chad Mitchell Koehn was burning (destroying) when he, Chad Mitchell Koehn was CRIMINALLY CITED on 8 January 2022, just less than 48 hours prior to when he knew with advanced knowledge Nelson would be served for the first ever attempted service of the SLAPP styled State Petition replete with RACIAL SLUR aimed and targeted at Nelson, knowing it would be so served inside a racially divided detention facility.

The prima facie evidence exists between that of the informant, the fact of the proximity of time when the fire(s) occurred, the fact there was a CRIMINAL CHARGES for the fires, **the fact that the case was mysteriously disposed of with alterations to a public Court file**, the fact that information within the docket, does not contain the identities of individuals just a first name "Ella" and the nebulous statement a "friend", though insiders in the Court have propounded in public news group chats that the "friend" of Chad Mitchell Koehn that phoned the Court is none other than purported NON LICENSED in Kansas, Criminal Defense Attorney Craig Alan Brand.

=================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 25

The fact that the Court docket has been ALTERED to hide and conceal the record within the public files, having the date changed from the current year 2022 and being so changed to the date "1901", is demonstrable first hand evidence that tampering with the COURT RECORDS has occurred and that there is no conceivable way to obtain copies of the record, and docket without first having the knowledge the record exists, likewise it is impossible to have obtained a copy of the CITATION as already filed in this matter at bar, without first having the knowledge of the citation being issued. The citation was issued 8 January 2022, when the pro se defendant was detained in Essex County New Jersey. The facts are the facts, that the citation for CRIMINAL CHARGES issued to Chad Mitchell Koehn, and then the case mysteriously was dismissed and Koehn was not even fined, he (Koehn) only paid court costs, the charge as made in the Criminal Citation against Chad Mitchell Koehn does not provide a "class" of Misdemeanor charged the citation and thus notice to appear before a Judge of the Saline County Criminal Court, states for KOEHN to appear in Court.

=================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 26

**FOR REFERENCE by this Honorable United State Federal Court for the US District of Kansas** IF the Court here in the Federal Court is to find it disturbing enough or worthy of notification to the Commission on Judicial Conduct of the prima facie evidence of docket tampering occurring within the Docket report of a Criminal Court INFERIOR hereto the US Federal District Court to make the lawful and necessary referral for investigation of the same and to preserve the integrity of the Judicial System, especially wherein now Chad Mitchell Koehn and UCMK "infers" "criminal wrongdoing by the Saline County Clerk's Office!"

Commission on Judicial Conduct
Kansas Judicial Center
301 SW 10th Ave., Room 115
Topeka, KS 66612-1507
785-296-2913
judgeconduct@kscourts.org

# PRAYER for Relief:

The pro se defendant so here and now so requests and prays for relief of this the Honorable US Federal District Court for the District of Kansas to provide for the Judicial Notice as requested in Document 99 and its attached exhibits and if and where necessary to make formal inquiry to confirm the authenticity of those facts so requested for Judicial Notice, regarding the CRIMINAL CHARGES against CHAD MITCHELL KOEHN as formally sought and with the information

===================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 27

CRIMINAL Citation and Case Reference Numbers as provided to this Honorable United States Federal District Court for the US District of Kansas.

To make a report and request for explanation as to the ALTERED docket in the CRIMINAL MATTER against Chad Mitchell Koehn, as referenced herein above and provided for in Document 99, making together therewith formal notice to the Commission on Judicial Conduct at the address and contact information so provided for the convenience of the US District of Kansas Federal Court.

TO make immediate referral for disciplinary procedures against Chris J. Kellogg for flagrant multitude of violations to the Rules of Professional Conduct, Pillars of Professionalism, his willful multiple repetitive violations of the Local Rules of the Court and repetitive violations of the Federal Rules of Civil Procedure, for his needless wasting of the resources of this US Federal District Court for the US District of Kansas and the delay tactics he has pursued in bad faith conduct rising to MISCONDUCT before this Honorable US Federal Court for the US District of Kansas seeking as no attorney should ever do to question the validity of a request made with the information so provided for Judicial Notice

===============================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 28

regarding the existence of a CRIMINAL CASE and CRIMINAL citation against Chad Mitchell Koehn existing now in and then in an inferior Court hereto.

In the interests of substantial Justice and to prevent manifest injustice it is therefore so here and now requested under Rule 201 inclusive for the immediate taking of the Judicial Notice so sought and for this US Federal Court of the US District of Kansas to forthwith seek the confirmation and investigation confirming the enumerated requests as stated in Document 99, INSTANTER.

**AND**

For this Honorable Court to report and request formal inquiry into the FACTS and Circumstances surrounding the CRIMINAL CHARGES against Chad M. Koehn the ALTERATIONS to the DOCKET the lack of enforcement of laws, the bad conduct and MISCONDUCT of Chris Kellogg as outlined herein above, making such report and making those requests as the Court sees and thus deems correct and proper to prevent manifest injustice and to PROTECT the INTEGRITY of the JUDICIAL Processes and the machinery of Justice in the EYES of the PUBLIC.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to

===============================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 29

less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).

Respectfully Submitted, this 14th day of August 2022.



Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

===================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 30

## Certificate of Service:

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order of Saline County Court Judge Paul J. Hickman.

Respectfully Submitted, this 14th day of August 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

========================================================================
*Sur Reply to Document 130 Memo in Opposition to Document 99; Motion for Judicial Notice under FRCP Rule 201 without limitation regarding CRIMINAL CHARGES against CHAD MITCHELL KOEHN stemming from INCIDENT 8 January 2022; alleged by Informant as: DESTRUCTION of EVIDENCE ordered by CHAD MITCHELL KOEHN's ATTORNEYS*

- 31