KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:     (785) 825-4674
F:     (785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL. , | ) |
| | ) |
| **Plaintiffs** | ) |
| vs. | ) Case No. 22-CV-04008-JWB-GEB |
| | ) |
| MICHAEL NELSON, | ) |
| | ) |
| **Defendant** | ) |
| | ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DOCKET NO. 144, DFENDANT'S OBJECTION AND APPEAL OF THE MAGISTRATE JUDGE'S AUGUST 3, 2022, SCHEDULING ORDER

Plaintiffs, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith respond in opposition to Defendant Michael Nelson's ("Mr. Nelson") (D.[1] 144 filed August 15, 2022) Objection and Appeal of the Magistrate Judge's August 3, 2022, Scheduling Order D. 122[2], and say:

Mr. Nelson basically asks for a stay of these proceedings. As pointed out in footnote 2, Mr. Nelson attacks D. 124. Mr. Nelson first argues that he cannot possibly comply with the scheduling order due to his pending criminal matters, which prevent him from gaining access to "documents and materials …in storage and not able to be retrieved with Nelson physically being present with his finger prints, eye balls, and wrist veins." D. 144 at 1-2. Mr. Nelson then proceeds

---

[1] "D." is used as an abbreviation for "Clerk's Document Number."
[2] From the content of Mr. Nelson's filing, it appears he is also referring to D. 124, another Scheduling Order entered by the Magistrate Judge August 3, 2022.

*Chad M. Koehn, et al vs. Michael Nelson*
*Plaintiffs' Memorandum in Opposition to Doc. 144*
Case No.  22-CV-04088-JWB-GEB
Page 2

to attack every aspect of D. 122 and almost every paragraph and sub-paragraph of D. 124. Consistent with his previous filings, Mr. Nelson continues on to attack Attorney Brand and Attorney Kellogg and the points out of Page 3 that "the Magistrate Judge fails to understand the complexities as they regard a variety of protective orders including Craig A. Brand who continues to be a thorne (sic) in the side of the parties, the Court and thus the public…." Mr. Nelson then goes off the rails attacking other filings in this case.

## STANDARD OF REVIEW

> Fed. R. Civ. P. 72(a) allows a party to provide specific, written objections to non-dispositive order. The court does not conduct a de novo review, but applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law."

*Brandon Steven Motors, LLC v. Landmark American Ins. Co.*, No. 19-CV-02659, 2020 WL 5889434, at *2 (D. Kan Oct. 5, 2020)(citing Fed. R. Civ. P. 72(a); *see Burton v. RJ Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

> The court must affirm the magistrate judge's order unless the entire evidence leaves it " 'with the definite and firm conviction that a mistake has been committed.' "[6] A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."

*Brandon Steven Motors, LLC v. Landmark American Ins. Co.*, No. 19-CV-02659, 2020 WL 5889434, at *2 (D. Kan Oct. 5, 2020)(quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting *United States  v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)).

## ARGUMENT

Mr. Nelson has filed well over one hundred court filings, including exhibits, in this case. Almost every one of his filings, not even including exhibits, average well over twenty (20) pages of mostly repetitive attacks on Plaintiffs and their counsel  He complains that this case is bogged

*Chad M. Koehn, et al vs. Michael Nelson*
*Plaintiffs' Memorandum in Opposition to Doc. 144*
Case No.  22-CV-04088-JWB-GEB
Page 3

down because of his intention to rely upon his fifth amendment rights against self-incrimination, yet no occasion has occurred requiring him to assert those rights.

This case needs to move forward.  There is nothing which Mr. Nelson has provided in the record to demonstrate that the Magistrate Judge erred in entering either D. 122 or D. 124.

WHEREFORE, Plaintiffs, Chad M. Koehn and United Capital Management of Kansas, Inc. respectfully pray that this Court will deny Docket No. 144, Defendant Michael Nelson's Appeal of the Magistrate Judge's Scheduling Order docketed as Document 144.

Dated August 17, 2022.

Respectfully Submitted,

/s/ Chris J. Kellogg     #21651
KENNEDY BERKLEY
119 W. Iron St. - 7th Floor
PO Box 2567
Salina, Kansas 67402-2567
T:	(785) 825-4674
F:	(785) 825-5936
E:	ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 17, 2022, the foregoing *Plaintiffs' Memorandum in Opposition to (D. 144), Defendant's Objection/Appeal of Docket No. 122, Magistrate Judge' Scheduling Order* was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 123, mailed this same date by prepaid U.S. First Class Mail to Michael Nelson, 9450 S.W. Gemini Drive PMB 90924, Beaverton, OR 97008-71005 and also emailed to the following email address: oklahomaremote@gmail.com.

/s/ Chris J. Kellogg