# UNITED STATES FEDERAL DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. | DOCKET NO.:    5:22-CV-04008-JWB-GEB |
|---|---|
| **& CHAD M. KOEHN** | **CIVIL ACTION** |
| Plaintiffs, counter-defendants | **Memorandum in Opposition, incorporating** |
| v. | **Memorandum of Law to Motion to Seal** |
| Michael Nelson | **Future Filings Document 140** |
| Defendant; Counter-Plaintiff    PRO-Se. | **[Jury Trial Demanded]** |

Counter-Plaintiff / Defendant ("Nelson"), makes "LIMITED APPEARANCE" to file

**Memorandum in Opposition, to Motion to Seal Future Filings Document 140, Incorporating**

**Memorandum of Law** so states in Response to counter-defendants, plaintiffs etAl. As Chad Koehn,

United Capital Management of Kansas Inc. (UCMK) & lawyers collectively ("KOEHN"):

First, Federal Judge Birzer, stated in Order of the Court, explicitly, under (5) Miscellaneous at

(5)(a)(2) on page 9:  *"Plaintiffs' motion for leave to seal shall be filed no later than August 12, 2022*

*with responsive pleadings served as per local rule.*  **The motion and response are limited to ten**

**pages…***"*  Motion made by Koehn, **usurp the Order of the Court,** in direct contravention to the

Order, the motion is largely non-compliant SEVENTEEN (17) pages 170% LARGER than the limit,

in violation of the Order, the Motion should be DENIED for direct disobedience of the Court Order!

The common theme in this litigation, Koehn etAl. refuse to follow any Orders of the Court, Federal

Rules of Civil Procedure(FRCP), Local Rules, or Professional Conduct, & Pillars of Professionalism.

The lengthy, non-compliant motion by Koehn etAl. is mostly absurdly false, fantastical

theater, without a shred of evidence to counter the factual assertions of Nelson.  Koehn seeks as no

Court has ever granted to seal future filings amounting to prior restraint, without providing a shred of

evidence to support Koehn's positions.  Koehn provides misquotes, conjecture, false statements to

seek, as no Court ever has ever created, another layer of rules aimed specifically and only at the pro

se, opposing party.  Several times Koehn states "The Magistrate Judge ordered the Plaintiffs (Koehn

and UCMK) to file an Amended Complaint "making no other changes".  This is NOT what Koehn

did, keeping with the policy Koehn has used as strategy in the litigation, Koehn IGNORES the Order

of the Court, making a number of material changes to the SLAPP petition. **Koehn did a remarkably great job at further proving the SLAPP nature of Koehn's frivolous petition**. There is no legal premise nor justification for the Court to order <u>prior restraint of defenses</u> in public legal proceedings. Koehn has engaged in a patterned history of defamatory per se, docket filings, and pleadings, <u>deliberately violating the Federal Rules of Civil Procedure ad nauseum.</u>

Ethical rules dictate, professionals licensed to practice law before the Court be required to Obey ORDERS of the Court, FRCP, Local Rules, & Pillars of Professionalism this is not the case in this litigation. Even the motion to seal filed as Doc. 140, was authorized and conditioned as to be no more than ten pages, yet Koehn files 17 (Seventeen), **as to say, Koehn need not follow any Order of the Court!** Since removal Koehn has purposefully, willfully, knowingly violated without limitation FRCP Rules 1, 5, 7.1 ad nauseam, violating all basic notions of fairness, due process, by repeatedly filing communications to the Court and not noticing nor providing copies to the opposing party. Believing licensed professionals can ignore ORDERS of the Court, BOTH Local and Federal Rules, Koehn has had ex parte communication with the Court, the ethics violations continue with impunity. Beyond constitutional right of access, <u>the Supreme Court and Tenth Circuit</u> acknowledge "**the axiom that a common law right exists to inspect and copy judicial records" in civil proceedings**. *United States v. Hickey*, (10th Cir. 1985); *Nixon v. Warner Commc'ns, Inc.*, (1978)

### <u>Nelson's RESPONSE to STATEMENT OF THE SPECIFIC RELIEF SOUGHT:</u>

The relief sought by Koehn etAl. is wholly inappropriate and a <u>legal tactic to incite public hatred and contempt against Nelson</u>. The relief will ultimately cause undue hardships and burdens upon the parties, especially Nelson who already is placed at a disadvantage in the litigation having to be noticed and receive documents from third party non-profits, as Koehn violates FRCP Rule 5, with impunity. With purposeful, willful, malicious MISCONDUCT, Craig A. Brand seeks to unlawfully imprison Nelson for doing nothing at all, other than receiving an email which Brand maliciously sent from an email address other than on record, which Judge Birzer Chambers used see Docs 52 and 57.

Koehn etAl, seeks to add extra filing(s) for every filing made, adding untold hardships to the Court, parties, public and in doing so seeks to deprive Nelson and the public of fairness and due process rights. The sought relief is not only inappropriate but smells of Craig Brand's influence in unfairly burdening opposing parties as his long and storied history is telling. The common law rights of parties to file their pleadings before the Court is inviolate as a Constitutional Right, here Koehn seeks special extra requirements against Nelson, to burden Nelson in a way which taints the merits, demonstrating clearly why SLAPP petitions and judicial misuse by Koehn is felt so strongly by Nelson and others so similarly situated. The Courts and the US Constitution have deemed any form of **prior restraint** to the First Amendment **to be unconstitutional.** The relief sought without any evidence is a continuation of the SLAPP petition intention; the suggested prior restraint violates the US and Kansas Constitutions, and by its very request demonstrates clearly the SLAPP nature of Koehn's illegal and unethical judicial abuse. Judge J. Nicholas Colabella wrote in *Gordon v. Marrone (N.Y . 1992),* **"Short of a gun to the head**, a **greater threat to First Amendment expression can scarcely be imagined."** Prior restraint violates due process rights of Nelson.

SLAPP suits refers to lawsuits brought by entities **to dissuade their critics from exercising Free Speech and cooperating with the government**. By definition, SLAPP suits do not have any true legal claims, same here Koehn lacks legal standing in his meritless SLAPP petition. Koehn has no legal basis in fact or law to make such a demand for relief, in his 17 pages, **7 more pages than authorized by Court Order**. Kansas adopted a strong anti-SLAPP law in 2016. Known as the Public Speech Protection Act, it allows a party to move to strike a claim that is in response to "a party's exercise of the right of free speech, right to petition or right of association." **Kan. Stat. Ann. § 60-5320(d) (2019).** The burden shifts to the plaintiff "to establish a likelihood of prevailing on the claim by presenting substantial competent evidence to support a prima facie case." Id. Upon filing a motion to strike, Kansas's strong anti-SLAPP (Strategic Lawsuit Against Public Participation)

protection Act states: "all discovery, motions or other pending hearings shall be stayed."

**§60-5320(e)(2); FRCP 81(d)(1)**.  <u>Koehn seeks unconstitutional prior restraint as a burden.</u>

**RESPONSE TO STATE OF CASE**

February 22, 2021, Koehn filed a two count SLAPP petition, replete with racial slur.  Koehn made no attempts to serve the petition as noted in the docket, prior to improper service, upon Nelson inside a racially divided detention facility on January 10, 2022, where Nelson was entrapped by fraudulent inducement to law enforcement.  February 1, 2022, Nelson filed Notice of Removal to this federal court, left with no other choice given Koehn's claims of being able to influence Judges in the County Court, as prima facie evidence now indicates with dismissal Chad Koehn's criminal charges.

Immediately upon removal, Nelson respectfully raised the issue with the racial slur in the SLAPP petition, and requested additional time to file an answer.  Rather than admit error and immediately move to correct and amend the so-called now "scrivener's error", as any professional would have done, Koehn filed a multitude of filings violating FRCP Rule 7.1(a); (b), filing repetitive woefully deficient filings to Court <u>and not noticing nor providing copies of the same to Nelson</u>.  The <u>Court had the unusual necessity</u> to ORDER removal of the racial slur, which took nearly 3 months to accomplish.  Koehn's First Amended Complaint, was <u>supposed to be</u> "**restricted** to omitting "Bean,"; however, Koehn made material changes to the SLAPP petition, as his once in a course opportunity to amend, substantially changing the petition <u>doing a remarkably great job proving its SLAPP nature.</u>

**RESPONSE to Statement of Facts**

As to any allegation made in pleadings, there is a proper format to challenge an assertion, filing a motion to seal future filings is not the proper format.  Koehn seeks at every turn to violate Rules, disobey Court Orders, seek recusal in place of appeal, generally disobey Court protocols, rules and statutes.  It Goes without saying "if the shoe fits", regarding Koehn's excessive use of derogatory names even in the "unfortunate" naming convention of RED NECK High Tech Yacht Fund.  The Court is now with proof positive of FDLE affidavits regarding Craig Brand's :  "colorful

past of various FRAUD charges against him [Craig Brand] , AND is considered by the "Florida Department of Law Enforcement" FDLE... to be the "PARTNER IN DECEPTION", as stated in Affidavits of ARREST WARRANTS…".  AS IT GOES WITHOUT SAYING: "WHERE THERE'S SMOKE THERE IS FIRE!" "BIRDS of Feather, they tend to Flock Together." **Figurative Idioms are used as expressions**, categorized as formulaic language, **an idiom's figurative meaning is often used since early days of common law to describe situations, similar to Judicial Notice.**

These are all statements of fact, in actuality Craig Brand through Chris Kellogg often uses the phrase "As it Goes without saying".   The fact that Nelson fears being murdered given the colorful past of whistleblowers being found DEAD in cases involivng Craig Brand and Koehn's proposed witness Dale Takio, are fair statements, in fact the proposal by Koehn is to deprive Nelson of a basic fundamental right to have public filings made especially wherein <u>information presented may prevent Brand's henchmen from carrying out orders to murder Mister Nelson.</u>  The Federal Magistrate Judge Birzer had to exclaim on the record at a hearing "WHO is MYSTIC LAW" because Craig A. Brand was appearing under the name Mystic Law, during Zoom hearings, **Brand's continual misconduct** at bar has been the proximate cause of much consternation including Brand's purposeful malicious misleading of Chambers and Nelson in email exchange see Docs. 52 & 57.

Being held accountable for actions is an excellent point: <u>who is to hold the attorneys appearing at bar accountable for their repeated disobedience of Court Orders and Federal Rules.</u> Even the motion for leave to file Motion to Seal future pleadings **is in direct contravention of the Order allowing its filing,** wherein the Order states "The motion and response **are limited to ten pages…"** Nelson pro se is already handicapped literally and figuratively in the response, by being a pedestrian, proletarian, without legal education and further limited by following the ten page limit established, wherein once again Koehn etAl. follow NOT any Orders of the Court.  The Court Ordered the racial slur, be removed from the SLAPP petition, yet Koehn made material changes to the SLAPP petition, the Court ORDERED Nelson be provided "hard copies" of future filings,

consistent with FRCP Rule 5, Koehn refused and denied basic due process rights, ultimately causing Default Judgment as now an application is pending per FRCP Rule 55. **Koehn etAl. follow not a single Order of the Court, follow NOT the Local nor Federal Rules of Procedure**, the attorneys violate the Pillars of Professionalism at every turn, thus also violating their oaths and certainly **committing ad nauseum a multitude of serious ethical violations of the Rules of Professional Conduct**, <u>**all with total impunity**</u>. Yet, now it is the same attorneys who <u>refuse to follow the Courts Orders, Local Rules or FRCP who seek to</u> <u>**unfairly burden the pro se opposing party with additional shackles**</u> as to say: ***"Serf you are not worthy of writing the English language in our Courts, we own you and the Courts, we do what we want in these halls, following not a single rule nor Order of the Court, for those are rules and orders you slaves must follow."*** Being poor and pro se does not translate to being a serf to wealthy tyrants and their paid mouthpieces (lawyers).

<u>**RESPONSE to Argument**</u>

The standard of proof in a civil case is the well-known preponderance (balance) of probabilities. This requires the **party on whom the onus lies**, in order to be successful, to satisfy the court he is entitled to succeed on claims or defense *(Pillay v Krishna 1946)*.

A Supreme Court plurality found that "historically **both** <u>civil</u> and criminal trials have <u>been presumptively open</u>." *Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 n.17 (1980)*. The rationale for recognizing such a right, of open court records is rooted in the "centuries-old history of open trials" and **implicit in the First Amendment's "core purpose" of assuring freedom of public discussion.** *Richmond Newspapers*, 448 U.S. at 573. "Documents should be sealed <u>only on the basis of articulable facts known to the court</u>, **not** on the <u>basis of unsupported hypothesis or conjecture</u>." Id. In fact Koehn presents nothing more than a series of conjecture and hypothesis, in fact as he cannot deny the assertions made, the motion to seal future pleadings filed by Nelson is nothing more than a dirty underhanded callus legal trick to unfairly burden Nelson and frustrate the litigation, placing additional hurdles upon Nelson to participate in legal proceedings, **in direct contravention of the**

**"implicit" "core purpose" of assuring freedom of public discussion as embodied in the First Amendment.** IF as Koehn would have it all poor serfs of society, the proletariat class shall first submit to the Courts their petition for redress or freedom of expression, and allow Koehn and those of the wealthy to first review the petition in private without public debate, this Nation the United States would cease having a First Amendment altogether, if Koehn had his way.

The Tenth Circuit has noted that "[c]ourts have **long recognized a common-law right of access to judicial records**." *United States v. Apperson*, 642 Fed. Appx. 892, 898 (10th Cir. 2016) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). The Court goes on to acknowledge that "[t]he right is an important aspect of the **overriding concern with preserving the integrity of the** law enforcement and judicial processes." *Id.* at 899 (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) Further, "**[c]onsistent with this presumption that judicial records should be open to the public,** the party seeking to keep records sealed bears the burden of justifying that secrecy." *Id.* (*United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) Koehn does not meet the burden of justifying secrecy nor additional burdens upon a pro se pedestrian citizen who is forced by circumstance of investment fraud to defend against the SLAPP petition filed by Koehn etAl.

The Tenth Circuit applies the two-pronged "experience and logic" analysis, also referred to as the *Press-Enterprise II* analysis. *United States v. Gonzales*, 150 F.3d 1246, 1256 (10th Cir. 1998) (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) ("*Press–Enterprise II*")). Under the experience prong, courts must first ask "whether the place and process have historically been open to the press and general public." *Gonzales*, 150 F.3d at 1256 (citing *Press-Enterprise II*, 478 U.S. at 8). Under the logic prong, courts are to consider "whether public access plays a significant positive role in the functioning of the particular process in question." *Id.* (citing *Press-Enterprise II*, 478 U.S. at 8–9) **Here and now the public is participating as is evident in informants coming forward** with evidentiary information, for example the Criminal Charges against Koehn, the sexual aggression settlements Koehn has entered into, the lawsuits not disclosed to investors and many more. Koehn

seeks to limit the public's involvement to the detriment of the Judicial System to be performed as Craig Brand states in his book "I Don't Care What Mom Says: LIFE SUCKS", "**Lady Justice is not only blind but corrupt and susceptible to biased pressures**." page 98 id "Today's legal system protects the wicked and **taxes the innocent**." id. Page 26 Nelson is truly innocent and is already unfairly burdened and thus taxed by the processes he must follow, which are flouted by Koehn. In this prong of the analysis, the Tenth Circuit considers the following six structural interests: "informing the public discussion of government affairs, assuring the public perception of fairness, promoting the community-therapeutic effect of criminal justice proceedings, **providing a public check on corrupt practices,** intimidating potential perjurers, and generally enhancing the performance of all involved in the process." *U.S. v. Gonzales*, 150 F.3d 1246, 1259 n.18 (citing *McVeigh I,* 106 F.3d at 336). **The Tenth Circuit has held,** "[i]t is clearly established that court documents are covered by a common law right of access." *McVeigh II*,(10th Cir. 1997)) (citing *Nixon v. Warner Commc'ns,*(1978)). The 10th Circuit recognizes a "qualified First Amendment right of access to docket sheets." *United States v. Mendoza*, (10th Cir. 2012). The Court states that "dockets are open to public inspection", there has been a "long pedigree" that "dockets are public records." *Id.* The 10th Circuit has noted that there is generally a "**right of access to judicial records."** *United States v. Apperson, 642 Fed. Appx. (10th Cir. 2016) (quoting Mann v. Boatright, (10th Cir. 2007)* The Supreme Court repeatedly has made clear the courts may rarely, if ever, prevent the press from reporting on court proceedings and documents. *Nebraska Press Association v. Stuart, (1976)*, that "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights' and are presumed to be **unconstitutional.** Gag orders are a "most extraordinary remedy" may be used only in "exceptional cases" where "the evil that would result from the report is both great and certain" *CBS Inc. v. Davis, 510 U.S. (1994)* Prior restraints may indeed never be permissible, because "[w]hat transpires in the court room is public property." *Craig v. Harney (1947).* **ONLY in the RAREST of Circumstances** the Courts in the **10th Circuit** have

sought SELECTIVE "sealing" of records **for a verified governmental interest** substantially to protect the public at large, for example: The government's interest in denying access in order to continue anonymity of a witness in the witness protection program is a "compelling" interest. *United States v. Hickey*, (10th Cir. 1985). "If the common law right of access were absolute . . . the efficacy of the witness protection program would be substantially at risk." *Id.* at 709. **The Tenth Circuit** recognizes that among the compelling interests that may rebut the presumption of access, "a strong national-security interest". *United States ex rel. Reed v. KeyPoint Gov't Sols.,*(10th Cir. 2019). Koehn asserts no prevailing governmental interest, offering only conjecture, speculation and conclusory allegations, "**the denial [of access] is necessitated by a compelling governmental interest**, **and is narrowly tailored to that interest."** This heightened scrutiny is necessitated by the fact that civil cases otherwise open to the public are erased as if they never occurred. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc., (11th Cir. 2001) (Wilson v. Am. Motors Corp., (11th Cir. 1985)).*

"Notably, the Judicial Conference of the United States has emphasized, by policy statement, the very limited circumstances in which a case record should be sealed. **Conclusory allegations are simply not enough to overcome the "heightened scrutiny"** required for a court to seal a civil case file. *Chicago Tribune Co., 263 F.3d at 1311. In the 10th Circuit Miller v. Fluent Home, LLC, D. Utah Sep. 23, 2020)* **Koehn does not and cannot assert "compelling government interest",** nor that sealing even provisionally is "narrowly tailored to that interest.", **as there is NO governmental interest asserted nor can there be.** "Previous [public] access is a factor which may weigh in favor of subsequent [public] access." *Hubbard, 650 F.2d at 318.* And "when much of the critical information is already in the public forum ... this factor weighs in favor of unsealing the ... materials." *Zapp v. Zhenli Ye Gon, 746 F.Supp.2d (D.D.C.2010*). *Low v. Bartolotti, Civ. ( 2021)"*

**RECENT CASE - 2020 United States v. Bacon 950 F.3d 1286 (10th Cir. 2020)** Bacon had objected to the sealing of the record only **on the ground that sealing endangered his life,** the Tenth Circuit determined his common-law right of access argument was raised for the first time on appeal. *United States v. A.B*., 529 F.3d 1275 (10th Cir. 2008). Consequently, the Court reviewed for plain error. *Id*. To prevail, Bacon had to show (1) an error occurred (2) that was plain (3) which affected his

substantial rights and which (4) **seriously affected the fairness, integrity, or public reputation of the judicial proceedings**. *United States v. Gonzalez-Huerta*, 403 F.3d 727 (10th Cir. 2005).   As to the first and second factors, "[i]t is clearly established that court documents are covered by a common law right of access," *United States v. McVeigh*, (10th Cir. 1997).  The record and docket are void speech which would **"cause inevitable, direct, and immediate danger to the United States."** *New York Times v. U.S., 403 U.S. 713 (1971)*  the standard for allowing prior restraint sought by Koehn, therefore the motion should be denied, <u>Koehn asserts not national security interests.</u>

**"Courts typically disfavor prior restraint and often find it to be unconstitutional."**

<u>Cornell Law Near v Minnesota (1931); New York Times v. U.S.(1971); Hazelwood School District v. Kuhlmeier (1988)</u> "Prior restraint is government action prohibiting speech or other expression before the speech happens."  Supreme Court case, *Columbia v. Omni Outdoor Advertising (1991)*

<u>**WHEREFORE,**</u> **t**he proletarian, pro se, peon, Nelson, proceeding on good faith, armed only with the truth and logic, <u>respectfully prays the Court will DENY the Motion made by Koehn.</u>

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S.* "pro se … however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so **construed as to do substantial justice"**). "filings generously and with the leniency due pro se litigants", *see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).*

<u>**Respectfully Submitted, this 19th day of August 2022,**</u>

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com