# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. | **DOCKET NO.:    5:22-CV-04008-JWB-GEB** |
| **& CHAD M. KOEHN** | **CIVIL ACTION** |
| | **Objections to UCMK's flouting of FRCP in the Early Rule 34 Demands/Requests confirmed by UCMK they are in receipt and MUST produce not later than 26 August 2022** |
| Plaintiffs, counter-defendants | |
| v. | |
| | **Objection made to the** |
| Michael Nelson | **DISTRICT COURT** |
| Defendant; Counter-Plaintiff    PRO-Se. | |
| | **[Jury Trial Demanded]** |

Counter-Plaintiff / Defendant ("Nelson"), makes "LIMITED APPEARANCE" to file Objections to United Capital Management of Kansas Inc. UCMK's flouting of Federal Rules of Civil Procedure regarding the Early Rule 34 Demands/Requests confirmed by UCMK they are in receipt and MUST produce not later than 26 August 2022, Objection made to the DISTRICT COURT regarding United Capital Management of Kansas Inc. (UCMK) and Chad M. Koehn ("Koehn") and their attorneys, all collectively referred to as "Koehn":

1. Federal Rules permit a party to serve advance discovery prior to Rule 16(b) conference. These are the Rules of the Federal Rules of Civil Procedure, the Rules which Koehn consistently flouts in every filing before the Court.  In fact the Federal Rules of Civil Procedure state clearly that Early Rule 34 requests can be made at or after Rule 26(f) conference(s), wherein they were made by Mister Nelson and confirmed received by Koehn.  Mister Nelson demurs to the later date of 26 July 2022, mandating UCMK shall deliver the requested documents not later than 26 August 2022, as per the Federal Rules of Civil Procedure.

===================================================================

2.   The Federal Rules of Civil Procedure are the RULES of the Court, they are the ipso facto statutes of the Congress of these the United States of America.  The Federal Rules of Civil Procedure were created by the US Congress under Constitutional Authority.  They are amended from time to time by the United States Supreme Court under the Rules Enabling Act, and so promulgated by the United States Supreme Court and approved by the United States Congress, therefore are to be read in plain English as Statutes made by the Congress.


3.   Koehn fails to read the Federal Rules of Civil Procedure, and often fails to OBEY the Orders of the Court, in direct disobedience to the Court's Orders and in direct contravention of the Federal Rules of Civil Procedure, for without Rules the Court has no power within society.


4.   New (as of 2015) Rule 26(d)(2) provides that either party may issue early Rule 34 requests for documents 21 days after service of the summons and complaint. Although the early requests **are not deemed served until the parties hold their Rule 26(f) conference**, [EMPHASIS  ADDED] the idea is that with the requests in hand, the planning conferences will be more productive and allow the parties to negotiate with some knowledge of what discovery will be requested.   As previously noticed to the Court **Koehn treated the Rule 26(f) conference as a perfunctory drive-by event**, not consistent with the Federal Rules.  In fact as the docket so evidences Koehn passed in a unilateral report of the parties Rule 26(f) conference, which lasted just one hour each day

the 11th and 12th of July 2022.   In that unilateral report Koehn confirmed the fact Mister

Nelson would be serving early Rule 34 requests!


5.  On 25 July 2022, Koehn filed an ex parte motion, neither conferring with

Nelson nor providing a copy of the filing made, seeking an extension of time to file the

report of the parties, <u>screaming from the highest mountains</u> **PROCRASTINATION.**

Especially when Koehn's motion for an extension of time was DENIED, and Koehn was

forced to file the Rule 26(f) conference report, filing it unilaterally by choice, in order to

attempt to make Mister Nelson look bad, a common theme of defamatory per se behavior

constituting MISCONDUCT by the attorneys representing Koehn.  The unilateral report

filed by Koehn states clearly that Mister Nelson would be propounding early discovery.


6.  Rather than file a single Appeal of any order or recommendation in the matter,

Koehn having the ex parte, non conferred prior to filing, non provided to opposing party

"Motion for an extension of time" to file the Report of the parties Rule 26(f) conference

which the parties had nearly 3 months to complete.  **Koehn FLEW OFF the Rails,**

**claiming the denial of the motion is grounds to Demand Recusal of the Federal**

**Magistrate.**   Koehn uses recusal as a weapon in lieu of Court procedures.


7.  In document 106, <u>Koehn confirms receipt of discovery requests</u> and states:  **"…the**

**undersigned counsel was able to open the Discovery Request**…"

========================================================================
*Objections to UCMK's flouting of FRCP in the Early Rule 34 Demands/Requests confirmed by*
*UCMK they are in receipt and MUST produce not later than 26 August 2022*      **3**

8.   Koehn reprinted the email that contained a link to the Discovery Requests so served under Rule 34, in advance of the Rule 16(b) Conference.   Since the Rule 26(f) conference had already occurred, the Rule 34 Discovery Requests became due and so served on 26 July 2022, when Koehn confirmed receipt and stated:  **"…the undersigned counsel was able to open the Discovery Request**…"  Though Koehn received the discovery requests many weeks prior to 26 July 2022, but we have just 26 July 2022, wherein Koehn admits in writing to receiving the Rule 34 early requests.

9.   Koehn cites an FALSE statement wherein Koehn states: "Mr. Nelson cites "Orders" authorizing him to propound discovery", NOTHING in the email to Mister Kellogg cites an "Order", **this demonstrates Kellogg's over active imagination** to create from thin air, words that neither appear in the communication nor make any sense with his argument.  **The Federal Rules of Civil Procedure authorize Mister Nelson to make early Rule 34 requests,** and an attorney who is operating above board and for the interests of the parties consistent with Federal Rules of Civil Procedure under Rule 1, would view the early Rule 34 requests as consistent with providing for a just, speedy and inexpensive determination of every matter.  As the ABA cites early 34 requests allow the parties to be informed as to documents which must be produced and to update their litigation hold notices to their employees, contractors and vendors.   The ABA (American Bar Association) states:  **"Early Rule 34 requests may also allow parties to issue more-detailed litigation holds."** However, here Koehn initiated the SLAPP petition, therefore has obviously issued such

litigation holds way back in February of 2021, and has been continually updating them

consistent with obligations his plethora of attorneys have under their fiduciary

responsibilities.

10. **Federal Rules of Civil Procedure are clear.** Rule 26(d)(2) states:

    **(2) Early Rule 34 Requests.**

      (A) Time to Deliver. More than 21 days after the summons and complaint are served on a party, **a request under Rule 34 may be delivered:**

      (i) to that party by any other party, and

      (ii) **by that party to any plaintiff** or to any other party that has been served.

      (B) When Considered Served. **The request is considered to have been served at the first Rule 26(f) conference.**

11. The copy and pasted edited email text that Kellogg presents in Doc 106, states:

    *"The attached link is the first set of limited Discovery pursuant with Kansas law and being so provided to you here and now the 26th day of July 2022, for said production of statements of admission, production of documents etc. as per the instructions included therein the Discovery demand"*

12. At 5(C) of the Report of the planning of the parties Rule 26(f) conference, a report

which was filed by Koehn "unilaterally" and bears the signature of Koehn's attorney, stated

clearly: "The parties disagree that "early" discovery is necessary in this case. **Defendant**

**plans to immediately serve discovery after the close of the Rule 26(f) conference** due to

the denials of stay in this case and his plans to file Federal Rule of Appellate Procedure 5

filings where discovery matters will be needed."

13.  Not only was Koehn fully aware of the "early" discovery requests, but Koehn even writes this in the Rule 26(f) report to the Court, filed unilaterally by Koehn.

14.  Koehn then confirmed receipt of the discovery requests, so made under Rule 34, as early requests, and confirmed the later date of 26 July 2022, **Mister Nelson, will demur to this later date, for the benefit of demonstrating cooperation in discovery.**

15.  The discovery requests which Koehn confirmed receipt of 26 July 2022, are void any interrogatories, and are squarely Rule 34 requests for production and admission as stated.

16.  Koehn not only confirms receipt of the Rule 34 requests for production, on 26 July 2022, which were made consistent with FRCP Rule 26(d)(2), as cited above herein.  Koehn states he must have the discovery requests in "in downloadable pdf format a printable, copyable and savable copy of the discovery request", yet Koehn cites he has a copy of the discovery requests to NOT Chad Mitchell Koehn, as NO requests have been made of Chad M. Koehn, only requests made to UCMK.

17.  Koehn confirms receipt and states:  "the Court will ascertain that it contains 168 Requests for Admissions on pages 13 through 38, 1 Special Request for Admissions with subparts (a through d) on pages 39-40, and thirty-five (35) Requests for Production on pages 40 through 51"

18. Koehn as he has confirmed receipt of the discovery requests to UCMK, even regurgitating to the Court the precise requests and stating he will object to them all.

19. Mister Craig Alan Brand, insisted he is unable to open Pdf documents "because Mister Nelson uses Google". Mister Brand in deliberate delay tactic, objected to the multiple forms for download of the discovery requests, which Attorney Christopher J. Kellogg already confirmed what Koehn received. Those requests were made squarely within the confines of Rule 34 demands. In FACT, the discovery requests propounded at the Rule 26(f) conference, which Mister Nelson demurs to the later date of 26 July 2022, in the spirit of cooperation, are squarely within the Federal Rules of Civil Procedure, and specifically state within the Rule 34 discovery requests:

> "**INTERROGATORIES Will be served separately after receiving the Plaintiff's initial disclosures, pursuant with limited discovery as may be necessary under the filed Motions to Dismiss as per the US Constitution and Kansas State Constitution and Kansas Law under Kan. Stat. Ann. § 60-5320(d) (2019); as stated all discovery and motions are suspended pending resolution though "limited discovery" is permitted as to Motion to Dismiss, therefore Interrogatories shall be filed only when necessary."**

Still Found at: https://docs.google.com/document/d/165z27SwqaeRboKn29gIYehVk1nMmrD_e6uYpjRZIXoM/

20. On 27 July 2022, Mister Nelson, totally frustrated by the MISCONDUCT of the "officers of the Court", the presumed licensed professionals, that should know the Federal Rules of Civil Procedure, reviewed the Pillars of Professionalism, himself, although those

Pillars of Professionalism, apply NOT to Mister Nelson, instead of waiting for the "Officers of the Court" to demonstrate leadership in the litigation, Mister Nelson took the reigns to create a video tutorial for Mister Kellogg in order for him to operate the basic functionality of navigating to a page on the internet and clicking on "File" and choosing any one of SEVEN (7) different file formats (including pdf) to download the Early Rule 34 requests so made consistent with FRCP Rule 26(d)(2), which Koehn confirms he has full receipt thereof.

21.   Mister Nelson on his birthday, 27 July 2022, sat down and recorded a special video for Mister Kellogg, so that he could use the basic functionality to retrieve the Rule 34 Discovery Requests, since Kellogg and Brand continued to play "dumb" as if they cannot retrieve the Rule 34 requests squarely made in accordance with Rule 26(d)(2), that video found at:  https://vimeo.com/734194220  **Describes in painfully precise detail, u**sing both words and video how to use basic computer functionalities to retrieve the file, in any one of seven different file formats, Pdf included, although providing this Koehn's team retrieved and downloaded the file the previous day 26 July 2022.

22.   The American Bar Association states:   "**Early Rule 34 requests may also allow parties to issue more-detailed litigation holds.   At minimum, they could strengthen an argument that a party should have reasonably foreseen the relevance of the requested information**."  **THE AMERICAN BAR ASSOCIATION.**

23.   The American Bar Association goes on to state:  "While the purpose of early Rule 34 requests make sense, overly broad requests will do little to promote productive discovery planning and may only fan the flames of discovery disputes earlier than usual. In addition, because there is no requirement to respond to, or even discuss, an early Rule 34 request **until after the first Rule 26(f) conference**, an early request lacks the teeth needed to make a difference."   HOWEVER, here in the interests of cooperation Mister Nelson has demurred to the later date of 26 July 2022, to hold Koehn etAl., and more specifically UCMK, to the Federal Rules of Civil Procedure under Rule 34 and 26(d)(2).

24.   Since Koehn etAl. In their confirmation of the receipt of the early Rule 34 requests, which Mister Nelson demurs to their later date cited as 26 July 2022, the date from which they were so served pursuant with prior Court Orders, and in accordance with the Federal Rules of Civil Procedure, which allow for the "early Rule 34" requests and so mandate that they are considered served DURING or AFTER the Rule 26(f) Conference, which 26 July 2022, certainly is after the Rule 26(f) conference and again in the spirit of cooperation providing extra weeks of time to respond, Mister Nelson demurs to the later date cited by Kellogg as 26 July 2022, the date from which the responses are due.  THE American Bar Association states:

> *"Rule 34(b) details the procedures for responding to Rule 34 requests for documents, including how a party must respond to the request and how it may object. The amendments to Rule 34(b)(2) sharpen the requirements for responding and objecting in several ways. First, the amendment adds that objections must be stated "with specificity,"*

*reflecting the language in Rule 33 for objecting to interrogatories. This change is intended to curb the use of boilerplate objections that provide no real reason for the objection."*

*https://www.americanbar.org/groups/business_law/publications/blt/2016/02/07_marinelli/#:~:text=Early%20 Rule%2034%20requests%20may,that%20could%20bridge%20this%20disconnect.*

<u>This is important since Koehn states:</u> *" It should go without saying that the Plaintiff shall be filing Objections to the Defendants abundance of irrelevant, off-topic, and non-conforming discovery request."* in Koehn's document number: 106, see page 3.

25. The ABA further states: "**the rule is amended to require that if a party objects, it must also state whether the objection serves as a basis for withholding documents.** This change is <u>intended to short-circuit the practice of simultaneously objecting to a request and producing responsive documents</u>, which leaves the requesting party wondering whether some documents have been withheld on the basis of the objection."

26. It is not only painfully evident that Koehn's team seesks to flout every rule and order of the Court, but that Koehn's attorneys demonstrate their clear incompetence at keeping abreast of the changes to the Federal Rules of Civil Procedure, this denotes certain willful failures of their ethical dutities under the Rules of Professional Conduct. The ABA makes it clear: "t**he rules for responding to discovery requests in Rule 34 will change the way many litigators have been operating for years.** The amendments also <u>give the parties a new discovery tool in the form of early Rule 34 requests.</u>", these amendments took place back in 2015!

27.  Mister Nelson, a proletarian, peon appearing pro se, without any legal education or training, self taught in reading and writing, has only the stated rules of the Federal Rules of Civil Procedure, which Mister Nelson is reading for the FIRST TIME EVER!  To hold Mister Nelson to the standards that attorneys who have attended at least THREE years of Law School and years of clerkships, and decades of experience in litigation, is fundamentally unfair.  Yet, here Mister Nelson has operated above board and in the plain English meaning of the Federal Rules.  The licensed "officers of the court", often flout the FRCP, Local Rules, Pillars of Professionalism and now commit gross MISCONDUCT as they produce proof positive that Koehn's attorneys understand not a single Federal Rule of Civil Procedure, and although confirm they have received the "early Rule 34 requests" seek as no attorney should ever, to make excuse, rely upon technicalities and lay claims to have Mister Nelson, jump through hoops and over hurdles which do not exist in the Federal Rules, as Mister Nelson adhered to the Federal Rules and the the Orders of the Court in the Service of the Early Rule 34 demands, which Koehn confirms receipt and states:  "the Court will ascertain that it contains 168 Requests for Admissions on pages 13 through 38, 1 Special Request for Admissions with subparts (a through d) on pages 39-40, and thirty-five (35) Requests for Production on pages 40 through 51", in Doc 106.

28.  It should be considerably NOTEWORTHY that we are currently in the year, 2022, and these amendments took effect back in 2015, approximately SEVEN YEARS

AGO.  **"What is clear, however, is that the December 2015 amendments merit attention, and won't be content sitting quietly on a shelf."** says <u>the American Bar Association.</u>

 **<u>WHEREFORE,</u>** Mister Nelson respectfully PRAYS this Honorable United States Federal Court for the US District of Kansas, will uphold the Rules under the Federal Rules of Civil Procedure, and strongly hold BOTH the attorneys appearing and UCMK to the spirit and intention of the Federal Rules of Civil Procedure under Rule 34 and 26(d)(2), so requiring the production of documents, requests for admission, so made and confirmed receipt by UCMK 26 July 2022, (though they have had them long before that).

 In doing so, the US District of Kansas, shall uphold the Rule of Law, pursuant with Federal Rules of Civil Procedure and under Rule FRCP 81(d)(1), in accordance with Kan. Stat. Ann. § 60-5320(d) (2019), providing for the immediate DISMISSAL of the frivolous incongruous SLAPP (Strategic Lawsuit Against Public Participation) state petition, now void of the racial slur contained in the original.  Koehn's once in a course amendment wherein the SLAPP petition was substantially amended not only removing the racial slur as ORDERED by the Court, but Koehn did a remarkably great job at proving the SLAPP nature of the petition through the substantial changes made thereto the petition, making it even more profoundly a SLAPP petition.

 By strongly holding Koehn and his attorneys to the Federal Rules of Civil Procedure as outlined herein above, requiring the discovery propounded under the early Rule 34 requests, requiring UCMK's compliance with Federal Rules of Civil Procedure

regarding the Early Rule 34 Demands/Requests <u>confirmed by UCMK they are in receipt and</u>

<u>**MUST produce not later than 26 August 2022,**</u> <u>under Rule 26(d)(2).</u>

In accordance with FRCP 81(d)(1), providing for dismissal with prejudice under Kan. Stat. Ann. § 60-5320(d) (2019). The Court will conserve tremendous Judicial Resources, providing for determination in accordance with Federal Rules of Civil Procedure Rule 1, providing for speedy, inexpensive and just resolution to the SLAPP petition, now void of the racial slur. Equally mandating the issuance of default judgment by the Clerks of the Court consistent with Federal Rules of Civil Procedure Rule 55, as well articulated in Documents 89 and 90. Thus the US District of Kansas Court, can commence with much more important work than the frivolous, incongruous SLAPP petition, and needless disobedience to its Orders and flouting of the Rules of the Court by the presumed licensed professionals representing Koehn etAl.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S.* "pro se … however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so **construed as to do substantial justice"**). "filings generously and with the leniency due pro se litigants", *see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).*

============================================================================
*Objections to UCMK's flouting of FRCP in the Early Rule 34 Demands/Requests confirmed by*
*UCMK they are in receipt and MUST produce not later than 26 August 2022*          **13**

Respectfully Submitted, this 19th day of August 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

**Certificate of Service:**

    The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order of Saline County Court Judge Paul J. Hickman.

Respectfully Submitted, this 19th day of August 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

========================================================================
*Objections to UCMK's flouting of FRCP in the Early Rule 34 Demands/Requests confirmed by*
*UCMK they are in receipt and MUST produce not later than 26 August 2022* **15**