# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| **United Capital Management of Kansas, Inc.**<br>**& CHAD M. KOEHN**<br><br>Plaintiffs, counter-defendants<br><br>v.<br><br>Michael Nelson<br><br>Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.: 5:22-CV-04008-JWB-GEB**<br>**CIVIL ACTION**<br><br>**Objections to Document 147**<br><br>**[Jury Trial Demanded]** |
|---|---|

Counter-Plaintiff / Defendant ("Nelson"), makes "LIMITED APPEARANCE" to file **Objections to Document 147 regarding United Capital Management of Kansas Inc. (UCMK) and Chad M. Koehn ("Koehn") and their attorneys, all collectively referred to as "Koehn":**

Craig Alan Brand, essentially swore to the Court that he is unable to retrieve and read PDF documents from GOOGLE, as his computer does not allow him to access GOOGLE. Despite this obvious LIE Craig Alan Brand told to the Court, attorney Christopher Jon Kellogg for the plaintiff's Koehn, and UCMK, has already propounded upon the Court precise knowledge of Mister Nelson's filings and requests made squarely and fairly under Rule 34, as early Rule 34 demands/requests, in doing so Mister Nelson worked in the interests of the parties and in cooperation as the Federal Rules of Civil Procedure were meant to work, wherein Mister Nelson propounded "early rule 34" requests, which according to the RULES are considered served after the Rule 26(f) conference. Mister Nelson in the interested of cooperation with discovery pursuits so demurred to the later date of 26 July 2022, wherein Christopher Jon Kellogg confirmed said receipt of the "early rule 34" requests,

although Mister Christopher Jon Kellogg and his colleague Mister Craig Alan Brand had access to those early Rule 34 requests many weeks earlier than the 26 July 2022, date which Mister Christopher Jon Kellogg references in his "objection" filed as document 147.

Mister Christopher Jon Kellogg directly references document 122, an Order of the Federal Magistrate, which is pending review, and thus appeal under Rule 72, filed by Mister Nelson. The fact that the Order in document 122 is pending review and thus Appeal under Rule 72, if upon a finding adverse to Mister Nelson, it is Mister Nelson's intention to take interlocutory appeal to the 10th Circuit Court of Appeals under collateral order doctrine. Mister Nelson an impoverished pro se, defendant, and previous counter-plaintiff, until the actions of Kellogg and Lawrence Gene Michel deprived the District Court of jurisdiction of the counter and cross complaints, because Mister Nelson filed for default judgment to the Clerks under Rule 55 of the Federal Rules of Civil Procedure, due to the untimely answer from Koehn, where Mister Nelson has received no answer or response to the first amended counter complaints, erog the District Court no long has jurisdiction over those counter and cross complaints now that there is default judgment application pending under rule 55.

Mister Kellogg's objections in document 147, are ill placed and does not alleviate Kellogg's clients Chad Mitchell Koehn and UCMK from their obligations under the rules of discovery. Especially wherein they relate to early Rule 34 requests which are considered served after or during the Rule 26(f) conferences, the fact that Mister Nelson demurs to Mister Kellogg's later date of 26 July 2022, which Mister Kellogg's objection in document 147, references, is demonstrable of Mister Nelson's willingness to cooperate in discovery procedures under the rules and provide to Mister Kellogg and his colleagues an additional several weeks, of notice, wherein Mister

Nelson demurs to the later date 26 July 2022, meaning UCMK shall deliver those requests as propounded under the early Rule 34 requests not later than 25 August 2022, though here again Mister Nelson will not only in the spirit of cooperation provide an extra several weeks between the close of the Rule 26(f) conference and the date of 26 July 2022, but Mister Nelson shall also give an extra day, rather than 25 August 2022, which is 30 days from July 26, 2022, wherein Mister Nelson has kindly demurred to the later date cited by Mister Kellogg, but Mister Nelson also gives it an additional one day, to say that Mister Nelson is more than cooperating in discovery procedures.

The fact that Mister Kellogg is not familiar with early rule 34 requests which have been amendments to the Federal Rules since approximately 2015, demonstrates truly where Mister Kellogg and his team lack in keeping abreast of the rules which govern the procedures of the Court. The fact that Mister Kellogg's "partner in deception" Craig Alan Brand has attempted to pull the wool over the courts eyes, with certain DECEPTION and make outlandish claims in order to attempt to milk the pro se, proletarian, pedestrian, peon, impoverished Mister Nelson into spending money he has not, to mail via USPS mail the early rule 34 requests which Mister Kellogg has already provided precise and painful detail on directly to the record, demonstrates clearly where Craig Alan Brand has purposefully, maliciously with forethought of action sought to unfairly and unjustly burden the pro se Mister Nelson with needless expenses in order to initiate an outlandish delay tactic to the litigation and further create untoward delay and consternation to the resolution of the matters before the

Court. Craig Alan Brand's averement that he is unable to open a pdf document because Mister Nelson uses Google, is not just a lie before the Court, but is demonstrable MISCONDUCT under the Kansas Rules of Professional Conduct.

The fact is the early rule 34 requests have been in the possession of Mister Kellogg for sometime now a month and a half, the early Rule 34 requests are considered served upon the Rule 26(f) conference, Mister Nelson demurred reluctantly to the later date of 26 July 2022, for consideration of service thereof those early rule 34 requests as pursuant with the Federal Rules of Civil Procedure under Rule 26(d)(2), the fact that Mister Craig Alan Brand, LIED to the Court, and now Mister Nelson has appealed the Order of the Court in Document 122, and thus also 124, is the only reason why now Mister Kellogg seeks to file objection to the 26 July 2022, email which he cannot now deny receiving as Mister Kellogg has already so declared to the Court with precise specificity what those early Rule 34 requests are. Therefore if and when the District Court rules upon the Appeal filed under Rule 72, of the Magistrate Judge's Order in Document 122, Mister Kellogg and Mister Brand and Mister Michel and their client UCMK will be in violation of the discovery practices of the Court and the Federal Rules of Civil Procedure.

The fact that Mister Kellogg understands not the Federal Rules of Civil Procedure as is evident from his representation at bar todate, is indicative of MISCONDUCT in violation of Rule 83.6.1 of the Rules of this Court. As such even if the District Court is to deny the Appeal of Document 122, as made under Rule 72 to

the District Court by Mister Nelson, then Mister Nelson has the right of collateral order doctrine direct and immediate appeal to the 10th Circuit Court of Appeals, which will no doubt support the Early Rule 34 requests for production as those requests were squarely made within the confines of the Rule 26(d)(2). Rules of the Federal Rules of Civil Procedure, which although Mister Kellogg may argue are new rules, those rules of the Federal Rules of Civil Procedure under Rule 26(d)(2) as to early Rule 34 requests have been the Rules of the Court and the Federal Rules of Civil Procedure since approximately 2015, SEVEN YEARS ago, that is 7 years, not referencing the 7 extra pages Mister Kellogg wrote in direct DISOBEDIENCE of the Courts Order on limitation of ten pages to the filing for motion to seal future motions as Kellogg made in document number 140.

Mister Kellogg knew the importance of those documents which must be so preserved and to provide them forthwith in the interests of Federal Rules of Civil Procedure Rule 1, to provide for the SPEEDY, JUST and inexpensive determination of the action before the court. The fact that Mister Christopher Kellogg cares not to provide for the inexpensive determination of the action, and has caused the needless objection he so propounds upon the Court in document 147, is indicative of his practice of law in violation of the Rules of the Court, wherein the mere placement of Kellogg's ill thought out arguments in Document 147, certainly demonstrate clear violation to Rule 83.6.1 of the Rules of this Court and the OATH which he took to practice before this Court.

Mister Kellogg, knows that Mister Nelson can neither afford to propound discovery for a FOURTH time nor expend precious money sending it via USPS mail as Mister Kellogg so demands, which is only ordered by the Magistrate Judge who erred in such order because of the FRAUD upon the Court as levied by Kellogg's cohort Mister Craig Alan Brand, who is appearing pro hac vice, and claims he cannot retrieve PDF documents via Google. The fact that Craig Alan Brand has and continues to cause disruptions and purposeful LIES to the Court is the only reason the Magistrate had erred in ordering Mister Nelson to propound the early rule 34 requests which were squarely made within the meaning as defined by the Federal Rules of Civil Procedure in Rule 26(d)(2).

Mister Nelson now demurs to the US District Court to overrule the Magistrate Judge's error which is plain error in law, and/or sustain the Objection for Review under Rule 72 therefore demonstrating the Magistrate Judge's error and allow Mister Nelson to take interlocutory appeal under in forma pauperis to the 10th Circuit Court of Appeals to decide the issue if Mister Nelson's propounding of an early Rule 34 request is within the meaning of Rule 26(d)(2) of the Federal Rules of Civil Procedure.

The fact that Kellogg and Brand are complicating the discovery process in the manner in which Brand's LIES to the Court have caused excessive wasted resources and time of the parties and the Court not in conformity with Federal Rules of Civil Procedure under Rule 1, should demonstrate to both the District Court and if necessary the 10th Circuit Court of Appeals under collateral order doctrine that neither Craig Alan Brand appearing pro hac vice, nor the attorneys who have sponsored Craig Alan Brand, more commonly known as the "partner in deception" to law enforcement both State and Federal, that it is Craig Alan Brand who is purposefully and maliciously interfering in discovery in direct violation of the Courts

Rules under Rule 83.6.1 and the Kansas State Rules of Professional Conduct, as Brand has continually violated ad nauseum since his first appearance in the matter at bar.

WHEREFORE, Mister Nelson respectfully prays the Court will DENY the objections of the plaintiff's Chad Mitchell Koehn and UCMK etAl. And DEMAND as is JUST, speedy and inexpensive resolution that the plaintiffs tender forthwith the early rule 34 requests for production as propounded months ago, and which Mister Nelson in the interests of cooperation demurs to the later date of 26 July 2022, which Mister Christopher Kellogg is so objecting and complaining, despite the fact Kellogg has already entered upon the record the precise requests of the Early Rule 34 requests situated squarely within the Federal Rules of Civil Procedure's Rule 26(d)(2), which Kellogg had previously erroneously claimed Mister Nelson cited as an "order", wherein Mister Nelson cited not any order, Mister Nelson simply cited the Federal Rules of Civil Procedure, which Mister Kellogg and his cohorts have continually purposefully evaded compliance with Rules including without limitation, Rules: 1, 5, 7.1, 30, 33, 34, 35, 37, 55 ad nauseum.

It is in the interests of substantial justice and the prevention of manifest injustice for this Honorable United States Federal Court to strongly hold those attorney appearing before it to the letter of the Rules especially when they are the Federal Rules of Civil Procedure of the Court, for a Court without enforcement of Rules and ORDER holds no power and appears as if it can no longer provide a platform for the resolution of disputes.  Let not the US District of Kansas fall upon the anals of history as the only US Federal Court where the Federal Rules of Civil Procedure are no longer valid, and the Court continually sub comes to the LIES, and DECEPTION of attorneys or their pro hac vice "partners in deception".

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S.* "pro se … however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so **construed as to do substantial justice"**). "filings generously and with the leniency due pro se litigants", *see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).*

Respectfully Submitted, this 23rd day of August 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order of Saline County Court Judge Paul J. Hickman.

Respectfully Submitted, this 23rd day of August 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com