# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. ["UCMK"] <br><br> **& CHAD M. KOEHN** ["Koehn"] <br><br> Plaintiffs, counter-defendants <br> v. <br> Michael Nelson <br><br> Defendant; Counter-Plaintiff  PRO-Se. | **DOCKET NO.:    5:22-CV-04008-JWB-GEB** <br> <u>CIVIL ACTION</u> <br><br> **Notice to CEASE and DESIST slander, defamation, libel and famacide Directed at Michael Nelson by tortfeasors: Chad Mitchell Koeh and UCMK, and their employees, agents, directors, officers, and contractors** <br><br> **[Jury Trial Demanded]** |

<u>Counter-Plaintiff / Defendant ("Nelson"), makes "LIMITED APPEARANCE"</u> to file **Notice to CEASE and DESIST slander, defamation, libel and famacide Directed at Michael Nelson by tortfeasors: Chad Mitchell Koeh and UCMK, and their employees, agents, directors, officers, and contractors**, <u>Mister Nelson so states and directs:</u> **United Capital Management of Kansas Inc. (UCMK) and Chad M. Koehn ("Koehn") and their attorneys, all collectively referred to as "Koehn":**

Mister Nelson has been made aware of continual SLANDER and DEFAMATION and LIBEL and general FAMICIDE being presently committed by Chad Mitchell Koehn and/or employees, agents, contractors, officers, directors of UCMK directed at Mister Nelson and his family and directed at persons, institutions, corporations and legal entities located in:

**Connecticut**

**Maine**

=========================================================================
*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

      Massachusetts

      New Jersey

      New Hampshire

      New York

      Pennsylvania

      Puerto Rico

      Rhode Island

      Vermont

**KNOW THIS here and now**, that all the defamation, inclusive of slander and libel and tortious interference with the rights of Mister Michael Nelson, with earning a living or existing peacefully in the enjoyment of life, liberty and pursuit of happiness, is illegal and unwarranted. The willful wanton wrongful FAMICIDE against the person of Michael Nelson as continued through this instant NOTICE to CEASE and DESIST.

The bad conduct and illegal behaviors constituting libel, slander, famicide and general defamation aimed at Mister Michael Nelson by CHAD MITCHELL KOEHN and UCMK and their agents, employees, contractors, officers, directors MUST CEASE.

Chad Mitchell Koehn and UCMK and their respective employees, Officers, Directors, Contractors are hereby and herein COMMANDED to CEASE and DESIST your unlawful wrongful illegal Defamation of Mister Michael Nelson and family. The continued actions of Chad Mitchell Koehn and/or employees, agents, contractors, officers, directors of UCMK are illegal and willful intentional torts which Mister Nelson

---

*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

**reserves all rights to seek litigation and damages resulting from Chad Mitchell Koehn and UCMK's individual and collective continued defamation, slander, libel, famcide and tortious interference with Mister Nelson's rights including to live peacefully, in pursuit of life, liberty and happiness.**

**KNOW This Chad Mitchell Koehn and UCMK are directed herein to CEASE and DESIST their individual and collective illegal actions which amount to intentional torts and have and continue to cause damage in each of the aforementioned US Districts. Mister Nelson shall have and enjoy the right to separate litigation in each US District Federal Court, State or Municipal Superior and/or District Court where the damages have resulted from Chad Mitchell Koehn and/or UCMK's etAl. intentional, willful conduct which continues through the filing of this notice to CEASE and DESIST.**

### Connecticut

Connecticut has a **2 year** statute of limitations on slander and libel and famicide. Meaning that the suit needs only be filed now before 22 August 2024! *Niehaus v. Cowles Business Media, Inc., 263 Conn. 178, 188, 819 A.2d 765 (2003);* Slander is oral defamation." (Citation omitted; internal quotation marks omitted.) DeVito v. Schwartz, 66 Conn. App. 228, 234, 784 A.2d 376 (2001). Libel, which we are concerned with in the present case, is written defamation. Charles Parker Co. v. Silver City Crystal Co., 142 Conn. 605, 611, 116 A.2d 440 (1955). ''While all libel was once actionable without proof of special damages, a distinction arose between libel per se and libel per quod. . . . A libel per quod is not libelous on the face of the communication, but becomes libelous in light of

======================================================================
*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

extrinsic facts known by the recipient of the communication. . . . When a plaintiff brings an action in libel per quod, he must plead and prove actual damages in order to recover.... "Libel per se, on the other hand, is a libel the defamatory meaning of which is apparent on the face of the statement and is actionable without proof of actual damages. . . . The distinction between libel per se and libel per quod is important because as here Mister Nelson may recover general damages where the defamation in question constitutes libel per se. . . . When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiff's reputation. <u>He is required neither to plead nor to prove it</u>. . . . The individual plaintiff is entitled to recover, as general damages, for the injury to his reputation and for the humiliation and mental suffering which the libel caused him.... Whether a publication is libelous per se is a question for the court. Battista v. United Illuminating Co., 10 Conn. App. 486, 491–92, 523 A.2d 1356, cert. denied, 204 Conn. 802, 803, 525 A.2d 1352 (1987). "Two of the general classes of libel which, it is generally recognized, are actionable per se are (1) libels charging crimes and (2) libels which injure a man in his profession and <u>calling</u>. . . . To fall within the category of libels that are actionable per se because they charge crime, the libel must be one which charges a crime which involves moral turpitude or to which an infamous penalty is attached." (Citations omitted.) Proto v. Bridgeport Herald Corp., 136 Conn. 557, 565– 66, 72 A.2d 820 (1950). "Moral turpitude, [the CT Supreme Court has] observed, is a vague and imprecise term to which no hard and fast definition can be given....A general definition applicable to the case before us is that moral turpitude involves an act of inherent baseness, vileness or depravity in the private and social duties

which man does to his fellow man or to society in general, contrary to the accepted rule of right and duty between man and law.'' (Citations omitted.) Moriarty v. Lippe, 162 Conn. 371, 383, 294 A.2d 326 (1972).  United States v. Gotti, 155 F.3d 144, 145 (2d Cir. 1998); United States v. Van Dorn, 925 F.2d 1331, 1333–38 (11th Cir. 1991); United States v. Eufrasio, 935 F.2d 553, 559–60 (3d Cir. 1991); United States v. Persico, 832 F.2d 705, 708 (2d Cir. 1987). Those are crimes, many of which, involve moral turpitude and are punishable by imprisonment. See Drazen v. New Haven Taxicab Co., 95 Conn. 500, 507–508, 111 A. 861 (1920).

CHAD MITCHELL KOEHN MUST CEASE AND DESIST THE ILLEGAL ACTIONS HE IS TAKING!  MISTER NELSON HAS NOW TIL 22 AUGUST 2024, to bring forth Defamation and FAMICIDE CHARGES stemming form KOEHN and UCMK's malicious actions continuing in August of 2022.

**Maine**

Maine's defamation statute of limitations is **two years**.  Maine recognizes a common law right of privacy based on the Second Restatement of Torts, which outlines "four kinds of interests, the invasion of which may give rise to a tort action for breach of another person's right to privacy." **Nelson v. Maine Times,** 373 A.2d 1221, 1223 (Me. 1977). These include: unreasonable intrusion upon the seclusion of another, appropriation of the other's name or likeness, unreasonably publicity given to the other's private life, and publicity that unreasonably places the other in a false light before the public. Id.  *Berthiaume's Estate v. Pratt, 365 A.2d 792 (Me. 1976)   Fitch v. Stanley, No. CIV.A. CV-04-78, 2005 WL 3678033*

---

*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

(Me. Super. Dec. 16, 2005) **Nelson v. Maine Times,** *373 A.2d 1221 (Me. 1977)*   Note that Maine has a two-year statute of limitations for false light claims. *Me. Rev. Stat. 14 § 753; Gashgai v. Leibowitz, 703 F.2d 10, 13 (1st Cir. 1983).* "Under Maine law the time for filing suit under 14 M.R.S.A. § 753 starts to run separately as to each incident on the day after each publication or broadcast." Bloomquist v. Albee, No. CIV.03-276-P-S, 2004 WL 2203469, at *2 (D. Me. Sept. 29, 2004) (citation omitted). Me. Rev. Stat. 14 § 853).

### Massachusetts

The INTENTIONAL TORTS being perpetrated by KOEHN and UCMK which they are jointly and severally directing even during the course of the present litigation a campaign of HATE aimed and targeted at Mister Nelson and aimed and targeted in the form State of Massachusetts, without limitation.  MASSACHUSETTS recognizes a wide variety of defamation statutes and terms as one of the oldest States of this Union of these the United States of America, as such the **lowest statute of limitations is just THREE YEARS, 260, § 4 Statute of limitations. Actions for slander or libel "shall be commenced only within three years next after the cause of action accrues."** "Defamation" is a comprehensive legal term and definition for the written or spoken communication/publication of a false fact to a third-party, which ultimately causes harm or injury to another person's reputation. As the United States is a Common Law legal jurisdiction (along with Canada, United Kingdom, and Australia), it classifies defamation

==========================================================================
  *Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

as a civil injury or wrong, meaning it is labeled as a "tort" and gives rise to damages, or reimbursement for the damage or injury suffered. Defamation may sometimes be referred to as the "tort of defamation" or "defamation of character."

Specifically, defamation of character (aka the tort of defamation) may be classified into two core types: libel and slander.

- Libel: the written communication of a false statement of fact to a third-party or publication, which ultimately causes harm or injury to another person's reputation. Libel may also be published, meaning it can take form in that of a video, photograph, or other media.
- Slander: the spoken communication of a false statement of fact to a third-party, which ultimately causes harm or injury to another person's reputation.

<u>Defamation also can go by many names in MASSACHUSETTS, and may also be referred to as:</u>

- Vilification,
- Traducement,
- Calumny,
- Character assassination, and
- Disparagement.

---
================================================================
*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

7

**MASSACHUSETTS RECOGNIZES:   Famacide:** a rather archaic term in other newer jurisdictions in the United States, the State of Massachusetts formally known as the Commonwealth of Massachusetts is one of the first 13 Colonies, and has among its laws the most directly related to English Common Law, for persons who commit defamation of character, alleged here as the continued bad, wrongful, willful wanton acts of Chad Mitchell Koehn and UCMK without limitation;  Famacide literally means "to destroy another person's reputation." this can extend the Statute of Limitations far beyond the standard THREE YEARS which applies to most any defamation claim in Massachusetts. Which is exactly what Chad M. Koehn and UCMK etAl have been conducting even through this litigation and through the date of this notice the SECOND Notice to Cease and Desist.  Mister Nelson reserves all rights to file formal charges in the US District of Massachusetts, within the State and Municipal Superior and District Courts without limitation and as necessary in the Federal Courts of the US District of Massachusetts of the First Circuit; as well in attempts to stop the harassment, defamation, slander, libel and overall character destruction, FAMACIDE, being presently committed by Chad Mitchell Koehn and UCMK etAl. without limitation and has and continues through the date of this CEASE and DESIST the second Cease and Desist formerly so sent and served upon lawyers representing Chad Mitchell Koehn and UCMK individually and collectively. CHAD MITCHELL KOEHN and UCMK etAl. MUST CEASE AND DESIST their collective and several unlawful conduct, they are literally growing litigations against them in a multitude of jurisdictions!

=======================================================================
*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

### New Hampshire

Personal actions for slander or libel, unless otherwise provided longer periods by law, may be brought within **3 years** of any time the cause of action accrued. Chad Mitchell Koehn and by default through Master Servant relationship to Koehn and others continue through this date to commit CRIMINAL Defamation and give rise to both CRIMINAL and Civil torts in State and Federal Court in the US State of New Hampshire. This notice shall serve as formal notice to CEASE and DESIST the Criminal Acts that continue committed by Chad Mitchell Koehn etAl. Inclusive of all employees, contractors, officers and directors of UCMK:

**644:11 Criminal Defamation. –**
   I. A person is guilty of a class B misdemeanor if he purposely communicates to any person, orally or in writing, any information which he knows to be false and knows will tend to expose any other living person to public hatred, contempt or ridicule.
   II. As used in this section "public" includes any professional or social group of which the victim of the defamation is a member.

Source. 1971, 518:1. 1992, 269:17, eff. July 1, 1992.

One of the unique aspects of New Hampshire's defamation laws is the state's view of employer and employee defamation claims. In most states, if an employer, as a job reference, provides information to a prospective employer, the referenced employer cannot be sued for defamation. As long as the information being provided is truthful, the employer is exempt from a defamation suit. However, in New Hampshire, employers are not protected by law from defamation suits. Whether or not the suit is successful depends on its own merits, but a defamation suit may be brought. The "employer" or person can also be held liable under

CRIMINAL and Civil Statutes both in State and Municipal Courts as well as in separate and simultaneous action to Federal Court, meaning both litigations continue without direct removal of the underlying State Action.

### New Jersey

Under New Jersey defamation law, the statute of limitations for bringing both a libel and slander action is one (1) year.   See N.J.S.A. 2A:14-3. New Jersey courts have adopted the single publication rule.

### New York

New York recognizes only a one (1) year statute of limitations on slander and libel, however Koehn and UCMK continue with causing and acting famicide which can increase statute of limitations to as much as 10 years.  Mister Nelson is NOT a public figure, he deserves and is entitled to privacy and the rightful pursuit of life, liberty and happiness, together with protection of property. **Mister Nelson should not be continued to be subject of Chad Mitchell Koehn and/or UCMK's harassment, intimidation, slander, libel, defamation, famacide:**  New York courts rely heavily on the "vortex" notion of a limited-purpose public figure. See James v. Gannett Co., Inc., 40 N.Y.2d 415 (N.Y. 1976) ("The essential element underlying the category of public figures is that the publicized person has taken an affirmative step to attract public attention."). The definition of a limited-purpose public figure is covered in the general Actual Malice and Negligence section of this guide under the limited-purpose public figures discussion . Wolston v. Reader's Digest Association, 443 U.S. 157, 168 (1979). He must, therefore, "thrust himself into the vortex of [the] public issue [and] engage the public's attention in an attempt to influence its outcome." See Gertz v. Robert Welch, Inc., 418 U.S. 323, 352 (1974). In New York, such figures have included candidates for public office, restaurants (for the purpose of food reviews), and religious groups.

==========================================================================
*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

Actual Malice and Negligence  When the plaintiff in a defamation lawsuit is a private figure and the allegedly defamatory statements relate to a matter of legitimate public concern, the plaintiff must prove that the defendant acted "in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties." Chapadeau v. Utica Observer-Dispatch, 38 N.Y.S.2d 196, 199 (N.Y. 1975). This standard, which is a higher bar than negligence but lower than actual malice, focuses on an objective evaluation of the defendant's actions rather than looking at the defendant's state of mind at the time of publication.

### Pennsylvania

**Pennsylvania has a one (1) year statute of limitations for defamation. See 42 Pa. Cons. Stat. § 5523(1)**.

**The state has adopted the single publication rule. See 42 Pa. Cons. Stat. § 8341. For a definition of the "single publication rule,"**
In Pennsylvania, a private figure plaintiff bringing a defamation lawsuit must prove that the defendant was <u>at least negligent</u> with respect to the truth or falsity of the allegedly defamatory statements.

### Puerto Rico a United States Territory and Commonwealth

Statute of Limitations can very and is typically not more than 20 years, though a Notice to Cease and Desist as so promulgated here and delivered here to Chad Mitchell Koehn and UCMK each jointly, collectively and severally, to Cease and Desist the unlawful conduct, so tolls the statute of limitations for effective complaint.   In an

========================================================================
*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

opinion issued on August 19, 2019, the Puerto Rico Supreme Court ("PRSC") held that, for statute of limitations purposes, defamation cases shall be analyzed under the successive damages doctrine and that **each allegedly defamatory act triggers an individual limitations period.** This decision puts an end to a decades-old confusion caused by erroneous interpretations of the PRSC's decision in <u>Galib Frangie v. El Vocero de P.R.</u>, 138 D.P.R. 560 (1995). **The PRSC also held that an extrajudicial claim letter, as this NOTICE to CHAD MITCHELL KOEHN AND UCMK is effectively an extra judicial claim letter and notice to CEASE AND DESIST the unlawful conduct, this letter and thus NOTICE effectively tolls the statute of limitations**, <u>even if it does not specify the dates of each allegedly defamatory publication.</u>   *Ana Y. Cacho González, et al. v. Antulio "Kobbo" Santarrosa, et al*

A Defamation Puerto Rico law claim provides compensation for the damage inflicted on the reputation and good name of the injured party. *Sociedad de Gananciales v. El Vocero de P.R.*, 135 DPR 122, 127, 1994 WL 909249 (1994). Defamation Puerto Rico law claims can come in the form of slander or libel. The former takes place when the defamation is oral; the latter (libel) is in the written form.  <u>See, Art. II, sec. 8 of the Puerto Rico Constitution</u> (the underlying basis for defamation claims) "Slander is a false and unprivileged publication other than libel, which imputes to any person the commission of a crime, or tends directly to injure him in respect to his office, profession, trade or business, or which by natural consequences causes actual damages." 32 L.P.R.A. § 3143.  Although there is a special libel & slander law in Puerto Rico since 1902, 32 L.P.R.A. § 3242, et. seq., Defamation claims are generally litigated pursuant to Article 1802 of the Puerto Rico Civil Code, 33 P.R. Laws Ann. § 5141.

===========================================================================
*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

Pursuant to right of action against Chad Mitchell Koehn and/or UCMK etAl. in accordance with the precedents: *195 US 138 Fred Dorr v. United States; 467 US 20 Seattle Times Company v. Rhinehart; 473 US 614 Mitsubishi Motors Corporation v. Soler Chrysler-Plymouth Inc Soler Chrysler-Plymouth Inc; 557 F2d 886 Vencedor Manufacturing Co Inc v. Gougler Industries Inc; 574 F2d 37 Jimenez Puig v. Avis Rent-a-Car System; 598 F2d 627 Federal Deposit Insurance Corporation v. Otero; 620 F2d 1 Prevor-Mayorsohn Caribbean Inc v. Puerto Rico Marine Management Inc; 636 F2d 876 United States v. Alcon Laboratories; 682 F2d 1 Jimenez-Nieves v. United States 701 F2d 470 Shawgo v. Spradlin*

### Rhode Island

Rhode Island, the statute of limitations is: **One year for slander** (R.I. Gen. Laws § 9-1-14(a)) HOWEVER it jumps to THREE YEARS of LIBEL, and where shown the defamation amounts to famicide the personal injury claim can increase to 10 years. Defamation includes both libel and slander. The damage of defamation may be challenging, if not impossible to reverse. The Constitution protects free speech, but it does not allow a person to cause harm to another's reputation. Martin vs. Wilson Publishing Co., 497 A.2d 322 (RI 1985); Lyon vs. Rhode Island Public Employees Council 94, 516 A.2d. 1339 (RI 1986) and Healy vs. New England Newspapers, Inc., 555 A.2d 321 (RI 1989). The effects of defamation may be extensive and long lasting.

The Halco court in Rhode Island also cited Webster's Dictionary, and noted that the definition of disparage is "1. To speak of in a belittling way; decry. 2. To reduce in rank or esteem." Id. (citing Webster's II New Riverside Dictionary 387 (1984)). Further, the First Circuit Court of Appeals has held that "[d]isparage means, among other things, 'to lower in rank and estimation by actions or words,' or 'to speak slightingly of.'" Open Software

======================================================================
*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

Found., Inc. v. U.S. Fidelity and Guar. Co., 307 F.3d 11, 20 (1st Cir. 2002) (citing Boston Symphony Orchestra v. Commercial Union Ins. Co., 545 N.E.2d 1156, 1158 (1989) (quoting Webster's New International Dictionary of the English Language 750 (2d ed.1959))).

Healey v. New England Newspapers, Inc., 555 A.2d 321, 324 (R.I. 1989). A defamatory statement has been defined as false and malicious words which tend to degrade a party in society or "bring him into public hatred or contempt." Elias v. Youngken, 493 A.2d 158, 161 (R.I. 1985). To prove that a statement is defamatory, a plaintiff must show that the statement is "'false and malicious, imputing conduct which injuriously affects a [person's] reputation, or which tends to degrade him in society or bring him into public hated and contempt . . . ." Alves v. Hometown Newspapers, Inc., 857 A.2d 743, 750 (R.I. 2004).

When considering whether language is "defamatory" in nature, the Rhode Island Supreme Court has held that "language is not to be forced or tortured in libel cases in order to make it actionable. It is to be taken in its plain and ordinary sense." Elias, 493 A.2d at 161 (R.I. 1985) (quoting Reid v. Providence Journal, 20 R.I. 120, 122, 37 A. 637, 637 (1897)). In Reid, the RI Supreme Court recognized that the same words that may not affect one person may **indeed be exceedingly painful to another person.** Therefore, the Reid court held that there must be some limit to liability for words not actionable per se, both as to the words and the kind of damages . . . the words must be defamatory in their nature, and must in fact disparage the character, and this disparagement must be evidenced by some positive loss arising therefrom directly and legitimately as a fair and natural result. Reid, 20 R.I. at 123, 37 A. at 638. Thus, the Reid Court held that words which do not degrade the character do not

injure it, and cannot occasion loss. Id.   However, here Koehn and UCMK continue with purposeful famicide against Nelson in willful wanton disregard for Nelson's rights and are aimed and targeted at the forum State of Rhode Island and are targeted to the person of Nelson.

### **Vermont**

### **THREE YEAR STATUTE OF LIMITATIONS:**

Vermont State Statutes Title 12 Court Procedure

Subchapter 002 : Actions Limited

Chapter 023 : Limitation Of Time For Commencement Of Actions

(Cited as: 12 V.S.A. § 512)

§ 512. Assault and battery; false imprisonment; slander and libel; injuries to person or property
Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after:
(1) assault and battery;
(2) false imprisonment;
(3) slander and libel;
(4) except as otherwise provided in this chapter, injuries to the person suffered by the act or default of another person, provided that the cause of action shall be deemed to accrue as of the date of the discovery of the injury;
(5) damage to personal property suffered by the act or default of another. (Amended 1967, No. 32, § 2, eff. March 16, 1967; 1975, No. 248 (Adj. Sess.), § 2.)

However, where the defamation can be shown to be continual actions of the similar nature aimed at the individual in Vermont, the Statute of Limitations jumps to 6 years for the personal injury claim.

========================================================================
*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

## NOTICE to CHAD MITCHELL KOEHN AND UCMK

YOU EACH jointly, severally, collectively and individually are herein and hereby placed on NOTICE, that your continued actions of Slander, Libel, Defamation, Assault, Famicide have caused and continue during the month of August 2022, to cause personal injury to the person of Mister Michael Nelson.  Your slander, libel, defamation and general famicide serve no legitimate purpose, are not protected speech or expression and are aimed at tortiously interfering in Mister Nelson's rights to the pursuit of peace, love, life, and happiness.

Mister Nelson so herein reserves and thus preserve the right to take legal action and seek monetary damages from you each, CHAD MITCHELL KOEHN and UCMK, due to your bad conduct and purposeful, willful, wanton, wrongful personal smear campaign and attacks against Mister Nelson's character and ability for Mister Nelson to earn a lawful living.

**You each, CHAD MITCHELL KOEHN and UCMK** can reduce your liability by immediately CEASING your unlawful conduct and behaviors directed towards Mister Nelson.

Nothing contained herein shall be deemed a waiver of the rights of the undersigned to seek damages within the statute of limitations as prescribed by law, nor in the time period so atoll by the Statute of Limitations in providing this instant NOTICE to CEASE and DESIST the unlawful actions and conduct of Chad Mitchell Keohn and UCMK etAl.

======================================================================
*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S.* "pro se … however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so **construed as to do substantial justice"**). "filings generously and with the leniency due pro se litigants", *see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).*

Respectfully Submitted, this 23rd day of August 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434  Email: oklahomaremote @ gmail.com

===========================================================================
*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, the foregoing NOTICE to CEASE AND DESIST, issued to CHAD MITCHELL KOEHN and UCMK was filed to the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;  this lawful CEASE and DESIST NOTICE to CHAD MITCHELL KOEHN AND UCMK is lawfully provided and sent as a legal NOTICE in a US Federal Court Docket, though an order by County Court Judge Paul J. Hickman was filed wherein Chad Mitchell Koehn seeks protection from engaging in sexual relations with Mister Nelson when, he Chad Mitchell Koehn is "incapable" of giving consent, and generally seeks that Mister Nelson not have contact with Mister Chad Mitchell Koehn, this notice of CEASE and DESIST directed to Chad Mitchell Koehn and UCMK is for a legitimate lawful purpose placing Chad Mitchell Koehn on legal notice, and is not in violation of any Saline County Court Order, as this Notice is so herein now provided to a United State Federal Court Docket, in accordance with US Federal Rules and Law, which supercedes the County Court order regarding protection of Chad Mitchell Koehn from engaging in sexual relations when he Chad Mitchell Koehn is incapable of giving consent.  The foregoing is not served to Chad Mitchell Koehn but rather served upon a Federal Court Record and to the legions of attorneys representing Chad Mitchell Koehn therefore each have a fiduciary responsibility to ensure Chad Mitchell Koehn is in receipt hereof and understands its consequences.

Respectfully Submitted, this 23rd day of August 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

=========================================================================
*Notice to CEASE and DESIST slander, defamation, libel and FAMICIDE As to Chad Mitchell Koehn and UCMK, and their employees, agents, directors, officers, and contractors*