# UNITED STATES FEDERAL DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. <br><br> **& CHAD M. KOEHN** <br><br> Plaintiffs, counter-defendants <br> v. <br> Michael Nelson <br><br> Defendant; Counter-Plaintiff  PRO-Se. | **DOCKET NO.:  5:22-CV-04008-JWB-GEB** <br> ## CIVIL ACTION <br><br> **OBJECTION to Document 145 filed by UCMK and Chad Mitchell Koehn** <br><br> **[Jury Trial Demanded]** |

Counter-Plaintiff / Defendant ("Nelson"), makes "LIMITED APPEARANCE" to file **OBJECTION to Document Number 145, filed by Chad Mitchell Koehn and UCMK, and does so state in response to United Capital Management of Kansas Inc. ("UCMK") and Chad Mitchell Koehn ("Koehn") and to both collectively referenced as "KOEHN"**:

1.  KOEHN misstates the following statement on pages 1 and 2 of document 145, by providing an "opinion", attacking the pro se, opposing party in direct contravention of standing orders of the Court:  "Assuming that Mr. Nelson will again attempt to delay this matter, on August 16, 2022, the undersigned counsel mailed an additional copy of the First Interrogatories to Mr. Nelson by prepaid UPS second-day overnight service at Michael Nelson, 9450 S.W. Gemini Drive PMB 90924, Beaverton, OR 97008-71005"

2.  **Mister Nelson has NEVER "attempted" to "delay this matter"** conversely it is the **willful, purposeful, wrongful MISCONDUCT in direct contravention of lawful standing ORDERS of this Court, committed ad nauseum by Craig Alan Brand, Larry Gene Michel and Christopher Jon Kellogg that have caused unconscionable delays to the matter at bar**.  The opposing counsels conduct amounts to MISCONDUCT as defined under Rules of this Court Rule 83.6.1 and must be dealt with in accordance with the Rules of this Court under Rule 83.6.3.  For

---

**OBJECTION to Document 145 filed by UCMK and Chad Mitchell Koehn**

without the MISCONDUCT of Brand, Michel and Kellogg this matter would be well on its way to resolution if not already resolved.

3. Opposing Counsel states: "counsel mailed an additional copy of the First Interrogatories to Mr. Nelson by prepaid UPS second-day overnight service", **this is IMPROPER service** and **is in direct Contravention of the Order of the Court.** First, a person cannot have "mailed" anything via a third party courier not authorized by the Court, mailing occurs in the UNITED STATES POSTAL **MAIL**. Second the counsel states they have used a third party courier, **not authorized in the Order of the Court which they cite.** Third they have propounded discovery documents in the Court docket, which the proletarian, pedestrian, peon, Mister Nelson had thought were documents that were never to be filed to the Court record. Though as they are now, Mister Nelson being not legally educated and a simpleton, layman, pedestrian citizen a member of the proletariat shall follow suit with the leadership provided by the licensed, members of the Court who are "Court Officers", the persons which the simpleton, pedestrian, layman Mister Nelson must look towards for leadership in proper Court procedures and how discovery must be so propounded. All future filings by Mister Nelson shall be propounded to the Court docket and Court Record following suit with the actions of the licensed "OFFICERS of the COURT", wherein Christopher Jon Kellogg propounds discovery through the Court docket and on the public record of the matter at bar.

--------------------------------------------------------------------------------------------------------------------------------
**OBJECTION to Document 145 filed by UCMK and Chad Mitchell Koehn**

2

4. Mister Nelson does not believe discovery should be so propounded through couriers other than "mailing" via the United States Postal Service, (USPS) as believed Ordered by the Court. The fact that opposing counsel has once again directly disobeyed the orders of the Court and has propounded discovery by a third party courier not authorized by the Court, does not just suggest but the actions of **opposing counsel demonstrate clearly they will do whatever possible to act in direct contravention of any Court Orders.**

5. It is evident that opposing Counsel seek to use couriers other than the United States Postal Service (USPS) perhaps due to opposing counsel being in receipt of target letters regarding CRIMINAL investigations, and now opposing counsel seek to act in direct Contravention of the Orders of the Court to propound discovery by means other than the authorized USPS and ORDERED means of USPS service to avoid potential charges involving mail fraud?

6. The filing by opposing counsel on behalf of Chad Mitchell Koehn and UCMK collectively KOEHN, appears to be nothing more than a deliberate, heinous, shameful, inciting personal attack against Mister Nelson who has at all times operated as a layman, pedestrian, proletarian, peon armed only with TRUTH and LOGIC seeking to learn and follow the lead of the opposing counsel who now levy personal attacks claiming Mister Nelson is delaying the proceedings, when in FACT, it is opposing counsel who treated the Rule 26(F) conference as a perfunctory "drive-by" event

---

refusing to invest the time and attention to conduct the Rule 26(f) conference according to the Local Rules and Federal Rules of Civil Procedure.

7. Likewise it is opposing counsel and UCMK and KOEHN etAl. who seek, as no party should ever use delay tactics in the litigation. The statements by opposing counsel attacking the pro se, proletarian, pedestrian, simpleton, peon Mister Nelson, are like the kettle calling the pot black! **It is KOEHN who waited til the 11th hour the day before the Rule 26(f) report was due to file for an ex parte motion neither conferring nor even sending a copy of the motion to the pro se, peon Mister Nelson, AND then after the delay tactic of the ex parte, non-compliant motion for extension of time to file a report of the parties Rule 26(f) conference was denied**, **<u>rather than appeal, it is KOEHN who hauled off and went OFF THE RAILS, attacking the honor and integrity of the presiding Jurist a Federal Magistrate, demanding recusal,</u>** based on having the motion for an extension of time denied, when in fact the motion was neither discussed with nor even provided to the pro se, pedestrian, proletarian, Mister Nelson. It most certainly is KOEHN who seeks to use unjustified delay tactics to delay the proceedings and has since inception of the SLAPP (Strategic Lawsuit Against Public Participation) sought to unfairly burden the parties, the Court and the public at large through shenanigans both at bar and extra judicially to unjustly delay the proceedings.

8. Opposing counsel goes on to directly attack the pro se, proletarian, peon Mister Nelson stating: "Previously, Mr. Nelson has taken the position that he receives

hundreds of thousands of junk emails at his email address". This is a TRUE statement
as Mister Nelson has been under constant extra judicial attack most likely by the
culprit Mister Craig Alan Brand and his army of techno minions for many months
including even before Craig Alan Brand reared his head in the matter at bar through
his **"playing fast and loose"** with an affidavit he filed in document 24-1.


9. Next, Opposing Counsel goes on to directly attack the pedestrian, proletarian Mister
Nelson by stating: "and later says that the reason why he has not registered as a filing
user with the Court is because Attorney Brand has not been disqualified from the
case." **THIS STATEMENT has NEVER been proffered by Mister Nelson.**
KOEHN's direct attacks in writing in the filing of document 145, is untenable,
intolerable and actionable! This is a false statement and must be held to account via
additional filings under Rule 83.6.1 and with procedures under Rule 83.6.3 of this
Court and to the bar associations and/or Supreme Courts which govern the actions of
attorneys appearing at bar. There is no question that the statement as written are the
words of CRAIG ALAN BRAND! BOTH Brand and attorney Christopher Jon
Kellogg who signed the words of Craig Alan Brand in document 145 and that of
KOEHN must be held accountable by every authority over their conduct both within
the US District of Kansas under Court Rules 83.6.1 and under the Kansas Supreme
Court. KOEHN cannot make statements which are utterly UNTRUE, it is passing
FALSE statements before a Court and on the Record. Perhaps if not for Craig Alan
Brand's MISCONDUCT in the false emailing attempting to mislead and commit fraud
against the Chambers of the presiding Federal Judge Birzer and that of the person of

Mister Nelson, then with specialized Orders Mister Nelson being able to participate in electronic service could have been a possibility.  However, here as the Court, the Public, the news media and certain KOEHN know it is Craig Alan Brand's purposeful, willful, shameful, knowing, MISCONDUCT which makes all parties apprehensive of email communications or electronic service.   The disqualification of Craig Alan Brand is directed squarely at Mister Brand's multitude of conflicting interests and in ability to effectively represent adverse parties and be a witness himself in the matter at bar.

10. KOEHN goes on the personal attack to continue with stating:  "Either way, the issue does not support an objection by Mr. Nelson to the Notice of Service of Discovery Requests."  The document 145 an supposed objection to Document 138**, though does not speak to nor address a single OBJECTION stated in document 138.**

11. The objection filed takes personal attack regarding the obvious and evident to the reasoned mind extra judicial attacks which the pro se, pedestrian, proletarian, peon Mister Nelson has been made to endure through the army of techno minions of Craig Alan Brand and the personal email attacks levied making the email of Mister Nelson near unusable.

12. **Then it is Mister Craig Alan Brand who has deliberately used DECEPTION** and misleading of the Chambers of Judge Birzer and that of Mister Nelson to MISUSE email to attack and attempt to cause a violation of another courts orders see

---

**documents 52 and 57.**   CRAIG ALAN BRAND's MISCONDUCT at bar is

actionable and certainly in violation of the OATH of Attorneys and BOTH a violation

to the Kansas State Rules of Professional Conduct and the Court Rules under Rule

83.6.1 without limitation.

13. THE Fact is Federal Rules of Civil Procedure dictate how service of process is to be

completed with regards to service of documents, is the crutch of the OBJECTION in

document 138, as to the OBJECTION of document 128.  The personal attack levied

here by KOEHN, in document 145, cements in the mind of Mister Nelson and his

advisors that Mister Nelson will NEVER consent to any form of electronic service, as

Mister Nelson NEVER has to this date, NEVER consented and now NEVER will.

Which **appears to be the objective of the filing in document 145 which this**

**OBJECTION is directed to, the MISUSE and continued MISCONDUCT of**

**attorneys representing KOEHN cannot escape the attention of the Court.**

14. The fact that document 145, claims it is an objection to document 138, an objection to

document 128, demonstrates clearly the extent that **KOEHN will go to in order to**

**LIE and commit FRAUD and DECEPTION against the Court.**

15. Document 138, speaks not at all to the **DECEPTION of Craig Alan Brand in his**

**misuse of email as complained of in documents 52 and 57.**

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
**OBJECTION to Document 145 filed by UCMK and Chad Mitchell Koehn**

7

16. **Document 138 clearly objects to the FALSE swearing and FALSE certifications made by purported attorneys Christopher Jon Kellogg and Larry Gene Michel, in numerous filings to the Court.** Document 138 mentions nothing regarding Craig Alan Brand's DECEPTION as articulated in documents 52 and 57! ONLY place in document 138 which references CRAIG ALAN BRAND, known more commonly by the Courts, and law enforcement as the "PARTNER in DECEPTION" as articulated FACT to the Court in arrest affidavits of Craig Alan Brands law partner, in his disbarment, is in the reprint of part of the email communication with Christopher Jon Kellogg, wherein is the ONLY place in document 138 which CRAIG ALAN BRAND's name appears:

   a. "Not only does Christopher J. Kellogg file the materially false and misleading filing of "Notice of Service of Discovery Requests" on 4 August 2022, marked now document number 128, but also on 4 August 2022, Nelson, appearing pro se filed a formal kindly written letter via email to the email address for Mister Kellogg, **imploring Mister Christopher J. Kellogg to follow the RULES and the ORDERS of the Court**. In part that communication to Christopher J. Kellogg read":

      i. "**Mister Kellogg you are an EagleScout,** as such like myself we must hold each other to a higher standard of conduct in society. You are already held to a higher standard of conduct as your profession, what you profess to do in society is to be a lawyer or attorney, as such you took an OATH, you practice your profession pursuant with that OATH, which is in addition to your BoyScout OATH and our BoyScout LAW. **I do not understand why you continue to purposefully violate the orders of the Court, purposefully violate my rights**

---

under the Federal Rules of Civil Procedure, violate my rights to due process, violate my rights under Local Rules, and certainly violate the Pillars of Professionalism. I am imploring you and beggin you to be an honorable man, according to all things you have sworn an oath upon, I am not as of this date filing against you to the disciplinary counsel for the Federal Bar, though I have been advised I should, and advised that not doing so instanter is allowing you to trample upon the integrity of the American Judicial System, allowing you to be corrupted by Craig Brand whom is behind every motion and dirty legal tactic and trick you are playing. I was told you must be brought before the disciplinary counsel to prevent a miscarriage of Justice, I spoke up for you and said you had the upbringing of an honorable person as an Eagle Scout, and you have recently lost your father, a well known mediator in Kansas, you just need to rethink what you are doing and make the corrective actions which I am certain your father would expect of you in being honorable to the profession to which you profess to do your duty to G-d and our Country, inaccordance with our Scout Law and Oath and the Oaths you have taken as a legal professional.

I am begging you to do the right thing and not force me to go to the disciplinary counsel and procedures of the Federal Court, or that of the Kansas Supreme Court. You are an attorney, you are an Eagle Scout, please Mister Kellogg rise to the occasion to be the better man, refuse to file pleadings you know are wrong, refuse to violate the laws, refuse to compromise your personal integrity at the hand and pressures of Craig Brand. I know and you know Craig Alan Brand is writing the documents you are submitting to the Court, but when you affix your signature to those documents you are in effect signing those documents as your own

---

words, all the typos and erroneous statements, violations to the Rules of Professional Conduct and violations of the Federal Rules of Civil Procedure and direct violations of the Standing Orders of the Court are your acts, not Brand's as you will take the punishments and take the responsibility for each and every filing.

**PLEASE do not force me to seek redress by filing a complaint to the disciplinary counsel office for the Federal Court,** such a filing will be drafted by attorneys and not be one you will escape severe consequences given what you have already done to date. I would take no joy or pleasure in having to do that simply to get you to follow the Court's orders and the rules of your profession, your a better man than this, please I beg you to stand up and refuse continual violations of the rules. The Pillars of Professionalism do not provide any substance of protection to me as they are only directed to attorneys, none-the-less I as I am unprofessional in everything I do at bar, because this is not what I profess to do and am forced by circumstance or happenstance into the position where I must attempt to defend the onslaught of legal entanglements orchestrated by Brand. **I am trying to implore you to act in the manner which your position and profession so requires of you, PLEASE I beg you not to continue to walk the path Mister Brand is forcing you down,** as **I do not want to take the advice I was given to file multiple serious career altering complaints against you a fellow Eagle Scout.**

When might be a good time we can confer via phone?
Respectfully Yours,
Michael Nelson
Pro Se"

---------------------------------------------------------------------------------------------------------------------------
**OBJECTION to Document 145 filed by UCMK and Chad Mitchell Koehn**

17. **NO WHERE in Document number 138, does Mister Craig Alan Brand's name come up except within the excerpt of the letter to Mister Christopher Jon Kellogg**, imploring Mister Kellogg NOT to violate the RULES, or LAWS, or his OATH, or the Procedures of the Court.  Mister Kellogg was BEGGED **to follow the Rules, to follow the ORDERS of the COURT**.

18. Kellogg having been warned orally, and then in writing a multitude of times, refused to comply with following the RULES, the ORDERS of the Court, the Pillars of Professionalism, the Federal Rules of Civil Procedure and Local Rules and now before the Kansas Supreme Court, the Federal Court Disciplinary Counsel and the world wide news media sits a formal complaint against Mister Christopher Jon Kellogg.

19.  ONLY after he, Christopher J. Kellogg, was warned orally during conference, and in writing numerous times, including both in email correspondence and in pleadings before the Court on the Court docket and record of these proceedings, has now a formal complaint been tendered with additional formal complaints now being drafted, in accordance with the Rules of the Court and the Rules of Professional Conduct.

20.  **Mister Chirstopher Jon Kellogg REFUSED to obey the Court's Orders, his OATH, he violated his principles, he violated the Federal Rules of Civil Procedure and the Local Rules of the Court ad nauseam and after multiple attempts over weeks and months of BEGGING Mister Kellogg to follow the**

---

**OBJECTION to Document 145 filed by UCMK and Chad Mitchell Koehn**

**LAW, ORDERS, CODES, RULES, STATUTES and LAWS, left with no other**

options a multitude of formal complaints have been issued and a many multitude of

domestic and foreign news media have reported and are preparing reports regarding

the BAD CONDUCT, rising to the most serious MISCONDUCT in violation and

direct contravention of the ORDERS of the Court, the RULES of the Court, the

Federal RULES of Civil Procedure, the Rules of Professional Conduct, and the Pillars

of Professionalism, committed repeatedly and repetitively, so persistently as to

demonstrate clearly that Mister Christopher Jon Kellogg believes he to be above the

Orders of the Judge, above the Rules which govern the Court, above acting honestly

within integrity in the proceedings at bar.

21. NO WHERE in Document 138, except in the reprinted excerpt of the letter to Mister

Christopher Jon Kellogg does Mister Craig Alan Brand's name appear, nor are there

any excuses as to Craig Alan Brand's MISCONDUCT, he himself committed

purposefully, knowingly, wrongfully and intentionally before the Court as complained

in documents 52 and 57 referenced in document 145, by KOEHN.

22. KOEHN goes on in his document 145 to state: *"Either way, the issue does not

support an objection by Mr. Nelson to the Notice of Service of Discovery Requests."*

This has NOTHING to do with the OBJECTION in document 138! KOEHN

misquotes and attempts as always to misdirect the Court and the Courts resources from

the issues which were discussed in document 138. The filing of document 145 seeks

---

**OBJECTION to Document 145 filed by UCMK and Chad Mitchell Koehn**

to make claims which are not present in document 138, and is shameful, heinous, dangerous and certainly demonstrates bad character and bad conduct by an attorney appearing at bar in the matter currently before the bar here in the **US District of Kansas Federal Court, as such it is certain wanton purposeful intentional MISCONDUCT, the purported attorney** signing document 145 is none other than Christopher Jon Kellogg Bar #21651

23. This document OBJECTS with the STRONGEST OBJECTION possible to the FALSE ASSERTIONS of KOEHN in document 145. The False Assertions of KOEHN in document 145, has now sealed for eternity the FACT Mister Nelson shall NEVER consent EVER, to electronic service of process as envisioned by the Procedures of the Court in Federal Rules of Civil Procedure Rule 5(b), because document 145 by Koehn is an attempt to make it Mister Nelson's fault that Kellogg and Michel have committed FALSE swearing and filed FALSE certifications to the Court records. Mister Nelson is not at fault here at all.

24. The statements of KOEHN in document 145 are unconscionable although signed as if written as the author and the signature of purported attorney Christopher Jon Kellogg and will be complained of to disciplinary counsel, under Rule 83.6.1 and according to procedures 83.6.3, and to the Kansas Supreme Court, the American Bar Association and every news media personality and reporter who will listen, though most likely the

---

words and sentence structure are that of CRAIG ALAN BRAND the known "Partner

in DECEPTION" as repeatedly stated by law enforcement and the Courts.


**WHEREFORE,** Mister Nelson respectfully prays that this Honorable United States FEDERAL

District Court will refer Mister Christopher Jon Kellogg to the Disciplinary Counsel for prosecution

of the LIES and personal attacks levied in document 145, which find no place in truth as to document

138, and are in direct contravention of standing orders of this Court, the objections are unfounded and

are certainly actionable under the Rules of this Court under Rule 83.6.1  Demonstrating clear

violations by Christopher Jon Kellogg to the prescribed OATH which Mister Christopher Jon Kellogg

took to appear and speak on the behalf of others in this Court.

The objections and statements by Kellogg are FALSE they are contemptuous, shameful, and

wrongful.  Further Mister Nelson requests this Court to award damages and costs in having to

respond to the frivolous, shameful, wrongful, not based at all in reality of the FACTS and thus

FRAUD upon the Court by Christopher Jon Kellogg in his filing of document 145.

Additionally, since Kellogg has filed discovery questions under Rule 33 to the Court docket,

and thus has made public those queries as propounded by UCMK and KOEHN that the Court now

begin the clock of time to respond, beginning 25 August 2022, when Mister Nelson received a copy

of Mister Kellogg's filing of document 145.  Since the UPS (United Parcel Service) is

non-conforming to the ORDERS of the COURT and in direct CONTRAVENTION of the Courts

Orders filing of the discovery propounded by Kellogg on behalf of KOEHN and UCMK the UPS

documents were so illegible Mister Nelson could not have been expected to know they were

discovery documents.  The time to respond to the interrogatories propounded under Rule 33 should

---

not begin until 25 August 2022, providing that Mister Nelson so respond by or on 25 September 2022.  Especially given the fact the UPS (United Parcel Service) package contained illegible pile of papers and many blank pages, therefore Mister Nelson now has these discovery requests as per the filing in document 145, as of 25 August 2022, and therefore shall seek to respond on or before 25 September 2022, upon which a response shall include request for a protective order on certain answers and shall have assertion of fifth amendment privilege on a host of other irrelevant and off topic requests made under Rule 33 in the non-conforming filing as attached to docuemnt 145 as Exhibit "A".

Additionally Mister Nelson looking towards the bar licensed and Court approved and stated as "Officers of the Court", Mister Kellogg etAl. Having now propounded discovery into the Federal Docket and the Federal Record, Mister Nelson shall in turn do the same as to all requests for production, inspection, admission and interrogatories under all Rules of the Court, without limitation as Mister Nelson a pro se, proletarian, pedestrian, peon has only the "Court Officers" as licensed professionals before the Court to look to as to what is correct and proper procedure in the US District of Kansas Federal Court.

Though Mister Nelson shall also propose all discovery requests herein to the public Court Record of this Federal Litigation, as to follow suit and the lead of those persons so licensed before the Court as Christopher Jon Kellogg has filed to the Court record and docket the discovery he proposes and so requests under Rule 33, therefore what is "good for the goose is good for the gander" all requests for admission, production, interrogatories all shall be filed by the PRO SE Mister Nelson in accordance with the same actions as those taken by KOEHN in so propounding discovery and entering it upon the Court Records and docket.

---

Those filings made squarely under Rule 34 in the Early Rule 34 requests for production made by Mister Nelson were also ipso facto provided into the Court docket and record of the proceedings by way of live hyperlink to the document containing in part those Early Rule 34 requests and the seven available download formats so therein propounded, that filing was also made by Christopher Jon Kellogg as to making and thus causing the requests of Nelson in the Early Rule 34 requests so propounded in accordance with FRCP Rule 26(d)(2), to be filed to the Court Record, therefore all other requests and responses to those requests must therefore and herein forth forever more be also provided in the public court record as the rules so dictate according to the actions of Christopher Jon Kellogg in his actions relating to early Rule 34 requests made by Nelson and those Rule 33 requests which Kellogg now makes on behalf of Koehn and UCMK are now also within the public court docket and record of these proceedings.

Those requests already made under Rule 34 made in accordance with 26(d)(2) and appealed thereunder are considered late in providing as of 26 August 2022, as previously so pleaded to the Court. Kellogg on behalf of UCMK and KOEHN has already so entered upon the record those early Rule 34 requests as propounded by Nelson, as stated herein above. Therefore Nelson so requests that this Court enter Order that ALL discovery and all answers as well as all deposition transcripts and those court hearing transcripts already taken in the parallel criminal matters be entered upon the public record in order to materially follow suit with the actions already taken by KOEHN, by and through those multiple actions made voluntarily by Christopher Jon Kellogg on behalf of both KOEHN and UCMK.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S.* "pro se … however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so **construed as to do substantial justice"**). "filings generously and with the leniency due pro se litigants", *see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).*

Respectfully Submitted, this 29th day of August 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

---------------------------------------------------------------------------------------------------------------------------

**OBJECTION to Document 145 filed by UCMK and Chad Mitchell Koehn**

**Certificate of Service as to:**

The undersigned hereby certifies that, on this same date, I filed the **above OBJECTION** with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, for the opposing parties as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order of Saline County Court Judge Paul J. Hickman, expect wherein permitted by law wherein Chad Mitchell Koehn is the subject of a Federal Subpoena or other Legal Notice permitted by law to be so noticed upon Chad Mitchell Koehn.

Respectfully Submitted, this 29th day of August 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

---------------------------------------------------------------------------------------------------------------------------------

**OBJECTION to Document 145 filed by UCMK and Chad Mitchell Koehn**

18