# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc.** <br><br> # & CHAD M. KOEHN <br><br><br> Plaintiffs, counter-defendants <br><br> v. <br><br> Michael Nelson <br><br> Defendant; Counter-Plaintiff     PRO-Se. | **DOCKET NO.:     5:22-CV-04008-JWB-GEB** <br> <u>**CIVIL ACTION**</u> <br><br><br> **OBJECTION to Document 146 and** <br><br> **reply response in opposition to** <br><br> **objections in Document 146** <br><br> **[Jury Trial Demanded]** |

<u>Counter-Plaintiff / Defendant ("Nelson"), makes "LIMITED APPEARANCE"</u> to file

**OBJECTION to Document 146 and reply response in opposition to objections in**

**Document 146, and does so state and allege as follows in response to United Capital**

**Management of Kansas Inc. (UCMK) and Chad M. Koehn ("Koehn") and their**

**attorneys, all collectively referred to as "Koehn":**

1. KOEHN objection in Document 146, is neither grounded in reality nor has a foundation of law, their objection like many if not most of their filings is nothing more than a series of personal attacks against the pro se opposing party.

2. There appears no difference between Orders in 122 and 124, the attempts by Counsel to draw a difference between documents 122 and 124, is lost on any reader, even reading broadly as to what it is Koehn now complains/objects.

3. Documents 124 is a docket annotation of the document 122, the attempt by KOEHN here in document 146 to attempt to confuse the Court as to its own documents is OUTRAGEOUS attempt at deliberately confusing the issues and the nature of the dutiful, logical, well laid legal foundation appeal of document 122, made by Nelson; whether or not KOEHN now wants to call them to different documents should not be of consequence to the APPEAL so filed under Rule 72, as both Documents 122 and 124 are the SAME.

4. There appear no differences between documents 122 and 124, the fact KOEHN consistently attempts to say they are two entirely different documents is OUTRAGEOUS and must be dealt with prior to this matter proceeding further.

5. The fact that Mister **Craig Alan Brand's outrageous MISCONDUCT**, at bar and extra judicially has caused much consternation and continued difficulties for the Court, the parties and obviously is terribly costly for the public at large, is a fair and direct point of appeal. **IF not for Brand's deliberate acts of MISCONDUCT** this matter would be able to proceed much more smoothly and if not for Christopher Jon Kellogg's following the leadership of Craig Alan Brand, and purposefully filing false certifications and certificates in the filings that he Christopher Jon Kellogg signs and so affixes his name and bar number to then this matter would have much less consternation.

6.  The fact that Christopher Jon Kellogg's outrageous and purposeful, wrongful conduct has given rise to bad behavior so egregious as having now required a formal complaint filed under the Court Procedures under RULE 83.6.3 as to Kellogg's bad conduct rising to MISCONDUCT in violation of Rule 83.6.1 and the very OATH which Kellogg has taken to appear in the US District of Kansas, demonstrates clearly for the Court what sort of incredibly serious MISCONDUCT in violation of the Federal and Local Rules of Procedure, in direct contravention of standing Orders of the Court, in direct contravention of the Kansas Rules of Professional Conduct have been committed ad nauseum by Christopher Jon Kellogg.

7.  The blatant attack on Mister Nelson appearing pro se out of necessity for lack of resources and money, in part due to the investment fraud perpetrated by KOEHN, should not be constantly used as a weapon against Mister Nelson, for having the need to appear on his own behalf, especially wherein Mister Nelson has been attacked through the orchestration of many multitude of simultaneously legal entanglements, created by non-other-than the man the Courts and Law Enforcement refer as "the PARTNER in DECEPTION" Craig Alan Brand.  If not for the simultaneous legal entanglements Mister Nelson might have been able to secure an attorney in this matter, yet because this matter has continued rather than being stayed in light of simultaneous and directly parallel hereto Criminal proceedings means Mister Nelson must represent his own interests here having not the deep pockets of the ultra wealthy

KOEHN and his many legions of attorneys from now nearly half a dozen law firms who constantly are berating Mister Nelson's feeble attempts to have some basic due process rights, and be so protected against the outrageous egregious MISCONDUCT of Brand, Kellogg and Michel.

## RESPONSE to "ARGUMENT" presented by KOEHN

8. KOEHN fails to make any logical argument in support of the faulty legal foundation "copy and paste" legal arguments, which both the pro se party and the Court have seen before in the woefully deficient and repetitive copy and paste legal arguments of KOEHN.

9. The fact that Mister Nelson, the defendant and counter-plaintiff has filed a number of documents in the matter, is irrelevant to the Appeal under Rule 72 as made regarding document 122 and/or 124 (which is IDENTICAL to Document 122).

10. Mister Nelson proceeding pro se, is defending against a frivolous incongruous SLAPP (Strategic Lawsuit Against Public Participation) petition, filed by Koehn. The fact the petition contained a KNOWN racial SLUR and took the COURT and the patience of Mister Nelson and the public at large a few days short of QUARTER of a YEAR, in order to have the RACIAL SLUR removed from the Petition demonstrates Mister Nelson's willingness and patience with

the difficulties and purposeful attempts at delaying and making the proceedings costly, unjust and anything but speedy, through the actions of KOEHN.

11. Whilst Mister Nelson pushed to REMOVE a known RACIAL SLUR from a legal document, Mister Nelson has had the need to constantly demand the basic semblance of fairness in the proceedings and the basics of DUE PROCESS, whereas the **"officers of the Court" licensed attorneys have committed grave egregious MISCONDUCT** before the Court. The MISCONDUCT committed repetitively by attorneys of Koehn, in filings of KOEHN and have cost the parties incredible consternation as Mister Nelson struggles to achieve any basic semblance of DUE PROCESS rights which are constantly stripped illegally from him, through the bad conduct and certain MISCONDUCT of the very persons who are identified by the Court as the "Officers of the Court" specifically pro hac vice purported still licensed lawyer Craig Alan Brand, purported Kansas attorney Christopher Jon Kellogg, and of course the SLAPP petition replete with racial slur, author Larry Gene Michel continue to act against the interests of Justice and in violation of the Rules both Federal and Local and against the tenants of the Kansas Rules of Professional Conduct.

12. IF NOT for the bad conduct, bad faith actions and **certain MISCONDUCT** of the attorneys for KOEHN this case would have required very few filings. Instead since inception Larry Michel, neither moved on his own accord nor offered even an apology nor any movement to remove the RACIAL SLUR

from the pleadings, he instead VIOLATED the Federal Rules of Civil Procedure under Rule 7.1 ad nauseam in repeated woefully deficient filings, he attacked the pro se opposing party in every filing, he immediately sought to make filings to the Court and neither NOTICE nor provide copies of the filings he made to the Court to the opposing party. Larry G. Michel has continued with the same strategy for more than HALF a YEAR, to deny all basic DUE PROCESS rights of the opposing party, then he has instructed Christopher Jon Kellogg a bankruptcy specialist who proffered multitudes of unsolicited legal advice to the opposing party, confusing the Court, opposing party who is pro se and certainly the public at large as to who he owes fiduciary responsibility. IF not for Christopher Jon Kellogg's willful, wanton, purposeful, intentional MISCONDUCT at bar it would be difficult to ascertain which side he is actually working for.

13. Mister Nelson has made no attacks on KOEHN nor counsel for KOEHN, it is not an attack by stating a statement of FACT, that the highest ranking law enforcement in the State of Florida, where Mister Craig Alan Brand derives his law license, if still in fact active or still in fact granted by the State of Florida, wherein the Florida Department of Law Enforcement known as FDLE, in arrest affidavits of Criag Alan Brand's law partner, who was subsequently DISBARRED from the practice of law, that Craig Alan Brand was "branded" pun unintended, the "PARTNER in DECEPTION". That is not an attack of Mister Craig Alan Brand, it is a fact that the FDLE, and the Courts and Federal

Law enforcement have followed suit in referring to Craig Alan Brand as the "partner in deception". Certainly Craig Alan Brand has proven his well practiced art of DECEPTION through his misleading of the Chambers of Federal Judge Birzer and the opposing party as to origin of emails as complained so in documents 52 and 57 of this matter.

14. The fact that through Craig Alan Brand the lawyers for KOEHN having sponsored Brand have taken the lead of Brand and as Brand has orchestrated, the **horrific MISCONDUCT committed ad nauseam** by Larry G. Michel and Christopher J. Kellogg has been repeatedly complained of and for good reason, considering both have conspired to deprive the opposing party of fundamental fairness and DUE PROCESS rights by constant willful, purposeful, wrongful, knowingly LYING passing false certifications and certificates before the Court in violation of the Courts Rules under 83.6.1, constant purposeful violations to the Rules of Professional Conduct as adopted by this Court and the Kansas Supreme Court, constantly woefully violating the rights of the parties, the court and the public by not adhering to the RULES as embodied within the Federal Rules of Civil Procedure nor the Local Rules of the Court and though having repeatedly been told that the Court covets the "Pillars of Professionalism" Michel and Kellogg repeatedly with purposeful intent have violated nearly every single "Pillar" of Professionalism as stated in the Pillars of Professionalism.

15. Mister Nelson by dutifully pointing out the violations of the RULES, both
Federal and Local, and the constant violations of the Rules of Professional
Conduct as adopted by the Kansas Supreme Court and this very Court the US
District of Kansas Federal Court through its own rules has therefore adopted the
Kansas Rules of Professional Conduct as adopted by the Kansas Supreme Court
is NOT Mister Nelson attacking the counsel for KOEHN nor pro hac vice
"partner in deception" Craig Alan Brand, rather as Mister Nelson's rights and
due process rights are constantly eroded Mister Nelson has stood his ground
and demanded the semblance of fairness in the litigation, for example having
the RIGHT to receive notice and copies of what opposing counsel files to the
Court to be also provided oppposing party, to do otherwise as has been
constantly, repeatedly and repetitively done by Michel and Kellogg even in
direct contravention and defiance of Standing ORDERS of the Court for which
they have been commanded to follow the Federal Rules of Civil Procedure and
Commanded by the Court via lawful Orders of the Court to provide copies of
what they file to the Court to the opposing party, BOTH Kellogg and Michel
REFUSE to OBEY the ORDERS of the Court, operating in direct contravention
of BOTH the ORDERS of the Court and the Federal Rules of Civil Procedure.

16. The pro se opposing party has the RIGHT and duty as a member of the public
to "NOTICE" the Court when the actions, behavior and certain MISCONDUCT
before the Court is so egregious as it is here, to taint the merits of the cause and
creates such an imbalance in the administration of justice as to taint the work of

the Court in the eyes of the public at large, as in this case the continued

misconduct of Kellogg and his cohorts.   Mister Kellogg's communication to

the presiding Judge in attempts to have "Notice" recharacterized as "motion" or

attempts to have OBJECTIONS recharacterized as "responses" is further

evidence of Kellogg's constant twisting of words and his contemptuous

MISCONDUCT before the Court, which taints the entire cause before the Court

in the eyes of all reasonable persons who view such Misconduct.  Citing again

*BARBARA BALFOUR, et al., v. MEDICALODGES, INC., No.*

*05-2086-KHV-DJW*   "In addition, a complaint may be filed with the Kansas

Disciplinary Administrator. The Kansas Supreme Court has ruled that the

Disciplinary Administrator has jurisdiction to hear allegations that an attorney

has violated the Kansas Rules of Professional Conduct in conjunction with a

case filed in the United States District Court for the District of Kansas." *In the*

*Matter of Kris Lynn Arnold, 274 Kan. 761, 762, 56 P.3d 259 (2002)*


17. Mister Kellogg has still yet to respond, to Mister Nelson's request to discuss

and confer on discovery related issues, including issues which have arisen

under the Walsh Act, and those issues with providing for discovery related

communications to Kellogg and his cohorts, given the fact all the addresses

which Kellogg uses and those cited by Kellogg for witnesses are addresses part

of protective orders erroneously filed to prevent Mister Nelson from conducting

any meaningful discovery, as a result Mister Nelson must file the complete case

record here in numerous other District Courts both in and without the 10th

Circuit in order to have interrogatories and other subpoenas issued in each of those other US Districts providing in advance copies of the same, subpoenas to Mister Kellogg and his cohorts.  As well as Mister Nelson will seek to use the discovery gathered in other cases and the depositions, interrogatories and case files already existing in other cases involving UCMK and Chad Mitchell Koehn for use here in this matter through the discovery processes.   Certainly Kellogg's MISCONDUCT continues where Kellogg has refused any reply and refuses to address the discovery related issues requiring now a series of objections.  Whereas Kellogg refuses any communication other than the misplaced email he makes to Judge Birzer to recharacterize "Notice" under Rule 83.6.1 or his shameful, heinous, contemptuous attempts to have the Court dispense with the established Court procedures under Rule 83.6.3 as the Court is required to follow in cases of MISCONDUCT.   As Kellogg has before him an established pattern where Kellogg has been successful with his sponsorship of pro hac vice attorney Craig Alan Brand, in forcing the Court to dispense with the Court procedures, to dispense with the Court's Rules, and to change and bend the same to the will of Craig Alan Brand, this established pattern is exactly what Mister Kellogg now seeks in his email to Judge Birzer.  Kellogg seeks to have Judge Birzer overrule the Court procedures under Rule 83.6.3 and to dispense with the Rules of the Court under Rule 83.6.1 and those under 83.6.2 in lieu of calling "Notice" a "motion" and summarily denying Mister Nelson and the public at large the ability to follow the Rules and Procedures as provided for under Court Rule 83.6.3

18. Certainly the email to Judge Birzer is not an attempt by Christopher J. Kellogg to respond to the email to confer regarding the discovery issues, including the Walsh Act, and to allow Mister Nelson to propound discovery, as it is evident Mister Kellogg's intention is to have Mister Nelson violated for any attempts at propound discovery to any address listed for Kellogg or that of the noticed witnesses provided in Kellogg's initial disclosures, all of whom are listed at addresses which Mister Nelson cannot propound discovery, thereby creating a situation where Mister Nelson must seek Federal subpoenas having those subpoena entered to the Court record to simply notice Mister Kellogg and then have those subpoenas entered to each US District Court where the persons to be subpoenaed or documents to be produced are believed to be located. The fact Mister Kellogg refuses to confer and has previously entered a FALSEHOOD upon the Court record in document 140, falsely certifying an attempt at conferral by Craig Alan Brand regarding the filing of the non-compliant motion in document 140, demonstrates clearly where Mister Kellogg has no intention of conferral with Mister Nelson as required under the rules. This leaves Mister Nelson with no options other than the filing of new litigation and filing of objections and notice to the Court together with review of the ethics and moral actions of Kellogg and his cohorts and the filing of Notice of violations to Rule 83.6.1 and the filing of procedural complaints in accordance with Rule 83.6.3

19. Simply because Larry Michel's fraud upon the Court in filing of document 24 a motion, has escaped judicial review and that the affidavit of Criag Alan Brand in document 24-1 has also escaped judicial review, has now provided the groundwork which Mister Kellogg rests upon seeking that the Court should do as it has, dispensing with the procedures required for Mister Craig Alan Brand's appearance before the Court, relying not upon the perjury in document 24-1, nor the procedures requiring the affidavit on the form prescribed by the Rules, allowing Mister Brand to propound a certificate of good standing in lieu of following the procedures of the Court.  Now Kellogg seeks to have the Court dispense with all other procedures and Rules by recharacterizing "notice" as motion, and objections as responses, and generally dispense with all rules and procedures of the Court, in lieu of whatever procedures and rules which Kellogg is unilaterally thinking should be followed.  Kellogg has demonstrated clearly that he need not follow any orders of the Court and can ignore instructions of the Court, that Kellogg can file woefully deficient motions filing 17 pages where 10 pages are authorized.  That Kellogg need not return emails regarding conferral.  That Kellogg can claim conferral and file FALSEHOODS to the Court claiming attempts at conferral where no attempts could ever have been made.   Now Kellogg seeks upon the groundwork laid for the Court to once again dispense with its procedures under Rule 83.6.3 and recharacterize a Notice as a motion and summarily deny Mister Nelson any protections under law.

20. There can be no doubt that KOEHN has used DECEPTIVE means as an argument which is not founded in law nor the facts of the matter.  The fact that a Rule 34 early request was propounded correctly and properly and the fact that Christopher Kellogg did so propound the precise contents of that Early Rule 34 request made squarely within the meaning of Rule 26(d)(2) then enter the "PARTNER IN DECEPTION", CRAIG ALAN BRAND who claimed to the Federal Magistrate, that he is unable to retrieve any document from Google, as he, Brand told the Court, "I (BRAND) cannot access PDF files cause Mister Nelson uses GOOGLE, and my (BRAND) security settings are such I cannot use anything related to GOOGLE", for this is the reason that the Federal Magistrate has erred in now claiming that Mister Nelson must regain propound discovery that has been in the possession of KOEHN for many months!  Mister Nelson demurs to the later date of 26 July 2022 yet the early Rule 34 requests were in the possession of KOEHN long before that date, now the Federal Magistrate has certainly erred in attempting as no Judge should to BLEED a pro se party of any financial resource available forcing a pro se party who is impoverished to continually re-propound the same requests OVER and OVER and OVER again.  This is the very definition of ERROR and it is PLAIN error in Law.

21. The Appeal made of document 122 which is IDENTICAL to document 124, though KOEHN attempts to claim they are different in an art of DECEPTION against the Court, against the parties, against the interests of Justice, and against

the Public at Large which largely must foot the bill for the deliberate DECEPTION of KOEHN's attorneys.

22. Mister Nelson prepared for the Rule 26(f) conferences even creating ahead of the conferences agenda's, numerous briefs, incorporating the created, curated and promulgated guidelines of the Court into briefs and sending them weeks to a month prior to the Rule 26(f) conference which Kellogg on behalf of KOEHN treated the Rule 26(f) conference as a perfunctory drive-by event, in direct CONTRAVENTION to the Federal Rules of Civil Procedure and the Order of the Court.

23. Mister Nelson has since the inception of the removal action sought to lessen the burdens upon the parties, the public and the Courts, conversely at every turn it is KOEHN who uses and misuses the pleadings and superior knowledge of the Court through the nearly half dozen attorneys from 4 to 5 law firms now appearing as the legions of attorneys for KOEHN, who have turned the entire proceedings into another one of Craig Alan Brand's "circus acts", as Craig Alan Brand's long and storied history goes in the cases which he has appeared in the Federal Courts in the United States. The continued bad conduct and certain MISCONDUCT under the Rules and laws before the Court are being orchestrated by Craig Alan Brand and are against the interests of justice.

      **WHEREFORE, Mister Nelson** prays this Honorable US Federal District Court, will reject the misconduct of Koehn in Document 146, and reject the copy and pasted so-called legal argument, and review the Objections and Request for Review under the Appeal so made under Rule 72 regarding the Scheduling Order, doing so as a De Novo review in accordance with the procedures as laid out by the Judicial Conference and case law.

      The District Court can and should immediately move this matter towards resolution by issuing decisions on the pending motions and applications, taking into account the appeals made under Rule 72 as to the scheduling Order and prevent manifest injustice and prevent necessitating of further appeals to the 10th Circuit Court of Appeals under collateral order doctrine and prevent plain error as has now occurred in the matter at bar.  Absent immediate ruling on pending issues, additional plain error and irreversible error will occur tainting the underlying merits of the causes before the Court.  Wherein especially the purported attorneys appearing at bar on behalf of KOEHN have exercised poor judgment and certain bad conduct giving rise to MISCONDUCT which threatens the integrity of the Court and the very cause of the actions now before the Court.   This Honorable United States District Court for the District of Kansas should reject the objections made by Koehn in document 146, and review DE NOVO the scheduling order for both the plain errors and irreversible errors.  Especially wherein Christopher Jon Kellogg's certain MISCONDUCT in violation of everything it means to be an attorney, violating his OATH, violating the Kansas Rules of Professional Conduct, violating the Federal Rules of Civil Procedure and Local Rules of this Court including without limitation those embodied under Rule 83.6.1 demonstrates clearly where Kellogg has also violated the Pillars of Professionalism.  Due to Kellogg's MISCONDUCT the parties and especially Mister Nelson have been deprived of discussion on the Early Rule

34 requests so made under Rule 26(D)(2), demonstrating clearly where the Court has now erred in demanding such Early Rule 34 requests be re-propounded again and again creating before the Court, the parties and the public at large manifest injustice.  The orders as issued MUST be reviewed DE NOVO in light of the ever changing Rules both Federal and Local, as the Rules of the Court cannot and should not become a guessing game as to what the rules are if they are not the rules which are published by the United States Congress and/or amended from time to time by the United States Supreme Court under the Rules Enabling Act, and so promulgated by the USSC and then approved by the United States Congress to become ipso facto statutes or laws created by Congress under the intention of Article III of the US Constitution.

 A document filed pro se is "to be liberally construed," *Estelle, 429 U.S.* "pro se … however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so **construed as to do substantial justice"**). "filings generously and with the leniency due pro se litigants", *see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).*

<u>Respectfully Submitted, this 30th day of August 2022.</u>

<u>Michael Nelson - Pro Se</u>

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: <u>oklahomaremote</u> @ gmail.com

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail:  **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;  filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order of Saline County Court Judge Paul J. Hickman.

Respectfully Submitted, this 30th day of August 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com