IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED CAPITAL )
MANAGEMENT OF KANSAS, INC., )
and CHAD M. KOEHN, )
)
Plaintiffs, )
)
v. ) Case No. 22-4008-JWB-GEB
)
MICHAEL E. NELSON, )
)
Defendant. )
)

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs/Counter-Defendants' Verified Motion for Recusal of Magistrate Judge Pursuant to 28 U.S.C. § 455(a) ("Motion for Recusal") **(ECF No. 113).** The Motion for Recusal was referred to the undersigned for decision.[1] After careful review of the parties' briefing, including the Declaration of Chad M. Koehn, for the reasons set forth below the Court **DENIES** Plaintiffs/Counter-Defendants' Motion for Recusal.

**I.** **Motion for Recusal (ECF No. 113)**

Plaintiffs allege they "harbor doubts about the impartiality" of the undersigned based on several factors: 1) the Court's rulings; 2) purported failure to stop the volume and content of Defendant's filings; 3) alleged hostilities towards Plaintiffs' counsel; and 4) failure to rule upon pending motions. The Court will address each in turn.

---

[1] ECF No. 115.

1

### A. Legal Standards

Two statutes govern recusal of a judge, 28 U.S.C. §§ 144 and 455. Plaintiffs' Motion for Recusal relies on § 455(a).[2] Section 455(a) requires any "justice, judge, or magistrate judge of the United States" to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." It requires "disqualification for the appearance of impartiality, whereas § 455(b)(1) requires disqualification for actual partiality."[3] "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[4] The litigant's feelings "which, of necessity, must be subjective, cannot without more be made the test."[5] "But § 455(a) must not be construed so broadly that it mandates recusal based on unsubstantiated suggestions of bias."[6] And finally, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is."[7]

### B. Discussion

Before discussing the various basis for Plaintiffs' Motion for Recusal, the Court wants to let Plaintiffs know she understands and shares their frustration. She acknowledges the volume of pleadings have slowed the progression of this matter.

---

[2] ECF No. 114.
[3] *Mead v. Huff,* No. 21-4092-HLT, 2022 WL 1014775, at *1 (D. Kan. Apr. 5, 2022) (citing *Burke v. Regalado*, 935 F.3d 960, 1053 (10th Cir. 2019)).
[4] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citing *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).
[5] *Allen v. Evergy, Inc.,* No. 21-4068-KHV, 2021 WL 5161748, at *1 (D. Kan. Nov. 5, 2021) (citing Zhu v. Johns, No. 07-4001-KHV, 2007 WL 4561526, at *1 (D. Kan. Dec. 21, 2007)).
[6] *Mead*, at *2 (citing *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993)).
[7] *Allen,* at *2 (citing *Hinman,* 831 F.2d at 939 (10th Cir. 1987)).

### 1. The Court's rulings

Plaintiffs allege the undersigned's failure to allow them to file a motion for leave to amend their complaint is a basis for finding she is impartial. Because the Scheduling Order explicitly permits the filing of a motion to amend by the deadline set forth therein,[8] the Court, in her discretion, elected to proceed with motion practice after a formal schedule was in place. The power of the courts to "manage their dockets is deeply ingrained in our jurisprudence."[9] The request to wait to file a motion to amend was part of the Court's effort to move the case to the discovery phase despite the many pleadings filed, not the basis of any bias by the undersigned against the Plaintiffs.

Plaintiffs also allege the Court's ruling denying their Motion for Extension of Time is a basis for finding she is impartial. Plaintiffs sought an extension of the deadline to submit the report of the parties' planning conference.[10] The Court denied the motion and ordered the Scheduling Conference to proceed as set.[11] It is this ruling Plaintiff, Chad Koehn, indicates convinced him "the Court was no longer providing a reasonable balancing of the scales…." It should be noted Defendant previously filed a Motion to Continue Scheduling Conference and Stay Discovery which the Court denied as well.[12] In the Order denying Defendant's motion, the undersigned acknowledged there could be changes to the parties' claims based on pending motions to dismiss and an anticipated motion for leave to

---

[8] ECF No. 122.
[9] *United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010).
[10] ECF No. 97.
[11] ECF No. 100.
[12] ECF No. 88.

amend but noted the parties had engaged in extensive motion practice and based on the important goals of Fed. R. Civ P. 1 to keep the case moving forward she ordered the Scheduling Conference to proceed as set.[13] The Court denied Plaintiffs' Motion for Extension of Time for the same reasons.

Adverse judicial rulings "almost never constitute a valid basis for a bias or partiality motion."[14] "When no extrajudicial source is relied upon as grounds for recusal, 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'"[15] The Court's order denying the motion for extension of time in an effort to continue to move the case forward, particularly where the Court had also denied Defendant's motion for the same reasons, does not display a deep-seated favoritism or antagonism that would make fair judgment impossible.

### 2. Purported failure to stop the volume and content of Defendant's filings

Next, Plaintiffs allege the undersigned has failed to stop Defendant from filing voluminous pleadings and pleadings which disparage Plaintiffs as a basis for finding the Court has been impartial. The undersigned Magistrate Judge has worked on her own and

---

[13] *Id.*
[14] *Allen,* at *2 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). *See also Glass v. Pfeffer,* 849 F.2d 1261, 1268 (10th Cir. 1988) (citing *United States v. Bray,* 546 F.2d 851, 857 (10th Cir. 1976)); *Smith v. Halford,* 570 F.Supp. 1187, 1189 (D. Kan. 1983) (citing *United States v. Goeltz,* 513 F.2d 193 (10th Cir.), *cert. denied* 423 U.S. 830 (1975)).
[15] *Allen,* at *2 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

in concert with the District Judge to stem the tide of Defendant's filings and notified Defendant his continued disparaging pleadings could result in sanctions. The Court has conducted multiple hearings and conferences, always by Zoom, to address the pleadings filed and to continue to move the case forward.[16]

Twice, the undersigned has put filing restrictions into place until a certain event occurred in an effort to get the case to a point where it was again able to move forward. On March 3, 2022, the Court entered an order prohibiting any further motions be filed until a determination on subject matter jurisdiction could be made.[17] When a determination that Defendant had alleged fact sufficient to establish diversity jurisdiction was made on March 15, 2022,[18] filings were permitted to resume. And on April 27, 2022, the parties were ordered not to file any additional pleadings until Defendant filed his response to Plaintiff's Amended Complaint.[19] Defendant filed his Motion to Dismiss on May 14, 2022 and filings were again permitted to resume. The parties complied with these filing restrictions and the Court was able to move the case where an Initial Order Regarding Planning and Scheduling could finally be entered.

And, when pending motions and other filings again began to rise, after discussion at Scheduling Conference the undersigned entered an order for the parties to refrain from

---

[16] March 3, 2022 Motion Hearing (ECF Nos. 25 and 27); April 11, 2022 Motion Hearing (ECF Nos. 43 and 62); April 25, 2022 Status Conference (ECF Nos. 63 and 66); and August 2, 2022 Scheduling Conference (ECF No. 70 and 121).
[17] ECF No. 29.
[18] ECF No. 31.
[19] ECF No. 67.

5

filing any affirmative motion until further order of the Court.[20] During the Scheduling Conference Plaintiffs anticipated needing to file two motions, a motion for leave to amend and motion for leave to seal. Both were explicitly exempted from the filing restriction. Additionally, the Court set monthly status conferences, the first to occur on September 6, 2022, to discuss any discovery or other issues before motions are filed.[21] The Court acknowledges this case has been frustratingly slow moving, but the undersigned has and will continue to work to move the case forward. Any delay is not due to any bias against Plaintiffs.

### 3. Alleged hostilities towards Plaintiffs' counsel

Mr. Koehn in his declaration alleges, without any details, the undersigned has "voiced hostilities towards my attorney's which I have listened to during these hearings."[22] "Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" will ordinarily not satisfy the requirements for disqualification under § 455(a).[23] Mr. Koehn's unsubstantiated opinion does not satisfy the requirements for disqualification.

---

[20] ECF No. 122.
[21] *Id.*
[22] ECF No. 113 at 5.
[23] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citing *United States v. Burger*, 964 F.2d 1065, 1069 (10th Cir. 1992); *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 19888); *Willner v. University of Kansas*, 848 F.2d 1023, 1027 (10th Cir.), *cert. denied,* 488 U.S. 1031 (1988); *Hinman v. Rogers*, 831 F.2d 937, 939–40 (10th Cir. 1987); and *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)).

### 4. Failure to rule upon pending motions

Lastly, Plaintiffs allege the undersigned has failed to rule on pending motions filed by both parties. Plaintiffs allege the Court, as of the time the Motion for Recusal was filed, had failed to rule on their Emergency Motion Pursuant to Rule 11, Fed. R. Civ. P. and D. Kan. Rule 11.1(a)(2), for Waiver of the 21 Day Waiting Period Referred to in Rule 11(c)(2), Federal Rules of Civil Procedure, Thereby Authorizing Plaintiffs to File a Motion for Sanctions Against Defendant, Michel Nelson, *Instanter*. The Court entered its Order denying the motion the same day Plaintiffs filed their Motion for Recusal, but prior to its filing.[24] There were no motions referred to the undersigned which were ripe for decision when Plaintiffs filed their Motion for Recusal.[25]

## II. Conclusion

Based on the foregoing the undersigned finds no reasonable person, knowing all the relevant facts as addressed above, would harbor doubts about her impartiality.

---

[24] ECF No. 112.
[25] Plaintiffs filed their Motion for Recusal on July 29, 2022. The following referred motions were all decided prior to Plaintiffs filing the current motion: 1) motions at ECF Nos. 3, 5, 8, 10, 12, 13, 15, 16, 17, 19, 21, and 23 were all decided on April 18, 2022, see ECF No. 18; 2) motion at ECF No. 24 was decided on March 3, 2022, see ECF No 28; 3) motion at ECF No. 54 was decided on July 29, 2022, see ECF No. 112; 4) motion at ECF No. 57 was decided June 21, 2022, see ECF No 88; and 5) motion at ECF No. 97 was decided July 26, 2022, see ECF No. 100. The following referred motions were pending, but not ripe for decision when Plaintiffs filed the current motion: 1) motion at ECF No. 94, not ripe until reply filed August 6, 2022, see ECF No. 133; 2) motion at ECF No. 96, not ripe until reply filed August 11, 2022, see ECF No. 139; 3) motion at ECF No. 99, not ripe until reply filed August 14, 2022, see ECF No. 142; 4) motion at ECF No. 109, not ripe until no response was filed by deadline of August 10, 2022; and 5) motion at ECF No. 110, not ripe until no response was filed by deadline of August 11, 2022.

**IT IS THEREFORE ORDERED** that Plaintiffs/Counter-Defendants' Verified Motion for Recusal of Magistrate Judge Pursuant to 28 U.S.C. § 455(a) **(ECF No. 113)** is **DENIED.**

Dated September 1, 2022, in Wichita, Kansas.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge