IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED CAPITAL MANAGEMENT OF KANSAS, INC. and
CHAD M. KOEHN,

        Plaintiffs,

v.                                                           Case No. 22-4008-JWB

MICHAEL E. NELSON,

        Defendant.

**ORDER**

This matter is before the court on a multitude of motions and other filings with various titles or labels all filed by Defendant Michael E. Nelson. A review of Defendant's briefs related to several of the pending motions reveals that they fail to comply with this court's standing order regarding page limitations.[1] Moreover, a review of the pending motions and briefs suggests a very real possibility that at least some of them may be considered frivolous, vexatious, or otherwise improper under Federal Rule of Civil Procedure 11 or other provisions of law.

During the rather short time (less than seven months) that this case has been on file, Defendant has filed at least 31 different motions, along with upwards of two dozen other filings denominated as notices, objections, supplements, and the like. This case already has over 180 docket entries and discovery has barely commenced. One of the purposes of this ruling is to restore some order to these proceedings and to mitigate the extraordinary drain on judicial resources that has already been caused by the Defendant's litigation tactics.

---

[1] *Available at https://ksd.uscourts.gov/index.php/guideline-order/standing-order-on-page-limitations/.*

1

Based on the foregoing, the court intends to strike from the record the following motions, briefs, and other filings[2] for failure to comply with this court's standing order regarding page limitations:

- Objection to Order of Magistrate Judge (Doc. 68), Objections to Defendant's Objection Appealing the Magistrate Judge's Order (Doc. 75), and Reply to Response to Objection to Order of Magistrate Judge (Doc. 77.)
- Motion to Dismiss (Doc. 69), Memorandum in Support of Motion to Dismiss (Doc. 71)[3], Objections to Motion to Dismiss (Doc. 76.)
- Objection to Order of Magistrate Judge (Doc. 81), Memorandum in Opposition of Objection to Order of Magistrate Judge (Doc. 82), and Reply to Response to Objection to Order of Magistrate Judge (Doc. 84.)
- Motion to Dismiss First Amended Complaint (Doc. 89), Memorandum in Support of Motion to Dismiss (Doc. 90[4]), and Response to Motion to Dismiss First Amended Complaint (Doc. 92.)
- Objection to Order of Magistrate Judge (Doc. 91) and Response to Objection to Order of Magistrate Judge (Doc. 93.)
- Motion to Disqualify Counsel (Doc. 94), Memorandum in Support of Motion to Disqualify Counsel (Doc. 95), Memorandum in Opposition of Motion to Disqualify Counsel (Doc. 108), and Reply to Response to Motion to Disqualify Counsel (Doc. 133.)
- Motion for Judicial Notice (Doc. 96), Memorandum in Opposition of Motion for Judicial Notice (Doc. 129), and Reply to Response to Motion for Judicial Notice (Doc. 139.)
- Motion for Judicial Notice (Doc. 99), Memorandum in Opposition of Motion for Judicial Notice (Doc. 130), and Reply to Response to Motion for Judicial Notice (Doc. 142.)
- Motion for Order (Doc. 109.)
- Motion for Judicial Notice (Doc. 110.)
- Motion for Order (Doc. 116), Memorandum in Opposition of Motion for Order (Doc. 131), and Reply to Response to Motion for Order (Doc. 143.)
- Motion for Order (Doc. 117), Response to Motion for Order (Doc. 132), and Reply to Response to Motion for Order (Doc. 141.)

---

[2] In addition to striking Defendant's filings which do not comply with this court's standing order, this order strikes all related filings, such as responses and replies that are dependent on or affected by striking the offending filing.

[3] Both Doc. 69 and Doc. 71 are 30 pages long. This court's standing order imposes a page limit of 30 pages for motions to dismiss. Defendant attempts to circumvent that rule by filing a 30-page motion and a 30-page memorandum in support.

[4] Here, Defendant again attempts to avoid the page limitations imposed by this court by filing a 31-page motion to dismiss and a 28-page memorandum in support.

- Motion for Order (Doc. 119), Response to Motion for Order (Doc. 125[5]), Memorandum in Opposition of Motion for Order (Doc. 127), and Reply to Response to Motion for Order (Doc. 135.)
- Motion for Default Judgment (Doc. 101), Memorandum in Support of Motion for Default Judgment (Doc. 102), Memorandum in Opposition of Motion for Default Judgment (Doc. 107), and Reply to Response to Motion for Default Judgment (Doc. 134.)
- Objections and Motion for Review (Doc. 144), Objection to Motion for Review (Doc. 146), Response to Motion for Review (Doc. 148), and Reply to Response to Motion for Review (Doc. 177.)
- Certificate of Service/Motion for Compliance (Doc. 104) and Notice of Service/Motion for Compliance (Doc. 105.)
- Notice of Violations to Rule 83.6.1 (Doc. 152.)
- Notice of Formal Written Complaint Under Rule 83.6.3 (Doc. 153.)
- Notice of Violations to Rule 83.6.1 (Doc. 155.)
- Notice to Cease and Desist (Doc. 156.)

Defendant shall have 14 days from the date this order is filed to refile any motions and supporting and/or responsive briefs that he feels are appropriate, so long as those motions and briefs comply with this court's standing order on page limitations, and any such motions and briefs so filed will be considered timely. However, Defendant is further notified that if the court concludes that it has reason to believe that any motion, brief, or other filing that remains pending after this order, or is filed at any time hereafter, is frivolous, vexatious, or otherwise presented for any improper purpose, the court will set the matter for an in-person hearing at which Defendant will be required to appear to argue the motion. Should Defendant timely refile any motion or responsive brief, Plaintiffs will have the opportunity to refile a response or reply, as applicable, according to the time periods established by the Federal Rules of Civil Procedure and this court's local rules.

---

[5] Note that Doc. 125 and 127 are the same filing. The incorrect event was used in entering Doc. 125, and the filing was correctly entered as Doc. 127. Nevertheless, both filings may be struck as the motion to which each filing responds is being struck.

The court also notes that on August 3, 2022, Magistrate Judge Birzer ordered the parties to refrain from filing any affirmative motions[6] until further order of the court. (Doc. 122.) This order constitutes "further order of the court" as contemplated in the magistrate judge's order, but does not supplant it. In other words, Defendant may *only* refile the motions, etc., that were stricken due to the page requirement; Magistrate Judge Birzer's order at Doc. 122 otherwise remains in full force and effect.

IT THEREFORE ORDERED that the filings listed above be STRICKEN from the record in this case.

IT IS SO ORDERED. Dated this 1st day of September 2022.

                                                          s/ John W. Broomes
                                                         JOHN W. BROOMES
                                                         UNITED STATES DISTRICT JUDGE

---

[6] The parties were ordered to refrain from filing any affirmative motions with the exception of certain motions which are now on file with the court and awaiting decision. (Doc. 122.)