# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. ["UCMK"]<br><br>& CHAD M. KOEHN ["Koehn"]<br>Plaintiffs, counter-Defendants<br>     v.<br>Michael Nelson ["Nelson"]<br>  defendant; Counter-Plaintiff    PRO-Se. | DOCKET NO.:    5:22-CV-04008-JWB-GEB<br><br>**CIVIL ACTION**<br><br>**MOTION TO DISMISS plaintiff's First Amended Complaint**<br><br>[Jury Trial Demanded] |

Defendant, makes "SPECIAL & LIMITED APPEARANCE", filing **Memorandum in Support of Motion to Dismiss Plaintiff's First Amended Complaint ("FAC")**, and states:

Pursuant to Fed. R. Civ. P. 12(b)(6), and/or Kan. 60-5320(e)(2) under FRCP 81(d)(1) , Defendant, Michael Nelson ("Nelson" or "I") herewith MOVE TO DISMISS Plaintiff's First Amended Complaint("FAC") (D. 64), on several grounds.  First, for failure to state a cause of action upon which relief may be granted. "A court will dismiss a cause of action pursuant to Rule 12(b)(6) under two circumstances. First, dismissal is warranted where an issue of law precludes recovery. *Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)*. Second, dismissal is likewise appropriate where the factual allegations fail to 'state a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)*.  A claim is facially plausible if its factual allegations allow a court to draw the reasonable inference that the opposing party is liable for the alleged misconduct. *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)*. Although the court must accept well-pleaded factual allegations as true, **this obligation does not extend to legal conclusions** or to 'threadbare recitals of the elements of the cause of action.' *Id. at 678–79, 129 S.Ct. 1937." Johnson v. Prairie View, Inc., cv02041-HLT, 2020 WL 2025499 (D. Kan. 2020)*

**And, not for the above two then Nelson moves for Dismissal under** Kan. Stat. Ann. § 60-5320(d) (2019) in accordance with FRCP 81(d)(1) **Kansas adopted a strong anti-SLAPP law in 2016**. Known as the Public Speech Protection Act, it allows a party to move to strike a claim that is in response to "a party's exercise of the right of free speech, **right to petition** or right of association." Kan. Stat. Ann. § 60-5320(d) (2019). Nelson shows that the claims of the plaintiff's are based on these constitutional rights herein. Therefore the burden shifts to the plaintiff "to establish a likelihood of prevailing on the claim by presenting substantial competent evidence to support a prima facie case." *Id*. **Upon filing a motion to strike, under Kansas's strong anti-SLAPP (Strategic Lawsuit Against Public Participation) protection Act: "all discovery, motions or other pending hearings shall be stayed."** § 60-5320(e)(2); FRCP 81(d)(1)**.** In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff's are entitled to offer evidence to support his claims**.** *Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). See Kelp v. B & B Lumber Co.,18- 1103-JWB, 2018 (D. Kan. 2018).*

The memorandum in support of this motion will demonstrate that Plaintiff's fail to state a cause of action for the respective counts based upon lack of standing or failure to state a claim upon which relief may be granted and demonstrate that if the Court were to find in the alternative that the SLAPP nature of the FAC must be dismissed under **Kansas's strong anti-SLAPP (Strategic Lawsuit Against Public Participation) protection Act** 60-5320(e)(2); FRCP 81(d)(1)**,** WHEREFORE, defendant, Michael Nelson, respectfully prays that this Honorable United States Federal Court will DISMISS plaintiff's First Amended Complaint. IF this Court finds somehow that the SLAPP complaint should stand, then in the alternative to hold the Plaintiff's to the **Kansas's strong anti-SLAPP (Strategic Lawsuit Against Public**

**Participation) protection Act** 60-5320(e)(2); FRCP 81(d)(1)**, STAYING "all discovery, motions or other pending hearings shall be stayed."** § 60-5320(e)(2) and FRCP 81(d)(1)**, holding plaintiff's to the law:** "Once the defendant shows that the claim is based on one of these constitutional rights, the burden shifts to the plaintiff "to establish a likelihood of prevailing on the claim by presenting substantial competent evidence to support a prima facie case."

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice to prevent manifest injustice the Courts reviewed "filings generously and with the leniency due pro se litigants", *see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007)*

Respectfully Submitted, this 9th day of September 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

**<u>Certificate of Service:</u>**

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1.

Respectfully Submitted, this 9th day of September 2022.



Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com