# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. ["UCMK"] <br><br> **& CHAD M. KOEHN** ["Koehn"] <br> Plaintiffs, counter-Defendants <br> v. <br> Michael Nelson ["Nelson"] <br> defendant; Counter-Plaintiff   PRO-Se. | DOCKET NO.:    5:22-CV-04008-JWB-GEB <br><br> **CIVIL ACTION** <br><br> **Memorandum in Support of Motion to Dismiss SLAPP [Strategic Lawsuit Against Public Participation] lawsuit** <br><br> **[Jury Trial Demanded]** |

Defendant, makes "SPECIAL & LIMITED APPEARANCE", filing **Memorandum in Support of Motion to Dismiss SLAPP [Strategic Lawsuit Against Public Participation] lawsuit by Plaintiffs, Motion to Strike all claims for cause** , herein now alleges and states:

Pursuant to Fed. R. Civ. P. 12(b)(6), and **Kan. Rule 7.1(a) and 7.6, defendant, Michael Nelson, herewith files memorandum of law in support of motion to dismiss plaintiff's First Amended Complaint (Docket No. 83).**

NATURE OF THE MATTER BEFORE THE COURT

1 February 2022, I, Michael Nelson, pro se, removed a SLAPP (Strategic Lawsuit Against Public Participation) state petition to Federal Court, under diversity and Federal questions, the SLAPP state petition used a racial slur in place of my given name!

26 April 2022, Plaintiffs filed First Amended Complaint ("FAC"), void of the racial slur, as mandated by Order of the Court, and took the opportunity to make a once in a course amendments substantially changing the original SLAPP petition, making it remarkably more a SLAPP suit, designed to dissuade whistleblowers from cooperating with the government.(D. 64).

Two (2) counts of the "FAC" are so moved for dismissal for failure to state a cause of action under Federal Rules 12(b)(6) and Kan. Law this memorandum filed in support of motion:

I. Defamation

II. Tortious Interference with Business

LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered. *Fed. R. Civ. P. 12(b)(6); Sunrise Valley, LLC v. Kempthorne, 528 F.3d 1251, 1254 (10th Cir. 2008)*. To survive a motion to dismiss, a pleading must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007))*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" **do not sufficiently state a claim.** *Id. at 1949 (citing Twombly, 550 U.S. at 555)*.

"Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, <u>supported by mere conclusory statements, do not suffice</u>. [Twombly, 550 U.S. at 555.] (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but <u>it does not unlock the doors of discovery</u> for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. [Twombly, 550 U.S. at 556.] Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *[Iqbal v. Hasty, 490 F.3d*

*143, 157-158 (2d Cir. 2007).]* But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Fed. Rule Civ. Proc. 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).* **[Emphasis added.]**

"The most difficult question in interpreting Twombly is what the Court means by "plausibility." The Court states that the complaint must contain 'enough facts to state a claim to relief that is plausible on its face.' Id. at 1974. But it reiterates the bedrock principle that a judge ruling on a motion to dismiss must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven. '[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' *Id. at 1965 (quoting Scheuer v. Rhodes, 416 U..S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974))*. Thus, "plausible" cannot mean 'likely to be true.' Rather, 'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, <u>much of it innocent,</u> then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." Id. at 1974. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)*. "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. 'Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.' *Id. at 1965 n.3. See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C., 499 F.3d 663, 667 (7th*

*Cir. 2007)* ('[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.'). The Twombly Court was particularly **critical of complaints that "mentioned no specific time, place,** or **person involved**." 127 S.Ct. at 1971 n.10. Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations ... would have little idea where to begin. *Id.*" *Robbins, 519 F.3d at 1248.*

"No person may take any action to impede an individual from communicating directly with the Commission staff about a **possible securities law violation,**" The plaintiff's entire action is as stated a SLAPP lawsuit designed to deter any person from speaking **"about a possible securities law violation" Lawsuits filed with the intent to punish or dissuade employees from exercising their statutory rights are a well- established form of adverse action.** *See BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 531 (2002) (Finding that a lawsuit that was both objectively baseless and subjectively motivated by an unlawful purpose); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472 (S.D.N.Y. 2008) ("Courts have held that baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions."); *Spencer v. Int'l Shoppes, Inc.*, 902 F. Supp. 2d 287, 299 (E.D.N.Y. 2012)

## ARGUMENT

I. PLAINTIFF'S COUNT I FAILS TO STATE A CAUSE OF ACTION FOR DEFAMATION. "In Kansas, the tort of defamation includes both libel and slander' *Yeager v. Nat'l. Pub. Radio, No. 18-4019-SAC, 2018 WL 3633894, *4 (D. Kan. July 31, 2018)* 'A valid defamation claim requires proof of: (1) false and defamatory statements; (2) the defendant communicated these statements to a third party; and (3) the plaintiff's reputation was injured by

the statements.' Id. *(citing El-Ghori v. Grimes, 23 F.Supp.2d 1259, 1269 (D. Kan. 1998) and In re Rockhill Pain Specialists, P.A., 55 Kan. App. 2d 161, 412 P.3d 1008, 1024 (2017))." Peoples v. Wichita State University, No. 18-1010-JWB, 2018 WL 5013488, *3 (D. Kan. Oct. 16, 2018)*

At (6) FAC alleges: *"UCM is a financial consulting firm and Chad is the President and Principal of UCM"* and then at (7) makes conclusory allegation *"Nelson has wrongfully contacted proprietary individuals, clients of UCM and Chad, disparaging Chad and UCM's reputations"* FAC goes on to state "Nelson has contacted individuals and stated that there was a whistleblower at UCM working with the government" then stating a legal conclusory opinion: *"implying that UCM is engaging in illegal activity"* <u>Conclusory allegations are insufficient.</u>

"In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) )*. All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008)*. **Conclusory allegations, however, have no bearing upon the court's consideration.** *Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007)*. Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in her complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States, 790 F.3d 1143, 1171 (10th Cir. 2015)*. In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support his claims. *Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005)*. See *Kelp v. B & B Lumber Co., Inc., No.* **<u>18-1103-JWB</u>**, *2018 WL 3831525, (D. Kan. 2018)*.

Plaintiff's FAC alleging defamation suffers from one of the same defects pointed out in *Peoples*; specifically, plaintiff's **fail to identify any third-party or potential client to whom the alleged defamatory statements were made, <u>when they were made</u>, <u>whether they were oral or written</u>, and <u>the manner in which the specific statement was intended to damage plaintiff's reputations or interfere</u> with** employment or occupation.

Kansas does not differentiate between defamation per se and defamation per quod. In Polson v. Davis, 895 F.2d 707, 708 (10th Cir. 1990). The Tenth Circuit held:

> It is true that Kansas once followed the common law in dividing defamation into two types: defamation per se and defamation per quod. Gobin v. Globe Publishing Co., 232 Kan. 1, 649 P.2d 1239, 1242 (1982). Defamation per se, which included, inter alia, statements that impugned the defamee's competence in her trade or profession, did not require proof of actual damages for a finding of liability. Instead, damage was presumed from the nature of the statement. [Polson v. Davis, 635 F.Supp. 1130, 1147 (D. Kan. 1986). On the other hand, defamation per quod required proof of actual damages for a finding of liability. The parties do not dispute, as a matter of law, that the statements at issue here fall into the traditional defamation per se category. So the issue that remains is whether Kansas still recognizes defamation per se as a separate type of defamation.
>
> Plaintiff has failed to persuade us that the district court erred in its interpretation of Kansas law. In Gobin, the Kansas Supreme Court abolished the distinction between defamation per se and defamation per quod. Citing Gertz v. Robert Welch Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), the court stated, "Damages recoverable for defamation may no longer be presumed; they must be established by proof, no matter what the character of the libel." Gobin, 649 P.2d at 1242.

§ 60-514, Kansas Statutes Annotated, provides a limitation period of one year for actions claiming libel and/or slander.

Plaintiffs have failed to allege sufficient ultimate facts to link the alleged defamatory statements to <u>specific dates, places, individuals</u> resulting in damages they claim they suffered.

**Therefore, Count I of the First Amended Complaint alleging defamation <u>must be dismissed for failure to state a cause of action upon which relief may be granted.</u>**

**COUNT II FAILS to STATE A CAUSE OF ACTION FOR TORTIOUS INTERFERENCE**

> The Kansas Supreme Court has recognized the following elements for a claim of tortious interference with a prospective business advantage:
> > (1) the existence of a business relationship or expectancy with The probability of future economic benefit to the plaintiff;
> > (2) knowledge of the relationship or expectancy by the defendant;
> > (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy;
> > (4) intentional misconduct by defendant; and
> > (5) damages suffered by plaintiff as a direct or proximate result of defendant's misconduct.
>
> See Noller v. GMC Truck and Coach Div., Gen. Motors Corp., 244 Kan. 612, 619- 20, 772 P.2d 271, 276 (1989) (internal quotation omitted). The supreme court has also applied the statement of this tort from Section 766B of the Restatement, see id., which provides as follows:
> > One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or (b) preventing the other from acquiring or continuing the prospective relation.
>
> See Restatement (Second of Torts § 766B (quoted in Noller).

*Underground Vault & Storage, Inc. v. Cintas Corp., No. 11-1067-JWL, (July 22, 2013).*

The following paragraphs of the First Amended Complaint relate to purported interference with prospective clients: 7-11 and 21-23. **<u>Nowhere</u>** in the Complaint do plaintiffs <u>identify the persons or entities</u> who were their purported prospective clients, <u>nor do they allege they were reasonably certain to have obtained business or contract</u>, but for the actions of the defendant. IN FACT **plaintiffs only offer conclusory allegations** *"That Nelson's statement or acts have interfered with said business relationships."* p.3 @ 23 D.64 **Conclusory allegations, however, have no bearing upon the court's consideration.** *Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007)* Although the court must accept well-pleaded factual allegations as true, this obligation does not extend to legal conclusions or to 'threadbare recitals

of the elements of the cause of action.' *Id. at 678–79, 129 S.Ct. 1937.*" *Johnson v. Prairie View, Inc.,* Case No. 2.19-cv02041-HLT, 2020 WL 2025499 at *2 (D. Kan. Apr. 27, 2020).

**As a result, plaintiff's fail to state a cause of action of tortious interference with potential clients, and Count II of the First Amended Complaint <u>must be dismissed.</u>**

<u>SECONDARY ARGUMENT for DISMISSAL</u>

Plaintiff's First Amended Complaint has done a remarkably great job at proving the SLAPP (Strategic Lawsuit Against Public Participation) nature of the frivolous incongruous complaint. Though the complaint should not survive Motion to Dismiss for failure to state a claim upon which relief may be granted. The defendant is pro se, and believes the Court will not view the citations of law the same because the defendant is poor and pro se, and therefore is disadvantaged in the litigation, because of poverty induced by the plaintiffs. The plaintiff's have chosen to attack Mister Nelson, to dissuade others from reporting unlawful conduct of the plaintiffs. Their entire complaint offers only conclusory allegations, aimed at creating as large a legal entanglement as possible, without a shred of evidence or facts sufficient to entitle relief. The litigation is targeted at any other victim who dares speak out concerning the fraudulent enterprises being operated by the plaintiffs, sale of securities in questionable private placements.

Nelson being the weakest and most impoverished person targeted, by the plaintiffs judicial abuse, in the SLAPP petition filed, allows the plaintiffs to make an example of Nelson in order to **<u>dissuade any other dissenting shareholders from speaking with each other, the public or making reports to authorities.</u>** The misuse and abuse of the legal processes to make an example of Mister Nelson to any other would be "whistleblower" or disenfranchised or dissenting investor who dare speak out with opinions as to the fraudulent enterprise which the

plaintiff's have sold stock, strikes fear in the hearts and minds of all other investor victims, seeing they must FIGHT an uphill losing battle just to protect their life savings.

**Kansas adopted a strong anti-SLAPP law in 2016**. Known as the Public Speech Protection Act, it allows a party to move to strike a claim that is in response to "a party's exercise of the right of free speech, **right to petition** or right of association." Kan. Stat. Ann. § 60-5320(d) (2019). The conclusory allegations in the Complaint demonstrates on their face that the claims of the plaintiff's are based on these constitutional rights. Therefore the burden shifts to the plaintiff "to establish a likelihood of prevailing on the claim by presenting substantial competent evidence to support a prima facie case." *Id*. **Upon filing a motion to strike, under Kansas's strong anti-SLAPP (Strategic Lawsuit Against Public Participation) protection Act: "all discovery, motions or other pending hearings shall be stayed."** § 60-5320(e)(2) under FRCP 81(d)(1)**.**

**"Short of a gun to the head, a greater threat to First Amendment expression can scarcely be imagined."** Judge J. Nicholas Colabella wrote in *Gordon v. Marrone* (N.Y . 1992).

Not only does the immunity defense envisioned under Kansas Anti-SLAPP laws, put this burden on the plaintiff, but the Court also indicated that this analysis must be done on an expedited basis. Allowing the plaintiff to proceed with discovery or file amended complaints or otherwise exhaust the defendant's resources, the Court opined, **would only exacerbate the "chilling effect" that such lawsuits have on public participation**. The *Omni* decision did much to safeguard the First Amendment right to petition the government. The nonlegal effect of SLAPP suits remains. Defendant Nelson may succeed legally but lose nevertheless, having expended large amounts of time and money in defending against the lawsuit. More damaging is the **effect that such suits can have on those who have not yet been targeted: the desire to**

**avoid being sued translates into a reluctance to participate in public debate,** translating in reluctance to complain about lost investments, the true reason for the plaintiffs SLAPP suit!

Defendant Nelson has spoken to fellow shareholders which are all invested in the same companies, which Chad Mitchell Koehn is a director, has publicly declared he and UCMK have a conflict of interest due to Koehn's position with Anthem Holdings Co. and Koehn publicly declares to have led a "Series A" funding of HeraSoft through UCMK. Koehn seeks and demonstrates clearly the petition is just another legal entanglement aimed at a goal to silence shareholders rights, stifle public debate and illegally prevent public participation on issues of public concern, especially wherein those issues involve "securities irregularities", the possible existence of a whistleblower, and a DEAD Whistleblower in a theft case dropped, due to the DEAD WHISTLEBLOWER, in CRAIG ALAN BRAND's criminal defense case. Statements of opinion cannot be defamation nor tortious interference, as referenced plaintiffs fail to establish facts sufficient to allow them to open the doors of discovery nor provide any relief they seek. Plaintiff's obvious and willful attempts to mislead and misdirect the Court have continued with their Strategic Lawsuit Against Public Participation (SLAPP) its intention to a**buse and misuse the American Judicial system as a means to dissuade, intimidate, harass and otherwise obstruct any would be "whistleblower" from reporting possible illegal or unlawful conduct.**

The plaintiff's seek to misuse the legal process to dissuade, threaten and harass any would-be whistleblower from reporting illegal and unsafe conduct to State and Federal Regulators. Their litigation has already been successful, plaintiffs have managed to scare dozens of investors to the point no investor wants to complain, and many will walk away having LOST their retirements and investments to the fraud perpetrated, there will definitely be more suicides.

Plaintiff's RETALIATORY REVENGE, in predatory collusion with their co conspirators against the weaker, impoverished, pro se non-legally educated defendant, achieves exactly what KANSAS Anti-SLAPP legislation was meant to prevent corporations from doing. Plaintiff's abuse is a means to circumvent the strong criminal statutes to prevent the type of harassment and pressures being exerted through their frivolous complaint. The First amendment protects not only free speech but <u>the right of association,</u> especially the right of free speech amongst individuals connected by the shared investment in a singular entity, more so where those same investors discuss matters of grave PUBLIC importance.

In order to withstand a motion to dismiss for failure to state a claim, and/or for the SLAPP litigation as refiled now void the racial slur against, <u>a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face</u>. *Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).* All well pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008)*. Rule 12(b)(6) "<u>does not require that Plaintiff establish a prima facie case in her complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim.</u>" *Pueblo of Jemez v. United States, 790 F.3d 1143, 1171 (10th Cir. 2015)* HOWEVER under Kansas Anti-SLAPP legislation is aimed at forcing plaintiffs to establish a prima facie case <u>with clear and compelling evidence</u>, even if the Court were to find as no Court would reasonably find the conclusory allegations of the plaintiffs entitle them to relief, IF the Court were to then certainly Kansas's strong Anti-SLAPP legislation requires **plaintiff's bear the BURDEN to prove their allegations BEYOND a prima facie evidence standard**, as the pro se defendant has certainly demonstrated, where the plaintiff's

FAC lacks and it is the defense herein this Secondary Argument of Motion to Strike and DISMISS the FAC amounts to SLAPP litigation, against the interests of the PUBLIC, in the <u>prevention of right of association</u>, where the plaintiff's claim ownership of other individuals who are collectively investors alongside the defendant in the same fraudulent enterprise have the RIGHT to association and the RIGHT to free exercise of protected speech including opinions regarding issues of grave PUBLIC concern. **In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff's are entitled to offer evidence to support his claims.** *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). See *Kelp v. B & B Lumber Co., Inc.*, No. 18- 1103-JWB, 2018 WL 3831525, at *1 (D. Kan. Aug. 13, 2018). **Filing a lawsuit without a sufficient factual basis to dissuade a whistleblower … from engaging in protected conduct can constitute actionable retaliation.** *See, e.g., Darveau v. Detecon, Inc.*, 515 F.3d 334, 340-341 (4th Cir. 2008); *Gortat v. Capala Bros.*, 2011 U.S. Dist. LEXIS 149731 (E.D.N.Y. Dec. 30, 2011); *Pinkett v. Apex Communs. Corp.*, 2009 U.S. Dist. LEXIS 34053, 9-12 (E.D. Va. Apr. 21, 2009). <u>Sham litigation is not protected by the First Amendment.</u> *Rosania v. Taco Bell of Am., Inc.*, 303 F. Supp. 2d 878, 883 (N.D. Ohio 2004). See also *Gill v. Rinker Materials Corp.*, No. 3:02-CV-13, 2003 U.S. Dist. LEXIS 2986 (E.D. Tenn. Feb. 24, 2003) (c**laim brought "not in good faith and instead motivated by retaliation**); *Gliatta v. Tectum Inc.*, 211 F. Supp. 2d 992, 1009 (S.D. Ohio 2002) (lawsuit brought in bad faith with retaliatory motivation prohibited); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472 (S.D.N.Y. 2008) ("baseless claims or **lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions**); *Stanerson v. Colorado Boulevard Motors, Inc.*, No. 06-cv-00856, 2006 U.S. Dist. LEXIS 80124 (D. Colo. Nov. 2, 2006); *Nesselrotte v. Allegheny Energy, Inc.*,

*2009 U.S. Dist (W.D. Pa. Mar. 16, 2009)* <u>Indeed, threatening to sue a whistleblower can be actionable retaliation.</u> *Brach v. Conflict Kinetics Corp.,* Case No. 1:16-cv-978 (E.D. Va 2016).

Wherein the plaintiff's here allege in their complaint that the defendant has: "That Nelson has wrongfully contacted <u>proprietary individuals,</u>"; wherein no person or entity can "own" another as their "property" as a "proprietor" of said "individuals", **to allow otherwise to is to dramatically stifle public debate and the free exercise of association and protected speech, in addition it is tantamount to communist control and anti-capitalism**. Plaintiffs seek <u>as no Court has ever granted</u> **corporations the right to claim ownership over their shareholders and prevent shareholder discussions, opinions and general public debate.** Bringing to bear the question as to right of association**, <u>and right of petition</u> and <u>of public participation in public debate.</u>**

Upon filing a motion to strike, for SLAPP litigation: **"all discovery, motions or other pending hearings shall be stayed."** § 60-5320(e)(2). However, the court may allow limited discovery relevant to the motion to strike. § 60-5320(e)(1). If the court denies the motion to strike, **the defendant may file an immediate appeal.** § 60-5320(f). Wherein here the defendant therefore would respectfully once again request a Motion to STAY the proceedings in light of the Law regarding SLAPP lawsuits, IF the plaintiff's lawsuit is not dismissed via the first cause of dismissal. IF the Court does not find the lawsuit must be stopped as a SLAPP suit then according to law, <u>the defendant seeks immediate appeal</u>. Pending appeal if any adverse finding in regards to this lawful and certainly well supported motion to Strike and Dismiss based upon the obvious and evident SLAPP (Strategic Lawsuit Against Public Participation) as filed by the plaintiffs, which is presented here as a secondary argument if for some reason the Court would find as no reasonable person would the FAC contains legally sufficient grounds to overcome the

Rule 12(b)(6) motion to dismiss. For the obvious and evident purposes to engage in an extended "fishing expedition" through abuses of discovery, in order to out the identity of a "whistleblower" or multiple who will most likely end up DEAD like in Craig Alan Brand's other cases with whistleblowers; the FAC deliberately uses the past tense, indicating they have already terminated a whistleblower and/or any other type of informant "working with the government".

Whether as a motion to dismiss or motion to strike in doing so the Pro Se defendant makes a motion therefore to "strike a claim(s) that is in response to "a party's <u>exercise of the right of free speech</u>, <u>right to petition</u> or <u>right of association</u>." Kan. Stat. Ann. § 60-5320(d) (2019). The US constitution also protects citizens in their right to assembly and to free speech, especially wherein speech is truthful, for instance the docket already demonstrates clearly where "securities irregularities" (abnormalities) exist, and even provides proof in the positive of materially false and misleading statements filed on US Securities and Exchange Commission documents. "Once the defendant shows that the claim is based on one of these constitutional rights, the burden shifts to the plaintiff "to establish a likelihood of prevailing on the claim by presenting substantial competent evidence to support a prima facie case." The plaintiffs cannot present any evidence to support a claim that "securities irregularities" do not exist, as proof positive of abnormalities in filings already exists on the docket, and the plaintiffs have already demonstrated via mens rea of guilty the removal of conflicts of interest from their disclosure documents during the course of the litigation at bar.

<u>SEC STATES:</u>  "***No person may take any action to impede*** *an individual from communicating directly with the Commission staff about a **<u>possible</u>** securities law violation*"

The plaintiff's entire action is as stated a SLAPP lawsuit designed to deter any person from speaking **<u>"about a possible securities law violation" [EMPHASIS ADDED].</u>**

**Lawsuits filed with the intent to <u>punish</u> or <u>dissuade</u> employees from exercising their statutory rights are a well- established form of adverse action.** *See BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 531 (2002) (Finding that a lawsuit that was both objectively baseless and subjectively motivated by an unlawful purpose could violate the National Labor Relations Act's prohibition on retaliation); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472 (S.D.N.Y. 2008) ("Courts have held that baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions."); *Spencer v. Int'l Shoppes, Inc.*, 902 F. Supp. 2d 287, 299 (E.D.N.Y. 2012) (Under Title VII, the filing of a lawsuit with a retaliatory motive constitutes adverse action).

Upon filing a motion to strike, for SLAPP litigation: **"all discovery, motions or other pending hearings shall be stayed."** § 60-5320(e)(2). However, the court may allow limited discovery relevant to the motion to strike. § 60-5320(e)(1). If the court denies the motion to strike, **the defendant may file an immediate appeal.** § 60-5320(f).

WHEREFORE the pro se, defendant Mister Michael Nelson, respectfully PRAYS this Honorable US Federal District Court for Kansas will <u>DISMISS the plaintiffs First Amended Complaint.</u> As to deny the plaintiffs claim for defamation as **<u>they fail to identify any person, place, or time in which the alleged defamation has taken place,</u>** f**ailing to assert specific enough facts to warrant opening the doors of discovery**.  As a result, Plaintiff's failure to state a cause of action of tortious interference with potential business, and Count II of their First Amended Complaint must be dismissed as a matter of law.  Now leaving the Plaintiff's First Amended Complaint deficient of any claims upon which relief can be granted and thus mandating that the Plaintiff's complaint (petition) be dismissed with prejudice in its entirety.

<u>The weakly pleaded counts in Count I and II, is demonstrative of a mere fishing expedition, conclusory allegations do not open the doors of discovery each must be dismissed.</u>

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

The Court has not ruled upon personal nor subject matter jurisdiction of the matter at bar. Upon filing a motion to strike, for SLAPP litigation: **"all discovery, motions or other pending hearings shall be stayed."** § 60-5320(e)(2). However, the court may allow limited discovery relevant to the motion to strike. § 60-5320(e)(1). If the court denies the motion to strike, **the defendant may file an immediate appeal.** § 60-5320(f).

Respectfully Submitted, this 9th day of September 2022.

*[signature]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I electronically filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

Respectfully Submitted, this 9th day of September 2022.

*[signature]*

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com