KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:	(785) 825-4674
F:	(785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL. , | ) |
| | ) |
| Plaintiffs | ) |
| vs. | ) Case No. 22-CV-04008-JWB-GEB |
| | ) |
| MICHAEL NELSON, | ) |
| | ) |
| Defendant | ) |
| | ) |

### PLAINTIFF/COUNTER-DEFENDANT'S MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT/ COUNTER-PLAINTIFF'S MOTION FOR JUDICIAL NOTICE (DOCKET NO. 226 THROUGH 226-4)

Plaintiffs/Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith respond in partial opposition to Defendant/Counter-Plaintiff Michael Nelson's ("Mr. Nelson") Motion for Judicial Notice Docket No. 226 through 226-4), and say:

### LEGAL STANDARD

In *U.S. v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002), the Tenth Circuit held: ""Federal Rule of Evidence ("FRE") 201 provides an exception to this ordinary requirement that record evidence support any judicial finding of fact. FRE 201(b) permits a court to take "judicial notice" of a particular fact where that fact is "not subject to reasonable dispute in that [the fact] is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate

1

and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In applying FRE 201, we are mindful that "[i]f a court takes judicial notice of a fact whose application is in dispute, the court removes the[ ] weapons [of rebuttal evidence, cross-examination, and argument] from the parties and raises doubt as to whether the parties received a fair hearing." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997).. "[T]he effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." *Id.*""

In *Bain v. Continental Title Holding Company, Inc.*, No. 16-cv-2326-JWL, 2017 WL 264545, at *2 (D. Kan. Jan. 20, 2017), the Judge Lungstrum held: ""Federal Rules of Evidence 201 governs judicial notice of "adjudicative" facts. Fed. R. Evid. 201(a). Pursuant to that rule, the court may judicially notice a fact "that is not subject to reasonable dispute" because it is generally known within the trial court's territorial jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1).. Adjudicative facts are "the facts that normally go to the jury in a jury case" and relate to "the parties, their activities, their properties, their businesses." *United States v. Iverson*, 818 F.3d 1015, 1030 (10th Cir. 2016)[citations omitted]. Simply put, judicial notice of facts is an "adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." *York v. AT & T*, 95 F.3d 948, 958 (10th Cir. 1996)."" In his opinion, Judge Lungstrum, citing *United States v. Burch*, 169 F.3d 666, 672 (10th Cir. 1999) states; "Clearly, the affidavit of an individual-particularly one who works for the moving party and has an interest in the litigation-is not a source of indisputable accuracy under

Rule 2019b)(2) and affidavit explaining significance of attachments cannot support judicial notice of the facts therein" *Id*.

Accuracy is only one component of a FRE 201(b) inquiry. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018), *cert. denied* ___ U.S. ___, 139 S.Ct. 2615, 204 L.Ed.2d 264 (2019).. The Ninth Circuit has made clear that "[a] court must also consider—and identify—which fact or facts it is noticing from ... [a document]. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*.

## **DISCUSSION**

In his motion, Mr. Nelson exceeds the intent of FRE 201. The intent of the Rule is to request the Court to acknowledge the authenticity of the documents attached to the Motion for Judicial Notice. While Mr. Nelson is certainly allowed to include a statement concerning the relevancy of the documents to the pleadings, he is not permitted to expound on the documents themselves.

Plaintiffs do not dispute the authenticity of Documents No. 226-1 through 226-4 as of the date the specific document was extracted from the internet records reflected therein; however, if the Court was to grant judicial notice, it should limit its Order to the specific documents requested to be noticed.

It is readily apparent from Mr. Nelson's past filings that his intent is to make the documents part of the record. Mr. Nelson has been using his filings as a means of publicly disseminating this case through the internet so as to cause the Plaintiff public harm. (Mr. Nelson's conduct shall become the subject of a forthcoming motion to be filed by the Plaintiff). Mr. Nelson had he not intended to use his daily repertoire of fictional filings, simply would have served a Request for

3

<u>Admissions attaching the same documents; thus resulting in the proper manner of discovery and keeping his filings from the public purview.</u>

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will deny Docket No. 226 through 226-4, except as to the documents attached as Document No. 226-1 through 226-4.

Dated September 19, 2022.

Respectfully Submitted,

/s/ Chris J. Kellogg
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
lmichel@kenberk.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 19, 2022, the foregoing document was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 67, the undersigned caused a copy of the foregoing to be mailed by prepaid First Class U.S. Mail to Michael Nelson, 9450 S.W. Gemini Drive, PMB 90924, Beaverton, OR 97008-7105, and caused to be emailed a true copy to Michael Nelson, oklahomaremote@gmail.com

/s/ Chris J. Kellogg
Chris J. Kellogg