# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL E. NELSON, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 22-4008-JWB-GEB ) ) ) ) ) ) |

## ORDER

This matter comes before the Court on three of Defendant/Counter-Plaintiffs, Michael E. Nelson's ("Nelson"), Motions for Judicial Notice (**ECF Nos. 226, 227, and 228**) ("Motions for Judicial Notice"). After careful review of the parties' briefing, for the reasons set forth below the Court **DENIES** Nelson's Motions for Judicial Notice.

These Motions for Judicial Notice ask the Court to take judicial notice of at least sixty-five wide ranging facts related to various documents filed with the Kansas Secretary of State; found on the Securities and Exchange Commission, Social Security Administration, and other unidentified websites; and filed with the Saline County District Court. The facts are offered in support of no motion currently pending in front of the undersigned Magistrate Judge or the District Judge.

Fed. R. Evid. 201 addresses judicial notice of adjudicative facts. It governs "judicial notice of adjudicative fact only."[1] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[2] Adjudicative facts "are simply the facts of a particular case."[3] "When a court finds facts concerning the immediate parties who did what, where, when, how, and with what motive or intent the court is performing an adjudicative function, and the facts are conveniently called adjudicative facts."[4] "[T]o be admissible, evidence must be relevant: it must make the existence of any fact of consequence more or less probable than it would be without the evidence."[5]

Nelson makes no effort to set explain how any of the more than sixty-five facts he asks the Court to take judicial notice of are relevant to this case or could even be considered an adjudicative fact. The Court cannot discern, for example, how the facts all Social Security Numbers or EIN "in the United States are 9 digits and follow the format of XXX-XX-XXXX"[6] are adjudicative facts related to the who, what, when, and where of this

---

[1] Fed. R. Evid. 201(a).
[2] Fed. R. Evid. 201(b).
[3] Fed. R. Evidence 201, Advisory Committee Notes; *United State v. Wolney,* 133 F.3d 758, 764 (10th Cir. 1998).
[4] *United States v. Iverson*, 818 F.3d 1015, 1030 (10th Cir. 2016) (O'Brien, C.J., concurring) (quoting *United States v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976)); *see also* Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence, § 2:2 (4th ed. 2013) ("[A]djudicative facts are the 'who, what, where, and when' of a lawsuit....").
[5] *United States v. A & R Productions,* No. 01-0072-MV, 2014 WL 12787914, at *1 (citing Fed. R. Evid. 401).
[6] See ECF NO. 226, at 6.

lawsuit and are relevant, making the existence of any fact of consequence more or less probable than it would be without this evidence. The Court declines to take judicial notice of the facts set out in Nelson's Motions for Judicial Notice.

For the reasons stated above, the Court **DENIES** Nelson's Motions for Judicial Notice **(ECF Nos. 226, 227, and 228).**

**IT IS SO ORDERED.**

Dated September 20, 2022, in Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
