# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. **& CHAD M. KOEHN** Plaintiffs, counter-defendants v. Michael Nelson defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.:** 5:22-CV-04008-JWB-GEB **CIVIL ACTION** **Response to Document 233 Memo in Opposition to Request for Judicial Notice Doc. 226** [Jury Trial Demanded] |

Counter-Plaintiff / Defendant ("Nelson"), makes "LIMITED APPEARANCE" to file

**Reply Response to Doc 233 Memo in Opposition to Request for Judicial Notice Doc. 226:**

LEGAL AUTHORITY

*Khoja v. Orexigen Therapeutics, 899 F.3d 988, 999 (9th Cir. 2018), cert. denied ___ U.S. ___, 139 S.Ct. 2615, 204 L.Ed.2d 264 (2019)*; "[a] court must also consider—and identify—which fact or facts it is noticing from ... [a document]."

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, 2 LLC, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015)* (taking judicial notice of online government records)

**DISCUSSION:**

Judicial Notice requested in Doc. 226, provides publicly available documents, whose authenticity cannot be reasonably questioned, drawing attention to specifics, within those documents pursuant with ***Khoja***, the specific facts, "[a] court must also consider – and identify –which fact or facts it is noticing from". As submitted the documents are signed under the penalties of PERJURY by the Plaintiff's themselves. Pointing out specific facts within those documents saves the Court, providing for Judicial Conservation of resources and the parties from having to sift through the documents, keeping in line with the findings under **Khoja**.

I have not sought to exceed the intent of Judicial Notice. Order 183, did not state Judicial Notice is improper on the documents sought for such, in fact Order 183 encouraged refiling of

the Judicial Notice requests. Besides to this date after multitude of requests <u>Koehn still refuses to provide a shred of evidence to support the SLAPP (Strategic Lawsuit Against Public Participation), nor provide any disclosures nor a single shred of competent evidence supporting a prima facie case</u>, as envisioned by the Kansas Legislature in the creation of <u>Kansas's strong anti-SLAPP legislation,</u> *Kan. Stat. Ann. § 60-5320(d) (2019); FRCP 81(d)(1)*.

**KOEHN's attempt at referencing past filings the Court has ORDERED stricken per Order 183, is improper.** <u>Equally improper is Koehn's description of documents he himself signed under penalty of perjury, as "fictional filings",</u> the request for Judicial Notice and the specific information so identified in the request Doc. 226, is proper and correct, whereas Mr. Kellogg's purposeful asperase is unwarranted **violating Kansas Rules of Professional Conduct**.

I am pro se, not aware of attaching documents for the plaintiffs to authenticate, as Judicial Notice is the proper means. To this date plaintiff's have refused to reply to discovery requests, permit inspections, allow for depositions, answer interrogatories, provide disclosures, there is zero discovery which Kellogg will allow or provide. <u>Plaintiff's have gone as far as to purposefully and maliciously interfere with a third party Federal Subpoena, issued, requiring compliance by others, the interference will be the subject of a forthcoming motion(s) and objection(s).</u> Plaintiff's make frivolous unsupported harassment styled accusations regarding the good faith seeking of Judicial Notice of documents they themselves signed under penalty of perjury, they offer no foundation to support their opposition except to malign the good faith efforts I have made in moving this case towards resolution, seeking Judicial Notice of specified facts, seeking an Order as requested in Doc. 226. Kellogg's misuse of memorandum to disparage my person, spew forth language as to malign my good faith and extension, violates the Rules, as does Kellogg's attempt to de facto request permission to file new motions is improper.

As is improper for Koehn etAl. to state that documents which Koehn himself swears under penalty of perjury are true and are public documents and records freely available to the public, the request for Judicial notice goes directly to support the motion to dismiss this frivolous incongruous SLAPP (STRATEGIC LAWSUIT AGAINST PUBLIC PARTICIPATION) lawsuit created by the plaintiffs for apparently no legitimate purpose other than harassment. The facts sought for Judicial Notice support specifically the motions before the Court. Yet, it is the plaintiffs who also complain, I am unable to expound upon why the facts are worthy of judicial notice and state I may only request Judicial Notice of the documents and facts and not the why, which is defeative to my rights given the current motions to dismiss the frivolous SLAPP petition as now sit before this very Court. The fact of the existence of the documents in the public record and now supplied here to the US District of Kansas Federal Court for Judicial Notice in support of the facts as laid out in the motions to dismiss and defenses to this action makes the request for Judicial Notice correct and proper, yet plaintiffs now too complain the fact the request is made somehow is also wrong, yet it is the plaintiff's who signed these facts under the penalty of perjury therefore they are certainly worthy to be Judicially Noticed as to the perjury so committed upon those documents which are requested for Judicial Notice. As one mere example under Section C(7) of Schedule A, of Exhibit "B" to document 226, Koehn swears a 7 digit number he provided and signed under penalties of perjury for POMBRA, MANOJ, KUMAR, is a true and correct number, when the FACTS dictate otherwise, since SS and EIN numbers may only be 9 digits, demonstrating clear securities irregularities, which goes to the heart of the litigation, each fact sought for Judicial Notice supports the Motion to Dismiss this SLAPP petition of Koehn, and thus must be so noticed in the interests of substantial justice.

**WHEREFORE,** I, Michael Nelson, respectfully pray the Court will grant Judicial Notice as well documented and pleaded in document 226, including to the specified facts as stated made in good faith pursuant with *Khoja*, "Plaintiffs do not dispute the authenticity of Documents".

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and 10 with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 21st day of September 2022.

*/s/ Michael Nelson*

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

### Certificate of Service:

The undersigned hereby certifies that, on this same date, sent the foregoing to the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> upon filing which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*/s/ Michael Nelson*

Michael Nelson - Pro Se