KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., | ) |
| | ) |
| Plaintiffs | ) |
| vs. | ) Case No. 22-CV-04008-JWB-GEB |
| | ) |
| MICHAEL NELSON, | ) |
| | ) |
| Defendant | ) |
| | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 7(b), 15(a)(2), and D. Kan. Rule 7.1(a) and Plaintiffs, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith move this Court for leave to file Plaintiffs' Second Amended Complaint, a copy of the proposed Second Amended Complaint is attached hereto as Exhibit "A."

In support thereof, Plaintiffs contemporaneously submit their Memorandum of Law in Support as required by D. Kan. Rule 15.1(a).

WHEREFORE, Plaintiffs, Chad M. Koehn and United Capital Management of Kansas, Inc. respectfully Pray That This Court Will Grant Them Leave To File The Second Amended Complaint, a proposed copy of which is attached hereto as Exhibit "A.".

Dated September 22, 2022.

Respectfully Submitted,

/s/ Chris J. Kellogg
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

And

*/s/ Craig A. Brand, Esq.*

Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A/
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 22, 2022, the foregoing *Plaintiffs' Motion for Leave to File Second Amended Complaint* was electronically filed with the Court using the CM/ECF System, and, pursuant to Docket No. 123, caused to be mailed this same date by prepaid U.S. First Class Mail to Michael Nelson, 9450 S.W. Gemini Drive PMB 90924, Beaverton, OR 97008-71005, and caused to be emailed a true copy of the foregoing motion to Michael Nelson at oklahomaremote@gmail.com.

/s/ Chris J. Kellogg

KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHAD M. KOEHN, PERSONALLY, AND UNITED CAPITAL MANAGEMENT OF KANSAS, INC., a/k/a UNITEDCAPITALMANAGEMENT OF KANSAS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL NELSON, Individually, AND <br><br> PETER M. NELSON, Individually. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Case No. 22-CV-04008-JWB-GEB ) ) ) ) ) ) ) |

## PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT

Plaintiffs, CHAD M. KOEHN ("Mr. Koehn") and UNITED CAPITAL MANAGEMENT OF KANSAS, INC. a/k/a UNITED CAPITAL MANAGEMENT OF KANSAS, INC. ("UCM")(Together "Plaintiffs"), by and through their undersigned counsel, make the following claims against the Defendants, MICHAEL NELSON ("Michael Nelson) and PETER M. NELSON (Peter Nelson"), and allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, CHAD M. KOEHN, is a citizen of Salina County, Kansas and his principal place of business is located in Saline County, Kansas.

2. Plaintiff, UNITED CAPITAL MANAGEMENT OF KANSAS, INC. a/k/a UNITED CAPITAL MANAGEMENT OF KANSAS, INC., is a Kansas corporation, which maintains its principal place of business in Saline County, Kansas.

3. Defendant, MICHAEL NELSON, is a citizen of the State of Nevada, residing in or around the home of Defendant, PETER M. NELSON, 33 Hartford Ave., Wakefield, Washington County, Rhode Island. At all times material hereto is Peter Nelson knowingly and fully supporting Michael Nelson and his wrongful actions.

4. Defendant, PETER M. NELSON, the father of Defendant, MICHAEL NELSON, is a citizen of the State of Rhode Island, and resides at 33 Hartford Ave., Wakefield, Washington County, Rhode Island. Upon information and belief, Defendant Peter Nelson was an officer or director in Rhody, Inc., a Nevada corporation, founded by Michael Nelson.

5. The Court has diversity jurisdiction over the parties and this action pursuant to 28 U.S.C. § 1332(a)(1) in that each of Plaintiffs' claims against the Defendants involve citizens of different states and the amount of each of Plaintiffs' respective claims is in excess of $75,000.00, exclusive of interest and costs.

6. Venue of the action lies in Saline County, Kansas, in that the wrongful actions of the Defendant were intended to affect the Plaintiffs at their principal place of business in Saline County, Kansas, and the defamatory statements and the substantial majority of Defendant's intentional interference with Plaintiffs' business relationships occurred within the State of Kansas.

**GENERAL ALLEGATIONS**

7. At all times material hereto, UCM has been a financial consulting firm, and Mr. Koehn has been the President of UCM, also performing the functions of a Chief Executive Officer and a Chief Operating Officer of UCM.

2

8.  At all times material hereto, Plaintiffs had been a registered investment advisor with the Financial Industry Regulatory Authority ("FINRA"), through the use of a Series 7 license until Plaintiff Chad Koehn voluntarily surrendered the license in 2020 as it was no longer in use.

9.  At no time has the Defendant MICHAEL NELSON:

    a. Ever worked for any of the Plaintiffs;

    b. Ever personally met any of the Plaintiffs;

    c. Ever done business with any of the Plaintiffs;

    d. Ever been a shareholder of United Capital Management of Kansas, Inc.;

    e. Ever been affiliated with either Plaintiff;

    f. Ever been a client of any of the Plaintiffs; and/or

    g. Ever had lawful permission or consent to obtain or be in the possession of any proprietary or confidential or internal company records, information, listings, pricing, client information, company commission listings, company filings, client lists, internal company records, company emails or text messages, personal information belonging to Chad Koehn, family information belonging to Chad Koehn including but not limited to information concerning Chad Koehn's children.

10. Beginning in 2003 and continuing to the present day, Defendant, MICHAEL NELSON, engaged in a pattern of on-line, telephone calls and voice mail messages attacking third parties whom Mr. Nelson personally considered as acceptable targets of his vitriol. While simultaneously attacking third parties such as the Plaintiffs, Defendant simultaneously paints himself as a victim to justify his disruptive, damaging and vengeful actions.

3

11. Relevant to this case but beginning with a completely separate entity and set of facts that Defendant MICHAEL NELSON is involved in is that of his employment discharge, for cause, from a company operating out of Texas and Oklahoma known as Anthem Vault, Inc. On or about February 24, 2019, Defendant MICHAEL NELSON was terminated as an employee of Anthem Vault, Inc. for cause as he allegedly threatened the life of one of the Company's Board of Directors. Plaintiffs have no personal knowledge of such termination and were not involved in this doing.

12. At all times material hereto, including at the time of Defendant's termination as an employee of Anthem Vault, Inc., Anthem Blanchard and Cynthia Blanchard have been officers of Anthem Vault, Inc.

13. Neither Anthem Vault, Inc., Anthem Blanchard and/or Cynthia Blanchard are officers or directors or shareholders of the Plaintiff UCM.

14. On or about October 2019, approximately eight (8) months after the termination of Defendant by Anthem Vault, Inc., Anthem Vault, Inc. became a lawful subsidiary of Anthem Holdings Company, a Delaware Corporation. Anthem Blanchard and Cynthia Blanchard, his wife, have been directors, officers, employees and/or shareholders of Anthem Holdings Company.

15. Commencing upon his termination by Anthem Vault, Inc. on or about February 24, 2019, Defendant MICHAEL NELSON embarked upon a vengeful scorched earth campaign to malign Anthem and Cynthia Blanchard, their family members and anyone associated with them in business, without care or fear of the consequences and harm of his spiteful actions.

16. In or about October 2020, more than 20 months after he had been terminated by Anthem Vault, Inc., Defendant MICHAEL NELSON learned that the Plaintiff Koehn personally

4

invested in Anthem Holdings Company, and that some of UCM's clients had invested in Anthem Holdings, Inc., in the amount of $5,000,000.00.

17. On information and belief, or about December 2020, Mr. Nelson committed what is known in the information technology ("IT") field as a "Black Hat Attack" on Plaintiffs' electronically stored computer records and, without receiving authority from the Plaintiffs, intercepted, and appropriated to his own use, Plaintiffs' confidential client and investor list.

18. Upon obtaining Plaintiffs' confidential client list, on or about December 28, 2020, Mr. Nelson began a campaign of contacting Plaintiffs' confidential clients listed in **Exhibit "A"** attached hereto, commencing on the dates next to their names in **Exhibit "A"** , by U.S. mail, or electronic mail using the email addresses pseudonyms, including but not limited to: nelsontelco@gmail.com, angryfather@protonmail.com, and/or cryptofraud@protonmail.com, and/or blingblingblacnchard@protonmail.com and/or padrimquel@icloud.com and/or by telephone calls and/or voice mails stating grossly inaccurate and false facts, claiming false identities in order to give the false appearance of officiality, alternatively, Mr. Nelson claimed he was an investigator for the Securities Exchange Commission ("SEC"), that the FBI and other law enforcement agencies were investigating Chad Koehn and UCM for criminal actions, that Mr. Koehn was the subject of multiple sexual harassment claims, that Mr. Koehn was a pedophile, that Mr. Koehn was involved in a human tracking ring, that Mr. Koehn had been involved in an international money laundering scheme for Anthem Holdings, Anthem Blanchard and/or Cynthia Blanchard, that Mr. Koehn had falsified documents filed with the SEC, that Mr. Koehn was under criminal investigation, that lawsuits were being filed against Mr. Koehn throughout the United States, that Mr. Koehn had hired a hit team to kill Mr. Nelson, Mr. Nelson's children and his parents, that Plaintiffs' client, whom Mr. Nelson contacted, figured prominently in the ongoing

investigations and would be a named party in any pending SEC and/or criminal actions against the Plaintiffs, and that the Plaintiffs were somehow engaged in criminal activities adverse to the United States of America. Each of the persons listed in Exhibit "A" were located in Kansas when the defamatory statements were made by Mr. Nelson, with the exception of Jason Bach (Nebraska), David Huard (Oklahoma), Travis and Trisha Scott (Nebraska), Douglas Rempp (Arizona), Randy Phillips (Texas), Carla Kessler (Texas) and Tim Emick (Colorado).

19. On or about September 6, 2022, and thereafter, Mr. Nelson commenced a campaign, under the guise of preparing proposed subpoenas for records in this action, by contacting by individual phone calls, voice mails, and/or emails the following confidential clients of Plaintiffs, Eric and/or Valorie Everhart, Norma Griffin, Peter Hake, Brad and Christine Harding, Brian and/or Sally Keeler, Douglas and/or Sharon Loewen, Bob Ott, Craig and/or Melissa Piercy, Charlotte M. Regan, Deborah Shirack, Charles and Marsha Weaver, Curt and/or Lisa Weninger, Charles and/or Sandra Worden, Jerry Short, Jerry Mihm, John Horacek, Joyce A. Barkman, Laura Nelson, Marion and/or Susan Dome, Mark and/or Connie Cole, Michael and/or Roselene Braxmeyer, Jim and/or Sherri Fouts, Joey and/or Alison Errington, Kelly and/or Rebecca Leon, Mark Lofing, Douglas W. Rempp, Glenn Brands, and/or Heather Jantz, and falsely stating as facts to them, "There are multiple lawsuits being filed in New York and up and down the East Coast against Chad Koehn and your name keeps coming up on multiple documents in these lawsuits, Mr. Koehn has falsified records filed with the SEC, Plaintiffs have stolen Michael Nelson's proprietary software developed by Mr. Nelson in 1995, and/or Mr. Koehn is under multiple criminal investigations, and/or demonstrating to the Plaintiffs' client that Mr. Nelson had researched the client's on-line history, secretary of state filings and use of twitter and other social media applications, and that in the case of male clients, stating that their name is associated with "young

women" and Mr. Nelson would like to talk with you "man-to-man". Each of the persons to whom these defamatory statements were made were in Kansas when Mr. Nelson made the statements, with the exception of Charlotte M. Regan (Texas), Charles and Marsha Weaver (Florida), Joey and Alison Errington (Minnesota), and Douglas W. Rempp (Arizona).

20. At all times material hereto, the Defendant PETER NELSON knew of his son's wrongful conduct, his propensity to scorch earth at any cost and without care or reason as to the harm caused, and encouraged and assisted through his support, monies, efforts, omissions, and cooperation.

### FIRST CLAIM-DEFAMATION OF CHAD M. KOEHN'S BUSINESS AND PERSONAL REPUTATION AND GOOD NAME
**(against Michael Nelson)**

21. Plaintiffs reallege paragraphs 1 through 20 above and incorporate them herein by reference as if fully set out verbatim.

22. The allegations, *supra*, made by Mr. Nelson to the third-parties concerning Mr. Koehn were knowingly false and intentionally defamatory at the time Mr. Nelson made the statements. The DEFENDANT MICHAEL NELSON made these defamatory comments with malicious intent, premeditated and with no care or concern as to the harm that would result.

23. As a result of Mr. Nelson's false and defamatory statements set forth above, Mr. Koehn has been embarrassed and humiliated in front of his business associates, family and friends and his reputation and good name has been damaged by Mr. Nelson in a sum well in excess of the judicial minimums involving the jurisdiction of this Court, i.e., $75,000, exclusive of interest and costs.

24. Mr. Nelson's defamatory statements concerning Mr. Koehn were intentionally made in order to gratify Mr. Nelson's personal desires to cause harm to Mr. Koehn's business and

7

public reputation and his good name and are so offensive as to shock the conscience of the community and warrant the imposition of punitive damages.

## SECOND CLAIM-INTENTIONAL INTERFERENCE WITH PLAINTIFFS' PROSPECTIVE BUSINESS RELATIONSHIPS/EXPECTED BUSINESS ADVANTAGES
**(against Michael Nelson)**

25. Plaintiffs reallege paragraphs 1 through 24, above and incorporate them herein by reference as if fully set out verbatim.

26. At all times material hereto, Plaintiffs were licensed as Investment Advisors and earned income from ongoing business relationships with the individuals named in Exhibit 'A" and the individuals named in paragraphs 18 and 19 above, and had the expectation of earning from all of them additional income from referrals, continuing business, and commissions earned or to be earned.

27. At all times material hereto, Michael Nelson knew of the Plaintiffs existing business relationships with the individuals named in Exhibit 'A" and the individuals named in paragraphs 18 and 19 above, and knew of Plaintiffs' expectation of earning additional income from future third-party referrals and direct or indirect business from these individuals.

28. Michael Nelson has not been, nor is, a business competitor of Plaintiffs.

29. Michael Nelson's actions described above were wanton and callous and without legal justification.

30. At all times material hereto, Michael Nelson, for his personal gratification, intended that his statements made would interfere with Plaintiffs' ongoing business relationships and expectation of future relationships and did interfere with Plaintiffs' business relationships with the individuals named in Exhibit 'A" and the individuals named herein above, *supra*.

31. Except for the conduct of Michael Nelson described above, Plaintiffs had a reasonable certainty that the individuals named in Exhibit 'A" and the individuals named in paragraphs 18 & 19 above, would continue providing Plaintiffs with income from third-party referrals and/or direct and indirect business and relations.

32. As a result of Michael Nelson's actions described above, the individuals named in Exhibit 'A" and the individuals named in paragraphs 18 and 19 above, ceased, in whole or in part, as to their business or referrals, ceased, in whole or in part, thereby causing Plaintiffs to lose income, reputation, good-will and earnings.

33. As a result of Michael Nelson's actions described above, Plaintiffs have been damages in a sum well in excess of the Court's minimum jurisdictional limits of $75,000.00, exclusive of interest and costs.

34. Michael Nelson's statements concerning Mr. Koehn were intentionally made in order to gratify Michael Nelson's personal desires to cause harm to Plaintiffs through interfering with Plaintiffs' advantageous and ongoing business relationships and are so offensive as to shock the conscience of the community and warrant the imposition of punitive damages.

**THIRD CLAIM-AIDING AND ABETTING MICHAEL NELSON IN INTENTIONALLY INTERFERING WITH PLAINTIFFS' EXPECTATION OF CONTINUING BUSINESS RELATIONSHIPS/EXPECTED BUSINESS ADVANTAGES**
**(Against Peter M. Nelson)**

35. Plaintiffs reallege paragraphs 1 through 20 and 25 through 34, above, and incorporate them herein by reference as if fully set out verbatim.

36. At all times material hereto, Defendant, PETER M. NELSON, knew of the prior acts to both defame Mr. Koehn and to interfere with the Plaintiffs' existing and expected business relationships.

EXHIBIT ONLY

37. At all times material hereto, Peter Nelson knowingly and intentionally, and with full knowledge that he was aiding and abetting Michael Nelson's activities, including, but not limited to, providing Michael Nelson (a) financial support in order to carry out his tortious activities, (b) a place or comfort from which Michael Nelson would continue his tortious activities, (c) encouraging Michael Nelson to pursue his wrongful interference with Plaintiffs' existing and expected continuing business relationships, and/or, (d) knowingly and intentionally failing to stop or alert the Plaintiffs or law enforcement to the wrongful conduct engaged in by Michael Nelson, or, disassociate himself from Michael Nelson and the scorched earth conduct Michael Nelson was engaged in against the Plaintiffs and in fact continued his support by action or omission of his son Michael Nelson. The actions of Peter Nelson were made in concert with and with the acceptance of Michael Nelson.

38. As a result, Peter Nelson is vicariously liable for aiding and abetting Michael Nelson's intentional interference with Plaintiffs' prospective business relationships, which actions are ongoing and continuing.

39. As a result of the actions of Peter Nelson, Plaintiffs have been damaged in a sum well in excess of the Court's minimum jurisdictional amount of $75,000.00, exclusive of interest and costs.

40. Additionally, at all times material hereto, Peter Nelson has known that the statements concerning Mr. Koehn and UCM were intentionally made in order to gratify Michael Nelson's personal desires to cause harm to Plaintiffs through interfering with Plaintiffs' advantageous and ongoing business relationships and are so offensive as to shock the conscience of the community and warranty the imposition of punitive damages against Peter Nelson.

**WHEREFORE**, Plaintiffs, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC. a/k/a UNITED CAPITAL MANAGEMENT OF KANSAS, demand:

A. Judgment against Defendant, MICHAEL NELSON, on Count I of this action in a sum well in excess of $75,000.00, exclusive of interest and costs, plus punitive damages in a sum to be determined by the trier of fact;

B. Judgment against Defendant, MICHAEL NELSON, on Count II of this action in a sum well in excess of $75,000.00, exclusive of interest and costs, plus punitive damages in a sum to be determined by the trier of fact;

C. Judgment against Defendant, PETER M. NELSON, on Count III of this action in a sum well in excess of $75,000.00, exclusive of interest and costs, plus punitive damages in a sum to be determined by the trier of fact;

D. Such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiffs hereby request a jury trial of all issues triable as of right by and to a jury.

Dated: September 22, 2022

                                                                              Larry G. Michel, #14067
                                                                              Chris J. Kellogg, #21651
                                                                              KENNEDY BERKLEY
                                                                              119 W. Iron, 7th Floor
                                                                              P.O. Box 2567
                                                                              Salina, KS 67402-2567
                                                                              (785) 825-4674
                                                                              (785) 825-5936
                                                                              lmichel@kenberk.com
                                                                              ckellogg@kenberk.com
                                                                             *Attorneys for Plaintiffs/Counter-Defendants*

and

Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A.
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

*/s/ Craig A. Brand, Esq.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on _____, 2022, the foregoing *Plaintiffs' Second Amended Complaint* was electronically filed with the Court using the CM/ECF System, and, pursuant to the Order of the Court, the undersigned caused to be mailed a true copy of the foregoing motion to Michael Nelson, by prepaid First Class United States Mail addressed to Michael Nelson, 9450 SW Gemini Dr PMB 90924, Beaverton, OR 97008-7105, and caused to be emailed a true copy of the foregoing motion to Michael Nelson at oklahomaremote@gmail.com.

/s/ _____

# EXHIBIT "A"

| NAME | DATE |
|---|---|
| Mark Cole | 12/28/2020 |
| Tim Brush | 12/30/2020 |
| Richard Bieker | 12/30/2020 |
| Stan Byquist | 12/30/2020 |
| Vince Bengston | 12/30/2020 |
| Susan Deges | 12/30/2020 |
| Reed Koehn | 12/30/2020 |
| Mark Lofing | 12/30/2020 |
| Kelly Leon | 12/30/2020 |
| Jason Bach | 12/30/2020 |
| LaDonna Busch | 12/30/2020 |
| Doug Loewen | 12/30/2020 |
| David Huard | 12/30/2020 |
| Norma Griffin | 12/30/2020 |
| Dan Walter | 12/30/2020 |
| Craig Piercy | 12/30/2020 |
| Ben Suing | 12/30/2020 |
| Brad Harding | 12/30/2020 |
| Bill Kern | 12/30/2020 |
| Adam McMillin | 12/30/2020 |
| Travis & Trisha Scott | 12/29/2020 |
| Brian Keeler | 12/31/2020 |
| Jerry Deihl | 12/29/2020 |
| Dan Rapp | 12/29/2020 |
| Shannon Bengston | 12/29/2020 |
| Richard Risewick | 12/29/2020 |
| Ron Stratman | 12/29/2020 |
| Mike Fechter | 12/29/2020 |
| Marion Dome | 12/29/2020 |
| Glenn Brands | 12/30/2020 |
| Eric Everhart | 12/30/2020 |
| Doug Rempp | 12/30/2020 |
| Chad Koehn | 1/27/2021 |
| Michael Braxmeyer | 1/7/2021 |
| Jerry Short | 1/7/2021 |
| Wayne Cook | 1/5/2021 |
| Randy Phillips | 1/5/2021 |
| Debbie Shirack | 1/5/2021 |
| Ronnie Stanley | 1/5/2021 |
| Tod Roberg | 1/27/2021 |
| Jerad Busch | 1/22/2021 |
| Jim & Tresea Matney | 1/28/2021 |
| Carla Kessler | 2/3/2021 |
| Joe Newman | 2/3/2021 |
| Barry Madden | 2/3/2021 |

Tim Emick        2/3/2021
April Dome       2/11/2021