KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| Plaintiffs ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| Defendant ) | |
| ) | |

**PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO QUASH DEFENDANT MICHAEL NELSON'S FED. R. CIV. P. 45(a) NOTICE OF SERVICE OF SUBPOENA FOR PRODUCTION AND PROPOSED SUBPOENA TO DONALD F. HOFFMAN, ESQ. (D. 165 AND 165-1) AND PROOF OF SERVICE OF SUBPOENA ON DONALD F. HOFFMAN, ESQ. (d. 237), AND CERTIFICATE OF CONFERRAL**

Pursuant to Fed. R. Civ. P. 26(c), 34 and 45 and D. Kan. Rule 7.1(a) and 37.1, Plaintiffs/Counter-Defendants, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., by and through their undersigned counsel, herewith respectfully move this Court to **Quash Defendant MICHAEL NELSON's Fed. R. Civ. P. 45(a) Notice of Subpoena and Proposed Subpoenas filed by Mr. Nelson as Document No. 165 through 165-1 and the Proof of Service on Donald F. Hoffman, Esq., filed as Document 237**. A copy is attached hereto as Composite Exhibit "A". The Subpoena requests production of: "Interrogatories, depositions, files, notes, harassment settlements, case files pertaining to UCMK and Chad Mitchell Koehn (Chad Koehn) relating to case Chad Koehn and UCMK vs. Christopher Giroux." The Subpoena

1

improperly seeks documents outside the scope of the pleadings in violation of Fed. R. Civ. P. 25(b)(1). To the extent that Defendant seeks to obtain information from the court records, he is certainly able to obtain those records without placing an undue burden on Attorney Hoffman.

WHEREFORE, Plaintiffs/Counter-Defendants, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., respectfully pray that this Court will Quash Defendant MICHAEL NELSON's Fed. R. Civ. P. 45(a) Notice of Subpoena and Proposed Subpoenas filed by Mr. Nelson as Document No. 165 through 165-1 and the Proof of Service on Donald F. Hoffman, Esq., filed as Document 237.

Dated September 22, 2022.

Respectfully Submitted,

/s/ Chris J. Kellogg    #21651
KENNEDY BERKLEY
119 W. Iron St. - 7th Floor
PO Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936
E:      ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

and

/s/ Craig A. Brand, Esq.
_____
Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A/
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

**D. KAN. RILE 37.2 CERTIFICATE OF CONFERRAL**

I hereby certify that I have conferred with the Defendant, MICHAEL NELSON, and he has advised that he opposes this motion.

/s/ Chris J. Kellogg

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 22, 2022, the foregoing document was electronically filed with the Court using the CM/ECF System, and the undersigned caused to be mailed a true copy of the foregoing by Prepaid First Class U. S. Mail to Michael Nelson, cased to be emailed a true copy to Michael Nelson, 9450 SW Gemini Dr. PMB 90924 Beaverton OR 97008, a courtesy copy to oklahomaremote@gmail.com, and a true copy by email to Donald F. Hoffman, Esq. at donhoff@eagle.com.

/s/ Chris J. Kellogg

# COMPOSITE EXHIBIT "A"

# UNITED STATES FEDERAL DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. <br> **& CHAD M. KOEHN** <br><br> Plaintiffs, counter-defendants <br> v. <br> Michael Nelson <br><br> Defendant; Counter-Plaintiff    PRO-Se. | **DOCKET NO.:    5:22-CV-04008-JWB-GEB** <br> CIVIL ACTION <br><br> NOTICE OF FEDERAL SUBPOENA <br> To Issue to: Donald F. Hoffman, ESQ <br> In accordance with FRCP <br> According to the Clerks of the Court <br> provided herewith Ex. "A" notice to <br> opposing parties Fed. R. Civ. P. 45(a)(4) <br><br> [Jury Trial Demanded] |

Counter-Plaintiff / Defendant ("Nelson"), makes "LIMITED APPEARANCE" to file **NOTICE of FEDERAL SUBPOENA to Issue to Donald F. Hoffman, ESQ**:

1. Pursuant with filings by attorney Christoperh J. Kellogg wherein Rule 33 interrogatories are filed to the Court docket in this matter, the attached herewith Exhibit "A" is so filed, providing said notice as required in Fed. R. Civ. P. 45(a)(4), having now so accomplished for the Clerk's of the Court can sign and the Federal Subpoena can then issue to the person it is directed.

2. The subpoena attached herewith as Exhibit "A" is being sought in good faith for information which is discoverable and/or information which may lead to evidence in the matter before the Court.

3. In accordance with instructions from the Clerks of the Court the attached herewith Subpoena is tendered here as Exhibit "A".

**WHEREFORE,** having provided the attached herewith FEDERAL SUBPOENA to issue forthwith to: Donald F. Hoffman, ESQ, seeking information as it pertains to:  **Interrogatories,**

---

**NOTICE OF FEDERAL SUBPOENA TO ISSUE to the Herein Identified in accordance with Fed. R. Civ. P. 45(a)(4) Notice is so tendered, According to the Clerks of the Court having now so noticed and tendered a copy of Federal Subpoena provided herewith Ex. "A" said Subpoena can be signed and so issue to the so identified person made herein**

depositions, files, notes, harassment settlements, case files pertaining to UCMK and **Chad Mitchell Koehn (Chad Koehn) relating to case Chad Koehn and UCMK vs. Chirstopher Giroux**, is now provided to the opposing party hereto and herewith the attached Exhibit "A" and therefore in accordance with instructions from the Clerk's of the Court, the Federal Subpoena can now issue with signature of the Clerk of the Court for service upon the individual so therein named.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S.* "pro se … however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so **construed as to do substantial justice"**). "filings generously and with the leniency due pro se litigants", *see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).*


Respectfully Submitted, this 27th day of August 2022.

*/s/ Michael Nelson*

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

---

**NOTICE OF FEDERAL SUBPOENA TO ISSUE to the Herein Identified in accordance with Fed. R. Civ. P. 45(a)(4) Notice is so tendered, According to the Clerks of the Court having now so noticed and tendered a copy of Federal Subpoena provided herewith Ex. "A" said Subpoena can be signed and so issue to the so identified person made herein**

**Certificate of Service as to:**

**NOTICE of FEDERAL SUBPOENA as attached herewith this Notice**

The undersigned hereby certifies that, on this same date, filed the **above Notice and Exhibit "A", Federal Subpoena** with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, for the opposing parties as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1; filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order of Saline County Court Judge Paul J. Hickman, expect wherein permitted by law wherein Chad Mitchell Koehn is the subject of a Federal Subpoena or other Legal Notice permitted by law to be so noticed upon Chad Mitchell Koehn

Respectfully Submitted, this 27th day of August 2022.

*/s/ Michael Nelson*

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434  Email: oklahomaremote @ gmail.com

———————————————————————————————————————————————
**NOTICE OF FEDERAL SUBPOENA TO ISSUE to the Herein Identified in accordance with Fed. R. Civ. P. 45(a)(4) Notice is so tendered, According to the Clerks of the Court having now so noticed and tendered a copy of Federal Subpoena provided herewith Ex. "A" said Subpoena can be signed and so issue to the so identified person made herein**

# EXHIBIT

# "A"

# To Follow . . .

===========================================================================

*FEDERAL SUBPOENA to ISSUE in Matter:*

**DOCKET NO.:   5:22-CV-04008-JWB-GEB**

**United Capital Management of Kansas Inc. and Chad M. Koehn vs. Nelson**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | )
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*
                                        OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**.<br>**& CHAD M. KOEHN**<br><br>Plaintiffs, counter-defendants<br>         v.<br>Michael Nelson<br><br>    defendant; Counter-Plaintiff     PRO-Se. | **DOCKET NO.:     5:22-CV-04008-JWB-GEB**<br>__CIVIL ACTION__<br><br>**NOTICE Federal Subpoena to Donald Hoffman returned Executed (Served)**<br><br>**[Jury Trial Demanded]** |

Counter-Plaintiff / Defendant ("Nelson"), makes "LIMITED APPEARANCE" to file

**NOTICE Federal Subpoena to Donald Hoffman returned Executed (Served):**

If it pleases the Court, please TAKE NOTICE, the attached herewith Federal Subpoena issued to Donald Hoffman, has been returned executed and so served upon Mister Donald Hoffman, pursuant to the terms as issued.

WHEREFORE, please see attached herewith executed and served subpoena.   Donald Hoffman has been served on 19 September 2022, with Federal Subpoena, duly issued to him: Mr. Donald F. Hoffman, ESQ donhoff@eaglecom.net Dreiling Bieker & Hoffman111 W 13th StHays. Kansas67601-3613United States, seeking:   "Interrogatories, depositions, files, notes, harassment settlements, case files pertaining to UCMK and Chad Mitchell Koehn (Chad Koehn) relating to case Chad Koehn and UCMK vs. Chirstopher Giroux".

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and

10 with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007);

Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 20th day of September 2022.

*[signature]*

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, sent the foregoing to the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> upon filing which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature]*

Michael Nelson - Pro Se

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
KANSAS

UnitedCapitalManagementofKansas & Chad Koehn
*Plaintiff*
v.
Michael Nelson
*Defendant*

Civil Action No. 5:22-CV-04008-JWB-GEB

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Mr. Donald F. Hoffman, ESQ  donhoff@eaglecom.net
Dreiling Bieker & Hoffman 111 W 13th St Hays. Kansas 67601-3613 United States

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Interrogatories, depositions, files, notes, harassment settlements, case files pertaining to UCMK and Chad Mitchell Koehn (Chad Koehn) relating to case Chad Koehn and UCMK vs. Chirstopher Giroux

| Place: Provide via electronic mail and/or dropbox delivery files, depositioins, interrogatories, sexual settlements, other papers email:oklahomaremote@gmail.com | Date and Time: 09/30/2022 3:47 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/15/2022

CLERK OF COURT

OR

s/M. Barnes, Deputy Clerk
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Michael E. Nelson                                                                                 , who issues or requests this subpoena, are:
9450 SW Gemini Dr. PMB 90924 Beaverton OR 97008    oklahomaremote@gmail.com   p:  918.992.0022

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:22-CV-04008-JWB-GEB

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Donald Hoffman on *(date)* September 16, 2022.

☒ I served the subpoena by delivering a copy to the named person as follows: Donald Hoffman
Personal service at 111 W 13th St, Hays, KS @ 4:55 p.m.
on *(date)* September 19, 2022 ; or

☐ I returned the subpoena unexecuted because: 

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ .

My fees are $ _____ for travel and $ 100.00 for services, for a total of $ 100.

I declare under penalty of perjury that this information is true.

Date: September 19, 2022

*Server's signature*

Chad Maier / Special Process Server
*Printed name and title*

Attorneys Process Service of Kansas, LLC
P.O. Box 781444, Wichita, KS 67278-1444
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).