KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:	(785) 825-4674
F:	(785) 825-5936

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL. , | ) |
| | ) |
| **Plaintiffs** | ) |
| vs. | ) Case No. 22-CV-04008-JWB-GEB |
| | ) |
| MICHAEL NELSON, | ) |
| | ) |
| **Defendant** | ) |
| | ) |

**PLAINTIFF/COUNTER-DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH DEFENDANT MICHAEL NELSON'S FED. R. CIV. P. 45(a) NOTICE OF SERVICE OF SUBPOENA FOR PRODUCTION AND PROPOSED SUBPOENA TO DONALD F. HOFFMAN, ESQ. (D. 165 AND 165-1) AND PROOF OF SERVICE OF SUBPOENA ON DONALD F. HOFFMAN, ESQ. (D. 237)**

Pursuant to D. Kan, Rule 7.1(a)., Plaintiffs/Counter-Defendants, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., by and through their undersigned counsel, herewith submit their MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO QUASH DEFENDANT MICHAEL NELSON's Fed. R. Civ. P. 45(a) Notice of Subpoena and Proposed Subpoenas filed by Mr. Nelson as Document No. 165 through 165-1 and the Proof of Service on Donald F. Hoffman, Esq., filed as Document 237.

The Subpoena requests production of: "Interrogatories, depositions, files, notes, harassment settlements, case files pertaining to UCMK and Chad Mitchell Koehn (Chad Koehn) relating to a case styled, <u>Chad Koehn and UCMK vs. Christopher Giroux</u>.

1

# ARGUMENT

Fed. R. Civ. P. 26(b)(1) provides:

*Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.*

"'As a threshold matter, Defendants must demonstrate standing in order to oppose the subpoena. Generally, a "motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed.' The court may make an exception if the party seeking to challenge the subpoena has a personal right or privilege regarding the information requested.'" *Martley v. City of Basehor, Kansas*, No. 19-cv-02138-DDC-GEB, 2022 WL 1302820, at *2 (D. Kan. May 2, 2022)(citing *Warkins v. Piercy*, No. 16-MC-216-CM, 2016 WL 7188284, at *3 (D. Kan. Dec. 12, 2016)). Defendant appears singularly focused on alleged (made up), sexual harassment issues, which are inserted purely as a revenge tactic and tool to harm Plaintiffs as the Defendant knows that these filings and the defamation therein becomes a public record and that these filings float around and through the internet for purposes of dissemination or searches. Mr. Nelson takes such actions, in part, because he is unhappy that Mr. Koehn filed and obtained a Restraining Order against Mr. Nelson, in the separate State Court action, discussed by Defendant Nelson in his various, outrageous filings, attacks on the Plaintiff and attacks on the Plaintiff's attorneys and volumes of outlandish, false accusations. Plaintiffs represent to this Court that the papers sought by the Defendant arise from a lawsuit filed by the Plaintiffs against one Mr. Giroux

having nothing to do with sexual harassment, but Intentional Interference with UCM's business relations. Defendant Nelson's subpoena is requesting that Mr. Giroux's legal counsel, Donald Hoffman, provides Nelson with documents that the attorney notes which may contain the mental impressions of Mr. Giroux; contain privileged records of the Plaintiffs and Mr. Hoffman's client, Mr. Giroux; contain the Plaintiffs' Confidential and Proprietary Client Lists going back to 2017; and, Contain a Settlement Agreement that includes a Confidentiality Provision and Non-Disarmament Clause that the Plaintiffs and Mr. Giroux are bound to; and, contain Attorney Work Product Privilege Information and writings.

<u>The Subpoena improperly seeks documents completely irrelevant and outside the scope of the pleadings in violation of Fed. R. Civ. P. 26(b)(1)</u>. The subpoena is meant by the Defendant Nelson purely as a means and tactic to harass, burden, prejudice, and further damage Mr. Koehn and UCM and their good-will. Mr. Giroux was a former employee of UCM, who ceased employment in 2017, well prior to the facts involved in this lawsuit. Mr. Hoffman represented Mr. Giroux in the lawsuit. The lawsuit is completely unrelated to any pending claims of the parties in this action and is intended by the Defendant to further burden the record with information completely outside the scope of the pleadings. To the extent that Defendant seeks to obtain information from the court records, he is certainly able to obtain those records without placing an undue burden on Attorney Hoffman.

"A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Comment to 2015 Amendment of Fed. R. Civ. P. 26(b)(1).

To the extent that the Court is inclined to inquire further into the matter, Plaintiffs/Counter-Defendants request the Court make an in-camera inspection of the requested documents prior to making a final decision on the issue.

WHEREFORE, Plaintiffs/Counter-Defendants, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., respectfully pray that this Court will Quash Defendant MICHAEL NELSON's Fed. R. Civ. P. 45(a) Notice of Subpoena and Proposed Subpoenas filed by Mr. Nelson as Document No. 165 through 165-1 and the Proof of Service on Donald F. Hoffman, Esq., filed as Document 237.

Dated September 22, 2022.

Respectfully Submitted,

/s/ Chris J. Kellogg
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
lmichel@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

and

*/s/ Craig A. Brand, Esq.*

Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A/
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 22, 2022, the foregoing document was electronically filed with the Court using the CM/ECF System, and the undersigned caused to be mailed a true copy of the foregoing by Prepaid First Class U. S. Mail to Michael Nelson, emailed a true copy to Michael Nelson, 9450 SW Gemini Dr. PMB 90924 Beaverton OR 97008, caused a courtesy copy to be emailed to oklahomaremote@gmail.com, and a true copy by email to Donald F. Hoffman, Esq. zt donhoff@eagle.com.

/s/ Chris J. Kellogg