# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**.<br><br>**& CHAD M. KOEHN**<br><br>Plaintiffs, counter-defendants<br>     v.<br>Michael Nelson<br><br>   defendant; Counter-Plaintiff    PRO-Se. | **DOCKET NO.:**    5:22-CV-04008-JWB-GEB<br>**CIVIL ACTION**<br><br>**Comparative Fault Identification and Analysis, Affirmative Defenses and Joinders of Involuntarily defendants**<br><br>**[Jury Trial Demanded]** |

<u>Counter-Plaintiff / Defendant ("Nelson"), makes "LIMITED APPEARANCE"</u> to file

**Comparative Fault Identification and Analysis, affirmative defense(s), joinders:**

In accordance with the Order of the Court signed by Judge Birzer and the list of instructions to the parties, the Court has demanded a "Comparative Fault Identification". *"**By September 23, 2022**, any party asserting comparative fault must identify all persons or entities whose fault is to be compared and specify the nature of the fault claimed."* (2)(c) page 3 of document 122.

     I am appearing pro se, out of necessity and am doing my best to provide to the Court its demands, which include this comparative fault analysis and identification.  A document filed pro se is "to be liberally construed," *Estelle, 429 U.S.* "pro se … however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so **construed as to do substantial justice"**).   I request the Court to take this attempt at "Comparative Fault Identification" to **do substantial justice**, as I have no idea what this Comparative Fault Analysis or Identification is supposed to look like or include, yet operating with **reason, logic,** <u>the truth,</u> and in **good faith,** I submit this Comparative Fault Identification, as part of an additional affirmative defense which I read is subject to the notice pleading requirements of Fed. R. Civ. P. 8(a). *Sprint Commc'ns Co. v. Theglobe.com, Inc., 233 F.R.D. 615, 618 (D. Kan. 2006) 5 (quoting Resolution Trust Corp., 1993 WL 501116, at *5).*   Both federal and state courts in Kansas

have recognized and referred to comparative fault as an affirmative defense, *See, e.g., Cuiksa v. Hallmark Hall of Fame Prods., Inc., No. 00-1389, 2004 WL 3 303553, at \*3 (D. Kan. Jan. 26, 2004) (citing Wooderson v. Ortho Pharm. Corp., 681 P.2d 1038, 1058-59 (Kan. 1984)); Resolution Trust Corp. v. Thomas, No. 92-2084, 1993 WL 501116, at \*5 (D. Kan. Nov. 18, 1993); cf. McGraw v. Sanders Co. Plumbing & Heating, 667 P.2d 289, 296 (Kan. 1983) (finding a defendant wishing to have his fault compared has the burden to plead and prove his claims by a preponderance of the evidence)* which I have now so herein submitted. From my readings on comparative fault, according to Fed. R. Civ. P. 8(c), it must be affirmatively pleaded, *Radio Corp. of Am. v. Radio Station KYFM, Inc., 424 F.2d 14, 17 (10th Cir. 1970)*, I have now done below according to the demands of the Court in Judge Birzer's Order Doc. 122. As I am pro se, and am reading the rules for the first time, I have not to the best of my knowledge ever been to Kansas and certainly know not of Kansas law, I have attempted to raise the defense in some way, *Radio Corp. of Am., 424 F.2d at 17*; especially wherein now before the Court is a Motion to Dismiss based on Kansas's strong anti-SLAPP (Strategic Lawsuits Against Public Participation) legislation, under *Kan. Stat. Ann. § 60-5320(d) (2019) and FRCP 81(d)(1)*; as the alternative to the well pleaded reasons the plaintiff's claims of defamation and tortious interference <u>must be dismissed</u>, <u>plaintiff's failed to allege sufficient ultimate facts to link the alleged defamatory statements or tortious interference to specific dates, places, individuals resulting in damages they claim,</u> i**n fact plaintiff's offer no evidence of damages**. Plaintiff's offer nothing more than "Conclusory allegations", however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007)* wherein the Court must dismiss both "counts" plead by the plaintiffs in their SLAPP petition. In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support his claims. *Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). See Kelp v. B & B Lumber Co., Inc., No.*

18-1103-JWB, 2018 WL 3831525, (D. Kan. 2018) Whereas here plaintiffs should not be allowed to proceed, with the SLAPP suit.

In the US District of Kansas it, "has been the practice of this district to give … leave to amend … answer so that it may be in compliance with Rule 8(a) notice pleading requirements, *See, e.g., Sprint Commc'ns Co., 233 F.R.D. at 619; Resolution Trust Corp., 1993 WL 9 501116, at \*5,* even more so here wherein I am pro se, without any legal training nor education, self taught reading and writing, pleadings should be "to be liberally construed," *Estelle, 429 U.S.* "pro se … however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so **construed as to do substantial justice"**). "filings generously and with the leniency due pro se litigants", *Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).* Evidentially if this matter is to survive the multiple motions to dismiss and because of the way in which Kansas comparative judgments are fashioned *See K.S.A. § 60-258a(b)*, it is therefore both herein so requested due to the Comparative Fault Identification presented herein that leave to amend the answer be so granted, even here the "preliminary answer" so pleads that <u>Plaintiffs' have failed to join all parties,</u> as *stated lines 18 - 22, page 19, lines 1 - 25, page 20, lines 1 - 5, page 21, of Document 72; and furthermore lines 5 - 25, page 21*, additional emphasis to:

> "the injuries, damages or losses sustained by Plaintiff **were and are solely and proximately caused by plaintiffs own unlawful conduct**; as <u>**Plaintiff's collectively with malice continue through the filing of documents herein this public litigation to cause untold and unneeded damages**</u> towit they claim they are "victims" when in fact the <u>**Plaintiff's collectively are the VICTIMIZERS of the Pro Se defendant**</u>"

In the interests of Conservation of Judicial resources, as I am pro se, I believe that the affirmative defenses laid out in document 72, also cover the Comparative Fault Analysis and Identification, as it was also claimed and discussed at Rule 26(f) conference, is included by the plaintiffs in their

unilateral report to the Court and Judge Birzer has now ordered this Comparative Fault Identification and Analysis to be so made not later than 23 Sept. 2022. IN addition lines 9 - 11 of page 26 of document 72, reserves right to so amend defenses and lines 14 through 22 of page 26 and lines 1 - 25 of page 27 of the same outline "requests the Court to apply Rule 8c(2) to this answer and cross and counter complaints: "Mistaken Designation"". Wherein emphasis is drawn to, Doc 72:

> "Defendant is Pro Se, and therefore requests the Answer and Counter and Cross Complaints and Joinders be liberally construed and interpreted as the defendant Pro Se has no legal education nor experience worthy of dealing with the false and maliciousness of the plaintiff's petition, especially where plaintiff's are organized in an orchestrated attack in multiple courts simultaneously by Craig Alan Brand, who exclaims publicly in the book he himself authored and published globally:
>> "**...wham**, <u>you are in court and the accused must go through a long, lengthy, tiring, stressful and expensive process merely to prove his or her innocence.</u> In spite of what you have read about our system of justice, **we are all guilty until proven innocent,** and **we are all innocent until we run out of money**… <u>people wind up paying some form of legal extortion just to get out of the drama.</u> **The bad guys and their shyster lawyers know it.**" id page 97
>
> Pro Se Defendant therefore requests the Court to apply Rule 8c(2) to this answer and cross and counter complaints: "Mistaken Designation. If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.""

I have so provided in providing the "uncontroverted facts" and the "IF NOT for"...then the acts would not have occurred, demonstrating clearly the to be attached "involuntary" defendants, to the purported torts claimed by the plaintiffs. <u>ALL of the involuntary defendants, are represented by Craig Alan Brand,</u> who also has represented them in <u>consecutive actions,</u> having appeared in Courts and administrative hearings on their behalf as their special counsel and in some cases <u>Brand is EMPLOYED</u> directly, as Brand so provided evidence to the Court in his purposeful intentional misleading of Chambers of Judge Birzer and myself in his fraudulent email from @herasoft.com see Documents 52 and 57, outlining in detail Brand's MISCONDUCT in the sending of the false designation email of "HERASOFT" indicating proof positive of his employment by HeraSoft. Attached herewith Exhibit "A" demonstrates clearly where within the code continuing to exist online

through 20 September 2022, Brand appears with the biography he himself proclaims to the world on the [www.HeraSoft.com](www.HeraSoft.com) website, including those statements by Brand which violate the Kansas and ABA generally accepted Rules of Professional Conduct, see code lines 1629 through 1658 in attached Exhibit "A". Clearly demonstrating Brand's public statements: *"Shareholder &amp; Special Counsel for HeraSoft. Specializing in Crypto and Cyber laws and technologies"* and *"Senior Partner at the Brand Law Firm P.A., Mystic Law, P.A., and Mystic Enterprises, Inc."*

**IT GOES Without saying** Brand cannot BOTH represent the Plaintiffs and the multitude of involuntary defendants, IF not for Brand's own acts, IF not for the acts of Brand's other representations listed herein below and the bad conduct of the plaintiffs **there would be no dispute** and I would never have known Koehn and UCMK are behind all the legal entanglements and fraud. Kansas District Judge James P O'Hara was fond of quoting "the court is reminded of the familiar quotation that what is sauce for the goose is sauce for the gander." *Case: 07-2442-JWL*

**UNCONTROVERTED FACTS:**

1. I am Michael Nelson, pro se, the defendant and Counter-Plaintiff in the above action
2. UCMK and Chad M. Koehn are essentially the same entity, with UCMK being the alter ego of Chad M. Koehn, though UCMK is an entity registered in Kansas, though Koehn has at times claimed under penalty of perjury that he has a conflict of interest with UCMK specifically when it comes to ANTHEM HOLDINGS CO. and Koehn even makes this statement publicly under penalty of perjury see Exhibit "B", UCMK brochure from June 2021, wherein on page 20, Koehn/UCMK proclaim the conflict of interest.
3. I am a significant equity interest holder of stock in a number of related entities, including without limitation Hera Software Development Inc. & Anthem Holdings Co.

4. Chad M. Koehn and UCMK have admitted via disclosure documents, as attached herewith as Exhibit "A", to have a conflict with each other and Anthem Holdings Co.

5. Anthem Holdings Co. was created via a so-called "triangular reverse short-form merger" via self-dealing merger subs by those who performed the "triangular reverse short form merger".

6. Anthem Holdings Co. is a business combination merger, yet on the SEC Regulation D, Anthem Holdings Co. FAILED to "check the box", indicating a "business combination merger", this was purposeful FRAUD! See SEC Reg. D filed as Exhibit "C"

7. Creation of Anthem Holdings Co. via the so-called "triangular reverse short-form merger" of self dealing created merger subs, as targeted acquisition corporations, violated the underlying "SIGNIFICANT EQUITY INTEREST", holders, Counter-Plaintiff and defendant Nelson included, and more specifically without Nelson's approval the merger subs lacked the requisite 90%+ equity interest as Nelson held 10%+ of all classes of stock as the general counsel Paul Aubert stated in writing Nelson has "SIGNIFICANT EQUITY INTEREST"!

8. Anthem Holdings Co. engaged with UCMK and Chad Koehn to raise money through the sale of Anthem Holdings Co. stock, see attached herewith Exhibits.

9. During the raise for Anthem Holdings Co. stock sale, in September or October of 2020, Nelson was contacted wherein Anthem Holdings Co. had solicited investment from another party with the same last name "NELSON", and moreover that party appears to be related or had been related to another person named "MICHAEL NELSON", the SAME identical name as the defendant and Counter-Plaintiff here.

10. IF NOT for the contact by Anthem Holdings Company personnel regarding another "NELSON" and perhaps another "MICHAEL NELSON", then the defendant, counter-plaintiff Nelson here would not have become aware of Anthem Holdings Company

illegal stock sale, because of the actions of the officers of the merger subs, seeking to hide, conceal and otherwise not contact the "significant equity interest" holders, of the underlying merger subs and instead attempt to run the table on hiding underlying malfeasances to the merger subs by rolling them into a business combination merger which they dub the so-called "triangular reverse short form merger of targeted merger subs", except those targeted merger subs were self created, through self-dealing, in violation of Nevada, Texas and Delaware laws, the creation of Anthem Holdings Co. without the requisite shareholder meetings and votes violated the underlying merger subs operating agreements, and representations to the shareholders thereof, THEN obviously I would not have known of Anthem Holdings Co.

11. IF NOT for the actions of the underlying merger subs to the self dealing created targeted acquisition corporations to roll into the so-called "triangular reverse short-form merger of the targeted merger subs", THEN Nelson as defendant and counter-plaintiff would not have been aware of the existence of the new "victims" sold stock in Anthem Holdings Co.

12. IF NOT for the fraud existing in the stock sale of Anthem Holdings Co. stock to new stock holders, not informed of underlying disputes as to the merger subs, and technology held by those Nevada Corporations, nevermind the Texas Corporation and divisions and the Delaware Corporation connected to the Grand Cayman Islands tax evasion jurisdiction or those LLC's in Puerto Rico or the numbered bank accounts in Luxembourg, THEN defendant and counter-plaintiff Nelson would not have been told names and contact to the new "victims" sold stock in Anthem Holdings Company via the recommendation of Chad Mitchell Koehn and UCMK, the new "victims" being now fellow shareholders in Anthem Holdings etAl.

13. I certainly have the right under NEVADA law to know all the shareholders, and other investors to any corporation I too am invested in. Likewise under Texas and Delaware laws I

have the right to know all shareholders and have in my possession a complete copy of the shareholder registry, not simply the several hundred names and contact information provided by Anthem Holdings Company.  To this date I still have yet to be given a complete registry of all shareholders, nor can I remember when there was last notification to myself or dozens of other similarly situated shareholders as to the required annual shareholder meeting, of each individual corporation, nevermind the purported business combination merger.

14. IF NOT for the actions of Chad Mitchell Koehn, and his calling of persons stating that I am a "criminal" and other defamation stating that Nelson is a <u>multiple</u> "convicted felon", then I as would not have had the need to call others and DEFEND myself against the outrageous actions and LIES of Koehn, IF Not for Koehn's behavior I would not have needed defend.

15. IF Not for Koehn's outrageous behavior and actions and those outrageous acts by Anthem Holdings Company the shareholders would not collectively had the need to exchange notes as to what is going on with our investments, nevermind the fact **<u>I am a significant equity interest holder</u>** in all the companies and therefore Anthem Holdings Co. as stated by Aubert.

16. IF NOT for UCMK employees believing what Chad Koehn stated as truth regarding my person, and IF NOT for the actions of Anthem Holdings Company de facto employees of Anthem Vault Inc. <u>calling my friends, associates, colleagues, business opportunities</u> maligning me so I cannot obtain work, I would not have had the need to DEFEND myself against the constant attacks, especially by Brand legal associate Logan Golema.

17. In the middle of the GLOBAL Deadly PANDEMIC the likes of which the world has never seen under such a massive global population being negatively affected and businesses shutting down, I like many had the need to reach out for assistance.  IF not for the actions of Anthem Vault Inc. and thus de facto Anthem Holdings Company, seeking to financially injure

me during the pandemic, I would not have had the need to DEFEND myself from the constant attacks levied by employees of Anthem Vault Inc. and thus Anthem Holdings Company.

18. IF NOT for the bad conduct and acts of Anthem Vault Inc. officers and those simultaneous as officers of Anthem Holdings Company THEN I certainly would not have known about Anthem Holdings Company nor the so-called "triangular reverse short form merger" of the self dealt merger subs absorbing Anthem Vault Inc, Anthem Gold Inc, AG Herc Inc., and each of their subsidiaries into Anthem Holdings Company, as Aubert the General Counsel sought illegally and unethically to hide this business combination merger as proof positive exists of the DECEPTION, wherein even SEC Form Regulation D, failed to identify a business combination merger Anthem Holdings Co. formation in the Regulation D filed, Exhibit "C"

19. Shareholders in the same entities have a legal right to communicate, the fact that Chad Koehn seeks to prevent shareholders from knowing of each other's existence, having each other's contact information demonstrates clear Civil and Criminal violations to Securities Laws, Rules and Regulations. There is no reason to prevent shareholders from communicating unless, as here Koehn was/is worried the TRUTH will come out regarding Anthem Holdings Company and all the malfeasances of the merger subs, and certainly the misrepresentations on SEC form Regulation D filed for Anthem Holdings Co. see attached herewith Exhibit "C"

20. IF NOT for the fraud and bad conduct of Cynthia Blanchard as the President of each of the merger subs, who self dealt new targeted acquisition corporations to perform the so-called "triangular reverse short-form merger" then Nelson here would have been aware of what was happening with his investment and needed not reach out to other shareholders to discover what is going on with the "significant equity interest" holdings of Nelson in the myriad of different companies, now forming a business combination merger to Anthem Holdings Co.

21. IF NOT for the judicial Misconduct of Paul Douglas Aubert the general counsel who created the targeted acquisition corporations used in the self dealing by Cynthia Blanchard in the creation of the so-called "triangular reverse short-form merger of the merger subs", THEN rather than fighting a Bar Grievance Panel and multiple other complaints which continue through this day, Aubert would have provided as required under Texas and Nevada law the plan for merger of the merger subs. HOWEVER, IF in fact a plan at all exists, the plan would self admit to FRAUD, and therefore could not be provided to shareholders. IF NOT for the actions of Blanchard and their actions with Anthem Vault Inc. (represented and advised by Craig Brand), then ALL shareholders would be so notified as to what is going on with the companies and why there have been no shareholder meetings, shareholder reports, K-1's, or any other communication regarding the "significant equity interest" which I hold, in these companies and the significant equity interest held by other shareholders who are also left out of the loop as to what is occurring with our investments.

22. IF NOT for the unregistered, illegal non-licensed Securities Sale for Anthem Gold Inc. (Craig Brand represented) <u>soliciting US Investors to wire funds to numbered accounts in Luxembourg using VPN's (Virtual Private Networks)</u> to access BnktotheFuture in the same manner as Anthem Vault Inc (Brand representation) officers instructing employees and other US citizens to use VPN's to avoid US authorities detection to log into BitClub, and doing the same in the unregistered, unlicensed sale of securities in Anthem Gold Inc. (Brand represented) then the shareholders therein the unlicensed, unregistered, illegal sale of securities by Anthem Gold Inc. would not have caused those shareholders to speak with the new "victims", sold stock in Anthem Holdings Co. via the so-called "triangular reverse short-form merger of merger subs" including Anthem Vault Inc. (Brand representation), AG

HERC Inc. (Brand representation) and Anthem Gold Inc. (Brand representation);noted that AG HERC Inc. a Delaware corporation also supposedly owns Hercules LLC of Puerto Rico and Hercules SECZ of Grand Cayman Islands, all also represented by Craig Brand, Ex T

23. IF not for Anthem Vault (Brand represented) and Anthem Holdings Company (Brand Represented) shareholders appearing to be so wide spread that VICTIMS of Chad Koehn have been contacting me and others listing some of the more than 14,000 Investors! See Ex. "S"

24. IF NOT for the HERC crypto stock coin crypto currency sold to more than 14,000 investors, the refusal to follow the de facto PPM, the investors would not have seen the need to communicate with each other more than 14,000 investor wallet addresses See Ex. "U"

25. IF NOT for the then Anthem Holdings Co. to divert all proceeds from new stock sales from the "victims" to what Craig Brand says is a spin-off of Anthem Gold Inc. (Brand representation), which was a spin-off of Anthem Vault Inc. (Brand represented), the company Hera Software Development Inc. (Brand Represented) a spin-off of Anthem Gold Inc. (Brand represented) according to Craig Brand, then HeraSoft (Brand Represented), which Craig Brand is employed by during his representation here at bar of the plaintiffs then I would not have known of Hera Software Development Inc. acquisition of a building in Bartlesville, Oklahoma, where Anthem Vault Inc. (Brand Representation) has had an office since 2015, and had previously relocated Amagi Metals (Brand Represented).

26. IF not for Craig Brand's claims of "HeraVault " then further connection to HeraSoft would not have been known, and confirmed, as Brand represents all. IF NOT for Craig Brand's legal associate so-called "Special Counsel" Logan Golema's actions harassing and attacking me during the global pandemic, cyber stalking me even as I sought to manufacture furniture, not associated with the internet at all, I would not have had the need to DEFEND myself and

reach out to other shareholders. The actions in representation of Anthem Vault Inc. (Brand Represented) the company all employees worked and tech created yet IF not for the trickery using Grand Cayman Islands mail drop to raise money from more victims See Ex. V

27. There cannot be a doubt as to Chad Koehn and UCMK's association with Anthem Holdings Co. as Chad Mitchell Koehn and UCMK declare a conflict of interest between them and Anthem Holdings Co. publicly in their brochure dated June 2021, see link or Exhibit "B" https://static.fmgsuite.com/media/documents/6c9c702c-f1da-437b-a466-cceab07e50d8.pdf Chad Koehn publicly proudly announces his financing of a "Series A" stock sale for HeraSoft see: https://news.crunchbase.com/fintech-ecommerce/herasoft-looks-to-stop-ransomware-attacks-after-5m-raise/ and the Attached herewith Exhibit "D", and the illegal creation of the business combination merger

28. Craig Brand represents Hera Software Development Inc. and is a shareholder according to Exhibit "A", Brand also communicated via fraudulent and misleading email to Chambers of Judge Birzer and myself see documents 52 and 57 of this matter at bar, demonstrating Brand works for HeraSoft, which now somehow has the intellectual property of Anthem Vault Inc. created by employees of Anthem Vault Inc. another of Craig Brand's representations. HeraSoft sent out press releases wherein Koehn is quoted HeraSoft, the Premiere Ransomware-Proof Solution for Enterprises, Raises $5 Million in its Series A   Chad Mitchell Koehn is even quoted in articles stating:   **"I [CHAD M. KOEHN] said, <u>'forget your software, I want to send you as much as I can scrape up for shares in your company</u>' "– Chad Keohn, founder of United Capital Management of Kansas."** Exhibit "D"

https://www.vcbay.news/2021/03/13/houston-based-cybersecurity-provider-herasoft-raises-us-5-million-in-series-a/ It is Chad Koehn who actively promotes himself as being a "recent addition to the HeraSoft board of directors", in

press releases he himself has authored and distributed Chad Koehn is announced as a recent addition to the HeraSoft board of directors, see Exhibit "F"

29. Chad Mitchell Koehn FAILS in violation of laws, rule, code, statute to identify either his job responsibilities on the board of directors of Hera Software Development Inc. or Anthem Holdings Company as he is so required under law, rule, code, statute, as is evidenced by the IAPD report of Chad Mitchell Koehn attached herewith as Exhibit "G" and found online at: https://reports.adviserinfo.sec.gov/reports/individual/individual_2216169.pdf

30. Koehn appears to be upset because of TRUTH being provided by other shareholders who have discovered they were duped and not notified their new investments to Anthem Holdings Company were to be used to pay off lawsuits, including lawsuit by American Express National Bank against Anthem H. Blanchard and Anthem Vault Inc. (all Brand represented), the lawsuit found at: ANTHEM-BLANCHARD-AMEX-LAWSUIT-LINK Attached Exhibit "H", AMEX Bank vs. Anthem Blanchard and Anthem Vault Inc.

31. If not for phony press releases Hercules (Brand Represented) making claims of "Billion $" companies using Hercules (HERC) crypto currency reports of the fraud not happened Ex. "I"

32. If Not for the Investors "victims" invested into HayekGold, of Anthem Vault Inc. (all Brand represented) being forced to accept Anthem Gold Inc. see Exhibit "J" (name change) instead, and yet a different direction of their investment, "Anthem Vault, Inc. Raises $3.2 Million Ahead of HayekGold Launch", (Brand Represented), see Exhibit "K"

33. IF not for the investors in each of the two separate stock sales of Anthem Vault Inc. (Brand Represented) not being informed as to Anthem Holdings Co. nor any of the dozen plus off shoots and spin offs, Hayek Gold, Anthem Gold, Hercules LLC, Hercules SECZ, Amagi Metals, Anthem Station (Space Station), Lunargistics Corp., Anthem Hayek LLC, HeraLabs, HeraSoft, HeraVault, Blanchard Vault, all spun off from Anthem Vault Inc. then shareholders

would not have been so confused and have need to reach out to other shareholders to discuss what is going on with the decade plus old saga, of new companies every year, without any revenue or profits, no reports, no shareholder communications Exhibit "L" Anthem Vault.

34. IF not for the insidious machinations amounting to dolus, by Anthem Holdings Co. division HeraSoft claiming to be in partnership with Holland investors myself included would not be so concerned with our collective investment and have the need to discuss the players Ex. W

35. The shareholders of Blanchard Vaul, then Anthem Vault and now according to Craig Brand "Hera Vault" have been on an odyssey of more than a decade, of company after company, jumping from industry to industry including Bitcoin and Crypto Currencies, Brand represents Hercules HERC crypto sold again to investors per de facto PPM (Private Placement Memorandum) Exhibit M, the changed 2 days after FBI arrest of Bitclub Officer also Herc officer Weeks, IF not for HERC issued per PPM and then forcefully listed on exchanges see Exhibit "N" for IDAX listing, and continuing to forcibly list HERC crypto currency stock coin making it a defacto regulated security see Exhibit "O", and listing on LATOKEN Exchange See Exhibit "P", and trickery used in releases confusing investors and deceiving the public see Exhibit "Q", in similar fashion to the unlicensed unregistered Securities Sale of Anthem Gold stock on BnktotheFuture with material misrepresentations see Exhibits R

**WHEREFORE, Anthem Vault Inc., (Blanchard Vault Inc.) Anthem Gold Inc. and AG Herc Inc. and all their subsidiaries inclusive without limitation Lunargistics Corporation, Amagi Metals, Anthem Vault and Bunker LLC, Anthem Hayek LLC, Anthem Station 'Space Station', Hercules LLC, Hercules SECZ, HERC crypto stock coin, HeraSoft, HeraLabs, HeraVault, Hera Software Development Inc., Numetra Inc., MUST be attached as involuntary DEFENDANTS all of which are represented by Craig Alan Brand, having represented them at**

**bar, in hearings, administrative actions and being employed by HeraSoft/Hercules as noted in Exhibit "A" and all MUST become INVOLUNTARY defendants, as all have culpability and fault, for dissemination of shareholder lists and their bad conduct regarding the investments of all shareholders; for IF NOT for their actions and IF Not for their FRAUD, via insidious machinations *dolus*, then the dispute with Koehn and UCMK would not have occurred.**

Respectfully Submitted, this 22nd day of September 2022.

*[signature]*

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

### Certificate of Service:

The undersigned hereby certifies that, on this same date, sent the foregoing to the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> upon filing which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature]*

Michael Nelson - Pro se