# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. <u>and</u> CHAD M. KOEHN plaintiffs, counter-Defendants<br><br>v.<br><br>Michael Nelson ["Nelson"]<br><br>Defendant ;    PRO-Se. | **DOCKET NO.:**   5:22-CV-04008-JWB-GEB<br><u>CIVIL ACTION</u><br><br>Motion to Disqualify Counsel:<br>pro hac vice<br>CRAIG ALAN BRAND<br><br>[Jury Trial Demanded] |

<u>Nelson, makes "SPECIAL APPEARANCE"</u> here and now for the purposes of filing **Motion to Disqualify Counsel**, Craig Alan Brand, appearing *pro hac vice* in the current matter at bar:

Craig Alan Brand, is appearing *pro hac vice*, in this matter.  Before discussion on his affidavit he submitted for appearance D. 24-1, Brand made an excited utterance to the Court effectively testifying he is "currently defending SEC and FINCEN" actions involving another client, Anthem Vault Inc, AG HERC Inc, Anthem Gold Inc., and the so-called "triangular reverse short-form merger", of self dealing created merger subs, into Anthem Holdings Company to hide the malfeasances, the subject of Whistleblower Tips and Complaints, regarding financial market manipulations of HERC crypto currency.   Magistrate Judge Birzer had to state on the record Brand "played fast and loose" meaning he was <u>dishonest in his affidavit D. 24-1</u>.  Brand has

> **"sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the [trier of fact] or unfairly hampering the presentation of the opposing party's claim or defense."** *Cox, 706 So. 2d (quoting Aoude, 892 F. 2d at 1118).*

Since his first appearance and at every interaction with the Court, <u>Brand has acted with dishonesty</u> and <u>deceit towards the Court</u>, and the unrepresented opposing party.  As documented and complained in D. 52 & 57, Brand intentionally misled via fraud against Chambers and opposing party, with a false designation email as a trap, demonstrating clearly Brand is employed by HeraSoft!   Plaintiff's defense to "securities irregularities" involves HeraSoft, where Brand is employed, <u>Brand may not serve two masters,</u> or use information from one against the other.

>**"The paramount concern must be to preserve public trust** [EMPHASIS ADDED] in the scrupulous administration of justice and the integrity of the bar…The important right to counsel of one's choice <u>**must yield to ethical considerations that affect the fundamental principles of our judicial process.**</u>" *Kennedy v. Eldridge, (2011)*

This motion comes before the Court after I have conferred according to the rules with opposing Counsel on multiple dates regarding BOTH the behavior at bar and extra judicial of Craig Brand, discussions were had at the Rule 26(f) conference, and I conferred via email with opposing counsel as recently as 23 Sept. 2022, regarding disqualification of Craig Brand. Brand should be removed immediately due to **MISCONDUCT,** as demonstrated in his affidavit D. 24-1, email fraud in D. 52 & 57, appearances under Mystic Law not entered an appearance, fraudulent conferrals when no attempts were made, Judicial abuses hiding and concealing material facts from this Court. Brand is taking emails with Chambers of Judge Birzer and Kellogg to make it appear I am harassing HeraSoft, who is Brand's employer! Brand is misusing communications with Chambers to have a Judge in another state put me in jail. This Motion has to do with th<u>e plethora of conflicts of interest in multiple conflicting representations of individuals and a myriad array of corporations</u> involved in these series of disputes. Brand cannot be allowed to both proffer defenses for and against the same issues, simultaneously representing <u>clients who are directly adverse to each other, conducting consecutive adverse representations.</u>

This motion for Disqualification of Counsel is well founded in the Federal Rules of Civil Procedure, Local Rules of this Court, the Rules of Professional Conduct

>**"A lawyer's good faith, although essential in all his professional activity, is, nevertheless, an inadequate safeguard when standing alone. . . . The dynamics of litigation are far too subtle, the attorney's role in that process is far too critical, and the public's interest in the outcome is far too great to leave room for even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case.**" *Emle Indus. v. Patentex, Inc., 478 F.2d 562, 571 (2d Cir. 1973).* "Good faith

is generally considered <u>irrelevant</u> in evaluating allegedly improper conduct pursuant to a motion to disqualify counsel." *E.F. Hutton & Co. v. Brown, 305 F. Supp. (S.D. Tex. 1969); T.C. Theatre Corp. v. Warner Bros. Pictures, 113 F. Supp. 265, 271 (S.D.N.Y. 1953).*

Brand is simultaneously representing conflicting parties and using consecutive representation confidential information in order <u>to defend one action at the detriment of another</u> client. **I am a significant equity interest holder in a number of the client's Brand has previously represented, is representing and is employed by, BRAND** now seeks to use as a defense whilst representing the plaintiff's and counter-defendants who have direct conflicts of interest to each other <u>and the involuntary defendants also represented by Brand.</u> Brand does all this while <u>seeking pecuniary gain to Brand on multiple fronts as a shareholder</u>, crypto currency holder, only human shareholder to one corporation Hera Software Development Inc. which conducted unlicensed and unregistered sale of securities by UCMK, see Exhibit "A" self created press releases by Koehn and UCMK claiming to have led a "Series A" stock sale for HeraSoft.

<u>Brand continues a multitude of dual, simultaneous conflicting representations, including without limitation:</u> Chad Koehn; Hera Software Development Inc. aka HeraSoft; United Capital Insurance LLC; UCM Advisors LLC; Red Neck High Tech Yacht Fund LP; United Capital Management of Kansas Inc. and employees; Anthem Vault Inc. (appeared as an unlicensed attorney for in Nevada); Independence COIN; Anthem Gold Inc.; AG Herc Inc.; Hercules LLC; Anthem Station (space station); Lunargistics Corporation; Anthem Hayek LLC; Anthem Vault and Bunker LLC; Anthem Holdings Company (SEC Reg D. which Koehn claims conflict with UCMK); Hercules Crypto Currency Stock COIN; HERC ICO (Initial Coin Offering), Brand represents all the aforementioned and existing cryptographic contract; Cynthia D. French - Blanchard; AHCRE LLC; Hayek Metals; HeraLabs; Anthem H. Blanchard (represented personally internationally); Hayek Gold; AmagiMetals; Hercules SECZ (Grand Cayman Islands

entity adverse to Koehn & UCMK & HeraSoft); Hayek Metals, Amagi Metals, Logan R. Golema; Dale Takio employed by HeraSoft, a criminal client connected with the DEAD Whistleblower, and it is Takio's home address Brand claims as his Florida Law Office!

Brand's representation of "Hercules", and companies connected to the **HERC crypto currency**, also puts at risk not only Nelson counter-plaintiff but also **the Court must be concerned with the more than 14,500 INVESTOR addresses**, see <u>Doc. 246-21 (exhibit U).</u> Brand's dual representation of Hera Software Development Inc. (aka Herasoft), also his employer, now claims the formerly sold as decentralized public ware (software) stock COIN, HERC crypto currency sold as a decentralized crypto currency, is "proprietary protocol" of HeraSoft, a corporation which Brand is employed by see Docs. 52 & 57, <u>HeraSoft is also an entity which KOEHN and UCMK claims to have led an unregistered and unlicensed "Series A" stock sale upon behalf of UCMK,</u> **yet HeraSoft is NOT registered with SEC.** Judicial Notice is therefore requested of<u> NO REGISTRATION of Hera Software Development Inc.</u> with SEC as required by law: [www.sec.gov/edgar/](www.sec.gov/edgar/) Brand is violating Securities Laws and using his multiple simultaneous representations taking confidential information to hide malfeasances.

Brand has represented Anthem Vault Inc. as an unlicensed attorney in Nevada & continues in that role, representing Anthem Vault Inc. for final appeal presumably to the NEVADA SUPREME COURT, while not being a member of the NEVADA bar association. AnthemVault Inc. founded and operated from NEVADA, is the genesis corporation from which all roads lead, and all technology was created under, where all employees worked. Brand having already de facto admitted to employment by HeraSoft (non-registered with SEC), see D. 52 & 57, after evidence entered to the record has hid his biography which can be viewed in page source, using "view-source:" followed by the page "view-source:herasoft.com/team/", attached

as Exhibit "B", **Judicial Notice requested, as to code lines 1629 through 1648**, where Brand claims to be "Senior Partner" of a number of firms, claiming memberships in legal organizations that do not exist, and making false advertisements regarding his practice of law, violating rules.

Brand exclaims publicly to have "championed the art of disinformation" and he Craig Brand **"intentionally provides people [including courts] … false information"**; demonstrates clearly conduct that should not escape review under Local Rule 83.6.3, yet here it demonstrates Brand's active intentional hiding of evidence of his employment with HeraSoft.

Judicial Notice has been requested herein above of SEC system EDGAR, and the **unregistered, unlicensed stock sale of HeraSoft (Brand's employer),** which is publicly advertised, see Exhibit "A". Koehn and UCMK now have issues with defenses to SEC and other regulators as to "securities irregularities" (fraud) which are now proven herein. Brand seeks to use Koehn and UCMK to defend HeraSoft and Anthem Holdings Co. (all merger subs) and then use Anthem Holdings Co. and HeraSoft to defend UCMK and Koehn, while Koehn and UCMK claim conflict with each other and Anthem Holdings Co. **Bottomline Craig Brand cannot have it both ways,** he cannot serve two simultaneous masters, using confidential information of each as a defense of the other. To allow this certain MISCONDUCT, is analogous to the same attorney representing two clients in two criminal cases, eerily similar as to here, using information from each to defend the other while purposefully interfering with the Court's ability to adjudicate the truth. Now Brand is LYING to this Court and a Criminal Court in Oklahoma, to unjustly incarcerate me for following the rules and Orders here and communicating with Judge Birzer regarding the disclosures made by the plaintiffs, and their identified witnesses and taking depositions.

**Rule 1.8 - Client-Lawyer Relationship: Conflict of Interest: Current Clients: Specific Rules**(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:(1) the transaction and

terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client; and(2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and(3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.(b) A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.

**"Concern for the integrity of the judicial system is of paramount importance to the court." [Emphasis Added]** *Hull v. Celanese Corp., 513 F.2d 568, 572 (2d Cir. 1975)* (preservation of public trust paramount); *Emle Indus. v. Patentex, Inc., (2d Cir. 1973)* **(**court's duty owed to the public as well as to the parties**).**

The court explicitly recognized its duty to protect the public interest by exercising its discretionary powers **"to insure that nothing, not even the appearance of impropriety, is permitted** to **tarnish our judicial process."** *Emle 478 F.2d at 575.* **"**considerations of public policy, no less than the client's interests**"**. An attorney must not only fulfill his ethical responsibilities to his client, but must also avoid conduct potentially damaging to his profession.

**WHEREFORE Prayer for Relief:** in the interests of Justice, the preservation of the Court's reputation in the eyes of the public, for the protection of the interests of all parties to the matter at bar **this Court must now disqualify Craig Alan Brand from appearance**. Memorandum of Law shall outline further case precedents, laws and illegal actions of Brand.

> Document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("**All pleadings shall be so construed as to do substantial justice**"), "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)*

Respectfully Submitted, this 28th day of September 2022.

*/s/ Michael Nelson*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105