# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. and CHAD M. KOEHN plaintiffs, counter-Defendants<br><br>v.<br><br>Michael Nelson ["Nelson"]<br><br>Defendant ; PRO-Se. | **DOCKET NO.:** <mark>5:22-CV-04008-JWB-GEB</mark><br>**CIVIL ACTION**<br><br>**Memorandum of Law Motion to Disqualify** *pro hac vice* **CRAIG ALAN BRAND**<br><br>**[Jury Trial Demanded]** |

Nelson, makes "SPECIAL & LIMITED APPEARANCE" here and now for the purposes of Memorandum of Law Motion to Disqualify *pro hac vice* CRAIG ALAN BRAND:

A court may disqualify counsel **when the subject matter of a case**. **bears a "substantial relationship" to a matter in which counsel previously advised or represented the presently adverse party**. This is precisely what is occurring here and has occurred.

Craig Brand has multiple simultaneous representations using one party to defend against the other and using confidential information to the detriment of each party both plaintiffs included and myself. Brand has been using trickery, deceit, fraud upon this Federal Court since his first appearance, he has consistently tried to have me incarcerated for communicating with him as his employer HeraSoft, he uses HeraSoft email addresses (See docs 52 and 57). Brand has set up the plaintiffs witnesses to all state **HeraSoft physical address and phone number;** defrauding this Court and the parallel criminal matters, committing fraud upon those Courts in relation to emails with Kellogg and Federal Judge Birzer concerning depositions, see Exhibit "A".

Anthem Holdings Company, HeraSoft and each of those identified companies in Comparative Fault Identification, Doc. 246, **are all represented by Brand**, who is also employed by **HeraSoft** (see D. 52 & 57) and all have conflicts with UCMK and Koehn. Craig Brand represents all parties including parties adverse to each other under Pinkerton Doctrine. Allowing Brand to continue in representation of Koehn and UCMK, would mean BOTH Koehn and UCMK consent to and be so liable under Pinkerton Doctrine for the acts of all conspirators involving Anthem Holdings Company, HeraSoft, HERC crypto currency and all underlying merger subs, inclusive without

limitation Anthem Vault Inc., Anthem Gold Inc., AG Herc Inc., and all divisions or other entities of those inclusive without limitation: Hercules LLC. (Puerto Rico), Hercules SECZ (GRAND CAYMAN ISLANDS), Amagi Metals, Anthem Vault and Bunker LLC, Anthem Hayek LLC, Anthem Station (Space Station), Lunargistics Corporation (claims govt. Contracts and endorsements by the military), Sportsology Inc. (Sports betting), HERC crypto currency, AGLD crypto currency, Independence Coin crypto currency and dozens of others **all which Craig Brand also represents ADVERSE to plaintiffs and defendants**. All the aforementioned are <u>materially liable as involuntary defendants</u> as well **pleaded in document 246,** creating the situation where **Brand is representing BOTH plaintiffs and defendants in the same litigation.**

> **IF]"...the integrity of the judicial process is to be maintained,** and the appearance of impropriety to be scrupulously avoided, the issue of an allegedly improper representation should be resolved at the outset, "lest a costly and protracted trial be tainted on the merits by an issue collateral thereto.**"** *Silver Chrysler Plymouth, Inc. v. Chrysler Motors (2dCir. 1974)*

Eerily similar hereto a<u> Federal Court sitting in Kansas deciding to disqualify for a conflict of interest</u> looks to the Kansas Rules of Professional Conduct. See D. Kan. Rule 83.6.1 (adopting Kansas Rules of Professional Conduct as applicable standards of professional conduct);

> "(c) Standards of Conduct. Any of the following acts or omissions by an attorney shall constitute misconduct and shall be grounds for discipline: (1) Acts or omissions which violate standards of professional conduct; (2) Conduct violating applicable rules of professional conduct of another jurisdiction; (3) Willful disobedience of an order of court requiring the attorney to do or forebear an act in the course of the practice of law; (4) Willful violation of the attorney's oath prescribed by these rules; see also *Coffeyville Res. Refining & Mktg. v. Liberty Surplus Ins. Corp., No. 08-1204-WEB, 2009 WL 3007125, at *1 (D. Kan. Sept. 16, 2009)* Ethical violations do not automatically trigger disqualification. *Chapman Eng'rs, Inc. v. Natural Gas Sales Co., Inc., 766 F. Supp. 949, 954 (D. Kan. 1991)*. Because disqualification affects more than merely the attorney in question, the Court must satisfy itself that this blunt remedy serves the purposes behind the ethical rule in question. *Koch v. Koch Indus., 798 F. Supp. 1525, 1530 (D. Kan. 1992)*.
>
> **Federal Rules of Civil Procedure permit disqualification of counsel as a sanction for violations**. *Biocore, 181 F.R.D. at 664.* At its discretion, for violations of local rules, the Court can also apply the sanctions authorized under the Federal Rules of Civil Procedure. D. Kan. Rule 11.1(b), (c). <u>In addition, the federal rules do not supplant the Court's inherent</u>

power to disqualify counsel at its discretion. *Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S. Ct. 2123 (1991).*

The essential issue is whether the alleged misconduct taints the lawsuit. Id. The Court should not disqualify unless the offending attorney's conduct threatens to taint the underlying trial with a serious ethical violation. Id. *(quoting Field v. Freedman, 527 F. Supp. 935, 940 (D. Kan.1981))*. **Because the interests to be protected are critical to the judicial system, the Court should resolve doubts in favor of disqualification.** Id. The Court must balance several factors, however, including society's interest in ethical conduct, plaintiff's right to choose his counsel and the hardship which disqualification would impose on the parties and the entire judicial process. Id. *(citing Lansing-Delaware Water Dist. v. Oak Lane Park, Inc., 248 Kan. 563, 571, 808 P.2d 1369, 1375 (1991)).*

Citing State *ex rel. Morgan Stanley & Co., Inc. v. MacQueen, 416 S.E. 2d 55 (W. Va. 1992),* to support its argument that an attorney cannot represent a party and an adverse witness in the same litigation. In MacQueen, the Supreme Court of Appeals granted a writ of prohibition which required the lawyers to amend the pleadings to exclude specific allegations of wrongdoing against adverse witnesses and then to elect between representing the party and the adverse witnesses. *MacQueen, 416 S.E. 2d at 57 n.3. Id. at 56.* "A directly adverse conflict may arise when a lawyer is required to cross-examine a client who appears as a witness in a lawsuit involving another client, as when the testimony will be damaging to the client who is represented in the lawsuit."

Certainly is the case here with Anthem Holdings Co. and **HeraSoft** (Brand's employer) and the fact all the so-called witnesses and experts identified by plaintiffs to be called are employees of HERASOFT**, the non-registered with SEC company which Koehn and UCMK claim a "Series A" financing** and which now claims the intellectual property created under Anthem Vault Inc. yet sold via an ICO (Initial Coin Offering) for the decentralized cryptocurrency HERC, yet now called proprietary. The level of fraud and conflicting representations by Brand is unprecedented in any Federal Court, the level of fraud, LIES and untruths told in writing before the Court is unprecedented. The concurrent representation of parties with differing interests substantially impairs the attorney's ability to effectively represent either client while fulfilling his ethical obligations to both. Brand, has numerous ethical violations of concern to all parties and the Court.

"Estates Theaters indicated that even had there been no objection, disqualification would have been **required for reasons of public policy**." In the Estates Theaters situation, one client was likely to be adversely affected by the dual representation, and **the attorney**

**was ultimately disqualified from the later suit.** The attorney contended the choice of which client he would continue to represent rested with him

Allowing Craig Brand to continue in representation *pro hac vice*, of Koehn and UCMK, each de facto have contrary interests to the corporations they are supposed to have led financing, Those stock sales **are unregistered and unlicensed in violation of SEC regulations** and Federal Law. **It is FRAUD of double selling the same software to two competing interests** as has been done here.

> *Mendel Kern, Inc., supra*, 400 Mass. at 282, 508 N.E.2d at 857 (observing in affirming denial of motion to disqualify that counsel "should have shown the good sense to step aside because his familiarity with the case led him to lead, suggest and almost testify while interrogating the witnesses.")

Before Brand's *pro hac vice*, was approved by the court, Brand was testifying, claiming to be defending SEC and FINCEN actions presumably against HeraSoft, Anthem Holdings Co. and HERC crypto currency, alleged in a pump and dump ICO, which has led to investor SUICIDES!

Brand publicly is declared as a "shareholder", himself and as such is privy to insider information from controlling interests including directors which he is bound, by law to disclose to the minority, especially wherein the minority are "significant equity interest holders", greater than that of Brand himself, and collectively are now the majority, yet are not noticed of meetings nor votes in violation of Nevada, Texas and Delaware laws. Brand is representing Koehn and UCMK in order to steer this litigation in order to hide and conceal his own malfeasances in the underlying securities fraud, investor fraud, crypto currency global financial market manipulations. Counter-plaintiff is a "significant equity interest" holder in the underlying merger subs and thus the contested holding company: Anthem Holdings Company. **"attorneys retained by closely-held corporations may become privy to information concerning the conduct of the majority that they may be required to disclose to the minority". Brand is privy to information and knowledge that the supposed "majority" is now the minority in that the collective significant equity interest holders, Counter-Plaintiff being one of the larges, is now the majority.** Brand has direct conflict of interest in personal pecuniary gain at the expense of and in conflict to the

plaintiffs in this action through his obligations to "significant equity interest" holders, certainly at the expense of UCMK and certainly at the expense of the claimed UCMK clients who were solicited to invest in Anthem Holdings Company, without being provided all the underlying facts.

Brand participating in material omissions and misrepresentations committing securities fraud, and material misrepresentations seeks now to represent plaintiffs and involuntary defendants simultaneously using confidential information of each, in his simultaneous and consecutive representations. **Now Brand proposes to de facto represent the very VICTIMS he himself is representing the corporations which have fleeced those same victims.** Koehn publicly states he has a conflict of interest with Anthem Holdings Company and UCMK, yet Koehn sits or sat not only on the board of directors for Anthem Holdings Company but had been listed as a director Hera Software Development Inc., which Koehn claims to have led a "Series A" financing, yet **is unlicensed and unregistered,** as **the Court will now note via Judicial Notice** in search of SEC EDGAR demonstrating no HeraSoft listing or registration:   https://www.sec.gov/edgar/search/ demonstrating clear Securities Fraud (irregularities).

HeraSoft has profound conflict of interest to AG HERC Inc., Hercules LLC and Hercules SECZ (grand cayman), demonstrating clearly how Brand is representing two conflicting interests, in separate companies both believing they own the same technology. One that was sold as decentralized crypto currency and the other now claiming proprietary. Brand has effectively fleeced the investors on both sides and yet is representing both sets of investors and all entities that did the fleecing, while representing the person and entity which is Federally regulated who declares to have sold the unlicensed and unregistered securities and stock sales essentially to two different competing investors. HERC, crypto stock coin marketed with promulgation of its de facto offering memorandum, attached as Exhibit "B".  Brands' conflicting representation of "Hercules" against that of HeraSoft pits shareholders of each against each other as each claims ownership of the same technology, which Koehn claims to have sold stock in for Anthem Holdings Co. also represented by

Brand.  Hera Software Development Inc., **as noted via Judicial Notice herein above is NOT licensed nor registered with SEC, therefore all stock sales or "Series A"** financing was the sale of **unregistered and unlicensed stock,** Koehn claims securities licenses and yet fails to disclose **HeraSoft** on disclosures.  Nowhere in Koehn's press releases does he mention Anthem Holdings Company which he references in disclosures, see Exhibit "B", of the Motion to Disqualify Brand, which accompanies this Memo of Law.

**FORMER BOARD MEMBER ANTHEM VAULT INC. CREATOR OF TECH:**

I am a former board member to Anthem Vault Inc., and the developer, programmer and inventor of the underlying cryptography to HERC crypto currency stock Coin, which was misappropriated to other entities, the placement memorandum was not followed and the funds misappropriated.   Brand now claims he is the "special counsel" establishing clearly where he has insider information and a multitude of direct conflicts to each party.   Koehn and UCMK have conflicts with each other and now Brand represents de facto Koehn in NEVADA.  As well as the fact **Brand is a witness** herein this matter, and has pecuniary gain in each company he claims to be a shareholder, against the majority and "significant equity interest holder" myself; demonstrating again **clear predatory collusion**, of a minority against a collective majority, the Court must consider the 14,500 plus other Investors myself included. I am a significant equity interest holder in each of the merger-subs and thus in Anthem Holdings Company and its progeny, inclusive without limitation the holder of significant HERC crypto currency stock COINs.  The fashion in which HERC crypto currency stock coins were issued in Initial Coin Offering (ICO) and the promulgated placement memorandum (regulatory filings) and placement documentation, puts each holder in Anthem Gold, Anthem Vault, AG Herc, Hercules SECZ (Grand Cayman Islands), Hercules LLC (Puerto Rico)

ALL parties, myself, counter-plaintiff, the currently identified Plaintiff's and counter-defendants, who publicly declare conflicts between them and the purported holding company and thus all merger-subs, and the dissenting and joining shareholders to each which is

inclusive of Craig Brand according to public advertisements regarding Craig Brand as a shareholder to Hercules and Hera Software Development Inc.

This Court is without the requisite waivers under Best Interest Regulation, SEC regulations, State Regulations, Fiduciary responsibilities, as counter-plaintiff is also a former board member of the originating genesis corporation, Rules of Professional Conduct are clear:

> "{a} lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client"

> "Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." AS HERE!

Craig Brand has certainly more than the traditional "playbook" knowledge test, and he himself as a publicly declared "shareholder" in at least two of the conflicting entities which are themselves at direct conflicting odds with each other. A corporation may not serve two masters, as the Courts have noted, yet here the more than 14,500 investor wallet addressing of the HERC crypto currency Stock COIN, issued under placement memorandum (Ex "XX") and securities filings now claimed as a "proprietary protocol" to that of Hera Software Development Inc. (Brand's declared employer, see D. 52 & 57) which itself now has separate shareholders.

Craig Brand exclaims to the world that he has "I [Craig Alan Brand], for instance, have championed the art of disinformation. I intentionally provide…. false information." Id. page 118.

**PROFESSIONAL PREJUDICE:**

Craig Brand's continual extra judicial harassment of Nelson, combined with his continual multitude of dual representations of conflicting interested parties in the outcome of this and other litigation, with his proffered hatred and defamation of Nelson, demonstrates clear "Professional Prejudice". From microaggressions, bias, or discrimination—is physically and psychologically

demanding, Brand's consistent LIES in writing and falsification of records and documents creating judicial abuse in order for Brand to have pecuniary gain.   Craig Alan Brand exclaims:

> "wham, you are in court and the accused must go through a long, lengthy, tiring, stressful and expensive process merely to prove his or her innocence. In spite of what you have read about our system of justice, we are all guilty until proven innocent, and we are all innocent until we run out of money. **Most falsely accused people wind up paying some form of legal extortion just to get out of the drama. The bad guys and their shyster lawyers know it.**" id. page 97

This is not in conformity to the public's perception of the Judicial System and certainly brings the judiciary into disrepute and certain severe "tarnish" of the fairness and equity of the American Judicial system, by allowing Craig A. Brand to continue at bar through the multitude of simultaneous representations, invoking therewith the variety of Pinkerton Issues under said doctrine in Pinkerton, Craig A. Brand's simultaneous representations here does a disservice to each client and certain the work of the Court whilst simultaneously causing further hardships for opposing parties, counsel and certainly for the Court to fairly in equitable adjudication of the matter in compliance with FRCP under Rule 1 and with judicial conservation and judicial economy in mind, the parties and the Court are all placed at a disadvantage having Craig A. Brand continues in the multitude of simultaneous legal representations and continuation of the behavior he himself has exuded to the public and the Court thus far in the matter at bar.

**Craig Alan Brand publicly declares to the world he (Brand) "has championed the art of disinformation" and he "intentionally provides people with false information" as he writes in books.**   It is the ethical integrity of Craig Brand which the Court must **also** consider, ESPECIALLY where I'm not allowed to file complaint under Rule 83.6.3, nor allowed to file Bar Complaint to Florida, as they Florida say this Court must administer discipline, this Court bars Rule 83.6.1 against Brand, my Bar Complaint attached as Exhibit "C", is rejected because of this Courts jurisdiction, a Catch-22, I have no place to complain & the Rules of Professional Conduct are continually violated!

**WHEREFORE Prayer for Relief:** in the interests of Justice, the preservation of the Court's reputation, conservation of judicial resources & economy and f**or the protection of the interests of all parties to the matter this Court must now disqualify Craig Alan Brand from further representation of the parties** in the matter at bar.

> "The order is collateral to the main proceeding yet has grave consequences to the losing party; it is fatuous to suppose review of the final judgment will provide adequate relief." **496 F.2d at 805. Interlocutory appeal is a necessity.** Most courts have accepted direct appeals under the Cohen doctrine. *Tomlinson v. Florida Iron & Metal, Inc., 291 F.2d 333 (5th Cir. 1961)*, in which the Fifth Circuit held that an order denying appellant's motion to disqualify his opponent's counsel was appealable under the Cohen principle. Id. at 334. *Accord, Uniweld Prod., Inc. v. Union Carbide Corp., 385 F.2d 992, 994 (5th Cir. 1967), cert. denied, 390 U.S. 931 (1968). See also United States v. Hankish, 462 F.2d 316 (4th Cir. 1972). Harmar Drive-In Theatre, Inc. v. Warner Bros. Pictures, 239 F.2d 555 (2d Cir.), cert. denied, 355 U.S. 824 (1957),* held that an order granting disqualification would be appealable under Cohen and section 1291.

I am proceeding pro se, out of necessity, this motion should "be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, as it is "inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* I BEG for this Motion as "**All pleadings shall be so construed as to do substantial justice**"), the court should view pro se "filings generously and with the leniency due pro se litigants", *see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)*

Utilization of writs, to effect review, when adverse to the public interest, given the obvious evident impropriety Brand *pro hac vice*, and the facts as well laid out here and in Docs 52 & 57.

> *Cord v. Smith, 338 F.2d 516 (9th Cir. 1964)*, the court accepted the appeal as a petition for a writ under the *All Writs Act, 28 U.S.C. § 1651 (1970),* and reversed on the merits, **ordering disqualification**. Accord, *Chugach Elec. Ass'n v. United States Dist. Ct. for the Dist. of Alaska, 370 F.2d 441 (9th Cir. 1966)* (disqualification affected by mandamus after denial thereof by the district court). In *Yablonski v. United Mine Workers, 454 F.2d 1036 (D.C. Cir. 1971), cert. denied, 406 U.S. 906 (1972)*
> **The Fundamental right to fairness in proceedings must be held above all else in order for the general populace to have faith in the impartiality of the judiciary.** *Pierson v. Ray, 386 U.S. 547, 554 (1967)* If errors are committed, the proper remedy is appeal (emphasis added); *Pulliam v. Allen, 466 U.S.(1984)*

**Absent disqualification interlocutory appeal should be attached under collateral order.**

Respectfully Submitted, this 28th day of September 2022.

*[signature: Michael Nelson]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105