### UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. ("UCMK") <u>and</u> CHAD M. KOEHN (Koehn)<br><br>          Plaintiffs, Counter Defendants<br>   v.<br>Michael Nelson<br><br>         Defendant ;  Counter Plaintiff PRO-Se. | **DOCKET NO.:   5:22-CV-04008-JWB-GEB**<br>**CIVIL ACTION**<br><br>Application demand Default Judgment against the Counter Defendants for Failure to Answer timely First Amended Counter Complaint |

Nelson makes this <u>Application </u> demand Default Judgment against the Counter Defendants for <u>Failure to Answer timely First Amended Counter Complaint</u>; Counter Plaintiff so herein now states, Application under Statue, Rule and Case precedent for Default Judgment sum certain, in favor of Michael Nelson Counter Plaintiff, upon the irrefutable factual grounds, law, rules inclusive of Federal Rules of Civil Procedure, orders of this court and case precedents:

**<u>Irrefutable Facts (UNCONTROVERTED):</u>**

1. UCMK and Koehn filed a frivolous, incongruous SLAPP (Strategic Lawsuit Against Public Participation) petition in State Court, proceeded to purposefully lay in wait nearly a year without attempting any service of process, knowing it contained racial insult.

2. I was served via incorrect service of process of the SLAPP petition, replete with racial INSULT, in place of my name, while unlawfully detained in a detention facility, based upon fraudulent statements to law enforcement, that a protective order existed, which did not exist, by Koehn's coconspirator Cynthia Blanchard,

3. I promptly and timely file notice of removal of the SLAPP petition to Federal Court for cause. The Court held hearings and found the matter properly removed to the Federal Court, through the issuance of Order in Document Number 31.

4. State petition replete with a purposeful racial INSULT aimed and directed at me, with intent to cause physical and emotional damage, had its intended consequence of harm.

5. Rather than simply amend and remove the Racial INSULT, Koehn and UCMK, chose instead to file repeated motions failing to comply with FRCP Rule 7.1, filing repetitively woefully incomplete and not in conformity with the rules, motions to strike pleadings.

6. KOEHN and UCMK repeatedly filed documents to the Court and did not notice (notify) me of the filings they themselves made to the Court, <u>violating due process rights & FRCP</u>

7. The Court after researching the matter, SUSTAINED objection, plaintiff's were making filings purposefully not noticing me, they were making to the Court. The Court had out of necessity to "ORDER" Counter-Defendants properly follow FRCP, specifically Rule 5.

8. The Court in direct ORDERS of the Court, had the necessity to ORDER licensed attorneys to follow the known FRCP and provide copies of filings they make to me.

9. The United States Supreme Court promulgates the FRCP (Federal Rules of Civil Procedure) amendments under the <u>Rules Enabling Act</u>, and then the United States Congress has 7 months to veto the rules promulgated or they become part of the FRCP. Inter alia all rules of the FRCP are <u>ipso facto laws created and thus approved by Congress</u> only congress may change the rules pursuant with the US Constitutional authority.

10. Koehn and UCMK repeatedly made pleadings to the Court and purposefully NOT noticing me. Causing the Court to issue ORDERS, that I receive copies of filings made.

11. Kohen and UCMK made repeated motions and responses and filings to the Court without complying with Rule 7.1 as noted. I was therefore mandated to demand compliance.

12. Judge Birzer held multiple hearings in the matter, and issued multiple orders, including mandating the removal of the known racial INSULT; Koehn & UCMK made their once in a course amendment to the petition, filed by Christopher Kellogg in Document 64.

13. The Court issued ORDER: **"However, after further discussion with the Court Clerk's office regularding service of pleadings, <u>the Court SUSTAINS Defendant's [Michael Nelson] objection in ECF No. 42</u>"**

14. Doc. 42, titled: **"OBJECTION DEFENDANT NOT RECEIVING FILINGS/PLEADINGS MADE BY OPPOSING COUNSEL Judicial Notice Per Rule 201b(2) and 201c(2) and 201(d) and 201(e) <u>Preservation of Rights under Due Process Clauses & 14th Amendment without limitation</u>"**

15. <u>ORDER stated:</u> **"...the Court ORDERS Plaintiffs [UCM and Chad Mitchell Koehn] <u>to provide</u> Defendant [Nelson] <u>with a hard copy of any future filings via regular mail</u> and <u>to certify service of same."</u> <u>Koehn and UCMK refused compliance!</u>**

16. ORDER of Court is in conformity with RULE 5, of FRCP, requiring opposing party to BOTH certify <u>and then actually</u> **<u>"provide… a hard copy of any future filings via regular mail and to certify service of same."</u>**

17. <u>FRCP Approved thus ipso facto Law of Congress,</u> states clearly in FRCP **Rule 5b(2)(c) states in plain english**: "mailing it to the person's last known address—in which event service is complete upon mailing" <u>formal ORDER was made for the edification of opposing counsel in ORDER of the Court Document 63,</u> on page 14, wherein **"the Court ORDERS Plaintiffs [CHAD MITCHELL KOEHN AND UNITED CAPITAL MANAGEMENT OF KANSAS INC.] to provide Defendant [MICHAEL NELSON] with a hard copy of any future filings via regular mail and to certify service of same." Licensed counsel are seldom so ordered to specifically follow the Rules and thus laws of the Court with regards to litigation; here the US Federal Court for the D. of Kansas, felt the need to both "research" and then issue a**

**stern ORDER of the Court for Koehn and UCMK <u>to follow the laws of Congress via the</u>**

<u>**FRCP.**</u>

**18.**   FRCP Rule 5(b)(2) (e) and (f); **<u>BOTH require</u>** that the person to whom service is made

**<u>MUST "consent in writing"</u>** to any other alternative service, including any such stated 'electronic

service'.  As such as the requirement of "consent in writing", I have not made, demanding

Koehn/UCMK, FOLLOW THE LAW.

19. Amended Complaint, REMOVING the RACIAL INSULT, in place of my given name, Nelson, as

required by ORDER filed a largely <u>altered complaint</u>, as their once in a course amendment,

substantially changing the SLAPP petition, adding lots under Rule 15.

20. Court then Ordered under Doc. 67, ipso facto reiterated the prior Orders, setting forth further

instructions regarding communication between the parties, as it pertains to discovery and the

holding of a Rule 26(f) conference, disclosures, including stating:

"Communications between the parties shall take place by email.  Christopher Kellogg shall act as
the point of communication on behalf of Plaintiffs and their counsel, with Mr. Kellogg using the
email address [ckellogg@kenberk.com](mailto:ckellogg@kenberk.com) and Mr. Nelson using the email address
oklahomaremote@gmail.com."  see Doc. 67

21. Nowhere within the Order Doc. 67 did the Court overrule Congress or USSC, with regards to

FRCP nor the Court's prior Orders, or the Rules governing service of pleadings  This Court cannot

through any order overrule the USSC, Congress or violate rights of to due process of litigants

before the Court, with respect to FRCP Rule 5, nor did the Court.

    a.  <u>The United States Constitution:  Article VI  The Supreme Law</u>
       i.   Clause 2 Supremacy Clause
      ii.   "This Constitution, and the Laws of the United States which shall be made in
Pursuance thereof; and all Treaties made, or which shall be made, under the
Authority of the United States, shall be the supreme Law of the Land; and the
Judges in every State shall be bound thereby, any Thing in the Constitution or Laws
of any State to the Contrary notwithstanding."

22. Order of Court doc 67, <u>ORDERED:</u> "For substantive communications, **such as the service of discovery,** the parties <u>shall file a Certificate of Service regarding the communication,</u> identifying the email addresses used." This order though inconsistent with the promulgated guidelines of the Court regarding discovery under the Local Rules, did NOT, <u>as it could not have done so</u>, overrule Congress or the US Supreme Court as to the requirements of Rule 5 of FRCP, ORDERED " a hard copy of any future filings via regular mail and to certify service of same."... ipso facto to me. Christopher Kellogg has engaged with Counter-Plaintiff in a plethora of email correspondence never once attaching any documents to the emails other than the "report of the parties" Rule 26(f) conference, both example and completed report remained unchanged from 12 July 2022.

23. 17 May 2022: "ANSWER to 64 Amended Complaint (titled, **Preliminary Answer** with Preliminary Cross and Counter Complaints Third Party Attachments) "

24. 17 May 2022: COUNTERCLAIM against United Capital Management of Kansas, Inc., Chad M. Koehn, Doe Corporations 1-53, John and Jane Does 1-25, CROSSCLAIM against United Capital Management of Kansas, Inc., Chad M. Koehn, Doe Corporations 1-53, John and Jane Does 1-25"

25. UCMK and Koehn filed a series of documents aimed at the Counter and Cross Complaints, I was only informed of by CourtListener, a third party non-profit which monitors Federal Cases via PACER (Public Access to Court Records). Filings of Koehn were NOT properly sent according to the ORDERS of the Court or FRCP. <u>Demonstrating clear violation of Due Process,</u> clear purposeful and wrongful violations of the FRCP.

26. If NOT for the great work of CourtListener I would not have received notice. Since then CourtListener has experienced server upgrades as the executive director of the non-profit has struggled with the ability to service the 100's of millions of requests the site receives. Mike Lissner, Executive Director of Free.Law that orchestrates and operates Courtlistner, replied stating: "*Sorry about that. Should be fixed — I think! We just deployed a huge upgrade and this*

*looks like something we missed before deploying it*"; in response to the case here being missing from the THIRD party non-profit website.  Since then the case has not been readily accessible.

27. NO WHERE within FRCP nor Rule 5 of FRCP or the Orders of the Court did the Court, Congress, the United States Supreme Court, the founding fathers in the creation of the US Constitution and its Supremacy Clause(s), count on or believe it necessary for a litigant in Federal Court, to rely upon a third party non-profit to provide notice of filings made.

28. The US Constitution, the US Congress and US Supreme Court did not each consider the necessity a litigant in Federal Court would have to rely upon a third non-party non-profit.

29. I, chose to file timely a once in a course amendment 6 JUNE 2022, **and has not been "answered" nor has had any other pleading filed, defending or answering Complaint, as required by the Rules and the ipso facto LAWS of Congress!**

Memorandum of law shall set forth the legal requirement, the Rules, FRCP mandating default judgment in favor of Counter Plaintiff Nelson, must issue forthwith in accordance with FRCP/

   **WHEREFORE,** Counter Defendants:  Chad Mitchell Koehn and United Capital Management of Kansas Inc. have FAILED to Answer or otherwise provide any responsive pleading to the Counter and Cross Plaintiff Michael Nelson's First Amended Complaint, timely filed and amended pursuant with FRCP, thus MANDATING DEFAULT JUDGMENT!

   A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).

Respectfully Submitted, this 28th day of September 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105