# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. and CHAD M. KOEHN<br>Plaintiffs, Counter Defendants<br>v.<br>Michael Nelson<br>Defendant ; Counter Plaintiff<br>PRO-Se. | **DOCKET NO.: 5:22-CV-04008-JWB-GEB**<br>**CIVIL ACTION**<br>**Memorandum of LAW in support of Application for Default Judgment against Counter Defendants Chad M. Koehn and United Capital Management of Kansas Inc. for failure to timely Answer First Amended Counter Complaint** |
|---|---|

Nelson, makes "LIMITED APPEARANCE" to file **Memorandum of LAW in support of Application for Default Judgment against Counter Defendants Chad M. Koehn and United Capital Management of Kansas Inc. for failure to timely Answer First Amended Counter Complaint**. Counter Plaintiff states, as fact and thus demands adherence to Federal Rules of Civil Procedure via this Application under Statue, Rule (FRCP) and Case precedent for Default Judgment sum certain, in favor of Counter Plaintiff, Michal Nelson, upon the irrefutable facts, law, rules, orders, case precedents and Federal Rules of Civil Procedure:

**LEGAL AUTHORITY: Argument**

FRCP Rule 55. Default Judgment (a) "Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." ***See Cornell Law School***

The Complaint did not provide for the Court to supersede a Federal Rule Civil Procedure (FRCP) 12(a)(I)(A) nor is it discretionary nor does FRCP Rule 5, allow for a Magistrate or District Judge to supercede service of process of pleadings, per FRCP Rule 5 ipso facto law of Congress. FRCP under Rule 5, mandates that to receive service of a pleading other than a hard copy by mail a party MUST "consent in writing", nowhere in the RULE under FRCP does it confer the right of a Court to order or otherwise demand a party even a pro se party, a US Citizen to accept alternative service of pleadings and answers other than as promulgated in the FRCP established by the Congress of the United States of America, under Constitutional Authority inclusive of the Supremacy Clause

of the United States Constitution and those amendments to FRCP as made by the USSC, under the Rules Enabling Act and approved by Congress. Therefore only Congress and the USSC can alter the rules. Absence of any valid reasons why Koehn and UCMK are now untimely with their Answer, violates Federal Rule when a default judgment is now before the Clerks, as it is now, in this filing for Default Judgment against the counter defendants Koehn and UCMK.

"Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, orders, contumacious conduct", ***United States v. Harre, 983 F. 2d (8th Cir. 1983)***

*Zenovida Love, et al., v. WalMart Stores, Inc. (2017),* **"therefore, a later order purporting to dismiss the case would be shooting a dead horse".** In their decision they confirmed they were without jurisdiction to hear the merits because of the untimely filings in the case, ***See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).***

Motions and Responses with no excuse under *Fed. Rule Civ. Proc. 12(a)(1)(A)*. Statute requires the defendants [UCM and Chad M. Koehn] **"must serve an Answer within 21 days after being served,"** *See Bus. Guides, Inc. Chromatic Commc'ns Enters, Inc., 498 U.s. 533. 540 (1981).* "Service of summons is the procedure by which a court. . . asserts jurisdiction over the person of the party served," *Murphy Brothers, Inc., Petitioner v. Michetti Pipes Stringing, Inc., (1999).* Counter defendants Koehn and UCMK are untimely with their Answer, the District Court must enter default judgment as a matter of Rule and Law and can no longer assert jurisdiction over them under Fed. Rule Civ. Proc. 12(a)(1)(A), pursuant with the failure of UCM and Chad M. Koehn to file in accordance with FRCP Rule 5, an answer or response to the counter claims.

Default judgment pursuant to Rule 55 of the Federal Rule Civil Procedure would be proper when an untimely Answer or pleading has not been filed, as required, as is the case here, where counter defendants Chad Mitchell Koehn and UCM have failed to timely file an Answer or other pleading. Inter alia not within the statutory period filing an Answer to the Counter Complaint, as required by the rules to file *See Murphy Bothers, Inc. v. Michetti Pipes Stringing, Inc. U.S. 1999.*

Counter Plaintiff, is only asking for "Fair Treatment" in this case that is afforded to him by the Fourteenth (14th) Amendment US Constitution, FRCP as created by Congress under Constitutional

Authority and promulgated by the USSC under the Rules Enabling Act as to amendments thereto and approved by the US Congress, which may only so amend (change the rules).

Courts have a duty to enforce federal law, *See eg., Clafin v. Houseman, 93 U.S. 130, 136-137.* **"Such a court may not deny a federal right, when the parties and controversy are properly before it,** *See Douglas v. New York N.H. & H.R. Co., 279 U.S. 377, 387-389.* **"An excuse that is inconsistent with or violates federal law is not a valid excuse."** *Howlett v. Rose496U.S. (1990)*

Chad M. Koehn and UCM, have no excuse for being untimely on their Answer, therefore Mr. Counter Plaintiff is entitled to due process having fair treatment of procedural process when Federal Rule Civil Procedure was not abided by, nor the ORDERS of the Court, nor the procedures of FRCP Rule 5, requiring service of an answer pursuant with FRCP. Counter defendants have failed to timely defend and thus have failed without excuse to properly file an answe. Therefore entitling counter plaintiff, Mr. Nelson to default judgment as a matter of Federal Rule and Law, as established by the US Congress under Constitutional Authority and promulgated by the USSC.

Being untimely with their Answer, the counter defendants substantially: Prejudice to me if procedural due process is denied and the counter defendants are now allowed to file what will be an untimely answer to the counter complaint, to proceed as if they were not untimely with their Answer or other pleading(s). ***See Davis v. Alaska 415 U.S. 308 (1974)***

The District Court cannot now overlook Koehn and UCMK have turned this case upside down, with relaxing attitude toward following FRCP, Local Rules, which is all I have to look, to follow, in best efforts, having not the legal education, without law school or experience in litigation. Prejudice against me befalls the case, pleading deadlines must be strictly adhered to, **otherwise the party who follows the timeline will be unfairly prejudiced by the party that did not follow the rules.** *Brookhart v. Jams, 384 U.S. Also See Smith v. illinois, 390 U.S. 129 (1968)* Koehn and UCMK are now untimely on their Answer, they cannot now be allowed, having failed to file an answer as required by the Rules; *See Main v. Thiboutot, 100 S. Ct 2502 U.S. (1980).*

Koehn and UCMK, collectively cannot now file an answer as doing so will be an untimely Answer. Nor can they be allowed at this late stage to adhere to FRCP Rule 5, which was previously so **ORDERED by ORDER of the Court**, something licensed attorneys should not need to be so informed and ORDERED to follow FRCP, created by the US Congress under Constitutional Authority and promulgated by the USSC and approved by the United States Congress; *Federal Rule of Civil Procedure 15(a)(A)(3) stated in (3) in the following:*

> *"(3) **Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whatever is later.**"*

Koehn and UCMK only had 21 days to respond which they did not or comply with FRCP 12(a)(I)(A) or provide service of response under FRCP Rule 5, substantially in compliance with the ORDER of the Court. As the record so demonstrates the counter defendants have not filed timely an answer as required by FRCP & Orders of the Court, thereby denying me due process of law.

The rule requires defendants [UCM and Chad M. Koehn] **"must serve an Answer within 21 days after being served."**; 21 days **was due June 27th, 2022**; Amended Counter Complaint in Document 83, was filed on 6 June 2022. The rules further call for an expedited answer or other pleading less than 14 days from the date of filing, making the Answer or other pleadings required to be filed not later than 20 June 2022, in accordance with FRCP. According to Rule 15(3) Counter Defendant's had to Amend it's Answer within the "original Answer". Counter Defendants lost their chance to amend the Answer when they are now untimely with an Answer and thus have not filed any Answer to the Counter Complaint. Counter Defendants have not put a motion to the Court to be able to amend their Answer, which has not been filed nor have an affidavit why they are late. Counter Defendant's Koehn and UCM, by Federal Rules can no longer be a party to the case because the court lacked jurisdiction, ***See H.F Livermore Corp. v. Aktiengesellschaft Gerbruder Loepfe, 432 F. 2d 689, 691 (D.C. Cir. 1970).*** District Court must as a matter of Law & Rule enter default judgment in favor of me, as is now before the Court. *"Motions to amend are typically granted in the absence of an*

*improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed.*" Koehn and UCMK demonstrate an improper motive when their original State petition is only four pages filed as already noticed as a SLAPP petition, against the interests of the Kansas and US Constitutions and **Kansas laws.** As Counter Plaintiff Nelson, I am entitled by Law, Rule, Statute, Code, Precedent to default judgment in accordance with due process of law and under Constitutional right under the 14th amendment. *See Harless v. CSX Hotels, Inc., 389 F. 3d (4th Cir. 2004; Ward Elec. Serv., Inc. v. First Commercial Bank, 819F. 2d 496, 497 (4th Cir. 1987)* Generally, leave to amend an Answer under Federal Rule of Civil Procedure 15(a) should be freely given, *see Forman v. Davis, 371 U.S. 178, 182 (1962)*, unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile". Counter Defendants Chad Mitchell Kohen and UCM, have not filed an answer to the Counter Complaint at all. An answer filed now would be in bad faith, when they have no excuse for being untimely with their original Answer therefore prejudicing Mr. Nelson and as now the Court lacks jurisdiction to hear the Answer or Amended Answer, having now before the Court demand for default judgment as a matter of due process, code, law, rule and Statute *Laber v. Harvey, 438 F. 3d 404, 426 (4th Cir. 2006)*. Counter Defendants Chad Koehn and UCMK are in default because of untimely and not having filed their Answer and therefore cannot now file motions to the court for the following reasons: Koehn and UCM failed to demonstrate the filing of an Answer is the result of "excusable neglect" *Fed, R. Civ. P. 6(b)(2), see Traguth v. Zuck, 710 F. 2d 90. 93-94 (2d Cir. 1983).* Counter Defendants ipso facto admit to untimely Answer, having not filed an answer at all nor serving any other pleading under Rule 5, as required by the rules, created and approved by the US Congress after promulgation under the Rules Enabling Act by the US Supreme Court. When an Amended Answer is used for an improper motive, the court may not grant the filing, as is right under due process of law to the rights of the Counter Plaintiff Nelson. Here, the Answer is not

filed and therefore not only a violation of Federal Rule of Civil Procedure 12(a)(I)(A) regarding timeliness, but the motive for filing now that the Court has before it Motion for Default Judgment an Answer filed now is improper and suspect under a first impression, thereby Counter Defendants create an improper motive, *See Harless v. CSX Hotels, Inc., 389 F. 3d 444, 447 (4th Cir. 2004) "(citing Ward Elec. Serv., Inc. v. First Commercial Bank, 819 F. 2d 496, 497 (4th Cir. 1987)."* Counter Defendants fail to file an Answer and are thus untimely now within the 14 days under Federal Rule 15. Time to respond must be made within the time remaining to respond to the original pleading. *See Annette Walley v. Boston Scientific Corporation, U.S. District Court, Southern District of West Virginia, Charleston Division (December 31. 2013) also see Davenport v. Ralph N. Peters & Co., 386 F. 2d 199, 204 (4th Cir. 1997).* Counter Defendants failure to file on time is an undue delay. Untimely filing is a nonwaivable jurisdictional requirement under Federal Rule Civil Procedure 12(a)(I)(A) *See Pleblich v. Battery, 181 f. 3d 1048, 1056 (9th Cir. 1999) also see Disabled Rights Action Comm. v. Las Vegas Everts, Inc., 375 F. 3d 861, 869 (911, Cir 2004).* Counter Defendants have not sought additional time to respond. Koehn is not active in the military service, an infant, or known to be an incompetent presently. UCMK does not qualify for an exclusion based on military service, as it is adjudicated as a legal entity and not considered an infant, or known at present to be operated by an incompetent person.

The District Court cannot now allow Counter Defendants to file numerous motions to the District Court or alter the fact they are untimely with their Answer. Having now before the Court this motion for default judgment the District Court can no longer hear any merits from Koehn or UCMK when neither, Counter Defendant have excuse for being untimely, the courts lacks jurisdiction, to hear any argument of the same under the rules, and thus must grant the request for default judgment. Counter Plaintiff, is pro se and is not an experienced attorney, or represented by an experienced law firm. Counter Defendants are represented by a plethora of law firms, nearly half a dozen different

lawyers, many who claim to be the senior partners of many differing law firms. . The Appellate Panel Of the Ninth Circuit stated, **"[f]ailure to file within the time limit diverts the appellate court of jurisdiction**" *See Preblich v. Battery, 181 F. 3d 1048, 1056 (9th Cir. 1999); See also Disabled Rights Action Comm. V. Las Vegas Events, Inc., 375 F. Ed 861, 869 (9th Cir. 2004).* Counter Defendants now lack standing to oppose Counter Plaintiff's Default Judgment when facts of law have been established when they counter-defendants were untimely without the Answer to as required by the rules and law. *Nishimatu Constr. Co. v. Houston Nat'l Bank, 515 F. 2d (1995).* The Court cannot now overlook that Counter Defendants are not a party to this case when they are untimely with their Answer because "before a court may exercise personal jurisdiction over a defendant the procedural requirement of service must be satisfied." Service of summons is the procedure by which a court.., asserts jurisdiction over the person of the party served.") *See 16 Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 44-445)1946) also see Murphy Brothers, Inc., Petitioner v. Michetti Pipes Stringing, Inc., Case No. 97- 1909. U.S. (1999).* Counter Defendants are untimely on their Answer thus did not satisfy the service requirement and the Court no longer can assert jurisdiction over them under Fed. Rule Civ. Proc. 12(a)(1)(A).

**REASONS the Clerks/Court MUST Grant Default Judgment**

The Reason(s) for granting the petition/motion/application is **"courts are supposed to read any rule of civil procedure according to its "plain meaning", just like a statute."** *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters. Inc., 498 U.S. 533, 533, 540 (1991).* If the Court were to ignore Federal Law Rule 12, it would violate my due process rights, as would it violate due process of law if the Court were to ignore FRCP Rule 5, or mandate some other form of service, unilaterally waving my rights to receive notice, of pleadings, wherein ONLY I may waive the rights under Rule 5, and so consent in writing as the plain language of Rule 5 so dictates; if the Court were to ignore or unilaterally change the plain english meaning of the FRCP, I would not be afforded fair treatment.

All the cards would be stacked against me. I therefore would not get equal protection of the law, under the Fourteenth (14th) Amendment United States Constitution when Federal Law is not followed as now, **requiring Default Judgment, sum certain as to the Counter Complaint.** There has been no scales of justice in my case when IF now the Court does not follow Federal Rule 55, default judgment. When the counter defendants Koehn and UCMK are untimely with their Answer and have not shown excuse for untimely reply, wherein now they cannot show any excuse for failure to answer. *See H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 f 2D 689, 691 (D.C. Cir. 1970).* My procedural due process is violated where I did not get fair treatment, thus requiring default judgment as a matter of Law and Rule, as they are without flexibility as they were designed by Congress, with input from the US Supreme Court under the Rules Enabling Act. **My case falls in the "public interest doctrine"** when the Court must now follow FRCP, to do otherwise violates procedural due process. Which are the fundamental rights of Counter Plaintiff entitling Michael Nelson to default judgment on the Counter Complaints so correctly filed.

To fail to follow FRCP, and change FRCP from the plain english meaning as set forth in the Rules, by the US Congress and Supreme Court the Rules Enabling Act, sets a precedent that it would be easily capable of repetition for others in the same situation when Rule 55 default judgment is filed, as it is now. Allowing people and the lower courts to ignore Federal Rule 12, and ignore all the FRCP in its entirety to come up with their own interpretation of the law instead of what Congress and the US Supreme Court stated in the rule that "if you fail to respond, judgment by default **will be entered against you** for the relief demanded in the complaint" 12(a)(I)(A). If parties to an action are allowed to unilaterally ignore the rights of service in accordance with Rule 5, this precedent creates a scary prospect for all future litigants. "Due process balances the power of the land and protects the individual person from it. When a government harms a person without following the exact course of the law, this constitutes a due process violation, which offends against the rule of law." *Carroll v.*

*Greenwich Co., 199 U.S. (1905) French v. Barber Asphalt Paving Co., 181 U.S. 328* We have two sets of rules, in this case one for me to adhere to FRCP, and the other for Koehn to make up their own rules. The Scales of Justice have never been equal in this case, it has been tipped when the rule of law is not followed in accordance with FRCP, Federal Statutes.

> "Rights to life, liberty, and the pursuit of happiness are equivalent to the rights of life, liberty, and property. These are the fundamental rights which can only be taken away by due process, and which can only be interfered with, or the enjoyment of which can be modified, by lawful regulations necessary or proper for the mutual good of all." ***See Slaughter-Houses Cases, 83 U.S. (16 Wall.) 36, 116, 122 (1873)***

**WHEREFORE,** Counter Defendants: Chad Koehn and United Capital Management of Kansas Inc. have FAILED to Answer or otherwise provide any responsive pleading to Counter Plaintiff Michael Nelson's First Amended Complaint, which was timely filed and so amended, pursuant with FRCP. Counter Defendants have failed to timely answer in accordance with Rule 12 or 15 and serve said answer pursuant with Rule 5 of FRCP, which was reiterated by ORDER of the Court, sustaining prior objections, thus requiring Counter Defendants to follow FRCP, wherein the Court even had the necessity to ORDER licensed attorneys representing the Counter-Defendants to adhere to FRCP and provide timely copies of pleadings. Therefore Default Judgement should now be entered sum certain as required by FRCP, Law, Rule, Code, Statue and case precedent see Ex. "A"

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285,* and "a pro se [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"), "filings generously and with the leniency due pro se litigants", *Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, (10th Cir.2007)*

Respectfully Submitted, this 28th day of September 2022.

[signature]

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105