# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN**<br><br>                    Plaintiffs, Counter Defendants<br>          v.<br>Michael Nelson<br><br>Counter Plaintiff defendant ;     PRO-Se. | **DOCKET NO.:     5:22-CV-04008-JWB-GEB**<br>**CIVIL ACTION**<br><br>**Appeal of Order Document Number 70**<br>**Under Rule 72**<br>**Replacement to Doc. 81 per Order 183**<br><br>**[Jury Trial Demanded]** |

I, make "SPECIAL & LIMITED APPEARANCE" for the purposes of filing **Appeal of Order Document Number 70; Under Rule 72, for de novo review, Replacement to Doc. 81 per Order 183** now alleges and states the Court has errored in the Order thus appeals in the interests of justice to prevent manifest injustice, and with Constitutional questions:

> **"When faced with the issue of either allowing a civil action to proceed or protecting the Fifth Amendment rights of individual defendants against self incrimination, the majority of courts have consistently chosen the latter."**   Yet, the Court here has not yet had hearings regarding **multiple requests for a STAY of the Matter** and has yet to rule upon any of the Motions and Requests for Stay.    I cannot possibly defend the multitude of litigations, designed as SLAPP (Strategic Lawsuits Against Public Participation) suits.   I continue to face parallel criminal matters stemming from the same nexus as the frivolous, incongruous SLAPP petition.

The current matter lacks all of the claims and defenses at issue, and currently has multiple motions to dismiss, constituting dispositive motions which will materially advance the matter to conclusion, without needless burdens upon the parties and the Court.  It is the interests of Judicial Economy and the burdens upon the parties which must be weighed in favor of not setting a rule 26f conference.  Yet, now the Rule 26(f) conference was held, just less than one hour each day, 11 and 12 July 2022, wherein Kellogg for the plaintiffs treated the Rule 26(f) conference as a perfunctory drive-by event, against the interests of Justice and FRCP.   This matter must be STAYED!

The Main issue of Appeal of Order in Doc. 70, is the continual failure of the reports and Orders of the Court to recognize the parallel hereto criminal proceedings, which were instituted based on fraud, claiming a protective order which never existed, and placing me in harms way in a dangerous detention facility for more than a month. Craig Alan Brand the pro hac vice attorney appearing here is representing all parties in the parallel criminal proceedings as well, and is using this civil litigation as a means to exact criminal punishment without conviction nor trial.

Until all claims and defenses are at issue, and the dispositive matters for dismissal are settled, as the correct granting of the dispositive issues and motions will cause any discovery or otherwise extended "fishing expedition" the plaintiffs want to conduct through their abuse of the judicial process a moot exercise of their bad faith efforts to misuse and abuse the legal system.

The Court has erred in not addressing the attempts by CRAIG ALAN BRAND to have me involuntarily violated other court orders, in the parallel criminal matters, wherein Craig Alan Brand has consistently in every appearance before the Court erred in his appearance. The Court has chosen to give Mr. Brand a pass at the perjury in the affidavit in document 24-1. This has GREEN LIGHTED Mr. Brand's well known horrific Judicial Abuses, LIES, and constant attacks, of me, my family and consistently LYING to the Court in Writing!

Motions and Objections made in Documents: 52 and 57 respectively, concerning CRAIG BRAND's DECEPTION and purposeful MISLEADING of Chambers and myself and his parallel attempts to have me violated for having communication INVOLUNTARILY with his employer (my company) HeraSoft. **CRAIG ALAN BRAND presents himself at bar through A DIFFERENT LAW FIRM then he Stated to the Court in Affidavit which he Practices.** This together with his purposeful misleading of the Court, Chambers and the pro se defendant in the origin of emails he uses in the case, as Mr. Brand demonstrates to the Court his willingness to DECEIVE and MISLEAD the Chambers of Judge Birzer and myself in documents 52 and 57, outlining the same.

Chad Koehn through what Chad Koehn describes himself as a "mountain of evidence", provided to authorities, none of this "mountain of evidence" attested to under the penalties of perjury by Koehn, has been provided to the defendant, even NOW, with the Court having struck Document 81, which this replaces, in Court Order Doc 183, as this is in regards to Order Doc 70, the Plaintiff's are continually provided the proverbial GREEN LIGHT, to Abuse the legal processes and refuse to provide pleadings they file with the Court, to me, now in violation of Court Orders, Federal and Local Rules in this matter. The "fishing expedition" sought through discovery by the plaintiffs would severely violate my rights as they continue to be violated. This is a UNITED STATES FEDERAL COURT, and as such this Court should be interested and concerned with the protection of US Constitutional Rights.

As to the public, the court must balance the potential harm to the litigants' interests against the public's right to access to court files. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999).* My fifth amendment rights are being stripped from me in this Civil litigation in light of the parallel criminal proceedings, which have had the originating charges dropped and changed, and now have had multiple other charges dropped and/or dismissed. I must have the RIGHT to my Constitutional Rights, and this case MUST BE STAYED!

Much of the delay in the case to date has been as a direct result of the plaintiffs bad faith in the filing of the underlying frivolous incongruous SLAPP litigation, which they laid in wait nearly a year prior to making any attempt at all of serving the complaint. The plaintiffs had ample opportunity to amend the complaint, including removing the RACIAL INSULT, yet plaintiffs made no such efforts! The plaintiffs then served a complaint replete with racial slur, and did so in a manner to exact physical, mental and emotional damage. I have been unfairly forced to accept jurisdiction which has yet to be decided. Judicial Economy and conservation of judicial resources would be better in another District, namely where other cases are pending including a presumed

appeal of the **underlying employment matter to presumably the NEVADA SUPREME COURT**, wherein Craig Brand continues in that representation, of Anthem Vault Inc. though not being a member of the Nevada Bar, and only stating he is a member of the AA Nevada, as some claim of right to proceed without license there. The plaintiffs self admit to being Federally regulated and thus licensed, and issues proceeding in other Districts directly relate hereto the matter at bar, in regards to various claims involving "smurfing" a type of money laundering which the Courts have recognized "reverse short-form mergers" are a sign.

In addition and specifically with the Magistrate Judge's Order in document 70, filed on 16 May 20222, prior to the lapse of time provided for the Pro Se defendant to submit Answer and other responsive pleadings, in essence violating my rights and forcing personal and subject matter jurisdiction where no decision has been so issued. **The Courts have continually held that in light of constitutional protections, <u>civil cases should be Stayed in the interests of the parties</u>, the PUBLIC and certain judicial economies.**

The Magistrate Judge's Order errors <u>in not accounting for the parallel criminal matters</u> and the claimed pendency of criminal charges orchestrated by <u>Craig Brand</u>, claiming charges pending in Kansas, Colorado and California. I have constitutional rights which warrant protection. This Federal Court refuses to recognize my constitutionally protected rights! Allowing discovery at this early stage, when so many varying dispositive motions continue without ruling and so many appeals and presumed interlocutory appeals bifurcated to multiple types of Federal Courts<u>, is to invite disaster and the perception of unfair judicial proceedings by the average member of the public.</u> The rights of the parties in their inviolate right to constitutional protections in the face of criminal proceedings stemming from the same nexus of events and having both plaintiffs referenced multiple times in criminal proceedings gives rise to the need to first examine the dispositive motions.

Even before the time had expired for the PRO SE defendant to file "answer" and other responsive pleadings before the Court, to the underlying originating petition now amended to remove RACIAL SLUR / INSULT against the person of the PRO SE defendant; the Magistrate Judge has issued an Order regarding discovery and other conferences in this civil matter, wherein Fifth Amendment protections are summarily DENIED by this US Federal Court.

Not all claims and defenses are at issue, according to the plaintiffs themselves and certainly not all parties are joined, including those involuntary defendants.

The Pro Se Defendant being attacked in multiple courts and via a multitude of complaints all **orchestrated by Craig Brand** and his alleged conspirators, in the HERC crypto stock coin, a self created CRYPTO CURRENCY, which is at the heart of much of the disputes.

Craig Brand, pursuant to his road map for the destruction of other human beings through the misuse and abuse of the American Judiciary as he well lays out in the book he himself authored, "I don't care what mom says: LIFE SUCKS", by Craig A. Brand; case in point:

> **"...wham,** you are in court and **the accused must go through a long, lengthy, tiring, stressful and expensive process merely to prove his or her innocence.** In spite of what you have read about our system of justice, **we are all guilty until proven innocent**, and **we are all innocent until we run out of money**… people wind up **paying some form of legal extortion** just to get out of the drama. The bad guys and their shyster lawyers know it."p97
> **Given the fact Hera Software Development Inc.** will most likely be attached as one of the

"Doe Corporations", since Craig Alan Brand is the "Special Counsel" for that entity, and it is that entity that publicly declares by and through Chad Koehn and United Capital Management of Kansas Inc., that **"The government of the Netherlands through Warburg Holland [Warbur Pincus and public companies] has partnered with Herasoft to create goldflorin** …" AND **"Herasoft technology validates and verifies all imports and exports of gold for the entire country."**

directly implying a contract and partnership stated with the government of the Netherlands

(Holland).  In addition to the various issues involving the **misuse of US Federal and State government resources, implication of endorsement by the armed forces of the US.**

Due to the international nature of the allegedly materially false publicly facing advertisements, and materially false statements affecting global financial markets and market manipulations and statements of fact by Chad Koehn etAl. and HeraSoft, specialized subpoena is needed through the US State Department pursuant with Federal Law.   Given the fact this implies and directly states a partnership which must be valid under requirements of US Law with the proper governmental approvals available directly from the US Federal Government.   It appears to imply the attachment of New York based Warburg Pincus, and other public entities, dictating involvement under Dodd Frank, Sarbanes Oxley and their progeny; including False Claims Act.   Even market manipulations involving materially false information which gives rise to NYSE and NASDAQ regulations and Federal Securities Laws; without limitation exchange violations, which means this case continues to grow into causing additional litigations in other US Districts, absent a removal to the US District of New York, which has preferred standing in this matter, given the International aspects and claims of Koehn etAl.   To among other things be endorsed by divisions of the United Nations, located in New York City, New York, and the various crypto currencies and crypto currency hedge funds of Koehn etAl. trading in New York on the exchanges and the fact UCMK. is regulated by the exchanges in New York, and under the Investment Advisers Act.

I again Motion and raises concerns for a Stay of these proceedings:

Wehling v. Columbia Broadcasting System 608 F.2d 1084, 1089 (5th Cir. 1979) ("[although a three year hiatus in the lawsuit is undesirable from the standpoint of **both** the court and the defendant, **permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and this lawsuit.**"); White v. Mapco Gas Products, Inc. 116 F.R.D. 498 (D.C. Ark 1987); Dienstag v. Bronsen, 49 F.R.D. 327 (D.C.N.Y. 1970); US v. Steffes, 35 F.R.D. 24 (D.C. Mont. 1964).

**Unqualified right given by** *Section 272 of the Judicial Code, 28 U.S.C. 394*, <u>to parties in all the courts of the United States</u> to **'plead and manage their own causes personally.'**

**PLEASE TAKE NOTICE:** The **Pro Se Defendant has RIGHTS too. Among them is the FIFTH Amendment to the US Constitution.** PRO SE defendant, Michael Nelson, Hereby does move the Court for an Order Staying this civil action against PRO SE defendant pending conclusion of the **parallel criminal proceedings pending against the same and only defendant here who is at present unrepresented in this SLAPP style civil action** commenced in parallel to criminal proceedings. Judicial economy and constitutional rights warrant a STAY of the current proceedings in this Civil Case. AS set forth more fully in Defendants' Memorandum of Points and Authorities, this Motion is made on the grounds that a stay of this civil action is <u>necessary protect the Fifth Amendment rights</u> of the PRO SE defendant in connection with criminal proceedings arising from underlying facts that give rise to this frivolous SLAPP action, as already stated by Cynthia D. Blanchard under oath in probable cause hearing on 29 March 2022, wherein and when in fact CHAD KOEHN did have the PRO SE defendant also served with a no contact order, which since has been DENIED and DISMISSED. Never-the-less CHAD KOEHN states as reasons those including relationships to Cynthia D. French / Blanchard who he lists as "PRESIDENT of ANTHEM HOLDINGS COMPANY". CHAD KOEHN also lists attorney Larry Gene Michel and Craig Alan Brand as "witnesses". The Court has before it Motion to Dismiss the SLAPP complaint <u>"under Kansas's strong anti-SLAPP (Strategic Lawsuit Against Public Participation) protection Act:</u> "**all discovery, motions or other pending hearings shall be stayed."** *§ 60-5320(e)(2); FRCP 81(d)(1)."* ADDITIONALLY, **the PRO SE defendant cannot voluntarily choose between the civil defense here and the pending parallel criminal defense matters directly related hereto in Oklahoma, Kansas, Colorado and California, as charged by KOEHN in his 26 January 2022, SWORN affidavit under the Pains and Penalties of**

**PERJURY of the State of Kansas.** CHAD KOEHN also so lists the name CRAIG BRAND, and implies CRAIG ALAN BRAND has also filed criminal charges against me, yet Brand represents Koehn and each of the involuntary defendants. **The civil action should be stayed as PRO SE Defendant is the only person that can speak on behalf of self as is evident.**

The Court in Faretta relied upon the description of the right in *§ 35 of the Judiciary Act of 1789, 1 Stat. 92*, which states that **"the parties may plead and manage their own causes personally or by the assistance of such counsel…."** *422 U.S., at 812, 95 S.Ct. 2525.*

<u>No prejudice will Befall</u> United Capital Management of Kansas Inc or Chad M Koehn:

The interest of BOTH plaintiffs will be unaffected by a stay. A stay is permitted where there is no alleged harm to the plaintiff(s) Jones, supra at 2; *See also Taylor, Bean, & Whitaker Mortgage Corporation v. Triduanium Financial, 2009 WL 2136986 (E.D. Cal. 2009)*(granting a stay despite plaintiff's argument that it will be more difficult to recover losses if the case is stayed). As here the plaintiffs allege no harm and no harm would come, more-over the Law REQUIRES a Stay of all Discovery including all initial disclosures. Moreover, **the delay associated with a stay does not overcome the paramount concern of protecting constitutional rights.**

**Cota, supra at 3.** A stay of this action is justified and should be granted as the law so REQUIRES. Certainly in the interests of Judicial economy and to conserve judicial resources. This civil action commenced by Plaintiffs United Capital Management of Kansas Inc. and CHAD M KOEHN against the PRO SE Defendant arises from the same nexus of facts and events that triggered false and fraudulent criminal matter in the 11th Judicial District of Oklahoma, and in which Chad M Koehn states in affidavit he is fraudulently pursuing the same against the Pro Se Defendant in Kansas and states Larry Michel and Craig Brand attorneys for Koehn and UCM etAl have actions against the Pro Se defendant in Kansas, Colorado and California, as all are conspiring in predatory COLLUSION to simultaneously file a plethora of legal proceedings against the PRO

SE defendant, a whistleblower regarding three underlying entities (corporations) located in NEVADA, where Brand is said to be pursuing a final employment appeal to the NEVADA SUPREME COURT.  It is an impossibility for the pro se defendant here to meaningfully participate in either discovery nor trial while criminal matters are pending and sought by the plaintiffs and their co conspirators.  The pro se defendant has Fifth Amendment Rights, and the Laws of the State of Kansas and its Constitution REQUIRES a Stay.

**Pro Se Defendant should not be forced to choose between defending himself in this action and preserving his Fifth Amendment rights.**  The Courts and the public all have an interest in a STAY of the Proceedings here.  The fact that redundant litigations proceed simultaneously where the pro se defendant's Constitutional Rights are violated, provides standing alone for reason for the Court to initiate a STAY of these Civil proceedings in light of the overwhelming interest of ALL the parallel criminal proceedings.   **A STAY is justified in the interests of substantial Justice, to all parties, the Court and the public at large, conserving judicial resources and providing for judicial economy in this matter and the parallel criminal matters, and as the law intends under the Kansas and US Constitutions and Kansas Law.**

**Recently, Federal Courts have taken to stay civil cases where the defendant, here is just ONE and is PRO SE.**   Stayed civil proceedings pending the resolution of criminal proceedings in cases involving facts remarkably similar to those of this case *SEE: Continental Insurance Co. v. Cota 2008 WL 4298372; Jones v. Conte 2005 WL 1287017*

**This civil proceeding should be stayed, as the PRO SE defendant is the sole and only defendant in this matter.**  The PRO SE defendant is the only person to be able to speak on behalf of himself.  To force this civil litigation to continue in view parallel to the criminal matters now proceeding and those threatened by the plaintiff in affidavits Chad M Koehn, stating pending criminal charges in Kansas, Colorado and California, is to violate the basic and fundamental civil

rights and liberties of the PRO SE defendant including without limitation those under the <u>Fifth Amendment</u>.   The prejudice to the PRO SE defendant in inability to meaningfully defend in this civil action and the persuasive case law holds that under these circumstances it is appropriate to stay the civil proceedings, in addition to the obvious Judicial Economy and the savings of Judicial Resources in the conservation of such, of allowing the criminal proceedings to reach their conclusion.  In accordance with *28 U.S. Code § 1654* the **<u>RIGHT to self representation exists in codified law of these the United States of America.</u>**   Though the pro se defendant has attempted in vain at obtaining an attorney and has been unable to find an attorney, and has yet to receive back retainers to a law firm where larry michel's son-in-law received confidential info.  **In SUM a stay of the proceedings in this civil action as to the PRO SE Defendant is warranted and should be granted.**   The PRO SE defendant should not have to choose between defending the frivolous SLAPP petition and violating the Defendant's Constitutional Rights and Liberties, especially under the 4th, 5th, 6th, 8th, 14th amendments to the US Constitution.  It is obvious and evident to the reasoned mind the intention of Craig Brand sponsored by Larry G. Michel, who as the docket and evidence demonstrates blindly signed Motion in document 24, are both proceeding with this SLAPP litigation simultaneous to criminal proceedings.  The pro se defendant should not have his civil rights further eroded nor constitutional rights under the fifth amendment.   Plaintiffs filed the frivolous incongruous SLAPP petition to state court and then laid in wait nearly a year, conspiring as the record and facts so dictate with the claimed "victims" in the parallel criminal matter in the 11th Judicial District of Oklahoma, where both Plaintiffs United Capital Management of Kansas Inc. and Chad Koehn have extensive business ties, and have conducted extensive business interactions.   **All the while Craig Brand is proceeding to the NEVADA SUPREME COURT, according to the sworn testimony of Cynthia Blanchard, president of Anthem Holdings Company**, to further appeal the employment matters there in NEVADA, relating to the genesis

corporation Anthem Vault Inc.  Anthem Holdings Company, did not and **sold instead unregistered, unlicensed securities.**  The "holding company" of Anthem Holdings Company is in material dispute as to a legitimate "reverse short form mergers", which never had shareholder votes, and the regulation D filing stated no "business combination merger", yet the offering documents state a combination merger to effect and consummate the series of "smurfing" in the reverse "short form mergers", subject of multiple parties whistleblower complaints.   The plaintiffs here claim tortious interference in the business of UCMK which is apparently in the business as it claims publicly of leading investments into a variety of investment vehicles, <u>some registered and some not</u>, some in compliance <u>and some not as the record indicates.</u>   All the claims of the plaintiffs reference directly back to Anthem Holdings Company and **Hera Software Development Inc.** which is the company of the moniker Herasoft <u>www.herasoft.com</u> the SAME company and TLD used by pro hac vice purported attorney Craig Alan Brand to mislead the Chambers of Magistrate Judge Birzer and the Pro Se defendant in hopes to get the Pro Se defendant on a technical violation of a bonding in the underlying parallel criminal matter in the 11th Judicial District of Oklahoma, due to the many multitude of conflicting and simultaneous representations the pro se defendant here has duly filed a motion to disqualify purported currently licensed attorney Craig A. Brand from representation in this civil matter, as Brand also owes fiduciary duties to the pro se defendant here, and continues with a multitude of criminal defenses in the conflicting parties hereto this civil litigation.  <u>Although staying the civil action may cause delay</u>**, protecting a party's constitutional rights is paramount.** A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, **such as to prevent either party from taking advantage of broader civil discovery rights** <u>or to prevent the exposure of the criminal defense strategy to the prosecution</u>. *Dresser,* 628 F.2d at 1375-76. In this case, Pro Se Defendant challenges the effect of the proceedings on Fifth Amendment rights, and <u>inability to materially participate in providing any form of discovery</u> to the

plaintiff's, who are BOTH are directly referenced in the testimony of Cynthia D. Blanchard on 29 March 2022, in a probable cause hearing, in the currently proceeding parallel criminal matter. Chad M Koehn did have service of process for a civil restraining order (protective order) served upon the person of the pro se defendant, just prior to the testimony of Cynthia D. Blanchard, coconspirator of Chad Mitchell Koehn in predatory collusion against the PRO SE defendant and other shareholders. That protective order has since been DENIED and Dismissed. Miss Blanchard and her husband Anthem Hayek Blanchard also maintain an ex parte restraining order against the pro se defendant a WHISTLEBLOWER against them and the underlying companies, which CHAD KOEHN identifies as a board member, lead investor and employee, to wit include the plaintiffs given the information obtained in the criminal matter and CHAD M KOEHN's sworn twice signed affidavit in Saline County, Kansas, under the penalties of perjury.

While the pro se defendant <u>whistleblower, regarding the underlying merger subs to the obscurely attempted triangular reverse short form series of mergers, claimed by the plaintiffs,</u> Where plaintiffs BOTH have significant interaction, employment, investment and regular travel relating to a number of companies; including without limitation: Anthem Vault Inc. (a NEVADA Corporation), Amagi Metals, Anthem Gold, AG Herc, Hercules, HERC CRYPTOCURRENCY STOCK COIN, HeraLabs, HeraSoft, Anthem Holdings Company [Chad Mitchell Koehn states he sits upon the board of directors and has a direct conflict with his co-plaintiff United Capital Management of Kansas Inc.; KOEHN also lists Cynthia D. Blanchard as President of "Anthem Holdings Co." on the affidavit he filed in Saline County Kansas] Hayek Metals, Hayek Gold, Anthem Hayek LLC, Blanchard and Company, Blanchard Family Office (trustee Alexandra Lesia Blanchard), Hercules LLC (Puerto Rico), Hercules SECZ (GRAND CAYMAN ISLANDS). Under the Federal Rules of Evidence, a party may only make an offer of proof if the court has excluded some evidence tendered by the party. Here the pro se Whistleblower pro se defendant is excessively

burdened and **cannot be forced to choose between the civil defense, protective order defense and the criminal proceedings with regard to Constitutional rights.**

Chad Koehn's application and double signed SWORN affidavit for protective order and said application references not only the facts of the matter at bar but also references Cynthia D. Blanchard, and titles her as the President of Anthem Holdings Company, a company in material dispute as to being illegally organized given the pro se defendant's undisputed "significant equity interest" therein all the underlying corporate entities and the laws of the states of Delaware, Nevada and Texas, especially wherein Nevada and Texas require greater than 90% shareholder vote to consummate a "short form merger", whether a reverse merger or not and the **legal definition of "significant equity interest" in Nevada being 10% or greater of all class of stock**, ergo inter alia the "short-form" merger and/or short-form reverse mergers in creation of Anthem Holdings Company was illegal without the consent of the undersigned, in accordance with the laws of the State of NEVADA, and those requirements in Texas and Delaware.

A Stay is also necessary as at the present time the PRO SE defendant cannot easily travel without the sanctioning of a lower courts in other states, additionally without the financial resources to enable travel at present due to the directly related and parallel hereto criminal matters and the new threats of new criminal charges in Kansas, Colorado and California, all being orchestrated by Craig Alan Brand per the affidavit of Chad M. Koehn.  District courts have the inherent power and discretionary authority to stay proceedings when the interests of justice so require.

> *United States v. Kordel 397 US 1, 90 S. Ct. 763, 25 L. Ed 2d (1970); Landis v. North American Co. 299 US 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936).*  Courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders.  *SEC v. Dresser Indus, Inc. 628 F.2d 1368 (DC Cir 1980)*  It is well recognized that the "decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made" *Keating v. Office of Thrift Supervision 45 F. 3d 322, 324 (9th Cir. 1995) quoting Federal Savings and Loan Inc. Corp. v. Molinaro, 889 F 2d 899, 902 (9th Cir 1989).*

Wherein here the **PRO SE defendant must as a matter of Constitutional RIGHT exert FIFTH Amendment** privilege, in regards to providing an answer hereto and to all discovery in the matter pending, as it directly relates to the parallel frivolous criminal matter. The Fifth Amendment privilege against self incrimination **may be invoked by the mere possibility of criminal prosecution [EMPHASIS ADDED]**, as **Chad Mitchell Koehn now makes in his affidavit seeking protection from sexual acts** when he [CHAD MITCHELL KOEHN] is **"incapable of giving consent"** and wherein Chad Mitchell Koehn claims Attorney Larry G. Michel and Craig Alan Brand also seek criminal charges against me all in RICO conspiracy and predatory collusion with one another in hopes to silence me permanently as they have tried to KILL ME. *Matter of Seper, 705 F.2d 1499 (9th Cir. 1983)* **The mere implication of PRO SE defendant's FIFTH Amendment Rights; Warrants A Stay of this Action Pending Completion of the Criminal Proceedings.** Twice recently stays in civil proceedings pending the resolution of criminal proceedings have been granted, as the fundamental rights of the parties must be protected as a matter of Constitutional Law. *Continental Insurance Co. v. Cota 2008 WL 4298372 (ND Cal. J. Conti presiding); Jones v. Conte 2005 WL 1287017;* as set forth in both cases: "[t]he decision western to stay civil proceedings in the face of a parallel criminal proceeding should be determined based on the circumstances and competing interests involved in the case". *Keating v. Office of Thrift Supervision 45 F. 3d 322 (9th Cir. 1995)* **When faced with the issue of either allowing a civil action to proceed or protecting the Fifth Amendment rights of individual defendants against self incrimination, the majority of courts have consistently chosen the latter.**

> "[T]he basic purposes that lie behind the privilege against self-incrimination do not relate to protecting the innocent from conviction, but rather to preserving the integrity of a judicial system in which even the guilty are not to be convicted unless the prosecution shoulder[s] the entire load."

The Court here should also be concerned with the more than 14,000 Investor Wallet addresses of the HERC crypto currency illegal ICO, and the **unregistered unlicensed securities raises and stock**

<u>sales</u> of Anthem Gold inc. and Hera Software Development Inc. (HeraSoft) which is Craig Alan

Brand's employer as noted in Docs. 52 & 57.

**<u>Wherefore the Pro Se defendant counter-plainiff requests the following of the Court:</u>**

1. STAY of the Action pending completion of all parallel Criminal Matters
2. For an opportunity to submit formal motion to stay
3. For an opportunity to submit a formal motion for appointment of counsel for issues which involve my constitutional rights in light of parallel criminal proceedings.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). Viewing "filings generously and with the leniency due pro se litigants", *Erickson v. Pardus, U.S. 127 S.Ed.2d (2007); Andrews v. Heaton(10th Cir..2007)*

Respectfully Submitted, this 29th day of September 2022.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;
Respectfully Submitted, this 29th day of September 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com