**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| UNITED CAPITAL | ) |
| MANAGEMENT OF KANSAS, INC., | ) |
| and CHAD M. KOEHN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 22-4008-JWB-GEB |
| | ) |
| MICHAEL E. NELSON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

The Court has reviewed Defendant's Memorandum in Opposition to Motion to Quash Subpoena to Donald Hoffman, together with its exhibits ("Memorandum") (ECF No. 249) and *sua sponte* orders it be sealed.[1] "Although '[c]ourts have long recognized a common-law right of access to judicial records,' this right 'is not absolute.'"[2] This Court, "in its discretion, may seal documents if the public's right of access is outweighed by competing interests."[3] "In exercising this discretion, we weigh the interests of the public,

---

[1] *Cleveland v. Harvanek*, 607 F. App'x 770, 772, n 2 (10th Cir. 2015) (Court *sua sponte* ordered the clerk to seal the record which included the names of a party's children along with details regarding their termination proceedings.).
[2] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (citing *Mann v. Boatright*, 447 F.3d 1140, 1149 (10th Cir. 2007)).
[3] *Id.* (citing *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 2007)).

which are presumptively paramount, against those advanced by the parties."[4] The Supreme Court looked at exceptions to the common law right of inspection or access to court records.

> For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" through the publication of "the painful and sometimes disgusting details of a divorce case." Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.[5]

The derogatory language and unsupported allegations against a party included in the Defendant's Memorandum convince the Court, it should in the Court's discretion, be sealed.

**IT IS THEREFORE ORDERED** that Defendant's Memorandum in Opposition to Motion to Quash Subpoena to Donald Hoffman, together with its exhibits (**ECF No. 249**) be sealed**.**

Dated September 30, 2022, in Wichita, Kansas.

                                                        s/ Gwynne E. Birzer
                                                        GWYNNE E. BIRZER
                                                        United States Magistrate Judge

---

[4] *Id.* (citing *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir.1980)).
[5] *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978) (internal citations omitted).