# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. (UCMK) <u>and</u> CHAD M. KOEHN (Koehn) plaintiffs, counter-Defendants<br><br>v.<br><br>Michael Nelson ["Nelson"]<br><br>Defendant ;   PRO-Se. | <mark>**DOCKET NO.:**    **5:22-CV-04008-JWB-GEB**</mark><br>**CIVIL ACTION**<br><br>**Notice of Withdrawal under Safe Harbor of Document 249 and exhibits**<br><br>Fed. R. Civ. P. 11(c)(2)<br><br>**[Jury Trial Demanded]** |

<u>Nelson</u>, makes "SPECIAL APPEARANCE" to file **Notice of Withdrawal under Safe Harbor of Doc 249 and exhibits**:

On 25 September 2022, I filed a motion in Opposition to the Motion to Quash Subpoena, Document 249 and exhibits, to the already issued, served and thus executed subpoena on Donalad Hoffman, Esq. for depositions, harassment settlements and other case files in the instant action Chad M. Koeh and UCMK vs. Christopher Giroux.   The Court has sealed the memorandum in opposition and exhibits.   I have filed an Opposition to Motion to quash <u>as a replacement</u> to Doc. 249 in the filing of Document 261.   I hereby notice prior to any other reply or motion this notice of withdrawal of document 249 and its exhibits, legal authorities are cited herein below.

**I now hereby formally withdraw document 249 and its exhibits under safe harbor provisions of Federal Rules of Civil Procedures,** and am doing so 9 calendar days after first entering document 249, therefore well within the Federal Rules Safe Harbor Provisions, as plaintiffs claim, threaten they want to seek sanctions, and have verbally made statement to this effect.

I am immediately withdrawing document 249, and exhibits and have replaced it with document 261, and do so 9 calendar days from date document 249 was first submitted.

My withdrawal is therefore herein tendered within the time limits as required under Federal Rule, for the withdrawal of Doc. 249 and its exhibits, just nine (9) calendar days from date of entry.

*Brickwood,* 369 F.3d at 389 (emphasis added); *see also Hamlin v. TD Bank,* No. 1:13-CV-00200-MR-DSC, 2014 WL 3101942, at *3, n.2 (W.D.N.C. July 4, 2014) ("The motion for sanctions must be served on the offending party at least twenty-one days before filing and must describe in detail the alleged offending conduct. Therefore, counsel's letter threatening to file a motion for Rule 11 sanctions in the event that the motion to dismiss was granted was not sufficient to trigger the safe harbor provision of Rule 11(c)(2).")."

*McFee v. Carolina Pad, LLC,* 3:21-cv-633-GCM (W.D. North Carolina February 15, 2022)

> The requirements of the rule are straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion.

Fed. R. Civ. P. 11(c)(2). Compliance with the "21-day safe harbor" rule is a condition precedent to sanctions. *RMC Publ'ns, Inc. v. Doe,* No. 3:07-cv-3170-JFA, 2008 WL 11472127, at *3 (D.S.C. Feb. 5, 2008) (citing *Brickwood Contractors, Inc. v. Datanet Eng., Inc.,* 369 F.3d 385, 393 (4th Cir. 2004)).

The Advisory Committee's Notes to the 1993 Amendment to Rule 11, which added the safe harbor provision, discuss the purpose of the amendment.

> The rule provides that requests for sanctions must be made as a separate motion, i.e., not simply included as an additional prayer for relief contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a

> questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.
>
> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion.

> *Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments* **(emphasis added).**

The safe harbor provision was intended to "protect[ ] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court...." *Roth, 466 F.3d at 1192 (10th Cir. 2006) (quoting 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1337.2, at 722 (3d ed.2004)).*

Rule 11(c) is intended "'to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention.'" *Hutchinson v Pfeil, 208 F.3d 1180, 1183 (10th Cir. 2000) (citing AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528–29 (10th Cir.1997))*

The Tenth Circuit has rejected the substantial compliance theory which would allow a letter sent to the offending party, rather than service of the actual motion for sanctions, to constitute substantial compliance with Rule 11(c)(2). *Roth,* at 1193.

"[T]he 'safe-harbor' provision of Rule 11(c)(2) requires a party to serve a copy of its Rule 11 motion on the other party and to give that party an opportunity (generally 21 days) to withdraw or correct the challenged document before filing the sanctions motion with the court." Mellott v MSN

Communications Inc., 492 Fed. Appx. 887, 888 (2012) (emphasis added); see also **Peoples v Wichita State University, No. 18-1010-JWB, 2019 WL** 1332313, at *3 (D. Kan. Mar. 25, 2019) ("A motion for sanctions under Rule 11 'must describe the specific conduct that allegedly violates Rule 11(b)' and must be served on the opposing party before it is filed, thus giving the opposing party an opportunity to correct the issue.")

This District the US District of Kansas has found "failure to comply with these procedural requirements precludes an award of Rule 11 sanctions… ." *Palmer v Shawnee Mission Medical Center, Inc., No. 16-2750-DDC, 2017 WL 5629624, at *2 (D. Kan. Nov. 21, 2017) (quoting Berg v. Frobish, No. 12-1123-KHV, 2015 WL 8966960, at *1 (D. Kan. Dec. 15, 2015)).*

Here, plaintiffs have only verbally stated on 4 October 2022, status conference intent to seek Rule 11 Sanctions.  <u>Plaintiff's have not even provided a motion to me</u> and I have already filed a replacement Motion in Opposition dated 3 October 2022 in document 261.  I am herein having now formally withdrawn document 249 and its exhibits, under the safe harbor provisions of the Rules and case precedents as cited.

"The Tenth Circuit has found courts to have abused their discretion where they granted Rule 11 sanctions to a party who did not comply with the safe harbor provision." *Mellott, 492 Fed. Appx. at 888 (2012) and Roth, 466 F.3d at 1193.*  <u>Stated also in Order of this Court in Document:  112</u>

"Based on the law of the Tenth Circuit and the purpose of Rule 11, the Court cannot waive the required service of a motion for sanctions allowing Defendant to withdraw or correct any challenged pleadings." <u>See Document 112, of this captioned matter.</u>

"Pursuant to Rule 11, Fed.R.Civ.P. and D. Kan. Rule 11.1(a)(2), a Waiver of the 21-day Waiting Period Referred to in Rule 11(c)(2), Federal Rules of Civil Procedure, cannot be waived, by the District Court as per the precedents in the Tenth Circuit. *See* Doc. 112, Order of this Court in this matter: **5:22-cv-04008-JWB-GEB**

**WHEREIN I have now withdrawn Document 249 and its Exhibits A and B, prior to plaintiffs notice of sanctions. I have also replaced this document with Document 261, for consideration with Exhibit "A".**

**WHEREFORE:** in the interests of Justice, conservation of judicial resources, judicial economy in elimination of duplication of efforts, Document 249 and its exhibits are therefore now withdrawn and document 261 and exhibit "A" filed 3 October 2022, so replaces, document 249 and its exhibits, all regarding **the already lawfully issued and executed subpoena to Donald Hoffman,**

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("**All pleadings shall be so construed as to do substantial justice**"). Courts generally reviewed "filings generously and with the leniency due pro se litigants", see *Andrews v. Heaton, 483 F.3d (10th Cir.2007)*

Respectfully Submitted, this 4th day of October 2022;

*[signature: Michael Nelson]*

Michael Nelson - Pro Se
Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, sent the foregoing to the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> upon filing which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

_/s/ Michael Nelson_  Michael Nelson