KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., | ) |
| | ) |
| Plaintiffs/Counter-Defendants, | ) |
| vs. | ) Case No. 22-CV-04008-JWB-GEB |
| | ) |
| MICHAEL NELSON, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

**PLAINTIFF/COUNTER-DEFENDANT'S MEMORANDUM IN OPPOSITION TO DEFENDANT/ COUNTER-PLAINTIFF'S MOTION TO DISQUALIFY CRAIG ALAN BRAND AS COUNSEL PRO HACE VICE (DOCKET NO. 250)**

Plaintiffs/Counter-Defendants, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith respond in opposition to Defendant/Counter-Plaintiff Michael Nelson's ("Mr. Nelson") Motion to Disqualify Craig Alan Brand as Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants in this proceeding (Docket No. 250), and say:

As the Court is well aware from the various Court filings by Mr. Nelson. Mr. Nelson has engaged in an ongoing attempt to shamefully disparage Attorney, Craig Alan Brand, who has been duly admitted Pro Hac Vice in this proceeding, and, both the District judge and the Magistrate Judge have denied Mr. Nelson a rehearing of the issue of his admission. On September 1, 2022, the Court struck Defendant's original Document No. 94 and 95 Motion to Disqualify Craig A.

1

Brand as Counsel for Defendant Pro Hac Vice with accompanying memorandum of law. Document No. 183. Mr. Nelson has filed a Florida Bar complaint against Mr. Brand, alleging mostly the same old Universal Studios fiction that he has fraudulently conveyed upon this Court and was denied without any further ado with the Florida Bar closing the matter.

Mr. Nelson's renewed Motion for Disqualification and the accompanying memorandum of law (Docket No. 251) fail to justify disqualification of Mr. Brand.

> The court generally supervises counsels' conduct in litigation before it, and decisions to disqualify counsel are committed to the court's sound discretion. *E.E.O.C. v. Orson H. Gygi, Inc.*, 749 F.2d 620, 621 (10th Cir. 1984). At the same time, courts do not exist to discipline attorneys, but to resolve disputes. *Papanicolaou v. Chase Manhattan Bank, N.A.*, 720 F.Supp. 1080, 1082 (S.D.N.Y. 1989). The movant has the burden of showing sufficient grounds for disqualification. *F.D.I.C. v. Sierra Resources, Inc.*, 692 F.Supp. 1167, 1170 (D. Colo. 1987). The courts in this district approach motions to disqualify conscientiously and conservatively:
>
>> Disqualification of an attorney chosen by a party to represent him in a lawsuit is a serious matter. Courts have the inherent power to disqualify counsel where necessary to preserve the integrity of the adversary process.... However, each case must be decided on its own peculiar facts. *United States v. Standard Oil Co.*, 136 F.Supp. 345 (S.D.N.Y. 1955).
>>
>> The immediate preventive measure sought by plaintiff is indicated only where the offending attorney's conduct threatens to "taint the underlying trial" with a serious ethical violation. *W.T. Grant Co. v. Haines*, 531 F.2d 671 (2d Cir. 1976). There are, in this Court, in the state of Kansas, and in every other state, detailed and pervasive rules and enforcement machinery to deal with ethical violations.
>
> *Ramsay v. Boeing Welfare Ben. Plans Committee*, 662 F.Supp. 968, 969-70 (D. Kan. 1987) (quoting *Field v. Freedman*, 527 F.Supp. 935,940 (D. Kan. 1981)). Motions to disqualify "should be reviewed with extreme caution for they can be misused as a techniques of harassment." *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1577 (Fed. Cir. 1984)..

*Chapman Engineers, Inc. v. Natural Gas Sales Co., Inc.*, 766 F.Supp. 949, 953-54 (D. Kan. 1991).

*See also Dwerlkotte v. Mitchell*, No. 21-cv-3264-SAC, 2022 WL 36379 at *1-2 (D. Kan. Jan. 4, 2022).

Mr. Nelson's motion fails to demonstrate that Attorney Brand ever acted directly or indirectly in any proceeding or matter on Mr. Nelson's behalf, nor did Mr. Nelson demonstrate that Mr. Brand receive confidential communications from Mr. Nelson in any proceeding. Mr. Nelson has never employed and/or has been an affiliate with Attorney Brand, nor an officer, director, employee or shareholder of either of the Plaintiffs. In fact, Mr. Nelson has neither met the Plaintiffs or Mr. Brand. Indeed, no evidence of any conflict of interest exists between Attorney Brand's representation of the Plaintiffs/Counter-Defendants and Mr. Nelsons right to a fair trial. Mr. Nelson's motion should be summarily denied. *See Flint Hills Scientific, LLC v. Davidchak*, No. 00-cv-2334-JAR, 2002 WL 975881 at *3-4 (D. Kan. Mar. 21, 2002).

Further, Mr. Nelson still fails to comprehend that his being a shareholder of Anthem Vault, Inc. and/or Anthem Holdings, Inc. gives him no standing to assert claims or raise issues in this action concerning Anthem Vault, Inc. Anthem Holdings, Inc., HeraSoft, and/or any other third party and/or their respective officers and directors, as such claims would, at best, be derivative claims and not direct claims and cannot be made in this action as a matter of law. Mr. Nelson continues to lack the understanding of "standing" and fails to understand that his quarrel with the third party Anthem Holdings Company, a Texas entity, is not justification for his wrongdoing against the Plaintiffs, citizens of Kansas, herein.

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will deny Defendant/Counter-Plaintiff Michael Nelson's ("Mr. Nelson") Motion to Disqualify Craig Alan Brand as Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants in this proceeding as well as award reasonable legal fees and costs in the defense hereof.

Dated October 4, 2022.

Respectfully Submitted,

/s/ Chris J. Kellogg
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

And

/s/ Craig A. Brand
Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A/
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 4, 2022, the foregoing *Plaintiffs'/Counter-Defendant's Memorandum in Opposition to Defendant/Counter-Plaintiff's Motion to Disqualify Craig Alan Brand as Attorney Pro Hac Vice of Plaintiffs* was electronically filed with the Court using the CM/ECF System, and the undersigned caused to be mailed a true copy of the foregoing by Prepaid First Class U. S. Mail to Michael Nelson, 9450 SW Gemini Dr. PMB 90924 Beaverton OR 97008, and caused to be emailed to him a courtesy copy to oklahomaremote@gmail.com.

/s/ Chris J. Kellogg
Chris J. Kellogg