# COMPOSITE EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

CHAD M. KOEHN, et al,                        Plaintiffs,


        vs.                    Case No. 2022-CV-04008-JWB-GEB


MICHAEL NELSON,                              Defendant.

## **DECLARATION OF DONALD F. HOFFMAN, esq.**

I, Donald F. Hoffman, make this declaration under penalty
of perjury pursuant to 28 United States Codes, Section 1746:

1.    My name is Donald F. Hoffman and I am the same Donald
F. Hoffman who was subpoenaed in the above-styled matter by
Defendant Michael Nelson.

2.    I am an attorney-at-law, licensed to practice in the
State of Kansas and have been so licensed since 1977.  I am
also admitted to practice in the United States District Court
for the District of Kansas.

3.    I read the contents of Document #249, filed in the
above-styled case by Defendant Michael Nelson.  A true copy of
that document is attached hereto as Exhibit "A".

4.    Michael Nelson called me several times and after
refusing to take his call on numerous occasions, he began
sending me emails requesting copies of pleadings and
depositions from my case entitled Chad M. Koehn, et al, vs
Chris Giroux, Saline County District Court, Case No. 2017-CV-

000321.  I told him those documents would not be produced to him without a business records subpoena and the permission of my client, Chris Giroux.  I told him our case was completely different than what he was dealing with in Federal Court in the captioned case.  He told me he wanted the file, and again, I told him not without a subpoena and not without the permission of my client.

5.    The statements attributed to me by Defendant Michael Nelson in Document 249 are false and are completely unconnected with the matter in which I represented Chris Giroux.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October __3__ , 2022.

_____
Donald F. Hoffman

**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| | |
|---|---|
| United Capital Management of Kansas, Inc. (UCMK) <u>and</u> CHAD M. KOEHN (Koehn) plaintiffs, counter-Defendants<br><br>        v.<br>Michael Nelson ["Nelson"]<br><br>        Defendant ;    PRO-Se. | **DOCKET NO.:**    **5:22-CV-04008-JWB-GEB**<br>**CIVIL ACTION**<br><br>**Memorandum in Opposition to Motion to Quash Subpoena to Donald Hoffman**<br><br>**[Jury Trial Demanded]** |

<u>Nelson, makes "SPECIAL APPEARANCE"</u> here and now for the purposes of filing

Memorandum in Opposition to Motion to Quash Subpoena to Donald Hoffman:

**<u>Personal Conversation with Donald Hoffman & his representation in Opposition to Koehn</u>**

        Prior to Noticing Intent to Subpoena Donald Hoffman, ESQ, regarding files relating to *Chad*

*M. Koehn and UCMK vs. Christopher Giroux*, I discovered the existence of these records having

phone conversations with Mr. Hoffman, <u>who volunteered the information,</u> when he phoned me.   It

was during those phone conversations with Mr. Hoffman, I discovered the existence of the files,

depositions and settlements.  Mr. Hoffman described Koehn as passive aggressive, refusing to

mediate multiple times, engaging in bad faith mediation at least twice.  **Mr. Hoffman described**

**Koehn as a misogynist, with multiple sexual assault / aggression settlements**.  <u>Mr. Hoffman</u>

<u>stated he has depositions of Mr. Koehn, he felt would be helpful and relevant in my case.</u>   In

speaking with Mr. Hoffman it was suggested/decided I must get a Federal Subpoena for the records,

so they could be lawfully used as evidentiary evidence and to avoid duplication of efforts. Hoffman

and I agreed I would seek Federal Subpoena for records.

**<u>Seeking permission for the records and further investigation in good faith with Mr. Giroux:</u>**

        Mr. Giroux phoned me and we spoke at length for hours, we discussed Mr. Koehn, UCMK

and the litigation Mr. Giroux had with Mr. Koehn.  Mr. Giroux agreed the case files in possession of

his attorney Donald Hoffman are relevant and even stated Mr. Koehn is known to file "shakedown"

style legal actions, and/or threaten legal actions, to extort money and is <u>extremely litigious, seeking</u>

to extort money from others, to finance his lifestyle **and failing business.**  Mr. Giroux described

Koehn as a racist, bigot and even stated Koehn often refers to his all white staff as "inbred" and

"white-trash".  Koehn was described as a sexual monster, who has often engaged in inappropriate

sexual aggressions towards employees.  Koehn was described as often referring to his many

ex-wives as "whitetrash" and/or "trailer park trash".  **Koehn was described as having a poor**

**reputation in the community and in the investment industry.**  Mr. Giroux stated he needed to

separate himself from Mr. Koehn due to **KOEHN's poor reputation, bad decisions, sexual**

**aggressions towards young people.**  Giroux described listening to Jim Angell often yell that Chad

Koehn **"MUST STOP FUCKING HIS SECRETARIES"** (this sentiment was also stated by Mr.

Hoffman) and that Koehn **"NEEDS STOP FUCKING INAPPROPRIATELY YOUNG**

**PEOPLE IN HIS OFFICE".**  Descriptions of **Koehn's poor reputation amongst the**

**community and in investor circles was described.**  Due to instability, racism, sexism, sexual

aggressions, bad personal and business ethics, bad returns, Giroux like many state they need to

distance themselves from Chad Koehn.

**Seeking of Intent to Subpoena Donald Hoffman files relating to Christopher Giroux:**

After conversations with both Donald Hoffman and his client Chris Giroux I took the

suggestion to seek the Federal Subpoena for relevant evidence maintained by Hoffman.  On 29

August 2022, I filed document 165, NOTICE OF INTENT TO ISSUE SUBPOENA *notice to*

*opposing parties Fed. R. Civ. P. 45(a)(4)).*    On 6 September 2022, Judge Birzer held a status

conference on discovery and provided plaintiffs with an extension of opportunity to quash the

subpoena notice of intent to issue to Donald Hoffman, document 165, in Order of the Court

document 218, filed 8 September 2022, Judge Birzer had also directed Plaintiffs to file the motion

to quash not later than 13 September 2022 during the 6 September 2022, status conference,

plaintiffs were noticed multiple times extensions to file motion to quash or modify.

The end of the day on Thursday September 15th 2022, Clerk Melinda Barnes, forwarded a signed and officially sealed stamp of the US District of Kansas Federal Court subpoena to Donald Hoffman.  I discussed the subpoena with Ms. Barnes, she stated she conducted her procedural checks and had issued the subpoena with signature and official seal.  I forwarded the email with the subpoena to Mr. Donald Hoffman.   It was suggested to be fully "executed" and legal that I have him served the subpoena by process service as well.  On 19 September 2022, Mr. Hoffman was served the subpoena by a third party process server.  On 20 September 2022, I dutifully filed with the Court the return service document 237.

**Bad Faith Conduct and LIES told in writing to the Court by Plaintiffs**

Plaintiffs had multiple opportunities to quash or otherwise modify the subpoena to Mr. Donald Hoffman.  Mr. Kellogg wrote an email to Judge Birzer, attached as Exhibit "A".  **Kellogg LIED** to the Court stating Donald Hoffman is the former counsel of the plaintiffs, this is UNTRUE. See Ex. "A" Kellogg states:  *"Mr. Nelson has had the Clerk issue at least one subpoena to a third-party **(prior counsel for Plaintiffs not appearing in this matter)** without filing a Rule 45(a)(4) notice"* attached as exhibit  "A", Kellogg's statement of fact is UNTRUE!

Donald Hoffman has NEVER been prior counsel of the Plaintiffs.  In fact Donald Hoffman represented Chris Giroux in opposition to the plaintiffs.  **Kellogg LIED to Judge Birzer to receive an extension,** to file a motion to quash.  IF NOT for the LIE in writing to Federal Judge Birzer, would the Court have issued another extension?

Donald Hoffman made it clear in phone calls he does not like Koehn, and would never again deal with any case involving Koehn.  Donald Hoffman most certainly could never have represented the plaintiffs, as it would have been a conflict of interest for him to represent Mr. Giroux, these are facts known by Christopher Kellogg, **when he set out to LIE to the Judge in writing in order to**

**achieve effectively a second or third extension** to file motion to quash or modify AFTER the fact

the subpoena was lawfully, officially issued and served Doc. 237

### LEGAL STANDING TO MOVE TO QUASH A SUBPOENA ISSUED AND SERVED:

A "motion to quash or modify a subpoena duces tecum <u>may only be made by the party to</u>

<u>whom the subpoena is directed."</u> Martley v. City of Basehor, Kansas, 19-cv-02138-DDC-GEB,

2022 (D. Kan. May 2, 2022)(citing Warkins v. Piercy (D. Kan. Dec. 12, 2016))   Relevance at the

discovery stage is broad, [ See Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc., No. 08-212-KHV,

2008 WL 2309011 at *3 (D. Kan. June 3, 2008)] and does not mean the information obtained would

necessarily be admitted at trial.  Though the information sought from Hoffman is **believed more**

**than relevant but worthy of evidentiary evidence**.  "When the discovery sought appears relevant

on its face, the party resisting the discovery has the burden to establish the lack of relevance."

*19-02138-DDC-GEB*   Plaintiffs fail to establish lack of relevance, <u>plaintiffs additionally fail to</u>

<u>request a protective order.</u>   Discussions with Mr. Hoffman regarding the subpoena have been made.

<u>I represent to the Court, I seek not any attorney client work product, nor any information which</u>

<u>Attorney Hoffman and Mr. Giroux is considered privileged</u>.   In fact Mr. Giroux has written into the

<u>conversations:</u>  *"I'm in agreement to release any documents that are allowed via the subpoena. I*

*have nothing to hide in my case"*.   Plaintiffs once again LIE to the Court, claiming sexual

misconduct settlements are "made-up", plaintiffs do not cite, embarrassment, annoyance or burden,

as they cannot, wherein there is no burden, to them and obviously no burden behalls Attorney

Hoffman who voluntarily phoned me and voluntarily provided the information on the case.

<u>Plaintiff's lack legal standing to challenge the subpoena,</u> which has been lawfully issued, served and

thus executed Doc 237.

If the Court were to find that the overlapping lawsuit of the identical plaintiffs here, suing

Mr. Giroux for identical claims as plaintiffs purport to make here, and so state in their opposition

memorandum:  "Intentional Interference with UCM's business relations", a nearly identical charge plaintiffs make in the SLAPP suit against Nelson.   The documents sought are not just completely relevant here, but they support a multitude of defenses, including the fact Koehn does not enjoy now or in the past a good reputation.  Koehn and UCMK have entered into sexual aggression settlements, the fact Hoffman believes the deposition of Koehn is not only relevant but certainly helpful and contains evidentiary evidence to the case here.   I have **not** sought a subpoena, for every one of the **plethora of lawsuits** Koehn and UCMK have filed.  I have sought a subpoena for a specified lawsuit, seeking specified documents suggested by the opposing counsel Mr. Hoffman, that would be both relevant and evidentiary evidence, and go directly to already established defenses, and limitation on damages claimed.   The lawsuit with Mr. Giroux overlaps the lawsuit filed against me and makes identical counts, including "Intentional Interference with UCM's business relations".   The deposition of Chad Koehn is sought foremost as it will likely lead to additional evidence, and the sexual aggression settlements which Hoffman stated he has are also sought, as well as other records and files obtained during the nearly identical litigation filed by the identical plaintiffs here.

Mr. Hoffman suggested the issuance of the subpoena and having it served by process server to be official, and that the information he has in the case with Mr. Giroux would be extremely helpful and relevant to my case with Mr. Koehn.   Mr. Hoffman freely volunteered the information and opinions as a legal professional regarding Mr. Koehn.  Mr. Hoffman identified the deposition of Koehn, documents he obtained **including sexual agression settlements**, Mr. Hoffman volunteered information regarding statements made that:   **"Koehn MUST STOP FUCKING HIS SECRETARIES AND INAPPROPRIATELY YOUNG PEOPLE IN HIS OFFICE"** .  Mr. Hoffman did not need to spend the lengthy time, calling me nor spend time on the phone describing in detail the various files, sexual agression settlements, **poor reputation of Koehn in the**

**community**, the deposition of Koehn, his poor reputation from multiple failed marriages, the deep

debts Koehn has the need to file a plethora of shake down lawsuits to finance his lifestyle.  Hoffman

voluntarily gave up his time to describe in detail the case with Mr. Giroux, information about Mr.

Koehn and UCMK and Mr. Hoffman's thoughts and mental impressions on Koehn and the **"dirty,**

**shady, nasty business practices" of Koehn**.  Hoffman suggested the files, deposition of Koehn and

sexual agression settlements would be of **extreme interest, extremely relevant and help in my**

**case,** voluntarily stating they provide evidentiary evidence.  IF Mr. Hoffman did not think the case

files or lawsuit with Mr. Giroux would be of assistance in this case, Mr. Hoffman would have

simply not phoned me, or had a curt conversation lasting no more than a few minutes, not hours.

Hoffman would not have suggested a subpoena to have the records become evidentiary evidence, if

subpoenaing the records were any burden upon Mr. Hoffman.  Mr. Hoffman would not have

exclaimed multiple times that Koehn is a racist, sexist, misogynist, malignant narcissist with a  **poor**

**reputation in the community and business world**, his adultery, multiple failed marriages, his

description of his own ex-wives as "whitetrash", that Koehn is a failed rancher, who acts the part of

a rancher, who has "lost a fortune" trying to be a rancher. Hoffman offered up mental impressions

that Koehn is a salesman that can sell, that Koehn sells himself on being above everyone else, a sign

of a narcissist.  Mr. Hoffman would not have offered up all the information he did and expend such

considerable time on the phone voluntarily offering such information, insisting the information

would be "extremely helpful" **and relevant**, **stating "the information would be invaluable"** in

my case, stating that it would **greatly reduce duplication of efforts** in the Courts.

**Plaintiffs JUDICIAL ABUSE, Undue Burdens, Harassment, Misuse of Courts:**

Kellogg, LIED to Judge Birzer as referenced stating that Hoffman is **"prior counsel for**

**Plaintiffs not appearing in this matter"**  this statement is categorically untrue and a direct LIE in

writing before the Court.  See Exhibit "A"

Koehn attempted a harassment restraining order against me in March of this year to be used as a <u>procedural weapon in this civil litigation.</u>  That restraining order was dismissed by the Judge. After Mr. Hoffman was served with subpoena, and notice of intent to issue more subpoenas were entered into the Court docket on 19 September 2022.  Mr. Koehn in retaliation filed a new restraining order on **19 September 2022,** as a **procedural weapon i**n this litigation.

The Plaintiff's claim the subpoena to Hoffman for relevant files, is somehow harassing or retaliatory because of the dismissed, DENIED restraining order, is fantasy.  I was served with the new restraining order sought by Koehn after Hoffman was served, 19 September 2022 on 22 September 2022, at my parents residence, in Rhode Island (more than 1,500 miles from Koehn). Approximately five (5) hours after service of the new restraining order, I was noticed Chad Koehn filed a motion for leave to amend litigation, and <u>attach my elderly father a Stage IV Head Neck Cancer survivor approaching 80 years of age</u>, making statements my own father should disassociate himself with me, seeking to further rip my family apart and **<u>seeking to usher my elderly father to an early grave</u>** through Judicial abuses, my father has never been sued in his life, he has NOTHING to do with this dispute.  **Chad M. Koehn is seeking to starve my family, attacking an elderly Stage IV Head Neck Cancer Survivor whose only crime is apparently being my father. <u>Koehn lacks all human decency, acting with callus, vengeful, spiteful, shameless, action to TERRORIZE my elderly parents</u>** ushering them to an early grave.

<u>Plaintiffs have provided emails to the prosecutor in Oklahoma, stating I am trying to depose persons I have never met.  I have only proposed depositions of Plaintiffs witnesses identified on their disclosures.  They do not tell the prosecutor, nor the Judge in Oklahoma about this Federal Case.  Nor the fact I sought depositions through communication with Mr. Kellogg and Chambers of Judge Birzer, I have NOT contacted ANY witness listed on Plaintiffs Disclosures!   I will not take a plea, now Oklahoma is increasing my bail based based on Kellogg's statements.</u>

**SEXUAL AGGRESSION SETTLEMENTS entered into by Koehn and UCMK:**

      Plaintiff's in their motion to quash state:  *"Defendant appears singularly focused on alleged (made up), sexual harassment issues,*";  I would not know of the sexual agression settlements other than being informed by Donald Hoffman.  Separately from Hoffman and Giroux, Andrea K. Swisher a local attorney, I contacted about representation,, voiced concern and knowledge of **Koehn's poor reputation in the community committing sexual misconduct**.  Miss Swisher stated she is not a fan of Chad Koehn, <u>nor are many people in Kansas</u>, she even state <u>young people have come to her with concerns of being molested/harassed by Koehn.</u>   Miss Swisher's comments were unsolicited, as were Mr. Hoffman's and Mr. Giroux's.  I would not know the sexual agression settlements exist had it not been for anonymous emails, see attached Exhibit "B" demonstrates where the public is participating sending emails:  *"He put his penis in our mouths as young girls he is a disgusting pig that should be in prison"*  and Hoffman, Swisher, Giroux and others stating Chad Koehn has a history, reputation of sexual assaults, harassment, aggressions.

**NO Focus on solely SEXAUL AGGRESSION SETTLEMENTS entered by Chad Koehn:**

      <u>Mr. Chad Koehn does not enjoy a good reputation at all throughout Kansas, or throughout the investment industry as a whole</u> and multiple unrelated persons have offered unsolicited information on Chad Koehn's sexual aggressions, racisim, bigotry, sexism, misogyny.  Mr. Donald Hoffman offered up information on Koehn's apparently well known sexual aggressions, adultery, racism, bigorty, misogyny, <u>this was only</u> <u>part of the conversation</u> regarding Mr. Koehn, it is certainly NOT the focus.   The fact the plaintiffs believe this is the only focus provides credible information as to the Plaintiffs seeking to conceal, hide and otherwise mask the **SEXUAL AGRESSIONS of Chad Koehn**. Mr. Hoffman offered voluntarily much information on Mr. Koehn **stating he believes the depositions of Koehn and other materials to be relevant to my case,**

reducing efforts and eliminating duplication of efforts in Court proceedings.  Koehn is incapable of telling the truth, and does not enjoy a good reputation  both generally have bearing on this case.

**NO BURDENS Upon Attorney Donald Hoffman:**   Attorney Donald Hoffman certainly **will not be burdened by the subpoena** as Mr. Hoffman already voluntarily expended a lengthy time on the telephone with me, explaining in detail Mr. Koehn's poor reputation, his propensity to file "shakedown" litigations, describing in detail a number of documents and materials he obtained in his litigation with Koehn.  In fact Hoffman and I discussed obtaining a Federal Subpoena for the records as the safest way for Mr. Hoffman to provide them and for their use as evidentiary evidence in this litigation.   Given the fact Donald Hoffman believes the files to be of evidentiary value, and highly relevant to me in this litigation, Hoffman volunteered extensive information regarding those files, demonstrates clearly where Hoffman will not be burdened.  The Court should take special note that **neither** Giroux nor Hoffman has not sought to quash the subpoena.

*Evidentiary Value, demonstrate patterned conduct by Koehn, eliminate duplication of efforts*

Koehn and UCMK invoke: Fed. R. Civ. P. 26(b)(1).   To the extent it is necessary to explain the ways which the underlying information bears on the issues as I personally understand them, is that Koehn does not enjoy a good reputation to begin with, that Koehn often initiates "shakedown" style litigation or threats to extort money, when he perceives the TRUTH regarding his behavior and illegal actions may be exposed.  BOTH Giroux and Hoffman believe the information they have is pertinent, relevant, and has evidentiary value in litigation here. Hoffman believes the deposition of Koehn has particular value to reduce duplication of efforts in the Courts, that the **sexual aggression settlements of Koehn and UCMK exist**.  The fact is many, many people have chosen to take their business elsewhere including to Mr. Giroux, given Koehn's colorful past decisions, sexual aggressions he displays thoroughout the community.. The litigation with Mr. Giroux only settled after this litigation was removed to Federal Court.

**WHEREFORE:** in the interests of Justice, conservation of judicial resources, judicial economy in elimination of duplication of efforts, for the PROTECTION of the Public At Large this Court should not DENY the motion to quash **the already lawfully issued and executed subpoena,**

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("**All pleadings shall be so construed as to do substantial justice**"). Courts generally reviewed "filings generously and with the leniency due pro se litigants", see *Andrews v. Heaton, 483 F.3d (10th Cir.2007)*

Respectfully Submitted, this 25th day of September 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com |

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, sent the foregoing to the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> upon filing which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;  filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order of Saline County Court Judge Paul J. Hickman, signed 21 September 2022

Respectfully Submitted, this 24th day of September 2022.

KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHAD M. KOEHN, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 22-CV-04008-JWB-GEB** |
| | ) | |
| **MICHAEL NELSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DECLARATION OF ANDREA SWISHER, IN OPPOSITION TO MICHAEL NELSON'S REPRESENTATIONS TO THE COURT IN DOCUMENT NO. 249 [MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA TO DONALD HOFFMAN]

I, ANDREA SWISHER, make this Declaration under penalty of perjury pursuant to 28 United States Code, Section 1746:

1.      My name is Andrea Swisher, and I am the same Andrea Swisher who was discussed by Defendant, Michael Nelson in Document No. 249.

2.      I am an attorney-at-law licensed to practice in the State of Kansas have been so licensed since 2010.

3.      I have read the contents of Document No. 249, filed in the above-styled case by Defendant, Michael Nelson. A true copy of that document is attached hereto as Exhibit "A."

1

4. Contrary to the representations made to the Court by Defendant, Michael Nelson, in Document No. 249, while I have spoken with Defendant, Michael Nelson, I never made any of the purported statements which Defendant, Michael Nelson, claims I made to him.

5. I ask the Court to sanction Defendant, MICHAEL NELSON, for the outrageous and defamatory statements concerning Plaintiff, Chad M. Koehn, which were falsely attributed to me by Defendant, Michael Nelson, in Document No. 249.

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 30, 2022.

ANDREA SWISHER

**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| | |
|---|---|
| United Capital Management of Kansas, Inc. (UCMK) <u>and</u> CHAD M. KOEHN (Koehn) plaintiffs, counter-Defendants<br><br>　　　　　v.<br>Michael Nelson ["Nelson"]<br><br>　　　　Defendant ;　PRO-Se. | **DOCKET NO.:**　**5:22-CV-04008-JWB-GEB**<br>**CIVIL ACTION**<br><br>**Memorandum in Opposition to Motion to Quash Subpoena to Donald Hoffman**<br><br>**[Jury Trial Demanded]** |

<u>Nelson, makes "SPECIAL APPEARANCE"</u> here and now for the purposes of filing

Memorandum in Opposition to Motion to Quash Subpoena to Donald Hoffman:

**<u>Personal Conversation with Donald Hoffman & his representation in Opposition to Koehn</u>**

　　　　Prior to Noticing Intent to Subpoena Donald Hoffman, ESQ, regarding files relating to *Chad*

*M. Koehn and UCMK vs. Christopher Giroux*, I discovered the existence of these records having

phone conversations with Mr. Hoffman, <u>who volunteered the information,</u> when he phoned me.   It

was during those phone conversations with Mr. Hoffman, I discovered the existence of the files,

depositions and settlements.  Mr. Hoffman described Koehn as passive aggressive, refusing to

mediate multiple times, engaging in bad faith mediation at least twice.  **Mr. Hoffman described**

**Koehn as a misogynist, with multiple sexual assault / aggression settlements**.  <u>Mr. Hoffman</u>

<u>stated he has depositions of Mr. Koehn, he felt would be helpful and relevant in my case.</u>  In

speaking with Mr. Hoffman it was suggested/decided I must get a Federal Subpoena for the records,

so they could be lawfully used as evidentiary evidence and to avoid duplication of efforts. Hoffman

and I agreed I would seek Federal Subpoena for records.

**<u>Seeking permission for the records and further investigation in good faith with Mr. Giroux:</u>**

　　　　Mr. Giroux phoned me and we spoke at length for hours, we discussed Mr. Koehn, UCMK

and the litigation Mr. Giroux had with Mr. Koehn.  Mr. Giroux agreed the case files in possession of

his attorney Donald Hoffman are relevant and even stated Mr. Koehn is known to file "shakedown"

style legal actions, and/or threaten legal actions, to extort money and is <u>extremely litigious, seeking</u>

to extort money from others, to finance his lifestyle **and failing business.** Mr. Giroux described

Koehn as a racist, bigot and even stated Koehn often refers to his all white staff as "inbred" and

"white-trash". Koehn was described as a sexual monster, who has often engaged in inappropriate

sexual aggressions towards employees. Koehn was described as often referring to his many

ex-wives as "whitetrash" and/or "trailer park trash". **Koehn was described as having a poor**

**reputation in the community and in the investment industry.** Mr. Giroux stated he needed to

separate himself from Mr. Koehn due to **KOEHN's poor reputation, bad decisions, sexual**

**aggressions towards young people.** Giroux described listening to Jim Angell often yell that Chad

Koehn **"MUST STOP FUCKING HIS SECRETARIES"** (this sentiment was also stated by Mr.

Hoffman) and that Koehn **"NEEDS STOP FUCKING INAPPROPRIATELY YOUNG**

**PEOPLE IN HIS OFFICE".** Descriptions of **Koehn's poor reputation amongst the**

**community and in investor circles was described.** Due to instability, racism, sexism, sexual

aggressions, bad personal and business ethics, bad returns, Giroux like many state they need to

distance themselves from Chad Koehn.

**Seeking of Intent to Subpoena Donald Hoffman files relating to Christopher Giroux:**

After conversations with both Donald Hoffman and his client Chris Giroux I took the

suggestion to seek the Federal Subpoena for relevant evidence maintained by Hoffman. On 29

August 2022, I filed document 165, NOTICE OF INTENT TO ISSUE SUBPOENA *notice to*

*opposing parties Fed. R. Civ. P. 45(a)(4)).* On 6 September 2022, Judge Birzer held a status

conference on discovery and provided plaintiffs with an extension of opportunity to quash the

subpoena notice of intent to issue to Donald Hoffman, document 165, in Order of the Court

document 218, filed 8 September 2022, Judge Birzer had also directed Plaintiffs to file the motion

to quash not later than 13 September 2022 during the 6 September 2022, status conference,

plaintiffs were noticed multiple times extensions to file motion to quash or modify.

The end of the day on Thursday September 15th 2022, Clerk Melinda Barnes, forwarded a signed and officially sealed stamp of the US District of Kansas Federal Court subpoena to Donald Hoffman.  I discussed the subpoena with Ms. Barnes, she stated she conducted her procedural checks and had issued the subpoena with signature and official seal.  I forwarded the email with the subpoena to Mr. Donald Hoffman.   It was suggested to be fully "executed" and legal that I have him served the subpoena by process service as well.  On 19 September 2022, Mr. Hoffman was served the subpoena by a third party process server.  On 20 September 2022, I dutifully filed with the Court the return service document 237.

**Bad Faith Conduct and LIES told in writing to the Court by Plaintiffs**

Plaintiffs had multiple opportunities to quash or otherwise modify the subpoena to Mr. Donald Hoffman.  Mr. Kellogg wrote an email to Judge Birzer, attached as Exhibit "A".  **Kellogg LIED** to the Court stating Donald Hoffman is the former counsel of the plaintiffs, this is UNTRUE. See Ex. "A" Kellogg states:  *"Mr. Nelson has had the Clerk issue at least one subpoena to a third-party (**prior counsel for Plaintiffs not appearing in this matter**) without filing a Rule 45(a)(4) notice"* attached as exhibit  "A", Kellogg's statement of fact is UNTRUE!

Donald Hoffman has NEVER been prior counsel of the Plaintiffs.  In fact Donald Hoffman represented Chris Giroux in opposition to the plaintiffs.  **Kellogg LIED to Judge Birzer to receive an extension,** to file a motion to quash.  IF NOT for the LIE in writing to Federal Judge Birzer, would the Court have issued another extension?

Donald Hoffman made it clear in phone calls he does not like Koehn, and would never again deal with any case involving Koehn.  Donald Hoffman most certainly could never have represented the plaintiffs, as it would have been a conflict of interest for him to represent Mr. Giroux, these are facts known by Christopher Kellogg, **when he set out to LIE to the Judge in writing in order to**

**achieve effectively a second or third extension** to file motion to quash or modify AFTER the fact

the subpoena was lawfully, officially issued and served Doc. 237

### LEGAL STANDING TO MOVE TO QUASH A SUBPOENA ISSUED AND SERVED:

    A "motion to quash or modify a subpoena duces tecum <u>may only be made by the party to</u>

<u>whom the subpoena is directed.</u>" Martley v. City of Basehor, Kansas, 19-cv-02138-DDC-GEB,

2022 (D. Kan. May 2, 2022)(citing Warkins v. Piercy (D. Kan. Dec. 12, 2016))   Relevance at the

discovery stage is broad, [ See Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc., No. 08-212-KHV,

2008 WL 2309011 at *3 (D. Kan. June 3, 2008)] and does not mean the information obtained would

necessarily be admitted at trial.  Though the information sought from Hoffman is **believed more**

**than relevant but worthy of evidentiary evidence**.  "When the discovery sought appears relevant

on its face, the party resisting the discovery has the burden to establish the lack of relevance."

*19-02138-DDC-GEB*   Plaintiffs fail to establish lack of relevance, <u>plaintiffs additionally fail to</u>

<u>request a protective order.</u>   Discussions with Mr. Hoffman regarding the subpoena have been made.

<u>I represent to the Court, I seek not any attorney client work product, nor any information which</u>

<u>Attorney Hoffman and Mr. Giroux is considered privileged</u>.   <u>In fact Mr. Giroux has written into the</u>

<u>conversations:</u>  *"I'm in agreement to release any documents that are allowed via the subpoena. I*

*have nothing to hide in my case"*.   Plaintiffs once again LIE to the Court, claiming sexual

misconduct settlements are "made-up", plaintiffs do not cite, embarrassment, annoyance or burden,

as they cannot, wherein there is no burden, to them and obviously no burden behalls Attorney

Hoffman who voluntarily phoned me and voluntarily provided the information on the case.

<u>Plaintiff's lack legal standing to challenge the subpoena,</u> which has been lawfully issued, served and

thus executed Doc 237.

    If the Court were to find that the overlapping lawsuit of the identical plaintiffs here, suing

Mr. Giroux for identical claims as plaintiffs purport to make here, and so state in their opposition

memorandum: "Intentional Interference with UCM's business relations", a nearly identical charge plaintiffs make in the SLAPP suit against Nelson.   The documents sought are not just completely relevant here, but they support a multitude of defenses, including the fact Koehn does not enjoy now or in the past a good reputation.   Koehn and UCMK have entered into sexual aggression settlements, the fact Hoffman believes the deposition of Koehn is not only relevant but certainly helpful and contains evidentiary evidence to the case here.   I have **not** sought a subpoena, for every one of the **plethora of lawsuits** Koehn and UCMK have filed.   I have sought a subpoena for a specified lawsuit, seeking specified documents suggested by the opposing counsel Mr. Hoffman, that would be both relevant and evidentiary evidence, and go directly to already established defenses, and limitation on damages claimed.   The lawsuit with Mr. Giroux overlaps the lawsuit filed against me and makes identical counts, including "Intentional Interference with UCM's business relations".   The deposition of Chad Koehn is sought foremost as it will likely lead to additional evidence, and the sexual aggression settlements which Hoffman stated he has are also sought, as well as other records and files obtained during the nearly identical litigation filed by the identical plaintiffs here.

Mr. Hoffman suggested the issuance of the subpoena and having it served by process server to be official, and that the information he has in the case with Mr. Giroux would be extremely helpful and relevant to my case with Mr. Koehn.   Mr. Hoffman freely volunteered the information and opinions as a legal professional regarding Mr. Koehn.  Mr. Hoffman identified the deposition of Koehn, documents he obtained **including sexual agression settlements**, Mr. Hoffman volunteered information regarding statements made that:   **"Koehn MUST STOP FUCKING HIS SECRETARIES AND INAPPROPRIATELY YOUNG PEOPLE IN HIS OFFICE"** .   Mr. Hoffman did not need to spend the lengthy time, calling me nor spend time on the phone describing in detail the various files, sexual agression settlements, **poor reputation of Koehn in the**

**community**, the deposition of Koehn, his poor reputation from multiple failed marriages, the deep debts Koehn has the need to file a plethora of shake down lawsuits to finance his lifestyle.  Hoffman voluntarily gave up his time to describe in detail the case with Mr. Giroux, information about Mr. Koehn and UCMK and Mr. Hoffman's thoughts and mental impressions on Koehn and the **"dirty, shady, nasty business practices" of Koehn**.  Hoffman suggested the files, deposition of Koehn and sexual agression settlements would be of **extreme interest, extremely relevant and help in my case,** voluntarily stating they provide evidentiary evidence.  IF Mr. Hoffman did not think the case files or lawsuit with Mr. Giroux would be of assistance in this case, Mr. Hoffman would have simply not phoned me, or had a curt conversation lasting no more than a few minutes, not hours. Hoffman would not have suggested a subpoena to have the records become evidentiary evidence, if subpoenaing the records were any burden upon Mr. Hoffman.  Mr. Hoffman would not have exclaimed multiple times that Koehn is a racist, sexist, misogynist, malignant narcissist with a **poor reputation in the community and business world**, his adultery, multiple failed marriages, his description of his own ex-wives as "whitetrash", that Koehn is a failed rancher, who acts the part of a rancher, who has "lost a fortune" trying to be a rancher. Hoffman offered up mental impressions that Koehn is a salesman that can sell, that Koehn sells himself on being above everyone else, a sign of a narcissist.  Mr. Hoffman would not have offered up all the information he did and expend such considerable time on the phone voluntarily offering such information, insisting the information would be "extremely helpful" **and relevant**, **stating "the information would be invaluable"** in my case, stating that it would **greatly reduce duplication of efforts** in the Courts.

**Plaintiffs JUDICIAL ABUSE, Undue Burdens, Harassment, Misuse of Courts:**

Kellogg, LIED to Judge Birzer as referenced stating that Hoffman is ***"prior counsel for Plaintiffs not appearing in this matter"*** this statement is categorically untrue and a direct LIE in writing before the Court.  See Exhibit "A"

Koehn attempted a harassment restraining order against me in March of this year to be used as a procedural weapon in this civil litigation.  That restraining order was dismissed by the Judge. After Mr. Hoffman was served with subpoena, and notice of intent to issue more subpoenas were entered into the Court docket on 19 September 2022.  Mr. Koehn in retaliation filed a new restraining order on **19 September 2022,** as a **procedural weapon i**n this litigation.

The Plaintiff's claim the subpoena to Hoffman for relevant files, is somehow harassing or retaliatory because of the dismissed, DENIED restraining order, is fantasy.  I was served with the new restraining order sought by Koehn after Hoffman was served, 19 September 2022 on 22 September 2022, at my parents residence, in Rhode Island (more than 1,500 miles from Koehn). Approximately five (5) hours after service of the new restraining order, I was noticed Chad Koehn filed a motion for leave to amend litigation, and attach my elderly father a Stage IV Head Neck Cancer survivor approaching 80 years of age, making statements my own father should disassociate himself with me, seeking to further rip my family apart and **seeking to usher my elderly father to an early grave** through Judicial abuses, my father has never been sued in his life, he has NOTHING to do with this dispute.  **Chad M. Koehn is seeking to starve my family, attacking an elderly Stage IV Head Neck Cancer Survivor whose only crime is apparently being my father. Koehn lacks all human decency, acting with callus, vengeful, spiteful, shameless, action to TERRORIZE my elderly parents** ushering them to an early grave.

Plaintiffs have provided emails to the prosecutor in Oklahoma, stating I am trying to depose persons I have never met.  I have only proposed depositions of Plaintiffs witnesses identified on their disclosures.  They do not tell the prosecutor, nor the Judge in Oklahoma about this Federal Case.  Nor the fact I sought depositions through communication with Mr. Kellogg and Chambers of Judge Birzer, I have NOT contacted ANY witness listed on Plaintiffs Disclosures!  I will not take a plea, now Oklahoma is increasing my bail based based on Kellogg's statements.

**SEXUAL AGGRESSION SETTLEMENTS entered into by Koehn and UCMK:**

Plaintiff's in their motion to quash state:  *"Defendant appears singularly focused on alleged (made up), sexual harassment issues,*";  I would not know of the sexual agression settlements other than being informed by Donald Hoffman.  Separately from Hoffman and Giroux, Andrea K. Swisher a local attorney, I contacted about representation,, voiced concern and knowledge of **Koehn's poor reputation in the community committing sexual misconduct**.  Miss Swisher stated she is not a fan of Chad Koehn, nor are many people in Kansas, she even state young people have come to her with concerns of being molested/harassed by Koehn.  Miss Swisher's comments were unsolicited, as were Mr. Hoffman's and Mr. Giroux's.  I would not know the sexual agression settlements exist had it not been for anonymous emails, see attached Exhibit "B" demonstrates where the public is participating sending emails:  *"He put his penis in our mouths as young girls he is a disgusting pig that should be in prison"*  and Hoffman, Swisher, Giroux and others stating Chad Koehn has a history, reputation of sexual assaults, harassment, aggressions.

**NO Focus on solely SEXAUL AGGRESSION SETTLEMENTS entered by Chad Koehn:**

Mr. Chad Koehn does not enjoy a good reputation at all throughout Kansas, or throughout the investment industry as a whole and multiple unrelated persons have offered unsolicited information on Chad Koehn's sexual aggressions, racisim, bigotry, sexism, misogyny.  Mr. Donald Hoffman offered up information on Koehn's apparently well known sexual aggressions, adultery, racism, bigorty, misogyny, this was only part of the conversation regarding Mr. Koehn, it is certainly NOT the focus.   The fact the plaintiffs believe this is the only focus provides credible information as to the Plaintiffs seeking to conceal, hide and otherwise mask the **SEXUAL AGRESSIONS of Chad Koehn**. Mr. Hoffman offered voluntarily much information on Mr. Koehn **stating he believes the depositions of Koehn and other materials to be relevant to my case,**

reducing efforts and eliminating duplication of efforts in Court proceedings.  Koehn is incapable of telling the truth, and does not enjoy a good reputation  both generally have bearing on this case.

**NO BURDENS Upon Attorney Donald Hoffman:**   Attorney Donald Hoffman certainly **will not be burdened by the subpoena** as Mr. Hoffman already voluntarily expended a lengthy time on the telephone with me, explaining in detail Mr. Koehn's poor reputation, his propensity to file "shakedown" litigations, describing in detail a number of documents and materials he obtained in his litigation with Koehn.  In fact Hoffman and I discussed obtaining a Federal Subpoena for the records as the safest way for Mr. Hoffman to provide them and for their use as evidentiary evidence in this litigation.   Given the fact Donald Hoffman believes the files to be of evidentiary value, and highly relevant to me in this litigation, Hoffman volunteered extensive information regarding those files, demonstrates clearly where Hoffman will not be burdened.  The Court should take special note that **neither** Giroux nor Hoffman has not sought to quash the subpoena.

***Evidentiary Value, demonstrate patterned conduct by Koehn, eliminate duplication of efforts***

Koehn and UCMK invoke: Fed. R. Civ. P. 26(b)(1).   To the extent it is necessary to explain the ways which the underlying information bears on the issues as I personally understand them, is that Koehn does not enjoy a good reputation to begin with, that Koehn often initiates "shakedown" style litigation or threats to extort money, when he perceives the TRUTH regarding his behavior and illegal actions may be exposed.  BOTH Giroux and Hoffman believe the information they have is pertinent, relevant, and has evidentiary value in litigation here. Hoffman believes the deposition of Koehn has particular value to reduce duplication of efforts in the Courts, that the **sexual aggression settlements of Koehn and UCMK exist**.  The fact is many, many people have chosen to take their business elsewhere including to Mr. Giroux, given Koehn's colorful past decisions, sexual aggressions he displays thoroughout the community.. The litigation with Mr. Giroux only settled after this litigation was removed to Federal Court.

**WHEREFORE:** in the interests of Justice, conservation of judicial resources, judicial economy in elimination of duplication of efforts, for the PROTECTION of the Public At Large this Court should not DENY the motion to quash **the already lawfully issued and executed subpoena,**

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("**All pleadings shall be so construed as to do substantial justice**"). Courts generally reviewed "filings generously and with the leniency due pro se litigants", see *Andrews v. Heaton, 483 F.3d (10th Cir.2007)*

Respectfully Submitted, this 25th day of September 2022.

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, sent the foregoing to the Clerk of the Court via electronic-mail:  **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> upon filing which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;  filed to the extent this filing is expressly not to be shared communicated to or provided in anyway shape or form to the person of Chad Mitchell Koehn, per Court order of Saline County Court Judge Paul J. Hickman, signed 21 September 2022

Respectfully Submitted, this 24th day of September 2022.