UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| United Capital Management of Kansas, Inc. <u>and</u> CHAD M. KOEHN plaintiffs, counter-Defendants<br><br>v.<br><br>Michael Nelson ["Nelson"]<br><br>Defendant ;    PRO-Se. | **DOCKET NO.:**    5:22-CV-04008-JWB-GEB<br>CIVIL ACTION<br><br>**Motion for Reconsideration of Order During 4 October 2022 Scheduling Conference regarding Application for Default Judgment and mandating answering interrogatories, claiming Counter Defendant's made filings 13 June 2022 which I am without**<br><br>[Jury Trial Demanded] |
|---|---|

NOW COMES, Michael Nelson, defendant and Counter-Plaintiff, and humbly and respectfully request Reconsideration of Order from 4 October 2022, scheduling conference, wherein Magistrate Judge Birzer, stated a current Application before the Court, for default judgment is not proper as Counter-Defendant's Chad M. Koehn and UCMK have filed a motion to dismiss the First Amended Counter Complaint.  Specifically Judge Birzer stated the Motion to Dismiss was filed 13 June 2022.  **I stated I am without any motion or memorandum of law to dismiss "First Amended Counter Complaint", supposedly filed by Counter Defendants, Chad M. Koehn and UCMK on 13 June 2022**, according to Judge Birzer during 4 October 2022 hearing.

**Pursuant to D. Kan. Rule 7.3,** *"A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge."* **Counter-Plaintiff, Michael Nelson, requests reconsideration of the Order of the Court during the 4 October 2022, scheduling conference and BEGS to be provided with copies of what the plaintiffs file to the Court.    Plaintiffs continue with filings to the Court without noticing nor providing copies of what they file to me, a pro se litigant.  I BEG and PLEAD and PRAY to be provided copies of what the Court is basing rulings upon, it is only fair I receive copies of what plaintiffs file in this matter.**

**THIS IS CLEAR MANIFEST INJUSTICE:  Certainly rising to the meaning under Kansas Local Rules 7.3(b)(3) which states:  *"the need to correct clear error or prevent manifest injustice."***

 Judge Birzer stated I must furnish answers to interrogatories which concern the counter complaint, which the Court has before it an Application for default judgment as the Counter Defendants have failed to timely answer.  Judge Birzer states a motion to dismiss and/or memorandum of law was filed by the Counter Defendants 13 June 2022.  **I am without this or these documents, claimed by Judge Birzer to be filed 13 June 2022, and aimed at the First Amended Counter Complaint.  I MUST as a matter of law and right receive copies of what Plaintiffs file to the Court, to rule as the Court has on the existence of documents neither noticed nor provided to me in accordance with the Federal Rules of Civil Procedure DENIES me the basic and fundamental right to respond!**

 Counter Defendants are NOT allowed under Federal Rules of Civil Procedure, to make filings to the Court which they do not provide to me the Counter Plaintiff.  The making of filings to the Court and neither noticing nor providing copies of what the Plaintiffs file to the Court to my person has been an ongoing issue since I first removed Chad M. Koehn and UCMK's SLAPP petition to the  Federal Court for cause.

 This Court has issued ORDERS which require Counter-Defendants Chad M. Koehna and UCMK to provide "hard copies" of all filings they make to the Court.  Plaintiff's have obviously FAILED to adhere to the Federal Rules of Civil Procedure, and especially Rule 5, as I am without any document which is a "motion to dismiss" or a memorandum of law in support of any

such motion aimed at the First Amended Counter Complaint filed to the above herein entitled matter as Document 83 according to the Clerks of the Court.

Plaintiff's have been known to repeatedly throughout the litigation make filings to the Court without noticing nor providing copies of the filings they make to the Court to my person in direct violation of Federal Rules of Civil Procedure, including without limitation Rule 5, and in direct contravention of the Orders of the Court.

I respectfully request I be immediately provided copies of any and all filings, motions to dismiss and/or memorandums of law which concern the First Amended Counter Complaint, filed 6 June 2022, and noted by the Clerks as Document Number 83.

Plaintiff's have continued through the litigation to improperly conduct ex parte communications with the Court in violation of every basic notion of fair litigation and in violation of the Federal Rules of Civil Procedure.

**WHEREFORE, Counter-Plaintiff, Michael Nelson, respectfully prays that this Court will reconsider that portion of its October 4, 2022, oral orders regarding the pending Application for Default Judgment and forthwith provide to my person a copy of whatever "Motion to Dismiss" the Court claims the Counter-Defendant's Chad M. Koehn and UCMK have filed with the Court.**

I further request the RIGHT to respond to any so-called Motions to Dismiss and/or Memorandums of Law filed at the First Amended Counter Complaint, document 83, according to the Clerks.

**The plaintiff's cannot and should not under the Federal Rules of Civil Procedure be rewarded for their callus and certain deliberate acts violating my right to receive copies of**

**what they file to the Court.   Federal Rules of Civil Procedure under Rule 5, REQUIRE the plaintiffs to serve copies of filings they make to the Court to my person.**

**PLEASE in the Interests of Justice to PREVENT MANIFEST INJUSTICE, if the Court is going to rely upon documents filed by the Counter Defendant's and summarily and verbally deny Application for Default Judgment, then at the very least I should receive copies of filings made by the Counter-Defendants and receive ample opportunity to respond to those filings after having an opportunity to review the filings obviously filed EX PARTE without NOTICE nor copies being provided to me in accordance with Federal Rules of Civil Procedure Rule 5.**

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 7th day of October 2022.

*[signature: Michael Nelson]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

5

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, sent the foregoing to the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> upon filing which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

Respectfully Submitted, this 7th day of October 2022.

*/s/ Michael Nelson*