KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:    (785) 825-4674
F:    (785) 825-5936

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CHAD M. KOEHN, ET AL. ,**   ) | |
| )| |
| **Plaintiffs/Counter-Defendants,**   ) | |
| **vs.**   ) | **Case No. 22-CV-04008-JWB-GEB** |
| ) | |
| **MICHAEL NELSON,**   ) | |
| ) | |
| **Defendant/Counter-Plaintiff.**   ) | |
| _____) | |

**PLAINTIFFS'/COUNTER-DEFENDANT'S' REPLY TO DOCKET NO. 276,
DEFENDANT MICHAEL NELSON'S RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of

Kansas, Inc (together "Plaintiffs"), by and through their undersigned counsel, herewith Reply to

Docker No. 276, Defendant/Counter-Plaintiff MICHAEL NELSON's ("Mr. Nelson") Response

to Plaintiffs' Motion for Leave to File Second Amended Complaint as follows:

Mr. Nelson asserts two grounds for denial of Plaintiffs' Document 242, Motion for Leave

to File Second Amended Complaint.

Mr. Nelson initially argues that the claims against Peter M. Nelson is futile and in bad faith.

""As the party opposing the Plaintiffs' Motion, Defendants have the burden to establish

futility. "A proposed amendment is futile if the complaint, as amended, would be subject to

dismissal." When analyzing this standard, the Court "must accept as true all well-pleaded factual

1

allegations and view them in the light most favorable to the pleading party.'" *Roberts v. TransAm Trucking, Inc.*, 341 F.R.D. 689, 694 (D. Kan. 2022)(citations omitted).

"'"Preventing a party from amending her complaint on the basis of bad faith generally require**s** an affirmative showing by the nonmoving party." *Sherrod v. McHugh*, 249 F.Supp.3d 85, 87 (D.D.C. 2017) (internal citations omitted). Typically, this entails a showing that "the proposed amendments are similar to already-rejected claims or otherwise unlikely to succeed on their face." *Id.* (citing *Hoffman v. United States*, 266 F.Supp.2d 27, 34 (D.D.C. 2003))." *Bronner v. Duggan*, 324 F.R.D. 285, 292-293 (D. D. C. 1018).

Mr. Nelson argues that he (Mr. Nelson) cannot know what is in his father's mind and that his father is being punished for the sins of his son. Mr. Nelson provides no Declaration or Affidavit from Peter M. Nelson to support his argument that the third claim is futile and/or in bad faith. Instead, Mr. Nelson expects the Court to simply take his word, which has been proven to have no value on numerous occasions in this lawsuit and in fact, it is his "words" that have caused the filing of this lawsuit and then some.

The claim against Peter M. Nelson for Aiding and Abetting Michel Nelson in Intentionally Interfering with Plaintiffs' Expectation of Continuing Business Relationships/Expected Business Advantages is set forth in Count III of the proposed Second Amended Complaint (Docket No. 242, at **9-10. "[A] aiding and abetting focuses on whether a defendant knowingly gave "substantial assistance" to someone who performed wrongful conduct. Thus, under an aiding and abetting theory, the focus is not upon whether the defendant agreed to join wrongful conduct." *State ex rel. Mays v. Ridenhour*, 249 Kan. 919, 937, 811 P.2d 1220, 1232 (1991)(citing *Halberstam v. Welch*, 705 F.2d 472, 478 (D.C.Cir.1983)). Aiding and abetting includes the following elements: "'"(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant

must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation." *Ridenhour,* 249 Kan. at 936, 811 P.2d 1232 (quoting *Halberstam*, 705 F.2d 477).

While Mr. Nelson argues that his father is without knowledge of myriad contentions previously alleged by Mr. Nelson (Document No. 242, at 2-3), those facts are irrelevant to the allegations of the claim of aiding and abetting asserted against Mr. Nelson. Furthermore, the Plaintiffs obviously disagree with Mr. Nelsons suppositions.

In *Cohen v. Battaglia*, 296 Kan. 542, 546 293 P.3d 752, 755 (2013)(citing *Burcham v. Unison Bancorp, Inc.,* 276 Kan. 393, Syl. ¶ 15, 77 P.3d 130 (2003)), the Kansas Supreme Court recited the elements of tortious interference with a prospective business advantage or relationship: "(1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) a reasonable certainty that, except for the conduct of the defendant, plaintiff would have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) incurrence of damages by plaintiff as a direct or proximate result of defendant's misconduct."

Mr. Nelson fails to argue that Count II alleging that Defendant, MICHAEL NELSON, intentionally interfered with Plaintiffs' expectation of continuing business relationships/expected business advantages is futile or asserted in bad faith. The third claim against Peter M. Nelson is based upon vicarious liability for the intentional tort of intentionally interfering with Plaintiffs' expectation of continuing business relationships/expected business advantages committed by Defendant, MICHAEL NELSON. Paragraph 37 of the third claim asserts the necessary element to support a cause of action for aiding and abetting Defendant MICHAEL NELSON's tortious activity.

WHEREFORE, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., respectfully pray that this Court will grant their Motion for Leave to File a Second Amended Complaint.

Dated October 10, 2022.

Respectfully Submitted,


/s/ Chris J. Kellogg
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

and

/s/ Craig A. Brand
Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A/
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 10, 2022, the foregoing *Plaintiffs'/Counter-Defendant's Reply to Defendant Michael Nelson's Response in Opposition to Plaintiffs' Motion for leave to File Second Amended Complaint* was electronically filed with the Court using the CM/ECF System, and the undersigned caused to be mailed a true copy of the foregoing by Prepaid First Class U. S. Mail to Michael Nelson, 9450 SW Gemini Dr. PMB 90924 Beaverton OR 97008, and caused to be emailed to him a courtesy copy to oklahomaremote@gmail.com.

/s/ Chris J. Kellogg
Chris J. Kellogg