KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:  (785) 825-4674
F:  (785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., | ) |
| | ) |
| Plaintiffs | ) |
| vs. | ) Case No. 22-CV-04008-JWB-GEB |
| | ) |
| MICHAEL NELSON, | ) |
| | ) |
| Defendant | ) |
| | ) |

## PLAINTIFFS'/COUNTER-DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING PROPOSED SUBPOENA TO BE ISSUED BY DEFENDANT/COUNTER-PLAINTIFF, MICHAEL NELSON, TO MARK JOSEPH RITTER AND CERTIFICATE OF CONFERRAL

In accordance with D. Kan. Rule 26.2(a), the enforcement of the subpoena attached as Exhibit "A" is stayed until the court disposes of this Motion.

Pursuant to Fed. R. Civ. P. 26(c)(1)(A), D. Kan. Rule 26.2(a), D. Kan. Rule 37.2, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., by and through their undersigned counsel, herein move for a Protective Order forbidding the disclosure or discovery demanded in the subpoena for records, a copy of which is attached hereto as Exhibit "A," to be served upon or served upon third-party, MARK JOSPEH RITTER, by Defendant/Counter-Plaintiff, MICHAEL NELSON ("Mr. Nelson").

The subpoena to Mr. Ritter seeks "All communications with UCMK, Chad M. Koehn, Anthem Blanchard relating to Anthem Holdings Company or Hera Software Development Inc. with all account statements, subscriptions, shareholder communications."

1

Throughout this case, Mr. Nelson has <u>continued to intentionally and wrongfully</u> pursue claims concerning Anthem Holdings Company and/or Hera Software Development, Inc. These entities are non-parties to this case in issue. Despite being placed on notice and Mr. Nelson even informing Magistrate Judge Birzer, during monthly status hearings that he knowingly is not permitted to have any contact of any kind with these entities, Mr. Nelson continues to attempt to harass non-party entities, Anthem Holdings Company, a Delaware corporation, Hera Software Development Inc., a subsidiary of Anthem Holdings Company, and other subsidiaries of Anthem Holdings Company in this round about manner. These are the same non-parties that Mr. Nelson attacked and now he is the subject of an on-going and open criminal case in Oklahoma.

The information requested in the subpoena is based upon Mr. Nelson allegedly being a shareholder of ANTHEM VAULT, INC. and, subsequently, ANTHEM HOLDINGS COMPANY, into which ANTHEM VAULT, INC., was merged, and asserting his alleged rights as a shareholder. Such claims would either be directly against the corporations or derivative claims (although this would be a wide or long stretch and objected to), made on behalf of the corporations. In either circumstance, Mr. Nelson is not entitled to pursue such claims in this action. The information sought by Mr. Nelson is not reasonably calculated to lead to evidence which would be admissible in the trial of this matter and in fact has nothing to do with this matter. This case involves the defamation and intentional interference claims caused by Mr. Nelson directly against the Plaintiff's Chad Koehn and United Capital Management of Kansas. As a result, the subpoena imposes an undue burden on the subpoenaed third-party and highly prejudices the Plaintiffs in this action as Mr. Nelson's tactics knowingly are causing the Plaintiffs to incur needless expenses and is causing the Court to waste judicial resources. The information requested is not within the scope of Fed. R. Civ. P. 26(b)(1). The Court has the ability to initiate its inherent discretionary authority in such instances to deter this type of wrongful conduct in the future.

Further, the subpoena does not comply with Fed.R.Civ.P. 45(c)(2)(A) in that it does not request production at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.

In support thereof, Plaintiffs/Counter-Defendants contemporaneously file herewith their memorandum of law in support.

Wherefore, Plaintiffs/Counter-Defendants, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC, respectfully pray that this Court will enter a protective order forbidding the disclosure or discovery demanded in the subpoena attached hereto as Exhibit "A", as well as initiate its inherent discretionary authority against Mr. Nelson so as to deter this type of conduct from happening in the future and balance the prejudice being financed by the Plaintiffs.

**CERTIFICATE OF CONFERRAL PURSUANT TO FED.R.CIV.P. 26(c)(1) AND D. KAN. RULE 37.2**

The undersigned counsel has attempted to confer by telephone in good faith with the Defendant/Counter-Plaintiff, Michael Nelson, who objects to the relief requested in this motion.

Dated October 10, 2022.

Respectfully Submitted,

/s/ Chris J. Kellogg
Chris Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

and

/s/ Craig A. Brand
Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A.
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 10, 2022, the foregoing *Plaintiffs'/Counter-Defendant's Motion for Protective Order Concerning Proposed Subpoena to be Issued by Defendant/Counter-Plaintiff, Michael Nelson to Mark Joseph Ritter* was electronically filed with the Court using the CM/ECF System, and the undersigned caused to be mailed a true copy of the foregoing by Prepaid First Class U. S. Mail to Michael Nelson, 9450 SW Gemini Dr. PMB 90924 Beaverton OR 97008, and caused to be emailed to him a courtesy copy to oklahomaremote@gmail.com. And a courtesy copy furnished to Mark Joseph Ritter.

/s/ Chris J. Kellogg
Chris Kellogg