KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHAD M. KOEHN, ET AL. , | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| vs. | ) | **Case No. 22-CV-04008-JWB-GEB** |
| | ) | |
| MICHAEL NELSON, | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF/COUNTER-DEFENDANTS' MOTION FOR PROTECTIVE ORDER
## CONCERNING PROPOSED SUBPOENA TO BE ISSUED BY DEFENDANT/COUNTER-
## PLAINTIFF, MICHAEL NELSON, TO MARK JOSEPH RITTER

Pursuant to D. Kan. Rule 7.1(a), Plaintiffs/Counter-Defendants, CHAD M. KOEHN and

UNITED CAPITAL MANAGEMENT OF KANSAS, INC., by and through their undersigned

counsel, herewith submit their memorandum of law in support of their motion for a protective

order forbidding the disclosure or discovery demanded in the subpoena for records, a copy of

which is attached to  Exhibit "A" to the Motion for Protective Order.

In *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-cv-2164-MLB-

DWB, 2007 WL 2122437, at *5 (D. Kan. July 20, 2007), the Court discussed relevancy.

""Whether a subpoena imposes an undue burden upon a respondent raises a case-specific

inquiry. It turns on such factors as relevance, the need of the party for the documents, the breadth

of the document request, the time period covered by it, the particularity with which the documents

1

are described and the burden imposed." *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003). A court is to balance the relevance of the information sought against the burden imposed. *Id*, [Additional citations omitted.] The *Goodyear Tire & Rubber Co.* case goes on to describe the concept of relevancy:

> Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure. Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.

211 F.R.D. at 663 (internal citations omitted). A subpoena that is overly broad, irrelevant, or duplicative would create undue burden and expense and can be quashed.""

Mr. Nelson's Subpoena requests "All communications with UCMK, Chad M. Koehn, Anthem Blanchard relating to Anthem Holdings Company, or Hera Software Development Inc. with all account statements, subscriptions, shareholder communications."  Mr. Nelson has no standing in this case, (has been informed as such, yet continues his attempts regardless in an effort to harass, burden and prejudice not only the plaintiffs herein as they continue to incur the expenses and resources of having to defend Mr. Nelson's non-party jabs, but applicable to innocent third

parties as well),  to discover any information relating to non-party Anthem Holdings Company or non-party Hera Software Development, Inc., in this action.  Mr. Nelson's conduct is in bad faith as what he is obviously really attempting to accomplish is circumventing the Restraining Orders against him in Oklahoma as he is forbidden to have any contact with the Blanchard's and their companies, i.e., the "Anthem Companies".

Fed. R. Civ. P. 26(c)(1)(A) provides that "[a] party may move for a protective order in the court where the action is pending. []The court may, for good cause, issue an order to protect a party from or person for annoyance, embarrassment, oppression, or undue burden or expense, including … forbidding disclosure or discovery."

"As a federal court sitting in diversity of citizenship litigation, our duty under *Erie v. Tompkins* principles is of course to conform to [Kansas's] substantive law." *Vanover v. Cook*, 260 F.3d 1182, 1186 (10th Cir. 2001)(quoting *Stauth v. National Union Fire Ins. Co. of Pittsburgh*, 236 F.3d 1260, 1267 (10th Cir. 2001).

"The distinction between derivative and direct actions is explained in *Fletcher Cyclopedia of Corporations* as follows:

However, it is not the plaintiff's characterization of the action which will determine whether or not it is a direct action. Ultimately it is the court which must determine in each instance whether a particular action is a derivative action or a direct action. It is stated that no clear-cut rule has emerged to distinguish the two types of actions. A common approach of the courts is to consider the impact of alleged injury. Was the injury directly to the shareholder or was it to the corporation? Thus, actions *1018 brought for breach of director or officer fiduciary duty will generally be derivative actions unless the plaintiff can show some special injury which is not common to all shareholders, such as that the injury to plaintiff arose out of

3

plaintiff's relationship to the transaction complained of other than as a shareholder, for example, as a creditor.... Obvious cases of a derivative action are actions claiming excessive compensation to officers or directors, or actions claiming a breach of fiduciary duty by an officer or director."

*Greer v. Cox*, 242 F.Supp.2d 1009, 1017-18 (D. Kan. 2003).

Thirteen (13) of Mr. Nelson's fifteen (15) Amended Counterclaims and Crossclaims, excluding Count I (defamation) and Count II (Tortious Interference with Business Prospects and Right of Employment), are based upon allegedly being a shareholder of Anthem Vault, Inc., that was merged into Anthem Holdings Company, a Delaware corporation, in the fall of 2020. Mr. Nelson's actions against and Anthem Holdings Company, its directors, officers,, subsidiaries and Anthem and Cynthia Blanchard, founders and majority shareholders of Anthem Holdings Company, have triggered the Oklahoma criminal case underway against Mr. Nelson. While Plaintiffs contend, although do not agree, that Mr. Nelson's claims would only be derivative at best, and not direct, his claims have not been (and cannot be) properly pleaded in this action. Mr. Nelson has never been a shareholder, employee or agent of Plaintiff, United Capital Management of Kansas, Inc. ("UCM"), has never met Chad Koehn, has never worked for any of the Plaintiffs, has never been to the office of any of the Plaintiffs, has never engaged with the Plaintiffs in any business, nor did he acquire his shares in Anthem Vault, Inc. a/k/a Anthem Holdings Corporation through the actions of Plaintiff, CHAD M. KOEHN or UCM. Mr. Nelson's wrongful actions against the Plaintiffs herein are nothing more than bad faith acts of vengeful and punitive conduct as a means of attempting to obtain revenge against Anthem Holdings Company, its directors, officers, subsidiaries and, indeed, Anthem and Cynthia Blanchard for whatever subjective reasons that circulate in Mr. Nelson's mind.

4

To the extent that any claims asserted in the Counterclaims relate to alleged securities violations by CHAD M. KOEHN, they are asserted to have been made in his capacity as a director of Anthem Holdings Company. Therefore, such claims must be made against Mr. Koehn in his corporate capacity, not individually, derivatively through Anthem Holdings Company. There is no allegation in the Amended Counterclaims and Crossclaims (nor could there be) that Mr. Koehn's actions as a Director of Anthem Holdings Corporation resulted in a special injury to Mr. Nelson, independent of any injury to any other shareholder of that company.

Further, the subpoena does not comply with Fed.R.Civ.P. 45(c)(2)(A) in that it does not request production at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.

Wherefore, Plaintiffs/Counter-Defendants, CHAD M. KOEHN AND UNITED CAPITAL MANAGEMENT OF KANSAS, INC, respectfully pray that this Court will enter a protective order forbidding the disclosure or discovery demanded in the subpoena to Mark Joseph Ritter.

Dated October 10, 2022.


Respectfully Submitted,


/s/ Chris J. Kellogg
Chris Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

and

/s/ Craig A. Brand
Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A.
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-
Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 10, 2022, the foregoing *Plaintiffs'/Counter-
Defendant's Memorandum of Law in Support of Motion for Protective Order Concerning
Proposed Subpoena to be Issued by Defendant/Counter-Plaintiff, Michael Nelson to Mark Joseph
Ritter* was electronically filed with the Court using the CM/ECF System, and the undersigned
caused to be mailed a true copy of the foregoing by Prepaid First Class U. S. Mail to
Michael Nelson, 9450 SW Gemini Dr. PMB 90924 Beaverton OR 97008, and caused to be
emailed to him a courtesy copy to oklahomaremote@gmail.com.

/s/ Chris J. Kellogg
Chris J. Kellogg