# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| United Capital Management of Kansas, Inc. <u>and</u> CHAD M. KOEHN plaintiffs, counter-Defendants<br><br>     v.<br>Michael Nelson ["Nelson"]<br><br>     Defendant ;    PRO-Se. | **DOCKET NO.:**    **5:22-CV-04008-JWB-GEB**<br>**CIVIL ACTION**<br><br>**Objection Appeal of Order of Federal Magistrate issuance of Scheduling Order, document number: 122 and 124**<br><br>**[Jury Trial Demanded]** |

<u>Defendant Counter-Plaintiff ("Nelson"), herein files</u> **Objection Appeal of Order of Federal Magistrate issuance of Scheduling Order, document number: 122 and 124 (sic: identical docs), so states**: First and foremost, plaintiffs keep referring to Documents 122 and 124 as different documents, BOTH documents are the EXACT SAME documents! Plaintiffs constantly claim they are different orders and different documents they are the same. I appeal both, de novo.

**"When faced with the issue of either allowing a civil action to proceed or <u>protecting the Fifth Amendment rights of individual defendants against self incrimination</u>, the <u>majority</u> of courts have consistently chosen the latter."**

    This Court has consistently acted against the interests of Justice, making new law. By forcing this Civil Case to proceed in the face of the identical same cases in criminal matters in Oklahoma, the two cases continue to collide against one another. To the detriment of me as both the defendant in each and the counter plaintiff. I am REFUSED the ability to participate in discovery, being refused the right to take depositions of the plaintiffs witnesses, refused interrogatories and discovery from the plaintiffs, while allowing the plaintiffs to control this civil case to the detriment of <u>Justice, performing heinous acts against the Court just as Craig Brand writes in his books.</u>

    The ACLU says: *"Our court system should be a place where we are all treated equally in the eyes of the law. It should not be a place where the powerful use their abundance of resources to enact revenge on those who see the world through different eyes. What future is there for freedom of speech if we allow those who speak out to be bled dry and turned into an example of what happens when you stand up to speak your mind? SLAPP suits pervert our legal system by turning it into a war of attrition, a place where who is right and who is wrong does not matter nearly as much as who has the most resources."*

There sits now several motions before the Court, which would bring this matter to its rightful conclusion, thus being in conformity with FRCP Rule 1, providing for the just, speedy and inexpensive determination of the matter at bar.  Several motions to dismiss, which among them include a motion to strike and Dismiss with prejudice the originating State SLAPP Petition removed hereto the US Federal Court, for cause that the SLAPP state petition as drafted, even after removal of the racial slur from the originating petition per Order of the Court, constitutes a SLAPP (Strategic Lawsuit Against Public Participation) litigation in violation of Kansas laws.   Nelson timely within 60 days of the amended complaint ordered by the Court, removing the Racial SLUR, filed the timely and correct motion citing before the Court the Kansas Statutes demanding that the SLAPP petition be deemed what it is a SLAPP petition and thus stricken and dismissed with prejudice.  According to the guide to the Magistrate Justice System: "in appropriate cases, district judges have construed a magistrate judge's order as a report and recommendation basis, subject to de novo review." The Supreme Court addressed this issue recently in Exec. *Benefits Ins. Agency v. Arkison, 193 134 S. Ct. 2165 (2014);* see:

https://www.fedbar.org/wp-content/uploads/2019/10/FBA-White-Paper-2016-pdf-2.pdf

"A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  Kansas adopted a strong anti-SLAPP law (Statatue) in 2016. Known as the Public Speech Protection Act, it allows a party to move to strike a claim that is in response to "a party's exercise of the right of free speech, right to petition or right of association." *Kan. Stat. Ann. § 60-5320(d) (2019).* Nelson shows and demonstrates clearly that the claims of the plaintiff's Chad Mitchell Koehn and UCM are based on these constitutional rights herein above so articulated to the Court.   Therefore the burden shifts to the plaintiff(s) Chad Mitchell Koehn and UCM "to establish a likelihood of prevailing on the claim by presenting substantial competent evidence to support a prima facie case." Id.

**The court should as is correct in a case involving a pro se party conduct DE NOVO review,** of an appealed Magistrate Judge decision. 'A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Brandon Steven Motors, LLC v. Landmark American Ins. Co., No. 19-CV-02659, 2020 WL 5889434, at *2 (D. Kan Oct. 5, 2020)(quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 365 (1948)).

**ARGUMENT**

I formally object to the Scheduling Order as entered by the Federal Magistrate and now seeks de novo review as follows herein below. As stated by Koehn and UCM, their submission of the report of the parties rule 26(f) conferences held on 11 and 12 July 2022, for one hour each day was filed unilaterally, without signature my signature. Koehn & UCM have engaged in an ongoing pattern of Judicial harassment, purposeful evasion of Federal Rules of Civil Procedure, Local Rules and Rules of Professional Conduct. Their violations began with their first filings in this matter, making secretive ex parte filings to the Court and neither noticing nor providing copies of what they filed to the Court to the person of Nelson, ergo purposeful evasion, willful disobedience to the Federal Rules of Civil Procedure. APPEAL as follows to the enumerated numbers in the Scheduling Order:

Alternative Dispute Resolution (ADR) "the court determined that settlement would not be enhanced by early mediation." This determination was made unilaterally, I requested mediation as he has all along in order to avoid the necessity of growing litigation, as it is a Judges job to avoid growing one litigation into many.

DISCOVERY: I explained **I am UNABLE to comply with disclosures because of the pending criminal matters** and the fact that documents and materials are in storage and not able to be retrieved without me being physically being present. **The Court here through Magistrate Judge Birzer has ERRORED in the Order issued, by demanding an Order which cannot be possibly complied with due to the parallel Criminal matters.**

The cut off date for Discovery is inordinately short, given the fact Nelson cannot access materials needed, requiring much greater extensive discovery of ESI systems and burdens upon the Plaintiffs. The Magistrate Judge has Ordered parties submit ESI protocols to the Court yet has not issued any ESI protocol to be used in the case.   NOW I am unable to request discovery from ANY of the Plaintiffs enumerated list of 4 through 10 witnesses, under threat of imprisonment for requesting any discovery or depositions of those witnesses of the plaintiff.  Worse the Plaintiffs have LIED in their disclosures listing for each of 4 though 10 of their witnesses an address in Oklahoma which I cannot have contact due to the parallel criminal matter, AND <u>the Plaintiffs LIED, as demonstrated by the sworn affidavit of Gil Gilliam who swears to live and work in Leawood Kansas!</u>  **Koehn and UCMK are LYING in the disclosures in order to PREVENT discovery in this matter.**

Expert disclosures do not take into account the fact Chad M. Koehn has signed affidavit that he has personal knowledge of a computer being "stripped" STOLEN from me, he signs this affidavit just a couple of weeks after Koehn as Criminally cited for a bonfire that is said to be Koehn destroying evidenced perhaps the stolen computer as well.

<u>IMPOSSIBILITY until resolution of the parallel hereto criminal matters which a STAY of this matter remains pending, District Court action and invokes Constitutional Protections, which the scheduling order totally and completely ignores in violation of the US Constitution.</u>

Their remains a motion to DISQUALIFY purported still lawfully licensed to practice law CRAIG ALAN BRAND who has a multitude of simultaneous and consecutive representations here and throughout the parties, Brand's continued involvement MANDATES that discovery of client communications can no longer be protected as attorney client work product.   CRAIG ALAN BRAND and the threats levied from him concerning Dale Takio and the DEAD Whistleblower in Connecticut are point on to this civil matter and are the proximate subject matter of a certified mail

letter at issue in the criminal matter, which discusses and has everything to do with CRAIG ALAN BRAND and the DEAD WHISTLEBLOWER in the Dale Takio criminal matter.

**Craig Alan Brand represents all those merger subs and subsidiaries which make up the Business Combination Merger created via the so-called "triangular reverse short form merger" of those identified merger subs,** means that no client communication of privilege nor attorney work product can be protected given the conflicting interests and conflicting representations in violation of the Rules of Professional Conduct and certainly the FRCP.

The proposed limitation on discovery disputes is in material disagreement and the Magistrate Judge fails to understand the complexities as they regard a variety of protective orders including against Craig A. Brand who continues to be the thorn in the side of the parties, the Court and thus the public providing for neither a just, nor speedy and certainly not an inexpensive determination of this matter, especially in light of the parallel criminal matters.  **THIS CASE MUST BE STAYED.**

A STAY of this Case will save incredible judicial resources and provide for conservation of judicial resources, 99% of the consternation in this matter is because the Court is insistent on this case proceeding in light of the parallel criminal matters.  IF this case were stayed then Justice may be able to be administered in both cases rather than Justice being DENIED and Constitutional rights being trampled in both cases.  The Oklahoma Judge in the criminal matters has stated on the record the Criminal case MUST control and MUST take precedence over the Civil Case.

**BECAUSE of Craig Alan Brand's, intentional purposeful email games in the Civil Case here in Kansas as complained of in documents 52 and 57, where Craig Alan Brand purposefully and intentionally DEFRAUDED the Chambers and Magistrate Judge as well as mysel**f as to the origins of his email by emailing from his employer HERA SOFTWARE DEVELOPMENT INC, which should be attached and joined to this action and cannot be due to the ORDERS of the Oklahoma Criminal Court.  It is further evident the plan by CRAIG ALAN BRAND is to list each

witness for this case as having the physical mail address of HERA SOFTWARE DEVELOPMENT INC in Bartlesville, Oklahoma.   EVEN though in that case **Gil Gilliam a witness for the plaintiffs filed a SWORN Affidavit under penalties of PERJURY that he lives and works in LEAWOOD Kansas, yet the plaintiffs have LIED on the disclosures listing Gil Gilliam as having the address of Hera Software Development Inc. in Bartlesville Oklahoma,** an address I cannot have communication and which I have NOT had communication with during the pendency of this civil case despite the best efforts of the plaintiffs LYING to attempt to get me to violate the Court Order. <u>Christopher J. Kellogg is now considered by the Court in Oklahoma to be an associate of the complaining witnesses there who are listed as witnesses for the plaintiffs here</u> and <u>MUST be attached here via joinders to this matter, but cannot be due the orders of the Court in Oklahoma.</u> Creating a situation wherein if this case is not stayed immediately justice will be denied in this matter and it will force continuation of litigations and growing additional litigations to be litigated once the parallel criminal matters are resolved. Service via USPS mail is fine although cost prohibitive when dealing with the extensive ESI requiring quite possibly 100's of thousands of printed pages of machine and computer coding.   The Court was requested to be provide for ADA coordinator which the Court is required to have to assist me with the accessing this Federal Resource of this United States Federal Court which is in effect a US Federal Resource therefore must provide reasonable accommodations under the ADA including understanding what is meant by language in an order of the Court, a federal service.   The Court continues to REFUSE to provide ADA assistance nor provide for the name of an ADA coordinator therefore denying a Federal right to me in the course of this litigation.  IF This case were stayed pending the resolution of the parallel criminal matters then I may have the opportunity to apply for help to get medical assistance eliminating or greatly reducing the necessity of ADA assistance which the COURT MUST as matter of Federal Law provide.

The plaintiffs seek to claim "proprietary people" not one of whom I am allowed to take any discovery from or ask any questions or to depose as they are all stockholders (Shareholders) of Anthem Holdings Company and/or Hera Software Development Inc. both Delaware corporations which the Judge in Oklahoma prohibits me from having any contact with whatsoever under threat of indeterminate incarceration.  The fact this Case continues in Kansas under THREAT of incarceration for my participation provides yet another reason this case MUST BE STAYED. <u>Litigating a Civil Case while using a parallel criminal case as means to THREATEN a pro se litigant from participating in the Federal Civil Case is WRONG.  It is against the US Constitution.</u> This Order is unfair and since as the **history of the matter has demonstrated Plaintiffs (Koehn and UCMK) have made filings repeatedly and neither noticed nor provided copies to Nelson** and even made reports to the Court "unilaterally" therefore how can it be fair that only Koehn and UCMK get to prepare a proposed pretrial order in this matter?  The order says the "parties" yet historically in this matter Koehn and UCMK have <u>**unilaterally made reports and have refused to include Nelson in basic planning functions.**</u>  As is noted in the 17 page Motion to Seal filed by Koehn and UCMK although the Order of the Court limited the filing to just ten pages, again Nelson must follow Orders, FRCP, Local Rules NONE of which are followed in any substantial way by Koehn and UCMK, providing for <u>obvious and evident violations to the due process rights of Nelson and obvious evident unfairness in the proceedings mandating Judicial Review,</u> further appeals as the matter & its merits are already tainted by the MISCONDUCT by Koehn and UCMK's attorneys. <u>The order errors in not stating that Nelson consents to Trial by a Federal Magistrate.</u>  Koehn and UCMK stated through **Attorney Christopher J. Kellogg in Rule 26(f) Conference to the effect Federal Magistrates are NOT "real" Judges and they have "zero powers" they can only make recommendations**, and their words and orders are regularly ignored by "real" attorneys, Kellogg

went on to explain nothing which a Federal Magistrate does or says can be believed nor can anyone be held to account for any actions, statements, orders of a Federal Magistrate.

Nelson seeks leave to modify Scheduling order per the objections made herein above and below in this lawful dutiful appeal under Rule 72. At (2) of 5(a)(2) the Federal Magistrates ORDER states: " 2) Plaintiffs' motion for leave to seal. Plaintiffs' motion for leave to seal shall be filed no later than August 12, 2022 with responsive pleadings served as per local rule. The motion and response are limited to ten pages, with any reply limited to 5 pages. Any other motions filed will be summarily denied." **Yet, already in direct CONTRAVENTION of the ORDER, without filing an appeal of the ORDER, just plain "IGNORING" the ORDER of the Federal Magistrate,** just as Koehn and UCMK through attorney Christopher J. Kellogg stated that a Federal Magistrates Orders mean nothing and can be ignored in their entirety as all lawyers/attorneys regularly do, Christopher J. Kellogg filed Document Number 140, acting in direct contravention of the Order already, as Kellogg stats that Orders of Federal Magistrates can be ignored by attorneys but not layman pro se. I object, UCMK already has the discovery and CRAIG ALAN BRAND LIED to the COURT claiming he is unable to receive documents via GOOGLE, even though Nelson provided SEVEN Different file formats for him (BRAND) or any other lawyer to download. Now the Court is mandating that I continue to resend the same documents over and over again, there has never been fairness of any sort in this litigation. This litigation should be STAYED until resolution of the parallel criminal matters, which CRAIG ALAN BRAND is mettling in both this case and the parallel criminal matters as is proven by the information contained in each case record.

Nelson objected in multiple filings to not receiving copies of what Koehn and UCM file to the Court. **I had the need to file document 42, outlining the lengths towhich Chad M. Koehn and UCMK have gone to deny basic fundamental due process rights and their purposeful willful evasion and violations of the Federal Rules of Civil Procedure**. The Magistrate Judge, had the

8

unusual necessity to SUSTAIN the Objection filed in document 42, and formally ORDER the supposed licensed attorneys to follow the Federal Rules of Civil Procedure and Local Rules of the Court, having the need to ORDER Federal and State licensed educated attorneys to follow FRCP Rule 5 without limitation and to cease having SECRETIVE ex parte communications with the Court and neither noticing nor providing copies of what they file to the Court to the opposing party, Nelson.   Koehn and UCM in DIRECT CONTRAVENTION of the standing ORDER of the Court, the Local Rules and the Federal Rules of Civil Procedure, especially Rule 5, continued with filing a multitude of filings to the Court and neither noticing nor providing copies of their filings to the person of the opposing party, Nelson, directly violating due process rights, due process of law, fundamental fairness, in direct disobedience to standing orders of the Court, in Direct CONTRAVENTION of Local Rules and Federal Rules of Civil Procedure, purposefully, and maliciously increasing the cost of litigation beyond imagine.  Neither Koehn nor UCM participated in good faith in Rule 26(f) conference, neither preparing nor providing ample time for discussions, and purposefully refusing to discuss basic issues involving the limited discovery envisioned by the Court and the Kansas State Statutes as they relate to the MOTION TO DISMISS the SLAPP (Strategic Lawsuit Against Public Participation) Styled petition filed by Koehn and UCM which initiated these proceedings.

      **Upon filing a motion to strike, under Kansas's strong anti-SLAPP (Strategic Lawsuit Against Public Participation) protection Act: <u>"all discovery, motions or other pending hearings shall be stayed." § 60-5320(e)(2); FRCP 81(d)(1).</u>**

      **The Federal Magistrates Scheduling Order errors in not applying Federal Rules of Civil Procedure under FRCP 81(d)(1) inclusive without limitation,** to the fact the Court here is the US District of Kansas Federal Court and therefore Kansas Laws (statutes) are applicable here, especially as complained and so rightfully and dutifully motioned for dismissal with prejudice

within the 60 day time frame, recognized, from which an answer or other responsive pleading was due, Nelson filed for dismissal so citing ***Kan. Stat. Ann. § 60-5320(e)(2)* thus requiring <u>"all discovery, motions or other pending hearings shall be stayed." § 60-5320(e)(2).</u>**

The fact Nelson, has filed the motion to dismiss the action under the strong anti-SLAPP legislation of Kansas, other motions to dismiss the action as dispositive motions exist upon the docket and must be ruled upon enabling collateral order doctrine to so attach <u>prior to any commencement of discovery,</u> other than the limited discovery as permitted under the rule and Kansas State Statute. That limited discovery allowed under the statute allows for discovery only as it relates to the Motion to Dismiss the SLAPP petition, based on the allegation as rightfully and dutifully charged that the state petition <u>even after removal of the racial slur from the petition</u> is a SLAPP petition thus <u>requiring UCM and Koehn to meet the specified burdens thus shifting the burden to UCM and Koehn to prove and so "to establish a likelihood of prevailing</u> on the claim by presenting substantial competent evidence to support a prima facie case." **CRAIG ALAN BRAND <u>publicly declares himself a shareholder and "special counsel" to a Crypto Currency called HERC a crypto stock coin, issued via a questionable ICO (Initial Coin Offering) under investigation,</u> AND Craig Brand also declares himself "special counsel" to HeraSoft, the moniker of another Delaware Company, Hera Software Development Inc.** which Chad M. Koehn claims he is the lead investor, together with UCMK, though HeraSoft claims to own the proprietary protocol of HERC crypto currency stock Coin, which was **sold to at least 14,500 individual investors as a decentralized stock coin, which trades on global financial markets**. <u>Craig Brand also represents HeraSoft which de facto has a conflict to HeraSoft and a certain conflict within AG HERC Inc. and Hercules SECZ (Grand Cayman Islands), Hercules LLC (Puerto Rico) and spin off Lunargistics Corporation (Luxembourg).</u> Craig Alan Brand's multitude of conflicts of interest must be immediately addressed even prior to the Court considering the pending

Motions to dismiss.  **Certainly whistleblowers are entitled to special protections under law, the "witch hunt" for whistleblower or whistleblowers within UCM is bad faith litigation and constitutes violations to BOTH civil intentional torts and certainly criminal behavior, or as stated by DOJ Criminal Conduct, in attacking whistleblowers, seeking to prevent them from reporting wrongdoing**. IN this case Chad Mitchell Koehn charges that the whistleblower is blowing the whistle proverbially regarding in Koehn and UCMK's words "securities irregularities", as mentioned it seems irregular for a securities industry company and executive to have multiple sexual aggressive charges with so-called confidential settlements.

      The Docket to date also references a vast number of securities irregularities as they relate to various conflicts of interest between Chad Mitchell Koehn and UCM and many outside and inside companies or example RED NECK High Tech Yacht Fund LP and Anthem Holdings Company and Hercules SEZC (Grand Cayman Islands), Lunargistics Corporation (LUXEMBOURG) all of which are regularly referenced throughout the pleadings in this matter. All demonstrate clear irregularities within the publicly filed securities documents, or the fact SEC is void of filings on the companies all together, which again in the negative points to securities irregularities. Perhaps a whistleblower working with the government is working on issues relating to Chad Mitchell Koehn's sexual agressions or perhaps working with governmental officials relating to issues relating to the abnormalities existing within UCM, a question for the Court is to consider an abnormality or irregularity that the owner of a securities company has multiple sexual agression charges and so-called confidential settlements. Is it a security irregularity that documents, disclosures and SEC regulatory filings contain false and materially misleading information? These are the questions which must be answered as they relate to the motion to strike and dismiss based on SLAPP state petition, even absent the Racial Slur now filed being a SLAPP lawsuit.

Judge J. Nicholas Colabella wrote in *Gordon v. Marrone (N.Y . 1992)*, **"Short of a gun to the head, a greater threat to First Amendment expression can scarcely be imagined."** Professors George W. Pring and Penelope Canan coined the term SLAPP suit in the 1980s after noting a surge in lawsuits filed to silence public criticism by citizens. In 1991 the Supreme Court established in *Columbia v. Omni Outdoor Advertising (1991)*

The nonlegal effect of SLAPP suits remains. A defendant in such a suit may succeed legally but lose nevertheless, having expended large amounts of time and money in defending against the lawsuit. More damaging is the effect that such suits can have on those who have not yet been targeted: the desire to avoid being sued translates into a reluctance to participate in public debate! Therefore the damages of the SLAPP petition are felt stronger throughout society.

The Court must be skeptical of anything Craig A. Brand states to the Court, as Craig A. Brand publicly declares:   I [CRAIG BRAND], for instance have **championed the art of disinformation.  I intentionally provide people [courts] with false information…"** pages 118 and 119 id. Craig A. Brand's book, "Life Sucks".

*Motion for the DISQUALIFICATION OF CRAIG BRAND STILL PENDING:*

In a matter eerily similar hereto a Federal Court sitting in Kansas deciding to disqualify for a conflict of interest looks to the Kansas Rules of Professional Conduct. See D. Kan. Rule 83.6.1 (adopting Kansas Rules of Professional Conduct as applicable standards of professional conduct); "(c) Standards of Conduct. Any of the following acts or omissions by an attorney shall constitute misconduct and shall be grounds for discipline: (1) Acts or omissions which violate standards of professional conduct; (2) Conduct violating applicable rules of professional conduct of another jurisdiction; (3) Willful disobedience of an order of court requiring the attorney to do or forebear an act in the course of the practice of law; (4) Willful violation of the attorney's oath prescribed by these rules; *see also Coffeyville Res. Refining & Mktg. v. Liberty Surplus Ins. Corp., No.*

12

*08-1204-WEB, 2009 WL 3007125, at *1 (D. Kan. Sept. 16, 2009)* **CRAIG ALAN BRAND VIOLATES EVERY SINGLE ONE OF THE STANDARDS FOR DISQUALIFICATION:**

(1) Brand's actions during the litigation have included purposeful, knowing, willful, illegal attempts to mislead the Chambers of Judge Birzer and opposing pro se party Nelson, in his wrongful illegal response email from craig.brand@herasoft.com demonstrating Brand is an employee with email address at HeraSoft the moniker for Hera Software Development Inc. this was complained of to the Court at length in documents 52 and 57.  (2) Craig Brand's actions at bar have included filing of a false affidavit under penalties of perjury, having the Court acknowledge on the record he (Craig Brand) "played fast and loose"; Craig Brand has purposefully mislead the Chambers of Judge Birzer and opposing party Nelson, purposefully trying to have Nelson violated for contact with the HeraSoft.com email address as complained of in Documents 52 and 57. **Craig Alan Brand's unethical, immoral, knowing, purposeful, willful illegal conduct has even included shameless attempts to mislead the Chambers of the presiding jurist and mislead the opposing party**, Nelson, wherein as described in Documents 52 and 57, Craig Brand purposefully replied from an email address craig.brand@herasoft.com when he was emailed by Chambers to the email address on file with the Court, an email address at a domain name for Craig A. Brand's purported Law Corporation Partnership, where he claims to be the Senior Partner, @thebrandlawfirm.com  The Court has the inherent power to disqualify an attorney for ethics violations, *Biocore, 181 F.R.D. at 664*.  IF not for Craig A. Brand's deliberate attempts to get Nelson to inadvertently have communication with an email address at www.herasoft.com thereby violating another Court's Order then perhaps the parties could engage in email correspondence.

**PRAYER FOR RELIEF UPON THE RULES of the COURT:**

      THIS CASE MUST BE STAYED PENDING RESOLUTION OF THE PENDING CRIMINAL CASE, as the ORDERS of the Court in the pending Criminal matter are now in direct

conflict to the Orders in this Case demanding that this case continue in contravention of Public Law and Order with the Criminal Proceedings as they are one in the same.

Craig Brand wants the Court here to declare ipso facto: **"Lady Justice is Blind. Blind to Justice."** and "Lady Justice is not only blind but corrupt and susceptible to biased pressures." says Craig Brand in his book, Brand goes on to bring public disdain, distrust, and certainly tarnishes the image of the Court, lawyers and the legal profession in the minds and hearts of the public at large, causing even further damages to the American Judicial Machine, by stating: "Most falsely accused people wind up paying some form of legal extortion just to get out of the drama. **The bad guys and their shyster lawyers know it.**"id page 97. The Court here in the US District of Kansas Federal Courts is called upon in a Motion to dismiss the action under well founded principles of law and Kansas State Statute, the Court is called upon to issue notice of stay and limited discovery in accordance with Kansas State Law which the Court must as a matter of right uphold, wherein the Kansas State Statutes regarding SLAPP litigation are well founded within BOTH the Kansas State Constitution and the United States Constitution. To do otherwise is as Judge J. Nicholas Colabella wrote in *Gordon v. Marrone (N.Y . 1992)*, **"Short of a gun to the head, a greater threat to First Amendment expression can scarcely be imagined."** IF "...the integrity of the judicial process is to be maintained, and the appearance of impropriety to be scrupulously avoided, the issue of an allegedly improper representation should be resolved at the outset, "lest a costly and protracted trial be tainted on the merits by an issue collateral thereto." *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 496 F.2d 800, 803 (2dCir. 1974)*.

**WHEREFORE, given all the facts, the pending PARALLEL CRIMINAL MATTER, which makes discovery an impossibility in this case and the LYING made by the Plaintiffs and their attorneys concerning their own witnesses,** the plaintiffs have directly tied the Criminal pending matter to this case in a way which makes discovery impossible and thus the scheduling

order not able to be followed and the orders of this court in direct contravention to the Orders in the criminal proceedings. **In the INTERESTS OF JUSTICE THIS CASE MUST BE STAYED pending resolution of the parallel criminal matters to that ALL PARTIES can be properly and legally JOINED herewith this Civil Matter. The privilege against self-incrimination is a personal one and cannot be used by or on behalf of any organization, such as a corporation.**

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 15th day of October 2022.

*[signature]* Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, sent the foregoing to the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> upon filing which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature]* Michael Nelson