# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) | **Case No. 22-4008-JWB-GEB** |
| **MICHAEL E. NELSON,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

## ORDER REGARDING THE
## DISCOVERY OF ELECTRONICALLY STORED INFORMATION

In the Scheduling Order (ECF No. 122), the Court set forth a procedure for the parties to each submit an ESI protocol. Having reviewed the parties' proposed protocols and discussing same during the September 6, 2022 Status Conference, the Court enters the following Order Regarding the Discovery of Electronically Stored Information.

## 1.     PURPOSE

This Order (or "Order") will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

## 2.    COOPERATION

The Parties are aware of the importance the Court places on cooperation and each Parties' commitment to cooperate in good faith throughout the matter consistent with this Order.

## 3.    PRESERVATION

Plaintiffs maintain their electronically stored records in encrypted format, readily accessible, should a response to a request for ESI discoverable under the Federal Rules of Civil Procedure be properly discoverable.

The Defendant has asserted his computer was either taken by the police when he was arrested in December 2021 or somehow not in his possession, custody and/or control; however, Defendant has indicated he has electronic documents and materials in storage. See Document 144, at 1-2: "Nelson explained he is UNABLE to comply with disclosures because of the pending criminal matters and the fact that documents and materials are in storage and not able to be retrieved without Nelson physically being present with his finger prints (sic), eye balls, and wrist veins[.]"

## 4.    SEARCH

To the extent a search query generates an unreasonable number of hits and the requesting party is notified within 14 days of propounding the request, the Parties agree to negotiate reasonable limiters to reduce the burden on the responding party. In no event will negotiation of some search strings absolve a party of its obligation to produce documents responsive to other search terms as required under the Federal Rules of Civil Procedure. Indiscriminate terms, such as the producing party's name, are inappropriate unless

combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.* "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.* "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are closely related subjects for the subject matter of the present litigation. Use of narrowing search criteria (*e.g.* "and," "but not," and "w/x#") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

The Parties shall produce all documents on a rolling basis.

## 5. PRODUCTION FORMAT

### A. General Production Format

The Parties shall produce documents ESI in Adobe pdf Format. Electronic files shall be produced with document-level extracted text, and scanned documents shall be produced with Optical Character Recognition ("OCR"). Pdf files shall contain the complete history of original metadata.

### B. Security

Any production produced by any Party in this action shall not contain a virus capable of infecting any computer, server, cellular phone or other storage device, without limitation.

Any ESI produced by any Party and any email transmitted between the Parties shall not contain any capability of tracking any recipient or subsequent recipient of the ESI and/or the Email.

Any ESI produced by any Party and any email transmitted between the Parties shall not contain any coding providing any Party, or any other person or entity, foreign or domestic, with the capability of accessing the computer, server, cellular phone and/or storage device of any person accessing the ESI and/or any email transmitting the ESI.

**6.     MODIFICATION**

This Order may be modified by written agreement of the Parties for good cause shown, subject to the Court's approval, or by Order of the Court.

**IT IS SO ORDERED.**

Dated October 18, 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
