| | |
|---|---|
| UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS | |
| United Capital Management of Kansas, Inc. and CHAD M. KOEHN plaintiffs, counter-Defendants<br><br>v.<br>Michael Nelson ["Nelson"]<br><br>Defendant ; PRO-Se. | **DOCKET NO.:** 5:22-CV-04008-JWB-GEB<br>**CIVIL ACTION**<br><br>**Appeal of Order of Magistrate Judge in Document 268**<br><br>[Jury Trial Demanded] |

Defendant Counter-Plaintiff ("Nelson"), herein files **APPEAL of Order of the Magistrate Judge in Document 268, wherein the Court has through Magistrate Birzer has filed an Order in Document 268,** which is in direct contravention of prior Orders of the Court and is in direct contravention of Law. The Magistrate Judge's Order orders that I violate another Courts ruling and essentially sentences me to indefinite incarceration if I follow the Order of the Magistrate in Order Document 268. I, Michael Nelson appearing, pro se, out of necessity does so state:

"**When faced with the issue of either allowing a civil action to proceed or protecting the Fifth Amendment rights of individual defendants against self incrimination, the majority of courts have consistently chosen the latter.**"

Order of the Court in Document 268, errors in application of the law, by demanding I submit answers to interrogatories mailing the same, to the attorneys of record for the plaintiffs, places me in direct violation of the parallel criminal matter's Orders, **meaning following orders of the Magistrate Judge will place be in jail.** I WILL NOT WILLINGLY VIOLATE CONDITIONS PLACING ME IN JAIL FOR Mailing Interrogatories to attorneys who have previously provided copies of emails in this matter to the prosecutor in the criminal matter seeking to incarcerate me for participating in this Civil Litigation. See Ex. E, an Order of the Court to Communicate via email with Christopher Kellogg, despite this Order, and my emailing to take the depositions of Gil Gilliam Identified in Plaintiff's Disclosures, See Ex. B, the email exchange which included the Federal

1

Magistrate see Exhibit C, was provided to the prosecutor in Oklahoma who stated Kellogg, an attorney for the plaintiff is an associate of the Blanchard's, alleged victims, who are listed in Plaintiff's disclosures see Exhibit B, which also lists Gil Gilliam (Exhibit B), the State of Oklahoma moved to incarcerate me and increase my bond conditions of the pending criminal matter see Exhibit F.  <u>I cannot be forced by one court here in a civil matter to violate the conditions in a criminal court.</u> **I will NOT send answers via USPS mail to an address for the plaintiffs attorneys** who have as recently as the past month provided emails to the prosecutor, see Exhibit "C" in the criminal case, stating that the attorneys for the Plaintiff are associates of the alleged victims in the criminal case, who must be attached and joined to this civil action, and cannot be by order of the Criminal Court.  The alleged victims are also both listed as witnesses to the plaintiffs and the plaintiffs also list 7 total witnesses all using the same address in Bartlesville, Oklahoma, see Exhibit "B", even though at least one of their witnesses, Gil Gilliam, has now filed an affidavit, sworn under the penalties of perjury, in the criminal case, claiming to live and work in Leawood Kansas, demonstrating clearly the **<u>Plaintiffs LIED in the initial disclosures</u>** purposefully using an address in Bartlesville Oklahoma, for Hera Software Development Inc. a company which plaintiff Chad M. Koehn is a member of the board of directors and he himself, Chad M. Koehn has written and issued <u>press releases claiming to have led an unregistered unlicensed securities sale of stock for a "Series A"; see Exhibit "G".</u>  The <u>Magistrat Judge's Order errors in law</u> by commanding me to perform an act which if done, <u>forces me to a prison cell.</u>  Worse yet there appears collusion between CRAIG ALAN BRAND, Chad M. Koehn and the Prosecutor in the parallel criminal matter in Oklahoma.  **The Judge in the Criminal matter has made it clear that any interaction with any shareholder of any of the myriad of companies is considered a violation, this would include Chad M. Koehn, Craig Alan Brand, and all of the plaintiffs' witnesses, and their attorneys as is noted Christopher J. Kellogg is listed as "an associate".**  My defense attorneys have filed

2

motion in opposition which is attached herewith as exhibit "D", clearly outlining the relationships wherein it is stated: *"Mr. Nelson took the action the state complains of during the course of litigation while defending himself, pro se, in a pending federal lawsuit. The lawsuit was filed against him by a board member of the company controlled by Cynthia Blanchard"* See Ex. D.

TO BE CLEAR: Chad Mitchell Koehn, is a member of the board of directors of Anthem Holdings Company and Hera Software Development Inc.. He has even listed himself in SEC Disclosure statements as having a conflict with UCMK in the referral and sale of securities in Anthem Holdings Company, which did file SEC registered documents. Koehn then has also sold stock in HeraSoft which is neither licensed nor registered, and Koehn issued self created press releases regarding his illegal stock sale leading a "Series A" investment, see Exhibit G. Though Koehn has also sold securities in Hera Software Development Inc. <u>which is neither registered nor licensed with the SEC nor does Hera Software Development Inc. appear on any of Koehn's other disclosure notices or statements in clear violation of Securities Laws, Rules and Regulations, despite</u> as Exhibit G indicates Koehn has authored and release self created press releases claiming to have led a **Series A stock sale for the unregistered and unlicensed HeraSoft.** Not dissimilar to the HERC crypto currency stock coin which issued an ICO, and sold its software technology to more than 14,500 wallet investor addresses, as noted. <u>Craig Alan Brand is also the "special counsel" to HeraSoft which now claims the proprietary protocol of HERC crypto currency against the interests of those investors</u>, meaning **Craig Alan Brand, now claims representation to the investors in each of the directly competing entities and to represent Chad Koehn the proprietor of UCMK which led the unregistered and unlicensed Series A Stock sale in HeraSoft to the detriment of the 14,500 investors wallets in HERCULES, see Exhibit H, the private placement memorandum of HERC crypto currency, also somehow represented by <u>Craig Alan Brand.</u>** The level of corruption, predatory collusion against investor interests is

3

**unprecedented as is the allowing of Craig ALan Brand to continue at bar representing Chad M. Koehn and UCMK whilst more than 14,500 Americans are drained of their life savings and another several hundred to maybe several thousand believe they too have been double sold the same technology all the while neither is properly licensed, again to the detriment of the financial markets. The Court will note on page 14 of Ex H, Anthem and Cynthia Blanchard are listed as CEO and President and on page 18 a person Joby Weeks, is listed as their advisor, Mr. Weeks entered a plea in the $722 million Bitclub Ponzi scheme prosecuted by the US Attorney's Office, there can be no question of the links to Chad M. Koehn.**

Chad M. Koehn filed a sworn affidavit under the penalties of perjury on 19 September 2022, **in retaliation** for me seeking subpoenas of witnesses, in the sworn affidavit filed by Chad M. Koehn seeking a second protective order in State Court, after his first several attempts have been denied, <u>listed the personal cellular phone number of the Prosecutor in Oklahoma,</u> that prosecutor claims not to have had more than a single contact with Chad Koehn. <u>I cannot comply with the Order of the Magistrate Judge to deliver interrogatories which will in effect violate the criminal courts orders and place me in jeopardy of being incarcerated for an indeterminate period of time awaiting trial.</u> The Magistrate Judge's Order is in direct contravention of the Criminal Courts Orders, **the criminal court Judge ruled that the Criminal case must take precedence over that of the civil case.** I cannot depose any witness in the civil case, I cannot communicate via email or postal mail with the attorneys representing the plaintiffs and cannot have communication with the plaintiffs themselves as they are shareholders, officers and directors of the companies Hera Software Development Inc. and Anthem Holdings Company without limitation to others. TO BE CLEAR, what is being done here is unethical and immoral as well as certainly illegal to force a pro se litigant to make filings to attorneys of record, who in turn run to the prosecuting attorney of the PARALLEL Criminal Case and demand I be incarcerated for having communication with them!

The Federal Court ordered me to have communication with Christopher Kellogg see Exhibit E. THIS CASE MUST BE STAYED until such time as the directly parallel hereto Criminal Case has concluded, <u>to do otherwise to sentence me to prison for any attempts to defend this civil case, a violation of my CONSTITUTIONAL RIGHTS to DEFEND this Litigation!</u>

  The Magistrate Judge's Order acts in direct contravention to the Federal Rules of Civil Procedure, by authorizing the filing of Motion for Sanctions, targeted at documents that have been previously withdrawn and/or are already stricken from the record by Order of the Court, in document 183. Specifically, the Magistrate Judge's order states: *"ethics complaints brought before the court, including ECF Nos. 152, 153, and 155, together with any ethics complaints made to any state bar regarding counsel of record"*. All documents which the Order directs Plaintiff's leave to file for Sanctions under Rule 11, have already been withdrawn, and/or in the case of document 153, was stricken by the District Court Judge in Order of the Court Document 183. Furthermore, document 153, was erroneously entered to the record of the docket of this matter in violation of the Courts own rules, and caused a separate letter to be sent to the Chief Judge of the District begging for intervention to correct the grave error committed to the Local Rules of the Court. <u>Furthermore document 153, was further stricken from the record by Order of the Court in Document 183,</u> and the Court has found as "moot" document 215, the request of Writ of Coram Nobis, regarding Order of the Court in Document 183, which struck document 155, which now more than a month after it has been stricken and documents 152 and 153 have been withdrawn in document 215, plaintiffs seek leave to file for sanctions on documents already withdrawn and/or stricken by Court Order.

  The Plaintiff's have improperly sought leave to file <u>Motion for Sanctions of documents which are either withdrawn or have been stricken by the Court</u>. Moreover on page 2, of document 215, at (8) it states: **"Documents 152, 155, 180 and 181 are therefore stricken or otherwise hereby withdrawn"** and it is this District Court in document 183, an Order of the Court which has

previously stricken Document 153.  Additionally, attached herewith is a letter from Gretchen Welk, see Exhibit "A", regarding perhaps document 153, which she as a clerk cites, Local Rule 83.6.2(c), in regards to the document 153, which was erroneously placed upon the Court docket and stricken by Order of the Court in Document 183, now the Magistrate Judge has erred further in allowing Plaintiff's attorneys to seek Rule 11 Motion without following any of the procedures in Rule 11, and to file against documents previously withdrawn and or stricken from the Record per Order of the Court in Document 183 and in Motion Document 215, **the error in law is grave, i**n that it allows attorneys to file a Rule 11 Motion for sanctions against the interests of safe harbor within the Rule and against the interests of the Local Rules of the Court and in direct contravention of the Order of the Court in Order / Document 183.  Leaving the pro se, myself without any documents to go by, as they have been withdrawn or stricken and are review restricted, yet now plaintiffs attorneys are granted leave to file Rule 11 Motion for Sanctions on already withdrawn and/or stricken documents.

  The Documents which are now authorized for Rule 11 Sanctions are documents that are either withdrawn already or are stricken by Order of the Court, <u>in allowing Rule 11 Sanctions the Court is making new law,</u> and overriding case precedents *Brickwood, 369 F.3d at 389 (emphasis added); see also Hamlin v. TD Bank, No. 1:13-CV-00200-MR-DSC, 2014 WL 3101942, at \*3, n.2 (W.D.N.C. July 4, 2014)* ("The motion for sanctions must be served on the offending party at least twenty-one days before filing and must describe in detail the alleged offending conduct. Therefore, counsel's letter threatening to file a motion for Rule 11 sanctions in the event that the motion to dismiss was granted was not sufficient to trigger the safe harbor provision of Rule 11(c)(2) *McFee v. Carolina Pad, LLC, 3:21-cv-633-GCM (W.D. North Carolina February 15, 2022*

  The Plaintiff's specifically **attorney CRAIG ALAN BRAND has been abusing the threats and filing of Rule 11 Sanctions since he made his first appearance in this matter,** even before ruling upon his pro hac vice application, which everyone is aware is riddled with fraud, as

the **Court has even declared he [Craig Alan Brand] "played fast and loose" meaning he was DISHONEST.** " The requirements of the rule are straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and **sanctions may be sought only if the challenged pleading is not withdrawn or corrected** within twenty-one days after service of the motion" *SEE Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(c)(2). Compliance with the "21-day safe harbor" rule is a condition precedent to sanctions. RMC Publ'ns, Inc. v. Doe, No. 3:07-cv-3170-JFA, 2008 WL 11472127, at *3 (D.S.C. Feb. 5, 2008) (citing Brickwood Contractors, Inc. v. Datanet Eng., Inc., 369 F.3d 385, 393 (4th Cir. 2004))*

The Advisory Committee's Notes to the 1993 Amendment to Rule 11, which added the safe harbor provision, discuss the purpose of the amendment.

> The rule provides that requests for sanctions must be made as a separate motion, i.e., not simply included as an additional prayer for relief contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.
> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion.

Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments **(emphasis added).**

The safe harbor provision was intended to "protect[ ] litigants from sanctions whenever possible in order to **mitigate Rule 11's chilling effects**, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and

7

encourag[e] the withdrawal of papers that violate the rule without involving the district court...." *Roth, 466 F.3d at 1192 (10th Cir. 2006) (quoting 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1337.2, at 722 (3d ed.2004))*

Rule 11(c) is intended "'to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention.'" *Hutchinson v Pfeil, 208 F.3d 1180, 1183 (10th Cir. 2000) (citing AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528–29 (10th Cir.1997))*

**<u>Now the trickery and deceit of Craig Alan Brand,</u>** on behalf of the plaintiff's has allowed for the Federal Magistrate to in effect override the District Court Judge's Order in Document 183, making Document 183 and Order of the Court which strikes other documents from the record of no force and effect by allowing Rule 11 Sanction Motion practice against documents which are no longer either part of the record due to being withdrawn or sticken, in effect the Order of the Court in Document 268, now seeks leave to file Rule 11 Sanctions as Motions against documents stricken from the record or previously withdrawn a month or more ago, how is document 183 an Order of the Court in effect to Strike documents which the plaintiffs now seek sanctions under Rule 11?  This appears to allow something by the backdoor which is not allowed by the front door in accordance with the Federal Rules of Civil Procedure.  Like many of the Orders in this case, they must be followed by the unpresented pro se, **and are ignored in their entity by the plaintiffs plethora of attorneys lead by CRAIG ALAN BRAND,** <u>who simply ignores each and every Order of the Court to the point he now seeks sanctions against documents the Court has stricken from the record,</u> leaving the pro se unrepresented party without safe harbor and at a loss as to what is going on in the Court, when Orders of the Court are no longer in effect for the plaintiff yet the defendant so bound by those same orders.<u>.   The trickery and deceit deployed by the plaintiffs through the craftsmanship of Craig Alan Brand</u>, **make a mockery of the Courts procedures,** and the fact <u>Craig Alan Brand continually adds requests and direction to the Court in other motions aimed at confusing the Court</u>

8

the issues and the parties demonstrates clearly where the Court specifically the Magistrate Judge has erred in allowing the Motion for Sanctions under Rule 11 without any safe harbor available as the documents even stated by the Magistrate Judge in Order document 268 are previously STRICKEN by Order in Document 183 and/or have been previously withdrawn, therefore the plaintiff's should not be allowed to file Motion for Sanctions under any rule especially Rule 11 against documents which are stricken or already withdrawn from the record.   To allow otherwise as Order 268 does is to deny basic fundamental protections of the Federal Rules of Civil Procedure to litigants, and allows a Magistrate Judge to overrule a District Court Judge's Order in document 183.

The Tenth Circuit has rejected the substantial compliance theory which would allow a letter sent to the offending party, rather than service of the actual motion for sanctions, to constitute substantial compliance with Rule 11(c)(2). Roth, at 1193.

"[T]he 'safe-harbor' provision of Rule 11(c)(2) **requires a party to serve a copy of its Rule 11 motion on the other party** and to give that party an opportunity (generally 21 days) to withdraw or correct the challenged document before filing the sanctions motion with the court." *Mellott v MSN 4 Communications Inc., 492 Fed. Appx. 887, 888 (2012)* **(emphasis added)**; *see also Peoples v Wichita State University, No. 18-1010-**JWB**, 2019 WL 1332313, at \*3 (D. Kan. Mar. 25, 2019)* ("A motion for sanctions under Rule 11 'must describe the specific conduct that allegedly violates Rule 11(b)' **and must be served on the opposing party before it is filed**, thus giving the opposing party an opportunity to correct the issue.")

I have NEVER received a Motion for Sanctions from the plaintiffs in this matter, the plaintiffs have continually threatened Rule 11 Sanctions and other sanctions against me as an unrepresentative pro se party.  **Through the craftsmanship of CRAIG ALAN BRAND the plaintiffs have continually sought sanctions in a way which eliminates all safe harbor provisions of law,** now they have used trickery and deceit to essentially trick the Federal Magistrate

into granting leave to file a motion for sanctions against documents withdrawn or stricken from the record per the District Judge's Order in document 183. If sanctions are allowed without safe harbor, aimed at documents stricken from the record by the District Court Judge, where are the safe harbor provisions of law for the unrepresented pro se parties? **How can the Magistrate Judge OverRULE a District Court Order in document 183?** Where is my right to interlocutory appeal of the confusion now caused where the Magistrate Judge overrules the District Court Judge, and <u>Craig Alan Brand is allowed to make filings to the District Court by passing the Magistrate,</u> turning the Magistrates Orders to become overruling orders of the District Court Judge in Document 183?

This District of the US District of Kansas has found "failure to comply with these procedural requirements precludes an award of Rule 11 sanctions… ." *Palmer v Shawnee Mission Medical Center, Inc., No. 16-2750-DDC, 2017 WL 5629624, at \*2 (D. Kan. Nov. 21, 2017) (quoting Berg v. Frobish, No. 12-1123-KHV, 2015 WL 8966960, at \*1 (D. Kan. Dec. 15, 2015))*

Here, plaintiffs have only verbally threatened as they have threatened virtually every document filed and every attempt to bring forth the TRUTH to the Court, so that this matter can be stayed. IF THIS MATTER WERE STAYED, when initially requested this matter would have no more than 20 filings, yet forcing this matter to continue and order being issued in contravention of each other, the Rules and in contravention of the Orders of the parallel criminal proceedings has and is continuing to have dire expenses to both sides and the Court in this matter. **Now Craig Alan Brand has tricked the Magistrate Judge into filing an order allowing for filing of sanctions against pleadings already stricken from the record by Order of the Court in Document 183**, the <u>trickery used by Craig Alan Brand, appearing *pro hac vice*, is so extreme as to confuse myself,</u> and obviously the **<u>Federal Magistrate who has erred in allowing practice against pleadings stricken from the record, therefore essentially overriding or over ruling the District Court</u>**

**Judge's Order in Document 183.**  THIS CASE MUST BE STAYED TO PREVENT MANIFEST INJUSTICE AND PREVENT FURTHER TRICKERY & DECEIT BY CRAIG ALAN BRAND!

This is a case of a Strategic Lawsuit Against Public Participation (SLAPP) filed by the plaintiffs to threaten and harass in order to hide and conceal malfeasances in securities violations from a plethora of shareholders, investors numbering more than 14,500 investor wallet addresses in the HERC crypto currency stock scheme.   They have used this case and a parallel criminal case both as procedural weapons against one another while committing what the prosecutor in the Oklahoma case stated as appearing to be "prosecutorial misconduct" (she also denied participation despite the fact her personal cell phone number appears in protective order filings by Chad Mitchell Koehn as recently as 19 September 2022).   Koehn tried this before back in March and was DENIED and Dismissed in his attempts then seeking a protective order wherein he admitted to knowledge of a computer being "stripped" (STOLEN) from me, Koehn did so under the penalties of perjury, just as he has now filed again **in retaliation for subpoenas issued**

"The Tenth Circuit has found courts to have abused their discretion where they granted Rule 11 sanctions to a party who did not comply with the safe harbor provision." Mellott, 492 Fed. Appx. at 888 (2012) and Roth, 466 F.3d at 1193. Stated also in Order of this Court in Document: 112 "Based on the law of the Tenth Circuit and the purpose of Rule 11, the Court cannot waive the required service of a motion for sanctions allowing Defendant to withdraw or correct any challenged pleadings." See Document 112, of this captioned matter. "Pursuant to Rule 11, Fed.R.Civ.P. and D. Kan. Rule 11.1(a)(2), a Waiver of the 21-day Waiting Period Referred to in Rule 11(c)(2), Federal Rules of Civil Procedure, cannot be waived, by the District Court as per the precedents in the Tenth Circuit. See Doc. 112, Order of this Court: 5:22-cv-04008-JWB-GEB

Furthermore filing for Rule 11 Sanctions regarding grievances filed outside of the pleadings of this court record is improper and not covered under the Federal Rules of Civil Procedure as those

grievances are covered under the Rules of Professional Conduct, which as is certainly seen in the documents of this court docket constantly flouted by the attorneys representing the plaintiffs.  They now seek **as NO COURT has EVER granted to invoke Rule 11 Sanctions for filing of complaints outside of the docket of this court** and worse filing for those so called Rule 11 Sanctions as a legal threat to continue their practice of threatening rather than litigating, demonstrating again the attorneys propensity to continue to violate the generally accepted Rules of Professional Conduct which govern the profession of being a licensed advocate, attorney.  **The conduct of Craig Alan Brand and under his direction those attorneys who have sponsored him is unquestionably in violation of the Rules of Professional conduct and the Order of the Court in Document 268, errors due to FRAUD upon the Court by Craig Alan Brand.**

      The ACLU says:  *"Our court system should be a place where we are all treated equally in the eyes of the law. It should not be a place where the powerful use their abundance of resources to enact revenge on those who see the world through different eyes. What future is there for freedom of speech if we allow those who speak out to be bled dry and turned into an example of what happens when you stand up to speak your mind?  SLAPP suits pervert our legal system by turning it into a war of attrition, a place where who is right and who is wrong does not matter nearly as much as who has the most resources."*

      The Court is erroring in ordering answers to interrogatories in the face of criminal proceedings in essence ordering answers covered under Constitutional right to remain silent and the Court is not recognizing the fact that continuing this case in light of the parallel criminal matters continues to cause a constitutional crisis.  Further the **actions of Craig Alan Brand before the Court and in the delivery of the plaintiff's initial disclosures have now presented themselves where Brand has LIED to the Court in the plaintiff's initial disclosures and follow up disclosures!**  The Plaintiff's own witness has now filed a sworn affidavit in the parallel criminal matter, refuting the sworn statements of the plaintiffs in their disclosures, thereby making the demand upon the defendant to answer interrogatories against the US Constitution and against the rule of law and case precedents.   Furthermore the Criminal Court has ORDERED that I not have

communication with any party who is considered a shareholder of Anthem Holdings Company (any of the dozens of subsidiaries) or that of Hera Software Development Inc. both companies with Chad M. Koehn sits as an officer, director and member of the Board of directors, and in the case of Hera Software Development Inc. Koehn claims in self authored press releases to have led a "Series A" investment sale of stock unregistered and unlicensed sale of securities in that "Series A", see attached herewith exhibit XX, clearly identify plaintiff Chad M. Koehn and UCMK as leading a "Series A" stock sale for Hera Software Development Inc. which is NOT registered nor licensed with the SEC (Securities and Exchange Commission), which is a CRIMINAL ACT in and of itself. Another reason why this case SHOULD be STAYED, absent a STAY the Appeals will continue to mount and interlocutory appeals will become necessary as the Criminal Court has now ruled that it <u>must control and the public's right including the accused to a fair and unbiased trial must be held above that of a civil trial and civil proceedings</u> no matter that one is in State Court and one in Federal Court the Federal Civil case MUST as a matter of law yield to the State criminal proceedings.

I am being PREVENTED under THE THREAT OF IMPRISONMENT if I attach all the necessary and needed parties to this litigation specifically ANTHEM HAYEK BLANCHARD, Anthem Holdings Company, Hera Software Development Inc., Anthem Vault Inc., Lunargistics, Anthem Vault and Bunker LLC., and many others.

The Court in Oklahoma has recently as of 12 October 2022, reiterated its position that I am NOT to have any communication with any shareholder, or employee of any of the companies Hera Software Development Inc., Anthem Holdings Company and obviously dozens of others which made up the illegal business combination merger.   CRAIG ALAN BRAND is EMPLOYED by Hera Software Development Inc. see Documents 52 and 57 of this proceeding.   Craig A. Brand also lists himself as a shareholder and stockholder of Hera Software Development Inc., Hercules

13

SECZ, Hercules LLC, and the HERC crypto currency stock coin, which itself has more than 14,500 investor wallet addresses. To be clear on the conflicts presented here attached herewith is the motion in opposition filed by my attorney Kevin Adams in the parallel hereto criminal proceedings, although I should have a constitutional right to defend this civil case and prosecute the counter and cross complaints, the Criminal Court in Oklahoma disagrees, and as a result this case MUST BE STAYED! Absent immediate stay then I seek immediate interlocutory appeal to the 10th Circuit of all these intertwined matters, as I must have a right to FAIR and UNBIASED trial by a jury of my peers in both the criminal case and this civil matter. I must as a matter of RIGHT have the RIGHT to depositions which are not possible given the Orders of the Criminal Court.

  THEREFORE under THREAT of permanent incarceration this Federal Court should STAY this matter and **not allow this matter to continue until the parallel criminal matters have been resolved** and all the parties can be properly attached and joined hereto, to do otherwise is a perversion of Justice and against the Federal Rules of Civil Procedure, in direct contravention of the US Constitution and provides for an unfair trial where I am not allowed to depose nor even be present for any depositions in this case and am prohibited from joining all necessary parties, as is well articulated in document 246, Comparative Fault Identification.

  Without a STAY of this matter this Court for the US District of Kansas, is MANDATING additional litigation to be filed in the US District of Kansas and plethora of other US District Courts and State Courts, once the parallel criminal matters are resolved and ALL the proper parties can be so joined and attached to each of the litigations which this Court is MANDATING be filed because this Court continues to refuse to STAY this matter, thus mandating many others will be filed to address the same issues **which cannot be addressed so long as the criminal matters exist and the ORDERS of the Criminal Courts remain in effect.**

**WHEREFORE, in the interests of JUSTICE to prevent <u>FURTHER</u> MANIFEST INJUSTICE <u>the US District of Kansas MUST immediately STAY these proceedings, until resolution of the parallel hereto criminal proceedings.</u>** It is requested, PRAYED and BEGGED that this Honorable US Federal Court issue ORDER that the Magistrate Judge be overruled under the law and case precedents and that this **case be STAYED immediately pending resolution of the parallel criminal matters.**

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 17th day of October 2022.

*[signature]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, sent the foregoing to the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> upon filing which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature]* Michael Nelson