# EXHIBIT

# "C"

# TO FOLLOW . . .

APPEAL OF ORDER
of Magistrate Judge Birzer
Document 268



Michael Nelson <oklahomaremote@gmail.com>

# Deposition of Gil Gilliam please provide your prompt reply
8 messages

**Michael Nelson** <oklahomaremote@gmail.com>　　　　　　　　　　　　　　　　　　　Wed, Sep 14, 2022 at 9:57 PM
To: Chris Kellogg <ckellogg@kenberk.com>

Mister Kellogg:

I am planning on sending a special counsel to take the deposition of Gil Gilliam, we expect the deposition to last approximately 6 hours, we will not exceed the 7 hour maximum.

I would like to coordinate with you, as you list an address for Mr. Gilliam in Bartlesville Oklahoma.

We would propose to take the deposition either in Bartlesville, at the County CourtHouse (not the old one owned by AHCRE LLC, but rather the current County Court, or at the Marriott conference room). The deposition will be in person, as you list an address for him in Bartlesville, Oklahoma.  We will have it recorded and transcribed by a certified Court Officer of the Federal Court.  We would be amenable to a deposition in the Federal CourtHouse in Tulsa, which may be better suited for the actions taken directly following the deposition, to lessen the burden on US Officials.

Please advise as to the dates when your witness will be available for deposition as I personally would like to cooperate as much as humanly possible in this discovery phase.

I look forward to your prompt reply, we would expect your witness to be available for an approximately 6 hour deposition between 28 September and 14 October obviously this year.

I anticipate your prompt reply so we can arrange air travel, accommodations etc with the non-profit assisting and the correct personnel to be available during the deposition and alert the authorities to the date and approximate length of our deposition, so they too are ready to execute their job responsibilities according to their oath immediately following our deposition, we may need to mandate it be held at the Tulsa Federal Court, which we have been in contact with as well as to scheduling rooms etc. for the deposition, it may be easier for Federal Officials and given the nature of the situation that it be held at the Federal Court building itself, though I will work my best to be as accommodating as I am informed I must be for this deposition.

Thanks in advance for your prompt reply,

Michael Nelson
Pro Se

---

**Chris Kellogg** <ckellogg@kenberk.com>　　　　　　　　　　　　　　　　　　　　　　Fri, Sep 16, 2022 at 9:19 AM
To: Michael Nelson <oklahomaremote@gmail.com>
Cc: KSD_Birzer_Chambers <KSD_Birzer_Chambers@ksd.uscourts.gov>

Mr. Nelson,


Your email states that you are sending a special counsel to take a deposition in this case. Under the U. S. District of Kansas local rules, any attorney who acts on your behalf concerning a proceeding in this case must be admitted to practice in this court. Otherwise, the person must be admitted pro hac vice in conjunction with an appearance by an attorney licensed in this Court.  Once your special counsel, as you claim you have already brought on-board to take such a deposition, has appeared properly in this case, I will be happy to discuss a deposition, however, as to Mr. Gilliam we would be objecting and seeking a protective order. By agreeing to coordinate a deposition date, I am not waiving Plaintiffs' right to seek a protective order or any other relief from the Court should the circumstances so warrant.

By copy of this letter, I am bringing this matter to the attention of Magistrate Judge Birzer.

Thank you for your attention to this matter.

Chris J. Kellogg
KENNEDY BERKLEY

119 W. Iron, 7th Floor
P.O. Box 2567
Salina, Kansas  67402-2567
Main Number (785) 825-4674

Fax (785) 825-5936

website:www.kenberk.com



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:
The information contained in this electronic message and any files or attachments is a communication from the law firm of KENNEDY BERKLEY YARNEVICH & WILLIAMSON, CHARTERED. This information is intended solely for the use of the individual or entity to which it is addressed. It is private and confidential, and may be protected by the attorney-client privilege. If you are not the designated recipient, you are hereby notified that any dissemination, distribution, copying or use of this information is strictly prohibited. If you have received this message in error, please immediately notify us at 785-825-4674 or by responding to the sender's e-mail address, and promptly destroy the original and all copies of this message and attachments. Thank you.

[Quoted text hidden]

---

**Michael Nelson** <oklahomaremote@gmail.com>　　　　　　　　　　　　　　　Fri, Sep 16, 2022 at 10:16 AM
To: Chris Kellogg <ckellogg@kenberk.com>
Cc: KSD_Birzer_Chambers <KSD_Birzer_Chambers@ksd.uscourts.gov>

Mister Kellogg:

I would like to work through these issues with you and come to some agreement!   That is what the JUDGE ORDER us to do!

IF I am unable to have the attorney I want for the deposition then according to the Deposition guidelines, which for your convenience are found here:
  https://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf

May I please draw your attention to 4(a)
"Who maybe present. Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions maybe attended by counsel of record, members and employees of their firms, **attorneys specially engaged by a party for purpose of the deposition**, the parties or the **representative of a party**, and counsel for the deponent. While a deponent is being examined about any document designated as confidential pursuant to a protective or

confidentiality agreement or order, any persons to whom disclosure is not authorized under the order or agreement shall be excluded from the deposition."

So I understand what you are stating:
1. I must have a local counsel in Kansas to then admit a pro hac vice attorney from Oklahoma
2. I must then have the local counsel in Kansas go to Tulsa Oklahoma Federal Court and vouch for the Oklahoma Attorney to take a deposition in Oklahoma
3. I must have the subpoena issued in Kansas and then file it to the Tulsa Oklahoma Federal Court to issue to Mister Gilliam in Oklahoma where he is located per your disclosures
4. Then I must pay the Kansas attorney to appear in Oklahoma (where the Kansas Attorney is not licensed) so that the licensed attorney in Oklahoma can take the deposition of the deponent Mister Gilliam who is located in Oklahoma

Do I have a clear understanding of the laws and rules you are setting forth? Because this is NOT in conformity with FRCP Rule 1, NOR is it in conformity with the US District of Kansas own guidelines for depositions as promulgated by the Court itself and even cited by Judge Birzer in BOTH Orders documents 122 and 124!! What rule do you cite?

I just want to make certain I have a clear understanding, because, as you know you stated that I have ECF system filing rights and I receive electronic notice via the DOJ owned computer network referred to as "ECF system", and you stated this as a statement of "FACT" that the "Clerk of Courts" made this statement, yet no clerk has made this statement, nor could they, so pardon my questioning but, when you cite laws as "facts" without support as to specified rules, and we are discussing a deposition in Oklahoma where your witness is located according to your statement, just want to be very clear what specific laws and rules you are citing.

I have to date received NOT one single shred of anything from you regarding this case and discovery, NOTHING! And now the very first deposition. I request you are telling me without citing a specified rule, OR law that some nebulous rule, which you cite NOT, regarding a deposition to be taken in Oklahoma where your witness is located requires the Oklahoma attorney to secure a Kansas Attorney so that the Oklahoma attorney can practice law in Oklahoma, where the witness is located in Oklahoma as per your statement of fact and the deposition is to take place??

On top of all this you would be "Objecting" and "seeking a protective order", regarding a deposition? HOW is any of this "inexpensive" determination of this matter? How is any of this "speedy" or "just", it would seem you are exercising obstructionist tactics to prevent any discovery in this matter whatsoever.

What "LOCAL RULE" are you referencing specifically regarding the taking of a deposition in another state where you state your witness is located? I would like to

read the Local Rule and how the local rule in Kansas supersedes the Federal Rules of Civil Procedure, **I think it is only fair if you cite the specific local rule.**

As I equally think you should be required by the Court, or disciplinary counsel and most certainly the DOJ OIG to be forthcoming with precisely which "Clerk of Courts" made the erroneous LIE as a statement of "fact" regarding me receiving EFC system notifications and making filings to the ECF system, as I think it only proper you state the name of this "Clerk of Courts".

**IF not for your statements regarding "Clerk or Courts"** making untrue statements now resulting in various investigations, I would like to take your word for something existing in the local rules, as you have taken an OATH to be an attorney before the US District of Kansas Federal Court, and therefore cannot LIE to the Court, however, we have that other issue still going on regarding the "Clerk of Courts" statements which are categorically untrue, falsehoods, resulting in various complaints and investigations from the OIG and Judicial Committee Conference, or something like that and then as soon as the Court gets the Local Rules procedure figured out under Local Rule procedures 83.6.3 another complaint regarding the statements of fact regarding the "Clerk of Courts".

As you know and I reference herein above that the statements you made were utterly untrue, regarding the "Clerk of Courts" making statements of fact to you, and your repeating absolutely FALSEHOODS to the Court, so please forgive me as a pro se party I would like to read the Local Rule you are resting your legal argument upon.

Could you please provide me the Local Rule which requires an Oklahoma Attorney to be admitted pro hac vice in Kansas and secure a Kansas Attorney to take a deposition of a witness located in Oklahoma where the deposition will be in Oklahoma where that attorney is so licensed, and the witness is so located??

Seems the amount of work, fees, and extra people involved is NOT in conformity with FRCP Rule 1, therefore a Local Rule requiring such strangely ridiculous amounts of extra cost, duplication of efforts, duplication of fees and costs, would be a Local Rule which would violate FRCP Rule 1 amongst other rules within the Federal Rules.

Also, under what grounds would you be seeking a protective order? Is this something we can work out together and "STIPULATE" to? Under what grounds would you be objecting to the taking of a deposition of a person YOU IDENTIFIED as a WITNESS? How do you envision discovery if I am not allowed to take a deposition of a person you identify as a witness, and take that deposition in the State where you identify and state the person is located?

Seems 4(a) of the Courts own guidelines which is referenced in BOTH Orders of Judge Birzer at documents 122 and 124 reference this guideline document of the US District of Kansas Federal Court, and the guidelines and statements are in DIRECT

CONTRAVENTION of the nebulous statement of Local Rules you reference in your correspondence.

Am I missing something? Please help me to understand by referencing specifically which rule you are referencing and May we please talk on the phone to work through a stipulation as to the protective order you seek and what "Objection" you have to the deposition, as this man is a WITNESS you identified, and I am reaching out to you to arrange the deposition, I am getting the feeling I am doing this all wrong and I need to just NOTICE the Court of Intent to take the deposition at a specified place (Tulsa Federal Court) at a specified time etc.

BUT I thought that Judge Birzer said we MUST cooperate with Discovery! Didn't the Judge in her ORDER mean that you and I would COOPERATE by having verbal communication and discussions? You can see I have cited for you the guidelines and specific language. Could you please cite and specify the language and rules you are resting your legal argument upon??

I look forward to your prompt reply.

Respectfully Yours,

Michael Nelson
Pro Se

[Quoted text hidden]

---

**Kim Farha** <Kim_Farha@ksd.uscourts.gov>                                         Fri, Sep 16, 2022 at 2:25 PM
To: Michael Nelson <oklahomaremote@gmail.com>, Chris Kellogg <ckellogg@kenberk.com>

Mr. Nelson and Mr. Kellogg,


Thank you for your emails this morning. Judge Birzer can address the issue of whether counsel appearing for the purpose of taking a deposition on behalf of Mr. Nelson must enter an appearance, at least under D. Kan. R. 83.5.8 – Limited Scope Representation in Civil Cases, and filing any motion for protective order at the October 4, 2022 Status Conference. Judge Birzer would like both sides to submit to chambers any authority (ies) by email <u>limited solely</u> to your position on these issues no later than Tuesday, September 27, 2022.


Also, please remember to identify any additional topics to be addressed at the Status Conference no later than the Friday prior to the conference discussed in paragraph 3(e) of the Scheduling Conference.


Further, Judge Birzer reiterates her expectation the parties will meet and confer, again see paragraph 3(e) of the Scheduling Conference for what that entails, to attempt to work out a resolution to these issues prior to the October 4th Status Conference. If the parties reach a resolution, please advise chambers immediately by email.

Thanks,



**From:** Michael Nelson <oklahomaremote@gmail.com>
**Sent:** Friday, September 16, 2022 9:16 AM
**To:** Chris Kellogg <ckellogg@kenberk.com>
**Cc:** KSD_Birzer_Chambers <KSD_Birzer_Chambers@ksd.uscourts.gov>
**Subject:** Re: Deposition of Gil Gilliam please provide your prompt reply

**CAUTION - EXTERNAL:**

[Quoted text hidden]

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

**Michael Nelson** <oklahomaremote@gmail.com>                          Fri, Sep 16, 2022 at 4:10 PM
To: Kim Farha <Kim_Farha@ksd.uscourts.gov>
Cc: Chris Kellogg <ckellogg@kenberk.com>

Mister Kellogg:

I have phoned you today, at 14.05 hours CST, the woman who answered your phone refused to identify herself, I explained the nature of the call per the Judge's Orders and that we were to meet and confer, the woman stated you would not be taking my calls, and then proceeded NOT to take my phone number for a call back, so I am now herein

providing my number 918.992.0022 which should be good for the next several weeks, if not you have my regular number which appears on every pleading in this matter.

I certainly wish to work out whatever your issues are regarding the depositions we will be taking in Oklahoma, of your witnesses, in order to provide for judicial economy and conservation of resources as well as to provide for just, speedy and INEXPENSIVE determination of every action, we will be conducting depositions of the following people over the course of a five day period at the Tulsa Federal Court in Tulsa Oklahoma, which is located just 46.4 miles door to door from the address you list for each of your witnesses:
1. Gil Giliam
2. Anthem Blanchard
3. Dale Takio
4. Cynthia D. French (blanchard)
5. Logan R. Golema
6. Joshua Gunter
7. Jared Ferree

In the interests of judicial economy and conservation of resources we will be conducting depositions of Jared Ferree, Gil Gilliam and Joshua Gunter in a single day approximately 2 hours per deponent.

We will need a full day 7 hours for each: Anthem Blanchard, Dale Takio, Cynthia Blanchard, and Logan Ryan Golema, we may be amenable to postponing depositions of Takio to another time IF you will cooperate with some basic discovery so we know what your position is and what damages IF any you are claiming.

We would like to limit costs and conduct the depositions back to back during the course of a single week, in November, we are providing you nearly two months advance notice, wherein the Federal Rules state 7 days is reasonable, therefore providing nearly 8 times the length stated a reasonable in the Federal Rules demonstrates good faith.

We really should get on the phone and work out the details as this is what the Judge means by meeting and conferring and if you see my previous email, Depositions of all persons you state with Oklahoma addresses will be held at the TULSA FEDERAL COURT, in Tulsa Oklahoma.

I am being MORE than reasonable here, Mister Kellogg, Rule 30.1 provides for reasonable notice per FRCP Rule 30(b)(1), which is 7 days, and I am suggesting far greater than 7 days notice!  This means I am really trying quite hard to be cooperative and I wish for your to do the same, certainly for you to start demonstrating at a minimum the expectations of the Local Rule 37.2 "A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. **It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.**"

**WHERE IS YOUR GOOD FAITH?   You cannot just cite rules without the specificity, citing the specified rule, as I have, which is required of you as an attorney licensed before the US Federal Court in Kansas.**

**I obviously cannot and will not continue to reach out via phone if as stated you have instructed your "staff" not to take messages, not to take my phone number and not to speak with me via phone, which by the way not speaking with me via phone to meet and confer is in direct contravention of the ORDERS of the Court to meet and confer in good faith.**

**Mister Kellogg, you will need to invest the time required of you in this matter, to date you have collectively less than 5 actual hours invested in this matter!  It is your client who has chosen to litigate this matter and your client refuses any offer of compromise as made in good faith under Rule 408, your client refuses to describe his purported damages he claims, refuses to provide any evidence, refuses to provide any basic disclosures, or cooperate as per FRCP, may I humbly and respectfully remind you of the obligations under FRCP Rule 1, to provide for just, SPEEDY and INEXPENSIVE determination of every action.**

**It escapes me not, and I am certain as the record indicates the continued obstructionist behaviors and increasing in the scope, duration, costs, and unnecessary delays your side has been placing roadblocks and unnecessary arguments in this matter since 1 June, it escapes not the Court either.  Since I removed the frivolous, incongruous, SLAPP petition to the Federal Court it has been one delay tactic and violation of the Rules after another. From the woefully deficient repetitive filings without complying with FRCP Rule 7.1 to the incredibly petty and certainly wrongful filing of documents to the Court and neither noticing me nor providing me copies of those filings, to the email games of Craig Brand, to the deliberate false swearing, fraudulent statements of attempted conferral (I haven't forgotten, I just have not found 30 minutes to write up another formal complaint under Rule 83.6.3 regarding that fraud upon the Court), to the false certificates, and then the false statements about the "Clerk of Courts", which could very well quite possibly cost the Clerk of the Court her job, less than a year after her appointment, as I think we both know Skyler, NEVER made the statement you claim as fact!  ENOUGH is ENOUGH, NO MORE LIES to the COURT!  No more stalling and delay tactics, you chose to be an attorney, you took an OATH, you swore to be governed by Rules of Professional Conduct!  You must invest the real time it takes to bring this matter to a resolution!**

**The Federal Rules exist so we can litigate honestly and fairly the matter before the Court.  I estimate that if we are able to streamline the process the remainder of this matter shouldn't take but another 40 or 50 hours to complete, however, if you insist on fighting the entire time this matter may quickly bloom into 1,000 or more hours, which is just silly.  As it stands I have nearly 60 hours into dealing with this matter already, which is 59 hours too many, given the fact I simply have received nothing from you which even points to your client having any**

justification for me losing nearly 60 hours of my life dealing with this ridiculous matter, never mind the time the Courts have had to spend with this matter!   It is quite evident to me and any reasonable person your camp collectively has spent far less than 20 hours in this entire case to date, including all the different lawyers you have in your camp!   All the filings you have made contain massive typos, are "reused" pleadings, are cut and pasted, copied repetitively, and even include Florida Rules, and all sorts of other things, without mentioning the racial insult (as you were not involved with causing me that damage).   If you could just spend the time and attention needed to this matter, we can conclude it so that everyone can start working on things which better our world or ourselves than further devolving into the bizarre and fantastical realms of this crazy conspiracy your clients believe is occurring.  Can we PLEASE have some basic civility and respect for each other's time?   Can we please meet and confer in good faith as the rules so require and the Court has so Ordered?

We should be able to spend 3-4 hours and hammer out whatever your concerns are and then get the depositions handled we need to and of course your answers and production of statements, admissions, production of documents records etc. and then the depositions I cannot imagine that is more than 50 hours and then we can be done with this matter, your client does not get to continue to beat this dead horse any longer.

I cannot imagine how you can continually beg the mercy of the courts to indulge your litigious efforts just a little longer, this matter has already devolved deep into the bizarre and irrational realm of childhood fantasies, I simply will not tolerate and I do not believe the Courts will either, the non-rational bizarre behavior, of demands for judges to be recused and to resign, the devolving into bizarre rants about conspiracies of the Judges of the District and even claiming conspiracies with the former president (trump) and your client.  ENOUGH is ENOUGH.  The fact is your client(s) are just not that important, and both you and they need to get out of your own heads and realize there is a BIG world out there that simply does not care about what ever delusions your clients have of grandeur and greatness, they put on their pants one leg at time just like the rest of us, and certainly your clients have not a single damage, otherwise you would demonstrate the damages by providing some evidence and a NUMBER!   But no it is just one ridiculous fight after another and now I have wasted another 20 minutes dictating this extremely short and brief reply.

WE MUST meet, confer and handle this matter professionally, SPEEDY, in an INEXPENSIVE, and just manner, as FRCP Rule 1 so requires of the litigants before the Court.

NO more LIES about "Clerks of Courts" or crazy bizarre theories of "black hat" wearing mercenaries, scouring the black holes of the interwebs, and parachuting with high altitude low opening (HALO) jumps through worm-holes and conspiracy theories, this matter has already devolved into the "FANTASTICAL" realm of

childhood fantasy. This is really quite simple, your client claims "untrue" statements were made about him or UCMK, yet you provide no dates, times, places, or people NOR how any of these statements were made, in writing, orally, with smoke signals, or written in the sky by airplanes, or perhaps a banner flying behind an airplane, you just have refused to provide any information whatsoever. Now that I want and am going to take depositions, you have a problem with that too, don't you have real cases to try? Are there not real problems in the world? What on earth does your client want? At this point I am beginning to see it is not your client but the attorneys that are the problem, there is no case here, there never was and this is a colossal waste of everyone's time! I am never going to get back the nearly 60 hours I have spent on this! ENOUGH IS ENOUGH! YOU MUST SET ASIDE 3 to 4 hours and meet and confer in good faith so we can be done with this crazy frivolous incongruous SLAPP suit of your client, the LAW in Kansas Demands it under Kansas's strong ANTI_SLAPP legislation!

Looking forward to your call back.   918.992.0022

Respectfully yours,

Michael Nelson
Pro Se

[Quoted text hidden]

---

**Chris Kellogg** <ckellogg@kenberk.com>   Tue, Sep 20, 2022 at 12:00 PM
To: Michael Nelson <oklahomaremote@gmail.com>
Cc: KSD_Birzer_Chambers <KSD_Birzer_Chambers@ksd.uscourts.gov>

Mr. Nelson:


I am sure you are familiar with the U. S. District Court for the District of Kansas Local Rules. Please give your attention to D. Kan. Rule 83.5.8 regarding an attorney providing a limited appearance in a civil case. To the extent that we can agree to the taking of any deposition or that it is permitted, please make sure the attorney complies with this Rule.


Thank you.


Chris J. Kellogg
KENNEDY BERKLEY

119 W. Iron, 7th Floor
P.O. Box 2567

Salina, Kansas  67402-2567
Main Number (785) 825-4674

Fax (785) 825-5936

website:www.kenberk.com



*********************************************
CONFIDENTIALITY NOTICE:
The information contained in this electronic message and any files or attachments is a communication from the law firm of KENNEDY BERKLEY YARNEVICH & WILLIAMSON, CHARTERED. This information is intended solely for the use of the individual or entity to which it is addressed. It is private and confidential, and may be protected by the attorney-client privilege. If you are not the designated recipient, you are hereby notified that any dissemination, distribution, copying or use of this information is strictly prohibited. If you have received this message in error, please immediately notify us at 785-825-4674 or by responding to the sender's e-mail address, and promptly destroy the original and all copies of this message and attachments. Thank you.

---

**From:** Michael Nelson <oklahomaremote@gmail.com>
**Sent:** Friday, September 16, 2022 9:16 AM
**To:** Chris Kellogg <ckellogg@kenberk.com>
**Cc:** KSD_Birzer_Chambers <KSD_Birzer_Chambers@ksd.uscourts.gov>

[Quoted text hidden]

[Quoted text hidden]

---

**Michael Nelson** <oklahomaremote@gmail.com>                                Tue, Sep 20, 2022 at 1:20 PM
To: Chris Kellogg <ckellogg@kenberk.com>
Cc: KSD_Birzer_Chambers <KSD_Birzer_Chambers@ksd.uscourts.gov>

Mister Kellogg:

As you know I am not an attorney, nor practiced in law, nor have I any legal training, to say you are "sure" I am familiar with "U. S. District Court for the District of Kansas Local Rules", I haven't any idea what would give you such a ludicrous opinion.   I am reading most every rule for the first time, I don't even believe I have ever stepped foot in Kansas in my life, so to say you are "sure" I am "familiar" with "U. S. District Court for the District of Kansas Local Rules", would not be a correct statement, as I do not "profess" to practice law nevermind in the State of Kansas, therefore since this is NOT my profession and it is yours, I certainly am not "familiar" with the Rules as you state.

Rule 83.5.8 and all Rules whether Local or Federal have to due specifically with the filing of documents in a cause, as I am certain you know as a practicing attorney whose profession is the practice of law, therefore what you profess to do.

The taking of depositions as you are well aware is not only permitted under the Rules both Federal and Local, but the deposition itself is outside of the scope of the entry of

an appearance in a matter, I direct you to the US District of Kansas guidelines on depositions. As you are aware even a deponent may be represented by counsel, yet this does not require that counsel to enter a notice of appearance in the case. In fact both the Federal Rules and the Local Rules specifically require the deposition "transcript" NOT to be entered to the record of the case.

"Representation in Civil Cases" as you know with all representations in a Court case, have solely to do with conduct before the Court, specifically conduct in the filing of legal pleadings before the Court. Otherwise you would certainly have to have all your other lawyers who are working on this case make an appearance in the case, and not just those attorneys who are signing pleadings or otherwise making filings before the Court, for these are the rules of the Court.

I am confused as to why you are making the deposition process so difficult when this is supposed to be discovery. WHAT ARE YOU HIDING? Why would you insist on making it so difficult to simply take some basic depositions and get to the truth? Are you or your client afraid of the truth?

Remember it is NOT I who initiated these proceedings, it is your client who has initiated the proceedings. It is also your client that refuses in bad faith to tell me or the Court what it is he wants. It is your client who refuses to provide any disclosures, discovery, answers to interrogatories, response to requests for production, requests for admission, in general your client is refusing to participate and cooperate in good faith in discovery and instead creating roadblocks and other obstructionist behaviors.

IF your client does not wish to participate in the proceedings, then might I suggest we talk about your client withdrawing his frivolous incongruous SLAPP petition, allowing both himself, myself, the public and the Court to carry on with their lives and duties adding value to the world and making the world a better place, rather than living in the past of your clients past transgressions.

As you are well aware this entire frivolous incongruous SLAPP petition your client has filed and the ensuing litigation has simply devolved into the bizarre and fantastical realm of fantasy. Your client is not that important, your client is not some "Trump" appointee, nor do I or the court or the public even believe he knows "trump", the fact that your case has now entered a phase of ridiculous rants and bizarre filings which make no sense at all, and it would seem you are simply objecting for the sake of objecting and seeking protective orders where we already have one ordered by the Court, these are all simply roadblocks and obstructionist behaviors against the interests of justice.

If you and your client really see something beneficial or good coming from this ridiculous incongruous frivolous SLAPP petition he has filed, then please let us ALL know what that is and perhaps we can come to a resolution, otherwise, you making ridiculous statements regarding attorneys having to comply with Rules which you cannot cite and then requiring the Federal Magistrate to become involved and point out to you the Rules, which apparently you are not familiar with yet you practice law before the US

District of Kansas Federal Court, concerns me as I am certain it concerns the Court and the public at large.

As to your statements regarding depositions, these are part of discovery, in fact the Federal Magistrate has mentioned them several times, and in particular so far I have only sought the depositions of people YOU identified as "witnesses", to say I am not "permitted" to depose people you identify as your witnesses, is to say you seek a trial by ambush and that is simply unacceptable under the Rules, BOTH Federal and Local, it is not in agreement with the purposes of litigation, the idea here if you were not taught in law school is for me to know EVERYTHING which you propose to use at trial, though certainly the Court should dismiss this frivolous incongruous SLAPP petition far before that point.   IF not for your filing of the incongruous frivolous SLAPP petition we would NOT be here now, in the US Federal Court!   The ONLY reason this case is where it is at present is due to your clients actions, in initiating this case.   IF your client does not want to play by the rules and does not wish to participate further then go ahead and dismiss this crazy ridiculous SLAPP petition and we can be done with this bizarre fight.  It seems the longer this fight goes on the more information is found out, which would appear from your writings and attempts. It is your intention to keep the truth from seeing the light of day and seek to obstruct and undermine every basic discovery method deployed.  Why not simply dismiss your ridiculous bizarrely crazy SLAPP petition and your client can move on with his life, and I move on with mine having not a second thought about your clients.

Your insisting on continuing down this litigation path from the foundation of a SLAPP incongruous frivolous petition, demonstrates clearly all you build upon the faulty legal foundation will become nothing more than what it has already become a headache for me which is so ridiculous and frustrating that it could give an aspirin a headache just thinking about the ridiculousness of your continuing objections and obstructionist tactics regarding the truth being discovered through discovery practice.

You have offered up witnesses and I have the RIGHT to depose those witnesses, why are you obstructing the process of taking depositions of your witnesses?  I have been gracious enough and respectful enough to request your assistance in scheduling those depositions far in advance, something which I need not do and is not required of me, yet I seek not to have this be so adversarial, because the rules allow for me to provide you just 7 days advance notice yet I am providing you months!  The rules permit me to take the depositions of your witnesses, yet you seek protective order, but file not, and seek objection but file not, we already have the protective order you demanded, so what further protective order is needed????

For your edification the rule you cite is listed herein below, and it has to do with limited scope representation, meaning when an attorney files a document before the Court, not the taking of depositions.

WHAT OBJECTIONS DO YOU HAVE TO ME TAKING DEPOSITIONS, in this matter????

Mister Kellogg, please set forth at length and in writing your objections and reasons for a further protective order than the one you demanded be filed in this matter.

Respectfully yours,

Michael Nelson
Pro Se

RULE 83.5.8 LIMITED SCOPE REPRESENTATION IN CIVIL CASES (a) In General. A lawyer may limit the scope of representation in civil cases if the limitation is reasonable under the circumstances and the client gives informed consent in writing. (b) Procedures. A lawyer who provides limited representation must comply with Kansas Supreme Court Rule 115A, as later amended or modified, with two exceptions. First, the lawyer must use the federal forms rather than the Kansas State Court forms. Second, Rule 115A(c) does not apply in the District of Kansas. Any attorney preparing a pleading, motion, or other paper for a specific case must enter a limited appearance and sign the document. The Bankruptcy Court may have additional local rules that govern its limited scope practice. (c) Participation. The United States District Court for the District of Kansas allows any attorney registered as active to practice before this court to offer limited scope representation. * * * New Rule Adopted 3/17/14.

[Quoted text hidden]

---

**Michael Nelson** <oklahomaremote@gmail.com>                                      Tue, Sep 20, 2022 at 3:22 PM
To: Chris Kellogg <ckellogg@kenberk.com>
Cc: KSD_Birzer_Chambers <KSD_Birzer_Chambers@ksd.uscourts.gov>

Mister Kellogg:

Additionally I would like to draw your attention to the specific language in the rule you cite:  "Any attorney preparing a pleading, motion, or other paper for a specific case must enter a limited appearance and sign the document."

This is speaking very specifically as all notices of appearance regarding attorneys are governed under the principle of the attorney "preparing a pleading, motion, or other paper for a specific case must ..."    This does not speak to anything outside of "preparing a pleading, motion or other paper"!!

Just was informed I should draw your attention to the facts of the Rules and to remind you of your continuing obligations to read the case precedents and abide by the spirit

and intention of the Rules and laws especially those Rules of Professional Conduct which govern your profession.

I was also informed you have made another filing in the case where you disparage me, my filings and directly attack the cause of the filings and action, specifically I have been informed though have not read for myself that you filed document number 233 yesterday, and that document directly attacks me and attacks pleadings made in this case. I am informed that the attacks you levy in document 233 are outrageous and worthy of reporting you to the authorities for prosecution according to the Kansas Rules of Professional Conduct!

I certainly hope it is not true, Mister Kellogg, that you have made filings to this case to disparage me and directly attack the justness of the cause, as that is a violation of the Rules of Professional Conduct. I am also told you are referencing past filings which have been stricken from the record per Order in docket number 183, IF in fact you are referencing documents filed in the past which are subject of Order 183, this is clear disobedience of the Orders of the Court, and rises to grave MISCONDUCT, I certainly hope what I have just been informed of now, is simply not true, that you are not referencing filings made

I was also just informed you made the following statement, openly on the public record, in the filing referenced as document 233; *"Mr. Nelson had he not intended to use his daily repertoire of fictional filings"*. Mister Kellogg if in fact I learn for a fact this is a statement you made in a legal pleading in this matter, as I am told you have, though free.law is having some server difficulties they assure me you made this statement in a recent filing of document 233, this is not professional conduct, Mister Kellogg. There is no daily repertoire, occurring here. I try to think about you, your client and the ridiculous, incongruous, frivolous SLAPP suit your client has laid before the Court as little as possible, and certainly not on a daily basis. Additionally, I would like to point out it is your filings which are replete with repetitive copy and pasted, objections, and woefully deficient filings, seeking for no other reason than making a filing to copy and paste the exact same things as your previous filings, demonstrating clearly for me, the Court and the public at large that you have spent no time preparing nor in your proofreading and filing of the documents which you file. Perhaps you are able to trick your clients into believing you have more than 5 hours into this entire case, but you certainly do not deceive me nor am I certain the public at large with your copy and pasted filings, nor do you deceive the Court as you make filings replete with typos and citations of Florida Rules, repetitively repeating the same cases and statements ad nauseum.

Mister Kellogg, embodied within the Kansas Rules of Professional Conduct, which governs your profession as an attorney, are a number of rules which you appear to continually violate. I am providing you herein and now a link to the Kansas Rules of Professional Conduct so you can refresh your memory as to the conduct which is expected of you before the Court, when dealing with opposing parties, when practicing your profession in general: https://www.kscourts.org/Rules-Orders/Rules/1-1-Competence

Not one of my filings is "fictional", the fact you would set forth in writing such a disparagement regarding my lawful, dutiful and correct filings before the Court, and make such a strong statement, making it sound as though you are stating a fact, which of course we both know you are not, begs to question whether or not you are truly representing the interests of your client at this point or whether you have devolved into a bizarre and fantastical realm of ridiculousness the likes of which the Courts seldom see.  I personally am not covered under the Pillars of Professionalism.  However, under the Pillars of Professionalism, I would like to rise to the occasion and not meet you at your level and instead ask you raise yourself to mine, and stop with the childish games and if in fact you have made a statement referencing my filings as "fictional" or daily, I would ask you perform the proper mea culpa, perhaps as it is without the mens rea of guilt, or perhaps as it should be with mens rea of guilt for your actions and in your mea culpa set the record straight a's to your disparagement you have now thrust upon the Court and the proceedings in your filing of document 233, so I am told it contains statements which are both illegal, and unbecoming of an attorney.

Mister Kellogg, I simply will not tolerate unprofessional conduct, behavior or filings from licensed professionals who profess as do you so profess the law to be your profession.  If in fact as the facts hold you profess as your profession so holds you to be an attorney then, might I be so humble and bold enough to request you begin to act with the mannerisms and mutual respect as an attorney and cease at once with your childhood games and personal ad hominem attacks of others, especially my an unrepresented pro se, pedestrian, proletarian peon.

Mister Kellogg you simply cannot make untrue statements masked as facts in legal pleadings before the Court, this is not zealous representation of your client it is actually against the canons of ethics for your profession to behave in the way you are in the filings you are making before the Court.  IF I find out that it is in fact true and you have made such outrageous statements in public filings, you can rest assured I will prosecute to the fullest extent of the Rules of Professional Conduct and the Local Rules of the Court, you simply will not continue to abuse these legal processes and you must begin to act with a semblance of care in the filing you make before the Court.   All of these filings are YOUR words, as I note Craig Brand's name appears not on any filing you have made before the Court and as such only you can be punished and only you are to blame for the conduct.  STOP IT!

Mister Kellogg I encourage you to read for comprehension the statement with emphasis provided herein above and now:  "<u>Any attorney preparing a pleading, motion, or other paper for a specific case must enter a limited appearance and sign the document.</u>"

Respectfully Yours, seeking mutual cooperation and respect in these proceedings.

Michael Nelson
Pro Se

[Quoted text hidden]