| | |
|---|---|
| UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS | |
| United Capital Management of Kansas, Inc. & CHAD M. KOEHN<br><br>Plaintiffs, counter-defendants<br><br>v.<br>Michael Nelson<br><br>Defendant; Counter-Plaintiff    PRO-Se. | DOCKET NO.:<br>5:22-CV-04008-JWB-GEB<br>CIVIL ACTION<br><br>Reply to All Plaintiff's Responses including without limitation Doc. 289 to Refiled Documents per Order of the Court in Documents 183 & 225<br><br>[Jury Trial Demanded] |

Counter-Plaintiff / Defendant ("Nelson"), makes "LIMITED APPEARANCE" to file

**Reply to Plaintiff's Responses to Refiled Documents per Order of the Court in Document 183:**

Plaintiffs have filed response briefs to filings made in accordance with Order of this Court in Document 183, wherein specifically this Court stated via Order of the Court in Document 183, regarding refiling of documents which the Court has STRICKEN, from the record that the defendant, Michael Nelson may, *"refile any motions and supporting and/or responsive briefs that he feels are appropriate, so long as those motions and briefs comply with this court's standing order on page limitations, and any such motions and briefs so filed will be considered timely."* (SEE page 3 of ORDER of the Court Document 183)

Wherein Plaintiff's have filed a multitude of responses to lawfully refiled pleadings, which have been refiled pursuant with the ORDER of this Court, and its subsequent ORDERS of this Court and this Court has Ordered that those documents refiled **"will be considered timely"**, therefore the Court should find each of the Plaintiff's responses to those documents refiled as "moot" and of no consequence as Plaintiffs' know the Court issued

1

ORDER of the Court in Document 183, and plaintiff's attorneys are engaging in shameless, callus, DISHONEST, **false evidence** pleadings to the Court, making no other claim against each refiled document other than: *"Fed. R. Civ. P. 72(a) and D. Kan. Rule 72.1.4(a) requires Defendant to file his objection to a Magistrate Judge's non-dispositive motion within fourteen (14) days from the date the order was issued. Mr. Nelson failed to timely file his objection"*

Plaintiff's attorneys are engaged in bad faith conduct, passing false statements and evidence before the Court, on a repeated basis providing no other argument against the refiled documents other than claiming they are not filed timely. CRAIG ALAN BRAND by and through local attorney Christopher Kellogg is blatantly IGNORING lawful ORDERS of this Court, violating ad nauesem dozens of the Rules of Professional Conduct. CRAIG ALAN BRAND and Kellogg know Document 183, is an Order of the Court issued by the District Court, and they know the Order specifically authorized the refiling of documents pursuant with that Order. Moreover, I dutifully requested an extension of time to refile some of the documents which Order of the Court in Document 183, was directed, and has STRICKEN from the record.

The Court again in ORDER of the Court Document 225, granted an extension of time to refile documents which Order of the Court in Document 183, had stricken: "Defendant now requests an extension of time until October 15, 2022 to refile some of the motions and briefs which were stricken from the record. (Doc. 221.)", October 15, 2022, fell on Saturday meaning documents were due by the next business day pursuant with Local Rules. The Court went on to declare in Document 225: "Defendant's request for an extension of time to refile certain motions for judicial notice (Docs. 96, 99, 117) is DENIED. **Defendant's request for an extension of time is GRANTED as to the following:** Defendant's Objection to Order of

Magistrate Judge (Doc. 68), Defendant's Objection to Order of Magistrate Judge (Doc. 81), Defendant's Motion to Disqualify Counsel (Doc. 94), Defendant's Motion for Default Judgment (Doc. 101), and Defendant's Objection to Scheduling Order (Doc. 144)"

Plaintiff's are represented by several law firms, including without limitation Ganja Law, Mystic Law, the Brand Law Firm, all appearing pro hac vice, through their "Senior Law Partner" Craig Alan Brand, and a host of different attorneys from Kennedy Berkley Yarnevich and Williamson Chartered, with incredible resources and support staffs to each. Christopher J. Kellogg and Craig Alan Brand, have repeatedly sought a singular argument against the refiling of pleadings authorized by the Court to be refiled and stated as they would be considered timely if refiled according to the deadlines set by the Court, the singular argument is that the pleadings are not filed timely. The purposeful actions of Brand and Kellogg in filings claiming documents are not timely filed runs afoul of the Rules of Professional Conduct, wherein both attorneys know of the Order of the Court in Documents 183 and 225, however, as has been shown repeatedly they ignore the ORDERS of the Court, and continually claim to the Court should "sua sponte" dismiss the lawfully, dutifully, correctly and TIMELY filed pleadings of the unrepresented pro se party. The Actions of Craig Alan Brand through Kellogg, scream violations to the **Rules of Professional Conduct, under Rule 240 1.1[5]** "Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners. It also includes adequate preparation." Furthermore under 1.1[7] "When lawyers <u>from more than one law firm are providing legal services to the client on a particular matter</u>, the lawyers ordinarily should consult with each other and the client about the scope of their respective representations and the allocation of responsibility among them. See Rule 1.2. When making allocations of

responsibility in a matter pending before a tribunal, lawyers and parties may have additional obligations that are a matter of law beyond the scope of these Rules."

Kellogg by extension of filing and signing the multitude of baseless responses to the lawfully, dutifully, correctly and <u>certainly TIMELY filings</u> of the unrepresented, pro se, party, Michael Nelson, who has refiled documents pursuant with ORDERS of the Court in Documents 183 and 225, demonstrates clearly that the arguments made by CRAIG ALAN BRAND, wherein Kellogg signs those documents before the Court, is in direct violation of the Federal Rules of Civil Procedure, the Local Rules of the Court and rises to a plethora of violations to the Rules of Professional Conduct, governing attorneys, as stated herein above.  Additionally since Craig Alan Brand by and through Christopher Kellogg repeatedly make the same argument against lawfully refiled pleadings done so in accordance with Orders of the Court in Documents 183 and 225, they are collectively continuing to violation the Rules of Professional Conduct:  "<u>A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous</u>" SEE RULE 3.1
<https://www.kscourts.org/Rules-Orders/Rules/3-1-Advocate-Meritorious-Claims-and-Contentions>   Certainly the actions of Craig Alan Brand and by extension signing for Craig Alan Brand, Christopher Kellogg are exactly what the rules prohibit they are "FRIVOLOUS" as both presumed licensed attorneys know the Court issued ORDERS of the Court in Documents 183 and 225, authorizing the refiling of documents, which Craig Alan Brand by and through Kellogg now erroneously and FRIVOLOUSLY claims are untimely.    It is the deliberate purpose of Craig Alan Brand by and through Kellogg <u>to repeatedly make FRIVOLOUS claims against the refiled documents authorized by the Court in Documents 183 and 225</u>, wherein Craig Brand and Kellogg act with deliberate <u>"Dilatory practices bring the administration of justice into disrepute."</u>  purposefully

4

**violating Rule 3.2[1] of the Professional Rules** which govern their appearance, as an extension Craig Alan Brand and Kellogg <u>repeatedly violate Rule 3.3(a)[1]</u> of the same rules, wherein they as licensed attorneys approved to appear before the Court as purported Officers of the Court, purposefully IGNORE and act in direct contravention of ORDERS of the Court in Documents 183 and 225, deliberately "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer" Both then go on to <u>"offer evidence that the lawyer knows to be false", clearly violating Rule 3.3(a)[3].</u>

  WHEREFORE, being unrepresented by counsel, appearing pro se, out of necessity I have complied with the ORDERS of the Court in the refiling of documents pursuant with Orders of the Court in Documents 183 and 225, and have done so timely, dutifully and correctly pursuant with the Orders of the Court.

  Conversely CRAIG ALAN BRAND by and through the signature of Christopher Kellogg representing the plaintiffs, have deliberately offered FALSE evidence to the Court, and have done so purposefully and deliberately IGNORING Orders of the Court in Documents 183 and 225, there can be no reason, excuse or purpose other than obvious and evident dilatory motive, of frivolous argument by Craig Alan Brand and Kellogg claiming the refiled documents done so pursuant with Orders of the Court in Documents 183 and 225 are untimely.

  **WHEREFORE, I respectfully pray this Honorable US Federal District Court for the US District of Kansas,** will deny each and every opposition filing of the plaintiffs including without limitation Document 290, and make referral to the Office of Disciplinary Counsel for procedures pursuant with the enforcement of the Federal Rules of Civil Procedure, Local Rules and Rules of Professional Conduct of the Court, wherein the evidence presented demonstrates clearly where CRAIG ALAN BRAND and Kellogg have continually sought deliberately,

knowingly, purposefully, wrongfully to IGNORE the ORDERS of this Court, and to pass false evidence claiming that filings authorized by the Court to be refiled are untimely, when it is the ORDERS of this Court that those documents be considered filed timely per Court Orders in Documents 183 and 225.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 20th day of October 2022.

*[signature]*

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature]*