## UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN**<br><br>　　　　Plaintiffs,<br>　v.<br>Michael Nelson<br><br>　　　　Defendant ;　　PRO-Se. | **DOCKET NO.:　　5:22-CV-04008-JWB-GEB**<br>**<u>CIVIL ACTION</u>**<br><br>**MEMORANDUM of Law in Support of Reconsideration of Order of the Court on ESI Protocols due to Referencing Documents Previously STRICKEN from the Record by Order of the Court in Document 183**<br><br>**[Jury Trial Demanded]** |

### <u>MEMORANDUM OF LAW IN SUPPORT OF MICHAEL NELSON's MOTION FOR RECONSIDERATION OF PORTION OF ORDER DOCKETED AS DOCKET NO. 291</u>

Pursuant to D. Kan. Rule 7.3(b)(3), defendant/Counter-Plaintiff, Michael Nelson, herewith move for reconsideration of that portion of the Court's October 18, 2022, Order (Docket No. 291) which references Document 144, **which was STRICKEN from the record by District Judge Order of this Court in Document 183.**

**It is well settled case law, USSC case precedent as the interpretation of law and definition of the word "stricken", that when an article III Court, as here the US Federal District Court for the US District of Kansas, STRIKES, a document that: "When a document is stricken, <u>it becomes a nullity</u> and <u>is not considered by the Court for any purpose.</u>"** This Court, the US District of Kansas Federal Court, issued Order of the Court in document 183, which specifically ordered specified documents including document 144, to be <u>stricken from the record.</u>

1

Yet, the new Order of the Court in Document 291, makes direct reference to the already STRICKEN document 144, in fact the Court extended the time for the defendant to refile any document which was Stricken by the Court in Document 183, when the Court entered Order 225. The Defendant requested additional time to respond and refile documents stricken from the record, wherein the District Court made Order in Document 225, providing the defendant until 15 October 2022, to refile specified documents. 15 October 2022, fell on a weekend, meaning the documents for refiling are due the following business day. Replacement or refile of document 144 was made in document 289. The Court has also previously ruled that any document stricken from the record by its Orders in Documents 183 and granting of extension to refile those documents stricken by entering Order 225, may be refiled and considered to have been timely filed. As the Court has stated in Document 183, an Order of the Court: "to refile any motions and supporting and/or responsive briefs that he feels are appropriate, so long as those motions and briefs comply with this court's standing order on page limitations, and any such motions and briefs so filed will be considered timely", see page 3 of Document 183, Order of this Court, striking specified documents and their progeny.

THEREFORE, because document 144, was included in those documents STRICKEN from the Record by Order of the Court in document 183, and the definition as held by the USSC as to the meaning and operation of a document which is "stricken" from the record, being: **"When a document is stricken, <u>it becomes a nullity</u> and <u>is not considered by the Court for any purpose.</u>"**

Specifically, examination of the term "nullity" is of no legal force or effect, and therefore should not be referenced nor used in the proceedings after the document has been stricken from the record. The District Court Judge Struck the documents in Order of the Court Document 183

and again extended time to file in Document 225. The Orders were signed by a US District Court Judge, meaning a Judge under the definition of; "Article III of the Constitution **governs the appointment, tenure, and payment of Supreme Court justices, and federal circuit and district judges**. These judges, often referred to as "Article III judges," are nominated by the president and confirmed by the U.S. Senate." SEE: https://www.uscourts.gov/judges-judgeships/about-federal-judges#:~:text=Article%20III%20of%20the%20Constitution,confirmed%20by%20the%20U.S.%20Senate.

A "NULLITY" as used in the Court's means of no force or effect, and therefore should not be further referenced nor used in the proceedings. Nullity: "Nothing ; no proceeding; treat as though it had not taken place, or which lias absolutely no legal force or effect. *Salter v. Hilgen, 40 Wis. 363; .Tenness v. Lapeer County Circuit Judge, 42 Mich. 460, 4 N. W. 220; Johnson v. Dines, 61 Md. 122.*

"Stricken from the record" doesn't indicate that the statement is to be kept secret or scrubbed from all history in some Orwellian fashion, merely that it should not be considered in any legal decision-making process (e.g. a judge's ruling). The decision should be made *as if* the statement had never been uttered. Sticken: "means **that some statement or document is deemed by a judge as no longer part of the official record of a proceeding**."

WHEREFORE, I respectfully pray that this Court will reconsider that portion of its October 18, 2022, Order (Docket No. 291) to either set forth the actual facts pertaining to Chad Mitchell Koehn's claim in sworn affidavit he filed under the penalties of perjury on or about 26 January 2022, that my computer was "stripped" from me, meaning STOLEN, a fact that Koehn could not have had the knowledge of without personal knowledge of the fact the computer was stolen, and set forth the FACT that the computer appears, NOT in any search

warrant, nor inventory log of any detention facility, jail, or law enforcement custody. The <u>STOLEN computer, is directly referenced by Chad Mitchell Koehn in his sworn affidavit filed under penalties of perjury</u>, just several weeks after Chad Koehn was CRIMINALLY cited for a fire, which an informant says to be Koehn destroying evidence. IN either case the computer is not available and the backup storage devices are not readily accessible due to conditions of release pending the parallel hereto criminal proceedings.

This provides yet another reason why this Civil proceeding should be STAYED until the directly parallel hereto criminal proceedings have been concluded. Absent a stay of these proceedings and due to inaccessible evidence to prove my innocence a multitude of appeals shall be necessary, wherein this Court has the power to STAY these proceedings and conserve judicial resources, provide for judicial economy, prevent one case from growing into a multitude of cases, as this Court should do now by STAYING this case pending conclusion of the parallel criminal matters.

Wherefore I respectfully pray this Court will reconsider its Order in Document 291, <u>and not reference a document which has been Stricken by ORDER of the District Judge</u> in Document 183, and/or provide for the controlling law wherein the **Magistrate's Order is superseding the prior District Court Order of this Court in Document 183**, and to what other extent Order in Document 291, or other Magistrate Order <u>supersedes and retroactively overrides and overrules</u> Order of the Court in Document 183, or any other Article III District Court Judge Orders which the Magistrate Judge overrules or overrides by superseding.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f)

("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 25th day of October 2022.

*/s/ Michael Nelson*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

### Certificate of Service:

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

Respectfully Submitted, this 25th day of October 2022.

*/s/ Michael Nelson*

Michael Nelson - Pro Se
Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com