# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN**<br><br>　　　　　　Plaintiffs, Counter Defendants<br>　v.<br>Michael Nelson<br><br>　　　　　　Defendant; <u>Counter Plaintiff</u> PRO-Se. | <mark>**DOCKET NO.:**　　**5:22-CV-04008-JWB-GEB**</mark><br>**<u>CIVIL ACTION</u>**<br><br>**Appeal of Order (amended report) in Document 310 & 311 an Order of the Federal Magistrate as a Report of the Magistrate**<br><br>**[Jury Trial Demanded]** |

Now HERE COMES, Michael Nelson, Counter PLAINTIFF and defendant and so says to the Honorable US District Court of Kansas as follows concerning the "Reports" of the Magistrate Judge in Orders 310 and 311 of the docket of the matter above herein referenced before this Article III Court and requests under case precedent and rule **DE NOVO review:**

<u>Procedural History:</u>　The Federal Magistrate issued Order of the Court in document 291, which **directly referenced** <u>a document which was previously stricken</u> by Order of the Court in Document 183. The Magistrate's Order in Document 291, also made an incorrect assertion regarding a stolen (missing) computer, which<u> Chad Mitchell Koehn, directly references in a sworn affidavit he filed on or about 26 January 2022,</u> seeking a protective order against me, which was<u> denied </u>and<u> dismissed </u>in March of 2022. In Koehn's sworn affidavit under the **penalties of perjury Koehn states, my computer was "stripped" (STOLEN) from me.** <u>CRAIG ALAN BRAND, has stated the computer was seized by police, yet the computer does not appear in any inventory logs, it appears not in any search warrants, and no law enforcement authorities have any knowledge of said computer.</u>

　　　The assertion made is the <u>assertion of CRAIG ALAN BRAND, as a means to further defame me in the proceedings</u> and detract from **the FACT Chad Mitchell Koehn filed a sworn**

**affidavit which he states the computer was "stripped" from me, meaning stolen**, a fact that Koehn could not possibly have knowledge of if he was not involved in the computers theft.

There is also the issue in which Koehn was Criminally cited approximately 48 hours before I was served the S.L.A.P.P. (Strategic Lawsuit Against Public Participation) petition, replete with racial insult in place of my given name while I was still detained.

I dutifully requested via motion of reconsideration for correction to document 291, in documents 295 and 296, doing so following the filing regime that the plaintiff's file for reconsideration of a previous order, when they filed documents 271 and 272, without permission for leave to file their motions of reconsideration. **There has never been an even balancing of the scales of justice in this matter**, the plaintiffs are allowed to file motions for reconsideration and memorandum of law for the same, however, when I attempted the same following the leadership of the attorneys for the plaintiffs, not only were my motions for reconsideration not viewed the same as those of the plaintiffs but mine were set for status conference and I was told I cannot file motions for reconsideration, although the plaintiffs are allowed to do so, therefore I am left with only **APPEALS for de novo review by the District Court and interlocutory appeal** to the 10th Circuit Court of Appeals if necessary to protect my constitutional rights and have the case precedents and law fairly applied.

The litigants myself included are entitled to the fair and unbiased application of the law, which includes the application of Kansas Strong Anti-SLAPP lawsuit provisions of law, which as recently as the 28th of September 2022, Chief Judge Eric F. Melgren has issued an order in an eerily similar matter as the SLAPP suit brought by the plaintiffs, wherein this Court the US District of Kansas has held: "Under Kansas law, "'[b]road and factually unsupported allegations . . . do not support a claim for damages for alleged defamation." 2 State v. Smith, 57 Kan. App. 2d

312, 452 P.3d 382, 390 (2019) (further citations and quotations omitted). "The Court holds that the KPSPA applies to federal courts sitting in diversity. As with all cases involving the intricacies of Erie's murky waters, there are persuasive arguments both for and against allowing federal courts to apply anti-SLAPP statutes. The Court finds that the reasoning of the First Circuit, the Tenth Circuit in Los Lobos, and District of Kansas precedent persuade it to hold that the KPSPA does apply in federal court." attributed to Chief Judge Eric F. Melgren in *Zaid vs. Boyd.*

The amended order (report) of the Federal Magistrate errors, in miss-stating an assertion made by CRAIG ALAN BRAND, regarding my stolen computer. Whereas though the amended order removes references to previously stricken documents, which was in part my objection stated in the motion for reconsideration. When a document is sticken it becomes a nullity as defined by the USSC (United States Supreme Court). The amended order errors in miss-statement of facts regarding the stolen computer which Koehn admits to knowledge of it being "stripped" from my person in his sworn affidavit seeking a protective order in January of 2022, which was denied and dismissed in March of 2022.

Document 310 and 311 Orders of the Court, (Reports of the Federal Magistrate), are amended orders of document number 291, and at number (3) of the amended order (report) of the **Magistrate, the report (order) errors in stating:** *"The Defendant has asserted his computer was either taken by the police when he was arrested in December 2021 or somehow not in his possession, custody and/or control"* **In fact this is a statement by CRAIG ALAN BRAND, NOT the defendant**, as I have NOT asserted any such allegation regarding law enforcement. The computer is NOT in the possession of any law enforcement, in fact it appears not in any search warrants, it appears not in any inventory logs, in fact no law enforcement federal or state knows anything about the stolen computer. **Only Chad M. Koehn has referenced the computer in a**

**sworn affidavit he filed on or about 26 January 2022**, wherein Koehn states the computer was stripped (STOLEN) from my person.  Koehn was criminally cited for a fire where an informant has told news media outlets, and investigative reporters, that Koehn was burning evidence at the behest of his attorneys, presumably **CRAIG ALAN BRAND**.  Was my stolen computer destroyed in the fires which Koehn was Criminally Cited?

CRAIG ALAN BRAND, made the fabrication about the computer being in the custody of police in his memorandum regarding ESI protocols, the same memorandum which references Florida Rules of Procedure.   The assertion is not correct as written in the Order.

WHEREFORE the amended order of the Court in document 310 and report in document 311 ERRORS in incorrectly, by stating I have asserted that the police of have taken the computer, when I could not have made any such assertion as the computer appears not in any inventory logs or search warrants of the same.   The order of the Court states that "computer was either taken by the police when he was arrested in December 2021"

The entire idea that police took the computer is another of the many **FABRICATIONS by CRAIG ALAN BRAND,** publicly declares he (Craig Alan Brand) has "championed the art of disinformation" and that "**he (Craig Alan Brand) intentionally provides people with false information**" and in **this case he (CRAIG ALAN BRAND) intentionally has provided the Court with false information,** causing the Court to enter FALSE information to an Order of the Court to unfairly, unlawfully smear my good name.

**Wherefore** the Magistrate's Order in document 310 and 311 should be amended by the District Court to remove the statements regarding the police and the so-called arrest.   The fact remains **Chad Mitchell Koehn stated in a sworn affidavit under the penalties of perjury** in Kansas that my computer **was "stripped" (STOLEN) from me**, this is a fact that Koehn could

not have known unless he (Chad Mitchell Koehn) had personal information regarding the stolen computer.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 16th day of November 2022.

*[signature]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature]*