**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN**<br><br>                    Plaintiffs, Counter-Defendants<br>     v.<br>Michael Nelson<br><br>                    Counter Plaintiff and<br>Defendant ;     PRO-Se. | **DOCKET NO.:**<br>**5:22-CV-04008-JWB-GEB**<br>**CIVIL ACTION**<br>**Appeal of Order in Document 304 Report of the Federal Magistrate Sealing of the entire filing in document 246 rather than narrowly sealing the single Exhibit requested for sealing by the Plaintiffs**<br><br>**[Jury Trial Demanded]** |

Here Comes, defendant and Counter Plaintiff, Michael Nelson, and files this APPEAL of Magistrate Report (order) in document 304, for cause of overreaching judicial authority, for sealing the entirety of document 246 and all exhibits, when the motion made by the counter defendants and plaintiffs moved for the sealing of only a single document in exhibit 246-19, an anonymous email received making allegations against the plaintiff, Chad Koehn, and listing a number of persons who are believed VICTIMS of Koehn's unregistered unlicensed sale of securities.  For the following reasons and supporting case precedents the Magistrate Judge's report (order) in document 304, ERRORs by stating:  *"the Court, in its discretion orders Defendant's Designation of Comparative Fault, together with its exhibits (ECF No. 246) be sealed."*   The ERROR is clear and convincing error:

        Evidentially "securities irregularities" have been found and adjudicated including substantial fines levied and a **SUSPENSION of Chad Mitchell Koehn from the securities industry** for at least one year pursuant with a document signed by Chad M. Koehn on 14 October 2022, and counter signed by an **ENFORCEMENT Attorney for a Federal REGULATOR** on 21 October 2022, and captured and reported by the Internet Archives on 4 November 2022, found at the following link, for the Court to Take Judicial Notice, as is **so requested now and the Court is so provided with the Internet Archive Link, below to the pdf document of the**

https://web.archive.org/web/20221104184746/https://www.finra.org/sites/default/files/fda_documents/2021069470101%20Chad%20M.%20Koehn%20CRD%202216169%20AWC%20gg.pdf

And Further discovered on a Regulators website at:

https://www.finra.org/rules-guidance/oversight-enforcement/finra-disciplinary-actions?search=2021069470101

Which directly references the same document, wherein Koehn has consented to the judgment and waived all rights to hearing and appeals in the matter of the "securities irregularities":

**"FINANCIAL INDUSTRY REGULATORY AUTHORITY LETTER OF ACCEPTANCE, WAIVER, AND CONSENT NO. 2021069470101"**

https://www.finra.org/sites/default/files/fda_documents/2021069470101%20Chad%20M.%20Koehn%20CRD%202216169%20AWC%20gg.pdf

Upon information and belief "Company A" (a placeholder as the "Company A" is not a regulated entity) referenced in the Waiver and Consent to the SANCTIONS and SUSPENSION issued against Chad M. Koehn is in reference to Anthem Holdings Company SEC registration for Regulation D, found at:

https://www.sec.gov/Archives/edgar/data/1830762/000183076220000001/xslFormDX01/primary_doc.xml **It is requested the Court take Judicial Notice of the Regulatory D filing of Anthem Holdings Company.**

**Separately from Anthem Holdings Company is the issue; Chad M. Koehn authored and released press releases claiming to have led a "Series A" sale of <u>unregistered and unlicensed securities led by UCMK for Hera Software Development Inc.</u> in those press releases authored by Koehn and released in March of 2021, demonstrating clear violations in the sale of unregistered and unlicensed sale of securities.**

The Plaintiff's had only motioned to seal the single exhibit, 246-19. The Magistrate Report an Order in document 304, errors in application and discretion of sealing the entire filing of Comparative Fault Analysis and Identification, by sealing the entire filing and not just the single exhibit motioned by the plaintiffs, the Magistrate Report ERRORS in the application of the narrow

scope for sealing of Court records. The Magistrate's Report (order) for sealing of the entire Comparative Fault Analysis and Identification is broad and sweeping, placing the public at immediate harm and detriment, especially given the recent Federal Regulatory Action against Chad Mitchell Koehn, which includes SUSPENSION and hefty Fine(s) Levied. The court must balance the potential harm to the litigants' **interests against the public's right to access to court files.** *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999).* The 1981 Supreme Court decision in *Kansas City Star v. Fossey* created a procedure that would seal records only on the basis of "clear and convincing evidence" that confidentiality was necessary to ensure a fair trial and that alternatives to sealing the records were unavailable. The alternative to sealing available, is to seal ONLY the single Exhibit in document 246-19, as requested by the Plaintiffs and though disagreed by the counter plaintiff not objected to in the interests of judicial conversation of resource and providing for judicial economy in the proceedings, though now wherein the overreach to seal the entire record, this must be Appealed and sought for Judicial Review of all Appellate Courts as the sealing of the record and filing is improper.

The Federal Magistrate's "report" (order) is over reach and overly broad seeking to seal the entire filing to the detriment of the public, the public financial markets, as now evidence before the Court demonstrates wherein **Chad Mitchell Koehn has accepted responsibility for SECURITIES RULES and REGULATIONS VIOLATIONS, which have included SUSPENSION** and hefty fine(s). The Magistrate Report errors in *sua sponte* sealing the entire filing and ALL EXHIBITS in Document 246. This is even a greater disservice to the public at large given the FACT, of the 14 October 2022, Chad Koehn, signed Agreement, FEDERAL REGULATORY judgment, to pay substantial fine(s) AND that **Chad Mitchell Koehn be SUSPENDED from association with any Securities Broker Dealer; as JUDICIAL NOTICE is Above herein requested.**

Given the FACT, plaintiff's have REFUSED to provide a copy of this Consent Judgement and have refused to provide documents demanded in discovery, even denying the existence of Rule 26d(2) regarding the early Rule 34 requests made, to date plaintiffs continue to refuse to provide any discovery.  The Magistrate Judge's Order in 304, sealing the entirety of the filing in document 304, ERRORS in broad application of the law, as **the Courts should narrowly affix sealing of records,** not broaden the sealing of records, as done here, wherein even the plaintiffs have only requested the sealing of a single exhibit, and the Magistrate Judge has moved against the public interests, and to the detriment of the investing public and the Financial markets, to seal all exhibits and the entire Comparative Fault Identification.

Beyond constitutional right of access, the United States Supreme Court and Tenth Circuit acknowledge "**the axiom that a common law right exists to inspect and copy judicial records" in civil proceedings.** *United States v. Hickey, (10th Cir. 1985); Nixon v. Warner Commc'ns, Inc., (1978)*   The Magistrate Judge report further errors in the sealing of the entire filing and all exhibits in document 246, by not narrowly tailoring the sealing of the single exhibit at issue.  **The Courts and the US Constitution have deemed any form of prior restraint to the First Amendment to be unconstitutional.**   The right of the public to be aware of the comparative fault identifications and the documents referenced therein should be inviolate especially **wherein Chad Mitchell Koehn has now been SANCTIONED by a Federal Regulatory Authority** including at least a one year SUSPENSION and fine(s).

I have not objected, **though I disagree**, to the sealing of the single exhibit document 246-19, however, the Magistrate Judge has over-reached the intention of the law, the US Constitution, case precedents, US Supreme Court Rulings by unilateral sealing the entire pleading and ALL exhibits. Including things like Exhibit B, a US Federal Form US Securities Laws to be filed by companies like UCMK:

https://ia902500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.246.2.pdf

doing so is to the detriment of the PUBLIC FINANCIAL MARKETS, to the detriment of the Public at Large and flies in face of the substantial case precedents and laws regarding the sealing of Court records.  Especially wherein the sealing of Court records is done retroactively MONTHS later, and the Federal Magistrate **moves to overreach sealing records just days after Chad Mitchell Koehn's PLEA agreement is signed by a US Federal Regulatory Authority Attorney,  resulting in substantial Fine(s) and SUSPENSION from the securities industry in all capacities.**

This is a case of a SLAPP (Strategic Lawsuit Against Public Participation) filed by the plaintiff's as a vexatious harassment petition, which was replete with purposeful Racial INSULT in place of my given name, purposefully and strategically placed as a form of invidious harassment in order to place my life in jeopardy, cause physical and psychological damage having successfully had both intended consequences in the US District of New Jersey were the wrongful conduct was felt .  SLAPP suits like that of the plaintiff's constructed, sends a chilling effect to public participation and the protection of the public's financial dealings, and in this case a chilling effect to the detriment of the public financial markets.   Judge J. Nicholas Colabella wrote in *Gordon v. Marrone (N.Y . 1992)*, **"Short of a gun to the head, a greater threat to First Amendment expression can scarcely be imagined."** in reference to the SLAPP style petition originally filed by the Plaintiff's and then amended void of the Racial insult of invidious harassment.

The plaintiffs took the opportunity to amend the SLAPP petition **making substantial changes thereto.**   SLAPP suits refers to lawsuits brought by entities to dissuade their critics from exercising Free Speech **and cooperating with the government.** By definition, SLAPP suits do not have any true legal claims, same here Koehn and UCMK lack legal standing in their meritless SLAPP petition.  Koehn and UCMK have no legal basis in fact or law to make such a demand for relief.  The fact that I have received anonymous emails and have included one such email in the

comparative fault analysis and identification should not have given leave for the Court to deny the public's right to access court records, and should not mandate the sealing of all other exhibits, <u>many of which are FEDERAL PUBLIC RECORDS,</u> assembled demonstrating clearly where the plaintiff's complaint is meritless where plaintiff's make two primary claims, one involving a claim of "securities irregularities" and another regarding a "whistleblower working with the government". As to BOTH the claims in the originating SLAPP petition replete with racial insult in place of my given name and in the largely altered and changed first amended complaint void of the racial insult, the plaintiff's allegations of **"securities irregularities"** and a **"whistleblower working with the government"** <u>**are now both PROVEN**</u> **by Chad Mitchell Koehn's admissions in agreement he has entered into with a Federal Regulatory Authority,** <u>accepting a substantial fine and SUSPENSION</u> from any association "IN ALL CAPACITIES" with securities stock sales.

In FACT, Koehn **admits to "securities irregularities"** and **admits that "tips" to a Federal Regulatory Authority resulted in the findings of MULTIPLE VIOLATIONS of Federal Securities Rules and Regulations**, which <u>the phrase "securities irregularities" can easily be construed as abnormalities, which obviously existed given Koehn's acceptance of the facts he VIOLATED Securities Rules and Regulations and</u> **<u>has now been SUSPENDED</u> and fined** for his illegal conduct.   The Magistrate Judge has errored in sealing from the public, substantial number of exhibits of Federal Documents which combined in document 246, demonstrate clear evidentiary documentation which could prevent members of the public from losing their life savings, <u>prevent FURTHER detriment to the Public Financial Market</u>s and allow members of the public to know of the happenings inside of a US Federal Court, as the filings in a US Federal Court like the ongoings of a US Federal Court Room are the public's concern and business.

The Court has before it a motion to dismiss the Plaintiff's amended complaint in part based on the fact, **Kansas adopted a strong anti-SLAPP law in 2016**.   Known as the <u>Public Speech</u>

Protection Act, it allows a party to move to strike a claim that is in response to "a party's exercise of the right of free speech, right to petition or right of association." **Kan. Stat. Ann. § 60-5320(d) (2019)**. The burden shifts to the plaintiff *"to establish a likelihood of prevailing on the claim by presenting substantial competent evidence to support a prima facie case."* Id. Upon filing a motion to strike, Kansas's strong anti-SLAPP (Strategic Lawsuit Against Public Participation), protection Act states: **"all discovery, motions or other pending hearings shall be stayed." §60-5320(e)(2)**; FRCP 81(d)(1). A Supreme Court plurality found that "historically both civil and criminal trials have been presumptively open." *Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 n.17 (1980)*. The rationale for recognizing such a right, of open court records is rooted in the "centuries-old history of open trials" and implicit in the First Amendment's "core purpose" of assuring freedom of public discussion. *Richmond Newspapers, 448 U.S. at 573.* "Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." Id Here the plaintiff's have moved to have sealed document 246-19, an anonymous email which contains substantial facts supported by discovery of the existence of multiple harassment and/or sexual settlements entered into by Chad M. Koehn and UCMK. While the defendant and Counter Plaintiff, disagrees with the sealing, made no objection to the sealing of the single exhibit, the anonymous email, the Court has over-reached by seeking to seal the entire filing and all other exhibits, **this over reach is simply unsupported by the parties, and against the interests of the US Constitution and Kansas State Constitution.**

AS IT GOES WITHOUT SAYING, the Magistrate Judge's over reach in seeking to seal the entire filing and all exhibits in document 246, in direct contravention of the "implicit" "core purpose" of assuring freedom of public discussion as embodied in the First Amendment. This Court is a US FEDERAL COURT, specifically an US Constitutional Article III Court, as such the

filings to this US Federal Court, especially those filings which are public Federal records and documents and news media reports should NOT be sealed.

"Documents should be sealed only on the basis of <u>articulable facts known to the court</u>, **not on the basis of unsupported hypothesis or conjecture.**" Id.   The fact is here the plaintiff's moved via oral motion and their agenda items at the 1 November 2022, Status Conference to seal a SINGLE exhibit, an anonymous email making allegations against the plaintiff and <u>including verifiable facts.</u>  The defendant and counter plaintiff was not permitted to speak on the issue as noted in the status conference, and if permitted without threats of further unfair treatment, I would in the interests of conservation of judicial resources and providing for judicial economy to prevent the litigation from becoming protracted, <u>though I disagreed with the sealing of the single Exhibit 246-19,</u> I would have in the interests as articulated above, not sought appeal, HOWEVER here the over reach of the Federal Magistrate (order) Report, to seal Document 246 and its exhibits is unsupported by case law, rule, and acts in contravention to the US Constitution therefore it is my duty and moral and ethical responsibility to APPEAL and Object to the over reach, which demonstrates clear PUBLIC CONCERN, especially now having Public Integrity Section of DOJ involved, perhaps because of a Judicial Misconduct complaint by Chad M. Koehn who has previously sought the recusal of the Federal Magistrate.

<u>The Tenth Circuit has noted that</u> "[c]ourts have long recognized a common-law right of access to judicial records." *United States v. Apperson, 642 Fed. Appx. 892, 898 (10th Cir. 2016)* (quoting Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). The Court goes on to acknowledge that "[t]he right is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes." Id. at 899 (quoting United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985) Further, "[c]onsistent with this presumption that judicial records

should be open to the public, <u>the party seeking to keep records sealed bears the burden of justifying</u> <u>that secrecy."</u> Id. *(United States v. Pickard, 733 F.3d 1297, 1302 (10th Cir. 2013)*

HERE and NOW it is not a party that is seeking to seal the entirety of the pleading in document 246 and "ALL exhibits", but it is the report of the Magistrate Judge who in Order 304, *sua sponte* goes above and beyond the motion of the plaintiff's and <u>acts in direct detriment of public</u> <u>financial markets and the rights of the public to know the ongoings in a US Federal Court.</u> What is of more concern is that this report of the Federal Magistrate to overreach by sealing all exhibits and the filing of document 246, was done <u>AFTER, Chad Mitchell Koehn has admitted to "securities</u> <u>irregularities", and multiple securities and investment violations including without limitation of</u> <u>VIOLATIONS of RULES:</u> **"observe high standards of commercial honor and just and** **equitable principles of trade."** <u>Demonstrating clearly where Koehn has NOT</u> *"observed high* *standards of commercial honor and just and equitable principles of trade."* as charged.

The Tenth Circuit applies the two-pronged "experience and logic" analysis, also referred to as the *Press-Enterprise II analysis. United States v. Gonzales, 150 F.3d 1246, 1256 (10th Cir. 1998)* *(citing Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986) ("Press–Enterprise II")).* Under the experience prong, courts must first ask "whether the place and process have historically been open to the press and general public." Gonzales, 150 F.3d at 1256 (citing Press-Enterprise II, 478 U.S. at 8). Under the logic prong, courts are to consider "whether public access plays a significant positive role in the functioning of the particular process in question." Id. *(citing Press-Enterprise II,* *478 U.S. at 8–9)* Now the public is participating as is evident in informants coming forward with evidentiary information, for example t<u>he Criminal Charges against Koehn, the sexual aggression</u> settlements Koehn has entered into, the lawsuits not disclosed to investors and many more.

<u>The analysis, the Tenth Circuit considers the following six structural interests:</u> "informing the public discussion of government affairs, <u>assuring the public perception of fairness,</u> promoting

the community-therapeutic effect of criminal justice proceedings, providing a public check on corrupt practices, intimidating potential perjurers, and generally enhancing the performance of all involved in the process." *U.S. v. Gonzales, 150 F.3d 1246, 1259 n.18 (citing McVeigh I, 106 F.3d at 336).* The Tenth Circuit has held, **"[i]t is clearly established that court documents are covered by a common law right of access."** *McVeigh II,(10th Cir. 1997)) (citing Nixon v. Warner Commc'ns,(1978)). The 10th Circuit recognizes a "qualified First Amendment right of access to docket sheets." United States v. Mendoza, (10th Cir. 2012).* The Court states that "dockets are open to public inspection", there has been a "long pedigree" that "dockets are public records." Id. **The 10th Circuit has noted that there is generally a "right of access to judicial records."** *United States v. Apperson, 642 Fed. Appx. (10th Cir. 2016) (quoting Mann v. Boatright, (10th Cir. 2007)* The Supreme Court repeatedly has made clear the courts may rarely, if ever, prevent the press from reporting on court proceedings and documents. *Nebraska Press Association v. Stuart, (1976)*

Gag orders are a **"most extraordinary remedy" may be used only in "exceptional cases"** where "the evil that would result from the report is both great and certain" *CBS Inc. v. Davis, 510 U.S. (1994)* Prior restraints may indeed never be permissible, because **"[w]hat transpires in the court room is public property."** *Craig v. Harney (1947).*

ONLY in the RAREST of Circumstances the Courts in the **10th Circuit have sought SELECTIVE** [EMPHASIS ADDED] **"sealing" of records** for a "verified governmental interest" substantially to protect the public at large, for example: The government's interest in denying access in order to continue anonymity of a witness in the witness protection program is a "compelling" interest. *United States v. Hickey, (10th Cir. 1985).* "If the common law right of access were absolute . . . the efficacy of the witness protection program would be substantially at risk." Id. at 709. The Tenth Circuit recognizes that among the compelling interests that may rebut the presumption of access, **"a strong national-security interest".** *United States ex rel. Reed v. KeyPoint Gov't*

*Sols.,(10th Cir. 2019).* Here the Federal Magistrate Errors in application of law by overreaching by sealing an entire pleading and all exhibits when only a single Exhibit was sought to be sealed and that single Exhibit. The Court has held "the denial [of access] is necessitated by a compelling governmental interest, and i**s narrowly tailored to that interest."** This heightened scrutiny is necessitated by the fact that civil cases otherwise open to the public are erased as if they never occurred. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc., (11th Cir. 2001) (Wilson v. Am. Motors Corp., (11th Cir. 1985)).*

"Notably, the Judicial Conference of the United States has emphasized, by policy statement, the very limited circumstances in which a case record should be sealed. **Conclusory allegations are simply not enough to overcome the "heightened scrutiny" required for a court to seal a civil case file.** *Chicago Tribune Co., 263 F.3d at 1311. In the 10th Circuit Miller v. Fluent Home, LLC, D. Utah Sep. 23, 2020)* Federal Magistrate "report" in "order" document 304, **cannot assert "compelling government interest",** nor that sealing even provisionally is "narrowly tailored to that interest.", as there is NO governmental interest asserted nor can there be. "Previous [public] access is a factor which may weigh in favor of subsequent [public] access." *Hubbard, 650 F.2d at 318.* And "when much of the critical information is already in the public forum ... this factor weighs in favor of unsealing the ... materials." *Zapp v. Zhenli Ye Gon, 746 F.Supp.2d (D.D.C.2010). Low v. Bartolotti, Civ. ( 2021)*"

The Kansas Supreme Court adopted the American Bar Association's Fair Trial and Free Press Standard 8-3.2 and held the standard would "govern the closure issues in future cases." 'Kautsch's brief argued that under that standard, a trial court may close a preliminary hearing, bail hearing or any other pretrial hearing, including a motion to suppress, and may seal a record only if: "The dissemination of information would create a clear and present danger to the fairness of the trial; AND The prejudicial effect cannot be avoided by reasonable alternative means, which include

continuance, severance, change of venue, change of venire, intensive voir dire, additional peremptory challenges, sequestration of the jury and admonitory instructions to the jury.  The Fossey decision also made clear that a decision to close proceedings or seal records requires a hearing.  Given the fact the plaintiff's have moved to seal ONLY exhibit ("19") of Document 246 and the Magistrate Order in 304, now seeks to seal the entire filing of the Comparative Fault Identification, demonstrates clear and convincing evidence that it is overreach to seal the entire filing and other exhibits which were not requested to be sealed by the Plaintiffs.

RECENT CASE - 2020 United States v. Bacon 950 F.3d 1286 (10th Cir. 2020) Bacon had objected to the sealing of the record only on the ground that sealing endangered his life, the Tenth Circuit determined his common-law right of access argument was raised for the first time on appeal. *United States v. A.B., 529 F.3d 1275 (10th Cir. 2008)*. Consequently, the Court reviewed for plain error. Id. To prevail, Bacon had to show (1) an error occurred (2) that was plain (3) which affected his substantial rights and which (4) seriously affected the fairness, integrity, or public reputation of the judicial proceedings. United States v. Gonzalez-Huerta, 403 F.3d 727 (10th Cir. 2005). As to the first and second factors, "[i]t is clearly established that court documents are covered by a common law right of access," United States v. McVeigh, (10th Cir. 1997). The record and docket are void speech which would "cause inevitable, direct, and immediate danger to the United States." *New York Times v. U.S., 403 U.S. 713 (1971)* the standard for sealing of records.  Here the Federal Magistrate's report over reaches by sealing dozens of news media articles, Federal Securities Filings, and other public records, when the plaintiffs only sought the sealing of a single exhibit, and in the interests of Conservation of Judicial Resources and providing for Judicial Economy not seeking the matter to become protracted, I did not object to the sealing of a single exhibit, HOWEVER, because of the overreaching of the Court in the Federal Magistrate Report (order) in Document 304, seeking the sealing of the entire pleading, citing not any compelling governmental

interest and sealing all the exhibits in document 246, this appeal is made in good faith for the protection of the Public at Large, **the Public Financial Markets in light of the recent Federal Regulatory Authority action against Chad Mitchell Koehn wherein Koehn is SUSPENDED and fined for "securities irregularities" based on "tips" to a Federal Regulator** which infers "a whistleblower working with the government" yet another allegation made in both the originating complaint and the amended complaint by the plaintiffs.

Given the fact CRAIG ALAN BRAND has previously made **fraudulent emails to the Court, the Chambers of the Federal Magistrate Birzer and opposing party as complained in Documents 52 and 57, and Craig Alan Brand a CRIMINAL DEFENSE ATTORNEY,** would have knowledge of Chad M. Koehn's criminal charges for the fire said to be destruction of evidence, where Koehn was criminally charged with the fire just less than 48 hours prior to service of the SLAPP petition.

It is possible and most likely probable that Criag Alan Brand is behind some if not all anonymous emails during the course of these proceedings. In performance of investigation prior to referencing the email complained of by the plaintiffs and sought to be sealed, multiple sources state that Chad M. Koehn and/or UCMK have entered into so-called harassment/sexual assault settlement(S) because of the actions and behavior of Chad M. Koehn. Ergo the anonymous email could therefore be considered legitimate concern by the public and therefore fair filing.

**In the interests of judicial economy and conservation of resources** I will not object to the sealing of the single exhibit in document 246-19, though I disagree with the decision, which is the ONLY document which the plaintiffs have sought sealing, though I disagree, I will not object IN THE INTERESTS OF JUDICIAL CONSERVATION OF RESOURCES, however, I do object to the sealing of the entire Comparative Fault Analysis and Identification, and the pleading of document 246 and all exhibits with the exception of the single exhibit 246-19 which the plaintiffs

orally motioned for sealing and cited in their agenda from the 1 November 2022, status conference.

I will seek all appeals necessary to ensure that the public's right to know is not violated especially in

light of the recent **FEDERAL REGULATORY Action against  Chad Mitchell Koehn** which

includes substantial fines and **SUSPENSION** from the investment industry in **ALL CAPACITIES.**

     Given the fact that the public is actively participating and given the fact that Koehn has as

recently as 14 October 2022, signed a CONSENT judgment for VIOLATIONS of Securities

Regulations, which could be deemed as "securities irregularities" as first charged by the plaintiffs in

their SLAPP petition.  The Sealing of the entire filing and all other exhibits in document 246, is to

the detriment of the Public Financial Markets, the public at large and gives the appearance of

favoritism to the plaintiffs in this matter at the detriment of the defense and the right of the public at

large to know the business of the Court, as Court records are public records.

     **WHEREFORE, in the interests of substantial Justice for the reasons as outlined herein**

**above** I seek for this Honorable US Federal District Court to OVERRULE the Magistrate Judge's

Report in Document 304, for clear and convincing ERROR, in seeking to seal the entire pleading of

document 246 and all the Exhibits.  **In the interests of Judicial Economy and Conservation of**

**Judicial Resources,** though I disagree, I will not object nor appeal to the plaintiff's original oral

motion to seal the single document in exhibit 246-19.  I further note the Federal Magistrate did not

afford me the opportunity to respond during the status conference regarding the sealing of the

document in question, the Federal Magistrate stated "I think you have said enough", when I did not

receive an opportunity to be heard at all.  I felt and feel threatened to speak during the status

conferences on issues, I have requested the audio recording, paid for it and requested names of court

reporters for a transcript of the status conference to be made and then made available to either the

District Court Article III Judge or if necessary the 10th Circuit Court of Appeals under interlocutory

appeal if necessary to preserve public access to Court Records under the US Constitution.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).

Respectfully Submitted, this 16th day of November 2022.



Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via:
**KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;