# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN** <br><br> Plaintiffs, Counter-Defendants <br> v. <br> Michael Nelson <br><br> Defendant; Counter Plaintiff PRO-Se. | **DOCKET NO.:** 5:22-CV-04008-JWB-GEB <br> **CIVIL ACTION** <br><br> Appeal of Report in Document 300 as to subpoena to James Ryan Angell for the limited scope to obtain the harassment settlements entered into by Chad M. Koehn and/or UCMK <br><br> [Jury Trial Demanded] |

I, make "SPECIAL & LIMITED APPEARANCE" for the purposes of filing Appeal of Order Document Number 300, an Order of the Court, (Report of the Federal Magistrate), issuing a protective order regarding the subpoena notice to James Ryan Angell, wherein the Magistrate report in Order Document 300 states: *"The Court, however, for the reasons discussed during the conference finds good cause for the entry of a protective order regarding the subpoena to James Angell."*

The subpoena to James Ryan Angell is correct and proper, especially wherein Plaintiff's REFUSE to provide ANY discovery, whatsoever, first refusing to recognize early Rule 34 requests, under Federal Rules of Civil Procedure Rule 26d(2), and to date refusing to produce a single document requested in discovery. In fact Plaintiff's obstructionist tactics in discovery, have included filing for protective orders on every single subpoena request, filing to refuse depositions of their witnesses, and even running to the prosecutor in the parallel criminal matter to claim that emails to the attorneys for the plaintiff violate bond conditions seeking and successfully incarcerating me for exercising constitutional rights to defend this SLAPP (Strategic Lawsuit Against Public Participation) incongruous frivolous complaint.

**Issue:** The Plaintiffs REFUSE to provide any documents, which have been requested in discovery, engaging in shameless, retaliatory filings to frustrate and prevent discovery of any information, documents sought by the unrepresented pro se defendant and counter plaintiff the undersigned. Plaintiff's file obstructionist objections to every request made and refuse depositions of their witnesses, refuse to provide any PROOF that this case should be allowed. The documents sought from James Ryan Angell are documents and notes regarding harassment and/or sexual assault settlements entered into by UCMK and/or Chad Mitchell Koehn.

IN FACT the request of James Ryan Angell <u>is ONLY for document production</u> and it is a <u>brief request</u>: ***"All harassment settlements, inclusive of sexual harassment settlements entered into by UCMK and/or Chad Mitchell Koehn"***. These settlements go directly to establish Koehn's reputation and mitigate any damages he claims. The model jury instructions certainly allow the entrance of Koehn's reputation in the community regarding his claims of defamation. Koehn opened the door to these harassment settlements of Koehn and/or UCMK when he sought an action based upon defamation. James Ryan Angell is believed upon information and belief to be the individual in possession of these settlements, and hiding behind a so-called Chinese wall within the law firm representing the plaintiffs should not alleviate the plaintiffs from providing this discovery.

**Rule(s):**

When the plaintiff's as here have refused to provide a shred of documentation proving their case, and information has come to light that JAMES RYAN ANGELL an attorney, who is not only the "Chief Operating Officer" of the plaintiff's attorney's law firm, but also an attorney with personal knowledge of affairs and sexual exploits of Chad M. Koehn and/or with UCMK. The

information believed held by James Ryan Angell, is important as it goes directly to Koehn's reputation in the community, and thus part of the model jury instructions, as well as the fact it cannot be obtained from any other source, given the plaintiff's obstructionist tactics in the discovery process, REFUSING to provide a shred of discovery.

**The seminal case taking this approach** of limited subpoena for production of documents and/or deposition of Legal Counsel is <u>Shelton v. American Motors Corp.</u>, *805 F.2d 1323 (8th Cir. 1986)*. <u>As here we believe the Shelton criteria can be met:</u>

"(1) no other means exist to obtain the information than to depose opposing counsel;

(2) the information sought is relevant and non privileged; and

(3) the information is crucial to the preparation of the case."

*805 F.2d at 1327*; notably because James Ryan Angell is the managing partner of the law firm representing the Plaintiff's and the attorneys representing the plaintiffs REFUSE to provide discovery of documents previously sought under Early Rule 34 Requests, which were made properly in accordance with Rule 26(d)(2) of the Federal Rules of Civil Procedure. In fact plaintiffs had previously convinced the Federal Magistrate that the 2015 amendment to the Federal Rules of Civil Procedure regarding early rule 34 requests does not exist!

<u>Still plaintiffs refuse to provide production of documents requested.</u> IF plaintiff's would simply provide production of the requested documents then the business records subpoena to James Ryan Angell would be a moot point, yet plaintiff's refuse to provide production of documents, therefore necessitating many different subpoenas to issue in search of the documents which procedurally the plaintiffs could simply produce and eliminate the filings necessary to get copies of the documents now sought from Attorney JAMES RYAN ANGELL as dutifully, respectfully and properly sought in subpoena notice ECF document 231, filed September 17th

2022.  <u>The subpoena to James Ryan Angell is limited</u> in accordance with the Kansas Strong Anti-SLAPP suit legislation, which a motion to dismiss is based as already well pleaded grounds for dismissal of the plaintiff's SLAPP complaint.

The Harassment Settlements entered into by UCMK and/or Koehn are at issue in the proceedings as they go to damages, and <u>are well within the standard jury instructions for trial</u> in this matter given the two allegations made by UCMK and Koehn against me being (1) defamation and (2) tortious interference with proprietary persons (persons owned by Koehn/UCMK).  James Ryan Angell as Senior Partner and managing partner of the law firm representing the Plaintiff's; additionally he has personal knowledge of Chad Koehn's sexual exploits, extra martial affairs and as recently as Febuary of 2022, Koehn settled a case with Christopher Giroux, inwhich Giroux and his attorney Donald Hoffman have stated James Ryan Angell is the attorney, yelling at Koehn regarding his adulterous affairs and various forms of harassment of employees.  It is through their statements and those of others in the community including other Kanas lawyers, that information was developed that James Ryan Angell is the person with the knowledge and the documents which are sought proving Koehn's reputation in the community, with regards to the harassment and/or sexual assault settlements.

Regardless of whether or not the information and documents sought from James Ryan Angell would cast Judicial Officers of the US District of Kansas in unfavorable light, is regardless to the point, the **harassment settlements are certainly discoverable and go directly to the case at hand.**  <u>Limited scope subpoena to James Ryan Angell regarding production</u> of documents wherein the production sought is extremely limited at present seeking only:  "*All harassment settlements, inclusive of sexual harassment settlements entered into by UCMK and/or Chad Mitchell Koehn*".

The Court errors, in that James Ryan Angell must demonstrate that the information and harassment settlements sought are in fact privileged or immune from discovery. *See, e.g.,* Clarke v. American Commerce Nat'l Bank, *974 F.2d 127, 130 (9th Cir. 1992)* (burden of establishing that attorney-client privilege applies to information in question rests on the party asserting the privilege). The Shelton test has been adopted by certain circuits. *See* Nationwide Mut. Ins. Co. v. Home Ins. Co., *278 F.3d 621, 628 (6th Cir. 2002).*

**It also has been cited with approval by the Tenth and Fifth Circuits; the Tenth Circuit** has used the broad discretion accorded to trial courts under Fed. R. Civ. P. 26 as the basis for affirming the decision. *See* Boughton v. Cotter Corp., *65 F.3d 823, 830-31 (10th Cir. 1995)* (district court may exercise its discretion regarding discovery under Rule 26, **regardless of whether** the Shelton criteria are met) [EMPHASIS ADDED]; Nguyen v. Excel Corp., *197 F.3d 200, 208-09 (5th Cir. 1999)* (deposition of opposing counsel permitted under Rule 26). In Johnston, the defendants served deposition subpoenas on the plaintiffs' lead counsel and a vice president and general counsel for the corporation to inquire regarding meetings they had attended with various defendants prior to the filing of the lawsuit. The Johnston court set forth an alternative to the Shelton analysis, a balancing test that placed the burden of proof on the plaintiffs seeking a protective order to quash the subpoenas. 130 F.R.D. at 352-53.

In *dicta*, the Second Circuit in the *Friedman* matter commented at length on the proper analysis to be used in assessing the propriety of a deposition of opposing counsel. *350 F.3d at 66.* The Second Circuit criticized the Shelton rule as too rigid, id., and emphasized that the deposition-discovery regime in the federal rules is "an extremely permissive one." 350 F.3d at 69. The court urged a "flexible approach" to lawyer depositions, one in which the court must take into account the need to depose the lawyer, the lawyer's role regarding the matter on which

discovery is sought, (here it has been alleged James Ryan Angell is in personal possession of sexual assault and/or sexual harassment settlements of former employees and/or contractors to Chad Mitchell Koehn and UCMK) the lawyer's role in the litigation (here James Ryan Angell has not appeared at bar on behalf of either plaintiff), the risk of encountering work-product and attorney-client privilege issues (here the subpoena is of limited scope seeking at this time ONLY the harassment settlements entered into by UCMK and/or Koehn), and the extent of discovery already conducted. 350 F.3d at 72. Accord qad.inc, 132 F.R.D. at 495 (noting the discretion accorded to trial courts, the court rejected the Shelton approach as overbroad)

**The 10th Circuit has also rejected Shelton,** as noted, yet all Shelton criteria are met with regards to seeking NOT deposition at this time of James Ryan Angell but rather seeking simply the production of documents which the plaintiff's have REFUSED to date to provide production. Procedurally if the plaintiffs would follow the Federal Rules of Civil Procedure, Local Rules of the Court, and their attorneys would cease with deliberate violations of the Rules of Professional Conduct and produce copies of the harassment and/or sexual assault settlements, then the subpoena to James Ryan Angell would not be necessary, as the documents would already be produced and available for trial.

**Application:**

IF NOT for the plaintiff's refusal to provide the documents sought, then the documents sought from both James Ryan Angell and those sought from Donald Hoffman part of the case file of eerily similar hereto litigation brought by UCMK and Koehn against Christopher Giroux, then I would not have the need to seek these settlements from Donald Hoffman or James Ryan Angell. Yet, plaintiffs REFUSE to cooperate in discovery, refusing to provide documents. I have already had the necessity to motion to COMPEL the disclosures provided by plaintiff's to

be provided in a format which can actually be read, and <u>plaintiff's have engaged in a papering of the discovery process by providing repetitive documents,</u> over and over again, with different names, wherein the Court has stated I must pay for deduplication of the massive data dump of documents, yet not a single one of those documents contains the harassment and/or sexual assault settlements sought from James Ryan Angell.

**<u>Conclusion:</u>**

Plaintiff's refuse to provide the harassment and/or sexual assault settlements which are <u>KNOWN to exist,</u> entered into by UCMK and/or Chad M. Koehn, and given the information and belief James Ryan Angell has possession of them, as he provided them to Donald Hoffman, wherein a subpoena to Hoffman has been issued and executed as served.   There exists not another means to obtain the necessary discovery, especially wherein plaintiffs refuse to cooperate with discovery and have only provided initial disclosures, and not in the format as required by the Court mandating them to be compelled to provide in pdf the documents they have previously provided.

WHEREFORE, I respectfully pray this Honorable US Federal District Court for the US District of Kansas will overrule the Magistrate Report in Document 300, and grant the <u>limited document production sought from James Ryan Angell,</u> specifically the document subpoena sought in ECF number 231, wherein I seek from James Ryan Angell:  *"All harassment settlements, inclusive of sexual harassment settlements entered into by UCMK and/or Chad Mitchell Koehn"*

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f)

("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 16h day of November 2022.



Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
chadkoehnlawsuit@nosoybean.com

**Certificate of Service:**

      The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;