# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN**<br><br>          Plaintiffs,<br>     v.<br>Michael Nelson<br><br>          Defendant ;     PRO-Se. | <mark>**DOCKET NO.:**     **5:22-CV-04008-JWB-GEB**</mark><br>**CIVIL ACTION**<br>**Emergency Motion to Postpone or reschedule** "hearing" before US District Court Judge Broomes in light Administrative Order and **other Court Orders restricting communication, travel and banishment INSTANTER**<br>**[Jury Trial Demanded]** |

Defendant and Counter Plaintiff, Michael Nelson, makes "SPECIAL & LIMITED APPEARANCE" for the purposes of filing *Emergency Motion/NOTICE of request Regarding "hearing" before US District Court Judge Broomess, MADE INSTANTER, as referenced in title and under administrative Order of the Court*, to prevent manifest injustice as to the procedural due process rights of the undersigned.  **The substantially changed amended complaint *void the racial insult* is remarkably more now a SLAPP (Strategic Lawsuits Against Public Participation)**.   Filed to attack, intimidate, harass, while Koehn fights regulators, miss placing blame for their malfeasances on the impoverished pro se unrepresented party, the undersigned.  Koehn has abused the proceedings here and in the parallel criminal case(s) to shift blame, seeking unlawful incarceration of my person, for my morals & ethics doing my duty to G-d and country.

**Procedural History and Uncontroverted Facts**

1. I removed a state SLAPP petition to Federal Court for federal questions and diversity

2. The Court held hearing and determined the case properly removed under diversity

3. Dispositive motions were prevented until plaintiffs removed a **Racial Insult**

4. Plaintiffs filed substantially altered amended complaint, void the racial insult as ordered

5. Motion to Dismiss the Largely Altered amended complaint was made under Rule 12(b) and Motion to Dismiss under Kansas, Strong Anti-SLAPP legislation § 60-5320(e)(2)

6. **Plaintiffs continually make filings to Court in violation of FRCP Rule 5**

1

7. Chad M. Koehn filed "verified" motion for recusal of the Federal Magistrate Birzer

8. Judge Broomes struck all filings previously made, in Order 183

9. Filings were refiled by the undersigned pursuant with Order of the Court in 183

10. 9 September 2022, US Federal Regulatory Authority sent "wells notice" Chad M. Koehn

11. 15 September 2022, a grievance filed against Kellogg & Michel was struck by this Court & subsequently a panel of 3 Judges filed an Order, **published**, *despite stating "*SEALED*"*:

    > "On September 15, 2022, the disciplinary panel of this court convened to discuss this matter and determine an appropriate approach for proceeding with this matter. The panel has decided to decline to exercise its original disciplinary jurisdiction over this matter and to refer the complaint to the Office of the Kansas Disciplinary Administrator for all future proceedings. SEE D. Kan. R. 83.6.3(b)(3). (Even where a complainant files a complaint in this court, the court or the Disciplinary Panel may refer the complaint to the Kansas Disciplinary Administrator.")"
    > Order is Signed John W. Lungstrum; United States District Judge; For the Panel

12. Kansas Supreme Court has assigned multiple investigators regarding the grievance, referred to Kansas Disciplinary Administrator by Order (11), formal charges are being drafted.

13. 19 Sept 2022, KOEHN filed frivolous/vexatious protective orders to prevent discovery

14. 23 September 2022, I was served protective order, 5 hours later plaintiffs filed to amend their complaint **yet AGAIN**, changing their entire case and attaching the pro se undersigned's **elderly cancer surviving father, a patriot, honorable man, as intimidation, abuse of process** and **malicious prosecution,** all with dilatory prejudicial bias motives. Knowing Koehn faced charges by a US Federal Regulatory Authority and most likely was in receipt of a "Wells Notice", making the plaintiffs entire SLAPP petition well known as a SLAPP suit designed to deter any **financial victims or whistleblowers** from reporting **potential securities violations in violation of Federal Law.**

15. Plaintiffs seeking to attach an elderly parent under the premise he fails to **"disassociate himself from his son"**, demonstrates clear bias, dilatory motives, abuse of process, certain malicious vindictive intimidation misuse of the Courts, **without any factual basis.**

16. 24 September 2022, the parallel criminal case, in Oklahoma, involving substantially the same parties and witnesses, ordered me to appear on 12 October 2022, in large part due to the attorneys for the Craig Brand, running to the prosecutor in the parallel case claiming an email sent to Kellogg, pursuant to Order 67, violated that courts orders.

17. 12 October 2022 the Court in Oklahoma found me in violation of the Court's Orders

18. The Court in Oklahoma, has BANISHED me from areas of the United States

19. The Court in Oklahoma has restricted my travel

20. The Court in Oklahoma has restricted my communications

21. The Court in Oklahoma states it must control and not this Federal Court

22. **14 October 2022,** the Plaintiff CHAD M. KOEHN signed a consent decree judgment to **be SUSPENDED in "ALL CAPACITIES" from any affiliation with Securities Broker Dealers** and to be fined, for violative conduct of Securities Rules and Regulations

23. I am unable to have communication with plaintiffs counsel who are considered associates of HeraSoft **the entity which CRAIG ALAN BRAND is employed,** see Doc.'s 52 & 57

24. **7 Nov. 2022 SUSPENSION of Chad M. Koehn, plaintiff, went into force & effect**

25. Motion to Dismiss the largely altered complaint, void the racial insult was made timely under the KPSA (Kansas Speech Protection Act) a Kansas law which prevents the very type of frivolous incongruous SLAPP filed by the plaintiffs and substantially amended previously in Document 64; where the plaintiffs cite **"securities irregularities" and "a whistleblower working with the government"** as they causes of action. Now proven by the **FINE & SUSPENSION issued against Chad M. Koehn in Regulatory** Case: NO. 2021069470101

26. The plaintiff's entire action is as stated a SLAPP lawsuit designed to deter any person from speaking **"about a possible securities law violation"** Lawsuits filed with the intent to punish or dissuade persons from exercising their statutory rights are a well- established form of adverse action. *See BE & K Constr.Co. v. NLRB, 536 U.S. 516, 531 (2002) Torres v. Gristede's Operating Corp., (S.D.N.Y. 2008) (*deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions."); *Spencer v. Int'l Shoppes, Inc.,*

27. **"No person may take any action to impede an individual from communicating directly with the Commission** [SECURITIES AND EXCHANGE COMMISSION] **staff about a**

**possible securities law violation,"** Securities Fraud law firms from New York to Los Angeles have listed Chad M. Koehn's SUSPENSION and FINE **and are seeking victims.**

  a. https://www.kurtalawfirm.com/blog/chad-koehn/
  b. https://adviserinfo.sec.gov/individual/summary/2216169
  c. Chad Koehn lawsuit in Salina Kansas Archives • Israels Neuman, PLC
  d. Salina Advisor Chad Koehn: FINRA Investigates Ex-SA Stone Rep
  e. Mika Meyers Notice on Chad M. Koehn Suspension.
  f. https://www.israelsneuman Securities Fraud Attorneys Koehn Chad UCMK 10.24.22
  g. http://securities.mikameyers.com/chad-koehn/

28. **Plaintiffs continue to flout every order of the Court**, violate the Rules of Professional Conduct and refuse to follow the Federal Rules of Civil Procedure or Local Rules of the Court, by violative conduct against fair administration and business of the Courts:

  a. Falsely swearing declarations (as complained grievances)
  b. Filing False conferral declarations
  c. Failing to provide any discovery, pursuing obstructionist tactics to frustrate the proceedings, willfully disobey Court Orders, seeking to quash, every subpoena, seeking protective orders when quash will not work
  d. Threatening criminal charges in order to gain an advantage in this Civil Proceedings
  e. Running to the prosecutor in the parallel case to incarcerate me for participation here
  f. Craig Brand intentionally, with reckless malice has continued to send false designation emails see Documents 52 and 57, attempting to have me communicate with his employer Hera Software Development Inc. in order to have me violate the conditions of the Court in Oklahoma, Brand regularly uses anonymous emails.
  g. Use of other proceedings as procedural weapons, to prevent discovery, depositions, communications, **all hallmarks** of Criminal Defense Attorney Craig Alan Brand's criminal defense representation of criminal clients.
  h. **Failing to notice nor provide copies of their filings to the Court to the unrepresented pro se, party**, undersigned, despite REPEATED ORDERS, Ordering the plaintiffs compliance with Federal Rules of Civil Procedure
  i. Threatening criminal prosecution that limited scope legal representation is illegal.

j. Failing to provide discovery ORDERED to be provided in the format as ORDERED by the Court and the Court granting Motion to Compel, yet, ordering again plaintiffs compliance, plaintiffs <u>fail to comply with the Orders to Compel</u>

k. Extra judicial harassment, a known horrific tactic of Craig Alan Brand and his band of minions without limitation Mike Moran and Dale Takio (a criminal defense client who had charges dropped **after the WHISTLEBLOWER was found DEAD).**

**29. Plaintiffs have and continue to use the orders of the parallel Criminal Court to exact inordinate punishment and punitive actions for seeking Dismissal of the SLAPP.**

30. <u>CRAIG ALAN BRAND a Florida Criminal Defense attorney</u>, not only represents the plaintiff's *pro hac vice,* but also is a shareholder and general counsel and employee of the disputed entities. Upon information and belief Craig Alan Brand, often appears in this matter from an **international location, Costa Rica, the** Court is aware Craig Brand has previously faced an immigration stay order in Costa Rica and criminal charges for fraud.

31. Motion to Dismiss under Kansas, Strong Anti-SLAPP legislation § 60-5320(e)(2). Was dutifully filed and <u>certainly now is proven through the statement that the "Wells Notice"</u> issued to Chad M. Koehn was developed based on "TIPS", and now **Chad M. Koehn is SUSPENDED in "ALL Capacities"** from association with any securities broker dealer. <u>P</u>erhaps developed by other WHISTLEBLOWERS to **the massive CRYPTO CURRENCY pump and dump financial market manipulations** <u>against US interests.</u>

32. The Court is aware that the Oklahoma Court, has stated it must control, as the Court is aware I cannot travel, communicate, and the Court here has barred motions without leave, ergo I am unable to enter necessary information to the Court against the interests and fair administration of Justice, the business of the Courts, <u>I am being punitively punished in an inordinate fashion</u>, against the Constitution, subjecting me to cruel and unusual punishment.

33. **Chad M. Koehn's SUSPENSION for VIOLATIVE Conduct in violation of Rules and Regulations of the securities industry**, which are "securities irregularities", and the

information was developed by a US Federal Regulator based on "TIPS" indicative of a "whistleblower working with the government", the two **largely amended causes of action**, **thus granting** the Motion to Dismiss Kan. § 60-5320(e)

hyperlink:   CONSENT JUDGMENT AGAINST CHAD M. KOEHN  - UCMK

34. **My rights to defend this SLAPP lawsuit are being procedurally prevented by the orders of another Court.**  I am **prevented** from depositions of witnesses, communication with opposing counsel, **freedom of movement (travel)**, banishment from areas of the US**, making the ability to appear for hearing, impossible** doing so subjects me to indefinite incarceration; as Kelogg and Brand have already proven they will threaten criminal charges and have run to the prosecutor, in the parallel matter to prevent defense of the SLAPP here.

35. The Prosecutor in Oklahoma made the issue clear:

    a. "I believe, on the Federal lawsuit in Kansas. This all goes back to I'm sorry if you have spent a lot of your money paying for three attorneys in the State of Oklahoma bonding out in the State of Oklahoma, and you can't— or no one will take your case in Kansas -- because that's the other rumor I've heard. But just because you don't have anyone to represent you in Kansas, doesn't mean you get to violate a Judge's order in the State of Oklahoma and contact people associated with the business of HeraSoft in Bartlesville, Oklahoma."

36. Chad Koehn and UCMK claim to have led a "Series A" **unregistered and unlicensed sale of securities**, a separate matter than the **SUSPENSION Chad M. Koehn is under and fine, stemming from the so-called**:  *"triangular reverse short form merger of self dealt merger subs"*, containing **HERC CRYPTO CURRENCY Stock Coin,** directly related to Bitclub prosecuted: Bitclub Chad M. Koehn etAl, Promulgated a PPM (Public Placement Memorandum) on page 18, a man named Joby Weeks, convicted of the exact violative conduct as alleged here: HERC White Paper Crypto Currency EXHIBIT "C"

    a. "As the Prime Minister of Atlantis and Founding Father of Liberland Joby Weeks has found himself in bitcoin since it began as well as has worked in digital currencies since before 2009.  Finding himself at the helm of Liberty Dollar his project minted more than $100mm worth of gold rounds.  Joby is known to be the defender of personal rights and the protector of peace across nations."

**The US District of Kansas Federal Court should take Judicial Notice that NEITHER "Atlantis" nor "Liberland" are recognized countries.**

WHEREFORE, Plaintiffs have proven their willingness to use the parallel criminal case, yet to see a trial, to exact retribution, retaliatory actions for participating in this civil case. Now a hearing in-person in order to have me involuntarily violate the banishment (exile), communication restrictions and <u>travel restrictions</u> in the parallel criminal case; I have tried to get an attorney see Exhibit "D" attached herewith, I have also called dozens of attorneys throughout Kansas, doing so I discovered Koehn engaged in massive campaign to malign, LIBEL and SMEAR me in writing with FALSE charges, and even sent the same to US Regulators, violating my rights.

**I have NO Criminal History,** I have never before in my life been arrested, nor charged with any crime, before the legal issues I am now entangled. **Simply for being a WHISTLEBLOWER,** originally reporting **<u>as is my moral and ethical duty, to G-d and country,</u>** the underlying <u>CRYPTO CURRENCY fraud(s), and the unregistered and unlicensed sale of securities.</u> **<u>I have never been convicted of any crime, EVER</u>**. <u>The plaintiffs are abusing the legal system,</u> procedures and processes to be used as a sword not a shield attempting to force me to violate the conditions placed upon me including <u>restricted travel, communication and BANISHMENT and be sent to prison without trial</u>. **<u>Where are the protections for WHISTLEBLOWERS?</u>** <u>Crypto Currency Fraud is serious</u> and hits our Nation's headlines everyday; **Craig Brand is abusing the Court to <u>abuse and misuse the legal system</u>** as a sword **to silence and further abuse victims.**

**<u>WHEREFORE,</u>** I respectfully pray the Honorable United States Federal District Court of Kansas, <u>will see through the malicious prosecution, abuses of processes, and procedures and will</u>: postpone the hearing scheduled 14 December 2022, <u>or make decision based upon the pleadings</u>, given the aforementioned restrictions by other Courts, <u>making travel not possible, under threat of indefinite incarceration without trial, for violating travel restrictions, and BANISHMENT (exile).</u>

I humbly request and beg forgiveness of the Court, as I am unable to locate the Court's "standing orders" regarding page limitations, and appropriate relief as is necessary in this

EMERGENCY Motion INSTANTER. Wherein I have dutifully consulted the US District of Kansas Website: https://ksd.uscourts.gov/content/district-judge-john-w-broomes and the attached herewith Exhibit "A", wherein the Court will note there appears not any order regarding page limitations or other notice to a pro se litigant regarding the same or in making this Emergency Motion INSTANTER, I was able to locate through assistance the standing Administrative Order, as referenced dutifully herein above: ADMINISTRATIVE ORDER 2022-05 (Exhibit B) If it pleases the Court in order to be most effective in presentation of issues, like those addressed herein, could the Court please direct the undersigned, unrepresented, pro se litigant to the standing orders which caused the Order in document 183, AND to all other standing orders assist the unrepresented, impoverished, pro se undersigned with aiding the Court in its work through Judicial Economy, conservation of Judicial Resources and the business of the Court given the seriousness of the matter at hand and the diligence in which I seek to comply with the rules and orders of the Court, the Court's website for the presiding District Court Judge Broomes only provides two guidelines.

    Even IF the controlling Court in Oklahoma permits specified travel, request is made due to the uptick in COVID and variants + flu cases reported in Kansas <u>and thorough the dozens of States,</u> the pro se unrepresented, undersigned must travel in order to appear in person, incurring unfair financial hardship, as already impoverished and RISK death, due to underlying health conditions the undersigned is at extreme risk if virus is contracted. Pursuant with promulgated ADMINISTRATIVE ORDER 2022-05 (Exhibit B) of this Court, it is so now herein requested pursuant with paragraph (3) of the aforementioned order for particular accommodations for remote hearing, due to underlying medical conditions. *"To that end, while such motions need not include detailed medical information, they must include a request for the specific accommodation sought."* Particular accommodation sought is for hearing via Zoom as monthly status conferences or Phone.

In dutifully attempting to follow all orders of the Court and Rules, I seek leave to amend attaching an exhibit amended complaint, curing deficiencies attacked by Koehn's Motion to dismiss under Rule 12(b), a motion I note for the record and the Court which was neither noticed nor provided to me, an all too common theme with the violations to FRCP, Local Rules and those of professionalism employed by Koehn etAl.  I also believe I have a cause of action, for the bad faith, malicious prosecution and abuses of process, committed by Koehn/UCMK, and would like the opportunity to SHORTEN, CONDENSE and plead with further specificity allegations curing deficiencies, in order not have one litigation grow to many.  Especially wherein Koehn seeks to attack an elderly suffering parent as a means to intimidate and harass with no justification simply to drive a wedge in my family, ushering my dear old dad to an early grave, creating yet another lawsuit against Koehn and UCMK.  **I would like the opportunity to demonstrate to the Court professionalism, quick learning of the necessary elements I must present in order to prevail** and lay the path for others so similarly situated as well as noticing the Federal government in the public Federal Courts of the seriousness of the material misrepresentations and fraud I allege against the counter-defendants.  Section 10(b) of the Exchange Act and Rule 10b-5,4 promulgated by the Securities and Exchange Commission (SEC) pursuant to the authority of the Exchange Act, **prohibit material misstatements or omissions and fraud** in connection with the purchase or sale of a security.  I realize neither Section 10(b) nor Rule 10b-5 expressly creates a private right of action for persons seeking redress for violations of those provisions.  As early as the 1940s, these rules have been interpreted by the federal courts as creating an implied private right of action.  I realize separate action may be necessary under 15 U.S. Code § 77b(6).  This current case before the Court involves in large part the offer and sale of securities and **unregistered securities** including those in the form of investment contracts related to a crypto asset and stock coins. The investment contracts are securities under Section 2(a)(1) of the Securities Act [15 U.S.C. § 77b(a)(1)] and Section 3(a)(10) of the Exchange Act [15 U.S.C. § 78c(a)(10)]. **UCMK is an**

**SEC registered and thus licensed entity. <u>Chad M. Koehn is a FORMER stock broker</u>, currently SANCTIONED, and SUSPENDED from affiliation in "all capacities" with any securities broker dealer**. I am not suggesting I intend a filing under Rule 23, as interpreted by USSC *Erica P. John Fund, Inc. v. Halliburton, Inc.,* though I believe when facts are alleged with exhibits and affidavits the Court may find it in the interests of substantial justice to prevent manifest injustice and protect the Government to move for such certification and possibly appoint an attorney or receiver, or take other actions. This Court has jurisdiction over actions pursuant to Sections 20(b), 20(d)(1), and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d)(1), 77v(a)] and Sections 21(d), 21(e), 27(a) of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa(a)] & K.S.A. 17-12a101 & 50-623 under diversity.

<u>Respectfully Submitted, this 13th day of December 2022.</u>

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

**Phone: 702.932.3434**          email:   chadkoehnlawsuit@nosoybean.com or

oklahomaremote@gmail.com(not always receiving mail due to UCE attacks)

**<u>Certificate of Service:</u>**

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All <u>pleadings shall be so construed as to do substantial justice</u>"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus, U.S.Ct. L.Ed.2d (2007); Andrews v. Heaton*