# EXHIBIT

# "B"

# To Follow . . .

**Emergency Motion to Postpone or reschedule** "hearing" before US District Court Judge Broomes in light Administrative Order and **other Court Orders restricting communication, travel and banishment**
**INSTANTER**

https://ksd.uscourts.gov/sites/ksd/files/2022%2011%2018%20%20Administrative%20Order%202022-05%20COVID-19%20Pandemic%20Order%20Update.pdf

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**ORDER**

| | |
|---|---|
| IN RE: COVID-19 PANDEMIC ORDER UPDATE | ) <br> ) ADMINISTRATIVE ORDER 2022-05 |

This Administrative Order is a continuation of the Administrative Orders issued by this Court since the start of the COVID-19 pandemic in Kansas in March 2020. This order supersedes all previous Administrative Orders related to the CARES Act. This includes 2020-03, 2020-04, 2020-10, 2020-11, 2020-12, 2020-13, 2021-02, 2021-05, 2021-07, 2021-09, 2021-10, 2022-01, 2022-02, and 2022-03.

Based upon the ongoing COVID-19 pandemic, the continued ability to use video teleconferencing or telephone conferencing for hearing certain criminal matters is an imperative tool to ensure public safety and to minimize the risk of exposure to the public, detention facilities, defendants, staff, and counsel.

NOW, THEREFORE, the Court hereby makes the following Order:

This Court finds that emergency conditions continue to exist throughout this district, as found by the President and JCUS under the CARES Act;

1. This Court continues to authorize the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, in the criminal procedures specifically enumerated in section 15002(b)(1) of the CARES Act, to wit:

    a. Detention hearings under section 3142 of title 18, United States Code;
    b. Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure;
    c. Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure;
    d. Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure;
    e. Arraignments under Rule 10 of the Federal Rules of Criminal Procedure;
    f. Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure;
    g. Pretrial release revocation proceedings under section 3148 of title 18, United States Code;
    h. Appearances under Rule 40 of the Federal Rules of Criminal Procedure;
    i. Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure; and

j.  Proceedings under chapter 403 of title 18, United States Code (commonly known as the ''Federal Juvenile Delinquency Act''), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings.

Under section 15002(b)(4) of the CARES Act, the judge may use this authorization only upon the consent of the defendant, or the juvenile, after consultation with counsel. Such consultation with counsel may be accomplished by remote means, including but not limited to video or telephone conference.

2.  This Court also continues to authorize the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, in the criminal procedures specifically enumerated in section 15002(b)(2)(A) of the CARES Act, to wit: felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure. Under section 15002(b)(2)(A) of the CARES Act, the district judge in a particular case must find for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice. Further, under section 15002(b)(2) of the CARES Act, the judge may use this authorization only upon the consent of the defendant, or the juvenile, after consultation with counsel. Such consultation with counsel may be accomplished by remote means, including but not limited to video or telephone conference.

3.  The Court is mindful that in-person hearings may pose heightened risks to some parties, counsel, or witnesses. Motions for continuance that are based in whole or in part on particularized health conditions of a party, counsel, or witness need not include detailed medical information, but such motions must include sufficient information to allow the presiding judge to determine the length of the continuance, whether the hearing should be conducted in-person with particular protective measures, or whether the hearing should be conducted remotely by video or teleconferencing. To that end, while such motions need not include detailed medical information, they must include a request for the specific accommodation sought. In a criminal case, the period of postponement caused by the motion will be excluded under the Speedy Trial Act as the Court specifically finds that for public safety reasons, the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. section 3161(h)(7)(A).

4.  In consultation with the Clerk of Court, the Chief Judge will continue to monitor and review the relevant data to determine if the Court is adequately preserving the public health and safety in the functioning of the justice system. This Administrative Order may be amended or superseded to reflect the current conditions.

5.  Giving due consideration to public health and safety, the nature of the hearing, the interest of those involved, the protective measures in place in the courthouse and courtroom, and the general interests of justice, the presiding judge has the discretion to conduct courtroom hearings in civil and criminal cases.

6. In conducting the courtroom hearings, this Court will take reasonable protective measures to ensure the safety and health of parties, attorneys, Court personnel, and other courtroom participants, including (as appropriate) but not limited to: providing sanitizers and wipes, requiring social distancing, allowing the wearing of masks or face shields when doing so does not impede communication and, when practical, sanitizing of exposed areas between hearings. The presiding judge has the discretion to determine what reasonable measures should be taken, giving due consideration to the health and safety of all persons in the courtroom and the recommendations of the Facility Security Committee and the Court Security Committee.

7. Pursuant to the CARES Act and the Recovery Guidelines, the presiding judge has the discretion to use video and teleconferencing in criminal and civil hearings.

The Chief Judge has reviewed the CARES Act authorizations granted in this and previous Administrative Orders and, pursuant to section 15002(b)(3) of the CARES Act, the aforementioned authorizations are extended until the earlier of: (1) the date the Chief Judge determines the authorization is no longer warranted, (2) the date on which emergency authority granted by the JCUS is terminated, (3) the date authorization has been terminated pursuant to section 15002(b)(5) of the CARES Act, or (4) February 25, 2023. If this authorization has not been terminated before February 25, 2023, this Court will review this authorization and determine whether to extend it, in a frequency not to exceed 90 days.

SO ORDERED this 18th day of November, 2022.

s/ Eric F. Melgren
ERIC F. MELGREN, CHIEF JUDGE
UNITED STATES DISTRICT COURT