IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED CAPITAL MANAGEMENT OF KANSAS, INC. and
CHAD M. KOEHN,

        Plaintiffs,

v.        Case No. 22-4008-JWB

MICHAEL E. NELSON,

        Defendant.

**ORDER**

This matter comes before the court on Defendant's motion to continue or reschedule the December 14, 202,2 motions hearing. (Doc. 331.) The motions hearing is set for 9:00 am Central Standard Time ("CST") on Wednesday, December 14, 2022. (Doc. 320.) Defendant sent his motion to continue or reschedule to the clerk's office for filing at approximately 1:00 pm CST on Tuesday, December 13, 2022, only 20 hours in advance of the scheduled hearing. (*See* Doc. 331.) For the reasons stated herein, Defendant's motion is DENIED. Defendant is ordered to inform the court by 6:00 pm CST on Tuesday, December 13, 2022 (today), if he will attend the motions hearing on December 14, 2022. If Defendant fails to appear and fails to notify the court whether he will attend by today at 6:00 pm CST, Defendant may be subject to sanctions, which may include monetary sanctions for the money wasted by Plaintiff's counsel in attending tomorrow's hearing.

**I.    Background**

This case has been contentious from the start, and Plaintiffs and Defendant have filed more than 300 docket entries in less than a year. Many of those motions and filings were struck for

failure to comply with this court's standing order on page limitations[1] on September 1, 2022. (Doc. 183.) Defendant was also notified "that if the court concludes that it has reason to believe that any motion, brief, or other filing that remains pending after this order, or is filed at any time hereafter, is frivolous, vexatious, or otherwise presented for any improper purpose, the court will set the matter for an in-person hearing at which Defendant will be required to appear to argue the motion." (*Id.* at 3.)

Defendant subsequently filed numerous motions, briefs, and other filings, including the five motions and filings at issue for the motions hearing. (Docs. 254, 255, 266, 289, 292.) The court set these five motions for an in-person hearing on November 16, 2022. (Doc. 320.) The notice of hearing was mailed to Defendant on that date. Magistrate Judge Birzer's law clerk also notified Defendant of the December 14, 2022, motions hearing by email on December 5, 2022.

II. **Timeliness of Defendant's "Emergency" Motion**

District of Kansas Rule 6.1(b) governs motions for continuance. The rule states: "[a] party must file a motion to continue a pretrial conference, a hearing on a motion, or trial reasonably in advance of the current setting and must specify the views of the other parties." D. Kan. Rule 6.1(b). Defendant does not state in his motion whether he has consulted Plaintiffs and because he argues he cannot have contact with their attorney, the court concludes that Defendant has not consulted Plaintiffs about this continuance.

Moreover, Defendant has not filed this motion "reasonably in advance of the current setting." The clerk's office did not receive Defendant's motion for filing until 1:02 pm CST on

---

[1] The Local Rules for the District of Kansas were amended and went into effect on December 1, 2022. One amendment impacted page limitations for filings. *See* D. Kan. Rule 7.1(d). This court previously had its own standing order regarding page limitations which was referenced in the court's previous order. (Doc. 183 at 1.) Given the new local rule, this court has lifted its standing order and now follows the District of Kansas local rules for page limitations. Defendant is directed to follow D. Kan. Rule 7.1(d) with regard to page limitations.

Tuesday, December 13, a mere 20 hours before the motions hearing is set.  Defendant calls his motion an "Emergency Motion," yet the reasons he provides for requesting a continuance are things he has clearly known about since this motions hearing was set.

First, Defendant argues that he is not permitted to travel and is "banished" from certain parts of the United States, presumably including Kansas, by order of the judge in his criminal case in Oklahoma.  (Doc. 331 at 3.)  Defendant has not attached any order by that court as an exhibit to this motion as evidence that he is not permitted to travel.  Most importantly for the purposes of the "emergency" nature of Defendant's motion, *if he has travel restrictions imposed upon him*, he has certainly been aware of those travel restrictions since before November 16, 2022, when this hearing was set.  Defendant should have notified the court sooner about his predicament.

The court also takes this opportunity to note that attached to one of Defendant's previous motions is an order by the Oklahoma court which does not impose any travel restrictions upon Defendant.  (Doc. 292-4 at 13.)  Moreover, the court obtained a copy of a protective order entered in the Oklahoma criminal case, and nothing in that document imposes any travel restrictions.  In sum, it was Defendant's burden to provide timely proof of any impediment to his attending tomorrow's hearing, and he has failed to do so.  The court has gone out of its way, in the exceedingly limited time available, to check the record for any evidence of such travel restrictions, and has found none.  Accordingly, the court rejects this basis for continuing the hearing both for untimeliness and lack of evidence.

The next argument Defendant brings as to why he cannot attend an in-person hearing is that he is at severe risk for COVID-19 complications and risks infection if he travels to Kansas. (Doc. 331 at 8.)  The COVID-19 pandemic began in the United States in March 2020, nearly three years ago, so Defendant knew about the potential for COVID-19 exposure long before today.

While the court understands Defendant's desire to avoid COVID-19, Defendant knew at the time he filed these motions (Docs. 254, 255, 266, 289, 292) that the court would set them for an in-person hearing if it found them to be "frivolous, vexatious, or otherwise presented for any improper purpose." (Doc. 183 at 3.) Defendant took the risk with filing the motions anyway, and now he does not wish to face the consequence of an in-person appearance.

### III.     Conclusion

None of the reasons Defendant presents in his motion to continue or reschedule the December 14 motions hearing are convincing or emergent. The court DENIES Defendant's motion to continue. (Doc. 331.) The court orders Defendant to notify this court at KSD_Broomes_Chambers@ksd.uscourts.gov by 6:00 pm CST today, December 13, 2022, whether he will attend the in-person hearing tomorrow, December 14, 2022 at 9:00 am CST.

IT IS SO ORDERED. Dated this 13th day of December 2022.

__s/ John W. Broomes_____  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE