IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED CAPITAL MANAGEMENT OF KANSAS, INC. and
CHAD M. KOEHN,

      Plaintiffs,

v.                                                  Case No. 22-4008-JWB

MICHAEL E. NELSON,

      Defendant.

**MEMORANDUM AND ORDER**

This matter came before the court for a motions hearing on December 14, 2022. Plaintiff Chad Koehn appeared in person and by his counsel, Chris Kellogg and Larry Michel. Defendant Michael Nelson failed to appear as ordered. For the reasons stated herein, Defendant's motions (Docs. 254, 255, 266, 289, 292) are DENIED. Defendant is ordered to submit his Pro Se Electronic Notification form so he is receiving electronic notifications of filings by December 20, 2022. Defendant is ordered to show cause as to the travel restrictions imposed by bond conditions or other order of the Oklahoma criminal court by December 31, 2022. If Defendant fails to show cause by December 31, 2022, the court may impose sanctions against Defendant for his lack of candor to the court.

**I.    Background**

This case has been contentious from the start, and Plaintiffs and Defendant have filed more than 300 docket entries in less than a year. After many of Defendant's motions were struck for failure to comply with page limitations, Defendant was also notified "that if the court concludes that it has reason to believe that any motion, brief, or other filing that remains pending after this order, or is filed at any time hereafter, is frivolous, vexatious, or otherwise presented for any

improper purpose, the court will set the matter for an in-person hearing at which Defendant will be required to appear to argue the motion." (Doc. 183 at 3.)

Defendant subsequently filed numerous motions, briefs, and other filings, including the five motions and filings at issue for the motions hearing. (Docs. 254, 255, 266, 289, 292.) The court determined that the contents of those motions suggested that they may have been frivolous, vexatious, or otherwise presented for an improper purpose, and accordingly set those five motions for an in-person hearing. (Doc. 320.) The notice of hearing was mailed to Defendant on November 16, 2022. Magistrate Judge Birzer's law clerk also notified Defendant of the December 14, 2022 motions hearing by email on December 5, 2022.

Defendant subsequently filed a motion to continue or reschedule the December 14 hearing on December 13, 2022 at about 1:00 pm. (Doc. 331.) The court denied Defendant's motion and ordered Defendant to notify the court by 6:00 pm on December 13 whether Defendant would attend the December 14 hearing. (Doc. 332 at 4.) Defendant notified the court by email at 5:59 pm that he would not attend the December 14 hearing.

**II.  Standard**

In reviewing an order by a magistrate judge, the district court "applies a more deferential standard [than de novo review] by which the moving party must show that the magistrate's order is 'clearly erroneous or contrary to law.'" *Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997) (quoting 28 U.S.C. § 636(b)(1)(A)). The clearly erroneous standard requires that the district court affirm unless on the evidence the district court is left with a definite and firm conviction that the magistrate judge's decision was in error. *See id.*

**III.  Motions (Docs. 254, 255, 266, 289, 292)**

Defendant filed these motions which appeal orders by Magistrate Judge Birzer or otherwise request review or reconsideration of Judge Birzer's orders. (Docs. 254, 255, 266, 289, 292.) Defendant's motions are not models of clarity. The motions are rambling diatribes attempting to ascribe some error to Judge Birzer's previous orders. For this reason, the court wished to provide Defendant an opportunity to appear in-person and explain the alleged errors he finds in the orders. Defendant failed to do so, and this failure to appear, in part, is the reason these motions are denied.

Defendant's first motion at issue (Doc. 254) takes issue with an order by Judge Birzer on various discovery issues (Doc. 63). The court has reviewed Defendant's motion and Judge Birzer's order and finds no error. The court denies Defendant's motion.

Defendant's next motion at issue (Doc. 255) appeals Judge Birzer's initial order regarding planning and scheduling (Doc. 70). The court has reviewed Defendant's motion and Judge Birzer's order and finds no error. Defendant's motion is denied.

Defendant next appeals (Doc. 266) Judge Birzer's order (Doc. 238) denying Defendant's motions for judicial notice. Again, the court finds no error in Judge Birzer's order and Defendant's motion is denied.

Judge Birzer entered a scheduling order (Docs. 122, 124) which Defendant appeals (Doc. 289). The court finds no error and denies Defendant's motion.

Last, Defendant appeals (Doc. 292) Judge Birzer's order arising out of an October 4, 2022, status conference addressing several discovery issues (Doc. 268). Judge Birzer has subsequently entered an amended order. (Doc. 274.) The court has reviewed Defendant's motion and both orders and finds no error. Defendant's motion is denied.

In sum, Defendant was given an opportunity to appear and argue his motions. He failed to do so. The court finds that his motions should be denied on the alternative bases that he failed to

appear as ordered, thus leaving the court unable to find any discernable basis in his motions to overturn Judge Birzer's order; and that the court's independent review of Judge Birzer's orders reveals no errors that warrant correction.

IV. **CM/ECF**

Defendant has not registered for CM/ECF to file documents electronically or to receive notifications of filings electronically. This has complicated this litigation, as Plaintiffs have been required to mail hard copies of their filings to Defendant. At times, Defendant has complained about not receiving filings. Moreover, yesterday's events highlight the difficulties that this situation causes the court. Defendant filed his meritless motion to continue today's hearing yesterday at 1:00 PM CST. The hearing was set for today at 9:00 AM. That left precious little time for the court to consider Defendant's motion and figure out how to get an order to him in time for today's hearing. The court directed that copies of its order denying Defendant's motion to continue be emailed to Defendant's known email addresses. That order directed Defendant to notify the court by email to the chambers email address by 6:00 PM CST as to whether he intended to attend the next day's hearing. Defendant responded by email at 5:59 PM CST as directed; however, in a frustrating turn of events, the court's email system routed that response to a junk email folder, leaving the court and its personnel to monitor the chambers email account for hours well into the night in hopes of being able to alert opposing counsel if notified that Defendant would not attend, thereby saving Plaintiff and his counsel the expenses of traveling to the Wichita courthouse if the hearing was going to be a waste of time. Although in this instance Defendant received and responded to the court's order as sent by email, the court declines to repeat this exercise of wondering whether orders will be timely received and acted on by defendant in the future. The record in this case reflects that Defendant has vehemently resisted receiving service

by email or CM/ECF electronic notification, demanding instead that he receive service by mail. (Doc. 35.) The magistrate judge has accommodated Defendant's demands up to this point. (Doc. 123.) But the time has come for Defendant's abuse of that privilege to end.

The court orders Defendant to complete the Pro Se Electronic Notice form, https://ksd.uscourts.gov/sites/ksd/files/FINALRevisedProSeNEF-form.pdf. Defendant is ordered to follow the instructions on the form, which include filling out certain information, affixing his own wet signature to the form, and sending the form either by email, fax, or mail to the appropriate location specified on the form.[1]

This will allow him to receive electronic notification of all filings in this matter so that Plaintiffs will not be required to mail Defendant copies of the filings. This will not require Defendant to electronically file his own documents and will allow him to continue emailing his filings to the clerk's office for filing. Defendant is ordered to complete the Pro Se Electronic Notice form and send it in by email, fax, or mail so that he is able to receive electronic notices of filing by December 20, 2022. Effective December 21, 2022, Plaintiffs may rely on CM/ECF notifications of filing for effectuating service of papers on Defendant as described in Federal Rule of Civil Procedure 5.

V. **Order to Show Cause**

In Defendant's motion to continue, Defendant argued that he was "banished" from certain parts of the United States and could not travel according to restrictions by the court in his Oklahoma criminal case. (Doc. 331 at 3.) Defendant did not attach any order to that motion which would establish that Defendant is prohibited from traveling. The court undertook every effort it

---

[1] Defendant can find additional resources for pro se parties at the following link: https://ksd.uscourts.gov/resource-materials.

could to uncover any traveling restriction imposed upon Defendant and did not find any such condition. (*See* Doc. 332 at 3.)

The court orders Defendant to show cause why he should not be sanctioned for falsely alleging that he was prohibited by the court in his Oklahoma criminal case from traveling to Kansas for today's hearing. (Doc. 331 at 3.) Defendant must submit proof of these travel restrictions to the court by filing a response to this order to show cause, which includes such proof, on or before December 31, 2022. If Defendant fails to do so, the court may impose sanctions upon Defendant for his lack of candor to the court. Defendant is warned that his statements alone will not suffice for proof of his travel restrictions. Instead, he must provide copies of orders from the Oklahoma court imposing such restrictions.

### VI. Conclusion

For the reasons stated, Defendant's motions (Docs. 254, 255, 266, 289, 292) are DENIED. Defendant is ordered to submit his completed Pro Se Electronic Notice form so that he is receiving electronic notifications of filing from the CM/ECF system by December 20, 2022. Defendant is ordered to show cause on or before December 31, 2022, why he should not be sanctioned for making false statements in his recent motion to continue hearing (Doc. 331 at 3.) regarding alleged travel restrictions imposed by the Oklahoma criminal court. If Defendant fails to show cause on or by December 31, 2022, Defendant may be subject to sanctions for his lack of candor to the court.

IT IS SO ORDERED. Dated this 14th day of December 2022.

                                                    __s/ John W. Broomes_____
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE