IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN, <br><br>Plaintiffs, <br><br>v. <br><br>MICHAEL E. NELSON, <br><br>Defendant. | Case No. 22-4008-JWB-GEB |

## ORDER OF RECUSAL

For the reasons set forth below, the undersigned Magistrate Judge concludes her recusal will promote confidence in these proceedings and avoid even the appearance of impropriety.

### I.  Procedural Background

The parties submit agenda topics with supporting documentation prior to each conference so the Court and all parties can prepare for the discussion. In advance of the Status Conference set for December 6, 2022, Defendant submitted his topics. He sought to compel Plaintiffs' responses to his written discovery. It was during a review of Plaintiffs' interrogatory answers the Court recognized an issue which might require her recusal. The Court cancelled the Status Conference set for December 6, 2022 to allow for a review of the issue.

1

**II.     Discussion**

Defendant Michael Nelson removed this case from Saline County, Kansas District Court on February 1, 2022. The case was assigned to District Judge John W. Broomes who referred it to the undersigned Magistrate Judge for case management and to handle all discovery related matters.

In reviewing Plaintiffs' interrogatory answers in preparation for Defendant's argument to compel further response to be heard at the December 6, 2022 Status Conference, the Court became aware of an individual, related to the undersigned's chamber's staff, identified in the discovery response who Plaintiffs "believe has knowledge regarding the facts of this lawsuit." This individual was not initially identified in any party's Rule 26(a) disclosures as a person likely to have discoverable information submitted in July 2022.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned."[1] The recusal requirement arises *sua* sponte when a judge's impartiality might reasonably be questioned. The purpose of this requirement is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."[2] "A judge has a continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's

---

[1] 28 U.S.C. § 455(a).
[2] *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)).

impartiality."³ A judge must recuse herself **"when there is the appearance of bias, regardless of whether there is actual bias."**⁴ The decision to recuse is within the discretion of the court.⁵ But "if the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal."⁶

The undersigned believes she has been impartial in her decisions in this matter and has fully complied with the Code of Conduct for United States Judges and the applicable Committee on Codes of Conduct Advisory Opinions. Nonetheless, the undersigned concludes her recusal will promote confidence in these proceedings and avoid even the appearance of impropriety.

**IT IS THEREFORE ORDERED** the case be reassigned by random draw.

Dated December 16, 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

---

³ *United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir. 2000) (citing *United States v. Cooley,* 1 F.3d 985, 992–93 (10th Cir.1993)).
⁴ *United States v. Franco-Guillen*, 196 F. App'x 716, 718 (10th Cir. 2006) (quoting *Bryce v. Episcopal Church,* 289 F.3d 648, 659 (10th Cir.2002)) (emphasis added).
⁵ *United States v. Cooper*, 283 F. Supp. 2d 1215, 1223 (D. Kan. 2003) (citing *United States v. Stenzel,* 49 F.3d 658 (10th Cir.), *cert. denied,* 516 U.S. 840 (1995)).
⁶ *Cooper* 283 F. Supp. 2 at 1223 (quoting *Nichols v. Alley,* 71 F.3d 347, 352 (10th Cir.1995)).