12/14/2022     UNITED CAPITAL v. NELSON     22-4008        1

```
 1                IN THE UNITED STATES DISTRICT COURT
                          DISTRICT OF KANSAS
 2

 3  UNITED CAPITAL MANAGEMENT OF
    KANSAS, INCOPORATED,
 4  and CHAD KOEHN,

 5            Plaintiffs,

 6        vs.                           District Court
                                        Case Number
 7  MICHAEL NELSON,                     22-4008

 8            Defendant.

 9

10                   TRANSCRIPT OF PROCEEDINGS

11
           On the 14th day of December, 2022 at 9:13 a.m.
12  came on to be heard in the MOTION HEARING in the
    above-entitled and numbered cause before the HONORABLE
13  JOHN W. BROOMES, Judge of the United States District
    Court for the District of Kansas, Sitting in Wichita.
14         Proceedings recorded by mechanical stenography.
           Transcript produced by computer.
15

16
    APPEARANCES
17
           The Plaintiff appeared in person and by and
18  through:
           Mr. Mr. Chris Kellogg
19         Mr. Larry Michel
           Kennedy, Berkley, Yarnevich & Williamson
20         119 West Iron Ave, 7th Floor
           PO Box 2567
21         Salina, Kansas 67402

22

23

24

25
```

Jana L. McKinney, CSR, RPR, CRR, RMR
United States Court Reporter
PH. (316) 315-4268

12/14/2022    UNITED CAPITAL v. NELSON    22-4008        2

1           (The following proceedings commenced at 9:15 a.m.
2  and have been requested transcribed:)
3           THE COURT:  This is Case Number 22-4008, United
4  Capital Management, Incorporated -- United Capital
5  Management of Kansas, Incorporated, versus Nelson.
6           May I have appearances, please.
7           MR. KELLOGG:  Your Honor, if it please the
8  Court.  Chris Kellogg and Larry Michel of the law firm
9  Kennedy Berkley.
10          And Chad Koehn, the plaintiff, appears as well.
11          THE COURT:  Thank you.
12          Let the record reflect that the defendant Michael
13 Nelson has failed to appear.
14          Mr. Nelson filed a motion to continue at 1:00 p.m.
15 yesterday afternoon.  The Court spent considerable time
16 yesterday afternoon addressing the allegations in that
17 motion and determined that Mr. Nelson had failed to meet
18 his burden to show that his reasoning provided in that
19 motion had a sound basis in law.
20          He claimed that he was prohibited from coming to
21 Kansas for this hearing because of restraints on his
22 travel in his Oklahoma criminal case.  He also asserted
23 that he had fears of catching COVID-19.  The Court
24 determined that Mr. Nelson provided no evidence of any
25 travel restrictions.  The Court reviewed the record, such

1  as we have on the Oklahoma criminal case, found bond
2  conditions in the record that did not include travel
3  restrictions.  The Court further concluded that, in any
4  event, Mr. Nelson would have been aware of these the
5  moment this hearing was scheduled, and that it was
6  untimely to interpose his request for a continuance 20
7  hours before the hearing is set to begin.
8         So I denied the motion and directed him to inform
9  the Court by email to chambers' email by 6:00 p.m. local
10 time whether or not he intended to attend this hearing
11 today.  And I watched that email box diligently all
12 evening because my hopes were that even if he didn't meet
13 that deadline specifically, if I had sufficient warning I
14 would inform plaintiffs and plaintiffs' counsel that he
15 wasn't going to attend, and so there wasn't any need to
16 have this hearing today.
17        Nothing showed up, but I was informed on my way to
18 work this morning that, in fact, he emailed chambers at
19 5:59 p.m. last night and his email went to junk mail.
20        Now I get a lot of junk in that mailbox that
21 doesn't go to the junk mail folder.  I am going to get to
22 the bottom of why the one email that I was looking for
23 last night ends up in junk mail but I think the fact is
24 that at least with respect to the deadline I gave him, it
25 has every appearance that he complied with that and told

12/14/2022    UNITED CAPITAL v. NELSON    22-4008       4

1  me he wasn't coming.  So, that's where we find ourselves
2  today.
3         Now I called this hearing because I had a prior
4  order informing Mr. Nelson that if I got the impression
5  that any of the motions that he filed were frivolous,
6  vexatious, or been presented for an improper purpose,
7  that I would require him to appear in person to present
8  and argue those motions.  Thereafter he filed a number of
9  motions, some of which I have taken under advisement, and
10 might have ruled on one or two by now, several are in the
11 works, so there are several of them that I did not find
12 met that requirement for having him come here personally,
13 but I identified a few that did give me the impression
14 that they were frivolous, vexatious, or filed for
15 improper purposes and I set those for hearing this
16 morning.
17        And those are his appeals of the Magistrate Judge
18 Birzer's orders filed at -- the appeal documents are
19 filed at Docket 254, 255, 266, 289, and 292, as near as I
20 can tell.  That's one of the reasons I had this hearing
21 is these are not a model of clarity.  They are rambling
22 diatribes which only appear to touch in the most
23 tangential ways the underlying orders.
24        But as near as I can tell, Docket 254 was an
25 appeal from Judge Birzer's appeal at Docket 23.

12/14/2022    UNITED CAPITAL v. NELSON    22-4008    5

1           Docket 295 appeals an order at Docket Entry 70.
2           Docket 266 appeals her order at Docket 238.
3           Docket 289 appeals a scheduling order that was
4    entered at Dockets 122 and 124.
5           And Docket 292 was an appeal of an order that was
6    entered at Docket 268, and then amended at Docket 274.
7           I've reviewed those orders.  I can't find anything
8    wrong with them.
9           This was the defendant's opportunity to come
10   explain to me what he thinks is wrong with them.  He's
11   forcing me to proceed without his assistance in this
12   matter and, therefore, I will act accordingly.  That
13   takes care of that.
14          One of the things I want to know from plaintiff,
15   who is Spencer Angell, and what does he know about this
16   case?
17               MR. KELLOGG:  I'm sorry, Your Honor, who is
18   that?
19               THE COURT:  Spencer -- is it Angel, Angell?
20   (Pronouncing.)
21               MR. KELLOGG:  Spencer Angell?
22               THE COURT:  A-n-g-e-l-l.
23          Who is he and what does he know about this case.
24               MR. KELLOGG:  Spencer Angell is the son of one
25   of our law firm partners, Jim Angell.  My guess is he

12/14/2022   UNITED CAPITAL v. NELSON   22-4008        6

1  knows nothing about this case.  He hasn't been involved
2  in it.
3              THE COURT:  He better know a lot.
4              MR. KELLOGG:  I'm sorry, Judge?
5              THE COURT:  He better know a lot because he's
6  been disclosed in this case as someone with knowledge.
7              MR. KELLOGG:  Are you talking about --
8              THE COURT:  It is my understanding he is the son
9  of Magistrate Judge's -- Judge Birzer's law clerk.
10         Now if I get the chance, the impression that
11 someone is trying to kneecap my magistrate judge with a
12 contrite conflict of interest, there is going to be
13 trouble.
14         And if you're telling me he doesn't know anything,
15 there's going to be trouble.
16             MR. KELLOGG:  I can --
17             THE COURT:  So you want to talk to your client
18 there?
19         Do you want to talk to your client?  He seems to
20 want to talk to you.
21             MR. KELLOGG:  Yes, sir, are you talking about
22 James Angell, or Spencer Angell?
23             THE COURT:  Spencer.  He is listed in a
24 disclosure that was filed in this case, Plaintiffs'
25 Answers to Defendant's Interrogatories, I don't know what

12/14/2022    UNITED CAPITAL v. NELSON    22-4008      7

1  the Docket Entry number is, but on the third page he's
2  identified as person number 21 with knowledge about this
3  case.
4          And this document is signed by Chad Koehn.  The
5  certificate is signed out by Larry Michel.  It's dated
6  November 10th, 2022.
7          MR. KOEHN:  Your Honor, all I want to add --
8          THE COURT:  I don't want to hear from you, I
9  want to hear from your lawyer.
10         (Sotto voce discussion had.)
11         MR. KELLOGG:  Your Honor, so my client informs
12 me that Spencer Angell was a summer intern at his
13 investment firm and was listed as a witness as possibly
14 having information about the harassment Mr. Nelson has
15 committed against Mr. Koehn and his company.
16         THE COURT:  So you think that is something that
17 is material to this case?
18         MR. KELLOGG:  The harassment, sir, or
19 Mr. Angell?
20         THE COURT:  Mr. Angell's knowledge.
21         MR. KELLOGG:  Mr. Angell's knowledge?
22         THE COURT:  Mr. Angell's knowledge about it.
23        I am worried, I know you all have tried to get
24 Judge Birzer to recuse from this case, and what I am
25 telling you is if I think that this is some effort to

12/14/2022    UNITED CAPITAL v. NELSON    22-4008      8

1  backdoor that recusal, that's not going to go well.
2             MR. KELLOGG:  No, absolutely not, Your Honor,
3  we're not intending to play games with the court in any
4  way.
5         We accepted Judge Birzer's order that she wasn't
6  recusing and we have moved on from that.
7             THE COURT:  So do you think Mr. Angell has
8  material knowledge that's going to be important to this
9  case that he's going to be a likely witness or have
10 something substantial to contribute in the litigation of
11 this matter?
12            MR. KELLOGG:  I don't believe so, Your Honor.
13 My client tells me no.
14            THE COURT:  All right.  Very well.  I have the
15 things in front of me that I need to deal with, which are
16 these five motions I set for hearing.
17         Is there something you want to talk about since
18 we're here today?
19            MR. KELLOGG:  Your Honor, the only item I would
20 like to bring up, outside of dealing with our potential
21 fees and these motions themselves, you recently ruled on
22 our motion to amend the -- amend our complaint and we
23 were wondering if you would consider giving us 14 days to
24 cure any defects in that potential amendment?
25            THE COURT:  Nope.

12/14/2022    UNITED CAPITAL v. NELSON    22-4008    9

1              MR. KELLOGG:  Okay.
2         Thank you, Judge.
3              THE COURT:  You had your chance.
4         Look, this case is a train wreck.  All right?
5    This darn thing has been on file, what?  Less than a
6    year?
7         It's got more docket entries than cases that have
8    been on file for years.  I know this has been a difficult
9    problem for Judge Birzer to manage because this is -- the
10   beginning phases of this case are so much more burdensome
11   on the magistrate judge.
12        And, you know, she's a thoughtful, kind person.
13   I'm not necessarily that way and I'm not going to waste
14   time on this case.  We are going to get this done, and if
15   I have to haul people in here to work through this stuff
16   like I did today, then that's what I am going to do.
17        But we're going to litigate this in an orderly and
18   civilized manner, and lets restore some dadgum regular
19   order to this case.  It's in shambles.  You don't know --
20   or maybe you do know, 90 percent of our time gets wasted
21   on crazy people and crazy cases.  The good stuff really
22   flows through here rather smoothly.
23        So this thing has a lot of moving parts.  It's one
24   of the reasons I wanted to get Mr. Nelson here today, but
25   he didn't show up, so I'm going to deal with that.  But

12/14/2022    UNITED CAPITAL v. NELSON    22-4008      10

```
 1  as for your part in it, I expect everyone to conduct
 2  themselves professionally and try to get this thing
 3  resolved as promptly as possible.
 4            Ultimately, what is your goal here?
 5            What relief are you requesting?
 6            Are you trying to get money out of this man?
 7            Does he have any money, or are you just after
 8  injunctive relief?
 9            I haven't pulled up your line pleading.
10            MR. KELLOGG:  Yes, sir -- I'm sorry, Your Honor.
11            We are requesting monetary relief against
12  Mr. Nelson.
13            THE COURT:  Does he have any money?
14            MR. KELLOGG:  That remains to be seen, Judge.
15  In one breath he claims he doesn't have any money, and
16  then in another breath claims to have access to a great
17  deal of funds.
18            THE COURT:  All right.  Is that the only thing
19  you're asking for, or are you asking for injunctive
20  relief?
21            MR. KELLOGG:  We're also requesting, Your Honor,
22  that he be ordered to cease and desist his activities
23  against Mr. Koehn and United Capital Management of
24  Kansas.
25            THE COURT:  Okay.  I mean, let's get to the
```

12/14/2022   UNITED CAPITAL v. NELSON    22-4008      11

1 practical order of this.  Now I'm not going to impose
2 myself in settlement negotiations but I really think as
3 unwieldy as this is you all are going to have to be
4 intelligent about how you approach this.
5         What can you really get out of it?  And is there a
6 way to get there in a -- in an efficient manner?  Because
7 what we have here, this scorched earth litigation stuff,
8 if he doesn't have any money, you guys are wasting a ton
9 of money dealing with it and whatever you actually
10 practically hope to get out of it, if you can wrap your
11 minds around how to get there without continuing this
12 unbelievable litigious process in this case, I think
13 everyone would be better off.
14         That's up to you.  But just sitting here 50,000
15 feet looking at this thing it looks like a mess.  It
16 looks like a money pit.  And on the plaintiffs' side of
17 this case there's -- I have to wonder is there really any
18 real judgment to be had at the end for damages, so if
19 there is something else we want that might be achievable,
20 certainly would be doing your client a service thinking
21 creatively how to get there.
22         But that's your business, it's not my role in the
23 case.  But I just offer that as fair commentary.
24         Now anything else?
25             MR. KELLOGG:  No, Your Honor.

12/14/2022    UNITED CAPITAL v. NELSON    22-4008        12

1        As I said, we are simply awaiting your rulings on
2  the motions, as well as we would like to make a request
3  for our fees for today.
4            THE COURT:  Well, if he had not responded last
5  night like I told him to, I would be more inclined to do
6  that but you know the best laid plans of mice and men,
7  somehow this ends up in junk email.
8        I basically told him if -- you need to let me know
9  by the end of the day yesterday, and as far as I can
10 tell, he did that.  So I think I have set it up so that
11 if he timely responded, he wasn't going to be looking at
12 your fees to come down here because I was going to call
13 this off and save all that.
14       I am going to deal with his motions.  I'm also
15 tired of seeing these games -- what I perceive as games
16 played with service, so I'm ordering him onto ECF in this
17 order, and you will be authorized to serve him by ECF
18 going forward so that I'm not left with situations like
19 yesterday where I am e-mailing orders out hoping that he
20 gets them because he's on some sort of paper service
21 regime where he has the potential to hide behind the idea
22 that he never got it in the mail until the end of the
23 week.  I have seen enough of that.  I'm putting a stop to
24 it.
25       So that will be in an order that is forthcoming.

1           I think that's all I have today.
2           If you have nothing else, sorry you had to make
3 this trip, but hopefully we can move this along from
4 here.
5           MR. KELLOGG:  Thank you, Judge.
6           MR. MICHEL:  Thank you, Your Honor.
7        (Proceedings conclude at 9:30 a.m.)
8        **********************************************
9                   C E R T I F I C A T E
10          I, Jana L. McKinney, United States Court
11 Reporter in and for the District of Kansas, do hereby
12 certify:
13          That the above and foregoing proceedings were
14 taken by me at said time and place in stenotype;
15          That thereafter said proceedings were
16 transcribed under my discretion and supervision by means
17 of transcription, and that the above and foregoing
18 constitutes a full, true and correct transcript of
19 requested proceedings;
20          That I am a disinterested person to the said
21 action.
22          IN WITNESS WHEREOF, I hereto set my hand on
23 this, the 16th day of December, 2022.
24          s/ Jana L. McKinney
            Jana L. McKinney, RPR, CRR, CRC, RMR
25          United States Court Reporter

1                       I N D E X
                                                        PAGE
2

3
    REPORTER'S CERTIFICATE                              13
4