KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:	(785) 825-4674
F:	(785) 825-5936

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHAD M. KOEHN, PERSONALLY, AND UNITED CAPITAL MANAGEMENT OF KANSAS, INC., a/k/a UNITEDCAPITALMANAGEMENT OF KANSAS, INC., ) ) **Plaintiffs,** ) vs. ) ) MICHAEL NELSON, Individually, ) ) **Defendant.** ) ) | Case No. 22-CV-04008-JWB-TJJ |

## SECOND AMENDED COMPLAINT

Plaintiffs, **CHAD M. KOEHN** ("Mr. Koehn") and **UNITED CAPITAL MANAGEMENT OF KANSAS, INC.** a/k/a **UNITED CAPITAL MANAGEMENT OF KANSAS, INC**. ("UCM")(Together "Plaintiffs"), by and through their undersigned counsel, make the following claims against the Defendants, MICHAEL NELSON ("Mr. Nelson" or "Defendant"):

### PARTIES, JURISDICTION AND VENUE

1.	Plaintiff, CHAD M. KOEHN, is a citizen of Salina County, Kansas and his principal place of business is located in Saline County, Kansas.

1

2. Plaintiff, UNITED CAPITAL MANAGEMENT OF KANSAS, INC. a/k/a UNITED CAPITAL MANAGEMENT OF KANSAS, INC., is a Kansas corporation, which maintains its principal place of business in Saline County, Kansas and is sui juris.

3. Defendant, MICHAEL NELSON, is a citizen of the State of Nevada, believed to be residing in or around Washington County, Rhode Island. At all times material hereto the Defendant Michael Nelson is sui juris.

4. The Court has diversity jurisdiction over the parties and this action pursuant to 28 U.S.C. § 1332(a)(1) in that each of Plaintiffs' claims against the Defendant involve citizens of different states and the amount of each of Plaintiffs' respective claims is in excess of $75,000.00, exclusive of interest and costs.

5. Venue of the action lies in Saline County, Kansas, in that the wrongful actions of the Defendant were intended to affect the Plaintiffs at their principal place of business in Saline County, Kansas, and the defamatory statements and the substantial majority of Defendant's intentional interference with Plaintiffs' business relationships occurred within the State of Kansas.

## GENERAL ALLEGATIONS

6. At all times material hereto, UCM has been a financial consulting firm, and Mr. Koehn has been the President of UCM, also performing the functions of a Chief Executive Officer and a Chief Operating Officer of UCM.

7. At all times material hereto, Plaintiffs had been a registered investment advisor with the Financial Industry Regulatory Authority ("FINRA"), through the use of a Series 7 license until Plaintiff Chad Koehn voluntarily surrendered the license in 2020 as it was no longer in use.

8. At no time has the Defendant MICHAEL NELSON:

   a. Ever worked for any of the Plaintiffs;

      b. Ever personally met any of the Plaintiffs;

      c. Ever done business with any of the Plaintiffs;

      d. Ever been a shareholder of United Capital Management of Kansas, Inc.;

      e. Ever been affiliated with either Plaintiff;

      f. Ever been a client of any of the Plaintiffs; and/or

      g. Ever had lawful permission or consent to obtain or be in the possession of any proprietary or confidential or internal company records, information, listings, pricing, client information, company commission listings, company filings, client lists, internal company records, company emails or text messages, personal information belonging to Chad Koehn, family information belonging to Chad Koehn including but not limited to information concerning Chad Koehn's children.

9. Beginning in 2003 and continuing to the present day, Defendant, MICHAEL NELSON, engaged in a pattern of on-line, email, text messaging, social messaging, web-portal utilization, IP-Dark Web contacts, telephone calls and/or voice mail messages attacking third parties, including but not limited to the Plaintiffs, whom Mr. Nelson personally considered as acceptable targets of his vitriol. While simultaneously attacking third parties such as the Plaintiffs, Defendant simultaneously paints himself as a victim to justify his disruptive, damaging and vengeful actions.

10. Relevant to this case but beginning with a completely separate entity and set of facts that Defendant MICHAEL NELSON is involved in is that of his employment discharge, for cause as he threatened to kill one of this company's Board of Directors, from a company operating out of Texas and Oklahoma known as Anthem Vault, Inc. The Plaintiff Chad Koehn, at times

3

relevant, was a Board Member of Anthem Holdings, Inc., which was the parent company of the Anthem list of companies. On or about February 24, 2019, Defendant MICHAEL NELSON was terminated as an employee of Anthem Vault, Inc. for cause as the Board Member, whose life was threatened, filed a criminal complaint with the local police. Plaintiffs have no personal knowledge of such termination and were not involved in this doing, however, MICHAEL NELSON, has decided to take pre-meditated vindictive, unconscionable and incredibly harmful actions against the Plaintiff Chad Koehn and his company UCM and causing tremendous good-will and monetary damages.

11. At all times material hereto, including at the time of Defendant's termination as an employee of Anthem Vault, Inc., Anthem Blanchard and Cynthia Blanchard have been officers of Anthem Vault, Inc.

12. Neither Anthem Vault, Inc., Anthem Blanchard and/or Cynthia Blanchard are officers or directors or shareholders of the Plaintiff UCM.

13. On or about October 2019, approximately eight (8) months after the termination of Defendant by Anthem Vault, Inc., Anthem Vault, Inc. became a lawful subsidiary of Anthem Holdings Company, a Delaware Corporation. Anthem Blanchard and Cynthia Blanchard, his wife, have been directors, officers, employees and/or shareholders of Anthem Holdings Company.

14. Commencing upon his termination by Anthem Vault, Inc., on or about February 24, 2019, Defendant MICHAEL NELSON embarked upon a vengeful scorched earth campaign to malign Anthem and Cynthia Blanchard, their family members and anyone associated with them in business, without care or fear of the consequences and harm of his spiteful actions. The Defendants actions are vile, untruthful, fantasies of fiction created for the sole purpose of causing as much

damage to the Plaintiffs as possible, and whose actions are premeditated and at times done in ways and through means calculated to hide his villainous actions.

15. In or about October 2020, more than 20 months after he had been terminated by Anthem Vault, Inc., Defendant MICHAEL NELSON learned that the Plaintiff Koehn personally invested in Anthem Holdings Company, and that some of UCM's clients had invested in Anthem Holdings, Inc., in the amount of $5,000,000.00.

16. On information and belief, or about December 2020, Mr. Nelson committed what is known in the information technology ("IT") field as a "Black Hat Attack" on Plaintiffs' electronically stored computer records and, without receiving authority from the Plaintiffs, intercepted, and appropriated to his own use, Plaintiffs' confidential client and investor list encompassing the investors in Hera Soft, Inc., another division of Anthem Holdings, Inc.

17. Upon obtaining Plaintiffs' confidential client list, on or about December 28, 2020, Mr. Nelson began a campaign of wrongfully contacting Plaintiffs' confidential clients listed in **Exhibit "A"** attached hereto, commencing on the dates next to their names in **Exhibit "A"**, by U.S. mail, or electronic mail using the email addresses pseudonyms, including but not limited to: nelsontelco@gmail.com, angryfather@protonmail.com, and/or cryptofraud@protinmail.com, and/or blingblingblacnchard@protonmail.com and/or padrimquel@icloud.com and/or by telephone calls and/or voice mails stating grossly inaccurate and false facts, claiming false identities in order to give the false appearance of officiality, alternatively, Mr. Nelson claimed he was an investigator for the Securities Exchange Commission ("SEC"), that the FBI and other law enforcement agencies were investigating Chad Koehn and UCM for criminal actions, that Mr. Koehn was the subject of multiple sexual harassment claims, that Mr. Koehn was a pedophile, that Mr. Koehn was involved in a human tracking ring, that Mr. Koehn had been involved in an

5

international money laundering scheme for Anthem Holdings, Anthem Blanchard and/or Cynthia Blanchard, that Mr. Koehn had falsified documents filed with the SEC, that Mr. Koehn was under criminal investigation, that lawsuits were being filed against Mr. Koehn throughout the United States, that Mr. Koehn had hired a hit team to kill Mr. Nelson, Mr. Nelson's children and his parents, that Plaintiffs' client, whom Mr. Nelson contacted, figured prominently in the ongoing investigations and would be a named party in any pending SEC and/or criminal actions against the Plaintiffs, and that the Plaintiffs were somehow engaged in criminal activities adverse to the United States of America. Each of the persons listed in Exhibit "A" were located in Kansas when the defamatory statements were made by Mr. Nelson, with the exception of Jason Bach (Nebraska), David Huard (Oklahoma), Travis and Trisha Scott (Nebraska), Douglas Rempp (Arizona), Randy Phillips (Texas), Carla Kessler (Texas) and Tim Emick (Colorado).

18. On or about September 6, 2022, and thereafter, Mr. Nelson commenced a campaign, under the guise of preparing proposed subpoenas for records in this action, by contacting individual phone calls, voice mails, and/or emails, the following confidential clients of Plaintiffs, Eric and/or Valorie Everhart, Norma Griffin, Peter Hake, Brad and Christine Harding, Brian and/or Sally Keeler, Douglas and/or Sharon Loewen, Bob Ott, Craig and/or Melissa Piercy, Charlotte M. Regan, Deborah Shirack, Charles and Marsha Weaver, Curt and/or Lisa Weninger, Charles and/or Sandra Worden, Jerry Short, Jerry Mihm, John Horacek, Joyce A. Barkman, Laura Nelson, Marion and/or Susan Dome, Mark and/or Connie Cole, Michael and/or Roselene Braxmeyer, Jim and/or Sherri Fouts, Joey and/or Alison Errington, Kelly and/or Rebecca Leon, Mark Lofing, Douglas W. Rempp, Glenn Brands, and/or Heather Jantz, and falsely stating as facts to them, "There are multiple lawsuits being filed in New York and up and down the East Coast against Chad Koehn and your name keeps coming up on multiple documents in these lawsuits, Mr.

Koehn has falsified records filed with the SEC, Plaintiffs have stolen Michael Nelson's proprietary software developed by Mr. Nelson in 1995, and/or Mr. Koehn is under multiple criminal investigations, and/or demonstrating to the Plaintiffs' client that Mr. Nelson had researched the client's on-line history, secretary of state filings and use of twitter and other social media applications, and that in the case of male clients, stating that their name is associated with "young women" and Mr. Nelson would like to talk with you "man-to-man". Each of the persons to whom these defamatory statements were made were in Kansas when Mr. Nelson made the statements, with the exception of Charlotte M. Regan (Texas), Charles and Marsha Weaver (Florida), Joey and Alison Errington (Minnesota), and Douglas W. Rempp (Arizona).

## FIRST CLAIM-DEFAMATION OF CHAD M. KOEHN'S BUSINESS AND PERSONAL REPUTATION AND GOOD NAME

19. Plaintiffs reallege paragraphs 1 through 18 above and incorporate them herein by reference as if fully set out verbatim.

20. The allegations, *supra*, made by Mr. Nelson to the third-parties concerning Mr. Koehn were knowingly false and intentionally defamatory at the time Mr. Nelson made the statements. The Defendant, MICHAEL NELSON, made these defamatory comments with malicious intent, premeditated and with no care or concern as to the harm that would result.

21. As a result of Mr. Nelson's false and defamatory statements set forth above, Mr. Koehn has been embarrassed and humiliated in front of his business associates, family and friends and his reputation and good name has been damaged by Mr. Nelson in a sum well in excess of the judicial minimums involving the jurisdiction of this Court, i.e., $75,000, exclusive of interest and costs.

22. Mr. Nelson's defamatory statements concerning Mr. Koehn were intentionally made in order to gratify Mr. Nelson's personal desires to cause harm to Mr. Koehn's business and

public reputation and his good name and are so offensive as to shock the conscience of the community and warrant the imposition of punitive damages.

### SECOND CLAIM-INTENTIONAL INTERFERENCE WITH PLAINTIFFS' PROSPECTIVE BUSINESS RELATIONSHIPS/EXPECTED BUSINESS ADVANTAGES

23. Plaintiffs reallege paragraphs 1 through 18, above and incorporate them herein by reference as if fully set out verbatim.

24. At all times material hereto, Plaintiffs were licensed as Investment Advisors and earned income from ongoing business relationships with the individuals named in Exhibit 'A" and the individuals named in paragraphs 18 and 19 above, and had the expectation of earning from all of them additional income from referrals, continuing business, and commissions earned or to be earned.

25. At all times material hereto, Michael Nelson knew of the Plaintiffs existing business relationships with the individuals named in Exhibit 'A" and the individuals named in paragraphs 17 and 18 above, and knew of Plaintiffs' expectation of earning additional income from future third-party referrals and direct or indirect business from these individuals.

26. Michael Nelson has not been, nor is, a business competitor of Plaintiffs.

27. Michael Nelson's actions described above were wanton and callous and without legal justification.

28. At all times material hereto, Michael Nelson, for his personal gratification, intended that his statements made were intended to interfere with Plaintiffs' ongoing business relationships and expectation of future relationships and did interfere with Plaintiffs' business relationships with the individuals named in Exhibit 'A" and the individuals named hereinabove.

29. Except for the conduct of Michael Nelson described above, Plaintiffs had a reasonable certainty that the individuals named in Exhibit 'A" and the individuals named in

paragraphs 17 & 18 above, would continue providing Plaintiffs with income from third-party referrals and/or direct and indirect business and relations.

30. As a result of Michael Nelson's actions described above, the individuals named in Exhibit 'A" and the individuals named in paragraphs 17 and 18 above, ceased, in whole or in part, as to their business or referrals, ceased, in whole or in part, thereby causing Plaintiffs to lose income, reputation, goodwill and earnings.

31. As a result of Michael Nelson's actions described above, Plaintiffs have been damaged in a sum well in excess of the Court's minimum jurisdictional limits of $75,000.00, exclusive of interest and costs.

32. Michael Nelson's statements concerning the Plaintiffs were intentionally made in order to gratify Michael Nelson's personal desires to cause harm to Plaintiffs through interfering with Plaintiffs' advantageous and ongoing business relationships and are so offensive as to shock the conscience of the community and warrant the imposition of punitive damages.

**WHEREFORE**, Plaintiffs, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC. a/k/a UNITED CAPITAL MANAGEMENT OF KANSAS, demand:

A. Judgment against Defendant, MICHAEL NELSON, on Count I of this action in a sum well in excess of $75,000.00, exclusive of interest and costs, plus punitive damages in a sum to be determined by the trier of fact;

B. Judgment against Defendant, MICHAEL NELSON, on Count II of this action in a sum well in excess of $75,000.00, exclusive of interest and costs, plus punitive damages in a sum to be determined by the trier of fact;

C. Such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiffs hereby request a jury trial of all issues triable as of right by and to a jury.

Dated January 6, 2023.

Respectfully submitted,

/s/ Chris J. Kellogg
Larry G. Michel, #14067
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 W. Iron, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
(785) 825-4674
(785) 825-5936
lmichel@kenberk.com
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

and

/s/ Craig A. Brand
Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A.
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 6, 2023, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, OR 97008-7105
oklahomaremote@gmail.com
chadkoehnlawsuit@nosoybean.com

                                        /s/ Chris J. Kellogg
                                        Chris J. Kellogg