IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED CAPITAL MANAGEMENT OF KANSAS, INC. and
CHAD M. KOEHN,

        Plaintiffs,

v.                                                      Case No. 22-4008-JWB

MICHAEL E. NELSON,

        Defendant.

## ORDER

This matter comes before the court on the court's order to show cause. On December 14, 2022, this court ordered Defendant to show cause (Doc. 334) why he should not be sanctioned for making false statements in his motion to continue hearing (Doc. 331 at 3). On December 30, Defendant timely filed documentation purporting to show that he was not and is not permitted to travel by order of the Oklahoma court in Defendant's criminal case. (Doc. 337.)

The court has reviewed the documentation Defendant submitted. Defendant relies on a March 7, 2022, court minute signed by Judge Sigler of Washington County, Oklahoma which states that Defendant can reside in Rhode Island and can return to Oklahoma to consult with his attorney and for court appearances. (*Id.* at 5.) Defendant argues that because the order of the Oklahoma criminal court is not entirely clear, he must interpret it conservatively as prohibiting him from traveling. (*Id.* at 3.) He also indicates that he believes he needs the permission of the Oklahoma court to travel. (*Id.*) As to why Defendant waited until a mere 20 hours before the hearing to request a continuation, Defendant explains that he believed he could obtain counsel to attend and that he informed the court as soon as he realized he could not find an attorney. (*Id.*)

The court is not satisfied with Defendant's production. The March 7, 2022, order that Defendant relies on does not state that Defendant may not travel. While it is natural for Defendant to want to avoid any potential jail time, the court is not satisfied with Defendant's explanation that he must construe the order of the court as conservatively as possible. Defendant does not explain why he did not request permission of the Oklahoma criminal court to travel for the hearing if he believed he was not otherwise permitted to travel. Defendant was provided notice of the hearing on November 16, 2022. (Doc. 320.) The hearing was set for December 14, 2022, providing Defendant almost a full month to request permission from the Oklahoma criminal court. Defendant failed to do so, and then at the last minute, requested a continuance of the hearing. (Doc. 331.)

The court has authority to sanction litigants, including unrepresented parties, for submitting motions for improper purposes or which contain false contentions. Fed. R. Civ. P. 11(b)(1), (3). Moreover, a court has inherent authority to impose sanctions, including an award of attorney fees, when a litigant acts in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991).

In this case, Defendant was previously warned that any motions he filed that appeared to the court to be frivolous or for an improper purpose would result in an in-person hearing. (Doc. 183 at 3.) In spite of that warning, Defendant proceeded to file five motions that appeared to the court as frivolous or improper, thus leading the court to set those motions for hearing. (Doc. 320.) As noted above, notice of that hearing was entered on the docket on November 16, 2022, and the hearing was set basically a month later, on December 14, 2022. Then on December 13, 2022, less than 24 hours before the hearing, Defendant filed his "Emergency Motion to Postpone or reschedule 'hearing' . . .", in which he asserted, among a host of other things,

> 18. The Court in Oklahoma, has BANISHED me from areas of the United States
> 19. <u>The Court in Oklahoma has restricted my travel</u>

(Doc. 331 at 3) (formatting, grammar, and punctuation as in original). He goes on to assert that his appearance at the scheduled hearing would force him to "involuntarily violate the banishment (exile) . . . and travel restrictions in the parallel criminal case;" that "[t]he plaintiffs are . . . attempting to force me to violate the conditions placed upon me including restricted travel, communication and BANISHMENT and be sent to prison without trial;" and he requests a continuance because "the aforementioned restrictions by other Courts, making travel not possible, under threat of indefinite incarceration without trial, for violating travel restrictions, and BANISHMENT (exile)." (*Id.* at 7) (some formatting omitted).

As noted above, the documents produced by Defendant in response to the court's order to show cause evince no such restrictions. A document entitled "Court Minute" dated March 7, 2022, and signed by an Oklahoma district judge states that Defendant's ankle monitor can be removed and that he is free to reside in Rhode Island and return to Oklahoma for court appearances. (Doc. 337 at 5.) That document mentions some other restrictions, none of which pertain to travel. Defendant also submitted another minute sheet, signed by another Oklahoma judge on January 11, 2022, setting bond conditions including, as relevant to travel, an ankle monitor, surrender of passport, and that Defendant not reside in Washington County, Oklahoma. (Doc. 337-2 at 11.) Finally, Defendant submitted a transcript of a hearing on a motion to increase his bond in the Oklahoma case that was conducted on October 12, 2022. (Doc. 337-3.) A thorough review of that transcript reveals no travel restrictions beyond those already identified, above. In particular, the transcript indicates that, while the ankle monitor requirement might have originally required him to remain within Oklahoma, the removal of the ankle monitor requirement in March of 2022 obviated that restriction. (*Id.* at 21.) Toward the end of that hearing, the state court reviewed the bond conditions applicable to Defendant, none of which indicated any travel restrictions beyond

3

the surrender of his passport, no residing in Washington County, Oklahoma, and that he cannot travel to Bartlesville, Oklahoma, except to come to court or visit his attorney. (*Id.* at 35–38.)

Based on the foregoing, it is clear that Defendant's statements in his eleventh-hour "emergency" motion to continue the December 14, 2022, hearing in this case were false as they pertain to the Oklahoma court banishing or exiling him from areas of the United States or restricting his travel in a way that prohibited him from attending this court's hearing. Moreover, the court notes that Defendant knew all the facts upon which he relied in his request for continuance the moment he received the court's order setting the hearing on or shortly after November 16, 2022; yet, he waited until less than 24 hours prior to the hearing to raise these concerns.

Based on the foregoing, the court concludes that Defendant presented this motion for an improper purpose – either to cause unnecessary delay or needlessly increase the cost of litigation, or both. Furthermore, the court concludes that the factual contentions contained in the motion pertaining to his travel restrictions are patently false and without evidentiary support. And finally, the court concludes that the factual assertions regarding his travel restrictions were not the result of "inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). Specifically, Defendant had almost a month to check with his probation officer or the court in Oklahoma to determine whether his bond conditions prohibited his travel to Kansas for this hearing, or whether he could in any event obtain approval for such travel. Thus, the court concludes that sanctions are appropriate under Rule 11(b)(1) and (3).

Additionally, the court finds that Defendant submitted the motion in bad faith. Not only did he know that the alleged travel restrictions were false, but he made no effort to timely raise any concerns with this court or the appropriate Oklahoma authorities. Accordingly, the court concludes that sanctions are appropriate under the court's inherent authority.

Now the court must determine an appropriate sanction under the circumstances. The court concludes that Defendant's actions herein prejudiced Plaintiffs by requiring them to incur unnecessary attorney fees and travel expenses to attend the hearing at which he failed to appear. The court further concludes that this misconduct interfered with the judicial process by wasting the court's time in conducting a hearing, the only purpose for its scheduling having been to hear Defendant's arguments on his questionable motions; by burdening the court with having to investigate and evaluate the truth or falsity of the alleged travel restrictions; and by adding further delay to a case that has already been plagued with delay due to Defendant's generally obstructive conduct as demonstrated by the multitude of motions and orders denying those motions that currently litter the docket in this case. And finally, this Defendant has been previously warned that he might be required to appear in person for his questionable filings (Doc. 183 at 3), that his failure to appear at the hearing might result in a sanction of attorney fees (Doc. 320), and he is clearly culpable for the conduct at issue in this order.

Because Defendant has failed to show cause as to why he should not be sanctioned for his lack of candor to the court, the court finds that he should be subject to monetary sanctions. The court orders Defendant to pay for Plaintiffs' reasonable attorneys' fees and expenses incurred for attendance at the December 14 hearing. Plaintiffs may file a statement documenting their attorney fees and travel expenses for attendance at the December 14 hearing within 14 days of the filing of this order. Such statement should only include fees and expenses for travel and attendance at the

hearing, not preparation, as the court finds that the sanction as described is sufficient for the conduct being punished.

IT IS SO ORDERED. Dated this 12th day of January 2023.

                                            s/ John W. Broomes
                                            JOHN W. BROOMES
                                            UNITED STATES DISTRICT JUDGE