# EXHIBIT

# "M"

# To Follow . . .

## INTERLOCUTORY APPEAL

Reply Response to Order to Show Cause:

https://ia902500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.337.0.pdf

# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. <u>and</u> **CHAD M. KOEHN** <br><br> Plaintiffs, counter-defendants <br><br> v. <br> Michael Nelson <br><br> Defendant ;    PRO-Se. | <mark>**DOCKET NO.:**     **5:22-CV-04008-JWB-GEB**</mark> <br> <u>**CIVIL ACTION**</u> <br><br> **Response to SHOW CAUSE Regarding Travel Restrictions** <br><br> **[Jury Trial Demanded]** |

Comes now, Michel E Nelson. Pro se, and pursuant to the Court's order entered on December 14, 2022 in [Doc. 334] and offers this Court a Response to the Court's Show Cause request Regarding Travel Restrictions, I have previously timely complied with pro se registration per the Order.

> "The court orders Defendant to show cause why he should not be sanctioned for falsely alleging that he was prohibited by the court in his Oklahoma criminal case from traveling to Kansas for today's hearing. (Doc. 331 at 3.)  Defendant must submit proof of these travel restrictions to the court by filing a response to this order to show cause, which includes such proof, on or before December 31, 2022.  If Defendant fails to do so, the court may impose sanctions upon Defendant for his lack of candor to the court. Defendant is warned that his statements alone will not suffice for proof of his travel restrictions.   Instead, he must provide copies of orders from the Oklahoma court imposing such restrictions."

## <u>UNCONTROVERTED FACTS to the best of my belief:</u>

1. The last in writing orders of the Court in Oklahoma, I am aware, are March of 2022:

   **"State + D. Agree D. Can <u>return to reside in Rhode Island,</u> ankle monitor can be removed by agreement. D. <u>Can return to Oklahoma</u> to consult with attorney + for Court Appearances."** <u>(D. = defendant); see Exhibit "B" of Exhibit A attached.</u>
   <u>[For Ease of locating I have also included this "order" herein below after signatures]</u>

2. The Oklahoma court has restricted <u>where I reside and where I am allowed to return.</u>

3. Many restrictions have been placed upon me, some in writing, many oral or implied attached herewith as Exhibit "A" is the filing made by my defense attorneys, which includes the referenced order from March, minutes, original order which mandated I stay in Oklahoma.

4. Similar to a witness not being able to recount exactly what they saw or heard, I was unable to recall exactly what was said during the hearing on 12 October 2022, in Oklahoma, where I was taken into custody and to jail. What I remembered differs from the transcript I have now received and is attached, as exhibit "B". I recall different things told to me that day, between my attorneys, the Judge, the prosecutor, the bail person, because of my anxiety <u>and fear being taken into custody and back to jail, which happened.</u>

5. **The court in Oklahoma is a criminal state Court, which has stated it must control.**

    > **<u>JUDGE:</u>** "<u>A criminal case is superior to the civil case.</u> The conditions — the bond conditions in the criminal case are in place for a reason and remain effective throughout this criminal case and until and unless they're changed." *Lines 24 through 24 page 27 and lines 1 through 3 page 28; Exhibit "C"*

6. I am SCARED out of my mind, not to violate any written, implied or verbal orders.

7. Judge Birzer ordered me to engage in email with Christopher J. Kellogg,, *see Court Order Doc. 67*; when I followed those orders, to take a deposition, **Craig Brand ran to the prosecutor to prevent me and I was subsequently taken into custody and to jail.**

8. <u>Prosecutor:</u> "<u>You cannot violate the bond conditions in Oklahoma</u> **just because you have a civil lawsuit pending in Kansas**. <u>That is a legal rodeo you have to figure out on your own</u> if you're going to represent yourself pro se in Kansas." *Lines 21 - 23, page 12 Exhibit "C"*

9. I am Pro Se, out of necessity, in lack of funds and resources to assist me; as anyone that helps me will be attacked for "aiding and abetting".

10. <u>I must interpret the bail restrictions as conservatively as possible</u>.

11. <u>I cannot liberally construe any conditions</u> which are not a model of clarity.

12. The Court in Oklahoma <u>has dictated where I can reside, and "return to Oklahoma"</u>.

13. **There is no other interpretation than to find <u>my travel is restricted to reside in Rhode Island and permitted travel to Oklahoma for explicit purposes.</u>**

14. <u>The prosecutor made the issue abundantly clear:</u>

>**Prosecutor:** "I believe, on the Federal lawsuit in Kansas. This all goes back to I'm sorry if you have spent a lot of your money paying for three attorneys in the State of Oklahoma bonding out in the State of Oklahoma, and you can't — or no one will take your case in Kansas — <u>because that's the other rumor I've heard.</u>
>
>**But just because you don't have anyone to represent you in Kansas, doesn't mean you get to violate a Judge's order in the State of Oklahoma**"
>
>Page 24 lines 14-23; Exhibit "B"

15. I have a strong conviction and belief that my travel is restricted to reside in Rhode Island and <u>travel only to see my attorney and for court appearances in **Oklahoma**.</u>

**WHEREFORE, I PRAY this Honorable Court, as will find:**

Under the conditions placed upon me, the limited information that has been provided to me, no other conclusion can be reached, by a reasonable person than my travel is restricted as to where I am to reside and where I am allowed to return. The Orders I am under are not a model of clarity, I must interpret the Orders as conservatively as possible<u>, to avoid incarceration</u>. I believe if I were to travel I need now have permission of the Court in Oklahoma, as I previously stated.

I am terribly sorry and apologetic, I did not immediately inform the Court of my predicament, and my efforts to comply. I and my family are under enormous stress, failing health, and utter confusion as to what all the Courts expect. I was under the belief I would be able to get assistance of counsel, to be present on my behalf. When I realized I would not be able to get counsel I immediately informed the court. I pledge I will immediately inform the Court, in the future as soon as I receive any instructions, or any orders are entered, even if it means I must make multiple filings. I will not repeat the mistake of waiting to inform the Court. I had sincerely

believed I would gain support to secure counsel on my behalf.   <u>Everyone is afraid to help as doing so will open them to attack, as is evident by the actions of the plaintiffs attacking my dying father.</u>


<u>Respectfully Submitted, this 29th day of December 2022.</u>

*[signature]* Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105     chadkoehnlawsuit@nosoybean.com


**Certificate of Service:**
   The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail:  **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature]*    702-932-3434


A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All <u>pleadings shall be so construed as to do substantial justice</u>").   In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus, U.S.Ct. L.Ed.2d (2007); Andrews v. Heaton*

IN THE DISTRICT COURT OF WASHINGTON COUNTY, STATE OF OKLAHOMA

Plaintiff(s): State

Attorney(s) for Plaintiff(s): Zoe Gullett (33184)

-vs-

Case No. CF-21-304

Defendant(s): Michael Eric Nelson

Attorney(s) for Defendant(s): Perry Newman

## COURT MINUTE

Date: March / 7 /2022       Judge: Sigler

Court Reporter: None

MAR 07 2022

State + D agree D can return to reside in Rhode Island, ankle monitor can be removed by agreement. D can return to Oklahoma to consult with Attorney + for Court Appearances. Continued no contact with Victims. D to return for PH on 3/29/22 @ 9:00 am. A to check in daily with bondsperson.

Set for further hearing on _____ at ____ M.

3/7/2022

Judge of the District Judge