UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. **and CHAD M. KOEHN**<br><br>        Plaintiffs, counter-defendants<br>   v.<br>Michael Nelson<br><br>        Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.:**     5:22-CV-04008-JWB-TJJ<br>CIVIL ACTION<br><br>EXHIBITS<br><br><br>[Jury Trial Demanded] |

# EXHIBIT

# "GG"

## To Follow . . .

# FINANCIAL INDUSTRY REGULATORY AUTHORITY
# LETTER OF ACCEPTANCE, WAIVER, AND CONSENT
# NO. 2021069470101

TO: Department of Enforcement
Financial Industry Regulatory Authority (FINRA)

RE: Chad M. Koehn (Respondent)
Former Investment Company and Variable Contracts Product Representative (IR)
Former General Securities Representative (GS)
CRD No. 2216169

Pursuant to FINRA Rule 9216, Respondent Chad M. Koehn submits this Letter of Acceptance, Waiver, and Consent (AWC) for the purpose of proposing a settlement of the alleged rule violations described below. This AWC is submitted on the condition that, if accepted, FINRA will not bring any future actions against Respondent alleging violations based on the same factual findings described in this AWC.

## I.

## ACCEPTANCE AND CONSENT

A. Respondent accepts and consents to the following findings by FINRA without admitting or denying them:

### BACKGROUND

Respondent entered the securities industry in March 1992 when he became registered as an Investment Company and Variable Contracts Product Representative (IR) through an association with a former FINRA member. In September 2003, Respondent became registered with FINRA as a General Securities Representative (GS) through his association with the same former FINRA member. Between January 2004 and October 2020, Respondent was registered in the same capacity through an association with SA Stone Wealth Management Inc. (SA Stone) (CRD No. 18456). On October 30, 2020, SA Stone filed a Uniform Termination Notice for Securities Industry Registration for Koehn reflecting that he voluntarily resigned from SA Stone.

Although Respondent is no longer associated with a FINRA member, he remains subject to FINRA's jurisdiction pursuant to Article V, Section 4 of FINRA's By-Laws.

### OVERVIEW

Between August 2020 and October 2020, while associated with SA Stone, Respondent participated in private securities transactions totaling approximately $1,475,000 in sales without providing written notice to, or receiving prior approval from, SA Stone. As a result of this conduct, Respondent violated FINRA Rules 3280 and 2010.

## FACTS AND VIOLATIVE CONDUCT

This matter originated from tips to FINRA.

FINRA Rule 3280 prohibits any person associated with a member firm from "participat[ing] in any manner in a private securities transaction" without first providing "written notice to the member with which he is associated describing the proposed transaction and the person's proposed role therein and stating whether he has received or may receive selling compensation in connection with the transaction." The rule defines a private securities transaction as "any securities transaction outside the regular course or scope of an associated person's employment with a member[.]"

A violation of FINRA Rule 3280 is also a violation of FINRA Rule 2010, which requires FINRA members and associated persons to "observe high standards of commercial honor and just and equitable principles of trade."

Between August 2020 and October 2020, while associated with SA Stone, Respondent participated in private securities transactions involving investments by at least 59 individuals ("Individuals") in Company A, a company that purported to own software development and blockchain technology businesses. Specifically, Respondent discussed the private placement offering of Company A's common stock with the Individuals, told the Individuals that Respondent intended to invest in Company A's private placement, introduced the Individuals to Company A's founder, and invited the Individuals to meetings that Respondent hosted, where the founder delivered presentations regarding Company A's business and the private placement. Subsequently, the Individuals, approximately 34 of whom were SA Stone customers, invested approximately $1,475,000 in Company A's stock. Respondent did not receive selling compensation.

Respondent did not provide prior written notice to, or receive prior written approval from, SA Stone to participate in these transactions.

Therefore, Respondent violated FINRA Rules 3280 and 2010.

B. Respondent also consents to the imposition of the following sanctions:

- a one-year suspension from associating with any FINRA member in all capacities; and

- a $10,000 fine.

The fine shall be due and payable either immediately upon reassociation with a member firm or prior to any application or request for relief from any statutory disqualification resulting from this or any other event or proceeding, whichever is earlier.

Respondent specifically and voluntarily waives any right to claim an inability to pay, now or at any time after the execution of this AWC, the monetary sanction imposed in this matter.

Respondent understands that if he is barred or suspended from associating with any FINRA member, he becomes subject to a statutory disqualification as that term is defined in Article III, Section 4 of FINRA's By-Laws, incorporating Section 3(a)(39) of the Securities Exchange Act of 1934. Accordingly, he may not be associated with any FINRA member in any capacity, including clerical or ministerial functions, during the period of the bar or suspension. *See* FINRA Rules 8310 and 8311.

The sanctions imposed in this AWC shall be effective on a date set by FINRA.

## II.

## WAIVER OF PROCEDURAL RIGHTS

Respondent specifically and voluntarily waives the following rights granted under FINRA's Code of Procedure:

- A. To have a complaint issued specifying the allegations against him;
- B. To be notified of the complaint and have the opportunity to answer the allegations in writing;
- C. To defend against the allegations in a disciplinary hearing before a hearing panel, to have a written record of the hearing made, and to have a written decision issued; and
- D. To appeal any such decision to the National Adjudicatory Council (NAC) and then to the U.S. Securities and Exchange Commission and a U.S. Court of Appeals.

Further, Respondent specifically and voluntarily waives any right to claim bias or prejudgment of the Chief Legal Officer, the NAC, or any member of the NAC, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including its acceptance or rejection.

Respondent further specifically and voluntarily waives any right to claim that a person violated the ex parte prohibitions of FINRA Rule 9143 or the separation of functions prohibitions of FINRA Rule 9144, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including its acceptance or rejection.

## III.

## OTHER MATTERS

Respondent understands that:

A. Submission of this AWC is voluntary and will not resolve this matter unless and until it has been reviewed and accepted by the NAC, a Review Subcommittee of the NAC, or the Office of Disciplinary Affairs (ODA), pursuant to FINRA Rule 9216;

B. If this AWC is not accepted, its submission will not be used as evidence to prove any of the allegations against Respondent; and

C. If accepted:

1. this AWC will become part of Respondent's permanent disciplinary record and may be considered in any future action brought by FINRA or any other regulator against Respondent;

2. this AWC will be made available through FINRA's public disclosure program in accordance with FINRA Rule 8313;

3. FINRA may make a public announcement concerning this agreement and its subject matter in accordance with FINRA Rule 8313; and

4. Respondent may not take any action or make or permit to be made any public statement, including in regulatory filings or otherwise, denying, directly or indirectly, any finding in this AWC or create the impression that the AWC is without factual basis. Respondent may not take any position in any proceeding brought by or on behalf of FINRA, or to which FINRA is a party, that is inconsistent with any part of this AWC. Nothing in this provision affects Respondent's right to take legal or factual positions in litigation or other legal proceedings in which FINRA is not a party. Nothing in this provision affects Respondent's testimonial obligations in any litigation or other legal proceedings.

Respondent certifies that he has read and understands all of the provisions of this AWC and has been given a full opportunity to ask questions about it; Respondent has agreed to the AWC's provisions voluntarily; and no offer, threat, inducement, or promise of any kind, other than the terms set forth in this AWC and the prospect of avoiding the issuance of a complaint, has been made to induce him to submit this AWC.

October 14, 2022
_____          _____
Date                                  Chad M. Koehn
                                      Respondent


Reviewed by:

*Paul A. Reynolds, Esq.*
_____

4

Paul A. Reynolds
Counsel for Respondent
Shustak Reynolds & Partners, P.C.
401 West "A" Street, Suite 2200
San Diego, CA 92101


Accepted by FINRA:

                                             Signed on behalf of the
                                             Director of ODA, by delegated authority

**October 21, 2022**
_____          _____
Date                                                    Evan Ennis
                                                         Counsel
                                                         FINRA
                                                         Department of Enforcement
                                                         581 Main St. #710
                                                         Woodbridge, NJ 07095