KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHAD M. KOEHN, ET AL. ,** ) | |
| ) | |
| **Plaintiffs** ) | |
| **vs.** ) | **Case No. 22-CV-04008-JWB-GEB** |
| ) | |
| **MICHAEL NELSON,** ) | |
| ) | |
| **Defendant** ) | |
| _____ ) | |

## PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUESTS FOR ADMISSIONS RECEIVED JANUARY 23, 2023

Plaintiffs, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, Herewith Object To Each And Every One of the Defendant MICHAEL NELSON's 227 Requests for Admissions attached hereto as Exhibit "A" on the grounds that they are irrelevant, immaterial and not reasonable calculated to lead to evidence which will be admissible at trial of the issues in this case.  In lieu of setting forth each and every one of the Defendant's 227 requests with corresponding objections, Plaintiffs ask the Court's indulgence as the Objection is intended to encompass each and every request.

Defendant has again served a frivolous discovery document.

Dated January 23, 2023.

1

/s/ Chris J. Kellogg
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

and
/s/ *Craig A. Brand, Esq.*

Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A.
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305) 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 23, 2023, the foregoing *Plaintiffs' objections to Defendant's Requests for Production* was mailed a true copy of the foregoing motion to Michael Nelson, by prepaid First Class United States Mail addressed to Michael Nelson, 9450 SW Gemini Dr PMB 90924, Beaverton, OR 97008-7105.

/s/ Chris J. Kellogg

EXHIBIT "A"

7301801.1.1fc

0134000061250B



**USPS CERTIFIED MAIL**



**9214 8901 4298 0477 1217 73**

## *CERTIFIED MAIL*

9450 SW Gemini Dr
90924
Beaverton, OR 97008-7105

## See Important Information Enclosed



00073018010000011
CHRISTOPHER JON KELLOGG
Kennedy Berkley Yarnevich & Williamson,
Chartered
Post Office Box 2567
SALINA, KS 67402-2567

7301601.1.2

# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc.** ("UCMK") | **DOCKET NO.:**    **5:22-CV-04008-JWB-TJJ** |
| **& CHAD M. KOEHN** ("Koehn") | **CIVIL ACTION** |
| Plaintiffs, counter-defendants | **NOTICE of Requests for ADMISSION Made to UCMK and Chad Koehn Pursuant to Rule 36 of the Federal** |
| v. | **Rules without limitation** |
| Michael Nelson | **Jury Trial Demanded]** |
| Defendant; Counter-Plaintiff    PRO-Se. | |

Counter-Plaintiff / Defendant ("Nelson"). makes "LIMITED APPEARANCE" to file

**NOTICE of Request for ADMISSION Made to UCMK Pursuant to Rule 36 of the Federal**

**Rules of Civil Procedure and all other applicable Federal and Local Rules.**

It is therefore here and now requested that United Capital Management of Kansas Inc. ("UCMK")

produce and therefore tender forthwith, the formal requests for ADMISSION as made herein below

in accordance with FRCP and the instructions so herein set forth below.


## REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Nelson demands that

UCMK either admit or deny the following enumerated Requests for Admission within (30) days

of service hereof:   Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Nelson requests

that UCMK and Chad M. Koehn answer, affirmative response, <u>under oath to each request for</u>

<u>admission.</u>   Please provide the complete legal name, address, and complete contact information

including, home address, work address, (physical addresses), phone number, cellular phone

number, email (electronic mail) address, and TITLE for each person answering each request

for admission on behalf of the Corporation UCMK pursuant to Rule 30(b)(6) without

**limitation, as these requests are so served upon the legal entity, a corporation, United Capital**

**Management of Kansas Inc. ("UCMK")**

Requests for Admissions are governed by Rule 36, which operates in a similar manner as Requests for Admissions under state law. The party served with the request has 30 days to respond (Rule 36(a)(3)) and there are no limits under the Rules on the number of requests that can be propounded.

If any objection is made to any of the following requests for production or discovery requests, UCMK and/or where applicable Chad Mitchell Koehn shall make any such objection and state the relevant legal basis for such objection.

If any objection is made based upon a claim of privilege as to any response, UCMK and where applicable Chad Mitchell Koehn shall state the legal basis for the privilege UCMK and/or Chad Mitchell Koehn is invoking and provide a detailed privilege log to support the invocation of such privilege.

All invocations of privilege concerning Craig Alan Brand or any attorney or associate thereof Craig Alan Brand shall necessitate additional verification and together with privilege logs it is so necessitated for UCMK and/or where applicable Chad Mitchell Koehn to provide the bar association(s) and bar numbers to each and every attorney so requiring the privilege log to be provided and the dates of admission and current status to each bar association so listed in each response reiterating the objection and its legal basis for such.

All sharing of this document with Craig Alan Brand prior to decision on disqualification motion(s) as made, shall therefore be discoverable as to all communication by and between the firm Kennedy Berkley Yarnevich and Williamson Chartered and to each and every attorney therein each of those law firms and purported legal entities of Craig Alan Brand and each and every attorney appearing at bar under master servant relationship to the law firm Kennedy Berkley Yarnevich and Williamson Chartered; and as to each Pinkerton Doctrine so applies, given the plethora of conflicting representations.

Each and every REQUEST for ADMISSION and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure [FRCP], and UCMK and Chad Mitchell Koehn is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these requests for production and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Nelson immediately upon knowledge of change or other information becoming available in either case to do so within 5 calendar days.

As used, in these requests for admission,herein below the following are all to be used interchangeably and to reference the same organisation commonly referred to by UCMK as: "Anthem Holdings Company"; yet at times also referred to by the UCMK's and their affiliates by a variety of variations including without limitation:  Anthem Holding Company, Anthem Holding Co., Anthem Holding Co. Inc., Anthem Holding Company Inc., Anthem Holdings Co., Anthem Holdings Company, Anthem Holdings Co. Inc., Anthem Holdings Company Inc., as used by plaintiffs variations of the company name both with and without "Inc." after and with and without Company

spelled out or abbreviated as Co. and with and without the "holdings" name as either singular "holding" or plural "holdings".

As used throughout, requests for admission herein below the following are all to be used interchangeably to be the same legal entity Hera Software Development Inc., as also used in moniker form and variations of the legal name: HeraSoft, HeraLab, HeraLabs, HeraSoftware Development Inc., Hera Software Development Inc., Hera Software and Development Inc. all variations are so used interchangeably to mean the same legal entity incorporated in the US State of Delaware, as Hera Software Development Inc.

The Corporation UCMK which is a plaintiff in the titled matter at bar in this litigation Untied Capital Management of Kansas Inc., is d/b/a according to Order of the Court in this matter under the incorporated name Unitedcapitalmanagement of Kansas Inc. and as used in publicly available disclosure documents under a variety of monikers and names including simply UCM or United Capital or United Capital Management or with use without the "Inc." are all to mean the same corporation United Capital Management of Kansas Inc. is herein so referenced as UCMK though may be used interchangeably as any of the foregoing.

Though these discovery requests located herein are related to and concerning plaintiff United Capital Management of Kansas Inc. [UCMK] some requests for production reference co-plaintiff Chad Koehn, all references to the variations of Chad Koehn's name including without limitation: Chad Koeh, Chad M. Koehn, Chad Mitchell Koehn, Koehn all reference and refer to the same individual known under the full legal name Chad Mitchell Koehn, and so requests for production are herein made as to UCMK's responsibilities for so producing each REQUEST as made whether or not they include documents relating to the person of CHAD MITCHELL KOEHN, additional Requests for Production will be forthcoming directed to Chad Mitchell Koehn personally, UCMK need not produce any document more than once as pursuant with FRCP.

Each REQUEST so propounded herein should be provided for production separately by the appropriate person (human individual) on behalf of the legal entity Corporation UCMK's entire knowledge from all sources and all information in UCMKs' possession or otherwise available to UCMK, including information from UCMKs' officers, employees, agents, directors, affiliates, vendors, representatives, attorneys or consultants and information which is known by each of them. An incomplete or evasive production is deemed a failure to provide the requested and so propounded herein demand for production.

If any requested production is qualified, UCMK and/or Chad Mitchell Koehn shall state specifically the terms of each qualification and the reasons for it. For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, in either case each statement via answer shall also be accompanied by a sworn statement under oath and affirmation attesting to the facts under penalty of perjury by the person so making the answer thereto.

**The Responding Party must serve his responses and produce the documents responsive to each request and any objections and serve the same upon Counter Plaintiff Nelson at the address of record which is also provided herein under signature within 30 days after notice of service**

entered upon the record. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

"You" or "Your" "Koehn" "Koehn etAl" "Chad Koehn" or "Chad Mitchell Koehn" means Counter-Defendant, Chad Mitchell Koehn.

"Nelson" "Michael Nelson" etc. means Counter-Plaintiff, Michael E. Nelson.

"UCM" or UCMK means counter-defendant, United Capital Management of Kansas, Inc. also known as
UNITEDCAPITALMANAGEMENT OF KANSAS, INC., a Kansas corporation.

"Relating to," "relates to" and "related to" means, without limitation, comprising, concerning, containing, embodying, referring to, alluding to, responding to, about, regarding, explaining, discussing, showing, describing, studying, reflecting, analyzing or constituting. A communication or document "relating to" any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

## REQUESTS TO ADMIT:

1. **ADMIT THAT:** Chad Mitchell Koehn has failed in disclosure of all conflicts and failed to disclose all business interests by not disclosing he is a board member of Hera Software Development Inc.

2. **ADMIT THAT:** Chad Koehn's failure to not disclose all business interests and conflicts by its very nature is directly conflicting to those INVESTORS who have purchased the HERC crypto currency stock COIN, in a Initial Coin Offering (ICO)

3. **ADMIT THAT:** Spencer James Angell was employed as a summer intern at the time UCMK and Chad M. Koehn filed Rule 26(a) disclosures.

4. **ADMIT THAT:** Koehn and UCMK through their conflicts of interest and during the time Koehn was a member of the Board of Directors for hera software development and/or Anthem

Holdings Company that claims were made the companies are in business with "major sovereign[s]", have government contracts.

5. **ADMIT THAT:** Anthem Holdings Company and Herasoft while Koehn was a director made claims to be working with governments, sovereign wealth funds.

6. **ADMIT THAT:** Anthem Holdings Company and Herasoft while Koehn was a director made claims of implied partnership with US States, even using the Great Seals of US States.

7. **ADMIT THAT:** While Koehn a director for Anthem Holdings Company and Herasoft there was misuse of US Federal Seals to US Federal Departments and misuse of State Seals and logos and names of US Federal Resources.

8. **ADMIT THAT:** While Koehn was a director for Anthem Holdings Company and Herasoft that there was use of seals, logos and official names connected to the United Nations.

9. **ADMIT THAT:** The use of US Federal logos, seals, names for US States, US Federal Resources and US Armed services is illegal.

10. **ADMIT THAT:** Koehn knew while a director for Anthem Holdings Company and Herasoft that the use of US State Names, Great Seals of US States, and Seals and Logos of US Federal Resources was wrongful and illegal.

11. **ADMIT THAT:** Chad M. Koehn and UCMK knew Spencer J. Angell is the son of James Ryan Angell, managing partner of Kennedy Berkley law firm.

12. **ADMIT THAT:** Koehn etAl. Has made claims to be a direct partner with the Country of the Netherlands.

13. **ADMIT THAT:** Chad M. Koehn FAILED to disclose in regulatory filings including without limitation those filings with SEC and SRO (Self Regulatory Authorities) his role as a member of the Board of Directors for Anthem Holdings Company.

14. **ADMIT THAT:** Chad Mitchell Koehn has violated securities regulations, by not disclosing his position on the board of directors of Hera Software Development Inc.

730160!1.7

15. **ADMIT THAT:** Chad Mitchell Koehn has failed in disclosure of all conflicts and failed to disclose all business interests by not disclosing he is a board member of Hera Software Development Inc.

16. **ADMIT THAT:** Chad M. Koehn and United Capital Management of Kansas Inc. claim to have led a "Series A" investment to Hera Software Development Inc. despite the FACT Hera Software Development Inc. is NOT registered with the Securities and Exchange Commission, or any other regulatory authority.

17. **ADMIT THAT:** Chad Koehn and UCMK knew Spencer J. Angell is the son of Samantha Parks Angell.

18. **ADMIT THAT:** Chad Mitchell Koehn has failed in disclosure of all conflicts and failed to disclose all business interests on Regulatory Forms as required by law.

19. **ADMIT THAT:** While Chad M. Koehn director for Anthem Holdings Company and Hera Software Development Inc. claims were made to be affiliated with and ENDORSED by the United States Army and the United States Air Force

20. **ADMIT THAT:** While Chad M. Koehn, director for Anthem Holdings Company and Hera Software Development Inc. that the companies and their divisions wrongfully and illegally used publicly the logo for the Army Logistics Command and the United States Air Force Research Laboratories.

21. **ADMIT THAT:** While Chad M. Koehn, director for Anthem Holdings Company and Hera Software Development Inc. that no such partnership exists nor any contracts or partnerships or endorsements with US States or the US Federal Government or the armed forces of the US Federal Government, despite utilization of US State Seals, US Federal Resources seals, logos and names in violation of law.

22. **ADMIT THAT:** CHAD MITCHELL KOEHN was a registered broker during the period of time when the first solicitations occurred soliciting persons to invest in Anthem Holdings Company.

23. **ADMIT THAT:** When the form Regulation D was filed to the SEC on 11 November 2020 it stated that Anthem Holdings Company, had already solicited and had investments made to it in excess of $1 million.

24. **ADMIT THAT:** Chad Koehn and UCMK knew Samantha Parks Angell was the law clerk (chambers counsel) for Federal Magistrate Judge Birzer.

25. **ADMIT THAT:** Spencer J. Angell working as a summer intern analyst for UCMK: *"Met with and presented to clients on the subject of portfolio management."*

26. **ADMIT THAT:** Chad Mitchell Koehn attempted to mislead and misdirect US regulatory authorities by "resigning" a brokers license retroactively.

27. **ADMIT THAT:** Anthem Holdings Company filed a Regulation D to the Securities Exchange Commission on November 11, 2020: https://www.sec.gov/Archives/edgar/data/1830762/000183076220000001/xslFormDX01/prim ar y_doc.xml

28. **ADMIT THAT:** During the creation of the HERC crypto currency COIN, the counter-plaintiff Nelson was also solicited and tricked into investing in Bitclub, to supposedly earn bitcoin through virtual mining machines.

29. **ADMIT THAT:** Chad Mitchell Koehn and UCM have violated the Care Obligation, in so much as they must exercise reasonable diligence, care, and skill when making a recommendation, especially wherein said recommendation is in material conflict with the "board seats" Chad Mitchell Koehn publicly declares to Anthem Holdings Company and public advertisements as a board member of Hera Software Development Inc. which claims

"proprietary protocol" HERC, which was previously sold to INVESTORS in the HERC crypto currency stock COIN, Initial Coin Offering (ICO).

30. **ADMIT THAT:** Chad M. Koehn is a former stock broker with a series 7, that he has given up.

31. **ADMIT THAT:** Chad M. Koehn is currently suspended from affiliation with any stock broker in "all capacities".

32. **ADMIT THAT:** According to public blockchain records the HERC crypto currency stock Coin, generated from the Initial Coin Offering (ICO) for the HERC cryptographic contract, now has more than 14,500 wallet address INVESTORS and just over 15,000 total transactions: https://etherscan.io/token/0x2e91E3e54C5788e9FdD6A181497FDcEa1De1bcc1

33. **ADMIT THAT:** While Chad M. Koehn was a director for Anthem Holdings Company and Hera Software Development Inc. the companies claimed to have a contract with the Country of the Netherlands (Holland), *"to verify all gold imports and exports for the entire nation"*.

34. **ADMIT THAT:** While Chad M. Koehn was a director for Anthem Holdings Company and Hera Software Development Inc. the companies claimed both stating and implying a direct relationship, partnership and contract with a foreign governments, specifically Holland (The Netherlands) and Qatar.

35. **ADMIT THAT:** Chad M. Koehn has been fined by a US Federal Regulator.

36. **ADMIT THAT:** The Commission (Securities and Exchange Commission) presumes that the use of the terms "adviser" and "advisor" in a name or title by (i) a broker-dealer that is not also registered as an investment adviser or (ii) an associated person that is not also a supervised person of an investment adviser to be a violation of the capacity disclosure requirement under Regulation Best Interest.

37. **ADMIT THAT:** Spencer Angell **"Served as 1 of 6 internationally elected students to represent over 130,000 Thespians worldwide."**

38. **ADMIT THAT:** Chad Mitchell Koehn and UCM must establish, maintain and enforce written policies and procedures reasonably designed to achieve compliance with Regulation Best Interest.

39. **ADMIT THAT:** Spencer Angell passed the Series 65, investments exam while in the employ of UCMK as a "Summer Analyst".

40. **ADMIT THAT:** Plaintiff United Capital Management of Kansas Inc. and Chad Mitchell Koehn (hereinafter "Plaintiff" or "You") are both Plaintiffs in this matter.

41. **ADMIT THAT:** Chad M. Koehn is the subject of sanctions by a self regulatory authority.

42. **ADMIT THAT:** UCM purposefully has since at least 2018 employed trickery and certain willful, purposeful, wrongful and illegal deception in order to hide and evade detection within EDGAR [Electronic Data Gathering, Analysis, and Retrieval system], specifically by filing regulatory forms under a name other than it is registered with the Kansas Secretary of State.

43. **ADMIT THAT:** When filing required SEC documents in EDGAR the signer is required to affix a signature and sign the following statement: *"The institutional investment manager filing this report and the person by whom it is signed hereby represent that the person signing the report is authorized to submit it, that all information contained herein is true, correct and complete, and that it is understood that all required items, statements, schedules, lists, and tables, are considered integral parts of this form."*

44. **ADMIT THAT:** Lauren Fedrick is the Chief Financial Officer (CFO) for counter-defendant United Capital Management of Kansas Inc. as of 2 August 2022.

45. **ADMIT THAT:** Counter-defendant UCM by and through a person identified as: Ryan J. Kolzow Utilizing the title: Registered Principal has signed multiple SEC regulatory forms under the oath and testament as referenced 43 above.

46. **ADMIT THAT:** Chad M. Koehn has arranged for and invited persons to attend seminars and told people he intended on investing in Anthem Holdings Company.

47. **ADMIT THAT:** Section 13(f) and the Commission's implementing regulation require institutional investment managers that exercise investment discretion with respect to accounts holding certain equity securities having an aggregate fair market value of $100 million or more on the last trading day in a calendar year to file quarterly reports of their holdings with the SEC on Form 13F electronically through the Commission's Electronic Database Gathering and Retrieval (EDGAR) system. Under Commission Rule 13f-1, 17 C.F.R. § 240.13f-1, the Form 13F reports must be filed within 45 days after the last day of such a calendar year and within 45 days after the last day of each of the first three calendar quarters of the subsequent calendar year. Section 13(f)(3) mandates that the Commission tabulate the information contained in the quarterly reports and disseminate that information to the public.

48.

49. **ADMIT THAT:** Chad M. Koehn has made veiled threats identifying Mr. Nelson's family by name, including his elderly mother and father.

50. **ADMIT THAT:** The purposes of EDGAR system by the SEC (Securities and Exchange Commission) is stated by the Commission itself as: *"Its primary purpose is to increase the efficiency and fairness of the securities market for the benefit of investors, corporations, and the economy by accelerating the receipt, acceptance, dissemination, and analysis of time-sensitive corporate information filed with the agency."*

51. **ADMIT THAT:** Chad Mitchell Koehn and UCM and believed control entity UCM Advisors are listed on various SEC regulatory form D, securities filings for RED NECK HIGH TECH YACHT FUND LP, billed under such regulatory filings and disclosure documentation as a CRYPTO CURRENCY "hedge fund", investing in alternative assets in CRYPTO GRAPHIC contracts, currency and assets.

52. **ADMIT THAT:** Chad Koehn has made veiled threats against minor children related to Nelson, who share his DNA.

53. **ADMIT THAT:** According to evidence in the docket of the referenced herein above matter at bar, public disclosure documentation in Document 40-1: https://ia802500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013 .40.1.pdf lists "Anthem Holdings Company" as a direct conflict of interest between counter-defendants Chad Mitchell Koehn and United Capital Management of Kansas Inc.

54. **ADMIT THAT:** Chad Koehn has deliberately made statements to defame Nelson.

55. **ADMIT THAT:** Chad Mitchell Koehn has since removal of the originating petition to the US Federal Courts, has removed the conflict of interest between Chad Mitchell Koehn and UCM and Anthem Holdings Company from disclosure documentation, removing Anthem Holdings Company when the March 2022, disclosure document by Koehn and UCM was filed.

56. **ADMIT THAT:** Chad M. Koehn and UCM counter-defendants are required by SEC: "The recent Regulation D amendments do not alter a firm's responsibility to conduct adequate due diligence on its offerings to ensure any recommendations to purchase securities in a private placement are suitable.

57. **ADMIT THAT:** Plaintiff United Capital Management of Kansas Inc. is known as Unitedcapitalmanagement of Kansas Inc. in State Incorporation filings.

58. **ADMIT THAT:** Counter-defendants UCM and Chad M. Koehn are required per SEC: "Firms must also understand their obligations to comply with Regulation BI in connection with its due diligence and suitability responsibilities."

59. **ADMIT THAT:** Chad Mitchell Koehn is a director of Anthem Holding Company (aka Anthem Holdings Co.; Anthem Holdings Co.; Anthem Holdings Co. Inc.; Anthem Holding Co. Inc.; Anthem Holdings Company Inc.), in as much as Chad Mitchell Kohen must inform UCM and publicly in disclosures of each directorship and/or other outside business activity which Chad Mitchell Koehn is so engaged pursuant with securities laws. Admitting the dates

upon which Koehn has been and continues as a member of the Board of Directors of Anthem Holding(s) Company.

60.   **ADMIT THAT:**  Anthem Holdings Company is made up of at least three businesses combined in a business combination merger.

61.   **ADMIT THAT:**   In disclosure documentation as referenced as docket number 56-2 https://ia802500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013 .56.2.pdf Chad Mitchell Koehn signing on behalf of co-counter defendant UCM, now discloses RED NECK HIGH TECH YACHT FUND LP, stated as a CRYPTO CURRENCY "hedge fund" and alternative asset, crypto graphic contract fund. Koehn states: "Chad Koehn, President of United Capital Management is the principal of UCM Fund Advisors, LLC which is the General Partner of the Red Neck High Tech Yacht Fund, LP. and the principal of United Capital Management. Thomas Jerry Harris, CFA is an Investment Advisor Representative and Chief Strategy Analyst of United Capital Management. Based upon these relationships they have an incentive to recommend Red Neck High Tech Yacht Fund, LP. This is a conflict of interest, and consequently the investment advice provided by United Capital Management will be biased when recommending investments in the fund." page 25 of Disclosure Brochure, already     in     the     docket     of     the     matter     at     bar,     document     56-2: https://ia802500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd. 140013.56.2.pdf

62.   **ADMIT THAT:**  Anthem Holding Company is made up of including without limitation ANTHEM VAULT INC.; ANTHEM GOLD INC.; AG HERC INC.

63.   **ADMIT THAT:** Anthem Holding Company was created via "reverse triangular reverse short-form merger" of self dealt merger subs.

64.   **ADMIT THAT:** Anthem Holding Company creation via the so-called "triangular reverse short-form merger" did not achieve the requisite requirements of the laws of the States of

Texas and Nevada requiring specified shareholder votes to consummate said so-called triangular reverse short-form merger, so requiring 90%+ shareholder approvals.

65. **ADMIT THAT:** Hera Software Development Inc. is a Delaware corporation.

66. **ADMIT THAT:** Hera Software Development Inc. was "spun off" of Anthem Gold Inc.

67. **ADMIT THAT:** According to the "The North American Securities Administrators Association": "The Uniform Securities Act includes anyone "who solicits, offers, or negotiates for the sale of or sells investment advisory services" within the definition of investment adviser representative"; KANSAS requires REGISTRATION of Investment Advisor Representatives Uniform Securities Act, K.S.A. 17-12a411(d).

68. **ADMIT THAT:** Anthem Gold Inc. was spun off from Nevada corporation Anthem Vault Inc.

69. **ADMIT THAT:** The Investment Adviser Registration Depository (IARD) system. IARD is an electronic filing system that facilitates investment adviser registration.

70. **ADMIT THAT:** Chad Mitchell Koehn was listed publicly a Director of Hera Software Development Inc.

71. **ADMIT THAT:** The website for counter-defendant UCM https://www.ucmofkansas.com/resource-center/tax references the State of California and directly references California State Act: California Privacy Rights Act (CPRA) of 2020 https://www.caprivacy.org/

72. **ADMIT THAT:** Chad M. Koehn is a "fiduciary" under the Employee Retirement Income Security Act of 1974 and the Internal Revenue Code of 1986.

73. **ADMIT THAT:** Counter-defendant UCM is required as are its employees and affiliated persons as control persons to have current registrations with the State of Kansas and within the IARD as required by K.A.R. 81-14-7 and K.A.R. 81-14-2(c).

74. **ADMIT THAT:** Lunargistics is a division of Anthem Gold.

7301601.1.15

75. **ADMIT THAT:** Anthem Vault Inc. is the originating company of all DBA's, divisions, spinoffs, of entities now a part of Anthem Holdings Company.

76. **ADMIT THAT:** All three male individuals listed as officers (directors) of Anthem Holdings Company on SEC regulatory form Regulation D have the same identical "Middle Name".

77. **ADMIT THAT:** 17-12a403. Investment adviser registration requirement; dictates that a person who uses Investment Advisor Representative is REQUIRED to be registered in Kansas and thus by the SEC [SECURITIES AND EXCHANGE COMMISSION]

78. **ADMIT THAT:** Chad Mitchell Koehn has removed conflicts of interest regarding himself and co-counter-defendant United Capital Management of Kansas Inc. from public disclosure registered documents signed under penalties of perjury and replaced such with RED NECK HIGH TECH YACHT FUND LP, a self reported and purported CRYPTO CURRENCY "hedge fund"

79. **ADMIT THAT:** Red Neck High Tech Yacht Fund listed Thomas Jerry Harris as an "Investment Advisor Representative" and a "CFA", when in fact Mr. Harris was not currently registered as either

80. **ADMIT THAT:** Listing designations for persons when those persons are not presently registered under those designations, demonstrates clear material misrepresentations and omissions, certain securities abnormalities in SEC disclosure documents signed under penalties of perjury by co-defendant cross defendant Chad Mitchell Koehn.

81. **ADMIT THAT:** Section 10(b) of the Securities Exchange Act of 1934 (Exchange Act) and Securities Exchange Commission (SEC) Rule 10b-5 (15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5). This cause of action has been described as a catch-all anti-fraud provision for securities claims based primarily on misstatements, omissions, and other deceptive conduct affecting the market price of securities.

82. **ADMIT THAT:** Chad Mitchell Koehn is a control person under Section 20(a) of the Exchange Act. That provision provides joint liability for those who control a company liable for fraud.

83. **ADMIT THAT:** Chad M. Koehn is a control person under Securities Act Section 15.

84. **ADMIT THAT:** Record-making and Recordkeeping: Chad M. Koehn must also have complied with new record-making and recordkeeping requirements, as required by each of the rules under the Exchange Act and Investment Advisers Act, with relation to the "series A" unlicensed and unregistered securities raise.

85. **ADMIT THAT:** This is a true statement: "that the date of first sale is the date on which the investor is irrevocably contractually committed to invest, which, depending on the terms and conditions of the contract, could be the date on which the issuer receives the investor's subscription agreement or check." (See SEC Release 33-8891 (February 6, 2008). See also SEC Release No. 33-6455, at Question 82 (March 4, 1983)).

86. **ADMIT THAT:** For purposes of Regulation Best Interest, "material facts" is interpreted consistent with the standard articulated in *Basic, Inc. v. Levinson, 485 U.S. 224 (1988).*

87. **ADMIT THAT:** The regulatory filing for Anthem Holdings Co. contains material misrepresentations.

88. **ADMIT THAT:** Defendant Michael Nelson is a shareholder of Anthem Holdings Company and underlying companies "merged" to form Anthem Holdings Company.

89. **ADMIT THAT:** Defendant, Michael Nelson, is a Significant Equity Interest holder of all classes of Stock of Anthem Holdings Company and each underlying company.

90. **ADMIT THAT:** In creation of Anthem Holding Company that targeted acquisition corporations were created in the US States of NEVADA, Texas and Delaware, by Paul Douglas Aubert in form of "self dealing" in creation of targeted acquisition corporations to act as "merger subs" in the so-called "triangular reverse short-form merger", creating Anthem

Holdings Company as a business combination merger, including without limitation corporations: AG Acquisition, AV Acquisition.

91. **ADMIT THAT:** UCMK employees and/or affiliates in UCMK investments have been involved in BitClub, operated by Russell Albert Medlin.

92. **ADMIT THAT:** Russell Albert Medlin is a formerly convicted and formerly incarcerated NEVADA child sex predator.

93. **ADMIT THAT:** Rusell Albert Medlin is currently incarcerated in Indonesia on Child Sex Charges, of paid sexual relations with minor children.

94. **ADMIT THAT:** BitClub (Bitcoin Multi Level Marketing Bitcoin Mining Company) is the subject of a US Attorney prosecution as an alleged Ponzi Scheme, bilking at least $722 Million from its victims.

95. **ADMIT THAT:** BitClub, Bitcoin mining contract sales, have yielded several Federal Felony Convictions including without limitation advisors of HERC crypto stock coin DAO.

96. **ADMIT THAT:** Personnel including without limitation Paul Douglas Aubert caused the creation of targeted acquisition corporations for the purposes of creating the so-called triangular reverse short-form merger creating Anthem Holding Company.

97. **ADMIT THAT:** UCMK publicly declares itself to be associated with SA Stone Wealth Management Inc.

98. **ADMIT THAT:** SA Stone Wealth Management Inc. is a division of the PUBLIC Company StoneX, which trades on global public securities markets under the ticker symbol: SNEX on the public financial market NASDAQ.

99. **ADMIT THAT:** Chad Mitchell Koehn filed and signed under oath or affirmation as true and correct publicly available disclosure documents wherein it is stated Chad Mitchell Koehn and UCMK have a conflict of interest with each other in recommending Anthem Holdings Company private placement (investment) to others.

100. **ADMIT THAT:** 17 C.F.R. § 240.10b-5 (1975): It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

101. **ADMIT THAT:** UCMK is a regulated entity by the Securities and Exchange Commission.

102. **ADMIT THAT:** Chad M. Koehn and UCMK have been Aiding and Abetting Violations of Section 17(a) of the Securities Act; Both violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by manipulating the financial statements and marketed securities in the form of a crypto currency stock COIN issued as an Initial Coin Offering.

103. **ADMIT THAT:** That under the investment adviser act and under Section 202(11) of the Advisers Act [15 U.S.C. § 80b] Koehn is liable.

104. **ADMIT THAT:** That under the investment adviser act and under Section 202(11) of the Advisers Act [15 U.S.C. § 80b] UCMK is liable.

105. **ADMIT THAT:** UCMK has as its employees under master servant doctrine persons who are licensed by the United States Federal Government and/or SRO's (Self Regulatory Organisations).

106. **ADMIT THAT:** UCMK is regulated by securities regulations of several US States, including without limitation States other than the US State of Kansas.

107. **ADMIT THAT:** More than one investor in Anthem Holdings Company has complained regarding investment in Anthem Holdings Company.

108. **ADMIT THAT:** UCMK has as employees under master servant relationship employees who are "invested" in Anthem Holdings Company.

109. **ADMIT THAT:** HERC crypto stock COIN was sold to investors as a decentralized crypto graphic coin operating a software platform.

110. **ADMIT THAT:** Hera Software Development Inc is also known as HeraSoft and HeraLabs.

111. **ADMIT THAT:** Chad M. Koehn: has violated Securities Act Section 20(d) [15 U.S.C. § 77t(d)], Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)], and Advisers Act Section 209(e) [15 U.S.C. § 80b-9(e)] Securities Act Sections 20(b) and 20(d) [15 U.S.C. §§ 77t(b) and 77t(d)], Exchange Act Section 21(d) [15 U.S.C. § 78u(d)], and Advisers Act Sections 209(d) and 209(e) [15 U.S.C. §§ 80b-9(d) and 80b9(e)]. Violations Sections 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(1), (2) and (3)]; and b. Violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rules 10b-5(a), (b) and (c) thereunder [17 C.F.R. §§ 240.10b-5(a), (b) and (c)]; or c. In the alternative, violated Section 15(b) of the Securities Act [15 U.S.C. § 77o(b)] and Section 20(e) of the Exchange Act [15 U.S.C. § 78t(e)], for aiding and abetting UCM and Koehn's etAl. Together with all counter-defendants and cross defendants inclusive violations of Sections 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(1), (2) and (3)], and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rules 10b-5(a), (b) and (c) thereunder [17 C.F.R. §§ 240.10b-5(a), (b) and (c)]. Violations Sections 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(1), (2) and (3)]; and b. Violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rules 10b-5(a), (b) and (c) thereunder [17 C.F.R. §§ 240.10b-5(a), (b) and (c)]. Violations Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) and (4)] and Rules 206(4)-2 and 206(4)-7 thereunder [17 C.F.R. §§ 275.206(4)-2 and 206(4)-7]; b. Violated Sections 17(a)(1), (2), and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1), (2) and (3)]; and c. Violated Sections 10(b),

21F and 12(g) of the Exchange Act [15 U.S.C. §§ 78j(b), 78u-6, and 78l(g)], and Rules 10b-5(a), (b) and (c), and 21F-17(a) thereunder [17 C.F.R. §§ 240.10b-5(a), (b) and (c), and 240.21F-17(a)].

112.   **ADMIT THAT:**   Hera Software Development Inc. now claims HERC is a proprietary protocol of HeraSoft.

113.   **ADMIT THAT:** UCMK has made false statements in  documents submitted to regulatory authorities.

114.   **ADMIT THAT:** UCMK has made multiple errors in filings of regulatory forms to regulatory authorities.

115.   **ADMIT THAT:** UCMK has used false designations as to the official name of UCMK on official regulatory filings.

116.   **ADMIT THAT:** UCMK has filed under a false name when filing regulatory filings.

117.   **ADMIT THAT:** Chad Mitchell Koehn has made material false representations regarding Anthem Holdings Company.

118.   **ADMIT THAT:** Chad Mitchell Koehn has made false representations regarding multiple (more than one) felony charges against Mister Nelson.

119.   **ADMIT THAT:** Chad Mitchell Koehn has stated that a "computer" was "stripped" from Michael Nelson, in a sworn affidavit signed on 26 January 2022, signed under penalties of perjury by Chad Mitchell Koehn.

120.   **ADMIT THAT:** Chad Mitchell Koehn has signed disclosure documents and regulatory filings under oath and affirmation as true and correct on behalf of UCMK, knowing those declarations are neither true nor accurate.

121.   **ADMIT THAT:** UCMK has been contacted by State Officials regarding the private placement of Anthem Holdings Company and/or Anthem Vault Inc. and/or Hercules and/or

7301801.1.20

Anthem Gold and/or Amagi Metals and/or Anthem Bunker and/or Lunargistics and/or Anthem Station and/or Hera Software Development Inc. (a/k/a HeraSoft or HeraLabs)

122. **ADMIT THAT:** Anthem Gold Inc. is an underlying company of Anthem Holdings Company.

123. **ADMIT THAT:** HERC crypto stock COIN was sold to investors as an investment.

124. **ADMIT THAT:** HERC crypto stock coin was purposefully and directly listed on global public financial markets, for the purposes of trading the coin as a security.

125. **ADMIT THAT:** HERC crypto stock coin was traded on global public financial markets by insiders.

126. **ADMIT THAT:** HERC crypto stock coin was sold as an investment, first at $.20 per Coin and then at $.40 per Coin.

127. **ADMIT THAT:** HERC crypto stock COIN was forcefully listed on globally distributed exchanges to operate as a stock, and/or alternative financial security.

128. **ADMIT THAT:** Lunargistics is a "division" of underlying corporations of Anthem Holdings Company, specifically a division of Anthem Gold Inc.

129. **ADMIT THAT:** Chad Mitchell Koehn has had conversations with Anthem Blanchard regarding Anthem Holdings Company and UCMK.

130. **ADMIT THAT:** Chad Mitchell Koehn has had conversations with Cynthia Blanchard regarding Anthem Holdings Company and UCMK.

131. **ADMIT THAT:** Chad Mitchell Koehn has publicly declared that UCMK has led a financing of a "Series A" raise of capital for Hera Software Development Inc. aka HeraSoft

132. **ADMIT THAT:** UCMK has possession of Defendant Michael Nelson's Social Security Number.

133. **ADMIT THAT:** UCMK has hired investigators and consultants to stalk Michael Nelson and family.

134. **ADMIT THAT:** UCMK has stated to third parties that Michael Nelson "is a convicted felon" by and through its officers, director(s), employees, agents, representatives governed under master servant relationship.

135. **ADMIT THAT:** UCMK has stated by and through its officers, director(S), employees, agents, representatives governed under master servant relationship, to third parties that Michael Nelson "is a multiple convicted felon".

136. **ADMIT THAT:** UCMK, by and through its officers, director(s), employees, agents, representatives governed under master servant relationship has stated to third parties that Michael Nelson is a "criminal".

137. **ADMIT THAT:** Hera Software Development Inc. aka HeraSoft publicly claims to be in a partnership with the Nation of the Netherlands aka Holland.

138. **ADMIT THAT:** Hera Software Development Inc. publicly states an implied partnership with the US Department of Energy.

139. **ADMIT THAT:** Hera Software Development Inc. publicly uses the official seal and logo of the US Department of Energy in advertisements.

140. **ADMIT THAT:** Hera Software Development Inc. publicly uses the official Seal of the State of California for commercial purposes.

141. **ADMIT THAT:** Chad Mitchell Koehn, a UCMK employee, officer and director was a registered "Broker" working on behalf of UCMK when making introductions and sales of stock for Anthem Holdings Company.

142. **ADMIT THAT:** UCMK employee, officer and director Chad Mitchell Koehn was a registered Investment Advisor working for UCMK when making recommendations and introductions in the sale of stock in Anthem Holdings Company.

143. **ADMIT THAT:** Hera Software Development Inc. is NOT registered with the Securities and Exchange Commission (SEC).

144. **ADMIT THAT:** UCMK employees including Chad Mitchell Koehn received stock, options and warrants in Anthem Holdings Company.

145. **ADMIT THAT:** UCMK participated by and through its employees, representatives, directors and/or officers in selling stock of Anthem Holdings Company to persons located in States other than the US State of Kansas.

146. **ADMIT THAT:** UCMK participated by and through its employees, representatives, directors and/or officers in selling stock of Anthem Holdings Company to persons located in the US State of Kansas.

147. **ADMIT THAT:** UCMK employee, director and/or Officer Chad Mitchell Koehn has defamed the person of Michael Nelson, by making statements of material fact, known by UCMK employee, director and/or Officer Chad Mitchell Koehn to be untrue.

148. **ADMIT THAT:** UCMK employee, director, and/or Officer Chad Mitchell Koehn signed and filed a sworn affidavit on 26 January 2022, which references Michael Nelson, by full legal name and makes a series of known false statements, known by Koehn to be false statements as they are directly refuted according to publicly available records known and available to Chad Mitchell Koehn at the time he filed and signed the affidavit under the Penalties of Perjury.

149. **ADMIT THAT:** UCMK employee, director and/or officer Chad Mitchell Koehn knew Anthem Holdings Company was formed via a disputed series of "short-form" mergers, that are so-called "triangular reverse short-form mergers" of self created targeted acquisition corporations as merger subs.

150. **ADMIT THAT:** UCMK employee or former employee Carlee Jo Kendrick was once known as Carlee Jo Overturf.

151. **ADMIT THAT:** Chad M. Koehn: has violated Securities Act Section 20(d) [15 U.S.C. § 77t(d)], Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)], and Advisers Act Section

209(e) [15 U.S.C. § 80b-9(e)] Securities Act Sections 20(b) and 20(d) [15 U.S.C. §§ 77t(b) and 77t(d)], Exchange Act Section 21(d) [15 U.S.C. § 78u(d)], and Advisers Act Sections 209(d) and 209(e) [15 U.S.C. §§ 80b-9(d) and 80b9(e)]. Violations Sections 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(1), (2) and (3)]; and b. Violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rules 10b-5(a), (b) and (c) thereunder [17 C.F.R. §§ 240.10b-5(a), (b) and (c)]; or c. In the alternative, violated Section 15(b) of the Securities Act [15 U.S.C. § 77o(b)] and Section 20(e) of the Exchange Act [15 U.S.C. § 78t(e)], for aiding and abetting UCM and Koehn's etAl. Together with all counter-defendants and cross defendants inclusive violations of Sections 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(1), (2) and (3)], and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rules 10b-5(a), (b) and (c) thereunder [17 C.F.R. §§ 240.10b-5(a), (b) and (c)]. Violations Sections 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(1), (2) and (3)]; and b. Violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rules 10b-5(a), (b) and (c) thereunder [17 C.F.R. §§ 240.10b-5(a), (b) and (c)]. Violations Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) and (4)] and Rules 206(4)-2 and 206(4)-7 thereunder [17 C.F.R. §§ 275.206(4)-2 and 206(4)-7]; b. Violated Sections 17(a)(1), (2), and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1), (2) and (3)]; and c. Violated Sections 10(b), 21F and 12(g) of the Exchange Act [15 U.S.C. §§ 78j(b), 78u-6, and 78l(g)], and Rules 10b-5(a), (b) and (c), and 21F-17(a) thereunder [17 C.F.R. §§ 240.10b-5(a), (b) and (c), and 240.21F-17(a)].

152. **ADMIT THAT:** Carlee Jo Kendrick is the lawful wife of Quinn Robert Kendrick, one of the two "bar licensed" attorneys who drafted, signed, and filed the originating petition approved as to form and substance by UCMK, as so required under State and Federal Law.

153. **ADMIT THAT:** Carlee Jo Kendrick has served as CFO for UCMK both under the name Carlee Kendrick and Carlee Overturf.

154. **ADMIT THAT:** The originating petition filed by UCMK contained a known racial slur.

155. **ADMIT THAT:** The originating petition filed by UCMK referred to Nelson by the name: "BEAN".

156. **ADMIT THAT:** The originating petition was served upon Nelson inside a detention facility in Essex County New Jersey.

157. **ADMIT THAT:** UCMK and/or Chad M. Koehn received information regarding Nelson's whereabouts inside a detention facility in Essex County New Jersey from a person who is not a member of law enforcement.

158. **ADMIT THAT:** Knowledge of the location of Nelson inside a detention facility in Essex County New Jersey, was gained from Cynthia Blanchard, President of both Hera Software Development Inc and Anthem Holdings Company and Anthem Gold Inc. and Harry Max Publishing and Anthem Vault Inc. and AG Herc Inc. and Hercules SECZ and Hercules LLC and Amagi Metals

159. **ADMIT THAT:** UCMK has at least one employee with the last name (surname) Nelson.

160. **ADMIT THAT:** UCMK conducts business with at least one customer with the last name "nelson".

161. **ADMIT THAT:** "Insidious words or machinations" include false promises; exaggeration of hopes or benefits; abuse of confidence; and fictitious names, qualifications, or authority. Kinds of fraud: 1) dolo causante—which determines or is the essential cause of the consent; 2) dolo incidente— which does not have such a decisive influence and by itself cannot cause the giving of consent, but refers only to some particular or accident of the obligation.

162. **ADMIT THAT:** UCMK conducts business or has conducted business with at least one customer, who has not only the last name Nelson, but is also related or has been related to a

person by the name: "Michael Nelson", OTHER THAN the Defendant and Counter-Plaintiff in this matter who happens to be so named "Michael Nelson" as well.

163. **ADMIT THAT:** United Capital Management of Kansas Inc. (UCM) is registered with the State of Florida as of 5 January 2021

164. **ADMIT THAT:** Counter-defendant's act under the titles: "principal", president and chief compliance officer of United Capital Management of Kansas Inc. and United Capital Insurance.

165. **ADMIT THAT:** Chad M. Koehn has made statements he "represent StoneX, a $53 billion dollar public securities company"

166. **ADMIT THAT:** Disclosure statements filed by Chad Mitchell Koehn signed under penalties of perjury and/or oath or affirmation state in part KOEHN receives shares of stock and warrants in Anthem Holdings Company and other compensation and that United Capital Management of Kansas Inc. "will not change fees charged" for holdings with Anthem Holdings Company through recommendations and direct stock sales.

167. **ADMIT THAT:** Chad M. Koehna and UCM actions satisfies the elements for fraud and fraud in the inducement, (i) there was false representation or concealment of a material fact(s); (ii) reasonably calculated to deceive; (iii) made with the intent to deceive; (iv) which does in fact deceive; (v) and results in damage to nelson and others; *McGahren v. Saenger, 649, 654, 456 S.E.2d 852, 855, desc. Review denied, 340, N.C. 568, 460 S.E.2d 318-19 (1995).*

168. **ADMIT THAT:** The conduct by UCMK constitutes a claim for "harassment" under California, Connecticut, New Hampshire, Nevada, Massachusetts, Rhode Island, New York, New Jersey, Vermont State law or common law or both.

169. **ADMIT THAT:** UCMK's illegal communications were the direct and proximate cause of severe physical pain and emotional distress to Michael Nelson and caused Nelson unnecessary personal strain in his work, family and personal life.

170. **ADMIT THAT:** Michael Nelson has suffered actual damages as a result of the illegal communications by UCMK in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at both home and work.

171. **ADMIT THAT:** After receiving the counter complaint from Nelson that UCMK employee, director and/or officer Chad Mitchell Koehn was removed from the public facing website www.HeraSoft.com wherein he [Chad Mitchell Koehn] was listed as a director of the board of directors.

172. **ADMIT THAT:** UCMK employee, director and/or officer Chad Mitchell Koehn was listed on www.HeraSoft.com as a member of the board of directors and it stated that Chad Koehn is **"entrenched" in Bitcoin the "Worlds Largest Barter Network".**

173. **ADMIT THAT:** After the State petition was REMOVED to the Federal Court that UCMK employee, director and/or officer Chad Koehn removed Anthem Holdings Company from public disclosure notices signed and filed under the penalties of Perjury by Chad M. Koehn on behalf of UCMK, as having a conflict of interest with UCMK and Chad M. Koehn, on public disclosure documents which UCMK filed and made publicly available.

174. **ADMIT THAT:** UCMK since the removal to Federal Court of the State petition has added public disclosure statements regarding **"Red Neck** High Tech Yacht Fund LP" to publicly available disclosure documents.

175. **ADMIT THAT:** UCMK Disclosure document ADV filed in March of 2022, contains materially false and materially misleading information regarding the designations of UCMK Employees.

176. **ADMIT THAT:** Chad Mitchell Koehn has signed ADV form filed July of 2022, under penalty of perjury and has knowingly, purposefully and wrongfully made material misrepresentations, omissions and false statements on said form filed and signed under penalty of perjury.

177. **ADMIT THAT:** Total funds under management by UCMK increased from 2020 to 2021.

178. **ADMIT THAT:** UCMK employee, director and/or officer Chad Koehn has traveled to Oklahoma, specifically Bartlesville, Oklahoma for purposes of meetings concerning Anthem Holdings Company and Hera Soft.

179. **ADMIT THAT:** UCMK employee, director and/or officer Chad Koehn has spoken to multiple former members of the Board of Directors of Anthem Vault Inc.

180. **ADMIT THAT:** HERC crypto currency stock Coin has more than 14,000 investor wallet addresses.

181. **ADMIT THAT:** Anthem Holdings Company filed SEC Form Regulation D: https://www.sec.gov/Archives/edgar/data/0001830762/000183076220000001/xslFormD X01/primary_doc.xml

182. **ADMIT THAT:** Chad M. Koehn and/or other UCM employees have contacted individuals and businesses for the explicit purposes to spread false and defamatory statements, rumors and gossip concerning Nelson.

183. **ADMIT THAT:** Jerry Harris is an employee of UCMK.

184. **ADMIT THAT:** Quinn Robert Kendrick is a former attorney of UCMK.

185. **ADMIT THAT:** Chad M. Koehn has stated: "Nelson is a joke", and "cannot be trusted"

186. **ADMIT THAT:** Quinn Robert Kendrick resigned from representation (Docket Document Number 6) and filed notice of withdrawal as counsel on the above herein captioned litigation (the matter at bar) just one day after filings were made regarding the "racial slur" existing within the originating petition.

187. **ADMIT THAT:** Chad Mitchell Koehn solicited funds into Anthem Holding Company prior to 27 October 2020, while in the employ of UCMK.

188. **ADMIT THAT:** Chad M. Koehn and/or other UCM employees have stated that Nelson "is a snitch in need of stitches".

189. **ADMIT THAT:** Numerous former employees of NEVADA based Anthem Vault Inc., besides Nelson have been subjected to similar outrageous and certainly tortious overt acts, establishing a pattern of abuse of former employees for the purposes of discrediting any person who speaks up and will not be a party to illegal, immoral and unethical business operations.

190. **ADMIT THAT:** Koehn on behalf of himself and UCM used insidious machinations, dolus to force Nelson and other "significant equity interest" holders, to accept new shares of stock in "Anthem Holdings Company", in place of their "significant equity interests" in a host of underlying companies including Hera Software Development Inc and Anthem Holdings

191. **ADMIT THAT:** Funds from UCMK clients were transferred to Anthem Holdings Company prior to the above referenced date, 27 October 2020.

192. **ADMIT THAT:** CHAD MITCHELL KOEHN was a Registered Broker with SA STONE WEALTH MANAGEMENT INC. (CRD#:18456) between 01/22/2004 - 10/30/2020

193. **ADMIT THAT:** CHAD MITCHELL KOEHN has at least three (3) customer disputes registered with SEC.

194. **ADMIT THAT:** CHAD MITCHELL KOEHN has CRD#: 2216169

195. **ADMIT THAT:** United Capital Management of Kansas Inc. has CRD # 157755

196. **ADMIT THAT:** CHAD MITCHELL KOEHN filed the following statement on multiple Disclosure documents concerning UNITED CAPITAL MANAGEMENT OF KANSAS INC.: *"Chad Koehn, President of United Capital Management is a member of the Board of Directors of Anthem Holdings Company. In his position as a member of the Board of Directors he is compensated by Receiving shares of stock and/or warrants to obtain shares in the company. Mr. Koehn has an incentive to recommend Anthem Holdings Company."*

197. **ADMIT THAT:** Anthem Holding Company and its subsidiary corporations which form the business combination merger of Anthem Holdings Company have used the OFFICIAL LOGOS, SEALS and NAMES of US Federal Resources of the United States of America Federal Government.

198. **ADMIT THAT:** Hera Software Development Inc. claims to have launched: "Gold-backed asset token; first European government-backed digital gold"

199. **ADMIT THAT:** Amagi Metals is a division of Anthem Vault Inc.

200. **ADMIT THAT:** Amagi Metals and Anthem Vault Inc. are controlled by the same persons that control HERC crypto currency stock coin.

201. **ADMIT THAT:** Anthem Vault Inc. and Anthem Gold Inc. are under the same control as HERC crypto currency stock coin and Amagi Metals.

202. **ADMIT THAT:** Anthem Vault Inc., Anthem Gold Inc, Hercules SECZ, AG Herc Inc., Anthem Holdings Company, and Hera Software Development Inc. are all controlled by the same persons.

203. **ADMIT THAT:** Anthem Vault Inc., Anthem Gold Inc, Hercules SECZ, AG Herc Inc., Anthem Holdings Company, and Hera Software Development Inc. have identical shareholders.

204. **ADMIT THAT:** The following statement is materially misleading, given the admissions above: *"Our intellectual property was developed by Anthem Vault Inc. and contributed to AnthemGold. Physical coin and bar dealer, Amagi Metals, is the first outside vendor to accept anthems (AGLD)."*

205. **ADMIT THAT:** The following statement is materially misleading and false: *"AnthemGold is patterned with EasyBit BTM, the world's largest bitcoin ATM provider with over 35 Bitcoin ATMs, to accept and exchange anthems (AGLD) using their ATMs."*

206. **ADMIT THAT:** The originating cryptographic contract address for the stock coin HERC was: 0x6251583e7D997DF3604bc73B9779196e94A090Ce

207. **ADMIT THAT:** The HERC crypto currency stock coin was migrated to cryptographic contract address: 0x2e91E3e54C5788e9FdD6A181497FDcEa1De1bcc1

208. **ADMIT THAT:** The Following statements were included in the de facto public placement memorandum for HERC crypto currency stock coin:

### EXECUTIVE SUMMARY

**What is Hercules?**

Hercules, a Special Economic Zone Company (SEZC) is a software development company that provides supply chain management software that utilizes public blockchains. The Hercules platform is decentralized and powered by HERC tokens which are required to record and validate the supply chain data. Hercules software is fully open source.

**Hercules Simplified**

Users on the Hercules platform can create a custom supply chain by defining the items to be tracked and the information to be recorded about each item as it passes through the supply chain. In addition to text-based data, photos and video files can also be stored. The Hercules mobile application then allows authorized users to record and track the user-configured data for each item in the supply chain. The data is encrypted and stored securely and immutably on third-party decentralized storage platforms incorporated into Hercules.

To further secure the information, cryptographic hashes of the data are created, stored and indexed utilizing the Factom protocol. The indexing works in a manner similar to library indexing cards, but instead of being stored in a filing cabinet, the indexing information is written to the Factom blockchain, where it is subsequently anchored by the Bitcoin blockchain. These indexing entries cannot be altered in any way, are completely transparent, and publicly viewable. However, the underlying data remains completely private, viewable only by authorized users through our 2nd layer identity solution Edge Secure (edgesecure.co).

In addition to intra-company supply chain management, Hercules is even more powerful when utilized for more complex supply chains with multiple entities contributing data. Since Hercules is blockchain-based, the supply chain data is a common, shared ledger accessible by all the participants. Therefore, instead of each party in the supply chain maintaining its own records, which creates inconsistencies in traditional supply chain management environments, the Hercules protocol enables all participants in any given supply chain to share data transparently which helps reduce many of the problems plaguing complex supply chains today.

209. **ADMIT THAT:** The following is the HERC crypto currency stock coin financials presented in the de facto public placement memorandum for the sale of HERC cryptographic stock coins, as a security:



| | |
|---|---|
| Total tokens to be generated | 234,259,085 |
| Retained tokens | (58,584,771) |
| Shareholder/founder tokens | (35,138,863) |
| Total pre-launch sales as of Oct. 29 @ $0.20 | (12,246,806) |
| Total available for remaining pre-launch sales and crowdsale* | 128,308,645 |

\* This remainder will continue to be sold at $0.20 per token until the anticipated launch of Hercules and the HERC token in late-October through our pre-launch sales. All that remains at launch will be offered in our crowdsale at $0.40 per token for up to 12 months after launch. Any tokens left unsold in the crowdsale twelve months after the beginning of the crowdsale will be destroyed.

210. **ADMIT THAT:** The "white paper" for HERCULES HERC Cryptocurrency stock coin was changed to remove "Joby Weeks" from the document after his arrest by the FBI (Federal Bureau of Investigation), having the "white paper" de facto Public Placement Memorandum revised on 13 December 2019.

211. **ADMIT THAT:** Carlee Jo Kendrick was formerly known as Carlee Jo Overturf, was the Chief Financial Officer (CFO) of UCMK in at least JUNE 2020 through July of 2021

212. **ADMIT THAT:** Carlee Jo Kendrick was the Chief Financial Officer for UCMK and was removed from the website after filings were made in this Federal Litigation.

213. **ADMIT THAT:** Craig Alan Brand serves as "special counsel" for Hercules and HeraSoft.

214. **ADMIT THAT:** Craig Alan Brand is a shareholder of Hera Software Development Inc. and Anthem Holdings Company.

215. **ADMIT THAT:** Craig Alan Brand has appeared as an attorney in the US District of Nevada, representing the NEVADA corporation ANTHEM VAULT INC.

216. **ADMIT THAT:** Craig Alan Brand is/was listed on www.Herasoft.com as "special counsel" for HERCULES SECZ and HERC crypto stock coin.

217. **ADMIT THAT:** Craig Alan Brand is an attorney for Anthem Holding Company.

218. **ADMIT THAT:** Craig Brand and Adriana Soto are shareholders in Anthem Holdings Co.

219. **ADMIT THAT:** Craig Brand and Adriana Soto hold shares of stock in Anthem Holdings Company, which states they invested $85,200.

220. **ADMIT THAT:** Craig Alan Brand authored the book: "I don't Care What Mom Says: LIFE SUCKS", printed and distributed by Abbott press a division of Writer's Digest; that the book authored by Craig Alan Brand is Library of Congress Control Number: 2013911308

221. **ADMIT THAT:** CHAD KOEHN was CRIMINALLY CHARGED in case number: 2022-CR-000043 citation number: 0000225246 on or about 8 January 2022.

222. **ADMIT THAT:** Counter-defendant's have caused insidious machinations, dolus, constituting deceit including false promises, regarding stock swaps and transfers and the nature, origin and intention of Crypto Currency Stock Coin, HERC crypto currency stock, in public memorandums and have wrongfully, purposefully and illegally misrepresented the sale of said crypto currency HERC and then misappropriated the programming to now claim Hera

Software Development Inc. has "hercules a proprietary protocol" without having availability to those INVESTORS, some more than 14,500 wallet addresses, the counter-plaintiff included, accepting the exaggeration of hopes and benefits of the crypto graphic contract stock COIN in the ICO.

223. **ADMIT THAT:** The counter-defendant's without necessarily constituting estafa or some offense under the penal laws, have used the insidious machinations in order to defraud the investors, numbering at least 14,500 addresses; counter-plaintiff included.

224. **ADMIT THAT:** Funds received from investors sold by UCMK and Chad Mitchell Koehn had those funds used to pay lawsuits against Anthem Vault Inc.

225. **ADMIT THAT:** CHAD MITCHELL KOEHN has entered into harassment settlements which also protect UCMK.

226. **ADMIT THAT:** UCMK has entered into harassment so-called "confidential settlements".

227. **ADMIT THAT:** UCMK has had multiple reported harassment, reported to UCMK concerning its officer, director CHAD MITCHELL KOEHN.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S.* "pro se … however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so **construed as to do substantial justice"**). "filings generously and with the leniency due pro se litigants", *see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007).*
Respectfully Submitted, this 6th day of JAN 2023.

Michael Nelson - Pro Se
Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com | chadkoehnlawsuit@nosoybean.com