# EXHIBIT "A"

KENNEDY BERKLEY YARNEVICH &
WILLIAMSON, CHTD.
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHAD M. KOEHN, ET AL. ,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| **vs.** | ) | **Case No. 22-CV-04008-JWB-GEB** |
| | ) | |
| **MICHAEL NELSON,** | ) | |
| | ) | |
| **Defendant** | ) | |

**PLAINTIFF/COUNTER-DEFENDANT'S SECOND INTERROGATORIES
AND SECOND REQUESTS FOR PRODUCTION
TO DEFENDANT/COUNTER-PLAINTIFF, MICHAEL NELSON**

### SECOND INTERROGATORIES

Pursuant to Rule 33, Federal Rules of Civil Procedure, Plaintiffs/Counter-Defendants,

Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned

counsel, herein propound the following interrogatories to the Defendant/Counter-Plaintiff Michael

Nelson, the Responding Party ("Mr. Nelson" or "You"). The Responding Party must serve its

answer and any objections within 30 days after being served with the interrogatories. Pursuant to

the order of Magistrate Judge Birzer, service upon the Responding Party is effective upon mailing

this discovery request to Mr. Nelson. Each interrogatory, including subpart, must, to the extent

not objected to, be answered separately and fully in writing and under oath. The grounds for

1

objecting to an interrogatory must be stated with specificity. Objections: Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Signature: The person who makes the answers must sign them, and the attorney who objects must sign any objections.

## DEFINITIONS

A. "You" or "Your" or "Michael Nelson" means Defendant, MICHAEL NELSON.

B. "Chad M. Koehn" means Plaintiff, CHAD M. KOEHN.

C. "UCM" means Plaintiff, United Capital Management of Kansas, Inc. also known as UNITEDCAPITALMANAGEMENT OF KANSAS, INC., a Kansas corporation.

D. "Relating to," "relates to" and "related to" means, without limitation, comprising, concerning, containing, embodying, referring to, alluding to, responding to, about, regarding, explaining, discussing, showing, describing, studying, reflecting, analyzing or constituting. A communication or document "relating to" any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

## INTERROGATORIES TO MICHAEL NELSON

1.      State the method of contact (voice mail, spoke with, email sent, email received, subpoena sent to the contact in any form), the date(s) and time(s) of each contact, including voice mails, for each contact you attempted with Chad M. Koehn.

ANSWER:

2.      State the name, street address, telephone number, email address of each family member of Chad M. Koehn you have contacted, the method of contact (voice mail, spoke with,

email sent, email received, subpoena sent to the contact in any form, the date(s) and time(s) of each contact, including voice mails.

ANSWER:

3. State the name, street address, telephone number, email address of each client of Chad M. Koehn you have contacted, the method of contact (voice mail, spoke with, email sent, email received, subpoena sent to the contact in any form), the date(s) and time(s) of each contact, including voice mails.

ANSWER:

4. State the name, street address, telephone number, email address of each client of UCM you have contacted, the method of contact (voice mail, spoke with, email sent, email received, subpoena sent to the contact in any form), the date(s) and time(s) of each contact, including voice mails.

ANSWER:

5. State the name, street address, telephone number, email address of each officer of UCM you have contacted, the method of contact (voice mail, spoke with, email sent, email

received, subpoena sent to the contact in any form), the date(s) and time(s) of each contact, including voice mails.

ANSWER:

6.     State the name, street address, telephone number, email address of each Director of UCM you have contacted, the method of contact (voice mail, spoke with, email sent, email received, subpoena sent to the contact in any form), the date(s) and time(s) of each contact, including voice mails.

ANSWER:

7.     State the name, street address, telephone number, email address of each employee of UCM you have contacted, the method of contact (voice mail, spoke with, email sent, email received, subpoena sent to the contact in any form), the date(s) and time(s) of each contact, including voice mails.

ANSWER:

8.     Are you now or have you ever been angry at Chad M. Koehn? _____ .  If you answered in the affirmative, please state the reason(s) why you are or have been angry at Chad M. Koehn.

ANSWER:

9.     State the name, address, telephone number and email address of each employment agency you have hired on or after February 24, 2020, to seek employment on your behalf, the dates the employment agency was hired by you, the job description(s) you were seeking,  the name(s), telephone numbers and email addresses of the representatives of the specific employment agency acting on your behalf.

ANSWER:


10.     State the name, address, telephone number and email address of each business entity or person you have contacted for the purpose of seeking employment as an employee or independent contactor, and for each, state the job description you were seeking, the date(s) of contact, the method(s) of contact, the name of the representative of the business entity or person contacted, whether or not you submitted a resumé, the date and a description of any offer you received, and any rejection you received.

ANSWER:

11. Identify the specific claim in your First Amended Counterclaims, and for each claim, state precise monetary loss you are claiming, for each amount state how the amount of the loss was calculated and determined.

ANSWER:

## SECOND REQUESTS FOR PRODUCTION

Pursuant to Rule 34, Federal Rules of Civil Procedure, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herein propound the following Requests for Production to the Defendant/Counter-Plaintiff Michael Nelson, the Responding Party ("Mr. Nelson" or "You"). The Responding Party must serve his responses and produce the documents responsive to each request and any objections and serve the same upon Chris Kellogg, Esq., Kennedy Berkley, 119 West Iron Avenue, 7th Floor, Post Office Box 2567, Salina Kansas, 67402-2567, within 30 days after being served with the Requests for Production. Pursuant to the Order of Magistrate Judge Birzer, service upon the Responding Party is effective upon mailing this discovery request to Mr. Nelson. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest. Electronically stored information must be produced in text searchable pdf format, including complete metadata history.

## DEFINITIONS

A. "You" or "Your" or "Michael Nelson" means Defendant, MICHAEL NELSON.

B. "Chad M. Koehn" means Plaintiff, CHAD M. KOEHN.

C. "UCM" means Plaintiff, United Capital Management of Kansas, Inc. also known as UNITEDCAPITALMANAGEMENT OF KANSAS, INC., a Kansas corporation.

D. "Relating to," "relates to" and "related to" means, without limitation, comprising, concerning, containing, embodying, referring to, alluding to, responding to, about, regarding, explaining, discussing, showing, describing, studying, reflecting, analyzing or constituting. A communication or document "relating to" any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

## SECOND REQUESTS FOR PRODUCTION

A. Produce all documents, voice recordings, and ESI which relate to in your answer to interrogatory No. 1 above.

B. Produce all documents, voice recordings, and ESI which relate to in your answer to interrogatory No. 2 above.

C. Produce all documents, voice recordings, and ESI which you refer to in your answer to interrogatory No. 3 above.

D. Produce all documents, voice recordings, and ESI which relate to in your answer to interrogatory No. 4 above.

E. Produce all documents, voice recordings, and ESI which relate to in your answer to interrogatory No. 5 above.

F. Produce all documents, voice recordings, and ESI which relate to in your answer to interrogatory No. 6 above.

G. Produce all documents, voice recordings, and ESI which relate to in your answer to interrogatory No. 7 above.

H. Produce all documents, voice recordings, and ESI which relate to in your answer to interrogatory No. 8 above.

I. Produce all documents, voice recordings, and ESI which relate to in your answer to interrogatory No. 9 above.

J. Produce all documents, voice recordings, and ESI which relate to in your answer to interrogatory No. 10 above.

K. Produce all documents, photographs, voice recordings, and ESI which you contend support your assertion that Chad M. Koehn is affiliated with known pedophiles.

L. Produce all documents, voice recordings, and ESI which you contend support your assertion that Chad M. Koehn is a pedophile.

M. Produce all documents, photographs, voice recordings, and ESI which you contend support your assertion that Chad M. Koehn is affiliated with known money launderers.

N. Produce all documents, voice recordings, and ESI which you contend support your assertion that Chad M. Koehn is a money launderer.

Dated November 10, 2022.

KENNEDY BERKLEY YARNEVICH &
WILLIAMSON, CHTD.
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
lmichel@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 10, 2022, the foregoing document was served by prepaid First Class United States Mail addressed to Michael Nelson, 9450 SW Gemini DR, PMB 90924, Beaverton, Oregon 97008-7105, an a courtesy copy emailed to Michael Nelson, oklahomaremote@gmail.com

EXHIBIT "B"

KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:    (785) 825-4674
F:    (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHAD M. KOEHN, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| **vs.** | ) | **Case No. 22-CV-04008-JWB-GEB** |
| | ) | |
| **MICHAEL NELSON,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## PLAINTIFF/COUNTER-DEFENDANTS' FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT/COUNTER-PLAINTIFF, MICHAEL NELSON

Pursuant to Rule 34, Federal Rules of Civil Procedure, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herein propound the following Requests for Production to the Defendant/Counter-Plaintiff Michael Nelson, the Responding Party ("Mr. Nelson" or "You"). The Responding Party must serve his responses and produce the documents responsive to each request and any objections and serve the same upon Chris Kellogg, Esq., Kennedy Berkley, 119 West Iron Avenue, 7th Floor, Post Office Box 2567, Salina Kansas, 67402-2567, within 30 days after being served with the Requests for Production. Pursuant to the Order of Magistrate Judge Birzer, service upon the Responding Party is effective upon mailing this discovery request to Mr. Nelson. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest. Electronically stored information must be produced in text searchable pdf format, including complete metadata history.

### DEFINITIONS

A. "You" or "Michael Nelson" means Defendant, MICHAEL NELSON.

B. "Relating to," "relates to" and "related to" means, without limitation, comprising, concerning, containing, embodying, referring to, alluding to, responding to, about, regarding, explaining, discussing, showing, describing, studying, reflecting, analyzing or constituting. A communication or document "relating to" any given subject means any

communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

## REQUESTS FOR PRODUCTION TO MICHAEL NELSON

4.     Concerning Count II of your proposed Amended Counterclaims and Crossclaims, which alleges Tortious Interference with Business Prospects and Right of Employment, you are requested to produce:

a.     All correspondence and emails sent by or on behalf of Michael Nelson to any third party whom you have contacted for the purpose of seeking employment on or after February 24, 2020.

Response:

b.     All correspondence and emails received by or on behalf of Michael Nelson from any third party whom you or anyone on your behalf has contacted for the purpose of seeking employment on or after February 24, 2020.

Response:

c.     All voice recordings of any person whom you claim you have spoken with at any time on and after February 24, 2020, concerning possible employment of Michael Nelson.

Response:

d.     All correspondence and emails sent by or on behalf of Michael Nelson to any third party whom you have contacted for the purpose of being hired as an independent contractor on or after February 24, 2020.

Response.

e.     All correspondence and emails received by or on behalf of Michael Nelson from any third party whom you or anyone on your behalf has contacted for the purpose of being hired as an independent contractor on or after February 24, 2020.

Response:

f.     All voice recordings of any person whom you claim you have spoken with at any time on and after February 24, 2020, concerning the possibility hiring Michael Nelson as an independent contractor.

Response:

g.     All applications for employment submitted to any third-party by Michael Nelson on or after February 20, 2020.

h.    Any resumé of Michael Nelson prepared by or at the request of Michael Nelson on or after February 20, 2020 for the purpose of seeking employment.

Response:

i.    Any resumé of Michael Nelson transmitted by or at the request of Michael Nelson on or after February 20, 2020 for the purpose of seeking employment.

Response:

j.    Any resumé of Michael Nelson prepared by or at the request of Michael Nelson on or after February 20, 2020, for the purpose of being hired as an independent contractor.

Response:

k.    Any resumé of Michael Nelson transmitted by or at the request of Michael Nelson on or after February 20, 2020, for the purpose of being hired as an independent contractor.

Response:

l.    Any resumé of Michael Nelson posted on-line on any website by or at the request of Michael Nelson on or after February 20, 2022, for the purpose of seeking employment.

Response:

m.    Any resumé of Michael Nelson posted on-line on any website by or at the request of Michael Nelson on or after February 20, 2022, for the purpose of being hired as an independent contractor.

Response:

5.    At the October 4, 2022, Status Conference, you stated to Magistrate Judge Birzer that you had made audio recordings of your telephone conversations Donald F. Hoffman, Esq., and Andrea Swisher, Esq.  You are requested to produce each audio recording of your telephone conversations with:

a.  Donald F. Hoffman, Esq.

Response:

b.  Andrea Swisher, Esq.

Response:

6.     Produce all emails referring to Chad M. Koehn, which Michael Nelson transmitted electronically on or after February 24, 2020, to any third-party.

Response:

7.     Produce all emails referring to Chad M. Koehn, which Michael Nelson received electronically on or after February 24, 2020, from any third-party.

Response:

8.     Produce all emails referring to Chad M. Koehn, which any pseudonym used by Michael Nelson received electronically on or after February 24, 2020, from any third-party.

Response:

9.     Produce all emails referring to Chad M. Koehn, which any pseudonym used by Michael Nelson transmitted electronically on or after February 24, 2020, to any third-party.

Response:

10.     Produce all voice recordings of any telephone call occurring on or after February 24, 2020, relating to Chad M. Koehn, which Defendant, MICHAEL NELSON, has in his care, custody or control,.

Response:

11.     Produce all voice recordings of any telephone call made or received relating to Chad M. Koehn, which Defendant, MICHAEL NELSON, has in his care, custody or control.

Response:

Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

and

4

S/ Craig A. Brand

Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A/
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 10, 2022, the foregoing document was served by prepaid First Class United States Mail addressed to Michael Nelson, 9450 SW Gemini DR, PMB 90924, Beaverton, Oregon 97008-7105, an a courtesy copy emailed to Michael Nelson, oklahomaremote@gmail.com

# EXHIBIT "C"

KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHAD M. KOEHN, ET AL. ,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| **vs.** | ) | **Case No. 22-CV-04008-JWB-GEB** |
| | ) | |
| **MICHAEL NELSON,** | ) | |
| | ) | |
| **Defendant** | ) | |

## PLAINTIFF/COUNTER-DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT/COUNTER-PLAINTIFF, MICHAEL NELSON

Pursuant to Rule 36, Federal Rules of Civil Procedure, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herein propound the following Requests for Admissions to the Defendant/Counter-Plaintiff Michael Nelson, the Responding Party ("Mr. Nelson" or "You").

*Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

*Answer.* If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

*Objections.* The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

1

The Responding Party must serve his responses to the Requests for Admissions upon Chris Kellogg, Esq., Kennedy Berkley, 119 West Iron Avenue, 7th Floor, Post Office Box 2567, Salina Kansas, 67402-2567.

## DEFINITIONS

A. "You" or "Your" or "Michael Nelson" means Defendant, MICHAEL NELSON.

B. "Chad M. Koehn" means Plaintiff, CHAD M. KOEHN.

C. "UCM" means Plaintiff, United Capital Management of Kansas, Inc. also known as UNITEDCAPITALMANAGEMENT OF KANSAS, INC., a Kansas corporation.

D. "Relating to," "relates to" and "related to" means, without limitation, comprising, concerning, containing, embodying, referring to, alluding to, responding to, about, regarding, explaining, discussing, showing, describing, studying, reflecting, analyzing or constituting. A communication or document "relating to" any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

## REQUESTS FOR PRODUCTION TO MICHAEL NELSON

1. Admit that you have never been an officer of UCM.

2. Admit that you have never been a Director of UCM.

3. Admit that you have never been a Shareholder of UCM.

4. Admit that you have never been an employee of UCM.

5. Admit that you have never been an authorized agent of UCM.

6. Admit that you have never met in person with Chad M. Koehn.

7. Admit that you have never been a client of UCM.

8. Admit that you have never been a client of Chad M. Koehn.

9. Admit that you were never solicited by Chad M. Koehn to purchase any registered and/or unregistered securities.

10. Admit that you never had any personal communications with Chad Koehn.

11. Admit that you were never solicited by UCM to purchase any registered and/or unregistered securities.

2

12. Admit that you have no children.

13. Admit that in a voice message left for Chad M. Koehn, you stated, in part: "Please don't kill my children."

14. Admit that you have never been married.

15. Admit that you never personally met Craig A. Brand, Esq.

16. Admit that you never had any communications with attorney Craig A. Brand about or concerning any portion of his law practice or who might be associated with Mr. Brand's law practice or what Mr. Brand's law practice areas consist of.

17. Admit that in a voice message left for Chad M. Koehn, you stated, in part: "Please don't kill my wife.

18. Admit that in a voice message left for Chad M. Koehn, you stated, in part: "Please don't kill me."

19. Admit that in a voice message left for Chad M. Koehn, you stated, in part: "Please don't kill my family."

20. Admit that, except for your counterclaims in this case, you have never filed any lawsuit against UCM.

21. Admit that, except for your counterclaims in this case, you have never filed any lawsuit against Chad M. Koehn.

22. Admit that you are a former employee of Anthem Vault, Inc., a Nevada corporation.

23. Admit that you have never been an employee of Anthem Holdings Company, a Delaware corporation.

24. Admit that you were terminated as an employee of Anthem Vault, Inc. on or about February 24, 2020.

25. Admit that you were a shareholder of Anthem Vault, Inc., a Nevada corporation, and your shares were converted into shares of Anthem Holdings Company, a Delaware corporation.

26. Admit that in the State of Oklahoma the Blanchards (who are the CEO and President of Anthem Holdings, Inc.,) have an ongoing criminal case against yourself.

27. If you deny that you are a current shareholder of Anthem Holdings Company, admit that you are a shareholder of Anthem Vault, Inc., a Nevada corporation.

28. Admit that you are a shareholder in Rhody, Inc., a Nevada corporation.

29. Admit that you are the President of Rhody, Inc., a Nevada corporation.

3

30. Admit that Rhody, Inc. owned shares of Anthem Vault, Inc., and Rhody, Inc.'s shares were converted into shares of Anthem Holdings Company, a Delaware corporation.

31. If you deny that Rhody, Inc. is a current shareholder of Anthem Holdings Company, admit that Rhody, Inc. is a shareholder of Anthem Vault, Inc., a Nevada corporation

32. Admit that any claim you have asserted in your First Amended Complaint for personal damages you have suffered from violations of securities laws by UCM and/or Chad M. Koehn (not your whistleblower claims) is based upon your being a shareholder of Anthem Holdings Company and Rhody, Inc. being a shareholder of Anthem Holdings Company.

33. If you deny the previous Request for Admission, (No. 32), admit that any claim you have asserted in your First Amended Complaint for personal damages you have suffered from violations of securities laws by UCM and/or Chad M. Koehn (not your whistleblower claims) is based upon your being a shareholder of Anthem Vault, Inc. and Rhody, Inc. being a shareholder of Anthem Vault, Inc.

34. Admit that you have intentionally tried to damage the business reputation of Chad M. Koehn.

35. Admit that you have intentionally tried to damage the business reputation of Chad M. Koehn because of your anger at Anthem Blanchard and/or Cynthia Blanchard.

36. Admit that you have contacted clients of UCM (directly or indirectly).

37. Admit that you have contacted perspective clients of UCM (directly or indirectly).

38. Admit that you have no idea who Craig A. Brand, Esq. may or may not be business partners with.

39. Admit that you have no objective evidence of Craig A. Brand, Esq., committing any criminal actions.

40. Admit that you have no objective evidence of Chad M. Koehn committing any criminal, civil or administrative wrongful actions.

41. Admit that you have no objective evidence of UCM committing any criminal, civil or administrative wrongful actions.

42. Admit that you have filed a Florida Bar Complaint against Craig A. Brand, Esq., without attaching any documents that might inure or support your allegations.

43. Admit that you have filed complaints against the Plaintiffs with the SEC.

44. Admit that you have filed complaints against the Plaintiffs with FINRA.

45. Admit that you have no attorneys on retainer as it relates to this specific case herein.

Dated November 10, 2022.

Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

and

S/ Craig A. Brand

Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A/
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 10 2022, the foregoing document was served by prepaid First Class United States Mail addressed to Michael Nelson, 9450 SW Gemini DR, PMB 90924, Beaverton, Oregon 97008-7105, an a courtesy copy emailed to Michael Nelson, oklahomaremote@gmail.com