# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN**<br><br>   Plaintiffs, counter-defendants<br><br> v.<br>Michael Nelson<br><br>   Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.:** 5:22-CV-04008-JWB-TJJ<br>**CIVIL ACTION**<br><br>**EXHIBITS**<br><br>**Motion to Compel Requests for Production and for Sanctions for Refusal to reply, follow the rules obstructing discovery**<br><br>**[Jury Trial Demanded]** |

# EXHIBIT

# "A"

# To Follow . . .

# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. ("UCMK") <br><br> **& CHAD M. KOEHN** ("Koehn") <br><br> Plaintiffs, counter-defendants <br><br> v. <br> Michael Nelson <br><br> Defendant; Counter-Plaintiff    PRO-Se. | **DOCKET NO.:    5:22-CV-04008-JWB-TJJ** <br> **CIVIL ACTION** <br> Production of documents under Rule 34 UCMK having failed to produce the Early Rule 34 Requests so made pursuant with Rule 26(D)(2) they are so herein forth tendered in accordance with procedures followed by Christopher Jon Kellogg regarding Rule 33 requests he has made <br> **Jury Trial Demanded]** |

[NOTE Requests for Admission are omitted from this original]

Counter-Plaintiff / Defendant ("Nelson"), makes "LIMITED APPEARANCE" to file **NOTICE of Request for Production of documents under Rule 34, UCMK having failed to produce the Early Rule 34 Requests so made pursuant with Rule 26(D)(2) they are so herein forth tendered in accordance with procedures followed by Christopher Jon Kellogg regarding Rule 33 requests he has made, this Rule 34 Requests are made to UCMK to United Capital Management of Kansas Inc. (UCMK):**

1. Pursuant with the procedures followed by attorney Christopher J. Kellogg filing Rule 33 interrogatories to the Federal Court Record this formal request is so herein forth tendered under Federal Rules of Civil Procedure Rule 34 without limitation.

2. It is therefore here and now requested that United Capital Management of Kansas Inc. ("UCMK") produce and therefore tender forthwith, the formal requests for production as enumerated herein below as REQUESTS for PRODUCTION of DOCUMENTS.

**INSTRUCTIONS:**

If any objection is made to any of the following requests for production or discovery requests, UCMK shall make any such objection and state the relevant legal basis for such objection.  If any objection is made based upon a claim of privilege as to any response, UCMK shall state the legal basis for the privilege UCMK is invoking and provide a detailed privilege log to support the invocation of such privilege.  All invocations of privilege concerning Craig Alan Brand or any attorney or associate thereof Craig Alan Brand inclusive without limitation of attorney Logan Ryan Golema or Dale Takio shall necessitate additional verification and together with privilege logs it is so necessitated for UCMK to provide the bar association(s) and bar

numbers to each and every attorney so requiring the privilege log to be provided and the dates of admission and current status to each bar association so listed in each response reiterating the objection and its legal basis for such. All sharing of this document with Craig Alan Brand prior to decision on disqualification motion(s) as made, shall therefore be discoverable as to all communication by and between the firm Kennedy Berkley Yarnevich and Williamson Chartered and to each and every attorney therein each of those law firms and purported legal entities of Craig Alan Brand and each and every attorney appearing at bar under master servant relationship to the law firm Kennedy Berkley Yarnevich and Williamson Chartered; and as to each Pinkerton Doctrine so applies, given the plethora of conflicting representations and ongoing investigations.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure [FRCP], and UCMK is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these requests for production and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Nelson immediately upon knowledge of change or other information becoming available in either case to do so within 5 calendar days.

As used in REQUESTS for PRODUCTION and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of UCMK, which UCMK have knowledge, whether originals, copies, electronic format or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer records, disk images, printouts of records, sample letters, Metro-data tapes, diskettes, computer hard drives, Cloud systems and platforms, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, audio records, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, email, text messages, discord chats, server chat logs, sms, mms, electronic mail, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, PIN reports, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular(s), press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

As used, in these requests for admission, requests for production herein below the following are all to be used interchangeably and to reference the same organisation commonly referred to by UCMK as: "Anthem Holdings Company"; yet at times also referred to by the UCMK's and their affiliates by a variety of variations including without limitation: Anthem Holding Company, Anthem Holding Co., Anthem Holding Co. Inc., Anthem Holding Company Inc., Anthem Holdings Co., Anthem Holdings Company, Anthem Holdings Co. Inc., Anthem Holdings Company Inc., as used by plaintiffs variations of the company name both with and without "Inc." after and with and without Company spelled out or abbreviated as Co. and with and without the "holdings" name as either singular "holding" or plural "holdings".

As used throughout, requests for production herein below the following are all to be used interchangeably to be the same legal entity Hera Software Development Inc., as also used in moniker form and variations of the legal name: HeraSoft, HeraLab, HeraLabs, HeraSoftware Development Inc., Hera Software Development Inc., Hera Software and Development Inc. all variations are so used interchangeably to mean the same legal entity incorporated in the US State of Delaware, as Hera Software Development Inc.

The Corporation UCMK which is a plaintiff in the titled matter at bar in this litigation Untied Capital Management of Kansas Inc., is d/b/a according to Order of the Court in this matter under the incorporated name Unitedcapitalmanagement of Kansas Inc. and as used in publicly available disclosure documents under a variety of monikers and names including simply UCM or United Capital or United Capital Management or with use without the "Inc." are all to mean the same corporation United Capital Management of Kansas Inc. is herein so referenced as UCMK though may be used interchangeably as any of the foregoing.

Though these discovery requests located herein are related to and concerning plaintiff United Capital Management of Kansas Inc. [UCMK] some requests for production reference co-plaintiff Chad Koehn, all references to the variations of Chad Koehn's name including without limitation: Chad Koeh, Chad M. Koehn, Chad Mitchell Koehn, Koehn all reference and refer to the same individual known under the full legal name Chad Mitchell Koehn, and so requests for production are herein made as to UCMK's responsibilities for so producing each REQUEST as made whether or not they include documents relating to the person of CHAD MITCHELL KOEHN, additional Requests for Production will be forthcoming directed to Chad Mitchell Koehn personally, UCMK need not produce any document more than once as pursuant with FRCP.

A request to "identify" and/or produce a document is a request to state the following, as applicable:
 a. The complete and entire date of the document; in DAY, MONTH, YEAR format, and where applicable with the appropriate time stamp in HOUR, MINUTE, SECOND format with the directed address so attached and indication on all ESI (Electronically Stored Information) as to the IP Address and version IPv4, IPv4, IPv6, with associated geo-location of document to IP version (IPvX) as stated.
 b. The type of document;

   c. The names and present complete physical addresses and contact information of the person or persons who prepared the document (including the person's physical work address and home address where they may be found physically for service of process) and of each and every of the signers and addressors of the document, if applicable, together with a list of all persons which have knowledge or control of the document, together with the complete legal name, address (physical address both home and work where the persons may be physically located) and contact information for each person listed;
   d. The name of the employer or principal whom the signers, addressers and preparers were or are representing, together with each person's physical address home and work and all contact information;
   e. The present location of the document, including physical address, and/or as to ESI the physical location of the ESI, network name, computer, computer network, IPv"X" addressing, type of file, size of metadata, raw data and originating disk imaging.
   f. The name and current business and home addresses of the present custodian of the original document, and any copies of it;
   g. A summary of the contents of the document; and
   h. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed in accordance with law

  IT is requested that the documents be made available for this inspection via electronic submittal, in searchable format with the accompanying disk images and that <u>UCMK be prepared and ready to permit on premises search of physical files, operations, telephone systems and computer systems and computer networks</u> at each and every office and/or homes of plaintiffs (inclusive without limitation of all employees, officers, directors) within 120 days of a response hereto, or at such office of UCMK as may be the originating location of any of the documents requested, during normal business hours, and with the least possible disruption to the ordinary course of UCMK's duties and responsibilities, advanced notice of at least 24 hours shall be given in demonstrating good faith in seeking minimal burden necessary for onsite forensic examination of the files sought for cause.

  Nelson further requests that this inspection be permitted by UCMK immediately after UCMKs' response to this request has been filed, and that Nelson or his agents be permitted to remove from UCMKs' custody such documents as they may desire to copy, on the understanding that Nelson and/or his agents and representatives will be responsible for such documents so long as they are in their possession, that copying will be done at Defendant's expense, and that the documents will be promptly returned after copying has been completed.

  These discovery requests are intended to cover all documents in UCMKs' possession, or subject to their custody and control, regardless of location, and regardless if location is in an office of the plaintiffs or in a home, storage facility or another unspecified location. If there are no such documents, as per the demand, please so state. If there are such documents, please list

and mark appended documents responsive to each request. (Federal Rules of Civil Procedure, Rule 34(b)).

Each REQUEST so propounded herein should be provided for production separately by the appropriate person (human individual) on behalf of the legal entity Corporation UCMK's entire knowledge from all sources and all information in UCMKs' possession or otherwise available to UCMK, including information from UCMKs' officers, employees, agents, directors, affiliates, vendors, representatives, attorneys or consultants and information which is known by each of them. An incomplete or evasive production is deemed a failure to provide the requested and so propounded herein demand for production.

If any requested production is qualified, UCMK shall state specifically the terms of each qualification and the reasons for it. For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, in either case each statement via answer shall also be accompanied by a sworn statement under oath and affirmation attesting to the facts under penalty of perjury by the person so making the answer thereto.

**PURSUANT TO THE E-DISCOVERY REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE, DEFENDANT SPECIFICALLY DEMANDS HEREIN THAT ALL DISCOVERY DOCUMENTS THAT CAN BE PRODUCED IN READABLE AND FULLY SEARCHABLE ELECTRONIC FORMAT BE PRODUCED IN THAT FORMAT AND INCLUDE ALL META DATA, RAW SOURCE FILES AND CORRESPONDING DISK IMAGES BY AND FOR REFERENCE AS TO LEGITIMACY OF SAID DOCUMENTS. "PRINT SCREENS," PRINTOUTS, OR OTHER MANUALLY PRODUCED COPIES OF ELECTRONIC DATA ARE UNACCEPTABLE.**

Each and every request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure [FRCP], and UCMK is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these requests for production and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Nelson immediately upon knowledge of change or other information becoming available in either case to do so within 5 calendar days.

As used in REQUESTS for PRODUCTION and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of UCMK, which UCMK have knowledge, whether originals, copies, electronic format or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer records, disk images, printouts of records, sample letters, Metro-data tapes, diskettes, computer hard drives, Cloud systems and

platforms, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, audio records, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, email, text messages, discord chats, server chat logs, sms, mms, electronic mail, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, PIN reports, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular(s), press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

  As used, in these requests for admission, requests for production herein below the following are all to be used interchangeably and to reference the same organisation commonly referred to by UCMK as: "Anthem Holdings Company"; yet at times also referred to by the UCMK's and their affiliates by a variety of variations including without limitation: Anthem Holding Company, Anthem Holding Co., Anthem Holding Co. Inc., Anthem Holding Company Inc., Anthem Holdings Co., Anthem Holdings Company, Anthem Holdings Co. Inc., Anthem Holdings Company Inc., as used by plaintiffs variations of the company name both with and without "Inc." after and with and without Company spelled out or abbreviated as Co. and with and without the "holdings" name as either singular "holding" or plural "holdings".

  As used throughout, requests for production herein below the following are all to be used interchangeably to be the same legal entity Hera Software Development Inc., as also used in moniker form and variations of the legal name: HeraSoft, HeraLab, HeraLabs, HeraSoftware Development Inc., Hera Software Development Inc., Hera Software and Development Inc. all variations are so used interchangeably to mean the same legal entity incorporated in the US State of Delaware, as Hera Software Development Inc.

  The Corporation UCMK which is a plaintiff in the titled matter at bar in this litigation Untied Capital Management of Kansas Inc., is d/b/a according to Order of the Court in this matter under the incorporated name Unitedcapitalmanagement of Kansas Inc. and as used in publicly available disclosure documents under a variety of monikers and names including simply UCM or United Capital or United Capital Management or with use without the "Inc." are all to

mean the same corporation United Capital Management of Kansas Inc. is herein so referenced as UCMK though may be used interchangeably as any of the foregoing.

Though these discovery requests located herein are related to and concerning plaintiff United Capital Management of Kansas Inc. [UCMK] some requests for production reference co-plaintiff Chad Koehn, all references to the variations of Chad Koehn's name including without limitation: Chad Koeh, Chad M. Koehn, Chad Mitchell Koehn, Koehn all reference and refer to the same individual known under the full legal name Chad Mitchell Koehn, and so requests for production are herein made as to UCMK's responsibilities for so producing each REQUEST as made whether or not they include documents relating to the person of CHAD MITCHELL KOEHN, additional Requests for Production will be forthcoming directed to Chad Mitchell Koehn personally, UCMK need not produce any document more than once as pursuant with FRCP.

A request to "identify" and/or produce a document is a request to state the following, as applicable:
 a. The complete and entire date of the document; in DAY, MONTH, YEAR format, and where applicable with the appropriate time stamp in HOUR, MINUTE, SECOND format with the directed address so attached and indication on all ESI (Electronically Stored Information) as to the IP Address and version IPv4, IPv4, IPv6, with associated geo-location of document to IP version (IPvX) as stated.
 b. The type of document;
 c. The names and present complete physical addresses and contact information of the person or persons who prepared the document (including the person's physical work address and home address where they may be found physically for service of process) and of each and every of the signers and addressors of the document, if applicable, together with a list of all persons which have knowledge or control of the document, together with the complete legal name, address (physical address both home and work where the persons may be physically located) and contact information for each person listed;
 d. The name of the employer or principal whom the signers, addressers and preparers were or are representing, together with each person's physical address home and work and all contact information;
 e. The present location of the document, including physical address, and/or as to ESI the physical location of the ESI, network name, computer, computer network, IPv"X" addressing, type of file, size of metadata, raw data and originating disk imaging.
 f. The name and current business and home addresses of the present custodian of the original document, and any copies of it;
 g. A summary of the contents of the document; and
 h. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed in accordance with law

IT is requested that the documents be made available for this inspection via electronic submittal, in searchable format with the accompanying disk images and that <u>UCMK be prepared and ready to permit on premises search of physical files, operations, telephone systems and computer systems and computer networks</u> at each and every office and/or homes of plaintiffs (inclusive without limitation of all employees, officers, directors) within 120 days of a response hereto, or at such office of UCMK as may be the originating location of any of the documents requested, during normal business hours, and with the least possible disruption to the ordinary course of UCMK's duties and responsibilities, advanced notice of at least 24 hours shall be given in demonstrating good faith in seeking minimal burden necessary for onsite forensic examination of the files sought for cause.

Nelson further requests that this inspection be permitted by UCMK immediately after UCMKs' response to this request has been filed, and that Nelson or his agents be permitted to remove from UCMKs' custody such documents as they may desire to copy, on the understanding that Nelson and/or his agents and representatives will be responsible for such documents so long as they are in their possession, that copying will be done at Defendant's expense, and that the documents will be promptly returned after copying has been completed.

These discovery requests are intended to cover all documents in UCMKs' possession, or subject to their custody and control, regardless of location, and regardless if location is in an office of the plaintiffs or in a home, storage facility or another unspecified location. If there are no such documents, as per the demand, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Federal Rules of Civil Procedure, Rule 34(b)).

Each REQUEST so propounded herein should be provided for production separately by the appropriate person (human individual) on behalf of the legal entity Corporation UCMK's entire knowledge from all sources and all information in UCMKs' possession or otherwise available to UCMK, including information from UCMKs' officers, employees, agents, directors, affiliates, vendors, representatives, attorneys or consultants and information which is known by each of them. An incomplete or evasive production is deemed a failure to provide the requested and so propounded herein demand for production.

If any requested production is qualified, UCMK shall state specifically the terms of each qualification and the reasons for it. For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, in either case each statement via answer shall also be accompanied by a sworn statement under oath and affirmation attesting to the facts under penalty of perjury by the person so making the answer thereto.

**PURSUANT TO THE E-DISCOVERY REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE, DEFENDANT SPECIFICALLY DEMANDS HEREIN THAT ALL DISCOVERY DOCUMENTS THAT CAN BE PRODUCED IN READABLE**

**AND FULLY SEARCHABLE ELECTRONIC FORMAT BE PRODUCED IN THAT FORMAT AND INCLUDE ALL META DATA, RAW SOURCE FILES AND CORRESPONDING DISK IMAGES BY AND FOR REFERENCE AS TO LEGITIMACY OF SAID DOCUMENTS. "PRINT SCREENS," PRINTOUTS, OR OTHER MANUALLY PRODUCED COPIES OF ELECTRONIC DATA ARE UNACCEPTABLE.**

1. All documents relied upon when responding to any request demand, production or admission herein this limited discovery request.

2. All shareholder lists including full legal name, physical address, email, phone number, home and work, mailing address and number of shares owned with % of the Company owned, for UCMK, Anthem Holdings Company, Hera Software Development Inc., UCM Advisors LLC, or any other company so herein listed, being the same so separated.

3. Produce the name and contact information including physical address, physical mailing address, phone number, cellular phone number, email address, full legal name for each and every investor and wallet address owner for HERC crypto currency stock Coin, including all wallet addresses of the CryptoCurrency Stock Coin for the Ethereum Contract Address:  0x2e91E3e54C5788e9FdD6A181497FDcEa1De1bcc1

4. Any and all training, personnel, or other instruction manuals used by any and all personnel who are employed by or supervised by UCMK

5. Produce the the name and contact information including physical address, physical mailing address, phone number, cellular phone number, email address, full legal name for each and <u>every investor</u>, for every investor and/or shareholder, stockholder, equity interest holder, and/or warrant/option holder, with the number of shares each holds and the total number of shares for each company for the following companies:  Hera Software Development Inc., Anthem Holding Company, Anthem Vault Inc., Anthem Gold Inc., AG Herc Inc., Hercules LLC, Lunargistics, CisLunar Exchange, United Capital Management of Kansas Inc., United Capital Insurance Company, together with the number of shares outstanding and the number of shares held by each person or entity and the percentage of such holdings, all provided in the form of a capitalization table for each referenced entity.

6. Provide <u>all plans of merger</u>, business combination merger, including all required State forms from Nevada, Texas, Delaware regarding each corporation listed in #4 above as and as to each of which relate to the business combination merger in the creation of Anthem Holding Company, providing all State Forms and the full and complete plan of


merger, including definition and explanation of what is described as a triangular reverse short form merger.

7. Provide the names of all self created "targeted acquisition" corporations affecting the business combination merger of the so-called: "triangular reverse short-form merger" creating Anthem Holding Company.

8. List of all persons considered by UCMK as "proprietary persons" together with the persons full legal name, contact information, including complete physical address, residence, business, phone numbers, cellular phone numbers, email (electronic mail) addresses, occupation, source of funds under management pursuant with BSA, SEC, KYC-AML regulations without limitation.

9. Provide lists of all customers/clients claimed by any Plaintiff with contact information for each and approximate annual revenue derived from each; contact information shall mean and include full legal name, contact information, including complete physical address, complete mailing address, residence, business, phone numbers, cellular phone numbers, email (electronic mail) addresses, occupation, source of funds in accordance with Law without limitation BSA, KYC-AML, SEC, regulations.

10. Any insurance policies covering You for violations of securities laws, and/or any insurance policies which cover the subject matter of this litigation.

11. Copies of any and all insurance policies covering you regarding the issues of this litigation and/or cross or counter complaints.

12. All notices that you have given any insurer regarding this referenced action and the Name and contact information of each such insurer.

13. All notices you have either received or provided, including all mandated certifications regarding notification of the litigation herein referenced above including the providing of copies of the counter complaint and claims to: any regulatory authority including all regulatory authorities of any State or Territory of the United States of America or Federal Governmental entity of the United States of America, any such entity or person of any Foreign Nation and any and all Self Regulatory Organisations (also known as SRO's), providing the name and address of each Regulatory Authority, contact person and copies of all materials you have provided them, and/or received from them inclusive without limitation of certification of providing a copy of the counter complaint to each as is so mandated under the regulatory authority(ies) as you are required under promulgated, Rule, Statute, Code, CFR, regulation.

14. All logs or memoranda of communications reflecting all communications which reference by name or description the person of Michael Nelson.

15. All recordings of all conversations between You, and/or your employees, contractors, affiliates, clients, customers referencing the defendant by name, moniker, nickname, abbreviation or description, together with copies and transcripts of all voicemail messages or other recordings.

16. All internal documents, memoranda, manuals, policies and procedures, etc., relating to "securities irregularities" or "whistleblower(s)".

17. All internal documents regarding policies and procedures as it relates to internal and external reporting by a "whistleblower" and to the handling of "securities irregularities".

18. Copies of all reports and documents utilized by an expert which UCMK proposes to call at any hearing or trial of this matter.

19. Any and all software manuals and/or instruction guides for each and every computer system, computer network, software package, cellular phone system and or provider, software system, telephonic system, electronic device, or non-electronic device used in any manner by UCMK and their employees, contractors, representatives, officers, directors, affiliates in connection with the management of capital, solicitation or management of stocks and securities, investments, sale of securities, stocks, warrants, options, private placements, investments in the general operation of UCMK and all operations of compliance for UCMK and its employees, officers, directors, representatives, contractors inclusive of Chad Mitchell Koehn.

20. Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which either UCMK or CHAD MITCHELL KOEHN has been named as a witness or a party, that have existed or been brought with respect to or involving UCMK or CHAD MITCHELL KOEHN, for a period of FIVE (5) YEARS before the date of this request to the present.

21. Any and all documents in the possession or control of UCMK that either UCMK or CHAD MITCHELL KOEHN may use to support claims or are in any way relevant to the subject matter of the lawsuit, petition, complaint and/or counter/cross complaints.

22. Any and all documents recordings, documenting, or otherwise tracking UCMK's compliance with securities laws, rules, codes, regulations, statutes, regulatory rules, requirements, including but not limited to:

    a. Records of all inbound or outbound telephone solicitation calls, communications, US Mail, Email, referencing or regarding Anthem Holding(s) Company, HERC crypto currency stock COIN, Hercules, HERC, Anthem Vault, Anthem Gold, Anthem Vault and Bunker, HeraSoft, Lunargistics, HeraLabs, Hera Software Development Inc.

    b. Records of all inbound or outbound United States mail, to or from any individual or organisation in reference to the named corporations in (a) herein above at (22)(a).

    c. Records of all inbound and outbound Email (Electronic Mail), to or form any individual or organisation in reference to the named corporations in (a) herein above at 22(a).

    d. Records of all other inbound or outbound communication of whatever kind, to or from any person or organization concerning the organizations listed in 22(a) herein above.

23. All exhibits which You propose to introduce at trial and/or hearing(s).

24. Identify all written documents that you authored in full or part, or which was authored by any employee, contractor, representative, director, officer, attorney or which you have directed to be authored or which you have attached with or caused to be sent to others, which third parties have authored and who they are or reprinted regarding "Michael Nelson" by name or description and any legal entity referenced above in 22(a), or which references any of the following individuals: Chad M. Koehn, Ryan Kozlow, Anthem Blanchard, Cooper Collines, Cynthia Blanchard, Mark Heatwole, Dale Takio, Craig Brand, Paul Aubert, Logan Golema, Gil Gilliam, Kylee Kolzow, Red Neck High Tech Yacht Fund, or any other person associated or affiliated in any way to UCMK and those corporations listed herein above 22 (a).

25. Identify and provide copies of all communications made to any UCMK client or customer, potential client, current or past client or customer of UCMK or person which any employee, representative, contractor, officer, director has had contact, provide the type of communication, oral, written, email, US mail, fax, telegram, message board, discord server, etc. provide the nature of each communication involving Nelson (by name or description),

Anthem Holdings Company, HeraSoft, Hera Software Development Inc., Hera Labs, Anthem Vault, Anthem Gold, Hercules, HERC, Lunargistics, Bitclub, Bitcoin, <u>any other crypto currencies</u> or crypto assets; providing the copies of the communications if applicable and the complete legal name, address, and contact information of each person receiving said communications as identified herein (25).

26. Copies of all UCMK client accounts which had transfers of funds including the date of transfer, for the purposes of purchase of stock in Anthem Holdings Company and/or Hera Software Development Inc. (HeraSoft)

27. Copies of all UCMK wire transfers, checks, ACH or other transmissions of funds (US Currency) for the purchase of Stock and/or equity in Anthem Holdings Company, Hera Software Development Inc. (HeraSoft) providing both the originating account number and financial institution(s) and the receiving account number and financial institution(s), as well as the originating UCMK affiliate, customer or client, including full legal name, address, and contact information for the same.

28. Copies of all statements of account where "management fees" were charged and/or waived or otherwise billed for stock in Anthem Holdings Company stock held by any UCMK client or customer, past or present or by UCMK itself.

29. **Copies of all litigation holds, notices,** with the dates sent and the complete contact information for each and every person and/or entity receiving said litigation holds and notices, together with the dates and copies of notices when they were updated, pursuant to the professional responsibilities of the presumed bar licensed attorneys who have assisted with the initiation of the state petition in this matter and those professional responsibilities and liabilities of all attorneys appearing at bar or in pleadings of this matter, in the filing and documentation of said litigation notices and holds and to each and every person or entity (organisation or corporation) which has received said Litigation Holds and Litigation Notices, providing the persons full legal name, address used for providing the LITIGATION HOLD and/or Notice, the dates upon which the LITIGATION HOLD and/or Notice has been updated, the form of communication used to provide the said LITIGATION HOLD or NOTICE, giving copies of EACH and EVERY LITIGATION HOLD and/or NOTICE and the person or entity so issued LITIGATION HOLD and/or NOTICE providing all contact information for the same.

30. Please provide a list of all documents you are aware of that are relevant to this litigation, including the document type, date, author, and current location/custodian inclusive of providing full and complete physical address of each.

31. Names and complete contact information, including full legal names, addresses, including physical mailing address and physical address, phone number, cellular phone number, email (electronic mail address), occupation, source of funds for every "proprietary person" and/or customer or client of UCMK who purchased ANY stock or equity made and investment in any third party private corporation in the preceding five years from the date of this request, inclusive without limitation of stock in Anthem Holdings Company, HeraSoft, HERC, any crypto currency, Red Neck High Tech Yacht Fund including all verifications of qualified investor status for each, with compliance documentation as to qualified status of each and the qualified source of funds for each said investment, pursuant with obligations under SEC, BSA and KYC-AML.

32. Copies of all email correspondence or other communication between any UCMK employee, contractor, agent, officer, director, affiliate, representative and Anthem Blanchard, Cynthia Blanchard, Paul Aubert, Craig Brand, Cooper Collins, Mark Heatwole, or any other Hera Software Development (HeraSoft) employee, agent, affiliate, representative, contractor; Anthem Holdings Company, Anthem Vault Inc, Anthem Gold Inc, AG Herc Inc, Hercules LLC, Hera Software Development Inc., HeraSoft, Mystic Enterprises, Lunargistics, CisLunar Exchange, Harry Max Publishing, GoldMoney, Blanchard & Company, Blanchard Family Office, James U. Blanchard III Trust and/or Estate, AHCRE LLC, Dusty Farms LLC, Casper Labs, employee, agent, affiliate, representative, contractor.

33. A complete list and register of all UCMK CURRENT employees, officers and directors, providing the persons complete Legal Name, Title, contact phone number, cellular phone number, email (electronic mail) address, physical mailing address, physical location, including home and work addresses to each referenced herein.

34. Copies of all Subpoenas issued, all interrogatories, requests for production and requests for admission issued by UCMK in this cause together with all answers, documents, electronic responses, written documents in response to any and all Subpoenas, interrogatories, requests for production, requests for admission issued to any third parties or non-parties to this litigation as made by either CHAD MITCHELL KOEHN or UCMK in this matter.

35. Statement of understanding that UCMK has an obligation under FRCP to continually update the requested information on an on-going basis throughout this litigation.

**Requests for Production of Documents are governed by Rule 34. Rule 34 allows a party to request from another party:**

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form;

or

(B) any designated tangible things; or

(2) **to permit entry onto designated land or other property possessed or controlled by the responding party,** so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

(Rule 34(a).)

Document requests, define the term "document" as a writing, recording or photograph as defined in Rule 1001 of the Federal Rules of Evidence, including the original or a copy of any handwritten, typewritten, printed, photostatic, photographic, computer, magnetic impulse, mechanical or electronically recorded, or any other form of data compilation. **IN preparation of onsite discovery of electronically stored information ("ESI") a key area that needs to be addressed early in this case**. UCMK now being served with a document production request, has 30 days to respond. THIS DOCUMENT PRODUCTION REQUEST WAS PREVIOUSLY SO MADE IN EARLY RULE 34 REQUESTS AS MADE UNDER FRCP RULE 26(d)(2), WHEREIN UCMK FAILED to produce the requested documents in accordance with FRCP RULE 26(d)(2), wherein service is considered made on or after RULE 26(f) Conference. Nelson demurred to the later date of 26 JULY 2022, when attorney Christopher Jon Kellogg acting on behalf of UCMK articulated the precise contents of the Early Rule 34 Request. UCMK having now failed to produce the documents as requested in the EARLY Rule 34 Request, is again

herein and now so Requested to Produce the contents of the previous Early Rule 34 Request made under Rule 26(d)(2).

(Rule 34(b)(2)(A).) <u>A privilege log is required</u> if documents are being withheld based on privilege. (Rule 26(b)(5)(A).)

In accordance with the FRCP it is requested that after production of the requested herein above that UCMK both provide and permit onsite investigation of all ESI at each and every listed office of UCMK. That UCMK works in good faith in providing the physical address locations of each and every UCMK office and permit inspection of computers, computer systems, electronic devices, personal of all UCMK employees, contractors, vendors, directors, representatives, officers without limitation. UCMK shall confer and work in good faith to allow and so permit onsite inspection according to the rules set forth in the Federal Rules of Civil Procedure with this onsite investigation of all ESI and files. The defendant seeks to minimize where possible any burden faced by UCMK or its employees, officers, directors, contractors, affiliates or vendors and therefore requests that all onsite examinations happen during regular business hours, with 24 hours advance notice on a date within 120 days of production of said documents in this document request.

**WHEREFORE, <u>UCMK having FAILED</u> to produce documents so requested under Rule 34 of the Federal Rules of Civil Procedure, as made in Early Rule 34 Requests so propounded under Rule 26(d)(2), and wherein CHRISTOPHER JON KELLOGG, has propounded Discovery requests under Rule 33 into the Federal Court Docket and Record the above herein referenced matter. That UCMK be further PREVENTED from seeking as UCMK has continued to untimely delay and cause consternation refusing to provide documents so requested for production. That UCMK be so ORDERED to produce documents and be so prevented from further DELAY Tactics as having been made by CRAIG ALAN BRAND, and his claims not to be able to retrieve PDF documents from "GOOGLE", that UCMK be prohibited from further STALLING, and DELAY tactics of acting in Bad Faith, having already FAILED in providing the requests for Production as made under EARLY Rule 34 Requests for Production being so properly served upon UCMK in accordance with RULE 26(d)(2) of the Federal Rules of Civil Procedure.**

**THAT UCMK be ORDERED and PREVENTED FROM FURTHER DELAY TACTICS and BE SO HELD THAT IT HAS FAILED TO PRODUCE PRODUCTION OF DOCUMENTS MADE UNDER EARLY RULE 34 REQUESTS** as envisioned by the United States Congress in its creation and approval of RULE 26(D)(2) of the Federal Rules of Civil Procedure.  THAT UCMK be so ORDERED to produce forthwith the requests so herein above made, being made pursuant with the procedures as set forth by attorney Christopher Jon Kellogg in his propounding of interrogatories into the Public Federal Court Docket.  Mister Nelson proceeding pro se, has only the actions and behaviors of the "Court Officers" licensed attorneys of the opposing side, representing UCMK to mirror as to the correct actions and behavior to make to the Court, in doing so these Requests for Production are so herein ONCE AGAIN tendered in accordance with Rule 34 in the same manner as Christopher Jon Kellogg propounds Rule 33 requests.

Respectfully Submitted, this 30th day of August 2022.

*[signature: Michael Nelson]*

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434  Email: oklahomaremote @ gmail.com