**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. <u>and</u> **CHAD M. KOEHN**<br><br>Plaintiffs, counter-defendants<br>v.<br>Michael Nelson<br><br>Defendant; Counter-Plaintiff PRO-Se. | <mark>**DOCKET NO.:** 5:22-CV-04008-JWB-TJJ</mark><br><u>CIVIL ACTION</u><br><u>EXHIBITS</u><br><u>Motion to Compel Requests for Production and for Sanctions for Refusal to reply, follow the rules obstructing discovery</u><br>**[Jury Trial Demanded]** |

# EXHIBIT

# "B"

# To Follow . . .

Michael Nelson - Pro Se

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105
P: 702.932.3434 Email: oklahomaremote @ gmail.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS INC., [UCMK] and CHAD MITCHELL KOEHN<br><br>Plaintiff, **Counter Defendants**<br><br>vs.<br><br>Michael Nelson<br><br>Counter Plaintiff, Defendant | **DOCKET NO.:** 5:22-CV-04008-JWB-TJJ<br><br>**Nelson's REQUEST FOR PRODUCTION OF STATEMENTS as to Plaintiff UCMK and Requests for production of documents (Part 2)** |

**PART 2; Requests for Production of Statements and ESI Search [ORIGINAL]**

{OMITTED ARE REQUESTS FOR ADMISSION WITHDRAWN FROM ORIGINAL AND INTERROGATORIES}

TO: PLAINTIFFS, UNITED CAPITAL MANAGEMENT OF KANSAS INC., C/O THEIR ATTORNEY(S) CHIRSTOPHER KELLOGG, ESQ., TO WHICH THE COURT HAS ORDERED AS THE CONTACT FOR THE PLAINTIFFS AND ALL THEIR WITNESSES SO SERVED VIA UNITED STATES PRIORITY MAIL, CERTIFIED RETURN RECEIPT REQUESTED TO: CHRISTOPHER J. KELLOGG POST OFFICE BOX 2567 SALINA KANSAS 67402-2567

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, Defendant Nelson propounds the following advanced discovery interrogatories and requests as per the instructions included herein, these demands are covered under Rule 34 without limitation, as necessary, in preparation of in depth and complex interrogatories under Rule 30(b)(6) needing identification of individuals who will provide both written and oral testimony on behalf of UCM, defendant Nelson and

investigators need have sufficient time to conduct background investigations and other discovery measures concerning each of the persons so identified to provide answers and to sit for various oral depositions on behalf of the corporation United Capital Management of Kansas Inc. under Rule 30(b)(6).

Now Here Comes Defendant Michael Nelson and does so herein and now make request and thus demand for the identification of personnel of United Capital Management of Kansas Inc., in preparation of service of interrogatories and eventual depositions under Rule 30b(6):

## **INSTRUCTIONS**

Any references to "Plaintiff", "Plaintiffs", "Plaintiff's" or "Plaintiff(s)" shall be treated as referring <u>to United Capital Management of Kansas Inc., [UCMK] as a legal entity, separate interrogatories, requests and demands shall be so served against Chad Mitchell Koehn and any other named plaintiff or counter defendant and against and to all WITNESSES NAMED by UCMK and/or CHAD MITCHELL KOEHN (if necessary),</u> named within this lawsuit (petition) and/or complaint, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Plaintiffs shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Plaintiffs shall state the legal basis for the privilege Plaintiffs are invoking and provide a detailed privilege log to support the invocation of such privilege. All invocations of privilege concerning Craig Alan Brand or any attorney or associate thereof Craig Alan Brand inclusive without limitation of attorney Logan Ryan Golema or Dale Takio shall necessitate additional verification and together with privilege logs it is so necessitated for UCM to provide the bar association(s) and bar numbers to each and every attorney so requiring the privilege log to be provided and the dates of admission and current status to each bar association so listed in each response reiterating the objection and its legal basis for such. All sharing of this document with Craig Alan Brand prior to decision on disqualification motion(s) as made, shall therefore be discoverable as to all communication by and between the firm Kennedy Berkley Yarnevich and Williamson Chartered and to each and

every attorney therein each of those law firms and purported legal entities of Craig Alan Brand and each and every attorney appearing at bar under master servant relationship to the law firm Kennedy Berkley Yarnevich and Williamson Chartered; and as to each Pinkerton Doctrine so applies, given the plethora of conflicting representations and ongoing investigations.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure [FRCP], and Plaintiffs are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Defendant immediately upon knowledge of change or other information becoming available in either case to do so within 5 calendar days.

As used in interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Plaintiffs, which Plaintiffs have knowledge, whether originals, copies, electronic format or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer records, disk images, printouts of records, sample letters, Metro-data tapes, diskettes, computer hard drives, Cloud systems and platforms, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, audio records, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, email, text messages, discord chats, server chat logs, sms, mms, electronic mail, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, PIN reports, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular(s), press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed,

printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

Though these discovery requests located herein are related to and concerning plaintiff United Capital Management of Kansas Inc. some requests in interrogatories and requests for admission and requests for production reference co-plaintiff Chad Koehn, all references to the variations of Chad Koehn's name including without limitation: Chad Koeh, Chad M. Koehn, Chad Mitchell Koehn, Koehn all reference and refer to the same individual known under the full legal name Chad Mitchell Koehn.

As used, in these requests for admission, requests for production herein below the following are all to be used interchangeably and to reference the same organisation commonly referred to by the plaintiffs as: "Anthem Holding Company"; yet at times also referred to by the Plaintiff's and their affiliates by a variety of variations including without limitation: Anthem Holding Company, Anthem Holding Co., Anthem Holding Co. Inc., Anthem Holding Company Inc., Anthem Holdings Co., Anthem Holdings Company, Anthem Holdings Co. Inc., Anthem Holdings Company Inc., as used by plaintiffs variations of the company name both with and without "Inc." after and with and without Company spelled out or abbreviated as Co. and with and without the "holdings" name as either singular "holding" or plural "holdings".

If it is claimed that an answer to any interrogatory calls for information or an identification of documents that are privileged or otherwise protected from disclosure and such privilege or other claimed protection is asserted: a. identify the nature of the privilege (including work product) that is being claimed; and b. provide the following information (unless divulgence of such information would cause disclosure of the allegedly privileged information): i. for documents: (1) the type of document (e.g., letter, memorandum, etc.); (2) the general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other; ii. for oral communications: (1) the name of the person making the communication and the names of

persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and place of the communication; and (3) the general subject matter of the communication. Any part of an answer to which defendant does not claim privilege or work product should be given in full

As used throughout the interrogatories, requests for admission, requests for production herein below the following are all to be used interchangeably to be the same legal entity Hera Software Development Inc., as also used in moniker form and variations of the legal name: HeraSoft, HeraLab, HeraLabs, HeraSoftware Development Inc., Hera Software Development Inc., Hera Software and Development Inc. all variations are so used interchangeably to mean the same legal entity incorporated in the US State of Delaware, as Hera Software Development Inc.

The Corporation which is a plaintiff in the titled matter at bar in this litigation Untied Capital Management of Kansas Inc., is d/b/a according to Order of the Court in this matter under the incorporated name Unitedcapitalmanagement of Kansas Inc. and as used in publicly available disclosure documents under a variety of monikers and names including simply UCM or United Capital or United Capital Management or with use without the "Inc." are all to mean the same corporation United Capital Management of Kansas Inc.

Though these discovery requests located herein are related to and concerning plaintiff United Capital Management of Kansas Inc. some requests in interrogatories and requests for admission and requests for production reference co-plaintiff Chad Koehn, all references to the variations of Chad Koehn's name including without limitation: Chad Koeh, Chad M. Koehn, Chad Mitchell Koehn, Koehn all reference and refer to the same individual known under the full legal name Chad Mitchell Koehn.

A request to "identify" a document is a request to state the following, as applicable:
   a. The complete and entire date of the document; in DAY, MONTH, YEAR format, and where applicable with the appropriate time stamp in HOUR, MINUTE, SECOND format with the directed address so attached and indication on all ESI (Electronically Stored Information) as to the IP Address and version IPv4, IPv4, IPv6, with associated geo-location of document to IP version (IPvX) as stated.
   b. The type of document;
   c. The names and present complete physical addresses and contact information of the person or persons who prepared the document (including the person's physical

work address and home address where they may be found physically for service of process) and of each and every of the signers and addressors of the document, if applicable, together with a list of all persons which have knowledge or control of the document, together with the complete legal name, address (physical address both home and work where the persons may be physically located) and contact information for each person listed;

d. The name of the employer or principal whom the signers, addressers and preparers were or are representing, together with each person's physical address home and work and all contact information;

e. The present location of the document, including physical address, and/or as to ESI the physical location of the ESI, network name, computer, computer network, IPv"X" addressing, type of file, size of metadata, raw data and originating disk imaging.

f. The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g. A summary of the contents of the document; and

h. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed in accordance with law

Defendant requests that the documents be made available for this inspection via electronic submittal, in searchable format with the accompanying disk images and that <u>Plaintiffs be prepared and ready to permit on premises search of physical files, operations, telephone systems and computer systems and computer networks</u> at each and every office and/or homes of plaintiffs (inclusive without limitation of all employees, officers, directors) within 90 days of a response hereto, or at such office of the Plaintiffs as may be the originating location of any of the documents requested, during normal business hours, and with the least possible disruption to the ordinary course of Plaintiffs' duties and responsibilities, advanced notice of at least 24 hours shall be given in demonstrating good faith in seeking minimal burden necessary for onsite forensic examination of the files sought for cause.

Defendant further requests that this inspection be permitted by Plaintiffs immediately after Plaintiffs' response to this request has been filed, and that Defendant be permitted to remove from Plaintiffs' custody such documents as they may desire to copy, on the

understanding that Defendant will be responsible for such documents so long as they are in their possession, that copying will be done at Defendant's expense, and that the documents will be promptly returned after copying has been completed.

These discovery requests are intended to cover all documents in Plaintiffs' possession, or subject to their custody and control, regardless of location, and regardless if location is in an office of the plaintiffs or in a home, storage facility or another unspecified location. If there are no such documents, as per the demand, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Federal Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Plaintiffs entire knowledge from all sources and all information in Plaintiffs' possession or otherwise available to Plaintiff, including information from Plaintiffs' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Plaintiffs shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds and the interrogatory is so stated and directed to a specified document which fully and completely answers the interrogatory.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded, in either case each statement via answer shall also be accompanied by a sworn statement under oath and affirmation attesting to the facts under penalty of perjury by the person so making the answer thereto.

**PURSUANT TO THE E-DISCOVERY REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE, DEFENDANT SPECIFICALLY DEMANDS HEREIN THAT ALL DISCOVERY DOCUMENTS THAT CAN BE PRODUCED IN READABLE**

AND FULLY SEARCHABLE ELECTRONIC FORMAT BE PRODUCED IN THAT FORMAT AND INCLUDE ALL META DATA, RAW SOURCE FILES AND CORRESPONDING DISK IMAGES BY AND FOR REFERENCE AS TO LEGITIMACY OF SAID DOCUMENTS.  "PRINT SCREENS," PRINTOUTS, OR OTHER MANUALLY PRODUCED COPIES OF ELECTRONIC DATA ARE UNACCEPTABLE.

## REQUEST FOR PRODUCTION OF STATEMENTS

**Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Nelson demands that copies of the following be made available within thirty (30) days; to the extent UCM wants to argue that Requests for Production of Statements and Requests for Production of documents are made not in each respective category, Nelson therefore requests each to have been considered made in the respective category, as making such argument for failure to provide complete admission, production of statements and requests for production shall not be deemed a valid excuse for non-compliance with the rules:**

1. All statements made by parties and non-parties, which are in the possession or control of any Plaintiff(s), concerning the above action or its subject matter which are discoverable pursuant to the Federal Rules of Civil Procedure.
2. **Copies of all Litigation Hold Notices**, names and contact of all persons whom have received "Litigation Hold Notices", <u>the dates and subject</u> of each Litigation Hold Notice, in preparation prior to filing of the State Petition removed hereto the US Federal Court, and all and any Litigation Hold Notices issued after the service of the State petition on the defendant in Essex County New Jersey, and separately detail all litigation hold notices sent and the dates together with a list of all persons with their contact information receiving such litigation hold notices after removal of the state petition to the Federal Court, inclusive of all Litigation Hold Notices issued in connection with the referenced litigation.
3. Legal opinion as to what communications between shareholders and the public are considered First Amendment Issues.
4. Legal Opinion as to what communications shareholders in a private or public corporations may have with each other concerning the operation of the business or enterprise towhich they are collectively invested.
5. Original Copies of all computer disk images of all communications whether chat logs, text messages, telephone logs, telephone PIN reports, server logs, electronic mail, blockchain messaging, or other communications of any electronic type or format, which has bearing upon the subject matter of this case, or any of the parties hereto, including without limitation any and all communications which have any of the following keywords, phrases or names:
    a. Fraud
    b. Securities Irregularities
    c. 1st Amendment
    d. First Amendment
    e. Free Speech
    f. Securities Complaint

g. Securities Complaints
h. Investment Complaint
i. Investment Complaints
j. Whistleblower
k. Whistleblower
l. Nelson
m. Michael
n. Eric
o. Anthem
p. Hayek
q. Blanchard
r. Cynthia
s. Diane
t. French
u. Government
v. Securities and Exchange Commission (or equivalent)
w. SEC (in all variations S.E.C. etc.)
x. FINCEN
y. Financial Intelligence
z. IRS
aa. Internal Revenue Service
bb. Kansas Revenue Department
cc. Kansas Revenue Dept.
dd. US Treasury
ee. CFTC
ff. Commodities Future Trading Commission
gg. Anthem Holdings Company
hh. Anthem Holding Company
ii. Anthem Holding Co.
jj. Anthem Holdings Co.
kk. Anthem Holdings Co. Inc.
ll. Anthem Holdings Company Inc.
mm. Anthem Holding Company Inc.
nn. Anthem Holding Co. Inc.
oo. HERC
pp. Hercules
qq. Cryptocurrencies
rr. Crypto Currency
ss. Crypto Currencies
tt. Crypto
uu. Crypto-Currencies
vv. Aubert
ww. Paul
xx. Collins
yy. Cooper
zz. Brand

        aaa.    Alan
        bbb.    Craig
        ccc.    Mitchell
        ddd.    Koehn
        eee.    Chad
        fff. Hera Labs
        ggg.    HeraLab
        hhh.    HeraLabs
        iii. Hera Lab
        jjj. HeraSoft
        kkk.    Hera Software
        lll. Hera Software Development

Based upon the results TAR (Technology Assisted Review) and AI assisted review will result, failure to provide the information as requested herein will warrant further on site forensic evaluation of computer systems and computer networks as appropriate at each and every declared office location of UCM for the purposes of discovery of the information as outlined herein above, with this first and initial request with regards to the search terms and/or phrases requested to be conducted by the plaintiffs upon each and every computer and computer system and network and cellular or other mobile device, so identifying each computer, network, device, cellular phone by serial number and mac id address to each device for later forensic review of actual disk images as to each so searched and identified.


**FRCP Rule 31(a)(4)**

(4) *Questions Directed to an Organization.* A public or private corporation, a partnership, an association, or a governmental agency may be deposed by written questions in accordance with Rule 30(b)(6).

**FRCP Rule 30b(6)**

(6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.