**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. <u>and</u> **CHAD M. KOEHN**<br><br>        Plaintiffs, counter-defendants<br>  v.<br>Michael Nelson<br><br>        Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.:**    5:22-CV-04008-JWB-TJJ<br><u>CIVIL ACTION</u><br><u>EXHIBITS</u><br><u>Motion to Compel Requests for Production and for Sanctions for Refusal to reply, follow the rules obstructing discovery</u><br>[Jury Trial Demanded] |

# EXHIBIT

# "C"

# To Follow . . .

KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| Plaintiffs ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| Defendant ) | |
| ) | |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION**

Plaintiffs, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herewith Respond to Defendant MICHAEL NELSON's Requests for Production as follows:

1. All documents relied upon when responding to Defendant's First Set of Requests for Admissions.

Response: The Court has struck or the Defendant has withdrawn all Defendant's Requests for Admissions.

2. Produce the name and contact information including physical address, physical mailing address, phone number, cellular phone number, email address, full legal name for each and every investor and wallet address owner for HERC crypto currency stock Coin, including all wallet addresses of the CryptoCurrency Stock Coin for the Ethereum Contract Address: 0x2e91E3e54C5788e9F dD6A 181497FDcEa1Del bee 1.

1

Response: Objection as irrelevant, immaterial and not reasonably calculate to lead to admissible evidence at trial. Defendant has no standing to seek the requested documents from the non-party as any such claim would have had to have been filed as a derivative claim.

3. Any and all training, personnel, or other instruction manuals used by any and all personnel who are employed by or supervised by Plaintiffs.

Response: Objection. Defendant has never been an employee of either of the Plaintiffs. Therefore, such information is irrelevant, immaterial and not reasonably calculate to lead to admissible evidence at trial.

4. Produce the name and contact information including physical address, physical mailing address, phone number, cellular phone number, email address, full legal name for each and every investor, for every investor and/or shareholder, stockholder, equity interest holder, and/or warrant/option holder, with the number of shares each holds and the total number of shares for each company for the following companies: Hera Software Development Inc., Anthem Holding Company, Anthem Vault Inc., Anthem Gold Inc., AG Herc Inc., Hercules LLC, Lunargistics, CisLunar Exchange, United Capital Management of Kansas Inc., United Capital Insurance Company, together with the number of shares outstanding and the number of shares held by each person or entity and the percentage of such holdings, all provided in the form of a capitalization table for each referenced entity.

Response: Objection as irrelevant, immaterial and not reasonably calculate to lead to admissible evidence at trial. Defendant has no standing to seek the requested documents from the non-party as any such claim would have had to have been filed as a derivative claim against Anthem Holdings Company.

5. Provide all plans of merger, business combination merger, including all required State forms from Nevada, Texas, Delaware regarding each corporation listed in #4 above as and as to each of which relate to the business combination merger in the creation of Anthem Holding Company, providing all State Forms and the full and complete plan of m erger, including definition and explanation of what is described as a triangular reverse short form merger.

Response: Same objection as stated to #4.

6. Provide the names of all self created "targeted acquisition" corporations affecting the business combination merger of the so-called triangular reverse short-form merger creating Anthem Holding Company.

Response: Same objection as stated to #4.

7. List of all persons considered by the Plaintiffs as "proprietary persons" together with the persons full legal name, contact information, including complete physical address, residence, business, phone numbers, cellular phone numbers, email ( electronic mail) addresses, occupation, source of funds under management pursuant with BSA, SEC, KYC-AML regulations without limitation.

Response: Objection, Defendant is not, and never has been, an officer, director, shareholder, employee or agent of the Plaintiffs. Therefore, such information is irrelevant, immaterial and not reasonably calculate to lead to admissible evidence at trial.

8. Provide lists of all customers/clients claimed by any Plaintiff with contact information for each and approximate annual revenue derived from each; contact information shall mean and include full legal name, contact information, including complete physical address, complete mailing address, residence, business, phone numbers, cellular phone numbers, email (electronic mail) addresses, occupation, source of funds in accordance with Law without limitation BSA, KYC-AML, SEC, regulations.

Response: Objection: the occupation, source of funds in accordance with Law without limitation BSA, KYC-AML, SEC regulations are irrelevant, immaterial and not reasonably calculated to lead to evidence admissible at trial. As to full legal name, contact information, including complete physical address, complete mailing address, residence, business, phone numbers, cellular phone numbers, email (electronic mail) addresses, to the extent that such persons have no information related to the issues in the pleadings, such information is irrelevant, immaterial and not reasonable calculated to lead to evidence admissible at trial. As to persons who may have relevant information, Parties are not obligated to prepare lists which do not already exist; however, Plaintiffs have already provide such information to Defendant in the thumb/flash drive previously mailed to him; to the extent that information on the thumb drive is not in pdf form, Plaintiffs are in the process of converting the information into pdf form and will furnish the same to Defendant on completion.

9. Any insurance policies covering You for violations of securities laws, and/or any insurance policies which cover the subject matter of this litigation.

Objection: Defendant is not, and never has been, an officer, director, shareholder, employee or agent of the Plaintiffs. Therefore, such information is irrelevant, immaterial and not reasonably calculate to lead to admissible evidence at trial. That said, the answer would be "None" if this was a securities action by Defendant.

10. Any and all insurance policies covering you regarding the issues of this litigation.

Response: None.

11. All notices that you have given any insurer regarding this referenced action and the Name and contact information of each such insurer.

Response: Not applicable.

12. All notices you have either received or provided, including all mandated certifications regarding notification of the litigation herein referenced above including the providing of copies of the counter complaint and claims to: any regulatory authority including all regulatory authorities of any State or Territory of the United States of America or Federal Governmental entity of the United States of America, any such entity or person of any Foreign Nation and any and all Self Regulatory Organisations (also known as SRO's), providing the name and address of each

Regulatory Authority, contact person and copies of all materials you have provided them, and/or received from them inclusive without limitation of certification of providing a copy of the counter complaint to each as is so mandated under the regulatory authority(ies) as you are required under promulgated, Rule, Statute, Code, CFR, regulation.

Objection: Such information is irrelevant, immaterial and not reasonably calculate to lead to admissible evidence at trial. Defendant's motives in this seeking are nothing short of vindictive, harassment and materially prejudicial.

13. All logs or memoranda of communications reflecting all communications which reference by name or description the person of Michael Nelson.

Response: Plaintiffs Object to this request as the terms "logs or memorandum" are subject to multiple meanings and interpretations. Plaintiffs would further object as the use of "logs or memorandum" might be used with Plaintiffs attorneys and therefore are privileged. Plaintiffs further object to this unusual type of request as it is unlimited in time, scope and meaning and Defendant has failed to create such a request to be within the permitted bounds of relevance, materiality and admissible evidence.

14. All recordings of all conversations between You, and/or your employees, contractors, affiliates, clients, customers referencing the defendant by name, moniker, nickname, abbreviation or description, together with copies and transcripts of all voicemail messages or other recordings.

Objection: Overbroad and unduly burdensome.
15. All internal documents, memoranda, manuals, policies and procedures, etc., relating to "securities irregularities" or "whistleblower(s)".

Objection: Defendant is not, and never has been, an officer, director, shareholder, employee or agent of the Plaintiffs. Therefore, such information is irrelevant, immaterial and not reasonably calculate to lead to admissible evidence at trial.

16. Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Plaintiff has been named as a witness or a party, that have existed or been brought with respect to or involving any Plaintiff, and which involved as all or part of their subject matter of their purported business operation, investment advice, sale of securities or operations of securities, for a period of FIVE (5) YEARS before the date of this request to the present.

Objection: Defendant is not, and never has been, an officer, director, shareholder, employee or agent of the Plaintiffs. Therefore, such information is irrelevant, immaterial and not reasonably calculate to lead to admissible evidence at trial

17. Any and all documents in the possession or control of the Plaintiffs that any Plaintiff claims are in any way relevant to the subject matter of the lawsuit, petition, complaint and/or counter complaint.

4

Objection: Overbroad and unduly burdensome.

18. All exhibits which You propose to introduce at trial and/or hearing(s).

Undetermined at this time.

18 (Continued). Identify and provide copies of all communications made to any UCM client or customer, potential client, current or past client or customer of UCM or person which any employee, representative, contractor, officer, director has had contact, provide the type of communication, oral, written, email, US mail, fax, telegram, message board, discord server, etc. provide the nature of each communication involving Nelson (by name or description), Anthem Holdings Company, HeraSoft, Hera Software Development Inc., Hera Labs, Anthem Vault, Anthem Gold, Hercules, HERC, Anthem Station, Lunargistics, Bitclub, Bitcoin, any other crypto currencies or crypto assets.

Response: Objection as irrelevant, immaterial and not reasonably calculate to lead to admissible evidence at trial. Defendant has no standing to seek the requested documents from the non-party as any such claim would have had to have been filed as a derivative claim against Anthem Holdings Company

19. Copies of all litigation holds, notices, with the dates sent and the complete contact information for each and every person and/or entity receiving said litigation holds and notices, together with the dates and copies of notices when they were updated, pursuant to the professional responsibilities of the presumed bar licensed attorneys who have assisted with the initiation of the state petition in this matter and those professional responsibilities and liabilities of all attorneys appearing at bar or in pleadings of this matter, in the filing and documentation of said litigation notices and holds and to each and every person or entity (organisation or corporation) which has received said Litigation Holds and Litigation Notices.

Objection: Irrelevant, immaterial and not reasonable calculated to lead to admissible evidence at trial.

20. Please provide a list of all documents you are aware of that are relevant to this litigation, including the document type, date, author, and current location/custodian inclusive of providing full and complete physical address of each.

Objection: In part, these documents are included in Plaintiffs' Fed.R.Civ.P. 26(a) disclosures provided to Defendant. The remaining "request" is an improper interrogatory. Requests for Production do not require a party to create lists.

21. Names and complete contact information, including full legal names, addresses, including physical mailing address and physical address, phone number, cellular phone number, email (electronic mail address), occupation, source of funds for every "proprietary person" and/or customer or client of UCM who purchased stock in Anthem Holding(s) Company, including all

5

verifications of qualified investor status for each and the qualified source of funds for each said investment.

Response: Objection as irrelevant, immaterial and not reasonably calculate to lead to admissible evidence at trial. Defendant has no standing to seek the requested documents from the non-party as any such claim would have had to have been filed as a derivative claim against Anthem Holdings Company.

22. A complete list and register of all UCM employees, officers and directors, providing the persons complete Legal Name, Title, contact phone number, cellular phone number, email ( electronic mail) address, physical mailing address, physical location, including home and work addresses to each referenced herein.

Objection: This is an improper Request for Production. Plaintiffs cannot be compelled to create a list.

23. Copies of all Subpoenas issued, all interrogatories, requests for production and requests for admission issued by the plaintiff(s) in this cause together with all answers, documents, electronic responses, written documents in response to any and all Subpoenas, interrogatories, requests for production, requests for admission issued to any third parties or non-parties to this litigation as made by the plaintiff(s) in this matter.

Any such subpoenas to documents will be furnished at such time as they are issued and served in accordance with Fed.R.Civ.P. 45.

24. Copies of all Subpoenas issued, all interrogatories, requests for production and requests for admission issued by the plaintiff(s) in this cause together with all answers, documents, electronic responses, written documents in response to any and all Subpoenas, interrogatories, requests for production, requests for admission issued to any third parties or non-parties to this litigation as made by the plaintiff(s) in this matter.

The only such discovery requests are those propounded and to be propounded to Defendant.

25. Statement of understanding that UCM has an obligation under FRCP to continually update the requested information on an on-going basis throughout this litigation.

Objection: All parties are governed by the Federal Rules of Civil Procedure.

PART 2:

1. All statements made by parties and non-parties, which are in the possession or control of any Plaintiff(s), concerning the above action or its subject matter which are discoverable pursuant to the Federal Rules of Civil Procedure.

Response: All such statements either have been produced or will be produced.

6

2.     Copies of all Litigation Hold Notices, names and contact of all persons whom have received "Litigation Hold Notices", the dates and subject of each Litigation Hold Notice, in preparation prior to filing of the State Petition removed hereto the US Federal Court, and all and any Litigation Hold Notices issued after the service of the State petition on the defendant in Essex County New Jersey, and separately detail all litigation hold notices sent and the dates together with a list of all persons with their contact information receiving such litigation hold notices after removal of the state petition to the Federal Court, inclusive of all Litigation Hold Notices issued in connection with the referenced litigation.

Response: None, except for the Defendant.

3.     Legal opinion as to what communications between shareholders and the public are considered First Amendment Issues.

Response: None.

4.     Legal Opinion as to what communications shareholders in a private or public corporations may have with each other concerning the operation of the business or enterprise to which they are collectively invested.

Objection: Calls for privileged information as well as Objection as to relevancy, materiality and admissibility. Without waiving and subject to the foregoing Objections it is state: None.

5.     Legal Opinion as to your belief that shareholders in the same company are entitled to have each others contact information.

Response: None.

6.     Original Copies of all computer disk images of all communications whether chat logs, text messages, telephone logs, telephone PIN reports, server logs, electronic mail, blockchain messaging, or other communications of any electronic type or format, which has bearing upon the subject matter of this case, or any of the parties hereto, including without limitation any and all communications which have any of the following keywords, phrases or names:

a.     Fraud
b.     Securities Irregularities
c.     1st Amendment
d.     First Amendment
e.     Free Speech
f.     Securities Complaint
g.     Securities Complaints
h.     Investment Complaint
1. Investment Complaints
J. Whistleblower
k. Whistleblower
1. Nelson

7

m. Michael
n. Eric
o. Anthem
p. Hayek
q. Blanchard
r. Cynthia
s. Diane
t. French
u. Government
v. Securities and Exchange Commission (or equivalent)
tm SEC (in all variations S.E.C. etc.)
x. FINCEN
y. Financial Intelligence
z. IRS
aa. Internal Revenue Service
bb. Kansas Revenue Department
cc. Kansas Revenue Dept.
dd. US Treasury
ee. CFTC
ff. Commodities Future Trading Commission gg. Anthem Holdings Company
hh. Anthem Holding Company
ii. Anthem Holding Co.
jj. Anthem Holdings Co.
kk. Anthem Holdings Co. Inc.
11. Anthem Holdings Company Inc.
mm. Anthem Holding Company Inc.
nn. Anthem Holding Co. Inc.
oo. HERC
pp. Hercules
qq. Cryptocurrencies
rr. Crypto Currency
ss. Crypto Currencies
tt. Crypto
uu. Crypto-Currencies
vv. Aubert
ww. Paul
xx. Collins
yy. Cooper
zz. Brand
aaa. Alan
bbb. Craig
ccc. Mitchell
ddd. Koehn
eee. Chad
fff, Hera Labs
ggg. HeraLab

8

hhh. HeraLabs
iii. Hera Lab
jjj. HeraSoft
kkk. Hera Software
lll. Hera Software Development

Objection: Irrelevant, immaterial and not reasonably calculated to lead to admissible evidence at trial. This is not a securities case. This is not a whistleblower case. Defendant is not an officer, director, shareholder of United Capital Management of Kansas, Inc.; Defendant has no standing to seek information related to a derivative claim against Anthem Holdings Company, a non-party to this action.

Dated November 10, 2022.

/s/ *[signature]*
Larry G. Michel #14067
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
lmichel@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

and

Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A/
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 10, 2022, the foregoing *Plaintiffs' Response and objections to Defendant's Requests for Production* was mailed a true copy of the foregoing motion to Michael Nelson, by prepaid First Class United States Mail addressed to Michael Nelson, 9450 SW Gemini Dr PMB 90924, Beaverton, OR 97008-7105.

/s/ Larry G. Michel