UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. <u>and</u> **CHAD M. KOEHN**<br><br>Plaintiffs<br>v.<br>Michael Nelson<br><br>Defendant; PRO-Se. | **DOCKET NO.:** <mark>5:22-CV-04008-JWB-TJJ</mark><br>**CIVIL ACTION**<br><br><u>Notice of Persons Identified to Take Depositions and whether those persons are subject of a Protective Order</u><br><br>**[Jury Trial Demanded]** |

<u>Notice of Persons Identified to Take Depositions</u>

<u>& whether those persons are subject of a Protective Order</u>

<u>pursuant with Order of the Court at Document 360</u>

COMES NOW, Michael Nelson, pro se, who provides the following list of persons for depositions to be taken in this matter, consistent with the Order of the Honorable Judge James in document 360, wherein the Court stated:

> "Plaintiffs and Defendant to file their lists identifying all witnesses (not exceeding 10) each party intends to depose - Include: name, proposed location, general time frame, and whether no-contact order applies to the witness" **see page 3, Doc. 360**

The following persons with alternates are those submitted consistent with Order of the Court in Document 360, and follow up email from the Chambers of the Honorable US Federal Magistrate Judge James to file the list upon the docket of the matter above herein captioned.

"Identifying all witnesses (not exceeding 10) each party intends to depose - Include: name, proposed location, general time frame, and whether no-contact order applies to the witness."
<u>DUE Jan 25, 2023 Ten (10) witnesses are identified, however, alternates are also presented.</u>

1. **<u>KIMBERLY KAY VANIER also known as:</u>**

   1. Kim K Mooney
   2. Kimberly K Vanier

   3. Kim Vanier
   4. Kim Mooney
   5. Kimberly K Froese
   6. Kim Koehn
   7. Kimberly Koehn
   8. K Mooney
   9. Kimberly K Koehn
   10. Kimberly Kay Koehn
   11. Kimberly Mooney
   12. Kim K Koehn
   13. Kimberly Y Mooney
   14. Kimberly K Mooney;
   15. Kimberly Kay Froese

        i. no protective order applies
        ii. proposed location to be determined together with witness
        iii. Deposition to be in person and last no longer than 7 hours
        iv. Approximate time frame March before 10 March 2023

2. **Chad Mitchell Koehn**
   1. Location to be determined by availability of witness
   2. No-contact order is believed to be enforce
   3. Deposition shall be by proctored deposition with reporter via written questions for no more than 7 hours at the US Federal Court in Wichita Kansas

3. **Thomas M. Wingert**
   1. Location will be in south or mid Florida.
   2. Deposition will be in person 8 March 2023
   3. Deposition should not last more than 6 hours
   4. No contact order should not exist at time of deposition

4. **Terry Keeter proposed location Tulsa Oklahoma - no protective order applies**
   1. Location will be in Tulsa, Oklahoma, mid February 2023
   2. Deposition will be in person and not expected to last more than 3 hours

3. <u>If Mister Keeter is unavailable then deposition of Cynthia Blanchard</u> will be taken via proctored written questions for not more than 7 hours a the US Federal CourtHouse in Tulsa Oklahoma

5. **United Capital Management of Kansas Inc. Rule 30(b)(6)**
    1. Cannot determine who will be representing each subsection of questions to the Corporation
    2. Plaintiffs need to provide information on the persons who will be speaking on each sub-set of issues under sworn oath in oral depositions on behalf of the Corporation per rule cited.

6. **Anthem Blanchard - protective order applies uncertain as to location**
    1. Location will be at the Tulsa Federal CourtHouse
    2. Deposition will be via proctored written questions for not more than 7 hours
    3. Deposition to be held late February or early March

7. **Spencer Angell - no protective order is known to apply**
    1. Location will be in Arizona
    2. Deposition will be in person and not last for greater than 7 hours
    3. Towards the end of February 2023

8. **Douglas W. Rempp personally and on behalf of "DOUGLAS W. REMPP TRUST"**
    1. no protective order will apply after 15 Feb. 2023
    2. Proposed location Arizona
    3. Time frame will be as close to the Deposition of Spencer Angell also to be conducted in Arizona

9. **Craig A. Piercy and on behalf of "Craig and Melissa Piercy Trust"**
    1. no protective order will apply after 15 Feb 2023
    2. Proposed location Florida or where can be found to be residing
    3. Deposition will take place as close as possible to that of Thomas Winger also to be taken in person in Florida
    4. Deposition shall not last longer than 7 hours consistent with law

10. **Lauren Kasey Fedrick, CFO [Chief Financial Officer] at UCMK**

    1. 1209 PARKWOOD DR, SALINA, KS, 67401  DOB:  XX/XX/1997
    2. *"AI8341"* Identifies possible connection to "cassie" in emails
    3. No protective or no contact order is known to exist
    4. Proposed location will be a the US Federal Court for Wichita Kansas
    5. Deposition will be in person and not to exceed 7 hours
    6. Proposed time shall be as close to those of Kozlow and Koehn as possible on separate days each

In alternative to Lauren Fedrick, believed to be the current Chief Financial Officer of UMCK

1. **Susan Belt a/k/a of formerly known as Susan Koehn**
    a. Assistant to CFO (Chief Financial Officer
    b. No protective or no contact order is known to exist
    c. Location will be at the Wichita Kansas Federal Court
    d. Deposition will be in person not EXPECTED to exceed 4 hours
    e. Time frame will be a different day as close to Kozlow as possible


2. **Carlee Kendrick a/k/a Carlee Overturf - former Chief Financial Officer of UCMK**
    a. No protective or no-contact order is known to exist
    b. Proposed location will be in person at the Wichita Kansas Federal Court
    c. Deposition will be in person for not more than 7 hours

**ALTERNATES** If any of the Witnesses are not readily available for the depositions as scheduled, and available in or around the time frames, as the travel is necessary to secure the depositions as stated herein above, and due to the fact the plaintiffs have identified more than 40 different individuals with material knowledge of the facts of the litigation and likely to be witnesses in the matter.  This additionally brings up an objectionable issue, that a mere 10 depositions is not sufficient to apprise the defendant of the scope of the witnesses which plaintiffs seek to submit before the Court.  Plaintiff's identifiable witnesses could also potentially become John or Jane Doe's and Doe corporations subjecting additional witnesses under Rule 30(b)(6).

1. **Mark J. Ritter**, believed to be also named Mark Joseph Ritter
    a. no contact order not existing after 15 Feb 2023

2. **Ryan J. Kozlow**
    a. no protective or no-contact order will exist after approx. 15 Feb. 2023
    b. proposed location to be determined based on investigation
    c. Proposed time of deposition will be as close to the proctored examination of Chad Mitchell Koehn as practical
    d. If found in Kansas the deposition will be in person at the Wichita Federal Court

3. **Tito Pombra**, true identity is not known
    a. Exists no no-contact order

4. **Dale Takio**
    a. No contact order not existing after 15 Feb 2023

5. **Michael Moran**
    a. No contact order not existing after 15 Feb 2023

6. **Logan Ryan Golema**
    a. a specialized subpoena will be necessary as he is believed located overseas in either Portugal or Grand Cayman Islands or some other tax haven
    b. No contact order not existing after 15 Feb 2023

7. **Kylee Kozlow**
    a. No contact order not existing after 15 Feb 2023

8. **John K. Vanier II**
    a. Exists no no-contact order

9. **Lauren L. Vanier** (May also reside in Flagstaff Arizona)
    a. Exists no no-contact order
    b. Arrangements maybe made for in person deposition at the times other two depositions are taken in Arizona of Douglas Rempp and Spencer Angell

    **10. Leslie Ann Hess**
   a. Identified as possible Shareholder (cannot depose at present)
   b. Also identified as former KenBerk shareholder and employee
   c. *"AI529482"* identifies possible link to Steve Hess & link with public corruption investigation #843f93

Defendant also reserves the right to depose and/or be present for any depositions of any and all individuals or entities that the plaintiffs list or support any elements of the plaintiffs claims. Any and all relevant individuals listed or stated by the Plaintiffs in any discovery responses/answers they have or will provide in response to Defendant's propounded written discovery. Any and all individuals or witnesses learned of through depositions in this case that Plaintiff contends is a witness to their defense(s) or affirmative defense(s) or which support their purported claims and causes of action.

Defendant reserves the right to name or list other individuals or entities as they are learned through the course of this litigation.

Defendant again raises the issue that the plaintiffs have provided more than 50 different people as being material witnesses, which seems not only extreme, but certainly scorched earth litigation tactics, to make the issue of deposing only ⅕ of the potential witnesses more of a trial by ambush just as the entire invidious harassment SLAPP litigation has been to date.

**WHEREFORE** defendant, Michael Nelson, appearing pro se out of necessity further requests and PRAYS for relief from this Honorable US Federal District Court, as follows:

Due to the fact the Plaintiff's have disclosed a tremendous plethora of material witnesses who they state have knowledge and are likely to be witnesses in this case, the limitation posed by both the Rules and the Courts, is not nearly sufficient to properly apprise the defendant of the potential testimony in this rather bizarre case. Therefore in accordance with Federal Rules of civil

Procedure and under the terms and positions which present themselves in this unusual matter above herein captioned it is hereby formally tendered REQUEST to the Court to allow for more than 10 (ten) depositions to be taken of the plethora of witnesses identified by the plaintiffs in this cause. In order to be sufficiently informed and prepared for trial more than 10 depositions will be needed per Rule 30(a)(2)(A)(i). "The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules" regarding Rule 30(b)(6) examination of the Corporate party.

Three also remains the issues as discussed at previous status conferences in this matter concerning the representation of Craig Alan Brand, and the conflicting simultaneous and consecutive representations, especially where those involve the necessity to take the deposition of Brand. **Craig Alan Brand;** First a No-contact order exists; Next this depositions poses many issues and had been discussed earlier in the case during status conferences and is included in Magistrate Judge Birzer's monthly status conference reports to be revisited. Brand is listed as "Chief Counsel" for HeraSoft and is a shareholder together with Adriana Soto Jointly.

The seminal case taking this approach is Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986). The Shelton criteria can be met: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non privileged; and (3) the information is crucial to the preparation of the case." *805 F.2d at 1327*; notably because Brand's representation of consecutive and simultaneous representations he has broken the covenants of privilege of communications and as demonstrated in documents 52 and 57 is in fact employed by HeraSoft. Brand's actions at bar, demonstrate where privilege is now broken, as he is employed by HeraSoft and is representing both sides in the litigation, given the involuntary defendants. Brand would need show the information sought in depositions is in fact is privileged or immune from

discovery. *See, e.g., Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 130 (9th Cir. 1992) (burden of establishing that attorney-client privilege applies to information in question rests on the party asserting the privilege). The Shelton test has been adopted by the *Sixth Circuit. See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002). **It also has been cited with approval by the Tenth** and Fifth Circuits; the Tenth Circuit has used the broad discretion accorded to trial courts under Fed. R. Civ. P. 26 as the basis for affirming the decision. *See Boughton v. Cotter Corp.*, 65 F.3d 823, 830-31 (10th Cir. 1995) (district court may exercise its discretion regarding discovery under Rule 26, regardless of whether the Shelton criteria are met); Nguyen v. Excel Corp., 197 F.3d 200, 208-09 (5th Cir. 1999) (deposition of opposing counsel permitted under Rule 26). In Johnston, the defendants served deposition subpoenas on the plaintiffs' lead counsel and a vice president and general counsel for the corporation to inquire regarding meetings they had attended with various defendants prior to the filing of the lawsuit. The *Johnston court* set forth an alternative to the Shelton analysis, a balancing test that placed the burden of proof on the plaintiffs seeking a protective order to quash the subpoenas. *130 F.R.D. at 352-53. In dicta*, the Second Circuit in the *Friedman* matter commented at length on the proper analysis to be used in assessing the propriety of a deposition of opposing counsel. *350 F.3d at 66.* The Second Circuit criticized the *Shelton* rule **as too rigid, id**., and emphasized that the deposition-discovery regime in the federal rules is "an extremely permissive one." *350 F.3d at 69*. The court urged a "flexible approach" to lawyer depositions, one in which the court must take into account the need to depose the lawyer, the lawyer's role regarding the matter on which discovery is sought, the lawyer's role in the litigation, the risk of encountering work-product and attorney-client privilege issues, and the extent of discovery already conducted. *350 F.3d at 72*. Accord qad.inc, 132 F.R.D. at 495 (noting the discretion accorded to trial courts, the court rejected the Shelton approach as overbroad) **The 10th Circuit has also rejected Shelton, as noted,** yet all Shelton criteria are met.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

Respectfully Submitted, this 25th day of Jan 2023

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com  Phone: 702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;