KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL. ,        ) | |
|        ) | |
| **Plaintiffs**        ) | |
| **vs.**        ) | **Case No. 22-CV-04008-JWB-TJJ** |
|        ) | |
| **MICHAEL NELSON,**        ) | |
|        ) | |
| **Defendant**        ) | |
|        ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Pursuant to Judge Broomes' January 23, 2023, Order (Document 373) Plaintiffs, CHAD

M. KOEHN ("Mr. Koehn") and UNITED CAPITAL MANAGEMENT OF KANSAS, INC.

("UCM"), by and through their undersigned counsel, herewith **Respond In Opposition** to

Defendant MICHAEL NELSON's ("Mr. Nelson") January 20, 2023 (Document 365), Motion to

Dismiss Plaintiffs' Second Amended Complaint. The Second Amended Complaint is found at

Document 341.

In Count I, Mr. Koehn alleges a cause of action for defamation against Mr. Koehn. In Count

II, UCM and Mr. Koehn allege a claim for Intentional Interference with Prospective Business

Relationships against Mr. Nelson.

> [O]n a motion to dismiss, courts "are not bound to accept as true a legal conclusion
> couched as a factual allegation"). Factual allegations must be enough to raise a right
> to relief above the speculative level, ("[T]he pleading must contain something more

... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed. 2d 929 (2007).

Concerning Count I, Plaintiff CHAD M. KOEHN's Defamation Claim against Mr. Nelson, under Kansas law, "[t]o state a claim for defamation under Kansas law, plaintiff must allege (1) false and defamatory words; (2) communicated to a third person; (3) which resulted in harm to his reputation. *Fischer v. Lynch*, 531 F.Supp.2d 1253, 1271 (D. Colo. 2008) (citing *Hall v. Kan. Farm Bureau*, 274 Kan. 263, 276, 50 P.3d 495, 504 (2002). Defendant's Motion does not claim this count fails to state a cause of action for Defamation. Instead, Defendant incredulously argues his communications were truthful and/or privileged and that Mr. Koehn is a public figure. These are the appropriate subject of an Answer to Count I of the Second Amended Complaint. Defendant also argues a Statute of Limitations defense; however, Plaintiff's state court action, Petition, was filed February 21, 2021. As the Kansas Statute of Limitations on defamation claims is one year, Kan., Stat. Ann. § 60-514(a), Count I encompasses all defamatory statements made by Mr. Nelson to third-parties on and/or after February 21, 2020. The detail provided in the Second Amended Complaint evidences that all of Mr. Koehn's claims occurred within the statute of limitations. Wherefore, Mr. Nelson's arguments against Count I should fail as a matter of law.

Concerning Count II, Mr. Koehn's and UCM's claim for Intentional Interference with Prospective Business Relationships, under Kansas law, "the elements of tortious interference with a prospective business advantage or relationship are: (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) a reasonable certainty that, except for the conduct of the defendant, plaintiff would have continued the relationship or realized the expectancy; (4)

2

intentional misconduct by defendant; and (5) incurrence of damages by plaintiff as a direct or proximate result of defendant's misconduct. While Mr. Nelson accurately asserts that one of the third-parties alleged to be the subject of Mr. Nelson's interference, Marsha Weaver, is now deceased, the balance of his arguments against Count II are based upon attacking the tort of Interference with Contractual Relationships. <u>Mr. Nelson fails to demonstrate a facial failure of Count II to meet the elements to state a cause of action</u>. Mr. Nelson's arguments are, in part, affirmative defenses and, in part, arguments to be made at trial. Wherefore, Mr. Nelson's arguments against Count II should fail as a matter of law.

Mr. Nelson's Motion to Dismiss asserts various other theories which may, if properly pleaded, constitute affirmative defenses to the respective counts of the Second Amended Complaint. Mr. Nelson's various other arguments fail to demonstrate that either of the two counts of Plaintiffs' Second Amended Complaint fail to state a cause of action for the relief requested and as such Mr. Nelson's Motion should be Denied.

Wherefore, Plaintiffs, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., respectfully pray that this Court will deny Defendant MICHAEL NELSON's Motion to Dismiss Plaintiffs' Second Amended Complaint.

Dated January 26, 2023.

Respectfully Submitted,


/s/ Chris J. Kellogg
Chris J. Kellogg, # 21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on January 26, 2023, the foregoing was electronically filed with the Court using the CM/ECF System, which will furnish a true copy to Defendant, Michael Nelson, at oklahomaremote@gmail.com and chadkoehnlawsuit@nosoybean.com.

/s/ Chris J. Kellogg
Chris J. Kellogg