# EXHIBIT "A"

KENNEDY BERKLEY YARNEVICH &
WILLIAMSON, CHTD.
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAD M. KOEHN, ET AL., )
)
    **Plaintiffs** )
)
vs. ) Case No. 22-CV-04008-JWB-GEB
)
MICHAEL NELSON, )
)
    **Defendant** )
)

**PLAINTIFFS' ANSWWERS TO DEFENDANT'S INTERROGATORIES**

Plaintiffs, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herewith answers Defendant MICHAEL NELSON's Interrogatories as follows:

1. Please list all damages that you claim as a result of the alleged defamation, and separately list all damages you allege for tortious interference including type of damages, monetary value, and any supporting documents.

Answer: Plaintiffs object to this interrogatory as it improperly comingles claims for damages, inserts multiple questions within a single interrogatory request, and seeks a multitude of answers from questions or subject matter which should be broken out so as not to leave the Plaintiff assuming what part of any answer correlates to which part of the interrogatory. Without waiving and subject to the foregoing objection, it is stated that the elements of damages including "all damages", defamation or through the tortious interference conducted by the Defendant, is the subject and formulation by the experts in this case, to be determined upon the close of discovery. As discovery is only beginning, there is not enough information available to complete this answer nor is the extent of the damages caused by the Defendant calculable at this juncture until the close of discovery and upon the calculation and identification of the issues by Plaintiffs experts. Without waiving and subject to the foregoing objections Plaintiffs would state, (1) upon information and belief they have suffered business losses amounting to more than two million dollars not including

1

approximately three hundred thousand dollars in legal fees and costs. (2) experts will help make the determination as to which damages are due to defamation and which damages relate to the Defendants tortious interference.

2.  Identify the precise monetary loss you claim, for each allegation how the loss was calculated from the purported defamation and separately the tortious interference which you charge in your complaint.

Answer: Plaintiffs object to this interrogatory as it comingles claims for damages and seeks a multitude of answers from questions or subject matter which should be broken out so as not to leave the Plaintiff assuming what part of any answer correlates to which part of the interrogatory. Without waiving and subject to the foregoing objection, it is stated that the elements of damages including "all damages", defamation or through the tortious interference conducted by the Defendant, is the subject and formulation by the experts in this case, to be determined. As discovery is only beginning, there is not enough information available to complete this answer.

3.  Identify each Document reviewed, referred to or consulted in the preparation of Your responses to discovery requests inclusive of all made so herein this document.

Answer: To the extent that requests for production were not objected to, Plaintiffs are producing the documents in response to the applicable requests for production. Plaintiffs would further state that it has reviewed its client data, financial data, client acquisition information, client continuation information, client activity information, client in-activity information, business dealings that have either not come to fruition due to Defendants actions or business dealings that have fruited less than should have due to the Defendants actions.

4.  Identify the full name and address and contact information of every person you believe has knowledge regarding the facts of this lawsuit, and describe in detail the nature of their knowledge.

Answer: At this time and subject to further expansion, Plaintiffs would state: As to full legal name, contact information, including complete physical address, complete mailing address, residence, business, phone numbers, cellular phone numbers, email (electronic mail) addresses, to the extent that such persons have no information related to the issues in the pleadings, such information is irrelevant, immaterial and not reasonable calculated to lead to evidence admissible at trial. As to persons who may have relevant information, Parties are not obligated to prepare lists which do not already exist; however, Plaintiffs have already provide such information to Defendant in the thumb/flash drive previously mailed to him; to the extent that information on the thumb drive is not in pdf form, Plaintiffs are in the process of converting the information into pdf form and will furnish the same to Defendant on completion. However, without waiving and subject to said Objections, Plaintiffs would state:
1. All individuals or entities listed in the Exhibits to Plaintiffs proposed Second Amended Complaint or set forth within the proposed Second Amended Complaint;
2. All persons or entities disclosed in Plaintiff's Voluntary Disclosures;
3. All persons employed by Plaintiffs at Plaintiffs principle place of business as identified in its Disclosures;
4. SEC employees presently unknown but with whom the Defendant spoke with;
5. FINRA employees presently unknown but with whom the Defendant spoke with;
6. Members of State and Federal Law Enforcement departments;

7. Plaintiffs attorneys and representatives herein this action;
8. April Dome (620) 682-2129 1300 12th, Dodge City, KS
9. Ashley Howard (785) 577-1824 7841 E North St., Salina, KS 67401
10. Candice Schultz (316) 737-5395 3602 N Payne, Wichita, KS 67204
11. Christopher Keith (316) 469-9781 7824 E Pageant LN, Wichita, KS 67206
12. Erica Jensen (785) 452-5471 78010 W Schilling RD, Salina, KS 67401
13. Jared Schamberger (785) 476-6055 527 Winn, Salina, KS 67401
14. Josiah Hein (402) 853-6241 1040 Y St. Unit 118, Lincoln, NE 68508
15. Kyle Gordon (785) 714-0148 2245 Falconview Dr., Salina, KS 67401
16. Kylee Kolzow (785) 342-7392 2203 Hillside Dr., Salina, KS 67401
17. Lauren Fedrick (913) 370-2581 259 S Cunningham Rd., Salina, KS 67401
18. Nathan Weigel (785) 259-5022 1400 Bradshaw Dr., Salina, KS 67401
19. Ryan Kolzow (785) 342-5683 2203 Hillside Dr., Salina, KS 67401
20. Seth Thompson (785) 376-1611 1534 Austin Circle, Salina, KS 67401
21. Spencer Angell (785) 577-5659 880 Barlow Court, Salina, KS 67401
22. Steven Plott (785) 822-1900 1848 Lewis Ave, Salina, KS 67401
23. Susan Koehn (785) 577-3108 1937 E Tina Way, New Cambria, KS 67470
24. Tanner Jackman (785) 393-7082 658 E 1600 Rd, Baldwin City, KS 66006
25. Thomas J Harris (205) 948-7726 135 La Jolla Lane, Bastrop, TX, 78602
26. Thomas Srack (785) 826-9696 279 N 170th Rd, Bennington, KS 67422
27. Tresea Matney (785) 826-9456 348 W Robson Rd, Salina, KS 67401
28. Anthem Blanchard (702) 569-3431 414 SE Washington Blvd #163, Bartlesville, Ok
29. Cynthia Blanchard (310) 435-5707 (same)
30. Paul Aubert (310) 435-5707 (same)
31. Tito Pombra (650) 703-2159

**Vendors and Clients who can testify to the Hedge Fund's delay and problems:**

| | | |
|---|---|---|
| 32. Brent Gillet<br>Atlanta, Ga 30324 | (404) 456-6465 | 545 Dutch Valley Rd. |
| 33. | | |
| 34. Bob Hamman<br>67401 | (785) 825-5050 | 110 E Iron Ave. Salina, Ks |
| 35. Bob Conca | (619) 546-5589 | |
| 36. William Katts, Interactive BRK<br>CT 06830 | (203) 618-4014 | 3 Pickwick Plaza, Greenwich |

Clients which knowledge:
37. Jack Byquist
38. Craig Percey
39. Steve and Leslie Hess
40. Vince Bengston

5. Please provide a list of all documents you are aware of that are relevant to this litigation, including the document type, date, author, and current location/custodian.

Answer: In lieu of a list, documents are being provided in rolling production.

6. Please provide a list of all documents you are aware of that are relevant to this litigation, including the document type, date, author, and current location/custodian..

Answer: In lieu of a list, documents are being provided in rolling production.

## DECLARATION PURSUANT TO 28. U.S.C. § 1746(1)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated November 10, 2022.

_[signature]_, PRESIDENT

CHAD M. KOEHN, Individually and
as President of United Capital Management
of Kansas, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November ___, 2022, the foregoing *Plaintiffs' Response and objections to Defendant's Requests for Production* was mailed a true copy of the foregoing

4

motion to Michael Nelson, by prepaid First Class United States Mail addressed to Michael Nelson, 9450 SW Gemini Dr PMB 90924, Beaverton, OR 97008-7105.

_____