# EXHIBIT "C"

KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| Plaintiffs ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| Defendant ) | |

## PLAINTIFF/COUNTER-DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT/COUNTER-PLAINTIFF, MICHAEL NELSON

Pursuant to Rule 36, Federal Rules of Civil Procedure, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herein propound the following Requests for Admissions to the Defendant/Counter-Plaintiff Michael Nelson, the Responding Party ("Mr. Nelson" or "You").

*Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

*Answer.* If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

*Objections.* The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

1

The Responding Party must serve his responses to the Requests for Admissions upon Chris Kellogg, Esq., Kennedy Berkley, 119 West Iron Avenue, 7th Floor, Post Office Box 2567, Salina Kansas, 67402-2567.

## DEFINITIONS

A. "You" or "Your" or "Michael Nelson" means Defendant, MICHAEL NELSON.

B. "Chad M. Koehn" means Plaintiff, CHAD M. KOEHN.

C. "UCM" means Plaintiff, United Capital Management of Kansas, Inc. also known as UNITEDCAPITALMANAGEMENT OF KANSAS, INC., a Kansas corporation.

D. "Relating to," "relates to" and "related to" means, without limitation, comprising, concerning, containing, embodying, referring to, alluding to, responding to, about, regarding, explaining, discussing, showing, describing, studying, reflecting, analyzing or constituting. A communication or document "relating to" any given subject means any communication or document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

## REQUESTS FOR PRODUCTION TO MICHAEL NELSON

1. Admit that you have never been an officer of UCM.

2. Admit that you have never been a Director of UCM.

3. Admit that you have never been a Shareholder of UCM.

4. Admit that you have never been an employee of UCM.

5. Admit that you have never been an authorized agent of UCM.

6. Admit that you have never met in person with Chad M. Koehn.

7. Admit that you have never been a client of UCM.

8. Admit that you have never been a client of Chad M. Koehn.

9. Admit that you were never solicited by Chad M. Koehn to purchase any registered and/or unregistered securities.

10. Admit that you never had any personal communications with Chad Koehn.

11. Admit that you were never solicited by UCM to purchase any registered and/or unregistered securities.

12. Admit that you have no children.

13. Admit that in a voice message left for Chad M. Koehn, you stated, in part: "Please don't kill my children."

14. Admit that you have never been married.

15. Admit that you never personally met Craig A. Brand, Esq.

16. Admit that you never had any communications with attorney Craig A. Brand about or concerning any portion of his law practice or who might be associated with Mr. Brand's law practice or what Mr. Brand's law practice areas consist of.

17. Admit that in a voice message left for Chad M. Koehn, you stated, in part: "Please don't kill my wife.

18. Admit that in a voice message left for Chad M. Koehn, you stated, in part: "Please don't kill me."

19. Admit that in a voice message left for Chad M. Koehn, you stated, in part: "Please don't kill my family."

20. Admit that, except for your counterclaims in this case, you have never filed any lawsuit against UCM.

21. Admit that, except for your counterclaims in this case, you have never filed any lawsuit against Chad M. Koehn.

22. Admit that you are a former employee of Anthem Vault, Inc., a Nevada corporation.

23. Admit that you have never been an employee of Anthem Holdings Company, a Delaware corporation.

24. Admit that you were terminated as an employee of Anthem Vault, Inc. on or about February 24, 2020.

25. Admit that you were a shareholder of Anthem Vault, Inc., a Nevada corporation, and your shares were converted into shares of Anthem Holdings Company, a Delaware corporation.

26. Admit that in the State of Oklahoma the Blanchards (who are the CEO and President of Anthem Holdings, Inc.,) have an ongoing criminal case against yourself.

27. If you deny that you are a current shareholder of Anthem Holdings Company, admit that you are a shareholder of Anthem Vault, Inc., a Nevada corporation.

28. Admit that you are a shareholder in Rhody, Inc., a Nevada corporation.

29. Admit that you are the President of Rhody, Inc., a Nevada corporation.

30. Admit that Rhody, Inc. owned shares of Anthem Vault, Inc., and Rhody, Inc.'s shares were converted into shares of Anthem Holdings Company, a Delaware corporation.

31. If you deny that Rhody, Inc. is a current shareholder of Anthem Holdings Company, admit that Rhody, Inc. is a shareholder of Anthem Vault, Inc., a Nevada corporation

32. Admit that any claim you have asserted in your First Amended Complaint for personal damages you have suffered from violations of securities laws by UCM and/or Chad M. Koehn (not your whistleblower claims) is based upon your being a shareholder of Anthem Holdings Company and Rhody, Inc. being a shareholder of Anthem Holdings Company.

33. If you deny the previous Request for Admission, (No. 32), admit that any claim you have asserted in your First Amended Complaint for personal damages you have suffered from violations of securities laws by UCM and/or Chad M. Koehn (not your whistleblower claims) is based upon your being a shareholder of Anthem Vault, Inc. and Rhody, Inc. being a shareholder of Anthem Vault, Inc.

34. Admit that you have intentionally tried to damage the business reputation of Chad M. Koehn.

35. Admit that you have intentionally tried to damage the business reputation of Chad M. Koehn because of your anger at Anthem Blanchard and/or Cynthia Blanchard.

36. Admit that you have contacted clients of UCM (directly or indirectly).

37. Admit that you have contacted perspective clients of UCM (directly or indirectly).

38. Admit that you have no idea who Craig A. Brand, Esq. may or may not be business partners with.

39. Admit that you have no objective evidence of Craig A. Brand, Esq., committing any criminal actions.

40. Admit that you have no objective evidence of Chad M. Koehn committing any criminal, civil or administrative wrongful actions.

41. Admit that you have no objective evidence of UCM committing any criminal, civil or administrative wrongful actions.

42. Admit that you have filed a Florida Bar Complaint against Craig A. Brand, Esq., without attaching any documents that might inure or support your allegations.

43. Admit that you have filed complaints against the Plaintiffs with the SEC.

44. Admit that you have filed complaints against the Plaintiffs with FINRA.

45. Admit that you have no attorneys on retainer as it relates to this specific case herein.

Dated November 10, 2022.

*signature*
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567 Salina,
KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

and

S/ Craig A. Brand

Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A/
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 10 2022, the foregoing document was served by prepaid First Class United States Mail addressed to Michael Nelson, 9450 SW Gemini DR, PMB 90924, Beaverton, Oregon 97008-7105, an a courtesy copy emailed to Michael Nelson, oklahomaremote@gmail.com

*signature*