03/03/2022    UNITED CAPITAL v. NELSON    22-4008    1

1                    IN THE UNITED STATES DISTRICT COURT
                            DISTRICT OF KANSAS
2

3   UNITED CAPITAL MANAGEMENT OF
    KANSAS, INCOPORATED,
4   and CHAD KOEHN,

5              Plaintiffs,

6       vs.                            District Court
                                       Case Number
7   MICHAEL NELSON,                    22-4008

8              Defendant.

9

10                  TRANSCRIPT OF PROCEEDINGS

11

         On the 3rd day of March, 2022 at 1:35 p.m. came on
12  to be heard in the HEARING in the above-entitled and
    numbered cause before the HONORABLE GWYNNE E. BIRZER,
13  Magistrate Judge of the United States District Court for
    the District of Kansas, Sitting in Wichita.
14       Proceedings recorded electronically.
         Transcript produced by mechanical stenography and
15  computer.

16

17  APPEARANCES

18       The Plaintiff appears by and through:
         Mr. Christopher Kellogg
19       Kennedy, Berkley, Yarnevich & Williamson
         119 West Iron Ave, 7th Floor
20       PO Box 2567
         Salina, Kansas 67402
21
         Mr. Craig Brand
22       The Brand Law Firm, PA
         4650 Indian Creek Rd
23       Loveland, CO 80538

24       The Defendant appears pro se.

25

03/03/2022    UNITED CAPITAL v. NELSON    22-4008      2

```
 1          (The following proceedings were electronically

 2 recorded and have been requested transcribed:)

 3          THE COURT:  Good afternoon.  I'm Judge Birzer

 4 and I'm going to be presiding over the matter today.

 5          And so we've got -- we've got Mr. Kellogg here,

 6 we've got Mr. Brand, we've got Mr. Nelson; right?

 7          I am going to go ahead and call the case and get

 8 formal appearances because we are making a record here.

 9          Court will call the matter of United Capital

10 Management of Kansas, Inc. and Chad Koehn versus Michael

11 E. Nelson, and that's Case Number 22-4008.

12          Just so that we can open the record can we have

13 appearances for the plaintiff, please.

14          Plaintiffs.

15          MR. KELLOGG:  Your Honor -- Your Honor, if it

16 pleases the Court, Christopher Kellogg from the Kennedy

17 Berkley Law Firm appearing on behalf of plaintiffs Chad

18 M. Koehn and United Capital Management.

19          THE COURT:  All right.

20          And for defendant?

21          MR. NELSON:  Michael Nelson.

22          THE COURT:  Okay.

23          MR. NELSON:  Your Honor, if it pleases the

24 Court, I have an objection to Mr. Brand's participation

25 in this hearing.
```

03/03/2022    UNITED CAPITAL v. NELSON    22-4008      3

1            THE COURT:  Okay.  Your objection is noted.

2            MR. NELSON:  Thank you.

3            THE COURT:  Okay.  All right.  And so I know

4   that Mr. Brand has a pro hac vice motion here to which

5   you object and so I have seen that, so I am aware of that

6   but I wanted to kind of get us together today because it

7   was all of 20, 21, 25 days and we have got a barrage of

8   motions and so what I would like to do is kind of set the

9   culture for this case and see if we can kind of start all

10  over and make our way through it so that we can get

11  ultimately where we want to be with this case.

12           I do intend to hear some argument with regard to

13  the motions today.  I've reviewed all the ones that are

14  ripe and so I am prepared to make some comments but I

15  wanted to hear from you folks before I did that.

16           I'm not expecting any long-winded dissertations so

17  I caution you against that.  I've read the motions so I

18  understand.  I just -- if there is something outside of

19  the motion that you want to state I want to give you the

20  opportunity to do that.

21           Are we understood?

22           MR. NELSON:  Yes, Your Honor.

23           MR. KELLOGG:  Yes, Your Honor, and if -- if it

24  would be possible if we could talk the pro hac motion

25  first.

03/03/2022   UNITED CAPITAL v. NELSON   22-4008      4

```
 1        Mr. Brand is going to be taking the lead for this
 2  matter on behalf of the plaintiffs, so if we could do
 3  that, that would be great.  Appreciate it.
 4        THE COURT:  Okay.  Hang on just a moment.  Let
 5  me get to -- bring up my screen here.  It hasn't been
 6  pulled up.
 7        Do you have any objection to that, Mr. Nelson, to
 8  taking up the pro hac vice motion first?
 9        MR. NELSON:  Other than the fact, Your Honor,
10  I've been unable to submit affidavits or evidence as Your
11  Honor had summarily said no more motions, and they snuck
12  this motion in end of the business day the day that you
13  said no more motions, therefore, I have not been able to
14  attempt to get any evidence to the Court, of which I have
15  ample evidence.
16        THE COURT:  Okay.  So is that a yes or no,
17  Mr. Nelson?
18        Do you have any objection to proceeding first with
19  regard to ECF number --
20        MR. KELLOGG:  24, Your Honor.
21        THE COURT:  Yeah, ECF.
22        MR. NELSON:  I -- I don't, as long as I have the
23  opportunity to state some of my objections on the record
24  now and submit additional evidence to the Court by way of
25  affidavits and other raw evidence regarding Mr. Brand.
```

03/03/2022    UNITED CAPITAL v. NELSON    22-4008      5

1              THE COURT:  Okay.  Well, you know, the way this

2     works, you know, Mr. Nelson, is either you know it's kind

3     of a yes or no.  You're not going to make no deals with

4     me.  Okay?

5              So I -- I think I have enough information here to

6     listen to what you folks have to say and then make a

7     ruling.  So the plaintiffs did move for the pro hac vice

8     admission of Craig Alan Brand and it appears to me that

9     the motion complies with the District of Kansas Rule

10    83.5, and Mr. Brand has paid the appropriate registration

11    fee, so I'm not sure what objection you would have,

12    Mr. Nelson, in terms of him not being fit to practice in

13    federal court, so --

14             MR. NELSON:  My objection --

15             THE COURT:  -- I wanted to give the plaintiff an

16    opportunity to say any additional things and kind

17    of -- not give you necessarily the last word but let you

18    hear everything that they say so that you can respond to

19    it.

20             Is that fair enough?

21             MR. KELLOGG:  Yes, Your Honor.

22             THE COURT:  Okay.  All right.  So, Mr. Brand,

23    I'll -- or, Mr. Kellogg, whoever is going to address

24    this, I'll give you the opportunity to tell me whatever

25    else isn't in your motion.

03/03/2022    UNITED CAPITAL v. NELSON    22-4008       6

1              MR. BRAND:  Thank you, Your Honor, Craig Brand.

2   Good afternoon.

3              THE COURT:  Good afternoon.

4              MR. BRAND:  Your Honor, I represent -- for

5   judicial economy and for efficiencies in this case, I

6   represent the plaintiffs in other matters involving

7   Mr. Nelson.

8        Mr. Nelson has allegedly brought claims in the SEC

9   in FINRA, he has brought them falsely against the

10  plaintiffs for which I am now defending, and I'm also

11  representing other individuals.

12             THE COURT:  Hang on, let me hang on just a

13  minute, Mr. Brand.

14       I want to talk about just 83.5.  I don't want to

15  get into any allegations about anybody falsely doing

16  anything.  That's not what I'm asking.

17       I want to know what else you want to say that

18  complies with 83.5.4.

19             MR. BRAND:  Perfect.

20       Your Honor, I just -- I don't know if you want to

21  hear how many different courts I've pro hac'd into, or

22  how many different members of bars associations I am part

23  of but if that -- if you find that relevant, then I'll

24  certainly go down my list.  If it's not relevant, for the

25  purposes of this I only brought up the prior in order to

1  demonstrate to the Court that if there's any one person

2  that will be able to bring judicial economy and speed to

3  this case since I have everything in my file already,

4  would be me.

5         THE COURT:  Okay.  Well, I've reviewed

6  the -- I've reviewed the pleadings, the affidavit in

7  support of the request for pro hac vice status, and I

8  haven't seen anything to the contrary so if you don't

9  have anything additional to add, it's okay to say that.

10 All right?

11        MR. BRAND:  I have nothing further to add to

12 that.

13        THE COURT:  All right.  So, Mr. Nelson, you

14 object to Mr. Brand having pro hac vice status and I want

15 you to limit your comments to the rules here and so

16 that's what I want to hear.  Okay?

17        MR. NELSON:  Yes, Your Honor.

18        THE COURT:  So you're free to comment.

19        MR. NELSON:  Um, in his affidavit that Mr. Brand

20 submitted to the Court, the affidavit is supposed to be

21 in accordance with the clerk's form and the clerk's form

22 says, you know, I practice under the following name or

23 letterhead.  He puts a name and letterhead.  But that

24 name and letterhead doesn't match what is on file.  It

25 doesn't match what's on file in the U.S. District of

1   Colorado.

2        In fact the bar number doesn't match what's on

3   file in the U.S. District of Colorado because Mr. Brand

4   actually has a bar number in the U.S. District of

5   Colorado but it's in withdrawn status.

6        Mr. Brand has appeared pro hac in Colorado.  He

7   has appeared in a number of different federal courts and

8   it was very clear in this, it says under three, I have

9   been admitted to practice in the following courts,

10  parenthesis, here is the dates and places of admission to

11  all bars, state, federal, and any bar registration

12  numbers.

13       Mr. Brand does not list these because in a number

14  of these other cases it's been brought up that Mr. Brand

15  is a partner in deception in an arrest affidavit, and for

16  the department of law enforcement.  He has had a number

17  of mishaps before federal courts and I personally have a

18  bar complaint against him, so I know for a fact that he

19  has an investigation.

20       So for him to say that he doesn't, he is suborned

21  perjury in the underlying matter in the U.S. District of

22  Nevada, he then tried placing a man on the stand who then

23  lied about one of them being an attorney, and then he

24  doubled down on that lie by submitting the same thing to

25  a three justice panel in an appeal.

1        The fact of the matter is, Mr. Brand's affidavit
2  is not just false, it is -- it's completely false and it
3  was never verified as to truth and accuracy by Attorney
4  Michael, who's not even here to defend himself, perhaps
5  on purpose, because the -- the under -- under two, he
6  doesn't practice under the Brand Law name in the U.S.
7  District of Colorado.
8        We called and asked the U.S. District of Colorado
9  clerk and he has got two bar numbers for Florida, they
10 don't even have that bar number on record in the U.S.
11 District of Colorado.  They have some other bar number,
12 which is in a withdrawn status and they wouldn't get in
13 to why it's withdrawn.
14       He says here that he -- it -- in what -- what
15 brought everybody's attention to this, just so you know,
16 Your Honor, is that in number six, it says very clearly
17 it is a copy and paste thing or rich text format, just
18 import it and sign it.  He doesn't do this.
19       What was -- it was supposed to say, I'm in good
20 standing in all bars of which I am a member.
21       But when we got the affidavit, we can see very
22 clearly in 6 it says, I am in all -- I am in good
23 standing in the all the bars of which I am a member.
24 It's not grammatically correct and it's not a correct
25 statement.

03/03/2022   UNITED CAPITAL v. NELSON   22-4008     10

1        Because of that obvious incorrect statement, it

2   jumped out at us that there must be something that he is

3   trying to hide with this affidavit.  Therefore, we called

4   and asked the clerk in Colorado, the clerk of Colorado

5   said, No, we have a different bar number.  So then we

6   started thinking perhaps he's missed a bunch of other

7   things in here, which he does.

8        And the simple fact of the matter that he cannot

9   present a truthful affidavit for admission in the fact I

10  know that he suborned perjury in the Nevada matter, which

11  I would submit an affidavit in evidence to, and then

12  submitted to a three justice panel the appeal in that

13  matter, also found in my favor, where he then doubled

14  down on the same perjury that he suborned during the

15  witness piece, means that his -- his affidavit is false.

16       And it was verified as true and accurate by

17  another attorney who knows on the face it was false

18  because you can see that number 6 is grammatically

19  incorrect.  Either a freudian slip, or a hesitation

20  because he knows what he was putting on the affidavit not

21  to be true.

22       He has disciplinary grievance proceedings that are

23  pending against him in the U.S. District of Nevada.

24  There is a very serious matter in the U.S. District of

25  California and including being prosecuted by attorneys

1  for the, I guess California Supreme Court regarding a

2  third man that claims to be an attorney who's not an

3  attorney that Mr. Brand claims is an attorney, and

4  another man that is supposedly an attorney in Texas that

5  also claimed this man is an attorney, and Mr. Brand put

6  under oath in the Nevada case.

7          THE COURT:  Okay.

8          MR. NELSON:  So --

9          THE COURT:  I understand.

10          MR. NELSON:  So Mr. Brand is absolutely going to

11 be a witness in this case so I don't see how he can be

12 both a witness and represent parties and pass an

13 untruthful affidavit before the Court.

14          THE COURT:  Okay, well, Mr. Nelson --

15          MR. NELSON:  This is collateral over doctrine.

16          THE COURT:  Well, let's just take it one step at

17 a time, you know, I can appreciate you know you feel that

18 he's -- you know, among other things, that he'll be a

19 witness in this case but we haven't made that

20 determination yet and that determination is kind of up to

21 me, when and if that situation happens.

22          So, Mr. Brand, you know, Mr. Nelson indicates that

23 you know you played fast and loose with number six and

24 there are some disciplinary matters pending in other

25 state courts.  I can see how you worded number 6 and I

1  appreciate Mr. Nelson's concern with regard to that.  But

2  can you shed some light on this?

3      MR. BRAND:  Your Honor, I am absolutely not

4  aware of any disciplinary actions going on against me in

5  any single court.  I think Mr. Nelson has the wrong

6  Brand, whoever he is Googling.

7      The Nevada case that he is talking about was a

8  case against him where I was -- I was the attorney

9  against him so I didn't testify, and certainly couldn't

10 have committed any perjury.

11     In California I have no idea what he is talking

12 about.

13     And if he is talking about that he filed some sort

14 of bar complaint against me in the state of Florida,

15 Florida hasn't notified me of anything so I have no idea

16 what he is talking about.

17     And as far as Colorado, I will be clear, Colorado

18 said easily and simply I was general counsel for a very

19 large corporation in the state of Colorado so I was a

20 Colorado admitted attorney under the single client

21 exception using my Florida Bar Number.  I have only used

22 Florida Bar Number 896411.

23     I did have a Colorado Bar Number but when I left

24 practicing on their terms I [inaudible] I never had -- I

25 was general counsel for that company and never actually

1 even had to appear in the state court of Colorado for

2 them.

3         So I am -- as a matter of fact, so when

4 Mr. Kellogg's firm, before Mr. Kellogg's firm submitted

5 that affidavit I sent them a current copy of my Colorado

6 federal bar admission showing that I'm in good standing.

7 I also sent to [inaudible] a Florida board certificate

8 showing that I was a member in good standing and they

9 were both dated I think the day of or the day before that

10 I sent it to Mr. Kellogg. His law firm.

11         THE COURT:  Okay.  So, Mr. Nelson, I can tell

12 you that you know motions for pro hac vice are fairly

13 routine and you know so long as a person is in compliance

14 with the federal rules, typically, they are granted.

15         Now, I don't want to send a message that I'm going

16 to rubber stamp on these type of matters because we do do

17 some -- some investigation on our own to determine

18 whether or not a person is an appropriate person to

19 appear pro hac vice.

20         I would note the firm that is sponsoring Mr. Brand

21 has practiced in federal court throughout Kansas and has

22 a repu -- a good reputation and never once have I

23 determined or found that -- that they submitted any

24 affidavits under falsehoods or the like.

25         I'm going to grant the motion and so I'll go ahead

03/03/2022   UNITED CAPITAL v. NELSON   22-4008   14

1  and enter that order.

2       I think that the motion complies with District of

3  Kansas Rule 83.5.4.  The appropriate registration fees

4  have been paid.  I don't -- you know, while I take notice

5  of the arguments that you make, Mr. Nelson, I'd -- I

6  recognize that Mr. Brand recognizes also that he's an

7  officer of this Court, as are the folks that are

8  sponsoring his pro hac vice motion.

9       So barring me hearing anything else, I am going to

10  grant the motion.  So that motion is granted, ECF number

11  24.

12       So we could -- there's a couple of things that I

13  kind of want to tackle before we get into the motion

14  practice here and one of them is of diversity

15  jurisdiction.  Now I can appreciate, Mr. Nelson, that

16  you -- you know, that the case has been removed to

17  federal court and it appears after looking at the state

18  court petition, and I -- I suspect that this is the right

19  place, but we may have to kind of fix things up a little

20  bit.

21       It appears that plaintiff United Capital

22  Management of Kansas was organized under the laws of

23  Kansas and has a principal place of business in Salina,

24  so I recognize that.

25       And then Chad Koehn is a resident of Saline

1  County, Kansas and where you come in is -- is where I

2  think we -- I need to figure out where you are actually a

3  citizen.

4          It states that you are a citizen of Nevada but

5  then on the -- the last of the petition alleges that you

6  are a resident of Las Vegas, Nevada and for purposes of

7  jurisdiction, that's sort of different.

8          The notice of removal at page 18 says that also

9  you were incarcerated in New Jersey.  You had been a

10 citizen of Nevada for the past 15 years.  However, the

11 mailing address is Beaverton, Oregon.  And then

12 plaintiffs in their last motion to strike alleged that

13 you were extradited from New Jersey to Oklahoma.

14         And so I -- you know, I mean, again, there's no

15 allegation that Mr. Koehn is a citizen of Kansas so we're

16 going to have to kind of clean up the diversity issue

17 here.

18         Now, you know the normal practice is to issue an

19 order to show cause why your case shouldn't be dismissed

20 because of lack of diversity jurisdiction but I wanted to

21 kind of talk us through this first.  I don't want to add

22 to you know the motion practice and -- and I wanted us to

23 start off on the right foot.

24         So I think you're going to have to plead the

25 citizenship of United Management of Kansas.  I think it's

03/03/2022   UNITED CAPITAL v. NELSON   22-4008      16

1  appropriate in the amended notice of review of removal

2  you probably just have to do that again.  But we do need

3  to confirm with Mr. Koehn whether or not he's a citizen

4  of Kansas.

5          Is he, Mr. Kellogg?  Or Mr. Brand?

6          MR. KELLOGG:  Your Honor, he is.

7          THE COURT:  Okay.  All right.

8          And then so, Mr. Nelson, you're going to need to

9  plead that rather than saying he's a resident of Saline

10 County in an amended notice of removal.

11         And then we also need to figure out where you are

12 a citizen because, I mean, there's a lot of states --

13 cities and states here, and so we need to connect and

14 figure out, you know, mainly determine that you are not a

15 citizen of Kansas, which I suspect you're not but where

16 are you a citizen?

17         MR. NELSON:  I am a United States citizen, Your

18 Honor, and I was last a U.S. citizen in Nevada.  Although

19 I've stayed with my parents most recently and I have a

20 residence -- I had a residence in Barcelona, Spain but

21 these people are trying very hard to separate me from my

22 family.

23         And before this leads any further, Your Honor, I

24 would highly --

25         THE COURT:  Mr. Nelson --

1          [Indiscernible crosstalk.]

2          THE COURT:  Mr. Nelson.  Mr. Nelson.

3          My question is, where are you currently a citizen?

4    That's the only question I want answered.

5          What state are you currently a citizen?

6          MR. NELSON:  I -- excuse me.

7          [Indiscernible crosstalk.]

8          THE COURT:  I think you froze.

9          I think it froze on us.

10         I want to know what state are you currently a

11   citizen of so that we can allege proper jurisdiction that

12   exists here.

13         MR. NELSON:  I -- I have no idea, Your Honor.  I

14   vote in the state of Nevada.

15         THE COURT:  Okay.  Well, that's unfortunate, you

16   know, Mr. Nelson, that you don't know because we can't go

17   any further until we determine that you know this case is

18   properly in federal court and the first thing that we

19   have to do is establish diversity jurisdiction so --

20         MR. NELSON:  I will be filing an interlocutory

21   appeal under collateral holder doctrine regarding the

22   admission of Mr. Brand to the Tenth Circuit with the Rule

23   22 service upon Associate Justice Neil Gorsuch.

24         THE COURT:  Okay.  Well, that's fine, you know,

25   if you want to do that, that's fine.  But right now we

03/03/2022    UNITED CAPITAL v. NELSON    22-4008    18

1  need to know that your case is in the right place so

2  you're going to have to tell me either in writing

3  or -- or some other way where you are a citizen.

4        You're going to have to state that.  And you don't

5  state that.

6        MR. NELSON:  What's the definition of "citizen"?

7  I'm a United States citizen.

8        THE COURT:  Okay.  But you have to be a citizen

9  of a certain state in order for us to determine that

10 diversity jurisdiction exists in this case and I'm not

11 going to ask no more.

12       So you're not going to answer that?

13       MR. NELSON:  I -- I don't understand the

14 definition of "citizen."  I have -- I did live in

15 Barcelona, Spain and was last a citizen in the state of

16 Nevada.

17       I most recently stayed with my mother and father

18 and then I was on my way back to the place that I had

19 been living in Barcelona, Spain.  So I vote under all

20 things in the state of Nevada.  That's where my driver's

21 license is.  That's where I have lived for 15 years.  I

22 owned a home for ten years.  I don't know if that is

23 considered I am a citizen of that state.

24       I can tell you I have never entered the state into

25 Kansas but I can tell you that I am native born American

1  citizen.

2          THE COURT:  Okay, yeah.

3          MR. NELSON:  So I mean I don't understand, I

4  mean --

5          THE COURT:  You know, quite frankly, Mr. Nelson,

6  I feel like you do understand.  I mean you filed a

7  barrage of pleadings, you know, making several

8  allegations and I think that you know what I mean when

9  I'm asking where you are a current citizen.

10         So what I'm going to do is adjourn this hearing

11 and I'm going to issue an order to show cause why your

12 case shouldn't be dismissed for lack of -- for lack of

13 diversity.

14         You're going to have to say.  And I don't -- I

15 mean I'm not sure that anybody is going to hold that

16 against you.  We just need you to fix up your paperwork,

17 that's all.  And so if you can't tell me --

18         MR. NELSON:  I need an attorney to find out what

19 it means.

20         THE COURT:  Okay.  Well, that -- I'll give you

21 time to do that so stand by.

22         Let me get another date for us to reconvene.

23         So I'm going to -- to amend your pleadings as I've

24 indicated, I am going to order that you do that within

25 the next ten days.  I'll give you ten days to do that.

1        And that would include stating where you are a

2   citizen so that we know that this case is in the right

3   place.

4        Again, like I said, I suspect that it is,

5   Mr. Nelson, but there is certain you know ways that we

6   have to -- to establish that on the record.

7        So I'm thinking this is March 3rd.

8        By March 14th I'm expecting you to file an amended

9   notice of removal addressing the citizenship issues.

10        Now you've already -- we've already told you

11   Mr. Koehn is a citizen of Kansas and so you know that.

12   You have previously stated that he was a resident of

13   Saline County, but you have to state the state and so you

14   can -- you're going to need to allege that.

15        You already properly allege that United Management

16   of Kansas, you've alleged that properly so I mean -- so

17   you've properly alleged that.  But the thing that we need

18   to again establish is that there's diversity citizenship

19   between the plaintiffs and the defendants and you're

20   going to have to say it and this case is not going to go

21   any further if you don't.

22        So you have until March 14th to file your notice

23   of amended notice of removal and then if you do not do

24   that I'm going to issue a show cause order.

25        And I don't -- that's why I wanted to get us

1  together today so that we wouldn't have to do that.  And

2  it's unfortunate that I waited to try to talk to

3  you about this so that we didn't have to do it, and now

4  we end up having to do it.

5        Meanwhile, not another motion should be filed.  I

6  heard arguments with regard to the pro hac vice

7  situation, so and I've ruled on that.

8        Whatever you feel like you need to do to take that

9  further away from me, Mr. Nelson, I think you can figure

10  out how to do that but that's not going to stop this

11  train.

12        All right?  So just -- I'll -- once I get

13  Mr. Nelson's amended notice of removal and am satisfied

14  that there's diversity jurisdiction, or if I am forced to

15  do a show cause order, then we'll reconvene after that.

16        All right?  But under the CM/ECF in the District

17  of Kansas, if any motions are filed, they're going to be

18  summarily denied because it would be in violation of my

19  order.  I think we've got enough to cover and I think

20  from the substantive standpoint we'll get there.  Okay?

21  And I want to get us there.  But we need to clean this up

22  first.

23        All right?

24        We're adjourned.

25        (Proceedings conclude at 2:09 p.m.)

03/03/2022   UNITED CAPITAL v. NELSON    22-4008      22

1          ********************************************

2                    C E R T I F I C A T E

3          I, Jana L. McKinney, certified shorthand reporter,

4   certify that the foregoing is a correct transcript from

5   the official electronic sound recording of the

6   proceedings in the above-entitled matter.

7

8          Dated this 26th day of January, 2021.

9

10                   s/ Jana L. McKinney_____

11                   Jana L. McKinney
                     United States Court Reporter
12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                          I N D E X
                                               PAGE
 2

 3
       REPORTER'S CERTIFICATE                    22
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```