# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) <u>and</u> **CHAD M. KOEHN** <br><br> Plaintiffs, counter-defendants <br><br> v. <br> Michael Nelson <br><br> Defendant; Counter-Plaintiff PRO-Se. | <mark>**DOCKET NO.:** 5:22-CV-04008-JWB-TJJ</mark> <br> **CIVIL ACTION** <br><br> **<u>Reply to Order taken under advisement as to</u>** <br><br> **<u>Count I of first amended complaint</u>** <br><br> **<u>See Order Document 361</u>** <br><br> **[Jury Trial Demanded]** |

## <u>Reply to Order taken under advisement as to Count I of first amended complaint</u>

## <u>See Order Document 361</u>

COMES NOW, Michael Nelson, pro se, who files Reply to Order of this Honorable Court the US District of Kansas, taking under advisement Count I, regarding the first amended counter and cross complaints, MEMORANDUM AND ORDER dated 18th day of January 2023 and states for the record and edification of the Court and parties:

<u>District Court Judge John W. Broomes ordered in the memorandum and analysis Doc. 361:</u>

> "Defendant brings a claim of defamation against Plaintiffs. Under Nevada law, to state a claim for defamation, a party must show: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm, or the existence of special harm caused by the publication." Lubin v. Kunin, 17 P.3d 422, 425 (Nev. 2001) (internal quotation omitted). Generally, damages must be proved. Id. "However, if the defamatory communication imputes a person's lack of fitness for trade, business, or profession, or tends to injure the plaintiff in his or her business, it is deemed defamation per se and damages are presumed." *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc., 213 P.3d 496, 503 (Nev. 2009)*."

*"Defendant may file an amended Count I as to those Plaintiffs within 14 days of the filing of this order."* <u>see Conclusion on final page, of referenced Order and Memorandum.</u>

Just as Koehn/UCMK have <u>relied upon solely on conclusory allegations</u> that he (KOEHN) <u>"has been embarrassed and humiliated in front of his business associates, family and friends and his reputation and good name has been damaged"</u> (Koehn 2nd amended complaint at 21), <u>with no support</u>. Kansas courts have <u>repeatedly held</u> that such conclusory allegations fail to establish a

valid claim for defamation. *Ablulimir v. U-Haul of Kansas, 2011 WL 2731774, at *3 (D. Kan. 2011); Doe,* 61 Kan. App. 2d at 150; *Rx Sav., LLC v. Besch, 2019 WL 8014669, at *4 (2019); Lindemuth v. Goodyear Tire & Rubber Co., 19* Kan. App. 2d (1993)

Point on to this Reply:  ("**injuries to one's sensitivities alone is not enough to support a claim for defamation.**"); *Davis v. Hildyard, 34* Kan. App. 2d (2005) ("**Broad and factually unsupported allegations of patient cancellations do not support a claim for damages for alleged defamation**."); Snyder v. American Kennel Club, 661 F.Supp.2d 1219, 1239 **(D. Kan. 2009)** ("Under Kansas law, a plaintiff in a defamation action cannot rest on presumed damages, but must prove damages.") (emphasis added).  Koehn offers only formulaic conclusory allegations that he "has been embarrassed and humiliated" (Koehn 2nd AC at 21).

The defamation claims the counter-plaintiff Nelson are not just similar but precisely the same, as Koehn's with claims; wherein the counter-plaintiff, Nelson, has suffered because of Koehn's defamation/slander/assault, Nelson "has been embarrassed and humiliated in front of his business associates, family and friends and his reputation and good name has been damaged"; ergo under Kansas law, neither Koehn nor Nelson, can allege damages sufficient to support a claim for defamation, *See, Ablulimir v. U-Haul of Kansas, 2011 WL 2731774, at *3* (D. Kan. 2011); *Doe,* 61 Kan. App. 2d at 150; *Rx Sav., LLC v. Besch, 2019 WL 8014669, at *4 (2019); Lindemuth v. Goodyear Tire & Rubber Co., 19* Kan. App. 2d (1993) ("**injuries to one's sensitivities alone is not enough to support a claim for defamation.**"); *Davis v. Hildyard, 34* Kan. App. 2d (2005)

Providing for Judicial Economy and more importantly Conservation of Judicial Resources

I submit I am unable at present to present substantial competent evidence, to support a claim greater than the standard as well articulated in the forum state's own case precedents.  Nor can Koehn as his Second Amended counter complaint only states:  "has been embarrassed and humiliated in front of his business associates, family and friends and his reputation and good name

has been damaged" (2nd amended complaint at 21) AND supra herein ("**injuries to one's sensitivities alone is not enough to support a claim for defamation.**")

As Koehn only states: "his reputation and good name has been damaged", is nothing more than a conclusory allegation unsupported by facts and unsupportable.

My claims of defamation are PRECISELY the same as Koehn's, I am unable to proceed with an amended defamation claim, as Koehn's should be DISMISSED and mine futile.

A "garden variety" emotional distress claim which amounts to no more than an attempt to recover for generalized insult, hurt feelings and lingering resentment, courts have concluded that the party did not place his or her mental status in controversy. *Thiessen v. General Elec. Capital Corp., 178 F.R.D. 568, 569-70 (D. Kan. 1998)*. "Garden variety" means ordinary and commonplace. *Webster's New World Dictionary, 65 (3d College Ed. 1988)*. Garden variety emotional distress is that which [is] simple or usual. In contrast, emotional distress that is not garden-variety may be complex, such as that resulting in a specific psychiatric disorder, or may be unusual, such as to disable one from working. *Ruhlmann v. Ulster County Dept. of Soc. Servs., 194 F.R.D. 445, 449 n. 6 (N.D.N.Y. 2000); Jessamy v. Ehren, 153 F. Supp. 2d 398, 401 (S.D.N.Y. 2001)*.

Koehn's claims are similar to those I have made and are certainly not worthy of stating a claim upon which relief may be granted, therefore I cannot in good faith at present provide substantial competent evidence beyond the same allegations which Koehn makes against me and therefore am unable to plead with the specificity required to support the single count claim allowed by the Court, under the case law existing in Kansas.

WHEREFORE, I have learned that by following the lead of the attorneys in this matter, I would be lacking in candor towards the Court. By claiming "embarrassment and humiliation" claiming damages to my reputation and business, PRECISELY the same as KOEHN, I would be not

acting in accordance with the Pillars of Professionalism. Therefore, I shall not follow BAD FAITH conduct with further bad faith conduct and do not file such a futile claim as filed by Koehn.

Respectfully Submitted, this 26th day of Jan 2023

*[signature: Michael Nelson]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone: 702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature: Michael Nelson]*

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*