**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) and **CHAD M. KOEHN**<br><br>                        Plaintiffs, counter-defendants<br>      v.<br>Michael Nelson<br><br>           Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.:**    **5:22-CV-04008-JWB-TJJ**<br>**CIVIL ACTION**<br><br>**Motion for Reconsideration of Doc 360 per**<br><br>**Order Granting in Doc 372**<br><br>**[Jury Trial Demanded]** |

**Motion for Reconsideration of Doc 360 per Order Granting in Doc 372**

COMES NOW, Michael Nelson, pro se, who files this Motion for Reconsideration of Order (Magistrate Report) in document 360, as per the order granting the request made in Doc. 372, and states and alleges as follows:

The Court held a status conference on 18 January 2023, after which it issued Order (magistrate report) Document 360, upon review of Document 360, certain aspects of the Order are begged for indulgence of the Court to be challenged or otherwise amended and corrected via this motion for reconsideration in order to provide for judicial economy and conservation of judicial resources to perhaps negate a Rule 72 appeal to the District Court.

> **ORDER**. Defendant's 1/20/2023 email request for permission to file a motion for reconsideration of the 360 Order summarizing rulings and deadlines from 1/18/2023 Status Conference is approved, but shall not exceed 10 pages. Defendant shall file his motion on or before 2/1/2023. Signed by Magistrate Judge Teresa J. James on 1/23/2023.

Having requested permission to file this Motion of Reconsideration and having been granted permission to file per Order 372, a text Order which is summarized herein directly above. D. Kan. Rule 7.3(b)(3) provides: "A party may file a motion asking a …magistrate judge to reconsider an order or decision made by that … magistrate judge. [] A motion to reconsider must be based upon [] the need to correct clear error or prevent manifest injustice." *Pursuant to D. Kan. Rule 7.3(b)(3),* Michael Nelson, appearing pro se out of necessity, herewith moves for reconsideration of that

portion of the Court's JAN 18, 2023, Order (Docket No. 360) striking document 261; wherein at (4) of the referenced Order it states at the title: "Withdrawal of Defendant's response to Plaintiffs' motion to quash Hoffman subpoena (ECF No. 261)", and goes on to state: "After discussion with the parties, Defendant indicated he would withdraw his response in opposition to Plaintiffs' motion to quash the Hoffman subpoena (ECF No. 261). *Defendant's response is hereby withdrawn and the Clerk's Office is instructed to strike it from the record."* Upon examination of the correct document and record, and due to the issues involved, it is NOT the request nor wish of the undersigned, unrepresented, defendant, for document 261, to be withdrawn from the record.

Pursuant to D. Kan. Rule 7.3(b)(3), Michael Nelson, appearing pro se out of necessity, herewith moves for reconsideration of that portion of the Court's JAN 18, 2023, Order (Docket No. 360), at (5) regarding the plaintiffs motion to quash the subpoena lawfully warned, issued and executed on Donald Hoffman to be construed as the Court does as a protective Order. The unrepresented pro se defendant is unable to get compliance from the plaintiffs with providing the documents known to exist regarding "settlements" entered into by Koehn and UCMK, and those documents and depositions of Koehn are known to exist and being held also by Donald Hoffman opposing counsel in an eerily similar hereto litigation for tortious interference with expected business relations, which was settled AFTER removal of this above herein captioned matter to the US District of Kansas Federal Court under diversity & federal questions constitutional rights. Parties in a litigation do not enjoy the right to seek to modify, nor seek protective orders on behalf of others, especially wherein the subpoena is previously warned, issued, signed by Clerks and fully executed subpoena duces tecum. **A "motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed."** *Martley v. City of Basehor, Kansas, 19-cv-02138-DDC-GEB,* 2022

Donald Hoffman phoned me as the phone records so demonstrate, as previously provided to US Federal Magistrate Judge G.E. Birzer. The declarations referenced as (ECF No. 270-1), are declarations which directly relate to document 249, which was withdrawn! The award of attorney's fees and costs securing declarations to an already withdrawn document does not appear correct nor proper especially, when plaintiffs have abused such awards to trump up enormous fees and costs not at all in conformity with efficient use of time and costs, or are reasonable or even fees which they customarily have been awarded in other actions. Sanctions should be used to discourage conduct, and encourage parties to withdraw pleadings, sanctions and award of attorneys fees should not inordinately reward the opposing party.

### ARGUMENT for Reconsideration and Case Law from the Tenth Circuit

"The requirements of the rule is straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion" *SEE Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(c)(2)*. Compliance with the "21-day safe harbor" rule is a condition precedent to sanctions. *RMC Publ'ns, Inc. v. Doe, No. 3:07-cv-3170-JFA, 2008 WL 11472127, at *3 (D.S.C. Feb. 5, 2008) (citing Brickwood Contractors, Inc. v. Datanet Eng., Inc., 369 F.3d 385, 393 (4th Cir. 2004))*

The Documents at question regarding the lawfully warned, Clerk Issued, and fully executed subpoena to Donald Hoffman, seeking records which the plaintiffs REFUSE to produce, against the interests of Justice and without justification to withhold in the current litigation. By the issuance of attorneys fees and costs to secure declarations aimed at an already withdrawn document, seemingly violates Rule 11 sanctions and the award of fees and costs is unjust; *Brickwood, 369 F.3d at 389 (emphasis added); see also Hamlin v. TD Bank, No. 1:13-CV-00200-MR-DSC, 2014 WL 3101942,*

*at \*3, n.2 (W.D.N.C. July 4, 2014)* ("The motion for sanctions must be served on the offending party at least twenty-one days before filing and must describe in detail the alleged offending conduct. Therefore, counsel's letter threatening to file a motion for Rule 11 sanctions in the event that the motion to dismiss was granted was not sufficient to trigger the safe harbor provision of *Rule 11(c)(2) McFee v. Carolina Pad, LLC, 3:21-cv-633-GCM (W.D. North Carolina February 15, 2022)*

When a document or other pleading is withdrawn, it becomes a nullity.  The fact that the Article III Courts of these the United States of America have deemed documents which are stricken from the record become what the Courts call a "nullity", Nothing ; no proceeding, 'as though it had not taken place, or which alias absolutely no legal force or effect.' *Salter v. Hilgen, 40 Wis. 363; .Tenness v. Lapeer County Circuit Judge, 42 Mich. 460, 4 N. W. 220; Johnson v. Dines, 61 Md. 122.*

The Courts have found: "The same cannot be said of the represented litigant, for we expect counsel to know the pleading rules of the road without being given personal notice of them by the district court. **Our concern here is with the pro se litigant unschooled in the law**." *See Erickson, 127 S.Ct. at 2200; Andrews, 483 F.3d at 1076-78*

A litigant, even an unrepresented, pro se, litigant has a right to contact persons who have discoverable information and a right to seek subpoenas for discoverable information to the litigation.   Rules of Professional Conduct Rule 3.4(a) states, a lawyer shall NOT:

"(a) unlawfully obstruct another party' s access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;"

 A "motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed." *Martley v. City of Basehor, Kansas, 19-cv-02138-DDC-GEB,* 2022 Relevance at the discovery stage is broad, *[ See Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc., No. 08-212-KHV, 2008 WL 2309011 at \*3 (D. Kan. June 3, 2008)]* and does not mean the information

obtained would necessarily be admitted at trial.  Though the information sought from Hoffman is believed more than relevant but worthy of evidentiary evidence.

Licensed attorneys obstructing accessing evidence, in violation of Rule 3.4(a) of the Professional Rules, do a disservice to the Courts and the public at large, as search for the truth is the goal of the Courts.   The public must have trust in the Courts and believe that the Courts provide a fair balancing of the search for the truth and the administration of justice.  When a party is handicapped, by one side, experienced educated and licensed attorneys being allowed to flout the rules and the other an unrepresented party is being held to the strictest interpretation of the rules the scales of justice no longer are balanced equally.

> Rule 3.4(f), a lawyer shall not; "request a person other than a client to refrain from voluntarily giving relevant information to another party unless: (1) the person is a relative or an employee or other agent of a client; and (2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

The matter before the Court consists of plaintiffs who are represented by a plethora of attorneys against a single defendant, not educated in the law, who is a whistleblower, to an still ongoing manipulation of public financial markets through a novel idea of crypto currencies. "Whistleblowers threaten those with power", " In fact, the pressures against whistleblowing have powerful cultural roots. *Michael A. Simons, Retribution for Rats: Cooperation, Punishment, and Atonement, 56 VAND. L. REV. 1, 26–28 (2003). Id. at 27, 30 n.140." DANIEL P. WESTMAN & NANCY M. MODESITT, WHISTLEBLOWING: THE LAW OF RETALIATION 23 (2d ed. 2004).* Whistleblower protection refers to laws designed to a**ssure that whistleblowers do not suffer specified adverse consequences as a result of their disclosures.** *The "Duty of Fair Dealing": Reynolds-Rexwinkle Oil, Inc. v. Petex, Inc., 2000 WL 282338, Case No. 77,396 (Kansas Supreme Court, March 17,2000)* The supreme court makes it clear that a duty of fair dealing can be breached by something less than "bad faith."

The ACLU says: *"Our court system should be a place where we are all treated equally in the eyes of the law. It should not be a place where the powerful use their abundance of resources to enact revenge on those who see the world through different eyes. What future is there for freedom of speech if we allow those who speak out to be bled dry and turned into an example of what happens when you stand up to speak your mind? SLAPP suits pervert our legal system by turning it into a war of attrition, a place where who is right and who is wrong does not matter nearly as much as who has the most resources."*

Counsel's letter threatening to file a motion for Rule 11 sanctions in the event that the motion to dismiss was granted was not sufficient to trigger the safe harbor provision of Rule 11(c)(2) *McFee v. Carolina Pad, LLC, 3:21-cv-633-GCM (W.D. North Carolina February 15, 2022*

"The requirements of the rule are straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and **sanctions may be sought only if the challenged pleading is not withdrawn or corrected** within twenty-one days after service of the motion" *SEE Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(c)(2).* Compliance with the "21-day safe harbor" rule is a condition precedent to sanctions. *RMC Publ'ns, Inc. v. Doe, No. 3:07-cv-3170-JFA, 2008 WL 11472127, at *3 (D.S.C. Feb. 5, 2008) (citing Brickwood Contractors, Inc. v. Datanet Eng., Inc.,(4th Cir. 2004))*

The Advisory Committee's Notes to the 1993 Amendment to Rule 11, which added the safe harbor provision, discuss the purpose of the amendment.

The rule provides that requests for sanctions must be made as a separate motion, i.e., not simply included as an additional prayer for relief contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion.

Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments **(emphasis added).**

The safe harbor provision was intended to "**protect[ ] litigants from sanctions whenever possible** in order to **mitigate Rule 11's chilling effects**, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court...." *Roth, 466 F.3d at 1192 (10th Cir. 2006) (quoting 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1337.2, at 722 (3d ed.2004))*

Rule 11(c) is intended "'to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention.'" *Hutchinson v Pfeil, 208 F.3d 1180, 1183 (10th Cir. 2000) (citing AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528–29 (10th Cir.1997))*

The Tenth Circuit has rejected the substantial compliance theory which would allow a letter sent to the offending party, rather than service of the actual motion for sanctions, to constitute substantial compliance with *Rule 11(c)(2). Roth, at 1193.*

"[T]he 'safe-harbor' provision of Rule 11(c)(2) **requires a party to serve a copy of its Rule 11 motion on the other party** and to give that party an opportunity (generally 21 days) to withdraw or correct the challenged document before filing the sanctions motion with the court." *Mellott v MSN 4 Communications Inc., 492 Fed. Appx. 887, 888 (2012) (emphasis added); see also Peoples v Wichita State University, No. 18-1010-**JWB**, 2019 WL 1332313, at *3 (D. Kan. Mar. 25, 2019)* ("A motion for sanctions under Rule 11 'must describe the specific conduct that allegedly violates Rule 11(b)' **and must be served on the opposing party before it is filed,** thus giving the opposing party an opportunity to correct the issue.")

This District of the US District of Kansas has found "failure to comply with these procedural requirements precludes an award of Rule 11 sanctions… ." *Palmer v Shawnee Mission Medical*

*Center, Inc., No. 16-2750-DDC, 2017 WL 5629624, at \*2 (D. Kan. Nov. 21, 2017) (quoting Berg v.*

*Frobish, No. 12-1123-KHV, 2015 WL 8966960, at \*1 (D. Kan. Dec. 15, 2015))*

"The Tenth Circuit has found courts to have abused their discretion where they granted Rule

11 sanctions to a party who did not comply with the safe harbor provision." *Mellott, 492 Fed. Appx.*

*at 888 (2012) and Roth, 466 F.3d at 1193.* Stated also in Order of this Court in Document: 112

"Based on the law of the Tenth Circuit and the purpose of Rule 11, the Court cannot waive the

required service of a motion for sanctions allowing Defendant to withdraw or correct any

challenged pleadings.**"** See Document 112, of this captioned matter. "Pursuant to Rule 11,

Fed.R.Civ.P. and D. Kan. Rule 11.1(a)(2), a Waiver of the 21-day Waiting Period Referred to in

Rule 11(c)(2), Federal Rules of Civil Procedure, cannot be waived, by the District Court as per the

precedents in the Tenth Circuit. See Doc. 112, Order of this Court: 5:22-cv-04008-JWB-GEB

### CONCLUSION:

WHEREFORE, defendant Michael Nelson, appearing pro se out of necessity, without the

legal education nor expertise as the plethora of attorneys opposing, respectfully pursuant to D. Kan.

Rule 7.3(b)(3), and prevailing case precedent within the Tenth Circuit as stated above hereby Prays

for Relief and reconsideration of the Magistrate Judge Report in document 360 as fellows:

1. That document 261, NOT be withdrawn

2. That the Court at least review materials sought from Atty. Hoffman; the deposition of Koehn

   'in camera' and review of the 'settlement' agreements held by Hoffman prior to issuance of

   a protective order ex parte on motion from a party other than the discovery is sought.

3. That the Court not *"grants Plaintiffs' requests for their attorney's fees in preparing the*

   *motion to quash their reply, and in obtaining the referenced Declarations."*

In the alternative if the Magistrate Report is to award attorneys fees in preparing the motion to

quash issued to a third party, given the prevailing case precedents, rules and Tenth Circuit Court of

Appeals rulings, that any such award be limited to a fixed sum not greater than $1,000 to deter whatever conduct the Court seeks to punish. The fact that opposing attorneys have previously abused such awards seeking inordinate fees consisting of redundant billing and exorbitant billable hours not in line with those billable hours they have previously been awarded. AND because opposing attorneys in this matter are not void of fault in unethical conduct in the proceedings, for which they have papered this litigation as can be readily seen just this past week. "The Tenth Circuit has found courts to have abused their discretion where they granted … sanctions to a party who did not comply with the safe harbor provision." *Mellott, 492 Fed. Appx. at 888 (2012) and Roth, 466 F.3d at 1193.*

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

Respectfully Submitted, this 27th day of Jan 2023

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone: 702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;