1

## UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) <u>and</u> **CHAD M. KOEHN**<br><br>　　　　　Plaintiffs, counter-defendants<br><br>　v.<br>Michael Nelson<br><br>　　　　　Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.:**　　**5:22-CV-04008-JWB-TJJ**<br>**CIVIL ACTION**<br><br>**Motion to KEEP Confidential Information**<br><br>**Under Seal per Local Rule 5.4.2**<br><br>[Jury Trial Demanded] |

### Motion to KEEP Confidential Information Under Seal per Local Rule 5.4.2

　　COMES NOW, Michael Nelson, pro se, out of necessity and files this Motion t<u>o Keep Confidential Information which is subject of the Protective Order in this matter to remain underseal.</u>

　　Plaintiffs filed some motion in document number 380, with four (4) exhibits, and no identifiable index of exhibits per Local Rules on the docket.  <u>The motion is titled</u>:

> *PROVISIONALLY SEALED MOTION - Type of relief being requested: Order to Show Cause. by Counter Defendants Chad M. Koehn, United Capital Management of Kansas, Inc., Plaintiffs Chad M. Koehn, United Capital Management of Kansas, Inc. (referred to Magistrate Judge Teresa J. James) (Attachments: # 1 Exhibit List Index to Exhibits, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C)(Kellogg, Christopher) (Entered: 01/25/2023)*

　　Plaintiffs filed document 382, which states it is in reference to document 380, and its exhibits noted herein above.  In their filing of Document 382, Plaintiffs state the document in 380 is being filed "Provisionally Sealed Motion".

　　<u>Plaintiffs have not provided me a copy of the filing made to the Court.</u>, violating my constitutionally protected rights to have copies of documents which are filed in this matter.  I have requested copies of the filings, plaintiffs refuse to respond to emails, as they were also copied on emails sent to Magistrate Judge James, I have also been consistent with the rules reached out via phone and have left messages, all to no avail with any response from opposing counsel.

It is unclear if provisionally under seal documents are allowed to be filed against an unrepresented party, appearing pro se.  Due process rights dictate that opposing parties **EVEN an unrepresented opposing party, must have copies of what is filed to the Court,** <u>to do otherwise violates fundamental constitutional rights to due process.</u>

<u>Order of this Court in Document 334, signed by Judge Broomes stated:</u>

"The court orders Defendant to complete the Pro Se Electronic Notice form, https://ksd.uscourts.gov/sites/ksd/files/FINALRevisedProSeNEF-form.pdf. Defendant is ordered to follow the instructions on the form, which include filling out certain information, affixing his own wet signature to the form, and sending the form either by email, fax, or mail to the appropriate location specified on the form."

"This will allow him to receive electronic notification of all filings in this matter so that Plaintiffs will not be required to mail Defendant copies of the filings. This will not require Defendant to electronically file his own documents and will allow him to continue emailing his filings to the clerk's office for filing. Defendant is ordered to complete the Pro Se Electronic Notice form and send it in by email, fax, or mail so that he is able to receive electronic notices of filing by December 20, 2022. Effective December 21, 2022, Plaintiffs may rely on CM/ECF notifications of filing for effectuating service of papers on Defendant as described in Federal Rule of Civil Procedure 5."

<u>In the conclusion of Order Doc. 334, it stated:</u>

"Defendant is ordered to submit his completed Pro Se Electronic Notice form so that he is receiving electronic notifications of filing from the CM/ECF system by December 20, 2022"

**Defendant timely and in accordance with the Orders of the Court registered to receive ECF notifications of documents filed in this matter.**

While it is unclear if the provisionally filed under seal documents can be filed without being provided to an unrepresented litigant.  Because plaintiffs have stated the documents"

"Plaintiffs, Plaintiffs/Counter-Defendants, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herewith file and supply their Notice of Proposed Sealed Records, pursuant D. Kan. Rule 5.4.2. On January 25, 2023, undersigned counsel for the Plaintiffs filed, under provisional seal, A Motion for Order to

Show Cause pursuant to D. Kan. Rule 5.4.2. That filing can be found at Doc. 380. **Plaintiffs seek to have the above-referenced document sealed in order to protect the confidential health information of the Defendant in this matter, pursuant to the protective order previously entered herein. Any person or persons seeking to ensure the information in the above-referenced document remains confidential should following the procedure set forth in D. Kan. Rule 5.4.2(c).**"

Melinda Barnes of the Deputy Clerks Officer of the US District of Kansas wrote in an email response to one such message left for the Court:

Please be advised as to the Administrate procedures regarding provisionally sealed documents as to pro se filers: These type of documents must be served outside the CM/ECF system. I have included the section from the District Court's Administrative Procedures for your convenience. Please feel free to contact me if you should have any questions. Thank you.

    J. DOCUMENTS TO BE FILED UNDER SEAL

        1. CIVIL CASES a. Provisional Sealed Filings. A party may provisionally file a document that it reasonably believes may contain confidential information under seal. The document should be filed using the appropriate event bearing the PROVISIONALLY SEALED label. Documents filed using a provisionally sealed event will be restricted from public access on the docket but will be available to court users and all counsel of record in the case who have not been terminated. **Pro se filers will not have electronic access to sealed documents due to limitations of the System and must be served outside of the System.**

M. Barnes  
Frank Carlson Federal Building and United States Courthouse  
444 Southeast Quincy Street  
Topeka, KS 66683

Because it can take up to 10 days and in many cases longer to receive US Postal Mail, the time frame to respond to keep the documents sealed will have passed by the time I receive such documents. The opposing party could have sent such documents via email, or could return phone calls and emails placed to them regarding the delivery of the documents they have filed.

WHEREFORE, in the <u>interests of protection of confidential information</u> and in accordance with the established protective order in this matter, as entered by the, then presiding US Federal Magistrate Judge Birzer, prior to her forceful recusal, with the addition of the son of Samantha P. Angell, the Chambers Counsel of US Federal Magistrate Judge Birzer, to a list of material witnesses with knowledge and information likely to be a witness in this above herein captioned matter.  Judge Birzer entered a Protective Order governing certain information to be disclosed between the parties involved in this litigation above herein captioned.  It is unclear if that protective order is still in force and effect, because of the recusal of US Federal Magistrate Judge Birzer.  What is clear is that the plaintiffs have disclosed information in "provisionally sealed" documents, which are not provided to the unrepresented, undersigned appearing pro se.

IT IS FURTHER CLEAR that the plaintiffs have stated:   "**Plaintiffs seek to have the above-referenced document sealed <u>in order to protect the confidential health information</u> of the Defendant in this matter, pursuant to the protective order previously entered herein. Any person or persons seeking to ensure the information in the above-referenced document remains confidential should following the procedure set forth in D. Kan. Rule 5.4.2(c).**"

BECAUSE plaintiffs have stated that the documents and/or exhibits contain "CONFIDENTIAL HEALTH INFORMATION" and because there was a protective order entered into this case, though the Magistrate Judge who entered that order has since recused hereself.

It is under an abundance of caution and to protect my person from the disclosure in the public record of CONFIDENTIAL MEDICAL INFORMATION, that I seek to have the document referenced herein above as document 380 together with all of its exhibits, ORDERED to Remain SEALED.  I further request I be provided copies of this document and its exhibits and be afforded the opportunity to examine the document and reply more formally.  I have emailed and phoned the Court and I have emailed the opposing party as well.

Pursuant with the Local Rules: "a clearly defined and serious injury that would result in the absence of restricting public access"

The clearly defined and serious injury that will result is it is stated by the plaintiffs they have disclosed by CONFIDENTIAL MEDICAL INFORMATION, such information and any other statements or comments related thereto are covered under US Federal Law to avoid misuse of confidentiality protected information by third parties.

Absent the information remaining under seal no other party to a litigation in the US District of Kansas or the Tenth Circuit will feel safe disclosing information meant to be protected under a protective order and will in fact make the use of protective orders no longer of any consequence to parties to litigation.

Irreparable harm will result from disclosure of confidential medical information in violation of both State and Federal Law.  My medical information should be kept private and should not be made available upon the public record for any reason.

I further PRAY and respectfully BEG the court to provide me copies of the documents which the plaintiffs have made under "provisionally sealed" documents containing my confidential medical information.

I believe this Motion is unopposed because the plaintiffs have requested the information to be made provisionally under seal, therefore since they authored the information they know the information is subject of the existing protective order in this matter.   It therefore can be reasonably stated they would not oppose the Motion as now made herein to keep my personal medical information and any comments concerning it under seal consistent with the protective order, HIPPA, and all other State and Federal Laws governing the privacy of medical information.  Which if made public would have dire, life long irreparable harm and injury to me and my family.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

Respectfully Submitted, this 27th day of Jan 2023

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com  Phone: 702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;