**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) **and CHAD M. KOEHN**<br><br>Plaintiffs, counter-defendants<br><br>v.<br><br>Michael Nelson<br><br>Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.:    5:22-CV-04008-JWB-TJJ**<br><br>**CIVIL ACTION**<br><br>**Motion to KEEP Confidential Information**<br><br>**Under Seal per Local Rule 5.4.2**<br><br>**For Document 383**<br><br>**[Jury Trial Demanded]** |

### Motion to KEEP Confidential Information Under Seal per Local Rule 5.4.2

COMES NOW, Michael Nelson, pro se, out of necessity and files this Motion to Keep Confidential Information which is subject of the Protective Order in this matter to remain underseal.

Plaintiffs filed some motion in document number 383, with exhibits.  The motion is titled:

*PROVISIONALLY SEALED MOTION - Type of relief being requested: Order Granting Rule 35, Examination of Defendant. by Counter Defendants Chad M. Koehn, United Capital Management of Kansas, Inc., Plaintiffs Chad M. Koehn, United Capital Management of Kansas, Inc. (referred to Magistrate Judge Teresa J. James) (Attachments: # 1 Exhibit List Index to Exhibits, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C)(Kellogg, Christopher) (Entered: 01/25/2023)*

Plaintiffs filed document 384, which states it is in reference to document 383, and its exhibits noted herein above.  In their filing of Document 384, Plaintiffs state the documents in 383 is being filed "Provisionally Sealed Motion".

Plaintiffs have not provided me a copy of the filing made to the Court,, violating my constitutionally protected rights to have copies of documents which are filed in this matter.  I have requested copies of the filings, plaintiffs refuse to respond to emails, as they were also copied on emails sent to Magistrate Judge James, I have also been consistent with the rules reached out via phone and have left messages, all to no avail with any response from opposing counsel.  I have even called again and left voicemail message for the managing partner of the firm because I am not

getting returned emails or phone calls from opposing counsel.  I should be given copies of documents filed under seal in this matter, ESPECIALLY when those documents are stated as containing my personal medical information and subject of the protective order in the case.

It is unclear if provisionally under seal documents are allowed to be filed against an unrepresented party, appearing pro se.  Due process rights dictate that opposing parties **EVEN an unrepresented opposing party, must have copies of what is filed to the Court,** to do otherwise violates fundamental constitutional rights to due process.

Order of this Court in Document 334, signed by Judge Broomes stated:

"The court orders Defendant to complete the Pro Se Electronic Notice form, https://ksd.uscourts.gov/sites/ksd/files/FINALRevisedProSeNEF-form.pdf. Defendant is ordered to follow the instructions on the form, which include filling out certain information, affixing his own wet signature to the form, and sending the form either by email, fax, or mail to the appropriate location specified on the form."

"This will allow him to receive electronic notification of all filings in this matter so that Plaintiffs will not be required to mail Defendant copies of the filings. This will not require Defendant to electronically file his own documents and will allow him to continue emailing his filings to the clerk's office for filing. Defendant is ordered to complete the Pro Se Electronic Notice form and send it in by email, fax, or mail so that he is able to receive electronic notices of filing by December 20, 2022. Effective December 21, 2022, Plaintiffs may rely on CM/ECF notifications of filing for effectuating service of papers on Defendant as described in Federal Rule of Civil Procedure 5."

In the conclusion of Order Doc. 334, it stated:

"Defendant is ordered to submit his completed Pro Se Electronic Notice form so that he is receiving electronic notifications of filing from the CM/ECF system by December 20, 2022"

**Defendant timely and in accordance with the Orders of the Court registered to receive ECF notifications of documents filed in this matter.**

While it is unclear if the provisionally filed under seal documents can be filed without being provided to an unrepresented litigant.  Because plaintiffs have stated the documents"

"**Plaintiffs seek to have the above-referenced document sealed in order to protect the confidential health information of the Defendant in this matter, pursuant to the protective order previously entered herein. Any person or persons seeking to ensure the information in the above-referenced document remains confidential should following the procedure set forth in D. Kan. Rule 5.4.2(c).**"

<u>Melinda Barnes of the Deputy Clerks Officer of the US District of Kansas wrote in an email</u>

<u>response to one such message left for the Court:</u>

Please be advised as to the Administrate procedures regarding provisionally sealed documents as to pro se filers: These type of documents  must be served outside the CM/ECF system. I have included the section from the District Court's Administrative Procedures for your convenience. Please feel free to contact me if you should have any questions. Thank you.

J. DOCUMENTS TO BE FILED UNDER SEAL

1. CIVIL CASES a. Provisional Sealed Filings. A party may provisionally file a document that it reasonably believes may contain confidential information under seal. The document should be filed using the appropriate event bearing the PROVISIONALLY SEALED label. Documents filed using a provisionally sealed event will be restricted from public access on the docket but will be available to court users and all counsel of record in the case who have not been terminated. **Pro se filers will not have electronic access to sealed documents due to limitations of the System and must be served outside of the System.**

M. Barnes
Frank Carlson Federal Building and United States Courthouse
444 Southeast Quincy Street
Topeka, KS 66683

Because it can take up to 10 days and in many cases longer to receive US Postal Mail, the time

frame to respond to keep the documents sealed will have passed by the time I receive such

documents.  The opposing party could have sent such documents via email, **or could return phone**

**calls and emails placed to them,** regarding the delivery of the documents they have filed.  Doing

so would be considered professional and would be consistent with meet and confer prior to

necessitating such filings BEGGING for copies of what they are filing to the Court.

WHEREFORE, in the interests of protection of confidential information and in accordance with the established protective order in this matter, as entered by the, then presiding US Federal Magistrate Judge Birzer, prior to her forceful recusal, with the addition of the son of Samantha P. Angell, the Chambers Counsel of US Federal Magistrate Judge Birzer, to a list of material witnesses with knowledge and information likely to be a witness in this above herein captioned matter.  It is unclear to me a layman whether or not Judge Birzer's protective order remains in full force and effect, however, plaintiffs do reference the protective order in their filings to file documents provisionally under seal.

IT IS FURTHER CLEAR that the plaintiffs have stated:   "**Plaintiffs seek to have the above-referenced document sealed in order to protect the confidential health information of the Defendant in this matter, pursuant to the protective order previously entered herein. Any person or persons seeking to ensure the information in the above-referenced document remains confidential should following the procedure set forth in D. Kan. Rule 5.4.2(c).**"

BECAUSE plaintiffs have stated that the documents and/or exhibits contain "CONFIDENTIAL HEALTH INFORMATION" and because there was a protective order entered into this case, though the Magistrate Judge who entered that order has since recused herself.

It is under an abundance of caution and to protect my person from the disclosure in the public record of CONFIDENTIAL MEDICAL INFORMATION.

I seek to have the document referenced herein above as document 383 together with all of its exhibits, ORDERED to Remain SEALED.  I further request I be provided copies of this document and its exhibits and be afforded the opportunity to examine the document and reply more formally. I have emailed and phoned the Court and I have emailed and phoned the opposing party as well.

Pursuant with the Local Rules: "a clearly defined and serious injury that would result in the absence of restricting public access"

The clearly defined and serious injury that will result is it is stated by the plaintiffs they have disclosed by CONFIDENTIAL MEDICAL INFORMATION, such information and any other statements or comments related thereto are covered under US Federal Law to avoid misuse of confidentiality protected information by third parties.   The confidential medical information is such that the plaintiffs have provided it to the court provisionally under seal and therefore I am to assume it contains personal and confidential information which should remain private.

Absent the information remaining under seal no other party to a litigation in the US District of Kansas or the Tenth Circuit will feel safe disclosing information meant to be protected under a protective order and will in fact make the use of protective orders no longer of any consequence to parties to litigation.

Irreparable harm will result from disclosure of confidential medical information in violation of both State and Federal Law.  My medical information should be kept private and should not be made available upon the public record for any reason.

I further PRAY and respectfully BEG the court to provide me copies of the documents which the plaintiffs have made under "provisionally sealed" documents containing my confidential medical information.  I further pray the Court will maintain my medical information and any comments regarding it under seal and not to be disclosed in the public record.

I believe this Motion is unopposed because the plaintiffs have requested the information to be made provisionally under seal, therefore since they authored the information they know the information is subject of the existing protective order in this matter.   It therefore can be reasonably stated they would not oppose the Motion as now made herein to keep my personal medical information and any comments concerning it under seal consistent with the protective order, HIPA,

and all other State and Federal Laws governing the privacy of medical information.  Which if made

public would have dire, life long irreparable harm and injury to me and my family.   Necessitating

many continuing litigations as the information which is being disclosed by the plaintiffs even they

know is confidential medical information and subject of a protective order in this matter, as such

this information should not be made publicly available and therefore should remain under seal.

       A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct.*

*285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All

<u>pleadings shall be so construed as to do substantial justice</u>"). In the interests of substantial justice

and to prevent manifest injustice the Courts generally review "filings generously and with the

leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

<u>Respectfully Submitted, this 27th day of Jan 2023</u>

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone:  702-932-3434

**Certificate of Service:**
    The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk
of the Court via electronic-mail:  **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov>
which will send notice of its filing electronically to the attorneys of record, as per the local rules and
FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above
herein captured matter, per Local Rule 77.1;