## UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) <u>and</u> **CHAD M. KOEHN**<br><br>Plaintiffs, counter-defendants<br>v.<br>Michael Nelson<br><br>Defendant; Counter-Plaintiff PRO-Se. | <mark>**DOCKET NO.:** **5:22-CV-04008-JWB-TJJ**</mark><br>**CIVIL ACTION**<br><br>**<u>Objection to the Public Delivery Method of Discovery in this matter as made by Plaintiffs In Document 389 entered by Larry Michel</u>**<br><br>**[Jury Trial Demanded]** |

**<u>Objection to the Public Delivery Method of Discovery in this matter as made by Plaintiffs In Document 389 entered by Larry Michel</u>**

COMES NOW, Michael Nelson, pro se, out of necessity and files this Objection to the publicly delivery method of discovery in this matter, and inability to self retrieve the discovery purportedly being made publicly while promoting the website LegalSoftware.net which appears to be promoting a Schedule I Drug covered under the 1970 Substance Control Act.

<u>MOST IMPORTANTLY I am unable to retrieve the purported discovery being publicly disseminated in the filing made by Larry Michel in document 389.</u>

Plaintiffs have filed document number 389 in response to Motion to Compel production and compliance with prior Court Order, requiring plaintiffs to produce certain documents not later than 18 November 2022.  Now at the 11th hour after filing Motion to Compel compliance with prior order of the Court requiring plaintiffs to furnish certain information on or before 18 November 2022, more than two months later, Larry Michel, appearing for the plaintiffs, has filed a document 389, which makes publicly available a public link to a purported drop-box delivery method which appears to not be protected from public disclosure in any manner whatsoever and promotes the website LegalSoftware.net.

In order not to repeat the mistake of the plaintiffs a screen capture of the portion of Document 389 is included herein, without the active hyperlink.

**PLAINTIFFS RESPONSE TO DEFENDANTS' (SECOND) MOTION TO COMPEL PRODUCTION IN PDF FORMAT [DOC. 363]**

Plaintiffs, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herewith respond to Defendant's January 18, 2023, Motion to Compel Plaintiffs to produce the documents and things previously served on the Defendant, MICHAEL NELSON, via thumb/flash drive. Plaintiffs have uploaded the pdf version of the contents of the thumb/flash drive as well as maintained all audio recordings into a Dropbox accessible to the Defendant at https://www.dropbox.com/t/86Z0KQl67K4UP0sH

Wherefore, Plaintiffs, respectfully pray that the Court will deny Defendant' MICHAEL NELSON's Motion to Compel as moot.

Dated January 26, 2023.

The "dropbox" that plaintiff's provide **is insufficient to retrieve the documents,** as they are either too large, or the limited bandwidth I have for the internet is too slow and times out to retrieve.

Additionally plaintiffs have made this dropbox PUBLIC INFORMATION, in doing so they have enabled other parties not a party to this lawsuit to retrieve this information, which appears to violate many rules of evidence and many rules of discovery.

I am able to get to this page, which I also provide only a screen capture of again to slow the proliferation of the discovery material into the public, the filing made by the plaintiffs making publicly available the discovery in this matter, appears to violate everything I thought was the nature of discovery in this matter or any matter of litigation.

I would respectfully request the US District of Kansas to immediately seal the filing made by the plaintiffs and reprimand them. I am unsure as to what information is contained in the file as I am unable to retrieve the download either due to inadequate internet speeds or some other nefarious

plot line, as it appears the "dropbox" link which is supposedly a third party delivery platform is actually operated from www.LegalSoftware.net which appears to be yet another law firm of Craig Brand this one located either in Manhattan or Lawrence New York.  Again see the screen capture of LegalSoftware.net, which bills itself as the Craig Brand, Esq. Global Hemp Law, clearly depicting a photo of Craig Brand and a New York Address:



      There can be no doubt that this new law firm in New York City, New York, is absolutely Craig Brand as it is the link listed on the supposed dropbox which is provided publicly to supposedly retrieve the documents which the plaintiffs were supposed to deliver not later than 18 November 2022, in accordance with prior Order of this Court.   The about section of this website LegalSoftware.net talks about Craig A. Brand, and certainly appears to be the same Craig Brand appearing in this matter *pro hac vice*.   https://legalsoftware.net/about/

> "Craig Brand, Esq., is Chief Legal and General Counsel of Folium Biosciences and the premier global (HEMP/Cannabis attorney). Specializing in narcotics and complex legal causes of action, Craig Brand has spent a career writing, litigating, protecting and changing the HEMP/Cannabis industry and global legislative landscape."
> https://legalsoftware.net/about/

I am personally further concerned by the fact this website LegalSoftware.net is publicly being advertised through the public purported drop box link provided in the public filing made by the plaintiffs and this website appears to be promoting a schedule I drug?   Perhaps it is meant to promote just "hemp" which appears to have been made legal in several US States and several other states appear to have a procedure by which certain persons can become licensed for the growing of Hemp.  Though the site, even though that of an attorney, also appears based on its language to be promoting Cannabis, as the about us section which is de facto promoted via the public link made in Document 389 as submitted to the Courts public docket in by Kansas licensed attorney Larry Michel.

While I will submit that Craig A. Brand, when not in Costa Rica, claims addresses in Colorado and the US State of Colorado has made cannabis legal, the US State of Kansas has not made the sale of Cannabis (DOPE) for recreational purposes.  Furthermore, regardless of this Court, a US Federal Article III Courts view on cannabis (DOPE) or any other derivative of THC enhanced marijuana, is still classified as a Schedule I Drug under the 1970 Controlled Substances Act.

This is certainly not the first website being promoted through the filings in this case which directly relate to the sale or promotion of the sale of THC involved products, first it was GanjaLaw and now it is LegalSoftware.net  I believe this being an Article III, Federal Court, should not continue to allow the promotion of websites whether legal offices or other which promote the idea of substances which are still classified as illegal under US Federal Law.  Additionally since the filing made in Document 389, was made by a Kansas Lawyer and that Kansas lawyer by law and Local Rule had to be the person that posted the public link to the purported dropbox which I am

unable to access but apparently others are, demonstrates clearly where someone is not adhering to the generally accepted principles in litigation and is looking to skirt both Federal Law under the 1970 Controlled Substances Act and (Kan. Stat. Ann. §§ 21-5706(b) and (c), 21-6602, 21-6611 (2019).)

      **WHEREFORE** I respectfully Pray this Honorable US Federal District Court for the District of Kansas will immediately seal the filing made by Larry Michel in document 389, to prevent further proliferation of discovery materials to the general public.   AND ACTUALLY PROVIDE THOSE MATERIALS TO THE UNDERSIGNED WHO IS THE OPPOSING PARTY IN NEED OF THESE DISCOVERY MATERIALS.   The plaintiffs were previously ORDERED to provide these materials MORE than TWO months ago, on or before 18 November 2022.

      <u>I FURTHER Request BEG and PRAY this Court</u> will <u>order the plaintiffs to arrange for delivery of these discovery materials via mass storage device as they have delivered in the past</u> which they were ordered to deliver not later than 18 November 2022, more than two months ago, via alternative means of mass storage device as they have in the past as we have exchanged files in this matter consistent with those prior Orders of the Court.

      I further believe that this US District Federal Court, an Article III, Constitutional Court should not further allow the promotion of substances in violation of Federal Law nor in violation of the forum State of Kansas.  And for the Court to take all other such relief as it deems just and necessary to prevent further purposeful dissemination of discovery materials to the general public whilst denying the opposing party the ability to retrieve these materials.  AND for the US District of Kansas to provide the appropriate level of sanctions or other assessment against opposing counsel for the purposeful promotion of the website it has through the use of this so called public dropbox dissemination of discovery documents in this matter.

Legal filing conclusion with signature and certificate of service.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

Respectfully Submitted, this 27th day of Jan 2023

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone: 702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;