**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) <u>and</u> **CHAD M. KOEHN**<br><br>         Plaintiffs, counter-defendants<br>    v.<br>Michael Nelson<br><br>    Defendant; PRO-Se. | **DOCKET NO.:    5:22-CV-04008-JWB-TJJ**<br><u>CIVIL ACTION</u><br><br><u>Expedited Response to</u><br><u>Order to Show Cause</u><br><u>Having been provided less than 72 hours</u><br><u>to respond</u><br><br>**[Jury Trial Demanded]** |

<u>**Expedited Response to Order to Show Cause**</u>

COMES NOW, Michael Nelson, pro se, who files Memorandum in Opposition to plaintiff's motion to show cause; and so states and alleges to this Honorable Court, that due to time constraints with the pending parallel trial, for which numerous and multiple PLEAS to the Court have been entered and even an interlocutory appeal is pending, regarding a STAY of this matter until the conclusion of the parallel hereto proceedings, I submit to the Court as follows:

1. Plaintiffs have engaged in a "scorched earth" litigation, see transcript of the 14 December 2022, hearing in which Judge Broomes used the phrase <u>scorched earth, describing what the plaintiffs have been engaged in.</u>

2. I have replied to each and every request, asked of me, conversely the plaintiffs refuse to provide documents or answers to interrogatories.

3. I have provided answers to the best of my ability and memory as stated.

4. Plaintiffs continue to use questionable averments which do not represent the facts, in doing so, KOEHN/UCMK are in effect being far less than acting with candor towards the Court.

5. The attorneys representing the plaintiffs present documents without author for no other reason than to circumvent the page limitations on filings.

6. I have replied to and sent answers to the interrogatories to the best of my ability in turn plaintiffs have absolutely right REFUSED to answer nor provide any response to my inquiries and have done so intentionally and purposefully.

7. Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2. Rule 37(a)(1) provides that any motion to compel disclosures or discovery **"must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 26(c)**

8. **Plaintiffs have NOT conferred in GOOD FAITH as required by LAW and RULE, the facts demonstrate this clearly before this Court, the District Court, the Tenth Circuit Court of Appeals and the USSC.**

9. In a similar vein, D. Kan. Rule 37.2 provides that the Court will not entertain any motion to resolve a discovery dispute pursuant to Federal Rule of Civil Procedure 37 unless the movant has made a "reasonable effort to confer" with the opposing party, D. Kan. Rule 37.2; states that the certification required by Federal Rule of Civil Procedure 37 **"shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."** D. Kan. Rule 37.2 states that a *"reasonable effort to confer"* requires the parties to **"converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."**

10. Reasonable efforts to confer have NEVER been made by the plaintiffs in their "scorched earth" litigation tactics.

11. I have always been amenable to phone conversations, I have responded to EVERY email of the plaintiffs within less than 24 hours!

12. CONVERSELY plaintiffs have at numerous times refused any response to my PLEAS to communicate, via email or phone.

13. Plaintiffs attorneys have outright REFUSED my phone calls.

14. Plaintiffs attorneys have REFUSED to respond to voicemails left for them.

15. Plaintiffs attorneys are engage in a "SCORCHED EARTH" litigation, to purposefully and maliciously not deliberate, confer nor meet at anytime.

**First barebones,** the opposing counsel has papered this case with numerous filings over the past week (third week of January) with many neither authorized or relevant motions and filings.

SECOND, the plaintiffs do not describe in their motion nor even in their certification, with any specificity or at all any steps that they took to confer with the defendant regarding the matter at issue. The rules and law requires MORE than formulaic conferral, in fact ORDERS of this Court requires the parties to MEET and CONFER, and specifically calls upon the parties to confer by more than mere email.

The FACT opposing counsel sends an email less than 24 hours before a filing and the email is answered LESS THAN 24 hours after it is sent, demonstrates clearly where the plaintiffs attorneys are engaged in a "SCORCHED EARTH" litigation to use the term/phrase used by the Honorable United States District Judge John W. Broomes, in regards to the plaintiffs "scorched earth" litigation tactics. A phrase often used to describe the sort of law conducted by the man the Florida Department of Law Enforcement describers as the "partner in deception" Craig Brand.

In sum, there is nothing in the record indicating that the parties have conversed, conferred, compared views, or deliberated about the issues set forth in plaintiff's Motion. The Court should find the plaintiffs have failed to satisfy the conference requirements, and thus decline to rule on the

Motion to Show Cause, for the plaintiffs attorneys total lack of decorum and following of the prior ORDERS of this Court to MEET and CONFER in GOOD FAITH.

Not surprisingly on Monday 23 Jan. 2023, Chris Kellogg representing the plaintiffs made their <u>ONE and ONLY attempt at conferral</u>, via an email message, **in RESPONSE to an email sent by the undersigned** nearly a week earlier.

### **This "SCORCHED EARTH" litigation is a hallmark of Craig Alan Brand.**

The Plaintiff's UNITED CAPITAL MANAGEMENT OF KANSAS INC. and CHAD MITCHELL KOEHN are purposefully playing games with this US FEDERAL Court, this Court is a UNITED STATES CONSTITUTIONAL ARTICLE III COURT.  The games being played by opposing counsel are not just out of line, **they are down right absolutely illegal!**

<u>The undersigned has been provided less than 72 hours to respond to a SHOW CAUSE,</u> regarding responses lawfully and legally made to the best of ability at the time and with the limited resources available from one's own mind.

WHILE BEING REQUIRED to respond to numerous other filings made by a quarter dozen different attorneys and their support staff.  This is the VERY definition of **MALICIOUS prosecution.**   The plaintiffs cannot ever demonstrate a justifiable cause of action and have instead devolved into a purposeful and intentional SCORCHED EARTH SLAPP litigation to silence the defendant and any other disgruntled investor to their series of CRYPTO CURRNENCY (BITCOIN) investment schemes.

The abuse present in this case is an<u> abuse of process of both civil and criminal procedure</u> for an intended malicious and perverse reason.  **It is the malicious and deliberate misuse of regularly issued civil AND Criminal court processes** that is not justified by the underlying legal action as it is here with this "SCORCHED EARTH" process which the plaintiffs CHAD MITCHELL KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS INC. are engaged through their plethora

of Criminal Defense Attorneys seeking to not only silence the defendant but lay the groundwork as an example of what their VICTIMS will face if they dare speak out regarding Koehn's schemes.

What is occurring here is a Civil Litigation now in a United States Federal Court, sanctioned under ARTICLE III, of the US Constitution is an abuse and misuse of the Courts, by a currently SANCTIONED and SUSPENDED, FORMER stock broker, to harass via invidious harassment a United States Federal Whistleblower to a series of investment schemes which have seen the life savings of US Citizens vanish due to CryptoCurrency Ponzi schemes, and has seen the SUICIDES of Investors domestically and across the globe.

Chris Kellogg's reply to the undersigned request more than half a week earlier in the previous week, was sent and received at 1533 hours on 23 Jan 2023, in which Kellogg stated:

*"Additionally, before we file our motion to compel regarding our second set of interrogatories, first, requests for production and first requests for admission, I wanted to give you a final opportunity to comply with our requests. If you will not or cannot, we will have no choice but to file our motion to compel on those matters by the Court's deadline of January 25, 2023."*

THIS IS NOT THE MEANING OF MEET AND CONFER, this is absolute violations to the Federal Rules of Civil Procedure, and the Pillars of Professionalism as well as quite possibly illegal under the Rules of the Federal Courts.  Sending an email the end of business the day before a filing is the definition of "SCORCHED EARTH" litigation tactics.  This horrific misuse and abuse of the Legal System, MUST BE MET with the MOST STERN and serious SANCTIONS against the attorneys and plaintiffs.  The Plaintiffs have made this litigation an absolute MESS, and have done so purposefully, maliciously and intentionally.

LESS THAN 24 HOURS after the email from Kellog, the undersigned, unrepresented, appearing pro se out of necessity immediately responded, in far less than 24 hours.  **Despite all the heroic efforts in immediate responses to the plaintiff's sporadic communication**, the plaintiffs went ahead and filed the UNAUTHORIZED motion identified in the docket as Document

375.   IN the less than 24 hour response the undersigned invited conversation regarding the issues, pointed out with link that the proposed motion to compel is not authorized by the enhanced scheduling order in Document 360, and stated to wit:

> "I am curious as to what you are referring when you state:  "second set of interrogatories, first, requests for production and first requests for admission", as I have received only one set of interrogatories from you which I note you are permitted to seek a motion to show cause regarding certain aspects to those, and I have your requests for production as you also have mine." Nelson *email.*

**The undersigned also state clearly:**

> "I am quite disappointed you are not willing to engage productively as we are required to by the Courts Orders.   In examination of Doc. 360 and the enhanced scheduling order I do not see where you are permitted to file a motion to compel." *Nelson email response.*
> https://ia902500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.360.0.pdf

**The cost of engaging in burdensome discovery can be so great that litigants might forgo pursuing a claim in federal court**, *See Joseph, supra note 109, at 62.*  **The PRECISE mission and objective of the plethora of attorneys representing the plaintiffs** who as the Court is now aware faces regulatory actions and **is currently SUSPENDED as a stock broker**, with dozens of securities attorneys seeking victims.

The pursuit of obstructionist discovery achieves their purposes, as with most SLAPP suits **designed not only to wear down the defendant** but to serve as a warning to all others similarly situated persons or entities to simply abandon their claims, their investments and not pursue litigation.  **The fear of becoming embroiled in such scorched earth litigation practices as are evident in this matter, being pursued by the plaintiff's, pushes victims to forgo litigation and/or complaints to regulators altogether, abandoning their claims.**

**CONCLUSION:**

Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2. Rule 37(a)(1) provides that any motion to compel disclosures or discovery (including a show cause motion) "must include a certification that the movant has in good faith conferred or attempted to confer with the person or

party failing to make disclosure or discovery <u>in an effort to obtain it without court action.</u>" Fed. R. Civ. P. 26(c).   I submit that sending an email less than 24 hours before a filing is NOT what is intended by the LAW or RULES.  The plaintiffs are engaged in SCORCHED EARTH litigation and refuse responses to emails and refuse to return phone calls or voicemail messages left for them personally or even their managing partner of their firm JIMMY ANGELL, the presumed father of Spencer Angell, who was added to the plaintiffs list of material witnesses, in order to force the recusal of US Federal Magistrate Judge Birzer, because JIMMY ANGELL is the believed former spouse of Samantha Parks Angell the Chambers Counsel for US Federal Magistrate Judge Birzer.

<u>WHEREFORE, the undersigned PRO SE, unrepresented, and unschooled in law</u>, requests respectfully and **BEGS** of the assistance of the Honorable United States Federal Court, in BOTH issuing strong SANCTIONS against the plaintiffs and instructions for the plaintiffs to PROVIDE Copies of what they file with the Court to the opposing party who is unrepresented.  What is being done here violates all fundamental rights to due process of law.

The Motion for Show Cause, is improper and concerns issues which are neither currently at issue in the case and is being done to invidious harass the opposing party, who is unrepresented and pro se out of necessity in part due to the investment and securities fraud perpetrated by the plaintiffs.

I request at least three (3) weeks advance notice to travel to the US FEDERAL COURT for the US DISTRICT OF KANSAS, to attend IN PERSON, hearing on these matters.

I request that the US DISTRICT OF KANSAS consider any matter regarding my incarceration and eventual MURDER at the behest of the plaintiff CHAD MITCHELL KOEHN be forewarned at least three (3) weeks prior to an in person hearing to hear oral arguments regarding the issues stated, in the plaintiffs "show cause" motion.

I request pursuant with my RIGHTS as a **UNITED STATES NATIVE BORN CITIZEN that I be appointed the assistance of COUNSEL** for any potential incarceration based upon the erroneous statements of plaintiffs, seeking an order to show cause regarding materials no longer at issue in the litigation.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

Respectfully Submitted, this 29th day of Jan 2023

*[signature]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com  Phone:  702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail:  **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature]*