**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) <u>and</u> **CHAD M. KOEHN**<br><br>Plaintiffs, counter-defendants<br><br>v.<br><br>Michael Nelson<br><br>Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.:   5:22-CV-04008-JWB-TJJ**<br>**CIVIL ACTION**<br><br>**Motion and Memorandum in OPPOSITION to**<br><br>**taking a Rule 35 Exam of defendant**<br><br>[Jury Trial Demanded] |

## Motion and Memorandum in OPPOSITION to taking a

## Rule 35 Exam of defendant

COMES NOW, Michael Nelson, pro se, out of necessity and files Motion and Memorandum AGAINST being forced to undergo unnecessary, superfluous and certainly prejudicial Rule 35 exam. Being improperly pursued by plaintiffs as another form of invidious harassment of the single pro se, defendant.   The conduct of plaintiffs counsel suggesting a Rule 35 exam of the pro se, defendant, is an **inherently prejudicial** tactical "SCORCHED EARTH" maneuver in order to unfairly bias the Court and to cause public nuisance and certain public distrust of engaging in litigation.   There is no issue within the pleadings as of this date to allow for such an invasive exam.

Not unlike this entire SCORCHED EARTH, Strategic Lawsuit Against Public Participation (SLAPP) complaint initially filed, and throughout its many iterations, Chad M. Koehn and United Capital Management of Kansas Inc. seek a prejudicial unnecessary and certainly invasive Rule 35 exam regarding issues which are not relevant or at issue to the litigation.   The implication of the plaintiff's is that a person who cannot afford an attorney and presents themselves pro se, must be crazy and therefore a Rule 35 exam is warranted.  There are no medical issues at the bar, the counter and cross complaints have been dismissed by the District Court.

The Judicial Abuses being perpetrated by the plaintiffs counsel continue to lower the bar of what is acceptable zealotry in the representation of a matter before the US District of Kansas

Federal Court. While an attorney has an obligation to represent their clients interests zealously, the invidious harassment, scorched earth litigation tactics and over all lack of decorum in the filings made, are demonstrably not zealous representation but zealtory!

Under Rule 35, courts have authority to order a party to submit to a physical or mental examination to comply with a discovery request. The party moving for the examination must show that (1) the physical or mental condition of the party is "in controversy" (which is it is NOT) and (2) "good cause" for examination exists, (which no good cause is present). Upon the showing of both of these elements, it still remains within the district court's "broad discretion" to require an examination, such an examination is neither warranted or should be allowed given the fact no medical issues are present within the current pleadings to allow for such an invasive PREJUDICIAL exam, which is neither in the interests of Justice nor in conformity with the Federal Rules of Civil Procedure under Rule 1.

A Rule 35 Exam is unnecessary on discretionary grounds as well, if a US District Court is to allow any plaintiff who continues scorched earth litigation in a SLAPP complaint, to proceed against any impoverished, unrepresented party, claiming their mental health is at issue essentially claiming that any person who must out of necessity appear pro se, the US District and the Courts in general are venturing upon a slippery slope in establishing case precedents which would in effect require the Courts to appoint attorneys to represent every pro se party who appears in the District Court, whether as a plaintiff or a defendant. Worse there becomes a constitutional crisis as to the rights of the individual to be free from unnecessary medical procedures, especially those which undoubtedly include prying into the personal thoughts and playing with a citizens psyche all just to beat them up in furtherance of an invidious harassment SLAPP lawsuit.

Rule 35 provides authority for a court to order a party "whose mental or physical condition . . . is in controversy to submit to . . . a mental examination by a suitably licensed or certified

examiner." Fed. R. Civ. P. 35(a). In order to justify the need for a Rule 35 independent medical examination ("IME"), a party must have placed his or her mental status in controversy and there must be a showing of good cause for the order. *Herrera v. Lufkin Industries, Inc., 474 F.3d 675, 689 (10th Cir. 2007)*. The requirement of good cause is not a formality; instead, the Court must genuinely balance the need for the information <u>with the right to privacy and safety of the party</u>. *Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964)*.

When the request for a Rule 35 <u>evaluation is contested</u>, it is addressed to the sound discretion of the trial court. *O'Sullivan v. Rivera, 229 F.R.D. 184, 186 (D.N.M. 2004)*. However, the RIGHT to an appeal under Rule 72, to the District Court of any Magistrate Report, for de novo review must be had, and the right of a litigant, even an impoverished unrepresented litigant, to review by the Appellate Court must be preserved. The seeking of a rule 35 exam when there are no issues present in the litigation which enables the opposing party to make such a ridiculous demand.

Separately from whether or not after careful analysis of all issues involved in the plaintiff's invidious harassment request, as well as weighing the grave consequences the Court may be inviting in all pro se cases in the District. If the Court is to consider granting the harassment request of the plaintiffs, the pro se defendant, must be given leave and the proceedings held in abeyance pending immediate appeal either under de novo review under Rule 72, or interlocutory appeal to the Tenth Circuit Court of Appeals. The Court must also consider the factors of contesting such a ridiculous invidious harassment request of the plaintiffs with special Rule 35 IME, restrictions are imposed.

**WHEREFORE,** because there are no counter or cross claims which involve any issue of medical, a Rule 35 exam, is neither warranted nor is being presented for good cause. The plaintiffs unsigned reports attached as exhibits are presented for improper purposes to circumvent the page restrictions and limitations on the motion. Those reports are riddled with fabrications and out right untruths, too numerous to provide in detail in this limited response on the issue at hand. There

exists no controversy in the present case to warrant nor allow for a Rule 35 exam. Prayer for Relief that the District Court DENY the plaintiffs request for a Rule 35 exam, as it is unnecessary and presented for prejudicial purposes.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

Respectfully Submitted, this 30th day of Jan 2023

*/s/ Michael Nelson*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone: 702-932-3434

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*/s/ Michael Nelson*