**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) <u>and</u> **CHAD M. KOEHN**<br><br>Plaintiffs, counter-defendants<br>v.<br>Michael Nelson<br><br>Defendant; Counter-Plaintiff PRO-Se. | <mark>**DOCKET NO.:**   5:22-CV-04008-JWB-TJJ</mark><br>**CIVIL ACTION**<br><br><u>Opposition Memorandum and Request for</u><br><u>Show Cause to Doc. 375</u><br><br>**[Jury Trial Demanded]** |

<u>**Opposition Memorandum and Request for Show Cause to Doc. 375**</u>

COMES NOW, Michael Nelson, pro se, who files Memorandum in Opposition to plaintiff's <u>UNAUTHORIZED Motion in Doc. 375</u>; and so states and alleges to this Honorable Court requesting the offending document be sticken, and in the alternative seeks SHOW CAUSE ORDER against plaintiffs, Chad M. Koehn and UCMK.

Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2. Rule 37(a)(1) provides that any motion to compel disclosures or discovery **"must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 26(c)**

Plaintiff's document 375, demonstrates clearly that plaintiffs have no intention of formulating correct filings, nor reading document 360 the ORDER of the Court. The filing of document 375, is NOT permitted under the enhanced scheduling order entered by US Federal Magistrate Judge James in document 360

After diligent scouring of the record, and due directly to the misidentification of the document they reference in Chad M. Koehn and UCMK's **unauthorized Motion according to Order 360**. Their Motion to Compel, and having identified their service document filed 10 November 2022, the fact that the <u>Certificate states and is signed by counsel Larry Michel</u> that the documents were **"forwarded via UPS second-day overnight service"**, means that counsel MUST

have a "UPS second-day overnight service" TRACKING NUMBER, as the United Parcel Service (different than USPS) tracks all their packages, especially those sent via "second-day overnight service".

Therefore the undersigned, pro se, **requests <u>SHOW CAUSE ORDER to ISSUE to the plaintiffs to produce the "UPS second-day overnight service" TRACKING NUMBER,</u>** PROVING they have shipped "second-day overnight service" the obvious and evident SURPRISE discovery which they now seek improperly and unauthorized by the Orders of the Court in Order 360, to seek a motion to compel for discovery<u>, which they KNOW they never sent.</u>

In a similar vein, D. Kan. Rule 37.2 provides that the Court will not entertain any motion to resolve a discovery dispute pursuant to Federal Rule of Civil Procedure 37 unless the movant has made a <u>"reasonable effort to confer"</u> with the opposing party, D. Kan. Rule 37.2; states that the certification required by Federal Rule of Civil Procedure 37 **<u>"shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."</u>** D. Kan. Rule 37.2 states that a *"reasonable effort to confer"* **requires the parties to "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."**

Reasonable efforts to confer have been made by the defendant and are regularly IGNORED, and/or simply not responded to either emails or voicemail messages as neither Larry Michel nor Chris Kellogg with accept phone calls or return phone calls, and even voicemail messages left for their managing partner JIMMY ANGELL the father of SPENCER ANGELL, the material witness they added to their one and only partially answered discovery request.  It is abundantly evident that the addition of Spencer Angell to the list of material witnesses in this case was done so in order to FORCE the contrite RECUSAL of US Federal Magistrate Judge Birzer, who the plaintiffs had previously sought her recusal via verified motion for recusal.  As it is upon information and belief that SPENCER J. ANGELL is not only the adult son of JIMMY ANGELL managing partner of the

law firm which Larry G. Michel and Chris J. Kellogg is employed under master servant relationship but is ALSO the adult child of Samantha Parks Angell, the Chamber Counsel for US Federal Magistrate Judge Birzer.  It should be further recognized both through judicial notice and as a material FACT that SPENCER J. ANGELL was in the employ of the plaintiffs both Chad M. Koehn and his alter ego UCMK at the time that Larry Michel and Chris Kellogg made Rule 26(a) disclosures on behalf of their client.   WHY Spencer Angell was NOT identified at that time should give pause to this US Federal Article III Court.   The games and obvious "Scorched Earth" litigation tactics being employed by the plaintiffs counsel bring the legal profession and the US District of Kansas Federal Court into disrepute among the public at large.

  **First barebones,** the Order of the Court in Document 360, <u>does not permit the filing of the improper blanket objections, NOT does Order of the Court in Document 360, permit the filing of document 375,</u> filed by the plaintiffs, see Order of the Court in Document 360.

  SECOND, the plaintiffs do not describe in their motion nor even in their certification, with any specificity or at all any steps that they took to confer with the defendant regarding the matter at issue.  In sum, there is nothing in the record indicating that the parties have conversed, conferred, compared views, or deliberated about the issues set forth in plaintiff's Motion, plaintiffs have continually sent emails hours prior to making a filing to the Court, I have ALWAYS responded to their emails within 24 hours!  The same cannot be said for the plaintiffs, who either choose not to communicate, not return phone calls and voicemail messages, and wait half a week or more sometimes weeks to respond to emails if any response at all is ever received.  This is NOT the definition of meet and confer.

  Plaintiffs have NOT made a good faith attempt to confer with the defendant.  Accordingly, the Court should find the plaintiffs have failed to satisfy the conference requirements, and thus decline to rule on the Motion to Compel on this basis.   Not surprisingly on Monday 23 Jan. 2023,

Chris Kellogg representing the plaintiffs made their ONE and ONLY attempt at conferral, via an email message, in RESPONSE to an email sent by the undersigned nearly a week earlier, almost five days earlier, in the email response deflecting discussion on discovery issues, Kellogg mentioned the discovery requests subject of their UNAUTHORIZED by Order Document 360, Motion to Compel.   Chris Kellogg's reply to the undersigned request more than half a week earlier in the previous week, was sent and received at 1533 hours on 23 Jan 2023, in which Kellogg stated:

*"Additionally, before we file our motion to compel regarding our second set of interrogatories, first, requests for production and first requests for admission, I wanted to give you a final opportunity to comply with our requests. If you will not or cannot, we will have no choice but to file our motion to compel on those matters by the Court's deadline of January 25, 2023."*

**LESS THAN 24 HOURS LATER the undersigned, unrepresented, appearing pro se out of necessity immediately responded, in far less than 24 hours**.  <u>Despite all the heroic efforts in immediate responses to the plaintiff's sporadic communication, the plaintiffs went ahead and filed the UNAUTHORIZED motion identified in the docket as Document 375</u>.   IN the less than 24 hour response the undersigned invited conversation regarding the issues, pointed out with link that the proposed motion to compel is not authorized by the enhanced scheduling order in Document 360, and stated to wit:

> "I am curious as to what you are referring when you state:  "second set of interrogatories, first, requests for production and first requests for admission", as I have received only one set of interrogatories from you which I note you are permitted to seek a motion to show cause regarding certain aspects to those, and I have your requests for production as you also have mine." Nelson *email.*

**<u>I also state clearly:</u>**

> "I am quite disappointed you are not willing to engage productively as we are required to by the Courts Orders.   In examination of Doc. 360 and the enhanced scheduling order I do not see where you are permitted to file a motion to compel." *Nelson email response.*
>
> https://ia902500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.360.0.pdf

Plaintiff's in their <u>unauthorized motion to compel</u>, which is <u>highly deficient in the certification as to conferral</u>, as required by the rules, references purported documents which they sent under the certificate of Service signed by Larry G. Michel, which plaintiffs misidentify to the Court, Larry G. Michel states in the service document discovered in the docket: **<u>"was forwarded via UPS second-day overnight service"</u>** [EMPHASIS ADDED]; since as is obvious by the heroic efforts of the undersigned responding to the plaintiffs in less than 24 hours of their delayed response to discovery discussions, which plaintiffs sent 15:33 hours on 23 Jan 2023, plaintiffs rather than respond back regarding what discovery they were referring, filed instead the unauthorized motion to compel regarding discovery, they evidently know I have never received a copy regarding.

Plaintiffs have either ignored, or deflected to <u>Craig Brand who is subject of no contact order</u>, as all parties are intimately aware of **both he (Brand) and his partner Adriana L. Soto** are a shareholders of Anthem Holdings Company. Brand is in the employ of HERA SOFT aka Hera Software and Development Inc. a Delaware company. Craig Brand has made deliberate attempts to have me violate the underlying criminal court orders by emailing with him and his employer HERASOFT at a HeraSoft.com a domain TLD (Top Level Domain) for the Delaware Corporation Hera Software Development Inc., purportedly a company part of Anthem Holdings Company and apparently also known as HeraSoft Inc. according to Chad M. Koehn and UCMK's second amended complaint. The Court can reference the deliberate and intentional acts by Craig Alan Brand in the use of an email address for Brand at HERASFOT.com see documents 52 and 57 and attached exhibits, which clearly identify Brand as both being in the employ of HERASOFT and deliberately emailing from the HeraSoft email address in violation of the Rules of Professional Conduct and the Pillars of Professionalism as well as illegal actions in order to have the undersigned involuntarily communicate with HeraSoft.com which the corporation Hera Software Development Inc. is subject to a no contact order, despite the FACT the undersigned is among the largest shareholders of said

corporation and holding company Anthem Holdings Company. None of which companies have EVER provided balance sheets, or any customary and lawfully due information concerning the companies and "SIGNIFICANT EQUITY INTEREST" which the undersigned holds in each.

**REQUEST OF SHOW CAUSE ORDER TO ISSUE AGAINST THE PLAINTIFFS:**

After diligent scouring of the record, and due directly to the misidentification of the document they reference in their unauthorized by Order 360, Motion to Compel, and having identified their service document filed 10 November 2022, the fact that the Certificate states and is signed by counsel Larry Michel that the documents were **"forwarded via UPS second-day overnight service",** means that counsel MUST have a "UPS second-day overnight service" TRACKING NUMBER, as the United Parcel Service (different than USPS) tracks all their packages, especially those sent via "second-day overnight service".

Therefore the undersigned, pro se, requests **SHOW CAUSE ORDER to ISSUE to the plaintiffs to produce the "UPS second-day overnight service" TRACKING NUMBER, PROVING** they have shipped "second-day overnight service" the obvious and evident SURPRISE discovery which they now seek improperly through an unauthorized motion against the Order of the Court, by filing the improper filing in document 375.

**The cost of engaging in burdensome discovery can be so great that litigants might forgo pursuing a claim in federal court**, *See Joseph, supra note 109, at 62.* **The PRECISE mission and objective of the plethora of attorneys representing the plaintiffs** who as the Court is now aware faces regulatory actions and **is currently SUSPENDED as a stock broker**, with dozens of securities attorneys seeking victims. The pursuit of obstructionist discovery achieves their purposes, as with most SLAPP suits **designed not only to wear down the defendant** but to serve as a warning to all others similarly situated persons or entities to simply abandon their claims, their investments and not pursue litigation. **The fear of becoming embroiled in such scorched**

**earth litigation practices as are evident in this matter, being pursued by the plaintiff's, pushes victims to forgo litigation and/or complaints to regulators altogether, abandoning their claims.**

### CONCLUSION:

Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2. Rule 37(a)(1) provides that any motion to compel disclosures or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 26(c)

In a similar vein, D. Kan. Rule 37.2 provides that the Court will not entertain any motion to resolve a discovery dispute pursuant to Federal Rule of Civil Procedure 37 unless the movant has made a "reasonable effort to confer" with the opposing party, D. Kan. Rule 37.2; states that the certification required by Federal Rule of Civil Procedure 37 **"shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."** D. Kan. Rule 37.2 states that a "reasonable effort to confer" requires the parties to "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." The Plaintiffs cannot, as they have NEVER attempted in GOOD FAITH to confer and meet and compare views, consulting and deliberating in GOOD FAITH, emailing less than 24 hours before making a filing show good faith attempt.

WHEREFORE, the undersigned PRO SE, unrepresented, and unschooled in law, requests respectfully and BEGS of the assistance of the Honorable United States Federal Court, in BOTH issuing strong SANCTIONS against the plaintiffs and instructions for the plaintiffs to plead with the specificity as the Court and opposing party must have to make an informed decision. By requiring the Plaintiffs to SHOW CAUSE why they should not be SANCTIONED for their obvious and evident litigation via surprise and utter failure to meet and confer, return emails or phone calls regarding issues of discovery. AND for a SHOW CAUSE ORDER to issue Requiring Plaintiffs to produce the TRACKING NUMBER of the United Parcel Service (UPS) Second Day package they

claim in their CERTIFICATION to the Court to have sent to the undersigned. Absent production of the UPS Second Day Tracking Number, this Court SHOULD provide swift and immediate SANCTIONS against the plaintiffs, for the willful refusal to meet and confer regarding discovery issues, their filing of motions which are not authorized by Order of the Court in Document 360 and perhaps FALSE certifications to the Court if they are unable to produce the UPS Second Day Tracking Number demonstrating they did actually and in fact serve the discovery at dispute..

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

Respectfully Submitted, this 30th day of Jan 2023

*[signature]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone: 702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature]*