**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) <u>and</u> **CHAD M. KOEHN**<br><br>Plaintiffs,<br>v.<br>Michael Nelson<br><br>Defendant; PRO-Se. | <mark>**DOCKET NO.:**   **5:22-CV-04008-JWB-TJJ**</mark><br>**CIVIL ACTION**<br><br><u>**OBJECTION to Deposition Location Listed by**</u><br><br><u>**Plaintiffs Crime Victims Rights**</u><br><br>**[Jury Trial Demanded]** |

<u>**OBJECTION to Deposition Location Listed by Plaintiffs**</u>

<u>**Crime Victims Rights Request for Safety and Security Concerns**</u>

COMES NOW, Michael Nelson, pro se, out of necessity and files this OBJECTION to plaintiff's notice regarding depositions.  Specifically in furtherance of the invidious harassment nature of the litigation being pursued by the plaintiffs, they have deliberately listed the location of their offices as to the location to take the deposition of the undersigned, unrepresented, defendant appearing pro se.  As the Court is certainly aware the SLAPP (Strategic Lawsuit Against Public Participation) was originally filed as a State petition, replete with deliberate RACIAL INSULT in the place of the given name of the undersigned unrepresented defendant, who appears pro se out of necessity.  The deliberate Hate Crime perpetrated against the undersigned means that the directive of appearing for a deposition at the offices of persons who committed the hate crime against the undersigned in public legal pleadings, should not be allowed to demand deposition be held at their offices.

In continuance of the invidious harassment of the SLAPP complaint, and to add further angst and anxiety including legitimate fear, of attorneys representing the plaintiffs who have intentionally allowed a Racial Insult to appear within public legal filings, and served the same uncovered into a racially divided detention facility, seeking to cause physical harm to the undersigned, unrepresented defendant, constituting hate crimes perpetrated against the undersigned

in the US District of New Jersey. The undersigned OBJECTS on the grounds of Crime Victims rights to being subjected to a hostile environment at the offices where in works the perpetrator of the Hate Crime against the undersigned.

Both State and Federal Law protect the victims of crime, especially the victims of HATE Crimes, as has been perpetrated within a public document, proof-read and filed in a public record. In fact the hate crime was not just filed with the Court, but two separate licensed Kansas Attorneys reviewed and signed the public petition and then had multiple clients review it as to form and substance as required by ETHICS and LAW.

The Strategic Lawsuit Against Public Participation (SLAPP) complaint was initially filed, and throughout its many iterations. The Judicial Abuses being perpetrated by the plaintiffs counsel continue to lower the bar of what is acceptable zealotry in the representation of a matter before the US District of Kansas Federal Court. While an attorney has an obligation to represent their clients interests zealously, the invidious harassment, scorched earth litigation tactics and overall lack of decorum in the filings made, are demonstrably not zealous representation but zealtory!

Plaintiffs also state that the deposition will last more than one day, and the Federal Rules of Civil Procedure specifically limit depositions to one 7 hour day.

Because of the invidous harassment the undersigned has been subjected to throughout the proceedings of this SLAPP litigation, it is requested that any contemplated deposition of the undersigned take place at a neutral location, specifically requesting the deposition be held within a conference room of the US Federal Court at Wichita Kansas, if the deposition is allowed at all.

Liberal construction is given under the rules to avoid "trial by ambush," Smith, 626 F.2d at 797. The legal shenanigans being deployed by the Plaintiff's dictating the time and place of a deposition of the undersigned is being done to provide invidious harassment and threats levied through legal pleadings. It is more than reasonable and fair to request any allowed deposition to be

restricted to a single day, not more than 7 hours and to take place at a neutral location, specifically a conference room of a US Federal Court, for the safety and security of the unrepresented undersigned appearing pro se out of necessity.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

Respectfully Submitted, this 30th day of Jan 2023

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com  Phone:  702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail:  **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;