# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. <u>and</u> **CHAD M. KOEHN**<br><br>    Plaintiffs, counter-defendants<br>  v.<br>Michael Nelson<br><br>    Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.: 5:22-CV-04008-JWB-TJJ**<br>**CIVIL ACTION**<br><br>**OBJECTION Regarding Document 362**<br><br>**Analysis and Argument regarding excessive fees and costs awarded**<br><br>**[Jury Trial Demanded]** |

### OBJECTION Regarding fees/costs Awarded as 'sanctions' As Excessive

 COMES NOW, Michael Nelson, pro se, with OBJECTION to fees and costs, sought by plaintiffs for Hearing 14 December 2022, as per Order of the Court, and does say & allege:

> "ORDER. After consultation and with the approval of District Judge Broomes, Defendant's 1/19/2023 email request for permission to file a response (or objection) to 362 Statement is approved, but shall not exceed 10 pages. Defendant shall file his response or objection on or before 2/2/2023. Signed by Magistrate Judge Teresa J. James on 1/23/2023." Document 369

 Attorneys Chris Kellogg and Larry G. Michel, submitted expenses relating to travel to the hearing 14 December 2022, a transcript of the hearing is attached as Exhibit "A".

 The statement regarding miles driven, defendant concurs the number of miles driven to be acceptable, the $.625/mile expense under Internal Revenue Service (IRS) Guidelines, as long as the attorneys have maintain, appropriate records:

 https://www.irs.gov/taxtopics/tc305 Regarding Record Keeping

 https://www.irs.gov/taxtopics/tc510 Topic No. 510

Next Nelson, turns to the billable time as stated by the attorneys appearing::

> "For attendance at and travel to the hearing December 14, 2022, Larry Michel expended a total of 3.5 hours at a billing rate of $350 per hour. Similarly Chris J. Kellogg expended 3.5 hours at the billing rate of $275 per hour. This results in total attorneys fees of $2,187.50 for travel and attendance at the hearing. See generally page 1 of Document 362"

OBJECTION, plaintiffs claim two (2) separate attorneys attended a hearing; only a single attorney was necessary. The duplicative billing of two attorneys is excessive and redundant, for reasons for which will explain themselves in this analysis:

Larry G. Michel appeared on the record and **spoke a total of FOUR (4) words.** Only speaking at the conclusion of the hearing, see attached transcript, page 13, line 6 Ex "A".

Chris Kellogg appeared on the record, speaking on behalf of the plaintiffs/counter defendants; the record indicates he was **not prepared,** with competent knowledge of the matter he was presenting before the Court, as evident from his floundering before the Court.

The one and ONLY time the record indicates that Larry G. Michel spoke on the record is the very last line of the record where Mr. Michel stated: *"Thank you, Your Honor."* p. 13 line 6 Ex "A".

At no other time during the hearing did Larry Michel speak, in fact he was only referenced as being there by Kellogg and in the transcript of the proceedings, see attached Ex. "A". Even when Judge John W. Broomes referenced Larry Michel, as having signed the response listing Spencer Angell, the son of Smantha Parks Angell and Jimmy R. Angell, Larry Michel did not speak [Emphasis Added]. In fact Larry Michel's attendance was not only not necessary, but the fact he did not speak, alone speaks volumes as to admission of contrite recusal of Magistrate Judge G.E. Birzer, who should not have her good name and reputation impugned by plaintiffs.

Taking Mr. Michel's billable rate of $350/hour (an increase of more than 20% what he was previously found to be worth per hour in a much more complex litigation months earlier) and the time he claims of 3.5 hours equates to: $1,225.00 in billable hours he claims, translating to $306.25 per word spoken (emphasis added). **Michel's attendance was redundant and unnecessary.**

The fees which Michel seeks are out of line, with BOTH his lack of participation and those fee awards he has received in much more complex litigations during 2022. The US Federal Court of Claims accessed his fees at $260-275 per hour months earlier see attached Exhibit "B".

Leaving aside the absorbent rate Larry Michel claims, far higher than the rate he was accessed in complex and specialized litigation he was involved months earlier.   Larry Michel should have at the very least defended his actions, speaking directly to the Court, regarding the addition of Spencer Angell as a material witness list.  By allowing Attorney Kellogg to flounder like a fish out of water and waste the Court's time, as Kellogg played like he had no idea who the Court was referring to when the Court took more than half the hearing to discuss the addition of Spencer Angell to the list of material witnesses, Larry Michel's presence neither speaking upon his own behalf or providing to the Court a reasonable explanation of his actions in forcing the contrite recusal of US Federal Magistrate Judge Birzer, alone should provide the Court with pause, as doing so Larry Michel, **was not frank and direct with the Court,** despite his unnecessary presence.

Attorneys have an obligation to the Court, the parties and the public to not only be truthful, but provide information the Court is seeking, especially when they are present in a redundant capacity, Larry Michel's redundant presence and his purposeful lack of candor to the court had the Court conduct extensive inquiry regarding Spencer Angell which was not only unnecessary, it also demonstrates clearly Larry Michel was less than frank with the Court, purposefully by his presence and failure to assist in anyway his colleague Chris Kellogg that floundered like a fish out of water.

As the above analysis articulates the participation of Larry Michel in the lack of participation, purposeful lack of candor to the Court's inquiry regarding Spencer Angell, and the evident redundancy of his presence demonstrates clearly and convincingly that the billable time for Larry G. Michel of $1,225.00 should be DENIED, and **should warrant additional sanctions in reduction of Kellogg's billable hours** given the fact Michel neither briefed nor prepared his colleague and sat their mute, while the Court was forced to waste precious time getting to the bottom of Spencer Angell's addition as a material witness, when in fact Spencer was in the employ of the Plaintiffs at the time they filed their rule 26(a) disclosures AND had previously worked for

the law firm which Kellogg and Michel work, and it is Spencer Angell's father who is their managing partner, Jimmy R. Angell.

Turning to Chris J. Kellogg who claims billable hours of "3.5 hours at $275 per hour" page 1 of document 362. While $275 per hour may be the billable rate which Mister Kellogg would like to receive per hour for his time, this is not consistent with the billable rates per hour in the location nor consistent with his experience, lack of preparation, lack of knowledge of the case, tremendous number of mistakes against the rules as evidenced by his filings in this matter. Kellogg seeks $275 x 3.5 hours = $962.50; for a 17 minute hearing, half of which was spent with Kellogg floundering to avoid what any astute reader of the attached Exhibit "A", <u>would find to be less than candor to the Court, deflecting and antagonizing the Court</u> regarding the **obvious contrite forceable recusal and defacto maligning of the Honorable US Federal Magistrate Judge G.E. Birzer and her staff.**

Without diving deeply into the extraordinary high billable hours sought by Mister Kellogg, no doubt on the highest end of the spectrum in the township he is located. A more fair assessment, though I believe even $200 per hour to be excessive for Mister Kellogg; for sake of argument, I agree to an excessive fee of $200 per hour, which also makes the math simplistic for all concerned, yielding $700.00 in billable hours. To provide for fair assessment of the billable hours vs. drive time. The Court should note the hearing lasted only 17 minutes, see the attached transcript.

Attorneys are typically required to bill in 1/10 hour increments. Giving the benefit of the doubt and providing a billable time of 1⁄2 hour (30 minutes), nearly twice the actual courtroom time, the fair assessment for Chris Kellogg's lodestar rate for billable hours expended should be $100 ($200/hour divided by .5 hours = $100). Therefore actual representation time = $100.00

Kellogg was the only attorney necessary at the hearing, as he did all the speaking, as Larry Michel sat there mute. Larry Michel only spoke 4 words, stating: "Thank you, your Honor" at the conclusion of the hearing, if he had actually participated as the presiding Judge John W. Broomes

stated on the record, there would be problems, regarding the addition of Spencer Angell as a material witness, when in fact Michel knew as did Kellogg that their managing partner's son Spencer Angell was not only in the employ of plaintiffs at the time they made their Rule 26(a) disclosures, but James Angell and Samantha Angell (Magistrate Judge G.E. Birzer's chamber counsel) son, Spencer Angell was formally employed by the law firm managed by James Angell, see attached herewith public resume of Spencer Angell, as Exhibit "E".

Attorneys as legal professionals licensed by the Courts of this Nation to perform a needed task within our society MUST be held to a higher standard. Their actions, words and deeds must be above reproach. Attorneys must also allocate their time in the most efficient manner possible in accordance with FRCP Rule 1, and to the benefit of their clients, opposing parties and the Court. In accordance with the Rules of Professional Conduct, the Pillars of Professionalism, stated coveted by this Court the HONORABLE US FEDERAL DISTRICT COURT.

A 'reasonable hourly rate' is defined as the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera, 515 F.3d at 1348 (quoting Blum, 465 U.S. at 896 n.11)*. There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum *hourly rate. Id. This is known as the Davis County exception. Hall v. Sec'y of Health & Human Servs., 640 F.3d 1351, 1353 (2011) (citing Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA, 169 F.3d 755, 758 (D.C. Cir. 1999)).* The US District of Kansas is no different, with the exception this is not a complex case, and does not require exceptional skill or expertise. Kellogg's rate as stated herein above should be no higher than $200 per hour given the efforts he puts forth and the obvious mistakes made within his work.

Attorneys' fees are awarded for the **"number of hours reasonably expended on the**

litigation." *Avera, 515 F.3d at 1348.* Counsel **should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."** *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993)* (quoting *Hensley v. Eckerhart, 461 U.S. 424, 434 (1983))*. "<u>Unreasonably duplicative or excessive billing</u>" includes "an attorney billing for a single task on multiple occasions, <u>multiple attorneys billing for a single task</u>, attorneys billing excessively for intra office communications, attorneys billing excessive hours, **[and] attorneys entering erroneous billing entries.**" *Raymo v. Sec'y of Health & Human Servs.*(2016).

### Reasonable Lawyer Costs for KELLOGG's attendance:

Kellogg's time is more appropriately, although contested none-the-less as still high given the persistent mistakes he has made in the course of this litigation, at a billable rate of not more than $200 (lodestar). In examination of the proper time allotted for travel and the ability attorneys have to work on other cases, take phone calls and have discussions, which are also billable time, when they travel the Courts and the Rules of Professional Conduct <u>typically look at ½ billable time for travel time.</u> Translating to billable hours by Chris Kellogg of 1.75 hours at $200 per hour would be: $350 plus the travel mileage as allowed by the Internal Revenue Service of $112.50 = **$462.50.**

### ALTERNATIVE ANALYSIS

### FAIRNESS in ANALYSIS of Lawyers maximizing billable hours, during the work day:

TO be fair and analyzation of an attorney who <u>truly is looking out for their clients interests</u> **and the judicial economy and conversation of judicial resources of the Courts**. An attorney that is maximizing their billable hours and working the entire time they are 'on the job', would use technology, including time saving, liability reducing and negligence eliminating tools like, 'find and replace' and spellcheck in word processing documents. Utilizing travel technology such as Uber or Lyft or other livery services.

A. IF Lyft a livery, car and driver, service for transportation the HIGHEST end $185 each way x2 = $370, for a private luxury car, dramatically reducing the attorneys personal expenses, accounting, liability, and increasing their billable hours and preparation time. Yielding a travel cost of $370 for livery car services and an exaggerated time in court nearly double the time on the record 30 minutes. Would yield a more reasonable billing of $470, Ex. C slightly higher than the reasonable total above, but comparable to the <u>lackadaisical billing of self driving.</u>

B. .UBER cost estimator provides a cost of $196.09 each way on the highest end for luxury automobile livery service providing for total travel of $392.10 plus the 30 minutes billable time from Mister Kellogg of $100 = **$492.10 [Exhibit D]**

Ergo on the lackadaisical low end of billing, self driving the total fair billing would be <u>$462.50;</u> the mid range with a livery service, car and driver would be $470.00 Ex. C and on the high end with luxury livery service, car and driver would be $492.10 Ex D.

The billable time as submitted by Kellogg and Michel (who spoke only four words and lacked professional candor with the Court as to discussion of Spencer Angell and the contrite recusal of US Federal Magistrate Judge Birzer) is out of line with the intention of the Order, spirit of "sanctions", wherein Sanctions should not be used to unjustly reward excessive and redundant billing by the attorneys being granted fees and costs.

WHEREFOR: I would respectfully request the Court, to fairly examine the analysis presented above and to reduce the award of fees and costs to not more than $500.00, as sizeable fine for the violative conduct of not immediately notifying the Court of the predicament I was faced with as a pro se, unrepresented litigant, and in line with what is reasonable in the circumstances. I would further request I be allowed to make payments of $100 per month for five months, or if resources permit sooner to pay for this punitive fine for my violative conduct.

Realizing that, subject to *Appeal 28 USC Section 1291; see also Riley v. Kennedy, 553 US 406, 419 (2008)*; sanction orders entered during the course of proceedings are not final, appealable orders. *United States v. gonzales, 531 F.3d. 1198, 1202 (10th Cir. 2008); Law v. NCAA, 134 F.3d 1438, 1440 (10th Cir. 1998)*; A party must wait until the end of a case to appeal any sanctions assessed during the course of the litigation. *See G.J.B. & Assocs., Inc. v. Singleton, 913 F.2d 824, 829 (10th Cir. 1990)* and as this sanction award deals directly with attorneys then the applicability of *Cohen v. Beneficial Industrial Loan Corp. 337 U.S. 541 (1949)* may also be applicable.

<u>Therefore I seek to vigorously object to the far overreaching fees and costs sought by Kellogg and Michel in their submission in document 362, as it is my obligation under the rules to first seek to correct errors and injustices before the District Court. I seek a ruling that the fees/costs assessed against me not exceed $500.00 as per the analysis presented.</u>

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All <u>pleadings shall be so construed as to do substantial justice</u>"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*
<u>Respectfully Submitted, this 31st day of Jan 2023</u>

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone: 702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;