# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) <u>and</u> **CHAD M. KOEHN**<br><br>Plaintiffs,<br>v.<br>Michael Nelson<br><br>Defendant; PRO-Se. | **DOCKET NO.:** <mark>5:22-CV-04008-JWB-TJJ</mark><br><u>CIVIL ACTION</u><br><br>**<u>Defendant's motion to compel interrogatories and requests for admission served upon Plaintiffs Chad M. Koehn and UCMK</u>**<br><br>[Jury Trial Demanded] |

**<u>Defendant's motion to compel re interrogatories or requests for admission served upon Plaintiffs</u>**

COMES NOW, Michael Nelson, pro se, as defendant to make Motion to compel interrogatories and requests for admission served upon Plaintiffs, and states and alleges as follows:

Defendant, appearing pro se out of necessity now seeks Order compelling the Plaintiff's Chad Mitchell Koehn and UCMK to provide full and complete answers under oath to Defendant's Interrogatories and Requests for admission served upon Plaintiffs, Chad Mitchell Koehn and UCMK by and through their attorneys of record sent attention of Christopher J. Kellogg, at his law firm Post Office Box. Plaintiffs continue to give "boilerplate" objections, dodging and refusing any and all requests for production, answers to interrogatories (except to provide a laundry list of material witnesses). Plaintiffs refuse to adhere to the interrogatories as written and sent upon them for full and complete answers. For instance Plaintiffs MUST be compelled to answer completely the interrogatories, also providing what subject matter each of their laundry list of material witnesses have knowledge of, and provide complete contact information with complete legal names.

Plaintiffs continue to engage in SCORCHED EARTH litigation where Plaintiffs give FALSE names to their material witnesses, false and erroneous addresses, and <u>refuse to provide what knowledge each material witness has as required in the interrogatory</u>. Plaintiffs provide nothing but "BOILERPLATE" objections and <u>board unsupported objections</u> in order to frustrate discovery and prevent any information from flowing to the defendant. The defendant, appearing pro se, is unable to mount a defense while the plaintiffs continue to be engaged in what the Court has deemed

"SCORCHED EARTH" litigation tactics. Not answering the interrogatories and making boilerplate objections for no lawful purpose, only to frustrate discovery and prevent the defendant from receiving any discovery in this matter. Plaintiffs must be compelled and so required to answer truthfully and completely the queries presented.

As grounds therefore, Defendant will demonstrate unto this Court that, counsel for Plaintiffs have been served by USPS mail interrogatories and requests for admission. Plaintiffs deliberately allow USPS mail to sit for weeks, and pick and choose which USPS certified mail they retrieve and which they do not, all in furtherance of unfair, unethical, immoral delay tactics in this litigation.

In hopes to provide for judicial economy and conservation of judicial resources and conservation of the papering of this case which the plaintiffs have engaged, I simply point to the interrogatories and requests for admission already present in the docket and submitted by the plaintiffs so there can be no dispute as to what the actions of the plaintiffs have been in regards to the interrogatories and requests for admission:

1. Interrogatories that have been insufficiently answered, below is a link to the plaintiffs own submission:
    a. https://storage.courtlistener.com/recap/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.391.1.pdf
2. Requests for Admission, which have been neither read nor properly addressed except with a blanket statement of a single objection to them all:
    a. https://ia902500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.373.0.pdf

Fed. R. Civ. P. 33 requires the Plaintiffs, Chad M. Koehn and UCMK, to object to and/or answer under oath Interrogatories propounded and together therewith the same as to Requests for Admission also duly served upon Plaintiffs Chad M. Koehn and UCMK, no later than thirty (30) days from the date the discovery was served upon them Fed. R. Civ. P. 34 requires the plaintiffs,

Chad M. Koehn and UCMK, to object to and/or respond to and produce the documents set forth in the requests for production. The only thing plaintiffs continue to do is obstruct the discovery process through blanket and boilerplate objections, stalling tactics in complete "scorched earth" litigation. Plaintiffs must be compelled to admit or deny each request for admission, demonstrating more than boilerplate objection, and certainly must be required to make proper objection to each, not simply blanket objection across all requests.

**The cost of engaging in burdensome discovery can be so great that litigants might forgo pursuing a claim in federal court**, *See Joseph, supra note 109, at 62.* **The PRECISE mission and objective of the plethora of attorneys representing the plaintiffs** who as the Court is now aware faces regulatory actions and **is currently SUSPENDED as a stock broker**, with dozens of securities attorneys seeking victims.

Fed. R. Civ. P. 36(a)(3) requires the plaintiffs, Chad M. Koehn and UCMK to object to and/or Respond to the Requests for Admissions set forth in defendant's Request for Admissions served upon plaintiffs, Chad M. Koehn and UCMK, blanket boilerplate objections are NOT sufficient nor within the meanings of the rules, they must be ordered to Admit or Deny.

Fed. R. Civ. P. 37(a)(3)(B) and D. Kan. Rule 7.1 and 37.2 provide for the entry of an Order Compelling the discovery served upon the Plaintiffs upon the Plaintiffs' failure to timely object and/or respond to the discovery. Especially wherein any response is simply by boilerplate blanket objections not based in fact nor law. Plaintiffs have both failed and/or refused to properly answer any of the discovery propounded thereupon them, whether producing any documents as requested or answers to interrogatories (with the exception of a laundry list of material witnesses). Plaintiffs must be COMPELLED to provide actual full and complete answers, to be compelled to provide documents sought and answer fully and complete each of the requests for admission.

Fed. R. Civ. P. 37 (d) authorizes the Court to order sanctions for failure to comply with fed. R. Civ. P. 33 and Fed. R. Civ. P. 34. Plaintiffs continual and continuous attempts to delay this

litigation are more than sufficient grounds to award defendant damages and fees for the preparation of this motion and, should plaintiffs respond to this Motion, the preparation of a Reply. *Cf., Hall v. Interstate Brands Corporation*, No. 08-cv-2073-KHV-DJW, 2008 WL 11439528 (D. Colo. Sept. 18, 2008). Sanctions are needed and necessary in order to help avert such improper behavior of the Plaintiff moving forward. Plaintiffs obstructionist tactics through what has been heralded by the Court as "scorched earth" litigation, must be SANCTIONED to prevent the Plaintiffs from carrying on with their absolute refusal to answer the discovery so propounded there upon them both.

As the Plaintiff's have completely failed and/or provided improper boilerplate blanketed objections which are neither in conformity with nor acceptable under the Federal Rules of Civil Procedure or Local Rules of this Court. Defendant seeks entry of an order compelling the Answers to Interrogatories, written response to and production of the documents requested AND for Admission or Denial to the Requests for Admission so served upon the Plaintiffs.

The pursuit of obstructionist discovery achieves their purposes, as with most SLAPP suits **designed not only to wear down the defendant** but to serve as a warning to all others similarly situated persons or entities to simply abandon their claims, their investments and not pursue litigation. **The fear of becoming embroiled in such scorched earth litigation practices as are evident in this matter, being pursued by the plaintiff's, pushes victims to forgo litigation and/or complaints to regulators altogether, abandoning their claims.**

The starting point for discovery disputes is *Fed. R. Civ. P. 26(b)(1)*. This rule generally provides for broad discovery. A party may obtain discovery regarding "any nonprivileged matter that is relevant to the claim or defense of any party." Relevant discovery is defined as information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The broad discovery principle underlying this rule is intended to allow the parties to learn as much as they can about each other's claims or defenses prior to trial so as to better evaluate a case for settlement or, alternatively, to be prepared to meet the proofs at the time of trial. *Seattle Times*

Co. v. Rhinehart, 467 U.S. 20, 34-35, cert. denied, 467 U.S. 1230 (1984). See Smith v. Ford Motor Co., 626 F.2d 784 (10th Cir. 1980), cert. denied, 450 U.S. 918 (1981)

Federal courts have long disfavored boilerplate objections. *St. Paul Reinsurance Co.*, 198 F.R.D. at 512 ("[F]ederal courts have routinely deemed [boilerplate objections] to be improper objections."). District courts often repeat the warning: "Boilerplate, generalized objections are inadequate and <u>tantamount to not making any objection at all."</u> *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (citations omitted); *accord Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) (*"*[J]udges in this district typically condemn boilerplate objections as legally inadequate or meaningless.*" (citations omitted) (internal quotation marks omitted)); Nissan N. Am., Inc. v. Johnson Elec. N. Am., Inc.*, No. 09-CV-11783, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011) (refusing to consider *"*[b]oilerplate or generalized objections"). **The warning reflects the resounding sentiment that boilerplate objections are legally improper, regardless of their practical consequence.**

While the lion's share of the case law condemning boilerplate objections comes from district courts, several circuit courts have also spoken out against the use of these objections. *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009) ("We have noted that boilerplate objections may border on a frivolous response to discovery requests." (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1358 (11th Cir. 1997)) Rather than merely stating a tagline, objections to discovery requests must be stated with particularity. *Josephs*, 677 F.2d at 992; *see* FED. R. CIV. P. 26(b)(5); FED. R. CIV. P. 33(b)(4); FED. R. CIV. P. 34(b)(2); *see also St. Paul Reinsurance Co.*, 198 F.R.D. at 512 <u>This is because objecting parties bear the burden of demonstrating why their objections are proper.</u> *St. Paul Reinsurance Co.*, 198 F.R.D. at 511 **(citing Oleson v. Kmart Corp., 175 F.R.D. 560, 565 (D. Kan. 1997)).** <u>Objecting parties must "provide sufficient information to enable other parties to evaluate the applicability of [their claims]"</u> *Burlington N. & Santa Fe Ry. Co.* **A responsive objection is one that states (1) how a discovery request is deficient and (2)**

**how the objecting party would be harmed if they were forced to respond to the request**. *St. Paul Reinsurance Co., 198 F.R.D. at 512* **(D. KAN. 1997).** This requires lawyers to forgo the 'familiar litany' of general objections in favor of specifically supporting each objection individually. *See Design Basics, L.L.C. v. Strawn, 271 F.R.D. 513, 519* **(D. Kan. 2010)** *(quoting Allianz Ins. Co. v. Surface Specialties, Inc., No. Civ. A. 03-2470-CM-DJW, 2005 WL 44534, at \*2* **(D. Kan. Jan. 7, 2005))** *(internal quotation marks omitted)*. The Court cannot allow boilerplate objections further.

There are several reasons why general boilerplate objections are so strongly disfavored. First, they unnecessarily obfuscate the discovery process, distracting from the real issues in a case. *Watts v. Allstate Indem. Co., No. 2:08-cv-01877 LKK KJN, 2010 WL 4225561, at \*4 n.4 (E.D. Cal. Oct. 20, 2010)*. Second, **boilerplate objections prevent courts from properly evaluating the objections' underlying merits**. *DL v. Dist. of Columbia, 251 F.R.D. 38, 43 (D.D.C. 2008)*. Objections do not exist in isolation. They are contextual, and the veracity of an objection depends on the underlying facts of a particular discovery request. **It is impossible for courts to properly evaluate an objection on its merits when the objection is devoid of sufficient specificity.**

Boilerplate objections are fundamentally unfair to the requesting party. *See In re Ingersoll, 238 B.R. 202, 204–05 (Bankr. D. Colo. 1999)* Boilerplate objections fail to inform the requesting party why its request is specifically objectionable. If an objection fails to provide an appropriate factual basis, it is relatively difficult for the parties to informally discuss any alleged defects in a discovery request in hope of fixing the defects. Plaintiffs here solely insist on the indulgence of the court just a little bit further with their obstructionist tactics of scorched earth litigation, refusing to provide any basis as to their invidious harassment strategic lawsuit. This inhibits the parties' abilities to resolve discovery disputes on their own, and often requires the requesting party to draft additional, unnecessary motions before receiving a meaningful response, which to date the defendant has yet to receive ANY meaningful response from the **plaintiffs, who have obstructed**

**every discovery attempt**, leaving the parties stalemated, as the plaintiffs consistently have leaned on the Court wasting valuable judicial resources, seeking inordinate time of the Court.

**Federal courts' typically disfavor** for boilerplate objections, stems from more than the practical obstacles posed by these objections.  Boilerplate objections **violate numerous rules of civil procedure and ethics**, making their use unlawful as opposed to merely inconvenient! Generally, boilerplate objections do not serve the goals of the Federal Rules of Civil Procedure, which are aimed at "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding" FED. R. CIV. P. 1.  **Federal discovery is intended to be a liberal process, encouraging the free flow of information between parties**.  Under this framework, federal courts envision ideal discovery as relatively collegial, timely, and productive:

> "It would be reasonable to expect, in light of all the applicable rules and governing precedents, that experienced attorneys, especially those who have handled major litigation, would be able to proceed through the discovery and pretrial stages with a conciliatory attitude and a minimum of obstruction, and that, under the guiding hand of the district court, the path to ultimate disposition would be a relatively smooth one."

*Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 123 (3d Cir. 2009)*

Stonewalling a requesting party with boilerplate objections is inconsistent with this vision. Boilerplate objections commonly violate either of two subdivisions of Federal Rule of Civil Procedure 26: Rules 26(b)(5) and 26(g).  **"[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."**  *United States ex rel. O'Connell v. Chapman Univ., (C.D. Cal. 2007)* ; **This burden leaves little room for boilerplate objections**.  *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir. 2005).*

Discovery in Federal Court, and requests for admission help the parties WINNOW the issues for trial **"to permit wide ranging discovery of information even though the information may not be admissible at the trial."** *United States ex rel. O'Connell, 245 F.R.D. at 648 (citing Jones v. Commander, Kan. Army Ammunitions Plant,* **(D. Kan. 1993)).**  Through the WINNOWING of Issues for trial the parties are able to provide for judicial economy and thus do a service unto the

Courts and the American Judiciary by aiding in conservation of judicial resources, by limiting a trial to specific issues and facts for the trier of fact, thus providing for a speedy determination.

Liberal construction is given under the rules to avoid "trial by ambush," Smith, 626 F.2d at 797. Thus, when a plaintiff seeks substantial damages for a condition, including physical, mental or emotional injury, and places that condition "at issue," an opposing party may seek discovery on the condition and its causes, as those are relevant to the party's claim or to the defendant's defenses. See Fed. R. Civ. P. 26(b). Rule 26 also vests the Court with broad discretion to tailor discovery as needed. CrawfordEl v. Britton, 523 U.S. 574, 598-99 (1998). The rules provide federal courts with ample discretion to restrict discovery where the burden or expense of the proposed discovery outweighs its likely benefit. *Fed. R. Civ. P. 26(b)(2)(C); Salmeron v. Highlands Ford Sales, Inc., 220 F.R.D. 667, 670 (D.N.M. 2003)*. In balancing the need for information against the burden or risk of harm, the Court considers the "needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Fed. R. Civ. P. 26(b)(2)(C)(iii)*.

WHEREFORE, Defendant, Michael Nelson, respectfully pray that this Honorable United States Federal Court will Order Plaintiffs, CHAD MITCHELL KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS INC., to Answer under oath the Interrogatories which Defendant propounded and serve full and complete written Responses and Produce the Documents requested and Requests for Admission as fully and complete propounded upon the Plaintiffs. AND that this Honorable US Federal Court will further SANCTION Plaintiff's from continuing to STONEWALL these proceedings through contrite recusals of Federal Judge's, purposeful and intentional refusal to answer any discovery propounded, and SANCTION Plaintiffs from continuing to make blanketed and boilerplate objections for no other purposes and than to frustrate discovery and these proceedings, to the point Plaintiffs refuse still to provide anything more than a single unsupported and unsupportable blanket objection to requests for admission that all requests for admission so

served upon each of the Plaintiffs in this action be ordered as having been answered in the affirmative that they ADMIT each and every one for purposes of this litigation, as their blanket objection is without merit.  Furthermore the Defendant requests SANCTIONS against the Plaintiffs to prevent the sort of "SCORCHED EARTH" litigation for which they are obviously engaged to continue in this case or any other.

**PRAYER FOR RELIEF:** I REQUESTFULLY BEG AND PLEAD to the COURT for an ORDER Setting forth that the Plaintiffs MUST answer complete the interrogatories and provide Admission or Denial setting forth proper responses to each of the Requests for Admission.

CERTIFICATE Attempts Conferral, sending Emails and even multiple phone calls and Voicemails:

**FED. R. CIV. P. 37(a) AND D. KAN. RULE 37.2**

The undersigned, appearing pro se, has attempted in good faith in fact BEGGING opposing counsel to meet and confer as required by previous orders in this matter.  Sending multiple emails and even phone calls and leaving voicemail messages, all to no avail, plaintiffs attorneys REFUSE any substantial communication and constantly seek "scorched earth" litigation to frustrate the litigation process against the Rules of Professional Conduct and against the Federal Rules of Civil Procedure.   It is not possible to fairly litigate a matter when one side, the plaintiffs here are represented by a gaggle of attorneys who refuse to engage in productive meet and confer as envisioned by the Rules of the Court, and in fact the parties were ORDERED by the Court to meet and confer and exchange information and deliberate.  Voicemail messages are not returned, the attorneys are never available when phone calls are made, they rarely return emails and when they do they return them many days to weeks later.   Meet and Confer was ORDERED by the Court to include more than simply emails, the emails received from plaintiffs when they have bothered to return emails sent, are not just obtuse, they deflect trying to get the defendant to speak with Craig Brand who is subject to the no contact order, as he and Adriana L. Soto are shareholders of the disputed entities, and therefore any contact with Brand via email or otherwise is a violation of the

underlying Court's Orders in Oklahoma. Brand has during the course of this litigation used deliberate DECEPTION in the origin of emails, see Documents 52 and 57 and their exhibits. Chris Kellogg was to be the point of contact for the plaintiffs and he has and continues to refuse the meet and confer requirements of Federal and Local Rules, continually acting without the due consideration to the opposing party nor the Court by refusing the meet and confer, deliberation and openly work to resolve discovery disputes. This has left me with nowhere to turn but to the Court for assistance in getting to the truth and forcing plaintiffs to answer the interrogatories without obstructionist objections and answer the requests for admission.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

Respectfully Submitted, this 31st day of Jan 2023

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com  Phone: 702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;