## UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) <u>and</u> **CHAD M. KOEHN**<br><br>Plaintiffs,<br>v.<br>Michael Nelson<br><br>Defendant; PRO-Se. | ==**DOCKET NO.:**    **5:22-CV-04008-JWB-TJJ**==<br>**CIVIL ACTION**<br><br><u>**Motion for STAY of Proceedings**</u><br><u>**After invitation of the Court for Motion to**</u><br><u>**STAY PROCEEDINGS**</u><br><br>**[Jury Trial Demanded]** |

<u>**NO MORE THAN 15 Pages pursuant with ORDER of the Court**</u>

COMES NOW, Michael Nelson, pro se, as defendant to make Motion for STAY of these proceedings pursuant to invitation by the US District of Kansas Court to do so:

> "ORDER striking 351 Defendant's Request for Stay for exceeding the page limit governed by D. Kan. Rule 7.1(d)(3), which in this instance is 15 pages. Rule 7.1 was amended effective 12/1/2022 and contains new page limitations. The Clerk of the Court is hereby directed to strike 351 Defendant's Request for Stay. If Defendant desires to refile his motion, he must do so in compliance with the revised rule, which requires his motion be no more than 15 pages, and D. Kan. Rule 7.1(a), which requires the motion be concise and specific. Signed by Magistrate Judge Teresa J. James on 1/13/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (hmg) (Entered: 01/13/2023)"

**See Order of the Court Document Number:  356**

First and foremost, *proto* the defendant's initial brief made in Notice for Interlocutory Appeal was entered upon the docket as document number 356, in effect entering the same document twice, this was an action made by the Clerks of the Court and not the undersigned.

Document 356 was contemporaneously filed by the Clerks of the Court, and the Motion filed was a Notice of Appeal and Request for Stay to the US Court of Appeals for the Tenth Circuit, never-the-less, the Court has invited this Motion as now made..  Nelson directed the stay and the properly filed NOTICE of APPEAL to the TENTH CIRCUIT COURT OF APPEAL in accordance with the procedures of the TENTH CIRCUIT COURT of APPEALS.  In doing so Nelson made a request to the TENTH CIRCUIT COURT of APPEALS of REQUEST to STAY the PROCEEDINGS in this CIVIL LITIGATION.  This Court, the US District Court for the US Federal District of Kansas, has <u>upon invitation to do so and issued an ORDER regarding the same above.</u>

After contemplation of the ORDER of the <u>United States Federal Magistrate Judge</u>, **newly** assigned (randomly as the previous Magistrate Judge was assigned randomly in accordance with the procedures of the US Federal Courts) **after contrite recusal of the previous Federal Magistrat**e Judge Birzer, <u>by the plaintiff's</u> in this matter UCMK and **<u>Chad Mitchell Koehn, a currently suspended and SANCTIONED, former stockbroker,</u>** under numerous investigations, as reported by Securities Fraud Attorneys from Europe to the East and West Coasts of the United States of America and everywhere in between. <u>The fact that the plaintiffs, Chad M. Koehn and UCMK have **been able to Judge Shop the US District of Kansas Federal Court** with the contrite recusal of the 'randomly assigned' US Federal Magistrate Judge, brings into question the partiality by which attorneys appearing before a Constitutional Article III Federal Court can control the Court, rather than the Court controlling the cases, is of extreme concern to the public at large.</u>

Wherein now here the pro se, Mister Nelson so does formally make "Application" / MOTION for a Stay of the Civil Proceedings above herein captioned for cause and pursuant with the STAY of all discovery in the proceedings in this Civil Action, in accordance with Kansas State Law. <u>Background</u> it took the Court here nearly three months, to FORCE the opposing counsel to do what any respectful, attorney with integrity and honor would have done immediately upon learning of a RACIAL INSULT (SLUR) being hurled at the single, unrepresented, pro se, defendant in the originating petition. There can be no doubt, given the technology of the day that the attorneys KNEW the racial insult was in the petition and so hurled it at the pro se party purposefully, as the evidence so dictates. Kansas Rules of Professional Conduct, it clearly shows where and when an attorney learns of a mistake<u>, they should immediately upon their own accord so MOVE to AMEND the filing as to remove a racial SLUR from the filing</u>. The opposing counsel did no such thing and instead filed a multitude of woefully deficient filings <u>without complying with Federal Rules of Civil Procedure in Rule 7.1(a) and 7.1(b)</u>. Then opposing counsel once again did not move to correct and

amend the racial INSULT, causing the US District of Kansas Federal Court to **ORDER removal of the Racial Slur (INSULT)** from the underlying SLAPP petition, in doing so the plaintiffs, Chad Mitchell Koehn and UCMK, did not follow the ORDERS of the Court, they did not simply remove the racial INSULT from the petition, but instead they made multiple material changes to the petition, doing a remarkably excellent job at further proving the SLAPP nature of the petition. Koehn / UCMK have since amended the petition yet again proving yet again the SLAPP nature of the lawsuit, by only alleging "embarrassment and humiliation" as means to seek a defamation suit, inconsistent with the prevailing Kansas State Law.

Mister Nelson has filed to DISMISS the SLAPP petition and did so firmly and squarely under both Federal Rules of Civil Procedure and Kansas State Statutes as the US District of Kansas is located in the US State of Kansas, and therefore Kansas State Statutes so apply.

In Mister Nelson's Motion to Dismiss and strike the claims made even in the revised and substantially altered petition void of the racial slur, Mister Nelson filed in accordance with Federal Rules and Kansas State Statute regarding the SLAPP nature of the amended petition. Wherein Mister Nelson appropriately moved for Dismissal, <u>"A court will dismiss a cause of action pursuant to Rule 12(b)(6) under three circumstances.</u> "First, dismissal is warranted where an issue of law precludes recovery. *Neitzke v. Williams*. Second, dismissal is appropriate where the factual allegations <u>fail to 'state a claim to relief that is plausible on its face.</u>' *Bell Corp. v. Twombly*. Third, A claim is facially plausible if its factual allegations allow a court to draw reasonable belief the defendant is liable for the alleged misconduct, however, **must not offend traditional Constitutional Rights"** This civil litigation must be STAYED, in light of the parallel trial.

On all THREE basis the plaintiff's Chad Keohn and UCMK, <u>do not enjoy the right to continue their judicial abuse and invidious harassment, via the SLAPP.</u> Plaintiffs Koehn and UCMK do not enjoy the rights to continue their witch hunt and SLAPP judicial abuse, Mister Nelson

rightfully and fully within the Federal Rules cited and moved under the Kansas State Statutes for immediate dismissal with prejudice given the SLAPP nature of the petition even as amended void the racial insult. Plaintiffs complaint is subject to Dismissal for failure to state a claim upon which relief my be granted as injuries to ones sensibilities alone are not defamation, as per the Motion to Dismiss the litigation.

"Kansas adopted a strong anti-SLAPP law in 2016. Known as the Public Speech Protection Act, it allows a party to move to strike a claim that is in response to "a party's exercise of the right of free speech, right to petition or right of association." _Kan. Stat. Ann. § 60-5320(d) (2019)._ The pro se defendant shows that the claims of the plaintiff's are based on these constitutional rights. Plaintiffs do not and cannot _"establish a likelihood of prevailing on the claim by presenting substantial competent evidence to support a prima facie case."_ _Id._ Upon filing a motion to strike, under Kansas's strong anti-SLAPP (Strategic Lawsuit Against Public Participation) protection Act: "all discovery, motions or other pending hearings shall be stayed." § 60-5320(e)(2); FRCP 81(d)(1)." Since the Statutes are clear, Mister Nelson's constitutional rights to free speech, rights of association and petition are well established in Motion to Dismiss: "a party's exercise of the right of free speech, right to petition or right of association." Kan. Stat. Ann. § 60-5320(d) (2019).

_Judge J. Nicholas Colabella wrote in Gordon v. Marrone (N.Y . 1992),_ **"Short of a gun to the head, a greater threat to First Amendment expression can scarcely be imagined."**

The nonlegal effect of SLAPP suits remains. A defendant in such a suit may succeed legally but lose nevertheless, having expended large amounts of time and money in defending. More damaging is the effect that such suits can have on those who have not yet been targeted [EMPHASIS ADDED]: the desire to avoid being sued translates into a reluctance to participate in public debate. The very purpose of the invidious harassment litigation by the plaintiffs here.

The insidious actions of the plaintiff's are felt even stronger, in that the plaintiffs have successfully dissuaded multiple current whistleblowers from cooperating further with Federal investigators.  Forcing the pro se defendant to provide disclosures in this civil matter, constitutes a violation of the pro se defendants CIVIL RIGHTS, those specified rights as enumerated under the US Constitution and Kansas State Constitution.

See eg. Wehling v. Columbia Broadcasting System 608 F.2d 1084, 1089 (5th Cir. 1979) ("[although a three year hiatus in the lawsuit is undesirable from the standpoint of **both** the court and the defendant, **permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and this lawsuit.**"); White v. Mapco Gas Products, Inc. 116 F.R.D. 498 (D.C. Ark 1987); Dienstag v. Bronsen, 49 F.R.D. 327 (D.C.N.Y. 1970); US v. Steffes, 35 F.R.D. 24 (D.C. Mont. 1964).  **U**nqualified right given by *Section 272 of the Judicial Code, 28 U.S.C. 394*, to parties in all the courts of the United States to **'plead and manage their own causes personally.'**

**PLEASE TAKE NOTICE:** The **Pro Se Defendant has RIGHTS too.   Among them is the FIFTH Amendment to the US Constitution.**  PRO SE defendant, Michael Nelson, Hereby does move the Court for an Order Staying this civil action against PRO SE defendant pending conclusion of the **parallel criminal proceedings pending against the same and only defendant here who is at present unrepresented in this SLAPP style civil action** commenced in parallel to criminal proceedings.  Judicial economy and constitutional rights warrant a STAY of the current proceedings in this Civil Case.  AS set forth more fully in Defendants' Memorandum of Points and Authorities, this Motion is made on the grounds that a stay of this civil action is necessary protect the Fifth Amendment rights of the PRO SE defendant in connection with criminal proceedings arising from underlying facts that give rise to this frivolous SLAPP action.   Motion to Dismiss under  "under Kansas's strong anti-SLAPP (Strategic Lawsuit Against Public Participation) protection Act: "**all discovery, motions or other pending hearings shall be stayed." § 60-5320(e)(2); FRCP 81(d)(1)."**  ADDITIONALLY, the PRO SE defendant cannot voluntarily

choose between the civil defense here and the pending parallel criminal defense matters directly related hereto in Oklahoma, Kansas, Colorado and California, as charged by CHAD KOEHN in his 26 January 2022, SWORN affidavit under Penalties of PERJURY of the State of Kansas.

**No prejudice will Befall** United Capital Management of Kansas Inc or Chad M Koehn:

The interest of BOTH plaintiffs will be unaffected by a stay.  A stay is permitted where there is no alleged harm to the plaintiff(s) *Jones, supra at 2; See also Taylor, Bean, & Whitaker Mortgage Corporation v. Triduanium Financial, 2009 WL 2136986 (E.D. Cal. 2009)*(granting a stay despite plaintiff's argument that it will be more difficult to recover losses if the case is stayed).   Plaintiffs allege no harm and no harm would come, more-over the Law REQUIRES a Stay.

T**he delay associated with a stay does not overcome the paramount concern of protecting constitutional rights. Cota, supra at 3.**   The Parallel Criminal Trial begins 6 February 2023, the single and only defendant in this matter, is unable to materially participate in both litigations simultaneously therefore severely tipping the scales in favor of STAY of this civil proceeding until the conclusion of the directly parallel hereto criminal proceedings.

Though a "STAY" is not ideal, given the circumstances and new information coming forward regarding the frivolous charges sought by CHAD KOEHN in his affidavit presented for a protective order, against being forced into a sexual act or being taken advantage of when he is "incapable of giving consent", or contacting Koehn or any employee of UCM etc., combined with the plethora of averments he makes in his sworn affidavit supporting his protective order, the PRO SE defendant cannot reasonably proceed in the proceedings being forced to choose between defending the frivolous SLAPP petition and violating his FIFTH Amendment RIGHTS.

A stay of this action is justified and should be granted as the law so REQUIRES.  **Certainly in the interests of Judicial economy and to conserve judicial resources.**  This civil action commenced by Plaintiffs United Capital Management of Kansas Inc. and CHAD M KOEHN

against the PRO SE Defendant arises from the same nexus of facts and events as the parallel hereto criminal proceedings in Oklahoma, which a Trial by Jury shall commence on 6 February 2023.

**The Pro Se Defendant should not be forced to choose between defending himself in this action and preserving his Fifth Amendment rights.** In light of the particular circumstances of the conspiracy between the Plaintiffs and their representatives and the evident RICO enterprise they are involved, the so-called victims in the criminal matter in Oklahoma, together with the fact CHAD M KOEHN's name is used constantly along with United Capital Management of Kansas Inc. (UCM or UCMK) in witness testimony already, proferred and so testified to under oath and the overlapping parallel hereto criminal proceedings. The fact that redundant litigations proceed simultaneously where the pro se defendant's Constitutional Rights are violated, provides standing alone for reason for the Court to initiate a STAY of these Civil proceedings in light of the overwhelming interest of ALL the parallel criminal proceedings.

A STAY is justified in the interests of substantial Justice, to all parties, the Court and the public at large, conserving judicial resources and providing for judicial economy, and the parallel criminal matters, as the law intends under the Kansas and US Constitutions and Kansas Law.

**Recently, Federal Courts have taken to stay civil cases where the defendant, here is just ONE and is PRO SE.** Stayed civil proceedings pending the resolution of criminal proceedings in cases involving facts remarkably similar to those of this case *SEE: Continental Insurance Co. v. Cota 2008 WL 4298372; Jones v. Conte 2005 WL 1287017*

**This civil proceeding should be stayed, as the PRO SE defendant is the sole and only defendant in this matter.** The PRO SE defendant is the only person to be able to speak on behalf of himself. To force this civil litigation to continue in view parallel to the criminal matters now proceeding and those threatened by the plaintiff in affidavits Chad M Koehn, stating pending criminal charges in Kansas, Colorado and California, is to violate the basic and fundamental civil

rights and liberties of the PRO SE defendant including without limitation those under the <u>Fifth</u> <u>Amendment</u>.   The prejudice to the PRO SE defendant in inability to meaningfully defend in this civil action and the persuasive case law holds that under these circumstances it is appropriate to stay the civil proceedings, in addition to the obvious Judicial Economy and the savings of Judicial Resources in the conservation of such, of allowing the criminal proceedings to reach their conclusion.  In accordance with *28 U.S. Code § 1654* the **<u>RIGHT to self representation exists in</u>** **<u>codified law of these the United States of America.</u>**

      **In SUM a stay of the proceedings in this civil action as to the PRO SE Defendant is** **warranted and should be granted.**   The PRO SE defendant should not have to choose between defending the frivolous SLAPP petition and violating the Defendant's Constitutional Rights and Liberties, especially under the 4th, 5th, 6th, 8th, 14th amendments to the US Constitution.

      Plaintiffs filed the frivolous incongruous SLAPP petition to state court and <u>then laid in wait</u> <u>nearly a year</u>, **conspiring as the record and facts so dictate with the claimed "victims"** in the parallel criminal matter.

      <u>IN FACT Chad M. Koehn and UCMK even submit to this Honorable US Federal Court,</u> <u>they are in the process of to "ascertained"</u> the last known address of an individual ERIC EVERHART, which they themselves the Plaintiffs Claim in their second or third amended petition to be a "proprietary" and "confidential" investor of Chad Koehn and his alter ego UCMK.   IF the Court is honestly to believe any of their multitude of amended complaints, certainly if they are claiming proprietary and confidential investors then at the VERY LEAST they should already know what the address is of these people.  This alone speaks volumes as to the frivolous and vexatious nature of the plaintiff's entire cause of action, see (3) of Document 379. "Eric Everhart, last known address is being ascertained".   A Stay of this matter is warranted in the face of the parallel proceedings for which the only defendant here is unable to continue while facing jury trial there.

The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent prejudice to a party's rights. *Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995); SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C.Cir.1980).* When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. *Keating,* 45 F.3d at 324. **PRO SE defendant must be able to invoke the fifth amendment,** free from adverse consequences in these SLAPP styled civil litigations, and legal entanglements being strategically thrust upon the pro se impoverished defendant here.

A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution. *Dresser,* 628 F.2d at 1375-76. While the pro se defendant whistleblower, regarding the underlying merger subs to the obscurely attempted triangular reverse short form series of mergers, claimed by the plaintiffs, Where plaintiffs BOTH have significant interaction, employment, investment and regular travel relating to a number of companies; including without limitation:  Anthem Vault Inc. (a NEVADA Corporation), Amagi Metals, Anthem Gold, AG Herc, Hercules, HERC CRYPTOCURRENCY STOCK COIN, HeraLabs, HeraSoft, Anthem Holdings Company [Chad Mitchell Koehn states he sits upon the board of directors and has a direct conflict with his co-plaintiff United Capital Management of Kansas Inc.,  Here the pro se **Whistleblower** defendant is excessively burdened and **cannot be forced to choose between the civil defense, protective order defense and the criminal proceedings with regard to Constitutional rights,** ergo making civil litigation at this time impossible, to materially participate in light of the JURY trial beginning 6 February 2023.   The purpose of Rule 103 "is to allow the trial judge to make an informed evidentiary ruling, and to create an adequate record for appellate review to determine whether

exclusion of the evidence was reversible error." *Inselman v. S & J Operating Co., 44 F.3d 894, 896 (10th Cir.1995).* **The pro se defendant cannot voluntarily choose between the civil defense, the protective order defense and the criminal defenses.**

**The rights of the pro se defendant to invoke 5th amendment privileges must be inviolate** and not be further eroded by this or other SLAPP litigation strategies.    As well the Kansas State Constitution and thus under Kansas Laws with support of the US Constitution calling into question constitutional questions, all REQUIRE a STAY of DISCOVERY here, pending the resolution and interlocutory appeals there under.   The pro se defendant is a WHISTLEBLOWER, **one of many** against a series of corporations to which BOTH plaintiffs in the matter here at bar are a party under separate investigation and charges both CIVIL and CRIMINAL, under the RICO statutes of a variety of States and foreign jurisdictions around the United States and the globe. Plaintiffs fail to attach indispensable parties to the underlying petition in an effort to conceal, mask, hide, fool and otherwise deceive the Court as their well practiced arts of deception have readily been seen within their actions and filings to date in the record.  Craig Alan Brand exclaims he has **"championed" the art of disinformation, Craig Alan Brand a purported officer of the Court** exclaims in the Book he himself authored:  "I don't Care What Mom Says: "LIFE SUCKS'":    I [CRAIG ALAN BRAND] **intentionally provide people [COURTS] with false information...**" page 118. [EMPHASIS ADDED to **"provide people with false information".**

Even if the opposing counsel were to ever respond to the pro se defendant for discussions on the matter at hand and the parties were to find a stipulation as to the law; **"it is well-settled that a court is not bound by stipulations of the parties as to questions of law."** *Koch v. U.S. Dep't of Interior, 47 F.3d 1015, 1018 (10th Cir.1995)* (internal quotation marks omitted).

A Stay is also necessary as at the present time the PRO SE defendant cannot easily travel without the sanctioning of a lower courts in other states, additionally the PRO SE defendant is

without the financial resources to enable travel at present due to the directly related and parallel

hereto criminal matters and the new threats of new criminal charges in Kansas, Colorado and

California, all being orchestrated by Craig Alan Brand per the affidavit of Chad M. Koehn.

District courts have the inherent power and discretionary authority to stay proceedings when

the interests of justice so require. *United States v. Kordel 397 US 1, 90 S. Ct. 763, 25 L. Ed 2d*

*(1970); Landis v. North American Co. 299 US 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936).*

Courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders.

*SEC v. Dresser Indus, Inc. 628 F.2d 1368 (DC Cir 1980)* It is well recognized that the "decision

whether to stay civil proceedings in the face of a parallel criminal proceeding should be made"

*Keating v. Office of Thrift Supervision 45 F. 3d 322, 324 (9th Cir. 1995) quoting Federal Savings*

*and Loan Inc. Corp. v. Molinaro, 889 F 2d 899, 902 (9th Cir 1989).* Wherein here the **PRO SE**

**defendant must as a matter of Constitutional RIGHT exert FIFTH Amendment** privilege.

The Fifth Amendment privilege against self incrimination **may be invoked by the mere**

**possibility of criminal prosecution [EMPHASIS ADDED]**, as **Chad Mitchell Koehn now**

**makes in his affidavit seeking protection from sexual acts** when he [CHAD MITCHELL

KOEHN] is **"incapable of giving consent"** and wherein Chad Mitchell Koehn claims Attorney

Larry G. Michel and Craig Alan Brand also seek criminal charges against the Pro SE defendant all

in RICO conspiracy and predatory collusion with one another in hopes to silence the Pro Se

defendant WHISTLEBLOWER from further notifications to regulatory authorities, Congress, and

various agencies, bureaus and departments of the United States Federal Government, and as to

completely and totally discredit the PRO SE defendant for the remainder of his life. *Matter of*

*Seper, 705 F.2d 1499 (9th Cir. 1983)*

**The mere implication of PRO SE defendant's FIFTH Amendment Rights; Warrants A**

**Stay of this Action Pending Completion of the Criminal Proceedings.** Twice recently stays in

civil proceedings pending the resolution of criminal proceedings have been granted, as the

fundamental rights of the parties must be protected as a matter of Constitutional Law. *Continental*

*Insurance Co. v. Cota 2008 WL 4298372 (ND Cal. J. Conti presiding); Jones v. Conte 2005 WL*

*1287017;* as set forth in both cases: "[t]he decision western to stay civil proceedings in the face of a

parallel criminal proceeding should be determined based on the circumstances and competing

interests involved in the case". *Keating v. Office of Thrift Supervision 45 F. 3d 322 (9th Cir. 1995)*

### The Courts have adopted a 5 pillar approach:

1. The extent to which the defendant's Fifth Amendment rights are implicated
2. The interest of the plaintiff in proceeding with the litigation and the potential prejudice to the plaintiff of a delay…**emphasis to delay, as plaintiffs delayed their service of process for nearly a year as they laid in wait planning the EXECUTION (murder) of the defendant in conspiracy of predatory collusion with Craig Alan Brand and their co conspirators, creating a multitude of simultaneous legal entanglements on the heels of their 4th and 5th appeals of the Judicial case in the US Distric of NEVADA being found in favor of the pro se Defendant Here**
3. The convince of the court and efficient use of judicial resources
4. The interests of third parties
5. The interests of the public ('Keating Factors')

In *Jones v. Conte 2005 WL 1287017 (ND Cal)* it was recognized "[t]he strongest case for

deferring civil proceedings until after completion of criminal proceedings is where a party under

indictment for a serious offense is required to defend a civil or administrative action involving the

same matter." *Jones citing SEC v. Dresser Indus, Inc. 628 F.2d 1368 (DC Cir 1980)* "The Court

finds that a stay is proper because '[I]f discovery moves forward, [the] defendant will be faced with

the difficult choice between asserting [his] right against self-incrimination, thereby inviting

prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case" citing

*Javier H. v. Garcia-Botello 218 FRD 72 (WDNY 2003)* When faced with the issue of either

allowing a civil action to proceed or protecting the Fifth Amendment rights of individual defendants

against self incrimination, **the majority of courts have consistently chosen the latter. The**

**FIFTH Amendment; To "plead the Fifth"** means you have the right not to answer police questions both while in custody or in court. The right against self-incrimination is spelled out in the **Fifth Amendment** to the U.S. Constitution and also extends to state and local jurisdictions. When someone exercises this right, we often say that they "plead the Fifth."

*Tehan v. United States ex rel. Shott*, the Court noted: "[T]he basic purposes that lie behind the privilege against self-incrimination do not relate to protecting the innocent from conviction, but rather to preserving the integrity of a judicial system in which even the guilty are not to be convicted unless the prosecution shoulder[s] the entire load." To protect these interests and to preserve these values, the privilege is not to be interpreted literally. Rather, the sole concern is, as its name indicates, with the danger to a witness forced to give testimony leading to the infliction of penalties. *Ullmann*, 350 U.S. at 438–39  The privilege afforded not only extends to answers that would in themselves support a conviction but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute. *Hoffman v. United States, 341 U.S. 479, 486 (1951)*; *see also Emspak v. United States, 349 U.S. 190 (1955); Blau v. United States,(1951); Blau v. United States, 340 U.S. 159 (1950).*

**Incrimination is not complete once guilt has been adjudicated, and hence the privilege may be asserted during the sentencing phase of trial.** *Estelle v. Smith, 451 U.S. 454, 462–63 (1981)  Mitchell v. United States, 526 U.S. 314 (1999)*

The protection is against compulsory incrimination, and traditionally the Court has treated within the clause only those compulsions which arise from legally enforceable obligations, culminating in imprisonment for refusal to testify or to produce documents. *E.g., Marchetti v. United States, 390 U.S. 39 (1968)* (criminal penalties attached to failure to register and make incriminating admissions); *Malloy v. Hogan, 378 U.S. 1 (1964)* (contempt citation on refusal to

testify). *See also South Dakota v. Neville, 459 U.S. 553 (1983)* (no compulsion in introducing evidence of suspect's refusal to submit to blood alcohol test, since state could have forced suspect to take test and need not have offered him a choice); *Selective Service System v. Minnesota PIRG, 468 U.S. 841 (1984)*

Upon filing a motion to strike, under Kansas's strong anti-SLAPP (Strategic Lawsuit Against Public Participation) protection Act: "all discovery, motions or other pending hearings shall be stayed." § 60-5320(e)(2); FRCP 81(d)(1).

**WHEREFORE,** armed only with the TRUTH and LOGIC; the Federal Rules of Civil Procedure, Local Rules of this Court and the US Constitution as guides, the underrepresented, unschooled in law, undersigned appearing, pro se, out of necessity ,respectfully pray the this Honorable United States Federal Court for the US District of Kansas, shall uphold the rule of law as embodied law and issue a STAY of the proceedings, limiting all discovery to the issues as to the Motion for Dismissal of the SLAPP petition of the plaintiffs, consistent with Kansas Law, and out of respect to the US Constitution and the directly parallel hereto criminal proceedings ISSUE STAY of these Civil Proceedings until such time as the parallel proceedings have concluded. As the Court is also aware there exists an interlocutory appeal with request for stay as well, and due to the exigent circumstances regarding the inability for the undersigned to receive notices easily and readily via email nor materially participate in this civil litigation in the face of a criminal jury trial again tips the scales in favor of a STAY of these proceedings and grant of additional time to answer or respond to any filings made by opposing parties who as the record demonstrates has continually used the parallel proceedings as a procedural weapon against a single unrepresented and unschooled in law pro se defendant here. Wherefore I respectfully PRAY this Court the Honorable US Federal Court for the District of Kansas will in addition to STAYING the proceedings provide additional

time for response to filing purposefully made over the next several weeks when I cannot readily receive notice nor have time to respond.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

Respectfully Submitted, this 31st day of Jan 2023

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone: 702-932-3434

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;