KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:	(785) 825-4674
F:	(785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL. , | ) |
| | ) |
| Plaintiffs | ) |
| vs. | ) Case No. 22-CV-04008-JWB-GEB |
| | ) |
| MICHAEL NELSON, | ) |
| | ) |
| Defendant | ) |
| | ) |

## PLAINTIFFS' NOTICE OF COMPLIANCE WITH DOCUMENT NO. 408

COMES NOW THE PLAINTIFFS, by and through undersigned counsel on this 31st day of January, 2023, and hereby file this Notice of Compliance with ECF 408, (electronic text Order signed by Magistrate Judge Teresa J. James on 1/31/2023), and states:

1. The subject matter of this Notice and Judge James order [Doc 408] applies to the issue of whether notice of the Plaintiff's disclosures were provided to the Defendant Mr. Michael Nelson.

2. Plaintiffs contend that Mr. Nelson, as discussed below, did in fact receive the stated Disclosures, as follows:

a. On July 26, 2022, Plaintiffs emailed to Judge Birzer their Initial Disclosures and the Parties Planning Conference. (See a Screen Shot of this Email to the Court marked as Exhibit "A"). This email copied the following individuals:

   i. KSD_Birzer_Chambers@ksd.uscourts.gov>

   ii. oklahomaremote@gmail.com; and,

   iii. craig@thebrandlawfirm.com.

b. On September 30, 2022, the Plaintiff's were able to download onto a Zip Drive/Memory Stick, the Exhibits referred to within Plaintiff's Initial Disclosures including the addition of voice recordings more recently obtained. This Memory Stick was mailed to Mr. Nelson's address of record as set forth within Exhibit "B" and contained all of the documents that Mr. Nelson has alleged to the Court as not receiving in his EFC filing Doc. 399, and that the Plaintiffs established at their burdensome expense by a Specially created Drop Box and link specific to its invites as evidenced by Plaintiff's filing of Doc. 389.

On September 30, 2022, Plaintiff's filed their NOTICE OF SERVICE OF PLAINTIFFS' FIRST FED. R. CIV. P. 26(a)(1) DISCLOSURES TO DEFENDANT, found in ECF DOC. 256. (See Exhibit "B", attached hereto). Within Exhibit "B", Plaintiffs specifically state: "*The disclosures are accessible through a thumb/micro drive that is being simultaneously mailed to the Defendant. The Disclosures begin with each file name with UCM0001 thru UCM0414. They total 361 MB.*"

c. On January 18, 2023, Plaintiffs had engaged a technical company to create a Special Drop Box with Trace and Track abilities, specifically for the purpose of safely and securely getting the Defendant the Plaintiff's Disclosure Documents and the audible records. This team was also to convert any and all non-PDF document files into PDF files as the Defendant requested and as Judge Birzer ordered.

On January 26, 2023, this Special Drop Box went active. Document 389 was filed by ECF (Exhibit "C") and sent to the Defendant Michael Nelson by electronic means. Document 389, additionally states: "Plaintiffs, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herewith respond to Defendant's January 18, 2023, Motion to Compel Plaintiffs *to produce the documents and things previously served on the Defendant, MICHAEL NELSON, via thumb/flash drive*." [Italics Emphasized]. [**Of special note, Defendant Nelson in his Doc. 399 does not dispute receipt of this thumb/flash drive**]. [As the documents and audio files were on this flash drive, Defendant Nelson would not have needed wifi or connection speed, and as he has not said anything about losing or destroying or getting rid of this flash drive, he would still be in possession of all such data and made the Plaintiffs and the Court go through this expensive and time-consuming procedure(s)- just because].

Drop Box was chosen as it is one of the world's largest and most trusted data transfer systems and widely used within the legal community. No outside or third party "branding" or "advertising" was allowed on the site. The site was monitored and had an expiration date. The link was also private and secured by SSL protocol. Drop Box further sent a private message each time the link was logged onto, viewed

and downloaded. [Defendant Nelson admits in his filings to being able to log into the link. Mr. Nelson suspiciously disputes receipt of the documents].

d. As Plaintiffs know who has logged into the link as well as who downloaded from the link, Plaintiff's are aware the Mr. Nelson has the document download. The link was subsequently terminated for safety measures as there was no reason to keep it active when the Defendant by his own admission has claimed to have logged into the link. (See, Composite Exhibit "D" attached hereto). Exhibit "D" represents the Notice the Plaintiffs received from Drop Box upon the Defendant Nelson logging into the specially created link. Of importance is the Notice stating, "Your transfer was just downloaded".

e. The MB size of the Drop Box is smaller than the Memory Stick, because in the Drop Box all documents were converted to PDF and the Drop Box zips the file.

f. Mr. Nelson represents to the Court that his internet is too slow to gain access to the documents contained within the Drop Box Data Transfer System. However, such an argument is non-believable and stands against the grain of the Drop Box system altogether. As indicated on Exhibit "E", attached hereto, the file transfer size of 169 MB, even at speeds just above "dial up", can be down-loaded in under 30 seconds. This is a correct statement even on older generation high speed internet and 4G Mobile Connections estimated at 45 Mb per second.

g. As also indicated by Exhibit "E", when using a 5G mobile or High Speed home connection, commonly used to for video streaming services such as Netflix, the Drop Box file could have been downloaded in less than 10 seconds.

h.  Mr. Nelson contradicts his arguments that his internet is insufficient when arguing some non-sensical, frivolous commentary about how he was able to surf the web and browse the file name of Legal Software.net.  Legal Software.net has no baring or relevancy to the Drop Box's link and the files contained therein.  Any and all arguments that Mr. Nelson has made about and concerning Legal Software.net and that stand alone, poised alleged site and content is immaterial to the issues and has zero baring as to the fact that Mr. Nelson has been able to download the Drop Box files.

**WHEREFORE,** Plaintiffs, Chad M. Koehn and United Capital Management of Kansas, Inc. respectfully file this Notice of Compliance of Document No. 408.

Dated January 31, 2023.

Respectfully Submitted,

/s/ Chris J. Kellogg
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs/Counter-Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 31, 2023, the foregoing was electronically filed with the Court using the CM/ECF System, which will furnish a true copy to Defendant, Michael Nelson, at oklahomaremote@gmail.com and chadkoehnlawsuit@nosoybean.com; and Craig@thebrandlawfirm.com

/s/ Chris J. Kellogg
Chris J. Kellogg