**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) and **CHAD M. KOEHN**<br><br>Plaintiffs,<br>v.<br>Michael Nelson<br><br>Defendant; PRO-Se. | **DOCKET NO.:**   **5:22-CV-04008-JWB-TJJ**<br>**CIVIL ACTION**<br><br>**OBJECTION**<br>**INCONSISTENT EXHIBITS**<br>**Bold Faced Untruths in Doc. 414 & Exhibits**<br><br>**[Jury Trial Demanded]** |

COMES NOW, Michael Nelson, pro se, out of necessity and files this Objection to factually untrue filing of the Plaintiffs at Document 414, and its exhibits and lays out specific FACTS which are irrefutable by the Plaintiff's own submission to the Court in Document 414 and its exhibits.

First, barebones, plaintiff's submission of Document 414 and Exhibits is in response to an ORDER of this Court stating, see text only Order of the Court at Doc. 408:

> ORDER denying Plaintiffs' request to file a sur-reply to 363 Defendant's Second Motion to Compel. Plaintiffs shall instead forthwith (today) file a certificate of service stating the date and manner in which the thumb/flash drive referenced in Plaintiffs' 389 Response was served upon Defendant and the date(s) and manner(s) in which the Dropbox link(s) were sent to Defendant. Signed by Magistrate Judge Teresa J. James on 1/31/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 01/31/2023) SEE Text ORDER Doc. 408

Defendant does not refute the fact that on 26 July 2022, Plaintiffs filed their initial disclosures under Rule 26(a), specifically DEVOID their now claimed material witness of Spencer Angell, son of Chamber Counsel to Judge G.E. Birzer, Samantha Parks Angell, and managing partner of plaintiffs law firm Jimmy R. Angell, despite the FACT plaintiffs knew Spencer Angell was formerly employed by their law firm and was in fact currently in the employ of Koehn/UCMK.

At (2)(b) of Plaintiffs filing Document 414, Plaintiffs knowing they have misrepresented facts to the Court, go to great lengths to discuss the delivery of a thumbdrive with their purported disclosures as required by Order.  In fact the Court ORDERED the plaintiffs to provide the disclosures via USPS mail which, the Defendant does not refute the receipt of a thumbdrive

containing many files, most not be accessed, as they were NOT sent in the file format as ORDERED by the Court:

> ORDER. At the 9/6/2022 Status Conference, the Court and parties further discussed electronic notification and service. At this time, Defendant still has not registered as a filing user with the Court therefore he has not consented to the electronic service of documents. See D. Kan. R. 5.4.2(e). Plaintiffs shall serve hard copies of all pleadings identified in Fed. R. Civ. P. 7(a); any motion, response, or reply thereto; any notice, certificate, or objection; or any other document filed with the Court as well as all discovery and disclosures identified in D. Kan. R. 26.3(a) on Defendant via U. S. Mail at the address Defendant provided to the Court and certify same to the Court per D. Kan. R. 5.1(g), 5.4.9(c), and 26.3(c). The Court recognizes it has continued to discuss service with the parties and therefore clarifies this order supersedes its prior orders regarding service at ECF Nos. 63 and 123. It additionally supersedes the Court's order at ECF No. 67 to the extent it addresses service of discovery. The Court's orders regarding the communications between the parties addressed in ECF No. 67 remain in effect. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 9/8/2022. Mailed to pro se party Michael E. Nelson 9450 SW Gemini Drive PMB 90924 Beaverton, OR 97008-7105 by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 09/08/2022)

The plaintiffs did in fact mail a USB thumbdrive, purposefully containing corrupted files and many files at least ⅔'s of which were not accessible and in some format, not in conformity with the Order of the Court.  **Therefore the Court had ORDERED the Plaintiff's to provide the materials relating to their initial disclosures in the format which the Court had previously ORDERED:**

Doc. 291, is an Order of the Court, 18 October 2022, signed by Magistrate Judge G.E. Birzer regarding Discovery and ESI (Electronically Stored Information).

<u>On 3 November 2022, US Federal Magistrate Judge G.E. Birzer entered document 305, upon oral motion made at status conference stating:</u>

> Defendant's Oral MOTION to Compel Production of Documents in PDF Format (referred to Magistrate Judge Gwynne E. Birzer). (kf) (Entered: 11/03/2022)  DOCUMENT 305

<u>On 3 November 2022, US Federal Magistrate Judge G.E. Birzer entered document 306, upon oral motion made at status conference stating:</u>

> **ORDER granting 305 Defendant's Oral Motion to Compel Production of Documents in PDF Format.** <u>Plaintiffs shall reproduce the documents discussed during the conference in PDF format, as per the terms of the parties' ESI protocol, no later than 11/18/2022 and certify service of same</u>. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 11/3/2022. Mailed to pro se party Michael E. Nelson 9450 SW Gemini Drive PMB 90924 Beaverton, OR 97008-7105 by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 11/03/2022)

The reason for the need to once again file for Motion to Compel production is because <u>Plaintiff's directly DISOBEYED the ORDER of the Court</u>, most likely because it came from US Magistrate Judge G.E. Birzer, who they had previously demanded via verified motion for recusal be recused and then <u>moved instead to force her recusal via contrite recusal adding the son</u>, of her Chamber Counsel, Samantha Angell, to their list of material witnesses with knowledge of the case <u>likely to be a material witness</u>, knowing they can get away with IGNORING lawful ORDERS of the Court.  <u>Plaintiffs flat out REFUSED to comply with Order of the Court, ORDERING THEM:</u>

> <u>"Plaintiffs shall reproduce the documents discussed during the conference in PDF format, as per the terms of the parties' ESI protocol, no later than 11/18/2022 and certify service of same"</u>  **SEE DOCUMENT 306 ORDER of the Court.**

<u>At (2)(c) of Plaintiff's document 414, they state:</u>

> "On January 18, 2023, Plaintiffs had engaged a technical company to create a Special Drop Box with Trace and Track abilities, specifically for the purpose of safely and securely getting the Defendant the Plaintiff's Disclosure Documents and the audible records. This team was also to convert any and all non-PDF document files into PDF files as the Defendant requested and as Judge Birzer ordered"

Yet, as the record dictates the Court had previously ORDERED the Plaintiffs to provide said materials  "<u>no later than 11/18/2022 and certify service of same</u>" **See ORDER in Document 306;** demonstrating clearly plaintiffs IGNORED Order of the Court for TWO Months

Plaintiff's seek to MISREPRESENT to the Court, as if they have sent TWO (2) separate thumb drives at two separate points in time,<u> NOT TRUE!</u> Plaintiffs state, also at (2)(c) of D. 414:

> **"On January 26, 2023, this Special Drop Box went active**." [EMPHASIS ADDED as plaintiffs were REQUIRED to provide the documents  "<u>no later than 11/18/2022 and certify service of same</u>" See ORDER in Document 306]

> Document 389 was filed by ECF (Exhibit "C") and sent to the Defendant Michael Nelson by electronic means. Document 389, additionally states: "Plaintiffs, Chad M. Koehn and United Capital Management of Kansas, Inc., by and through their undersigned counsel, herewith respond to Defendant's January 18, 2023, Motion to Compel Plaintiffs to produce the documents and things previously served on the Defendant, MICHAEL NELSON, via thumb/flash drive." [Italics Emphasized]. [Of special note, Defendant Nelson in his Doc. 399

does not dispute receipt of this thumb/flash drive]. [As the documents and audio files were on this flash drive, Defendant Nelson would not have needed wifi or connection speed, and as he has not said anything about losing or destroying or getting rid of this flash drive, he would still be in possession of all such data and made the Plaintiffs and the Court go through this expensive and time-consuming procedure(s)- just because].

OBVIOUSLY based upon the facts of the case, the Defendant, received the ONE and ONLY thumbdrive sent to him, IN FACT it is the exact "scorched earth" conduct of the plaintiffs sending of corrupted files and inability to read obscure file formats without any meta data or other materials, which REQUIRED the defendant to make ORAL Motion as noted by Judge Birzer at document 305, and then requiring the ORDER made by Judge Birzer in Document 306, **ORDERING the plaintiffs to comply not later than 18 November 2022.** Plaintiffs did not, thus requiring yet another Motion to Compel (the second motion) TWO MONTHS LATER.

At (2)(d) of the Plaintiffs filing in Document 414, they claim: " Plaintiffs know who has logged into the link as well as who downloaded from the link, Plaintiff's are aware the Mr. Nelson has the document download." **How can this possibly be a true statement, as the plaintiffs suspiciously file a document devoid any factual proof to back up their assertions, See Ex. A, B, C, and D attached.** Plaintiffs berate defendant for being impoverished not having "Netflix" and other fancy internet speeds. Plaintiffs continue to PLAY GAMES with this Court in their pursuit of SCORCHED EARTH LITIGATION and berating the impoverished status of the defendant.

At (2)(f) of Document 414; Plaintiff's averments to the Court are easily proven as false, wherein plaintiffs make use of quotations without providing the source of such quotations regarding "dial-up" (quotations used precisely as used by the plaintiffs); it is well settled FACT regarding the speed at which bits (computer code) passes through a Dial-up connection:  "Dial-up internet has a maximum speed of **56 kbps**. In practice, dial-up speeds can be much slower."

https://www.highspeedinternet.com/providers/dial-up#:~:text=How%20fast%20is%20dial%2Dup,upload%20speed%20of%203%20Mbps.

To put this in practical terms the now purported files at 169 MEGABYTES, even with the 56k modem used, the actual downlink speeds with other processes going on takes quite a bit longer, IN FACT as the link below demonstrates it takes between 6 and 11 HOURS to download, the plaintiffs purported 169 MEGABYTE file:

https://www.mindgems.com/info/file-download-time-calculator/?FileSize=169&Units=megabytes

The link is to an online calculation to provide evidence of the time it takes to download the file.

Plaintiffs ADMIT to having only contracted their mysterious technical support company (Dale Takio / Mike Moran the usual suspects), "On January 18, 2023, Plaintiffs had engaged a technical company to create a Special Drop Box with Trace and Track abilities" see Doc. 414 at (2)(c), this is a FULL 2 MONTHS after they were commanded to comply, and the Plaintiffs further admit: "On January 26, 2023, this Special Drop Box went active", D. 414 @ (2)(c), Doc. 389 was filed with the Court the same day by Larry Michel, per the docket report, though see Ex. B

The dropbox link provided by the plaintiffs according to their OWN admission claim they know who and when the files were downloaded but provide nothing more than screenshots showing the number of times the file was viewed (meaning attempts made at download) and the number of times the file was downloaded, on one screen they show 7 views and 2 downloads, Exhibit D and on another they show 13 views and 4 downloads Exhibit C. The real question is WHO are these 4 people or entities who have now downloaded the file?

Plaintiffs statement: *"arguing some non-sensical, frivolous commentary about how he was able to surf the web and browse the file name of Legal Software.net."* see Doc. 414. This is an erroneous statement made by an obvious luddite. Not only removing all doubt as to their assumptions, not at all correct or true, demonstrates evidence the Plaintiffs superior wealth and resources do not take into account those that are not as fortunate as they, having such wealth to afford luxury high speed internet. Nor do plaintiffs seem to understand the nature of the Internet

and the fact that those with slower internet connections rely upon CDN"s (Content Delivery Networks) and EDGE of Internet CACHING to access the World Wide Web. To assist the Court in better understanding, how those of us who are not as fortunate to charge exorbitant rates for our time, use basic and much slower speeds to access the internet. It is not just possible but it is the way much of the country accesses the internet at much slower speeds relying upon cached data for websites via CDN's including the website www.LegalSoftware.net advertising Cannabis, which was clearly advertised on the purported dropbox link made public to the world through the use of US Federal Resources: "An edge server often serves as the connection between separate networks. **A primary purpose of a CDN edge server is to store content <u>as close as possible to a requesting client machine</u>, thereby reducing latency and improving page load times**." (emphasis added) https://www.cloudflare.com/learning/cdn/glossary/edge-server/#:~:text=An%20edge%20server%20often%20serves,and%20improving%20page%20load%20times.

> "A **Content Delivery Network** (CDN), also referred to as Content Delivery Network or CDN, refers to a geographically distributed set of servers that work together in a network to deliver fast, consistent delivery of Internet data. A CDN helps to distribute both standard and non-standardized web content to various locations. This ensures that clients can receive the content at the speed of light from anywhere in the world, no matter how the client is accessing the Internet. A CDN can help to increase the competitiveness of any given market by increasing the amount of Internet traffic. CDN uses large pools of high-capacity mainframes in order to store, transmit and compress the content closer to end-users locations. These mainframes are provided with the latest hardware and with redundant power sources to avoid any loss of service and to make the data centers more efficient. This enables the data centers to serve the majority of the client's websites with a high degree of capacity. In addition, the quality of service offered by the CDN depends on how close the servers are to the Point of Presence or the exact geographical positioning of the server nearest to the client's site."
> https://www.server4sale.com.pk/blog/what-does-a-content-delivery-network-cdn-do-and-how-does-it-works/

Now that we have addressed the issues with speed and connectivity and why the access to websites such as Craig Brand's promotion of Cannabis related site LegalSoftware.net is much easier accessible to those without the luxury of high speed internet access and must rely upon shared or

dial-up, access as the plaintiffs point out.   NEXT if it pleases the Court, we can now move to the exhibits produced by the Plaintiffs to supposedly support their erroneous conclusions.

> At (2)(h) of Document 414, plaintiffs state:
>
> "Legal Software.net has no baring or relevancy to the Drop Box's link and the files contained therein. Any and all arguments that Mr. Nelson has made about and concerning Legal Software.net and that stand alone, poised alleged site and content is immaterial to the issues and has zero baring as to the fact that Mr. Nelson has been able to download the Drop Box files."

On the contrary LegalSoftware.net is the main heading and the promotion of the PUBLIC link shown by the plaintiffs as initially complained of by the defendant.  IN FACT as is pointed out the Plaintiffs publicly and purposefully made the link PUBLICLY available in a PUBLIC Legal Filing and did so as the evidence they submit so dictates: WITHOUT PASSWORD, as articulated by the Plaintiffs own exhibits.   This was obviously not accidental by the plaintiffs as they state they hired and "engaged a technical company to create a Special Drop Box with Trace and Track abilities" see plaintiffs statement at (2)(c) of Document 414.   "Trace and Track abilities" VIOLATE court orders!

First barebones, the ORDER of the Court regarding ESI and the delivery of ESI, specifically OUTLAWS and prohibits the parties from using any form of "track and trace" as plaintiffs claim. Plaintiffs should now be able to provide very specific information as to their **"track and trace" systems they have ILLEGALLY** against the prior ORDERS of the Court installed in their purported delivery methods.  See page 3, at (b) wherein the Order of the Court states:  **"Any ESI produced by any Party and any email transmitted between the Parties shall not contain any capability of tracking any recipient or subsequent recipient of the ESI and/or the Email."** THE ORDER of the COURT Document 291 goes on to state very clearly to the parties:

> "Any ESI produced by any Party and any email transmitted between the Parties shall not contain any coding providing any Party, or any other person or entity, foreign or domestic, with the capability of accessing the computer, server, cellular phone and/or storage device of any person accessing the ESI and/or any email transmitting the ESI."   ORDER Doc. 291

<u>Plaintiffs have now ADMITTED to DIRECT VIOLATION of the ORDER of the COURT</u> regarding ESI.  Furthermore, since the defendant is without the files as requested to be provided and ORDERED by the Court previously for the compliance by the plaintiffs NOT LATER THAN 18 November 2022, plaintiffs have ADMITTED to not even engaging with the so-called: "technical company" see statement of Plaintiffs in Document 414 at (2)(c):  "**On January 18, 2023**, Plaintiffs had engaged a technical company to create a <u>Special Drop Box with Trace and Track abilities</u>"

Now we have a situation where the plaintiffs are mincing words, not complying with prior ORDERS of the Court to deliver the documents not later than 18 November 2022, stating they have NOT even bothered to comply until the defendant's SECOND Motion to Compel, which should be taken by the Court as a Motion for SANCTIONS, given the FACT, as ADMITTED to by the plaintiffs as having <u>not engaged a company until 18 January 2023 to comply with the deadline of 18 November 2023, then providing insufficient delivery 26 Jan. 2023</u>!  Then we have the issue of their claims regarding the files on the so-called dropbox delivery platform advertising LegalSoftware.net yet ANOTHER law firm of Craig Brand this one using this US Federal Court (Article III Federal Court) to advertise and promote CANNABIS and Hemp, one of which is illegal under Kansas Law and certainly under the 1970 Controlled Substances Act as a listed Schedule I illicit drug.  The facts are the facts, a Kansas Lawyer, knowing the dropbox is insufficient to deliver evidence, is promoting substances in violation of US Federal and Kansas State Law, to skirt both under the 1970 Controlled Substances Act and *(Kan. Stat. Ann. §§ 21-5706(b) and (c), 21-6602, 21-6611 (2019).)*

**The SHENANIGANS being deployed by the plaintiffs in their "scorched earth" SLAPP (Strategic Lawsuit Against Public Participation) complaints,** which have been time and time again amended, and are still without the requisite pleading to allow for this invidious harassment litigation to continue, now are both engaged in the dissemination publicly of documents

which the unrepresented pro se appearing undersigned is unable to retrieve and are doing so in a manner to promote illegal Schedule I drugs in VIOLATION of BOTH the US Federal Law.

**PLAINTIFFS PROVE their OWN lies in the exhibits they provide to the Court:**

First in Exhibit "C" of document 414, plaintiff demonstrate the first and ONLY time they attempted any compliance with prior ORDER of the Court to deliver the so-called disclosures by 18 November 2022 as required by ORDER of the Court, and the delivery was made PUBLIC for the WORLD to see, and acquire the so-called confidential discovery.  AND now the so-called drop box is disabled: https://www.dropbox.com/t/86Z0KQl67K4UP0sH they claim was only enabled 26 Jan '23

SECOND, WHO ARE THE 2 or 4 PARTIES THAT DOWNLOADED THIS FILE?  OR IS IT FOUR (4) Different Parties who have Downloaded the file? See Ex. A-D attached.  THE DEFENDANT IS THE ONLY PARTY THAT SHOULD HAVE A COPY AND DOES NOT!  Plaintiffs own exhibits CLEARLY IDENTIFY the CREATION DATE of 1/25/2023, though state to the Court 26 Jan 2023, and show in one screen capture Expiration Date of 2/1/2023, Ex A-D, yet is disabled as of 31 Jan 2023, Ex. A another screen capture plaintiffs clearly show 13 Views and FOUR (4) Downloads (EMPHASIS ADDED).  WHO and WHERE are these downloads made?  Who are the views from?

**MOST IMPORTANTLY I am unable to retrieve the purported discovery being publicly disseminated in the filing made by Larry Michel in document 389.**

**WHEREFORE** I respectfully Pray this Honorable US Federal District Court for the District of Kansas will immediately seal the filing made by Larry Michel in document 389, to prevent further proliferation of discovery materials to the general public.  At this juncture I respectfully pray this Honorable US FEDERAL COURT, will not only uphold Kansas State Law but also US Federal Law and not simply reprimand plaintiffs but hold their feet to the proverbial fire for promoting a Schedule I illicit drug through the use of the US Federal Courts an Article III Federal Court in violation of US Federal Law as well as the State Laws of the Forum State of Kansas.

The inappropriate actions of the Plaintiffs are so severe and damaging to a fair and unbiased trial that their needs be additional SANCTIONS and certainly many additional right to strike potential jurors as no one can be certain any of the at least 4 different people or entities who have downloaded the discovery documents, none of which is the party it was meant for, as is evident the file was NOT password protected, as the Plaintiffs own exhibits (devoid Index of Exhibits as Required by Local Rules) demonstrate and the potential for a jury trial to be tainted is great and extreme given the careless actions of the plaintiffs who still have YET to COMPLY with prior ORDER of the Court in delivery of the initial disclosures.

The defendant has now been irreversibly PREJUDICED in this matter by the careless and reckless actions of the plaintiffs by their own admission.  SANCTIONS must be levied against the Plaintiffs and actions take to correct if possible the irreversible errors committed.

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*

Respectfully Submitted, this 31st  day of Jan 2023

*[signature: Michael Nelson]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone:  702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail:  **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature: Michael Nelson]*