FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

February 1, 2023

Christopher M. Wolpert
Clerk of Court

---

UNITED CAPITAL MANAGEMENT OF KANSAS, INC.; CHAD M. KOEHN,

    Plaintiffs Counter Defendants - Appellees

v.

MICHAEL E. NELSON,

    Defendant Crossclaimant - Appellant.

No. 23-3005
(D.C. No. 5:22-CV-04008-JWB-TJJ)
(D. Kan.)

---

**ORDER**

---

Before **HARTZ**, **MATHESON**, and **BACHARACH**, Circuit Judges.

---

    Pro se defendant Michael E. Nelson appealed an interlocutory order entered by the district court addressing middle case management procedural matters. This court challenged the appellant to demonstrate appellate jurisdiction. The appellant filed his Show Cause Reply to Interlocutory Appeal Jurisdiction. At the court's direction, the appellees filed a response to the appellant's memorandum brief. Upon consideration of the district court record, the parties' responses to the jurisdictional challenge, and the applicable law, we dismiss this appeal for lack of jurisdiction.

    This court generally has jurisdiction to review final decisions of the district courts, *see* 28 U.S.C. § 1291, and specific types of interlocutory and collateral orders not

applicable here, *see* 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949). Piecemeal review of interlocutory district court orders is not allowed because "fragmentary and piecemeal review of the district court's myriad rulings in the course of a typical case" would create an excessive burden on appellate courts. *Southern Ute Indian Tribe v. Leavitt*, 564 F.3d 1198, 1207 (10th Cir. 2009) (quoting *Boughton v. Cotter Corp.*, 10 F.3d 746, 748 (10th Cir. 1993)).

In this appeal, the appellant seeks review of the district court's order denying five motions requesting review or reconsideration of procedural orders previously issued by the magistrate judge, directing the appellant to register for electronic notice of court proceedings, and directing the appellant to show cause why he should not be sanctioned for his conduct during the litigation. The underlying district court case has not concluded, and no final judgment has been entered. *See* Fed. R. Civ. P. 58. Further, none of the available exceptions to the final judgment rule apply to the order being appealed. *See, e.g.*, 28 U.S.C. § 1292(a)&(b); Fed. R. Civ. P. 54(b); *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). Therefore, the order is purely interlocutory and not eligible for immediate appeal. We agree with the appellees that the appellant's arguments in support of appellate jurisdiction are not persuasive.

In sum, we lack jurisdiction to consider this appeal, and the appeal is therefore dismissed. *D&H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1444 (10th Cir. 1984) ("Jurisdiction to consider an appeal is not discretionary.").

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk