IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED CAPITAL MANAGEMENT OF KANSAS, INC. and
CHAD M. KOEHN

        Plaintiffs,

v.                                          Case No.  22-4008-JWB

MICHAEL E. NELSON,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiffs' statement of fees and travel expenses. (Doc. 362.)  This court previously determined monetary sanctions against Defendant were appropriate and ordered Plaintiffs to submit a statement of attorney fees and travel expenses related to the December 14, 2022 hearing.  (Doc. 349.)  Defendant objects to the amount of fees requested. (Doc. 411.)  Finding that Plaintiffs' fees and travel expenses are reasonable, the court orders Defendant to pay to Plaintiffs the amount of $1,425.00.

## I.    Attorney Fees

Plaintiffs' attorneys Chris Kellogg and Larry Michel each billed 3.5 hours for travel to and attendance at the December 14 hearing.  (Doc. 362 at 1.)  According to billing records, Mr. Kellogg billed an additional 0.6 hours which was not directly related to the hearing.  (*Id.* at 2; Doc. 362-1.) Mr. Michel billed his time at $350 per hour and Mr. Kellogg billed his time at $275 per hour. (Doc. 362 at 1.)

To determine reasonable attorney fees, the court must first determine the reasonable number of hours expended on the motion or hearing and then multiply that number by a reasonable

hourly rate. *Cadence Educ., LLC v. Vore*, Case No. 17-cv-2092-JWB-TJJ, 2019 WL 216552, at *3 (D. Kan. Jan. 16, 2019). The court must examine the prevailing market rate for the relevant community to determine reasonableness of the attorney's hourly rate. *Id.* Plaintiffs have requested $275 per hour for Mr. Kellogg's time and $350 per hour for Mr. Michel's time. Plaintiffs do not offer any evidence suggesting that these billing rates are what lawyers of comparable experience level and skill in Wichita, Kansas would charge for their time. However, the court is free to use its own discretion to establish the rate. *Rogers v. Bank of America, N.A.*, Case No. 13-1333-CM-TJJ, 2014 WL 6632944, at *2 (D. Kan. Nov. 21, 2014). In the *Rogers* case, the court found $300 per hour to be a reasonable rate for a partner and $225 per hour to be a reasonable rate for an associate in Wichita, Kansas. *Id.* Given that more than eight years have passed since that case, the court finds that it is reasonable for Mr. Michel to bill at a rate of $350 per hour and for Mr. Kellogg to bill at a rate of $275 per hour.

Next, the court considers the number of hours expended related to this hearing. Each attorney billed for 3.5 hours for travel time and attendance at the December 14 hearing. (Doc. 362 at 1.) Mr. Kellogg also billed an additional 0.6 hours related to this case on that date, but the court disregards that time as unrelated to hearing attendance. Plaintiffs also have attached evidence that travel time between the courthouse in downtown Wichita and Plaintiffs' counsel's office in Salina, Kansas is about an hour and 20 minutes. (Doc. 362-1 at 3.) Round trip, this is a total of 2.7 hours. The court will reduce this time to 1.3 hours for each attorney, the equivalent of billing the time at one-half of the attorneys' ordinary hourly rates. *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1258–59 (D. Kan. 2017) ("… the Court believes that the most reasonable approach is to allow counsel to recover 50 percent of travel time.") (internal quotation omitted).

The hearing took approximately 15 minutes, although it began at 9:15 rather than 9:00 am. This is an additional 0.5 hours that Plaintiffs reasonably billed. This leaves 0.3 hours of time billed during which counsel likely consulted with their clients and entered the building in order to be ready on time for the hearing. The court determines that 2.1 hours for each attorney was a reasonably amount of time to incur related to this hearing.

Defendant objects to paying for fees for both attorneys to attend the hearing. The court considers this objection to determine whether there was an unnecessary duplication of efforts here. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (describing reduction of hours when efforts were duplicated). While the court understands Defendant's point that perhaps one attorney would have sufficed at the hearing, the court declines to penalize Plaintiffs for sending two attorneys. This was the first in-person hearing for this case and the hearing was set so the court could resolve five pending motions. It was not unreasonable for Plaintiffs to have two attorneys attend the hearing.

Accordingly, Mr. Kellogg is awarded $577.50 for his time at the hearing (2.1 hours times $275) and Mr. Michel is awarded $735 for his time at the hearing (2.1 hours times $350).

## II. Travel Expenses

Plaintiffs also request $0.625 per mile for travel to and from the hearing. Plaintiffs submit evidence that the trip is 90 miles one way, for a total of 180 miles to get to and from the hearing. (Doc. 362-1 at 3.) The court notes that $0.625 is the IRS mileage rate for July 1 through December 31, 2022. This is a reasonable mileage rate and the court awards Plaintiffs $112.50 for travel expenses.

### III.     Conclusion

For the reasons stated herein, Defendant is ordered to pay $1,312.50 for attorney fees and

$112.50 for travel expenses to Plaintiffs on or before February 15, 2023.

IT IS SO ORDERED.  Dated this 7th day of  February 2023.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE