IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 22-cv-4008-JWB-TJJ |
| MICHAEL E. NELSON, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motions to Compel Discovery Propounded to Defendant November 10, 2022 and for Sanctions (ECF Nos. 375 and 391). Plaintiffs request an order (a) compelling Defendant to provide full and complete answers under oath to Plaintiffs' Second Interrogatories; (b) compelling Defendant to serve full and complete written responses and produce documents responsive to Plaintiffs' First Request for Production; and (c) deeming each of Plaintiffs' First Requests for Admissions admitted. Defendant, proceeding *pro se*, has filed his Opposition Memorandum and Request for Show Cause (ECF No. 402), arguing that the motions to compel should be denied for failure to confer, failure to obtain written permission to file the motions, and suggesting he never received copies of the discovery requests at issue in the motions. For the reasons explained below, Plaintiffs' motions are granted.

**I.  Service of the discovery requests at issue**

Although Defendant claims in passing that he received only one set of interrogatories from Plaintiffs, the primary thrust of his motion is a request that the Court order Plaintiffs to provide proof of service by providing the "UPS second-day overnight service tracking number" for the mailing of the discovery requests at issue.[1]  Plaintiffs state when and how they served their discovery requests in their Motions, as follows:

> [O]n November 10, 2022, counsel for Plaintiffs served by mail a true copy of Exhibits "A," "B," and "C" to the Defendant and filed a Notice of Compliance confirming service of the said discovery upon the Defendant. See Doc. 316.[sic] Defendant failed and/or refused to object to and/or provide any response to Exhibits "A," "B" and "C" attached hereto.[2]

Additionally, Plaintiffs' "Notice of Service of Discovery Requests" (ECF No. 319) indicates on November 10, 2022, Plaintiffs' counsel served the following discovery requests on Defendant by email and U.S. Mail at his Beaverton, Oregon mailing address:

1. Plaintiff/Counter-Defendants' First Requests for Admissions to Defendant/Counter-Plaintiff Michael Nelson;
2. Plaintiff/Counter-Defendants' First Request for Production to Defendant/counter Plaintiff Michael Nelson;
3. Plaintiff/Counter-Defendant's Second Interrogatories and Second Requests for Production to Defendant/Counter-Plaintiff Michael Nelson.[3]

Plaintiffs also attached copies of the above-listed discovery requests to their motion.  The certificate of service at the end of each set of discovery requests reflects once again that the discovery requests were served upon Defendant by email and U.S. Mail on November 10, 2022.[4]

---

[1] Def.'s Opp'n Mem. & Request for Show Cause to Doc. 375 (ECF No. 402) at 2.

[2] Pls.' Mot. (ECF No. 375) at 2.

[3] Pls.' Notice of Service of Discovery Requests (ECF No. 319).

[4] See ECF No. 375-1 at 10, 16, and 22.

Defendant's arguments and request are misplaced. None of Plaintiffs' notices or certificates of service for the discovery requests at issue indicate they were served by UPS second-day overnight. The Court has no reason to doubt Plaintiffs' multiple filings and representations that these discovery requests were mailed simply by "U.S. mail" to Defendant at his mailing address on November 10, 2022.[5]

The Court notes that on November 16, 2022, Defendant filed a Notice of Change of Email Address (ECF No. 322) stating that due to a cyber-attack in October 2022, his email address was affected and asking that all further communications be directed to a different email address than the one where Plaintiffs served their discovery requests. However, even if Defendant did not receive copies of the discovery requests via email due to issues with his email address, Plaintiffs have made a sufficient showing, and the Court finds, that the discovery requests at issue in this motion were served upon Defendant by U.S. Mail on November 10, 2022.

## II. Duty to Confer

Defendant next requests the Court deny Plaintiffs' motions on the grounds that they failed to comply with the requirements of Fed. R. Civ. P. 26(c)(1) and D. Kan. Rule 37.2 to confer prior to filing the motions. The duty to confer prior to filing a motion is contained in Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2.  Under Fed. R. Civ. P. 37(a)(1), a motion to compel discovery must include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

---

[5] Notably, also, nowhere in his Response does Defendant expressly state that he did not receive the discovery requests at issue.

In conjunction with Fed. R. Civ. P. 37, District of Kansas Local Rule 37.2 requires the attorney for the party filing the discovery motion to confer with opposing counsel prior to filing the motion. It provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, . . . , unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

The purpose of the conferring requirements is to encourage the parties to resolve their discovery disputes prior to resorting to judicial intervention.[6] Meet and confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery."[7] The parties must determine precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[8]

In their motion to compel filed on January 24, 2023 (ECF No. 375), Plaintiffs include one sentence under the heading, Certificate of Good Faith Conference Pursuant to Fed. R. Civ. P. 37(A) and D. Kan. Rule 37.2: "I hereby certify that on January 23, 2023, I attempted to speak via

---

[6] *Layne Christensen Co. v. Purolite Co.,* No. 09-2381, 2011 WL 381611, at *2 (D. Kan. Jan. 25, 2011).

[7] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[8] *Id.*

email with Defendant, MICHAEL NELSON, who, as of the time of filing, has not responded regarding the issues raised in this Motion."[9]

On January 26, 2023, Plaintiffs re-filed their motion to compel (ECF No. 391), however, they changed their Certificate of Good Faith to the following: "I hereby certify that on January 24, 2023, I attempted to speak with Defendant, MICHAEL NELSON, about discovery issues, who was unable to understand what the Plaintiffs were seeking in response, therefore necessitating court action."[10] Based upon these two statements, the Court finds that Plaintiffs did make some attempt to confer with Defendant before filing their motions to compel. The Court further recognizes that requiring Plaintiffs to make further efforts to confer with Defendant would be futile, and therefore will not deny Plaintiffs' motions to compel the requested discovery from Defendant based upon their alleged failure to confer. The Court further rejects Defendant's argument that Plaintiffs did not obtain advance written permission from the Court to file their motions. Although the Court inadvertently failed to include Plaintiffs' motion to compel discovery in its Order (ECF No. 360), Plaintiffs raised the issue of Defendant's failure to respond to their discovery requests at the January 18, 2023 Status Conference and Defendant should not be surprised by the filing of Plaintiffs' motion.

### III. Analysis

Plaintiffs request that the Court enter an order, pursuant to Fed. R. Civ. P. 37, compelling Defendant to provide full and complete discovery responses based upon Defendant's failure to timely object and/or respond to their discovery requests served on November 10, 2022. Plaintiffs allege Defendant has failed or refused to answer and/or object to any of Plaintiffs' Second

---

[9] ECF No. 375 at 4.

[10] ECF No. 391 at 4.

Interrogatories, failed or refused to provide written response and/or object to and produce the documents requested in each of the Plaintiffs' First Request for Production, and failed or refused to respond and/or object to each of Plaintiffs' First Requests for Admissions.

In his response, Defendant does not challenge Plaintiffs' allegation that he did not serve any answers, responses or objections or produce any documents responsive to the three sets of discovery requests at issue. The Court notes Defendant never requested additional time to respond to the discovery requests, nor did he serve any response whatsoever to any of the requests.

Fed. R. Civ. P. 33(b)(2) requires Defendant to serve his answers and any objections to Plaintiffs' interrogatories within 30 days after service. "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."[11] Plaintiffs have adequately shown that they served their Second Interrogatories upon Defendant via email and U.S. Mail on November 10, 2022. Defendant has failed to serve his answers and any objections to Plaintiffs' Second Interrogatories within the 30-day deadline. The Court finds that pursuant to Rule 33, Defendant has therefore waived any objections to Plaintiffs' Second Interrogatories. The Court further finds because Defendant failed to answer Plaintiffs' Second Interrogatories, Plaintiffs are entitled to an order compelling Defendant's answers to the interrogatories under Rule 37(a)(3)(iii). Defendant is hereby ordered to serve full and complete answers under oath and without objection to Plaintiffs' Second Interrogatories on or before **March 3, 2023**.

Under Fed. R. Civ. P. 34(b)(2)(A), Defendant must respond in writing to Plaintiffs' First Request for Production within 30 days after being served. Rule 34(b)(2)(B) further provides instructions for responding to requests for production:

> For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for

---
[11] Fed. R. Civ. P. 33(b)(4).

objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."[12]

Plaintiffs have adequately shown that they served their First Request for Production upon Defendant via U.S. Mail on November 10, 2022. Defendant has failed to serve his responses and any objections or to produce responsive documents within the 30-day deadline. The Court further finds because Defendant failed to serve his written responses or to produce responsive documents to Plaintiffs' First Request for Production, Plaintiffs are entitled to an order compelling responses and production of responsive documents under Rule 37(a)(3)(iv). Defendant is hereby ordered to serve full and complete written responses and produce documents responsive to Plaintiffs' First Request for Production of Documents on or before **March 3, 2023**.

Fed. R. Civ. P. 36(a)(3) requires Defendant to serve his answers and any objections to Plaintiffs' First Requests for Admission within 30 days after service. The Rule provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party."[13] Plaintiffs have adequately shown that they served their First Requests for Admission upon Defendant via email and U.S. Mail on November 10, 2022. Defendant has failed to serve his written answer or objection to the Requests for Admission within the 30-day deadline. Defendant is therefore deemed to have admitted each of Plaintiffs' First Requests for Admission.

---

[12] Fed. R. Civ. P. 34(b)(2)(B).

[13] Fed. R. Civ. P. 36(a)(3).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motions to Compel Discovery (ECF No. 375 and 391) are granted. On or before **March 3, 2023**, Defendant Nelson shall provide full and complete answers under oath to Plaintiffs' Second Interrogatories; and serve full and complete written responses and produce documents responsive to Plaintiffs' First Request for Production.

**IT IS FURTHER ORDERED** that Defendant is deemed to have admitted each of Plaintiffs' First Requests for Admission.

**IT IS FURTHER ORDERED** that Plaintiffs' request for sanctions under Fed. R. Civ. P. 37(d) is taken under advisement pending further Order of the Court after Defendant's deadline to comply with this Order.

IT IS SO ORDERED.

Dated February 9, 2023, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge