IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 22-cv-4008-JWB-TJJ |
| MICHAEL E. NELSON, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Issuance of an Order to Show Cause Against Defendant for Failure to Fully and Completely Answer First Interrogatories 1(a)–1(h) (ECF No. 380). Plaintiffs request an order compelling Defendant to show cause why he should not be held in contempt and sanctioned for his failure to provide full and complete answers under oath to Plaintiffs' First Interrogatories served on August 4, 2022. Defendant, proceeding *pro se*, has filed his Response (ECF No. 400) stating he has replied to each and every interrogatory to the best of his ability and memory. For the reasons explained below, Plaintiffs' motion is denied.

**I.  Interrogatories at Issue and Procedural Background of Dispute**

Plaintiffs' First Interrogatories 1(a) and 1(e) ask Defendant to describe in detail the physical pain and mental anguish he has suffered "[f]or each of the claims [Defendant is] making against Plaintiffs." Interrogatory subparts 1(b) and 1(f) request the dates he began suffering; Interrogatory subparts 1(c) and 1(f) ask whether he still suffers from the physical pain and mental anguish; and Interrogatory subparts 1(d) and 1(h) would require him to provide the name and address of each

health care provider or pharmacy he consulted or received treatment from, a description of the treatment, and name and strength of any prescription drug.

Defendant served his answers to Plaintiffs' First Interrogatories on September 10, 2022.[1] At the Court's October 4, 2022 monthly status conference, Plaintiffs raised issues regarding Defendant's purported answers to the interrogatories and pointed out the Court had already entered a Protective Order (ECF No. 217) on September 8, 2022. The Court ordered Defendant to supplement his answer to Interrogatories 1(a)-1(h), as discussed during the conference, no later than October 21, 2022.[2]

At the November 1, 2022 monthly status conference, Plaintiffs made an oral motion for issuance of a show cause order against Defendant for his refusal to answer the Interrogatories as ordered. The Court denied the motion without prejudice and permitted Plaintiffs to raise the issue at a future status conference after resolution of Defendant's appeal of the Court's prior October 4, 2022 Order.[3] Defendant's appeal was denied on December 14, 2022.[4]

On January 12, 2023, Defendant served his Revised Answers to Supplant Former Answers to Plaintiffs' First Interrogatories.[5] but, at the January 18, 2023 Status Conference, Plaintiffs complained that Defendant's answers still were not sufficient because he did not provide addresses

---

[1] *See* Def.'s Notice of Delivery of Answers to Interrogs. (ECF No. 239) and Def.'s Interrog. Answers (ECF 380-3).

[2] *See* Court's Oct. 6, 2022 Amended Order (ECF No. 274).

[3] *See* Court's Nov. 3, 2022 Order (ECF No. 302).

[4] *See* Court's Dec. 14, 2022 Mem. & Order (ECF No. 334).

[5] *See* Def.'s Revised Interrog. Answers (ECF 380-4).

for the health care providers so Defendant's medical records could be obtained. The Court granted Plaintiffs leave until January 25, 2023 to file the instant motion.[6]

Meanwhile, on January 18, 2023 and February 7, 2023, District Judge Broomes entered orders which dismissed all of Defendant's counterclaims against Plaintiffs.[7]

## II. Discussion

Interrogatories 1(a)–1(h) request information regarding Defendant's mental and physical suffering, care and treatment" [f]or each of the claims [Defendant is] making against Plaintiffs." However, the Court finds that the information sought in these Interrogatories is no longer relevant to any claim or defense in this case, in light of the Orders entered subsequent to service of these Interrogatories dismissing all of Defendant's counterclaims against Plaintiffs. Defendant no longer has any pending counterclaims against Plaintiffs for which he is claiming injuries or damages. The Court therefore finds the discovery sought is outside the scope permitted under Fed. R. Civ. P. 26(b)(1).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Issuance of an Order to Show Cause Against Defendant for Failure to Fully and Completely Answer First Interrogatories 1(a)–1(h) (ECF No. 380) is denied.

IT IS SO ORDERED.

Dated February 14, 2023, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge

---

[6] *See* Court's Jan. 18, 2023 Order (ECF No. 360) at p.3 (deadlines chart).

[7] *See* Court's Jan. 18, 2023 Mem. & Order (ECF No. 361) and Feb. 7, 2023 Order (ECF No. 425).