IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 22-cv-4008-JWB-TJJ |
| MICHAEL E. NELSON, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Order Granting a Rule 35 Psychiatric Examination of Defendant (ECF No. 383). Plaintiffs request an order compelling Defendant to appear for a mental examination under Fed. R. Civ. P. 35. Defendant, proceeding *pro se*, has filed his Memorandum in Opposition (ECF No. 401) arguing that the requested examination is not warranted and should not be allowed because no medical issues are raisedin the current pleadings which would allow for such an invasive and prejudicial examination, and his counterclaims have been dismissed by the Court. For the reasons explained below, Plaintiffs' motion is denied.

**I.      Legal Standard**

Fed. R. Civ. P. 35 governs physical and mental examinations. It sets forth the requirements for a party to seek a medical examination of an adverse party whose mental or physical condition is in controversy.  Under Rule 35(a)(1), "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to

a physical or mental examination by a suitably licensed or certified examiner."[1] In addition to showing the mental or physical condition of the party to be examined is "in controversy," the party requesting the examination must file a motion and show good cause.[2]

The "in controversy" and "good cause" requirements of Rule 35 are not satisfied by conclusory allegations contained in pleadings, or by assertions of mere relevance to the case.[3] Rule 35 requires an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.[4]

Rule 35 is "consciously designed to be somewhat restrictive to guard against the use of requests for mental examinations as a tool for harassment, intimidation or delay in what courts have described as the 'garden variety' emotional distress claim."[5] These types of garden variety emotional distress claims do not place the party's mental condition "in controversy" for the purposes of justifying a mental examination under Rule 35.[6] This Court has previously required a party seeking a mental examination based upon the opposing party's allegation of "loss of self-

---

[1] Fed. R. Civ. P. 35(a)(1).

[2] *See* Fed. R. Civ. P. 35(a)(2)(A) (requiring the court's order "be made only on motion for good cause and on notice to all parties and the person to be examined.").

[3] *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

[4] *Id.*

[5] *Kankam v. Univ. of Kan. Hosp. Auth.*, No. 07-2554-KHV, 2008 WL 4369315, at *3 (D. Kan. Sept. 23, 2008).

[6] *Id.*; *Fergus v. Faith Home Healthcare, Inc.*, No. 2:18-CV-02330-JWL-TJJ, 2019 WL 1101280, at *2 (D. Kan. Mar. 8, 2019). "Garden variety" emotional distress claims include damages for "mental anguish, mental distress, emotional pain, anxiety, embarrassment, humiliation, career disruption, and inconvenience foreseeably flowing" from the actions of the party who is alleged to have caused the damages. *Kankam*, 2008 WL 4369315, at *4.

esteem, humiliation, [and] garden variety emotional distress" to show in addition to a claim for emotional distress, one or more of the following factors was also present: (1) the party to be examined has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) alleged a specific mental or psychiatric injury or disorder, (3) claimed unusually severe emotional distress; (4) offered expert testimony in support of his claim for emotional distress damages; and/or (5) conceded that his mental condition is "in controversy" within the meaning of Rule 35(a).[7]

## II. Analysis

Plaintiffs must make an affirmative showing that Defendant's mental condition is "in controversy" and that "good cause" exists for the requested psychiatric examination. Plaintiffs state in their motion: "Assuming [Defendant] timely files a properly pleaded single count Second Amended Complaint for defamation pursuant to Judge Broomes' January 18, 2023, Order (Doc. 361), [Defendant] will be seeking damages for his mental pain and anguish. [Defendant] might also make use of his mental conditions as part of his affirmative defenses or, in fact, defense, and thus giving the Plaintiffs the need to address these topics through an independent examination."[8]

Plaintiffs' motion requesting Defendant appear for a Rule 35 examination is based upon Defendant properly pleading his defamation counterclaim as permitted by the Court's Order (ECF No. 361) and Defendant asserting a claim for damages for some type of emotional distress stemming from the alleged defamation. Since Plaintiffs filed their motion, Defendant's last

---

[7] *Fergus v. Faith Home Healthcare, Inc.,* No. 2:18-CV-02330-JWL-TJJ, 2019 WL 1101280, at *3 (D. Kan. Mar. 8, 2019).

[8] Pls.' Mot. (ECF No. 383) at 3.

remaining counterclaim for defamation against Plaintiffs was dismissed by the Court.[9] Plaintiffs have not shown that Defendant has any pending counterclaim(s) that place his mental condition in controversy. Plaintiffs' alternate argument that Defendant "might" make use of his mental condition as part of some unidentified affirmative defense or defense is speculative and is not sufficient to affirmatively establish the "in controversy" requirement under Rule 35(a)(1). Plaintiffs therefore have not shown Defendant has placed his mental condition in controversy or shown good cause for Defendant to submit to a mental examination under Fed. R. Civ. P. 35.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Order Granting a Rule 35 Psychiatric Examination of Defendant (ECF No. 383) is denied.

IT IS SO ORDERED.

Dated February 14, 2023, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge

---

[9] *See* Order (ECF NO. 425).