# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN** <br><br> Plaintiffs,  v. <br> Michael Nelson <br><br> Defendant ;   PRO-Se. | **DOCKET NO.:    5:22-CV-04008-JWB-GEB** <br> **CIVIL ACTION** <br><br> **Notice of Compliance with ORDER No. 424** <br> **Preservation of Objection for Appeal** <br> [Jury Trial Demanded] |

**Notice of Compliance with ORDER No. 424**

**Preservation of Objection for Appeal**

Comes now, Michael Nelson, who makes this NOTICE of **Notice of Compliance with ORDER No. 424; Preservation of Objection for Appeal.**

IF it pleases the Court, attached herewith as Exhibit "A", is receipt from KenBerk of payment in the amount of $1,425.00 pursuant with ORDER of this Honorable Court the US District of Kansas FEDERAL COURT, pursuant with ORDER of the Court in ORDER (document) Number: 424.  Payment has been made, pursuant with the Court's Order, however, preservation for appeal is also tendered and notice for the record pursuant with prevailing case law of the Tenth Circuit, specifically:

A 'reasonable hourly rate' is defined as the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera, 515 F.3d at 1348 (quoting Blum, 465 U.S. at 896 n.11)*. There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. Id. This is known as the Davis County exception. *Hall v. Sec'y of Health & Human Servs., 640 F.3d 1351, 1353*

*(2011) (citing Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA, 169 F.3d 755, 758 (D.C. Cir. 1999)*). The US District of Kansas is no different, with the exception this is not a complex case, and does not require exceptional skill or expertise. Kellogg's rate as stated herein above should be no higher than $200 and that of Michel's not greater than $275 per hour.

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera, 515 F.3d at 1348*. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983))*. "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.(2016)*.

Realizing that, subject to Appeal 28 USC Section 1291; see also *Riley v. Kennedy, 553 US 406, 419 (2008)*; <u>sanction orders entered during the course of proceedings are not final</u>, appealable orders. *United States v. gonzales, 531 F.3d. 1198, 1202 (10th Cir. 2008); Law v. NCAA, 134 F.3d 1438, 1440 (10th Cir. 1998)*; A party must wait until the end of a case to appeal any sanctions assessed during the course of the litigation. *See G.J.B. & Assocs., Inc. v. Singleton, 913 F.2d 824, 829 (10th Cir. 1990)* and as this sanction award deals directly with attorneys then the applicability of *Cohen v. Beneficial Industrial Loan Corp. 337 U.S. 541 (1949)* may also be applicable.

WHEREFORE, PRAYER for relief that the Court Recognize the Compliance of the PRO SE, defendant with the Order of the Court in Document / ORDER Number 424 of the above herein entitled litigation and notice of objection for appealability upon conclusion of the above entitled action if the defendant so desires, pursuant without limitation the case precedents and rules as herein cited above.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 15th day of February 2022.

*[signature: Michael Nelson]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com     702.932. 3434

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature: Michael Nelson]*