# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN**<br><br>　　　　　Plaintiffs,　　v.<br>Michael Nelson<br>　　Defendant ;　PRO-Se. | **DOCKET NO.:　5:22-CV-04008-JWB-TJJ**<br>**CIVIL ACTION**<br><br>**NOTICE of Rule 408 Offer and Compromise Served upon Plaintiffs in compliance with Rule 408 and Rule 68**<br><br>**[Jury Trial Demanded]** |

**NOTICE of Rule 408 Offer / Compromise Served upon Plaintiffs in compliance with Rule 408 and Rule 68**

Comes now, Michael Nelson, who makes this NOTICE of **Rule 408 Offer / Compromise on judgment Served upon Plaintiffs in compliance with Rule 408 and Rule 68.**

　　　IF it pleases the Court, the defendant, so informs the Court, that the defendant has been acquitted, found not guilty by a jury on February 8th, 2023, having been exonerated of all charges: Michael Eric Nelson Acquitted of All Charges in Criminal Case in Bartlesville OK http://www.bartlesvilleradio.com/pages/news/371912023/rhode-island-man-acquitted-on-multiple-charges　Having recently been exonerated via a Jury of 12, in the parallel hereto criminal proceedings. Chad M. Koehn, plaintiff in this matter traveled more than 200 miles by motor vehicle, crossing state lines, and was in attendance of the parallel trial as noted in various reports, by the Court and multiple witnesses upon the record of the parallel criminal proceedings. An offer in compromise/judgment has been tendered to the plaintiffs, Chad Mitchell Koehn and United Capital Management of Kansas Inc., which would effectively terminate the above herein referenced litigation, if accepted. Such offer made in accordance with Rules 408 and Rule 68 of Federal Rules of Civil Procedure has been made to provide for judicial economy, judicial efficiency and providing for conservation of Judicial resources

as well as those of the parties, under such terms if not accepted Rule 68(d) so does attach, as stated therein the specified terms of offer of compromise and judgment to terminate this litigation and others, offer was tendered to the plaintiffs, electronically and via USPS mail, dated 16 February 2023.

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 17th day of February 2022.

*[signature]*

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com        702.932. 3434

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

*[signature]*