# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) <u>and</u> **CHAD M. KOEHN**<br><br>Plaintiffs, counter-defendants<br>v.<br>Michael Nelson<br><br>Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.:** 5:22-CV-04008-JWB-TJJ<br>**CIVIL ACTION**<br><br><u>Motion for Protective Order from Abusive Discovery Requests of Plaintiffs<br>& Motion to Compel Production</u><br><br>**[Jury Trial Demanded]** |

COMES NOW, Michael Nelson, pro se, out of necessity & Motions for Protection against Abusive Discovery propounded by plaintiffs and for motion to compel production of documents essential to the litigation, and protection of the US Economy from domestic enemies.

<u>Judge James in an email to the parties 14 February 2023, permits this filing.</u>

First and foremost, *proto*, plaintiffs have had an inordinate time to conduct discovery, and have waited until near close of discovery to make responses to prior requests for production, in those responses <u>plaintiffs have downright refused to provide necessary documents</u>, see attached Exhibit "A" and have instead repeatedly stated they would produce the necessary documents within 30 days, which is not in the spirit of the rules nor allows for review prior to the close of discovery 10 March 2023. Plaintiffs must be COMPELLED to produce the discovery forthwith and should be sanctioned for their violative conduct, basically creating their own rules in order to beg the indulgence of the Court and the opposing party just a little longer with scorched earth tactics.

Plaintiffs have continually not provided basic discovery, requested, in fact plaintiffs have caused ever growing litigations by refusal to provide the discovery lawfully, and necessary to provide for a defense to this SLAPP litigation. Now plaintiffs have sought to by-pass discovery, by submitting answers to production of documents, stating they will produce the documents requested within 30 days, this is not what is meant by the rules, they are in effect extending discovery terms by 60 days. By doing so plaintiffs are in effect <u>denying the defendant the constitutional right to defend the SLAPP litigation.</u> Worse the plaintiffs have upon the heels of the Jury Trial

ACQUITTAL in the parallel Oklahoma criminal case, decided to at the 11th hour serve an abusive 85 page single spaced requests for admission, attached herewith as Exhibit "B", in repetitive fashion seek inordinate costs of time, repetitive attacks, in hopes to further paper this matter with erroneous claims, seeking to extend discovery deadline.  The 85 page repetitive requests for admission contain requests which the plaintiffs cannot reasonably believe are true and are a fishing expedition, against the rules and spirit of those rules. The Court has been firm since the scheduling order was entered in ECF 122.  The fact plaintiffs have waited until the 11th hour to serve an abusive and harassing EIGHTY-FIVE page single spaced request for admission, <u>demonstrates clear dialtory motives designed to harass and intimidate and burden the single pro se defendant</u> seeking admissions the plaintiffs know have not bearing upon the litigation and seek nothing short of "scorched earth" litigation tactics and practices as Judge Broomes even commented and complained concerning plaintiff's actions at the 14 December 2022, *hearing*.  As the Court will certainly see the plaintiffs provide only 46 addresses, see Exhibit "A" without other contact information for the persons they list in their second amended complaint, then plaintiffs serve 75 names in their requests for admission, Exhibit "B" however, the second amended complaint contains 88 names, as outlined in Exhibit "C", plaintiffs are playing games with discovery and NOT providing the information.  Plaintiffs must be compelled to provide all contact information and supplement with the MISSING 32 names and contact information, as well as immediately provide all documents demanded to be produced.  Plaintiffs request documents from the defendant, which the defendant has not, and when the defendant requests those same documents from plaintiffs they claim "work product", which is it?  See Exhibit "A", plaintiffs response to number 19.

     The courts will generally protect individuals from unwanted annoyance, embarrassment, oppression,<u> undue burden, or expenses. </u> Furthermore, the court rules are generally designed to prevent a party from going into a "fishing expedition" in the context of discovery, party seeks to

access information exceeding what's reasonable, fair, or legally permissible, here plaintiffs refuse to provide information necessary to defend, and downright refuse to provide information on their claims in their second amended complaint.  The broad freedoms to parties in a lawsuit, also protect litigants from undue burden, unreasonable demands, discovery harassment, factual fishing expeditions, or other unjust behaviors; the plaintiffs are represented by numerous law firms and attorneys poised against a single pro se defendant, and are engaged in Scorched Earth litigation tactics as a means to exact the sort of warning that SLAPP lawsuits emulate to others, who view the scorched earth tactics as not wanting to become embroiled in litigation therefore will most likely just walk away from their hard earned money in investment schemes and crypto currencies sold by the plaintiffs.  No matter the plaintiffs wild machinations and dolus claiming to be in business with Major Sovereigns and having as clients US States and US Federal Agencies,  The fear of other VICTIMS  becoming embroiled in litigation with the plaintiffs scorched earth tactics is well demonstrated in this matter so many VICTIMS shall simply abandon their claims, thus the scorched earth litigation pursued by the plaintiffs achieve the intended purposes of such SLAPP litigations.

The plaintiffs have had more than 6 months to propound such a discovery requests and have purposefully waited til the 11th hour prior to close of discovery for no reasonable nor proper purpose other than to abuse and harass the single pro se defendant in this matter, only after a Jury made a finding of NOT GUILTY a full acquittal of all charges in the parallel criminal case in Oklahoma, EXONERATING any wrongdoing: [Michael Eric Nelson Acquitted on All Charges](#)

In FACT of the gaggle of persons claimed by Koehn at 18, of the second amended complaint only two (2) were contacted regarding preparation of subpoenas, covered under absolute and qualified privilege, both those persons Mark J. Ritter and Craig A. Piercy testified in the parallel criminal matter in Oklahoma, both testifying they continue to do business with the plaintiffs demonstrating plaintiffs have NO CAUSE of Action.  Furthermore, plaintiffs continue to list

Marsha Weaver, deceased, passing after a long battle with cancer, is dilatory and in bad faith. Plaintiffs have recognized that Marsha Weaver is DECEASED yet they continually add her in their abusive repetitive burdensome scorched earth discovery tactics. Koehn provides no evidence of having received referrals in the past, nor the receipt of referrals from persons from beyond the grave, he does not meet the hurdle to allow for damages; that customers have "ceased, in whole or in part, as to their business or referrals, ceased, in whole or in part" (2nd Amended Complaint at 30). "Broad and factually unsupported allegations of patient cancellations {emphasis added} do not support a claim for damages"; *Snyder v. American Kennel Club, (D. Kan. 2009)*

In hopes to provide for judicial economy and efficiency providing <u>conservation of Judicial Resources</u>. I, Michael Nelson in the above herein captioned matter, provide the following admission, that as to plaintiffs claims, and testimony given during the criminal trial in Oklahoma, I have left a voicemail message for a man identified as Mark Joseph Ritter, who testified under oath and the voicemail was played in open Court before a Jury. Mr. Ritter also testified he continues to conduct business with the plaintiffs and referred to the undersigned as a "goofball", it was evident based upon his testimony the plaintiffs can show no damages regarding Mr. Ritter. In fact it is believed Mister Ritter is behind a defamation campaign to malign me and others at the behest of Chad Koehn, a matter for separate litigation. Mr. Ritter although claiming to have a son who has recently passed also has a daughter employed by FIDELITY Investments, perhaps Mr. Ritter would rather keep most of his money with his own daughter than Mr. Koehn?

I, Michael Nelson, further admit I have had two phone calls with Mr. Craig Piercy since 6 September 2022, the first of which **Mr. Piercy was obviously operating a motor vehicle, on or about 6 September 2022, his words were slurred and he appeared to be highly inebriated.** I therefore suggested we speak the following day, suggesting the early morning, **believing perhaps he would not be inebriated when we spoke next**. He did not appear to have slurred words or

inebriated and unlike the previous day did not appear to be operating a motor vehicle. We had a pleasant conversation, during which at no time did I seek to interfere with Mr. Piercy's claimed relationship with Koehn or UCMK. In fact the purpose of my conversation with Piercy and the voicemail to Ritter were to confirm their investments in Anthem Holdings Co. HeraSoft, Herc crypto stock coin (crypto currency) and other companies involved in this mess. Piercy volunteered information that his wife had her 401(k) transferred to Koehn, this was the first time I learned of any connection between Piercy and Koehn. Piercy spent most of the conversation ranting about Ritter, a guy Karl or Carl, Kelly Dunn and some other people, claiming that HeraSoft is Chad Koehn's invention and poised to be a billion dollar company. In order to properly serve Federal subpoenas pursuant with the prior instructions of the Court not to seek subpoenas for persons or entities which do not have the discoverable information sought, I contacted these two persons who are listed as shareholders of Anthem Holdings Company. I at no time caused nor made any defamation of Koehn or his alter egos UCMK or HeraSoft. <u>This whole scorched earth litigation needs to stop!</u> Koehn is doing himself no favors by continuing his scorched earth litigation and ridiculous claims, Koehn is his own worst enemy he has no damages as is evident.

To demonstrate to the Court just how the plaintiffs are engaged in scorched earth litigation, in their response to Request for production at # 25 of the defendant's request:

> "25. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "Plaintiffs stole Defendant's proprietary software"

<u>Plaintiffs respond by stating:</u> "RESPONSE: *Objection. Nelson no longer has a counterclaim in this action. Therefore, any such documents are irrelevant, immaterial and not reasonably calculated to lead to material evidence admissible at trial.*" HOWEVER, plaintiffs then serve requests for admission to the defendant, where they repeatedly request admission SEVENTY-FIVE (75) separate times stating: <u>"Chad M. Koehn and/or UCM stole Your proprietary software"</u>

I have served upon the plaintiff's requests for production which required them to provide the complete names, addresses, phone, cellular number and email for each person they list in their second amended complaint, however, plaintiffs purposefully refuse to follow the instructions, and as stated provide just over half the names required, and limited contact information, reciting repetitively at least fourteen (14) times they will provide documents within "30 days" which purposefully is not within the time limits to complete discovery by 10 March 2023.

WHEREFORE, it is my PRAYER for Relief from this Honorable United States Federal Court for the US District of Kansas, that I be protected against further abusive 11th hour discovery. Secondly I would request the plaintiffs be compelled and thus ORDERED to produce the documents and all names and contact information as required, timely and within the bounds of the time limits to close of discovery 10 March 2023, pursuant with prior Order of the Court in ECF document 122.

<u>Respectfully Submitted, this 20th day of Feb 2023</u>

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone: 702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All <u>pleadings shall be so construed as to do substantial justice</u>"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*