## UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN** <br><br>              Plaintiffs, <br>      v. <br> Michael Nelson <br><br>           Defendant ;    PRO-Se. | **DOCKET NO.:    5:22-CV-04008-JWB-GEB** <br> **CIVIL ACTION** <br><br> **EXHIBIT A** <br> **Motion for Protective Order from Abusive** <br> **Discovery Requests of Plaintiffs** <br> **& Motion to Compel Production** <br><br><br> **[Jury Trial Demanded]** |

# EXHIBIT

# "A"

# To Follow . . .

**Motion for Protective Order from Abusive Discovery Requests of Plaintiffs**

**& Motion to Compel Production**

KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:      (785) 825-4674
F:      (785) 825-5936

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHAD M. KOEHN, ET AL. ,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| **vs.** | ) | **Case No. 22-CV-04008-JWB-GEB** |
| | ) | |
| **MICHAEL NELSON,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS FOR PRODUCTION RECEIVED JANUARY 12, 2023

Plaintiffs, Chad M. Koehn ("Mr. Koehn") and United Capital Management of Kansas, Inc. ("UCM"), by and through their undersigned counsel, herewith respond or object to Defendant MICHAEL NELSON's ("Mr. Nelson") Second Request for Production received January 12, 2023, as follows:

**1. Produce full contact information including full legal name, physical address, mailing address, phone number, cellular phone number and electronic mail address for every person listed on Exhibit A AND every person listed at 17 and 18 of your second amended complaint.**

**RESPONSE:**

1

| LAST NAME | FIRST NAME | ADDRESS |
|-----------|-----------|---------|
| Bach | Jason | 11528 Cornhusker Rd<br>Alma, Ne 68920 |
| Bengston | Vince | 344 Dakota Rd<br>Windom, Ks 67491 |
| Bengston | Shanon | 947 3rd Ave<br>Windom, Ks 67491 |
| Bieker | Richard | 2759 Bret Ave.<br>Salina, Ks 67401 |
| Brands | Glenn | 500 Washington<br>Almena, Ks 67622 |
| Braxmeyer | Michael | 707 S. 6th St.<br>Atwood, Ks 67730 |
| Brush | Tim | 5 Circle Dr.<br>Downs, Ks 67437 |
| Busch | LaDonna | 2401 5th Ave.<br>Dodge City, Ks 67801 |
| Busch | Jerad | 2401 5th Ave.<br>Dodge City, Ks 67801 |
| Byquist | Stan | 2601 S. Ohio St.<br>Salina, Ks 67401 |
| Cole | Mark | 2510  Yellowstone Circ<br>Wichita, Ks 67215 |
| Cook | Wayne | 3155 Fort Dodge Rd.<br>Dodge City,Ks 67801 |
| Deges | Susan | 2814 US Hwy 24<br>Hill City, Ks 67642 |
| Diehl | Jerry | 521 Bishop<br>Salina, Ks 67401 |

| | | |
|---|---|---|
| Dome | Marion | 21351 W. 123rd Court<br>Olathe, Ks 66061 |
| Dome | April | 1300 12th Ave.<br>Dodge City, Ks 67801 |
| Emick | Tim | 20625 Andalisian View<br>Pueblo, Co 81008 |
| Everhart | Eric | 3397 S. Lightville Rd.<br>Salina, Ks 67401 |
| Fechter | Mike | 5201 NW Green Hills Rd<br>Topeka, Ks 66618 |
| Griffin | Norma | 4744 W. Pleasant Hill Rd<br>Salina, Ks 67401 |
| Harding | Brad | 1018 Truman Dr.<br>Norton, Ks 67654 |
| Huard | David | 1313 NW 193rd St.<br>Edmond, Ok 73012 |
| Keeler | Brian | 7544 Whitmore Rd<br>Gypsum, Ks 67448 |
| Kern | Bill | 4920 Pebble Lane<br>Wamego, Ks 66547 |
| Koehn | Reed | 8505 DD Rd.<br>Montezuma, Ks 67867 |
| Koehn | Chad | 259 S Cunningham Rd.<br>Salina, Ks 67401 |
| Leon | Kelly | 221 E. 15th.<br>Concordia, Ks 66901 |
| Loewen | Doug | 1418 Limestone<br>Hillsboro, Ks 67063 |
| Lofing | Mark | 801 East 5th.<br>Kinsley, Ks 67547 |

| | | |
|---|---|---|
| Madden | Barry | 508 N Graves<br>Norton, Ks 67654 |
| Matney | Jim &<br>Tresea | 348 W. Robson Rd.<br>Salina, Ks 67401 |
| McMillin | Adam | 140 Overhill Rd.<br>Salina, Ks 67401 |
| Newman | Joe | 1340 15th St.<br>Hoxie, Ks 67740 |
| Phillips | Randy | 426 N. Azalea Box 311<br>Booker, Tx 79005 |
| Piercy | Craig | 1308 Shoreline Dr. West<br>Salina, Ks 67401 |
| Rapp | Dan | 2600 Dundee Lane<br>Salina, Ks 67401 |
| Rempp | Doug | 14908 E Corwn Ct.<br>Fountain Hills, Az 85268 |
| Risewick | Richard | 13131 Praire Ridge Rd.<br>Norton, Ks 67654 |
| Roberg | Tod | 1334 A North Ohio St.<br>Salina, Ks 67401 |
| Scott | Travis &<br>Trisha | 104 Cumberland St.<br>Alma, Ne 68920 |
| Shirack | Debbie | 2316 S. Ohio St.<br>Salina, Ks 67401 |
| Short | Jerry | 6309 W. Watkins Rd.<br>Salina, Ks 67401 |
| Stanley | Ronnie | 10604 106 Rd.<br>Dodge City, Ks 67801 |
| Stratman | Ron | 1409 Bentgrass<br>Salina, Ks 67401 |

| Suing | Ben | 2531 Sonepost Lane<br>Salina, Ks 67401 |
|-------|-----|----------------------------------------|
| Walter | Dan | 120 S. State St.<br>Norton, Ks 67654 |

**Plaintiffs object to providing emails and telephone numbers for the persons based upon Defendant's propensity to intimidate individuals associated with the Plaintiff. Mr. Nelson has enough information to subpoena each person.**

**2. Produce the date when each person listed on Exhibit A and at numbers 17 and 18 of your second amended complaint became your customer.**

**RESPONSE:  Will produce documents and ESI responsive to this request within thirty (30) days,**

**3. Produce all statements of accounts, all assets managed, all fees paid, all income earned, producing the date when each payment was received and the amount of each payment, for as long as each has been your customer or the past 5 years, whichever is shorter, for each and every person listed on Exhibit A and at numbers 17 and 18 of your second amended complaint.**

**RESPONSE:  Objection. Such information is the confidential personal financial information of the named persons, and is irrelevant, immaterial and not reasonably calculated to lead to evidence which will be admissible at trial.  Count I of the Second Amended Complaint seeks damages for defamation. Count II seeks damages for interference with prospective business relationships.**

**4. Produce all referrals you have received, and the date when each referral was received from each person, listed on Exhibit A and at numbers 17 and 18 of your second amended complaint.**

**RESPONSE:  Will produce documents and ESI responsive to this request within thirty (30) days.**

**5. Produce all contact information received for each referral provided to you by each person you list in Exhibit A and at numbers 17 and 18 of your second amended complaint.**

**RESPONSE:  Same response as to Request No. 1.**

**6. Produce all persons referred to you, and by whom, who have NOT become your Customers.**

5

**RESPONSE: Will produce documents and ESI responsive to this request within thirty (30) days.**

**7. Provide the date and time, and the documents which states that Spencer Angell was administered The Series 65 investment exam and the date when notification was received and a copy of such notification of Spencer Angell having passed "The Series 65 which enables a financial professional to give clients investment advice and analysis.**

**RESPONSE:  Objection as irrelevant, immaterial and not reasonably calculated to lead to evidence admissible at trial.**

**8. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "that in the case of male clients, stating that their name is associated with 'young women' and [Defendant] would like to talk to you 'man-to-man.'"**

**RESPONSE:  Will produce documents and ESI responsive to this request within thirty (30) days.**

**9. Produce all documents and ESI that supports your statement that Nelson made the following comment opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "That Nelson knew the individuals were clients or expected clients of UCM"**

**RESPONSE:  Nelson had hacked into and stolen Plaintiffs' client list.**

**10. Produce all documents and ESI which support your claim: "That Nelson had knowledge of the relationship or expectation of the relationship between the individuals and UCM and Chad."**

**RESPONSE: To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Will produce documents and ESI responsive to this request within thirty (30) days.**

**11. Produce all documents and ESI that support your statement that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc. "That Nelson has contacted individuals and stated that there are security irregularities at UCM."**

**RESPONSE: To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Will produce documents and ESI responsive to this request within thirty (30) days**

**12. Produce all documents and ESI that support your statement that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "That Nelson has contacted individuals and stated that there was a whistleblower at UCM working with the government, implying that UCM is engaging in illegal activity."**

**RESPONSE:  To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Will produce documents and ESI responsive to this request within thirty (30) days**

**13. Provide all documents and ESI which support your statement: "That Nelson's statement or acts have interfered with said business relationships."**

**RESPONSE:  To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Will produce documents and ESI responsive to this request within thirty (30) days**

**14. Produce all documents and ESI that support your statement that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "That Nelson's statements are untrue and said statements were made with knowing malice and intent to damage the business relationships of UCM and Chad."**

**RESPONSE:  To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Will produce documents and ESI responsive to this request within thirty (30) days.**

**15. Produce all documents and ESI that support your averment that Nelson made any statements with "malice" and/or intent to damage Koehn or UCMK.**

**RESPONSE:   To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Will produce documents and ESI responsive to this request within thirty (30) days.**

**16. Produce all documents and ESI that support your statement: "That Nelson's statements expose UCM and Chad to hatred, contempt , and ridicule."**

**RESPONSE: To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Will produce documents and ESI responsive to this request within thirty (30) days.**

**17. Produce all documents and ESI which support your statement: "That Nelson had knowledge of the relationship or expectation of the relationship between the individuals and UCM and Chad."**

RESPONSE: To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Will produce documents and ESI responsive to this request within thirty (30) days.

18. Produce all documents and ESI which support your statement: "That Nelson had knowledge of the relationship or expectation of the relationship between the individuals and UCM and Chad."

RESPONSE:  Same response as to No. 17 above.

19. At number (5) in requests for production served 4 Jan. 2023, Koehn etAI. States: *"Produce all documents and ES/ for each law firm for which you have created which for which you have created and/or caused to be created an electronic mail addresses and then caused to have been sent to clients and business relations of Chad M. Koehn; that is, emails which were sent in the name of the law firm, but were actually sent without the advance knowledge of the law firm and for each law firm, produce the email sent including the date of each email sent and the name and email address of the recipient."* PRODUCE each and every email, including all headers and meta data or other document in the possession of UCMK, Koehn and/or any attorney or consultant in the representation of Koehn EtAI. which supports the claims made in the request for production, at number (5) of the 4 Jan. 2023 requests for production.

RESPONSE:  Objection. Work product.

20. Produce all documents and ESI which support your claim: "Individuals contacted by Nelson have or may have a business relationship or expectation of future business relationship with UCM and Chad."

RESPONSE:  To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Will produce documents and ESI responsive to this request within thirty (30) days.

21. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "represented to the individual he was contacting that he "had researched the client's on-line history, secretary of state filings and use of twitter and other social media applications"

RESPONSE:  To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Will produce documents and ESI responsive to this request within thirty (30) days.

22. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "that the

Plaintiffs were somehow engaged in criminal activities adverse to the United States of America."

RESPONSE: To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Will produce documents and ESI responsive to this request within thirty (30) days.

23. Produce the letter dated approximately 20 September 2021, which Chad Mitchell Koehn sent to Roger Walter at Morris Laing for his recommendations, also producing the final letter that Chad M. Koehn sent to US Federal and/or Industry regulators.

RESPONSE:  Objection. Not only is the correspondence attorney-client privileged, but it is also irrelevant, immaterial and not reasonably calculated to lead to material evidence admissible at trial.

24. Produce all documents and ESI that support your statement that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "That Nelson has stated that UCM executives and Chad are "going to prison for 30-40 years."

RESPONSE:  To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Will produce documents and ESI responsive to this request within thirty (30) days.

25. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "Plaintiffs stole Defendant's proprietary software"

RESPONSE: Objection. Nelson no longer has a counterclaim in this action. Therefore, any such documents are irrelevant, immaterial and not reasonably calculated to lead to material evidence admissible  at trial.

26. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "that Plaintiffs' client, whom Mr. Nelson contacted, figured prominently in the ongoing investigations and would be a named party in any pending SEC and/or criminal actions against the Plaintiffs"

RESPONSE: To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Plaintiffs will produce documents and ESI responsive to this request within thirty (30) days.

27. Produce all persons referred to you and by whom who have become your customers, and the date upon which they became a customer, the date which they were first referred to you, produce all statements of account and all sources of income derived from each person referred to you who became your customer, produce the date and amount of income earned for each person since they became your customer.

RESPONSE: Irrelevant, immaterial and not reasonably calculated to lead to evidence admissible at trial. Plaintiffs are not suing for interference with existing customer relationships. There claim is based upon damages resulting from the expectation of future business relationships.  <u>To the extent that previously existing customers have reduced or ceased to do business with Plaintiffs, Plaintiffs will produce the customer's name and the gross income received from the specific customer within thirty (30) days.</u>

28. Produce all documents, reports and ESI which demonstrate your leads process, referral process, names of persons referred and by whom, persons who you proposed services to and persons who ultimately contracted your services, along with the names and contact information of persons who chose after consultation and/or sales presentation not to contract your services.

RESPONSE: Plaintiffs object to producing any such information for the time period prior to January 1, 2020.   Plaintiffs will produce documents and ESI responsive to this request within thirty (30) days.

29. Produce all complaints and/or regulatory inquiries made to Chad Koehn and/or UCMK during the previous 5 years, including the copy of the complaint, inquiry or investigatory demand, and all responses made to each complaint and/or regulatory investigation or inquiry.

RESPONSE: Objection. Irrelevant, immaterial and not reasonably calculated to lead to admissible evidence at trial. Further, Mr. Nelson has papered this case with documents purporting to respond to this Request.

30. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "that Mr. Koehn was a pedophile"

RESPONSE: To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Plaintiffs will produce documents and ESI responsive to this request within thirty (30) days.

31. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly

made and the date and how the comment was made, in writing, orally, etc.: "Mr. Koehn was involved in a human tracking [SIC] ring"

   **RESPONSE:  To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Plaintiffs will produce documents and ESI responsive to this request within thirty (30) days.**

   **32. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "that the FBI and other law enforcement agencies were investigating Chad Koehn and UCM for criminal actions"**

   **RESPONSE:  To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Plaintiffs will produce documents and ESI responsive to this request within thirty (30) days.**

   **33. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "that Mr. Koehn was a pedophile"**

   **RESPONSE: Same response as to No. 30 above**

   **34. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date: "that Mr. Koehn had been involved in an international money laundering scheme for Anthem Holdings, Anthem Blanchard, and/or Cynthia Blanchard"**

   **RESPONSE: P To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Plaintiffs will produce documents and ESI responsive to this request within thirty (30) days.**

   **35. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date: "that Mr. Koehn had falsified documents filed with the SEC"**

   **RESPONSE: Mr. Nelson has papered this case with such assertions. To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Plaintiffs will produce documents and ESI responsive to this request within thirty (30) days.**

11

36. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "that Mr. Koehn was under criminal investigation"

RESPONSE:  To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Plaintiffs will produce documents and ESI responsive to this request within thirty (30) days.

37. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made: "that lawsuits were being filed against Mr. Koehn throughout the United States"

RESPONSE: To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Plaintiffs will produce documents and ESI responsive to this request within thirty (30) days.

38. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "that Mr. Koehn had hired a hit team to kill Mr. Nelson, Mr. Nelson's children and his parents"

RESPONSE:  To the extent that such information has not been previously produced in the pdf Production provided in response to Mr. Nelson's First Requests for Production, Plaintiffs will produce documents and ESI responsive to this request within thirty (30) days.

39. Produce all documents and ESI which UCMK and/or Chad M. Koehn has been provided by Anthem H. Blanchard or Cynthia D. Blanchard, inclusive of all email correspondence.

RESPONSE:  Objection. Overbroad and unduly burdensome.  This request must be narrowly tailored to the issues raised in the Second Amended Complaint.

40. Produce all documents and ESI including emails, which have been sent to or received from any person listed on Exhibit A and at numbers 17 and 18 of your second amended complaint; from the time periods between July of 2020 and January of 2022.

RESPONSE:  Objection. Overbroad and unduly burdensome. This request must be narrowly tailored to the issues raised in the Second Amended Complaint.

41. Produce all documents and ESI which UCMK and/or Chad M. Koehn has been sent to any person in regards to HeraSoft, Hera Software Development Inc., HeraSoft Inc.,

Anthem Vault Inc., AG Herc Inc., HERC cryptocurrency, Anthem Gold Inc., Anthem Holdings Company, Silicon Ranch LLC, Amagi Metals, Anthem Hayek LLC, Hayek Gold, Hayek Metals, Liquid Gold, has been provided by Anthem H. Blanchard or Cynthia D. Blanchard, inclusive of all email correspondence.

       RESPONSE: Objection. Irrelevant, immaterial and not reasonably calculated to lead to admissible evidence.

/s/ Chris J. Kellogg
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs*

and

/s/ Craig A. Brand
Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A.
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305) 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 13, 2023, a true copy of the foregoing *Plaintiffs' Responses to Defendant's Requests for Production* was emailed to Michael Nelson, at oklahomaremote@gmail.com and chadkoehnlawsuit@nosoybean.com.

/s/ Chris J. Kellogg
Chris J. Kellogg