KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T:	(785) 825-4674
F:	(785) 825-5936

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL. , | ) |
| | ) |
| **Plaintiffs** | ) |
| vs. | ) Case No. 22-CV-04008-JWB-GEB |
| | ) |
| MICHAEL NELSON, | ) |
| | ) |
| **Defendant** | ) |
| | ) |

## PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DEFENDANT, MICHAEL NELSON AND CERTIFICATE OF CONFERRAL

The filing of this Motion has been authorized pursuant to Document 436.

Pursuant to Fed. R. Civ. P. 7(b) and 30(a) and D. Kan. Rule 7.1(a) and 37.2 Plaintiffs, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., by and through their undersigned counsel, move this Honorable Court for Entry Of An Order Compelling Defendant, MICHAEL NELSON, to:

1.	Appear for the Plaintiffs' taking of Defendant's deposition on a date and time certain before a licensed court reporter and videographer;

2.	Appear for the Plaintiffs' taking of Defendant's deposition on a date and time certain at the law office of Kennedy Berkley Yarnevich & Williamson, Chtd., 119 West Iron Avenue, 7th Floor, Salina, Kansas;

1

3. Agree that Defendant's deposition shall be videotaped by a videographer.

4. And to provide dates and times for the timely taking of Defendant's witnesses which the Defendant has to date refused or failed to provide this information to the Plaintiffs despite meet and conferral attempts.

In early February 2023, Defendant was unavailable for the taking of his deposition due to his Oklahoma court proceedings. Subsequent to the conclusion of the Oklahoma court proceeding, Chris J. Kellogg, Esq. contacted Defendant concerning the scheduling of Defendant's videotaped deposition for either March 1st, 2d or 3d, 2023, at the office of Plaintiffs' counsel in Salina, Kansas as well as the taking of the Defendant's witnesses.

Defendant stated he was unavailable on any of the proposed dates, would not agree to have his deposition videotaped, and would only appear for the taking of his deposition at a federal courthouse, but would propose no alternative dates. Despite Plaintiffs attempts to narrow Defendants alleged witnesses and take relevant Depositions thereof, Defendant has refused or failed to confer and provide any setting and scheduling help.

On February 16, 2023, Plaintiffs' counsel requested leave to file this Motion, which request was granted by the Court on February 17, 2023.

On August 3, 2022, this Court entered a Scheduling Order. *See* Document 124. Paragraph 2.b. of the Scheduling Order states: "All discovery must be commenced or served in time to be completed by **March 10, 2023**." The cutoff date was affirmed in Document 360, Paragraph 6.

Plaintiffs are filing a separate Motion to Extend the Discovery cutoff through March 31, 2023. Should the Court grant the Motion to Extend the Discovery Cutoff to March 31, 2023, this will provide the Court with more flexibility in setting a specific date and time for the taking of Defendant's deposition. Additionally, Defendant's Motion to Dismiss Plaintiffs' Second

Amended Complaint is pending; as a result, the Defendant has not yet provided an Answer and Affirmative Defenses and upon doing so may require additional discovery. The questions to be posed in the Defendant's deposition will certainly depend, in part, on what answers and affirmative defenses are pled by the Defendant.

Fed. R. Civ. P. 26(a) provides Plaintiffs an absolute right to depose the Defendant. Defendant has no constitutional right to avoid having his deposition taken in this proceeding, nor does he have a constitutional right to prevent the videotaping of his deposition. This is particularly important given that Plaintiffs believe that without Defendant's demeanor being captured on videotape to be available to play for the jury, Defendant may not appear and testify at the trial, thereby giving the jury no opportunity to observe Mr. Nelson's demeanor. Furthermore, Plaintiffs firmly believe that the taking of the Defendants video deposition will create a pause in any false accusations which may result from the taking of the Defendants deposition.

**WHEREFORE,** Plaintiffs, Chad M. Koehn and United Capital Management of Kansas, Inc. respectfully pray that this Honorable Court will enter an order compelling Defendant, MICHAEL NELSON, to appear for the taking of Defendant's videotaped deposition by counsel for Plaintiff at the law office of Kennedy Berkley, 119 West Iron Avenue, 7th Floor, Salina, Kansas, as well as the Defendant to immediately provide Plaintiffs with dates and times for the taking of his trial witnesses, and grant such further relief as the Court deems appropriate.

## CERTIFICATE OF CONFERRAL

Pursuant to D. Kan. Rule 37.2, the undersigned counsel was informed by Defendant, MICAHEL NELSON, on February 20, 2023, that he would no longer communicate with counsel via telephone. Therefore, conferral was not possible.

Dated February 21, 2023.

Respectfully Submitted,

/s/ Chris J. Kellogg
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs*

and

/s/ Craig A. Brand
Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A.
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305) 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 21, 2023, the foregoing was electronically filed with the Court using the CM/ECF System, which will furnish a true copy to Defendant, Michael Nelson, at oklahomaremote@gmail.com and chadkoehnlawsuit@nosoybean.com.

/s/ Chris J. Kellogg
Chris J. Kellogg