# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN**<br><br>　　　　　Plaintiffs,　　v.<br>Michael Nelson<br>　　　　　Defendant ;　PRO-Se. | **DOCKET NO.:　5:22-CV-04008-JWB-GEB**<br>**<u>CIVIL ACTION</u>**<br><br>**Notice of intention to Call Roger N. Walter as material witness**<br><br>**[Jury Trial Demanded]** |

### Notice of intention to Call Roger N. Walter as material witness

Comes now, Michael Nelson, who makes this NOTICE of **Notice of intention to Call Roger N. Walter as material witness.**

The undersigned hereby informs the US DISTRICT OF KANSAS FEDERAL COURT AND opposing Counsel by this Notice of intent to call Roger N. Walter as a material witness in the above herein captioned matter.

　　　**Roger N. Walter**:　https://morrislaing.com/attorneys/roger-n-walter/

"Mr. Walter served as General Counsel to the Kansas Securities Commissioner for over 14 years. He also served on the Broker-Dealer Regulation Committee of the North American Securities Administrators Association and chaired the Viatical Investments Task Force with that organization.

Roger represents investors in securities arbitrations against their financial advisors or stockbrokers seeking recovery of investment losses in a wide range of disputes. He also represents financial professionals in defending arbitration claims, in resolving regulatory compliance issues with state and federal securities regulators and FINRA, and represents securities agents in employment disputes with their employing brokerage firms.

Roger also represents parties in complex commercial and business litigation. He has extensive experience in representing individuals before state administrative agencies regarding licensing and other issues.

In addition to his litigation practice, Roger represents entrepreneurs and business entities in securities transaction matters related to private and exempt securities offerings or registered public offerings.

Roger has taught Securities Regulation as an adjunct professor at both Washburn University School of Law and University of Kansas School of Law. Martindale-Hubbell has rated Roger at the highest AV® rating for lawyers. He has been recognized in the peer-review publication Best Lawyers in America in the practice area of Securities/Capital Markets Law.

Roger played competitive rugby with the University of Kansas Rugby Football Club serving as President and team captain, and toured with the club playing international matches in England (Cornwall), Scotland, Ireland, Wales, France, New Zealand and Argentina. He is an avid runner and also enjoys biking and hiking. He has been married to Evan Williams since 1989 and has three sons.

## Education:

- Kansas State University, B.S., cum laude, 1969
- University of Kansas School of Law, J.D., 1975
- University of Missouri at Kansas City School of Law, L.L.M.

## Admissions:

- Kansas Bar, 1975

- Kansas Supreme Court, 1975
- U.S. District Court, Kansas
- 10th Circuit Court of Appeals
- U.S. Supreme Court

## Professional Background:

- Disciplinary Counsel, Kansas Supreme Court, 1979-1986
- Assistant Attorney General, Criminal Division, Kansas Attorney General Office
- General Counsel to the Kansas Securities Commission, 1986-1999
- Member, North American Securities Administrators Association, 1987-1999
- Member, numerous NASAA standing committees and special task forces including Small Business Capital Formation Committee (Vice-Chairman) and Viatical Settlements Task Force (Chairman)
- Adjunct Professor, Securities Regulation, Washburn School of Law, 1993-2008
- Author, several law journal articles
- Adjunct Professor, Security Regulation, University of Kansas School of Law

## Civic/Community Involvement:

- Member, Board of Directors, Youth Sport, Inc.
- Member, Board of Directors, Lawrence Habitat for Humanity, 1993-1996

- Frequent lecturer, both locally and nationally, on topics including securities law and attorney ethics

## Distinctions:

- Martindale-Hubbell AV® rating
- Named to the latest edition of "The Best Lawyers in America" in Securities Law
- Named in Shathmore's Who's Who Registry of Outstanding Professionals
- Named as one of the top 3% of attorneys in the nation by Legal News

## Noteworthy Cases:

- State ex rel. Mays v. Ridenhour, 248 Kan 919, 811 P.2d 1220 (1991), Kansas Supreme decision defining the scope of Kansas Securities Commissioner's equitable cause of action with respect to civil conspiracy and aiding and abetting theories of liability
- State v. Ribadeneira, 15 Kan App 2d 734, 817 P.2d 1105 (Ka. App. 1991), Kansas Court of Appeals decision defining the level of criminal intent required for a conviction for securities fraud under the Kansas Securities Act
- 537721 Ontario, Inc. v. Mays, 14 Kan App 2d 1, 780 P.2d 1126 (1989), Kansas Court of Appeals decision defining the Howey test for investment contracts

     Roger N. Walter is in possession of a letter drafted by CHAD MITCHELL KOEHN, dated approximately 20 September 2021.  Mister Walter, read this letter aloud over the phone to the undersigned and this letter contains, the undersigned's name, although with a scrivener's error as to the middle name, and also contains the name Cynthia D. Blanchard, Chad Mitchell Koehn AND Criag Alan Brand, although as Craig Alan Brand the attorney for Chad Mitchell Koehn's alter ego, HERASOFT.  Mister Walter's testimony is essential to proving that counsel for the plaintiffs have been less than frank with the Court regarding the parallel criminal proceedings in the County of Washington of the State of Oklahoma, which have now concluded, seeing all charges against the undersigned being exonerated.

http://bartlesvilleradio.com/pages/news/371912023/rhode-island-man-acquitted-on-multiple-charges

     [Michael Eric Nelson Exonerated on all Charges - Rhode Island Man Acquitted on multiple charges including stalking and computer crimes](http://bartlesvilleradio.com/pages/news/371912023/rhode-island-man-acquitted-on-multiple-charges)

     Chad Mitchell Koehn, traveled more than 200 miles and crossed state lines in order to commit interstate stalking of the undersigned in violation of a protective order he himself CHAD MITCHELL KOEHN has sought for a second time, to be used as a procedural weapon in the SLAPP (Strategic Lawsuit Against Public Participation) litigation referenced as the above herein captioned matter.   Chad Mitchell Koehn by and through legal counsel Christopher J. Kellogg has improperly noticed this Court that this case above captioned, initiated as a SLAPP lawsuit is not directly connected to the criminal proceedings in the City of Bartlesville Oklahoma of Washington County District Court of the State of Oklahoma, when in FACT Chad Mitchell Koehn, not only was

issued a parking pass by the Washington County DA, but Koehn traveled to the Court knowing now exonerated defendant in both matters, the undersigned, would be present. Chad Mitchell Koehn was neither a witness nor did he have a justifiable cause to be present in Oklahoma, nevermind physically present in the Courtroom and outside the Courthouse, other than to coach witnesses as is documented on the record, and to physically and psychologically torment and intimidate physically officers of the Court and thus the undersigned via proxy through his physical intimidation of the undersigned's CONSTITUTIONAL right to legal counsel under the 6th Amendment.

Roger N. Walter, an expert in securities law, was neither paid nor entered into any agreement for payment with Chad Mitchell Koehn, who is a now disgraced, disavowed, SANCTIONED, fined and SUSPENDED former stock broker.

**Roger N. Walter and the materials in his possession are directly applicable hereto these proceedings as his testimony and documents will demonstrate a clear link between both the Oklahoma criminal prosecution and the current case.**

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 22nd day of February 2023.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com     702.932. 3434

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via:  **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;