KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
T: (785) 825-4674
F: (785) 825-5936

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD M. KOEHN, ET AL., ) | |
| ) | |
| **Plaintiffs** ) | |
| vs. ) | Case No. 22-CV-04008-JWB-GEB |
| ) | |
| MICHAEL NELSON, ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## PLAINTIFFS' RESPONSE TO DEFEDANT'S MOTION FOR PROTECTIVE ORDER [ECF 443]

Plaintiffs, CHAD M. KOEHN and UNITED CAPITAL MANAGEMENT OF KANSAS, INC., by and through their undersigned counsel, herewith respond to Defendant's Motion for Protective Order (ECF 443) ("Motion") as follows:

Defendant's Motion is directed to Plaintiffs' Responses and Objections to Defendant's Requests for Production Received January 12, 2023, a copy being attached as Exhibit "A" (ECF 443-2) to Defendant's Motion. Plaintiffs' served their Responses and Objections by email to the Defendant on February 13, 2023. *See* ECF 429.

Throughout this proceeding, Defendant has harangued the Plaintiffs with false and misleading claims of alleged violations of the Federal Rules of Civil Procedure, especially claiming that the Plaintiffs' failed to comply with Meet and Confer provisions in the various

1

discovery rules. Federal Rules of Civil Procedure 26(c) governs the purview and requirements of a Motion for Protective Order:

> (c) PROTECTIVE ORDERS.
>     (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. **The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action**. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>         (A) forbidding the disclosure or discovery;
>         (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>         (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>         (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>         (E) designating the persons who may be present while the discovery is conducted;
>         (F) requiring that a deposition be sealed and opened only on court order;
>         (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>         (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.
>     (2) Ordering Discovery. If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.
>     (3) Awarding Expenses. Rule 37(a)(5) applies to the award of expenses.

Emphasis added.

Plaintiffs first point out that Defendant's Motion fails to contain a Certificate of Conferral. Plaintiffs next point out that Plaintiffs' Motion does not raise any issue concerning a protective order. Instead, Defendants' Motion complains that Plaintiffs are being unfair in not having produced the documents they intend to produce by March 15, 2023, that Plaintiffs have served

Defendant with 86 pages of Requests for Admissions (that issue being mooted by Defendant's filing of his Notice of Service of Defendant's Responses to Plaintiffs' Second Requests for Admission-*See* ECF 444), and that some of the names listed in Plaintiffs' Answer to Defendant's Requests for Production are duplicative because they are contained in Paragraph 18 of the Second Amended Complaint as well as Exhibit "A" attached thereto.

**Defendant's Motion for Protective Order is a nullity and should be denied**.

**WHEREFORE,** Plaintiffs, Chad M. Koehn and United Capital Management of Kansas, Inc. respectfully pray that this Court will deny Defendant MICHAEL NELSON's Motion for Protective order.

Dated February 22, 2023.

Respectfully Submitted,

/s/ Chris J. Kellogg
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
ckellogg@kenberk.com
*Attorneys for Plaintiffs*

and

/s/*Craig A. Brand, Esq.*
Craig A. Brand, Esq.
Florida Bar No, 896111
The Brand Law Firm, P.A.
4650 Indian Creek Road
Loveland, CO 80538
Tel: (305) 878-1477
craig@thebrandlawfirm.com
*Co-Counsel Pro Hac Vice for Plaintiffs*

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that on February 22, 2023, the foregoing was electronically filed with the Court using the CM/ECF System, which will furnish a true copy to Defendant, Michael Nelson, at oklahomaremote@gmail.com and chadkoehnlawsuit@nosoybean.com.

       /s/ Chris J. Kellogg
       Chris J. Kellogg