## UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. and **CHAD M. KOEHN**<br><br>　　　　　　Plaintiffs,　　v.<br>Michael Nelson<br>　　　　Defendant ;　PRO-Se. | **DOCKET NO.:　　5:22-CV-04008-JWB-TJJ**<br>**CIVIL ACTION**<br><br>**Notice of Service DELIVERY of Multiple Offers in Compromise/judgment Under Rules 408 and 68**<br><br>[Jury Trial Demanded] |

**Notice of Service DELIVERY of Defendants Second Requests for Admission to the Plaintiffs' Chad Mitchell Koehn and UCMK**

Comes now, Michael Nelson, who makes this NOTICE of **Notice of Offer to Compromise under Both Rule 408 and notice for judgment under Rule 68 of Federal Rules of Civil Procedure.**

**On the 21st day of Feb. 2023, attorney for the Plaintiff's Christopher Jon Kellogg, made a filing docket number:　446, also now found in the internet archives and judicial watch:**

**https://ia802500.us.archive.org/6/items/gov.uscourts.ksd.140013/gov.uscourts.ksd.140013.446.0.pdf**

In Christopher Jon Kellogg's filing, he has made averments to the court which are not sound nor within the meaning of Rule 408 and Rule 68 of the Federal Rules of Civil Procedure.　The undersigned has caused to be sent to the Plaintiffs electronically and via United States First Class Postage prepaid Postal mail.　The uncontroverted facts speak for themselves:

**UNCONTROVERTED FACTS:**

1. The offer and compromise under Rule 408, made in accordance with Rule 68, was dated 16 February 2023.

2. <u>Plaintiffs have obviously received the offer otherwise they would not have stated:</u> *"Plaintiffs waited through the weekend and holiday before this filing, in the event that Mr. Nelson's alleged Offer to Compromise came in Friday, Saturday, or Tuesday's US Mail."* **see last line of paragraph one on page 2, of Plaintiffs filing in document number:  446.**

3. Prima facie evidence with clear and convincing evidence demonstrates that plaintiffs' knew the offer prior to their filing in document 446, is therefore improper, as a means to attempt to claim they did not receive it.

4. It is well known US mail does not get delivered the same day as it is postmarked.

5. Kellogg's claim that the offer did not come in "Friday, Saturday or Tuesday's US Mail", see Doc. 446, paragraph 1 on page 2, while factually true, is stated for no other reason than to cause additional work for the Courts, the parties and to paint the pro se, single defendant, undersigned in FALSE LIGHT.

6. Kellogg, a presumed educated attorney, knows that US Mail does not get delivered the same day, nor the next day when traveling across a number of US States throughout our vast country.  In fact Kellogg's notice reply in document 446, is nothing short of demonstration of 'scorched earth' litigation tactics meant to further paper this case and matter with nonsense.

7.  Kellogg a presumed educated attorney also knows that US first class mail does not readily get delivered the Tuesday following a Holiday, PRESIDENTS DAY.

8. Kellogg knew the USPS certified mail number:  9214890142980478563725

9. Kellogg's filing in document 446, demonstrates clearly the plaintiffs attorneys are seeking to increase costs to this litigation as they have done throughout seeking

as no attorney should 'scorched earth' litigation at all costs in order to run up fees in litigation in direct contravention of the Federal Rules of Civil Procedure under Rule 1.

10. Plaintiffs readily admit to receipt of the offer and the time under Rule 68(d) begins upon tendering of said offer.

11. Plaintiffs claim that the directly parallel hereto criminal proceedings have nothing to do with this case are erroneous under their own hand and filings they themselves have made to the above referenced case.

12. In fact Larry Gene Michel has time and time again referenced the criminal charges levied in the parallel hereto proceedings in the County of Washington of the State of Oklahoma, as means again to paint the undersigned in false light in through his personal filings in this proceeding, perhaps due to his contrite feelings of having participated in the RACIAL ATTACK he perpetrated against the undersigned in the originating State petition which he sat upon for nearly a year without any attempts at serving or noticing its existence.

13. Plaintiffs have time and time again brought up the parallel criminal proceedings in their pleadings, Craig Alan Brand has time and time again verbally brought up the parallel criminal matter, for which has seen charges dropped, dismissed, changed and merged, eventually leading to an ACQUITTAL on all Charges.

14. Chad Mitchell Koehn upon the legal advice of Christopher J. Kellogg, the <u>attorney of record in both these proceedings in in the SECOND protective Order Case in County Court</u>, filed by Koehn after **his first protective order case was dismissed,** is **abusing the protective order system** and its laws meant to

protect, victims of domestic violence, **NOT be used as PROCEDURAL WEAPONS in Federal Litigation.**

15. Plaintiff CHAD MITCHELL KOEHN has now twice applied for a protective order against the single, pro se defendant in this matter.

16. The first protective order applied for by Chad M. Koehn was dismissed.

17. Koehn's second protective order, specifically cited he fears the defendant, and cited Federal Laws regarding interstate stalking.

18. If any Court is to believe Koehn has not abused and misused the protective order system as a procedural weapon, then certainly **Koehn would not have traveled more than 200 miles crossing state lines in violation of the Protective Order he himself has sought, through the advice of Counsel, and is represented by Attorney Christopher Jon Kellogg appearing both here and in the County protective order case as counsel of record for Chad Mitchell Koehn.**

19. Orders of Protection as they are applied to interstate stalking, does not give the party seeking the protective order the right to cross state lines in order to STALK the party they have sought protection against.

20. CHAD MITCHELL KOEHN traveled over 200 miles via vehicular motor vehicle traveling on interstate highways and roads crossing state lines for the purposes to STALK and INTIMIDATE a single pro se defendant in this matter.

21. Koehn had first hand knowledge that the undersigned would be in attendance as required at the directly parallel hereto criminal proceedings.

22. Mark Joseph Ritter who testified via video conference in the criminal proceedings testified regarding the very same voicemail message which Koehn uses to prop up his SLAPP (Strategic Lawsuit Against Public Participation) litigation.

23. Ritter testified he continues to conduct business with Koehn's companies (EMPHASIS ADDED), despite the FACT Mark J. Ritter's own daughter works for FIDELITY Investments, a Rhode Island based company.

24. Craig Piercy testified in person for the prosecution and also states he continues to have business relations with Koehn and UCMK.

25. To say the two cases are not directly connected is for the attorneys signing the document in document 446 to be less than "frank" with the Court.

26. AS IT GOES WITHOUT SAYING:  The attorneys are in essence LYING in writing to the Court when they claim the two cases are not directly tied at the hip.

27. Chad M. Koehn had no justifiable reason to be in the State of Oklahoma, nor to physically intimidate the undersigned's 6th Amendment right to legal counsel, whether or not Koehn at the time believed the undersigned's legal counsel was his father.  Koehn's acts, behavior and intimidation on the South side of the Courthouse in Bartlesville Oklahoma, were and are in violation of State and Federal Law.  Officers of the Court should be protected from such intimidation tactics as those displayed by Chad Mitchell Koehn.

28. Christopher Jon Kellogg's filing in document 446, challenges both whether or not an offer was tendered though his own filing demonstrates clearly he knows an offer was tendered and unjustly and unethically seeks to avoid the fact that Rule 408 so attaches to the offer and judgment and seeks to unlawfully and against

the Federal Rules of Civil Procedure set a benchmark regarding Rule 68 and specifically under Rule 68(d) which is well stated within the offer and electronic communications to Kellogg.

29. For the edification of history and all persons reading this case Federal Rules of Civil Procedure under Rule 68(d) state: "Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

    a. https://www.law.cornell.edu/rules/frcp/rule_68

30. Attached herewith find Exhibit "A" from a third party, showing clearly that the United States Postal Service confirms the CERTIFIED MAIL return Receipt Requested Tracked, postage paid first class mail was accepted by Peyton Brown on behalf of CHRISOPHER JON KELLOGG, to whom it was addressed and Peyton Brown must have some document from Kellogg allowing for Peyton Brown to retrieve certified mail addressed to Kellogg.

31. The fact the undersigned has been acquitted on all charges by a jury in the parallel hereto proceedings in Oklahoma is a fact which should remain on the record and is documented in attached herewith Exhibit "B".

32. News media has also finally made statements though only on its site and not throughout news filings, which shall be a matter for

separate litigation involving plaintiffs acts to cast the undersigned in false light by and through it is believed Mark J. Ritter at the behest of Chad M. Koehn and UCMK:

http://m.bartlesvilleradio.com/pages/news/371912023/rhode-island-man-acquitted-on-multiple-charges

Michael Eric Nelson ACQUITTED on All Charges by Jury in Washington County Oklahoma

**USPS Tracking #: 9214890142980478563725**

Recipient Address:
CHRISTOPHER JON KELLOGG
Kennedy Berkley Yarnevich & Williamson, Chartered
Post Office Box 2567
SALINA KS 67402-2567

1. PRE-SHIPMENT INFO SENT USPS AWAITS ITEM, February 17, 2023 06:31 pm, PHOENIX,AZ, 85026
2. PROCESSED THROUGH USPS FACILITY, February 17, 2023 09:32 pm, PHOENIX AZ DISTRIBUTION CENTER, 85026
3. ORIGIN ACCEPTANCE, February 17, 2023 08:17 pm, PHOENIX AZ DISTRIBUTION CENTER, 85026
4. SHIPMENT RECEIVED ACCEPTANCE PENDING, February 17, 2023 10:22 pm, PHOENIX,AZ, 85026
5. PROCESSED THROUGH USPS FACILITY, February 20, 2023 12:29 am, WICHITA KS DISTRIBUTION CENTER, 67276
6. PROCESSED THROUGH USPS FACILITY, February 21, 2023 04:23 am, WICHITA KS DISTRIBUTION CENTER, 67276
7. ARRIVAL AT UNIT, February 22, 2023 02:38 am, SALINA,KS, 67401
8. AVAILABLE FOR PICKUP, February 22, 2023 06:35 am, SALINA,KS, 67402
9. DELIVERED INDIVIDUAL PICKED UP AT PO, February 22, 2023 10:27 am, SALINA,KS, 67401

A document filed pro se is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S.Ct. 285, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers," ibid. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally reviewed "filings generously and with the leniency due pro se litigants", see Erickson v. Pardus, U.S. 127 S.Ct. L.Ed.2d (2007); Andrews v. Heaton, 483 F.3d (10th Cir.2007)

Respectfully Submitted, this 22nd day of February 2023.

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com      702.932. 3434

**Certificate of Service:**

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via:  **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

**INDEX of EXHIBITS:**

**Exhibit "A"** = USPS letter showing Certified Mail signed for by Peyton Brown demonstrating that the offer and compromise/judgment made under Rule 408 and Rule 68 including Rule 68(d) was tendered to the USPS and delivered

**Exhibit "A"** =  Jury VERDICT Form from Washington County District Court action in the parallel hereton criminal proceedings, with finding of NOT GUILTY