IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 22-cv-4008-JWB-TJJ |
| MICHAEL E. NELSON, | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Reconsideration of Doc. 360 (ECF No. 394). Defendant seeks reconsideration of the following portions of the Court's Order (ECF No. 360) from the January 18, 2023 Status Conference:

**4. Withdrawal of Defendant's response to Plaintiffs' motion to quash Hoffman subpoena (ECF No. 261)**

After discussion with the parties, Defendant indicated he would withdraw his response in opposition to Plaintiffs' motion to quash the Hoffman subpoena (ECF No. 261). Defendant's response is hereby withdrawn and the Clerk's Office is instructed to strike it from the record.

**5. Plaintiffs' motion to quash Hoffman subpoena (ECF No. 244)**

For the reasons stated on the record, Plaintiffs' motion is construed as a motion for protective order under Fed. R. Civ. P. 26(c) and granted. Pursuant to Rule 26(c), Rule 26(b)(2)(C) and the Court's inherent authority, the Court enters a protective order prohibiting Defendant's subpoena upon non-party attorney Donald Hoffman. Additionally, based upon the Declarations (ECF No. 270-1) filed by Plaintiffs in reply to the motion and for the reasons set out on the record, the Court grants Plaintiffs' requests for their attorney's fees in preparing the motion to quash, their reply, and in obtaining the referenced Declarations.[1]

---

[1] Jan. 18, 2023 Order (ECF No. 360).

District of Kansas Rule 7.3 permits a party to file a motion seeking reconsideration of a non-dispositive order, such as an order limiting discovery. The motion to reconsider must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[2] A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercises of due diligence.[3] Such motions are not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[4] Whether to grant or deny reconsideration lies within the court's sound discretion.[5] The movant has the burden to show an adequate reason to reconsider the prior order of the court.[6]

Defendant moves for reconsideration of the portion of the Court's Order striking his response (ECF No. 261) in opposition to Plaintiffs' motion to quash the Hoffman subpoena, which was based upon his withdrawal of the response during the January 18, 2023 Status Conference. Defendant states in his motion that "upon examination of the correct document and record, and due to the issues involved, it is NOT [his] request nor wish . . . for document 261, to

---

[2] D. Kan. Rule 7.3. The Tenth Circuit has adopted the same standard. *See, e.g.*, *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

[3] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992).

[4] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).

[6] *Id.*

be withdrawn from the record."[7] Defendant changing his mind regarding the withdrawal of his response after the Status Conference does not provide a valid basis for reconsideration of the rulings made in the Court's Order.

Defendant also requests reconsideration of the portion of the Court's Order regarding Plaintiffs' motion to quash the subpoena served on Donald Hoffman and the award of attorney's fees and costs to Plaintiffs. He argues that a motion to quash a third-party subpoena may only be made by the party upon whom the subpoena is directed, and Plaintiffs failed to comply with the provisions of Fed. R. Civ. P. 11 before requesting an award of attorney's fee and costs.[8] Defendant thus seeks reconsideration under the third grounds set out in D. Kan. Rule 7.3, "the need to correct clear error or prevent manifest injustice." Defendant has shown neither. Defendant cites to Rule 11, but it is not applicable to discovery requests, responses, objections, and motions under Rule 26 through 37.[9] In the Order, the Court granted Plaintiffs a protective order under Rule 26(c) and granted their request for their attorney's fees pursuant to Rule 26(c)(3) and 37(a)(5), not under Rule 11. Defendant has not demonstrated that reconsideration of the Court's rulings in its Order is necessary to correct clear error or prevent manifest injustice.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of Doc. 360 (ECF No. 394) is denied.

---

[7] Def's Motion for Reconsideration (ECF No. 394) at 2.

[8] Defendant alternatively argues that the attorney's fee award be limited to a fixed sum not greater than one thousand dollars. The Court will consider Defendant's argument when it rules on Plaintiffs' Statement of Fees for Affidavits of Swisher & Hoffman (ECF No. 410).

[9] Fed. R. Civ. P. 11(d) ("Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.").

IT IS SO ORDERED.

Dated February 23, 2023, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge