UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) <u>and</u> **CHAD M. KOEHN**<br><br>Plaintiffs, counter-defendants<br><br>v.<br>Michael Nelson<br><br>Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.:** 5:22-CV-04008-JWB-TJJ<br>**CIVIL ACTION**<br><br><u>**Motion for Reconsideration of Document 426 granting of docs 375 and 391**</u><br><br>**[Jury Trial Demanded]** |

<u>**Motion for Reconsideration of Document 426 granting of docs 375 and 391**</u>

    COMES NOW, Michael Nelson, pro se, who files this Motion for Reconsideration of Order (Magistrate Report) in document 426, as per the order granting plaintiffs requests in documents 375 and 391, and states and alleges as follows:

    Certain aspects of the Order are begged for indulgence of the Court to be challenged or otherwise amended and corrected via this motion for reconsideration in order to provide for judicial economy and conservation of judicial resources to perhaps negate a Rule 72 appeal.

> ORDER. Defendant's 2/14/2023 email request for permission to file a motion for reconsideration of 426 Memorandum and Order is approved, but shall not exceed 10 pages. Defendant shall file his motion on or before 2/23/2023. Signed by Magistrate Judge Teresa J. James on 2/15/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (byk) (Entered: 02/15/2023)

Having requested permission to file this Motion of Reconsideration and having been granted permission to file per Order 433, a text Order which is summarized herein directly above. D. Kan. <u>Rule 7.3(b)(3) provides:</u> "A party may file a motion asking a …magistrate judge to reconsider an order or decision made by that … magistrate judge. [] A motion to reconsider must be based upon [] <u>the need to correct clear error or prevent manifest injustice.</u>" *Pursuant to D. Kan. Rule 7.3(b)(3),* Michael Nelson, appearing pro se out of necessity, herewith moves for reconsideration of that portion of the Court's, Order (Docket No. 426) granting documents 375 and 391,

At issue is the allegation of the plaintiffs that they sent three discovery requests to the defendant on 10 November 2022. The defendant never received any discovery requests propounded by the plaintiffs with regards to the allegation they were sent. In fact the Magsitrate Report states: "The Court notes Defendant never requested additional time to respond to the discovery requests, nor did he serve any response whatsoever to any of the requests." This is because NO requests were receiceived by the defendant regarding the allegation of the plaintiffs having sent said discovery requests. In fact the Magistrate report errors in plain error, as plaintiffs have misled the Court and the Court has issued an order of finding relying upon the wrong documents. First and foremost, plaintiffs have NOT served the discovery documents via USPS mail or any other form of delivery, despite a certificate of service alleging the same. Plaintiffs MUST be compelled and a SHOW CAUSE hearing must be held wherein <u>plaintiffs MUST produce the UPS Second Day tracking number they state they used to delivery the discovery</u>, see Document 319, second page: "The undersigned hereby certifies that on November 10, 2022, the foregoing Notice of Service of Discovery Requests was electronically filed with the Court using the CM/ECF System, which sent notification to all parties of interest participating in the CM/ECF System, and **was forwarded via UPS second-day overnight service**" [EMPHASIS ADDED to UPS second-day overnight service]

  The Magistrate report commits **plain error**, so obvious that the statements in the Magistrate report are not a reflection of the facts, nor the docket entries: "Defendant's arguments and request are misplaced. <u>None of Plaintiffs' notices or certificates of service for the discovery requests at issue indicate they were served by UPS second-day overnight.</u>" The Magistrate Judge report and order speaks in ABSOLUTES, stating "None of Plaintiffs' notice or certificates of service for the discovery requests at issue indicate they were served by UPS second-day overnight." When in FACT document 319, is the only document regarding service of the discovery at dispute, and it clearly states on the second page, that it was forwarded with the alleged service of discovery, **was**

**forwarded via UPS second-day overnight service**" [EMPHASIS ADDED to UPS second-day overnight service]   Plaintiffs purposefully, and/or with wanton gross negligence in the practice of law, mislead the Court in their filing, causing the Court to rely upon purposeful misleading DECEPTION, quoting document 316, which is a Court Order.  The document at issue is document 319, with the alleged service of discovery in document 319, wherein plaintiffs CLEARLY state the discovery was propounded via UPS SECOND-DAY OVERNIGHT SERVICE, and SIGNED by Larry G. Michel.

      The Court's finding that the defendant appearing pro se has waived objections by not responding to discovery which the plaintiffs had not sent to the defendant errors in law and creates manifest injustice in the matter before the Court.  The licensure of legal professionals is not a license to LIE to the Court or act in DECEPTION in order to unfairly deprive opposing litigant of Constitutional Rights nor take away children or dissolve marriages nor is it a license to allow for a Magistrate Judge to take the deception of the plaintiffs attorneys above the hardened facts appearing in the record of the matter at bar.  With clear and convincing evidence and the historical docket entries of the case at bar it is clear the defendant appearing pro se, has always responded to discovery propounded and the plaintiffs have actually stated the discovery documents were send via "UPS Second Day Overnight Service", stating such in their Certificate of Service, see Doc. 319.

      As to the discovery documents allegedly propounded, which were NOT received by the defendant and certainly as history demonstrates clearly in the docket of the matter at bar the defendant has ALWAYS responded timely to all discovery so properly made to the defendant.   The discovery at issue was NEVER provided by the plaintiffs, as well documented herein above, plaintiffs cannot produce the UPS Second Day Overnight Service, receipt nor tracking number because they NEVER sent it!   The Court errors via plain error claiming that the assertion of plaintiffs counsel Larry Michel, was never made, when in fact it appears clearly on the second page

of document 319. For the Court to single handedly take the word of the plaintiffs attorneys for no other reason than they are attorneys and to ignore the CERTIFICATE of SERVICE bearing the signature of Larry G. Michel, is improper as the document clearly demonstrates a FALISTY of which the plaintiffs cannot produce the TRACKING NUMBER from UPS because there is no tracking number because they NEVER sent the discovery, and are seeking unfairly and against all interests of justice to have the Court Order production of materials that do not exist, and force admission of erroneous statements.

The problems with this case do not end here, the Court's Order (opinion) in the Magistrate Judge report that all requests for admission are automatically admitted, means that the requests for admission as made by the plaintiffs in their alleged document requesting admissions, uses 'WHAT IF' style requests for admission, that if you DENY, this then say Admit to that, or if you Admit to this then agree to DENY that. By allowing the plaintiffs to pull the wool over the Court's eyes and ignore the FACT the plaintiffs never sent the discovery at issue, and thus forcing an issue as to all requests for admission are automatically admitted is setting up never ending appeals and objections, as every request for admission cannot be admitted when the plaintiffs have utilized what if style requests for admission. Additionally, plaintiffs now seek to undo prior cases which have been completely litigated and found in the favor of the defendant by claiming that the requests for admission are now admitted when in fact the issues have been previously tried. The US District of Kansas Federal Court cannot undo prior cases nor can the US District of Kansas force admissions which are issues of fact for a jury.

The finding that I have waived objections to discovery never received NOR ever sent by the plaintiffs is a finding in plain error of law. Plaintiffs claim to have propounded the discovery in dispute via UPS Second Day OVERNIGHT delivery, this statement was signed by Larry G. Michel. Plaintiffs cannot demonstrate a tracking number for sending the discovery in dispute BECAUSE it

was NEVER sent! The findings in the Magistrate report are not in conformity with the facts upon the record and the Certificate of Service SIGNED by an Officer of the Court Larry G. Michel.

The historical facts of this matter at bar, demonstrate clearly the defendant, pro se, has turned around all discovery he has received within weeks of receipt, if not in less time, no matter how the 'SCORCHED EARTH' litigation tactics of the Plaintiffs are made. The FACT remains the plaintiffs are being rewarded for dirty tricks in discovery, by claiming they sent discovery when in fact they did not, as no discovery at question was received by the defendant. IN FACT the document at 319, page two clearly states that Larry G. Michel signed the document claiming it was sent via UPS SECOND-DAY OVERNIGHT SERVICE [Emphasis Added], the fact the Magistrate report claims in plain error: *"None of Plaintiffs' notice or certificates of service for the discovery requests at issue indicate they were served by UPS second-day overnight."* see Report of Magistrate Judge James, this statement is simply untrue, and is plain error.

A justice system that depends on the willingness of qualified members of the bar to sacrifice their financial well-being to give unpopular indigent defendants a fighting chance, is just as immoral, unsustainable and counter to common sense as one that seeks to fund its core functions on the backs of defendants. This entire case is one of power. The defendant a FEDERAL WHISTLEBLOWER to massive CRYPTOCURRENCY Frauds and schemes, is being bullied by purported officers of the Court who have filed erroneous FALSE statements in claiming discovery propounded which has never been propounded. In the dissenting opinion of *Leis v. Flynt*, a case that went to the United States Supreme Court over the issue of whether Larry Flint would be represented by the lawyers of his choice (Herald Fahringer and Paul Cambria) Justice Stephens while joined by Justice Brennan and Justice Marshall Wrote:

> Often, as in the case of Andrew Hamilton, Darrow, Bryan and Thurgood Marshall, a lawyer participates in a case out of a sense of justice. He may feel a sense of duty to defend an unpopular defendant and in this way to give expression to his own moral sense. These are important values, both for lawyers and clients, .... **Leis v. Flynt, 439 U.S. 438,451 (1979)**

<u>What the Court has done here is reaching a point where we begin to criminalize poverty.</u>   To say that any person in power can abuse the complex rules created by an elite class of citizens trained in the law, and be denied the right of legal representation, and must learn the rules of the Court while dealing with attorneys who do not uphold the basic standards of the OATH which they took to both the Kansas Constitution and the US Constitution should be unconscionable for all American citizens.  Because of this Court's direct and inherent constitutional power to regulate the practice of law, and ignore the documents and FALSE certificates of the attorneys who are licensed to appear before the Court, the Court is in effect directly bias against the pro se, parties, who are hailed before the Court and whipped into submission to have their life savings drained and are set upon a course of never ending litigations in order to right the wrongs of the SLAPP 'scorched earth' litigation engaged by purported officers of the Court.

"In order for the system to work, a balance must be maintained between the lawyer's oath of office, an indigent's fundamental right to counsel, and the avoidance of state action tantamount to confiscation of a lawyer's practice."  *State v. Lynch, 1990 OK 82, 796 P.2d 1150, 1156 (1990)*

A litigant, even an unrepresented, pro se, litigant has a right to contact persons <u>who have discoverable information</u> and a right to seek subpoenas for discoverable information to the litigation.   <u>Rules of Professional Conduct Rule 3.4(a) states, a lawyer shall NOT</u>:

> "(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;"

Even a pro se litigant should have the fundamental right to respond to discovery which is actually served upon them.  Allowing attorneys to claim they served discovery and then to lay in wait months refusing communication and pounce upon motions to compel and demand requests for admission as admitted when those very requests cover both yes and no, is to setup a protracted trial

upon which merits will be in material dispute and guarantee ongoing appeals and interlocutory appeals, even perhaps various Rule 22 Applications to the USSC.

Licensed attorneys obstructing accessing evidence, in violation of Rule 3.4(a) of the Professional Rules, do a disservice to the Courts and the public at large, as search for the truth is the goal of the Courts.   The public must have trust in the Courts and believe that the Courts provide a fair balancing of the search for the truth and the administration of justice.  When a party is handicapped, by one side, experienced educated and licensed attorneys being allowed to flout the rules and the other an unrepresented party is being held to the strictest interpretation of the rules the scales of justice no longer are balanced equally.

> Rule 3.4(f), a lawyer shall not; "request a person other than a client to refrain from voluntarily giving relevant information to another party unless: (1) the person is a relative or an employee or other agent of a client; and (2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

The matter before the Court consists of plaintiffs who are represented by a plethora of attorneys against a single defendant, not educated in the law, who is a whistleblower, to an still ongoing manipulation of public financial markets through a novel idea of crypto currencies. "Whistleblowers threaten those with power", " In fact, the pressures against whistleblowing have powerful cultural roots. *Michael A. Simons, Retribution for Rats: Cooperation, Punishment, and Atonement, 56 VAND. L. REV. 1, 26–28 (2003). Id. at 27, 30 n.140." DANIEL P. WESTMAN & NANCY M. MODESITT, WHISTLEBLOWING: THE LAW OF RETALIATION 23 (2d ed. 2004)*. Whistleblower protection refers to laws designed to a**ssure that whistleblowers do not suffer specified adverse consequences as a result of their disclosures.** *The "Duty of Fair Dealing": Reynolds-Rexwinkle Oil, Inc. v. Petex, Inc., 2000 WL 282338, Case No. 77,396 (Kansas Supreme Court, March 17,2000)* The supreme court makes it clear that a duty of fair dealing can be breached by something less than "bad faith."

The ACLU says: *"Our court system should be a place where we are all treated equally in the eyes of the law. It should not be a place where the powerful use their abundance of resources to enact revenge on those who see the world through different eyes. What future is there for freedom of speech if we allow those who speak out to be bled dry and turned into an example of what happens when you stand up to speak your mind? SLAPP suits pervert our legal system by turning it into a war of attrition, a place where who is right and who is wrong does not matter nearly as much as who has the most resources."*

## CONCLUSION:

WHEREFORE, defendant Michael Nelson, appearing pro se out of necessity, without the legal education nor expertise as the plethora of attorneys opposing, respectfully pursuant to D. Kan. Rule 7.3(b)(3), and prevailing case precedent within the Tenth Circuit as stated above hereby Prays for Relief and reconsideration of the Magistrate Judge Report, in allowing the pro se defendant to answer and object where necessary as well as to admit or deny or otherwise where necessary to object and request clarification as to the discovery alleged to be propounded via the CERTIFICATE of SERVICE signed by an officer of the Court claiming the discovery was sent via UPS SECOND DAY OVERNIGHT SERVICE, when in fact it was not. AND IF it was then Certainly in the interests of Justice, to prevent manifest injustice and support the transparency of the Courts demonstrating fair and unbiased administration of Justice that the plaintiffs be so commanded and ORDERED to SHOW CAUSE that the discovery was original sent and received by the defendant, by PRODUCING the UPS TRACKING NUMBER for the OVERNIGHT UPS SECOND DAY OVERNIGHT SERVICE, SWORN by CERTIFICATE of SERVICE by Larry G. Michel to have been set. Absent Larry G. Michel's ability to demonstrate via the proof necessary of a tracking number and receipt by the third party corporation UPS of the existence of the SECOND DAY OVERNIGHT Service he swore in writing to the Court he made, then certainly Larry G. Michel should be brought up on charges under the Rules of Professional Conduct and prosecuted for the LIES in writing and under Certificate of Sworn Service as he has made in this matter.

Because opposing attorneys in this matter are not void of fault in unethical conduct in the proceedings, for which they have papered this litigation as can be readily seen just this past week. "The Tenth Circuit has found courts to have abused their discretion where they granted … sanctions to a party who did not comply with the safe harbor provision." *Mellott, 492 Fed. Appx. at 888 (2012) and Roth, 466 F.3d at 1193*.

AND WHEREFORE the Court should require the plaintiffs to provide the discovery now propounded through their exhibits in a form which allows for response without necessitating the retyping or referring back and forth to the discovery propounded.

*"If you see the oppression of the poor, and the violent perversion of justice and righteousness in a province, do not marvel at the matter; for high official watches over high official, and higher officials are over them".* Ecclesiastes 5:8 NKJV

Respectfully Submitted, this 23rd day of FEB 2023

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com  Phone: 702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*