**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| United Capital Management of Kansas, Inc. (UCMK) and CHAD M. KOEHN<br><br>    Plaintiffs, counter-defendants<br>  v.<br>Michael Nelson<br><br>   Defendant; Counter-Plaintiff PRO-Se. | DOCKET NO.: 5:22-CV-04008-JWB-TJJ<br>CIVIL ACTION<br><br>Motion and Memorandum of Law in Opposition to extension of Discovery cutoff 10 March 2023<br>**[Jury Trial Demanded]** |
|---|---|

COMES NOW, Michael Nelson, pro se, out of necessity & Motions in Opposition with this Memorandum of Law and uncontroverted facts, the scheduling order should NOT be modified:

On August 3, 2022, this Court entered a Scheduling Order. See ECF 122. Paragraph 2.b. of the Scheduling Order states: "All discovery must be commenced or served in time to be completed by March 10, 2023." [Emphasis in original.] The cutoff date was affirmed in ECF 360, Paragraph 6.

Plaintiffs have continually waited until the last day to respond to any discovery propounded upon them and have sought at every turn to extend and delay the just determination of this action, against the interest of Federal Rules of Civil Procedure Rule 1. Plaintiffs even in their responses to discovery, wait until the 30th day to respond and then respond stating they will produce documents within 30 days of that date, in effect making every request for production into a 60 day time frame. This is not in the spirit of the Rules nor is it an ethical practice under the Rules of Professional Responsibility nor the Pillars of Professionalism, which do not cover a pro se party, yet are continually referenced by the Court. Plaintiffs cannot show where an extension of discovery cutoff to be in the interests of Federal Rules of Civil Procedure Rule 1.

This case has seen the plaintiffs amend their complaint multiple times, and in bad faith add DECEASED persons to their claims. Despite the overwhelming SCORCHED EARTH litigation tactics employed by the plaintiffs, the single pro se defendant has responded to all discovery received typically within days or a weeks or less of receiving discovery requests. Plaintiffs have continually refused to respond to email, refused to accept phone calls, refused to meet and confer,

share views and consider the opposing parties view point. All communication from the plaintiffs is riddled with untruths and threats making the litigation even more contentious.

As the record so indicates the defendant, pro se, has continually responded within days or a week or two at most to all discovery ACTUALLY served upon the defendant, whereas the plaintiffs continually wait to the 30th day and then claim to respond 30 days after the 30th day to all discovery propounded upon the plaintiff. Plaintiffs claims that discovery should be extended due to their 11th hour bombardment of discovery with scorched earth tactics, are moot, in so much as every 11th hour discovery demand, request and/or production has been timely responded to within days, plaintiffs continue this SLAPP (Strategic Lawsuit Against Public Participation) litigation hell of SCORCHED EARTH tactics, to quote District Court Judge Broomes commentary in the 14th December 2022, hearing, for no other reason than to harass and harang the single pro se impoverished defendant. Not only as a means to harass, intimidate and threaten a Federal Whistleblower, but also to serve as a warning to all other victims, not to sue or complain of their lost investments otherwise they will be dragged through similar litigation hell by the plaintiffs.

The purpose of SLAPP litigations like this one initiated by the plaintiffs through a sloppy written complaint replete with a racial hate crime now being prosecuted, is to harass, intimidate and generally threaten not only the defendant but serve as a warning to all other victims to abandon their claims and allow the plaintiffs to abscond with their hard earned money. The fear and avoidance of litigation hell is as much a deterrent as the hell in which a SLAPP litigation reigns down upon the defendant who is sued without cause nor justification. In fact plaintiffs have yet to answer a single interrogatory, provide a single request for production of documentation, answering only affirmatively a couple of requests for admission, those to do with Chad Mitchell Koehn's SANCTIONS, fine(s), for violative conduct which he is currently SUSPENDED from the stock broker industry, in ALL CAPACITIES, from any association with a broker dealer.

Plaintiffs proffer improperly, as reason for their extension of time, their 14 Feb 2023, requests for admission, a EIGHTY FIVE (85) page single spaced document, which was as all discovery actually received, was responded to immediately. See Document 447, the response of the SCORCHED EARTH litigation tactics of the 85 page single spaced requests for admission.

Then when defendant, pro se, immediately turned around the SCORCHED EARTH 85 (EIGHTY FIVE) page single spaced requests for admission, plaintiffs filed another request for admission on 20 Feb. 2023, in hopes to bog down the single pro se defendant that too was immediately responded to, in service thereof in document 449. Plaintiffs seeing that defendant had immediately as always when discovery is ACTUALLY received, turns around and responds within days, unlike the plaintiffs trickery in service via UPS SECOND DAY OVERNIGHT SERVICE, attested to under CERTIFICATE of SERVICE by Larry G. Michel where this court has erred in Order (Magistrate Report) stating that the defendant admits to positive and negative admissions simultaneously, voids his marriage, and voids his responsibilities to children, taking the plaintiffs at their word they propounded discovery which they did not, as the record indicates. The DECEPTION of the plaintiffs, is well documented in the record, having now had a US Federal Magistrate issue an Order (report) in direct contravention to the FACTS upon the record, wherein the report of the Federal Magistrate Judge James claims that no certificate of service or document references the averment made FALSELY by the hand and signature of Larry G. Michel that the documents and discovery were sent via UPS SECOND DAY OVERNIGHT SERVICE, when in fact to prove this point all the plaintiffs need do is provide the receipt with the UPS SECOND DAY OVERNIGHT SERVICE, which is an impossibility since they NEVER sent such discovery.

The Federal Magistrate Judge James, has erred because of the false statements of the plaintiffs in total deception of the facts. There is no doubt the plaintiffs have claimed 88 separate persons, some DECEASED, in their second amended complaint, every single one of those persons

MUST be called at trial, there is no narrowing of the facts, as the plaintiffs have no case or cause of action, no damages to demonstrate, have refused to provide any verifiable damages, and cannot provide any damages as they have none. For the purposes of a SLAPP litigation is not to have proof of damages but rather to harass, intimidate and threaten the defendant, precisely the actions here. Now that all discovery propounded by the plaintiffs has been responded to their arguments for extension of the March 10, 2023, deadline is moot.

**The parties have been aware of the 10 March 2023, deadline since approximately end of July 2022, in ECF 122, the scheduling order, nothing in the plaintiffs, 'wait a minute, we beg the indulgence of the court just a little longer, in our harassment, deceptive litigation' warrants any extension of time to discovery cut off.** The facts are the facts and they speak louder than any deception, and lies stated by the plaintiffs, <u>seeking as no ethical, moral attorney should ever pass before a FEDERAL COURT, absolute lies and deception in order to further a litigation which needs to either be DISMISSED forthwith OR go to a JURY TRIAL as soon as possible to allow a JURY of 12 to make a determination and allow the parties to move on with their lives.</u>

Chad M. Koehn who in violation of State and Federal law traveled over 200 miles via motor vehicle to physically intimidate the single pro se defendant who he has now twice or perhaps thrice now sought protective orders to WEAPONIZE, legal processes, against the interests of justice creating manifest injustice, while violating the same protective orders Koehn himself has sought.

Chad Koehn's multitude of protective orders <u>filed as weaponizing a system</u> meant to protect those who suffer from domestic violence, have obviously been filed as procedural weapons in the current litigation in US District of Kansas Federal Court. Koehn took it upon himself in violation of the protective order he himself sought through advice and under representation of Christopher J. Kellogg who knew of the Federal Laws cited therein; none-the-less upon the advice of counsel he, CHAD MITCHELL KOEHN, drove over 200 miles and crossed state lines in order to stalk and

intimidate the undersigned and Officers of the Court on 7 Feb 2023, on the south side of the Courthouse in Bartlesville, Washington County of the State of Oklahoma. Koehn did so in violation of Federal Law, and in violation of State Law, violating the sanctity of the Court and did so on the advice and counsel with the knowledge of his representation his Attorney, Christopher J. Kellogg, who represents and thus atornes for Chad M. Koehn is both this Federal Litigation and the protective order Koehn has erroneously sought without cause nor justification.

The plaintiffs have threatened the defendant with his very life, the life of his elderly parents and various children. The plaintiffs have and continue to pursue the defendant in the same manner as their described SCORCHED EARTH litigation tactics as commentary by District Judge Broomes in the 14 December 2022, hearing made. **The defendant fears daily for his life and that of his** **loved ones due to the ongoing and constant threats from Chad Koehn and his posse**, while Koehn continues as a disgraced, SANCTIONED, fined and SUSPENDED former stock broker, who has retroactively resigned his series 7 license and is further prevented via SUSPENSION in ALL CAPACITIES from any association with any broker dealer of stocks or securities.

Plaintiffs have continually not provided basic discovery, requested, have caused ever growing litigations by refusal to provide the discovery lawfully, and necessary to provide for a defense to this SLAPP litigation. Now plaintiffs have sought to by-pass discovery, by submitting answers to production of documents, stating they will produce the documents requested within 30 days, this is not what is meant by the rules, they are in effect extending discovery terms by 60 days. By doing so plaintiffs are in effect denying the defendant the constitutional right to defend the SLAPP litigation. Worse the plaintiffs have upon the heels of the Jury Trial ACQUITTAL in the parallel Oklahoma criminal case, decided to at the 11th hour serve an abusive 85 page single spaced requests for admission, which has been answered. As soon as the 85 page SCORCHED EARTH request for admissions was answered plaintiffs then same day filed another requests for admission

with dozens more, even greater scorched earth harassment, seeking to threaten criminal charges and crimes after the pro se defendant has been through more than a year of HELL and been acquitted! Plaintiffs are abusing the legal process and have now abused to the point of no return the rights of the defendant. Plaintiffs actions warrant imposition of SANCTIONS by the Court and warrant immediate disbarment proceedings. Attorneys are NOT allowed to abuse the legal system in the manner and fashion in which they are engaged.

The courts will generally protect individuals from unwanted annoyance, embarrassment, oppression, undue burden, or expenses. Furthermore, the court rules are generally designed to prevent a party from going into a "fishing expedition" in the context of discovery, party seeks to access information exceeding what's reasonable, fair, or legally permissible, here plaintiffs refuse to provide information necessary to defend, and downright refuse to provide information on their claims in their second amended complaint. The broad freedoms to parties in a lawsuit, also protect litigants from undue burden, unreasonable demands, discovery harassment, factual fishing expeditions, or other unjust behaviors; the plaintiffs are represented by numerous law firms and attorneys poised against a single pro se defendant, and are engaged in Scorched Earth litigation as a means to exact the sort of warning through their SLAPP litigation. So that all others who view the scorched earth litigation are warned to walk away from their investments or otherwise become embroiled in scorched earth litigation tactics to ruin their lives, as the life of the single pro se defendant here has now been forever destroyed, without possibility of repair.

No matter the plaintiffs wild machinations and *dolus* claiming to be in business with Major Sovereigns and having as clients US States and US Federal Agencies, and other US Federal Resources, using the Logos and Great Seals of each to imply a sense of officiality to their fraudulent enterprises. The fear of other VICTIMS becoming embroiled in litigation with scorched earth tactics is well demonstrated in this matter, this is why SLAPP litigations do more DAMAGE to

those who have yet to be sued than those who lose everything in their life, to the abuse and missuse of the legal system by attorneys so unethical and immoral that they violate the very OATH and rules of their profession by furthering such invidious harassment litigation.

The plaintiffs have had more than 6 months to propound discovery requests and have purposefully waited till the 11th hour prior to close of discovery for no reasonable nor proper purpose other than to abuse and harass the single pro se defendant in this matter, only after a Jury made a finding of NOT GUILTY a full acquittal of all charges in the parallel criminal case in Oklahoma, EXONERATING any wrongdoing: Michael Eric Nelson Acquitted on All Charges

In FACT of the gaggle of persons claimed by Koehn at 18, of the second amended complaint only two (2) were contacted regarding preparation of subpoenas, covered under absolute and qualified privilege, both those persons Mark J. Ritter and Craig A. Piercy testified in the parallel criminal matter in Oklahoma, both testifying they continue to do business with the plaintiffs demonstrating plaintiffs have NO CAUSE of Action. Furthermore, plaintiffs continue to list Marsha Weaver, deceased, passing after a long battle with cancer, is dilatory and in bad faith. Plaintiffs have recognized that Marsha Weaver is DECEASED yet they continually add her in their abusive repetitive burdensome scorched earth discovery tactics. Koehn provides no evidence of having received referrals in the past, nor the receipt of referrals from persons from beyond the grave, he does not meet the hurdle to allow for damages; that customers have "ceased, in whole or in part, as to their business or referrals, ceased, in whole or in part" (2nd Amended Complaint at 30). "Broad and factually unsupported allegations of patient cancellations {emphasis added}do not support a claim for damages"; *Snyder v. American Kennel Club, (D. Kan. 2009)*

In hopes to provide for judicial economy and efficiency providing conservation of Judicial Resources. I, Michael Nelson in the above herein captioned matter, provide the following admission, that as to plaintiffs claims, and testimony given during the criminal trial in Oklahoma, I

have left a voicemail message for a man identified as Mark Joseph Ritter, who testified under oath and the voicemail was played in open Court before a Jury. Mr. Ritter also testified he continues to conduct business with the plaintiffs and referred to the undersigned as a "goofball", it was evident based upon his testimony the plaintiffs can show no damages regarding Mr. Ritter. In fact it is believed Mister Ritter is behind a defamation campaign to malign me and others at the behest of Chad Koehn, a matter for separate litigation. Mr. Ritter although claiming to have a son who has recently passed also has a daughter employed by FIDELITY Investments, perhaps Mr. Ritter would rather keep most of his money with his own daughter than Mr. Koehn?

I, Michael Nelson, further admit I have had two phone calls with Mr. Craig Piercy since 6 September 2022, the first of which **Mr. Piercy was obviously operating a motor vehicle, on or about 6 September 2022, his words were slurred and he appeared to be highly inebriated.** I therefore suggested we speak the following day, suggesting the early morning**, believing perhaps he would not be inebriated when we spoke next**. He did not appear to have slurred words or inebriated and unlike the previous day did not appear to be operating a motor vehicle. We had a pleasant conversation, during which at no time did I seek to interfere with Mr. Piercy's claimed relationship with Koehn or UCMK. In fact the purpose of my conversation with Piercy and the voicemail to Ritter were to confirm their investments in Anthem Holdings Co. HeraSoft, Herc crypto stock coin (crypto currency) and other companies involved in this mess. Piercy volunteered information that his wife had her 401(k) transferred to Koehn, this was the first time I learned of any connection between Piercy and Koehn. Piercy spent most of the conversation ranting about Ritter, a guy Karl or Carl, Kelly Dunn and some other people, claiming that HeraSoft is Chad Koehn's invention and poised to be a billion dollar company. In order to properly serve Federal subpoenas pursuant with the prior instructions of the Court not to seek subpoenas for persons or entities which do not have the discoverable information sought, I contacted these two persons who

are listed as shareholders of Anthem Holdings Company.   I at no time caused nor made any defamation of Koehn or his alter egos UCMK or HeraSoft.   This whole scorched earth litigation needs to stop!   Koehn is doing himself no favors by continuing his scorched earth litigation and ridiculous claims, Koehn is his own worst enemy he has no damages as is evident.

To demonstrate to the Court just how the plaintiffs are engaged in scorched earth litigation, in their response to Request for production at # 25 of the defendant's request:

"25. Produce all documents and ESI which supports your statements that Nelson made the following comment/opinion and precisely to whom such comment was supposedly made and the date and how the comment was made, in writing, orally, etc.: "Plaintiffs stole Defendant's proprietary software"

Plaintiffs respond by stating:  "RESPONSE: *Objection. Nelson no longer has a counterclaim in this action. Therefore, any such documents are irrelevant, immaterial and not reasonably calculated to lead to material evidence admissible at trial."*  HOWEVER, plaintiffs then serve requests for admission to the defendant, where they repeatedly request admission SEVENTY-FIVE (75) separate times stating:  "Chad M. Koehn and/or UCM stole Your proprietary software"

Mister Kellogg has repeatedly refused to discuss matters of depositions and has continually objected to the depositions I wish to take in this matter.  Worse, Kellogg has made idol threats, which have only increased by now filing further criminal accusations guised as requests for admission, for which Kellogg cannot have any evidence as they are absurd and untrue.  Kellogg has continued with  "forthcoming motion the request to expedite your discovery responses." There is not a need to expedite any discovery responses as all discovery has been replied.  The fact plaintiffs seek to obstruct any depositions other than my person speaks volumes as to the true nature of this SLAPP litigation and refusal to cooperate in discovery.  Kellogg stating:  "we believe taking the depositions of the majority of people you want to depose would not be reasonably calculated to lead to the discovery of admissible evidence and would object to those depositions." This Court has required both plaintiff and defendant to submit persons they intend to depose, defendant did so and plaintiff chose to submit classes of people, which the Court has objected to

and instructed plaintiffs to file specified persons, see ORDER of the Court Doc. 387, wherein

Plaintiffs have failed to amend their list for depositions and therefore are limited to only those

identified in their filing made in document 379, persons 1-5, though PWMK is not a known person,

and plaintiffs claim for deposing Eric Everhart, they make a false assertion to the Court claiming

they are trying to ascertain Eric Everhart's address, when plaintiffs many times amended complaint

now lists Eric and Valorie Everhart as persons, and have listed an address of 3397 S. Lightville Rd.

Salina, Ks 67401 for ERIC EVERHART, which they list as a person to be deposed.

**WHEREFORE, it is my PRAYER for Relief from this Honorable United States**

**Federal Court for the US District of Kansas, that close of discovery 10 March 2023, pursuant**

**with prior Order of the Court in ECF document 122, be maintained and that this litigation**

**either be DISMISSED or submitted for Trial by a Jury of 12 and end this SCORCHED**

**EARTH SLAPP Litigation so that the parties can move on with their lives.**

Respectfully Submitted, this 23rd day of Feb 2023

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone:  702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail:  **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*