IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED CAPITAL MANAGEMENT | ) |
| OF KANSAS, INC., and | ) |
| CHAD M. KOEHN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 22-cv-4008-JWB-TJJ |
| | ) |
| MICHAEL E. NELSON, | ) |
| | ) |
| Defendant. | ) |

## NOTICE AND ORDER TO SHOW CAUSE REGARDING THE RECOMMENDED APPOINTMENT OF A SPECIAL MASTER

This case was removed to this Court barely more than a year ago, yet there have already been 450+ docket entries in the case (even with filing restrictions imposed upon the parties). Counsel for Plaintiffs and pro se Defendant have proven themselves fundamentally incapable of conferring in good faith with one another and each side accuses the other of using "scorched earth" tactics. Written discovery in the case to date has been a continuous battle over every discovery request and response, often including personal attacks by the parties on each other or their counsel. The case has already consumed a substantial and disproportionate amount of the Court's time and resources relative to what is ordinarily necessary to properly manage litigation before this Court.

The Court anticipates depositions in the case will devolve into improper questioning, continuous objections, refusals to answer, arguments, personal attacks, and general chaos. Close supervision will be essential. However, with an already busy docket and the demands of many other case matters it is not feasible for the undersigned to attend and supervise lengthy depositions in this case. Therefore, the Court believes it necessary that a special master be

1

appointed to attend certain of the depositions in the case, to ensure that they proceed in an effective and efficient manner, without undue delay, as prescribed by Fed. R. Civ. P. 1.

Accordingly, the parties are hereby given notice of the undersigned Magistrate Judge's recommendation that District Judge Broomes appoint a special master, pursuant to 28 U.S.C. § 636(b)(2) and the Federal Rules of Civil Procedure, to address pretrial matters that cannot be effectively and timely addressed by the assigned Magistrate Judge. More specifically, the Court recommends that Recall Magistrate Judge James P. O'Hara be appointed, with or without the consent of the parties herein, as a special master to attend, either in person or by remote means, the depositions of Plaintiff Koehn, Defendant Nelson, and such other deposition witnesses as directed by the undersigned Magistrate Judge, for the purposes of supervising, regulating, and monitoring the depositions, and ruling on all objections made during the depositions. It is further recommended that the special master's authority extend to oral depositions as well as depositions by written questions and the authority to limit the length, scope, number of questions, duration and manner of any deposition, including authority to re-schedule or terminate any deposition due to the misconduct of any party or counsel. It is further recommended the special master be given authority by order to impose on a party and/or counsel any noncontempt sanction provided by Fed. R. Civ. P. 37 or 45, and to recommend a contempt sanction against a party and/or counsel and sanctions against a nonparty for misconduct during a deposition. It is further recommended that Judge O'Hara be given authority to make final determinations (no report and recommendation required) regarding the deposition matters described herein with reconsideration by the District Judge if his order(s) is/are clearly erroneous or contrary to law. He would not be required to file a report with the court. But to the extent Judge O'Hara issues formal orders, he would be required to file them and promptly serve copies on the parties.

It is further recommended that the appointment of Judge O'Hara as special master in this case become effective upon his filing of an affidavit pursuant to Rule 53(b)(3)(A), stating there are no grounds for disqualification under 28 U.S.C. § 455, and entry of an appointing order. Because Judge O'Hara is a magistrate judge on recall, there would be no cost to the parties for his services as the special master.

The parties shall show cause in writing, if any, why District Judge Broomes should not enter an order appointing Recall Magistrate Judge O'Hara as a special master in this case for the purposes set out herein.

**IT IS THEREFORE ORDERED** that on or before **March 7, 2023**, the parties shall show cause in writing, if any, why District Judge Broomes should not enter an order appointing Recall Magistrate Judge O'Hara as a special master in this case for the purposes set out herein. Any such response shall be limited to no more than six (6) pages and shall state: (1) whether the party consents to the appointment of Recall Magistrate Judge James P. O'Hara as special master for the purposes described herein; and (2) any objections to the recommended appointment.

IT IS SO ORDERED.

Dated February 27, 2023, at Kansas City, Kansas.

                                          Teresa J. James
                                          U.S. Magistrate Judge