# UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS

| | |
|---|---|
| **United Capital Management of Kansas, Inc**. (UCMK) <u>and</u> **CHAD M. KOEHN** <br><br>  Plaintiffs, counter-defendants <br> v. <br> Michael Nelson <br><br> Defendant; Counter-Plaintiff PRO-Se. | **DOCKET NO.:**    <mark>5:22-CV-04008-JWB-TJJ</mark> <br> <u>CIVIL ACTION</u> <br><br> <u>Objection / Opposition to Statement of Fees Submitted by Plaintiffs in Doc. 410</u> <br><br> **[Jury Trial Demanded]** |

COMES NOW, Michael Nelson, pro se, out of necessity, and files this Objection and Opposition against the inaccurate fees and costs being sought by plaintiffs in document 410:

> ORDER. Defendant's 2/23/2023 email request for permission to file an objection to 410 Plaintiffs' Statement of Fees for Affidavits is approved, but shall not exceed 6 pages. Defendant shall file his objection on or before 2/27/2023. Signed by Magistrate Judge Teresa J. James on 2/23/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(byk) (Entered: 02/23/2023)

**Statement of fees Kennedy Berkley:**

"attorney's fees for Kennedy Berkley of $1,102.50", see Document 410, page 1. In direct contravention to statement of fees submitted Kellogg, attests to Craig Brand, <u>"I just pulled my and Larry's billings for the affidavits to Hoffman and Swisher.</u> **<u>It looks like we have only $552.50 in fees for preparing and filing the affidavits.</u>**" When they submit the statement of fees miraculously the former total they tell Brand is DOUBLED. See Exhibit "B" of the statement of fees submitted and the statement in writing by Kellogg, "it looks like we have only about $552.50 in fees for preparing and filing the affidavits." Not only is this suspicious, the original amount seems in line with what could be conceivable in fees awarded, not the DOUBLING of this about.

**Craig Alan Brand's Statement**

First, Mister Brand's billable hourly rate of $450/hour is not in line with the billable hours within the forum. Mister Brand, given the plethora of mistakes made in his filings and even in his inaccurate billing, should have a lodestar rate not greater than $225/hour, as it would appear Brand too has more than DOUBLED his fees being sought. The billing rate Mster Brand seeks is in ordinate to the case at hand, and is far greater than any other attorney within the forum State and

should be reduced to half of what he is seeking given the performance of the filings made by Brand and the average lodestar fee of attorneys in the forum.

Per Order, page 2, at (5), of Document 360: "based upon the Declarations (ECF No. 270-1) filed by Plaintiffs in reply to the motion and for the reasons set out on the record, the Court grants Plaintiffs' requests for their attorney's fees in preparing the motion to quash, their reply, and in obtaining the referenced Declarations."

First, the Billing submitted by Brand, is not only sloppy but <u>it references ECF documents not at issue in the award of attorney's fees</u>.  The 2.25 hours Brand submits for preparation of responses references ECF documents 245 and 246, see Exhibit B, of document 410, when in fact document 246, is the Comparative Fault Designation by the defendant, not at issue here.  It is obvious and evident, not only is this sloppy and inaccurate billing, but Brand could not have spent more than an hour on such a document, and is trying to get fees for review of another document unrelated.  This billing entry should be reduced to 1 hour.

Mister Brand is also billing for affidavit of Christopher Giroux, yet no such affidavit or declaration for Chistopher Giroux was submitted to the Court, the reasoned mind believes there is an affidavit of Chirstopher Giroux which should be provided forthwith as part of discovery.  It is apparently based on Brand's billing this 1.25 hours should be reduced to .5 hour.

Brand also submits billing for 10/13/2022 regarding a reply for 1.25 hours, which given the sloppy inconsistent billing records, it could be conceivable Brand will claim it is not 10/13/2022 but rather he is trying to stay 10/1-3/2022, claiming two or three different days?  It is very difficult to tell exactly what Brand is trying to submit for billing.   In either case the time he is claiming is once again redundant and repetitive to other billing and should be reduced to .5 hours.

The entry of Brand regarding talks with Chad M. Koehn and email to US Federal Magistrate Birzer should be declined as having nothing to do with the award granted in document 360.

Ergo given the above analysis Craig Brand's total billing for the award granted in document 360, <u>should be adjusted and so limited to 2 hours</u>, at a billing per hour lodestar rate of not greater than $225/hour equaling a total billing of $450.00; with the original amount stated by Chris Kellogg in his email to Brand, where Kellogg states: "It looks like we have only about $552.50 in fees for preparing and filing the affidavits." Putting these two amounts together, $450 to Brand and $552.50 to Michel and Kellogg, the total is: $1,002.50 and not the erroneous excessive billing submitted. Ironically the true total fees/costs which should be awarded is nearly the fixed sum suggested by the undersigned in the original objection to the billing to be allowed for the sanctions awarded.

**WHEREFORE, Michael Nelson,** requests this Court to reduce the award of sanctions to not greater than $1,002.50 per the above analysis; permanently adjust the lodestar fees for Craig Brand consistent with those in the forum jurisdiction, and sanction the opposing counsel for inaccurate, redundant and repetitive billing. The overreach in billing is inordinate to the task being awarded in document 360, and is meant to **criminalize poverty and that should be unconscionable for all Americans.**

Respectfully Submitted, this 27th day of Feb 2023

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone: 702-932-3434

**Certificate of Service:**
The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail: **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All <u>pleadings shall be so construed as to do substantial justice</u>"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*