IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED CAPITAL MANAGEMENT OF KANSAS, INC. and
CHAD M. KOEHN,

        Plaintiffs,

v.                                         Case No. 22-4008-JWB

MICHAEL E. NELSON,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motions to stay. (Docs. 325, 413.) In Defendant's first motion to stay, Defendant also appeals a previous ruling made by the magistrate. (Doc. 325 at 1.) Plaintiffs filed a response to Defendant's first motion to stay.[1] (Doc. 328.) Plaintiffs have not responded to Defendant's second motion to stay and the time to do so has expired. For the reasons stated herein, Defendant's motions to stay are DENIED. Defendant's appeal of the magistrate's order is DENIED AS MOOT.

**I.    Appeal of Previous Order (Doc. 298)**

Defendant appeals a portion of a previous order by the magistrate judge which directed him to email opposing counsel, Chris Kellogg, about proposed topics to discuss at monthly status conferences.[2] (Doc. 298.) Defendant argued that he could not contact Chris Kellogg because of the Oklahoma criminal proceedings. (Doc. 325 at 3.) Defendant has reported to the court that he was acquitted of the charges in the Oklahoma criminal matter. (Doc. 440 at 1.) Accordingly, this issue is moot.

---

[1] Defendant did not file a reply and the time to do so has expired.
[2] Judge James has also decided to discontinue the monthly status conferences. (Doc. 360 at 1.)

## II. Motions to Stay (Docs. 325, 413)

Defendant argues that he is entitled to a stay of discovery under K.S.A. 60-5320(e)(1) pending the outcome of the motion to strike (Doc. 365) that he has filed. (Doc. 413 at 5.)[3] Defendant also argues that he is entitled to a stay until the criminal proceedings against him in Oklahoma are resolved. (*Id.*) As the court has already noted, Defendant was acquitted and thus the argument relating to the criminal proceedings is moot.

The Kansas legislature adopted a law in 2016 called the Kansas Public Speech Protection Act ("KPSPA"). K.S.A. § 60-5320. It is a statute "intended to prevent meritless lawsuits that chill free speech." *Doe v. Kan. State Univ.*, 61 Kan. App. 2d 128, 135, 499 P.3d 1136, 1143 (2021). Federal courts in Kansas have applied the substantive provisions of that act while sitting in diversity. *Zaid v. Boyd*, Case No. 22-1089-EFM, 2022 WL 4534633 at *5 (D. Kan. Sept. 28, 2022); *Caranchini v. Peck*, 355 F. Supp. 3d 1052, 1061 (D. Kan. 2018). But federal courts have also questioned whether procedural mechanisms within the statute apply to federal courts sitting in diversity because federal courts apply federal procedural law. *Caranchini*, 355 F. Supp. 3d at 1061 (finding that KPSPA's requirements for a hearing within thirty days and a stay of discovery were procedural and did not apply in diversity case).

One such procedural mechanism is the provision of the KPSPA which requires "all discovery, motions or other pending hearings shall be stayed upon the filing of the motion to strike." K.S.A. § 60-5320(e)(2). This section allows a court to order that specified discovery, motions, or other pending hearings to go forward. *Id.*

"In a federal diversity action, courts must apply state substantive law, or 'those rights and remedies that bear upon the outcome of the suit,' and federal procedural law, or 'the processes or

---

[3] Defendant makes essentially the same argument in his first motion to stay proceedings, which he filed while a previous motion to strike was pending. (Doc. 325.) Thus, the court takes up both motions at once.

modes for enforcing those substantive rights.'" *Caranchini*, 355 F. Supp. 3d at 1057 (quoting *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668 (10th Cir. 2018)). The *Caranchini* court discussed the KPSPA and applied the two-part test provided by the Supreme Court[4] and determined that applying it in a federal diversity action met the twin aims of the *Erie* doctrine: to discourage forum shopping and encourage equitable administration of the laws. *Id.* at 1058–60.

This court agrees that applying the substantive provisions of the KPSPA meets the aims of *Erie*, and it has applied those substantive provisions previously in this case. (Doc. 330.) But because federal procedural law already provides rules for the administration of a motion to strike, and because following the procedural rules in the KPSPA would not change the outcome[5] of the case, the court determines that the procedural provisions of the KPSPA do not apply in a federal diversity action. *Cf. Caranchini*, 355 F. Supp. 3d at 1061 (the court "is not convinced that the requirement that a court hold a hearing within 30 days and the mandatory discovery stay provisions of the Act are applicable in federal diversity actions, as those provisions are strictly procedural in nature and do not affect the outcome of the case."); *Los Lobos Renewable Power*, 885 F.3d at 673 (recognizing New Mexico anti-SLAPP statute as procedural where "[a] defendant's reliance on [the statute] will not alter the suit's outcome because it does not provide a defendant the right to avoid liability apart from a separate determination of the suit's underlying merits.") The court

---

[4] "The Supreme Court has held that a federal court sitting in diversity should not apply a state law or rule if (1) a Federal Rule of Civil Procedure answers the same question as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Caranchini*, 355 F. Supp. 3d at 1058. The *Zaid* court conducted this same analysis. *Zaid*, 2022 WL 4534633 at *3. Because other judges of this court have already analyzed the issue, this court need not analyze the issue in depth. Instead, this court focuses its inquiry on the procedural provisions of the statute and whether a federal court should apply those provisions instead of the Federal Rules of Civil Procedure.

[5] If this court did issue a stay of discovery, it would only be until the court rules on Defendant's motion to strike/motion to dismiss. The court strives to timely rule on pending motions and so the outcome is no different whether a stay is issued for a short period of time or whether a stay is not issued.

3

will instead follow Federal Rule of Civil Procedure 12(f), which governs the procedure for a motion to strike and does not require a stay.

### III.    Conclusion

For the foregoing reasons, Defendant's motions to stay (Docs. 325, 413) are DENIED. Defendant's appeal of a previous order by the magistrate is DENIED AS MOOT.

IT IS SO ORDERED.  Dated this 27th day of February 2023.

_s/ John W. Broomes_  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE