IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 22-cv-4008-JWB-TJJ |
| MICHAEL E. NELSON, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Requests for Production and for Sanctions (ECF No. 377). Defendant, proceeding *pro se*, requests the Court issue an order striking Plaintiffs' boilerplate objections and compelling Plaintiffs to produce documents responsive to Defendant's Requests for Production. Defendant also requests Plaintiffs be sanctioned for what Defendant characterizes as Plaintiffs' obstructionist discovery tactics and delays. Plaintiffs did not file any response in opposition to the motion.[1] For the reasons explained below, Defendant's motion is granted in part and denied in part.

---

[1] Although Defendant's motion could be granted as uncontested under D. Kan. Rule 7.1(c) merely based upon Plaintiffs' failure to timely file a response in opposition to the motion, the Court declines to do so in this case because of the Court's duty under Fed. R. Civ. P. 26(b)(2)(C)(iii) to limit discovery to the extent that it is "outside the scope permitted by Fed. R. Civ. P. 26(b)(1)."

I.     **Procedural History**

Defendant's Requests for Production which are the subject of the instant motion consist of 35 requests in "Part 1" and five requests in "Part 2."[2] In accordance with the Court's Order,[3] Plaintiffs served their Responses and Objections to Defendant's Requests for Production on November 10, 2022, providing a response and/or objection to 25 of Defendant's "Part 1" Requests for Production and six of Defendant's "Part 2" Requests for Production.[4]

II.    **Court's Duty to Limit the Extent of Discovery Under Fed. R. Civ. P. 26(b)(2)(C)**

Federal Rule of Civil Procedure 26(b)(2)(C) requires the court, on a motion or on its own, to limit the extent of discovery otherwise allowed if it determines that "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[5] The scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[6]

Under Rule 26(b)(1), discovery is limited to that "relevant to any party's claim or defense." The Court therefore looks to the allegations set forth in Plaintiffs' Second Amended Complaint

---

[2] *See* Def.'s Notice of Service (ECF No. 224). Exhibit B to Defendant's Motion (ECF No. 377-3) is Defendant's Request for Production served on August 30, 2022, which lists 35 individual requests. Exhibit C to Defendant's Motion (ECF No. 377-4) is Defendant's "Part 2: Requests for Production of Statements and ESI Search" which includes five requests.

[3] *See* Oct. 4, 2022 Order (ECF No. 268) at p.3.

[4] *See* Pls.' Notice of Compliance (ECF No. 320) and Pls.' Resps. & Objections (ECF No. 377-5).

[5] Fed. R. Civ. P. 26(b)(2)(C)(iii).

[6] Fed. R. Civ. P. 26(b)(1).

(ECF No. 341), and Defendant's defenses to those claims to determine relevancy. Plaintiffs assert two claims against Defendant: (1) defamation of Plaintiff Koehn's business and personal reputation and good name, and (2) intentional interference with Plaintiffs' prospective business relationships/expected business advantages. Highly summarized, Plaintiffs allege Defendant contacted their clients, making inaccurate and false statemets about Plaintiffs and claiming false identities in order to give the false appearance of officiality. Defendant's counterclaims have all been dismissed so any discovery relating to those is no longer relevant.

### III. Rulings

After extensive review of Defendant's Motion to Compel and Plaintiffs' responses and objections to Defendant's Requests for Production, the Court finds that nearly all of the Requests for Production ask Plaintiffs to produce documents or information not relevant to any party's claims or defenses in this case and that is not proportional to the needs of the case. The Court therefore sustains Plaintiffs' objections to all of the subject Requests for Production on the bases stated in the objections and/or because they exceed the proper scope of discovery pursuant to Fed. R. Civ. P. 26(b), *except* the Requests for Production identified below:

#### A. Request for Production No. 1

Defendant's Request for Production No. 1 requests "All documents relied upon when responding to any request demand, production or admission herein this limited discovery request."[7] In their Response, Plaintiffs rewrite Request No. 1 to "All documents relied upon when responding to Defendant's First Set of Requests for Admission" and then answer it with

---

[7] Ex. A (ECF No. 377-3) at 10.

"The Court has struck or the Defendant has withdrawn all Defendant's Requests for Admissions."[8]

Plaintiffs did not object to this request, yet they improperly limit their response to documents relied upon when responding to Defendant's First Set of Request for Admissions and thereby fail to respond completely to Request for Production No. 1. Although poorly drafted, Request for Production No. 1 encompasses documents Plaintiffs relied upon when responding to the Request for Production. Plaintiffs shall produce all documents responsive to Defendant's Request for Production No. 1 and supplement their response accordingly.

### B. Request for Production No. 20

Defendant's Request for Production No. 20 asks Plaintiffs to produce:

> Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which either UCMK or CHAD MITCHELL KOEHN has been named as a witness or a party, that have existed or been brought with respect to or involving UCMK or CHAD MITCHELL KOEHN, for a period of FIVE (5) YEARS before the date of this request to the present.[9]

In their Response, Plaintiffs renumber it as Request No. 16 and respond: "Objection. Defendant is not, and never has been an officer, director, shareholder, employee or agent of the Plaintiffs. Therefore, such information is irrelevant, immaterial and not reasonably calculate[d] to lead to admissible evidence at trial."[10]

---

[8] Ex. C (ECF No. 377-5) at 2.

[9] Ex. A (ECF No. 377-3) at 12.

[10] Ex. C (ECF No. 377-5) at 5. Plaintiffs omit ten of Defendant's 35 Request for Production (Nos. 2, 17, 18, 19, 22, 24, 26, 27, 28 and 32) from their Response and confusingly renumbered the Requests No. 1 to 25. Defendant's motion is unclear whether he seeks to compel responses to the Requests and responses omitted by Plaintiffs.

Plaintiffs' objection is overruled. That Defendant is not, and never has been, an officer, director, shareholder, employee or agent of the Plaintiffs, does not necessarily render the requested documents beyond the scope of discovery allowed under Fed. R. Civ. P. 26(b)(1). Based upon allegations of false statements by Defendant alleged in Plaintiffs' Second Amended Complaint, the Court finds that the documents requested in Request for Production No. 20 are to some extent relevant and within the scope of Rule 26(b)(1). However, the Court does find that the request as written is overbroad and not proportional to the needs of this case, and therefore limits the request to:

> All documents referring to or evidencing lawsuits, legal or equitable claims, regulatory complaints, or settlements involving alleged criminal actions, sexual harassment, money laundering, or falsified documents filed with the SEC, against or involving Plaintiffs Chad Koehn and/or UCM, for the three-year period prior to Plaintiffs' filing of this lawsuit in Saline County District Court.

Plaintiffs shall respond and produce all documents responsive to Request for Production No. 20 as limited here.

### C.     Request for Production No. 21

Defendant's Request for Production No. 21 seeks:

> Any and all documents in the possession or control of UCMK that either UCMK or CHAD MITCHELL KOEHN may use to support claims or are in any way relevant to the subject matter of the lawsuit, petition, complaint and/or counter/cross complaints.

Plaintiffs renumber this Request as No. 17 and state: "Objection: Overbroad and unduly burdensome."

Plaintiffs' objection is overruled in part. The Court finds that the request as written is overbroad and not proportional to the needs of this case, and therefore limits the request as follows:

All nonprivileged documents in the possession or control of Plaintiffs that
are relevant to any party's claims or defenses in this case.

Plaintiffs shall respond and produce all documents responsive to Request for Production No. 21 as limited here.

D. **Request for Production No. 23**

Defendant's Request for Production No. 23 asks Plaintiffs to produce "[a]ll exhibits which You propose to introduce at trial and/or hearing."

In their response, Plaintiffs renumber this Request as No. 18 and respond, "Undetermined at this time."

Plaintiffs do not object to Request for Production No. 23 but instead state, "Undetermined at this time," which is in effect not responsive. Plaintiffs shall respond and produce all documents responsive to Defendant's Request for Production No. 23.

E. **Part 2 Requests for Production Nos. 1–3**

Defendant's "Part 2" Request No. 1 seeks "All statements made by parties and non-parties, which are in the possession or control of any Plaintiff(s), concerning the above action or its subject matter which are discoverable pursuant to the Federal Rules of Civil Procedure.[11] Plaintiffs responded, "All such statements either have been produced or will be produced.[12]

Defendant's "Part 2" Request No. 2 asks Plaintiffs to produce:

Copies of all Litigation Hold Notices, names and contact of all persons whom have received "Litigation Hold Notices", the dates and subject of each Litigation Hold Notice, in preparation prior to filing of the State Petition removed hereto the US Federal Court, and all and any Litigation Hold Notices issued after the service of the State petition on the defendant in Essex County New Jersey, and separately

---

[11] Ex. B (ECF No. 377-2) at 9.

[12] Ex. C (ECF No. 377-5) at 7.

> detail all litigation hold notices sent and the dates together with a list of all persons with their contact information receiving such litigation hold notices after removal of the state petition to the Federal Court, inclusive of all Litigation Hold Notices issued in connection with the referenced litigation.[13]

Plaintiffs responded, "None, except for the Defendant."[14]

Defendant's "Part 2" Request No. 3 seeks production of "Legal opinion as to what communications between shareholders and the public are considered First Amendment Issues.[15] Plaintiffs' response is "None."[16]

Plaintiffs assert no objections to these Request for Production. Plaintiffs shall produce all documents responsive to Defendant's "Part 2" Request for Production Nos. 1–3 and supplement their responses accordingly.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Requests for Production and for Sanctions (ECF No. 377) is granted in part and denied in part. Plaintiffs shall respond to and produce documents responsive to Defendant's Requests for Production Nos. 1, 20, 21, and 23, and "Part 2" Request Nos. 1–3, as limited herein, no later than **March 10, 2022**.

**IT IS FURTHER ORDERED** that Plaintiffs shall timely supplement their responses to Request for Production Nos. 1, 20, 21, and 23, and "Part 2" Request Nos. 1–3, as additional responsive documents are identified, in accordance with Fed. R. Civ. P. 26(e).

**IT IS FURTHER ORDERED** that Plaintiffs objections to all of Defendant's Requests for Production, other than Request Nos. 20, and 21, are sustained on the basis stated in

---

[13] Ex. B (ECF No. 377-2) at 9.

[14] Ex. C (ECF No. 377-5) at 8.

[15] Ex. B (ECF No. 377-2) at 9.

[16] Ex. C (ECF No. 377-5) at 8.

Plaintiffs' objections and/or because they exceed the proper scope of discovery pursuant to Fed. R. Civ. P. 26(b)(1).

    IT IS SO ORDERED.

    Dated February 27, 2023, at Kansas City, Kansas.

_____<br>
Teresa J. James<br>
U.S. Magistrate Judge