**UNITED STATES DISTRICT COURT - DISTRICT OF KANSAS**

| United Capital Management of Kansas, Inc. (UCMK) and CHAD M. KOEHN<br><br>                    Plaintiffs, counter-defendants<br>            v.<br>Michael Nelson<br><br>            Defendant; Counter-Plaintiff PRO-Se. | DOCKET NO.:    5:22-CV-04008-JWB-TJJ<br>CIVIL ACTION<br><br>**Motion in Opposition regarding Plaintiff's Motion in Document 445**<br>**w/ Motion for Deposition by Remote Means pursuant with FRCP Rule 1 & 26(c)**<br><br>**[Jury Trial Demanded]** |
| --- | --- |

COMES NOW, Michael Nelson, pro se, out of necessity, and files this Motion in Opposition and Memorandum of Law against the inaccurate filing of the plaintiffs regarding depositions:

Plaintiffs continue to make defense of this SLAPP suit, overly burdensome and costly against FRCP Rule 1, seeking inordinate costs to defend. **We reach a point where we begin to criminalize poverty and that should be unconscionable for all Americans.**

I have never refused a deposition. Plaintiff, Chad M. Koehn has now applied twice for a protection order, the first dismissed in March of 2022, wherein Koehn stated my computer was "stripped" (stolen) from me, a fact he could not have known unless he was involved.  As a procedural WEAPON to weaponize the Courts, Koehn sought a second protective order in September of 2022. **Koehn was at that time in receipt of a wells notice form a US Federal Regulator.**  Koehn is now sanctioned by the US Federal Regulator.  Koehn sought to attach my elderly father to this invidious harassment lawsuit on the heels of his weaponizing the Courts, abusing domestic violence protective orders. I am made to constantly fear physical injury and death through the abuse of the legal system by the plaintiffs.  Threats of criminal prosecutions and as evidenced Koehn's interstate travel to physically stalk me & family, and intimidate Court Officers.

**THREATS OF VIOLENCE - DEAD WHISTLEBLOWER(S) murder for hire plot(s):**

Koehn in violation of his own protective order, he himself sought and Chris Kellogg has continually sought continuances, traveled over 200 miles in interstate commerce, crossing state lines to physically and psychologically intimidate, not only my person, family, friends,

investigators, attorneys, officers of the Court, during the parallel hereto Criminal Proceedings in

Bartlesville Oklahoma.  **Wherein I was finally exonerated, found NOT GUILTY.**

Plaintiffs have levied a veiled THREAT in writing in their motion, speaking volumes as to

what is afoot.   There can be no other way to take the statement:  "Defendant may not appear and

testify at the trial," stated in their motion.  The ONLY way to take this statement is plaintiffs plan

some nefarious physical injury to prevent me from defending this invidious harassment litigation.  **I**

**have already been severely beaten, incarcerated for over a month, dragged through a**

**malicious prosecution,** intimidated and threatened constantly for years. As a WHISTLEBLOWER

myself the threats regarding the DEAD whistleblower, found in Connecticut, near my elderly

parents has my family afraid, in fact it was the certified mail letter demanding the death threats stop

which was the single physical piece of evidence in the Oklahoma criminal prosecution. We are left

without doubt Chad Koehn was behind the criminal charges in Oklahoma, predicated on false

statements to police.  No wonder Koehn drove 200+ miles to physically intimidate me and counsel.

The case of the dead whistleblower in Connecticut, has been continually used to make me

fear for my physical safety and that of my loved ones.  "Brand said Thomas Brignolo was Simon's

[Simon Property Group] star witness. Two days after the arrests [of Dale Takio]**, Brignolo suddenly**

**died.** Brand believes his death was connected to the case." see Exhibit "A"

Brand used a deposition of Thomas Brignolo, to find out exactly where he would be and

where he was staying, implying Brand would meet him in a foreign country trying to pinpoint his

exact location, See Exhibit "C", deposition Brignolo.  Plaintiffs have asked numerous requests for

production regarding and interrogatories regarding the Brignolo HOMICIDE (murder), to say it is

not at issue would be an understatement.  "...**more than 400 motions had been filed** and the case

dragged on for nearly three years…" See Exhibit "B" "**Officials: Whistle-blower in Simon**

**Property Group theft case found dead".**   Brignolo was killed in his home state of Connecticut, a

murder (homicide) used as a threat of violence towards me and my family by persons working for

Brand and Koehn. Brignolo's death was ruled HOMICIDE, see Exhibit "F":

> "He [Brignolo] was a **lead witness as a whistle blower** in a Florida theft ring that allegedly bilked
> millions from America's largest commercial real estate company. Eight defendants [DALE TAKIO
> included] are accused of stealing from the Simon Property Group by using a trusted company
> executive to approve payments **to more than a dozen fake companies**, the Orlando Sentinel
> reported, based on documents from the Florida Department of Law Enforcement."

Koehn now employs Dale Takio. Brand and Takio were also involved with WHOLE

HEMP COMPANY, LLC d/b/a FOLIUM BIOSCIENCES Civil Action No. 1:19-cv-02374-KMT

and 1:19-cv-03268 both Colorado. Dale Takio and Brand were involved in a murder for hire plot in

Colorado, a police report regarding that murder for hire plot is attached herewith as Exhibit "D"

TO BE CLEAR, Craig Brand and Dale Takio have been involved in back to back cases, a

MULTITUDE for a decade, **involving a whistleblower, murder for hire plots, and in the case of**

**Thomas Brignolo, he was killed.** Brand claimed a murder for hire plot against him, in Colorado,

but the police report shows it was Brand who was soliciting the murder, see attached police report

exhibit "D", audio recordings demonstrate

*Smith: "Now let's, let's talk about something else. So, you guys said that **Craig** [Craig Alan*

***Brand] is sleazy enough to put a hit out.**" page 14*

Vanderpool: "Six or seven minutes into the meeting **Craig [Craig Alan Brand] asked me**

**to whack him**." Page 14

**"Juanita Ramos described Craig brand as an 'alcoholic cowboy' who always gets what**

**he wants**. Jaunita Ramos **stated Craig [Craig Alan Brand] may actually go through with**

**paying someone to kill Ryan Lewis if he had 'enough whiskey in him'.**" Page 16 Ex. D

NOW, Dale Takio is listed as the Special Cyber Projects person for Koehn's alter ego

HeraSoft. In fact CHAD KOEHN, CRAIG BRAND & DALE TAKIO are all listed on this new

entity HeraSoft, an alter ego company of Chad Mitchell Koehn. See public code from today Ex "E"

Line 1151, appears "Dale D. Take"
Line 1152: "Special Cyber Projects and Business Development Advisor"
Line 1703: "CRAIG ALAN BRAND, ESQ."
Line 1704: "Special Cyber &amp; Legal Counsel HeraSoft/Hercules"
Line 1919"CHAD KOEHN"
Line 1923"Entrenched in the world's largest barter system (Bitcoin)…"

<u>Any reasonable person would FEAR daily for their life, family, as I have been under CONSTANT</u> <u>fear of bodily harm,</u> **directed threats, for years going through this hell for simply standing up** **and <u>saying NO I won't participate in a PUMP and DUMP of securities.</u>**

I personally believe given DEAD and threatened whistleblowers in cases involving Craig Alan Brand, the statement by opposing counsel: ***"Defendant may not appear and testify at the trial"*** (EMPHASIS ADDED) is a statement of a VEILED THREAT in writing in a legal pleading and is meant to further threats of physical harm to my person and family.

**I AM IN CONSTANT STATE OF FEAR FOR MY LIFE and that of my loved ones!**

Plaintiff is using their tremendous financial resources to criminalize poverty, demonstrating the <u>truest definition of Scorched Earth litigation</u>. Stating depositions will take place thousands of miles away in Kansas and Michigan. <u>The use of technology for the taking of depositions when parties are not located in the same state is regularly permitted and in compliance with FRCP Rule 1.</u>

While videotaped depositions violate my constitutional rights to freedom of religious beliefs, see Document 59. My religious beliefs and Constitutional rights BOTH under Kansas State Constitution and the US Constitution prevent the videotaping of a deposition or any videotaping of my person against my will. I believe, after prayer, that in order to provide for my personal safety, from physical bodily injury and/or death, for inexpensive, and speedy determination, that depositions be made via remote means of video conference and the Court further issue orders regarding the control of those videos made. Tailoring a protective order to prevent misuse of the video recording by the plaintiffs setting forth stern language to prevent abuse of the images, protecting my constitutional right of freedom of religious beliefs, thereby allowing for use of

technology of the present day <u>to allow for remote depositions to take place</u>.  Requiring an impoverished pro se defendant to travel to a State they have never before been, while under threat of death, solely to appear for a deposition does not comport to FRCP Rule 1, it creates a situation where the Federal Courts criminalize poverty.  Federal Rules of Civil Procedure Rule 1, states in part:  "to secure the just, speedy, and inexpensive determination of every action and proceeding."  FRCP Rule 30, regarding depositions states:  "(4) *By Remote Means.* The parties may stipulate**—or the court may on motion order—that a deposition be taken by telephone or other remote means."**

<u>I therefore now Make Motion for remote means of depositions, for the protection of human life and inexpensive determination, of these proceedings without further consternation and untoward delays, allowing for discovery to be completed by the deadline in ECF 122.</u>

**<u>WHEREFORE, it is my PRAYER for Relief</u>** from this Honorable United States Federal Court for the US District of Kansas, enter an Order of Protection that I be protected against bodily harm, death, provide for physical safety and <u>protection of all whistleblowers,</u> protect me and the parties from unfair financial burdens, misuse and abuse of still photography and video images, entering an <u>order that depositions be conducted via remote technology means, ZoomVideo, or equivalent and that all depositions take place within the bounds of the time limits to close of discovery 10 March 2023,</u> pursuant with prior Order of the Court in ECF document 122.  I seek a protective order under Rule 26(c) due to evident fears of certain physical assault or death fear of physical safety, health risks to travel and the burden of travel expenses, under principles of the Court's duty to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."   There are not justifiable reasons that this scorched earth litigation engaged in by the plaintiffs should be stopped.  I wish to return to my family and live my remaining time surrounded by loved ones.

### Certificate of Conferral

I have attempted to meet and confer in good faith to no avail.  Opposing counsel seeks to dictate times & dates, and threaten further fraudulent criminal prosecutions.   I have even attempted phone calls to the opposing counsel law firm, to speak with a reasoned mind, as Kellogg's latest discovery demands demonstrate blatant abuses, his supervisors have not returned phone calls made.

Respectfully Submitted, this 27th day of Feb 2023

Michael Nelson
9450 SW Gemini Dr PMB 90924
Beaverton, Oregon 97008-7105

chadkoehnlawsuit@nosoybean.com Phone:  702-932-3434

### Certificate of Service:

The undersigned hereby certifies that, on this same date, I filed the foregoing with the Clerk of the Court via electronic-mail:  **KSD_Clerks_Topeka** <KSD_Clerks_Topeka@ksd.uscourts.gov> which will send notice of its filing electronically to the attorneys of record, as per the local rules and FRCP, and as to all future filings and pleadings of whatever nature are necessary in this above herein captured matter, per Local Rule 77.1;

A document filed pro se is "to be liberally construed," *Estelle, 429 U.S., at 106, 97 S.Ct. 285*, and "a pro se complaint [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid. Cf. Fed. Rule Civ. Proc. 8(f)* ("All pleadings shall be so construed as to do substantial justice"). In the interests of substantial justice and to prevent manifest injustice the Courts generally review "filings generously and with the leniency due pro se litigants", see *Erickson v. Pardus,(2007); Andrews v. Heaton*