IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 22-cv-4008-JWB-TJJ |
| MICHAEL E. NELSON, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Interrogatories and Requests for Admission served upon Plaintiffs (ECF No. 412). Defendant, proceeding *pro se*, requests the Court issue an order compelling Plaintiffs to provide full and complete answers under oath to his interrogatories and requests for admission. Plaintiffs did not file any response in opposition to the motion, but did file their Objections to Defendant's Request for Admission Received January 23, 2023.[1] For the reasons explained below, Defendant's motion is granted in part and denied in part.

**I.   Procedural History**

Defendant served six Interrogatories upon Plaintiffs on September 10, 2022.[2] In accordance with the Court's Order extending their deadline,[3] Plaintiffs served their answers to

---

[1] ECF No. 373.

[2] See Def.'s Notice of Service (ECF No. 224).

[3] *See* Oct. 4, 2022 Order (ECF No. 268) at p.3.

Defendant's Interrogatories on November 10, 2022.[4] On January 23, 2023, Defendant served 227 Requests for Admission upon Plaintiffs.[5] On January 23, 2023, Plaintiffs filed their Objections to Defendant's Request for Admission.

## II. Rulings

### A. Interrogatory Nos. 1 and 2

Defendant's Interrogatory No. 1 asks Plaintiffs to "list all damages you claim as a result of the alleged defamation, and separately list all damages you allege for tortious interference including type of damages, monetary value, and any supporting documents." Interrogatory No. 2 requests Plaintiffs "[i]dentify the precise monetary loss you claim, for each allegation how the loss was calculated from the purported defamation and separately the tortious interference which you charge in your complaint."

Plaintiffs object initially to Interrogatory Nos. 1 and 2, but then respond to the questions posed ultimately concluding that they lack sufficient information at this juncture to provide a complete answer or the answer will be the subject of and formulated by experts.

The Court finds Plaintiffs have a duty to timely supplement their answers to these interrogatories with the information requested, in accordance with Fed. R. Civ. P. 26(e). Failure to do so could result in sanctions including, but not limited to, exclusion of such evidence at trial.

Plaintiffs shall timely supplement their answers to Interrogatory No. 1 and 2, as additional responsive information is identified, in accordance with Fed. R. Civ. P. 26(e).

---

[4] ECF No. 412 at 2 (embedded link to Interrogatories).

[5] ECF No. 412 at 2 (embedded link to Requests for Admission).

### B. Interrogatory Nos. 3 and 4

Defendant's Interrogatory No. 3 asks Plaintiffs to identify each Document reviewed, referred to or consulted in the preparation of Your responses to discovery request inclusive of all made so herein this document." Interrogatory No. 4 asks Plaintiffs to "identify the full name and address and contact information of every person you believe has knowledge regarding the facts of this lawsuit, and describe in detail the nature of their knowledge."

Plaintiffs did not object to Interrogatory No. 3, and have answered Interrogatory Nos. 3 and 4, but again, the Court finds they have a duty to timely supplement their answers. Additionally, with regard to Interrogatory No. 4, Plaintiffs must supplement with the phone numbers and addresses of the four individuals listed as "Clients which [have] knowledge" numbered 37–40 in their answer to Interrogatory No. 4. Plaintiffs shall timely supplement their answers to Interrogatory Nos. 3 and 4, as additional responsive information is identified, in accordance with Fed. R. Civ. P. 26(e) and provide the phone number and address information noted in response to Interrogatory No. 4 by **March 10, 2023**.

### C. Interrogatory Nos. 5 and 6

Defendant's Interrogatory Nos. 5 and 6 ask for a list of "all documents you are aware of that are relevant to this litigation, including the document type, date, author, and current location/custodian."

Plaintiffs did not object to Interrogatory Nos. 5 and 6 but instead respond vaguely "documents are being provided in rolling production." This is an insufficient answer. Plaintiffs have had more than ample time to gather and produce the responsive documents currently in their possession or control, and the discovery deadline is fast approaching. Plaintiffs shall gather and produce all documents responsive to Defendant's Interrogatory Nos. 5 and 6 by **March 10,**

**2023**, and timely supplement if/when additional documents are identified, in accordance with Fed. R. Civ. P. 26(e).

### D. Requests for Admission

Plaintiffs have filed a one-page Objection to Defendant's Requests for Admission served on January 23, 2023,[6] setting forth blanket relevancy objections to each and every one of the 227 Requests for Admission served by Defendant. Plaintiffs ask the Court's indulgence to recognize their one-paragraph relevancy Objection in lieu of objecting to each and every Request for Admission. The Court rejects Plaintiffs' Objection as an improper general objection."[7] Even had the Court considered Plaintiffs to have asserted a relevancy objection to each and every request, they have failed to support their objection as to each particular request for admission. The Court may have been persuaded to grant Plaintiffs' blanket Objection and relieve them from responding to all 227 of Defendant's Requests for Admission had Plaintiffs not served their own set of approximately 1,500 requests for admission (77 numbered requests with approximately 20 subparts each) upon pro se Defendant, plus other sets of requests for admission. As the legal maxim states, "he who seeks equity must do equity."[8]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Interrogatories and Requests for Admission served upon Plaintiffs (ECF No. 412) is granted in part and denied

---

[6] ECF No. 373.

[7] *See Cadence Educ., LLC v. Vore*, No. 17-CV-2092-JWB, 2018 WL 3120701, at *1 (D. Kan. June 26, 2018) (overruling the plaintiff's general objections to requests for admission as "improper and worthless" in this district.); *Barcus v. Phoenix Ins. Co.*, No. 17-2492-JWL-KGG, 2018 WL 1794900, at *2 (D. Kan. Apr. 16, 2018) ("Courts in this District find general objections to be 'worthless and improper.'").

[8] *Manufacturers' Fin. Co. v. McKey*, 294 U.S. 442, 449 (1935).

in part. Plaintiffs shall respond to and produce documents responsive to Defendant's Interrogatory Nos. 4 through 6 no later than **March 10, 2023**.

**IT IS FURTHER ORDERED** that Plaintiffs shall timely supplement their responses to Interrogatory Nos. 1 through 6, as additional responsive information is identified, in accordance with Fed. R. Civ. P. 26(e).

**IT IS FURTHER ORDERED** that Plaintiffs' Objections (ECF No. 373) to Defendant's Requests for Admission are overruled. Plaintiffs shall serve their good faith responses and objections, if any, to Defendant's Requests for Admission Received January 23, 2023 no later than **March 10, 2023**.

IT IS SO ORDERED.

Dated February 28, 2023, at Kansas City, Kansas.

*[Signature]*

Teresa J. James
U.S. Magistrate Judge