IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC., and CHAD M. KOEHN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 22-cv-4008-JWB-TJJ |
| MICHAEL E. NELSON, | ) ) | |
| Defendant. | ) ) | |

# ORDER

On February 28, 2023, the undersigned Magistrate Judge held a Status Conference via Zoom video conference. Plaintiffs United Capital Management of Kansas, Inc. ("UCM") and Chad M. Koehn appeared through counsel, Christopher J. Kellogg and Craig A. Brand. Defendant Michael E. Nelson appeared *pro se*. This Order summarizes the rulings from the Status Conference.

1. **Settlement Conference**

The parties advised the Court that they have exchanged settlement proposals and believe a settlement conference in the near future would be productive. After consultation with the parties and counsel at length regarding their availability, the parties agreed upon and the Court scheduled an in-person settlement conference on **March 14, 2023 beginning at 9:00 am** (Mountain time) to be held in the Federal Courthouse in Phoenix, Arizona. The settlement conference will be conducted by Recall Magistrate Judge James O'Hara. A separate order will be entered regarding the settlement conference, with the room location and other logistical details, and with further instructions for the parties, when that information becomes available.

2.     **Plaintiffs' Motion to Compel Deposition of Defendant (ECF No. 445)**

Plaintiffs' Motion to Compel Deposition of Defendant (ECF NO. 445) is granted in part and denied in part. The motion is granted with respect to Plaintiffs' request that Defendant be compelled to appear for his deposition as Plaintiffs are entitled to depose Defendant.

The Court further grants Plaintiffs' request to videotape Defendant's deposition. The Court orders that Defendant's deposition be taken by stenographic means, that is by a court reporter, but Plaintiffs may also arrange to have Defendant's deposition videorecorded. Pursuant to Fed. R. Civ. P. 30(b), Plaintiffs, as the noticing party, shall bear the cost of the stenographic and videorecording of Defendant's deposition.

Plaintiffs' motion is denied insofar as it requests that Defendant's deposition be taken in Salina, Kansas. As the Court noted in ECF No. 468, given the hostility among the parties in this case and their horrible track record, the Court is concerned and focused on ensuring that the depositions in the case proceed effectively and efficiently, without unnecessary delays, in accordance with Fed. R. Civ. P. 1. That will require close monitoring and supervision by the Court and quite likely by the special master. The Court finds the best location for Defendant's deposition will be at a federal courthouse, which is consistent with Defendant's suggestion in his response to Plaintiffs' motion.

After lengthy discussion with the parties, to accommodate their schedules and their counsel's schedule, and in furtherance of Fed. R. Civ. P. 1, the Court orders that Defendant's deposition will be taken at the Federal Courthouse in Phoenix, Arizona on the day following the mediation if the case does not settle, and will be supervised, regulated, and monitored by Recall Magistrate Judge James P. O'Hara. Accordingly, Plaintiffs shall properly notice Defendant's deposition for March 15, 2023, beginning at 9:00 a.m. (Mountain time).

### 3. Deposition Time Limitations

All depositions will be limited to a maximum of seven (7) hours per Fed. R. Civ. P. 30(d)(1) unless the Court or Recall Magistrate Judge James P. O'Hara, in any deposition he is monitoring, orders or allows additional deposition time.

### 4. Procedure and Deadlines for Rule 31 Depositions by Written Questions

If Defendant intends to depose Plaintiff Chad Koehn by the process set forth for depositions by written questions pursuant to Fed. R. Civ. P. 31, he must serve Plaintiffs with his list of written direct questions to be asked Plaintiff Koehn by **March 6, 2023**. This list of written questions shall not be more than 15 pages, with double-spacing between questions. Plaintiffs will have until **March 16, 2023** to serve any written cross-questions. The list of cross-questions shall be limited to 6 pages, with double spacing between questions. Defendant will have until **March 21, 2023** to serve any redirect questions. The list of redirect questions shall be limited to 3 pages, with double spacing between questions. Plaintiffs will have until **March 27, 2023** to serve any recross-questions. The list of recross-questions shall be limited to 3 pages, with double spacing between questions.

Similarly, if any party decides to take the deposition of any other witness by written questions, the written questions for the deponent will be required to be served at least thirty days before the deposition, and the timeframes and page limits for written cross-questions, redirect questions, and recross-questions will be the same as those set out above.

### 5. Rule 30(b)(6) Deposition of Plaintiff UCM

Defendant must serve his Rule 30(b)(6) notice of the deposition of Plaintiff UCM upon Plaintiffs via email by **March 10, 2023**. The notice shall be limited to 10 topics for examination and shall describe "with reasonable particularity" the matters for examination as required by Fed.

R. Civ. P. 30(b)(6). On or before **March 20, 2023**, Plaintiffs must serve their objections, if any, to the topics and designation of the person(s) who will testify on each topic to which an objection is not asserted. The Rule 30(b)(6) deposition of Plaintiff UCM will subsequently be set on a date before the discovery deadline. Defendant indicated at the Status Conference that an attorney will enter a limited appearance on his behalf to conduct the Rule 30(b)(6) deposition.

**6.    Deposition of Plaintiff Koehn**

Defendant is entitled to take the deposition of Plaintiff Koehn and his deposition shall be taken before the discovery deadline. Defendant has indicated that he will not seek to depose Plaintiff Koehn by written questions under Rule 31. If a no-contact order remains in place that Defendant believes has implications with regard to this deposition, he should take steps to address the issue in advance of the deposition.

**7.    Depositions of Non-parties**

No depositions of any non-parties shall be noticed or scheduled prior to Defendant's deposition on March 15, 2023. All parties shall follow the normal procedure for subpoenas under Fed. R. Civ. P. 45, but all subpoenas for depositions in this case must be served **at least 21 days prior to the deposition date.**

**8.    Service of Discovery by Email**

The Court finds the current system of mailing written discovery requests and responses is not working and is causing significant additional discovery delays. Therefore, effective February 28, 2023 and going forward, the parties shall serve all written discovery requests and responses (and other documents not served electronically through the Court's CM/ECF docket system) via email to the email addresses listed on the Court's docket for service of ECF Notices. The parties

are not required to serve the documents by U.S. Mail, but this Order does not prohibit the parties from also serving by U.S. Mail.

    9.    **Discovery Deadlines**

The current **March 10, 2023** discovery deadline remains in place for written discovery. No written discovery will be permitted after this date. The discovery deadline for the parties to conduct depositions is extended to **April 3, 2023**. Each party will be limited to taking the depositions of those witnesses they previously identified,[1] not to exceed ten depositions. **While in Phoenix on March 15, 2023, the parties and counsel, under the supervision of Judge O'Hara, shall confer in good faith and agree upon the date(s) on or before April 3, 2023, when any depositions they still desire to take will be taken and completed.**

The Court *sua sponte* also extends the following case deadlines set in the Scheduling Order (ECF No. 122):

- The deadline for the parties to submit their proposed pretrial order is extended from March 29, 2023 to **April 28, 2023**;

- The Final Pretrial Conference will be continued from April 5, 2023 to a date in **late May 2023**;[2]

- The deadline for filing dispositive motions is extended from April 19, 2023 to **June 30, 2023**;

- The trial date will be set at the Final Pretrial Conference.

---

[1] *See* ECF Nos. 379, 381, and 387.

[2] The Court will schedule the Final Pretrial Conference at a later date.

10. **Limits Imposed on Requests for Admission**

The Court finds that both sides have abused the use of requests for admission under Fed. R. Civ. P. 36 in this case. Both sides have served literally hundreds of requests for admission on the opposing parties, which are excessive and, in many instances, on their face improper requests utilized to harass, annoy, embarrass, and subject the opposing party to a disproportional and undue burden. Therefore, effective February 28, 2023, the parties are prohibited from serving any further requests for admission. Additionally, for any requests for admission that have already been served but not yet answered, the parties are not required to respond to these requests for admission, and they will not be deemed admitted for lack of response, with the exception that the Plaintiffs must respond to those requests for admission previously ordered by the Court in its February 28, 2023 Memorandum & Order (ECF No. 474), if they have not already done so.[3]

11. **Plaintiffs' Oral Motion to Strike Defendant's Motion in Opposition (ECF No. 473)**

Plaintiffs' oral motion to strike was taken under advisement at the February 28, 2023 Status Conference. After reviewing Defendant's Motion in Opposition (ECF No. 473) and exhibits, the Court grants Plaintiffs' oral motion under Fed. R. Civ. P. 12(f) and strikes the document titled "Defendant's Motion in Opposition" (ECF No. 473) and exhibits, as they appear solely an attempt by Defendant to put immaterial, impertinent, and scandalous materials into the court record. The Clerk's Office is instructed to strike the above-referenced documents from the record. There is no need for Defendant to file or seek to file another response or "motion in opposition," as the Court

---

[3] At the February 28, 2023 Status Conference, Plaintiffs stated that they had already served amended responses to Defendant's Requests for Admission on February 1, 2023 and referenced their Notice of Service (ECF No. 419). Defendant requested permission to file a motion to compel with respect to these amended responses to his requests for admission. The Court takes this issue under advisement and will issue a separate Order after reviewing Plaintiffs' amended answers to Defendant's requests for admission.

ruled on Plaintiffs' motion to compel Defendant's deposition (ECF No. 445) at the Status Conference, which was the subject of Defendant's now stricken motion in opposition.

   12.   **Permission for Defendant to File a Motion to Reconsider this Order**

Defendant's request for permission to file a motion for reconsideration of this Order is granted. Defendant's motion for reconsideration is limited to 6 pages and shall be filed by **March 7, 2023**.

   IT IS SO ORDERED.

   Dated March 1, 2023, at Kansas City, Kansas.

                                              _____
                                              Teresa J. James
                                              U.S. Magistrate Judge