1              IN THE UNITED STATES DISTRICT COURT
                    DISTRICT OF KANSAS
2

3   UNITED CAPITAL MANAGEMENT OF
    KANSAS, INCOPORATED,
4   and CHAD KOEHN,

5           Plaintiffs,

6       vs.                        District Court
                                   Case Number
7   MICHAEL NELSON,                22-4008

8              Defendant.

9

10           PARTIAL TRANSCRIPT OF PROCEEDINGS

11

        On the 28th day of February, 2023 came on to be
12  heard in the HEARING in the above-entitled and numbered
    cause before the HONORABLE TERESA JAMES, Magistrate Judge
13  of the United States District Court for the District of
    Kansas, Sitting in Wichita.
14          Proceedings recorded electronically via Zoom.
            Transcript produced by mechanical stenography and
15  computer.

16

17  APPEARANCES

18          The Plaintiff appeared by and through:
            Mr. Christopher Kellogg
19          Kennedy, Berkley, Yarnevich & Williamson
            119 West Iron Ave, 7th Floor
20          PO Box 2567
            Salina, Kansas 67402

21
            Mr. Craig Brand
22          The Brand Law Firm, PA
            4650 Indian Creek Rd
23          Loveland, CO 80538

24          The Defendant appeared pro se.

25

02/28/2023   UNITED CAPITAL v. NELSON   22-4008   2

```
1           (The following portion of the proceedings were

2    electronically recorded and have been requested

3    transcribed:)

4           THE COURT:  All right.  We're back on the

5    record.  Sorry for the delay; I've been on the phone with

6    Judge O'Hara.

7           So all right.  Do plaintiffs have anything to

8    report from our break time?

9           MR. BRAND:  Yes, Your Honor.

10          Mr. Kellogg, myself, and our clients have all

11   confirmed that we do have able the 20th and 21st, if that

12   works for Mr. Nelson, yourself, and Judge O'Hara.

13          THE COURT:  Of -- of March?

14          MR. BRAND:  March.

15          THE COURT:  Okay.  Um, all right.  I do not

16   think that will work for Judge O'Hara, um, unless you all

17   want to go to Phoenix.  He would be in Phoenix at that

18   time.

19          MR. BRAND:  I've got to be on an airplane, I

20   could land in Phoenix, I could land in Kansas.

21          MR. NELSON:  Your Honor, Phoenix may allow us to

22   take two other depositions at that time of Douglas Rem

23   and Spencer Angell, who I believe are both located in

24   Arizona, and that could work out well for all parties.

25          MR. BRAND:  Well, we would obviously object to
```

1  those depos, Your Honor, but --

2        MR. NELSON:  They are two persons, Your Honor,

3  that they have identified as witnesses with knowledge.

4        THE COURT:  Yeah, I don't -- well, you'd have to

5  subpoena them so I don't know about the possibility of

6  that, so...

7        All right.  The other --

8        MR. NELSON:  We're making the plans three weeks

9  out, Your Honor.  Sure we can get those subpoenas in

10  their hands in enough time.

11        THE COURT:  Okay, I'm not sure about the 20th

12  and 21st.  My notes are a mess because we talked about so

13  many dates but I do know that the dates that Judge O'Hara

14  has available in April, the only dates he has available

15  here in April were the 24th, 25th, and 26th, which I

16  don't think worked for everyone else.

17        MR. BRAND:  No.

18        THE COURT:  Okay.  So, um --

19        MR. NELSON:  Your Honor, if I may, I can clear

20  this up, there -- may be able to help this move forward.

21        As long as Mr. Koehn has a protective order in

22  place against me, Mr. Koehn and I cannot be physically in

23  the same room for a mediation.  He may not be in the same

24  room as I am for a deposition, and that's my

25  understanding from a federal attorney that specializes in

02/28/2023   UNITED CAPITAL v. NELSON   22-4008   4

1  these types of domestic violence protection orders, so I

2  don't believe that whether Mr. Koehn's available or not

3  is applicable to the matter any longer, except during his

4  personal deposition, or if he's one of the parties in any

5  one of the topics under the 30(b)(6) depositions, which I

6  was just informed I will not be doing the 30(b)(6)

7  depositions, that will be done by separate counsel.

8          THE COURT:  Well, I don't know what to do for

9  you all.  Every time I try and go one way, one of you has

10  a problem, and another way the other has a problem.

11          MR. NELSON:  I --

12          THE COURT:  Judge O'Hara is available May 15th

13  and 16th here in Kansas City, so maybe we need to extend

14  the discovery deadline to then.  For the depositions.

15  And you all will come here, um, if you want to mediate an

16  interim date --

17          MR. BRAND:  I am available those days.

18          THE COURT:  Okay.  And then you can schedule

19  your mediation -- schedule your own mediation.  Let's set

20  a date while we're on the phone.

21      When do you want to do your mediation?  Let's just

22  get the date set and you can agree on a mediator.

23          MR. BRAND:  Your Honor, if Mr. Nelson is

24  willing, we certainly are willing, because we have

25  no -- we're not opposed to a mediation or a settlement at

1  all so, for us, the earlier the better, so...

2         THE COURT:  Okay.  Well, look at your -- get

3  your calendars out.

4       Where are you going to do it?

5       MR. BRAND:  It would have to be --

6         THE COURT:  It needs to be in person, so you're

7  all going to have to meet somewhere.

8       And if you can get it settled, it's worth it to

9  travel, right?

10        MR. BRAND:  It gets settled it's a hundred

11 percent worth it, so...

12        THE COURT:  Okay.  Work it out, guys.  It's up

13 to you.  Set a date and a time and a place.

14      You want to come here to the courthouse, you can

15 come here to the courthouse.

16        MR. NELSON:  Or, as one of the lawyers

17 suggested, we could use the federal courthouse in Tulsa,

18 Oklahoma where there's another -- I have to be in

19 Oklahoma for another, um, civil matter anyway, so perhaps

20 the federal courthouse in Tulsa, Oklahoma would be the

21 best.

22        THE COURT:  Well, pick a date, guys.

23      Somebody throw a date out.

24        MR. NELSON:  If it needs to be a mediator in

25 Kansas, when this case first started and I suggested

02/28/2023   UNITED CAPITAL v. NELSON   22-4008   6

1  mediation, I suggested a mediator by the name of

2  Henry Cox who came highly recommended.

3       In fact, a mediator that my understanding is

4  Mr. Kellogg probably knows because he said that he

5  practiced with Mr. Kellogg's father.

6       MR. BRAND:  Your Honor, I'm going to switch to

7  the topic.

8       The 15th.  Does that work?

9       THE COURT:  March 15th?

10       How about March 15th?

11       MR. BRAND:  Mr. Koehn is shaking his head it

12  works for him.

13       MR. NELSON:  Where?

14       MR. BRAND:  Kansas.

15       MR. NELSON:  Well, that's a very broad

16  statement.

17       MR. BRAND:  Federal courthouse.

18       MR. NELSON:  So --

19       MR. BRAND:  I'm accommodating you, Mr. Nelson,

20  I'm --

21       MR. NELSON:  We're really accommodating you,

22  Mr. Brand.

23       THE COURT:  Okay, can we --

24       MR. NELSON:  March in Kansas City or in -- or in

25  Wichita?

1          THE COURT:  Why would you go to Wichita?

2          MR. NELSON:  Well, because everything is being

3   held in Wichita.  My understanding.

4        Isn't that where everybody's located is Wichita?

5   Isn't that the trial location?

6          THE COURT:  Well, I'm not located in Wichita,

7   I'm in Kansas City and --

8          MR. NELSON:  Oh, I --

9          THE COURT:  -- and Mr. Kellogg is in Salina,

10  and --

11         MR. NELSON:  I had no idea.

12         THE COURT:  Yeah.

13         MR. NELSON:  I know Chief Melgren is in Wichita,

14  and Judge Broomes is in Wichita, and Judge Birzer is in

15  Wichita, say -- and it says Wichita on every filing I've

16  made in this case since the beginning, so I assumed

17  everyone was in Wichita.

18         THE COURT:  Well, you assumed wrong.  The

19  important people are in Kansas City.

20         MR. BRAND:  The 15th in Kansas City is easier to

21  fly in.

22        Sorry, Your Honor, 15th would be great.

23         THE COURT:  Mr. Nelson, can you do the 15th in

24  Kansas City and come to the courthouse here?

25         MR. NELSON:  What day of the week is the 15th?

1          MR. BRAND:  A Wednesday.

2          MR. NELSON:  15th is a Wednesday?  Okay.

3      And am I coming in for one day?  Two days?  Three

4  days?

5      What am I coming in for?

6          THE COURT:  Well, if you can't get the case

7  settled in one day, it's a problem, right?  So it's a

8  one-day mediation and -- and I guess that's it.

9      Okay, so --

10         MR. NELSON:  All right.

11         THE COURT:  What time do you want to start?

12         MR. BRAND:  9:00 a.m.

13         THE COURT:  Is that okay with everybody?

14     9:00 a.m.?

15         MR. NELSON:  Yeah, just so I don't make any

16 mistakes, you're going to send us something in writing?

17 Like I'll know where this courthouse is or, uh,

18 Kansas --

19         THE COURT:  Yeah, we'll docket something stating

20 the address and everything.

21     Okay.  So March 15th, 9 o'clock.  Is that okay

22 with everyone?

23         MR. NELSON:  And --

24         THE COURT:  I'll get you a room here at the

25 courthouse, or a couple of rooms -- breakout rooms, for

1  mediation on the 15th.

2          Do you want to go with Henry Cox?

3          Do you want to -- do you want to try somebody

4  else?

5          I know Henry.  Henry's okay.

6              MR. NELSON:  I mean -- I -- I --

7              MR. BRAND:  Your Honor --

8          [Indiscernible crosstalk.]

9              MR. BRAND:  Wherever there is mediators.

10             MR. NELSON:  Or is there a federal magistrate

11 available?

12             THE COURT:  Um, I could ask my counterpart here,

13 Judge Mitchell, if you would like to use Judge Mitchell.

14 She's here in Kansas City.  That's it here in Kansas

15 City:  Judge Mitchell and me.

16         And Judge O'Hara when he's in town.

17         So, you'll have to pay Mr. Cox, I presume.

18             MR. BRAND:  Mm-hmm.

19             THE COURT:  So you guys will have to split the

20 costs of Henry's time.

21             MR. NELSON:  Well, that might not work then,

22 Your Honor.

23             THE COURT:  Well, unless you get a judge, it's

24 not going to be free.

25             MR. NELSON:  Yeah, I -- I -- I understand, the

1  costs between flying in, hotel rooms and stuff, and I

2  don't even know how I'm going to get the money for that.

3  As it is, I have been trying to raise the money to meet

4  their settlement demands but, uh, that's just gonna make

5  it that much more difficult all the way around.

6        I'm not sure what Mr. Cox charges, I don't know

7  what the --

8        MR. BRAND:  Your Honor -- Your Honor, may I

9  suggest something, with your blessing?

10       THE COURT:  Sure.

11       MR. BRAND:  May I suggest we get this set so

12  that we don't continue this -- this circle?

13       And Mr. Nelson, my commitment to you, I will

14  provide you within the next two, three days, a draft -- a

15  formal draft proposed settlement agreement so you see

16  what the language would look like, what the mutuality

17  clauses would look like, and let's work off of that.  If

18  it could be done between ourselves prior to March 15th,

19  then the date of March 15th never happens.

20       Um, but at least let me get you a formal

21  settlement agreement, one that is drafted by attorneys,

22  and this way you have something to work off of.  And if

23  we try real hard, surprises do happen.

24       MR. NELSON:  That sounds fair.  Um, the -- this

25  is a stupid question, I'm sure, but I just pulled up the

02/28/2023    UNITED CAPITAL v. NELSON    22-4008     11

```
 1  map and for some reason it doesn't -- the line is so
 2  blurred, but my understanding, Kansas City is like split
 3  between Missouri and Kansas?  It looks like there's a
 4  whole bunch of different federal courthouses.  I'm
 5  guessing it's the federal courthouse on the Kansas side?
 6            MR. BRAND:  It is.
 7            MR. NELSON:  Okay.  Is that the Robert J. Dole
 8  Federal Courthouse?
 9            MR. BRAND:  Yes.
10            MR. NELSON:  Okay.  Thank you.
11            THE COURT:  Well, so you're agreeing on March
12  15th at 9 o'clock for a mediation here at the courthouse.
13        And in the interim, Mr. Brand is going to send a
14  proposed settlement agreement, I guess, to you,
15  Mr. Nelson.
16        You all are going to have to work out who your
17  mediator is.  If you can't get it done, um --
18            MR. NELSON:  Well, can Your Honor -- I -- Your
19  Honor --
20            MR. BRAND:  Your Honor, I would like to take
21  that matter off of the table, and if Your Honor can just
22  pick one for us, that way it's done, it's over, and
23  there's no more discussion on it.  And I don't want
24  to -- I don't want it to become another source of
25  frustration for anybody.
```

1            THE COURT:  But I can't -- they're gonna have to

2  be paid.

3            MR. BRAND:  I understand.

4            THE COURT:  So if you guys aren't going to agree

5  to split the cost of a mediator, you're -- I can't help

6  ya.

7            MR. KELLOGG:  Your Honor, this is Chris Kellogg.

8        Could you see if the other magistrate is

9  available?

10           THE COURT:  I can ask Judge Mitchell.

11       Are you guys agreeable to Judge Mitchell?

12           MR. BRAND:  Yes.

13       [Sotto voce discussion had.]

14           THE COURT:  I'm sorry, what?

15           MR. BRAND:  Plaintiffs agree, Your Honor,

16  with --

17           THE COURT:  What?

18           MR. BRAND:  Plaintiffs would agree to Magistrate

19  Mitchell.

20           THE COURT:  Mr. Nelson?

21           MR. NELSON:  I guess.  I don't know who anyone

22  is there in Kansas, it would be my first trip to Kansas,

23  so...

24           THE COURT:  Well, she won't cost you anything

25  and she's very capable, so are you agreeable?

02/28/2023   UNITED CAPITAL v. NELSON   22-4008   13

1          MR. NELSON:  Yes, ma'am.

2          THE COURT:  I will see if she's available March

3  15th at 9:00 a.m. to mediate.

4          MR. NELSON:  Okay.

5          THE COURT:  Okay.

6          MR. NELSON:  And 9:00 a.m.

7      And just -- and you're going to put this in

8  writing, but just to be clear, Robert J. Dole Federal

9  Courthouse?

10         THE COURT:  Yeah, Robert Dole's from Kansas,

11  remember?  It's the Robert Dole Kansas Federal District

12  Court Building.

13         THE COURT:  Okay.  And I assume that -- okay.

14         MR. NELSON:  I --

15         THE COURT:  And I expect you to be here, and

16  everybody to participate in good faith if we provide a

17  magistrate judge free of cost to you, and no if, ands, or

18  buts about it.  That's all there is to it.

19      All right.  March 15th, 9:00 a.m.

20      If Judge Mitchell can't do it, I'll let you know

21  and something else will have to be done.

22      We still have to set deposition dates and I want

23  to get at least Mr. Nelson's deposition set.  So let's

24  set dates.

25         MR. BRAND:  We are -- on the plaintiff's side,

1  Your Honor, we can go back to the 30th or the 31st.  Of

2  March.

3          We were -- basically when that -- when the judge

4  is available for that was the April 11th and 12th.  And

5  then she gave the May dates but all of May works for me,

6  except for the 15th through 17th.  I have a conference

7  that I can't get out of.

8              THE COURT:  All right.  I've had it with you

9  all.

10         There is a chance that what Judge O'Hara has

11  scheduled in mid-April is going to crater and he may be

12  able to come then.  So we're going to schedule

13  depositions for three consecutive days when you all are

14  available here in Kansas City.

15         If Judge O'Hara's schedule opens up, great.  If

16  not, you're going to be stuck with me, but we're going to

17  get this case done.  And, you know, if anybody acts in

18  bad faith, be ready for sanctions.  I'm not going to

19  tolerate this.

20         And, you know, if you all want to have food fights

21  among yourselves, that's fine.  But you don't involve our

22  Court, and you don't involve me in it.  And it's

23  unprofessional, embarrassing, and it shouldn't happen.

24  This doesn't happen in cases I have except for this case.

25             So, all right.  Mr. Brand, I'm sorry to keep

1  asking you, but tell me again your dates in mid-April

2  when you're available.

3       And give them to me in groups of three so we can

4  get these -- give me three dates in a row you have

5  available, starting April 13th through the end of the

6  month.

7          MR. BRAND:  I am available April 13th.

8       I am available April 14th --

9          THE COURT:  Three days -- give me three days in

10  a row.

11         MR. BRAND:  Three days in a row?

12         THE COURT:  And we can include Saturday.

13         MR. BRAND:  We can?  13th, 14th, 150.

14         THE COURT:  Okay.  Are you able then,

15  Mr. Nelson?

16         MR. NELSON:  Hold on a second, please, Your

17  Honor, I'm getting to the calendar.

18       We're no longer in March now, we're going to

19  April?

20         THE COURT:  Correct.

21         MR. NELSON:  Easter Sunday.

22       So and the dates are 13, 14, and 15?  Of April?

23  Is that correct?

24         THE COURT:  Yes.

25         MR. NELSON:  Okay.  And those -- the 13th, 14th,

1  15 would be depositions of myself, and then Mr. Koehn,

2  and then 30(b)(6) --

3          THE COURT:  Correct.

4          MR. NELSON:  -- depositions?

5          THE COURT:  Just tell me, are you available the

6  13th through the 15th or not?

7          MR. NELSON:  I am.

8          THE COURT:  Come on.  We don't have all day.

9          MR. NELSON:  I am.

10          THE COURT:  Okay.  Next three days?

11          MR. NELSON:  I'm sorry, what -- what next three

12  days?

13          THE COURT:  I want multiple dates, and I'm going

14  to pick the ones that I like best.

15          MR. NELSON:  Oh -- oh, I'm available any time

16  from the 26th I can make myself available, to

17  the -- 6th -- the 26th of March until the 6th of April.

18  I could make myself available the --

19          THE COURT:  Start with April 17th.

20          MR. NELSON:  Oh, April 17th?

21          THE COURT:  Mr. Brand, are you able at all the

22  week of April 17th?

23          MR. BRAND:  19, 20, 21, 22.

24          THE COURT:  Okay.  19, 20, 21, 22, are you

25  available those dates?

1          MR. NELSON:  Yes, Your Honor.

2          THE COURT:  Okay.  All right.  Well, I like

3  having four days because we may need it.

4      Hang on.

5          MR. BRAND:  I'm also available, Your Honor,

6  27th, 28th, 29th.

7          THE COURT:  Okay.  How about you, Mr. Brand?

8          MR. BRAND:  That was me, Your Honor, it was

9  Mr. Brand.  27, 28, 29.

10         THE COURT:  Okay.

11     Mr. Nelson?

12         MR. NELSON:  That's fine.

13     And, Your Honor, if I may, I just received a text

14  message, we will not be giving Mr. Koehn written

15  questions, if that helps Your Honor in the scheduling.

16     We are going to have a specialist, an SEC

17  specialist give Mr. Koehn his deposition, and they will

18  submit pro hac vice and they will come out to give

19  Mr. Koehn his deposition in person.

20         THE COURT:  Okay.  Fine.  All right.

21     I'm checking my calendar.  Hang on.

22         MR. NELSON:  Your Honor, if I may, I also will

23  not be giving the deposition under 30(b)(6) to UCM, that

24  will be done by three separate counsel and I will not be

25  in attendance.  If that helps the situation.

1          THE COURT:  Okay, fine.

2      All right.  My calendar -- I'm sorry, but it's

3  gonna -- the -- well, wait a minute.  Everywhere I go

4  there's a conflict.

5      All right.  Yeah, this is not working well.

6      Okay.  All right.  So, I'm now seeing that either

7  Judge O'Hara is out, or I have commitments on those times

8  so, um, we have a problem.

9          MR. BRAND:  If you go in to May, Your Honor, I

10  have almost the entire month of May available.

11          THE COURT:  Okay.  Well, it looks like we're

12  going to need to do that because I -- I cannot coordinate

13  my schedule being a full-time magistrate judge and, you

14  know, I want to do it so that both Judge O'Hara is a

15  possibility and I am a possibility, so maybe we can ham

16  and egg it.

17      Those times we just talked about in April, the

18  13th through the 15th, the 19th through the 22nd, or 27th

19  through the 29th, none of those three will work for both

20  of us that way.

21      So, let's do May 15th, 16th, and if we need it ,

22  17th.

23          MR. NELSON:  Your Honor, I could do any time

24  from the 30th of April through the -- well, it would be

25  through the 12th of May.

02/28/2023   UNITED CAPITAL v. NELSON   22-4008   19

1          That -- beginning the 14th, I -- I can't do

2  anything the 14th through the 27th.

3          THE COURT:  Oh, my God.  Okay.

4          MR. NELSON:  You know, Your Honor, we had the

5  scheduling order way back in July, and all sorts of other

6  plans were made, and that's getting into all sorts of

7  Galician holidays and other things that are

8  not -- I -- I'm sorry.

9          I can do the first part of May.  I can do the

10  first couple weeks up to the 6th of April.

11          It looks like I'm going to be in -- I'll be out

12  there in March anyway in the 15th, there's also the

13  possibility utilizing again the Federal Courthouse in

14  Tulsa.  There's another civil action that I think is

15  tangential to this that requires me to be in Tulsa,

16  Oklahoma.  I have attorneys there in Tulsa.  Be happy to

17  do it then, as well.

18          I mean, depositions don't have to be in the forum

19  state, either, Your Honor.

20          THE COURT:  And remind me.  Are -- is everyone

21  available March 16th?

22          MR. NELSON:  Yes, Your Honor.  In fact, I'll be

23  planning on probably flying out beforehand to be there

24  then the 15th for the mediation at the federal court, and

25  I'll probably be staying through the -- well, I'm going

1  to have to call ahead and find out what's going on.

2       So the place for trial, though, is supposed to be

3  Wichita, right?

4           THE COURT:  Yeah.  Mm-hmm.

5           MR. NELSON:  Okay.  I just want to make sure.

6  So we said in advance in Wichita, I was like -- oh.

7           THE COURT:  All right.  Well, there's

8  no -- there's just really no good time to do this so...

9       All right.  Why don't you all plan to go to

10  Phoenix March 27th through 29th and do the -- you'll do

11  the three depositions that day.  Judge O'Hara is

12  available then.

13       Does that work for everyone?

14           MR. NELSON:  Your Honor, hold on a second.

15       You said March what?

16           THE COURT:  27th through 29th.

17           MR. NELSON:  Yeah, the 28th, unfortunately,

18  that's when they currently have me scheduled for the

19  protective order trial in Oklahoma, um, although the two

20  attorneys that are supposed to be handling that, one of

21  them had a conflict and they're filing a trial brief, and

22  we hope that that judge is going to be amenable to

23  pushing that trial out , especially once they read the

24  trial brief.

25       Um, but right now that judge is saying that I

1  personally, Michael Nelson, physically has to show up in

2  Bartlesville, Oklahoma on the 28th day of March.  And you

3  can check that in the case.

4        I can bring up the case reference.  So you -- you

5  know I'm not just yanking your chain about something else

6  here.  Oklahoma case --

7           THE COURT:  Okay, then let's do --

8           MR. NELSON:  I mean, I -- I don't have to be

9  there for the deposition of Anthem Blanchard, by my

10 understanding the attorneys already put in for a full day

11 to depose him and I -- I don't need to be there for that.

12          THE COURT:  Okay.

13          MR. NELSON:  I put in for three hours --

14          THE COURT:  Then let's --

15          MR. NELSON:  The Case Number is --

16          THE COURT:  I don't need to hear all this.

17       Let's plan to go to Phoenix March 13th, do the

18 mediation there, and then deposition to follow the 14th,

19 and 15th.  If you don't say --

20          MR. BRAND:  Why are we going to Phoenix as

21 opposed to Kansas?

22          THE COURT:  Because Judge O'Hara is in Phoenix

23 and will not be coming back.

24          MR. BRAND:  Got it.

25          THE COURT:  Will that work for everyone?

1          You were going to mediate on the 15th.  Now you go

2    to Phoenix, mediate on the 13th, and then proceed with

3    the depositions on the 14th and 15th if you don't settle.

4          MR. NELSON:  Oh.

5          MR. BRAND:  Oh, woah, woah, woah.

6     13th -- 13th I -- I can't.

7     I can start the 14th.  Um, 13th I cannot.

8          THE COURT:  Okay.  14th and 15th.  And maybe you

9    could extend it to the 16th, I'll check it with

10   Mr. -- Judge O'Hara.

11    Does that work with everyone?

12         MR. BRAND:  16th I can't do, Your Honor.

13         MR. NELSON:  Okay.  Where are we doing this in

14   Arizona?

15         THE COURT:  Judge O'Hara will find a place, I

16   don't know.  We will notice it up.

17         MR. NELSON:  It will be --

18         THE COURT:  Will those dates work?

19         MR. NELSON:  The -- the 14th and 15th in --

20         THE COURT:  Phoenix.

21         MR. NELSON:  Phoenix.

22         THE COURT:  To be determined location by Judge

23   O'Hara.

24         MR. NELSON:  Okay.  Just those two days?

25         THE COURT:  Well, no into the 16th if he is

1  available.

2         Is everyone available the 14th, 15th, and 16th.

3         MR. NELSON:  Well, Your Honor, I would be

4  available I guess for my deposition, I don't know about

5  deposing um, the 30(b)(6), I don't believe that gives us

6  time, given the 10th deadline to have the topics in the

7  response.

8         THE COURT:  Okay.  All right.  All right.

9         The 14th for the mediation; the 15th for the

10  Nelson deposition.  In Phoenix.

11         MR. BRAND:  Perfect.

12         MR. NELSON:  Fine.

13         THE COURT:  Okay.  So be it.

14         I will let you know the -- the location

15  specifically in Phoenix.

16         The mediation will commence at 9:00 with Judge

17  O'Hara in Phoenix, March 14th.

18         Lacking a settlement, Mr. Nelson's deposition will

19  proceed on the 15th.  And then Judge O'Hara will work

20  with you to try and set a time for the Koehn and Rule

21  30(b)(6) deposition.  But we're going to definitely

22  proceed with those on the 14th and 15th.

23         MR. BRAND:  And, Your Honor -- Your Honor, I

24  will stick to my pledge.

25         And, Mr. Nelson, I will -- I will get you

1  frameworks of a settlement agreement this week so that if

2  you and us can resolve this via email and telephone

3  calls, then none of us have to be in Arizona.

4        MR. NELSON:  Understood.

5        THE COURT:  All right.  So nobody's backing out

6  the 14th and 15th.  We've had enough trouble with this,

7  I'm locking it in.

8        MR. NELSON:  The 14th and 15th.  Okay.

9        And how -- I'll just plan on flying into Phoenix.

10 I have an aunt and cousins there, so I'll have somewhere

11 to stay, but you'll give me some sort of, like, heads up?

12        THE COURT:  You know, I'm going to let you know.

13        MR. NELSON:  Location and --

14        THE COURT:  Okay.  All right.  We've got to wrap

15 this up.

16        I have one more thing I definitely want to talk to

17 you about, all of you.

18        Before we move on from the depositions, we will

19 proceed with the Koehn and 30(b)(6) depositions following

20 that.

21        If anybody wants to notice up or subpoena other

22 depositions, they are to be after -- not set prior to the

23 conclusion of the Nelson deposition on the 15th.  So do

24 not be trying to subpoena or notice up any depositions

25 prior to March 15th.

1          And of course you all --

2               MR. NELSON:  Your Honor --

3               THE COURT:  You all have to follow -- wait.  I'm

4   talking.

5          You all have to follow the normal procedures to

6   notice up or subpoena anyone for deposition.

7          And I am also going to order that any notice or

8   subpoena be served at least 21 days prior to the date of

9   the noticed or subpoenaed deposition.  So conduct

10  yourselves accordingly on those issues.

11         As I said earlier, the written discovery deadline

12  stays March 10th.  No written discovery will be allowed

13  after March 10th.

14         I am going to extend the deadline for discovery

15  involving depositions until April 3rd.  So you are going

16  to have to try and work out some way to get your

17  depositions taken by April 3rd, or somehow come back and

18  convince me that I should extend the discovery deadline,

19  which is not going to be easy to do.

20         Now, the final thing I want to talk to you about

21  has to do with my displeasure with the way the parties --

22  both sides -- have conducted themselves with regard to

23  requests for admissions.  Both sides have abused the

24  requests for admission process.  And the -- the

25  provisions were set out in Federal Rule of Civil

02/28/2023   UNITED CAPITAL v. NELSON   22-4008   26

1  Procedure 36.

2       Both sides have served literally hundreds of

3  requests for admissions on the opposing parties, which

4  are, on their face excessive, in many instances improper

5  requests, and clearly utilized to harass, annoy,

6  embarrass, and unduly burden the other side.

7       Counsel in this case know that requests for

8  admissions are not professionally and ordinarily and

9  properly used as they have been used in this case.  And

10  yet both sides, Mr. Nelson, and plaintiffs, have served

11  ridiculously broad requests for admissions.

12       Now plaintiffs maybe did that because they thought

13  Mr. Nelson wasn't going to respond, and so they'll be

14  deemed admitted.  Well, that's silly, and that didn't

15  work.

16       And then ridiculous on the other side, Mr. Nelson

17  serves a response to a full set, denying every one and,

18  hence, opening him up -- self up if any of those things

19  he has denied are proven at trial, of leaving himself up

20  to sanctions, pursuant to Rule 37(c), and attorneys'

21  fees, and all that goes with it .

22       That will stop right now.  I am ordering right now

23  that there will be no more requests for admissions served

24  or responded to after this date, other than those that

25  were ordered -- that defendant -- I'm sorry, that

1 plaintiffs respond to in my Docket Entry 474 entered just

2 before we got on the call today.

3          So plaintiffs will be required to respond to those

4 requests for admissions which they improperly objected to

5 on a blanket basis previously.  So quid pro quo.  You

6 served a million, figuratively speaking, RFAs on

7 Mr. Nelson, so you're gonna have to answer that long set

8 of requests for admissions with proper responses.  Or if

9 appropriate, objections.  But they better be appropriate,

10 otherwise you have got to respond.

11          There is no excuse for the behavior that's been

12 going on in this case and I'm not putting up with it.  So

13 to the extent there are requests for admissions that have

14 been served and have not been responded to out there,

15 there's no need to respond to them.  They're being

16 quashed and they won't be deemed admitted for failure to

17 respond.

18          So the only outstanding requests for admissions

19 that are to be responded to are those 227 or whatever

20 they are, which plaintiffs will respond to in good faith,

21 pursuant to my order in document entry 374.  Beyond that,

22 no further requests for admissions.  And we're stopping

23 this nonsense right now.

24          If anybody thinks they're going to serve any more

25 requests for admissions, expect a sanctions order.

1      Understood?

2          MR. BRAND:  Yes, Your Honor, Craig Brand.

3      I hear you loud and clear.

4          Your Honor, as to our responses, plaintiff's

5  responses, let me bring up to the Court's attention ECF

6  419 because the Court -- I don't know if the Court saw

7  that.  We did file amended responses to the requests for

8  admissions.

9          So I think -- I think Your Honor's order

10  direct -- was directed at 412, without seeing that we

11  amended our responses to the requests for admissions at

12  419.

13          THE COURT:  I will take a look at those and if

14  I'm incorrect, we will enter a corrected order.

15          MR. NELSON:  Your Honor, I did receive

16  some -- and I don't know which set it was, but they

17  literally went through and just said, Object, object,

18  object, with one word, just the word "Object."

19          So I -- I don't see how that's proper.

20  That's -- that's tantamount to the same thing that they

21  did by sending in a one page where they said they object

22  to everything, and then they went through every one and

23  they just put, Object, object, object as the response

24  underneath each one.

25          THE COURT:  I'm not going to hear argument about

1  it.

2      If you think they filed improper objections, there

3  are -- follow the rules.  Follow your motion -- file your

4  motion.

5      MR. NELSON:  And, Your Honor, if -- if Your

6  Honor is going to correct that filing, do I have

7  permission to file another motion to compel them to

8  properly either answer or object?

9      THE COURT:  I -- I can't answer that right now,

10  I've got to look at what they filed.  So watch the docket

11  and see what I rule.

12      All right.

13      MR. NELSON:  Your Honor --

14      THE COURT:  And I --

15      MR. BRAND:  Your Honor, I have -- I have one

16  more -- one more item that's actually very important to

17  me.

18      Mr. Nelson today filed ECF 473, which he has been

19  ordered on multiple occasions already to stop the

20  attempts at character assassination of myself personally,

21  especially when he knows nothing of what he is talking

22  about.  And he's just only digging himself into a deeper

23  hole elsewhere.

24      Document ECF 473 he does nothing but try to link

25  me to his -- his fantasies and fiction and if I've got to

1  now defend myself in public, in the public forum, I'm

2  asking permission to have to defend myself publically,

3  because what he tries to do is try to say -- or tries to

4  link me to some murders, or he doesn't even know what he

5  is talking about.  But it's a horrible thing.

6       He has admitted in other cases where he has been

7  sued for defamation, he knows that if he files something

8  in public he could then go ahead and disseminate it on to

9  the internet, and that's exactly what I think I believe

10  his hopes are here.

11       But it has nothing to do with -- I'm not on trial

12  in this case, and filing things against me personally,

13  especially when they're so horrifically untrue, it gets

14  us nowhere, it gets us -- it's not relevant to the case.

15       He's been warned about this, he's been threatened

16  with sanctions before about this, and now he's put me in

17  a position where I am going to have to defend myself

18  publically, unless Your Honor strikes Document 473 from

19  the record.

20       But what he has done is just horrible.

21          THE COURT:  All right.

22          MR. NELSON:  Your Honor, I --

23          THE COURT:  I have not looked at that.  I'm not

24  going to hear argument on it.

25          [Indiscernible crosstalk.]

```
 1              THE COURT:  Stop.  Stop.  Stop.

 2         I have got to go.  We have been going on this call

 3 for more than two hours; I said it would be an hour.

 4         Michael, it's not -- we're not arguing the motion

 5 now.  I will look at it.

 6              MR. NELSON:  Thanks.

 7              THE COURT:  And I have not even looked at it.

 8         I'll look at it.  Stay tuned.

 9         Okay.

10              MR. BRAND:  Thank you, Your Honor.

11              THE COURT:  Okay.

12              MR. BRAND:  Thank you.  Bye bye.

13              THE COURT:  Anything else?

14         Okay.

15              MR. NELSON:  We're going to have --

16              THE COURT:  All right.

17              MR. NELSON:  Everything you talked about is

18 going to be in writing, Your Honor?

19              THE COURT:  Yes, it will be.

20              MR. NELSON:  Okay.

21              THE COURT:  We're in recess.  Thank you.

22              MR. NELSON:  Thank you.

23              (End of proceedings.)

24

25         ********************************************
```

```
 1                        C E R T I F I C A T E

 2        I, Jana L. McKinney, certified shorthand reporter,

 3  certify that the foregoing is a correct transcript from

 4  the official electronic sound recording of the

 5  proceedings in the above-entitled matter.

 6        Dated this 3rd day of March, 2023.

 7

 8

 9                   s/ Jana L. McKinney_____

10                   Jana L. McKinney
                     United States Court Reporter
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                            I N D E X
                                                        PAGE
2

3
    REPORTER'S CERTIFICATE                               32
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25