UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED CAPITAL MANAGEMENT OF KANSAS, INC. and CHAD M. KOEHN, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>MICHAEL NELSON, )<br>Defendant. ) | Case No. 22-4008-JWB-TJJ |

## **SETTLEMENT-CONFERENCE ORDER**

As ordered during the recent status conference by U.S. Magistrate Judge Teresa J. James (see ECF No. 476), a settlement conference will be conducted by U.S. Magistrate Judge James P. O'Hara on **March 14, 2023, at 9:00 a.m. (Mountain time)**, **in the Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix, Arizona**. The parties and counsel should report to **the clerk's office of the courthouse** for the settlement conference (specific courtrooms/conference rooms will be provided to counsel/parties at a later date).

Consistent with Fed. R. Civ. P. 16(a)(5) and D. Kan. Rule 16.3, the basic purpose of this conference—and all the specific requirements set out below—is to promote informal, candid, and ultimately productive discussions among the parties, counsel, and the court. Every aspect of this case bearing on its settlement value will be considered so that Judge O'Hara may effectively facilitate the parties' negotiations and privately express his views concerning the actual dollar settlement value or other reasonable disposition of the case,

keeping in mind U.S. District Judge John W. Broomes (and not Judge O'Hara) will preside at trial if the parties are unable to reach a settlement.

As with trial, it's essential everyone be fully prepared for a settlement conference. Toward that end, by **March 10, 2023**, each side must submit to Judge O'Hara (and <u>not</u> to Judge Broomes or Judge James), a settlement-conference statement with the following information: (1) an evaluation of the probability of success of trial (i.e., 40%, 65%, etc.) on each of the case's key factual and legal issues; (2) a detailed itemization and explanation of the damages or other relief requested; (3) an assessment of the extent to which a monetary judgment actually would be collectible; (4) the projected attorney work hours, attorneys' fees, and out-of-pocket expenses for each side to take the case to trial and, if successful at trial, to defend any appeal brought by an adverse party; (5) the estimated length of time associated with proceeding to trial and dealing with any appeals; (6) a recapitulation of the parties' prior negotiations, with the date and terms of each settlement offer and counteroffer; and (7) perhaps most importantly, a detailed explanation of why the case has not been settled to date, accompanied by specific suggestions concerning how the impasse can be remedied. **The parties' settlement-conference statements must not exceed 5 single-spaced pages, and should not be filed. These statements may—but need not— be served on opposing side.** The settlement-conference statements should be submitted to Judge O'Hara as an attachment to an e-mail sent to *ksd_ohara_chambers@ksd.uscourts.gov*.

As a practical matter, the settlement-conference statements will be useful to Judge O'Hara (and conducive to the mediation process) only if they're realistic and objective about the weaknesses and strengths in each party's case. Bear in mind that neither the settlement conference-statements nor communications during the settlement conference can be used by any party during the trial of the case. *See* Fed. R. Evid. 408; *see also* D. Kan. Rule 16.3(i) & (j) (discussing confidentiality of the mediation process).

The court tentatively has allotted 8 hours for this settlement conference. The conference, however, will continue until the court determines there is nothing further to be gained by continuing. There will be no specific break in the conference for meals.

The requirements of this order have been imposed to make certain, to the extent possible, that all possible avenues of settlement are reasonably explored <u>before</u> the settlement conference begins. The court intends to minimize the risk that the valuable time, money, and resources of anyone involved in the mediation process is wasted unnecessarily. Accordingly, any material noncompliance with the requirements of this order may result in the imposition of sanctions against the responsible party, attorney, or other representative. Such sanctions may include, but are not limited to, an award of attorney fees or travel expenses, or both.

IT IS SO ORDERED.

Dated March 7, 2023, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara, U.S. Magistrate Judge
