IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED CAPITAL MANAGEMENT OF KANSAS, INC. and
CHAD M. KOEHN,

      Plaintiffs,

v.                                                          Case No. 22-4008-JWB

MICHAEL E. NELSON,

      Defendant.

**ORDER**

This matter comes before the court on Magistrate Judge Teresa James' order to show cause why the court should not enter an order appointing recalled Magistrate Judge O'Hara as a special master in this matter. (Doc. 465.) Both parties consent to the appointment of a special master. (Docs. 470, 480.) Accordingly, the court appoints recalled Magistrate Judge O'Hara to serve as a special master pursuant to 28 U.S.C. § 636(b)(2) and the Federal Rules of Civil Procedure.

This case has been incredibly contentious from the very beginning, with both sides engaging in scorched earth litigation. More than 480 docket entries have been filed in the thirteen months this case has been pending. The parties have struggled to reach agreement on anything, and the discovery process has been a battle. Magistrate Judge James issued a notice and order to show cause why this court should not appoint recalled Magistrate Judge O'Hara ("Judge O'Hara") to oversee the depositions of Plaintiff Chad Koehn and Defendant Michael Nelson, and any other depositions as directed by Magistrate Judge James. (Doc. 465 at 2.) Plaintiffs and Defendant consent to this appointment. (Docs. 470, 480.)

Special masters are generally appointed for "situations that have some inherent complexity, technical issues that call for someone with specific expertise, or even to pursue some policing or

investigation outside of the traditional role of judicial officers." *Ash Grove Cement Co. v. Wausau Ins. Co.*, Case No. 05-2339-JWL-GLR, 2007 WL 689576, at *3 (D. Kan. Mar. 1, 2007). The Federal Rules of Civil Procedure contemplate appointment of a special master to "perform duties consented to by the parties" and to "address pretrial or posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(A), (C). The parties here consent to the appointment of a special master to perform the duties as explained in Magistrate Judge James' show cause order. Additionally, close supervision of certain depositions is necessary and could not be effectively and timely taken care of by Magistrate Judge James or the undersigned because of an already busy docket.

The purpose of Judge O'Hara's appointment as special master is to oversee the depositions "for the purposes of supervising, regulating, and monitoring the depositions, and ruling on all objections made during the depositions." (Doc. 465 at 2.) Judge O'Hara shall have authority to oversee both oral depositions and depositions by written questions. Such authority shall include authority "to limit the length, scope, number of questions, duration and manner of any deposition, including authority to re-schedule or terminate any deposition due to the misconduct of any party or counsel." (*Id.*) He shall also have authority to impose on a party or counsel for a party any non-contempt sanction provided by Fed. R. Civ. P. 37 or 45 and to recommend a contempt sanction against a party, counsel for a party, or a non-party for conduct during a deposition. Judge O'Hara will not be required to file a report with the court regarding the deposition matters described, unless he issues a formal order, which should be filed and promptly served on the parties. Judge O'Hara's final determinations regarding these deposition matters may be subject to reconsideration by the undersigned, Judge Broomes, only if Judge O'Hara's orders are clearly erroneous or contrary to law.

There is no cost to the parties for Judge O'Hara's services as a special master because he is a magistrate judge of this district on recall. Judge O'Hara may speak with the parties or their counsel ex parte, as this communication will be necessary in his role at the settlement conference which is set for March 14, 2023. (Doc. 482.) Judge O'Hara may also communicate ex parte with the court.

IT IS SO ORDERED. Dated this 9th day of March, 2023.

__ s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE